The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STATE OF WASHINGTON,

        Plaintiff,

v.

THE GEO GROUP, INC.,

        Defendant.

Case No: 3-17-cv-05806-RJB

**GEO's REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**

NOTE ON MOTION CALENDAR:
November 17, 2017

ORAL ARGUMENT: Nov. 20, 2017 11:00 a.m.

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii
INTRODUCTION ............................................................................................................... 1
ARGUMENT ....................................................................................................................... 1
I.     THIS COURT HAS POWER TO DISMISS THIS SUIT ON ITS MERITS ......... 1
II.    THE STATE LACKS AUTHORITY TO BRING THIS LAWSUIT .................... 3
III.   THE STATE FAILS TO STATE A CLAIM AGAINST GEO UNDER THE WASHINGTON MINIMUM WAGE ACT ................................................ 5
    A.    The MWA Does Not Apply To Federal Detainees Housed At NWDC ............................................................................................................ 5
    B.    The MWA Would Be Preempted Even If It Did Apply ............................. 8
        1.    Express Preemption ........................................................................ 8
        2.    Field Preemption ............................................................................ 9
        3.    Conflict/Obstacle Preemption ...................................................... 10
IV.   THE STATE FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT ................................................................................................. 11
CONCLUSION ................................................................................................................. 12

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - i

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

# TABLE OF AUTHORITIES

**CASES:**

*Abel Verdon Constr. v. Rivera*, 348 S.W.3d 749 (Ky. 2011)..................................................9

*Alvarado Guevara v. I.N.S.*, 902 F.2d 394 (5th Cir. 1990) .....................................................6

*Amaker v. King Cty.*, 540 F.3d 1012 (9th Cir. 2008) ..............................................................2

*Anfinson v. FedEx Ground Package Sys., Inc.*, 174 Wash. 2d 851, 281 P.3d
    289 (2012) ..........................................................................................................................6

*Bennett v. Frank*, 395 F.3d 409 (7th Cir. 2005) .......................................................................7

*Burton v. Lehman*, 153 Wash 2d 416, 103 P.3d 1230 (2005) .................................................6

*Chamber of Commerce of U.S. v. Edmondson*, 594 F.3d 742 (10th Cir. 2010).......................8

*Chamber of Commerce of U.S. v. Whiting*, 563 U.S. 582 (2011) ........................................8, 9

*City of Seattle v. McKenna*, 172 Wash. 2d 551, 539 P.3d 1087 (2011)...................................4

*Confederated Tribes of Colville Reservation v. Anderson*, 903 F. Supp. 2d
    1187 (E.D. Wash. 2011)....................................................................................................3

*Guevara v. I.N.S.*, 954 F.2d 733, 1992 WL 1029 (Fed. Cir. Jan. 6, 1992) ...............................6

*Hous. Auth. of King Cty. v. Ne. Lake Wash. Sewer & Water Dist.*, 56 Wash.
    App. 589, 784 P.2d 1284 (1990) ....................................................................................12

*In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2011 WL
    3475408 (N.D. Cal. Aug. 9, 2011) ....................................................................................3

*Incalza v. Fendi N. Am., Inc.*, 479 F.3d 1005 (9th Cir. 2007).................................................9

*Lake v. Woodcreek Homeowners Ass'n*, 169 Wash. 2d 516, 243 P.3d 1283
    (2010) ................................................................................................................................6

*Lynch v. Deaconess Med. Ctr.*, 113 Wash. 2d 162, 776 P.2d 681 (1989) .............................11

*Madeira v. Affordable Hous. Found., Inc.*, 469 F.3d 219 (2d Cir. 2006) ................................9

STATE OF WASHINGTON V. GEO GROUP  
ECF CASE NO. 3-17-cv-05806-RJB  
GEO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - ii

III BRANCHES LAW, PLLC  
Joan K. Mell  
1019 Regents Blvd. Ste. 204  
Fircrest, WA 98466  
253-566-2510 ph  
joan@3brancheslaw.com

*Menocal v. The GEO Group, Inc.*, 113 F. Supp. 3d 1125 (D. Colo. 2015) ..................7

*Salas v. Sierra Chem. Co.*, 59 Cal. 4th 407, 327 P.3d 797 (2014)............................10

*State ex rel. Hagan v. Chinook Hotel, Inc.*, 65 Wash. 2d 573, 399 P.2d 8 (1965)..................................................................................................................4

*Thompson v. St. Regis Paper Co.*, 102 Wash. 2d 219, 685 P.2d 1081 (1984)...........5

*Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931 (9th Cir. 2001)..............................2

