THE HONORABLE ROBERT J. BRYAN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON, | CIVIL ACTION NO. 3:17-cv-05806-RJB |
| Plaintiff, | **STATE'S RESPONSE TO GEO'S MOTION FOR AN ORDER DECLARING THE CONTRACT FILING SUFFICIENT AND ALTERNATIVELY TO FILE LIMITED REDACTED PAGES IN CAMERA AND UNDER SEAL** |
| v. | |
| THE GEO GROUP, INC., | |
| Defendant. | |

STATE'S RESPONSE TO GEO'S MOTION
FOR AN ORDER DECLARING THE
CONTRACT FILING SUFFICIENT AND
ALTERNATIVELY TO FILE LIMITED
REDACTED PAGES IN CAMERA AND
UNDER SEAL

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3176
(206) 442-4492

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# TABLE OF CONTENTS

I.      INTRODUCTION...................................................................................................... 1

II.     ARGUMENT .............................................................................................................. 1

        A.    GEO Fails to Provide a Compelling Reason for Sealing the ICE-GEO
              Contract............................................................................................................ 2

        B.    GEO Fails to Support Redacting Pricing Information................................... 4

III.    CONCLUSION ........................................................................................................... 6

STATE'S RESPONSE TO GEO'S MOTION FOR AN
ORDER DECLARING THE CONTRACT FILING
SUFFICIENT AND ALTERNATIVELY TO FILE
LIMITED REDACTED PAGES IN CAMERA AND
UNDER SEAL

i

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3176
(206) 442-4492

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Brennan Ctr. for Justice at N.Y. Univ. Sch. of Law v. U.S. Dep't of Justice,*
   697 F.3d 184 (2d Cir. 2012) ............................................................................. 5

*Canadian Commercial Corp. v. Dep't of Air Force*, 514 F.3d 37 (D.C. Cir. 2008) ................. 5

*Det. Watch Network v. U.S. Immigration & Customs Enf't,*
   215 F. Supp. 3d 256 (S.D.N.Y. 2016) ........................................................... 3, 4, 5

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) ................................. 1, 2

*In re Electronic Arts, Inc. v. U.S. Dist. Court for the N. Dist. of Cal.*, 298 F. Appx. 568
   (9th Cir. 2011) ................................................................................................. 2

*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)............................... 1, 2, 4

*McDonnell Douglas Corp. v. U.S. Dep't of Air Force*, 375 F.3d 1182 (D.C. Cir. 2004)........ 4, 5

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978) ............................................................. 1

*Pierce Cty. v. Washington*, 185 P.3d 594 (Wash. Ct. App. 2008).............................................. 5

## <u>Rules</u>

Local Rule 5(g)(1)(B) ................................................................................................................ 5

Ninth Circuit Rule 36-3 ............................................................................................................. 2

STATE'S RESPONSE TO GEO'S MOTION FOR AN
ORDER DECLARING THE CONTRACT FILING
SUFFICIENT AND ALTERNATIVELY TO FILE
LIMITED REDACTED PAGES IN CAMERA AND
UNDER SEAL

ii

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3176
(206) 442-4492

# I.    INTRODUCTION

Defendant GEO Group, Inc. ("GEO") asks this Court to take the extraordinary step of blocking this Court, the State, and the public from reviewing the contract ("ICE-GEO contract") that governs GEO's provision of detention services at the Northwest Detention Center ("NWDC"). *See generally* Mot. for an Order Declaring the Contract Filing Sufficient and Alternatively to File Limited Redacted Pages In Camera and Under Seal, ECF 20 ("Mot. to Seal"). This Court should deny GEO's Motion to Seal and require that the ICE-GEO contract be filed in its entirety, without redactions, on the public record.

