UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>THE GEO GROUP, INC.,<br><br>　　　　　　　　Defendant. | CASE NO. 3:17-cv-05806RJB<br><br>ORDER ON THE GEO GROUP, INC.'S MOTION FOR AN ORDER DECLARING THE CONTRACT FILING SUFFICIENT AND ALTERNATIVELY TO FILE LIMITED REDACTED PAGES IN CAMERA AND UNDER SEAL |

　　THIS MATTER comes before the Court on Defendant The GEO Group, Inc.'s Motion for an Order Declaring the Contract Filing Sufficient and Alternatively to File Limited Redacted Pages in Camera and Under Seal. Dkt. 20.

　　Because an underlying motion referred to portions of a contract between GEO and United States Immigration and Customs Enforcement (ICE) ("the Contract"), the Court requested from the parties "a full copy of the contract[.]" Dkt. 17. In response, GEO filed a modified version of the Contract that redacts bank routing information and certain pricing information. *See* Dkt. 19. GEO also filed this motion to seal, which raises the issue of whether GEO may rely on the redacted version of the Contract or whether GEO must file it in full.

ORDER ON THE GEO GROUP, INC.'S MOTION FOR AN ORDER DECLARING THE CONTRACT FILING SUFFICIENT AND ALTERNATIVELY TO FILE LIMITED REDACTED PAGES IN CAMERA AND UNDER SEAL - 1

Under Local Court Rule (LCR) 5(g), motions to seal must include (1) a certification that the parties have met and conferred, and (2) an explanation of the legitimate interests that warrant the relief sought, the injury that will result if the relief sought is not granted, and why a less restrictive alternative to the relief sought is not sufficient.

There is no dispute that the parties in this case have met and conferred.

There is no dispute that bank routing information should remain under seal. To that extent, GEO's motion should be granted.

The parties dispute whether pricing information should remain under seal. GEO represents[1] that it has a legitimate interest in protecting the pricing information as a trade secret, because its release will increase expenses to ICE and cost GEO its competitive bidding edge. Dkt. 20 at 3, 4; Dkt. 26 at 4-6.

In response, the State argues GEO has not met its burden to show a compelling reason to redact pricing information, because pricing information is not a trade secret. Dkt. 24 at 5-8. The State relies on *Det. Watch Network v. U.S. Immigration & Customs Enf't*, 215 F. Supp. 3d 256, 265 (S.D.N.Y. 2016), a case where the district court found that pricing information in an ICE-GEO contract was not a trade secret under a FOIA exemption. The State also argues that the pricing information "is critical to understanding the relationship GEO has to ICE and the obligations that ICE imposed on GEO." *Id*. at 8.

The Court at present expressly declines to reach the issue of whether the pricing information in the Contract should be public record or should remain sealed. The Contract was filed at the request of the Court, not by the parties, and the Court requested the Contract to better

---

[1] GEO made its showing substantially in the Reply brief. *See* Dkt. 26; LCR 3(g)(3)(B) ("Evidentiary support from declarations must be provided where necessary.")

- 2

understand the ICE-GEO relationship central to resolving an underlying motion. Based on its review of the Contract, filed with pricing information redacted, the Court reached the merits of the underlying motion without the need to consider pricing information. *See* Dkt. 28. Because of the unique procedure that the redacting of pricing information has been raised, the pricing information should remain under seal at present. To that extent, GEO's motion should be granted.

This Order should not, however, be construed to limit the scope of discovery, or to be a ruling on the question of whether the entire document should be, ultimately, filed without any redactions or sealing.

* * *

THEREFORE, Defendant The GEO Group, Inc.'s Motion for an Order Declaring the Contract Filing Sufficient and Alternatively to File Limited Redacted Pages in Camera and Under Seal (Dkt. 20) is GRANTED IN PART as follows:

The Contract, which has redacted bank routing information and pricing information (*see* Dkt. 19), is sufficient as filed at present.

The motion is OTHERWISE DENIED.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 11th day of December, 2017.

_____
ROBERT J. BRYAN
United States District Judge

- 3