1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STATE OF WASHINGTON,

                        Plaintiff,

     v.

THE GEO GROUP, INC.,

                        Defendant.

CASE NO. 3:17-cv-05806

ORDER DENYING WITHOUT
PREJUDICE PLAINTIFF STATE
OF WASHINGTON'S MOTION TO
REMAND

THIS MATTER comes before the Court on Plaintiff State of Washington's Motion to

Remand. Dkt. 15. The Court has considered Defendant The GEO Group, Inc.'s Response, the

State's Reply, the Notice of Removal, the Complaint, and the remainder of the file herein. Dkts.

1, 23, 28.

I.      BACKGROUND

THIS case originates from a complaint first filed in Pierce County. Dkt. 7, *State of Wash.

v. The GEO Group, Inc.*, Case No. 17-2-11422-2 (Pierce Co. Superior Court, 20 Sept. 2017).

GEO removed to the Western District of Washington, citing three grounds for removal: (1) the

federal officer removal statute, 28 U.S.C. §1442, alleging a causal nexus between GEO's actions

and the directives of a federal officer, and that GEO has a colorable preemption defense; (2) the

1    general removal statute, 28 USC §1331, because the case "involves issues of federal law and

2    federal interests that 'aris[e] under the Constitution, laws, or treaties of the United States'"; and

3    (3) diversity jurisdiction, 28 U.S.C. §1332(a). Dkt. 1 at 8, 9.

4         The issue raised by the State's motion to remand is whether this Court has subject matter

5    jurisdiction. As discussed below, the State's motion should be denied without prejudice. The

6    Court has subject matter jurisdiction because the case at present implicates the federal officer

7    removal statute, §1442. Having identified a basis for its subject matter jurisdiction, the Court

8    declines to address §1331 and §1332(a).

9    **II. DISCUSSION**

10        A.  Standard for federal officer removal under 28 U.S.C. §1442.

11        The federal officer removal statute provides:

12        (a) A civil action ... that is commenced in a State court and that is against or directed to
         [the following] may be removed by them to the district court of the United States . . .
13        wherein it is pending[:] . . . (1) The United States or any agency thereof or any officer (*or
         any person acting under that officer*) of the United States or of any agency thereof, in an
14        official or individual capacity, for or relating to any act under color of such office ....

15    28 U.S.C. §1442 (emphasis added). "The purpose of the federal officer removal statute is to

16    ensure a federal forum in any case where a federal official is entitled to raise a defense arising

17    out of his duties." *Goncalves By & Through Goncalves v. Rady Children's Hosp. San Diego*, 865

18    F.3d 1237, 1243–44 (9th Cir. 2017), quoting *Arizona v. Manypenny*, 451 U.S. 232, 241 (1981).

19    The party seeking removal under §1442(a)(1) bears the burden to show:

20             (a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus
                 between its actions, taken pursuant to a federal officer's directions, and plaintiff's
21               claims; and (c) it can assert a colorable federal defense.

22    *Id.*, quoting *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (internal

23    quotations and citations omitted). Section 1442 should be interpreted "broadly in favor of

24

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF STATE OF WASHINGTON'S MOTION TO
REMAND - 2

1  removal[,]" so that "the policy favoring removal [is] not []frustrated by a narrow, grudging

2  interpretation[.]" *Id*. at 1244, citing *Arizona*, 451 U.S. at 242 (internal quotations omitted).

3       In this case, the parties do not dispute GEO's showing as to the first element, that GEO is

4  a "person" as contemplated by the statute. The State challenges GEO's showing as to the second

5  and third elements, arguing that there is no causal nexus and that GEO lacks a colorable federal

6  defense.

7       B.  Causal nexus.

8       To show a causal nexus, GEO must show that (1) a challenged act is an "action under" a

9  federal officer, and (2) "the challenged act[] occurred *because of* what they were asked to do by

10  the Government." *Goncalves*, 865 F.3d at 1244-45, citing to *Isaacson v. Dow Chemical Co.*, 517

11  F.3d 129 (2nd Cir. 2008).

12      The challenged act in this case is payment to detainees at a rate of $1 per day. The State

13  argues that this alleged act does not occur "because of" what the Government has asked of GEO,

14  because the rate of detainee compensation is left to GEO's discretion. Dkt. 15 at 9-14; Dkt. 28 at

15  6-9. GEO's discretion, the State posits, is apparent from language in the ICE-GEO contract

16  directing GEO to manage a Volunteer Work Program "developed by the contractor," where

17  compensation is limited only by the 2011 Performance-Based National Detention Standards

18  (PBNDS), with detainee compensation of "at least $1.00 (USD) per day." Dkt. 15 at 10-13. GEO

19  is not precluded from compensating detainees at least the State minimum wage, the State avers.

20  *Id*.

21      GEO takes issue with the State's interpretation of the ICE-GEO Contract and argues that

22  ICE sets the compensation amount. Dkt. 23 at 11-16. GEO argues in the alternative that even if

23

24

1    GEO could compensate detainees at the State minimum wage, this flexibility misses the broader

2    point: ICE, not GEO, controls whether detainees can work competitively in the work force. *Id*.

3         The Court finds that the causal nexus is satisfied at this stage of the case, under the theory

4    that GEO pays detainees $1 per day based on a rate compensated by the Government. Under this

5    theory, GEO's compensation rate is an "action under" a federal officer because it is taken

6    pursuant to the ICE-GEO Contract, and GEO compensates detainees at that rate because of

7    GEO's contract with ICE.

8         GEO has made a sufficient showing of a causal nexus.

9         C.  Colorable federal defense.

10        "Courts have imposed few limitations on what qualifies as a colorable federal defense."

11   *Isaacson*, 517 F.3d at 138. "To be 'colorable,' the defense need not be 'clearly sustainable,'

12   [because] the purpose of the statute is to secure that the validity of the defense will be tried in

13   federal court." *Id*. at 139.

14        A reprise of the preemption discussion for purposes of this motion is unnecessary. The

15   parties have briefed—and the Court has at length considered—the merits of GEO's preemption

16   defense. The Court's ruling was based on GEO's Fed. R. Civ. P. 12(b)(6)  motion, which

17   challenged the sufficiency of the Complaint. *See* Dkt. 29 at 5-15. Further discussion of

18   preemption may yet be raised in a different procedural context.

19        GEO has made a sufficient showing that its preemption defense is colorable.

20        The Court has subject matter jurisdiction under §1442. The State's motion to remand

21   should be denied without prejudice.

22        D.  Other grounds for jurisdiction.

23

24

1  Because the Court has subject matter jurisdiction over this matter under §1442, the Court

2  declines to reach the issue of whether it has jurisdiction under §1331 or §1332(a).

3  This Order makes no finding as to how the ICE-GEO Contract should be interpreted or

4  whether the State Minimum Wage Act should apply.

5  * * *

6  THEREFORE, The State of Washington's Motion to Remand (Dkt. 15) is DENIED

7  WITHOUT PREJUDICE.

8  IT IS SO ORDERED.

9  The Clerk is directed to send uncertified copies of this Order to all counsel of record and

10  to any party appearing pro se at said party's last known address.

11  Dated this 13th day of December, 2017.

12

13

14  ROBERT J. BRYAN
United States District Judge

15

16

17

18

19

20

21

22

23

24

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF STATE OF WASHINGTON'S MOTION TO
REMAND - 5