The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE GEO GROUP, INC.,<br><br>　　　　　Defendant. | Case No: 3:17-cv-05806-RJB<br><br>**GEO'S ANSWER** |
| THE GEO GROUP, INC.,<br><br>　　　　　Counterplaintiff,<br><br>　　v.<br><br>STATE OF WASHINGTON,<br><br>　　　　　Counterdefendant. | Case No: 3:17-cv-05806-RJB<br><br>**GEO'S COUNTERCLAIMS** |

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO's ANSWER AND COUNTERCLAIMS - 1

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

The GEO GROUP, Inc. ("GEO") answers the State of Washington's Complaint (the "Complaint") as follows:

1.1    Paragraph 1.1 of the Complaint contains an introduction with various conclusory opinions that GEO disputes. Paragraph 1.1 is denied to the extent Paragraph 1.1 alleges any facts. GEO specifically denies that civil immigration detainees who participate in the Voluntary Work Program at the Northwest Detention Center ("NDWC") are employed by GEO. Consequently, GEO denies that the State has any basis to claim GEO should make minimum wage payments to them under Washington's Minimum Wage Act ("MWA"). GEO could not have been unjustly enriched when complying with the Department of Homeland Security-Office of Immigration and Customs Enforcement ("ICE") required a Voluntary Work Program because detainees are not entitled to wages under the MWA. Voluntary Work Program participants volunteer and choose self-care tasks—like meal preparation, basic housekeeping chores, and grooming—that are designed to reduce idle time while in detention.

1.2    Paragraph 1.2 is denied to the extent it makes any factual allegations relevant to this case. Competitive employment opportunities protected by the MWA serve no purpose in a secured detention environment, and application of the MWA here conflicts with federal law and policies pertaining to employment of unauthorized aliens and detention facility operations. Washington excludes its own detainees from the definition of "employee" under the MWA. Federal immigration detainees similarly have no right to claim competitive wages while detained at government expense.

1.3    Paragraph 1.3 is admitted in that Washington sets an hourly minimum wage applicable to certain employment relationships. Paragraph 1.3 is otherwise denied.

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO's ANSWER AND COUNTERCLAIMS - 2

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1.4     Paragraph 1.4 is admitted in that the federal government approves an allowance payment of $1.00 per day to any detainee who volunteers to participate in the Voluntary Work Program, regardless of the hours of participation.  ICE pays this rate to GEO as a credit to a detainee's commissary account without withholdings of any kind.  GEO pays this allowance regardless of performance or level of participation.  Paragraph 1.4 is otherwise denied.

2.1     Paragraph 2.1 is denied.

2.2     GEO admits that this Court has subject matter jurisdiction over this claim under 28 U.S.C. § 1442.  To the extent it makes any factual averments, paragraph 2.2 is denied.

2.3     GEO admits that venue is proper in this court because NWDC is located in Pierce County.  To the extent it makes any factual averments, paragraph 2.3 is denied.

3.1     Paragraph 3.1 is admitted in that Bob Ferguson is the elected Attorney General for Washington State.  In that role, counsel Ferguson has legal duties to the State.  But it is denied that he has authority to bring a MWA enforcement action as pled here because Washington has delegated enforcement of the MWA to the Department of Labor and Industries.  Paragraph 3.1 is otherwise denied.

3.2     Paragraph 3.2 is admitted.

3.3     Paragraph 3.3 is denied to the extent it alleges that GEO has damaged Washington's economic health or its residents' health, safety or well-being.  Paragraph 3.3 is otherwise admitted.

3.4     Paragraph 3.4 is denied to the extent it is intended to aver that Washington's interests extend to federal detainees at NWDC or that the Voluntary Work Program indirectly damages other Washington residents.  Paragraph 3.4 is otherwise admitted.

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO's ANSWER AND COUNTERCLAIMS - 3

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

3.5   Paragraph 3.5 states legal conclusions; to the extent the paragraph makes factual allegations, those allegations are denied. The State of Washington has no legitimate interest in the Voluntary Work Program at NWDC, nor do Washington's citizens agree that federal immigration detainees have greater rights than Washington's documented citizens who are detained.

3.6   Paragraph 3.6 contains a table reciting wage rates linked to a website which GEO has no factual basis to either admit or deny. Therefore, Paragraph 3.6 is denied in its entirety.

