THE HONORABLE ROBERT J. BRYAN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON,<br>Plaintiff,<br>v.<br>THE GEO GROUP, INC.,<br>Defendant. | CIVIL ACTION NO. 3:17-cv-05806-RJB<br>**STATE'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS AND STRIKE AFFIRMATIVE DEFENSES**<br>NOTED FOR: February 2, 2018<br>ORAL ARGUMENT REQUESTED |



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

**TABLE OF CONTENTS**


I. INTRODUCTION .......... 1

II. ARGUMENT .......... 1

A. GEO's Offset Counterclaim Fails to State a Claim .......... 1

B. This Court Should Strike GEO's Counterclaims for Declaratory and Injunctive Relief Because They Impermissibly Mirror the State's Affirmative Claims .......... 5

C. This Court Should Strike Eleven of GEO's Affirmative Defenses .......... 8

1. The affirmative defense of failure to state a claim is unavailable to GEO .......... 8

2. The affirmative defense of a statute of limitations bar is unavailable to GEO .......... 9

3. The affirmative defense of laches is unavailable to GEO .......... 9

4. The affirmative defense of failure to join the Washington Department of Labor and Industries is unavailable to GEO .......... 10

5. The affirmative defense of failure to join Homeland Security and ICE is unavailable to GEO .......... 11

6. The affirmative defense that Washington's claims are not ripe is unavailable to GEO .......... 13

7. The affirmative defense that Washington's claims are not justiciable is unavailable to GEO .......... 14

8. The affirmative defense that Washington has acted with unclean hands is unavailable to GEO. .......... 14

9. The affirmative defense that Washington would be unjustly enriched is unavailable to GEO .......... 15

10. The affirmative defense that Washington is unable to obtain attorney's fees or costs is unavailable to GEO .......... 16

11. The affirmative defense that Washington failed to exhaust administrative remedies is unavailable to GEO .......... 16

III. CONCLUSION .......... 16




ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

## TABLE OF AUTHORITIES

**Cases**

*Anfinson v. GedEx Ground Package Sys. Inc.*, 281 P.3d 289 (Wash. 2012) .............................. 7

*Antonius v. King County*, 103 P.3d 729 (Wash. 2004) ........................................................ 9, 10

*Ashcroft v. Mattis*, 431 U.S. 171 (1977) ........................................................................... 7

*Bingham v. Lechner*, 45 P.3d 562 (2002) .......................................................................... 2

*Bulasky v. Fed. Deposit Ins. Corp.*, 442 F.2d 341 (9th Cir. 1971) ...................................... 2

*Carrillo v. City of Ocean Shores*, 94 P.3d 961 (Wash. Ct. App. 2004) .............................. 10

*Chen v. GEO Grp., Inc.*, No. 17-cv-05769 (W.D. Wash.) ............................................. 3, 13

*Citizens Bank of Md. v. Strumpf*, 516 U.S. 16 (1995) ......................................................... 2

*City of Mercer Island v. Steinmann*, 513 P.2d 80 (Wash. Ct. App. 1973) ............................ 9

*City of Seattle v. McKenna*, 259 P.3d 1087 (Wash. 2011) ............................................ 11, 16

*Clark Cty. Pub. Util. Dist. No. 1 v. Wilkinson*, 991 P.2d 1161 (Wash. 2000) ..................... 10

*Coffman v. Breeze Corp.*, 323 U.S. 316 (1945) ................................................................... 7

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242 (9th Cir. 1990) ............. 2

*CP Nat. Corp. v. Bonneville Power Admin.*, 928 F.2d 905 (9th Cir. 1991) ......................... 12

*Daily v. Fed. Ins. Co.*, No. C 04-3791 PJH, 2005 WL 14734 (N.D. Cal. Jan. 3, 2005) .......... 5, 7

*Desert Water Agency v. United States Dep't of the Interior*, 849 F.3d 1250 (9th Cir. 2017) ........................................................................................................ 7

*EEOC v. Recruit USA, Inc.*, 939 F.2d 746 (9th Cir. 1991) ................................................................................ 15

*Eldredge v. Carpenters 46*, 662 F.2d 534 (9th Cir. 1981) ................................................... 11

*Fed. Deposit Ins. Corp. v. Bank of Am. Nat. Tr. & Sav. Ass'n*, 701 F.2d 831 (9th Cir. 1983) ........................................................................................................ 3

*Fed. Deposit Ins. Corp. v. Crosby*, 774 F. Supp. 584 (W.D. Wash. 1991) ............................ 8

*Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241 (9th Cir. 1990) ........................ 2

*Flying Tiger Line, Inc. v. United States*, 170 F. Supp. 422 (Ct. Cl. 1959) ............................. 3



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

*Green Bay Packaging, Inc. v. Hoganson & Assoc.*, 362 F. Supp. 78 (N.D. Ill. 1973)................ 6

*Hous. Auth. of King Cty. v. NE Lake Wash. Sewer & Water Dist.*, 784 P.2d 1284 (Wash. Ct. App. 1990)........................................................................................ 15

*In re Marriage of Hunter*, 758 P.2d 1019 (Wash. Ct. App. 1988) ........................................... 10

*In re Straightline Invs, Inc.*, 525 F.3d 870 (9th Cir. 2008)......................................................... 4

