The Honorable Robert J. Bryan

1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

9

STATE OF WASHINGTON,

10
                        Plaintiff,

11                                                    CIVIL ACTION NO. 3:17-cv-05806-RJB
                v.
12                                                    **JOINT STATUS REPORT AND**
                                                      **DISCOVERY PLAN**
THE GEO GROUP, INC.,

13
                        Defendant.

14

15          Plaintiff State of Washington ("State") and Defendant The Geo Group, Inc. ("GEO")

16   respectfully submit this Joint Status Report and Discovery Plan.

17          1.   <u>**Nature and Complexity of the Case**</u>

18          <u>Plaintiff</u>: The State seeks a declaration that GEO, a private, for-profit employer doing

19   business in Tacoma, must comply with the state's minimum wage law when it employs detainee-

20   workers at the Northwest Detention Center ("NWDC"), Wash. Rev. Code § 49.46 *et. seq*., and

21   an order disgorging the profits GEO made from failing to pay detainee-workers a fair wage for

22   over a decade.  The legal and factual issues are moderately complex.

23          <u>Defendant</u>: GEO denies the State's claims. GEO answered on December 20, 2017,

24   asserting various affirmative defenses that GEO incorporates by reference into this JSR. GEO

25   responds that it may not employ ICE detainees and that, while detained, state and federal

26   minimum wage laws have no application to those detainees who chose to participate in the

---

JOINT STATUS REPORT AND DISCOVERY
PLAN

1

1  voluntary work program. GEO also counterclaimed for unjust enrichment and declaratory relief.

2  GEO anticipates motions on whether ICE is a required party and discovery motions related to

3  privilege and ICE control of records.  GEO agrees with the State that the legal and factual issues

4  are moderately complex.

5      **2.  Proposed Deadline for the Joining of Additional Parties**

6      The parties propose that the deadline for joining additional parties shall be at least 180

7  days before trial.

8      **3.  Consent to Assignment of Case to a Full Time United States Magistrate Judge**

9      No.

10     **4.  Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)(3)**

11         **(A) Initial Disclosures:** The parties will exchange initial disclosures by February 2,

12  2018.

13         **(B) Subjects, Timing, and Potential Phasing of Discovery:**

14     Plaintiff: The State may need discovery regarding GEO's policies and practices relating

15  to the paying, hiring, management, and discipline of detainee-workers in GEO's Voluntary Work

16  Program; the employment records of all detainee-workers who participated in GEO's Voluntary

17  Work Program; and profits gained from staffing NWDC with detainee-workers and not paying

18  them a fair wage. Washington does not believe discovery should be conducted in phases or be

19  limited to or focused on particular issues and propose the following schedule:

20         **Expert disclosures** – at least 90 days before the close of discovery;

21         **Close of Discovery** – at least 90 days before trial.

22     Defendant: GEO will seek discovery on the various defenses alleged as well as support

23  of its counterclaims.  GEO's discovery will focus on the nature of the relationship and the State's

24  historical oversight wherein the State has known and accepted the voluntary work program

25  without application of minimum wage laws and where it treats its own detained population in

26  the same manner. GEO anticipates discovery on the jurisdictional issues to include the motives

1  for this lawsuit and the absence of any legitimate state interest in any recovery.  GEO concurs

2  that phases are not needed, but does anticipate the need to limit the State's intrusion into GEO's

3  financial status where the financial well-being of a corporation is irrelevant to whether the MWA

4  applies, and thus derivatively whether there has been any unjust enrichment.  GEO also

5  anticipates seeking direction from the court to limit duplication of depositions in the related *Chen*

6  *v. The GEO Group, Inc.*, 3:17-cv-05769 RJB (W.D. Wash. Sept. 26, 2017). GEO believes it has

7  *Touhy* issues that necessitate ICE involvement prior to disclosure of information specific to

8  detainees. GEO defers to the Court to follow its typical scheduling timeline.

9        **(C) Electronically Stored Information:**

10        The parties anticipate that some discoverable information may be contained in internal

11  email communications, email communications between the parties and third parties, as well as

12  other electronically stored documents, databases, videos, and record keeping related to the issues

13  in this case. The parties will conduct ESI discovery in accordance with the Court's model ESI

14  agreement, or as modified by agreement of the parties and as ordered by the Court.

