The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>            Plaintiff,<br><br>    v.<br><br>THE GEO GROUP, INC.,<br><br>            Defendant. | CIVIL ACTION NO. 3:17-cv-05806-RJB<br><br>STATE'S MOTION TO STRIKE GEO'S JURY DEMAND<br><br>NOTE FOR MOTION CALENDAR:<br>March 9, 2018 |

MOTION TO STRIKE JURY DEMAND

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT.........................................................................................................................1

    A. The State's Minimum Wage Claim and Request for an Order Requiring GEO to Comply with State Minimum Wage Laws Sounds in Equity............................................................2

    B. Washington's Unjust Enrichment Claim and Request for Disgorgement Likewise Sound in Equity...................................................................................................................4

III. CONCLUSION .....................................................................................................................7

# TABLE OF AUTHORITIES

## CASES

*Albermarle Paper Co. v. Moody*, 422 U.S. 405 (1975) .................................................................. 5

*Brennan v. Saghatelian,* 514 F.2d 619 (9th Cir. 1975) .................................................................. 5

*Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558 (1990) ............... 1, 5

*Chen v. The GEO Grp. Inc.*, No. 3:17-cv-5769 (W.D. Wash. Sept. 26, 2017) .......................... 6

*Curtis v. Loether*, 415 U.S. 189 (1974) ......................................................................................... 5

*Dastgheib v. Genentech, Inc.*, 457 F. Supp. 2d 536 (E.D. Pa. 2006) ........................................... 6

*F.T.C. v. Commerce Planet, Inc.*, 815 F.3d 593 (9th Cir. 2016) ............................................ 4, 5

*Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998) ........................................... 4

*Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059 (9th Cir. 2015) ............... 5

*Golden v. Kelsey-Hayes Co.*, 73 F.3d 648 (6th Cir. 1996) ........................................................... 3

*Granfinanciera, S.A. v. Norberg*, 492 U.S. 33 (1989) ............................................................. 1, 5

*Great-West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204 (2002) ....................................... 5

*McLaughlin v. Owens Plastering Co.*, 841 F.2d 299 (9th Cir. 1988) .......................................... 3

*Menocal v. GEO Grp., Inc.*, ___ F.3d ___ , No. 17-1125, 2018 WL 797165
   (10th Cir. Feb. 9, 2018) ........................................................................................................... 4

*Owens-Illinois, Inc. v. Lake Shore Land Co., Inc.*, 610 F.2d 1185 (3d Cir. 1979) ..................... 3

*Pac. Indem. Co. v. McDonald*, 107 F.2d 446 (9th Cir. 1939) ................................................. 3, 4

*Paradise Valley Investigation & Patrol Svcs., Inc. v. U.S. Dist. Court, Dist. of Ariz.*,
   521 F.2d 1342 (9th Cir. 1975) .......................................................................................... 2, 3, 6

*Parsons v. Bedford*, 28 U.S. 433 (1830) ....................................................................................... 1

*Porter v. Warner Holding Co.*, 328 U.S. 395 (1946) ............................................................... 5, 7

*Robinson v. Brown*, 320 F.2d 503 (6th Cir. 1963) ....................................................................... 3

*S.E.C. v. Commonwealth Chem. Sec., Inc.*, 574 F.2d 90 (2d Cir. 1978) ................................. 5, 6

*S.E.C. v. Rind*, 991 F.2d 1486 (9th Cir. 1993) ...................................................................... 2, 6, 7

*Telewizia Polska USA, Inc. v. EchoStar Satellite Corp.*, No. 02-C-3293, 2005 WL 2405797
   (N.D. Ill. Sept. 28, 2005) ......................................................................................................... 7

*Township of Haddon v. Royal Ins. Co. of America*, 929 F. Supp. 774 (D. N.J. 1996) ............... 4

*Tull v. United States*, 481 U.S. 412 (1987) ............................................................................... 1, 5

*United States v. Louisiana*, 339 U.S. 699 (1950) ......................................................................... 2

*Wirtz v. Jones*, 340 F.2d 901 (5th Cir. 1965) ............................................................................... 3

