UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                          Plaintiff,<br>    v.<br><br>THE GEO GROUP, INC.,<br><br>                          Defendant. | CASE NO. 3:17-5806-RJB<br><br>ORDER ON STATE'S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES |

THIS MATTER comes before the Court upon Plaintiff State of Washington's Motion to Dismiss or Strike Defendant's Counterclaims and Affirmative Defenses. Dkt. 37. The Court has considered the motion, Defendant The Geo Group, Inc.'s Response, Plaintiff's Reply, Defendant's Answer, and the remainder of the file herein. Dkts. 34, 37, 40, 42.

This case arises out of the allegation that Defendant failed to compensate immigration detainees commensurate with the Washington Minimum Wage Act. *See* Dkt. 1. The Answer alleges a counterclaim for Unjust Enrichment—Offset, which Plaintiff moves to dismiss under Fed. R. Civ. P. 12(b)(6). Dkt. 37 at 7. The Answer also alleges counterclaims for declaratory and injunctive relief, which Plaintiff moves to strike under Fed. R. Civ. P. 12(f). *Id.* at 11-13. *See*

Dkt. 34 at ¶¶12.1-12.16 and 12.16.1-12.16.4 (the accompanying prayer for relief). The Answer raises thirteen affirmative defenses, almost all of which Plaintiff seeks to strike. *Id.* at 14. *See id.* ¶¶8.1-8.13.

Facts alleged in the Answer and procedural history are introduced below where relevant to discussion of each counterclaim and affirmative defense.

I. <u>COUNTERCLAIMS AND AFFIRMATIVE DEFENSES 8.10 (Plaintiff's unjust enrichment) AND 8.12 (offset)</u> (Dkt. 34 at ¶¶8.10, 8.12, 11.1-12.16)

**A. Standards for relief.**

Plaintiff seeks dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. The complaint (or counterclaim) must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 547.

Plaintiff also moves to strike under Fed. R. Civ. P. 12(f). The rule is designed to help "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970,

973 (9th Cir. 2010) (citation omitted). Under Rule 12(f), courts may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are disfavored, because they "may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167 (N.D.Cal.2010), citing to *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir.2000).

**B. Counterclaim for Unjust Enrichment—Offset and Affirmative Defenses 8.10 (Plaintiff's unjust enrichment) and 8.12 (offset) (Dkt. 34 at ¶¶8.10, 8.12, 11.1-11.8)**

Defendant's Unjust Enrichment counterclaim alleges that, as required by ICE, GEO operates the Voluntary Work Program, which is not intended to, and does not, create an employer/employee relationship between GEO and detainees, whose participation is voluntary. Dkt. 34 at ¶11.1. The program is intended to promote institutional maintenance and reduce detainee idleness, it is alleged, with no traditional, standard, performance metrics used to measure job performance. *Id*. at ¶11.3. The counterclaim "does not seek any positive award . . . against the State[,]" but Defendant seeks an offset for the costs of detention not contemplated in the initial ICE-GEO contract if Plaintiff prevails and is awarded disgorgement money from Defendant. *Id*. at ¶11.7. Such an award would unjustly enrich Plaintiff with a "windfall" and would duplicate any award to the plaintiff in *Chen v. GEO*, W.D.Wash. Cause No. 3:17-cv-05769-RJB, Defendant alleges. *Id*. at ¶¶11.7, 11.8.

Defendant separately alleges two related affirmative defenses, Affirmative Defense 8.10 (Plaintiff's unjust enrichment) and Affirmative Defense 8.12 (offset), which read:

8.10 Plaintiff seeks unjust enrichment.

. . .

ORDER ON STATE'S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES - 3

> 8.12 GEO has not been unjustly enriched by any work performed by detainees, because GEO has provided services to detainees, and any award against GEO for unjust enrichment must be offset by costs incurred for caring for plaintiffs during their time in detention.

Dkt. 34 at 7.

