UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                Plaintiff,<br>   v.<br><br>THE GEO GROUP, INC.,<br><br>                Defendant. | CASE NO. 3:17-cv-05806-RJB<br><br>ORDER DENYING MOTION TO STRIKE GEO'S JURY DEMAND |

THIS MATTER comes before the Court on the State of Washington's Motion to Strike Jury Demand (Dkt. 43). The Court is familiar with the records and files herein and documents filed in support of and in opposition to the motion. For the reasons stated below, the motion should be DENIED without prejudice.

The defendant filed a demand for jury trial (Dkt. 8) as follows: "Pursuant to Federal Rule of Civil Procedure 38(b), the GEO Group, Inc., demands a trial by jury in the above-entitled action <u>of all issues triable by jury</u>." The demand did not specify issues that are triable by jury, as could be done under Federal Rule of Civil Procedure 38(c), nor did the briefing in opposition to the motion state with specificity the issues triable by a jury.

The plaintiff is correct in its statement that federal law controls whether there is a right to a jury trial. *See* State's Reply in Support of State's Motion to Strike Jury Demand (Dkt. 46 at 1).

ORDER DENYING MOTION TO STRIKE GEO'S JURY DEMAND - 1

Nevertheless, state law can be instructive and persuasive in determining procedural questions, even if it is not binding.

Regardless of the foregoing issues, it appears to the court that this motion is premature. Exactly what issues will remain as trial nears is yet to be seen. Motion practice may narrow issues to be tried. It is possible that some jury issues will remain for trial, and some equitable issues will also remain, making it appropriate to have a split trial, with some issues tried to a jury and other issues tried to the court. That procedure is not uncommon.

It is also possible that the court would choose to have an advisory jury, pursuant to Federal Rule of Civil Procedure 39(c). It is simply too early in the case to make final decisions on how the trial should be conducted, or to determine what issues, if any, may remain that are triable by jury.

Under these circumstances, it is appropriate for the court to deny the Motion to Strike Jury Demand without prejudice so that the issue can be properly raised and considered when the case is in the trial preparation stage. Therefore, it is now

ORDERED that the State's Motion to Strike GEO's Jury Demand (Dkt. 43) is DENIED without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 14th day of March, 2018.

ROBERT J. BRYAN
United States District Judge