1

The Honorable Robert J. Bryan

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

10

11

STATE OF WASHINGTON,

12

Plaintiff,

13

v.

14

15

THE GEO GROUP, INC.,

16

Defendant.

Case No: 3:17-cv-05806-RJB

**GEO'S MOTION FOR ORDER OF
DISMISSAL BASED ON PLAINTIFF'S
FAILURE TO JOIN REQUIRED
GOVERNMENT PARTIES, OR,
ALTERNATIVELY, TO ADD REQUIRED
GOVERNMENT PARTIES**

17

NOTE ON MOTION CALENDAR:
April 13, 2018

18

ORAL ARGUMENT REQUESTED

19

20

21

22

23

24

25

26

27

28

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES, OR,
ALTERNATIVELY, TO ADD REQUIRED GOVERNMENT PARTIES

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................ 1

I.       LEGAL STANDARDS ................................................................................. 2

II.      THE FEDERAL AGENCIES ARE REQUIRED DEFENDANTS ...................... 3

III.     THE FEDERAL AGENCIES CANNOT BE JOINED AS DEFENDANTS ........ 9

IV.      EQUITY AND GOOD CONSCIENCE REQUIRE THAT THIS CASE
         NOT CONTINUE WITHOUT ICE .......................................................... 10

CONCLUSION .......................................................................................................... 12

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES, OR,
ALTERNATIVELY, TO ADD REQUIRED GOVERNMENT PARTIES - i

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1
2
**TABLE OF AUTHORITIES**
3
**CASES:**
4

5   *Andrx Pharms., Inc v. Biovail Corp.,*
        276 F.3d 1368 (Fed. Cir. 2002)..................................................12
6
7   *Boles v. Greenville Hous. Auth.,*
        468 F.2d 476 (6th Cir. 1972)....................................................3, 9
8
9   *Clarke v. United States,*
        107 F. Supp. 3d 238 (E.D.N.Y. 2015) ...................................10
10
11  *Dawavendewa v. Salt River Proj. Agr. Imp. & Power Dist.,*
        276 F.3d 1150 (9th Cir. 2002)........................................... *passim*
12
13  *Dep't of Army v. Blue Fox, Inc.,*
        525 U.S. 255 (1999)...................................................................10
14
15  *EEOC v. Peabody W. Coal Co.,*
        400 F.3d 774 (9th Cir. 2005)............................................ *passim*
16
17  *FDIC v. Meyer,*
        510 U.S. 471 (1994)...................................................................10
18  *Hopper v. John Doe Myers Rec. Coach NW Det. Ctr.,*
        No. C05-5680, 2006 WL 2597915 (W.D. Wash. Sept. 8, 2006) .....................10
19
20  *Lopez v. Arraras,*
        606 F.2d 347 (1st Cir. 1979).......................................................9
21
22  *McCowen v. Jamieson,*
        724 F.2d 1421 (9th Cir. 1984).............................................2, 6, 9
23
24  *Mudarri v. State,*
        147 Wn. App. 590, 196 P.3d 153 (2008) ...................................5
25
26  *Oregon v. Ashcroft,*
        192 F. Supp. 2d 1077 (D. Or. 2002) .......................................12
27

28
STATE OF WASHINGTON v. GEO GROUP                          III BRANCHES LAW, PLLC
ECF CASE NO. 3:17-cv-05806-RJB                                    Joan K. Mell
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S      1019 Regents Blvd. Ste. 204
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES, OR,                 Fircrest, WA 98466
ALTERNATIVELY, TO ADD REQUIRED GOVERNMENT PARTIES - ii          253-566-2510 ph
                                                               joan@3brancheslaw.com

*Palomera v. ICE*,
   No. 1:09-cv-0318, 2009 WL 973669 (N.D. Ga. Apr. 8, 2009)...........................................10

*Provident Tradesmens Bank & Trust Co. v. Patterson*,
   390 U.S. 102 (1968) ................................................................................................................2

*Rangel v. United States*,
   No. CV-10-3096, 2010 WL 5018370 (E.D. Wash. Dec. 3, 2010)....................................10

*United States v. Mitchell*,
   445 U.S. 535 (1980) ...........................................................................................................9, 10

*United States v. Sweeny*,
   418 F. Supp. 2d 492 (S.D.N.Y. 2006) ................................................................................3

*United States ex rel. Touhy v. Ragen*,
   340 U.S. 462 (1951) ................................................................................................................4

*Wilber v. Locke*,
   423 F.3d 1101 (9th Cir. 2005) ..............................................................................................5

**STATUTES:**

5 U.S.C. § 301 ................................................................................................................................4

8 U.S.C. § 1103(a)(11) .................................................................................................................1

8 U.S.C. § 1231 ............................................................................................................................1

8 U.S.C. § 1555(d) .......................................................................................................................7

**REGULATIONS:**

6 C.F.R. §§ 5.41 *et seq.* ...............................................................................................................4

8 C.F.R. § 236.6 ...........................................................................................................................4

**RULES:**

Fed. R. Civ. P. 12(b)(7)................................................................................................................1

Fed. R. Civ. P. 12(h)(2)................................................................................................................1

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES, OR,
ALTERNATIVELY, TO ADD REQUIRED GOVERNMENT PARTIES - iii

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Fed. R. Civ. P. 19(a).....................................................................................1, 2, 4, 5

Fed. R. Civ. P. 19(b) ...................................................................................1, 2, 3, 10

**OTHER AUTHORITIES:**

7 Wright & Miller, Fed. Prac. & Proc. § 1609..........................................................3

INS General Counsel, *The Applicability of Employer Sanctions to Alien
    Detainees Performing Work in INS Detention Facilitie*s, General Counsel
    Op. No. 92-8, 1992 WL 1369347 (Feb. 26, 1992).........................................8, Appendix A

