UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON ,<br><br>Plaintiff,<br>v.<br><br>THE GEO GROUP INC.,<br><br>Defendant. | CASE NO. 3:17-cv-05806-RJB<br><br>ORDER ON DEFENDANT THE GEO GROUP INC.'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES, OR, ALTERNATIVELY, TO ADD REQUIRED GOVERNMENT PARTIES |

THIS MATTER comes before the Court on Defendant The GEO Group Inc.'s Motion for Order of Dismissal Based on Plaintiff's Failure to Join Required Government Parties, Or, Alternatively, to Add Required Government Parties. Dkt. 51. The Court has reviewed the motion, all documents filed in support and opposition, and the remainder of the file herein, and considered oral argument on April 24, 2018.

GEO seeks dismissal for Plaintiff State of Washington's failure to join the Department of Homeland Security and an agency thereof, Immigration and Customs Enforcement (collectively,

"ICE"). *See* Dkt. 51 at FN1. As discussed below, dismissal should be denied because ICE is neither a necessary nor an indispensable party. The case can proceed in equity and good conscience. Furthermore, the public rights exception applies, suspending traditional joinder under Fed. R. Civ. P. 19.

## I. BACKGROUND

GEO moves to dismiss for failure to join under Fed. R. Civ. P. 12(b)(7) following the initial pleadings, but before the completion of discovery. Failure to join may be raised at any stage. *McCowen v. Jamieson*, 724 F.2d 1421, 1424 (9th Cir. 1984); *CP Nat. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 911-12 (9th Cir. 1991). *See* Fed. R. Civ. P. 12(h)(2). Facts recited are derived either from the Complaint or from a contract incorporated by the Complaint and relied upon by the parties. Dkts. 1-1, 16-2, 19.

GEO is a private corporation that has owned and operated the Northwest Detention Center (NWDC), a 1,575 bed detention facility, since 2005. Dkt. 1-1 at ¶¶3.8, 3.9. GEO operates the NWDC based on a contract with ICE ("the GEO-ICE Contract"). Dkts. 16-2, 19. GEO takes care of immigration detainees awaiting resolution of immigration matters and relies on detainees for a wide range of services under the Voluntary Work Program (VWP) required by the contract. *Id*. at ¶¶3.10, 4.2. GEO compensates detainees at $1 per day. *Id*. at ¶1.4.

The State initiated this action under the theory that the GEO-ICE Contract at least allows for, if not requires, GEO to compensate detainees working in the VWP commensurate with the State Minimum Wage Act (MWA). Dkt. 1-1 at ¶¶3.3, 3.4, 5.1-6.6. The State alleges that GEO has been unjustly enriched by compensating detainees below that required by the Washington Minimum Wage Act (MWA). In support of its theory, the State primarily relies on three terms of the GEO-Ice Contract: (1) GEO must compensate detainees participating in the VWP "*at least*

$1 per day" under the "ICE/DHS Performance Base [*sic*] [National] Detention Standards" (PBNDS), expressly incorporated by the contract; (2) GEO must operate according to the "most current . . . constraints," including "applicable federal, state and local labor laws and codes"; and (3) where the contract conflicts with "all applicable federal state and local laws and standards . . . the most stringent shall apply." Dkt. 16-2 at 8; Dkt. 19 at 46-48, 56.

GEO rejects the State's theory and maintains that the GEO-ICE Contract prohibits GEO from acting as an 'employer' to detainees working in the VWP. In support of its theory, GEO relies on the history, custom, and practice of the VWP and on an itemized "services/supplies" description for the "Detainee Volunteer Wages for the Volunteer Program" found in the GEO-ICE Contract. Dkt. 19 at 9. The description specifies that "[r]eimbursement for this line item will be at the actual cost of $1.00 per day per detainee" and that the "Contractor [GEO] shall not exceed the amount shown without prior approval" by ICE. *Id*. GEO also relies on provisions of the contract describing background and clearance procedures and practices for hiring "employees," such as use of E-Verify and the prohibition of employing "illegal or undocumented aliens." *Id*. at 72-75. GEO argues that paying MWA rates to detainees working in the VWP would violate the GEO-ICE Contract.

Acknowledged by both parties are GEO-ICE Contract terms allowing GEO to request contract pricing modifications and obliging GEO to indemnify ICE against all claims arising out of GEO's operation of the NWDC. Dkt. 19 at 56, 105, 106, 367.

