The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

STATE OF WASHINGTON,

        Plaintiff,

    v.

THE GEO GROUP, INC.,

        Defendant.

No.  17-cv-05806-RJB

**[PROPOSED] STIPULATED ORDER GOVERNING THE DISCLOSURE OF PRIVILEGED INFORMATION**

**[PROPOSED] STIPULATED ORDER REGARDING THE DISCLOSURE OF PRIVILEGED INFORMATION**

The parties, by and through their respective counsel, have jointly stipulated to the terms of this Stipulated Order Governing the Disclosure of Privileged Information, and with the Court being fully advised as to the same,

**IT IS HEREBY ORDERED**:

## **APPLICABILITY**

1.     This Order shall be applicable to and govern all deposition transcripts and/or videotapes, and documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, and all other paper or electronically stored information ("ESI") or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation as well as testimony adduced at trial or during any hearing (collectively "Information").

### DISCOVERY MATERIALS CONTAINING POTENTIALLY PRIVILEGED INFORMATION

2.      The production of any privileged or otherwise protected or exempted Information, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the work product doctrine, or by another legal privilege protecting Information from discovery, provided that the producing party notifies the receiving party, in writing, of the production after its discovery of same.

3.      The production of privileged or otherwise protected or exempted Information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding pursuant to Federal Rule of Evidence 502(d).

4.      The producing party must notify the receiving party promptly, in writing, upon discovery that a privileged or otherwise protected document has been produced and provide an updated privilege log with entries for the clawed-back documents.  Upon receiving written notice from the producing party that privileged and/or work-product protected material has been produced (the "Identified Materials"), all such information, and all copies thereof, shall be returned to the producing party or destroyed or deleted within ten (10) business days of receipt of such notice and any analyses, memoranda, or notes that were internally generated based upon such inadvertently produced Privileged Material shall be sequestered, unless the document or materials already have been filed with the court.  If the Privileged Materials were filed with the court, the producing party bears the burden of notifying the court and moving the court for protection/withdrawal of the documents.  The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the Identified Materials in electronic format in databases or other locations used to store the documents.  The receiving party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court of competent jurisdiction as not privileged or protected.  To the

extent a privileged or otherwise protected document is withdrawn that was relied on in a filing, the receiving party will have fourteen days to amend its prior filing.

5.      If any receiving party has reason to believe that it is in receipt of a document from a producing party that is privileged, the receiving party shall in good faith take reasonable steps to promptly notify the producing party of the production of the Identified Materials so that the producing party may make a determination of whether it wishes to have the Identified Materials returned or destroyed pursuant to this Stipulation and Order.

6.      Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

7.      The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents before the notice was made.

8.      The party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production.

9.      The producing party retains the burden, upon the receiving party's challenge, of establishing the privileged or protected nature of the inadvertently produced material.

10.      If the receiving party has any notes or other work product reflecting the contents of the Identified Materials, the receiving party will not review or use those materials, unless a court of competent jurisdiction later designates the Identified Materials as not privileged or protected. Nothing in this Order overrides any party's right to use the contents of a privilege log to contest or defend any privilege claims.

11.      This Stipulated Order does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or

any other potentially applicable privilege or doctrine.  This agreement also is not intended to waive or limit in any way either party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

12.     By entering this Order, a party is not giving up its right to review its documents for privilege or any other reason (including to identify non-responsive documents) and the existence of this Order cannot be used to compel a party to produce documents without review.

Respectfully submitted this 31st day of May, 2018.

**BOB FERGUSON**                                         **NORTON ROSE FULBRIGHT US LLP**
Attorney General of Washington

/s/ *Andrea Brenneke*                                         /s/ *Andrea L. D'Ambra*
LA ROND BAKER, WSBA No. 43610        Andrea L. D'Ambra (admitted *pro hac vice*)
MARSHA CHIEN, WSBA No. 47020          1301 Avenue of the Americas
ANDREA BRENNEKE, WSBA No. 22027    New York, NY 10019
Assistant Attorneys General                      Telephone: (212) 318-3000
Office of the Attorney General                    Facsimile: (212) 318-3400
800 Fifth Avenue, Suite 2000                      andrea.dambra@nortonrosefulbright.com
Seattle, WA 98104
(206) 464-7744
larondb@atg.wa.gov
marshac@atg.wa.gov
andreab3@atg.wa.gov

**ATTORNEYS FOR PLAINTIFF STATE OF WASHINGTON**

- 4 -

**NORTON ROSE FULBRIGHT US LLP**
Charles A. Deacon
300 Convent St.
San Antonio, Texas 78205
Telephone: (210) 270-7133
Facsimile: (210) 270-7205
charlie.deacon@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th Street NW, Suite 1000
Washington, DC 20001-4501
Telephone: (202) 662-0210
Facsimile: (202) 662-4643
mark.emery@nortonrosefulbright.com

**III BRANCHES LAW PLLC**
Joan K. Mell, WSBA #21319
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 (P)
281-664-4643 (F)
joan@3brancheslaw.com

**ATTORNEYS FOR DEFENDANT
THE GEO GROUP, INC.**

Dated: June __, 2018                                    **SO ORDERED.**


—————————————————————————————
Robert J. Bryan
United States District Court