The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>　　　　　　　Defendant. | NO. 3:17-cv-05806-RJB<br><br>**GEO GROUP'S MOTION FOR A PROTECTIVE ORDER**<br><br>ORAL ARGUMENT REQUESTED |

## INTRODUCTION

The GEO Group, Inc. ("GEO") moves this Court, pursuant to the Court's inherent power to control discovery under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 26(c)(1), 26(d)(3), and Local Rules for United States District Court for the Western District of Washington ("L.C.R.") 26(c), 26(f), for a protective order to allow the Department of Homeland Security ("DHS") Bureau of Immigration and Customs Enforcement ("ICE") to review documents and identify for GEO any portions for redaction, in whole or in part, prior to production to Plaintiff the State of Washington ("the State").

GEO is a private litigant currently trapped between two diametrically opposed duties: (1) its discovery obligations in the above action, and (2) its contractual, statutory, and regulatory

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S MOTION FOR A PROTECTIVE ORDER

NORTON ROSE FULBRIGHT US LLP
Andrea D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000
andrea.dambra@nortonrosefulbright.com

obligations to safeguard ICE documents.  Discovery of documents prior to ICE review and approval exposes GEO to legal liabilities, financial harm, and otherwise compromises privacy rights and the safety and security of personnel and detainees at the Northwest Detention Center ("NWDC").  The prejudice to both GEO and to the State from delay caused by the federal government's review must be balanced by the Court and may not be unilaterally resolved by GEO on its own.

### CERTIFICATE OF COMPLIANCE, FED. R. CIV. P. 26(c) AND L.C.R. 26(c)

In compliance with Fed. R. Civ. P. 26(c) and L.C.R. 26(c), GEO certifies that it has met and conferred with the State's counsel in an effort to resolve the dispute without court action, prior to the filing of this motion.  Specifically, counsel for GEO and counsel for the State have met and conferred telephonically four times – on April 30, May 25, June 12, and June 15, 2018 – regarding various discovery issues, including GEO's obligation to seek DHS/ICE review of certain documents prior to production to the State.  While reaching agreement on several points, the parties have not resolved the issue of ICE review related to the immediate motion.  *Declaration of Joan K. Mell in Support of Defendants' Motion for a Protective Order* at ¶ 3 ("Mell Decl.").

### FACTS

The State filed its Complaint in Pierce County Superior Court on September 20, 2017.  Dkt. 1.  On October 9, 2017, GEO removed to this Court.  Dkt. 1, at 1-39.  The State alleges two claims against GEO: that, by administering the voluntary work program at NWDC pursuant to national DHS/ICE standards, it violated Washington's Minimum Wage Act, Wash. Rev. Code Ann. § 49.46.005 *et seq.*, and was unjustly enriched.  The State served its first set of discovery, including requests for production, on January 5, 2018.  GEO responded to State's request for production on February 5, 2018.  Mell Decl. at ¶ 2, Ex. 1 (GEO's Responses to the State's First Requests for Production).

GEO subsequently engaged in a good faith and rigorous process to interview custodians, identify appropriate data sources, collect these documents from electronic, structured data, and hard

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR A PROTECTIVE ORDER

- 2 -

NORTON ROSE FULBRIGHT US LLP
Andrea D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000
andrea.dambra@nortonrosefulbright.com

copy sources, process this large set of documents, and cull the data set to prepare the responsive records for production. *Declaration of Andrea L. D'Ambra in Support of Defendants' Motion for a Protective Order* ("D'Ambra Decl.") at ¶ 5. Due to the large volume of documents to be reviewed and processed, GEO informed the State that it would engage in a rolling production of documents. D'Ambra Decl. at ¶ 6. In tandem with its document review, GEO has met, conferred, and exchanged several drafts of what would become the Stipulated Protective Order that was filed with this Court on June 20, 2018. D'Ambra Decl. at ¶ 7; Dkt. 62-1.

In a good faith effort to start the flow of documents to the State, GEO expended substantial additional time and effort identifying documents within the responsive universe that could be produced without the Stipulated Protective Order in place and without ICE review and approval. D'Ambra Decl. at ¶ 8. GEO continues to work in good faith to identify additional documents that can be produced and, to date, GEO has provided the State with two productions without ICE review: (1) on February 2, 2018 with initial disclosures, and (2) on May 31, 2018 as part of its first production. D'Ambra Decl. at ¶ 9. These productions are substantial – totaling 504 documents with 15,115 pages. *Id.* Should the Stipulated Protective Order be entered by the Court, GEO anticipates that it will produce additional documents responsive to State's first set of discovery requests, as well as to the second set of requests that it recently served on June 12, 2018.

