# Exhibit 1

1

The Honorable Robert J. Bryan

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

10

11   STATE OF WASHINGTON,                     NO. 3:17-cv-05806-RJB

12                          Plaintiff,        **DEFENDANT THE GEO GROUP, INC.'S**
                                              **RESPONSES TO PLAINTIFF STATE OF**
13   v.                                       **WASHINGTON'S FIRST REQUESTS**
                                              **FOR PRODUCTION**
14   THE GEO GROUP, INC.,

15                          Defendant.

16

17      **THE GEO GROUP, INC'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR**
                                    **PRODUCTION**
18

19          Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")

20   and the Local Rules of the U.S. District Court for the Western District of Washington (the "Local

21   Rules"), Defendant The GEO Group, Inc. ("GEO") hereby responds and objects to Plaintiff's

22   Requests for Production.  Subject to the specific objections below, GEO will produce documents

23   on a rolling basis subject to a reasonable schedule mutually agreed to by the parties.

24                   **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

25          GEO objects to Plaintiff's definition of "<u>communication</u>" in paragraph 3.3 to include "any

26   conversations, meetings, correspondence, conference, and any other means or manner by which

27   information or opinion is or was communicated to or received from others, whether written,

28
STATE OF WASHINGTON v. GEO GROUP                        III BRANCHES LAW, PLLC
ECF CASE NO. 3:17-cv-05806-RJB                                Joan K. Mell
DEFENDANT GEO GROUP, INC.'S RESPONSE TO                  1019 Regents Blvd. Ste. 204
FIRST REQUESTS FOR PRODUCTION                                Fircrest, WA 98466
                                                            253-566-2510 ph
                                                         joan@3brancheslaw.com

1   electronic, or oral" to the extent that oral communications are unrecorded in either a written or

2   electronic medium.  GEO will only produce documents existing in a tangible medium and will

3   not produce any unrecorded oral communications because it is not possible to do so and is outside

4   the scope of document discovery.

5       GEO objects to Plaintiff's definition of "<u>document</u>" in paragraph 3.5 as it is contrary to

6   the Federal Rules of Civil Procedure.  GEO defines "document" according to its definition in Fed.

7   R. Civ. P. 34(a)(1)(A).  GEO further objects to Plaintiff's definition of "document" to include

8   "messages and/or attachments now only available on backup or archive tapes or disks" as not

9   reasonably accessible, unduly burdensome, and outside of the scope of discovery.  GEO further

10  objects to Plaintiff's definition of "document" referring to or invoking Washington State Rules of

11  Evidence to the extent that the Washington State Rules of Evidence purport to impose obligations

12  on GEO beyond the requirements of the Federal Rules of Evidence.  GEO therefore objects to

13  Plaintiff's definition of "writings" and "records" to the extent it cites to the Washington State

14  Rules of Evidence ("ER 1001(a)") and not the applicable Federal Rules of Evidence.  GEO will

15  comply with any discovery obligations as they exist in the Federal Rules of Evidence.

16      GEO objects to Plaintiff's definition of "<u>ICE</u>" (Immigrations and Customs Enforcement)

17  in paragraph 3.6 as overly broad.  GEO defines ICE only to include the agency of the United

18  States Department of Homeland Security, ICE employees, and any other persons or entities acting

19  on behalf of or under the direction, authorization, or control of ICE.

20      GEO objects to Plaintiff's definitions of "<u>Identify</u>" included in paragraphs 3.7 through

21  3.10.  GEO is required to produce responsive documents, not create documents that identify

22  particular natural persons, entities, documents, or conversations in response to Plaintiff's First

23  Requests for Production.

24      GEO objects to Plaintiff's definition of "<u>state the basis</u>" in paragraph 3.15 as inapplicable

25  to Plaintiff's First Requests for Production.  GEO is under no obligation to "state the basis" for

26  any of its responses or objections to Plaintiff's First Requests for Production.  GEO will respond

27  to Plaintiff's First Requests for Production in accordance with Fed. R. Civ. P. 34(b)(2).

