The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | CIVIL ACTION NO. 3:17-cv-05806-RJB<br><br>STATE OF WASHINGTON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY DEFENDANT<br><br>ORAL ARGUMENT REQUESTED<br><br>**Noted for Consideration: July 6, 2018** |

## I.   INTRODUCTION

The State of Washington ("Washington") challenges The GEO Group, Inc.'s ("GEO") longstanding practice of paying detainee workers that keep the Northwest Detention Center ("NWDC") operational $1 per day, or food, for labor. Washington seeks a declaration requiring GEO to comply with Washington's minimum wage laws and an order requiring GEO to disgorge the profits it unjustly made by severely underpaying detainee workers.

During the course of this litigation, GEO has consistently attempted to hide behind Immigration and Customs Enforcement ("ICE") with whom it contracts for the provision of detention services at the NWDC. Its response to discovery is no different.

GEO argues that it has no obligation to produce responsive documents in a timely manner because – although the responsive documents are in GEO's custody and control – ICE must

STATE OF WASHINGTON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY DEFENDANT

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

review responsive documents prior to GEO producing them in discovery. GEO has not identified any contract, statute, policy or directive that would require such a review and absolve GEO of its discovery obligations in the meantime. Nevertheless, GEO continues to refuse to produce responsive documents or even to identify the documents it is withholding.

Further, GEO refuses to produce to Washington unredacted GEO-ICE contracts and bids – even if such disclosure were subject to confidentiality protections of a protective order. GEO takes this untenable position even though such documents have been deemed public documents disclosable under the Freedom of Information Act ("FOIA").

Washington has repeatedly attempted to resolve these discovery issues without petitioning this Court for relief. However, GEO's refusal to produce responsive documents and unredacted versions of contracts and bids containing necessary financial information requires Washington to respectfully ask this Court to order GEO to produce documents it has identified as responsive to Washington's First Requests for Production, including unredacted copies of GEO-ICE contracts and bids.

## II.   BACKGROUND

On September 20, 2017, Washington sued GEO, a private, for-profit company that operates the NWDC in Tacoma, Washington, for failure to pay minimum wage to detainee workers and for unjust enrichment. ECF 1-1. GEO removed the matter to this Court. ECF 32.

Washington served its First Requests for Production to Defendant GEO ("First RFP's") on January 5, 2018. *See* Baker Decl. at Ex. F. GEO responded to Washington's First RFPs on February 5, 2018. *Id.* Washington sought production, in relevant part, of bids and/or contracts between GEO and ICE regarding NWDC; GEO's policies regarding the "Voluntary Work Program" ("VWP") at the NWDC; handbooks issued to detainees regarding the NWDC; documents and communications related to the VWP and ICE's Performance Based National Standard 5.8; documents showing how many hours detainee-workers have worked at the NWDC since 2005, when GEO began operating it; documents regarding the process by which detainee

STATE OF WASHINGTON'S MOTION TO
COMPEL PRODUCTION OF DOCUMENTS
BY DEFENDANT

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

workers are paid for participating in, and terminated from, the VWP; and documents regarding how detainee workers are reviewed. *See* Baker Decl. F at RFP's 8-16.

In its responses to these RFP's, GEO agreed to produce "relevant, responsive, non-privileged" documents, stating in the case of RFP No. 8 that it would produce all bids and contracts between GEO and ICE regarding NWDC "[f]ollowing appropriate redactions[.]" *Id.* at RFP's 8 and 9-16. GEO further stated that it would "produce documents on a rolling basis subject to a reasonable schedule mutually agreed to by the parties." Baker Decl. Ex. B. GEO did not indicate that documents would need to be reviewed by ICE before being produced on a rolling basis to Washington. *Id.*

On April 21, 2018, GEO proposed a stipulated protective order for Washington's consideration to govern disclosure of sensitive materials in discovery and attach appropriate protections. *See* Baker Decl. Ex. A. The parties worked extensively to negotiate the scope and parameters of a mutually agreeable stipulated protective order and filed a joint motion on June 20, 2018 seeking its entry. *See* ECF 61; ECF 62. The protective order, if entered, will only apply to a subset of documents responsive to Washington's First RFP's. *See id.*

As of April 30, 2018, GEO had not produced *any* documents in response to Washington's First RFPs. Baker Decl. at Ex. B. During a telephonic conference that day, GEO took the position that it would not begin producing documents, whether they would be subject to a stipulated protective order or not, until two weeks after the entry of a stipulated protective order. Baker Decl. at Ex. B. GEO failed to provide any basis for withholding its production of documents that would not be subject to an eventual stipulated protective order. *Id.*

On May 31, 2018, after Washington threatened to move to compel for GEO's failure to produce *any* documents, GEO provided Washington a limited production of documents. *See* Baker Decl. at Ex. C. However, since then, GEO has failed to produce any other responsive documents. *See* Baker Decl. at Ex. D.

