**BAKER DECLARATION**

**EXHIBIT A**

April 21, 2018

**Via Electronic Mail**

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York  10019-6022
United States

La Rond Baker
Assistant Attorney General
Wing Luke Civil Rights Unit
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104

Direct line +1 212 318 3015
andrea.dambra@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400
nortonrosefulbright.com

Re:      Request for Meet and Confer in Washington v. GEO, Case No. 17-cv-05806-RJB

Counsel:

We write in response to two of your letters: (1) dated March 21, 2018, concerning the GEO Group's ("GEO") proposed Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 30(b)(6) deposition topics and subpoena *duces tecum* requests; and (2) dated April 16, 2018, concerning GEO's responses to Washington's First Interrogatories and Requests for Production.  Provided below is an initial response to concerns raised in your letters.  We are available to meet and confer at 3:00pm PST / 6:00pm EST on April 24, 2018 or thereafter to resolve these issues.  We have attached draft versions of the 502(d) order and protective order for this case.  Please review and let us know if these are okay to file as joint stipulations, or if you have concerns you would like to discuss.

**GEO's Proposed 30(b)(6) Deposition Topics and Subpoena Duces Tecum Requests**

On March 13, 2018, GEO notified Washington of its intention to take a 30(b)(6) deposition of one or more people in the above-captioned matter and requested that it identify deponents and potential dates for the depositions.  We subsequently served you with a Fed. R. Civ. P. 30(b)(6) notice on March 15, 2018, in which we described "with reasonable particularity the matters for examination," through nineteen deposition topics.  In your March 21, 2018 response, you lodged a number of objections to the proposed deposition topics and refused to designate any officer, director, agent, or other person to testify.

We disagree with each of your stated objections, including that GEO's proposed Fed. R. Civ. P. 30(b)(6) deposition topics are beyond the scope of discovery in the above-captioned matter.  GEO's proposed deposition topics seek information both "relevant to any party's claim or defense" and "proportional to the needs of the case."  *See* Fed. R. Civ. P. 26(b)(1).  Furthermore, to the extent that you claim that deposition topics seek information protected by attorney-client privilege or work product protections, you may raise those concerns at the deposition on a question-by-question basis.  As such, once again we request you to designate one or more individuals to testify, as well as propose acceptable dates for the deposition.  We are willing to meet and confer on these issues, as well as to discuss the scope and nature of GEO's subpoena requests.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

29828994.1

La Rond Baker
April 21, 2018
Page 2

NORTON ROSE FULBRIGHT

**GEO's Responses to Washington's Interrogatories and Requests**

In your April 16, 2018 letter, you requested that GEO produce documents responsive to Requests Nos. 1-16 in your First Requests for Production.  GEO timely provided written responses to those requests on February 5, 2018, and indicated that it would produce documents pursuant to its responses.  Given the sensitive nature of most of the documents at issue, as well as GEO's desire to protect its privileged communications, the Court needs to enter a mutually agreeable protective order and a 502(d) order before GEO can produce documents in this case.  We have attached draft versions of the 502(d) order and protective order for your review.  Please let us know if these are okay to file as joint stipulations, or if you have concerns you would like to discuss.  In the meantime, we are working diligently to review and prepare documents for production and we expect to begin production as soon as the above referenced orders are entered by the Court.

Our responses to the specific issues you raised in your letter are below:

Interrogatory No. 3 / Request for Production No. 3

You raised a concern with GEO's response to Interrogatory No. 3 and Request for Production No. 3.  GEO responded to Interrogatory No. 3 by stating that many of the documents that describe GEO's policies and practice relating to the Voluntary Work Program ". . . are already in the record having been provided with Initial Disclosures and further referenced in early motions."  In reference to this statement, in your letter you state that "GEO produced no records with its Initial Disclosures."  In its Initial Disclosures, however, GEO identified nine documents, several of which are specifically responsive to Request for Production No. 3.  The first document identified in GEO's Initial Disclosures, the ICE-GEO contract, was filed in a redacted form with the Court (ECF No. 19) on November 17, 2018.  GEO produced the remaining eight documents, including the 2011 Performance Based National Detention Standards, Immigration and Customs Enforcement National Detainee Handbook, and Northwest Detention Center Detainee Handbook on February 2, 2018 via FTP.  GEO specifically cited these documents in its Initial Disclosures *by their bates stamps*.  Please let us know if you can locate these documents and, if not, we will resend them.  In addition, GEO will provide documents in addition to those identified in its Initial Disclosures in its forthcoming productions.

Interrogatory No. 4

With regard to Interrogatory No. 4, you asked that we describe in further detail the procedure by which GEO can request an increase in the Voluntary Work Program allowance.  We are willing to meet and confer on this issue.

Interrogatory No. 6

Finally, you asked that we describe in further detail the changes in GEO's practices and procedures with regard to the Voluntary Work Program since 2005 in response to Interrogatory No. 6.  We will produce all versions of GEO's policies that GEO possesses, and are willing to meet and confer on this issue.

\*\*\*

La Rond Baker
April 21, 2018
Page 3

NORTON ROSE FULBRIGHT

If you have any questions, please do not hesitate to reach out to me.

Very truly yours,

Andrea L. D'Ambra

ALD

**BAKER DECLARATION**

**EXHIBIT B**

# NORTON ROSE FULBRIGHT

May 2, 2018

**Via Electronic Mail**

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York  10019-6022
United States

La Rond Baker
Assistant Attorney General
Wing Luke Civil Rights Unit
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104

Direct line +1 212 318 3015
andrea.dambra@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400
nortonrosefulbright.com

Re:     **Meet and Confer On Discovery Issues in** *Washington v. GEO*, **Case No. 17-cv-05806-RJB**

La Rond:

I write in response to your May 2, 2018 letter confirming the parties' understanding of the agreements arrived during our meet and confer call on Monday, April 30, 2018.  Overall, we agree with the summary you provided in your letter, but wished to clarify a few issues.

**1.      Protective Order**

We have received the redlined version of the Western District of Washington's Model Protective Order you provided us with your letter.  After we review the redline, we plan to respond with any further edits or concerns by early next week.  We note that the model protective order includes 502(d) protections, and are taking this issue under consideration.

**2.      GEO's Document Production and Discovery Responses**

During the call, the parties discussed specific concerns you had with GEO's responses to Interrogatories Nos. 4 and 6. As to Interrogatory No. 4, you requested additional information regarding the process by which GEO can modify the GEO-ICE contract.  You wrote in your letter that GEO agreed to supplement its answers to this interrogatory. It would be more accurate to state that we agreed that we would investigate further and see if we could provide additional information about the persons involved in making these requests for a modification, and the form of these requests.

As to Interrogatory No. 6, you requested information about every alteration to GEO's policies regarding the Voluntary Work Program since 2005.  We indicated that we intend to produce all final versions of GEO's policies in our possession custody or control on the Voluntary Work Program since 2005.

