The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

STATE OF WASHINGTON,

Plaintiff,

v.

THE GEO GROUP, INC.,

Defendant.

No.  17-cv-05806-RJB

**STIPULATED PROTECTIVE ORDER**

**STIPULATED PROTECTIVE ORDER**

The parties, by and through their respective counsel, have jointly stipulated to the terms of this Proposed Stipulated Protective Order, and with the Court being fully advised as to the same,

**IT IS HEREBY ORDERED**:

1.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order (this "Protective Order" or "agreement"). The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are

entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.     "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

1.   Personal medical records, including physical and mental health information;

2.   Personal financial information, including non-public tax information, contracts, expenditure reports, and internal records of payment or cost summaries;

3.   Business financial information, including non-public tax information, contracts, expenditure reports, and internal records of payment or cost summaries that incorporate a) staffing information and compensation, b) security information, or c) proprietary and competitive client and vendor information;

4.   Personal immigration information or status, including resident identification numbers, A files, and all immigration administrative records and non-public immigration records;

5.   Non-public criminal history and records, such as juvenile and victim records;

6.   Personal location and identifying information, including home address, home phone number, cell phone number, email address, passport number, drivers' license number, social security number, and birthdate;

7.   GEO safety and security-related policies and procedures and communications, including evacuation, fire safety, security system, staffing, physical plant, and emergency protocol information;

8.   Internal GEO communications or reports regarding the administration of the Northwest Detention Center or any other facility or center operated by the GEO Group, including

internal audits, and internal GEO communications containing proprietary and competitive staffing information or client and vendor information;

9. Communications with Immigration and Customs Enforcement ("ICE") officials containing sensitive or proprietary information regarding the administration of the Northwest Detention Center or any other facility or center operated by the GEO Group, including staffing information or competitive client and vendor information;

10. Communications with officials at the American Correctional Association ("ACA") and other accreditation bodies containing sensitive or proprietary information regarding the administration of the Northwest Detention Center or any other facility or center operated by the GEO Group, including staffing information or competitive client and vendor information;

11. Employee rosters and staffing plans; and

12. Non-public depictions of GEO facilities, including but not limited to, facility diagrams or layouts, photos, audio, and CCTV video.

3.    SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise, and does not cover public information and records.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting,

defending, or attempting to settle this litigation. Confidential material disclosed pursuant to this agreement may not be used for any business or competitive purposes or in any other legal proceeding, except for the case presently styled *Chen v. Geo*, Case 17-cv-05769 (Western District of Washington), as permitted by order of court, or as agreed by the parties. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

        4.2    <u>Disclosure of "Confidential" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

        (a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

        (b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

        (c)    persons or firms retained by a party for the purpose of litigation support (*e.g.*, e-discovery vendors/contract review attorneys, trial/jury consultants) or producing graphic or visual aids, as long as these persons or firms sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (d)    experts and consultants and their staff to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (e)    the court, any appellate courts(s), jurors, alternate jurors, court personnel, and court reporters and their staff;

(f)      any mediators engaged by the parties, and their support staff;

(g)      copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(h)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be designated confidential on the record at deposition or at any time during the 15 day correction period thereafter, separately bound by the court reporter, and may not be disclosed to anyone except as permitted under this agreement;

(i)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j)      any other person (i) agreed to by the parties, as long as such persons comply with the procedures established under this agreement, or (ii) permitted by the Court.

4.3      <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5.      <u>DESIGNATING PROTECTED MATERIAL</u>

5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must use

reasonable care to limit any such designation to specific material that qualifies under the appropriate standards.  In the interest of cost containment, parties may, as an initial matter, designate an entire document as confidential if any part of the document contains confidential material.  If, a party later wishes to use a document in a filing or deposition and believes that only part of the document contains confidential information, the parties will meet and confer in good faith and the designating party will provide a revised version of the document with a line by line designation of the confidential information contained within the document.  Should a designating party wish to use its own confidential document, it may revise the confidential document's designation without meeting and conferring with the receiving party, so long as it timely provide the receiving party with a revised version of the re-designated document and gives the receiving party 15 days to review and make its own determination if the document, or some portions of the document, require confidentiality protection.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.   In addition to designating information that it has produced, a designating party may designate information or items produced in this litigation by another party or non-party that contains or is derived from the designating party's own confidential information by designating for protection those parts or portions of the document that qualify for protection.

