UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　　　Plaintiff,<br>　v.<br><br>THE GEO GROUP, INC.,<br><br>　　　　　　　　Defendant. | CASE NO. 3:17-cv-05806-RJB<br><br>SIGNING STATEMENT |

**<u>Protective Order</u>**.

The undersigned has, after careful consideration and some doubts, signed the Stipulated Protective Order (Dkt. 70) as agreed and proposed by both parties. The court's doubts arise from concern regarding the public nature of the case, the court's view that protective orders should be issued sparingly and not to only allow parties to litigate privately in a public forum, and the fact that the Stipulated Protective Order appears to cover matters not usually the subject of a protective order.

In spite of those concerns, and out of respect for counsel and the obvious efforts spent to come to a fair agreement, the Stipulated Protective Order has been signed.

SIGNING STATEMENT - 1

A saving clause in the agreement and Stipulated Protective Order at Page 14, lines 14-15 (Dkt. 70) makes the Order palatable – it will "remain in effect until modified, superseded, or terminated by order of this Court."  Therefore, should it appear during the course of this litigation that any part of the Stipulated Protective Order is, for any just reason, not justified by the facts and law, the Court reserves the right to modify, supersede or terminate that Order, but only upon notice to the parties, and an opportunity for them to be heard.

**Discovery**.  Discovery is underway in this case, and has already spawned motions regarding discovery, which the Court has not yet reviewed or considered.  At this stage, it appears appropriate to remind counsel of the lasting wisdom of the Supreme Court for the State of Washington in *Washington State Physicians Insurance Exchanges & Association v Fisons*, 122 Wash.2d 299 (1993):

> The purpose of discovery is to provide a mechanism for making relevant information available to the litigants.  "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation."  *Hickman v Taylor*, 329 U.S. 195 (1947).  Thus the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues by overuse of discovery or unnecessary use of defensive weapons or evasive responses.  All of this results in excessively costly and time-consuming activities that are disproportionate to the nature of the case, the amount involved, or the issues or values at stake. . . .
>
> . . . .
>
> The concept that a spirit of cooperation and forthrightness during the discovery process is necessary for the proper functioning of modern trials, is reflected in decisions of our Court of Appeals. . . .
>
> [T]he aim of the liberal federal discovery rules is to "make a trial less a game of blindman's b[l]uff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent."  The availability of liberal discovery means that civil trial no longer need to be carried on in the dark.  The way is now clear . . .for the parties to obtain the fullest possible knowledge of the issues and facts before trial.  This system cannot succeed without the full cooperation of the parties.

*Fisons,* 122 Wash.2d at 342 (citations omitted).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of June, 2018.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge