# Exhibit 2

# NORTON ROSE FULBRIGHT

June 18, 2018

**Via Electronic Mail**

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York  10019-6022
United States

La Rond Baker
Assistant Attorney General
Wing Luke Civil Rights Unit
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104

Direct line +1 212 318 3015
andrea.dambra@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400
nortonrosefulbright.com

Re:     **June 15, 2018 Meet and Confer in** *Washington v. GEO*, **Case No. 17-cv-05806-RJB**

La Rond:

I write to follow-up on our meet and confer call on Friday, June 15, 2018.  Below is a summary of the issues discussed and follow-up tasks.  If you disagree with our summary, please let us know.

**The State's June 14, 2018 Letter**

During the call we discussed several issues related to your June 14, 2018 letter to us, including your argument that several issues were raised for the first time during the June 12, 2018 meet and confer.  First, you asserted that our proposed "prior to 60 days before the close of discovery" language for section 6.2(d) of the protective order was proposed for the first time at the June 12 conference.  We agreed that this particular language was proposed for the first time during the June 12 conference, but expressed confusion as to why this was of concern, as the State accepted this proposed language during the June 12 conference.  Moreover, the 60 day language was proposed as a compromise to address your concerns about having enough time to address discovery issues in a timely manner, and our concerns about creating a regime where the parties engage in repetitive and expensive motion practice.  We have been clear since our first meet and confer that we are obligated to get approval from ICE for the production of certain documents and have no control over the timing of that review.  The 60 day language was intended as one of several proposals for a disputed section of the protective order.  You accepted this language, before again rejecting the agreement only several hours later, a fact you did not deny in our June 15 conference.  All this being said, we are still willing to find a solution that will work for both parties with regards to the protective order.

You also discussed GEO's obligations under the ICE-GEO contract governing the NWDC, including its obligation to provide documents to ICE for its approval prior to disclosure to the State. Specifically you asserted that you had learned for the first time during the June 12 conference that GEO intended to provide documents to ICE for its approval prior to disclosure to the State. As you know, we have been very forthright and transparent since the beginning of our meet and confer negotiations about our obligations to ICE. We  reiterated that your representations in your June 14, 2018 letter and during this meet and confer were not accurate.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

73068011.1

La Rond Baker
June 18, 2018
Page 2

NORTON ROSE FULBRIGHT

**Protective Order**

During the call, the parties discussed revisions to the protective order.  As a result of a continued disagreement as to section 6.2, the State proposed removing section 6.2(d) from the protective order.  GEO agreed to review the protective order in light of this removed provision.  We have reviewed these provisions and believe it makes the most sense to remove section 6.2 in its entirety as the various subclauses are interrelated to one another.  Please let us know if you are willing to move forward with filing the protective order, a copy of which is attached with this letter, in accordance with the above.

**ESI Agreement**

The parties discussed the ESI Agreement, which was provided to you on May 31, 2018.  You represented that you could agree to the majority of the agreement, save Section 5.A, which concerns privileged documents that need not be logged on the parties' privilege log.  Section 5.A specifies that the parties need not log privileged material dated after September 21, 2017.  You proposed an earlier date that would be tied to the beginning of the State's investigation into the matters related to the claims and defenses of this case, which you plan to provide to us soon.  We represented that we were open to an earlier date, but that a carve out should be made for communications between you and counsel in the *Chen* (now "*Nwauzor*") litigation.  It is our understanding, which you confirmed during the meet and confer, that you intend to assert a common interest privilege or joint prosecution privilege as to your communications with counsel in the *Nwauzor* litigation.  During the meet and confer we indicated that we dispute this assertion of privilege, and therefore would like to ensure that any communications you contend are privileged between you and *Nwauzor* are logged in your privilege log.  We are currently waiting on your timeframe revisions to section 5.A.

**ICE-GEO Contract**

The parties also discussed GEO's obligations under the ICE-GEO contract governing the NWDC.  You asked for additional information as to the extent of GEO's obligations, specifically its obligation to allow ICE to approve certain documents prior to disclosure to third parties such as the State.  We explained that GEO has an obligation to disclose certain documents to ICE for approval prior to disclosure to the State.  Such documents include documents related to detainees and GEO's performance of services under the GEO-ICE contract, specifically those documents that contain identifiable detainee information, sensitive immigration information, or are otherwise protected under relevant statutes and laws.  We also noted that you have had access to the ICE-GEO contract, which clearly lists the scope of GEO's obligations, since it was filed in redacted form last year on November 17, 2017.  Nevertheless, we directed you to several provisions in the contract applicable to these obligations.  These provisions included, among others, Section D (Dkt. 19 at 48) and Section E (Dkt 19 at 49-50), including the regulations and materials referenced within.

