# Exhibit 3

# NORTON ROSE FULBRIGHT

June 15, 2018

**Via Electronic Mail**

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York  10019-6022
United States

Direct line +1 212 318 3015
andrea.dambra@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400
nortonrosefulbright.com

La Rond Baker
Assistant Attorney General
Wing Luke Civil Rights Unit
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104

Re:     The State's First Production in *Washington v. GEO*, Case No. 17-cv-05806-RJB

La Rond:

I write concerning substantive deficiencies in your prior productions.  As you recall, we discussed some of these issues during our meet and confer today.  As CR 37 requires that the parties meet and confer prior to moving to compel or for sanctions, we request that you provide dates and times you are available for a CR 37 conference so we can address our concerns and  work together to reach a resolution.  We are generally available between 3:00 and 5:00pm EST on June 20, 21, and 22, 2018 to confer.  To date, the State of Washington ("State") has provided the Geo Group ("GEO") with two productions: (1) that with its Initial Disclosures, dated February 11, 2018, Bates numbers WA00000001 – WA00001682; and (2) State's First Production, dated April 11, 2018, Bates numbers WA00001683 – WA00003534.  Parties have met and conferred regarding the technical deficiencies of these productions and agreed via subsequent correspondence to reproduce documents pursuant to protocols identified in my April 27 letter.  Having now reviewed the State's productions, we have determined that these productions do not adequately or sufficiently respond to the substance of GEO's First Set of Interrogatories and Requests for Production ("requests for production" or "RFPs") served on January 11, 2018, are deficient in light of your February 12, 2018 responses to GEO's requests for production, and do not they comply with the format requirements to which the parties mutually agreed.  The specifics of these deficiencies are detailed below.  Please note that the list of deficiencies below is neither exhaustive nor intended to waive any of the State's discovery obligations in this matter.

## Substantive Deficiencies in the State's Productions

**Request for Production No. 1 and Interrogatory No. 1.**  Interrogatory No. 1 asks the State to "[i]dentify each person who answered or provided answers to these discovery requests by name, title, address, and telephone number."  RFP 1 seeks documents pertaining to the State's response to Interrogatory No. 1.

In its response, the State indicated that it "currently has no documents that are specifically responsive to Interrogatory No. 1."  The State has not yet produced documents responsive to this RFP, including documents containing the names of current or former detainees who may have provided factual information underlying the State's response to these requests.  Please produce any responsive documents that the State has subsequently identified since its response on February 12, 2018.  Please also supplement Interrogatory No. 1 in accordance with the above.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

73064509.1

La Rond Baker
June 15, 2018
Page 2

NORTON ROSE FULBRIGHT

**Request for Production No. 2 and Interrogatory No. 2.**  Interrogatory No. 2 asks the State to "[i]dentify each witness who may have information about this case or whom you intend to call at trial, including the witness's name, address and telephone number, and the summary of the witness's knowledge or testimony."  RFP 2 seeks documents pertaining to the State's response to Interrogatory No. 2.

In its response, the State indicated that it "currently has no documents that are specifically responsive to Interrogatory No. 2."  The State has not yet produced documents responsive to this RFP, including documents provided to you by current or former detainees.  Please produce any responsive documents that the State has subsequently identified since its response on February 12, 2018.  Please also supplement Interrogatory No. 2 in accordance with the above.

**Request for Production No. 3 and Interrogatory No. 3.**  Interrogatory No. 3 asks the State, "[w]ith respect to expert witnesses you intend to call at the time of trial," to "identify each person, the subject matter on which the expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify, provide a summary of the grounds for each opinion, and list each and every fact, document, or information the expert intends to rely upon to support his or her opinions."  RFP 3 seeks documents pertaining to the State's response to Interrogatory No. 3.

In its response, the State indicated that it "currently has no documents that are specifically responsive to Request for Production No. 3."  The State has not yet produced documents responsive to this RFP.  As you are aware, the State has an ongoing duty to supplement its productions.  We expect that the State will supplement its production with respect to GEO's document requests in a timely manner throughout the course of discovery.  Please also supplement Interrogatory No. 3 in accordance with the above.

