The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | No. 17-cv-05806-RJB<br><br>**DECLARATION OF ANDREA L. D'AMBRA IN SUPPORT OF THE GEO GROUP'S RESPONSE TO THE STATE'S MOTION TO COMPEL** |

**DECLARATION OF ANDREA L. D'AMBRA IN SUPPORT OF THE GEO GROUP'S RESPONSE TO THE STATE'S MOTION TO COMPEL**

I, Andrea L. D'Ambra declare as follows:

1.      I am a partner with the law firm of Norton Rose Fulbright US LLP.  I am duly licensed to practice in the States of New York and New Jersey as well as the Commonwealths of Pennsylvania and Virginia, and am admitted to appear *pro hac vice* on behalf of the GEO Group, Inc. ("GEO") in the above-captioned matter.  I am over the age of eighteen (18), and I am competent to testify in this matter.  I submit this Declaration in support of Defendant The GEO Group's Response to the State's Motion To Compel.  I am familiar with the facts set forth herein, based on my personal knowledge, involvement in the proceedings, and review of the materials referenced herein.

2.      Officials from the Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE") electronically mailed a letter to GEO and the State of Washington ("State") on June 28, 2018 "clarify[ing] the government's position regarding the scope of U.S.

1    Immigration and Customs Enforcement's ("ICE") review of documents before they are released in

2    the above-referenced case."  *See* Exhibit 1, a true and correct copy of a letter from Annette L. Hayes

3    and Kristin B. Johnson to Andrea L. D'Ambra, Joan K. Mell, and La Rond Baker dated June 28,

4    2018.

5         3.     Ms. Johnson clarified the scope of documents that it needs to review, which applies

6    to 1) "records owned by ICE," 2) records that "contain ICE information," 3) "law enforcement

7    sensitive" or official information documents, 4) documents covered by ICE "attorney client

8    privilege and work product privilege," and, 5) information protecting vulnerable persons, including

9    Violence Against Women Act (VAWA) applicants, refugees and asylees, Seasonal Agricultural

10   Workers claims, T visas, and U visas.  Ex. 1 at 1-2.

11        4.     The letter makes it clear that ICE review is necessary: "because ICE is obligated

12   under both federal statute and regulation to prevent disclosure of these types of information within

13   records owned by ICE or that contain ICE information, ICE must conduct a review of such records

14   prior to any disclosures."  *Id.* at 2.  During its review, ICE plans to "make any redactions mandated

15   by law and apply any applicable privileges."  *Id.* at 3.

16        5.     Furthermore, DHS and ICE require litigants to comply with prescribed procedures

17   to obtain information: "The regulations specify procedural steps by which a party in litigation is to

18   request ICE information, whether in the possession of ICE or some third party, and the standards

19   that DHS will apply in assessing the propriety of any releases."  *Id.* at 2.

20        6.     Although "ICE is presently engaged in several, substantial, court-ordered

21   productions of documents," ICE "intends, subject to resource constraints, to allocate resources to

22   the reviews for the above referenced case."  *Id.*  Furthermore, "ICE is willing to work cooperatively

23   with the parties in conducting any necessary review within a reasonable time frame."  *Id.*

24        7.     To accommodate ICE review, GEO has prepared a discovery review platform,

25   whereby ICE reviewers may access the documents GEO has withheld for ICE review.  Through

26   this platform, ICE will have the ability to mark documents as privileged, mark documents for

27   redaction, and apply any necessary redactions.  Ms. Johnson informed the parties that ICE plans to

28   use GEO's review platform to begin "an initial assessment of the complexity and volume of

1    reviews" and conduct searches. *Id.* at 3. During its review, "ICE intends to apply these regulations

2    as permissively as possible in its document review in the above-referenced case." *Id.* at 2.

3        8.       After weeks of negotiating, on June 28, 2018, ICE provided GEO with the names

4    and emails of ICE employees, so that GEO may provide secure access to these reviewers. Upon

5    receipt of these names, and after quickly finalizing the coding panel to address ICE requests, GEO

6    provided secure access to these reviewers on June 29, 2018.

7        9.       The letter notes that "ICE only needs to review records that are owned by ICE, or

8    that contain ICE information. Records that are owned or created by contractors, such as GEO, or

9    records that solely contain contractor information, do not need to be reviewed by ICE, except to

10   the extent such records contain ICE information." *Id. at* 1. GEO notes that it has already produced

11   documents responsive to these four categories of information in this litigation, and plans to produce

12   additional documents subject to the parties' protective order. GEO further represents that its

13   investigation is ongoing.

14       10.      Ms. Johnson also notes that information pertaining to 1) detainee worker shifts, 2)

15   detainee worker numbers, 3) detainee worker hours, and 4) non-monetary payment to detainee

16   workers "likely would have been created solely based on GEO information while detainees were

17   housed at GEO's facility." *Id.* To the extent these types of documents do not contain information

18   ICE has indicated it must review, including sensitive ICE information about individual detainees

19   such as Alien numbers, health information, religious affiliation, and individualized detainee

20   correspondence and complaints, GEO has already started producing these documents. As GEO has

21   informed the State, only a small percentage of GEO documents reflecting these four categories of

22   information contains summary, aggregate information as opposed to particularized detainee

23   information. *See* Exhibit 2, a true and correct copy of a letter from Andrea L. D'Ambra to La Rond

24   Baker dated June 18, 2018. This being said, GEO has produced a small number of GEO records

25   with summary and aggregate detainee information responsive to these four categories pursuant to

26   the parties' protective order, and its investigation into these documents is ongoing.

27       11.      During the parties' meet and confers, GEO repeatedly raised that it has certain

28   statutory, regulatory, and contractual obligations, as a DHS/ICE contracting entity, that restrict the

1   dissemination of certain categories of information.  GEO raised these issues during negotiations

2   around the parties' stipulated protective order, *see* Exhibit 3, a true and correct copy of a letter from

3   Andrea L. D'Ambra to La Rond Baker dated June 13, 2018, and more generally during the parties'

4   meet and confers. *See* Ex. 2.  GEO also represented during these discussions that it was withholding

5   GEO-ICE contracts and modifications subject to ICE approval.  Ex. 2 at 3.  Despite Defendants'

6   good faith efforts, the parties have been unable to resolve outstanding issues related to documents

7   that GEO is statutorily and contractually obligated to obtain DHS/ICE review and approval before

8   producing to the State.

9         I declare under penalty of perjury that the foregoing is true and correct.

10        Executed in New York on July 2, 2018.

11

12                   **NORTON ROSE FULBRIGHT US LLP**

13

                 /s/ *Andrea L. D'Ambra*_____

14                   Andrea L. D'Ambra

                 1301 Avenue of the Americas

15                   New York, NY 10019

                 Telephone: (212) 318-3000

16                   Facsimile: (212) 318-3400

17                   andrea.dambra@nortonrosefulbright.com

18                   **ATTORNEY FOR DEFENDANT**

                 **THE GEO GROUP, INC.**

19

20

21

22

23

24

25

26

27

28