# Exhibit 1



# U. S. Department of Justice

United States Attorney
Western District of Washington

---

*Please reply to:*
KRISTIN B. JOHNSON
Assistant United States Attorney

700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
www.usdoj.gov/usao/waw

Tel:  (206) 553-7970
Fax:  (206) 553-4073

June 28, 2018

La Rond Baker
Office of Attorney General
(Civil Rights Unit)
800 Fifth Avenue
Suite 2000
Seattle, WA 98104

Joan K. Mell
III Branches Law, PLLC
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466

Andrea D'Ambra
Norton Rose Fulbright US, LLP
1301 Avenue of the Americas
New York, New York 10019

   Re: *State of Washington v. The Geo Group*
      WDWA No. 17-5806-RJB

Dear Ms. Baker, Ms. Mell, and Ms. D'Ambra:

  We write to clarify the government's position regarding the scope of U.S. Immigration and Customs Enforcement's ("ICE") review of documents before they are released in the above-referenced case.

  First, ICE only needs to review records that are owned by ICE, or that contain ICE information. Records that are owned or created by contractors, such as GEO, or records that solely contain contractor information, do not need to be reviewed by ICE, except to the extent such records contain ICE information. For example, documents pertaining to (1) when detainee workers generally start and end shift work in the VWP; (2) the numbers of detainee workers

Page 1

whom GEO paid on any given day for work performed in the VWP; (3) the hours detainees have worked in the VWP; and (4) information regarding non-monetary payment of detainees for their labor likely would have been created solely based on GEO information while detainees were housed at GEO's facility, and thus would not seem necessary for ICE to review.

Second, 6 C.F.R. §§ 5.41-5.49 governs releases of information by the Department of Homeland Security ("DHS"), of which ICE is a component, in a legal proceeding where the United States is not a party. *See generally United States ex. Rel. Touhy v. Ragen*, 340 U.S. 462 (1951). These regulations are an absolute condition precedent to obtaining ICE information. *See Boeh v. Gates, et. al.*, 25 F.3d 761 (9th Cir. 1994). The regulations specify procedural steps by which a party in litigation is to request ICE information, whether in the possession of ICE or some third party, and the standards that DHS will apply in assessing the propriety of any releases. The party seeking the information is the one who should submit the necessary request to ICE. ICE intends to apply these regulations as permissively as possible in its document review in the above-referenced case.

Third, several categories of records cannot be disclosed in the above-referenced case, even with the entry of a protective order, because they are prohibited from disclosure by Federal Statute and/or regulation. Such categories of records include, but are not limited to, those protected by: (1) 8 U.S.C. § 1367(a)(2), which prohibits agency disclosure of any information which relates to an alien who is the beneficiary of an application for relief under the Violence Against Women Act, whether such claim is either pending or approved; (2) 8 U.S.C. § 1367, which prohibits disclosure of T Visas, which relate to trafficking victims and of U Visas, which relate to victims of crimes; (3) 8 U.S.C. § 1255a(c)(5), which prohibits disclosure of information relating to Legalization/Seasonal Agricultural Worker claims; and (4) 8 C.F.R. § 208.6, which prohibits the disclosure of information contained in or pertaining to an asylum application, documents related to a credible fear determination, or records related to a reasonable fear determination. ICE has applied the asylum confidentiality provisions to refugee applicants as well. The consequences for unauthorized disclosure of these categories of records include criminal and civil penalties. Additionally, legal privileges, such as the attorney-client privilege and work product privilege, or other privileges that may apply, such as information that is law enforcement sensitive, may prevent the disclosure of certain information. Thus, because ICE is obligated under both federal statute and regulation to prevent disclosure of these types of information within records owned by ICE or that contain ICE information, ICE must conduct a review of such records prior to any disclosures.

Regarding the procedural implications for ICE reviews, other than the anticipated volume, ICE's document reviews should present no special difficulty in this case. ICE presently is engaged in several substantial, court-ordered productions of documents, in cases in which ICE is a party. However, ICE intends, subject to resource constraints, to allocate resources to the reviews for the above-referenced case as well which will necessitate some reprioritization of

existing caseloads. For all the foregoing reasons, ICE will need to review the records prior to disclosure in order to make any redactions mandated by law and apply any applicable privileges. ICE is willing to work cooperatively with the parties in conducting any necessary review within a reasonable time frame.

Notably, to the extent that the protective order in this case protects against the disclosure of personally identifiable information covered by the Privacy Act, 5 U.S.C. § 552(a), which includes any data that could potentially identify a specific individual, or any information that can be used to distinguish one person from another and can be used for de-anonymizing anonymous data, this would decrease the number of redactions necessary and allow for a faster turnaround for review. The protective order that has been filed in the above-captioned case, however, does not provide for Agency documents that may contain personally identifiable information covered by the Privacy Act to be marked confidential. Revisions to the protective order will be required before disclosures subject to the Privacy Act may be made.

Finally, Ms. Mell and Ms. D'Ambra, on behalf of GEO, have asked ICE to review documents in the TIFF file format on their Relativity platform. ICE will begin with an initial assessment of the complexity and volume of reviews. To this end, we will forward separately the names of ICE employees for whom Relativity access permissions should be initiated. Please grant sufficient privileges so that redactions can be made and searches can be conducted from within the platform. Additionally, please ensure that appropriate tags that correspond to general privileges, as well other exemptions that may be applied, are included in their Relativity platform to ensure efficient and accurate redactions.

Thank you in advance for your cooperation in this matter. Please do not hesitate to reach out to me directly with any questions or concerns. My direct line is 206-553-4576.

Sincerely,

ANNETTE L. HAYES
United States Attorney

KRISTIN B. JOHNSON
Assistant United States Attorney