# Exhibit 3

# NORTON ROSE FULBRIGHT

June 13, 2018

**Via Electronic Mail**

La Rond Baker
Assistant Attorney General
Wing Luke Civil Rights Unit
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York 10019-6022
United States

Direct line +1 212 318 3015
andrea.dambra@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400
nortonrosefulbright.com

Re:   June 12, 2018 Meet and Confer On Discovery Issues in *Washington v. GEO*, Case No. 17-cv-05806-RJB

La Rond:

I write to follow-up on our meet and confer call on Tuesday, June 12, 2018 and your emails from Tuesday night. Specifically, we wanted to address your emails from yesterday evening regarding the protective order and GEO's document production.

We are surprised to find that only several hours after our meet and confer yesterday, during which we resolved each of the outstanding issues remaining in our negotiations over the protective order, you have reneged on this agreement.

Just yesterday after agreeing on the phone to language in 6.2 that would only require a party to move for a protective order 60 days before the end of fact discovery—providing plenty of time for the parties to address any issues—you have now provided us with new proposed language to the protective order that would require GEO to produce documents prior to the deadline for the discovery request or "30 days after entry of this Protective Order" should ICE fail to object to disclosure. This proposed language is unreasonable and burdensome. The Federal Rules do not require such an unreasonable timeframe for production and Courts have recognized that in cases where there are significant volumes of documents to be collected, processed, culled and produced, parties often must provide documents on a rolling basis. *See* Fed. R. Civ. P. 34, Advisory Committee Notes to 2015 Amendments (noting that it may be "necessary" for a party "to make the production in stages"). In accordance with the Federal Rules, GEO has been working diligently to process and review the documents potentially relevant to the claims and defenses in this case, and is currently providing rolling productions to ICE on a 1-2 week basis to get documents to you as quickly as possible. As we stated yesterday, we plan to provide over 5,000 documents to ICE this week.

You are also mistaken in stating that GEO's document production "was due months ago." You provide no legal basis for the assertion that our production is past due when in fact we are still months away from the close of discovery. Throughout these negotiations you have taken the incorrect and untenable position that should ICE not object to disclosure, GEO should produce documents (or file an appropriate motion) "prior to the deadline for the discovery request"— essentially, within thirty days of receiving a request from the State. The State has certainly not produced even the few documents it has provided to date on such a time line.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

73053484.1

La Rond Baker
June 13, 2018
Page 2

NORTON ROSE FULBRIGHT

In your email you also suggest that this is the first time the State has heard that GEO will not be able to produce certain documents prior to ICE approval.  As you know, that is not correct.  GEO is in possession of numerous documents relevant to this litigation that are actually under the control, or contain information that is under the control, of ICE.  GEO is obligated under its contract with ICE to safeguard these documents, and cannot disclose these documents to anyone, including the State, without prior approval from ICE.  From the very beginning of these negotiations, including at the April 30, May 25, and June 12 meet and confers, we have been open and upfront on this and on the fact that ICE would need to review certain documents prior to production.  In light of this issue, on May 31, 2018, we produced over 15,000 pages of documents to the State that were neither confidential nor subject to ICE review in an effort to work cooperatively with you and start the flow of relevant documents as soon as possible.

The State's willful naiveté to this issue falls flat in the face of the language in the current proposed protective order.  Negotiations and redlines of section 6.2 and 6.3 of the protective order were focused on this very issue.  GEO sought a fair compromise that would provide ICE with a reasonable time to object to the disclosure of its documents, and also ensure that the parties would produce a substantial portion of its production within a reasonable time period prior to the close of discovery, while at the same time avoiding repetitive, expensive and ultimately pointless motion practice.  The State cannot now claim it was unaware that GEO planned to "allow ICE to review documents prior to producing them" when we have been transparent about this process from the very beginning.

Your repeated threats to file a motion to compel to obtain these documents are counterproductive and quite frankly surprising given the State's failure to produce any meaningful documents to date and its inability to conform its productions to the format to which it agreed.  These continued threats to move to compel, when GEO has been forthright in its discovery efforts and the contractual obligations it owes to ICE, only serve to undermine the meet and confer process, drive up costs for GEO, and unreasonably pressure GEO to breach its contract with ICE.  Moreover, GEO has never said that it will not produce further documents, only that we must follow a process to do so, and we have affirmatively represented to you that we are willing to extend discovery deadlines so the State is not prejudiced by any delay in ICE's review of the documents.  Thus filing a motion to compel given the above circumstances not only wastes the parties' time and resources but also wastes the Court's time in addressing an issue that is not ripe.  Despite the State's continued and protracted unreasonableness, we remain willing to cooperate and feel that the parties can still reach an agreement with regard to the protective order.

The State's aggressive stance is particularly hypocritical given that its production to date has been woefully deficient.  Thus far, the State has produced to date only 239 documents with 3,534 pages.  We have already produced 504 documents with 15,115 pages.  We have not received a production from you since April 3, 2018, and there are glaring deficiencies in your production thus far—both in substance and in format.  By the end of this week we will be circulating a letter further identifying the deficiencies in your production, but as an initial matter, the State produced documents in an unusable format in its first try on April 3, 2018, and thereafter reproduced those same documents on June 6, 2018, but did not conform the production to the requirements to which the parties agreed in correspondence dated May 2, 2018.

In your email you further requested that we schedule a call to discuss the issue of "GEO's failure to timely produce documents" today or tomorrow.  We strongly contest that GEO has failed to

73053484.1

La Rond Baker
June 13, 2018
Page 3

NORTON ROSE FULBRIGHT

timely produce documents.  As I told you during our call on Tuesday, I am unavailable both Wednesday and Thursday to do a call—but am happy to continue this conversation during our already scheduled meet and confer on Friday.

If you have any questions, please do not hesitate to reach out to me.

Very truly yours,

*Andrea L. D'Ambra*

Andrea L. D'Ambra
 ALD

73053484.1