The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | CIVIL ACTION NO. 3:17-cv-05806-RJB<br><br>STATE OF WASHINGTON'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY DEFENDANT<br><br>ORAL ARGUMENT REQUESTED<br><br>**Noted for Consideration: July 6, 2018** |

## I.   INTRODUCTION

Washington served discovery requests on GEO in January 2018. After months of collaboratively working together to resolve discovery disputes, on June 18, 2018, GEO informed Washington that it had decided it would provide Immigration and Customs Enforcement ("ICE") with approximately 20,000 documents that are responsive to Washington's discovery requests to review before GEO would produce those same documents to Washington. *See* ECF 67 at 1-2; ECF 67-1 at 9. GEO claimed it was obligated to allow ICE to review documents prior to production due to the application of contract provisions, statutes, and *Touhy* regulations. Although GEO now claims that ICE review was always required, it first alerted Washington to the scope of this alleged review requirement more than five months after Washington served its discovery requests, and only after multiple discovery conferences that culminated in

STATE OF WASHINGTON'S REPLY IN
SUPPORT OF ITS MOTION TO COMPEL
PRODUCTION OF DOCUMENTS

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

1   Washington's conclusion that it needed to file a motion to compel to avoid additional delay, ECF
2   67, at 1-2. Only then did GEO announce that it planned to send its first 5,000 documents to ICE
3   for review. *Id.* at 2; ECF 67-1, at 9.

4   Subsequently, on June 28, 2018, ICE transmitted a letter to both GEO and Washington
5   asserting that it had no interest in reviewing "documents that are owned and created by
6   contractors, such as GEO" and identifying categories of documents central to Washington's
7   motion to compel that it need not review.[1] ECF 78 at 5-6. ICE also did not assert an interest in
8   reviewing GEO's financial documents – including the GEO-ICE contract.

9   ICE did assert privilege or protection from disclosure over a narrow universe of
10  immigration, law enforcement, and attorney-client privileged documents.[2] *Id*. at 6. ICE further
11  asserts a need to review documents that are "owned by ICE or contain ICE information," or that
12  contain information protected by certain federal statutes. *Id.* (citing statutes preventing disclosure
13  of applications for asylum, trafficking visas, or protection under the Violence Against Women
14  Act). In order to speed review of those documents that it does need to review, ICE suggested
15  altering the protective order to "protect[] against disclosure of personally identifiable
16  information covered by the Privacy Act, 5 U.S.C. § 552(a)." *Id.* at 7.

17  In spite of ICE's clarification that it does not need to review the primary categories of
18  documents sought through Washington's Motion to Compel, GEO persists in arguing that it "is
19  not allowed to 'produce *any* document or *any* materials acquired as part of the performance of
20  [its] duties . . . unless authorized to do so by the Office of the General Counsel." ECF 79 at 4
21  (emphases added). Again, GEO not only seeks to claim the *Touhy* protections that the law affords

---

[1] Washington addressed the substance of that letter, as it pertains to this discovery dispute, in its Response to Defendant GEO's Motion for Protective Order. ECF 81. To avoid redundancy, Washington incorporates that Response, and the Declaration of La Rond Baker Filed in Support of Washington's Response to Defendant GEO's Motion for Protective Order, ECF 82, in full and by reference herein.

[2] It is unclear how GEO – a third party who is not represented by the Department of Justice – would be in possession of documents that ICE could claim are attorney-client protected material. This may be nothing more than placeholder language to avoid waiving a privilege, but it highlights the need for a log to identify documents withheld or redacted following ICE's review.

STATE OF WASHINGTON'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

federal agencies, but claims that those protections are far broader than the federal agency is willing to support. This Court should reject GEO's attempt to delay discovery indefinitely by characterizing all documents related to the Voluntary Work Program as requiring ICE review.

