The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                    Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>                    Defendant. | NO. 3:17-cv-05806-RJB<br><br>**GEO'S REPLY IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER**<br><br>ORAL ARGUMENT REQUESTED |

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S REPLY IN SUPPORT OF GEO GROUP'S MOTION FOR A PROTECTIVE ORDER

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

The GEO Group, Inc. ("GEO") files this reply to the Response filed by the State of Washington ("the State") ("Pl. Resp."), Dkt. 81, to GEO's Motion for a Protective Order ("Def. Mot."), Dkt. 63.

**INTRODUCTION**

Contrary to the State's arguments, GEO has sought a protective order not to "indefinitely postpone the production of documents," Pl. Resp., Dkt. 81, at 1, but instead to comply with its contractual, statutory, and regulatory obligations that require the Department of Homeland Security ("DHS") Bureau of Immigration and Customs Enforcement ("ICE") to review documents prior to producing them to the State. From the beginning GEO has been forthright and transparent about its obligations to ICE as well as its lack of control over ICE's review process. Despite GEO's earnest efforts to avoid motion practice on this issue, the State refused to believe GEO's counsel when they detailed the restrictions on GEO's ability to produce certain key categories of documents without clearance from ICE, nor did it do any investigation into GEO's claims.

Instead, after ignoring GEO's counsels' explanation of the bases for this review obligation, and failing to do any independent investigation, the State filed its Motion to Compel. Now, after forcing GEO to expend significant resources filing this motion for a protective order and answering the State's Motion to Compel, the State concedes that this review is legitimate, while paradoxically arguing that GEO has failed to meet its burden to show good cause for the review. GEO has articulated the harm it will suffer as a result of inappropriately disclosing ICE information, a position ICE affirmed in a recent letter. D'Ambra Decl., Dkt. 80, at ¶ 3, Ex. 1 at 2. In its Response the State claims that GEO has been over inclusive in the documents requiring ICE review and details certain categories of documents that could be produced. Ironically, GEO in its May 31 production provided most of the documents about which the State complains. The rest require ICE review. The State also argues that modifying the Stipulated Protective Order would offer GEO and third parties *some protection* from harm, but the State misreads the Privacy Act. Amending the Stipulated Protective Order would not permit the production of detainee files as the State claims.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S REPLY IN SUPPORT OF GEO
GROUP'S MOTION FOR A PROTECTIVE ORDER

- 1 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

Moreover, such an amendment would not eliminate the need for this protective order to permit ICE to conduct its review in light of the State's Motion to Compel and GEO's discovery obligations.

## ARGUMENT

### I. The State Failed to Do Its Requisite Due Diligence

Before filing its motion to compel, and forcing GEO to seek this Protective Order, the State made no effort to confirm what GEO's counsel said about its obligations for ICE review. Moreover, on June 13, 2018, more than a week before the State filed its motion to compel, State's counsel Ms. Baker spoke with Assistant United States Attorney Kristin Johnson, ICE's legal representative at the Department of Justice. During this call Ms. Baker apparently made no attempt to inquire into the validity of GEO's claims that ICE must review certain documents in GEO's possession prior to review. Declaration of Andrea L. D'Ambra in Support of GEO's Reply in Support of Its Motion for a Protective Order ("D'Ambra Reply Decl.") at ¶ 5-6, Ex. 2 at 1 (Email from La Rond Baker to Kristin Johnson, dated June 13, 2018). In addition, apparently the State did not review the documents GEO produced prior to forcing GEO to file this motion, because many of the documents the State argues could be produced without ICE review actually were produced on May 31, 2018. D'Ambra Reply Decl., at ¶ 3, Ex. 1 (Summary of GEO's Production).

### II. The State Concedes ICE Review Is Necessary and Legitimate

In its opening motion, GEO asked this Court for a protective order simply to allow ICE time to review documents and identify for GEO any portions for redaction. Def. Mot., Dkt. 63 at 1. The State has since *repeatedly* acknowledged that ICE review of documents is not only *legitimate*, but *necessary*. See Pl. Resp., Dkt. 81 at 10; Dkt. 77 at 4, lines 21-22 (Reply to GEO's Response to the State's Motion for Relief).[1]

---

[1] While the State notes, in a footnote, that it "reserves the right to challenge any documents or information withheld by ICE from Washington," this does nothing to undermine the necessity of an ICE review. Pl. Resp. Dkt. 81, at 9 n.1. If the State challenges a decision made by ICE at a later time, that would be a dispute between the State and ICE, not GEO. *Bay Bank v. f/v ORDER OF MAGNITUDE*, No. C05- 5740-RBL, 2007 WL 737344, at *1 (W.D. Wash. Mar. 7, 2007) ("If the agency refuses to produce the information after completion of this process, the litigant may move to compel production by the *agency*.").

