UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON, | CASE NO. 3:17-cv-05806-RJB |
| Plaintiff, | ORDER ON (1) DEFENDANT THE GEO GROUP, INC.'S MOTION FOR PROTECTIVE ORDER, (2) PLAINTIFF THE STATE OF WASHINGTON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY DEFENDANT, AND (3) PLAINTIFF THE STATE OF WASHINGTON'S MOTION FOR RELIEF FROM DEADLINE |
| v. | |
| THE GEO GROUP, INC., | |
| Defendant. | |

BEFORE THE COURT are three pending matters, Defendant The GEO Group, Inc.'s Motion for Protective Order (Dkt. 63), Plaintiff the State of Washington's Motion to Compel Production of Documents by Defendant (Dkt. 66) and Motion for Relief from Deadline (Dkt. 68). The first two motions center on the same discovery dispute, and are effectively cross-motions that should be considered together. The request for relief from a deadline seeks additional time because of delays from the same underlying discovery dispute. *See* Dkt. 68. The parties have requested oral argument, which the Court deems unnecessary.

## A. THE STATE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY DEFENDANT

The State requests to compel discovery as follows:

- GEO to produce all NWDC contracts and bids, fully and without redactions, under the terms of the protective order entered in this case, within one week of the Court's order;

- GEO to produce all documents that do not include particularized information about detainees to Washington within one week of the date of the Court's order;

- GEO to produce all documents ICE explicitly indicated do not require ICE review to Washington within one week of the date of the Court's order;

- GEO to produce a log of all remaining documents it claims that ICE needs to review prior to Washington receiving such documents within two weeks of the Court's order;

- GEO to produce all documents ICE asserts it is required to review within thirty days of the date of the Court's order, concurrently with a log of any redactions or withholdings; and

- Modify the Protective Order, ECF 70, to include the following as "confidential material":
  Detainees' identity and detainees' personally identifiable information covered by the Privacy Act, 5 U.S.C. § 552(a) [*sic*]. A party seeking to use such information shall be required to refer to individuals who are or were detained at the NWDC by their initials only.

Dkt. 83 at 6.

Parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Where the discovery requested falls within Rule 26(b)(1), a party may move to compel discovery if it also has conferred with the opposing party in good faith. *See* Fed. R. Civ. P. 37(a)(1). The moving party bears the burden of demonstrating that the discovery it seeks is relevant and that the responding party's objections lack merit. *See Bluestone Innovations LLC v. LG Elecs., Inc.*, No. C-13-01770-SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). The party must therefore "inform the Court which discovery requests are the subject of the motion to compel,

ORDER ON (1) DEFENDANT THE GEO GROUP, INC.'S MOTION FOR PROTECTIVE ORDER, (2) PLAINTIFF THE STATE OF WASHINGTON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY DEFENDANT, AND (3) PLAINTIFF THE STATE OF WASHINGTON'S MOTION FOR RELIEF FROM DEADLINE - 2

1    and, for each disputed response, why the information sought is relevant and why the responding

2    party's objections are not meritorious." *Adams v. Yates*, No. 1:10-cv-0671-AWI-MJS, 2013 WL

3    5924983, at *1 (E.D. Cal. Nov. 1, 2013).

4             In this case, the relevance and proportionality of the discovery requested are not at issue,

5    nor do the parties dispute that meet and confer requirements are satisfied. The core issue is

6    whether GEO should be compelled to produce discovery that it has submitted for review by ICE,

7    and/or whether other obligations preclude its production.

