The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON, | NO. 3:17-cv-05806-RJB |
| Plaintiff, | **GEO GROUP'S MOTION FOR RECONSIDERATION** |
| v. | NOTE ON MOTION CALENDAR: JULY 27, 2018 |
| THE **GEO** GROUP, INC., | |
| Defendant. | |

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S MOTION FOR RECONSIDERATION

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

**INTRODUCTION**

In its July 17, 2018 Order, the Court noted that "the Court is at a disadvantage because of its vantage point, neither having reviewed all discovery nor being aware of all of counsels' views regarding its necessity and proportionality.  The intervening letter by ICE adds another layer of complexity particular to the case.  The undersigned has strived to fairly weigh all arguments, but the rulings herein are to be denied without prejudice, a reflection of the Court's limitations and humility in reaching its findings." Dkt. 86 at 12.  The GEO Group, Inc. ("GEO") brings this motion for reconsideration in an effort to advise the Court of additional facts and the practical impact of its Order.  GEO moves this Court, pursuant to the Court's inherent power to control discovery under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 26(c)(1), 26(d)(3), and Local Rules for United States District Court for the Western District of Washington ("L.C.R.") 7(h), to reconsider its Order on Defendant The GEO Group's Motion for a Protective Order, Plaintiff the State of Washington's Motion to Compel Production of Documents By the Defendant, and Plaintiff the State of Washington's Motion for Relief from Deadline, Dkt. 86 ("July 17 Order") in light of the volume of documents GEO previously submitted to ICE, and new information not previously known to the parties about the unique cost and time required to  review and redact almost 29,000 documents in accordance with the July 17 Order requiring documents containing ICE protected information be resubmitted for ICE review and for redactions "leaving only persons' initials."  *Id.* at 4.

The July 17 Court Order requires GEO to produce all documents that require ICE approval by August 31, 2018.  *Id.* at 13.  Given the volumes involved and the time and burden required to comply with ICE's directions and the Court's order, GEO seeks relief from the deadlines imposed and the redaction requirements detailed in the Court's July 17 Order.

**FACTS**

After entry of this Court's Order on July 17, 2018, GEO conducted an initial broad stroke analysis of the over 35,000 documents previously submitted to ICE.  In that analysis, GEO was able to identify a little less than 3,000 documents that clearly required ICE review prior to

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR                      - 1 -
RECONSIDERATION

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

production. GEO also identified 2,316 documents that based on the ICE's subsequent direction and the Court's order, could be produced directly with little or no redaction. Declaration of Joan K. Mell in Support of GEO's Motion for Reconsideration at ¶ 2 ("Mell Decl."). Of the remaining 28,976 documents GEO grouped these into three categories: 1) almost 5,000 documents that are believed to be pod porter sheets (daily sign in sheets that detail the detainee's name, Alien number and job performed as part of the voluntary work program) and detainee pay sheets (listing compensation provided to individual detainee workers each day); 2) over 22,000 Detainee Request Forms (known as Kites) that contain Detainee communications regarding voluntary work program issues, and 3) almost 2,000 other miscellaneous records. Declaration of John Meagher in Support of GEO's Motion for Reconsideration at ¶ 4 ("Meagher Decl."). The Kites and miscellaneous records occasionally contain some ICE protected information (other than detainee names and Alien Numbers) – and must be reviewed to determine whether they should be submitted to ICE.

Following entry of the Court's July 17 Order, GEO promptly increased its review team and began redaction review of the above categories of documents. By Friday, July 20, 2018, GEO's discovery vendor alerted counsel that the redaction process was taking significantly longer than expected, even as compared to redaction of documents in GEO's other litigations. *Id.* at ¶ 3. GEO requested an estimate from its vendor as to the cost of redacting detainee names, leaving only initials, and the estimated cost of redacting detainee names in full. Based on the rate of review from the first few days of the redaction review, GEO's discovery vendor estimated it would cost **_over $1.4 million_** to redact detainee names, leaving only initials. *Id.* at ¶ 5. GEO also assessed the cost of redacting the names in full and determined that it would cost around **_$210,000_**. *Id.* at ¶ 6. GEO further requested an estimated timeframe for review for redaction of names in full or in part. GEO's vendor estimated that redacting detainee names, save initials, would require 25,000 review hours and would require the immediate training and staffing up of hundreds of reviewers or – using the presently engaged team of 19 reviewers – 209 review days. Redacting detainee names in full would require 3,500 review hours, or 29 days, to complete using the present team. *Id.* at ¶ 7.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR                    - 2 -
RECONSIDERATION

