The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON, | CIVIL ACTION NO. 3:17-cv-05806-RJB |
| Plaintiff, | |
| v. | STATE OF WASHINGTON'S RESPONSE TO THE GEO GROUP'S MOTION FOR RECONSIDERATION OF THE JULY 17 ORDER |
| THE GEO GROUP, INC., | |
| Defendant. | |

## I.     INTRODUCTION

Washington seeks full access to GEO's documents in discovery and does not oppose the limited relief sought by GEO to amend the language protecting detainee identity under the Protective Order – e.g. to clarify that detainee identifying information be redacted in all declarations and pleadings, but not in discovery.  GEO's Motion for Reconsideration of July 17 Order (Mot. Recon. July 17 Order), ECF 87 at 5-7. Washington needs unredacted Voluntary Work Program (VWP) documents with full detainee names and/or other unique identifiers (A Numbers) to understand the records regarding the VWP program, enable expert analysis of the amount and value of that work and disgorgement of profits, and prosecute its case. As these documents are GEO's documents, produced in discovery as "confidential" under the terms of the Court's Protective Order, ECF 70, Washington will protect the confidentiality of detainee identity under the terms of that Protective Order as would any other party to litigation.

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

## II.     FACTUAL BACKGROUND

This Court entered its Order on (1) Defendant the GEO Group, Inc.'s Motion for Protective Order, (2) Plaintiff the State of Washington's Motion to Compel Production of Documents by Defendant, and (3) Plaintiff The State of Washington's Motion for Relief from Deadline on July 17, 2018 ("July 17 Order"). ECF 86. At issue here is the part of the July 17 Order that modifies the existing Protective Order, ECF 70, to include as "confidential" the following paragraph 13: "Detainees' identity and personally identifiable information covered by the letter and spirit of the Privacy Act, 5 U.S.C.§552a. Detainees shall be referred to by their initials only *in all exchange of discovery*." ECF 86, at 13 (emphasis added).

In addition to this provision, the Protective Order defines as confidential "[p]ersonal immigration information or status, including resident identifying numbers, A files, and all immigration administrative records and non-public immigration records." ECF 70 at 2. It also limits confidential material for use "only for prosecuting, defending, or attempting to settle" this litigation, *id*. at 4, and protects against further disclosure, in that Washington "will not produce confidential information or documents subject to [a public records request] unless either authorized by the designating party to do so, or if the designating party seeks judicial intervention within the time allotted for the CRU to respond to the request, ordered to do so by the court." *Id.* at 11.

Defendant GEO now seeks another modification of the Protective Order to allow GEO to produce its discovery documents without costly redactions, and with detainee names and alien numbers, consistent with Washington's proposal that those documents be protected as "confidential" under the Protective Order and the parties be required to redact documents to include only detainee initials in court pleadings and exhibits - but not in discovery. Mot. Recon. July 17 Order, ECF 87, at 5-7. This request mirrors what Washington consistently has sought: full discovery of GEO's records of the VWP without redaction and protection of identifying information of detainees as "confidential" under the terms of the Protective Order requiring

STATE OF WASHINGTON'S RESPONSE TO
THE GEO GROUP'S MOTION FOR
RECONSIDERATION

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1  redaction, and use of initials only, in pleadings, declarations, deposition transcripts and exhibits.

2  Resp. to GEO's Mot. For Protective Order, ECF 81, at 11.

3      The illustrative VWP documents that GEO attached as exhibits to the John Meagher

4  Declaration, ECF 89, reaffirm Washington's need for production of documents without redaction

5  and with full detainee names and/or unique detainee identifiers visible for Washington to

6  understand the daily operational mechanics of the VWP, track individual, unique workers within

7  the VWP, and accurately analyze the aggregate VWP work and value of that work from 2005 to

8  the present.

9                            **III.    ARGUMENT**

10  **A.    Legal Standard**

11      District courts have "broad discretion to determine the scope of discovery." *Cabell v.*

12  *Zorro Productions, Inc.*, 294 F.R.D. 604, 607 (W.D. Wash. 2013). Federal Rule of Civil

13  Procedure 26(c) provides for Protective Orders. "The Court in which the action is pending has

14  the authority to 'issue an order to protect a party or person from annoyance, embarrassment,

15  oppression, or undue burden or expense[,]'" upon a showing of good cause. *Id.* (quoting Fed. R.

