The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>                Defendant. | NO. 3:17-cv-05806-RJB<br><br>**GEO GROUP'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION** |

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S REPLY IN SUPPORT OF
ITS MOTION FOR RECONSIDERATION

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

The GEO Group, Inc. ("GEO") files this reply to the Response filed by the State of Washington ("the State") ("Pl. Resp."), Dkt. 92, to GEO's Motion for Reconsideration ("Def. Mot."), Dkt. 87.

**INTRODUCTION**

GEO submits this reply for three purposes. First, GEO concurs with certain arguments made in the State's Response, Dkt. 92, and provides a proposed protective order amending the Protective Order, Dkt. 70, entered on June 26, 2018. Second, GEO affirms its request to produce documents that were previously submitted to ICE by August 31, 2018, which the State has not contested. Third, GEO has learned new information regarding the status of Immigration and Customs Enforcement ("ICE") review of documents GEO has resubmitted according to this Court's Order on Defendant The GEO Group's Motion for a Protective Order, Plaintiff the State of Washington's Motion to Compel Production of Documents By the Defendant, and Plaintiff the State of Washington's Motion for Relief from Deadline, Dkt. 86 ("July 17 Order") and provides an update herein. Accordingly, GEO moves this Court, pursuant to the Court's inherent power to control discovery under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 26(c)(1), 26(d)(3), and Local Rules for United States District Court for the Western District of Washington ("L.C.R.") 7(h), to reconsider its July 17 Order regarding redactions and certain deadlines, enter the proposed order submitted by GEO with its Motion for Reconsideration, and amend the Protective Order.

**ARGUMENT**

GEO's motion to reconsider this Court's July 17 Order is legally and factually justified, non-controversial, and ultimately beneficial for this Court, the parties, and interested non-parties. Allowing both for GEO to produce certain documents without redacted detainee names and alien-numbers ("A-numbers"), as well as for a minor extension for when GEO must produce documents is a proportionate and equitable response to the concerns raised by GEO, the State, and ICE.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S REPLY IN SUPPORT OF
ITS MOTION FOR RECONSIDERATION

- 1 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

### I. The Parties Agree To A Revised Protective Order and the Production of Certain Documents Without Redactions

In its motion for reconsideration, GEO explained that modification of the July 17 Order was necessary due to the prohibitive cost of redacting thousands of Kites, Detainee Payroll sheets, and Pod Porter Documents, each with dozens, if not hundreds, of detainee names. In its response, the State does not challenge GEO's rationale for a modification to the Protective Order. Rather the State requests that this Court "modify the Protective Order to allow for full and unredacted discovery of detainee identifying information but prohibit any public disclosure of that information by requiring redaction and use of initials only in all declarations, pleadings, deposition transcripts, and exhibits." Pl. Resp., Dkt. 92, at 1, 5. GEO concurs with this request. Both parties, therefore, agree to GEO's proposed revision to the Protective Order: "Detainees shall be referred to by their initials only in all *pleadings absent further order of the Court*." *See* Pl. Resp., Dkt. 92, at 3-4; Dkt. 88, at 3 (amended from ". . . Detainees shall be referred to by their initials only in all *exchange of discovery*.") (emphasis supplied).

Furthermore, ICE representatives now agree that detainee names and A-numbers may be disclosed under a revised Protective Order, if adequate protections are provided against the Public Records Act. Although the current Protective Order contemplates the Washington Public Records Act ("PRA"), ICE remains concerned that the PRA "does not recognize Federal FOIA or Privacy Act Exemptions," and would permit disclosure of documents containing detainee information. *Declaration of Andrea D'Ambra* ("D'Ambra Reconsideration Reply Decl."), ¶ 4, Ex. 1 at 2. In a letter dated August 3, 2018, Anne Rose, ICE Associate Legal Advisor, proposed adding the following to an amended Protective Order, in addition to the revision agreed to by the parties:

> All records marked confidential by or from the U.S. Immigration and Custom's Enforcement (specifically containing third party personally identifiable information) or any records marked confidential by or from the GEO Group that contain personally identifiable information of detainees shall be considered federal records and shall not be subject to the provisions in paragraph 9 of the Protective Order in this matter entered by the Court on June 26, 2018, referring to the Washington Public Records Act, as well as any subsequent Protective Orders that may be entered that refer to the same Act. To the extent that such records are

STATE OF WASHINGTON v. GEO GROUP  
ECF CASE NO. 3:17-CV-05806-RJB  
GEO GROUP'S REPLY IN SUPPORT OF  
ITS MOTION FOR RECONSIDERATION

- 2 -

NORTON ROSE FULBRIGHT US LLP  
Andrea L. D'Ambra  
1301 Avenue of the Americas  
New York, NY 10019  
Telephone: (212) 318-3000

> responsive to a request received under that Act, those records shall be referred in full to ICE to be processed in accordance with the Freedom of Information Act, Privacy Act, as well as any other applicable Federal Laws.