*United States v. Philip Morris Inc.*, 300 F. Supp. 2d 61 (D.D.C. 2004) ...................12

*Walling v. Portland Terminal Co.*, 330 U.S. 148 (1947) ............................................5

*Young v. Young*, 164 Wash. 2d 477, 191 P.3d 1258 (2008) ......................................11

**STATUTES:**

U.S. Const. art I, § 8, cl. 4...........................................................................................9

8 U.S.C. § 1324a .........................................................................................................9

Wash. Const. art. II, § 29 ..........................................................................................12

Wash. Rev. Code § 7.24.020.......................................................................................4

Wash. Rev. Code § 36.110.010...................................................................................6

Wash. Rev. Code § 36.110.020...................................................................................6

Wash. Rev. Code § 36.110.120...................................................................................6

Wash. Rev. Code § 43.81.010.....................................................................................8

Wash. Rev. Code § 43.81.030.....................................................................................8

Wash. Rev. Code § 49.46.005.....................................................................................7

Wash. Rev. Code § 49.46.010...................................................................................12

Wash. Rev. Code § 49.46.120.....................................................................................5

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - iii

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Wash. Rev. Code § 49.48.050 ................................................................................................3

Wash. Rev. Code § 49.48.070 ................................................................................................3

Wash. Rev. Code § 49.52.050 ................................................................................................8

Wash. Rev. Code § 49.52.070 ................................................................................................8

Wash. Rev. Code § 49.60.400 ................................................................................................7

Wash. Rev. Code § 70.48.071 ................................................................................................7

Wash. Rev. Code § 70.48.210 ................................................................................................6

Wash. Rev. Code § 72.09.110 ................................................................................................8

**REGULATIONS:**

Washington Dep't of Corrections Policy 700.100 ..............................................................7, 12

Washington Dep't of Labor & Indus., Admin. Policy ES.A.1, *Minimum Wage
   Act Applicability* (revised July 15, 2014)
   (http://www.lni.wa.gov/WorkplaceRights/files/policies/esa1.pdf) ................................4, 5

**RULES:**

Fed. R. Civ. P. 12(b)(6) .......................................................................................................3, 5

**OTHER AUTHORITIES:**

Alexis Krell, *Jail trustee: A good gig but a job nobody wants to hold for long*
   (Nov. 13, 2014, 12:17 AM)
   (http://www.thenewstribune.com/news/local/crime/article25893445.html) .......................6

Ballotpedia, *Washington Inmate Labor Programs, SJR 8212 (2007)* .......................................5

Bob Ferguson, *Guidance Concerning Immigration Enforcement* (2017) ..........................2, 11

Final Bill Report, SJR 8212 (2007) ..........................................................................................5

INS, *Your CO 243-C Memorandum of November 15, 1991; DOD Request for
   Alien Labo*r, General Counsel Op. No. 92-63, 1992 WL 1369402 (Nov. 13,
   1992) ...............................................................................................................................9

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - iv

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

| | |
|---|---|
| 1 | Performance-Based Nat'l Detention Standards 2011 ................................................................8 |
| 2 | Re-Elect Bob Ferguson, News (https://electbobferguson.com/latest/) ...............................2, 12 |
| 3 | SJR 8212 (2007)......................................................................................................................5 |
| 4 | |
| 5 | Washington Dep't of Corrections, *About CI*............................................................................8 |
| 6 | *Working on the Inside*, (https://www.youtube.com/watch?v=OyH--UDJN88).........................6 |

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - v

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

## INTRODUCTION

The State's desired declaration that GEO "employs" detainees who participate in the federally-created Voluntary Work Program ("VWP") promulgates bad policy and encroaches on a matter that should be left to Congress. If the State wants qualified detainees working competitively, the State should lobby for less restrictive federal immigration processing standards just like it has done for the individuals detained in Washington's institutions. The VWP activities are not real jobs, but rather serve the purposes of promoting order, morale and the health of detainees. Under the State's logic, however, Washington's Minimum Wage Act ("MWA") purports to transform detainees from voluntary participants in detention-specific work program into wage-seeking employees in the general labor market.

The MWA expressly excludes detainees in state facilities from minimum wage requirements. The MWA likewise does not apply to detainees in federal custody who voluntarily participate in a program intended to limit idle time and defray the cost of maintaining their living space. Washington's voters have expressly authorized private programs indistinguishable from the VWP in Washington's state-run facilities for its citizens. Unsurprisingly—because ICE never intended for state wage laws to apply to VWP participants in its contract facilities—the State's requested relief would create a multitude of conflicts in GEO's contractual obligations and with federal law. Were the MWA to apply as the State proposes, it would be preempted by federal law under well-established doctrines.