# II.    ARGUMENT

Redactions and requests to seal documents are governed by Local Rule 5(g), which directs that "[t]here is a strong presumption of public access to the court's files." The presumption exists because "[h]istorically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). This right is justified by the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies." *Id.* at 1178. "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

Although GEO has an obligation to prove that it has compelling reasons to support its motion, it fails to identify any compelling reason that supports redacting, sealing or otherwise keeping the ICE-GEO contract from public view. Further, even if the Court believes that GEO submitted compelling reasons to support its request, those reasons do not outweigh the public's interest in disclosure of information that is being used to support GEO's request that the State's action be dismissed. *See generally* Mot. to Dismiss, ECF 10. The ICE-GEO contract is a source

STATE'S RESPONSE TO GEO'S MOTION FOR AN
ORDER DECLARING THE CONTRACT FILING
SUFFICIENT AND ALTERNATIVELY TO FILE
LIMITED REDACTED PAGES IN CAMERA AND
UNDER SEAL

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3176
(206) 442-4492

of critical information about GEO's relationship to ICE and is evidence that is critical to the State's unjust enrichment claim. As such, this Court should reject Defendants' request to seal or redact the ICE-GEO contract.

**A.      GEO Fails to Provide a Compelling Reason for Sealing the ICE-GEO Contract**

GEO claims that the ICE-GEO contract should be withheld from public review because it "contains numerous terms relating to pricing and payment that qualify as trade secrets[.]" Mot. to Seal at 3. However, for documents related to dispositive motions, "[a] party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption [against sealing] by meeting the 'compelling reasons' standard." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz*, 331 F.3d at 1135)). That is, the party must "articulate[] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* (internal citations and quotation marks omitted). GEO has not provided factually supported, compelling reasons for its request to file a sealed record that will be relied upon in the adjudication of GEO's Motion to Dismiss.

Instead, GEO relies on *In re Electronic Arts, Inc. v. United States District Court for the Northern District of California* for the proposition that protecting trade secrets can be a compelling reason warranting the sealing of documents.[1] 298 F. Appx. 568 (9th Cir. 2011). GEO's argument fails. This is because, contrary to GEO's argument, the ICE-GEO contract does not contain information that could be deemed trade secrets. Trade secrets consist of "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id* at 569.  Here, the ICE-GEO contract does not contain any such proprietary, business-specific information. The contract terms that GEO seeks to keep from the State and the public's

---

[1] *In re Electronic Arts, Inc.* is a Ninth Circuit memorandum opinion with no precedential value. Ninth Circuit Rule 36-3.

STATE'S RESPONSE TO GEO'S MOTION FOR AN ORDER DECLARING THE CONTRACT FILING SUFFICIENT AND ALTERNATIVELY TO FILE LIMITED REDACTED PAGES IN CAMERA AND UNDER SEAL

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3176
(206) 442-4492

1   eyes are "numerous terms relating to pricing and payment" and nothing more specific about

2   GEO's business or operations. Mot.to Seal at 3.

3        The Southern District of New York was recently tasked with determining whether ICE

4   contracts for detention services, such as the ICE-GEO contract, contained information specific

5   enough to be deemed trade secrets for purposes of the Freedom of Information Act ("FOIA").

6   *Det. Watch Network v. U.S. Immigration & Customs Enf't*, 215 F. Supp. 3d 256, 265 (S.D.N.Y.

7   2016). It found that basic pricing information, without more, does not warrant withholding

8   documents under FOIA's trade secrets exemption. *Id.* at 261-66. The district court found that

9   releasing bed-day rates, unit prices, and staffing plans would not cause competitive harm to

10  contractors like GEO because "a competitor could not reverse engineer pricing strategies without

11  knowledge of a large number of unascertainable variables." *Id.* at 265. This is because the "bed-

12  day rate . . . is a composite number, based on a number of facts, including wages and associated

13  costs, general and administrative costs, and profits." *Id.* Further, "[p]ricing is complex and

14  requires contractors to make multiple assumptions and calculations." *Id.* "Merely showing that

15  competition exists or that contractors may face greater competition is inadequate to show that

16  the information is confidential." *Id.* at 264. Further, the district court found that there is a "limited