3.7   Paragraph 3.7 is admitted in that GEO is a for-profit corporation doing business in the State of Washington. Paragraph 3.7 is otherwise denied.

3.8   Paragraph 3.8 is admitted in that NWDC is located on "J" Street in Tacoma, WA and that NWDC is GEO's facility subject to the federal government's exclusive use for federal immigration processing. Paragraph 3.8 is otherwise denied.

3.9   Paragraph 3.9 is admitted in that NWDC is an ICE immigration processing center that includes secure detention services provided by GEO. NWDC is occupied by ICE, its administrative courts, its health care providers, and GEO's employees, as well as those detainees whom ICE holds at the facility. NWDC has a capacity of approximately 1,500 detainees. Paragraph 3.9 is otherwise denied.

3.10   Paragraph 3.10 is admitted.

3.11   Paragraph 3.11 is denied to the extent it is intended to aver that the MWA applies to GEO with respect to detainees housed at NWDC. The ICE contract obligates GEO to comply with applicable laws, but the MWA is not applicable to detainees. Any remaining factual allegations in paragraph 3.11 are denied.

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO's ANSWER AND COUNTERCLAIMS - 4

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

4.1     Paragraph 4.1 is denied.

4.2     Paragraph 4.2 is denied to the extent it alleges that detainees work for GEO.  Detainees participate in the Voluntary Work Program at NWDC, which enables them to avoid idle time by performing tasks related to their personal needs and receive a daily allowance.

4.3     Paragraph 4.3 is admitted in that the amount reimbursed by ICE for allowances to detainees for participating in the Voluntary Work Program is at least $1.00 per day, which a participant receives from federal appropriations regardless of the time the participant chooses to participate in any self-selected task.  Paragraph 4.3 is otherwise denied.

4.4     Paragraph 4.4 is admitted to the extent that GEO generally pays detainees the $1 daily allowance dictated by ICE for participating in the Voluntary Work Program.  Paragraph 4.4 is otherwise denied.

4.5     Paragraph 4.5 is denied.

4.6     Paragraph 4.6 is denied.

4.7     Paragraph 4.7 is denied with respect to GEO's relationship to detainees who participate in the Voluntary Work Program.

4.8     Paragraph 4.8 is admitted in that GEO does not pay detainees minimum wages.  Paragraph 4.8 is otherwise denied.

4.9     Paragraph 4.9 is denied.

5.1     Paragraph 5.1 is denied and admitted in the same manner as set forth above.

5.2     Paragraph 5.2 is a legal conclusion that need not be admitted or denied.  To the extent Paragraph 5.2 makes any factual averments about the application of the MWA to GEO, paragraph 5.2 is denied.

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO's ANSWER AND COUNTERCLAIMS - 5

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

5.3     Paragraph 5.3 is admitted to the extent that some detainees do participate in meal service, cleaning, and laundry tasks.  Paragraph 5.3 is otherwise denied.

5.4     Paragraph 5.4 is admitted in that detainees who elect to participate in the Voluntary Work Program receive a $1.00 daily allowance appropriated from federal funds.  Paragraph 5.4 is otherwise denied.

5.5     Paragraph 5.5 is admitted in so far as the current State minimum wage rate is $11.00 per hour.  Paragraph 5.5 is otherwise denied.

5.6     Paragraph 5.6 is a legal conclusion that need not be admitted or denied.  To the extent Paragraph 5.2 makes any factual averments, it is denied.

6.1     Paragraph 6.1 is denied and admitted in the same manner as set forth above.

6.2     Paragraph 6.2 is generally admitted.  To the extent paragraph 6.2 avers that GEO unjustly profits from the Voluntary Work Program in particular, paragraph 6.2 is denied.

6.3     Paragraph 6.3 is denied.

6.4     Paragraph 6.4 is denied.

6.5     Paragraph 6.5 is denied.

6.6     Paragraph 6.6 is denied.

7.1 – 7.8 Paragraphs 7.1 through 7.8 contain the State's prayer for relief, which are denied to the extent the paragraphs contain any factual averments.