*Income Investors, Inc. v. Shelton*, 101 P.2d 973 (Wash. 1940) .................................................. 3

*Johnson v. Cal.-Wash. Timber Co.*, 296 P. 159 (Wash. 1931) ................................................... 2

*Kwan v. SanMedica Int'l*, 854 F.3d 1088 (9th Cir. 2017) .......................................................... 2

*Lincoln Nat'l Corp. v. Steadfast Ins. Co.*, No. 1:06-CV-00058, 2006 WL 1660591 (N.D. Ind. June 9, 2006)................................................................... 5

*McAfee A/C Bristol Metal Indus. v. United States*, 832 F.2d 152 (Fed. Cir. 1987)..................... 3

*McLaughlin v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO, Local Lodges 751-A & 751-C*, 847 F.2d 620 (9th Cir. 1988)......................................................... 11

*Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270 (1941)..................................................... 14

*Menocal v. The GEO Grp., Inc.*, No. 14-cv-02887-JLK (D. Colo. filed Oct. 22, 2014)........... 13

*N. Alaska Envtl. Ctr. v. Hodel*, 803 F.2d 466 (9th Cir. 1986) .................................................. 12

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)..................................................... 9

*Neitzke v. Williams*, 490 U.S. 319 (1989)................................................................................... 1

*Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392 (9th Cir. 1996) ............................ 2, 5

*Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030 (9th Cir. 1983).................. 11, 13

Ortho–Tain, Inc. v. Rocky Mountain Orthodontics, Inc., *No. 05 C 6656*, 2006 WL 3782916 (N.D. Ill. Dec. 20, 2006)............................................................................ 5

*Perez v. Roofing*, No. 3:15-CV-05623-RJB, 2016 WL 898545 (W.D. Wash. Mar. 9, 2016) .............................................................................................. 6

*Portion Pack, Inc. v. Bond*, 265 P.2d 1045 (Wash. 1954)......................................................... 3

*Provident Tradesmen's Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968) ......................... 11

*Rayman v. Peoples Sav. Corp.*, 735 F. Supp. 842 (N.D. Ill. 1990) ............................................. 7

*Reichlin v. First Nat'l Bank*, 51 P.2d 380 (Wash. 1935)........................................................... 2



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

*Reiter v. Cooper*, 507 U.S. 258 (1993) .......... 5
*Salt River Project Agr. Imp. & Power Dist. v. Lee*, 672 F.3d 1176 (9th Cir. 2012).......... 11
*Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330 (9th Cir. 2015) .......... 1
*Shields v. Barrow*, 58 U.S. 130 (1855) .......... 12
*State v. Chinook Hotel, Inc.*, 399 P.2d 8 (Wash. 1965) .......... 11, 16
*The GEO Grp., Inc.v. Menocal*, No. 17-701 (10th Cir. appealed March 13, 2017) .......... 13
*Thomas v. Bible*, 983 F.2d 152 (9th Cir. 1993) .......... 9
*Turner v. City and County of San Francisco*, 788 F.3d 1206 (9th Cir. 2015).......... 2
*United States v. Bowen*, 172 F.3d 682 (9th Cir. 1999) .......... 12
*United States v. Braren*, 338 F.3d 971 (9th Cir. 2003).......... 14
*United States v. Phillip Morris, Inc.*, 300 F. Supp. 2d 61 (D.D.C. 2004) .......... 9, 15
*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010) .......... 5
*Yellowstone Cty. v. Pease*, 96 F.3d 1169 (9th Cir. 1996) .......... 12
*Young v. Young*, 191 P.3d 1258 (Wash. 2008) .......... 15

**Statutes**

Wash. Rev. Code § 4.16.160 .......... 9
Wash. Rev. Code § 4.84.010 .......... 16
Wash. Rev. Code § 43.10.030(1).......... 11, 16
Wash. Rev. Code § 49.46.010 .......... 7
Wash. Rev. Code § 49.46.090 .......... 16

**Other Authorities**

20 Am. Jur. 2d Counterclaim, Recoupment and Setoff § 52 .......... 4
20 Am. Jur. 2d Counterclaim, Recoupment and Setoff § 7 (2d ed. 1965).......... 3

**Rules**

Fed. R. Civ. P. 12(f).......... 1, 5, 8
Fed. R. Civ. P. 19(a)(1).......... 11



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

Fed. R. Civ. P. 54(d) .......... 16
Fed. R. Civ. P. 12(b)(6) .......... 1, 2



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

## I. INTRODUCTION

On September 20, 2017, the State of Washington ("Washington") filed suit to ensure that Defendant The GEO Group, Inc. ("GEO") complies with Washington's minimum wage laws and disgorges profits made from its longstanding practice of paying detainee-workers $1 per day for labor necessary to operate the Northwest Detention Center ("NWDC"). *See generally* Complaint, ECF 1-1 ("Complaint"). Subsequently, GEO unsuccessfully moved to dismiss Washington's claims. *See* Order Denying GEO's Motion to Dismiss, ECF 29. GEO answered Washington's Complaint on December 20, 2017. Answer, ECF 34. In its Answer, GEO asserted two counterclaims and thirteen affirmative defenses. *See* ECF 34 ¶¶ 8.1-8.13, 11.1-12.16. Washington now moves this Court to dismiss GEO's offset counterclaim for failure to state a claim under Rule 12(b)(6). Washington also moves under Rule 12(f) to strike GEO's claims for declaratory judgment and injunctive relief because these claims are impermissible "mirror images" of Washington's minimum wage claim. Finally, eleven of GEO's affirmative defenses are insufficient as a matter of law and should be struck under Rule 12(f).