15        **(D) Privilege Issues:**

16        The parties anticipate motions for protective orders on various privileges specific to the

17  NWDC as a detention facility and its relationship to ICE, governmental privileges, deliberate

18  process, and law enforcement.

19        The parties agreed to conform with the civil rules with regard to the assertion of any

20  privileges and the withholding of requested records based upon privilege.

21        **(E) Proposed Limitations on Discovery:**

22        Plaintiffs: The State proposes that the parties be permitted to take up to fifteen (15)

23  depositions per side.

24        Defendant: GEO recommends the parties follow the civil rules with regard to discovery

25  to include seeking relief from any limitations where and when appropriate.

26

**(F)** <u>**Need for Any Discovery Related Orders**</u>**:**

The Parties do not believe any discovery related orders are necessary or appropriate at this time.

**5.** <u>**The Parties' Views, Proposals, and Agreements (Local Civil Rule 26(f)(1))**</u>

**(A)** <u>**Prompt Case Resolution**</u>**:**

<u>Plaintiff</u>: Washington wants to resolve this matter as expeditiously as possible including pursuing alternative dispute resolution.

<u>Defendant</u>:  GEO does not believe that this matter is amenable to resolution because of the jurisdictional issues and because the subject matter presents a legal question of first impression that conflicts with the *Menocal* decision from the 10th Circuit.

**(B)** <u>**Alternative Dispute Resolution**</u>**:**     The parties do not plan to engage in ADR for the reasons listed above in 4(A).

**(C)** <u>**Related Cases**</u>**:**

<u>Plaintiff</u>: There is one related case that involves the same state law claim pending before this Court as defined by LCR 3(f), (g), and (h): *Chen*, No. 3:17-cv-05769 RJB.

<u>Defendant</u>: GEO proposes that this court also consider *Menocal v. GEO Group, Inc.*, No. 14-cv-02887-JLK (D. Colo. 2015); *Novoa v The GEO Group, Inc*., No. 17-cv-02514 (C.D. Cal); *Figgs v. The GEO Group, Inc*., No. 33C01-1712-CT-0000052 (Henry Cty. Cir. Ct., Ind.) as related cases.

**(D)** <u>**Discovery Management**</u>**:**

The parties agree to cooperate in good faith during discovery, to use best efforts to comply with discovery requests, and to act reasonably in propounding discovery.

**(i)**     <u>**Forgoing or Limiting Depositions or Exchanging Documents Informally:**</u>     The parties are amenable to exchanging documents (if any) informally in connection with their initial disclosures.  GEO may request the Court limit duplication of depositions in the related *Chen* case.

(ii)   **Agreeing to Share Discovery From Third Parties and Cost:**   The parties shall bear their own costs with respect to third party discovery.

(iii)   **Scheduling Discovery or Case Management Conferences:**   The parties are amenable to scheduling discovery or case management conferences with Judge Bryan, as necessary.

(iv)   **Requesting Assistance of Magistrate Judge for Settlement Conferences:** The parties do not presently anticipate participating in a Settlement Conference.

(v)   **Requesting to Use an Abbreviated Pretrial Order:**   The parties do not believe an abbreviated pretrial order is necessary.

(vi)   **Requesting Other Orders Court Should Enter Under LCR 16(b) and (c):**   The parties do not request any orders under LCR 16(b) or (c) apart from those discussed at Paragraph 4(F) above.

(E) **Anticipated Discovery Sought:**   See Paragraph 4(B) above.

(F) **Phasing Motions:**   The parties anticipate filing motions for summary judgment/adjudication. The parties do not request that motions be phased at this time.

(G) **Preservation of Discoverable Information:**   The parties are aware of their duty to take reasonable and proportional steps to preserve potentially relevant information relating to the claims and defenses in this case. *See* Fed. R. Civ. P. 26(b)(1).

(H) **Privilege Issues:**   See Paragraph 4(D) above.

(I) **Model Protocol for Discovery of ESI:**   The parties wish to adopt the Model ESI Agreement, or agree to a modified version.