*Young v. Young*, 191 P.3d 1258 (Wash. 2008) ............................................................................ 4

## STATUTES

Wash. Rev. Code §49.46.020 ........................................................................................................ 2

## OTHER AUTHORITIES

1 Dan D. Dobbs, Law of Remedies § 1.2 (2d ed. 1993) ................................................................ 4

9 Charles Alan Wright et al, Fed. Prac. & Proc. Civ. § 2308 (3d ed.2017) .................................. 2

Restatement (Third) of Restitution, Unjust Enrichment § 51 cmt. a (Am. Law Inst. 2011) ........ 4

U.S. Const. amend. VII. ................................................................................................................ 1

## I. INTRODUCTION

The State of Washington ("Washington") moves to strike the jury demand filed by The GEO Group, Inc. ("GEO"), ECF 9, because there are no claims triable of right by a jury and Washington does not consent to a jury in this case. Washington's claims sound in equity and Washington seeks exclusively equitable relief in furtherance of the public interest: (1) a declaration and an injunction requiring GEO, a private for-profit employer operating the Northwest Detention Center ("NWDC") in Tacoma, to comply with state minimum wage law; and (2) an order requiring GEO to disgorge the profits of its unjust enrichment resulting from GEO's long-standing practice of refusing to pay detainee-workers a fair wage. There is no right to a jury for these claims for equitable relief and the Court should strike GEO's jury demand.

## II. ARGUMENT

The Seventh Amendment preserves the right to a jury trial only for "[s]uits at common law." *See* U.S. Const. amend. VII. "[T]he phrase '[s]uits at common law'" refers to "suits in which *legal* rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered." *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) (quoting *Parsons v. Bedford*, 28 U.S. 433, 447 (1830)). To determine whether a claim constitutes a "[s]uit at common law" affording a right to a jury trial, federal courts consider: (1) whether the eighteenth-century analogue to the plaintiff's claim would have been brought at law or in equity, and (2) whether the plaintiff is seeking a legal or equitable remedy. *Id*. at 565 (citing *Tull v. United States*, 481 U.S. 412, 417-18 (1987)). "The second inquiry is the more important . . . analysis." *Id.* (citing *Granfinanciera, S.A. v. Norberg*, 492 U.S. 33, 42 (1989)).

Here, as GEO has conceded in prior briefing, Washington's claims and relief requests are equitable in nature. *See* Def's Opp. to State's Mot. to Dismiss at 17, ECF 40 ("The State has filed a claim seeking two forms of equitable relief . . . ."). Washington's claims do not depend on the rights at law of individual residents or detainee-workers. *See S.E.C. v. Rind*, 991 F.2d

1486, 1489-90 (9th Cir. 1993) (affirming order striking jury demand where federal agency's statutory enforcement action sought disgorgement, an equitable remedy "independent of the claims of individual investors"). Instead, by requesting an order requiring GEO to comply with state minimum wage laws and an order requiring GEO to disgorge unjustly gained profits, Washington seeks to vindicate public rights. *See Paradise Valley Investigation & Patrol Svcs., Inc. v. U.S. Dist. Court, Dist. of Ariz.*, 521 F.2d 1342, 1342-43 (9th Cir. 1975) (holding a government agency's statutory enforcement action seeking disgorgement of illegally withheld overtime wages and to order defendant to refrain from violating federal fair labor laws to be a suit in equity). Since Washington's claims are equitable in nature and Washington's prayer for relief asks the Court to assert its comprehensive equitable power to deter future violations and remedy violations of the public interest, GEO has no right to a jury trial.

**A. The State's Minimum Wage Claim and Request for an Order Requiring GEO to Comply with State Minimum Wage Laws Sounds in Equity**

Washington's request for a declaration and injunction that GEO must comply with Washington's minimum wage laws sounds in equity.