Defendant acknowledges that Affirmative Defense 8.10 (Plaintiff's unjust enrichment), overlaps with the Unjust Enrichment counterclaim. Dkt. 40 at 24, ln. 16-18. The defense should be stricken as redundant.

Affirmative Defense 8.12 (offset) includes general denial language in the first clause ("GEO has not been unjustly enriched"), which should be stricken because it is not helpful and serves only to detract from the core affirmative defense raised, offset. The second clause of Affirmative Defense 8.12 ("any award . . . must be offset) is properly raised as an affirmative defense.

Remaining for consideration is whether to dismiss the Unjust Enrichment counterclaim for failure to state a claim, and whether to strike the second clause of Affirmative Defense 8.12 (offset).

"Unjust enrichment of a person occurs when he has and retains money or benefits which in justice and equity belong to another." *Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc.*, 61 Wn. App. 151, 159 (1991). A claim for unjust enrichment has three elements: (1) the defendant [or counter-defendant] receives a benefit, (2) the received benefit is at the plaintiff's [or counter-plaintiff's] expense, and (3) the circumstances make it unjust for the defendant [or counter-defendant] to retain the benefit without payment. *Young v. Young*, 164 Wn. 2d 477, 484-85 (2008).

The Court considered the pleadings with care, but Defendant's theory for the Unjust Enrichment counterclaim is unclear. Although at the pleadings stage Defendant need not reveal

the entirety of its counterclaim theory, the pleadings fail to allege—and Defendant's Response (Dkt. 40 at 24, 25) fails to point to—sufficient alleged facts that could any way provide notice of a plausible theory for the first two elements. The counterclaim lacks any facts that could account for how Plaintiff, the State of Washington, received a benefit, and how Plaintiff caused Defendant to incur the expense of conferring that benefit. Plaintiff's motion to dismiss the Unjust Enrichment counterclaim should be granted and the counterclaim dismissed without prejudice.

Plaintiff's challenge to Affirmative Defense 8.12 (offset) appears tentative, and probably is not properly raised. Although Plaintiff addressed the merits of offset in its motion, it appears to have done so for the Unjust Enrichment counterclaim as alleged under an offset theory. *See* Dkt. 37 at 7, ln. 18-22 (citing to counterclaim, not ¶8.12); *id*. at 14, ln. 10; Dkt. 42 at 16, ln. 18. *But see* Dkt. 42 at 16, ln. 2-6. The Reply attempts to bootstrap Affirmative Defense 8.12 by incorporating the defense into substantive argument for the Unjust Enrichment counterclaim. *See id*.

Even if Plaintiff properly raised Affirmative Defense 8.12 (offset) explicitly as part of the motion to dismiss the Unjust Enrichment counterclaim, Plaintiff's substantive offset arguments should not bar the defense at this stage of the proceedings. Plaintiff argues: 1) there is nothing to "offset," because neither Washington nor its residents have received a benefit from Defendant from its operation of the Northwest Detention Center and the Voluntary Work Program; (2) equity precludes offset, because Defendant has benefitted from its illegal conduct; and (3) offset would result in double recovery to Defendant, and to the extent an offset could be available, "any obligation owed to GEO for detention services rests squarely with [ICE]—not Washington or its residents[.]". Dkt. 37 at 9-11; Dkt. 42 at 5-7. Addressing these arguments is premature. Plaintiff's motion to strike Affirmative Defense 8.12 (offset) should be denied without prejudice.

In summary, Plaintiff's motion to strike Affirmative Defense 8.10 (Plaintiff's unjust enrichment) should be granted and the defense stricken as redundant.

Plaintiff's motion to strike Affirmative Defense 8.12 (offset) should be granted in part and the defense stricken as redundant for the first clause ("GEO has not been unjustly enriched . . . services to detainees") only. The motion should denied without prejudice for the second clause ("any award . . .. must be offset . . .").