INS General Counsel, *Your CO 243-C Memorandum of November 15, 1991;
    DOD Request for Alien Labor*, General Counsel Op. No. 92-63, 1992 WL
    1369402 (Nov. 13, 1992) ............................................................ 7, Appendix B

Performance Based National Detention Standards ("PBNDS"), § 5.8 .................7, 8

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES, OR,
ALTERNATIVELY, TO ADD REQUIRED GOVERNMENT PARTIES - iv

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1

**INTRODUCTION**

2

3      The State of Washington ("State") has brought this suit solely against The GEO Group,

4   Inc. ("GEO"), leaving out the Department of Homeland Security—Immigration and Customs

5   Enforcement ("ICE"), GEO's contracting partner at the Northwest Detention Center ("NWDC").

6   ICE, however, dictates the conditions of confinement for immigration processing purposes, such

7   as GEO's staffing ratios and the challenged Voluntary Work Program ("VWP") that offers a

8   dollar-per-day allowance.  Nothing about the number of people GEO employs at the NWDC or

9
    the allowance offered to VWP participants can change unilaterally without ICE's consent.[1]  Yet
10

11   here, the State demands the Court to order substantive changes at the NWDC that impact facility

12   operations—including the use of government appropriations—without ICE's involvement.

13      Under analogous Ninth Circuit precedents, ICE is required to be joined to this case.

14   However, the State has pled claims—under the state's Minimum Wage Act ("MWA") and unjust

15
     enrichment—that restrict joinder because the federal agencies have sovereign immunity.  In
16

17   equity and good conscience, the Court may not subject GEO to further proceedings without

18   joining ICE.  Because it is not feasible to do so, the Court must dismiss the case under Fed. R.

19
     Civ. P. 19(b)—a consequence of a problem ***the State*** created by trying to by-pass the federal
20

21   agencies that set the policy the State disputes.  Alternatively, the Court may grant leave to the

22   State to amend its causes of action to join ICE as a required party under Rule 19(a).[2]

23

24
    [1] Although ICE is GEO's contractual counterparty, ICE is a division of the Department of Homeland Security
25   ("DHS").  Because DHS is likely a required or indispensable party for the same reason that ICE is, GEO uses the
     term "ICE" to refer to both ICE and DHS, and requests an order that both ICE and DHS be named as parties.
26   Additionally, relevant immigration laws also direct action by the U.S. Attorney General. *See* 8 U.S.C. §§
     1103(a)(11), 1231.  To the extent ICE may not act without the U.S. Attorney General, it too should be named.
27   [2] Although nonjoinder of an indispensable party may be brought as a motion to dismiss before a defendant even
     answer a complaint, *see* Fed. R. Civ. P. 12(b)(7), it may also be brought later, *see* Fed. R. Civ. P. 12(h)(2).  Further,
28

STATE OF WASHINGTON v. GEO GROUP                                III BRANCHES LAW, PLLC
ECF CASE NO. 3:17-cv-05806-RJB                                                      Joan K. Mell
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S              1019 Regents Blvd. Ste. 204
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES, OR,                                Fircrest, WA 98466
ALTERNATIVELY, TO ADD REQUIRED GOVERNMENT PARTIES  - 1                       253-566-2510 ph
                                                                          joan@3brancheslaw.com

1

## ARGUMENT

2

## I.   LEGAL STANDARDS.

3

4

Under Rule 19(a), a person subject to service of process and whose joinder will not

5

deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that

6

person's absence, the court cannot accord complete relief among existing parties; or (B) that

7

person claims an interest relating to the subject of the action and is so situated that disposing

8

of the action in the person's absence may: (i) as a practical matter impair or impede the

9

person's ability to protect the interest; or (ii) leave an existing party subject to a substantial

10

risk of incurring double, multiple, or otherwise inconsistent obligations because of the

11

12

interest.[3]  If such a person is absent, the Court must order the person to be joined as a party.[4]

13

However, sometimes joinder is not feasible.  In that case, a court must determine

14

whether, in equity and good conscience, the action can proceed among the existing parties or

15

16

should be dismissed.[5]  The court considers, in a "practical" manner:[6] (1) the extent to which a

17

judgment rendered in the person's absence might prejudice that person or the existing parties;

18

(2) the extent to which any prejudice could be lessened or avoided by: (A) protective

19

provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a

20

21

judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff

22

23

24

25

protection of an absentee party is sufficiently important that it can be raised at any stage or proceedings, or by the court *sua sponte*.  *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968); *McCowen v. Jamieson*, 724 F.2d 1421, 1424 (9th Cir. 1984).

26

[3] Fed. R. Civ. P. 19(a)(1).

[4] Fed. R. Civ. P. 19(a)(2).

27

[5] Fed. R. Civ. P. 19(b)(1).

[6] *See, e.g.*, *Dawavendewa v. Salt River Proj. Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1154 (9th Cir. 2002).

28

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES, OR,
ALTERNATIVELY, TO ADD REQUIRED GOVERNMENT PARTIES  - 2

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1    would have another adequate remedy if the action were dismissed for nonjoinder.[7]

2        Rule 19 motions are determined under a burden-shifting approach.  A movant must

3    make a *prima facie* showing that an absent party is required to be joined.[8]  If the movant

4    makes a sufficient showing, the burden then shifts to the nonmovant to negate it.[9]  If the

5    nonmovant does not, the court should either dismiss the case or order the plaintiff to amend its

6    claim to join the absent party, if possible.[10]

7        ICE is a required party because the Court cannot even ascertain how to calculate the

8    requested relief without ICE's involvement: ICE controls all the detainee files and sets GEO

9    staffing ratios.  Without ICE's consent, GEO will face inconsistent obligations under its

10   contract with ICE if the Court decides that detainees at NWDC participating in the VWP—a

11   program GEO must administer under ICE's own standards and the ICE-GEO contract—are