The State brings this case to defend its "quasi-sovereign interest," alleging that GEO has been unjustly enriched by compensating detainees $1 per day and violating the MWA. Dkt. 1-1 at ¶¶3.3, 3.4, 5.1-6.6. The State seeks (1) an order requiring GEO to disgorge its unjust enrichment from compensating detainees below the State minimum wage; (2) declaratory relief,

for GEO to be declared an "employer" subject to the MWA when managing detainee "employees"; and (3) injunctive relief, for GEO to be enjoined from paying detainees less than the State minimum wage. *Id*. at ¶¶7.1-7. The Complaint names GEO as the sole defendant. *Id*. at 4, 5.

In the instant motion, GEO seeks dismissal for the State's failure to join ICE. GEO requests in the alternative that the State be required to add ICE as a defendant.

## II. DISCUSSION

### A. Organization of Discussion.

The Discussion addresses the following, in sequence: whether ICE must be joined as a necessary and indispensable party under Rule 19, §§II(B)(1)-(3); whether the public rights exception applies, §II(C); and whether GEO's alternative request for relief should be granted, §II(D).

### B. Joinder under Rule 19.

Joinder is governed by Fed. R. Civ. P. 19, a rule that imposes a three-step inquiry:

1. Is the absent party "necessary" under Rule 19(a)?
2. If so, is it feasible to order joinder of the absent party?
3. If joinder is not feasible, is the party "indispensable" under Rule 19(b) such that in "equity and good conscience" the suit can proceed short of dismissal?

*Salt River Project Agr. Imp. and Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012). Rule 19 analysis is "a practical, fact-specific one, designed to avoid the harsh results of rigid application." *Dawavendewa v. Salt River Project Agr. Imp. and Power Dist.*, 276 F.3d 1150, 1155 (9th Cir. 2002).

#### 1. Is ICE a necessary party under Rule 19(a)?

Rule 19(a)(1) provides:

> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

*a. Fed. R. Civ. P. 19(a)(1)(A).*

The Court can accord complete relief among existing parties. *See* Fed. R. Civ. P. 19(a)(1)(A). All relief sought—disgorgement, declaratory relief, and injunctive relief—can be obtained from GEO without ICE.

GEO argues that complete relief cannot be obtained among existing parties because the day rate of $1 is fixed by ICE and cannot be adjusted without ICE's consent. Dkt. 51 at 12. To bolster its conclusion, GEO cites two provisions of the GEO-ICE Contract, an opinion letter by the Department of Defense, and 8 U.S.C. § 1555(d). *Id*. at FN 35, 36. The first page of the contract cited, page eighty-two (82), simply incorporates the PBNDS. *See* Dkt. 19 at 9. The second page of the contract cited, page nine (9), includes a clause that describes "reimbursement" of $114,975 for the "Detainee Volunteer Wages for the Detainee Work Program . . . at the actual cost of $1.00 per day per detainee," and GEO "shall not exceed the amount shown without prior approval" by ICE. *Id*. The clause can be interpreted in at least two ways: In GEO's view, ICE's reimbursement rate is also limit on detainee rate of pay; in the State's view, ICE's reimbursement rate limits the amount reimbursed to GEO but does not limit the detainee rate of pay. Interpretation of this clause remains an open question.

ORDER ON DEFENDANT THE GEO GROUP INC.'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES, OR, ALTERNATIVELY, TO ADD REQUIRED GOVERNMENT PARTIES - 5

Next, GEO relies on a 1992 opinion letter issued by the General Counsel to the Department of Defense on the issue of whether "aliens may perform general labor at the Naval Air Facility, so long as performance is voluntary . . . not unduly hazardous, and the aliens remain in [DHS] custody." Dkt. 51 at FN 35, 36. *Your CO* 243-C Memorandum of November 15, 1991; DOD Request for Alien Labor, 1992 WL 1369402, at *2. How this opinion, which makes no mention of the MWA, should influence interpretation of the GEO-ICE Contract, remains an open question.

Finally, GEO cites 8 U.S.C. § 1555(d), which provides that congressional appropriations for immigration service expenses "shall be available for payment of . . . (d) payment of allowances (at such a rate as may be specified from time to time in the appropriation Act involved) to aliens, while held in custody . . . for work performed[.]" *Id.* The Court previously commented that "although § 1555(d) is still in effect, Congress has not specified any rate for detainee work since fiscal year 1979." Dkt. 29 at 9.

The Court is reluctant to delve into contract interpretation prior to the completion of discovery, except to find that, at present, GEO has not shown that there cannot be complete relief among the parties, because its argument is premised on only one of multiple plausible interpretations of the GEO-ICE Contract.