As part of its obligations as a contracting entity with the Department of Homeland Security, GEO has certain statutory, regulatory, and contractual obligations to restrict the dissemination of certain categories of information and must get express clearance from ICE before disclosing documents related to the detainees in GEO's custody and the procedures around that detention. Mell Decl. at ¶ 3-4, 6. *See*, *e.g.*, 8 C.F.R. § 236.6 ("No person, including . . . any privately operated detention facility, that houses, maintains, provides services to, or otherwise holds any detainee . . . shall disclose or otherwise permit to be made public the name of, or other information relating to, such detainee."). Thus, within its review of documents for the above captioned case, GEO

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR A PROTECTIVE ORDER

- 3 -

NORTON ROSE FULBRIGHT US LLP
Andrea D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000
andrea.dambra@nortonrosefulbright.com

identified responsive documents for which it is obligated to obtain DHS/ICE review and approval before producing to the State.  From the very first meet and confer with the State, GEO made it absolutely clear that GEO had this obligation and that it could not control how long it would take for ICE to complete its review.  D'Ambra Decl. at ¶ 3; Mell Decl. at ¶ 3.  However, only after GEO's attorneys analyzed the universe of responsive documents was GEO able to know the full extent of documents requiring DHS/ICE review.  *Id.*  These documents include, but are not limited to, modifications of GEO's contract with ICE concerning the NWDC, communications with ICE, records concerning ICE inspections and audits of the NWDC, commissary reports, documents containing information regarding detainee identification and immigration status, and other documents that GEO believes to contain sensitive information protected under the GEO-ICE contract and the corresponding rules, regulations, and statutes.  D'Ambra Decl. at ¶ 13.

Over the past weeks, GEO has worked diligently to secure ICE's review of the documents.  GEO's counsel has negotiated with Assistant United States Attorney Kristin Johnson, who will coordinate DHS/ICE's review of the documents.  D'Ambra Decl. at ¶ 12.  On June 12, 2018, Anne Rose, Associate Legal Advisor from the Office of Principal Legal Advisor, indicated that DHS/ICE will only respond to discovery requests – including subpoenas for deposition testimony and requests to review documents – that explicitly comply with DHS' *Touhy* regulations.  Mell Decl. at ¶ 5. Ms. Rose has since informed GEO that it "has limited resources to be able to process large amounts of records" and has yet to provide GEO with a timeframe for its review.  *Id.*  GEO has informed Ms. Rose and Ms. Johnson that it believes a speedy review is required so that it can produce these documents as quickly as possible in this litigation.  *Id.*  As of yet, ICE has not authorized GEO to release documents requested in discovery from GEO in this litigation without ICE first reviewing the documents for redaction and/or withholding prior to GEO producing the records to Washington State.  *Id.* at ¶ 6.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR A PROTECTIVE ORDER

- 4 -

NORTON ROSE FULBRIGHT US LLP
Andrea D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000
andrea.dambra@nortonrosefulbright.com

**STATEMENT OF ISSUES**

Whether this Court should enter a protective order allowing for production of documents pending ICE review and permitting GEO to redact or withhold information ICE determines may not be disclosed?

**LEGAL AUTHORITY**

This Court may, for good cause, issue a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms . . . for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(B).  Trial courts are given broad discretion in determining when a protective order is appropriate. *See Trade Assocs. Inc. v. Fusion Techs. Inc.*, No. 09-5804RJB, 2010 WL 11530556, at *1 (W.D. Wash. Sept. 29, 2010) (Bryan, D.J.) (citing *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002)). If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary. *See Solis v. Washington, Dep't of Corr.*, No. 08-5362RJB, 2009 WL 10676491, at *1 (W.D. Wash. Oct. 15, 2009) (Bryan, D.J.) (citing *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). GEO has no authority to disclose DHS/ICE documents absent DHS/ICE review and approval without violating the law. GEO acknowledges that the delay in production of documents pending ICE review prejudices both parties, but has offered on several occasions to agree to an extension of the scheduling order in order to eliminate any prejudice caused by this delay. As such, the Court should permit DHS/ICE to review and authorize the disclosure of information, and GEO should not be compelled to disclose information that is subject to DHS/ICE's requirements prior to approval by DHS/ICE.