28

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUESTS FOR PRODUCTION

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

GEO objects to Plaintiff's definition of "You," "Your," and "GEO Group" in paragraph 3.16 as outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) to the extent that the request seeks information relating to persons or entities that are separate and distinct from GEO and over whom GEO exercises no control. GEO further objects to these definitions to the extent that the request includes GEO attorneys and, therefore, improperly seeks information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities. In responding to these requests, GEO interprets the terms "You," "Your," and "GEO Group" to refer only to the named party in this action and any entities GEO has the legal right to control.

GEO objects to Instruction 4.1 to the extent that Plaintiff seeks production of documents outside of the possession, custody, or control of the named party, GEO, and any entities GEO has the legal right to control.

GEO objects to Instruction 4.3 to the extent that Plaintiff seeks information outside of the possession, custody, or control of an entity within the legal right to control of the named party, GEO. Furthermore, GEO objects to the procedure for claiming privilege as described in Instruction 4.3. GEO will produce a privilege log in accordance with Fed. R. Civ. P. 26(b)(5) or in a format mutually agreed to by the parties.

GEO objects to Instruction 4.4 to the extent that it seeks to impose discovery obligations on GEO, pursuant to Washington State Rules of Civil Procedure ("CR 26(e)"), beyond the requirements of the Federal Rules of Civil Procedure. GEO will supplement any responses to Plaintiff's First Requests for Production, should they be necessary, in accordance with Fed. R. Civ. P. 26(e).

GEO objects to Instruction 4.8, which instructs GEO to produce "all earlier editions or predecessor documents" and, therefore, would require GEO to produce documents outside of the scope of discovery. GEO will only produce documents relevant to the claims and defenses of the parties from within the appropriate time period.

GEO objects to Instruction 4.9 as it states a procedure for the production of documents,

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUESTS FOR PRODUCTION

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1   including the labelling and grouping of documents, as well as providing a key for abbreviations

2   used in all documents, that is unduly burdensome and not required under the Federal Rules of

3   Civil Procedure.  Pursuant to Fed. R. Civ. P. 34(b)(2)(E), GEO will produce documents as they

4   are kept in the usual course of business, as they were ordinarily maintained or in a reasonably

5   useable format.  Furthermore, GEO objects to Instruction 4.9 that requires "each responsive

6   document or information shall be produced in its entirety and no portion of any document or

7   information shall be edited, cut, masked, redacted or otherwise altered."  GEO objects as this may

8   require the production of information subject to privilege, privacy or security restrictions.  GEO

9   reserves the right to redact information that is not responsive as well as to redact for privilege.

10  GEO may also produce documents redacted, *inter alia*, to protect the privacy and safety of

11  individuals identified in the documents, detainees, GEO staff, and others.

12      GEO objects to Instruction 4.10 to the extent it requires GEO to take extraordinary

13  measures that would be disproportionately expensive and burdensome to preserve electronic

14  information.  In accordance with FRCP 37(e) and relevant case law, GEO will take reasonable

15  steps to preserve electronically stored information potentially relevant to this matter.

16      GEO objects to Instruction 4.12 to the extent that Plaintiff seeks production of documents

17  outside of the possession, custody, or control of any entity that GEO has the legal right to control.

18  Without waiver of any rights or other objections, GEO will take reasonable steps to preserve

19  documents and information in the conduct of litigation, as is required under applicable case law

20  and Fed. R. Civ. P. 37(e).

21      GEO objects to Instruction 4.13 as no "Exhibit A" has been attached to Plaintiff's First

22  Requests for Production.  Pursuant to Fed. R. Civ. P. 34(b)(2)(E), GEO will produce documents

23  as TIFF images with extracted text (or OCRed text for redacted documents) or in a reasonably

24  useable format as appropriate.