STATE OF WASHINGTON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY DEFENDANT

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

On June 12, 2018, during a telephonic conference about this issue, GEO informed Washington that it was withholding responsive documents from production, pending ICE review, and that those documents included all documents containing "specific information about detainees, detainee work or the voluntary work program[.]" Baker Decl. at Ex. D. *See also* Baker Decl. at Ex. E. GEO had previously pointed to a provision of its contract with ICE purporting to limit access to "detainee records," but that provision contained a much narrower definition of "[i]nformation concerning the individual's personal, criminal and medical history, behavior, and activities while in custody[.]" Baker Decl. Ex. E. GEO cited no authority for its unilateral decision to broaden the documents it considered to allegedly require ICE review prior to production, resulting in GEO's refusal to produce a *substantial* portion of its responsive documents to Washington. *See* Baker Decl. ¶ 9 (GEO informed Washington that it will produce two batches of responsive documents to ICE for pre-production review – totaling approximately 5,000 and 15,000 documents).

Although Washington requested clarification of GEO's contractual or legal obligation to ICE, purportedly requiring ICE review of documents before production, GEO failed to produce any request from ICE to review responsive documents prior to their production to Washington, or any contractual, statutory, or other obligation requiring ICE's prior review of document productions. *See* Baker Decl. Ex. D. Despite being asked for a reasonable explanation, GEO has failed to provide any clear justification for ICE sign-off on its production of responsive documents. Baker Decl. Ex. E. Instead, GEO simply directed Washington to provisions of the GEO-ICE contract that do not specifically provide support for their claim. *Id.*

In this same meeting, GEO informed Washington that ICE did not have protocols in place for reviewing the documents and that GEO did not know how long it would take ICE to complete the review or when Washington could expect to receive responsive documents. Baker Decl. ¶ 10.

STATE OF WASHINGTON'S MOTION TO
COMPEL PRODUCTION OF DOCUMENTS
BY DEFENDANT

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

On June 15, 2018, GEO also informed Washington that it would not produce an unredacted version of the GEO-ICE contract – not even after entry of a protective order that covered financial documents. In this same meeting, GEO informed Washington that the only documents it will receive – without ICE's review – after a protective order is entered are staffing plans; internal GEO audits; GEO job descriptions; and any GEO policies that have yet to be produced. Baker Decl. ¶ 11.

### III.   ARGUMENT

"The party that resists discovery has the burden to show why the discovery request should be denied[.]" *Alexander v. U.S. Bank. N.A.*, No. C16-1045RSM, 2016 WL 9525593, at *1 (W.D. Wash. Dec. 1, 2016). Indeed, under "the liberal discovery principles of the Federal Rules [the resisting party] carr[ies] a heavy burden of showing why discovery was denied." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Simply put, Federal Rule of Civil Procedure 34 requires parties to produce documents that are responsive to discovery requests. A party may move to compel discovery if the movant has, in good faith, conferred with the party opposing discovery to obtain the requested discovery without the court's intervention and that good faith attempt has failed. *Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383, 390 (W. D. Wash. July 20, 2017) (citing Fed. R. Civ. P. 26(c)). "A party seeking discovery may move for an order compelling . . . production . . . if a party fails to produce documents." Fed. R. Civ. P. 37(a)(3)(B)(iv).

This Court should grant Washington's motion to compel because (1) GEO has refused to produce responsive documents in a timely manner; (2) GEO has refused to identify a specific time when it will produce responsive documents to Washington; (3) GEO has refused to produce unredacted GEO-ICE contracts and bids; and (4) Washington's attempts to resolve these issues without judicial intervention have been unsuccessful. Washington certifies pursuant to LCR 37(a) that it has met and conferred with GEO in good faith in an effort to resolve this dispute without Court action. *See* Baker Decl. ¶ 9-11.