The parties also discussed the anticipated timeline of GEO's initial production. You asked when GEO anticipated it could make its initial production.  To clarify, we indicated that we believed we would be able to start producing documents within one-two weeks after entry of these orders.  We are working diligently to process and review the documents potentially relevant to the claims and defenses in this case.  Given the volumes of documents implicated by the State's requests, we will provide rolling productions to get you documents as quickly as possible while still adhering to our internal quality checking processes.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

29859255.1

La Rond Baker
May 2, 2018
Page 2

NORTON ROSE FULBRIGHT

### 3.     GEO's Proposed 30(b)(6) Topics

The parties also discussed concerns with GEO's proposed 30(b)(6) topics.  As you stated in your letter, we agreed that we would examine each topic and provide additional clarifying information.

The parties were unable to come to an agreement on several deposition topics, however:

> **Investigative Records.** You expressed a concern as to topics that appear to seek the Attorney General's investigative records, on the basis that these records are protected by the work product privilege.  We disagreed to the extent these records are based on a factual investigation conducted by the State.  The parties were unable to reach an agreement on this deposition topic, and agreed that this was a matter that would likely need to be brought to the Court's attention.

> **Topic No. 11.** You expressed a concern as to the relevance of Topic 11, which concerns the events leading up to the State's pardon or clemency of Chao Chen and the people involved, to this litigation.  We explained that the topic is relevant because it concerns the coordination between the Washington Department of Justice and an NWDC detainee, Chao Chen, which may relate to the claims or defenses of this lawsuit.  The parties were unable to reach an agreement on this deposition topic.

### 4.     Document Production Protocols

We concur that the parties "agreed – if their litigation support teams can technically support the proposed protocols – to produce documents pursuant to the protocols identified in Ms. D'Ambra's April 27, 2018 letter."  Furthermore, we are willing to meet and confer if there are any issues.

***

If you have any questions, please do not hesitate to reach out to me.

Very truly yours,

Andrea L. D'Ambra

Andrea L. D'Ambra
ALD

**BAKER DECLARATION**

**EXHIBIT C**

# NORTON ROSE FULBRIGHT

June 13, 2018

**Via Electronic Mail**

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York  10019-6022
United States

La Rond Baker
Assistant Attorney General
Wing Luke Civil Rights Unit
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104

Direct line +1 212 318 3015
andrea.dambra@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400
nortonrosefulbright.com

Re:    **June 12, 2018 Meet and Confer On Discovery Issues in** *Washington v. GEO*, **Case No. 17-cv-05806-RJB**

La Rond:

I write to follow-up on our meet and confer call on Tuesday, June 12, 2018 and your emails from Tuesday night.  Specifically, we wanted to address your emails from yesterday evening regarding the protective order and GEO's document production.

We are surprised to find that only several hours after our meet and confer yesterday, during which we resolved each of the outstanding issues remaining in our negotiations over the protective order, you have reneged on this agreement.

Just yesterday after agreeing on the phone to language in 6.2 that would only require a party to move for a protective order 60 days before the end of fact discovery—providing plenty of time for the parties to address any issues—you have now provided us with new proposed language to the protective order that would require GEO to produce documents prior to the deadline for the discovery request or "30 days after entry of this Protective Order" should ICE fail to object to disclosure.  This proposed language is unreasonable and burdensome.  The Federal Rules do not require such an unreasonable timeframe for production and Courts have recognized that in cases where there are significant volumes of documents to be collected, processed, culled and produced, parties often must provide documents on a rolling basis.  *See* Fed. R. Civ. P. 34, Advisory Committee Notes to 2015 Amendments (noting that it may be "necessary" for a party "to make the production in stages").  In accordance with the Federal Rules, GEO has been working diligently to process and review the documents potentially relevant to the claims and defenses in this case, and is currently providing rolling productions to ICE on a 1-2 week basis to get documents to you as quickly as possible.  As we stated yesterday, we plan to provide over 5,000 documents to ICE this week.

You are also mistaken in stating that GEO's document production "was due months ago."  You provide no legal basis for the assertion that our production is past due when in fact we are still months away from the close of discovery.  Throughout these negotiations you have taken the incorrect and untenable position that should ICE not object to disclosure, GEO should produce documents (or file an appropriate motion) "prior to the deadline for the discovery request"—essentially, within thirty days of receiving a request from the State.  The State has certainly not produced even the few documents it has provided to date on such a time line.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

73053484.1

NORTON ROSE FULBRIGHT

In your email you also suggest that this is the first time the State has heard that GEO will not be able to produce certain documents prior to ICE approval.  As you know, that is not correct.  GEO is in possession of numerous documents relevant to this litigation that are actually under the control, or contain information that is under the control, of ICE.  GEO is obligated under its contract with ICE to safeguard these documents, and cannot disclose these documents to anyone, including the State, without prior approval from ICE.   From the very beginning of these negotiations, including at the April 30, May 25, and June 12 meet and confers, we have been open and upfront on this and on the fact that ICE would need to review certain documents prior to production.  In light of this issue, on May 31, 2018, we produced over 15,000 pages of documents to the State that were neither confidential nor subject to ICE review in an effort to work cooperatively with you and start the flow of relevant documents as soon as possible.

The State's willful naiveté to this issue falls flat in the face of the language in the current proposed protective order.  Negotiations and redlines of section 6.2 and 6.3 of the protective order were focused on this very issue.  GEO sought a fair compromise that would provide ICE with a reasonable time to object to the disclosure of its documents, and also ensure that the parties would produce a substantial portion of its production within a reasonable time period prior to the close of discovery, while at the same time avoiding repetitive, expensive and ultimately pointless motion practice.  The State cannot now claim it was unaware that GEO planned to "allow ICE to review documents prior to producing them" when we have been transparent about this process from the very beginning.

Your repeated threats to file a motion to compel to obtain these documents are counterproductive and quite frankly surprising given the State's failure to produce any meaningful documents to date and its inability to conform its productions to the format to which it agreed.  These continued threats to move to compel, when GEO has been forthright in its discovery efforts and the contractual obligations it owes to ICE, only serve to undermine the meet and confer process, drive up costs for GEO, and unreasonably pressure GEO to breach its contract with ICE.  Moreover, GEO has never said that it will not produce further documents, only that we must follow a process to do so, and we have affirmatively represented to you that we are willing to extend discovery deadlines so the State is not prejudiced by any delay in ICE's review of the documents.  Thus filing a motion to compel given the above circumstances not only wastes the parties' time and resources but also wastes the Court's time in addressing an issue that is not ripe.  Despite the State's continued and protracted unreasonableness, we remain willing to cooperate and feel that the parties can still reach an agreement with regard to the protective order.

The State's aggressive stance is particularly hypocritical given that its production to date has been woefully deficient.  Thus far, the State has produced to date only 239 documents with 3,534 pages.  We have already produced 504 documents with 15,115 pages.  We have not received a production from you since April 3, 2018, and there are glaring deficiencies in your production thus far—both in substance and in format.  By the end of this week we will be circulating a letter further identifying the deficiencies in your production, but as an initial matter, the State produced documents in an unusable format in its first try on April 3, 2018, and thereafter reproduced those same documents on June 6, 2018, but did not conform the production to the requirements to which the parties agreed in correspondence dated May 2, 2018.