(a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must mark the word "CONFIDENTIAL" to each page that contains confidential material. With respect to documents containing confidential material produced in Native Format, the designating party shall include the appropriate confidentiality designation in the filename.

(b)    Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)    Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

(d)    Metadata: with respect to all documents produced that contain confidential material, the designating party will also include in the Load File the appropriate confidentiality designation.

5.3    Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. If a party provides confidential material without designating it as "CONFIDENTIAL," the party may provide timely written notice to the receiving party to designate the information as "CONFIDENTIAL" in accordance with the provisions of this agreement. Upon timely correction of a designation, the receiving party must make reasonable

efforts to ensure that the material is treated in accordance with the provisions of this agreement. Within ten days of providing written notice that confidential information was not appropriately designated under this provision, the designating party must provide the receiving party with replacement copies of such documents containing the proper designation. Upon receipt of such replacement copies, the receiving party shall immediately destroy any copies of the unmarked or incorrectly marked documents, things, information, responses, or testimony within their custody or control and that comply with our legal obligations.  If a document that has been redesignated as confidential has been filed with the court, the designating party bears the burden of moving the court to remove the confidential document and file it under seal.  If the document was properly designated as confidential and was mistakenly filed with the court, the filing party has the burden of moving the court to remove the confidential document and file it under seal.

6.    THIRD PARTIES

6.1    Use of Third-Party Information. If a party seeks discovery from a non-party to this suit, the non-party will be provided with a copy of this agreement and may invoke its terms with respect to any confidential information provided to the parties. If any confidential information is produced by a person other than a party pursuant to this agreement, such person shall be considered a designating party and all parties to this order should be treated as receiving parties.

6.2    Third-Party Disclosure Prohibited By Law. Nothing contained herein shall be construed to restrict the ability of a third party from objecting to disclosure of information within its possession, custody, and control pursuant to any applicable federal or state law. These include, but are not limited to, information withheld pursuant to the Department of Homeland Security's ("DHS") *Touhy* regulations, 6 U.S.C. § 5.44, which explicitly prohibit DHS employees, including Immigration and Customs Enforcement personnel, from producing "any documents or any material acquired as part of the performance of that employee's duties or by virtue of that employee's official status" without authorization from DHS' Office of General Counsel.

6.3     Protective Orders with Third Parties. Nothing in this agreement prohibits a party from negotiating a separate protective order with any third party, provided that all parties to this litigation are included in the negotiation of such agreement and ultimately agree to the terms of such agreement, and the Party to this litigation seeking the separate protective order moves the Court for such an order.

6.4     Publicly Available Third Party Information. Nothing contained herein shall be construed to restrict disclosure and use by the receiving party of any confidential information of another party should such documents, information, or things become publicly available through no fault or wrongdoing of any receiving party.

7.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1     Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement, and should discuss whether partial designation of portions of the challenged document will resolve the dispute.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

7.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local

Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena, service of process, or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)      promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

Once notified, the designating party seeking to maintain the confidentiality of any information shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of the information that have been subpoenaed, requested, or ordered. The subpoenaed party will not produce any of the confidential information while a motion for a protective order brought by the designating party pursuant to this paragraph is pending, or while an appeal from or request for appellate review of such motion is pending, unless a court orders production of materials that are subject to this agreement, then production of such materials pursuant to that Court Order shall not be deemed a violation of this agreement.