**GEO's Production**

With respect to information we must submit to ICE for review, you stated that you are not seeking particularized information about detainees, but overall or summary information about detainees.  However, we asserted that there are few documents that exist that have non-specific information

73068011.1

La Rond Baker
June 18, 2018
Page 3

NORTON ROSE FULBRIGHT

about detainees, detainee work, or the voluntary work program, many of which were already produced to you in our first production.  You requested additional information regarding the status of production of bids and contracts between GEO and ICE—which you assert are not subject to ICE review—pursuant to the State's Request for Production No. 8.  We disagree that bids and contracts between GEO and ICE are not subject to ICE review under the GEO-ICE contract.  As such, during the meet and confer we indicated that we are currently unwilling to produce any bids or contracts unless and until ICE has cleared them.  To the extent this was unclear, GEO plans to produce relevant non-privileged copies of all bids and contracts between GEO and ICE responsive to RFP No. 8 to the State after review and approval by ICE.

During the conference, you further requested additional information about the documents that we could produce that were not subject to ICE approval, including how many documents we believed we could produce.  We represented that we are assessing the documents reviewed to date to determine whether there are additional documents we could produce to you that do not require ICE review.  This requires GEO to do additional assessment which is above and beyond the review for responsiveness and privilege, but we are willing to do so, in an effort to provide the State with documents in the interim while documents subject to ICE review are being cleared.

Throughout the conference, you maintained your position that a party must respond to a discovery request within thirty days, and that this response includes not only written responses, but also production.  We disagreed on the basis that the Federal Rules make it clear, on their face and within the Advisory Notes, that parties do not have to produce documents within thirty days of a discovery request.  This is particularly true in cases like the one here where a party must identify, collect, process, cull, review, and produce massive numbers of documents.

You also indicated that you planned to file a motion to compel on June 21, 2018 based on our refusal to disclose all documents to you prior to ICE review.  You stated that you believed the Protective Order obviated the need for ICE review.  We disagreed as GEO is not empowered to produce ICE's confidential information without its express consent.  We reiterated that we are working in good faith to produce documents responsive to your requests, and intend to produce them to you pending ICE review and approval.

**GEO's Responses to Interrogatories Nos. 4 and 6**

The parties discussed during the June 12 and June 15 conferences GEO's responses to the State's Interrogatory No. 4, which concerns the procedure by which GEO can request a modification to the contract between ICE and GEO governing the NWDC, and Interrogatory No. 6, which concerns changes to GEO's policies and procedures concerning the Voluntary Work Program.  As to Interrogatory No. 4, we have been diligently investigating this issue in accordance with the steps we agreed we would take in our representations during the April 30, 2018 meet and confer and our May 2, 2018 letter.  Thus far we have identified some additional information with which to supplement our response to Interrogatory No. 4, and will supplement our response shortly.

As to Interrogatory No. 6, you requested information about every alteration to GEO's policies regarding the Voluntary Work Program since 2005.  In accordance with our representations during the April 30, 2018 meet and confer and our May 2, 2018 letter, GEO plans to respond to Interrogatory No. 6 by producing all final versions of GEO's policies in our possession custody or

73068011.1

La Rond Baker
June 18, 2018
Page 4

NORTON ROSE FULBRIGHT

control on the Voluntary Work Program since 2005.  Already, GEO has produced numerous documents responsive to Interrogatory No. 6, including but not limited to versions of GEO Policy 5.1.2 on the Voluntary Work Program (*e.g.* GEO-State 003443-003450, GEO-State 003451-003458), versions of the GEO detainee handbook (*e.g.* GEO-State 004214-004253, GEO-State 004760-004797, GEO-State 014077-014095), and other GEO policies related to the Voluntary Work Program (*e.g.* GEO-State 001166-001167, GEO-State 001636-001672).

**Deficiencies In The State's Production**

Finally, the parties discussed deficiencies within the State's recent production.  We indicated that there were substantive and technical deficiencies in the production, the specifics of which we would supply in a letter.  We further explained that the State's reproduction of documents remained in technical nonconformance with the specifications agreed-upon by the parties.  You represented that upon receipt of our forthcoming letter, you would consult with your technical staff and work with them to conform to the agreed-upon standards.  Later that day we provided you with a deficiency letter outlining these deficiencies, and requested to meet and confer on the issues mentioned therein.  Please let us know what times work for you to confer on this issue.

If you have any questions, please do not hesitate to reach out to me.

Very truly yours,

Andrea L. D'Ambra

Andrea L. D'Ambra
ALD

73068011.1