**Request for Production No. 4 and Interrogatory No. 4.**  Interrogatory No. 4 asks the State to "[d]escribe, identify and itemize all damages (both general and special), losses, expenses and costs that the State claims were and/or will be incurred as a result of the allegations described in the Complaint, including but not limited to, the alleged "disgorgement" and any past or future wage losses. Include within your response an itemization and description of the past, present, and future injury to the public's "health safety and well-being" referenced in paragraphs 3.3-3.5 of the State's complaint."  RFP 4 seeks documents pertaining to the State's response to Interrogatory No. 4.

In its response, the State objected "to the extent it calls for the production of documents already produced by Washington, in GEO's possession, or that are publicly available and therefore equally available to GEO."  GEO is entitled to discovery of the documents underlying the State's claim that it is entitled to seek relief for disgorgement and should not have to guess at which documents the State deems to be responsive to this request that are either publicly available or within GEO's possession.  In its initial disclosures, the State wrote that it would "continue discovery and further evaluation of detainee work and *fair market value* of that work" (our emphasis).  Similarly, in its response to RFP No. 4 and Interrogatory No. 4, the State indicated that "investigation and discovery are continuing" "regarding detainee work, the fair market value of that work, the extent of GEO's unjust enrichment, and the number and value of jobs GEO's practice withheld from Washington's work force."  We expect that in light of its continued investigation and discovery, the State will produce more than the eleven documents it has identified as responsive to this RFP.  As you are aware, the State has an ongoing duty to

La Rond Baker
June 15, 2018
Page 3

NORTON ROSE FULBRIGHT

supplement its productions.  We expect that the State will supplement its production with respect to GEO's document requests in a timely manner throughout the course of discovery.  We further expect in light of its continued investigation and discovery, the State will provide a more substantive response to this Interrogatory, including an explanation of the fair market value of detainee work, the value of jobs allegedly withheld, and a formula for the calculation of each. Please supplement Interrogatory No. 4 in accordance with the above.

**Request for Production No. 6 and Interrogatory No. 6.**  Interrogatory No. 6 asks the State to "describe the factual basis for your assertion that detainees who participate in the voluntary work program are "employees" under RCW 49.46.010(3)."  RFP 6 seeks documents pertaining to the State's response to Interrogatory No. 6.

GEO has determined that the State has produced some, but not all, documents responsive to this RFP.  In particular in its response, the State indicated that it will identify "documents related to former and current detainees with information relevant to this case [] after entry by the Court of a Confidentiality Agreement and Protective Order."  The court entered a 502 Order on May 31, 2018, but as a protective order has not yet been filed in this case, we expect that the State will produce all documents responsive to RFP 6 immediately after entry by the Court of a protective order.  Please also supplement Interrogatory No. 6 in accordance with the above.

**Request for Production No. 7 and Interrogatory No. 7.**  Interrogatory No. 7 asks the State to "describe the factual basis for your assertion that The GEO Group, Inc. are detainees' "employer" under RCW 49.46.010(4)."   RFP 7 seeks documents pertaining to the State's response to Interrogatory No. 7.

In its response, the State directed GEO to "see Washington's Response to Request for Production No. 6," while also advising that "[i]nvestigation and discovery are continuing."  Reference to documents produced in response to another RFP is inadequate, as RFP 7 seeks unique documents not encompassed by any other RFP, including employment contracts or agreements between GEO and current or former detainees, and documents provided to you by current or former detainees, representatives at Labor and Industries, or representatives of AG Ferguson's Campaign.  Please produce any responsive documents that the State has subsequently identified since its response on February 12, 2018.   Please also supplement Interrogatory No. 7 in accordance with the above.

**Request for Production No. 9 and Interrogatory No. 9.**  Interrogatory No. 9 asks the State to "[d]escribe all of the characteristics of what any detainee did while detained at the NWDC that entitle you to claim GEO should have paid that detainee minimum wages. Include each and every factor that shows any detainee had an employment relationship with GEO."  RFP 9 seeks documents pertaining to the State's response to Interrogatory No. 9.

In its response, the State directed GEO to "see Responses to Requests for Production Nos. 6, 7, and 8," while also advising that "[i]nvestigation and discovery are continuing."  Reference to documents produced in response to another RFP is inadequate, as RFP 9 seeks unique documents not encompassed by any other RFP, including documents and communications containing descriptions of detainee work at the NWDC such as affidavits, citizen complaints, and personnel or employment records, further including those provided to you by current or former detainees, representatives at Labor and Industries, or representatives of AG Ferguson's

La Rond Baker
June 15, 2018
Page 4

NORTON ROSE FULBRIGHT

Campaign.  Please produce any responsive documents that the State has subsequently identified since its response on February 12, 2018.  Please also supplement Interrogatory No. 9 in accordance with the above.