## II.     ARGUMENT

### A.     Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). A party seeking to avoid discovery obligations "carr[ies] a heavy burden" of showing why the discovery requests should be denied. *Blakenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

### B.     This Court Should Order GEO to Immediately Produce Documents that ICE Confirms It Need Not Review

Washington served its First RFPs on January 5, 2018. GEO responded to these requests on February 5, 2018. Baker Decl. at F. GEO *still* refuses to produce any of its 20,000 responsive documents, and claims that such a production would be contrary to its contractual, statutory, and regulatory obligations. GEO's Response to Washington's Motion to Compel, ECF 79 at 4-5. Yet, GEO admits Washington is not seeking particularized information, and that some documents "exist that have non-specific information about detainees, detainee work, or the voluntary work program, many of which were already produced to you in our first production," but that there are others that clearly have not been produced. ECF 79 at 9. The Court should order that they be produced immediately.

The requested relief is consistent with ICE's position. ICE has confirmed that it has no need to review records that are owned or created by contractors, such as GEO, including "documents showing (1) when detainee workers generally start and end shift work in the [Voluntary Work Program ("VWP")]; (2) the numbers of detainee workers who GEO paid on any given day for work performed in the VWP; (3) the hours detainees have worked in the VWP; and (4) information regarding non-monetary payment of detainees for their labor." ECF 90-1 at

STATE OF WASHINGTON'S REPLY IN
SUPPORT OF ITS MOTION TO COMPEL
PRODUCTION OF DOCUMENTS

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

2-3 (describing these categories using language identical to the categories listed in Washington's Motion to Compel, ECF 66 at 6). GEO lacks good cause to withhold these responsive documents, because their production is not barred by any of the contract provisions, statutes, or directives that GEO cites. *See* ECF 81 at 7-9.

*First*, neither ICE's letter nor case law requires ICE to review GEO's own documents prior to producing them in discovery. *See* ECF 78 at 6. And none of the cases GEO cites for this proposition support their claim. Instead, these cases stand for the proposition that there may be instances where government agencies need to review documents that they have provided to third-parties prior to their disclosure. *See Bay Bank v. f/v ORDER OF MAGNITUDE*, No. C05-5740-RBL, 2007 WL 7373444, at *1 (W.D. Wash. Mar. 7, 2007) (assessing whether a motion to compel was appropriate for "reports prepared by … the FDIC"); *Am. Sav. Bank v. Painewebber Inc.*, 210 F.R.D. 721, 722 (D. Haw. 2001) (noting that under a regulatory scheme that has explicit provisions for release of documents in civil litigation courts still have the authority to order documents produced in discovery). Indeed, courts in assessing motions to compel documents that federal agencies – or their private contractors – claim to be barred from disclosure generally reject the idea that "the Rules of Civil Procedure governing discovery in federal courts can be abrogated by agency regulations." *Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 111 (D. Colo. 1992) (citing cases). *See also United States v. Reynolds*, 345 U.S. 1, 9-10 (1953) ("Judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers.")

*Second*, Washington's discovery requests do not seek to make public information about individual detainees or their immigration status. As such, 8 C.F.R. § 236.6 does not bar GEO from providing Washington responsive documents. Indeed, Washington seeks to protect the *public* disclosure of the name of or other individually identifying information of detainees in this matter, and has agreed to a protective order to that effect. *See* ECF 70; ECF 82 at 2. Washington's requests are targeted to GEO's information about the VWP, the profits GEO has accrued from

STATE OF WASHINGTON'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

its VWP labor practices, aggregate information about the VWP and GEO's VWP practices, and the types of work detainee workers perform in the VWP. *See* ECF 64-1; ECF 82. Further, inasmuch as responsive documents may have information that is protected by 8 C.F.R. § 236.6, the parties can do as ICE suggested and modify the protective order to ensure that such information is treated as confidential. *See* ECF 78 at 7; ECF 82 at 1-1-2.

*Third*, there is no evidence that any responsive documents – especially not the GEO-ICE contract – are "sensitive but unclassified information" designated "For Official Use Only" requiring GEO to "cooperate with DHS/ICE to ensure that 'no public disclosures regarding this contract [are] made by [GEO …] without review and approval of such disclosure.'" ECF 64-2 at 2; ECF 63 at 7 (citing ECF 19 at 85). GEO has not claimed that any particular documents or types of documents fall into this category, and ICE has not claimed that the contract requires its review. Further, GEO has not identified a single document or any detail as to how the responsive documents fall into any of these purported categories of sensitive documents that cannot be released. The only evidence that GEO has provided to support its assertions that responsive documents contain information that could trigger any one of these protections are declarations of its attorneys that lack any specific detail describing documents or information it is withholding. No good cause exists for a protective order based on "sensitive but unclassified information."