STATE OF WASHINGTON v. GEO GROUP  
ECF CASE NO. 3:17-CV-05806-RJB  
GEO GROUP'S REPLY IN SUPPORT OF GEO  
GROUP'S MOTION FOR A PROTECTIVE ORDER

- 2 -

NORTON ROSE FULBRIGHT US LLP  
Andrea L. D'Ambra  
1301 Avenue of the Americas  
New York, NY 10019  
Telephone: (212) 318-3000

## III. GEO Provided Ample Support for Good Cause for a Protective Order, While the State Ignores Crucial Arguments

In its Response, the State is trying to have its cake and eat it too – it argues both that GEO has not shown good cause *and* is overstretching by providing this Court with numerous bases for the protective order. GEO and the State agree that a party seeking a protective order must present specific facts, rather than "[c]onclusory or speculative statements about the need for a protective order." *See, e.g.*, *Sims v. Lakeside Sch.*, No. C06-1412RSM, 2007 WL 4219347, at *1 (W.D. Wash. 2007). GEO has more than met the standard articulated in *Sims* and other case law the State cites. The *Sims* court, for example, *denied* a protective order with respect to the disclosure of "non-party employee information" because the movant could do no better than claiming that the release of information "could be very embarrassing for individuals." [2] *Id.* at 2.

To the contrary, GEO has argued and provided ample legal support of its statutory, regulatory, and contractual obligations compelling ICE review of documents. *See* Def. Mot., Dkt. 63 at 6-8 (citing, *inter alia*, 8 C.F.R. § 236.6; 6 C.F.R. § 5.41; DHS Management Directive 11042.1); D'Ambra Reply Decl. at ¶ 4. In response, the State attempts to redefine its initial discovery requests to get around GEO's obligations. For example, the State urges now that its requests do not "seek information about individual detainees or their immigration status." Pl. Resp., Dkt. 81, at 8. However, the State requested GEO produce "all documents that are referenced in, support, or that form the basis of" GEO's description of how "detainee[s] are assigned tasks in the Voluntary Work Program . . ." Mell Decl., Dkt. 64, at ¶ 2, Ex. 1 at 6. With the exception of generalized policy documents (which GEO has produced), few documents addressing which detainees are assigned VWP-related tasks would *not* contain individual detainee information.

The State also fails to address the concern that its ability to control the release of confidential or sensitive information is hamstrung by the Washington Public Records Act, Wash. Rev. Code

---

[2] The State includes just a single case in its Response addressing detention facilities, while the rest of its case law concerns unrelated matters. *See, e.g.*, *Cabell v. Zorro Prods., Inc.*, 294 F.R.D. 604, 609 (W.D. Wash. 2013) (granting protective order concerning contracts, agreements, and sales data of music production company); *Avocent Redmond Corp. v. Rose Elecs., Inc.*, 242 F.R.D. 574, 579 (W.D. Wash. 2007) (protective order sought precluding counsel from involvement in patent prosecution for specific technology).

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S REPLY IN SUPPORT OF GEO GROUP'S MOTION FOR A PROTECTIVE ORDER

- 3 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

Ann. § 42.56, et seq., which the State acknowledged and sought a carve-out for in the Stipulated Protective Order. *See* Dkt. 70, at 11. This means there is a very real risk that confidential documents produced to the State may one day become the target of a public records request.