8             Before analyzing GEO's obligations, as a starting point, importantly, ICE has weighed in

9    on the scope of discovery it needs to review under its contract with GEO. In a June 28, 2018

10   letter to both parties, AUSA Kristin Johnson, attorney for ICE, wrote to the parties "to clarify the

11   government's position regarding the scope of [ICE] review of documents before they are

12   released[.]" Dkt. 78 at 5. The letter sets out three observations about the scope of ICE review:

13           First, ICE only needs to review records that are owned by ICE, or that contain ICE
             information. Records that are owned or created by contractors, such as GEO, or records
14           that solely contain contractor information, do not need to be reviewed by ICE, except to
             the extent such records contain ICE information. For example, documents pertaining to
15           (1) when detainee workers generally start and end shift work in the VWP [Volunteer
             Work Program]; (2) the numbers of detainee workers whom GEO paid on any given day
16           for work performed in the VWP; (3) the hours detainees have worked in the VWP; and
             (4) information regarding non-monetary payment of detainees[.] . .
17
18           Second, 6 C.F.R. § 5.41-5.49 governs releases of information by the Department of
             Homeland Security ("DHS"), of which ICE is a component, in a legal proceeding where
19           the United States is not a party. *See generally United States ex Rel. Touhy v. Ragen*, 340
             U.S. 462 (1951). These regulations are an absolute condition precedent to obtaining ICE
20           information . . . ICE intends to apply these regulations as permissively as possible in its
             document review in the above-referenced case.

21           Third, several categories of records cannot be disclosed in the above-referenced case,
             even with the entry of a protective order, because they prohibited from disclosure by
22           Federal Statute and/or regulation. Such categories include, but are not limited to, those
             protected by: (1) 8 U.S.C. § 1367(a)(2) . . . the Violence Against Women Act . . . (2) 8
23           U.S.C. § 1367, which prohibits disclosure of T Visas, which relate to trafficking victims
             and of U Visas, which relate to victims of crimes; (3) 8 U.S.C. § 1255(a)(c)(5), which

24   ORDER ON (1) DEFENDANT THE GEO GROUP, INC.'S MOTION FOR PROTECTIVE ORDER, (2)
     PLAINTIFF THE STATE OF WASHINGTON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY
     DEFENDANT, AND (3) PLAINTIFF THE STATE OF WASHINGTON'S MOTION FOR RELIEF FROM
     DEADLINE - 3

1    prohibits disclosure of information relating to Legalization/Seasonal Agricultural Worker
2    claims; and (4) 8 C.F.R. § 208.6 . . . pertaining to an asylum application . . . credible fear
     determination, or . . . reasonable fear determination. . .

3    *Id*. The letter notes that "to the extent that the protective order in this case protects against the

4    disclosure of personally identifiable information covered by the Privacy Act, 5 U.S.C. § 552(a)

5    [*sic*] . . . this would decrease the number of redactions necessary and allow for a faster

6    turnaround for review." *Id*. at 7. ICE pledges its willingness "to work cooperatively with the

7    parties in conducting any necessary review within a reasonable time frame." *Id*.

8         The June 28, 2018 letter provides a starting point for what GEO should be compelled to

9    produce. In short, GEO should produce all discovery that does not fall within the GEO's asserted

10   scope of review. Because ICE sent its letter to the parties after GEO had already submitted its

11   discovery review request, GEO should resubmit its request so that ICE will review only

12   discovery that falls within ICE's asserted scope of review. (This may also have the added benefit

13   of reducing the amount of discovery for ICE to review.)

14        The June 28, 2018 letter should be construed to preclude GEO from resubmitting

15   discovery for review by ICE solely on the basis that personal identifying information needs to be

16   redacted, e.g., in observation of obligations under the Privacy Act, 5 U.S.C. § 552a, or similar

17   statutes. Instead, GEO should produce discovery with redacted personal identifying information,

18   such as full names, social security numbers, or bank account numbers, leaving only persons'

19   initials. GEO should mark redacted documents as confidential. Also, Section 2 of the Protective

20   Order (Dkt. 70 at 2, 3) should be modified to add the following paragraph as ¶13:

21        Detainees' identity and personally identifiable information covered by the letter and spirit
22        of the Privacy Act, 5 U.S.C. § 552a. Detainees shall be referred to by their initials only in
          all exchange of discovery.