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

GEO conferred with counsel for the State of Washington and counsel for the *Nwauzor et. al* class action litigation on the issue of redaction of detainee names. The State expressed a concern that redaction of detainee names in full would prevent the State from being able to count the number of detainees who participated in specific VWP activities at the NWDC. Mell Decl. at ¶ 6. In turn, counsel for *Nwauzor et. al* insisted that save on a case by case basis, they would resist any redaction of detainee names: "we are not going to accept initials or redactions. A protective order for PII would obviously the the [sic] alternative we'd propose." *Id.* at ¶ 10, Ex. 1. ICE has not changed its position that detainee names be redacted, citing only 8 C.F.R. 236.6, a rule declaring PII documents for immigrants are not public records, and the Public Records Act ("PRA"). *Id.* at ¶ 4.

The State has proposed a compromise that documents containing detainee personal information be produced as confidential documents under an amended protective order, with the understanding that any document used in a public forum (attached to a pleading or used in a hearing) would have the detainee name redacted to leave only the detainee's first and last initial. *Id.* at ¶ 7. In this way, the burden for producing these documents is greatly reduced, the detainee information is properly protected from public disclosure, and only a limited subset of truly important documents with detainee names will ever need to be redacted.[1] The State has further stated that it would withhold the records from public disclosure under PRA exception RCW 42.56.290: "Records that are relevant to a controversy to which an agency is a party but which records would not be available to another party under the rules of pretrial discovery for causes pending in the superior courts are exempt from disclosure under this chapter." This would address the concern that such information in unredacted form could be accessed by non-parties through a public records request.

Unfortunately, GEO is not empowered by ICE to accept the above proposal, but given the exorbitant expense of redacting detainee names in part or in full, and the safeguards that would be

---

[1] The detainee name issue is separate from the documents ICE must review and redact to protect its own agency protected information. Detainees are not covered by the Privacy Act, as explained in GEO's prior filing, Dkt. 84 at 6.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR                    - 3 -
RECONSIDERATION

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

provided, GEO does not oppose such a resolution to address the protection of detainee names and alien numbers for this case and the *Nwauzor* litigation.

**STATEMENT OF ISSUES**

Whether this Court should amend its July 17, 2018 order requiring redaction of detainee names excepting initials, and order GEO to produce documents containing only detainee names and alien numbers under an amended Protective Order, in light of the cost and burden of redaction?

Whether additional time is warranted for GEO's review of kites and miscellaneous records (approximately 24,000 documents) so GEO can be sure it is not producing any ICE protected information without ICE review?

**LEGAL AUTHORITY**

"Motions for reconsideration are disfavored," in this District, and "[t]he court will ordinarily deny such motions in the absence of a showing of . . . new facts . . . which could not have been brought to its attention earlier with reasonable diligence."  L.C.R. 7(h).

"[P]arties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."  Fed R. Civ. P. 26, Advisory Committee Notes (2015).  When weighing proportionality, courts may consider: ". . . (5) underline the burden or expense of the proposed discovery outweighs its likely benefit."  *Elkharwily v. Franciscan Health Sys.*, No. 3:15-CV-05579-RJB, 2016 WL 4061575, at *2 (W.D. Wash. July 29, 2016) (quoting Fed. Civ. P. 26(b)(1)) (emphasis supplied).

**I.    Requiring Redaction of Detainee Names In Whole Or In Part Is Unduly Burdensome to GEO**

Requiring redaction of detainee names in whole or in part will cause GEO to expend significant resources, to achieve a result that will likely not be satisfactory to any party.