16  Civ. Pro. 26(c)(1)). *See also Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d

17  1206, 1210 (9th Cir. 2002). Good cause requires a showing that "specific prejudice or harm will

18  result if no protective order is granted." *Id.* Where protective order disputes involve conflicting

19  interests, the Court balances the needs of the party seeking disclosures against the risk of injury

20  that may result if the requested discovery is permitted. *Brown Bag Software v. Symantec Corp.*,

21  960 F.2d 1465, 1470 (9th Cir. 1992).

22

23  **B.    GEO's Proposal Enables Full Discovery and Protects Confidential Information**

24      Washington supports GEO's proposed revision to the confidentiality provision of the

25  Protective Order entered by the Court, pursuant to Civil Rule 26(c): "Detainees' identity and

26  personally identifiable information covered by the letter and spirit of the Privacy Act, 5 U.S.C.

STATE OF WASHINGTON'S RESPONSE TO
THE GEO GROUP'S MOTION FOR
RECONSIDERATION

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

§ 552a. Detainees shall be referred to by their initials only in all ~~exchange of discovery~~ pleadings absent further order of the Court." ECF 88, at 3. Washington consistently supported inclusion of such a provision in the Protective Order and continues to do so now. Resp. to GEO's Mot. for Prot. Ord., ECF 81 at 11. The parties and the Court may protect detainee information, and simultaneously satisfy the need for full discovery through a Protective Order that restricts the use of this information to this case and that would require redaction before filing in the public record. The slight modifications to the Court's July 17 Order will properly protect private detainee information, better meet the Parties' interests in full and transparent discovery, and reduce the costs of litigation.

GEO has previously raised concerns that 8 C.F.R. § 236.6 bars disclosure of detainee information to Washington in discovery. However, as the Court previously recognized the federal regulations only protect against the *public* disclosure of "[i]nformation regarding detainees" in detention, including "the name of, or other information relating to, . . . detainee[s]." 8 C.F.R. § 236.6; July 17 Order, ECF 86, at 5.

Moreover, inasmuch as there is any claim that Washington may not be able to shield confidential documents purportedly barred from public disclosure under 8 C.F.R. § 236.6 from public disclosure under Washington's Public Records Act, that objection is based on a misreading of Washignton law.[1] Even if confidential documents produced in discovery under the explicit terms of the Court's Protective Order were construed to be "public records," which Washington disputes, Washington's Public Records Act prohibits disclosure of these documents under the Controversy Exemption. "Records that are relevant to a controversy to which an agency is a party but which records would not be available to another party under the rules of pretrial discovery for causes pending in the superior courts are exempt from disclosure under

---

[1] Although GEO has not raised a Public Records Act objection, U.S. Immigration and Customs Enforcement may, and so Washington addresses it here and requests an opportunity to further address this argument if the Court would consider such briefing helpful.

STATE OF WASHINGTON'S RESPONSE TO
THE GEO GROUP'S MOTION FOR
RECONSIDERATION

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1   this chapter." Wash. Rev. Code § 42.56.920. Washington and GEO agree that this exception

2   governs the discovery at issue here, because GEO's records, produced in discovery under the

3   explicit terms of the Protective Order that restricts their use to this case, "would not be available

4   to another party under the rules of pretrial discovery," and are exempt from production.

5       Here, the proposed revision to the Protective Order protects against the public disclosure

6   of identifying information about detainees and nothing in the Public Records Act is to the

7   contrary.

8                        **IV.    CONCLUSION**

9       For the foregoing reasons, the Court should modify the Protective Order to allow for full

10  and unredacted discovery of detainee identifying information but prohibit any public disclosure

11  of that information by requiring redaction and use of initials only in all declarations, pleadings,

12  deposition transcripts, and exhibits.

13      Dated this 6th day of August, 2018.

14                                  Respectfully submitted,

15                                  BOB FERGUSON
                                    Attorney General of Washington

16

17                                  s/ *Andrea Brenneke*
                                    LA ROND BAKER, WSBA No. 43610

18                                  MARSHA CHIEN, WSBA No. 47020
                                    ANDREA BRENNEKE, WSBA No. 22027

19                                  Assistant Attorneys General
                                    Office of the Attorney General

20                                  800 Fifth Avenue, Suite 2000
                                    Seattle, WA 98104

21                                  (206) 464-7744

22                                  larondb@atg.wa.gov
                                    marshac@atg.wa.gov

23                                  andreab3@atg.wa.gov

24

25

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed with the United States District Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

6th day of August, 2018

s/ *Andrea Brenneke*
Andrea Brenneke

STATE OF WASHINGTON'S RESPONSE TO
THE GEO GROUP'S MOTION FOR
RECONSIDERATION

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744