Although the State asserts that these documents would be shielded from disclosure under the controversy exception of the PRA, Pl. Resp., Dkt. 92, at 4-5, it seems reasonable to address ICE's concerns and add in its proposed language. *See* D'Ambra Reconsideration Reply Decl., ¶ 5, Ex. 2 (clean version), and Ex. 3 (redline version). The Amended Stipulated Protective Order would allow GEO to avoid the cost of redaction, provide the State with its much sought-after discovery, and alleviate ICE's concerns over future disclosure under the PRA.

**II.     The State Does Not Contest GEO's Request to Have Until August 31, 2018 To Produce Documents Previously Submitted for ICE Review**

GEO asked this Court for leave to produce all documents at one point selected for ICE review, including those documents ultimately not resubmitted, by August 31, 2018. *See* Proposed Order, Dkt. 87-1. While GEO produced over 2,000 documents on July 27, 2018 that had previously been marked for ICE review, GEO withheld an additional 29,000 documents that required redaction of personal information. Mell Decl., Dkt. 88, at ¶ 2. While many of those documents will be produced subject to the proposed Amended Protective Order, GEO wishes to review a select portion of these documents to ensure that ICE information is not inadvertently produced without ICE review. As this request is reasonable, does not prejudice the parties, and the State does not contest GEO's proposal in its responses, GEO asks that the Court clarify that all documents that were formerly designated for ICE review and not resubmitted be produced by August 31, 2018.

**III.    Update on ICE Review of Documents Pursuant to This Court's July 17 Order**

Finally, GEO wishes to apprise this Court of the status of ICE's document review. While GEO does not ask this Court to reconsider its determination that ICE conduct its review within 30 days, [1] Dkt. 86, at 8, it does wish to inform the Court that ICE's review likely began no earlier than August 8, 2018.

---

[1] GEO, however, has made clear both through motion practice and during meet-and-confers with the State that it does not control how long it will take for ICE to complete this review. *See* D'Ambra Decl., Dkt. 65, at ¶ 3.

| | | |
|---|---|---|
| STATE OF WASHINGTON v. GEO GROUP<br>ECF CASE NO. 3:17-CV-05806-RJB<br>GEO GROUP'S REPLY IN SUPPORT OF<br>ITS MOTION FOR RECONSIDERATION | - 3 - | NORTON ROSE FULBRIGHT US LLP<br>Andrea L. D'Ambra<br>1301 Avenue of the Americas<br>New York, NY 10019<br>Telephone: (212) 318-3000 |

GEO has worked diligently with ICE representatives over the past months to: inform ICE that GEO intended to produce ICE documents in this case, coordinate the review of documents by ICE, provide ICE with documents by giving ICE representatives' access to an online review platform, and elicit ICE's input on key discovery issues. *See, e.g.*, D'Ambra Decl., Dkt. 65, at ¶ 13. Specifically, in early June, GEO counsel informed AUSA Kristin Johnson that GEO was prepared to provide ICE with a production for its review and begin a rolling production of documents to ICE. *See id.* To accommodate ICE review, GEO soon thereafter prepared a discovery review platform, whereby ICE reviewers could access the documents GEO withheld for ICE review. D'Ambra Decl., Dkt. 80, at ¶ 7. On June 28, 2018, after weeks of negotiations, ICE provided GEO with the names and emails of ICE employees and the next day GEO provided secure access to these reviewers. *Id.*, at ¶ 8. Following the Court's entry of the July 17 Order, GEO quickly re-analyzed the documents in light of the Order's instruction and determined that a little less than 3,000 documents clearly required ICE review prior to production. Mell Decl, Dkt. 88, at ¶ 2. GEO subsequently removed those documents determined not to require ICE approval from the discovery review platform. GEO sent a letter to ICE officially resubmitted the select group of documents requiring ICE review on July 23, 2018 and direct ICE to those documents on the secure review platform. D'Ambra Reconsideration Reply Decl. at ¶ 2.