## ARGUMENT

**I. THIS COURT HAS POWER TO DISMISS THIS SUIT ON ITS MERITS.**

The State raises two preliminary issues that can be summarily rejected. First, the State

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - 1

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

argues that this Court lacks subject matter jurisdiction over this case. As GEO explained in its Notice of Removal,[1] this Court has subject matter jurisdiction over this case for several reasons based on GEO's status as a federal contractor and the federal law issues implicated by this case. The State seeks a declaration that GEO has "employed" detainees at the Northwest Detention Facility ("NWDC") for years. But the employment status of federal immigration detainees at a federally-contracted facility is an issue of federal law. GEO has raised colorable preemption defenses, which this Court may consider in due course in ruling on GEO's motion to dismiss.

Second, there is no justiciable controversy to certify to the Washington Supreme Court for its input, and even if there was, this Court may decide the issue of the MWA's applicability to VWP work.[2] When a state law issue has not been decided by that state's highest court, "the task of the federal courts is to predict how the state high court would resolve it."[3] Here, the Court can do so in the context of the State's request for a declaration that would fundamentally rewrite the relationship between ICE, its contractors, and civil immigration detainees. By contrast, *Amaker v. King County*[4] involved only state tort claims between private parties that did not implicate federal law or interests. Moreover, there is no need to certify any such question because the statute, under the State's interpretation, is preempted by federal law and those defenses have already been brought in this Court.[5]

---

[1] *See* Notice of Removal, ECF 1.
[2] *See* Pls.'s Opp. to Mot. to Dismiss, ECF 17, at 3-4 ("Opp.").
[3] *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001).
[4] 540 F.3d 1012 (9th Cir. 2008). *See* Opp. 3.
[5] The Attorney General's efforts to politicize this case as a state crusade against federal immigration policies underscores the need for the case to be heard in a federal forum. Attorney General Ferguson himself has touted his legal actions against the Trump administration as part of his fundraising efforts. *See* Re-Elect Bob Ferguson, News, (https://electbobferguson.com/latest/). He has even authored a document explaining how state authorities can avoid enforcing the federal immigration policies. Bob Ferguson, *Guidance Concerning Immigration Enforcement* (2017) (http://agportal-s3bucket.s3.amazonaws.com/uploadedfiles/Another/AGO%20Immigration%20Guidance.pdf).

STATE OF WASHINGTON V. GEO GROUP　　　　　　　　　　　　　　　III BRANCHES LAW, PLLC
ECF CASE NO. 3-17-cv-05806-RJB　　　　　　　　　　　　　　　　　　　　　Joan K. Mell
GEO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - 2　　　　1019 Regents Blvd. Ste. 204
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Fircrest, WA 98466
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　253-566-2510 ph
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　joan@3brancheslaw.com

## II. THE STATE LACKS AUTHORITY TO BRING THIS LAWSUIT.

The State mischaracterizes GEO's *parens patriae* argument as an objection to standing. Courts have dismissed cases under Rule 12(b)(6) for failure to establish *parens patriae* authority.[6] In *Confederated Tribes of Colville Reservation v. Anderson*,[7] the court framed the issue as whether the tribe had a proper cause of action under 42 U.S.C. § 1983 based on *parens patriae* authority, not whether it had standing, and dismissed the claim under Rule 12(b)(6).[8] GEO presents a similar argument here. The State cannot pursue the relief it seeks here because the State does not satisfy the elements of the *parens patriae* doctrine, and the MWA gives the Attorney General no cause of action to bring this claim otherwise.[9]

The State's assertion of an "interest in protecting the health, safety, and well-being of its residents,"[10] is boilerplate supposition unsupported by any plausible facts. The problem for the State is that the plain text of the MWA itself creates no cause of action for the Attorney General. Enforcement authority lies exclusively with the employee, L&I, or local prosecuting attorneys.[11] By granting the L&I the power to pursue wage actions on behalf of workers, the MWA implies that the Attorney General lacks the statutory authority to act independently on behalf of the State as a whole. It is particularly important that the Attorney General not usurp authority here, where he is swimming upstream, seeking subsidized work programs at the NWDC for non-citizens,

---

[6] *See* GEO's Mot. to Dismiss, ECF 10, at 4 n.19 ("Mot.").
[7] 903 F. Supp. 2d 1187, 1191-92, 1194-95 (E.D. Wash. 2011) (Shea, J.).
[8] *See Id. See also In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2011 WL 3475408, *5-6 (N.D. Cal. Aug. 9, 2011) (considering whether a state's claimed *parens patriae* status authorized it to raise claim).
[9] *See* Mot. 4-8.
[10] Complaint ¶ 3.3.
[11] RCW 49.48.050, .070.