17  competitive market for detention services" and that the ICE detention contracts "do[] not show

18  that prices, or more importantly, profit, could be derived with the specificity needed to meet

19  Defendants' burden of showing competitive harm." *Id.*

20       For the same reasons the Southern District of New York did not find that ICE detention

21  contracts warranted withholding under FOIA, this Court should find that disclosure of the full

22  contract is appropriate here. The information GEO seeks to withhold is not specific enough to

23  be trade secrets or to hurt GEO's competiveness. Just as the *Detention Watch Network* court

24  found, competition in the private for-profit detention industry is limited. Simply put, basic

25  pricing information is insufficient to meet GEO's burden of showing a compelling reason to

26  withhold contract information. Although GEO may not want to release a full copy of the ICE-

STATE'S RESPONSE TO GEO'S MOTION FOR AN
ORDER DECLARING THE CONTRACT FILING
SUFFICIENT AND ALTERNATIVELY TO FILE
LIMITED REDACTED PAGES IN CAMERA AND
UNDER SEAL

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3176
(206) 442-4492

GEO contract to the public, such a disclosure does not constitute a compelling reason to warrant filing any portions of the contract under seal as such information will not release trade secrets nor will it likely cause competitive harms to GEO.[2] Instead, the release would allow this Court, the State, and the public to know the rules that govern GEO's operation of NWDC, including the amount that ICE pays GEO for it is services.

**B.     GEO Fails to Support Redacting Pricing Information**

GEO also argues that because ICE responded to a FOIA request by releasing the ICE-GEO contract with redactions, this Court must now accept an incomplete redacted version of the contract or review the contract in camera. Mot. to Seal at 3. However, the law does not support this contention: "FOIA is a statutory scheme directed to regulating the public access to documents held by the federal government . . . . By contrast, the public's right and need to access court documents is grounded on principles related to the public's right and need to access court proceedings." *See Kamakana*, 447 F.3d at 1185. As the policies governing disclosure under FOIA and access to court documents and proceedings are different, the fact that a document was withheld or redacted for FOIA purposes is not dispositive for determining whether a court should withhold information from the court record.

Further, even under FOIA, the redactions made to the disclosed contract are unjustified. *See Det. Watch Network*, 215 F. Supp. 3d at 266. The *Detention Watch Network* court squarely held, in the context of immigration detention contracts, that "[d]isclosure of pricing information, in particular, is consistent with the purposes of FOIA." *Id.* The *Detention Watch Network* court reasoned that contract prices "[a]re not mere offer or bid prices; they are prices that the government agreed to pay, and that it did pay, for specified services that it purchased from the

---

[2] GEO also argues that "releasing confidential pricing models to the public will damage competition among ICE's potential contracting partners, resulting in higher costs to the government, and thus to taxpayers." Mot. to Seal at 3. This argument is speculative at best. There is no guarantee that releasing basic contractual information will trigger an increase to overall detention costs. Further, even if prices increase, there is no reason to think that ICE or the American taxpayer will have to shoulder those financial burdens. Increases in costs can be absorbed in a multitude of ways including by GEO providing those services at a lower profit margin.

STATE'S RESPONSE TO GEO'S MOTION FOR AN
ORDER DECLARING THE CONTRACT FILING
SUFFICIENT AND ALTERNATIVELY TO FILE
LIMITED REDACTED PAGES IN CAMERA AND
UNDER SEAL

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3176
(206) 442-4492

1   company." *Id.* (quoting *McDonnell Douglas Corp. v. U.S. Dep't of Air Force*, 375 F.3d 1182,

2   1195 (D.C. Cir. 2004) (Garland, J., dissenting)); *see also Canadian Commercial Corp. v. Dep't*

3   *of Air Force*, 514 F.3d 37, 43 (D.C. Cir. 2008) (Tatel, J., concurring); *Brennan Ctr. for Justice*

4   *at N.Y. Univ. Sch. of Law v. U.S. Dep't of Justice*, 697 F.3d 184, 194 (2d Cir. 2012)). And,