## AFFIRMATIVE DEFENSES

8.1     Plaintiff has failed to state a claim for which relief may be granted.

8.2     Plaintiff seeks relief barred by the statute of limitations.

8.3     Plaintiff's claims are pre-empted by federal law.

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO's ANSWER AND COUNTERCLAIMS - 6

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

8.4  Plaintiff has unreasonably delayed in requesting relief, and its lack of diligence and activity in stating or making a legal claim—to the prejudice of GEO—means its claim is barred by the affirmative defense of laches.

8.5  Plaintiff has failed to join a plaintiff required by Federal Rule of Civil Procedure 19, namely the Washington Department of Labor and Industries.

8.6  Plaintiff has failed to join defendants required by Federal Rule of Civil Procedure 19, namely the Department of Homeland Security and ICE.

8.7  Plaintiff's claims are not ripe.

8.8  Plaintiff's claims are not justiciable.

8.9  Plaintiff has unclean hands and is acting in bad faith.

8.10  Plaintiff seeks unjust enrichment.

8.11  Plaintiff is not entitled to attorney's fees or costs.

8.12  GEO has not been unjustly enriched by any work performed by detainees, because GEO has provided services to detainees, and any award against GEO for unjust enrichment must be offset by costs incurred for caring for plaintiffs during their time in detention.

8.13  Plaintiff has failed to exhaust all administrative remedies.

GEO requests that plaintiff take nothing by way of its Complaint and that judgment be entered in favor of GEO.

## COUNTERCLAIMS

### JURISDICTION

9.1  The court has jurisdiction over the parties and subject matter of these proceedings under 28 U.S.C. § 1442.

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO's ANSWER AND COUNTERCLAIMS - 7

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

9.2   Jurisdiction is also grounded in both 28 U.S.C. § 1331, because the case involves issues of federal law, and 28 § U.S.C. 1332, because counterplaintiff resides at its principal place of business in Boca Raton, FL, and counterdefendant, the State of Washington, is not the real party in interest, but in fact brings suit on behalf of Washington residents. The amount in controversy on the counter claims exceeds $75,000.00.

9.3   Jurisdiction is further grounded on the court's supplemental authority pursuant to 28 U.S.C. § 1367. The counterclaims are part of the same case or controversy raised in plaintiffs' complaint that raise federal questions as set forth in GEO's motion to dismiss that is incorporated into these counterclaims.

## PARTIES

### (Counterclaimant)

10.1   GEO is a corporation with a principal place of business in Boca Raton, FL. GEO is responsible for operating the Northwest Detention Center ("NWDC") for the exclusive use and benefit of ICE, under terms set out in the contracts between GEO and ICE, applicable regulations and detention facility standards, and the laws of the United States.

10.2   GEO is the defendant named in plaintiff's complaint.

### (Counterdefendant)

10.3   The State of Washington is the counterdefendant.

## CAUSES OF ACTION

### Unjust Enrichment - Offset

11.1   As required by its contract with ICE, GEO operates the Voluntary Work Program, which is intended partly to offset the cost of detention to taxpayers and partly to reduce detainees' idle

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO's ANSWER AND COUNTERCLAIMS - 8

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

time. The Voluntary Work Program does not, and is not intended to, create an employer/employee relationship between GEO and detainees housed at NWDC.

11.2   Because the program is purely voluntary, detainees are not required to participate.

11.3   Further, because the program is intended to promote institutional maintenance and reduce detainee idleness, it includes none of the traditional performance metrics of a standard job. Consequently, GEO does not require detainees to file job applications, accept any such applications from non-detainees, or require detainees to prove their work eligibility as required by federal law. Similarly, GEO does not evaluate or rate detainee performance, or discipline or fire detainees for slow performance. GEO has no capacity to deny a detainee participation in the program at-will.

11.4   Also as required by its contract with ICE, GEO provides basic necessities to all detainees housed at NWDC, which necessities include food, shelter, clothing, bedding, recreation, and entertainment. Detainees do not pay GEO or the federal government for these services. GEO's provision of services at the NWDC is paid for under GEO's contract with ICE, under financial terms set at the start of the contractual term and modified by amendments to the contract.