## II. ARGUMENT

### A. GEO's Offset Counterclaim Fails to State a Claim

GEO argues it is "entitled to an offset" for the costs of running the Voluntary Work Program ("VWP") and other detention costs "not contemplated in the ICE-GEO contract and amendments." ECF 34 ¶ 11.7. GEO also seeks to offset Washington's recovery "dollar for dollar" against any relief ordered in the private class action for damages. *Id.* ¶11.8. Neither theory supports an offset, and GEO's counterclaim should be dismissed.

"Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015) (citing *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). When a court considers a motion to dismiss it "must accept material allegations in the complaint as true and construe them in the light most favorable"



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

to the party pleading them. *Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990) (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 244 (9th Cir. 1990)). However, "[c]onclusory allegations of law and unwarranted inferences" are insufficient to avoid dismissal. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (quoting *Turner v. City and County of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015)). In order to "survive a rule 12(b)(6) motion to dismiss, a 'plaintiff must allege enough facts to state a claim to relief that is plausible on its face.'" *Id*.

An offset "allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1398 (9th Cir. 1996) (citing *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 18 (1995)). *See also Reichlin v. First Nat'l Bank*, 51 P.2d 380, 384-85 (Wash. 1935) (observing that setoffs apply to parties that are "mutually indebted"). In order for countervailing debts to be "mutual," they must be "in the same right and between the same parties, standing in the same capacity." *Newbery*, 95 F.3d at 1398-99. *See also Bulasky v. Fed. Deposit Ins. Corp.*, 442 F.2d 341, 341 (9th Cir. 1971) (noting that for a setoff to be proper, "debts must be due and owing to and from the same persons in the same capacities"); *Johnson v. Cal.-Wash. Timber Co.*, 296 P. 159, 161 (Wash. 1931) (recognizing the "long-settled rule" that offsets occur when liabilities are "owed by and through the same parties in the same right").

Further, an offset can only apply if there is a statutory or equitable basis to apply it. *Bingham v. Lechner*, 45 P.3d 562, 569 (2002). In considering the equitable grounds for an offset, courts "will not interfere on behalf of a party whose conduct in connection with the subject-matter or transaction in litigation has been unconscientious, unjust, or marked by the want of good faith, and will not afford him any remedy." *Portion Pack, Inc. v. Bond*, 265 P.2d



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

1045, 1051 (Wash. 1954) (quoting *Income Investors, Inc. v. Shelton*, 101 P.2d 973, 974 (Wash. 1940)).

Here, GEO's request for an offset fails in at least three respects. *First*, as a matter of law, no offset is available because neither Washington nor its residents, on whose behalf Washington brings this *parens patriae* action, could arguably owe GEO for the cost of running the VWP or providing detention services. In other words, GEO cannot maintain an independent action against Washington or its residents that is enforceable at law. *See* 20 Am. Jur. 2d Counterclaim, Recoupment and Setoff § 7 (2d ed. 1965) ("[A] setoff must rest on a claim enforceable in its own right."); *see also Flying Tiger Line, Inc. v. United States*, 170 F. Supp. 422, 425 (Ct. Cl. 1959) ("[A] party cannot avail himself of a claim or as a setoff or counterclaim unless it is a legally subsisting cause of action upon which he could maintain an independent action."). In the absence of any statute or contract that obligates Washington or its residents to pay for immigrant detention, Washington can owe no debt to GEO and no offset claim is cognizable. *See McAfee A/C Bristol Metal Indus. v. United States*, 832 F.2d 152, 154 (Fed. Cir. 1987) (noting that offsets are not permitted unless there are reciprocal obligations).

*Second*, GEO's own argument concedes that equity would preclude any offset, whether for detention services or for any private recovery received in a separate class action. *See Fed. Deposit Ins. Corp. v. Bank of Am. Nat. Tr. & Sav. Ass'n*, 701 F.2d 831, 836-37 (9th Cir. 1983) ("[A] setoff will not be permitted when it would be inequitable or contrary to public policy to do so."). GEO's setoff request is expressly conditioned on an "award of money [to Washington] for unjust enrichment." ECF 34 ¶ 11.7. Washington's unjust enrichment claim is an equitable one – and not, as GEO argues, "fundamentally duplicative" of the minimum wage claim in *Chen v. GEO Grp., Inc.*, No. 17-cv-05769 (W.D. Wash.). *Id.* ¶ 11.8. While the *Chen* plaintiffs seek back pay and damages for GEO's failure to pay the minimum wage for work performed at the NWDC, Washington seeks not only to remedy grossly underpaid detainee-workers, but also non-detained job seekers in the Tacoma area who would have worked at the



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

NWDC if not for GEO's reliance on detainee-workers, including the consequent lost revenues to Washington. If the Court orders GEO to disgorge unjust profits, the Court will have necessarily agreed that GEO utilized detainee-workers to operate the NWDC, paid them $1 per day for the work performed, and benefitted from the difference between the $1 per day that it pays and the prevailing market wage that GEO should have paid. Under those circumstances, an equitable offset for detention costs or any recovery owed to private plaintiffs would be improper because GEO's conduct itself would have been ruled unjust. *See In re Straightline Invs, Inc.*, 525 F.3d 870, 882 (9th Cir. 2008) ("[E]quitable remedies may not be invoked to compensate someone who has engaged in inequitable conduct.")