6.   **Date by Which Discovery Can be Completed:**

The parties believe that discovery can be completed 90 days before trial.

7.   **Bifurcation:**   The parties do not believe any trial of the issues should be bifurcated.

JOINT STATUS REPORT AND DISCOVERY PLAN

5

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

**8.      Dispensing with Pretrial Statements and Pretrial Order Called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 (in whole or in part):** The parties wish to proceed with any necessary pretrial statements and pretrial order as contemplated by LCR 16(e), (h), (i), (k) and (l), and 16.1.

**9.      Suggestions for Shortening or Simplifying the Case:**      None at this time.

**10.     Date Case Will be Ready for Trial:**

The parties anticipate this matter would be ready for trial within the typical twelve to fifteen month calendaring schedule.

**11.     Jury or Non-Jury Trial:**      GEO has requested a jury trial.

**12.     Number of Trial Days Required:**      The parties anticipate a ten day trial.

**13.     Names, Addresses, and Telephone Numbers of All Trial Counsel:**

Washington's trial counsel are La Rond Baker and Marsha Chien, Assistant Attorneys General, Washington State Attorney General's Office, 800 Fifth Avenue, Suite 2000, Seattle, WA 98104, (206) 516-2999.

GEO's trial counsel are Joan Mell, III Branches Law, PLLC, 1019 Regents Blvd., Ste, 204, Fircrest WA 98466, (253) 566-2510; Charles Deacon, Norton Rose Fulbright US LLP, 300 Convent St., San Antonio TX 78205, (210) 270-7133; Mark Emery, Norton Rose Fulbright US LLP, 799 9th St. NW, Suite 1000, Washington DC 20001, (202) 662-0210.

**14.     Dates on Which Trial Counsel May Have Complications to be Considered in Setting Trial Date:**      GEO counsel has scheduled trials on March 4, 2019 and April 29, 2019.

**15.     Status of Service of Defendants:**      Defendant has been served.

**16.     Whether Parties Wish a Scheduling Conference Before Court Enters a Scheduling Order:**      No.

**17.     Dates(s) Each Nongovernmental Corporate Party Filed Disclosure Statement Pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1:**  GEO    filed    a    Corporate Disclosure Statement on December 19, 2017.

1    DATED this 18th day of January, 2018.

2                                              Respectfully submitted,

3

4    BOB FERGUSON                              THREE BRANCHES LAW,  PLLC
     Attorney General of Washington

5    /s/ La Rond Baker                         /s/ Joan K. Mell
6    LA ROND BAKER, WSBA No. 43610             Joan K. Mell
     MARSHA CHIEN, WSBA No. 47020              1019 Regents Blvd. Ste. 204
7    Assistant Attorneys General               Fircrest, WA 98466
     Office of the Attorney General            Tel: (253) 566-2510
8    800 Fifth Avenue, Suite 2000              Fax: (281) 664-4643
     Seattle, WA 98104                         joan@3brancheslaw.com
9    (206) 464-7744
     marshac@atg.wa.gov                        Charles A. Deacon
10   larondb@atg.wa.gov                        NORTON ROSE FULBRIGHT US LLP
                                               300 Convent St.
11                                             San Antonio, Texas 78205
                                               Tel: (210) 270-7133
12                                             Fax: (210) 270-7205
                                               charlie.deacon@nortonrosefulbright.com
13
                                               Mark Emery
14                                             NORTON ROSE FULBRIGHT US LLP
                                               799 9th Street NW, Suite 1000
15                                             Washington, DC 20001-4501
                                               Tel: (202) 662-0210
16                                             Fax: (202) 662-4643
                                               mark.emery@nortonrosefulbright.com
17   Attorneys for Plaintiff                   Attorneys for Defendant

18

19

20

21

22

23

24

25

26

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on January 18, 2018, I electronically filed the foregoing Joint Status

3   Report & Discovery Plan using the Court's CM/ECF system, causing a notice of filing to be

4   served upon all counsel of record.

5                                         Dated:          January 18, 2018

6                                                         */s/La Rond Baker*
                                                          LA ROND BAKER

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492