Washington prays that the Court "declare that Defendant must comply with Wash. Rev. Code § 49.46.020 for work performed by detainees at NWDC" and "enjoin Defendant from paying detainees less than the minimum wage for work performed at NWDC." Compl. ¶¶ 7.3-7.4, ECF 1-1. Washington's requested relief amounts to an order requiring that GEO refrain from violating state law. Washington does not seek back wages or a damages remedy under Washington's minimum wage laws. *Id.* As the Supreme Court has long observed, the Seventh Amendment is not applicable to "an equity action for an injunction." *United States v. Louisiana*, 339 U.S. 699, 705 (1950); *see also* 9 Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 2308 (3d ed. 2017) ("[T]here is no constitutional right to a jury trial on a claim for an injunction."). This is because actions for injunctions are equitable in nature and, until the merger of law and equity, were unknown to courts of law in England or the United States. *Id.*

1  Further, federal courts have been virtually unanimous in determining that government requests for an injunction restraining federal labor law violations are equitable. *See Paradise Valley*, 521 F.2d at 1343 (noting the purpose of the U.S. Secretary of Labor's action to restrain the withholding of back wages is not to collect a debt owed by an employer to his employee but to correct a continuing offense against the public interest); *Wirtz v. Jones*, 340 F.2d 901, 905 (5th Cir. 1965) (distinguishing the Secretary of Labor's ability to seek an equitable injunction from an action brought by an employee for back pay). *Cf. McLaughlin v. Owens Plastering Co.*, 841 F.2d 299, 300-301 (9th Cir. 1988) (finding an employer had a right to a jury trial because the Secretary of Labor added a legal claim for liquidated damages in addition to her equitable requests for injunctive relief and back pay).

Here, Washington seeks an order that GEO refrain from violating its labor laws. Like the Secretary of Labor's requests in *Wirtz* and *Paradise Valley*, Washington's requests must be considered an equity action for an injunction. That Washington also seeks a declaration of rights does not alter the fact that the State's requested relief is equitable in nature. *See Pac. Indem. Co. v. McDonald*, 107 F.2d 446, 448 (9th Cir. 1939) ("The nature of an action for declaratory relief is neither legal nor equitable, but sui generis"); *see also Owens-Illinois, Inc. v. Lake Shore Land Co., Inc.*, 610 F.2d 1185, 1190 (3d Cir. 1979) ("[T]he availability of the declaratory judgment remedy . . . does not make plaintiff's claim a 'legal one'"); *Robinson v. Brown*, 320 F.2d 503, 505 (6th Cir. 1963) ("The inclusion of a claim for declaration of rights in [a typical desegregation case] did not . . . convert an equity case into an action at law"). *Cf. Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 661-62 (6th Cir. 1996) (denying writ of mandamus to compel jury trial on claims for declaratory, injunctive, and monetary relief, explaining that "[s]eeking declaratory relief does not entitle one to a jury trial where the right to a jury trial does not otherwise exist").

In this case, Washington's request for a declaration of the applicable law does not impact the analysis regarding GEO's right to a jury because the declaratory relief claim is tethered to Washington's request for an injunction preventing future violations of Washington's minimum

wage laws, and thus takes on the equitable nature of that claim and remedy. *See Pac. Indem. Co.*, 107 F.2d at 448 (holding that, in a proceeding for declaratory judgment, whether an issue must be tried to a judge or a jury "depends on the setting in which the issues are framed"); *see also Township of Haddon v. Royal Ins. Co. of America*, 929 F. Supp. 774, 778 (D. N.J. 1996) (holding that, though declaratory relief is neither *per se* legal nor equitable, "where the declaratory judgment invokes the court's coercive powers in a manner analogous to a traditional equitable remedy, the declaratory judgment is treated as equitable") (citing 1 Dan D. Dobbs, Law of Remedies § 1.2 (2d ed. 1993)).

In sum, Washington's action is brought to enforce a regulatory statute and in furtherance of the public interest. *See F.T.C. v. Commerce Planet, Inc.*, 815 F.3d 593, 599 (9th Cir. 2016) (reasoning that a court's equitable powers are especially comprehensive in cases involving the public interest). A suit by a public officer, brought in the public interest, seeking declaratory and injunctive relief is one in equity, not law. No jury right attaches.