Plaintiff's motion to dismiss the Unjust Enrichment counterclaim should be granted and the claim dismissed without prejudice.

Defendant also seeks leave to amend its counterclaim. Dkt. 38 at 10. Defendant may move for leave to amend pursuant to Fed. R. Civ. P. 15 if it chooses.

**C. Declaratory and Injunctive Relief (Dkt. 34 at ¶¶12.1-12.16)**

Defendant requests the Court to "declare that under the MWA there is no employment relationship between GEO and detainees . . . detainees are not GEO's "employees" and GEO is not their "employer" with respect to participation in the Voluntary Work Program." Dkt. 34 at ¶12.13. Defendant further requests the Court to "declare that under the FLSA [Fair Labor Standards Act], detainees are not entitled to minimum wages, and further that detainees are not GEO's "employees" and GEO is not their "employer" with respect to participation in the Voluntary Work Program." *Id*. at ¶12.16. Defendant seeks the following declaratory and injunctive relief in its accompanying prayer for affirmative relief:

1. For an order enjoining the State or Attorney General Ferguson from claiming the MWA applies to GEO's operation of the Voluntary Work Program at the NWDC;
2. For an order declaring the MWA inapplicable to ICE detainees at the NWDC;
3. For an order declaring the FLSA inapplicable to ICE detainees at the NWDC;

4.  For a declaration that GEO has no employment relationship with any detainees who participate in the Voluntary Work Program, including no relationship that requires payment of a minimum wage[.]

*Id.* at ¶¶12.16.1-12.16.4.

Concerning ¶12.13 and third paragraph of the prayer for relief, which seek a declaration that the FLSA is inapplicable, it should be noted that Plaintiff has explicitly brought this case only under the Washington Minimum Wage Act, not its federal counterpart. Therefore, the requests for an order declaring the FLSA inapplicable should be stricken as immaterial and insufficient.

The fourth paragraph of the prayer for relief seeks declaratory relief about whether Defendant has an employment relationship with detainees, an issue that may be determined based on the applicability of the Washington Minimum Wage Act or the FLSA. To the extent Defendant seeks relief under the FLSA, the request should be stricken.

Paragraph 12.16 and the second paragraph in the prayer for relief concern application of the Washington Minimum Wage Act to ICE detainees at the NWDC in general, and the first paragraph seeks an injunction against Plaintiff or the Attorney General concerning the statute's applicability. These counterclaims go to the heart of Defendant's view of Plaintiff's claims. While the counterclaims may overlap in significant ways with Plaintiff's claims, the determination of what relief, if any, should be granted to either party is a long way off and should not be decided now.

Plaintiff's motion to strike the counterclaims for declaratory relief and injunctive relief should be denied without prejudice, except as to the request for an order declaring the FLSA inapplicable, which should be stricken.

## II. REMAINING AFFIRMATIVE DEFENSES (Dkt. 34 at ¶¶8.1-8.9, 8.11, 8.13)

**A. Striking certain affirmative defenses under Fed. R. Civ. P. 12(f).**

The Court above addressed Affirmative Defenses 8.10 (Plaintiff's unjust enrichment) and 8.12 (offset).

Plaintiff also moves under Fed. R. Civ. P. 12(f) to strike the following affirmative defenses: 8.1 (failure to state a claim), 8.2 (statute of limitations), 8.4 (laches), 8.5 (failure to join L&I), 8.6 (failure to join DHS/ICE), 8.7 (ripeness), 8.8 (justiciability), 8.9 (unclean hands), 8.11 (attorney's fees/costs), and 8.13 (exhaustion of administrative remedies). Dkt. 37 at 14-22.

*8.1 Plaintiff has failed to state a claim for which relief may be granted.*

Plaintiff argues that this affirmative defense should be stricken because of the law of the case, where the Court previously addressed the merits of a Rule 12(b)(6) challenge, concluding that the "Complaint states a claim upon which relief can be granted." Dkt. 29 at 19.