12   deemed GEO's "employees."  GEO will be simultaneously required to hire them and

13   prohibited from doing so under federal law and the terms of its contract with ICE.  Although

14   ICE is a required party, it cannot be joined to this case because the State relies entirely on a

15   state wage and unjust enrichment law that do not abrogate ICE's sovereign immunity.  In

16   equity and good conscience this case cannot proceed without ICE as a party.  The core

17   element of this case—whether aliens detained by ICE are GEO's "employees" entitled to a

18   minimum wage—does not permit any tailored remedy that avoids inconsistent obligations to

19   GEO or rewriting the ICE-GEO contract.  Therefore, the Court should dismiss the case.

---

[7] Fed. R. Civ. P. 19(b)(1)-(4).
[8] *Boles v. Greenville Hous. Auth.*, 468 F.2d 476, 478 (6th Cir. 1972); *United States v. Sweeny*, 418 F. Supp. 2d 492, 499 (S.D.N.Y. 2006); *see also* 7 Wright & Miller, Fed. Prac. & Proc. § 1609.
[9] *Id.*
[10]  *See id.*

STATE OF WASHINGTON v. GEO GROUP                                III BRANCHES LAW, PLLC
ECF CASE NO. 3:17-cv-05806-RJB                                          Joan K. Mell
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S          1019 Regents Blvd. Ste. 204
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES, OR,                          Fircrest, WA 98466
ALTERNATIVELY, TO ADD REQUIRED GOVERNMENT PARTIES  - 3            253-566-2510 ph
                                                                      joan@3brancheslaw.com

## II.   THE FEDERAL AGENCIES ARE REQUIRED DEFENDANTS.

Rule 19 requires joinder of a non-party for several reasons.  First, an absent party may be required if complete relief is impossible among parties already joined to an action.[11]  Under Rule 19(a)(1)(A), a court will focus on whether a party's absence will undercut or invalidate the relief the court can grant to the parties already involved in the case.  Second, an absent party may be required if a judgment in that party's absence either damages the absent party's interest[12] or "leaves an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the [absent party's] interest."[13]

When a plaintiff sues one party to a contract over actions that relate to that contract, the absent contracting party is a required party.  In *Dawavendewa*, the plaintiff sought to enjoin hiring preferences by the defendant lessee that were allegedly illegal under federal law.[14]  The defendant lessee argued that the tribe—the owner of the land and the defendant's lessor—was required to join the action because the hiring practices underlying the case were required by the defendant's lease with the tribe.[15]  The Ninth Circuit held that the court could

---

[11] Fed. R. Civ. P. 19(a)(1)(A).

[12] Rule 19(a)(B)(i) applies when proceeding without a party would "as a practical matter impair or impede the person's ability to protect [its] interest."  As a practical matter, litigating this case against GEO alone is likely to raise significant practical difficulties because DHS and ICE controls detainee information under federal regulations: "No person, including . . . any privately operated detention facility, that houses, maintains, provides services to, or otherwise holds any detainee on behalf of [DHS] (whether by contract or otherwise), and no other person who by virtue of any official or contractual relationship with such person obtains information relating to any detainee, shall disclose or otherwise permit to be made public the name of, or other information relating to, such detainee. Such information shall be under the control of [DHS] and shall be subject to public disclosure only pursuant to the provisions of applicable federal laws, regulations and executive orders." 8 C.F.R. § 236.6.  Additionally, DHS has its own housekeeping regulations that require agency approval for disclosure of information. *See* 5 U.S.C. § 301; 6 C.F.R. §§ 5.41 *et seq.*; *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).  Thus, proceeding without the appropriate federal agencies will put GEO in the position of having to produce information that is under the federal government's control and which GEO is statutorily prohibited from disclosing.

[13] Fed. R. Civ. P. 19(a)(1)(B).

[14] 276 F.3d at 1153.

[15] *Id.*

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES, OR,
ALTERNATIVELY, TO ADD REQUIRED GOVERNMENT PARTIES  - 4

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1  not accord complete relief without adding the tribe.[16]  The court reasoned that even if the

2  plaintiff won his claim against the defendant lessee, the non-party tribe would not be bound

3  by that judgment.[17]  Thus, the tribe would be free to simply terminate the defendant's lease

4  and enter a new lease with a new party that again required the hiring terms that the plaintiff

5  claimed were illegal.[18]  Because this would undercut the plaintiff's relief "even if victorious,"

6  the tribe was a required party under Rule 19(a)(1)(A).  The Ninth Circuit concluded that it was

7

8  a "fundamental principle" that "*a party to a contract is necessary, and if not susceptible to*

9  *joinder, indispensable to litigation seeking to decimate that contract*."[19]  The State knows

10  this: it has prevailed on the same theory before.[20]

11

12      A party is also likely to face inconsistent obligations when it is sued for actions it took

13  in performance of a contract, but its contractual counterparty is absent from the suit.  The

14  Ninth Circuit addressed this problem in *EEOC v. Peabody Western Coal Co.*,[21] which, like

15  *Dawavendewa*, involved a suit that focused on the enforceability of the terms of a lease.[22]

16

17  The EEOC filed a suit against a coal company, claiming that the company engaged in

18  preferential hiring practices that violated federal law.[23]  But those practices were required

19  under its lease with the Native American nations ("Nation") that owned the land, and had also