GEO analogizes this case to *Dawavendewa*, arguing that "[w]hen a plaintiff sues one party to a contract over actions that relate to that contract, the absent contracting party is a required party." Dkt. 51 at 9. In *Dawavendewa*, the Ninth Circuit concluded that complete relief could not be accorded to the plaintiff, "[e]ven if ultimately victorious," because judgment in plaintiff's favor would put the defendant "between the proverbial rock and a hard place—comply

ORDER ON DEFENDANT THE GEO GROUP INC.'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES, OR, ALTERNATIVELY, TO ADD REQUIRED GOVERNMENT PARTIES - 6

with the injunction prohibiting the hiring preference policy or comply with the [Navajo Nation] lease requiring it." *Dawavendewa*, 276 F.3d at 1155.

In this case, at least arguably, no such 'rock and a hard place' exists, because the State's theory points to the likelihood of harmony between GEO's contractual obligation and complying with the MWA. Under the State's theory, the plausibility of which the Court previously addressed, *see* Dkt. 29, whether detainees are "employees" is a fact-driven question informed by whether GEO acts like an "employer" under the MWA. *See* Dkt. 53 at 17-20. For the same reason *Dawavendewa* can be distinguished, GEO's reliance on *E.E.O.C. v. Peabody Western Coal Co.*, 400 F.3d 774, 780 (9th Cir. 2005), fails. In this case, at least arguably, no such impossible predicament precludes complete relief among existing parties exists.

*b. Fed. R. Civ. P. 19(a)(1)(B)(i) and (ii).*

ICE does not have a legally protected interest in this case. *See* Fed. R. Civ. P. 19(a)(1)(B)(i) and (ii).

At least as of March 7, 2018, when members of Congress sent a letter to ICE, ICE has had general knowledge of the litigation. Dkt. 52 at 5. Furthermore, by contract, GEO is apparently required to notify ICE of this case within five days of its filing. Dkt. 19 at 57. It is undisputed that ICE has not appeared in this case, the related class action case, or any similar cases. ICE has not asserted any interest in the case. GEO has speculated that an increase in detainee wages could result in a contract modification regarding reimbursement from ICE to GEO. That points only to a <u>potential</u> financial interest. However, "The interest must be more than a financial stake, and more than speculation about a future event." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 559 (9th Cir. 1990).

Because ICE does not have an interest in the case, it is not a necessary party under either subsection (i) or (ii) of Fed. R. Civ. P. 19(a)(1)(B). However, assuming ICE that has an interest in the case, resolving the case does not necessarily impair or impede ICE's ability to protect its interest, under subsection (i), and does not leave GEO subject to inconsistent obligations, under subsection (ii).

Considering subsection (i), it appears that GEO has not argued that the 'impair or impede' subsection applies. *See* Dkt. 51 at 9-14; Dkt. 56 at 9-13. GEO made no mention of subsection (i) at oral argument. The Court observes that the State does not seek relief to set aside or modify the GEO-ICE Contract. Furthermore, if the State prevails, GEO could still comply with the GEO-ICE Contract, because any judgment would not invalidate or set aside the contract. *See Dawavendewa*, 276 F.3d at 1157; *Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d 861, 881 (9th Cir. 2004).

Considering subsection (ii), whether ICE's absence leaves GEO subject to inconsistent obligations, GEO's showing is insufficient. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii). GEO argues that two inconsistent obligations would result if the State prevails. GEO first points to the outcome if GEO is required to compensate detainees at or above the State minimum wage, rather than at $1 per day. Dkt. 56 at 10. Such an outcome, in GEO's view, does not reflect the intent of the contractor and author of the contract, ICE, but if ICE's opinion is ambiguous, "ICE should be in the case to explain its view[.]" *Id*. at 10. A need for ICE's evidence does not make its joinder necessary.

GEO also points to the outcome if GEO is declared an "employer" of detainee "employees." According to GEO, such a declaration would conflict with terms of the GEO-ICE Contract, which requires GEO to perform pre-suitability employment checks and hire only

lawful permanent residents and U.S. citizens and persons with the requisite (lack of) criminal arrests. Dkt. 56 at 10. If GEO is violating its contract with ICE, that appears to be beyond the issues raised by the Complaint.

Both outcomes described by GEO presuppose that the MWA cannot be reconciled with other contractual and legal obligations, but as discussed above, the State's theory points to the likelihood of harmony. The Court need not belabor the point, particularly because this Order makes no final finding on the correct interpretation of the GEO-ICE Contract.

In sum, the Court finds that ICE is not a necessary party under Rule 19(a).

2. Is it feasible to join ICE?

Federal agencies are protected from suit, except where Congress has spoken. *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999). According to GEO, Congress has not waived the federal agency's sovereign immunity and ICE has not itself consented to be sued. Dkt. 51 at 14, 15. The State has not made any showing to the contrary, where it argues in a footnote only that "the doctrine of sovereign immunity would not preclude GEO from impleading DHS/ICE as a third party for purposes of declaratory and injunctive relief" when challenging a final agency action under the Administrative Procedure Act. Dkt. 53 at FN 8 (emphasis added). The State's footnote does not address the feasibility of joinder as to all claims here.