**I.    Production of DHS/ICE Documents Without Prior DHS/ICE Approval Will Result in Particularized Harm to GEO and Non-Parties**

Compelling production of documents that must be reviewed by DHS/ICE would harm a number of interests – both those of GEO and non-parties. Rather than merely relying on "broad allegations of harm" that this Court has found unpersuasive in the past, *see Radiator Exp.*

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR A PROTECTIVE ORDER

- 5 -

NORTON ROSE FULBRIGHT US LLP
Andrea D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000
andrea.dambra@nortonrosefulbright.com

*Warehouse, Inc. v. Performance Radiator Pac. LLC*, No. 09-5691RJB, 2010 WL 3222516, at *1 (W.D. Wash. Aug. 13, 2010) (Bryan, D.J.) (denying motion for protective order based only on "broad allegation of harm"), GEO instead provides specific examples below with articulated reasoning in order to show good cause.

**A.** Potential Criminal Sanctions, Breach of Contract, and Financial Harm to GEO

First and foremost, prematurely producing to the State documents slated for DHS/ICE review would force GEO to violate federal law stating that documents with detainee information are DHS/ICE property and that ICE must determine the extent to which such records may be disclosed. As a preliminary matter, GEO does not own or control records related to detainees – DHS/ICE does. That control is clearly articulated both in DHS/ICE regulations and GEO's most recent contract with ICE to operate the NWDC ("GEO-ICE Contract"). *See, e.g.*, 8 C.F.R. § 236.6; GEO-ICE Contract, Dkt. 19 at 49 (stating that GEO "shall be responsible for detainee record keeping services and personal property" and "create and update detainee records" but that "[a]ll records will remain the property of the U.S. Government.") and 125 ("[t]he Government may review 100% of the documents . . . at any point during the period of performance").

As a government contractor operating at the direction of DHS/ICE, GEO faces several unique discovery-related restrictions. DHS/ICE, like many other federal agencies, has adopted *Touhy*[1] regulations, that severely limit how DHS employees, including contractors, may respond to discovery requests such as in the above action. *See* 6 C.F.R. § 5.41 (defining DHS employees to include contractors "subject to the supervision, jurisdiction, or control of the Secretary of Homeland Security"). Pursuant to *Touhy*, GEO is not allowed to "produce any document or any material acquired as part of the performance of that employee's duties or by virtue of that employee's official status, unless authorized to do so by the Office of the General Counsel . . . ." *See* 6 C.F.R. § 5.44(b). Federal law also explicitly prohibits GEO, acting on its own volition, from

---

[1] *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 467–70 (1951).

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR A PROTECTIVE ORDER

- 6 -

NORTON ROSE FULBRIGHT US LLP
Andrea D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000
andrea.dambra@nortonrosefulbright.com

disclosing detainee information.  *See* 8 C.F.R. § 236.6 ("No person, including . . . any privately operated detention facility, that houses, maintains, provides services to, or otherwise holds any detainee . . . shall disclose or otherwise permit to be made public the name of, or other information relating to, such detainee.").

Instead, GEO must submit the documents for DHS/ICE review, which is memorialized both in DHS/ICE guidance and the terms of the GEO-ICE Contract.  For example, DHS Management Directive 11042.1, which regards "identification and safeguarding of sensitive but unclassified information" and is applicable to government contractors like GEO, broadly defines documents "For Official Use Only" ("FOUO") as those for which "unauthorized disclosure of which could adversely impact a person's privacy or welfare, the conduct of Federal programs, or other programs or operations essential to the national interest."  Mell Decl. at ¶ 4, Ex. 2 (DHS Management Directive 11042.1).  Pursuant to the directive, the party seeking FOUO information must write a request and the "DHS program office shall then determine if it is appropriate to release the information."  *Id.*  Likewise, the GEO-ICE Contract obligates GEO to "cooperate with Government legal staff and/or the USAO regarding any requests pertaining to federal or Contractor litigation."  GEO-ICE Contract, Dkt. 19, at 57.  As a result, GEO must cooperate with DHS/ICE to ensure that "no public disclosures regarding this contract [are] made by the Contractor (or any subcontractors) without review and approval of such disclosure."  *Id.* at 85.