25      GEO objects to Instruction 4.14 as contrary to the Federal Rules of Civil Procedure, and

26  largely inapplicable to the substance of Plaintiff's First Request for Production.  Without waiver

27  of any rights or other objections, GEO will produce documents responsive to Plaintiff's First

28

- 4 -

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUESTS FOR PRODUCTION

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Requests for Production and within its possession, custody, or control in accordance with Fed. R. Civ. P. 34(a)(1).

GEO objects to Instruction 4.15 as GEO is not required under the Federal Rules of Civil Procedure to describe documents or information that may have been destroyed prior to reasonably anticipating litigation in this matter.

## OBJECTIONS TO FIRST REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:     Please produce all documents that are referenced in, support, or that form the basis of Your response to Interrogatory 1.**

**RESPONSE TO NO. 1:**     Subject to and without waiving GEO's definition and instructions objections, GEO will produce relevant, responsive, non-privileged documents referenced in, support of, or form the basis for its response to Interrogatory 1.

**REQUEST FOR PRODUCTION NO. 2:     Please produce all documents that are referenced in, support, or that form the basis of Your response to Interrogatory 2.**

**RESPONSE TO NO. 2:**     Subject to and without waiving GEO's definition and instructions objections, GEO will produce relevant, responsive, non-privileged documents referenced in, support of, or form the basis for its response to Interrogatory 2.

**REQUEST FOR PRODUCTION NO. 3:     Please produce all documents that are referenced in, support, or that form the basis of Your response to Interrogatory 3.**

**RESPONSE TO NO. 3:**     Subject to and without waiving GEO's definition and instructions objections, GEO will produce relevant, responsive, non-privileged documents referenced in, support of, or form the basis for its response to Interrogatory 3.

**REQUEST FOR PRODUCTION NO. 4:     Please produce all documents that are referenced in, support, or that form the basis of Your response to Interrogatory 4.**

**RESPONSE TO NO. 4:**     Subject to and without waiving GEO's definition and instructions objections, GEO will produce relevant, responsive, non-privileged documents referenced in, support of, or form the basis for its response to Interrogatory 4.

**REQUEST FOR PRODUCTION NO. 5:     Please produce all documents that are referenced in, support, or that form the basis of Your response to Interrogatory 5.**

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUESTS FOR PRODUCTION

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

**RESPONSE TO NO. 5:** Subject to and without waiving GEO's definition and instructions objections, GEO will produce relevant, responsive, non-privileged documents referenced in, in support of, or form the basis for its response to Interrogatory 5.

**REQUEST FOR PRODUCTION NO. 6: Please produce all documents that are referenced in, support, or that form the basis of Your response to Interrogatory 6**.

**RESPONSE TO NO. 6:** Subject to and without waiving GEO's definition and instructions objections, GEO will produce relevant, responsive, non-privileged documents referenced in, in support of, or form the basis for its response to Interrogatory 6.

**REQUEST FOR PRODUCTION NO. 7: Please produce a corporate organization chart that includes all of The GEO Group, Inc.'s parent, subsidiary (whether wholly or partially owned), and affiliated entities**.

**RESPONSE TO NO. 7:** GEO objects to this Request on the grounds that it is vague and ambiguous to the extent that it seeks information regarding undefined "affiliated entities." Subject to and without waiving GEO's definition and instructions objections, GEO will produce its most recent corporate organizational chart based on information within GEO's possession, custody, or control.  GEO is unaware of any documents it is withholding based upon the above specific objection, but reserves the right to supplement and amend this response as discovery continues.

**REQUEST FOR PRODUCTION NO. 8: Please produce, in full, any and all bids and/or contracts between The GEO Group, Inc. and Immigration and Customs Enforcement ("ICE") regarding the Northwest Detention Center**.

**RESPONSE TO NO. 8:** GEO objects to producing bids and contracts to the extent they disclose trade secrets.  Following appropriate redactions and subject to and without waiving GEO's definition and instructions objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged copies, to the extent that they exist, of all bids or contracts between The GEO Group, Inc. and Immigration and Customs Enforcement

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUESTS FOR PRODUCTION

- 6 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3branceslaw.com

("ICE") regarding the Northwest Detention Center within the relevant time period.  GEO is

withholding or redacting documents based upon the above specific objection.