STATE OF WASHINGTON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY DEFENDANT

5

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

A. **This Court Should Order GEO to Produce Documents Responsive to Washington's Requests Without Waiting for a Non-Party to Complete a Review**

Washington served its First RFP's on January 5, 2018. GEO responded to these requests on February 5, 2018. Baker Decl. at F. However, GEO has refused to produce documents GEO itself has identified as responsive. Baker Decl. Ex.E. Instead, GEO claims that responsive documents must be reviewed by ICE prior to production, and that Washington must wait an indefinite period of time for ICE to finish that review before receiving responsive documents. *Id*. This is a flagrant disregard of GEO's discovery obligations and is a major road block to Washington's ability to vindicate its rights and litigate its claims. And although GEO has not provided a log or other writing identifying the documents it is withholding, based on GEO's assertions, it is likely that GEO is withholding a significant set of responsive documents Washington needs to prove its claims, including documents showing (1) when detainee workers generally start and end shift work in the VWP; (2) the numbers of detainee workers who GEO paid on any given day for work performed in the VWP; (3) the hours detainees have worked in the VWP; and (4) information regarding non-monetary payment of detainees for their labor.

   1. **GEO has no legitimate basis for withholding responsive documents pending a review by ICE**

GEO refuses to produce responsive documents that are in GEO's custody and control but that it claims "are actually under the control, or contain information that is under the control, of ICE." Baker Decl. Ex. D. For these documents, GEO claims that it is obligated to allow ICE to review them prior to GEO producing them pursuant to its discovery obligations. *Id.* GEO, however, has not identified a basis for its claim that such a review is legally necessary.

Instead, GEO directed Washington to sections of the GEO-ICE contract that do not directly address this issue. *See* Baker Decl. Ex. E (noting that GEO "directed you to several provisions in the contract applicable to these obligations . . . [including], among others, Section D (Dkt. 19 at 48) and Section E (Dkt. 19 at 49-50) and the regulations and materials referenced within). Section D is a list of constraints that GEO is obligated to comply with – including "state

STATE OF WASHINGTON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY DEFENDANT

6

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

and local labor laws and codes. ECF 19 at 48. However, Section D does not address any litigation or discovery-specific obligations. Section E identifies performance standards that ICE requires GEO to meet including document retention guidelines governed by the National Archives and Records Administration. Similar to Section D, Section E does not identify any litigation or discovery-specific requirements regarding document productions, or any required pre-production document review by ICE. Further, ICE's silence in this matter is telling. If ICE had a concern with GEO producing documents responsive to Washington's discovery requests, it presumably could make that interest known. However, ICE has made no effort to join or interject its point of view in this litigation.

As GEO cannot identify any basis for its refusal to produce responsive documents to Washington, this Court should order them to do so.

> **2.    Even if some documents purportedly could be withheld pending ICE review, the scope of documents GEO has withheld is plainly overbroad**

The scope of documents GEO refuses to produce is overly broad and is not tethered to any purported contractual, statutory, policy or directive. GEO describes responsive documents that it purportedly must withhold from Washington as any document that includes "specific information about detainees, detainee work or the voluntary work program[.]" Baker Decl. Ex. E. GEO has declined to further define "specific information," but notably none of Washington's discovery requests seek personally identifying information or include "detainee records" as defined in the GEO-ICE contract.

The GEO-ICE contract itself seems to indicate that the only documents and information that ICE purportedly would deem confidential is fairly limited. This is evidenced by the fact that the GEO-ICE contract defines "detainee records" narrowly as any document containing "[i]nformation concerning the individual's personal, criminal and medical history, behavior, and activities while in custody[.]" The contract then provides examples of the types of documents that should be deemed "detainee records" – all of which would contain individually identifiable

STATE OF WASHINGTON'S MOTION TO
COMPEL PRODUCTION OF DOCUMENTS
BY DEFENDANT

7

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

information – for example: "Detainee, Personal Property [Records]"; "Receipts, Visitor List, Photographs[;]" "Fingerprints, Disciplinary Infractions[;]" "Actions Taken, Grievance Reports, Medical [Records;]" "Records, Work Assignments, Program Participation[;]" and "Miscellaneous Correspondence[.]" ECF 19 at 51. Similarly, the GEO-ICE contract includes a narrow definition of "sensitive information" that purportedly would be protected from disclosure. *See* ECF 19 at 57 (definition "sensitive information" as "[a]ny information which could affect the national interest, law enforcement activities, the conduct of federal programs, or the privacy to which individuals are entitled under Title 5, U.S. Code, Section 552a").