In your email you further requested that we schedule a call to discuss the issue of "GEO's failure to timely produce documents" today or tomorrow.  We strongly contest that GEO has failed to

La Rond Baker
June 13, 2018
Page 3

NORTON ROSE FULBRIGHT

timely produce documents.  As I told you during our call on Tuesday, I am unavailable both Wednesday and Thursday to do a call—but am happy to continue this conversation during our already scheduled meet and confer on Friday.

If you have any questions, please do not hesitate to reach out to me.

Very truly yours,

*Andrea L. D'Ambra*

Andrea L. D'Ambra
ALD

73053484.1

**BAKER DECLARATION**

**EXHIBIT D**



**Bob Ferguson**
# ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue • Suite 2000 • MS TB 14 • Seattle WA  98104
(206) 442-4492

June 14, 2018

**Sent via E-Mail and First Class Mail**

Joan Mell                                    Andrea L. D'Ambra
III Branches Law, PLLC                       Norton Rose Fulbright
1019 Regents Blvd., Ste. 204                 1301 Avenue of the Americas
Fircrest, WA 98466                           New York, New York 10019-6022
joan@3brancheslaw.com                        andrea.dambra@nortonrosefulbright.com


RE:     _Washington v. The GEO Group, Inc._, 17-cv-05806-RJB – Response to Ms. D'Ambra's
        June 13, 2018 Letter

Dear Ms. D'Ambra,

Thank you for your letter dated June 13, 2018. While your letter covers a wide range of topics,
this responsive letter concerns only matters that we have previously discussed including the
proposed Protective Order and GEO's delays in providing Washington with responsive
documents.

_First_, in your June 13, 2018 letter, you indicated that "GEO is obligated under its contract to
safeguard … documents, and cannot disclose these documents to anyone, including the State,
without prior approval from ICE." While GEO has made representations to Washington that it
has obligations to ICE with regard to some of the documents that we have requested, we were
never informed that all of the remaining documents to be produced would need ICE review and,
to the contrary, understood that there are substantial categories of documents maintained by GEO
that have not been produced and would be produced after entry of the protective order without
the need for ICE review.   Only during our conversation did we learn that GEO will be providing
ICE all of the remaining responsive documents to review on a rolling basis, and that the
production had not yet even begun. Further, only during our conversation did we learn that ICE
has no commitment to GEO to turn around its review in any particular time frame and that the
parties might have to wait months for approval to produce the documents to the State.  Although
we have asked, GEO has not identified with specificity any particular subsection of the GEO-
ICE contract, or any applicable statute, policy, or regulation that requires it to provide the
documents to ICE for review so that we can separately understand and evaluate GEO's position
and obligations in this regard.  Although we have worked in good faith with GEO for the last

ATTORNEY GENERAL OF WASHINGTON

June 14, 2018
Page 2

many months to facilitate the exchange of documents in discovery, we do not agree that GEO's contractual obligation with ICE excuses GEO from its obligation to timely provide Washington documents responsive to its requests.

**As such, we ask that you please (1) provide us with the exact contractual provision that requires ICE to preview responsive documents prior to GEO providing them to Washington and detailed information regarding any other legal basis for this purported requirement;  (2) define the categories of documents that GEO claims must be reviewed by ICE prior to production; (3) articulate GEO's plan to ensure that ICE review and production to Washington occurs in a timely manner and the deadline for that production; and (4) define the categories of documents that GEO has that can be produced without ICE's review and the timeline for that production.**

*Second*, the parties have worked collaboratively for the past month to draft a protective order that meets the needs of both parties. Washington has consistently expressed concern about GEO's desire to include a section in the protective order that would cover GEO's purported obligations to subject any documents it produces to ICE for review prior to producing them pursuant to its obligations under the Federal Rules of Civil Procedure 34. In an attempt to be accommodating to GEO's purported obligations, Washington agreed to the inclusion of language in the protective order regarding ICE review of documents as long as the time period for ICE to make any objections does not unduly delay GEO's production of documents to Washington.  At GEO's request, we have had ongoing discussion about the time frame for production of documents beyond the 30 days provided for in the rules.

During our meet and confer call on June 12th, GEO proposed – for the first time – the inclusion of "60 days prior to the end of discovery" language to 6.2(d). While we initially thought we could agree, you subsequently indicated that GEO has not actually provided any documents to ICE to review and that GEO did not know how long it would take ICE to review the documents or when Washington could expect a document production. After the call concluded, we discussed the new information you shared, and reviewed our case schedule in light of it, and recognized we could not agree to the time frame GEO proposed in 6.2(d) of the draft protective order; within two hours, we let you know that we could not agree to the 60 days before discovery cut off marker.

We request that you reconsider the "30 days following entry of the protective order," which is another way of calculating the same date you proposed - around July 17 - but will set a date certain for production of the outstanding documents, even if the parties later seek a slight extension of the discovery cut off.

If GEO can't agree, please make an alternative proposal to which we can agree, or we may have to recognize we are at an impasse regarding 6.2(d), remove that sectionfrom the Stipulated Protective Order, and engage in appropriate motions practice to resolve the issue.

ATTORNEY GENERAL OF WASHINGTON

June 14, 2018
Page 3


*Third*, Washington requests clarification regarding GEO's plans regarding the production of responsive documents that do not require ICE review. To facilitate this, below are a series of questions for which Washington requests GEO provide written answers.

- On what date does GEO anticipate providing Washington with its next production?

- Are there responsive documents that GEO does not believe needs ICE review prior to production? If so, please describe the documents GEO is withholding including the estimated number of documents and GEO anticipates producing these documents to Washington.

- On what date does GEO anticipate providing Washington with documents responsive to RFP 7, which requested GEO's organizational chart including all of GEO's parent, subsidiary and affiliated entities? Washington does not believe that ICE review of such a document could possibly be necessary.

- On what date does GEO anticipate providing Washington with documents responsive to RFP 8, which requested bids and contracts between GEO and ICE regarding NWDC. GEO cannot claim that ICE need to review these documents prior to production as ICE has previously been required to disclose such documents under FOIA. *See Det. Watch Network v. U.S. Immigration & Customs Enf't*, 215 F. Supp. 3d 256, 265 (S.D.N.Y. 2016).

- On what date does GEO anticipate providing Washington with documents responsive to RFP 12, which requested communications between GEO and governmental entities and community stakeholders about the VWP.

- On what date does GEO anticipate providing Washington with documents responsive to RFP 13, which requested documents sufficient to show hours detainee workers have worked in NWDC's VWP since 2005.

Because of existing deadlines as set forth in our case schedule, we request that GEO agree to provide Washington with responsive documents by June 21, 2018, including the 5,000 responsive documents GEO sent to ICE, marked confidential if necessary, or Washington will seek relief from the court.