9.      WASHINGTON PUBLIC RECORDS ACT

Nothing in this Protective Order shall be construed to require the Civil Rights Unit of the Washington Attorney General's Office (hereinafter "CRU") to violate the terms of Washington's Public Records' Act, RCW 42.56, RCW 40.14, which governs preservation and destruction of government records, or any other statute, administrative rule, or court rule.  If at any time the CRU receives a request pursuant to the Washington Public Records Act, RCW 42.56, that would compel disclosure of any documents or information designated in this action as "Confidential," the CRU shall give written notice and a copy of the request to the designating party, through its attorney of record, within five (5) business days of receiving the request or determining that the request calls for documents or information designated in this action as "Confidential." If the requesting party seeks to compel CRU to disclose the documents or information designated as "Confidential" through a proceeding before a court or regulatory body, the CRU shall provide the designating party, through its attorney of record, with notice of the proceeding within five (5) business days of service of such proceeding. The CRU will not produce confidential information or documents subject to such a request unless either authorized by the designating party to do so, or if the designating party seeks judicial intervention within the time allotted for the CRU to respond to the request, ordered to do so by the court.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

Nothing in this section is intended to modify what the parties have stipulated to and submitted to the court as a more detailed Fed. R. Evid. 502(d) order.

11.     SECURITY AND DATA BREACH

Any person in possession of another Party's confidential information shall exercise the same care with regard to the storage, custody, or use of such confidential information as they would apply to their own material of the same or comparable sensitivity.

11.1 <u>Reasonable Precautions</u>.  Receiving parties must take reasonable precautions to protect confidential information from loss, misuse and unauthorized access, disclosure, alteration and destruction. Such measures shall include:

(a)     Reasonably preventing unauthorized persons from gaining access to confidential information (physical access control);

(b)     Reasonably preventing confidential information from being used without authorization (logical access control) including, but not limited to, the use of passwords;

(c)     Reasonably ensuring that persons entitled to use confidential information gain access only to such confidential information as they are entitled to access in accordance with their access rights, and that, in the course of processing or use and after storage, confidential information cannot be read, copied, modified or deleted without authorization (data access control);

(d)     Reasonably ensuring that confidential information cannot be read, copied, modified or deleted without authorization during electronic transmission, transport or storage on storage media, and that the target entities for any transfer of confidential information by means of data transmission facilities can be established and verified (data transfer control);

(e)     Reasonably ensuring the establishment of an audit trail to document whether and by whom Protected Information have been entered into, modified in, or removed from confidential information processing systems, (entry control); and

(f)     Reasonably ensuring that confidential information is processed solely in accordance with instructions from the receiving party's Counsel or the receiving party (control of instructions).

11.2 <u>Breach Response</u>.  If the receiving party discovers a breach of security relating to the confidential information of another party, the receiving party shall:

(a)     provide written notice to the designating party of such breach no later than twenty-four (24) hours of receiving party's discovery of the breach;

(b)     investigate and remediate the effects of the breach, and provide the designating party with reasonable assurances that such breach shall not recur; and

(c)     provide sufficient information about the breach that the designating party can reasonably ascertain the size and scope of the breach.

If required by any judicial or governmental request, requirement or order to disclose such information, the receiving party shall take all reasonable steps to give the designating party sufficient prior notice in order to contest such request, requirement or order through legal means. The receiving party agrees to provide reasonable cooperation to the designating party or law enforcement in investigating any such security incident.  In any event, the receiving party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good faith and reasonable judgment.

If a receiving party learns that, by inadvertence or otherwise, it has disclosed the confidential information to any person or in any circumstance not authorized under this Order, the Receiving Party must, as soon as is practicable: (a) notify in writing the designating party of the unauthorized disclosure; (b) use its best efforts to retrieve all copies of the protected materials; and (c) inform the person or persons to whom unauthorized disclosures were made, to the extent the person or persons are identifiable, of all the terms of this protective order and have the person or persons execute a Declaration in the form annexed hereto as Exhibit A.