**Request for Production No. 14 and Interrogatory No. 14.**  Interrogatory No. 14 asks if the State "communicated orally or in writing with any current or former detainee about the allegations asserted in the Complaint?  If so identify each such detainee."  RFP 14 seeks documents pertaining to the State's response to Interrogatory No. 14.

GEO has determined that the State has produced some, but not all, documents responsive to this RFP.  In particular in its response, the State indicated that it "will identify documents related to detainees or former detainees with knowledge of the allegations after entry of a Confidentiality Agreement and Protective Order pursuant to Federal Rule of Civil Procedure 26(c)."  The court entered a 502 Order on May 31, 2018, but as a protective order has not yet been filed in this case, we expect that the State will produce all documents responsive to RFP 14 immediately after entry by the Court of a protective order.  Please also supplement Interrogatory No. 14 in accordance with the above.

**Request for Production No. 15 and Interrogatory No. 15.**  Interrogatory No. 15 asks the State to "[d]escribe the factual basis for your assertion that GEO does not pay detainees $1 per day, and instead "pays" detainees in snack food such as chicken, potato chips, soda, and/or candy."  RFP 15 seeks documents pertaining to the State's response to Interrogatory No. 15.

GEO has determined that the State has produced some, but not all, documents responsive to this RFP.  In particular in its response, the State indicated that it "will identify documents related to detainees or former detainees with knowledge of the allegations after entry of a Confidentiality Agreement and Protective Order pursuant to Federal Rule of Civil Procedure 26(c)."  The court entered a 502 Order on May 31, 2018, but as a protective order has not yet been filed in this case, we expect that the State will produce all documents responsive to RFP 15 immediately after entry by the Court of a protective order.  Please also supplement Interrogatory No. 15 in accordance with the above.

**Request for Production No. 16 and Interrogatory No. 16.**  Interrogatory No. 16 asks the State to "[d]escribe the factual basis for your assertion that GEO utilizes detainee labor to operate the NWDC."  RFP 16 seeks documents pertaining to the State's response to Interrogatory No. 16.

In its response, the State directed GEO to see "Responses to Requests for Production Nos. 4, 6, 8, and 11," while also advising that "[i]nvestigation and discovery are continuing."  Reference to documents produced in response to another RFP is inadequate, as RFP 16 seeks unique documents not encompassed by any other RFP, including GEO financial or administrative documents, and communications with GEO personnel or GEO contractors.  Please produce any responsive documents that the State has subsequently identified since its response on February 12, 2018.  Please also supplement Interrogatory No. 16 in accordance with the above.

**Request for Production No. 17 and Interrogatory No. 17.**  Interrogatory No. 17 asks the State to "[e]xplain how the voluntary work program at the NWDC differs in payment rates from voluntary work programs operated by any state or local entity or contractor for a state or local entity that

La Rond Baker
June 15, 2018
Page 5

NORTON ROSE FULBRIGHT

detains people."  RFP 17 seeks documents pertaining to the State's response to Interrogatory No. 17.

In its response, the State directed "GEO to Wash. Rev. Code § 49.46.010(3)(k)."  Reference to a provision of Washington's Revised Code that excludes residents, inmates or patients of only state or municipal facilities from the definition of employee under the statute is inadequate.  The State has not articulated or provided documents that demonstrate that there is a substantive difference between state or municipal detention facilities run by private companies (including GEO) and their federal counterparts.  The State must substantively respond to RFP 17 or state that there are no such documents that exist that would differentiate between the State voluntary work programs and the program at NWDC.  Please produce any and all documents responsive to RFP 17.  Please also supplement Interrogatory No. 17 in accordance with the above.

**Request for Production No. 20 and Interrogatory No. 20.**  Interrogatory No. 20 asks the State to explain "what the State intends to do with the damages it is claiming in this lawsuit."  In addition, this request asks the State to provide "within your explanation whether the State intends to repay ICE and GEO for its expenditures on the detainees who participated in the voluntary work program."  RFP 20 seeks documents pertaining to the State's response to Interrogatory No. 20.