*Fourth*, GEO is not prohibited from producing responsive documents due to *Touhy*. GEO is free to produce its own records without prior review and approval. ECF 78 at 5-6. None of this is new to GEO as it was recently ordered to produce responsive documents after making arguments similar to the ones it makes now. *See Menocal v. The GEO Group, Inc.*, No. 14-cv-02887-JLK, 2017 WL 4334000 (Jun. 6, 2017) (noting that if ICE "maintains that GEO must comply with its *Touhy* regulations, GEO *itself* may endeavor to do so. GEO is the one who elected to contract with a government agency, and it, and not Plaintiffs, should shoulder any resulting inconvenience").

STATE OF WASHINGTON'S REPLY IN
SUPPORT OF ITS MOTION TO COMPEL
PRODUCTION OF DOCUMENTS

5

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

C.  **This Court Should Order GEO to Produce an Unredacted Version of GEO-ICE Contracts and Bids**

In its discovery responses and prior briefing, GEO repeatedly objected to producing unredacted contracts and bids for the ICE-GEO contract for NWDC on the basis that disclosure would expose alleged "trade secrets." *See, e.g.*, ECF 67 at 28-35 (Response to RFP No. 8); ECF 24; ECF 25; ECF 26. Yet, financial information in contracts for detention services – even contracts with ICE for immigration detention – are public documents disclosable under the Freedom of Information Act. GEO cannot credibly argue its contracts should be withheld under any of the scattershot contract provisions, statutes, and directives GEO claims bar disclosure. *See Det. Watch Network v. U.S. Immigration & Customs Enf't*, 215 F. Supp. 3d 256, 265 (S.D.N.Y. 2016).  GEO provides no contrary authority.

### III.   CONCLUSION

For the foregoing reasons, Washington respectfully requests that the Court enter an order directing:

- GEO to produce all NWDC contracts and bids, fully and without redactions, under the terms of the protective order entered in this case, within one week of the Court's order;
- GEO to produce all documents that do not include particularized information about detainees to Washington within one week of the date of the Court's order;
- GEO to produce all documents ICE explicitly indicated do not require ICE review to Washington within one week of the date of the Court's order;
- GEO to produce a log of all remaining documents it claims that ICE needs to review prior to Washington receiving such documents within two weeks of the Court's order;[3]
- GEO to produce all documents ICE asserts it is required to review within thirty days of the date of the Court's order, concurrently with a log of any redactions or withholdings; and
- Modify the Protective Order, ECF 70, to include the following as "confidential material":

> Detainees' identity and detainees' personally identifiable information covered by the Privacy Act, 5 U.S.C. § 552(a). A party seeking to use such information shall be required to refer to individuals who are or were detained at the NWDC by their initials only.

---

[3] The log is necessary as Washington's requests are all limited to the functioning of the Voluntary Work Program ("VWP") and GEO has yet to explain – either in its briefing or in the discovery conferences – how documents responsive to Washington's requests could contain any information that could be related to sensitive immigration information or be law enforcement sensitive.

STATE OF WASHINGTON'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS

6

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

Dated this 6th day of July, 2018

Respectfully submitted,

BOB FERGUSON
Attorney General of Washington

s/ *La Rond Baker*
LA ROND BAKER, WSBA No. 43610
MARSHA CHIEN, WSBA No. 47020
ANDREA BRENNEKE, WSBA No. 22027
Assistant Attorneys General
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
larondb@atg.wa.gov
marshac@atg.wa.gov
andreab3@atg.wa.gov

STATE OF WASHINGTON'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS

7

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the United States District Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: July 6, 2018

      *s/ La Rond Baker*
      LA ROND BAKER

STATE OF WASHINGTON'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS

8

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492