**IV.     GEO Acted in Good Faith to Identify Documents Subject to the Proposed Protective Order**

As the State has conceded that ICE review is proper and GEO has shown good cause for a protective order allowing for ICE review, the question that remains is one of scope. Contrary to the State's assertion that GEO seeks an "overbroad" protective order, GEO has sought ICE review only for documents that GEO and ICE believe in good faith require such review. GEO has worked to identify documents responsive to the State's first discovery requests[3] and followed the terms of the GEO-ICE contract and applicable law to select those documents that should be sent to ICE. The State complains about the total number of documents that GEO has flagged during this review – namely a statement by GEO's counsel that GEO "plan[ned] to provide over 5,000 documents to ICE" during the week of June 11, 2018. Baker Decl., Dkt. 67, at ¶ 5, Ex. C at 9. The State's focus on this number is misplaced. The total document volume that GEO has been obligated to review in this case is substantial, which is due to the State's wide-ranging discovery requests and the reality that GEO is a corporate defendant that generates a large number of documents. *See* D'Ambra Decl, Dkt. 65, at ¶ 5.

Contrary to what the State has argued or implied, GEO has not sent all of its documents for ICE to review in order to somehow shield GEO from its discovery obligations in this case. GEO has made multiple productions to the State without ICE review, including its most recent production of 513 documents totaling 4,173 pages on July 6, 2018, and anticipates it will continue to produce documents, where possible, without ICE review. D'Ambra Reply Decl., at ¶ 7. When the State confronted GEO about the documents it selected for ICE review, GEO provided specific written

---

[3] GEO's Motion for a Protective Order and the State's Motion to Compel concern only the State's first set of discovery requests. However, GEO is working diligently to respond to the State's second sets of discovery requests served on June 12, 2018, and is still evaluating whether responsive documents contain ICE information.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S REPLY IN SUPPORT OF GEO
GROUP'S MOTION FOR A PROTECTIVE ORDER

- 4 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

and oral responses. *See, e.g.*, Baker Decl., Dkt. 67-1 at 9-11, Ex. C (Letter Re: June 12, 2018 Meet and Confer); *id.* at 18-21, Ex. E (Letter Re: June 15, 2018 Meet and Confer). The State complains that GEO has "failed to explain" why it has designated specific types of documents for ICE review. The State also complains that GEO is withholding "unredacted GEO-ICE contracts and GEO's bids for detention services provided at NWDC." The GEO-ICE contracts and bids contain ICE specific information about ICE requirements that must be cleared prior to production. D'Ambra Decl, Dkt. 80, at ¶ 3, Ex. 1 at 2. GEO has produced "GEO's policies regarding the VWP at the NWDC." GEO has informed the State that documents "showing how many hours detainee-workers have worked in the VWP at NWDC" do not exist, as GEO does not keep track of detainee hours. GEO has produced copies of the detainee handbook and policy documents "showing the process by which detainee workers are paid for participating in the VWP," however, some responsive documents are being withheld for ICE review as they contain detainee personally identifiable information ("PII"). GEO has produced "[d]ocuments and communications related to the VWP and ICE's Performance Based National Standard 5.8" but is withholding communications with ICE pursuant to ICE review. GEO has produced documents "regarding the process by which detainee workers are paid for participating in, and terminated from, the VWP." GEO has produced documents "regarding how detainee workers are reviewed." D'Ambra Reply Decl., at ¶ 3, Ex. 1 (Summary of GEO's Production). GEO recently produced confidential documents that could not have been produced prior to the parties' protective order – entered on June 26, 2018. GEO is producing GEO's own documents to the extent they do not contain ICE information; but the majority of GEO's documents responsive to the State's requests contain ICE information or detainee PII such as names and alien numbers.

GEO's approach outlined above is aligned with guidance recently received from ICE. In a letter to both parties on June 28, 2018, Ms. Johnson affirmed that ICE will "need to review the records prior to disclosure" which include: 1) "records owned by ICE," 2) records that "contain ICE information," 3) "law enforcement sensitive" or official information documents, 4) documents

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S REPLY IN SUPPORT OF GEO
GROUP'S MOTION FOR A PROTECTIVE ORDER

- 5 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

covered by ICE "attorney client privilege and work product privilege," and, 5) information regarding vulnerable persons, including Violence Against Women Act (VAWA) applicants, refugees and asylees, Seasonal Agricultural Workers claims, T visas, and U visas. D'Ambra Decl., Dkt. 80, at ¶ 3, Ex. 1 at 2. Given the potential harm GEO and non-parties face based on inappropriately releasing the information, GEO is justified in seeking a protective order over documents subject to ICE review.