23

24   ORDER ON (1) DEFENDANT THE GEO GROUP, INC.'S MOTION FOR PROTECTIVE ORDER, (2)
     PLAINTIFF THE STATE OF WASHINGTON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY
     DEFENDANT, AND (3) PLAINTIFF THE STATE OF WASHINGTON'S MOTION FOR RELIEF FROM
     DEADLINE - 4

The June 28, 2018 letter should also be construed to preclude GEO from resubmitting NWDC contracts and bids for review by ICE, subject to the following proviso. GEO should produce the NWDC contracts and bids fully and without redactions. GEO previously made redactions of financial information to the GEO-ICE Contract, which GEO characterized as "trade secrets," but that information, even if protected, belongs to GEO, not ICE. *See* Dkt. 19. Nonetheless, prior to production, ICE should be given a brief opportunity to weigh in as to whether it interprets "contains ICE information" to include NWDC contracts and bids. Absent input from ICE, GEO should produce the discovery.

The Court now turns to the specific regulatory, statutory, and contractual obligations GEO has raised in defense of its position that production should be delayed until after ICE review. In summary, the obligations GEO has cited are either inapplicable or are satisfied by the procedure set out by the Court above in light of the June 28, 2018 letter.

First, GEO points to 8 C.F.R. § 236.6, which governs "Information regarding detainees." By regulation:

> No person . . . that houses . . . or otherwise holds any detainee on behalf of [ICE] . . . shall disclose or <u>otherwise permit to be made public</u> the name of, or other information relating to, such detainee. Such information shall be under the control of [ICE] and shall be subject to public disclosure only pursuant to the provisions of applicable federal laws, regulations, and executive orders. Insofar as any documents . . . contain such information, such documents shall not be public records.

*Id*. (emphasis added). The regulation contemplates public disclosure of detainee personal identifying information, whereas in this case, GEO will produce discovery to the State only after redacting personal identifying information and marking redacted documents as confidential. Confidential documents are not public. *See* Dkt. 70 at 2, 3. Even if the regulation is interpreted to apply more broadly than just to public disclosure requests, the regulation places "[s]uch information . . . under the control of [ICE]," and ICE has allowed for GEO to produce discovery,

ORDER ON (1) DEFENDANT THE GEO GROUP, INC.'S MOTION FOR PROTECTIVE ORDER, (2) PLAINTIFF THE STATE OF WASHINGTON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY DEFENDANT, AND (3) PLAINTIFF THE STATE OF WASHINGTON'S MOTION FOR RELIEF FROM DEADLINE - 5

1   except discovery that falls within the scope of ICE's review. *See* Dkt. 78 at 7. Subject to certain

2   provisos, including redaction of personal identifying information and modifications to the

3   Protective Order, GEO can both satisfy its discovery obligations and the regulation.

4        Next, GEO argues that it status as a government contractor precludes production of

5   discovery. GEO cites to 6 C.F.R. § 5.44(b), which prohibits production of discovery by any

6   "employee, or employee, of the Department . . . unless authorized to do so by the Office of the

7   General Counsel." *Id*.; Dkt. 63 at 6; Dkt. 84 at 4. GEO cites 6 C.F.R. § 5.41, a regulation

8   defining the term "employee" to include: "all employees of the Department of Homeland

9   Security or other federal agencies who are or were appointed by, or subject to the supervision,

10  jurisdiction, or control of the Secretary of Homeland Security[.]" *Id*. (emphasis added).

11  However, the phrase "subject to the supervision" refers to either employees or a subset of federal

12  agencies, and GEO is neither. Section 5.41 is inapplicable to GEO on its face. But assuming that

13  GEO is subject to § 5.44 and must operate at ICE's direction for purposes of litigation, GEO can

14  both comply with the rule and produce discovery. ICE has asserted the scope of its review, which

15  releases GEO to produce discovery that falls outside of that scope. *See* Dkt. 78 at 7.