GEO is currently reviewing nearly 30,000 documents, containing nearly 180,000 pages, for redaction of detainee names.  The majority of these documents are Kites, Detainee Payroll sheets; and Pod Porter Documents.  *See* Meagher Decl. at ¶ 4, Ex. 2, Ex. 3, Ex. 4.  They are also incredibly

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR                    - 4 -
RECONSIDERATION

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

expensive to redact – for example, pod porter documents require three redactions per detainee for first name, last name and alien number, and there are as many as sixteen detainees per page,. *Id.* at ¶ 4, Ex. 2.  Accordingly, the cost of redacting these documents is enormous, and it is estimated that GEO will have to spend $1.4 million to redact these documents, leaving only detainees' initials and alien numbers.  Redacting detainee names and alien numbers in full will incur around an estimated $210,000.  *Id.* at ¶ 5-6.

The Western District of Washington has previously found it "unduly burdensome" to require redaction of personal information from large quantities of business records.  *Fed. Trade Comm'n v. Amazon.com, Inc.*, No. C14-1038-JCC, 2015 WL 11256313, at *2 (W.D. Wash. Nov. 23, 2015).  In the *Amazon* case, Defendant Amazon objected to producing customer call recordings because it would cost up to $3.7 million dollars to redact the personally identifiable information (PII) of customers from the transcripts of over 100,000 customer calls.  The *Amazon* court held that the parties' protective order would sufficiently protect customer PII: "compliance with the entered protective order alleviates any fear of misuse [of customer service calls]."  *Id.* at *2.  As a result, Amazon was permitted to produce unredacted calls, greatly alleviating the financial cost of production.  Here, as in *Amazon*, an amendment to the parties' stipulated protective order would be sufficient to protect detainee names in this litigation.  Should the parties need to file documents containing this information, the document may be filed under seal.  Producing these documents in unredacted form pursuant to the parties' protective order addresses the Plaintiffs need for detailed information while avoiding costly and time-consuming redactions.

## II.    Redaction of Detainee Names In Whole Or In Part Will Prejudice All Parties

Because the documents at issue in this motion have been requested by counsel in both the above litigation and the *Nwauzor et. al* class action litigation, GEO requests that the Court consider this redaction issue in light of the needs of all parties in both cases.  A lack of consistency in the redaction of detainee names would require GEO to possibly seek relief on this issue a second time in the *Nwauzor* case, needlessly creating additional administrative burdens, raising GEO's already

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR                    - 5 -
RECONSIDERATION

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

high discovery costs, and unfairly prejudicing GEO.  Furthermore, both counsel for the State and counsel in the class action have expressed concerns about redaction of detainee names that would likely prejudice their ability to support their claims.

The State has informed GEO that it will only permit redaction of names in full on a document by document basis, as redaction of detainee names in full will prevent it from being able to count the number of detainees[2] who participated in VWP activities and whom ICE paid $1.00 a day.  Mell Decl. at 6.  In turn, counsel for *Nwauzor et. al* indicated that although redaction may be appropriate on a case by case basis, "writ large . . . we are not going to accept initials or redactions. A protective order for PII would obviously the the [sic] alternative we'd propose."  *Id.* at 10, Ex. 1. Furthermore, because ICE takes the position that detainee names are confidential, GEO requires a court order to produce records without the names redacted.  GEO must address this issue now, on reconsideration, because prior to the Court's Order GEO had not obtained approval from ICE to disclose these records in any form.  GEO is clearly caught between this Court's Order, its obligations to ICE, the importance of detainee names to counsel for the State and *Nwauzor et. al*, and the expense of redacting names.  Producing these documents in unredacted form pursuant to an amended protective order is a reasonable solution that is fair to all parties.

### CONCLUSION

FRCP 1 charges the parties and the Court to interpret the Federal Rules to secure the just, speedy and inexpensive resolution of every action or proceeding.  GEO respectfully requests this Court reconsider its prior order, permit GEO to comply with its review obligations for documents previously submitted for ICE, allow GEO to have until August 31, 2018 to produce documents that were previously submitted to ICE, but are determined not to require ICE review, and order GEO to produce documents that contain detainee names and alien numbers in unredacted form under an amended protective order that designates such documents as confidential.