On August 1, 2018, ICE representative Sara Jazayeri informed GEO counsel that ICE was having "technical difficulties accessing GEO's [discovery review platform] and the problem seems to be [] ICE's firewall." D'Ambra Reconsideration Reply Decl., ¶ 3. This was the first time that ICE had notified GEO of such technical difficulties or, for that matter, any issue that would prevent its representatives from reviewing the documents GEO provided since ICE was granted access on June 29, 2018. *Id.* at ¶ 3. Ms. Jazayeri advised that ICE staff "had spent a lot of time trying to fix the issue with no relief," and requested that GEO provide ICE the records that GEO had resubmitted for ICE review on a CD. *Id.* After discussion between Jazayeri and GEO counsel, GEO immediately agreed to send ICE a USB drive with the documents (because the volume would not

fit on a CD) and started the process of providing those documents on a USB drive that same day. GEO's vendor completed the production process on August 3, 2018 and GEO sent the USB drive via Fed Ex for morning delivery on August 6, 2018.  *Id.*  GEO further requested that ICE provide GEO with the approved documents, with all necessary redactions applied, by Monday, August 27, 2018 to allow for sufficient time to prepare these documents for production by the August 31, 2018 court-ordered deadline.  After several rounds of follow-up, ICE confirmed on August 9, 2018 that it was able to access and review the documents.  *Id.*  GEO does not currently request an extension to the deadline of August 31, 2018 for production of documents approved by ICE at this time, as ICE has not indicated it will be unable to complete its review within this timeframe, but wishes to apprise the Court of these current developments.

## CONCLUSION

GEO respectfully requests this Court reconsider its prior order, permit GEO to comply with its review obligations for documents previously submitted for ICE, allow GEO to have until August 31, 2018 to produce documents that were previously submitted to ICE, but are determined not to require ICE review, and order GEO to produce documents that contain detainee names and A-numbers in unredacted form under an amended protective order that designates such documents as confidential.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S REPLY IN SUPPORT OF
ITS MOTION FOR RECONSIDERATION

- 5 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

| | |
|---|---|
| Dated: August 10, 2018 | **NORTON ROSE FULBRIGHT US LLP**<br><br>/s/ *Andrea L. D'Ambra*<br>Andrea L. D'Ambra<br>1301 Avenue of the Americas<br>New York, NY 10019<br>Telephone: (212) 318-3000<br>Facsimile: (212) 318-3400<br>andrea.dambra@nortonrosefulbright.com<br><br>**NORTON ROSE FULBRIGHT US LLP**<br>Charles A. Deacon<br>300 Convent St.<br>San Antonio, Texas 78205<br>Telephone: (210) 270-7133<br>Facsimile: (210) 270-7205<br>charlie.deacon@nortonrosefulbright.com<br><br>**NORTON ROSE FULBRIGHT US LLP**<br>Mark Emery<br>799 9th Street NW, Suite 1000<br>Washington, DC 20001-4501<br>Telephone: (202) 662-0210<br>Facsimile: (202) 662-4643<br>mark.emery@nortonrosefulbright.com<br><br>**III BRANCHES LAW PLLC**<br>Joan K. Mell, WSBA #21319<br>1019 Regents Blvd. Ste. 204<br>Fircrest, WA 98466<br>253-566-2510 (P)<br>281-664-4643 (F)<br>joan@3brancheslaw.com<br><br>**ATTORNEYS FOR DEFENDANT**<br>**THE GEO GROUP, INC.** |

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S REPLY IN SUPPORT OF
ITS MOTION FOR RECONSIDERATION

- 6 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

# CERTIFICATE OF SERVICE

I, Susana Medeiros, hereby certify as follows:

I am over the age of 18, a resident of New York County, and not a party to the above action. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. On August 10, 2018, I electronically served the above Reply In Support of GEO's Motion for Reconsideration via CM/ECF to the following:

Office of the Attorney General
La Rond Baker, WSBA No. 43610
Marsha Chien, WSBA No. 47020
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
LaRondB@atg.wa.gov
MarshaC@atg.wa.gov

Norton Rose Fulbright US LLP
Charles A. Deacon (Pro Hac Vice)
300 Convent St.
San Antonio, TX 78205
(210)-270-7133
charlie.deacon@nortonrosefulbright.com

Norton Rose Fulbright US LLP
Mark Emery (Pro Hac Vice)
799 9th St. NW, Suite 1000
Washington, DC 20001-4501
(202)-662-0210
mark.emery@nortonrosefulbright.com

III Branches Law, PLLC
Joan K. Mell, WSBA #21319
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 (P)
281-664-4643 (F)
joan@3brancheslaw.com

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S REPLY IN SUPPORT OF
ITS MOTION FOR RECONSIDERATION

- 7 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

I certify under penalty of perjury under the laws of the State of Washington that the above information is true and correct.

DATED this 10th day of August, 2018 at New York, New York.

_____
Susana Medeiros

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S REPLY IN SUPPORT OF
ITS MOTION FOR RECONSIDERATION

- 8 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000