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - 3

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

when the Legislature and L&I have decided **not** to do so for state detainees, civil and criminal.[12]

RCW 43.10.030 cannot fill that gap because it still requires the Attorney General to assert a cognizable cause of action.[13] Unlike in *McKenna*, the State has not identified a statute that independently authorizes the Attorney General to bring this suit. This case is not like the 1965 MWA declaratory action in *State ex rel. Hagan v. Chinook Hotel, Inc.*,[14] in which the parties did not challenge the Attorney General's authority because the case was essentially a "friendly" lawsuit to decide how L&I should calculate "wages."[15] Here L&I has in practice and by policy already determined the MWA does not apply.[16] Washington has no "rights, status or other legal relations affected by" the MWA to adjudicate.[17]

The State essentially claims that it has a "quasi-sovereign interest" in ensuring that Washington's citizens get the opportunity to earn a living wage and paid leave by cutting detainees' hair, emptying their trash, fixing their food, and washing their dishes, toilets, and dirty sheets.[18] It provides no basis for this view. To the contrary, Washington has expressly *excluded* persons detained in state facilities from the category of "employees" protected by the MWA.[19] L&I has further opined that prisoners working for private corporations in state facilities are not

---

[12] Mot. 5-6.
[13] *See City of Seattle v. McKenna*, 172 Wash. 2d 551, 563, 539 P.3d 1087, 1093 (2011) (en banc) (identifying a statutory cause of action that enabled the Attorney General's suit *apart from* RCW 43.10.030).
[14] 65 Wash. 2d 573, 399 P.2d 8 (Wash. 1965). *See* Opp. 7.
[15] *Id*. at 573 n.1 ("This suit is apparently a test case which will, by stipulation, bind other hotels engaged in similar practices.").
[16] Washington Dep't of Labor & Indus., Admin. Policy ES.A.1, *Minimum Wage Act Applicability*, at § 6(k) (revised July 15, 2014) (http://www.lni.wa.gov/WorkplaceRights/files/policies/esa1.pdf).
[17] *See* RCW 7.24.020 (statutory requirements for relief under Washington's Uniform Declaratory Judgment Act).
[18] *See* Opp. 5-6.
[19] RCW 49.46.010(3)(k).

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - 4

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

the private corporations' employees.[20] Washington's voters amended the Washington Constitution to enable state programs similar to the VWP for the express purpose of defraying the cost of detention.[21] Washington has resoundingly rejected the very basis the State claims for its *parens patriae* authority and therefore the case should be dismissed.[22]

**III. THE STATE FAILS TO STATE A CLAIM AGAINST GEO UNDER THE WASHINGTON MINIMUM WAGE ACT.**

Even assuming *arguendo* that the State has authority to bring this suit, its claims fail.

**A. The MWA Does Not Apply To Federal Detainees Housed At NWDC.**

The MWA does not apply to the detainees housed at NWDC under any reasonable reading of the statute.[23] Not all work triggers minimum wage protections.[24] The MWA does not make VWP activities minimum wage work,[25] and the State fails to plead any plausible facts that show the requisite employment relationship between VWP participants and GEO to apply the MWA. Employment relationships are created contractually, not judicially.[26] There is no contractual agreement negotiated between GEO and any detainee with any hallmarks of an employment relationship. There are no job postings. There are no resumes. GEO does not pick and choose among the most productive qualified applicants. And GEO does not negotiate any compensation or benefits. Program participants qualify to receive a dollar per day. The VWP exists because ICE is fulfilling its detention processing duties at the most cost effective rate to

---

[20] Washington Dep't of Labor & Indus., Admin. Policy ES.A.1, *Minimum Wage Act Applicability*, at § 6(k) (revised July 15, 2014) (http://www.lni.wa.gov/WorkplaceRights/files/policies/esa1.pdf).
[21] Ballotpedia, *Washington Inmate Labor Programs, SJR 8212 (2007)*, (https://ballotpedia.org/Washington_Inmate_Labor_Programs,_SJR_8212_(2007)). *See also* SJR 8212 (2007); Final Bill Report, SJR 8212 (2007).
[22] *See* Fed. R. Civ. P. 12(b)(6).
[23] Mot. 16-20.
[24] *Walling v. Portland Terminal Co.*, 330 U.S. 148, 152 (1947) (applying FLSA definition akin to MWA's).
[25] *See* RCW 49.46.120.
[26] *See Thompson v. St. Regis Paper Co.*, 102 Wash. 2d 219, 685 P.2d 1081 (1984).