5   ultimately, the *Detention Watch Network* court found that "[d]isclosure of such information

6   permits the public to evaluate whether the government is receiving value for taxpayer funds, or

7   whether the contract is instead an instance of waste, fraud, or abuse of the public trust . . . . Such

8   disclosure thus comes within the core purpose of FOIA: to inform citizens about what their

9   government is up to." *Det. Watch Network*, 215 F. Supp. 3d at 266 (alterations in original

10  omitted) (quoting *McDonnell Douglas Corp.*, 375 F.3d at 1195 (Garland, J., dissenting)).

11          Further, redactions of court documents should be limited to instances where the party

12  seeks to "protect sensitive information . . . that the court does not need to consider." Local Rule

13  5(g)(1)(B). In this instance, the information that GEO seeks to hide from the Court and the State

14  is information that is critical to understanding the relationship GEO has to ICE and the

15  obligations that ICE imposed on GEO regarding the operation of NWDC. It is true that at this

16  point in the litigation, resolving GEO's Motion to Dismiss, "turn[s] almost entirely on questions

17  of law." Mot. to Seal at 4. However, the terms of the ICE-GEO contract include facts that this

18  Court needs to adjudicate GEO's Motion to Dismiss. Further, the State's unjust enrichment claim

19  requires this Court and the State to review a complete, unredacted ICE-GEO contract, as the

20  contract includes financial information critical to determining whether GEO has been unjustly

21  enriched and the scope of any such enrichment. *See Pierce Cty. v. Washington*, 185 P.3d 594,

22  619 (Wash. Ct. App. 2008) (relying on contract terms to determine liability for unjust

23  enrichment). It is certain that the information that GEO seeks to redact is information that this

24  Court will need to consider. As such Local Rule 5(g)(1)(B) does not support GEO's request for

25  submitting a redacted contract.

26

1

## III.    CONCLUSION

2          For the foregoing reasons, this Court should deny GEO's request that the Court either

3    rely on a redacted version of the contract that withholds critical information regarding the State's

4    lawsuit or  allow GEO to file unredacted pages of the ICE-GEO contract under seal.

5

6          Dated this 27th of November, 2017.

7                                                             Respectfully submitted,

8                                                             BOB FERGUSON
                                                              Attorney General of Washington
9

10                                                            /s/ *La Rond Baker*
                                                              LA ROND BAKER, WSBA No. 43610
11                                                            MARSHA CHIEN, WSBA No. 47020
                                                              Assistant Attorneys General
12                                                            Office of the Attorney General
                                                              800 Fifth Avenue, Suite 2000
13                                                            Seattle, WA 98104
                                                              (206) 464-7744
14                                                            larondb@atg.wa.gov
                                                              marshac@atg.wa.gov
15

16

17

18

19

20

21

22

23

24

25

26

STATE'S RESPONSE TO GEO'S MOTION FOR AN              6              ATTORNEY GENERAL OF WASHINGTON
ORDER DECLARING THE CONTRACT FILING                                        Civil Rights Unit
SUFFICIENT AND ALTERNATIVELY TO FILE                                 800 Fifth Avenue, Suite 2000
LIMITED REDACTED PAGES IN CAMERA AND                                   Seattle, WA 98104-3176
UNDER SEAL                                                                 (206) 442-4492

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that the foregoing document was electronically filed with the District

3   Court of Western Washington, using the CM/ECF system. I certify that all participants in the

4   case are registered CM/ECF users and that service will be accomplished by the appellate

5   CM/ECF system.

6

7   Dated this 27th day of November, 2017.

8

9   <u>/s/ La Rond Baker</u>
     LA ROND BAKER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STATE'S RESPONSE TO GEO'S MOTION FOR AN
ORDER DECLARING THE CONTRACT FILING
SUFFICIENT AND ALTERNATIVELY TO FILE
LIMITED REDACTED PAGES IN CAMERA AND
UNDER SEAL

7