11.5   Through this lawsuit, the State has intentionally interfered with the ICE-GEO contractual relationship by bringing a lawsuit alleging that GEO has an employer-employee relationship with federal immigration detainees in ICE's custody who participate in the Voluntary Work Program. The State's claim rests on the nonsensical theory that GEO is required to pay a minimum wage to detainees, notwithstanding that the ICE-GEO contract nowhere contemplates an employer-employee relationship between GEO and detainees, everywhere assumes that such a relationship does not exist, effectively prohibits such a relationship between GEO and most—if not all—

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO's ANSWER AND COUNTERCLAIMS - 9

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

detainees, and nowhere requires payment of a state minimum wage by GEO to detainees.

11.6   While the State of Washington seeks to use the courts to compel GEO to disgorge money based on the allegation that GEO was unjustly enriched by detainee participation in the Voluntary Work Program, the State itself has conferred no benefit on GEO that GEO is seeking to unjustly retain.  Consequently, any disgorgement of money from GEO under the State's unjust enrichment theory would amount to a windfall that would unjustly enrich the State of Washington.

11.7   To avoid this windfall, GEO is entitled to an offset from any award of money for unjust enrichment for the costs of running the Voluntary Work Program and for the costs of detention that were not contemplated in the ICE-GEO contract and amendments.  To the extent these costs exceed the amount that may be calculated per participant for the tasks performed in the program, any award on the State's unjust enrichment theory would be nullified.  But GEO does not seek any positive award—whether treated as damages or equitable relief—against the State.

11.8   Further, the State's theory is fundamentally duplicative of the claim in another case before this court, *Chen v. The GEO Group*.  If any party unjustly enriched GEO—which GEO does not admit—that party consists of one or more detainees who participated in the Voluntary Work Program at NWDC.  Consequently, the relief sought in this matter wholly duplicates the relief sought in that one, such that an award in favor of the plaintiffs in *Chen* should offset, dollar for dollar, any award to the State to avoid double recoveries.

## Declaratory Relief – 28 U.S.C. § 2201

12.1   At all times relevant to these proceedings, GEO operated a Voluntary Work Program at NWDC as required by its contract with ICE.  That Voluntary Work Program was, and is, subject

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO's ANSWER AND COUNTERCLAIMS - 10

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

to federal detention standards.

12.2   The Voluntary Work Program at NWDC is critical to the safe and secure operations of the facility.  Specifically, the Voluntary Work Program reduces idle time for detainees and promotes institutional efficiency, just as similar programs in Washington's own facilities do. Voluntary Work Program participants do not compete to participate in the Program, GEO does not evaluate participants' performance as it evaluates its actual employees, and detainees are not precluded from participation in the Voluntary Work Program if they do not perform competitively.

12.3   Pursuant to an express authorization from Congress that ICE may authorize allowances to immigration detainees for work performed while detained, ICE authorized an allowance of $1.00 per day for each Voluntary Work Program participant and reimbursed GEO at that rate under its contract.  Participants receive an allowance of $1.00 per day for participation in the Voluntary Work Program regardless of their level of activity.

12.4   ICE must authorize any increase in the reimbursement rate of $1.00 per day as expressed in the ICE/GEO contract for NWDC.  Without an approved increase in the reimbursement rate, GEO may not pay detainees without consent from ICE in excess of $1.00 per day for participation in the Voluntary Work Program at NWDC.

12.5   ICE also prohibits GEO from employing any detainees.  ICE must clear any GEO employee via a background check performed by ICE.  ICE also requires GEO to immediately suspend any employee found to have a history of arrests.

12.6   Detainees at NWDC volunteer to participate in the Voluntary Work Program.  Detainees may not be coerced to participate in the program.

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO's ANSWER AND COUNTERCLAIMS - 11

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

12.7   Washington's agencies and officials have known about the federal Voluntary Work Program at NWDC for many years, but have not notified GEO or ICE that the program establishes an employment relationship or requires paying a minimum wage. Washington has known that Voluntary Work Program participants at NWDC are not considered GEO employees either by GEO or by ICE.

12.8   Washington has not previously considered ICE detainees at NWDC to be protected by the MWA, nor has it previously sought to enforce the MWA against GEO or ICE for detainees at NWDC.  Washington has not conferred with the federal government about increasing the appropriation or allowance to minimum wage rates.

12.9   No detainee has ever filed a MWA complaint with the Department of Labor & Industries.

12.10   No detainee has ever sought relief from an immigration judge or ICE to work for GEO.

12.11   Washington excludes its own detainees from the MWA, because that law applies to competitive workplaces in which workers are expected to earn a living wage, not to detention where government is covering living expenses.