*Third*, the requested offset against Washington must be dismissed because, to the extent an offset is available at all, a third party owes GEO's claimed debt. *See* 20 Am. Jur. 2d Counterclaim, Recoupment and Setoff § 52 ("[The] equitable exception to the strict rule of mutuality will not be applied if one of the claims is owned in whole or in part by a third person.") It should go without saying that any obligation owed to GEO for detention services rests squarely with U.S. Immigration and Customs Enforcement ("ICE") – not Washington or its residents. Pursuant to the ICE-GEO Contract, it is *ICE* that pays GEO for operating the NWDC. *See* ECF 19 at 5-373 ("ICE-GEO Contract"). To permit GEO to offset an unjust enrichment award for costs GEO claims it incurs in "provid[ing] basic necessities" to detainees, ECF 34 ¶ 11.4, would result in GEO being paid twice – once by ICE and then again by the State.

While GEO suggests ICE's payments do not "contemplate" that detainee-workers be paid the state minimum wage, ECF 34 ¶ 11.7, GEO's argument is betrayed by the plain text of the ICE-GEO contract. As discussed in prior briefing, *see* ECF 17 at 9-10, the ICE-GEO contract specifically dictates that GEO operate and maintain the NWDC "in accordance with all applicable federal, state, and local labor laws and codes." ECF 19 at 44. If any ambiguities arise between applicable federal, state, and local laws and standards, the ICE-GEO Contract

instructs GEO that "the most stringent shall apply." ECF 19 at 52. If GEO now believes it is inadequately compensated for detention services, GEO is always free to renegotiate its contract with ICE – but it may not seek an offset against Washington or its residents.

At bottom, GEO's request for an offset is not a counterclaim at all, but an affirmative defense that "cannot possibly be adjudicated separately from [Washington's] claim[s] to which it applies." *See Reiter v. Cooper*, 507 U.S. 258, 265 (1993) (analyzing the differences between a defense and a counterclaim). Since no set of facts would establish GEO's entitlement to a legal or equitable offset, the Court should dismiss this counterclaim. *See Newbery*, 95 F.3d at 1399 (9th Cir. 1996) ("The burden of proving an enforceable right of setoff rests with the party asserting the right.").

**B. This Court Should Strike GEO's Counterclaims for Declaratory and Injunctive Relief Because They Impermissibly Mirror the State's Affirmative Claims**

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The rule is designed to "avoid the expenditure of time and money that must arise from litigating spurious issues[.]" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). GEO's counterclaim for declaratory judgment, and the related request for injunctive relief, are redundant, impermissible and should be struck.

Courts have authority under Rule 12(f) to strike counterclaims that are repetitious of issues already before the court via the complaint or affirmative defenses.[1] Duplicative

---

[1] *See Ortho–Tain, Inc. v. Rocky Mountain Orthodontics, Inc.*, No. 05 C 6656, 2006 WL 3782916, at *3 (N.D. Ill. Dec. 20, 2006) (explaining that district courts may dismiss counterclaims under the Declaratory Judgment Act where they are repetitious of issues already before the court via the complaint or affirmative defenses); *Lincoln Nat'l Corp. v. Steadfast Ins. Co.*, No. 1:06-CV-00058, 2006 WL 1660591, at *1-2 (N.D. Ind. June 9, 2006) (striking a defendant's counterclaims is appropriate where the counterclaims merely realleges, or is redundant of, affirmative defenses or merely seeks the opposite effect of a complaint); *Daily v. Fed. Ins. Co.*, No. C 04-3791 PJH, 2005 WL 14734, at *6 (N.D. Cal. Jan. 3, 2005) (striking counterclaims where resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by counterclaims).



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

counterclaims "obstruct the parties from reaching the merits, because they raise no issues not also raised by the Complaint," and merely cause procedural complications that slow case resolution. *Perez v. Roofing*, No. 3:15-CV-05623-RJB, 2016 WL 898545, at *3 (W.D. Wash. Mar. 9, 2016). As this Court has explained, counterclaims should be struck as repetitious where "there is a complete identity of factual and legal issues between the complaint and counterclaim." *Perez*, 2016 WL 898545, at *2. Put another way, counterclaims are impermissible where "[a] decision on the Complaint's merits would render the Counterclaims for declaratory judgment moot." *Id.* (citing *Green Bay Packaging, Inc. v. Hoganson & Assoc.*, 362 F. Supp. 78, 82 (N.D. Ill. 1973) (striking declaratory relief counterclaims seeking resolution of same issues raised in plaintiff's cause of action for declaratory relief). GEO seeks declaratory judgment under three theories, and each fails under this standard. GEO's declaratory judgment counterclaim and the related request for injunctive relief should be dismissed.