### B. Washington's Unjust Enrichment Claim and Request for Disgorgement Likewise Sound in Equity

Washington's unjust enrichment claim and related prayer for disgorgement of GEO's ill-gotten gains are also brought in equity. *See* Compl. ¶¶ 4.9, 6.1-6.6, 7.5-7.6, ECF 1-1.

Under Washington law, unjust enrichment "is founded on notions of justice and equity." *Young v. Young*, 191 P.3d 1258, 1263 (Wash. 2008). *See also Menocal v. GEO Grp., Inc.*, ___ F.3d ___ , No. 17-1125, 2018 WL 797165, at *12 (10th Cir. Feb. 9, 2018) (stating that unjust enrichment is an equitable theory of recovery under Colorado common law that is distinct from contract enforcement). Similarly, disgorgement is simply restitution measured by a defendant's wrongful gain. *See* Restatement (Third) of Restitution, Unjust Enrichment § 51 cmt. a (Am. Law Inst. 2011). For Seventh Amendment purposes, the Supreme Court has consistently stated that restitution, and specifically disgorgement, is an equitable remedy. *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352 (1998) (including "disgorgement of improper

1  profits" as an example of monetary relief that is equitable); *Granfinanciera,* 492 U.S. at 86 n.9
2  (1989) (White, J., dissenting) ("We have previously recognized that actions to disgorge
3  improperly gained profits . . . are . . . equitable actions – even though the relief they seek is
4  monetary – because they are restitutionary in nature."); *Tull*, 481 U.S. at 424 (noting restitution
5  is "traditionally considered an equitable remedy"); *Curtis v. Loether*, 415 U.S. 189, 197 (1974)
6  (comparing disgorgement with a Title VII damages award and recognizing the former to be a
7  form of equitable relief). In *Chauffeurs*, for example, the Supreme Court explicitly recognized
8  that requests for monetary relief are equitable "where they are restitutionary, such as in 'action[s]
9  for disgorgement of improper profits.'" 494 U.S. at 570. *See also Fifty-Six Hope Road Music,*
10 *Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015) (noting that "actions for
11 disgorgement of improper profits are equitable in nature").

12      Here, Washington alleges GEO unjustly benefits by paying detainee-workers $1 per day
13 for work performed when it should be paying workers – whether detained or not – a fair wage.
14 Even though Washington's request for disgorgement necessarily involves a claim for money,
15 that fact in no way alters its equitable nature.[1] *See S.E.C. v. Commonwealth Chem. Sec., Inc.*,
16 574 F.2d 90, 95 (2d Cir. 1978) ("[N]ot all money claims are triable to a jury."); *Commerce*
17 *Planet*, 815 F.3d at 599 (noting a court's ability to "order[] a defendant to return unjust gains"
18 to be "within the highest tradition of a court of equity") (citing *Porter v. Warner Holding Co.*,
19 328 U.S. 395, 402 (1946)); *see also Brennan v. Saghatelian,* 514 F.2d 619, 621-22 (9th Cir.
20 1975) (Fair Labor Standards Act's back-pay remedy is a "restitutionary injunction" provided
21 "through an action in equity"); *Albermarle Paper Co. v. Moody*, 422 U.S. 405, 415-419 (1975)

---

[1] Although restitutionary actions to enforce a contract are sometimes deemed actions at law, *see Great-West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 214 (2002), Washington does not seek to enforce a contractual obligation between Washington and GEO nor does Washington "[seek] to impose personal liability on the defendant." Instead, Washington seeks to enforce state statutory and common law and restore unjustly held funds in GEO's possession in furtherance of the public interest. Order on GEO's Mot. to Dismiss at 13, ECF 29.

1  (backpay under Title VII is a remedy in lieu of employee reinstatement and constitutes equitable
2  relief).