Defendant acknowledges that the Court denied its motion to dismiss, but, Defendant argues, the prior finding does not bind this Court's discretion; the law of the case is only a guide. Dkt. 40 at 11. Defendant also argues that it should be permitted to raise failure to state a claim because Plaintiff's claims are preempted by federal law. *Id*.

Plaintiff is correct—the Court previously reached the issue of whether the Complaint fails to state a claim. The affirmative defense of failure to state a claim is redundant.

Plaintiff's motion to strike Affirmative Defense 8.1 should be granted and the defense stricken as redundant.

*8.2 Plaintiff seeks relief barred by the statute of limitations.*

1 | Plaintiff argues that no statute of limitations applies to the State of Washington in this
enforcement action, which brought suit *parens patriae*. Dkt. 37 at 15, citing RCW 4.16.160. The
statute cited by Plaintiff states:

> Except as provided in RCW 4.16.310 [which is inapplicable here], there shall be no
> limitation to actions brought in the name or for the benefit of the state, and no claim of
> right predicated upon the lapse of time shall ever be asserted against the state[.]

RCW 4.16.160. "Absent an express provision to the contrary, RCW 4.16.160 exempts any action brought for the benefit of the State from the statue of limitations. *Carerra v. Olmstead*, 189 Wn. 2d 297, 307 (2017).

Defendant argues that the statute of limitations applies because the rights that Plaintiff pursues by its action are not its own, but are derivative. Plaintiff relies on *Pacific Northwest Bell Telephone Co. v. Dep't of Revenue*, 78 Wn. 2d 961 (1971) this proposition, Dkt. 40 at 16, but the case has limited application here. As noted in *Carerra*, *Pacific Northwest* is an escheat case that has been interpreted to apply to "the property law context, [where] this Court has applied the statute of limitations to purely derivative state actions." *Id.* at 309, FN 5. Even were *Pacific Northwest* not limited to the property law context, the State's interest in this case is not purely derivative of detainee-workers, because the State has asserted a quasi-sovereign interest in protecting its workers distinct from the interest of the private parties. Dkt. 29 at 13.

Plaintiff has shown that RCW 4.16.160, which is general in application, should be extended to this case. Defendant has responded to this argument only by attacking the premise that Plaintiff has authority to act as *parens patriae* but has not made any cogent challenge to RCW 4.16.160's applicability to Plaintiff. Because the statute precludes statutory periods "to actions brought in the name or for the benefit of the state," Plaintiff's claims should not be barred by a statute of limitations. The statute of limitations affirmative defense is legally insufficient.

Plaintiff's motion should granted as to Affirmative Defense 8.2 (statute of limitations), which should be stricken.

### *8.4 Affirmative defense of laches.*

"The defense of laches protects defendants who are injured by a plaintiff's delay in bringing an action." *Assocs. Hous. Fin. L.L.C. v. Stredwick*, 120 Wn. App. 52, 61 (2004). According to Plaintiff, the defense should be stricken because it is an equitable defense not properly pleaded against governmental entities seeking to enforce their laws. Dkt. 37 at 15. Plaintiff cites to two cases for this maxim. In *City of Mercer Island v. Steinmann*, 9 Wn. App. 479, 481-83 (1973), the Washington court affirmed a governmental entity's authority to enforce zoning regulations when acting in its governmental capacity even if "its officers have remained inactive in the face of such violations" and rejected an equitable defense of estoppel as a bar to injunctive relief. That court framed its estoppel discussion in terms of "principles" less rigid than Plaintiff has argued. *Id*. Discussing the principles underlying the equitable relief, that court stated:

> [T]he doctrine [of estoppel] is <u>less likely</u> to be applied when a municipality has acted in a governmental capacity. Estoppel will not be applied against a municipal corporation acting in a governmental capacity unless it is <u>clearly necessary to prevent obvious injustice</u>.