20

21

22

23  [16] *Id.* at 1155-56.
[17] *Id.* at 1155.
24  [18] *Id.* at 1155-56.
[19] *Id.* at 1157 (emphasis added); *see also Wilber v. Locke*, 423 F.3d 1101, 1113 (9th Cir. 2005) (same) abrogated on
25  other grounds by *Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010).
[20] *Mudarri v. State*, 147 Wn. App. 590, 196 P.3d 153 (2008) (a direct or collateral attack on a contract requires
26  joinder of both parties to the contract).
[21] 610 F.3d 1070 (9th Cir. 2010).
27  [22] *Id.* at 1078.
[23] *Id.* at 1074.
28  STATE OF WASHINGTON v. GEO GROUP                        III BRANCHES LAW, PLLC
ECF CASE NO. 3:17-cv-05806-RJB                              Joan K. Mell
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S    1019 Regents Blvd. Ste. 204
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES, OR,            Fircrest, WA 98466
ALTERNATIVELY, TO ADD REQUIRED GOVERNMENT PARTIES  - 5     253-566-2510 ph
                                                            joan@3brancheslaw.com

been approved by the Department of the Interior ("DOI").[24]  The Nation was a required party to the action because a judgment against the coal company in the absence of the Nation would put the company "between the proverbial rock and a hard place—comply with the injunction prohibiting the hiring preference policy or comply with the lease requiring it."[25]

But the Ninth Circuit further held that the DOI was a required party to the case because (1) a decision in the EEOC's favor would subject the company to "pay damages for having engaged in conduct that was mandated by the [DOI]" for which it would not be able to seek indemnification in the DOI's absence, and (2) injunctive relief granted against the coal company would mean that the company would be required by a court order to disregard the lease provision but the DOI would be free to enforce it "upon pain of losing the leases."[26]  The DOI had a direct interest in the case even though it was not a signatory to the leases because a judgment against the coal company would either require the DOI to modify its lease-approval processes or to continue to enforce them and leave the coal company with conflicting obligations.[27]  Thus, the DOI was a required party under Rule 19.

The Ninth Circuit has also found a federal agency to be a required party when a plaintiff sues a defendant for conduct in accord with the absent agency's policies.  In *McCowen v. Jamieson*,[28] a state agency was sued to enjoin certain practices relating to its distribution of food stamps.[29]  Although federal regulations required the state agency to reissue food stamps within five days of a recipient's report that the stamps were lost, the state

---

[24] *Id.* at 1074-75.
[25] *Id.* at 1078 (quoting *Peabody*, 400 F.3d 774; *Dawavendewa*, 276 F.3d at 1156).
[26] *Id.* at 1081.
[27] *Id.* at 1081-82.
[28] 724 F.2d 1421 (9th Cir. 1984).
[29] *Id.* at 1422.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES, OR,
ALTERNATIVELY, TO ADD REQUIRED GOVERNMENT PARTIES  - 6

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1    agency had been granted a waiver by the United States Department of Agriculture to respond

2    within fifteen days.[30]  The district court enjoined the state agency to reissue the stamps within

3    ten days, despite the waiver.[31]  On appeal, the Ninth Circuit held that the federal agency was a

4    required party because the state agency had been merely "following the direction of the

5    [federal agency] in applying a modification of the administrative regulations."[32]  Because the

6    "thrust of the action [wa]s against the [federal] agency's interpretation of its own regulations,

7    naming subordinates as defendants in the action d[id] not negate the [federal agency's]

8    indispensability."[33]  Further, the panel reached this conclusion despite the agency's own lack

9    of intervention—and, indeed, of any apparent involvement in or response to the case at all.[34]

10

11

12          Here, ICE is a required party because the Court cannot afford complete relief to the

13   State without joining ICE.  The State is seeking to prevent GEO from administering the VWP

14   without paying minimum wage to detainee participants.  But GEO is required by the contract

15   to administer the VWP, and the reimbursement rate for the $1 daily allowance is specified by

16   the contract.[35]  ICE must consent to any adjustment to the $1 rate—unsurprisingly, since the

17   allowance impacts governmental appropriations.[36]  Substituting competitive wage earning

18

19

20   ———————————————

21   [30] *Id.* at 1422-23.
     [31] *Id.* at 1423.

22   [32] *Id.* at 1424.
     [33] *Id.*

23   [34] *Cf. id.* at 1424-25 (dissenting judge arguing that agency was not a required party because it was not "knocking at
     the door" to join the suit).

24   [35] *See* ICE-GEO Contract at 9, 82 (requiring VWP and incorporating PBNDS payment terms).  Paragraph 4.3 of
     Complaint alleges that the PBNDS "require [GEO] to pay detainees at least $1 per day for their labor."   To the

25   extent the State is alleging that the PBNDS is consistent with payment of a minimum wage to detainees, this is also
     a reason why ICE is a required party, because that allegation is sharply inconsistent with ICE's own policy, and

26   prior statements of the INS general counsel.  INS General Counsel, *Your CO 243-C Memorandum of November 15,
     1991; DOD Request for Alien Labor,* General Counsel Op. No. 92-63, 1992 WL 1369402 (Nov. 13, 1992)

27   (explaining that amount of payment to detainees derives from federal statute, 8 U.S.C. § 1555(d)) at Appendix B.
     [36] ICE-GEO Contract, ECF 19 at 9; 8 U.S.C. § 1555(d); Genco No. 92-63, 1992 WL 1369402.

28   STATE OF WASHINGTON v. GEO GROUP                              III BRANCHES LAW, PLLC
     ECF CASE NO. 3:17-cv-05806-RJB                                          Joan K. Mell
     GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S          1019 Regents Blvd. Ste. 204
     FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES, OR,                          Fircrest, WA 98466
     ALTERNATIVELY, TO ADD REQUIRED GOVERNMENT PARTIES  - 7                    253-566-2510 ph
                                                                         joan@3brancheslaw.com

1   employees for detainees has the same effect because ICE approves the staffing ratios.[37]  Even

2   if the Court were to declare detainees to be GEO's "employees" under Washington's

3   minimum wage law and enjoin GEO to pay minimum wages, the order will not bind ICE.