For purposes of this motion, the Court assumes that it is not feasible to join ICE.

3. Is ICE an indispensable party under Rule 19(b)?

ICE is not a necessary party, but to complete the analysis, the Court should assume that it is a necessary party and cannot feasibly be joined. Then the Court should consider whether ICE is an indispensable party. A party is "indispensable" for Rule 19(b) purposes if the action should proceed "in equity and good conscience," considering the following non-exhaustive factors:

- The extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

- The extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures;

- Whether a judgment rendered in the person's absence would be adequate; and

- Whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b); *White v. Univ. of California*, 765 F.3d 1010, 1027-28 (9th Cir.2014).

The first factor, prejudice, weighs heavily in favor of the State. ICE suffers no more prejudice as an absent party than if it participates. The State does not seek relief from ICE, and, assuming an outcome in favor of the State, the GEO-ICE Contract will remain intact. ICE is fully capable of protecting itself. The prejudice to GEO is no more than if ICE participates.

The next factor, lessening prejudice with mitigating measures, favors neither party because there is no prejudice to ICE, and, as GEO acknowledges, there are no mitigating measures available. Dkt. 51 at 16.

The final two factors favor the State. Again, assuming the State's theory of the case prevails, the State will have obtained its remedy with the GEO-ICE Contract unchanged and without prejudice to ICE. On the other hand, if the case were dismissed for the failure to join ICE, the State would be left without a legal remedy.

Equity and good conscience, in light of these four factors, weigh in favor of the case proceeding, rather than its dismissal. ICE is not an indispensable party under Rule 19(b).

**C. Public Rights Exception.**

Where a "suit falls within the public rights exception to traditional joinder rules . . . [absent parties] are not indispensable parties." *Conner v. Burford*, 848 F.2d 1441, 1459 (9th Cir. 1988). "In a proceeding . . . narrowly restricted to the protection and enforcement of *public*

*rights*, there is little scope or need for the traditional rules governing the joinder of parties in litigation determining private rights." *Id.*, citing *Nat'l Licorice Co. v. N.L.R.B.*, 309 U.S. 350, 363 (1940) (emphasis in original). Although "[t]he contours of the public rights exception have not been clearly defined," the exception applies at least where the litigation both (1) "transcend[s] the private interests of the litigants and seek[s] to vindicate a public right[,]" and (2) does not "destroy the legal entitlements of the absent parties." *Kescoli v. Babbitt*, 101 F.3d 1304, 1311 (9th Cir. 1996). *See also*, *White*, 765 F.3d at 1028.

In this case, the public rights exception applies. As elaborated at oral argument, the State seeks to vindicate public rights guaranteed by the MWA on behalf of detainees, non-detainee residents of the State of Washington, and other businesses competing in the marketplace. The State seeks no relief that would alter any legal rights of ICE.

**D. GEO's request in the alternative.**

GEO seeks, alternative to dismissal, that the Court require the State, not GEO, to add ICE as a named defendant. Dkt. 51 at 6:21, 17:29. This appears to be a throwaway argument, because GEO abandoned the argument in its nearly-identical motion subsequently filed in the related case. *Chen v. The GEO Group Inc.*, W.D. Wash. Cause No. 17-5769, Dkt. 51. If the Court requires the State to add ICE as a defendant, as GEO requests, ICE may not be subject to be sued, as GEO acknowledges, potentially leaving GEO as the sole defendant in the case, which triggers the Rule 19(b) "equity and good conscience" indispensable analysis. ICE is not an indispensable party and the case in equity and good conscience should proceed without ICE. GEO's alternative request for the State to be required to add ICE as a named defendant should be denied.

**E. Conclusion.**

ORDER ON DEFENDANT THE GEO GROUP INC.'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES, OR, ALTERNATIVELY, TO ADD REQUIRED GOVERNMENT PARTIES - 11

In summary, ICE is not a necessary or an indispensable party under Rule 19. The public rights exception applies. Dismissal for non-joinder is not warranted. GEO's motion should be denied.

This Order makes no finding as to whether GEO could add ICE as a third party defendant.

* * *

THEREFORE, it is HEREBY ORDERED that The GEO Group Inc.'s Motion for Order of Dismissal Based on Plaintiff's Failure to Join Required Government Parties, Or, Alternatively, to Add Required Government Parties (Dkt. 51) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of April, 2018.

ROBERT J. BRYAN
United States District Judge