GEO cannot waive DHS/ICE's statutory or contractual rights to review and redact documents under DHS/ICE's control.  Indeed "[c]ourts, in construing regulations which control the release of official information, have held that such information should not be compelled to be produced in violation of these regulations." *Am. Sav. Bank v. Painewebber Inc.*, 210 F.R.D. 721, 722 (D. Haw. 2001) (denying in part parties' motions to compel Office of Thrift Supervision information from each other and ordering the parties to "request[] permission from OTS to use unpublished OTS information in the litigation."); *see also In re Countrywide Fin. Corp. Sec. Litig.*,

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR A PROTECTIVE ORDER

- 7 -

NORTON ROSE FULBRIGHT US LLP
Andrea D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000
andrea.dambra@nortonrosefulbright.com

No. 07-CV-5295-MRP MANX, 2009 WL 5125089, at *2 (C.D. Cal. Dec. 28, 2009) ("If the [Federal Reserve Board] and [Office of the Comptroller of the Currency] do not authorize disclosure of the information . . . then the parties can seek the appropriate relief from this Court regarding document production."). Furthermore, ICE has represented that it is required to review these documents and redact certain confidential information if necessary. Mell Decl. at ¶ 5. ICE further represented that this remains the case even if there is a protective order in place in a litigation. *Id.* GEO is under these circumstances caught between the proverbial rock and a hard spot. Whether ICE chooses to intervene to address its concerns is not yet known.

Violation of these obligations can result in sanctions, including criminal penalties. *See, e.g.*, 18 U.S.C.A. § 2071(a) ("Whoever willfully and unlawfully . . . removes . . . any record . . . filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States, shall be fined under this title or imprisoned not more than three years, or both."). These penalties are neither speculative nor newly raised in this motion, but rather were specifically contemplated by the parties and addressed in the GEO-ICE Contract executed in 2015. *See* GEO-ICE Contract, Dkt. 19, at 50 ("Criminal penalties for . . . improperly handling or releasing federal records are addressed in Chapters 37 and 101 of Title 18, United States Code."). In addition, the GEO-ICE contract and supporting documentation requires DHS/ICE's review and approval. *See* GEO-ICE Contract, Dkt. 19, at 85; Mell Decl., at ¶ 4. The GEO-ICE contract also requires GEO to adhere to DHS Non-Disclosure Agreement Requirements. *Id.* at 44. To ensure compliance with its non-disclosure obligations, GEO requires NWDC employees sign non-disclosure agreements making them aware of these obligations. Finally, disclosures contrary to law could raise the risk of legal action against GEO by detainees or contract termination with long-term blacklisting under federal laws that preclude contracting with entities that violate federal laws.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR A PROTECTIVE ORDER

- 8 -

NORTON ROSE FULBRIGHT US LLP
Andrea D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000
andrea.dambra@nortonrosefulbright.com

### B. Security and Safety Concerns for Non-Parties

Not only will GEO suffer if DHS/ICE is not given the opportunity to review the applicable documents and approve their production, but non-party security and safety interests will also be jeopardized. Courts in the Ninth Circuit have recognized that "prison litigation poses unique risks for both the inmates and the prison, justifying limitations on the disclosure of such information." *Castillon v. Corr. Corp. of Am.*, No. 1:12-CV-00559-EJL, 2013 WL 4039478, at *3 (D. Idaho Aug. 6, 2013) (granting motion limiting disclosure of security-related information from privately operated state prison to plaintiff's counsel); *see also Solis*, 2009 WL 10676491, at *1 (entering protective order covering confidential information related to correctional officials). GEO similarly has an enforceable state law order restricting the public's access to Northwest Detention Center records for safety and security reasons. Mell Decl. at ¶ 4, Ex. 3 (Pierce County Order Enjoining Disclosure of Records). Regardless of whether the facility in question is a privately operated prison or detention center, the consequences of disclosing information that ICE has not authorized for disclosure triggers irreparable harm. *See, e.g.*, *Castillon*, 2013 WL 4039478, at *2 ("any information disclosed to Plaintiffs could end up in the hands of other inmates, and that information could easily be passed to individuals outside of prison who would be able to threaten, injure, or kill correctional employees or their families."). Indeed, once in the hands of an opposing party— ***particularly one like the State, which has public disclosure requirements***—the risk of disclosure to parties other than those contemplated in the Stipulated Protective Order is significant. *See* Wash. Rev. Code Ann. § 42.56, *et seq*.