**REQUEST FOR PRODUCTION NO. 9:**    **Please produce all The GEO Group, Inc.**
**policies regarding the Voluntary Work Program at the Northwest Detention Center**.

**RESPONSE TO NO. 9:**    Subject to and without waiving GEO's definition and instructions

objections, GEO will conduct a reasonable search of documents on active electronic systems and

reasonably accessible paper storage areas that GEO reasonably believes contain potentially

relevant information within its possession, custody, and control, and produce relevant, responsive,

non-privileged copies, to the extent that they exist, of all The GEO Group, Inc. policies regarding

detainee participation in, and compensation from, the Voluntary Work Program at the Northwest

Detention Center within the relevant time period.

**REQUEST FOR PRODUCTION NO. 10:**    **Please produce all handbooks issued to**
**detainees regarding the Northwest Detention Center.**

**RESPONSE TO NO. 10:**    Subject to and without waiving GEO's definition and instructions

objections, GEO will conduct a reasonable search of documents on active electronic systems and

reasonably accessible paper storage areas that GEO reasonably believes contain potentially

relevant information within its possession, custody, and control, and produce relevant, responsive,

non-privileged final copies, to the extent that they exist, of all versions of handbooks issued to

detainees regarding the Northwest Detention Center within the relevant time period.

**REQUEST FOR PRODUCTION NO. 11:**    **Please produce all The GEO Group, Inc.'s**
**documents related to the Voluntary Work Program and ICE's Performance Based National**
**Detention Standard 5.8 including policies, memorandum, handbooks, and documents**.

**RESPONSE TO NO. 11:**    GEO objects to this Request on the grounds that it requests

information outside the scope of discovery in that it seeks "all documents related to" the

Voluntary Work Program and ICE's Performance Based National Detention Standard 5.8.  All

documents related to the Voluntary Work Program and ICE's Performance Based Detention

Standard 5.8 are not relevant to the claims and defenses in this case.  For example, invoices for

cleaning supplies used by detainees as part of the Voluntary Work Program are "related to" the

program, but have no bearing on the claims or defenses in this case.  In addition, the production

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1   of those documents that are nominally relevant to the claims and defenses may be

2   disproportionate, considering in particular, their bearing on the importance of the issues at stake

3   in the action, the amount in controversy, the parties' resources, the importance of the specific

4   documents in resolving the issues, and whether the burden or expense of the proposed discovery

5   outweighs its likely benefit.  Subject to and without waiving GEO's definition and instructions

6   objections, GEO will conduct a reasonable search documents on active electronic systems and

7   reasonably accessible paper storage areas that GEO reasonably believes contain potentially

8   relevant information within its possession, custody, and control, and produce relevant, responsive,

9   non-privileged documents, to the extent that they exist, concerning the Voluntary Work Program

10  and ICE's Performance Based National Detention Standard 5.8's implementation as they relate to

11  detainee participation and compensation at the Northwest Detention Center within the relevant

12  time period.  GEO is withholding or redacting documents based upon the above specific

13  objection.

14  **REQUEST FOR PRODUCTION NO. 12:**   **Please produce all The GEO Group, Inc.'s**

15  **communications related to the Voluntary Work Program and ICE's Performance Based**
    **National Detention Standard 5.8, with and between The GEO Group, Inc., ICE, any**

16  **governmental entities, community stakeholders, or anyone else**.

17  **RESPONSE TO NO. 12:**     GEO objects to this Request on the grounds that it is overly broad

18  and unduly burdensome to the extent that it seeks "all communications related to" the Voluntary

19  Work Program and ICE's Performance Based National Detention Standard 5.8.  All

20  communications related to the Voluntary Work Program and ICE's Performance Based Detention

21  Standard 5.8 are not relevant to the claims and defenses in this case.  For example,

22  communications regarding security arrangements required to implement the Voluntary Work

23  Program have no bearing on the claims or defenses in this case.  In addition, the production of

24  those communications that are nominally relevant to the claims and defenses may be

25  disproportionate, considering: the importance of the issues at stake in the action, the amount in

26  controversy, the parties' resources, the importance of the discovery in resolving the issues, and

27  whether the burden or expense of the proposed discovery outweighs its likely benefit.