As GEO has failed to provide a basis for withholding responsive documents from production, and the GEO-ICE contract narrowly defines the types of documents that ICE purportedly would deem protected, the Court should order GEO to produce all responsive documents, even if some of those documents may be designated confidential under the terms of the parties' recently-filed proposed stipulated protective order. If the Court allows GEO to withhold any documents pending a review by ICE, which Washington believes it should not, the Court should order GEO to produce a log of its withholdings. This would allow Washington to discover the universe of responsive documents that exist in an effort to limit some of the prejudice that GEO's delays and withholdings have caused.

**B.   This Court Should Order GEO to Produce an Unredacted Version of GEO-ICE Contracts and Bids**

In its response to Washington's RFP No. 8, GEO indicated that it "objects to producing bids and contracts to the extent they disclose trade secrets." Baker Decl. Ex. F. In a June 15, 2018 meeting between the parties, GEO doubled down on this stance and informed Washington that GEO will not produce an unredacted GEO-ICE contract to Washington – even if a stipulated protective order is entered.[1] As Washington previously argued, ECF 24, GEO's stance is a major

---

[1] This Court has previously entertained arguments from the parties on this issue, ECF 24; ECF 25; ECF 26.

STATE OF WASHINGTON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY DEFENDANT

8

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

departure from general views about the public nature of financial information in contracts for detention services – even contracts with ICE for immigration detention. That argument has been considered and rejected. *See Det. Watch Network v. U.S. Immigration & Customs Enf't*, 215 F. Supp. 3d 256, 265 (S.D.N.Y. 2016).

In *Detention Watch Network*, the Southern District of New York was recently tasked with determining whether ICE contracts for detention services, such as the GEO-ICE contract, contained information specific enough to be deemed trade secrets for purposes of the Freedom of Information Act ("FOIA"). *Det. Watch Network*, 215 F. Supp. 3d at 265. The court in that case found that basic pricing information, without more, does not warrant withholding documents under FOIA's trade secrets exemption. *Id.* at 261-66. The district court found that releasing bed-day rates, unit prices, and staffing plans would not cause competitive harm to contractors like GEO because "a competitor could not reverse engineer pricing strategies without knowledge of a large number of unascertainable variables." *Id.* at 265. This is because the "bed-day rate . . . is a composite number, based on a number of facts, including wages and associated costs, general and administrative costs, and profits." *Id.* Further, "[p]ricing is complex and requires contractors to make multiple assumptions and calculations." *Id.* "Merely showing that competition exists or that contractors may face greater competition is inadequate to show that the information is confidential." *Id.* at 264. Further, the district court found that there is a "limited competitive market for detention services" and that the ICE detention contracts "do[] not show that prices, or more importantly, profit, could be derived with the specificity needed to meet Defendants' burden of showing competitive harm." *Id.*

For the same reasons the Southern District of New York did not find that ICE detention contracts warranted withholding under FOIA, this Court should find that disclosure of full and unredacted contracts and bids are appropriate here. The information GEO seeks to withhold is not specific enough to be trade secrets or to hurt GEO's competiveness. Just as the *Detention Watch Network* court found, competition in the private for-profit detention industry is limited.

STATE OF WASHINGTON'S MOTION TO
COMPEL PRODUCTION OF DOCUMENTS
BY DEFENDANT

9

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

Simply put, basic pricing information is insufficient to require courts to find such information non-public or confidential.

Further, inasmuch as this Court may agree that the GEO-ICE contracts and bids contain information that should remain confidential, the Court could order disclosure pursuant to the terms of the parties' proposed stipulated protective order.

As such, this Court should order GEO to produce an unredacted version of all responsive GEO-ICE contracts and bids for NWDC and not subject the disclosures to any protective order in this matter.

## IV.   CONCLUSION

For the foregoing reasons, Washington respectfully requests that the Court grant its motion to compel and order GEO to produce all documents responsive to Washington's First RFP's – including responsive documents it claims purportedly must be reviewed by ICE and unredacted GEO-ICE contracts and bids – within one week of the issuance of an order form this Court.

Dated this 21st day of June, 2018

Respectfully submitted,

BOB FERGUSON
Attorney General of Washington

s/ *La Rond Baker*
LA ROND BAKER, WSBA No. 43610
MARSHA CHIEN, WSBA No. 47020
ANDREA BRENNEKE, WSBA No. 22027
Assistant Attorneys General
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
larondb@atg.wa.gov
marshac@atg.wa.gov
andreab3@atg.wa.gov

STATE OF WASHINGTON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY DEFENDANT

10

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the United States District Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: June 21, 2018

                                   *s/ La Rond Baker*
                                   LA ROND BAKER

STATE OF WASHINGTON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY DEFENDANT

11

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492