Sincerely,

ATTORNEY GENERAL OF WASHINGTON

June 14, 2018
Page 4


LA ROND BAKER
Assistant Attorney General

Electronic mail CC:
        Charles Deacon
        Mark Emery

Enclosure

**BAKER DECLARATION**

**EXHIBIT E**

# NORTON ROSE FULBRIGHT

June 18, 2018

**Via Electronic Mail**

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York  10019-6022
United States

Direct line +1 212 318 3015
andrea.dambra@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400
nortonrosefulbright.com

La Rond Baker
Assistant Attorney General
Wing Luke Civil Rights Unit
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104

Re:    **June 15, 2018 Meet and Confer in *Washington v. GEO*, Case No. 17-cv-05806-RJB**

La Rond:

I write to follow-up on our meet and confer call on Friday, June 15, 2018.  Below is a summary of the issues discussed and follow-up tasks.  If you disagree with our summary, please let us know.

**The State's June 14, 2018 Letter**

During the call we discussed several issues related to your June 14, 2018 letter to us, including your argument that several issues were raised for the first time during the June 12, 2018 meet and confer.  First, you asserted that our proposed "prior to 60 days before the close of discovery" language for section 6.2(d) of the protective order was proposed for the first time at the June 12 conference.  We agreed that this particular language was proposed for the first time during the June 12 conference, but expressed confusion as to why this was of concern, as the State accepted this proposed language during the June 12 conference.  Moreover, the 60 day language was proposed as a compromise to address your concerns about having enough time to address discovery issues in a timely manner, and our concerns about creating a regime where the parties engage in repetitive and expensive motion practice.  We have been clear since our first meet and confer that we are obligated to get approval from ICE for the production of certain documents and have no control over the timing of that review.  The 60 day language was intended as one of several proposals for a disputed section of the protective order.  You accepted this language, before again rejecting the agreement only several hours later, a fact you did not deny in our June 15 conference.  All this being said, we are still willing to find a solution that will work for both parties with regards to the protective order.

You also discussed GEO's obligations under the ICE-GEO contract governing the NWDC, including its obligation to provide documents to ICE for its approval prior to disclosure to the State.  Specifically you asserted that you had learned for the first time during the June 12 conference that GEO intended to provide documents to ICE for its approval prior to disclosure to the State.  As you know, we have been very forthright and transparent since the beginning of our meet and confer negotiations about our obligations to ICE.  We  reiterated that your representations in your June 14, 2018 letter and during this meet and confer were not accurate.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

73068011.1

La Rond Baker
June 18, 2018
Page 2

NORTON ROSE FULBRIGHT

**Protective Order**

During the call, the parties discussed revisions to the protective order.  As a result of a continued disagreement as to section 6.2, the State proposed removing section 6.2(d) from the protective order.  GEO agreed to review the protective order in light of this removed provision.  We have reviewed these provisions and believe it makes the most sense to remove section 6.2 in its entirety as the various subclauses are interrelated to one another.  Please let us know if you are willing to move forward with filing the protective order, a copy of which is attached with this letter, in accordance with the above.

**ESI Agreement**

The parties discussed the ESI Agreement, which was provided to you on May 31, 2018.  You represented that you could agree to the majority of the agreement, save Section 5.A, which concerns privileged documents that need not be logged on the parties' privilege log.  Section 5.A specifies that the parties need not log privileged material dated after September 21, 2017.  You proposed an earlier date that would be tied to the beginning of the State's investigation into the matters related to the claims and defenses of this case, which you plan to provide to us soon.  We represented that we were open to an earlier date, but that a carve out should be made for communications between you and counsel in the *Chen* (now "*Nwauzor*") litigation.  It is our understanding, which you confirmed during the meet and confer, that you intend to assert a common interest privilege or joint prosecution privilege as to your communications with counsel in the *Nwauzor* litigation.  During the meet and confer we indicated that we dispute this assertion of privilege, and therefore would like to ensure that any communications you contend are privileged between you and *Nwauzor* are logged in your privilege log.  We are currently waiting on your timeframe revisions to section 5.A.

**ICE-GEO Contract**

The parties also discussed GEO's obligations under the ICE-GEO contract governing the NWDC.  You asked for additional information as to the extent of GEO's obligations, specifically its obligation to allow ICE to approve certain documents prior to disclosure to third parties such as the State.  We explained that GEO has an obligation to disclose certain documents to ICE for approval prior to disclosure to the State.  Such documents include documents related to detainees and GEO's performance of services under the GEO-ICE contract, specifically those documents that contain identifiable detainee information, sensitive immigration information, or are otherwise protected under relevant statutes and laws.  We also noted that you have had access to the ICE-GEO contract, which clearly lists the scope of GEO's obligations, since it was filed in redacted form last year on November 17, 2017.  Nevertheless, we directed you to several provisions in the contract applicable to these obligations.  These provisions included, among others, Section D (Dkt. 19 at 48) and Section E (Dkt 19 at 49-50), including the regulations and materials referenced within.

**GEO's Production**

With respect to information we must submit to ICE for review, you stated that you are not seeking particularized information about detainees, but overall or summary information about detainees.  However, we asserted that there are few documents that exist that have non-specific information

La Rond Baker
June 18, 2018
Page 3

NORTON ROSE FULBRIGHT

about detainees, detainee work, or the voluntary work program, many of which were already produced to you in our first production.  You requested additional information regarding the status of production of bids and contracts between GEO and ICE—which you assert are not subject to ICE review—pursuant to the State's Request for Production No. 8.  We disagree that bids and contracts between GEO and ICE are not subject to ICE review under the GEO-ICE contract.  As such, during the meet and confer we indicated that we are currently unwilling to produce any bids or contracts unless and until ICE has cleared them.  To the extent this was unclear, GEO plans to produce relevant non-privileged copies of all bids and contracts between GEO and ICE responsive to RFP No. 8 to the State after review and approval by ICE.

During the conference, you further requested additional information about the documents that we could produce that were not subject to ICE approval, including how many documents we believed we could produce.  We represented that we are assessing the documents reviewed to date to determine whether there are additional documents we could produce to you that do not require ICE review.  This requires GEO to do additional assessment which is above and beyond the review for responsiveness and privilege, but we are willing to do so, in an effort to provide the State with documents in the interim while documents subject to ICE review are being cleared.

Throughout the conference, you maintained your position that a party must respond to a discovery request within thirty days, and that this response includes not only written responses, but also production.  We disagreed on the basis that the Federal Rules make it clear, on their face and within the Advisory Notes, that parties do not have to produce documents within thirty days of a discovery request.  This is particularly true in cases like the one here where a party must identify, collect, process, cull, review, and produce massive numbers of documents.

You also indicated that you planned to file a motion to compel on June 21, 2018 based on our refusal to disclose all documents to you prior to ICE review.  You stated that you believed the Protective Order obviated the need for ICE review.  We disagreed as GEO is not empowered to produce ICE's confidential information without its express consent.  We reiterated that we are working in good faith to produce documents responsive to your requests, and intend to produce them to you pending ICE review and approval.