12.    NON -TERMINATION AND RETURN OF DOCUMENTS

Unless prohibited by law, within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof, or may certify to the producing party that they have deleted and destroyed these materials

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

product, even if such materials contain confidential material. Counsel also shall not be required to delete information that may reside on their respective parties' firms' or vendors' electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files which are not reasonably accessible.  Should counsel know or have reason to know that confidential material is to be restored from parties' firms' or vendors' electronic disaster recovery systems or other locations not reasonably accessible, counsel will make reasonable efforts to destroy these materials in good faith.

To the extent confidential material subject to this protective order is retained pursuant to the Public Records' Act, Wash. Rev. Code 42.56 and Wash. Rev. Code 40.14, counsel must make reasonable efforts to destroy these materials in good faith upon expiration of the applicable records retention schedule.  Nothing in this provision should be construed to eliminate the producing party's obligation to comply with the notice requirements in Section 9 of this agreement.

The confidentiality obligations imposed by this agreement shall remain in effect until modified, superseded or terminated by order of this Court.

13.     NON-WAIVER OF RIGHTS

Neither the agreement of the parties with respect to confidential material, nor the designation of any information, document, or the like, as confidential material, nor the failure to make such designation shall be construed as:

(a)     evidence with respect to any issue on the merits in this action;

(b)     waiving or restraining a party or third party from using or disclosing its own confidential material as it deems appropriate;

(c)     waiving a party's right to object to any disclosure of confidential material or production of any documents it deems to contains confidential on any ground other than confidentiality that it may deem appropriate;

(d)      waiving a party's right to redact from any documents, whether designated "Confidential" or not, any information containing privileged material or any other data protected from disclosure by state or federal law;

(e)      allowing a party to argue that review of documents is unnecessary or that a producing party need not cull non-responsive, irrelevant, or other documents before producing to the requesting party.

Respectfully submitted this 20th day of June, 2018.

**BOB FERGUSON**

Attorney General of Washington

/s/ *Andrea Brenneke*

LA ROND BAKER, WSBA No. 43610

MARSHA CHIEN, WSBA No. 47020

ANDREA BRENNEKE, WSBA No. 22027

Assistant Attorneys General

Office of the Attorney General

800 Fifth Avenue, Suite 2000

Seattle, WA 98104

(206) 464-7744

larondb@atg.wa.gov

marshac@atg.wa.gov

andreab3@atg.wa.gov

**ATTORNEYS FOR PLAINTIFF STATE OF WASHINGTON**

**NORTON ROSE FULBRIGHT US LLP**

/s/ *Andrea D'Ambra*

Andrea D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000
Facsimile: (212) 318-3400
andrea.dambra@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
Charles A. Deacon
300 Convent St.
San Antonio, Texas 78205
Telephone: (210) 270-7133
Facsimile: (210) 270-7205
charlie.deacon@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th Street NW, Suite 1000
Washington, DC 20001-4501
Telephone: (202) 662-0210
Facsimile: (202) 662-4643
mark.emery@nortonrosefulbright.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NORTON ROSE FULBRIGHT US LLP**
Andrea D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000
Facsimile: (212) 318-3400
andrea.dambra@nortonrosefulbright.com


**III BRANCHES LAW PLLC**

Joan K. Mell, WSBA #21319

1019 Regents Blvd. Ste. 204

Fircrest, WA 98466

253-566-2510 (P)

281-664-4643 (F)

joan@3brancheslaw.com


**ATTORNEYS FOR DEFENDANT
THE GEO GROUP, INC.**

Dated this 26th day of June, 2018.

ROBERT J. BRYAN
United States District Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued

by the United States District Court for the Western District of Washington on [date] in the case of

*State of Washington v. The GEO Group, Inc.*, No. 3:17-cv-05806-RJB. I agree to comply with and

to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

- 18 -