In its response to Interrogatory No. 20, the State responded that it "seeks disgorgement of GEO's unjust profits for the benefit of Washingtonians, especially detainees at the NWDC and job seekers in Pierce County."  In its response, the State indicated that "there are no non-privileged responsive documents."  Given the above statement, it seems unlikely that the State has not discussed in writing this case with third parties including detainees at NWDC (or former detainees of the facility) and/or job seekers in Pierce County.  Such communications with third parties, among other documents, would not be privileged and should be produced in response to the above request.  As such, please produce all documents responsive to RFP 20.  Please also supplement Interrogatory No. 20 in accordance with the above.

**Request for Production No. 21 and Interrogatory No. 21.**  Interrogatory No. 21 asks the State to provide "the name, detainee number, address, and telephone number of each detainee who met the qualifications specified in the ICE contract to be employed by GEO."  In addition, this request asks the State to provide "within your answer whether each such person has been convicted of any crime or otherwise would to your knowledge clear the requisite background check."  RFP 21 seeks documents pertaining to the State's response to Interrogatory No. 21.

In its response, the State indicated that "there is no responsive information,' while "[i]nvestigation and discovery are continuing."  The State has not yet produced documents responsive to this RFP.  Certainly the State has identified at least some detainees who fall within this category, otherwise it would not have had an adequate basis to bring the claims it did under Rule 11.  Parties are required to provide information, even when they believe additional information exists and will be uncovered at a later date.  Please produce any responsive documents that the State has subsequently identified since its response on February 12, 2018.  Please also supplement Interrogatory No. 21 in accordance with the above.

**Request for Production No. 24** requests the State produce "[a]ll correspondence, written, and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between

NORTON ROSE FULBRIGHT

the State and Chao Chen, Jamal Whitehead, Lindsay Halm, Adam Berger, Devin Theriott-Orr, or Andrew Free regarding *Chen v. The GEO Group, Inc.*, Case No. 3:17-cv-05679-RJB and this case."

In its response, the State indicated that it "will produce any records that are not privileged or protected and are responsive to this Request, and if appropriate pursuant to entry of a Confidentiality Agreement and Protective Order." The State has not articulated how it could have privileged communications with the above listed third parties. To the extent the State is objecting on the basis of the common legal interest privilege (which the State has the burden of proving), there is no "sufficient commonality of interests" that exists between the parties such that the State and the plaintiffs in *Chen* are "essentially the same party." *See, e.g., Amphastar Pharm., Inc. v. Aventis Pharma SA*, No. EDCV 09-23-MJG (OPx), 2013 WL 12136380, at *5 (C.D. Cal. Aug. 9, 2013). The Attorney General's office and counsel for *Chen* are pursuing different claims, seek different relief, and serve different interests. In addition, the State has not articulated what other protections would permit the State to withhold responsive documents. Further, the State has not produced any documents responsive to this RFP. The court entered a 502 Order on May 31, 2018, but as a protective order has not yet been filed in this case, we expect that the State will produce all documents responsive to RFP 24 immediately after entry by the Court of a protective order. Moreover, to the extent that the State has failed to supplement its responses to any of GEO's interrogatories on the basis of a common legal interest privilege, this would not prevent the State from disclosing "the underlying facts" within its documents or communications, including communications with counsel in the *Chen* litigation. *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981).

**Request for Production No. 26** requests the State produce "[a]ll documents that show GEO could lawfully employ detainees while ICE detained them at the NWDC." RFP 26 seeks documents pertaining to the State's response to Interrogatory No. 26.

In its response, the State directed GEO to see "Washington's Responses to Requests Nos. 4, 6, 8 and 11." The State has not produced documents specifically responsive to this RFP. RFP 26 specifically requests documents showing how GEO could lawfully employ detainees while they were detained. Responsive documents sought would be unlike those sought in RFP 4 (relevant to damages, losses, expenses, and costs), RFP 6 (factual basis for how VWP participants are "employees"), RFP 8 (ICE's involvement with the VWP), and RFP 11 (the State's motivation for bringing this litigation during the Trump Administration). As such, documents sought are unique to RFP 29 and a mere reference to responses to other RFPs is inadequate. Please produce all documents responsive to RFP 26.

**Request for Production No. 27** requests the State produce "[a]ll documents that show the number of state employees working on this case and their rate of pay and any payments made for such services and by whom. Include timesheets, rate sheets, billing invoices to L&I, attorney and paralegal timesheet, warrants, check payments, digital payments, etc."