## V. Protections Afforded By Law and an Amended Stipulated Protective Order Do Not Obviate the Need for a Protective Order

In addition to asking this Court to regularly monitor the ICE review process "for compliance and efficiency"[4] the State proposes a revision to the stipulated Protective Order, Dkt. 70, to incorporate protections for PII pursuant to the Privacy Act. Pl. Resp., Dkt. 81, at 10-11. According to the State, following this modification, GEO would be able to produce documents that have detainee PII, eliminating much of the need for ICE review. A review of the Privacy Act, however, reveals that it is inapplicable to detainees, as the Act prevents government agencies from releasing information of "individuals," a term defined as "a citizen of the United States or an alien lawfully admitted for permanent residence." *See* 5 U.S.C.A. § 552a(a)(2). So although GEO is willing to stipulate to an amended protective order that would encompass the information of those persons protected by the Privacy Act, this would not address the protection of detainee information or other categories of documents requiring ICE review – all of which are restricted on other grounds. *See* 8 C.F.R. § 236.6; 6 C.F.R. § 5.41; DHS Management Directive 11042.1.

## CONCLUSION

For the above reasons, GEO respectfully requests the Court issue a protective order to permit ICE to conduct its review and that GEO not be required to produce any documents restricted by ICE from disclosure.

---

[4] The State does not address in its Response what such oversight would entail, or what burdens it would impose on this Court.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S REPLY IN SUPPORT OF GEO
GROUP'S MOTION FOR A PROTECTIVE ORDER

- 6 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

Dated: July 6, 2018

**NORTON ROSE FULBRIGHT US LLP**

/s/ *Andrea L. D'Ambra*
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000
Facsimile: (212) 318-3400
andrea.dambra@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
Charles A. Deacon
300 Convent St.
San Antonio, Texas 78205
Telephone: (210) 270-7133
Facsimile: (210) 270-7205
charlie.deacon@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th Street NW, Suite 1000
Washington, DC 20001-4501
Telephone: (202) 662-0210
Facsimile: (202) 662-4643
mark.emery@nortonrosefulbright.com

**III BRANCHES LAW PLLC**
Joan K. Mell, WSBA #21319
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 (P)
281-664-4643 (F)
joan@3brancheslaw.com

**ATTORNEYS FOR DEFENDANT
THE GEO GROUP, INC.**

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S REPLY IN SUPPORT OF GEO
GROUP'S MOTION FOR A PROTECTIVE ORDER

- 7 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

# CERTIFICATE OF SERVICE

I, Susana Medeiros, hereby certify as follows:

I am over the age of 18, a resident of New York County, and not a party to the above action. On July 6, 2018, I electronically served the above Reply in Support of Motion for a Protective Order via Email to the following:

| | |
|---|---|
| Office of the Attorney General<br>La Rond Baker, WSBA No. 43610<br>Andrea Brenneke, WSBA No. 22027<br>Marsha Chien, WSBA No. 47020<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104<br>LaRondB@atg.wa.gov<br>Andreab3@atg.wa.gov<br>MarshaC@atg.wa.gov | III Branches Law, PLLC<br>Joan K. Mell, WSBA #21319<br>1019 Regents Blvd. Ste. 204<br>Fircrest, WA 98466<br>253-566-2510 (P)<br>281-664-4643 (F)<br>joan@3brancheslaw.com |
| Norton Rose Fulbright US LLP<br>Charles A. Deacon (Pro Hac Vice)<br>300 Convent St.<br>San Antonio, TX 78205<br>(210)-270-7133<br>charlie.deacon@nortonrosefulbright.com | Norton Rose Fulbright US LLP<br>Mark Emery (Pro Hac Vice)<br>799 9th St. NW, Suite 1000<br>Washington, DC 20001-4501<br>(202)-662-0210<br>mark.emery@nortonrosefulbright.com |

I certify under penalty of perjury under the laws of the State of Washington that the above information is true and correct.

DATED this 6th day of July, 2018 at New York, New York.

_____
Susana Medeiros

STATE OF WASHINGTON v. GEO GROUP
EOF CASE NO. 3:17-CV-05806-RJB
DEFENDANT THE GEO GROUP, INC.'S MOTION
FOR A PROTECTIVE ORDER

- 8 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000
andrea.dambra@nortonrosefulbright.com