16       Next, GEO points to terms of the GEO-ICE Contract to support its argument that ICE

17  must review all discovery prior to production. Dkt. 63 at 6; Dkt. 84 at 4. GEO flags a provision

18  that requires GEO to be "responsible for detainee record keeping services . . . and detainee

19  records," and requires "[a]ll records [to] remain the property of the U.S. Government." *Id*., citing

20  Dkt. 19 at 49. GEO also notes a term prohibiting public disclosures of the GEO-ICE Contract

21  "without review and approval[.]" *Id*., citing *id*. at 85. Neither provision can reasonably be

22  interpreted to prohibit GEO from producing discovery when, as here, ICE has authorized GEO to

23  do so, albeit subject to certain restrictions. The GEO-ICE Contract also states that the

24  ORDER ON (1) DEFENDANT THE GEO GROUP, INC.'S MOTION FOR PROTECTIVE ORDER, (2)
PLAINTIFF THE STATE OF WASHINGTON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY
DEFENDANT, AND (3) PLAINTIFF THE STATE OF WASHINGTON'S MOTION FOR RELIEF FROM
DEADLINE - 6

1   Government "may review 100% of the documents . . . at any point during the period of

2   performance," *id*. at 126, but this only gives ICE the authority to review the contract and does

3   not create an obligation or restriction on production.

4           Finally, GEO invokes DHS Management Directive 11042.1 as a limit to its discovery

5   production generally, and in particular, for producing NWDC contracts and bids. Dkt. 63 at 7;

6   Dkt. 84 at 4. The agency policy sets out procedures for designating and handling documents as

7   For Official Use Only ("FOUO"). Dkt. 64-2. The agency policy enumerates documents to be

8   designated as FOUO, also giving agency "[o]fficials occupying supervisory or managerial

9   positions . . . to designate other information, not listed[.]" *Id*. at 6, 7. GEO has not shown that

10  NWDC contracts and bids fall within any of the enumerated FOUO categories or that any have

11  been marked as FOUO, nor is there any showing of such an interpretation by ICE supervisors or

12  managers. GEO also points to a policy term that limits the sharing of FOUO information, *see id*.

13  at 10, but the policy term presupposes that information is designated as FOUO, which GEO has

14  not established. The spirit of the policy directive is that ICE should be involved in deciding what

15  FOUO information should be disclosed. Applied here, GEO may include FOUO information in

16  its resubmission of discovery for review by ICE, but once ICE has reviewed and approved

17  discovery for production, the mere designation of discovery as FOUO should not preclude its

18  production.

19          The State's motion to compel should be granted in part. GEO should resubmit its request

20  for discovery review by ICE consistent with the June 28, 2018 ICE letter, and should produce all

21  discovery not included in the resubmission. Discovery containing personal identifying

22  information should be produced, in redacted form, and GEO's NWDC contracts and bids should

23  be produced without redactions. Defendant should provide ICE a copy of this Order, and if ICE

24  ORDER ON (1) DEFENDANT THE GEO GROUP, INC.'S MOTION FOR PROTECTIVE ORDER, (2)
    PLAINTIFF THE STATE OF WASHINGTON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY
    DEFENDANT, AND (3) PLAINTIFF THE STATE OF WASHINGTON'S MOTION FOR RELIEF FROM
    DEADLINE - 7

construes its June 28, 2018 letter differently, it may explain so in writing. Thirty (30) days for ICE to review GEO's resubmitted discovery appears to be a reasonable amount of time.

The State's motion is otherwise denied without prejudice.

**B. GEO'S MOTION FOR PROTECTIVE ORDER.**

GEO seeks the following protective relief:

1. GEO may not disclose any documents in any form that GEO has submitted to ICE for prior approval by ICE.

2. Should ICE approve any responsive documents . . . including marking such documents for redaction, GEO may produce these to Plaintiff in redacted form, if applicable, within a reasonable period of time after ICE notifies GEO of the content that may be disclosed.