---

[2] Leaving only initials will not adequately allow the State to accurately count detainees as many detainees may share the same initials thereby resulting in over or under counting.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR                - 6 -
RECONSIDERATION

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

1    Dated: July 27, 2018                    **NORTON ROSE FULBRIGHT US LLP**

2

3                                           /s/ *Andrea L. D'Ambra*
                                            Andrea L. D'Ambra
4                                           1301 Avenue of the Americas
                                            New York, NY 10019
5                                           Telephone: (212) 318-3000
                                            Facsimile: (212) 318-3400
6                                           andrea.dambra@nortonrosefulbright.com

7                                           **NORTON ROSE FULBRIGHT US LLP**

8                                           Charles A. Deacon
                                            300 Convent St.
9                                           San Antonio, Texas 78205
                                            Telephone: (210) 270-7133
10                                          Facsimile: (210) 270-7205
                                            charlie.deacon@nortonrosefulbright.com
11

12                                          **NORTON ROSE FULBRIGHT US LLP**
                                            Mark Emery
13                                          799 9th Street NW, Suite 1000
                                            Washington, DC 20001-4501
14                                          Telephone: (202) 662-0210
                                            Facsimile: (202) 662-4643
15                                          mark.emery@nortonrosefulbright.com

16
                                            **III BRANCHES LAW PLLC**
17                                          Joan K. Mell, WSBA #21319
                                            1019 Regents Blvd. Ste. 204
18                                          Fircrest, WA 98466
                                            253-566-2510 (P)
19                                          281-664-4643 (F)
                                            joan@3brancheslaw.com
20

21                                          **ATTORNEYS FOR DEFENDANT**
                                            **THE GEO GROUP, INC.**
22

23

24

25

26

27   STATE OF WASHINGTON v. GEO GROUP                NORTON ROSE FULBRIGHT US LLP
     ECF CASE NO. 3:17-CV-05806-RJB                            Andrea L. D'Ambra
28   DEFENDANT THE GEO GROUP, INC.'S          - 7 -       1301 Avenue of the Americas
     MOTION FOR RECONSIDERATION                               New York, NY 10019
                                                           Telephone: (212) 318-3000

# CERTIFICATE OF SERVICE

I, Susana Medeiros, hereby certify as follows:

I am over the age of 18, a resident of New York County, and not a party to the above action.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.  On July 27, 2018, I electronically served the above Motion for Reconsideration via CM/ECF to the following:

Office of the Attorney General
La Rond Baker, WSBA No. 43610
Marsha Chien, WSBA No. 47020
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
LaRondB@atg.wa.gov
MarshaC@atg.wa.gov

Norton Rose Fulbright US LLP
Charles A. Deacon (Pro Hac Vice)
300 Convent St.
San Antonio, TX 78205
(210)-270-7133
charlie.deacon@nortonrosefulbright.com

Norton Rose Fulbright US LLP
Mark Emery (Pro Hac Vice)
799 9th St. NW, Suite 1000
Washington, DC 20001-4501
(202)-662-0210
mark.emery@nortonrosefulbright.com

III Branches Law, PLLC
Joan K. Mell, WSBA #21319
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 (P)
281-664-4643 (F)
joan@3brancheslaw.com

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
DEFENDANT THE GEO GROUP, INC.'S                - 8 -
MOTION FOR RECONSIDERATION

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

1         I certify under penalty of perjury under the laws of the State of Washington that the above

2   information is true and correct.

3         DATED this 27th day of July, 2018 at New York, New York.

4

5

6   _____
    Susana Medeiros

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STATE OF WASHINGTON v. GEO GROUP             NORTON ROSE FULBRIGHT US LLP
ECF CASE NO. 3:17-CV-05806-RJB                 Andrea L. D'Ambra
GEO GROUP'S MOTION FOR      - 9 -        1301 Avenue of the Americas
RECONSIDERATION                            New York, NY 10019
                                                Telephone: (212) 318-3000