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - 5

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

ensure the well-being of those involved. FLSA precedents—which are ordinarily given persuasive force by Washington courts—hold that detainees are not entitled to FLSA minimum wage, even *without* the express exclusion found in the MWA, because detainees work for "institutional maintenance," not employment.[27]

The State's response relies entirely on a politically motivated reading of the MWA exclusion for detainees that is unsupported by precedent.[28] The State's own citations explain—in language the State conveniently ignores—that the touchstone for statutory interpretation is legislative intent.[29] Even the "plain meaning" of a provision's terms must be determined in context with the statute's other provisions, related provisions, and the statutory scheme as a whole.[30] The "plain meaning" of Washington's exception for its own detainees is clear: Washington has decided that detainees, whether civil or criminal, do not need minimum wage protections, even if they are employed by private corporations while detained. Importantly, even local jails holding individuals who have not been convicted of any crime do not pay work program participants minimum wages.[31] The simplest explanation why the MWA only expressly excludes state and local, but not federal detainees is that the Legislature never expected that

---

[27] *Guevara v. I.N.S.*, 954 F.2d 733, 1992 WL 1029, *2 (Fed. Cir. Jan. 6, 1992). *See, e.g., Anfinson v. FedEx Ground Package Sys., Inc.*, 174 Wash. 2d 851, 868-70, 281 P.3d 289, 298 (2012) (en banc) (using FLSA to determine scope of "employee" under MWA); *Alvarado Guevara v. I.N.S.*, 902 F.3d 394 (5th Cir. 1990) (FLSA does not apply to federal immigration detainees).
[28] Opp. 11-12.
[29] *Lake v. Woodcreek Homeowners Ass'n*, 169 Wash. 2d 516, 526, 243 P.3d 1283, 1288 (2010) (en banc); *Burton v. Lehman*, 153 Wash 2d 416, 422, 103 P.3d 1230, 1234 (2005) (en banc).
[30] *Lake*, 169 Wash. 2d. at 526.
[31] *See* Alexis Krell, *Jail trustee: A good gig but a job nobody wants to hold for long* (Nov. 13, 2014, 12:17 AM) (http://www.thenewstribune.com/news/local/crime/article25893445.html). *See also Working on the Inside*, (https://www.youtube.com/watch?v=OyH--UDJN88) (interviews with detainees who explain why they like their work programs); RCW 36.110.010, .020(6), .120; RCW 70.48.210(3)(d).

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - 6

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

anyone would even argue that the MWA would apply to federal detainees.[32] The *Menocal* court, likewise considering a statute that excluded incarcerated persons but did not expressly address federal immigration detainees, had no hesitation about extending the statutory exclusion based on an inference from the legislative purpose.[33]

The State's only other argument fails because it proves too much. The State reasons that the MWA, allegedly unlike other labor statutes, aims not only to protect a living wage for workers but also "to encourage employment opportunities within the state."[34] Thus, the State argues, even if the MWA, like other labor laws, does not aim to protect the detainees themselves, it still applies to protect other workers who would otherwise be employed by GEO. On this point, the State must look in the mirror. Washington pays persons incarcerated in its own facilities far less than minimum wage.[35] But under the State's logic here, such underpayment would also violate the MWA because underpaying inmates reduces the number of minimum-wage jobs available to the rest of Washington's residents. Washington's exclusion covering state-held prisoners and local jail detainees thus reinforces that creating jobs **in detention facilities** was not the purpose of the MWA.[36] More broadly, Washington has created a "Correctional Industries" program for its own inmates that offers work opportunities that are not

---

[32] *See Bennett v. Frank*, 395 F.3d 409, 409-10 (7th Cir. 2005). Washington law also requires that state and local programs must satisfy the same federal detention standards as the NWDC, further indicating that the Legislature's intentions are served by excluding federal detainees from the MWA. RCW 70.48.071.
[33] *Menocal v. The GEO Group, Inc.*, 113 F. Supp. 3d 1125, 1129 (D. Colo. 2015) ("[B]ecause immigration detainees, like prisoners, do not use their wages to provide for themselves, the purposes of the [Colorado wage order] are not served by including them in the definition of employee.").
[34] Opp. 13-14 (citing RCW 49.46.005(1)).
[35] *See* Washington Dep't of Corrections Policy 700.100 (capping compensation at $55 per month).
[36] Making ICE detainees into MWA employees would also violate Washington's Law Against Discrimination. *See* RCW 49.60.400. By allowing detainees to be "employed" in VWP jobs that Washington's citizens would need to pass a background check to procure, *see* Baker Decl., ECF 16-1, at 70, 111 ("ICE-GEO Contract," at 69, 110), the State would be granting preferential treatment based on national origin.