12.12   State officials, such as Attorney General Ferguson, have publicly disparaged GEO with pronouncements that harm GEO's business reputation.  Such allegations include assertions that amount to criminal wrongdoing, abuse of corporate powers, and exploitation of undocumented immigrants.

12.13   This matter presents an actual controversy between GEO and the State over the application of the MWA:  the State has initiated a lawsuit claiming GEO employs detainees at the NWDC when it does not.  The Court should declare that under the MWA there is no employment relationship between GEO and detainees, and further detainees are not GEO's

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO's ANSWER AND COUNTERCLAIMS - 12

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

"employees" and GEO is not their "employer" with respect to participation in the Voluntary Work Program.

12.14 The Federal Labor Standards Act ("FLSA") is persuasive authority in interpreting the MWA. Therefore, there is an actual controversy between GEO and the State as to whether detainees at the NWDC would be entitled to a minimum wage under the FLSA.

12.15 Ample judicial authority holds that detainees, in many ways like prisoners, are not participants in commerce and therefore not within the scope of the FLSA's minimum wage protections. Under these FLSA authorities, detainees are not employed and are not "employees" of detention facilities when they participate in Voluntary Work Programs and the facilities are not their "employers."

12.16 The Court should declare that under the FLSA, detainees are not entitled to minimum wages, and further that detainees are not GEO's "employees" and GEO is not their "employer" with respect to participation in the Voluntary Work Program.

GEO prays for the following affirmative relief:

1. For an order enjoining the State or Attorney General Ferguson from claiming the MWA applies to GEO's operation of the Voluntary Work Program at the NWDC;

2. For an order declaring the MWA inapplicable to ICE detainees at the NWDC;

3. For an order declaring the FLSA inapplicable to ICE detainees at the NWDC;

4. For a declaration that GEO has no employment relationship with any detainees who participate in the Voluntary Work Program, including no relationship that requires payment of a minimum wage;

5. For an offset against any award in favor of the State for services GEO provided to

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO's ANSWER AND COUNTERCLAIMS - 13

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

detainees;

6. For an award of attorney's fees and costs;

7. For other and further relief as the court deems just and equitable.

Dated: December 20, 2017

**III BRANCHES LAW, PLLC**

By: /s/ Joan Mell
Joan K. Mell, WSBA #21319
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 (p)
281-664-4643 (f)
joan@3brancheslaw.com

**NORTON ROSE FULBRIGHT US LLP**
Charles A. Deacon
300 Convent St.
San Antonio, Texas 78205
Telephone: (210) 270-7133
Facsimile:  (210) 270-7205
charlie.deacon@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th Street NW, Suite 1000
Washington, DC  20001-4501
Telephone: (202) 662-0210
Facsimile: (202) 662-4643
mark.emery@nortonrosefulbright.com

**ATTORNEYS FOR DEFENDANT AND COUNTERCLAIMANT THE GEO GROUP, INC.**

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO's ANSWER AND COUNTERCLAIMS - 14

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

**CERTIFICATE OF SERVICE**

I, Joseph Fonseca, hereby certify as follows:

I am over the age of 18, a resident of Pierce County, and not a party to the above action. On December 20, 2017, I electronically filed the above GEO's Answer and Counterclaims, with the Clerk of the Court using the CM/ECF system and served via Email to the following:

Office of the Attorney General
La Rond Baker, WSBA No. 43610
Marsha Chien, WSBA No. 47020
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
LaRondB@atg.wa.gov
MarshaC@atg.wa.gov

Norton Rose Fulbright US LLP
Charles A. Deacon (Pro Hac Vice)
300 Convent St.
San Antonio, TX 78205
(210)-270-7133
charlie.deacon@nortonrosefulbright.com

Norton Rose Fulbright US LLP
Mark Emery (Pro Hac Vice)
799 9th St. NW, Suite 1000
Washington, DC 20001-4501
(202)-662-0210
mark.emery@nortonrosefulbright.com

I certify under penalty of perjury under the laws of the State of Washington that the above information is true and correct.

DATED this 20th day of December, 2017 at Fircrest, Washington

_____
Joseph A. Fonseca, Paralegal

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO's ANSWER AND COUNTERCLAIMS - 15

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com