*First*, GEO seeks an order declaring that Washington's minimum wage laws are "inapplicable to ICE detainees at the NWDC." ECF 34 ¶ 12.16.2. GEO's request for declaratory relief on the applicability of Washington's minimum wage laws to immigrant detainees is simply the "mirror image" of Washington's minimum wage claim. *See* Complaint ¶¶ 5.1-5.6. Indeed, this question is a core legal issue in Washington's lawsuit against GEO and one that *must* be answered for this Court to resolve Washington's statutory claim. As this question will be squarely addressed by the Court in its adjudication of Washington's minimum wage claim, GEO's first counterclaim will be rendered moot as soon as this Court rules on Washington's claim and should be struck. *See Perez*, 2016 WL 898545, at *1 (dismissing declaratory judgment counterclaims where the counterclaims are "redundant and nothing more than a mirror image of the Complaint").

*Second*, GEO seeks a "declaration that GEO has no employment relationship with any detainees who participate in the VWP, including no relationship that requires payment of a

minimum wage." ECF 34 ¶ 12.16.4. Again, this request for declaratory judgment is duplicative of Washington's minimum wage claim. The question of whether GEO has an employment relationship with detainee-workers is one that has to be resolved by this Court to determine whether detainee-workers are protected by Washington's minimum wage laws. Indeed, in order to succeed on a minimum wage claim, there has to be an employee-employer relationship. *Anfinson v. FedEx Ground Package Sys. Inc.*, 281 P.3d 289, 298 (Wash. 2012). *See also* Wash. Rev. Code § 49.46.010. As GEO's counterclaim regarding its employer-employee relationship with detainee-workers is a legal issue that will be resolved during the course of resolving Washington's claims, it is duplicative and should be struck. *See Rayman v. Peoples Sav. Corp.*, 735 F. Supp. 842, 852 (N.D. Ill. 1990); *Daily*, 2005 WL 14734 at*6.

*Third*, GEO seeks an order "declaring the FLSA inapplicable to ICE detainees at the NWDC." ECF 34 ¶ 12.16.3. GEO argues that "the Fair Labor Standards Act ('FLSA') is persuasive authority in interpreting" Washington's minimum wage laws. *Id*. ¶ 12.14. GEO then attempts to recast FLSA's persuasiveness as a live controversy independent from Washington's claims. *Id.* This fails. FLSA's persuasiveness and its impact on Washington's claims, if any, are questions this Court will address and resolve as it adjudicates Washington's minimum wage claim. As such, GEO's request for declaratory judgment regarding FLSA is just as duplicative as its other requests for declaratory judgment, and it should be dismissed.[2]

---

[2] Washington has not pleaded a violation of FLSA. To the extent that GEO's third counterclaim seeks a freestanding declaratory judgment about the applicability of FLSA to the NWDC, that request is an impermissible request for an advisory opinion and the Court should strike it on that basis. *See Desert Water Agency v. United States Dep't of the Interior*, 849 F.3d 1250, 1258 (9th Cir. 2017) ("The declaratory judgment procedure ... may not be made the medium for securing an advisory opinion in a controversy which has not arisen.") (quoting *Coffman v. Breeze Corp.*, 323 U.S. 316, 324 (1945)). *See also Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977) (noting that for a declaratory judgment to issue, there must be a dispute which "calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts".



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

*Fourth*, GEO's request for an injunction barring the Attorney General from "claiming that [the state minimum wage laws] appl[y] to GEO[]" is directly related to its declaratory judgment counterclaim and fails for the same reasons. In addition, this request appears to stem from an incorrect view that, should the Court conclude that the minimum wage does not apply to GEO, the Attorney General may be precluded from continuing to assert that legal view. For example, an injunction barring Washington from claiming that GEO's pay practices involving detainee-workers is unlawful would curtail Washington's right to petition courts for redress on appeal. As such, GEO's request for an injunction is immaterial, impertinent, and should be struck.

**C. This Court Should Strike Eleven of GEO's Affirmative Defenses**

"An affirmative defense may be struck pursuant to Federal Rule of Civil Procedure 12(f) if it is insufficient as a matter of law." *Fed. Deposit Ins. Corp. v. Crosby*, 774 F. Supp. 584, 586 (W.D. Wash. 1991). *See also* Fed. R. Civ. P. 12(f) (allowing courts to strike "from a pleading an insufficient defense"). GEO pleads thirteen affirmative defenses, eleven of which are conclusory assertions unsupported by pleaded facts. Because they are insufficient as a matter of law, the Court should strike the following affirmative defenses: (1) failure to state a claim for which relief can be granted; (2) statute of limitations; (3) laches; (4) failure to join the Washington Department of Labor and Industries; (5) failure to join the Department of Homeland Security and ICE; (6) ripeness; (7) non-justiciability; (8) unclean hands; (9) unjust enrichment; (10) attorney's fees and costs; and (11) failure to exhaust administrative remedies.

**1. The affirmative defense of failure to state a claim is unavailable to GEO**

GEO's affirmative defense of failure to state a claim fails under the doctrine of law of the case. This Court previously concluded that Washington's "Complaint states a claim upon which relief can be granted" for both Washington's minimum wage claim and its unjust enrichment claim. ECF 29 ¶ 19. GEO cannot avail itself of an affirmative defense that this Court



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

has expressly rejected. *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (affirming that "law of the case" prevents parties from re-litigating "an issue that has already been decided by the same court, or a higher court, in the identical case").