3  In fact, an action by a government entity to prevent unjust enrichment is "decidedly more analogous to the traditional jurisdiction of equity to award restitution" than to law. *Rind*, 991 F.2d at 1493 (quoting *Commonwealth Chem. Sec., Inc.*, 574 F.2d at 96). *Cf. Dastgheib v. Genentech, Inc.*, 457 F. Supp. 2d 536, 545 (E.D. Pa. 2006) (noting the "characterization of disgorgement based on unjust enrichment as an equitable action does *not* control" where plaintiff is a private party and does not act altruistically on behalf of a third party outside of the proceedings) (emphasis added) (citation omitted). In *Paradise Valley*, 521 F.2d at 1343, for example, the Ninth Circuit held that the Secretary of Labor's prayer for relief compelling defendant to disgorge illegally withheld overtime wages was equitable in nature. In doing so, the Ninth Circuit reasoned the Secretary of Labor must be able to seek equitable relief because otherwise, if the worker refused to sue for back pay or waived the legal claim, the congressional policy behind the federal Fair Labor Standards Act would be frustrated. *Id.* at 1342-43 (denying writ of mandamus seeking to compel district court to grant trial by jury).

16  The same is true here. Washington's case does not depend on whether detainee-workers decide to assert any or all of their rights at law. *Cf.* Compl. ¶¶ 6.1-6.4, *Chen v. The GEO Grp. Inc.*, No. 3:17-cv-5769 (W.D. Wash. Sept. 26, 2017), ECF 1 (seeking damages and back pay for violations of detainee-workers' rights under the state's minimum wage laws, but not asserting a separate unjust enrichment claim). Wholly separate from the legal rights some detainee-workers may choose to assert in private litigation, Washington acts independently as *parens patriae* to protect the health and well-being of its state residents by encouraging employment opportunities in Washington and by ensuring employers do not engage in unjust employment practices. Compl. ¶¶ 6.1-6.6, ECF 1-1; Order on GEO's Mot. to Dismiss at 12-13, ECF 29. *See also Rind*, 991 F.2d at 1490 (holding disgorgement to be an equitable remedy for Seventh Amendment purposes

because "civil enforcement actions promote economic and social policies independent of the claims of individual investors").

In other words, regardless of whether the disgorgement proceeds are used to compensate detainee-workers or Tacoma area workers, the theory behind Washington's request for disgorgement is deterrence, not compensation. *Rind*, 991 F.2d at 1491 (use of disgorgement proceeds to compensate victims "does not detract from the public nature of [SEC] enforcement actions"). Washington's request for disgorgement is simply a request that this Court use its equitable powers on behalf of the public interest to divest GEO, a wrongdoer, of ill-gotten gains. Compl. ¶¶ 4.9, 6.1-6.6, 7.5-7.6, ECF 1-1. Since Washington asserts a public right, GEO has no Seventh Amendment right to a jury trial. *See Telewizia Polska USA, Inc. v. EchoStar Satellite Corp.*, No. 02-C-3293, 2005 WL 2405797, at *4 (N.D. Ill. Sept. 28, 2005) ("If the right at issue is a public right that involves disputes between the government and persons subject to its authority in connection with the performance of the constitutional functions of the executive or legislative departments, then a jury trial right does not attach.") (citations omitted); *see also Porter*, 328 U.S. at 398 ("[E]quitable powers assume an even broader and more flexible character [when the public interest is involved] than when only a private controversy is at stake.").

### III. CONCLUSION

GEO does not have a right to a jury. Washington's claims amount to a request for the Court to utilize its comprehensive equitable powers to ensure that "complete rather than truncated justice" is done. *Porter*, 328 U.S. at 398. Washington seeks equitable relief to vindicate and further the public interest, and Washington respectfully requests that the Court strike GEO's jury demand.

Dated this 22nd day of Febraury, 2018.

Respectfully submitted,

BOB FERGUSON
Attorney General of Washington

1
2
3
4
5
6
7
8

/s/ *Marsha Chien*
MARSHA CHIEN, WSBA No. 47020
LA ROND BAKER, WSBA No. 43610
ANDREA BRENNEKE, WSBA No. 22027
Assistant Attorneys General
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
marshac@atg.wa.gov
larondb@atg.wa.gov
abrenneke@atg.wa.gov

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

MOTION TO STRIKE JURY DEMAND  8  ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed with the United States District Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

February 22, 2018

                                      */s/ Marsha Chien*
                                      MARSHA CHIEN