*Id*. (emphasis added). While Plaintiff has correctly identified a general rule, there is ample reason to hedge at this stage of the litigation, to give Defendant the chance to develop its evidence about why the general rule precluding equitable relief should not apply.

The second case relied on by Plaintiff, *United States v. Phillip Morris*, 300 F. Supp. 2d 61, 72 (D.D.C. 2004), is an out of district case. *Phillip Morris* provides an example of a court rejecting laches in a case brought by the government enforcing a public right, but *Phillip Morris* began its analysis from the premise that the defense of laches does not apply "as a <u>general</u> rule."

*Id*. (internal citations and quotations omitted) (emphasis added). Particularly where Plaintiff seeks to strike the laches affirmative defense prior to discovery, without giving Defendant the benefit of exploring some of its theories, striking the defense at this stage should be avoided.

Plaintiff's motion to strike Affirmative Defense 8.4 (laches) should be denied without prejudice.

### *8.5 Failure to join Washington Department of Labor and Industries* **AND** *8.6 Failure to join Department of Homeland Security and ICE*

Plaintiff argues the merits of why Washington Department of Labor and Industries (L&I), the Department of Homeland Security (DHS), and ICE are not necessary or indispensable parties to this case. Dkt. 37 at 17-19; Dkt. 42 at 11, 12.

Addressing the merits of the parties' arguments would, in effect, convert the Fed. R. Civ. P. 12(f) motion into a Fed. R. Civ. P. 12(b)(7) motion to dismiss for failure to join a party under Fed. R. Civ. P. 19. The joinder issue has not been squarely raised as a Fed. R. Civ. P. 12(b)(7) motion and the Court should decline to reach its merits.

Plaintiff's motion to strike Affirmative Defenses 8.5 (failure to join L&I) and 8.6 (failure to join DHS/ICE) should be denied without prejudice.

### *8.7 Plaintiff's claims are not ripe* **AND** *8.8 Plaintiff's claims are not justiciable.*

Defendant argues that the case is neither ripe nor justiciable, because the Complaint assumes that Defendant "employed" detainees through operating the Voluntary Work Program, but Defendant never created such an employment relationship with detainees. Dkt. 40 at 22, 23.

The Court has not, with any finality, resolved the issue of whether Defendant employed detainees for Minimum Wage Act purposes. To date the issue has been raised only in the context of an Order assessing the sufficiency of the pleadings under Fed. R. Civ. P. 12(b)(6). Dkt. 29 at 18 ("At least based on the pleadings, it is plausible that the Plaintiff, arguably, comes within the

State definition of "employee"). At a minimum then, ripeness and justiciability affirmative defenses should not be stricken because of this issue. As a practical matter, whether the ripeness and justiciability affirmative defenses are stricken is inconsequential, because subject-matter can be raised at any time, even after trial. Fed. R. Civ. P. 12(h)(3).

Plaintiff's motion to strike Affirmative Defenses 8.7 (ripeness) and 8.8 (justiciability) should be denied without prejudice.

### *8.9 Plaintiff has unclean hands.*

Defendant's theorizes that Plaintiff has unclean hands by seeking equitable relief under circumstances where (1) the Washington Department of Corrections runs work programs that pay inmates below the state minimum wage, (2) Plaintiff "sat idly by" while Defendant operated the Northwest Detention Center for over a decade without mention of Washington Minimum Wage Act violations, until a politically convenient opportunity. Dkt. 40 at 23.

Plaintiff characterizes Defendant's affirmative defense as "nothing more than a disagreement with Washington's law enforcement action against [Defendant]." Dkt. 37 at 20. Allowing Defendant to proceed with its affirmative defense, which is nothing more than an expression of discontent, Plaintiff opines, would frustrate Plaintiff's ability to carry out its governmental duties. *Id*.; Dkt. 42 at 15.