4   Consequently, ICE would be free to manage the facility itself or find another contractor not

5   subject to the Court's order to administer the VWP under the same terms in force now, giving

6   no real relief to the State but imposing tremendous prejudice on GEO.   This is like

7   *Dawavendewa*, in which an absent Native American tribe was deemed a required party

8   because it could cancel the defendant's lease and re-lease to another party on identical terms.[38]

9

10

11         ICE is also a required party because GEO will face inconsistent obligations if ICE is

12   not joined.  The INS (now ICE) general counsel has expressly opined that detainees in its own

13   or in contract facilities are ***not*** employees.[39]  Accordingly, GEO administers the VWP to

14   detainees, but does not employ them.[40]  Indeed, the ICE-GEO contract expressly distinguishes

15   between detainee activities and employment,[41] and GEO cannot hire detainees.[42]  ICE requires

16   GEO to (1) "perform pre-employment suitability checks for all employees and prospective

17   employees;"[43] (2) hire only people who are at least lawful permanent residents who have lived

18   in the United States for at least five years and who qualify through I-9 eligibility and the pre-

19

20

21

22   [37] ICE-GEO Contract, ECF 19 at 55-56.
    [38] 276 F.3d at 1155-56.
23   [39] INS General Counsel, *The Applicability of Employer Sanctions to Alien Detainees Performing Work in INS
    Detention Facilitie*s, General Counsel Op. No. 92-8, 1992 WL 1369347, at *1 (Feb. 26, 1992) (concluding that
24   detainees are not "employees" for work done in detention, because "[a] detainee performs work for institution
    maintenance, not compensation") at Appendix A.
25   [40] Performance Based National Detention Standards ("PBNDS"), §5.8 (describing VWP as "expected practice");
    ICE-GEO Contract, ECF 19 at 45, 82.
26   [41] *Id.* ("Detainees shall not be used to perform the responsibilities or duties of an employee of the Contractor.").
    ICE's contract with GEO requires it to regulate conduct between detainees and employees.  *Id.* at 62-63, 76.
27   [42] *See id.* at 45, 47, 57, 62-66, 76.
    [43] *Id.* at 57.
28   STATE OF WASHINGTON v. GEO GROUP                          III BRANCHES LAW, PLLC
    ECF CASE NO. 3:17-cv-05806-RJB                                   Joan K. Mell
    GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S        1019 Regents Blvd. Ste. 204
    FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES, OR,                    Fircrest, WA 98466
    ALTERNATIVELY, TO ADD REQUIRED GOVERNMENT PARTIES  - 8             253-566-2510 ph
                                                                     joan@3brancheslaw.com

employment suitability standards;[44] and (3) report and suspend any employee with a "record of arrests."[45]  These requirements typically exclude all detainees.

Deeming detainees to be GEO's "employees" would conflict with the plain terms of the contract.  As the Ninth Circuit recognized in *Peabody*, such a result would put GEO "between the proverbial rock and a hard place" by forcing it to choose between complying with this Court's order and violating its contract with ICE, or complying with the contract and facing contempt proceedings instead.[46]  Further, ICE's interest in protecting its own policies counsels in favor of finding that it is a required party.[47]  In a forceful recent letter, eighteen members of Congress urged federal agencies to answer the kinds of unsustainable allegations that the State makes here.[48]  Because complete relief cannot be accorded without ICE, and GEO will face inconsistent obligations, ICE is a required party under Rule 19.

## III.    THE FEDERAL AGENCIES CANNOT BE JOINED AS DEFENDANTS.

Federal agencies are immune from suit unless Congress has specifically authorized suits against them.  "It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[49]  Thus, "[a]bsent a waiver, sovereign immunity

---

[44] *Id.* at 63.
[45] *Id.* at 64-65.
[46] *See* 610 F.3d at 1082.
[47] *See McCowen*, 724 F.2d 1421; *see also Boles*, 468 F.2d at 479 (courts are "most hesitant to ... allow[] the policies and practices of [any] federal agency to be overhauled by the judiciary without at least affording the agency the opportunity to be heard in support of its present operation"); *Lopez v. Arraras*, 606 F.2d 347, 353 (1st Cir. 1979) (finding Housing and Urban Development ("HUD") to be a required party when it had "not had a chance to explain the intricacies of its relationship with the [defendant] local housing authority and … [the court was] loath to resolve this controversy without affording HUD the occasion to fully present its position").
[48] *See* March 7, 2018 Letter to Attorney General, Secretary of Labor and Acting Director of DHS, Exhibit A.
[49] *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (alterations omitted).

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES, OR,
ALTERNATIVELY, TO ADD REQUIRED GOVERNMENT PARTIES  - 9

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1   shields the Federal Government and its agencies from suit."[50]  Like any other federal agency,

2   ICE is protected by sovereign immunity apart from any express statutory waiver.[51]

3   ICE's sovereign immunity bars it from being joined to defend against the State's

4   claims under the MWA and for unjust enrichment, as pled.  The State's claim for monetary

5   relief is barred by sovereign immunity without an express waiver.[52]  Neither the MWA nor

6   Washington common law offers any route to abrogate ICE's sovereign immunity.  A *state* law

7   cannot waive the ***federal government's*** sovereign immunity, without consent; the State has

8   alleged no such consent.  The federal agencies cannot be joined as parties.

## IV.   EQUITY AND GOOD CONSCIENCE REQUIRE THAT THIS CASE NOT CONTINUE WITHOUT ICE.

Under Rule 19(b), the Court considers several factors to determine if it can proceed

without a required party:  (1) the extent of the prejudice to any party from proceeding without

the required party; (2) whether that prejudice could be lessened or avoided by tailoring relief

or taking other equivalent measures; (3) whether any judgment could be adequate without the

required party; and (4) whether the plaintiff has another remedy if the action were dismissed.[53]

These factors favor dismissing the State's claims.  First, any judgment on the merits

without ICE's joinder would subject GEO to substantial prejudice.  In *Peabody*, the Ninth

---

[50] *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)).
[51] *See, e.g.*, *Clarke v. United States*, 107 F. Supp. 3d 238 (E.D.N.Y. 2015) (sovereign immunity barred wrongful death claim against ICE); *Rangel v. United States*, No. CV-10-3096, 2010 WL 5018370 (E.D. Wash. Dec. 3, 2010) (sovereign immunity barred *Bivens* claim against ICE); *Palomera v. ICE*, No. 1:09-cv-0318, 2009 WL 973669, (N.D. Ga. Apr. 8, 2009) (sovereign immunity barred § 1983 suit, *Bivens* action, and state law claims against ICE); *Hopper v. John Doe Myers Rec. Coach NW Det. Ctr.*, No. C05-5680, 2006 WL 2597915 (W.D. Wash. Sept. 8, 2006) (ICE properly dismissed from suit for damages and injunctive relief on sovereign immunity grounds).
[52] *Mitchell*, 445 U.S. at 538.  Though the State has claimed that it seeks only equitable relief, the State's allegedly "equitable" relief is truly just a disguised claim for damages in the form of "fair wages."  *See* ECF 45, 2-6.  *See* Complaint, ECF 1 at ¶ 6.5 ("Defendant benefits by retaining the difference between the $1 per day that it pays detainees and the fair wage that it should pay for work performed at NWDC.").
[53] Fed. R. Civ. P. 19(b)(1).

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES, OR,
ALTERNATIVELY, TO ADD REQUIRED GOVERNMENT PARTIES  - 10

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Circuit held that a plaintiff's money damages claim could not justly proceed without joining the federal agency because the defendant's liability was incurred only by following the agency's policies.  The court explained that the defendant's "only sin, if indeed it was a sin, was to comply with [a contract provision] inserted in its lease at the insistence of the Secretary [of a federal agency].  It would be profoundly unfair for a court to award damages against [the defendant] while allowing [the defendant] no redress against the government."[54]

So too here: the State is seeking to force GEO to "disgorge" money that it was allegedly required to pay for VWP participation as a "fair wage," even though ICE's standards and the ICE-GEO contract requires GEO to administer the VWP and prohibits GEO from hiring detainees.[55]  As in *Peabody*—the State's claim for a money judgment, at least, must be dismissed.  And while federal agencies may be subject to injunctive claims under the Administrative Procedure Act ("APA"),[56] the State has not taken that route here.  The State created the problem by trying to indirectly topple longstanding federal agency practice by attacking the agency's contractor.  GEO is prejudiced if this claim proceeds without ICE.

Second, that prejudice cannot be avoided by any tailored remedy.  For the State to be entitled to any of the relief it seeks, this Court must first declare that detainees at NWDC who participate in the VWP are GEO's employees.  But as explained above, GEO's contract simultaneously requires it to offer the VWP and prohibits it from employing detainees.  Also, ICE controls GEO staffing ratios by limiting post assignments.  Logically, no declaration could be tailored to avoid these predicaments.  If the Court found on the merits for the State,

---

[54] *Peabody*, 610 F.3d at 1084.
[55] Complaint, ECF 1 at ¶¶ 6.5, 7.6.
[56] *See* 610 F.3d at 1085-86.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES, OR,
ALTERNATIVELY, TO ADD REQUIRED GOVERNMENT PARTIES  - 11

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1   GEO would incur duties under the Court's order that conflict with its duties under its contract

2   with ICE, and would continue to face additional suits alleging such liability.[57]   Indeed, a

3   declaration that detainees at NWDC became GEO's "employees" without violating IRCA,[58]

4   would override the agency's own legal opinion that detainees are not employees.[59]

5

6        Third, the State's own relief cannot be complete without an order that binds ICE.   An

7   absent party's ability to continue the conduct of which the defendant is accused undercuts a

8   plaintiff's relief.[60]   Even if the State received everything it seeks, ICE could still continue its

9   VWP policies by running its own detention facility, or by switching contractors.

10

11       Fourth and finally, the State likely has other opportunities to carry out its agenda.   As

12   in *Peabody*, the State may be able to file an APA claim or declaratory action to challenge

13   ICE's policy directly.[61]   But it is not equitable or in good conscience to allow the State to

14   pursue its claims against GEO alone, without joining the federal agency that sets the

15   policies.[62]   If the required parties cannot be joined, the State's claims should be dismissed.

16

17                                    **CONCLUSION**

18       The Court should issue an order dismissing the State's case because ICE is a required

19   party that cannot feasibly be joined.   Alternatively, the Court should order the State to add

20   ICE and all required parties.

21

22   _____

23   [57] *See Dawavendewa*, 276 F.3d at 1162 (holding both that relief could not be shaped to avoid prejudice to either the
     defendant or the absent contractual counterparty and that a damages award would not "resolve [the defendant's]
24   potential liability to other plaintiffs...").
     [58] 8 U.S.C. 1324a.
25   [59] *See* Genco Op. 92-8, 1992 WL 1369347, at *1.
     [60] *See, e.g., id.* at 1155 (noting that the absent party could "still attempt to enforce the [offending] lease provision
26   [or] attempt to terminate [the defendant's] rights").
     [61] *See* 610 F.3d at 1085-87; *see also Andrx Pharms., Inc v. Biovail Corp.*, 276 F.3d 1368, 1378-39 (Fed. Cir. 2002);
27   *Oregon v. Ashcroft*, 192 F. Supp. 2d 1077, 1087 (D. Or. 2002).
     [62] *Dawavendewa*, 276 F.3d at 1162-63.
28   STATE OF WASHINGTON v. GEO GROUP                          III BRANCHES LAW, PLLC
     ECF CASE NO. 3:17-cv-05806-RJB                                    Joan K. Mell
     GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S      1019 Regents Blvd. Ste. 204
     FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES, OR,                   Fircrest, WA 98466
     ALTERNATIVELY, TO ADD REQUIRED GOVERNMENT PARTIES  - 12         253-566-2510 ph
                                                                   joan@3brancheslaw.com

1    Dated:    March 20, 2018                  **III BRANCHES LAW, PLLC**

2

3

                                        By: _____

4                                           Joan K. Mell WSBA #21319

                                          1019 Regents Blvd. Ste. 204

5                                           Fircrest, WA 98466

                                          253-566-2510 (p)

6                                           281-664-4643 (f)

7                                           joan@3brancheslaw.com

8                                        **NORTON ROSE FULBRIGHT US LLP**

                                          Charles A. Deacon

9                                        300 Convent St.

                                          San Antonio, Texas 78205

10                                       Telephone: (210) 270-7133

                                          Facsimile:  (210) 270-7205

11                                      charlie.deacon@nortonrosefulbright.com

12                                      **NORTON ROSE FULBRIGHT US LLP**

                                          Mark Emery

13                                      799 9th Street NW, Suite 1000

                                          Washington, DC  20001-4501

14                                       Telephone: (202) 662-0210

                                          Facsimile: (202) 662-4643

15                                      mark.emery@nortonrosefulbright.com

16                                      **ATTORNEYS FOR DEFENDANT THE**

17                                      **GEO GROUP, INC.**

18

19

20

21

22

23

24

25

26

27

28

STATE OF WASHINGTON v. GEO GROUP                    III BRANCHES LAW, PLLC
ECF CASE NO. 3:17-cv-05806-RJB                           Joan K. Mell
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S     1019 Regents Blvd. Ste. 204
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES, OR,           Fircrest, WA 98466
ALTERNATIVELY, TO ADD REQUIRED GOVERNMENT PARTIES  - 13      253-566-2510 ph
                                                             joan@3brancheslaw.com

1
2

**CERTIFICATE OF SERVICE**

3        I, Joseph Fonseca, hereby certify as follows:

4        I am over the age of 18, a resident of Pierce County, and not a party to the above action.  On March

5    20, 2018, I electronically filed the above GEO's Motion For Order of Dismissal Based on Plaintiff's

6    Failure to Join Required Government Parties, or, Alternatively, To Add Required Government Parties,

7    with the Clerk of the Court using the CM/ECF system and served via Email to the following:

8
     Office of the Attorney General                    Norton Rose Fulbright US LLP
9    La Rond Baker, WSBA No. 43610                      Mark Emery (Pro Hac Vice)
     Marsha Chien, WSBA No. 47020                       799 9th St. NW, Suite 1000
10   Andrea Brenneke, WSBA No. 22027                    Washington, DC 20001-4501
     800 Fifth Avenue, Suite 2000                       (202)-662-0210
11   Seattle, WA 98104                                  mark.emery@nortonrosefulbright.com
     LaRondB@atg.wa.gov
12   MarshaC@atg.wa.gov
     andreab3@atg.wa.gov
13
14
     Norton Rose Fulbright US LLP                       Norton Rose Fulbright US LLP
15   Charles A. Deacon (Pro Hac Vice)                   Andrea D'Ambra (Pro Hac Vice)
     300 Convent St.                                    1301 Avenue of the Americas
16   San Antonio, TX 78205                              New York, NY 10019
     (210)-270-7133                                     (212)-318-3015
17   charlie.deacon@nortonrosefulbright.com             andrea.dambra@nortonrosefulbright.com
18
19        I certify under penalty of perjury under the laws of the State of Washington that the above

20   information is true and correct.

21        DATED this 20th day of March, 2018 at Fircrest, Washington.

22
23
24        Joseph Fonseca, Paralegal

25
26
27
28
     STATE OF WASHINGTON v. GEO GROUP                              III BRANCHES LAW, PLLC
     ECF CASE NO. 3:17-cv-05806-RJB                                      Joan K. Mell
     GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S         1019 Regents Blvd. Ste. 204
     FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES, OR,                     Fircrest, WA 98466
     ALTERNATIVELY, TO ADD REQUIRED GOVERNMENT PARTIES  - 14            253-566-2510 ph
                                                                      joan@3brancheslaw.com

# Appendix A

**Applicability of Employer Sanctions to Alien Detainees**

Genco Op. No. 92-8 (INS), 1992 WL 1369347

U.S. Department of Justice

Immigration and Naturalization Service

General Counsel's Office

Legal Opinion: The Applicability of Employer Sanctions to Alien Detainees Performing Work in INS Detention Facilities

**G. H. Kleinknecht, Associate Commissioner, Enforcement**

February 26, 1992

## I. QUESTION PRESENTED

**\*1** Does work performed by alien detainees in a detention facility operated by or contracted through the Immigration and Naturalization Service (INS or the Service) subject the Service to the employer sanctions provisions of the Immigration and Nationality Act (the Act)?[1]

## II. SUMMARY CONCLUSION

No. Alien detainees who perform work for the INS while in INS custody in a contract or Service detention facility are not considered "employees" for purposes of employer sanctions.

## III. LEGAL ANALYSIS

Background. On April 22, 1988, the Office of General Counsel opined to the Field Advisory Committee that inmates who perform duties in federal and state penal institutions are not subject to the employer sanctions provisions as set forth in § 274A of the Act.[2] At that time the issue of work performed by alien detainees in INS operated or controlled detention facilities was not addressed. This supplemental memorandum is therefore provided.

Analysis. In 1988, we determined that inmates who perform duties pursuant to prison work programs and receive gratuity for so doing are not subject to employer sanctions provisions as set forth in § 274A of the Act because no employer/employee relationship is ever formed. Inmates may be required to participate in an institutional work program, and for that participation receive remuneration. Work performed is for the purpose of rehabilitation and institutional maintenance, not compensation. Therefore, an inmate who participates in a work program in a state or federal facility is not doing so "for wages or other remuneration" and is not therefore an "employee" as defined by 8 C.F.R. § 274a.1(f). Likewise, the facility does not engage an inmate's services "for wages or other remuneration" and cannot be an employer as defined by 8 C.F.R § 274a.1(g).

Similarly, an alien detained in an INS facility does not meet the definition of "employee", nor does the INS meet the definition of "employer." A detainee performs work for institution maintenance, not compensation. The allowance paid to a detainee for work performed is specifically provided for by 8 U.S.C. § 1555(d) and currently limited by Congress to $1 per day.[3] This payment does not constitute an appointment of the detainee to the position of a federal employee.[4] The allowance is not subject to the provisions of the Fair Labor Standards Act (FLSA).[5]

Further, the specific Congressional intent behind the passage of the employer sanctions provision of the Act was to deter illegal immigration by removing the lure of employment. Work performed by alien detainees is incident to their detention. Therefore, this is certainly not the type of employment to which Congress referred as creating a magnet for illegal aliens.

**\*2** Therefore, we conclude that the work performed by alien detainees in INS custody does not fall within the purview of the employer sanctions provisions.

/s/ GROVER JOSEPH REES III

General Counsel

**Attachment**

| Footnotes | |
|---|---|
| 1 | 8 U.S.C. 1324a. |
| 2 | Office of General Counsel Legal Opinion, entitled "Form I-9 Requirements: Inmates Employed Within Federal and State Institutions," dated April 27, 1988. |
| 3 | FY 1978 Appropriation Act, P. L. 95-86, 91 Stat. 426(August 2, 1977). |
| 4 | Alvarado-Guevara et al. v. INS, No. 90-1476, (Fed. Cir. Jan.6, 1992). Although this case is not citable as precedent, the Court held that detainees lacked proper appointment to be considered employees of the Service. |
| 5 | 29 U.S.C. §§ 201 et seq. |

Genco Op. No. 92-8 (INS), 1992 WL 1369347

| End of Document | © 2018 Thomson Reuters. No claim to original U.S. Government Works. |
|---|---|

# Appendix B

**CO-243 DOD Request for Alien Labor**

Genco Op. No. 92-63 (INS), 1992 WL 1369402

U.S. Department of Justice

Immigration and Naturalization Service

General Counsel's Office

Legal Opinion Your CO 243-C Memorandum of November 15, 1991; DOD Request for Alien Labor

**Joan C. Higgins, Assistant Commissioner, CODDP**

November 13, 1992

## I. QUESTION

**\*1** In the subject memorandum, you request a Legal Opinion concerning the following question:

> May aliens held in Service custody at the El Centro Service Processing Center perform general labor, under Service supervision, at the El Centro Naval Air Facility?

## II. SUMMARY CONCLUSION

These aliens may perform general labor at the Naval Air Facility, so long as performance of the labor is voluntary, the labor is not unduly hazardous, and the aliens remain in Service custody.

## III. ANALYSIS

This request originated with Captain Comer at the El Centro Naval Air Facility (NAF). Under Captain Comer's proposal, aliens in Service custody at the El Centro Service Processing Center (SPC) would be engaged in general labor in order to refurbish recreational and training facilities at the NAF. Memorandum from Nathan C. Davis, OIC, El Centro, to Kim Porter, Deputy ADDD&D, San Diego (October 17, 1991). The projects are similar to those at the SPC for which these aliens are commonly engaged. Id. The Service has access to the NAF facilities which the aliens will be refurbishing, and will compensate the aliens for their labor, as provided by 8 U.S.C. 1555(d). Id.

The law expressly provides the Service with authority to use appropriated funds to compensate aliens for labor performed while in Service custody. 8 U.S.C. 1555(d). The statute provides that the rate of pay is to be fixed in each fiscal year's appropriations act. Id. Congress set the rate at $1.00 per day in the 1978 and 1979 appropriations. Department of Justice Appropriations Act, 1979, Pub. L. No. 95-431, 92 Stat. 1021, 1027 (1978); Department of Justice Appropriations Act, 1978, Pub. L. No. 95-86, 91 Stat. 419, 426 (1977). It appears that Congress discontinued this practice for Fiscal Year 1980. Department of Justice Appropriations Act, 1980, Pub. L. No. 96-68, 93 Stat. 416, 420 (1979). For example, Congress set no compensation rate for labor performed during the FY 1992. Department of Justice Appropriations Act, 1992, Pub. L. No. 102-140, 105 Stat. 782, 791 (1991).

This failure to set the rate of compensation, however, does not abrogate Service authority to pay aliens for labor performed while in Service custody. The Department of Justice Appropriations Authorization Act, 1979, Pub. L. No. 96-132, 2 (10), 93 Stat. 1040, 1042 (1979), gives the Service authority comparable to the authority in 8 U.S.C. 1555(d). Unlike Section 1555(d), however, Section 2(10) does not require Congress to set the rate of compensation for each fiscal year. 93 Stat. at 1042. Congress has continued Section 2(10) in effect for fiscal year 1992. Pub. L. No. 102-140, 102(a), 105 Stat. at 791. Thus, the Service retains authority to expend appropriated funds to pay aliens for labor performed while in custody.

**\*2** We do not believe that the fact that the aliens will perform the labor at the NAF, rather than at the SPC, makes Captain Comer's proposal improper. As noted, the SPC has access to the facilities at the NAF which the projects will improve. The Service will share in the benefit of the aliens' labor. The aliens already perform similar types of labor at the SPC itself; they will remain at all times in Service custody. The labor, therefore, appears to be within the authority of 8 U.S.C. 1555(d) and of Section 2(10).

/s/ Paul W. Virtue for GROVER JOSEPH REES III
General Counsel

Genco Op. No. 92-63 (INS), 1992 WL 1369402

| | |
|---|---|
| **End of Document** | © 2018 Thomson Reuters. No claim to original U.S. Government Works. |