Neither the State – represented in this action by the Attorney General of Washington – nor GEO – a private contractor – has the requisite knowledge or training to evaluate and pass judgment on what documents pose security or safety risks or otherwise implicate DHS/ICE regulations. Should ICE withhold a document in whole or in part, this Court may assess whether ICE has proper grounds for withholding these documents. *See Aguilar v. Immigration & Customs Enf't Div. of the U.S. Dep't of Homeland Sec.*, 259 F.R.D. 51, 56 (S.D.N.Y. 2009) (assessing DHS's reliance on the

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR A PROTECTIVE ORDER

- 9 -

NORTON ROSE FULBRIGHT US LLP
Andrea D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000
andrea.dambra@nortonrosefulbright.com

law enforcement privilege and denying Plaintiff's motion to compel in part after balancing "the alleged need for the information against the public's interest in disclosure or nondisclosure."). DHS/ICE is best positioned to effectuate the federal immigration laws it is tasked with implementing and enforcing, which would include identifying information deemed protected under existing laws due to the privacy, safety, and security concerns. *Kaye v. U.S. Dep't of Homeland Sec.*, No. 16-CV-9384 (VEC), 2018 WL 456303, at *2 (S.D.N.Y. Jan. 17, 2018) ("[T]he Court defers to the agency's assessment of the risk" and finds DHS "properly withheld" a witness statement from a FOIA request). As such, the harm suffered by non-parties as a result of producing the documents at issue will be significantly mitigated if DHS/ICE reviews and, if necessary, arranges for redaction of certain content. *See Bryant v. Romero*, No. 112CV02074DADGSAPC, 2017 WL 495634, at *5 (E.D. Cal. Feb. 6, 2017) (granting protective order allowing non-party California Department of Corrections to review and redact confidential information prior to production based on safety, security, and privacy concerns embodied in state law).

Adhering to DHS/ICE's legally required procedures, which in this case requires routing discovery through DHS/ICE as a non-party, may slow the pace of discovery. But this is a necessary facet of how the State has structured this lawsuit and this Court's denial of GEO's request that ICE be added as a party. *See* Dkt. 58 at 12. The State made the decision to sue GEO alone, without joining the government in this suit and the Court did not require that the relevant federal agency be added to this case. *Id.*

**II.     Private Interests Greatly Outweigh the Public's Interest in Immediate Disclosure**

As reflected above, GEO has a substantial interest in obtaining a protective order for documents required to be reviewed DHS/ICE. That interest is straightforward and without controversy: GEO wishes to comply with both its statutory and contractual obligations without risking criminal or economic penalties. In seeking this protective order GEO also advances the interests of three other entities: (1) DHS/ICE, which is charged with enforcing the law to maintain

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR A PROTECTIVE ORDER

- 10 -

NORTON ROSE FULBRIGHT US LLP
Andrea D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000
andrea.dambra@nortonrosefulbright.com

safe and secure detention facilities; (2) DHS/ICE staff and GEO personnel, whose safety and privacy is assured, in part, by keeping sensitive information related to the operations of the NWDC as well as their own identities private; and (3) the detainees formerly or currently resident at the NWDC, whose identity, immigration status, etc. are memorialized in DHS/ICE documents that GEO possesses, but ultimately does not control.

Non-party interests outweigh the parties' interests in prosecuting and defending this case. Both parties have acknowledged the discovery challenges at issue during the series of meet-and-confer conversations. D'Ambra Decl. at ¶ 2; Mell Decl. at ¶ 3. However, the State insists that the State may receive the discovery without ICE review subject to the Stipulated Protective Order without implicating the above referenced restrictions on GEO disclosure of ICE records. GEO disagrees that a protective order allows GEO to treat a disclosure of records to ICE as a non-disclosure. GEO also questions the Attorney General's authority to restrict disclosure of records not expressly exempt from public disclosure under Washington's Public Records Act. *See, e.g.*, Wash. Rev. Code Ann. § 42.56.080(2) ("agencies shall, upon request for identifiable public records, make them promptly available to any person . . ."). GEO has no ability on its own to resolve its competing duties even though continuing delay prejudices GEO in preparing its defenses just like unlimited delay prejudices the State preparing its case. GEO has indicated it would be willing to agree to any additional extension to the case schedule required to ensure the State is not prejudiced by the delay caused by ICE's review. D'Ambra Decl. at ¶ 4. GEO anticipates that the State will instead move individually for an adjustment to the case schedule.

**III.     This Court Should Grant GEO a Brief Reprieve from the Production of Specific Documents Pending DHS/ICE Review**

Fed. R. Civ. P. 26(c) confers upon this Court broad discretion not only to decide when a protective order is appropriate, but also "*to what degree of protection is required.*" *See, e.g.*, *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984) (emphasis added). GEO seeks a limited protective order to allow for necessary procedural steps to occur that involve

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR A PROTECTIVE ORDER

- 11 -

NORTON ROSE FULBRIGHT US LLP
Andrea D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000
andrea.dambra@nortonrosefulbright.com

DHS/ICE, a non-party over which GEO has no control.  GEO does not by way of this motion seek to limit the scope of discovery or otherwise preclude the disclosure of responsive records.  Instead, GEO's proposed protective order would merely allow for ICE review prior to disclosure of ICE records to the State.

## CONCLUSION

For the above reasons, GEO should be granted a protective order.

STATE OF WASHINGTON v. GEO GROUP  
ECF CASE NO. 3:17-CV-05806-RJB  
GEO GROUP'S MOTION FOR A PROTECTIVE ORDER

- 12 -

NORTON ROSE FULBRIGHT US LLP  
Andrea D'Ambra  
1301 Avenue of the Americas  
New York, NY 10019  
Telephone: (212) 318-3000  
andrea.dambra@nortonrosefulbright.com

| | |
|---|---|
| Dated: June 21, 2018 | **NORTON ROSE FULBRIGHT US LLP**<br><br>/s/ *Andrea D'Ambra*_____<br>Andrea D'Ambra<br>1301 Avenue of the Americas<br>New York, NY 10019<br>Telephone: (212) 318-3000<br>Facsimile: (212) 318-3400<br>andrea.dambra@nortonrosefulbright.com<br><br>**NORTON ROSE FULBRIGHT US LLP**<br>Charles A. Deacon<br>300 Convent St.<br>San Antonio, Texas 78205<br>Telephone: (210) 270-7133<br>Facsimile: (210) 270-7205<br>charlie.deacon@nortonrosefulbright.com<br><br>**NORTON ROSE FULBRIGHT US LLP**<br>Mark Emery<br>799 9th Street NW, Suite 1000<br>Washington, DC 20001-4501<br>Telephone: (202) 662-0210<br>Facsimile: (202) 662-4643<br>mark.emery@nortonrosefulbright.com<br><br>**III BRANCHES LAW PLLC**<br>Joan K. Mell, WSBA #21319<br>1019 Regents Blvd. Ste. 204<br>Fircrest, WA 98466<br>253-566-2510 (P)<br>281-664-4643 (F)<br>joan@3brancheslaw.com<br><br>**ATTORNEYS FOR DEFENDANT THE GEO GROUP, INC.** |

STATE OF WASHINGTON v. GEO GROUP
EOF CASE NO. 3:17-CV-05806-RJB
DEFENDANT THE GEO GROUP, INC.'S MOTION
FOR A PROTECTIVE ORDER

- 13 -

NORTON ROSE FULBRIGHT US LLP
Andrea D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000
andrea.dambra@nortonrosefulbright.com

# CERTIFICATE OF SERVICE

I, Susana Medeiros, hereby certify as follows:

I am over the age of 18, a resident of New York County, and not a party to the above action. On June 21, 2018, I electronically served the above Motion for a Protective Order via Email to the following:

Office of the Attorney General
La Rond Baker, WSBA No. 43610
Marsha Chien, WSBA No. 47020
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
LaRondB@atg.wa.gov
MarshaC@atg.wa.gov

Norton Rose Fulbright US LLP
Charles A. Deacon (Pro Hac Vice)
300 Convent St.
San Antonio, TX 78205
(210)-270-7133
charlie.deacon@nortonrosefulbright.com

Norton Rose Fulbright US LLP
Mark Emery (Pro Hac Vice)
799 9th St. NW, Suite 1000
Washington, DC 20001-4501
(202)-662-0210
mark.emery@nortonrosefulbright.com

III Branches Law, PLLC
Joan K. Mell, WSBA #21319
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 (P)
281-664-4643 (F)
joan@3brancheslaw.com

STATE OF WASHINGTON v. GEO GROUP
EOF CASE NO. 3:17-CV-05806-RJB
DEFENDANT THE GEO GROUP, INC.'S MOTION
FOR A PROTECTIVE ORDER

- 14 -

NORTON ROSE FULBRIGHT US LLP
Andrea D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000
andrea.dambra@nortonrosefulbright.com

I certify under penalty of perjury under the laws of the State of Washington that the above information is true and correct.

DATED this 21st day of June, 2018 at New York, New York.

_____
Susana Medeiros

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR A PROTECTIVE ORDER

- 15 -

NORTON ROSE FULBRIGHT US LLP
Andrea D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000
andrea.dambra@nortonrosefulbright.com