28
STATE OF WASHINGTON v. GEO GROUP                          - 8 -
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUESTS FOR PRODUCTION

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1   Furthermore, GEO objects to this Request on the grounds that it is unreasonably vague in seeking

2   communications with "any governmental entities, community stakeholders, or anyone else"

3   because "anyone else" is so broad as to encompass non-relevant communications with any

4   number of people about issues related to the program that have nothing to do with the claims and

5   defenses in this case.  For example, a communication about the fact that the program exists is

6   irrelevant to whether GEO appropriately paid detainees participating in the program.  Subject to

7   and without waiving GEO's definition and instructions objections, GEO will conduct a

8   reasonable search of documents on active electronic systems and reasonably accessible paper

9   storage areas that GEO reasonably believes contain potentially relevant information within its

10  possession, custody, and control, and produce relevant, responsive, non-privileged

11  communications, to the extent that they exist, concerning the Voluntary Work Program and ICE's

12  Performance Based National Detention Standard 5.8's implementation as they relate to detainee

13  participation and compensation at the Northwest Detention Center within the relevant time

14  period.  GEO is withholding or redacting documents based upon the above specific objection.

15  **REQUEST FOR PRODUCTION NO. 13:    Please produce all documents that would show

16  how many hours detainee-workers have worked at the Northwest Detention Center since
    2005**.

17  **RESPONSE TO NO. 13:**      GEO objects to this Request on the grounds that it is unduly

18  burdensome to the extent it seeks all documents related to the topic when summary information is

19  sufficient and significantly less burdensome.  GEO objects to this Request pursuant to Fed. R.

20  Civ. P. 26(b)(1) as it seeks documents that are not proportionate to the needs of this case.  Subject

21  to and without waiving GEO's definition and instructions objections, GEO will produce relevant,

22  responsive, non-privileged documents from active electronic systems and reasonably accessible

23  paper storage areas that GEO reasonably believes contain information sufficient to show the

24  number of hours detainees have worked at the Northwest Detention Center since November 1,

25  2005.

26  **REQUEST FOR PRODUCTION NO. 14:    Please produce all documents regarding the

27  process by which detainee workers are paid for participating in the Voluntary Work
    Program**.

28

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

**RESPONSE TO NO. 14:**     GEO objects to this Request on the grounds that it is unduly burdensome to the extent it seeks all documents related to the topic when limited specific information is sufficient and significantly less burdensome.  GEO objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1) as it seeks documents that are not proportionate to the needs of this case, because the burden and expense to GEO of discovery of "all documents regarding the process by which detainee workers are paid for participating in the Voluntary Work Program" certainly outweighs the limited benefit Plaintiffs will receive from reviewing all potentially applicable documents individually.  Subject to and without waiving GEO's definition and instructions objections, GEO will produce relevant, responsive, non-privileged documents from active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain information sufficient to show what detainees at the Northwest Detention Center were paid for participating in the Voluntary Work Program during the relevant time period.  GEO is withholding or redacting documents based upon the above specific objection.

**REQUEST FOR PRODUCTION NO. 15:**   **Please produce all documents regarding the process by which detainee workers' [sic] are terminated from participating in the Voluntary Work Program.**

**RESPONSE TO NO. 15:**     GEO objects to this Request on the grounds that it is unduly burdensome to the extent it seeks all documents related to the topic when limited specific information is sufficient and significantly less burdensome.  GEO objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1) as it seeks documents that are not proportionate to the needs of this case, because the burden and expense to GEO of discovery of "all documents regarding the process by which detainee workers' [sic] are terminated for participating in the Voluntary Work Program" certainly outweighs the limited benefit Plaintiffs will receive from reviewing all potentially applicable documents individually.  Subject to and without waiving GEO's definition and instructions objections, GEO will produce relevant, responsive, non-privileged documents from active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain information sufficient to show the process by which detainees at the Northwest Detention Center were terminated from participating in the Voluntary Work Program

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUESTS FOR PRODUCTION

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

during the relevant time period.  GEO is withholding or redacting documents based upon the above specific objection.

**REQUEST FOR PRODUCTION NO. 16:    Please produce all documents regarding the process by which detainee workers' efforts are reviewed**.

**RESPONSE TO NO. 16:**      GEO objects to this Request on the grounds that it is unduly burdensome to the extent it seeks all documents related to the topic when limited specific information is sufficient and significantly less burdensome.  GEO objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1) as it seeks documents that are not proportionate to the needs of this case, because the burden and expense to GEO of discovery of "all documents regarding the process by which detainee workers' efforts are reviewed" certainly outweighs the limited benefit Plaintiffs will receive from reviewing all potentially applicable documents individually.  Subject to and without waiving GEO's definition and instructions objections, GEO will produce relevant, responsive, non-privileged documents from active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain information sufficient to show the process by which work conducted by detainees at the Northwest Detention Center as part of the Voluntary Work Program were reviewed.  GEO is withholding or redacting documents based upon the above specific objection.

**REQUEST FOR PRODUCTION NO. 17:    Please produce all documents regarding the process by which detainee workers are terminated from participating in the Voluntary Work Program[.]**

**RESPONSE TO NO. 17:**      GEO objects to this Request on the grounds that it is unduly burdensome to the extent it seeks all documents related to the topic when summary information is sufficient and significantly less burdensome.  GEO also objects to this Request on the grounds that it is cumulative and duplicative of other Requests, specifically Request 15.  Please see GEO's response to Request 15 above.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUESTS FOR PRODUCTION

- 11 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Dated: February 5, 2018

**III BRANCHES LAW PLLC**

By_____

    Joan K. Mell, WSBA #21319
    1019 Regents Blvd. Ste. 204
    Fircrest, WA 98466
    253-566-2510 (P)
    281-664-4643 (F)
    joan@3brancheslaw.com

**NORTON ROSE FULBRIGHT US LLP**
Charles A. Deacon
300 Convent St.
San Antonio, Texas 78205
Telephone: (210) 270-7133
Facsimile: (210) 270-7205
charlie.deacon@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th Street NW, Suite 1000
Washington, DC 20001-4501
Telephone: (202) 662-0210
Facsimile: (202) 662-4643
mark.emery@nortonrosefulbright.com

**ATTORNEYS FOR DEFENDANT
THE GEO GROUP, INC.**

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUESTS FOR PRODUCTION

- 12 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

**CERTIFICATE OF SERVICE**

I, Joseph Fonseca, hereby certify as follows:

I am over the age of 18, a resident of Pierce County, and not a party to the above action.

On February 5, 2018, I electronically served the above GEO's Response to Plaintiff's First

Requests For Production via Email to the following:

Office of the Attorney General
La Rond Baker, WSBA No. 43610
Marsha Chien, WSBA No. 47020
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
LaRondB@atg.wa.gov
MarshaC@atg.wa.gov

Norton Rose Fulbright US LLP
Charles A. Deacon (Pro Hac Vice)
300 Convent St.
San Antonio, TX 78205
(210)-270-7133
charlie.deacon@nortonrosefulbright.com

Norton Rose Fulbright US LLP
Mark Emery (Pro Hac Vice)
799 9th St. NW, Suite 1000
Washington, DC 20001-4501
(202)-662-0210
mark.emery@nortonrosefulbright.com

I certify under penalty of perjury under the laws of the State of Washington that the above

information is true and correct.

DATED this 5th day of February, 2018 at Fircrest, Washington

Joseph A. Fonseca, Paralegal

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUESTS FOR PRODUCTION

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com