**GEO's Responses to Interrogatories Nos. 4 and 6**

The parties discussed during the June 12 and June 15 conferences GEO's responses to the State's Interrogatory No. 4, which concerns the procedure by which GEO can request a modification to the contract between ICE and GEO governing the NWDC, and Interrogatory No. 6, which concerns changes to GEO's policies and procedures concerning the Voluntary Work Program.  As to Interrogatory No. 4, we have been diligently investigating this issue in accordance with the steps we agreed we would take in our representations during the April 30, 2018 meet and confer and our May 2, 2018 letter.  Thus far we have identified some additional information with which to supplement our response to Interrogatory No. 4, and will supplement our response shortly.

As to Interrogatory No. 6, you requested information about every alteration to GEO's policies regarding the Voluntary Work Program since 2005.  In accordance with our representations during the April 30, 2018 meet and confer and our May 2, 2018 letter, GEO plans to respond to Interrogatory No. 6 by producing all final versions of GEO's policies in our possession custody or

La Rond Baker
June 18, 2018
Page 4

NORTON ROSE FULBRIGHT

control on the Voluntary Work Program since 2005.  Already, GEO has produced numerous documents responsive to Interrogatory No. 6, including but not limited to versions of GEO Policy 5.1.2 on the Voluntary Work Program (*e.g.* GEO-State 003443-003450, GEO-State 003451-003458), versions of the GEO detainee handbook (*e.g.* GEO-State 004214-004253, GEO-State 004760-004797, GEO-State 014077-014095), and other GEO policies related to the Voluntary Work Program (*e.g.* GEO-State 001166-001167, GEO-State 001636-001672).

**Deficiencies In The State's Production**

Finally, the parties discussed deficiencies within the State's recent production.  We indicated that there were substantive and technical deficiencies in the production, the specifics of which we would supply in a letter.  We further explained that the State's reproduction of documents remained in technical nonconformance with the specifications agreed-upon by the parties.  You represented that upon receipt of our forthcoming letter, you would consult with your technical staff and work with them to conform to the agreed-upon standards.  Later that day we provided you with a deficiency letter outlining these deficiencies, and requested to meet and confer on the issues mentioned therein.  Please let us know what times work for you to confer on this issue.

If you have any questions, please do not hesitate to reach out to me.

Very truly yours,

Andrea L. D'Ambra

Andrea L. D'Ambra
ALD

73068011.1

**BAKER DECLARATION**

**EXHIBIT F**

1

The Honorable Robert J. Bryan

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

10

11

STATE OF WASHINGTON,

NO. 3:17-cv-05806-RJB

12

Plaintiff,

**DEFENDANT THE GEO GROUP, INC.'S RESPONSES TO PLAINTIFF STATE OF WASHINGTON'S FIRST REQUESTS FOR PRODUCTION**

13

v.

14

THE GEO GROUP, INC.,

15

Defendant.

16

17

**THE GEO GROUP, INC'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**

18

19

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")

20

and the Local Rules of the U.S. District Court for the Western District of Washington (the "Local

21

Rules"), Defendant The GEO Group, Inc. ("GEO") hereby responds and objects to Plaintiff's

22

Requests for Production.  Subject to the specific objections below, GEO will produce documents

23

on a rolling basis subject to a reasonable schedule mutually agreed to by the parties.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

24

25

GEO objects to Plaintiff's definition of "communication" in paragraph 3.3 to include "any

26

conversations, meetings, correspondence, conference, and any other means or manner by which

27

information or opinion is or was communicated to or received from others, whether written,

28

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUESTS FOR PRODUCTION

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1   electronic, or oral" to the extent that oral communications are unrecorded in either a written or

2   electronic medium.  GEO will only produce documents existing in a tangible medium and will

3   not produce any unrecorded oral communications because it is not possible to do so and is outside

4   the scope of document discovery.

5       GEO objects to Plaintiff's definition of "document" in paragraph 3.5 as it is contrary to

6   the Federal Rules of Civil Procedure.  GEO defines "document" according to its definition in Fed.

7   R. Civ. P. 34(a)(1)(A).  GEO further objects to Plaintiff's definition of "document" to include

8   "messages and/or attachments now only available on backup or archive tapes or disks" as not

9   reasonably accessible, unduly burdensome, and outside of the scope of discovery.  GEO further

10  objects to Plaintiff's definition of "document" referring to or invoking Washington State Rules of

11  Evidence to the extent that the Washington State Rules of Evidence purport to impose obligations

12  on GEO beyond the requirements of the Federal Rules of Evidence.  GEO therefore objects to

13  Plaintiff's definition of "writings" and "records" to the extent it cites to the Washington State

14  Rules of Evidence ("ER 1001(a)") and not the applicable Federal Rules of Evidence.  GEO will

15  comply with any discovery obligations as they exist in the Federal Rules of Evidence.

16      GEO objects to Plaintiff's definition of "ICE" (Immigrations and Customs Enforcement)

17  in paragraph 3.6 as overly broad.  GEO defines ICE only to include the agency of the United

18  States Department of Homeland Security, ICE employees, and any other persons or entities acting

19  on behalf of or under the direction, authorization, or control of ICE.

20      GEO objects to Plaintiff's definitions of "Identify" included in paragraphs 3.7 through

21  3.10.  GEO is required to produce responsive documents, not create documents that identify

22  particular natural persons, entities, documents, or conversations in response to Plaintiff's First

23  Requests for Production.

24      GEO objects to Plaintiff's definition of "state the basis" in paragraph 3.15 as inapplicable

25  to Plaintiff's First Requests for Production.  GEO is under no obligation to "state the basis" for

26  any of its responses or objections to Plaintiff's First Requests for Production.  GEO will respond

27  to Plaintiff's First Requests for Production in accordance with Fed. R. Civ. P. 34(b)(2).

28
STATE OF WASHINGTON v. GEO GROUP                    - 2 -                III BRANCHES LAW, PLLC
ECF CASE NO. 3:17-cv-05806-RJB                                          Joan K. Mell
DEFENDANT GEO GROUP, INC.'S RESPONSE TO                                 1019 Regents Blvd. Ste. 204
FIRST REQUESTS FOR PRODUCTION                                          Fircrest, WA 98466
                                                                        253-566-2510 ph
                                                                        joan@3brancheslaw.com

1    GEO objects to Plaintiff's definition of "You," "Your," and "GEO Group" in paragraph

2    3.16 as outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) to the extent that the

3    request seeks information relating to persons or entities that are separate and distinct from GEO

4    and over whom GEO exercises no control.  GEO further objects to these definitions to the extent

5    that the request includes GEO attorneys and, therefore, improperly seeks information protected by

6    the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any

7    other applicable privileges or immunities.  In responding to these requests, GEO interprets the

8    terms "You," "Your," and "GEO Group" to refer only to the named party in this action and any

9    entities GEO has the legal right to control.

10    GEO objects to Instruction 4.1 to the extent that Plaintiff seeks production of documents

11    outside of the possession, custody, or control of the named party, GEO, and any entities GEO has

12    the legal right to control.

13    GEO objects to Instruction 4.3 to the extent that Plaintiff seeks information outside of the

14    possession, custody, or control of an entity within the legal right to control of the named party,

15    GEO.  Furthermore, GEO objects to the procedure for claiming privilege as described in

16    Instruction 4.3.  GEO will produce a privilege log in accordance with Fed. R. Civ. P. 26(b)(5) or

17    in a format mutually agreed to by the parties.

18    GEO objects to Instruction 4.4 to the extent that it seeks to impose discovery obligations

19    on GEO, pursuant to Washington State Rules of Civil Procedure ("CR 26(e)"), beyond the

20    requirements of the Federal Rules of Civil Procedure.  GEO will supplement any responses to

21    Plaintiff's First Requests for Production, should they be necessary, in accordance with Fed. R.

22    Civ. P. 26(e).

23    GEO objects to Instruction 4.8, which instructs GEO to produce "all earlier editions or

24    predecessor documents" and, therefore, would require GEO to produce documents outside of the

25    scope of discovery.  GEO will only produce documents relevant to the claims and defenses of the

26    parties from within the appropriate time period.

27    GEO objects to Instruction 4.9 as it states a procedure for the production of documents,

28

STATE OF WASHINGTON v. GEO GROUP                                - 3 -                          III BRANCHES LAW, PLLC
ECF CASE NO. 3:17-cv-05806-RJB                                                                                          Joan K. Mell
DEFENDANT GEO GROUP, INC.'S RESPONSE TO                                                              1019 Regents Blvd. Ste. 204
FIRST REQUESTS FOR PRODUCTION                                                                                    Fircrest, WA 98466
                                                                                                                             253-566-2510 ph
                                                                                                                      joan@3brancheslaw.com

1  including the labelling and grouping of documents, as well as providing a key for abbreviations

2  used in all documents, that is unduly burdensome and not required under the Federal Rules of

3  Civil Procedure.  Pursuant to Fed. R. Civ. P. 34(b)(2)(E), GEO will produce documents as they

4  are kept in the usual course of business, as they were ordinarily maintained or in a reasonably

5  useable format.  Furthermore, GEO objects to Instruction 4.9 that requires "each responsive

6  document or information shall be produced in its entirety and no portion of any document or

7  information shall be edited, cut, masked, redacted or otherwise altered."  GEO objects as this may

8  require the production of information subject to privilege, privacy or security restrictions.  GEO

9  reserves the right to redact information that is not responsive as well as to redact for privilege.

10  GEO may also produce documents redacted, *inter alia*, to protect the privacy and safety of

11  individuals identified in the documents, detainees, GEO staff, and others.

12       GEO objects to Instruction 4.10 to the extent it requires GEO to take extraordinary

13  measures that would be disproportionately expensive and burdensome to preserve electronic

14  information.  In accordance with FRCP 37(e) and relevant case law, GEO will take reasonable

15  steps to preserve electronically stored information potentially relevant to this matter.

16       GEO objects to Instruction 4.12 to the extent that Plaintiff seeks production of documents

17  outside of the possession, custody, or control of any entity that GEO has the legal right to control.

18  Without waiver of any rights or other objections, GEO will take reasonable steps to preserve

19  documents and information in the conduct of litigation, as is required under applicable case law

20  and Fed. R. Civ. P. 37(e).

21       GEO objects to Instruction 4.13 as no "Exhibit A" has been attached to Plaintiff's First

22  Requests for Production.  Pursuant to Fed. R. Civ. P. 34(b)(2)(E), GEO will produce documents

23  as TIFF images with extracted text (or OCRed text for redacted documents) or in a reasonably

24  useable format as appropriate.

25       GEO objects to Instruction 4.14 as contrary to the Federal Rules of Civil Procedure, and

26  largely inapplicable to the substance of Plaintiff's First Request for Production.  Without waiver

27  of any rights or other objections, GEO will produce documents responsive to Plaintiff's First

28

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUESTS FOR PRODUCTION

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1   Requests for Production and within its possession, custody, or control in accordance with Fed. R.

2   Civ. P. 34(a)(1).

3       GEO objects to Instruction 4.15 as GEO is not required under the Federal Rules of Civil

4   Procedure to describe documents or information that may have been destroyed prior to reasonably

5   anticipating litigation in this matter.

6       **OBJECTIONS TO FIRST REQUESTS FOR PRODUCTION**

7   **REQUEST FOR PRODUCTION NO. 1:     Please produce all documents that are
8   referenced in, support, or that form the basis of Your response to Interrogatory 1.**

9   **RESPONSE TO NO. 1:**     Subject to and without waiving GEO's definition and instructions

10  objections, GEO will produce relevant, responsive, non-privileged documents referenced in, in

11  support of, or form the basis for its response to Interrogatory 1.

12  **REQUEST FOR PRODUCTION NO. 2:     Please produce all documents that are
    referenced in, support, or that form the basis of Your response to Interrogatory 2**.

13  **RESPONSE TO NO. 2:**     Subject to and without waiving GEO's definition and instructions

14  objections, GEO will produce relevant, responsive, non-privileged documents referenced in, in

15  support of, or form the basis for its response to Interrogatory 2.

16
    **REQUEST FOR PRODUCTION NO. 3:     Please produce all documents that are
17  referenced in, support, or that form the basis of Your response to Interrogatory 3**.

18  **RESPONSE TO NO. 3:**     Subject to and without waiving GEO's definition and instructions

19  objections, GEO will produce relevant, responsive, non-privileged documents referenced in, in

20  support of, or form the basis for its response to Interrogatory 3.

21  **REQUEST FOR PRODUCTION NO. 4:     Please produce all documents that are
22  referenced in, support, or that form the basis of Your response to Interrogatory 4.**

23  **RESPONSE TO NO. 4:**     Subject to and without waiving GEO's definition and instructions

24  objections, GEO will produce relevant, responsive, non-privileged documents referenced in, in

25  support of, or form the basis for its response to Interrogatory 4.

26  **REQUEST FOR PRODUCTION NO. 5:     Please produce all documents that are
    referenced in, support, or that form the basis of Your response to Interrogatory 5**.

27

28  STATE OF WASHINGTON v. GEO GROUP                    - 5 -              III BRANCHES LAW, PLLC
    ECF CASE NO. 3:17-cv-05806-RJB                                            Joan K. Mell
    DEFENDANT GEO GROUP, INC.'S RESPONSE TO                             1019 Regents Blvd. Ste. 204
    FIRST REQUESTS FOR PRODUCTION                                            Fircrest, WA 98466
                                                                            253-566-2510 ph
                                                                        joan@3brancheslaw.com

1  **RESPONSE TO NO. 5:**      Subject to and without waiving GEO's definition and instructions

2  objections, GEO will produce relevant, responsive, non-privileged documents referenced in, in

3  support of, or form the basis for its response to Interrogatory 5.

4  **REQUEST FOR PRODUCTION NO. 6:      Please produce all documents that are

5  referenced in, support, or that form the basis of Your response to Interrogatory 6**.

6  **RESPONSE TO NO. 6:**      Subject to and without waiving GEO's definition and instructions

7  objections, GEO will produce relevant, responsive, non-privileged documents referenced in, in

8  support of, or form the basis for its response to Interrogatory 6.

9  **REQUEST FOR PRODUCTION NO. 7:      Please produce a corporate organization chart

10  that includes all of The GEO Group, Inc.'s parent, subsidiary (whether wholly or partially

owned), and affiliated entities**.

11  **RESPONSE TO NO. 7:**      GEO objects to this Request on the grounds that it is vague and

12  ambiguous to the extent that it seeks information regarding undefined "affiliated entities."

13  Subject to and without waiving GEO's definition and instructions objections, GEO will produce

14  its most recent corporate organizational chart based on information within GEO's possession,

15  custody, or control.  GEO is unaware of any documents it is withholding based upon the above

16  specific objection, but reserves the right to supplement and amend this response as discovery

17  continues.

18  **REQUEST FOR PRODUCTION NO. 8:      Please produce, in full, any and all bids and/or

19  contracts between The GEO Group, Inc. and Immigration and Customs Enforcement

("ICE") regarding the Northwest Detention Center**.

20  **RESPONSE TO NO. 8:**      GEO objects to producing bids and contracts to the extent they

21  disclose trade secrets.  Following appropriate redactions and subject to and without waiving

22  GEO's definition and instructions objections, GEO will conduct a reasonable search of

23  documents on active electronic systems and reasonably accessible paper storage areas that GEO

24  reasonably believes contain potentially relevant information within its possession, custody, and

25  control, and produce relevant, responsive, non-privileged copies, to the extent that they exist, of

26  all bids or contracts between The GEO Group, Inc. and Immigration and Customs Enforcement

27

28  STATE OF WASHINGTON v. GEO GROUP                                    - 6 -                    III BRANCHES LAW, PLLC
ECF CASE NO. 3:17-cv-05806-RJB                                                                      Joan K. Mell
DEFENDANT GEO GROUP, INC.'S RESPONSE TO                                                    1019 Regents Blvd. Ste. 204
FIRST REQUESTS FOR PRODUCTION                                                                   Fircrest, WA 98466
                                                                                                    253-566-2510 ph
                                                                                                 joan@3branceslaw.com

("ICE") regarding the Northwest Detention Center within the relevant time period. GEO is

withholding or redacting documents based upon the above specific objection.

**REQUEST FOR PRODUCTION NO. 9:** **Please produce all The GEO Group, Inc. policies regarding the Voluntary Work Program at the Northwest Detention Center**.

**RESPONSE TO NO. 9:** Subject to and without waiving GEO's definition and instructions objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged copies, to the extent that they exist, of all The GEO Group, Inc. policies regarding detainee participation in, and compensation from, the Voluntary Work Program at the Northwest Detention Center within the relevant time period.

**REQUEST FOR PRODUCTION NO. 10:** **Please produce all handbooks issued to detainees regarding the Northwest Detention Center.**

**RESPONSE TO NO. 10:** Subject to and without waiving GEO's definition and instructions objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged final copies, to the extent that they exist, of all versions of handbooks issued to detainees regarding the Northwest Detention Center within the relevant time period.

**REQUEST FOR PRODUCTION NO. 11:** **Please produce all The GEO Group, Inc.'s documents related to the Voluntary Work Program and ICE's Performance Based National Detention Standard 5.8 including policies, memorandum, handbooks, and documents**.

**RESPONSE TO NO. 11:** GEO objects to this Request on the grounds that it requests information outside the scope of discovery in that it seeks "all documents related to" the Voluntary Work Program and ICE's Performance Based National Detention Standard 5.8. All documents related to the Voluntary Work Program and ICE's Performance Based Detention Standard 5.8 are not relevant to the claims and defenses in this case. For example, invoices for cleaning supplies used by detainees as part of the Voluntary Work Program are "related to" the program, but have no bearing on the claims or defenses in this case. In addition, the production

STATE OF WASHINGTON v. GEO GROUP - 7 -
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUESTS FOR PRODUCTION

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1   of those documents that are nominally relevant to the claims and defenses may be

2   disproportionate, considering in particular, their bearing on the importance of the issues at stake

3   in the action, the amount in controversy, the parties' resources, the importance of the specific

4   documents in resolving the issues, and whether the burden or expense of the proposed discovery

5   outweighs its likely benefit.  Subject to and without waiving GEO's definition and instructions

6   objections, GEO will conduct a reasonable search documents on active electronic systems and

7   reasonably accessible paper storage areas that GEO reasonably believes contain potentially

8   relevant information within its possession, custody, and control, and produce relevant, responsive,

9   non-privileged documents, to the extent that they exist, concerning the Voluntary Work Program

10   and ICE's Performance Based National Detention Standard 5.8's implementation as they relate to

11   detainee participation and compensation at the Northwest Detention Center within the relevant

12   time period.  GEO is withholding or redacting documents based upon the above specific

13   objection.

14   **REQUEST FOR PRODUCTION NO. 12:**   **Please produce all The GEO Group, Inc.'s**
**communications related to the Voluntary Work Program and ICE's Performance Based**
15   **National Detention Standard 5.8, with and between The GEO Group, Inc., ICE, any**
**governmental entities, community stakeholders, or anyone else**.
16

17   **RESPONSE TO NO. 12:**     GEO objects to this Request on the grounds that it is overly broad

18   and unduly burdensome to the extent that it seeks "all communications related to" the Voluntary

19   Work Program and ICE's Performance Based National Detention Standard 5.8.  All

20   communications related to the Voluntary Work Program and ICE's Performance Based Detention

21   Standard 5.8 are not relevant to the claims and defenses in this case.  For example,

22   communications regarding security arrangements required to implement the Voluntary Work

23   Program have no bearing on the claims or defenses in this case.  In addition, the production of

24   those communications that are nominally relevant to the claims and defenses may be

25   disproportionate, considering: the importance of the issues at stake in the action, the amount in

26   controversy, the parties' resources, the importance of the discovery in resolving the issues, and

27   whether the burden or expense of the proposed discovery outweighs its likely benefit.

28

STATE OF WASHINGTON v. GEO GROUP                         - 8 -                    III BRANCHES LAW, PLLC
ECF CASE NO. 3:17-cv-05806-RJB                                                              Joan K. Mell
DEFENDANT GEO GROUP, INC.'S RESPONSE TO                                          1019 Regents Blvd. Ste. 204
FIRST REQUESTS FOR PRODUCTION                                                         Fircrest, WA 98466
                                                                                      253-566-2510 ph
                                                                                  joan@3brancheslaw.com

1   Furthermore, GEO objects to this Request on the grounds that it is unreasonably vague in seeking

2   communications with "any governmental entities, community stakeholders, or anyone else"

3   because "anyone else" is so broad as to encompass non-relevant communications with any

4   number of people about issues related to the program that have nothing to do with the claims and

5   defenses in this case.  For example, a communication about the fact that the program exists is

6   irrelevant to whether GEO appropriately paid detainees participating in the program.  Subject to

7   and without waiving GEO's definition and instructions objections, GEO will conduct a

8   reasonable search of documents on active electronic systems and reasonably accessible paper

9   storage areas that GEO reasonably believes contain potentially relevant information within its

10  possession, custody, and control, and produce relevant, responsive, non-privileged

11  communications, to the extent that they exist, concerning the Voluntary Work Program and ICE's

12  Performance Based National Detention Standard 5.8's implementation as they relate to detainee

13  participation and compensation at the Northwest Detention Center within the relevant time

14  period.  GEO is withholding or redacting documents based upon the above specific objection.

15  **REQUEST FOR PRODUCTION NO. 13:    Please produce all documents that would show**
16  **how many hours detainee-workers have worked at the Northwest Detention Center since**
    **2005**.

17  **RESPONSE TO NO. 13:**      GEO objects to this Request on the grounds that it is unduly

18  burdensome to the extent it seeks all documents related to the topic when summary information is

19  sufficient and significantly less burdensome.  GEO objects to this Request pursuant to Fed. R.

20  Civ. P. 26(b)(1) as it seeks documents that are not proportionate to the needs of this case.  Subject

21  to and without waiving GEO's definition and instructions objections, GEO will produce relevant,

22  responsive, non-privileged documents from active electronic systems and reasonably accessible

23  paper storage areas that GEO reasonably believes contain information sufficient to show the

24  number of hours detainees have worked at the Northwest Detention Center since November 1,

25  2005.

26  **REQUEST FOR PRODUCTION NO. 14:    Please produce all documents regarding the**
27  **process by which detainee workers are paid for participating in the Voluntary Work**
    **Program**.

28

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUESTS FOR PRODUCTION

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

**RESPONSE TO NO. 14:**      GEO objects to this Request on the grounds that it is unduly

burdensome to the extent it seeks all documents related to the topic when limited specific

information is sufficient and significantly less burdensome.  GEO objects to this Request pursuant

to Fed. R. Civ. P. 26(b)(1) as it seeks documents that are not proportionate to the needs of this

case, because the burden and expense to GEO of discovery of "all documents regarding the

process by which detainee workers are paid for participating in the Voluntary Work Program"

certainly outweighs the limited benefit Plaintiffs will receive from reviewing all potentially

applicable documents individually.  Subject to and without waiving GEO's definition and

instructions objections, GEO will produce relevant, responsive, non-privileged documents from

active electronic systems and reasonably accessible paper storage areas that GEO reasonably

believes contain information sufficient to show what detainees at the Northwest Detention Center

were paid for participating in the Voluntary Work Program during the relevant time period.  GEO

is withholding or redacting documents based upon the above specific objection.

**REQUEST FOR PRODUCTION NO. 15:     Please produce all documents regarding the
process by which detainee workers' [sic] are terminated from participating in the Voluntary
Work Program.**

**RESPONSE TO NO. 15:**      GEO objects to this Request on the grounds that it is unduly

burdensome to the extent it seeks all documents related to the topic when limited specific

information is sufficient and significantly less burdensome.  GEO objects to this Request pursuant

to Fed. R. Civ. P. 26(b)(1) as it seeks documents that are not proportionate to the needs of this

case, because the burden and expense to GEO of discovery of "all documents regarding the

process by which detainee workers' [sic] are terminated for participating in the Voluntary Work

Program" certainly outweighs the limited benefit Plaintiffs will receive from reviewing all

potentially applicable documents individually.  Subject to and without waiving GEO's definition

and instructions objections, GEO will produce relevant, responsive, non-privileged documents

from active electronic systems and reasonably accessible paper storage areas that GEO

reasonably believes contain information sufficient to show the process by which detainees at the

Northwest Detention Center were terminated from participating in the Voluntary Work Program

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUESTS FOR PRODUCTION

- 10 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

during the relevant time period.  GEO is withholding or redacting documents based upon the above specific objection.

**REQUEST FOR PRODUCTION NO. 16:    Please produce all documents regarding the process by which detainee workers' efforts are reviewed**.

**RESPONSE TO NO. 16:**    GEO objects to this Request on the grounds that it is unduly burdensome to the extent it seeks all documents related to the topic when limited specific information is sufficient and significantly less burdensome.  GEO objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1) as it seeks documents that are not proportionate to the needs of this case, because the burden and expense to GEO of discovery of "all documents regarding the process by which detainee workers' efforts are reviewed" certainly outweighs the limited benefit Plaintiffs will receive from reviewing all potentially applicable documents individually.  Subject to and without waiving GEO's definition and instructions objections, GEO will produce relevant, responsive, non-privileged documents from active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain information sufficient to show the process by which work conducted by detainees at the Northwest Detention Center as part of the Voluntary Work Program were reviewed.  GEO is withholding or redacting documents based upon the above specific objection.

**REQUEST FOR PRODUCTION NO. 17:    Please produce all documents regarding the process by which detainee workers are terminated from participating in the Voluntary Work Program[.]**

**RESPONSE TO NO. 17:**    GEO objects to this Request on the grounds that it is unduly burdensome to the extent it seeks all documents related to the topic when summary information is sufficient and significantly less burdensome.  GEO also objects to this Request on the grounds that it is cumulative and duplicative of other Requests, specifically Request 15.  Please see GEO's response to Request 15 above.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUESTS FOR PRODUCTION

- 11 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Dated: February 5, 2018

**III BRANCHES LAW PLLC**

By _____

    Joan K. Mell, WSBA #21319
    1019 Regents Blvd. Ste. 204
    Fircrest, WA 98466
    253-566-2510 (P)
    281-664-4643 (F)
    joan@3brancheslaw.com

**NORTON ROSE FULBRIGHT US LLP**
Charles A. Deacon
300 Convent St.
San Antonio, Texas 78205
Telephone: (210) 270-7133
Facsimile: (210) 270-7205
charlie.deacon@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th Street NW, Suite 1000
Washington, DC 20001-4501
Telephone: (202) 662-0210
Facsimile: (202) 662-4643
mark.emery@nortonrosefulbright.com

**ATTORNEYS FOR DEFENDANT
THE GEO GROUP, INC.**

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUESTS FOR PRODUCTION

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

**CERTIFICATE OF SERVICE**

I, Joseph Fonseca, hereby certify as follows:

I am over the age of 18, a resident of Pierce County, and not a party to the above action.

On February 5, 2018, I electronically served the above GEO's Response to Plaintiff's First

Requests For Production via Email to the following:

Office of the Attorney General
La Rond Baker, WSBA No. 43610
Marsha Chien, WSBA No. 47020
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
LaRondB@atg.wa.gov
MarshaC@atg.wa.gov

Norton Rose Fulbright US LLP
Charles A. Deacon (Pro Hac Vice)
300 Convent St.
San Antonio, TX 78205
(210)-270-7133
charlie.deacon@nortonrosefulbright.com

Norton Rose Fulbright US LLP
Mark Emery (Pro Hac Vice)
799 9th St. NW, Suite 1000
Washington, DC 20001-4501
(202)-662-0210
mark.emery@nortonrosefulbright.com

I certify under penalty of perjury under the laws of the State of Washington that the above

information is true and correct.

DATED this 5th day of February, 2018 at Fircrest, Washington

Joseph A. Fonseca, Paralegal

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUESTS FOR PRODUCTION

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com