In its response, the State indicated that it "will provide documentation for all attorney's fees and costs sought in support of any such motion at the appropriate time." The State has not produced documents responsive to this RFP. Please produce any responsive documents that the State has subsequently identified since its response on February 12, 2018.

La Rond Baker
June 15, 2018
Page 7

NORTON ROSE FULBRIGHT

**Request for Production No. 29** requests the State produce "[a] Form I-765 Application for Employment Authorization USCIS for each detainee you claim GEO should have paid minimum wages." RFP 29 seeks documents pertaining to the State's response to Interrogatory No. 29.

In its response, the State directed GEO to "see Washington's Responses to Requests Nos. 4, 6, 8 and 11." The State has not produced documents specifically responsive to this RFP. RFP 29 requests one specific USCIS form for each detainee relevant to its claims. As such, documents sought are unique to RFP 29 and a mere reference to responses to other RFPs is inadequate. Please produce all documents responsive to RFP 29.

**Request for Production No. 32** requests the State produce "All documents that contain communications about minimum wage payments to detainees, The GEO Group, Inc. or the NWDC between Bob Ferguson and any of his campaign staff or consultants. Include all digital data whether via e-mail, press releases, Facebook messages, Instagrams, or digital messaging via social media and the internet."

In its response, the State objected to RFP 32 on the basis the RFP "seeks non-party documents outside of its possession, custody, or control," is "irrelevant, harassing, and not reasonably calculated to lead to the discovery of admissible evidence," and "seeks publicly available documents equally accessible to GEO." GEO is entitled to discovery of any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the cases. Documents responsive to RFP 32 are directly relevant to the State's claims outlined in its Complaint and raised throughout this litigation. While some campaign documents may indeed be publicly available, documents such as – but not limited to – communications directly with supporters or contributors would not. As such, please produce all documents responsive to RFP 32.

**Request for Production No. 33** requests the State produce "[a]ll documents that communicate to GEO that the Minimum Wage Act applies to ICE detainees who participate in the voluntary work program at the NWDC."

In its response, the State indicated that it "will produce any records that are not privileged or protected and are responsive to this Request." Given that the request specifically asks for documents that communicate with GEO, the request necessarily does not implicate any privileged or protected documents. In addition, the State has not articulated what other protections would permit the State to withhold responsive documents. The State has not produced documents responsive to this RFP. Please produce any responsive documents that the State has subsequently identified since its response on February 12, 2018.

**Request for Production No. 35** requests the State produce "[a]ll documents showing the hours each voluntary work program participant was engaged in tasks that the State claims entitle the detainee to minimum wage payments and a description of the tasks actually performed or accomplished in that time period."

In its response, the State indicated that "will produce records that are not privileged or protected and are responsive to this Request." The State has not articulated how detainee records relating to their participation in the voluntary work program and descriptions of detainee tasks could be privileged. In addition, the State has not articulated what other protections would permit the State

La Rond Baker
June 15, 2018
Page 8

NORTON ROSE FULBRIGHT

to withhold responsive documents.  The State has not produced documents responsive to this RFP.  Please produce any responsive documents that the State has subsequently identified since its response on February 12, 2018.

**Technical Deficiencies in the State's Productions**

The State produced its first production on April 3, 2018 in an unusable format.  After conferring on this issue on April 30, 2018, the State agreed to reproduce its production to conform with the requirements laid out in our April 27, 2018 correspondence.  The State's June 06, 2018 reproduction, however, does not conform with these requirements.  Although the State provided metadata fields in a DAT file, the State failed to comply with the field names in the April 27 letter.  The April 27 letter requires that the parties provide custodian and author data fields for all documents in each production.  None of the 235 documents reproduced on June 06, however, was produced with custodian information, and the majority of non-email documents were produced without author field data.  Without this information, GEO is unable to properly authenticate these documents should it seek to use them in trial.

The State's noncompliance with the April 27 letter specifications are not limited to those two critical data fields.  The State also did not provide a Parent/Child ID, or a Modification Date field for non-email documents.  Furthermore, the State provided what appears to be two different types of filepath information: "Filepath" and "Original File Locations."  Please explain the difference between these two data fields.  To the extent that filepath information for a document may have been modified, please provide both the "original" and current filepath information for our review.

If you have any questions, please do not hesitate to reach out to me.

Very truly yours,

Andrea L. D'Ambra
ALD

73064509.1