3. Should ICE not approve responsive documents for disclosure in this litigation, Plaintiff shall be required to seek documents and information subject to the DHS regulations directly from DHS.

Dkt. 63-1. *See* Dkt. 63 at 12.

Under Fed. R. Civ. P. 26(c), courts "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" The party seeking protection has the burden to show "specific prejudice or harm" in the absence of a protective order. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *Braun v. Primary Distrib. Doe No. 1 & Does 2–69*, No. 12-3690 YGR, 2012 WL 12895845, at *2 N.D. Cal. Nov. 19, 2012 (stating that the burden is on the party seeking the protective order); *Miller v. York Risk Servs. Grp.*, No. CV-13-01419-PHX-JWS, 2014 WL 11515634, at *2 (D. Ariz. June 20, 2014) (stating that good cause is generally shown when disclosure would lead to "a clearly defined, specific[,] and serious injury"). Protective relief may include, *inter alia*, forbidding the disclosure of discovery. *See* Fed. R. Civ. P. 26(c)(1)(A).

ORDER ON (1) DEFENDANT THE GEO GROUP, INC.'S MOTION FOR PROTECTIVE ORDER, (2) PLAINTIFF THE STATE OF WASHINGTON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY DEFENDANT, AND (3) PLAINTIFF THE STATE OF WASHINGTON'S MOTION FOR RELIEF FROM DEADLINE - 8

According to GEO, good cause exists for a further protective order, because GEO is "trapped" between its conflicting discovery duties and other obligations. Dkt. 63 at 1, 2, 6-8. GEO seeks protection for all documents submitted to ICE for review. *Id*. GEO argues that the failure to grant protective relief will prejudice GEO and present safety concerns to non-parties, such as ICE, ICE employees, and detainees. *Id*. at 9, 10. According to GEO, private interests greatly outweigh the public's interest in immediate disclosure of the discovery, especially where GEO anticipates only a slight delay to production for review by ICE. *Id*. at 10, 11.

The State does not object to review by ICE of a "limited universe of documents . . . that ICE legitimately needs to review before production," but, the State argues, ICE's request for protective relief is overbroad. Dkt. 81 at 5.

As a threshold matter, GEO has met is burden to show good cause for a protective order. ICE has requested the chance to review certain discovery, and GEO has shown that ICE may legitimately lay claim to control over the production of some discovery. Therefore, GEO should not be required to produce all discovery immediately and without review by ICE.

The primary dispute, however, is not whether GEO should be granted protective relief, but rather, the scope of the protective relief. The Court finds that GEO need not produce to the State any discovery that GEO resubmits for review by ICE until production has been approved by ICE. To that extent, GEO's motion should be granted.

Beyond seeking protective relief generally, GEO seeks protective relief for two subsets of discovery: discovery containing personal identifying information and NWDC contracts and bids. As discussed above, GEO should produce discovery containing personal identifying information after its redaction; mere personal identifying information alone is not a sufficient basis to delay production by resubmitting discovery to ICE. However, to the extent that ICE redacts personal

identifying information prior to producing discovery, the motion for protective relief should be granted, because that discovery need not be produced in full, unredacted form. The motion should be denied as to the NWDC contracts and bids, which should be produced in full, unredacted form.

GEO's motion should otherwise be denied without prejudice.

**C. THE STATE'S MOTION FOR RELIEF FROM DEADLINES.**

The State seeks to continue all remaining deadlines. Specifically, the State seeks relief as follows:

- Disclosure of expert testimony: from July 18, 2018 to September 20, 2018

- Discovery motions: from August 27, 2018 to October 25, 2018

- Discovery completed: from September 17, 2018 to November 16, 2018

- Dispositive motions filed: from October 16, 2018 to December 3, 2018

- Motions in limine filed: from December 17, 2018 to January 17, 2019

- Agreed pretrial order filed: from December 28, 2018 to January 28, 2019

- Pretrial Conference: from January 4, 2019 to February 4[1], 2019

- Trial briefs, proposed voir dire, and jury instructions due: from Jan. 4, 2019 to Feb. 4, 2019

- Trial date: from Jan. 14, 2019 to Feb. 18[2], 2019

Dkt. 39; Dkt. 77 at 5.

According to the State, the need for additional time has been caused by GEO's discovery tactics, because GEO insists that documents must first be reviewed by ICE prior to production.

---

[1] Unclear from the briefing is why the State seeks a Pretrial Conference on a Monday, rather than a Friday. This appears to be a calendar oversight, and the Court assumes the intended date was February 8, 2019.

[2] February 18, 2019 is a federal holiday.

ORDER ON (1) DEFENDANT THE GEO GROUP, INC.'S MOTION FOR PROTECTIVE ORDER, (2) PLAINTIFF THE STATE OF WASHINGTON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY DEFENDANT, AND (3) PLAINTIFF THE STATE OF WASHINGTON'S MOTION FOR RELIEF FROM DEADLINE - 10

1    Dkt. 68. Per the State, ICE's "recently asserted legal interest[,]" stated by letter on June 28, 2018,

2    "provides good cause[,]" especially because although ICE is "willing to work cooperatively . . .

3    within a reasonable time frame," the timing of ICE's review is beyond the State's control. Dkt.

4    77 at 4, 5.

5            GEO concurs with the State that relief from deadlines is appropriate, but, according to

6    GEO, all remaining deadlines, including trial, should be continued for three months. Dkt. 72 at

7    10. GEO disagrees with the State's stated basis of the cause for the continuance, maintaining that

8    it has acted in good faith to produce discovery expediently. *Id*. at 1, 2. According to GEO, the

9    need for more time is from "unexpected difficulties" outside of GEO's control and "rooted in

10   ICE's central role" in the case. *Id*. at 6, 7.

11           District courts are accorded broad discretion in managing the flow of litigation. *Little v.*

12   *City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Once a court has issued a scheduling order, it

13   "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

14   Whether a party has shown "good cause" primarily focuses on the diligence of the party seeking

15   the amendment to the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,

16   609 (9th Cir. 1992). Scheduling orders should be modified when scheduling deadlines cannot be

17   met despite a party's diligence or because of the development of matters not reasonably foreseen

18   or anticipated at the time of the scheduling order. *Id*.

19           Good cause has been shown to modify the Scheduling Order. As referenced by the

20   parties, the added layer of consideration of any interest ICE may have in discovery has

21   complicated and delayed discovery. Evident from the record is diligence by both parties in their

22   exchange of discovery. Discovery exchange was ongoing until GEO submitted discovery for

23

24   ORDER ON (1) DEFENDANT THE GEO GROUP, INC.'S MOTION FOR PROTECTIVE ORDER, (2)
     PLAINTIFF THE STATE OF WASHINGTON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY
     DEFENDANT, AND (3) PLAINTIFF THE STATE OF WASHINGTON'S MOTION FOR RELIEF FROM
     DEADLINE - 11

1    review by ICE, after which GEO maintained that it was bound to not produce discovery absent

2    review by ICE, an issue resolved by this Order.

3         Particularly because ICE has not set out a definitive timeline for its review of discovery,

4    having agreed only to do so within a "reasonable time frame," GEO has not made a sufficient

5    showing that three months as an appropriate length to continue all deadlines. The State's

6    proposed dates, including a one month continuance of trial, better fit the showing made. The

7    State's motion should be granted.

8                                           * *

9         As is commonly the case when considering discovery disputes, the Court is at a

10   disadvantage because of its vantage point, neither having reviewed all discovery nor being aware

11   of all of counsels' views regarding its necessity and proportionality. The intervening letter by

12   ICE adds another layer of complexity particular to the case. The undersigned has strived to fairly

13   weigh all arguments, but the rulings herein are to be denied without prejudice, a reflection of the

14   Court's limitations and humility in reaching its findings. The parties are encouraged to work

15   together on discovery issues.

16                                          * * *

17        THEREFORE, it is HEREBY ORDERED:

18        Plaintiff the State of Washington's Motion to Compel Production of Documents by

19   Defendant (Dkt. 66) is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART

20   consistent with the following:

21        1.   By Monday, July 23, 2018, GEO shall revise and resubmit its request for discovery

22             review by ICE. The resubmission shall request review only of discovery that falls

23             within the terms of the June 28, 2018 letter.

24

ORDER ON (1) DEFENDANT THE GEO GROUP, INC.'S MOTION FOR PROTECTIVE ORDER, (2)
PLAINTIFF THE STATE OF WASHINGTON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY
DEFENDANT, AND (3) PLAINTIFF THE STATE OF WASHINGTON'S MOTION FOR RELIEF FROM
DEADLINE - 12

2.  The June 28, 2018 letter shall be construed to preclude GEO from resubmitting discovery for review by ICE solely on the basis that personal identifying information needs to be redacted in observance of the Privacy Act, 5 C.F.R. § 552a, or similar statutes.

3.  The June 28, 2018 letter shall be construed to preclude GEO from resubmitting NWDC contracts and bids for review by ICE. The NWDC contracts and bids shall be produced in full and without redaction, subject to the proviso. *See* p. 5.

4.  All discovery submitted with GEO's first request for review by ICE, but not part of the resubmission, shall be produced by Friday, July 27, 2018.

5.  All discovery produced shall be subject to the terms of the Protective Order.

6.  The Protective Order at § 2 shall be modified to add the following paragraph as ¶13 (Dkt. 70 at p. 3): "Detainees' identity and personally identifiable information covered by the letter and spirit of the Privacy Act, 5 U.S.C. § 552a. Detainees shall be referred to by their initials only in all exchange of discovery."

7.  GEO shall produce all discovery resubmitted for review by ICE, and thereafter approved by ICE for production, by Friday, August 31, 2018. To the extent ICE prohibits GEO from producing discovery, GEO shall produce a discovery log that documents all redactions or withholdings by Friday, September 7, 2018.

Defendant the GEO Group, Inc.'s Motion for Protective Order (Dkt. 63) is GRANTED IN PART. GEO need not produce to the State any documents in any form that GEO resubmits for review by ICE until production has been approved by ICE. The motion is otherwise DENIED WITHOUT PREJUDICE.

1        Plaintiff the State of Washington's Motion for Relief from Deadline (Dkt. 68) is

2  GRANTED. The Scheduling Order deadlines are amended to the following:

3         ▪  Disclosure of expert testimony: September 20, 2018

4         ▪  Discovery motions: October 25, 2018

5         ▪  Discovery completed: November 16, 2018

6         ▪  Dispositive motions filed: December 3, 2018

7         ▪  Motions in limine filed: January 17, 2019

8         ▪  Agreed pretrial order filed: January 28, 2019

9         ▪  Pretrial Conference: February 8, 2019

10        ▪  Trial briefs, proposed voir dire, and jury instructions due: Feb. 8, 2019

11        ▪  Trial date: Feb. 19, 2019

12        The Clerk is also directed to send uncertified copies of this Order to all counsel of record

13  and to any party appearing *pro se* at said party's last known address.

14        Dated this 17th day of July, 2018.

15

16

17                  ROBERT J. BRYAN
                   United States District Judge

18

19

20

21

22

23

24

ORDER ON (1) DEFENDANT THE GEO GROUP, INC.'S MOTION FOR PROTECTIVE ORDER, (2)
PLAINTIFF THE STATE OF WASHINGTON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY
DEFENDANT, AND (3) PLAINTIFF THE STATE OF WASHINGTON'S MOTION FOR RELIEF FROM
DEADLINE - 14