STATE OF WASHINGTON V. GEO GROUP  
ECF CASE NO. 3-17-cv-05806-RJB  
GEO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - 7

III BRANCHES LAW, PLLC  
Joan K. Mell  
1019 Regents Blvd. Ste. 204  
Fircrest, WA 98466  
253-566-2510 ph  
joan@3brancheslaw.com

directed at job creation or regulating the labor market, but for purposes specially-relevant to correctional or detention facilities, such as "instill[ing] and promot[ing] positive work ethics," and "reduc[ing] the tax burden of corrections."[37] ICE requires GEO to offer the VWP for the same reasons.[38] The State cannot argue that the MWA covers the VWP when the State operates essentially identical programs in its own facilities and excludes them from the MWA.

### B. The MWA Would Be Preempted Even If It Did Apply.

#### 1. Express Preemption.

The State has failed to explain how it avoids express preemption under IRCA. It seeks a declaration that GEO has employed all detainees at NWDC that have participated in the VWP.[39] It also seeks "disgorge[ment]" of GEO's "ill-gotten gains" for paying detainees less than minimum wage.[40] Disgorgement is the sort of restrictive measure that qualifies as a "sanction" under IRCA.[41] Further, declaring that the MWA applies to detainees will open GEO to sanctions far beyond this "disgorgement" alone.[42] The State provides no response to these points.

The State's cases do not involve anything like the relief the State seeks here.[43] *Whiting* explained that IRCA does "expressly preserve" some state laws that address employment of

---

[37] Washington Dep't of Corrections, *About CI, available at*
http://www.washingtonci.com/skin/frontend/WACI/primary/docs/content/about-ci/ci-fact-sheet.pdf ("Mission Statement"). Institutional maintenance is required by Washington law even outside the detention context. RCW 43.81.010, .030 ("Any person occupying state-owned or leased living facilities shall do so with the understanding that he or she assumes custodial housekeeping responsibility as directed by the agency."). Further, Washington compels those working in Class I correctional industries to pay for their room, board, and other societal costs associated with the conduct that precipitated their confinement. RCW 72.09.110.
[38] *See* ICE-GEO Contract at 82 ("Detainee labor shall … adhere to the ICE PBNDS"); PBNDS § 5.8.II.3-4 (noting that the VWP shall enhance essential facility operations and reduce the negative impacts of detention on detainees).
[39] Complaint ¶¶ 7.1-7.6.
[40] Opp. 15; Complaint ¶ 7.6.
[41] *See Chamber of Commerce of U.S. v. Edmondson*, 594 F.3d 742, 765-66 (10th Cir. 2010).
[42] RCW 49.52.050, .070 (double damages and attorney's fees).
[43] *See* Opp. 15-16.

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - 8

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

unauthorized aliens, such as licensing schemes.[44] But Washington is not seeking to enforce a licensing scheme. *Incalza* considered only conflict preemption and held that a party did not need to fire an authorized alien under the particular circumstances of that case.[45] And *Madeira*[46] dealt with worker's compensation, which bears only a tenuous connection to IRCA.[47]

### 2. Field Preemption.

The MWA is also subject to field preemption to the extent the State wishes it to apply in the context of immigration detention. The State mistakenly characterizes this case as nothing but a labor claim against a private employer, ignoring the federal context in which this claim arises.[48] GEO does not detain unauthorized aliens, ICE does. ICE does not decide whom to detain, Congress does. GEO did not create the VWP; ICE did. ICE sets the daily allowance rate under discretion delegated to it by Congress.[49] The framework surrounding the VWP allowance is no mere "loose assortment of statutes, policy guidelines, and contract clauses,"[50] it is a comprehensive regulatory scheme that is the federal government's prerogative to create and enforce.[51] By attempting to forge an employer-employee relationship between federal detainees and a federal contractor with respect to the uniquely federal power of immigration, this case intrudes into a sphere of regulation controlled by federal law.

The State's reliance on language in the ICE-GEO contract allowing that "applicable"

---

[44] *Chamber of Commerce of U.S. v. Whiting*, 563 U.S. 582, 594-600 (2011); 8 U.S.C. § 1324a(h)(2).
[45] *Incalza v. Fendi N. Am.*, 479 F.3d 1005, 1010-11 (9th Cir. 2007).
[46] *Madeira v. Affordable Hous. Found., Inc.*,469 F.3d 219 (2d Cir. 2006).
[47] *See, e.g.*, *Abel Verdon Constr. v. Rivera*, 348 S.W.3d 749, 755 (Ky. 2011) (worker's compensation benefits were not "a realistic incentive for an individual to enter the United States unlawfully").
[48] *See, e.g.*, Opp. 1-2.
[49] 8 U.S.C. § 1555(d); INS, *Your CO 243-C Memorandum of November 15, 1991; DOD Request for Alien Labor*, General Counsel Op. No. 92-63, 1992 WL 1369402, *1 (Nov. 13, 1992).
[50] Opp. 17.
[51] U.S. Const. art. 1, § 8, cl. 4.

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - 9

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

state law applies is also misplaced.[52] The crux of the dispute in this case is whether the MWA *applies to detainees* housed at NWDC. The contract specifically identifies the sorts of state laws that do apply.[53] In contrast to this series of clauses, the description of the VWP makes no mention of state law, whether relating to wages or otherwise, and that omission indicates that ICE does not intend the VWP to create an employment relationship.[54]

### 3. Conflict/Obstacle Preemption.

As even the State does not seriously dispute, hiring virtually any detainee would violate IRCA. In *Salas v. Sierra Chemical Co.*, the California Supreme Court held that state law directly conflicted with IRCA to the extent it compensated an unauthorized worker after that worker's immigration status was discovered.[55] The court explained that in that post-discovery period, compensating the alien "would impose liability on the employer for not performing an act (continuing to employ a worker known to be an unauthorized alien) expressly prohibited by federal law."[56] Most, if not all, detainees at the NWDC at a given time are unauthorized; that is why they are in detention. Simultaneous compliance with the MWA and IRCA is therefore impossible, making the MWA subject to conflict preemption.

ICE's contract with GEO amply confirms the crucial distinction between detainees and GEO's employees.[57] For example, the contract extensively regulates employees' interactions

---

[52] *See* Opp. 17-18 (citing ICE-GEO Contract 44).
[53] *See* ICE-GEO Contract, at 84 (state sales tax); *Id.* (state telephone regulations); *Id.* at 85 (state building codes); *Id.* at 86 (state safety codes).
[54] *See Id.* at 82.
[55] 59 Cal. 4th 407, 424, 327 P.3d 797, 807 (2014).
[56] *Id.*
[57] *See* ICE-GEO Contract 45, 47, 57, 62-63, 65-66, 72, 76, 82.

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - 10

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

with detainees.[58] These provisions would be nonsensical if detainees *were* GEO's employees. An order from this Court finding that GEO has "employed" VWP participants would essentially rewrite this contract from the ground up. Thus, the relief sought by the State is a clear obstacle to ICE's detention scheme. Indeed, such disruptions are the Attorney General's purpose in filing this lawsuit in the first place, as he has authored guidance to state law enforcement explaining how they can avoid enforcing federal immigration law statewide.[59]

### IV. THE STATE FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT.

As the Washington Supreme Court has made clear, voluntary work cannot support a claim for unjust enrichment.[60] Consequently, no detainee at NWDC would have an individual claim for participating in the *Voluntary* Work Program. But the State's problem is worse: the State is the plaintiff here, and it has not alleged that *it* has conferred any benefit on GEO.

The State misquotes the elements of an unjust enrichment claim to hide this problem: it claims that unjust enrichment requires a defendant to receive a benefit "at ***another's*** expense."[61] But its cited case explains that unjust enrichment applies when a defendant has received a benefit "at the ***plaintiff's*** expense."[62] Here, the State has not explained what benefit it has conferred on GEO. To the extent the State means to claim it can pursue its unjust enrichment claim because ***individual detainees*** have conferred a benefit on GEO, the State clearly shows that it is not the real party in interest. This undercuts its claim to be acting *parens patriae*.

Finally, even were the State's unjust enrichment claim adequately pled, it would still be

---

[58] *Id*. at 62-63.
[59] Bob Ferguson, *Guidance Concerning Immigration Enforcement* (2017) (http://agportal-s3bucket.s3.amazonaws.com/uploadedfiles/Another/AGO%20Immigration%20Guidance.pdf).
[60] *Lynch v. Deaconess Med. Ctr.*, 113 Wash. 2d 162, 165, 776 P.2d 681, 683 (1989) (en banc).
[61] Opp. 20.
[62] *Young v. Young*, 164 Wash. 2d 477, 484, 191 P.3d 1258, 1262 (2008).

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - 11

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

barred by equitable doctrines.[63] The State is seeking to enforce a reading of the MWA against GEO that it patently disclaims for itself. It has done so in bad faith to fuel the Attorney General's political ambitions.[64] Further, it has waited years to bring this claim without any plausible reason for doing so. The State cites *United States v. Phillip Morris, Inc.*, to argue that a state's commission of the "same sort of wrongdoing" does not suffice to allege unclean hands against it.[65] But reading the rest of the paragraph the State cites, the court explained that the defendant had only made conclusory allegations.[66] Here, it is plain that the State is seeking to penalize a federal program when it uses exactly the same kinds of programs in its own facilities.[67] The State also claims that Washington bars equitable defenses when the State seeks only to "exercise … its governmental duties."[68] But as GEO has explained, the State is not seeking to exercise any governmental duties here, it is suing on behalf of a handful of individuals without any proper authority to do so.[69] Finally, the complaint does not identify a specific date on which the State's claims accrued, but the facility has operated since 2004 and the State does not dispute that no Washington agency has given GEO any notice that state law required the payment of a minimum wage to federal immigration detainees.

## CONCLUSION

For the above state reasons, the Complaint should be dismissed in its entirety.

---

[63] Mot. 22-24.
[64] *See* Re-Elect Bob Ferguson, News (https://electbobferguson.com/latest/).
[65] Opp. 22 (citing *United States v. Philip Morris, Inc.*, 300 F. Supp. 2d 61, 75-76 (D.D.C. 2004)).
[66] 300 F. Supp. 2d at 76.
[67] Mot. 23-24 (citing Wash. Const. art. II, § 29; RCW § 49.46.010(3)(k); Washington Dep't of Corrections Policy 700.100).
[68] Opp. 22 (quoting *Hous. Auth. of King Cty. v. Ne. Lake Wash Sewer & Water Dist.*, 56 Wash. App. 589, 593, 784 P.2d 1284, 1286-87 (Wash. Ct. App. 1990).
[69] *See* Mot. 4-6; *supra* at 3-5.

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - 12

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

| | | |
|---|---|---|
| 1 | Dated: November 17, 2017 | **III BRANCHES LAW, PLLC** |
| 2 | | |
| 3 | | By: _[signature]_ |
| 4 | | Joan K. Mell WSBA # 21319 |
| 5 | | 1019 Regents Blvd. Ste. 204<br>Fircrest, WA 98466<br>253-566-2510 (p) |
| 6 | | 281-664-4643 (f)<br>joan@3brancheslaw.com |
| 7 | | |
| 8 | | **NORTON ROSE FULBRIGHT US LLP**<br>Charles A. Deacon |
| 9 | | 300 Convent St.<br>San Antonio, Texas 78205<br>Telephone: (210) 270-7133 |
| 10 | | Facsimile: (210) 270-7205<br>charlie.deacon@nortonrosefulbright.com |
| 11 | | |
| 12 | | **NORTON ROSE FULBRIGHT US LLP**<br>Mark Emery |
| 13 | | 799 9th Street NW, Suite 1000<br>Washington, DC 20001-4501 |
| 14 | | Telephone: (202) 662-0210<br>Facsimile: (202) 662-4643 |
| 15 | | mark.emery@nortonrosefulbright.com |
| 16 | | **ATTORNEYS FOR DEFENDANT THE GEO GROUP, INC.** |
| 17 | | |

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - 13

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

# CERTIFICATE OF SERVICE

I, Joseph Fonseca, hereby certify as follows:

I am over the age of 18, a resident of Pierce County, and not a party to the above action. On November 17, 2017, I electronically filed the above GEO's Reply In Support of Its Motion to Dismiss, with the Clerk of the Court using the CM/ECF system and served via Email to the following:

Office of the Attorney General
La Rond Baker, WSBA No. 43610
Marsha Chien, WSBA No. 47020
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
LaRondB@atg.wa.gov
MarshaC@atg.wa.gov

Norton Rose Fulbright US LLP
Charles A. Deacon (Pro Hac Vice)
300 Convent St.
San Antonio, TX 78205
(210)-270-7133
charlie.deacon@nortonrosefulbright.com

Norton Rose Fulbright US LLP
Mark Emery (Pro Hac Vice)
799 9th St. NW, Suite 1000
Washington, DC 20001-4501
(202)-662-0210
mark.emery@nortonrosefulbright.com

I certify under penalty of perjury under the laws of the State of Washington that the above information is true and correct.

DATED this 17th day of November, 2017 at Fircrest, Washington.

Joseph Fonseca, Paralegal

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - 14

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com