**2. The affirmative defense of a statute of limitations bar is unavailable to GEO**

GEO argues Washington's requested relief is barred by the statute of limitations. Not only does GEO fail to identify the applicable statute of limitations, there is no statute of limitations to apply. Under Washington law, there is no statute of limitation for enforcement actions brought in the name of the State. *See* Wash. Rev. Code § 4.16.160 ("[T]here shall be no limitation to actions brought in the name or for the benefit of the state, and no claim of right predicated upon the lapse of time shall ever be asserted against the state[.]") Even more, no statute of limitations can ever apply when a defendant is engaged in a continuing course of unlawful conduct. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002) (holding that the statute of limitations does not bar employee's hostile work environment claim if one or more acts of harassment occurred within the statute of limitations period); *Antonius v. King County*, 103 P.3d 729, 734 (Wash. 2004) (same). Since GEO admits that detainee-workers are paid $1 per day for work performed, and that is the practice Washington challenges, no statute of limitations applies. *See* ECF 34 ¶ 5.4.

**3. The affirmative defense of laches is unavailable to GEO**

GEO raises a laches defense, arguing that Washington should have sued GEO earlier. ECF 34 ¶ 8.4.GEO's laches defense should be dismissed.

Laches is an equitable defense that is not properly applied against governmental entities seeking to enforce its laws. *See City of Mercer Island v. Steinmann*, 513 P.2d 80, 82-83 (Wash. Ct. App. 1973) (observing a governmental entity acting in "its governmental capacity," and not its "proprietary capacity," cannot be precluded from enforcing zoning regulations even "if its officers have remained inactive in the face of such violations"); *United States v. Phillip Morris*, 300 F. Supp. 2d 61, 72 (D.D.C. 2004) ("[L]aches or neglect of duty on the part of officers of the

government is no defense to a suit by it to enforce a public right or protect a public interest"). And, even if laches could be a defense against a governmental enforcement action, GEO has not met the pleading requirements to avail itself of such a claim. *See Clark Cty. Pub. Util. Dist. No. 1 v. Wilkinson*, 991 P.2d 1161, 1166 (Wash. 2000) (explaining that laches consists of two elements: (1) inexcusable delay, and (2) prejudice from such delay). GEO nowhere pleads facts alleging when, if any, applicable statutes of limitations started running on Washington's claims. *See Carrillo v. City of Ocean Shores*, 94 P.3d 961, 970 (Wash. Ct. App. 2004) ("Absent highly unusual circumstances," courts "will not apply the doctrine of laches to bar an action short of the applicable statute of limitations"). Without identifying *when* Washington's claims accrued, GEO has not sufficiently alleged any delay, let alone inexcusable delay. Likewise, GEO admits that it currently pays detainee-workers $1 per day, with the effect that the statute of limitations restarts on a daily basis. *See Antonius*, 103 P.3d at 733-34. Further, GEO has not – cannot – allege prejudice resulting from Washington's decision to bring this claim now. *See In re Marriage of Hunter*, 758 P.2d 1019, 1023 (Wash. Ct. App. 1988) (holding a delay of seven years did not bar an action to recover child support because defendant could not be said to be "damaged" simply by having to do now what he was legally obligated to do years ago). GEO has not pleaded any facts that would give rise to an affirmative defense of laches and it should be dismissed.

**4. The affirmative defense of failure to join the Washington Department of Labor and Industries is unavailable to GEO**

GEO's affirmative defense that the Washington Department of Labor and Industries ("L&I") must be joined as a party in this lawsuit fails as a matter of law. As discussed in prior briefing, *see* Washington's Response to GEO's Motion to Dismiss, ECF 17 at 14, the Attorney General need not join L&I as a plaintiff because the Attorney General has his own statutory authority to bring enforcement actions in any court, federal or state, where there is a cognizable cause of action and Washington's case raises a matter of public concern. *See*



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

Wash. Rev. Code § 43.10.030(1); *City of Seattle v. McKenna*, 259 P.3d 1087, 1092-93 (Wash. 2011). The Attorney General has clear, independent authority to enforce minimum wage laws. *See State v. Chinook Hotel, Inc.*, 399 P.2d 8, 9 (Wash. 1965) (adjudicating a minimum wage claim brought by Washington's Attorney General). The Court should dismiss GEO's defense that Washington improperly failed to join L&I.

**5. The affirmative defense of failure to join Homeland Security and ICE is unavailable to GEO**

Federal Rule of Civil Procedure 19 allows joinder of a party if their presence is necessary for the full adjudication of the controversy before the Court. A party is deemed necessary if (1) in the party's absence, the court cannot accord complete relief among existing parties, (2) the absent party claims an interest in the action and resolving the action in his absence impairs or impedes his ability to protect that interest, or (3) the absent party claims an interest in the action and resolving the action in his absence may leave an existing party subject to inconsistent obligations because of that interest. Fed. R. Civ. P. 19(a)(1). *See also Salt River Project Agr. Imp. & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012). If the court determines that the nonparty is necessary and cannot be joined for practical or jurisdictional reasons, it must then determine whether in "equity and good conscience" the action should be dismissed because the nonparty is "indispensable." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1042 (9th Cir. 1983) (citing *Provident Tradesmen's Bank & Trust Co. v. Patterson*, 390 U.S. 102, 108–25 (1968); *Eldredge v. Carpenters 46*, 662 F.2d 534, 537 (9th Cir. 1981)). When determining whether joinder is required, "[s]peculation about the occurrence of a future event ordinarily does not render all parties potentially affected by that future event necessary or indispensable parties under Rule 19." *McLaughlin v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO, Local Lodges 751-A & 751-C*, 847 F.2d 620, 621 (9th Cir. 1988) (quoting *Northrop*, 705 F.2d at 1046).



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

Under the first step of the Rule 19 analysis, a party is "necessary" under two circumstances: (1) when complete relief is not possible without the absent party's presence, or (2) when the absent party claims a legally protected interest in the action. *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999) (citing *Yellowstone Cty. v. Pease*, 96 F.3d 1169, 1172 (9th Cir. 1996)). Necessary parties have also been described as those persons having an interest in the controversy, and who must be made parties in order for the court to "do complete justice" and fully resolve the entire controversy by "adjudicating all the rights involved." *CP Nat. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991) (quoting *Shields v. Barrow*, 58 U.S. 130, 139 (1855)). Following this guidance, the Ninth Circuit has consistently held that joinder is only necessary where "complete relief cannot be accorded among the parties." *N. Alaska Envtl. Ctr. v. Hodel*, 803 F.2d 466, 468 (9th Cir. 1986). Homeland Security and ICE are not necessary parties to this case.

*First*, this Court can afford complete relief to Washington without Homeland Security or ICE's presence. Washington seeks declaratory and injunctive relief requiring GEO, a private, for-profit entity, to comply with Washington's minimum wage laws and pay detainee-workers a fair wage. Requiring GEO to comply with Washington's minimum wage laws can occur without Homeland Security or ICE's presence in this lawsuit as such an order does not require adjudicating any of Homeland Security or ICE's independent rights, nor would it create a legal obligation for Homeland Security or ICE. This action simply seeks to ensure that a private, for-profit entity complies with Washington's minimum wage laws. [3] Washington seeks no relief against Homeland Security or ICE.

---

[3] To the extent that GEO argues that ICE needs to be joined because this action may affect the cost of detention services GEO provides to ICE, that is not an argument for joinder but instead a prediction that GEO may seek to renegotiate its contract at some future time to cover increased operational costs including costs associated with paying a fair wage to detainee-workers.[4] If Washington is successful in its challenge and seeks recovery of attorney's fees and costs, GEO will have an opportunity to be heard on the propriety or amount of such an award at that time. *See* Fed. R. Civ. P. 54(d).



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

*Second*, it is not a surprise that Homeland Security and ICE have not demanded to participate in this litigation. Indeed, ICE and GEO contemplated that GEO would face litigation arising out of the detention services it provides at NWDC, and they decided that GEO would do so on its own and without ICE. This is evidenced by the parties' negotiated decision to include a Hold Harmless provision that requires GEO to "protect, defend, indemnify, save, and hold harmless the United States Government and its employees or agents, from any and all claims, demands, expenses, causes of action, judgments and liability" arising out of GEO's operation of NWDC. ECF 19 at 56-57.

*Third,* neither Homeland Security nor ICE have claimed a legally protected interest in this action. Instead of asserting any legal rights of its own, the "[g]overnment has meticulously observed a neutral and disinterested posture" in this and similar litigation. *See Northrop*, 705 F.2d at 1043 (rejecting claim by government contractor that federal government was a necessary party when the federal government did not assert an interest in the litigation); *see also Chen*, No. 17-cv-05769 (W.D. Wash.) (no appearance by federal government in private lawsuit challenging GEO's failure to pay fair wages to detainee-workers at NWDC); *Menocal v. The GEO Grp., Inc.*, No. 14-cv-02887-JLK (D. Colo. filed Oct. 22, 2014) (no appearance by federal government in challenge to GEO's failure to pay fair wages to detainee-workers); *The GEO Grp., Inc. v. Menocal*, No. 17-701 (10th Cir. appealed March 13, 2017) (same).

In short, neither Homeland Security nor ICE are "necessary" parties for the Court to afford Washington full relief. Joining Homeland Security or ICE to resolve a state law claim against a private, for-profit entity is unwarranted and unsupported by law. GEO's affirmative defense should be dismissed.

**6. The affirmative defense that Washington's claims are not ripe is unavailable to GEO**

This matter is clearly ripe for the Court's review. "The constitutional ripeness of a declaratory judgment action depends upon 'whether the facts alleged, under all the



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *United States v. Braren*, 338 F.3d 971, 975 (9th Cir. 2003) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Here, there can be no question that this matter is ripe. GEO admits that "[d]etainees participate in the [VWP] at NWDC[.]" ECF 34 ¶ 4.2. For this work, GEO admits that it "generally pays detainees the $1 daily allowance" for their work in the VWP program." *Id.* ¶ 4.4. It is this ongoing practice that Washington challenges. There is no conceivable basis for GEO's allegation that Washington's claims are not ripe and this defense must be struck.

**7. The affirmative defense that Washington's claims are not justiciable is unavailable to GEO**

This Court has twice affirmed the justiciability of Washington's claims and Washington's standing to bring these claims. *See generally* ECF 29, Order on Motion to Dismiss, and ECF 32, Order Denying Without Prejudice Plaintiff State of Washington's Motion to Remand. As this Court concluded, Washington has standing to challenge GEO's practice of underpaying detainee-workers and rejected the other grounds raised in GEO's motion to dismiss. GEO's affirmative defense that Washington's claims are not justiciable has already been rejected by the Court, fails as a matter of law, and should be struck.

**8. The affirmative defense that Washington has acted with unclean hands is unavailable to GEO.**

GEO pleads a defense of unclean hands, arguing that Washington "act[s] in bad faith" by enforcing the state minimum wage laws against GEO when Washington does not pay individuals detained in government facilities minimum wage. ECF 34 ¶ 8.9.

GEO's unclean hands defense amounts to nothing more than a disagreement with Washington's law enforcement action against GEO. That Washington seeks to require GEO to pay the minimum wage, and does not bring parallel (and statutorily barred) actions to require municipal, county, or state institutions to do the same, in no way renders Washington's hands



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

"unclean." *See, e.g.*, *Phillip Morris*, 300 F. Supp. 2d at 75-76 (refusing to apply unclean hands where defendant alleged the government "committed the 'same sort of wrongdoing' as is alleged against them"). Courts refuse to apply equitable defenses when to do so would interfere with Washington's "proper exercise of its governmental duties." *Hous. Auth. of King Cty. v. NE Lake Wash. Sewer & Water Dist.*, 784 P.2d 1284, 1286-87 (Wash. Ct. App. 1990). Washington's hands are not "unclean" because its Legislature set public policy exempting governmental institutions from minimum wage requirements but did not extend such an exemption to private, for-profit detention operators. *See EEOC v. Recruit USA, Inc.*, 939 F.2d 746, 753 (9th Cir. 1991) (refusing to apply the unclean hands doctrine against the Equal Employment Opportunity Commission because it would frustrate "Congressional purpose and the public interest" and "abusive employment practices would be allowed to continue unchecked"). As such, GEO's unclean hands defense is just an expression of its discontent with Washington's minimum wage laws, which is not an affirmative defense. As such, GEO's affirmative defense of unclean hands should be struck.

**9. The affirmative defense that Washington would be unjustly enriched is unavailable to GEO**

GEO's affirmative defense that Washington "seeks unjust enrichment" should also be struck. Washington will not unduly benefit if GEO is ordered to disgorge profits it made in paying detainee-workers $1 per day for work performed. GEO's failure to pay detainee-workers a fair wage directly and negatively impacted the health and well-being of both the State's detained and non-detained residents. If the Court ordered disgorgement, Washington would receive not a benefit, but rather a remedy for the harms caused by GEO's unlawful conduct. *See Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008) (setting forth the elements necessary for an unjust enrichment claim). To the extent GEO suggests Washington somehow "benefits" from GEO's detention services, GEO's affirmative defense fails for the same reasons as its counterclaims. Neither Washington nor its residents, on whose behalf Washington brings this *parens patriae* action, "benefit" from GEO running the NWDC. Again, if any party benefits



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

from GEO's provision of detention services, it is ICE. The Court should strike any affirmative defense that argues the State will be unjustly enriched by enforcing its own state laws.

**10. The affirmative defense that Washington is unable to obtain attorney's fees or costs is unavailable to GEO**

GEO asserts an "affirmative defense" that Washington is not entitled to attorney's fees or costs. This is a legally insufficient affirmative defense. Washington law allows "the prevailing party upon the judgment certain sums for the prevailing party's expenses in the action, which allowances are termed costs[.]" Wash. Rev. Code § 4.84.010. Further, Washington's minimum wage laws allow for recovery of attorney's fees in cases challenging an employer's underpayment of an employee. *See* Wash. Rev. Code § 49.46.090. As Washington law explicitly provides for recovery of costs and attorney's fees, GEO's affirmative defense that Washington "is not entitled to attorney's fees or costs" fails and should be struck.[4]

**11. The affirmative defense that Washington failed to exhaust administrative remedies is unavailable to GEO**

GEO does not identify what administrative remedies it claims Washington has failed to exhaust. Regardless, any such affirmative defense fails as a matter of law. The Attorney General has independent authority to enforce Washington's minimum wage laws. *See* Wash. Rev. Code § 43.10.030(1); *McKenna*, 259 P.3d at 1093; *Chinook Hotel, Inc.*, 399 P.2d at 9. And there is no requirement in statute or case law that requires the exhaustion of any administrative remedies prior to the Attorney General invoking his authority to enforce Washington law on behalf of the public. GEO's affirmative defense of administrative exhaustion fails as a matter of law.

## III. CONCLUSION

GEO fails to state a cognizable counterclaim for an offset. In addition, GEO's requests for declaratory and injunctive relief are repetitious of issues already raised by the State's

---

[4] If Washington is successful in its challenge and seeks recovery of attorney's fees and costs, GEO will have an opportunity to be heard on the propriety or amount of such an award at that time. *See* Fed. R. Civ. P. 54(d).

affirmative claims. Eleven of GEO's affirmative defenses are legally insufficient. The Court should dismiss GEO's counterclaims and strike eleven of GEO's thirteen affirmative defenses.

DATED THIS 10th day of January, 2018.

Respectfully submitted,

BOB FERGUSON
Attorney General of Washington

/s/ *La Rond Baker*
LA ROND BAKER, WSBA No. 43610
MARSHA CHIEN, WSBA No. 47020
Assistant Attorneys General
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
larondb@atg.wa.gov
marshac@atg.wa.gov

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed with the United States District Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated this 10th day of January, 2018.

*/s/ La Rond Baker*
LA ROND BAKER



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492