Defendant has made no showing that the unclean hands affirmative defense should be stricken now as a matter of law. The parties' arguments point only to differing theories about Plaintiff's motivations in bringing this case, which is not a sufficient basis to strike the defense.

Plaintiff's motion to strike Affirmative Defense 8.9 (unclean hands) should be denied without prejudice.

### *8.11 Plaintiff is not entitled to attorney's fees or costs.*

Defendant argues that Plaintiff is not entitled to the fee-shifting provision of the Washington Minimum Wage Act, because if Plaintiff prevails on that claim, such an award would duplicate any award to the plaintiff in *Chen v. GEO*, W.D.Wash. Cause No. 3:17-5769-RJB. Dkt. 40 at 25. Alternatively, Defendant continues, if Plaintiff prevails on its Unjust Enrichment claim for disgorgement, which would not trigger a fee-shifting provision, Plaintiff cannot also prevail on the Washington Minimum Wage Act claim. *Id*.

Notwithstanding Defendant's ability to challenge any award to Plaintiff, this defense should be stricken because it is not an affirmative defense, and is therefore insufficient. Plaintiff's motion to strike Affirmative Defense 8.11 (attorney's fees/costs) should be granted and the defense stricken.

### *8.13 Plaintiff has failed to exhaust all administrative remedies*

According to Defendant, Plaintiff made no efforts to consult with ICE or any other federal agency to address its state law labor concerns, but administrative action "was appropriate and possibly required." Dkt. 40 at 21. Further, Defendant argues, although Washington has dedicated an entire agency to enforcing labor laws, L&I never raised Washington Minimum Wage violations when auditing Defendant, which denied Defendant the chance to reform its conduct, discuss appropriate remedial responses, or appeal an adverse administrative finding. *Id*. at 22.

Although Defendant has provided examples of where Plaintiff could have conferred with state or federal agencies prior filing suit, Defendant has made no legal showing that exhaustion was <u>required</u> prior to Plaintiff initiating this case, either under state or federal law. The defense is legally insufficient.

Plaintiff's motion to strike Affirmative Defense 8.13 (failure to exhaust) should be granted and the defense stricken.

**B. Other affirmative defense.**

Plaintiff did not move to strike Affirmative Defense 8.3 (preemption). *See* Dkts. 37, 39. This Order makes no finding about the defense.

* * *

THEREFORE Plaintiff's Motion to Dismiss or Strike Defendant's Counterclaims and Affirmative Defenses (Dkt. 37) is GRANTED IN PART and DENIED IN PART as follows:

Counterclaims:

(1) Unjust Enrichment (Dkt. 34 at ¶¶11.1-11.8). The motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is GRANTED. The counterclaim is HEREBY DISMISSED WITHOUT PREJUDICE.

(2) Declaratory and injunctive relief (Dkt. 34 at ¶¶12.1-12.16). The motion to strike under Fed. R. Civ. P. 12(f) is DENIED WITHOUT PREJUDICE, except relief requested under the FLSA, which is stricken.

Affirmative Defenses:

(1) The motion to strike under Fed. R. Civ. P. 12(f) is GRANTED as to Affirmative Defenses 8.1 (failure to state a claim), 8.2 (statute of limitations), 8.10 (Plaintiff's unjust enrichment), 8.11 (attorney's fees/costs) and 8.12 (offset, 1st clause only—"GEO has not been unjustly enriched . . . services to detainees"), and 8.13 (failure to exhaust), which are HEREBY STRICKEN.

(2) The motion to strike is DENIED WITHOUT PREJUDICE as to Affirmative Defenses 8.4 (laches), 8.5 (failure to join L&I), 8.6 (failure to join DHS/ICE), 8.7 (ripeness), 8.8 (justiciability), 8.9 (unclean hands), and 8.12 (offset, 2nd clause only—"any award . . .. must be offset . . .").

(3) The Court makes no finding as to Affirmative Defense 8.3 (preemption).

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 28th day of February, 2018.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge