The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| STATE OF WASHINGTON, | NO. 3:17-cv-05806-RJB |
| Plaintiff, | STATE'S MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENA FOR DEPOSITION OF ATTORNEY GENERAL BOB FERGUSON |
| v. | |
| THE GEO GROUP INC, | |
| Defendant. | **NOTING DATE: AUGUST 24, 2018** |

## I.    INTRODUCTION AND RELIEF REQUESTED

The State of Washington sued The GEO Group, Inc. (GEO) to enforce the State's minimum wages laws and to remedy unjust enrichment resulting from GEO's unfair labor practices. The Office of the Attorney General, in its capacity as the State's chief law enforcement agency, is prosecuting the case. Assistant Attorneys General La Rond Baker, Marsha Chien, and Andrea Brenneke are assigned to prosecute the case against GEO. Defendant has reacted to the prosecution for violating Washington law by noting the deposition of Attorney General Robert "Bob" Ferguson.

Attorney General Ferguson moves this Court for a protective order quashing the notice for his deposition. Federal Rule of Civil Procedure 26(c) and the Apex doctrine stand for the proposition that this Court should strike Attorney General Ferguson's deposition. Under the

STATE'S MOTION TO QUASH
A SUBPOENA AND FOR
PROTECTIVE ORDER
NO. 3:17-cv-05806-RJB

1

Apex doctrine, the depositions of high-ranking officials are disfavored and allowed only upon a showing of extraordinary circumstances. *Kyle Eng'g Co v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979); *K.C.R. v. Cty. of Los Angeles*, No. CV 13-3806, 2014 WL 3434257, at *3 (C.D. Cal. July 11, 2014); *Sargent v. City of Seattle*, No. C12-1232 TSZ, 2013 WL 1898213, at *2 (W.D. Wash. May 7, 2013). As discussed below, extraordinary circumstances as defined by these cases and the Apex doctrine are not present in this prosecution and the notice of deposition for Attorney General Ferguson should be quashed.

## II.   CERTIFICATION

Counsel for putative deponent Attorney General Ferguson, the undersigned, telephoned and spoke with GEO's counsel, Joan K. Mell, on August 13, 2018, at approximately 10:48 a.m., and conferred in a good faith effort to resolve the dispute without court action. Declaration of Eric A. Mentzer (Mentzer Decl.) ¶ 5. GEO's Counsel indicated that Defendant would not strike the Deposition of Attorney General Ferguson at this time. *Id*. Thus the parties were not able to resolve the dispute without court action. *Id*. As a consequence, counsel for Attorney General Ferguson now seeks a protective order to prevent the deposition, which is scheduled to occur on August 29, 2018, as arranged by Counsel for Attorney General Ferguson and Counsel for Defendant GEO. Mentzer Decl. ¶ 4.

## III.   FACTS

The Attorney General is the chief legal adviser to the State of Washington. The Attorney General's powers and duties include bringing enforcement actions to ensure compliance with Washington laws. Wash. Const. Art. III, § 1; Wash. Rev. Code § 43.10.030(1); *City of Seattle v. McKenna*, 259 P.3d 1087, 1092–93 (Wash. 2011). The Office of the Attorney General brought this action on behalf of the State of Washington to enforce the State's Minimum Wage Act and state common law. ECF 1-1 ¶¶ 5.1–6.6. The Washington Legislature has

STATE'S MOTION TO QUASH
A SUBPOENA AND FOR
PROTECTIVE ORDER
NO. 3:17-cv-05806-RJB

2

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Drive SW
Olympia, WA 98501-6503
(360) 709-6470

recognized a quasi-sovereign interest in protecting the health, safety, and well-being of persons working in this State through the enactment and enforcement of minimum wage laws. Wash. Rev. Code § 49.46.005.

Defendant GEO contracts with U.S. Immigration and Customs Enforcement (ICE) for the detention of adult civil detainees, who are awaiting resolution of their immigration matters. ECF 1 at 8. The Northwest Detention Center (NWDC) is a private for-profit immigration detention center. *Id*. GEO has owned and operated NWDC since 2004. ECF 1 at 9. GEO's contract with ICE requires GEO to comply with state and local laws and codes when it operates NWDC. ECF 1-1 at 5.

Detainees perform a wide range of work at NWDC including preparing, cooking, and serving food to the detainee population; operating NWDC's laundry service; cleaning living areas and bathrooms; and regularly painting walls and buffing floors. *Id*. Detainees perform the work through a voluntary work program. ECF 1 at 9. The defendant pays detainees only $1 per day for most work performed at NWDC regardless of the number of hours worked and in some instances pays detainees in snack food. *Id*.; ECF 1-1 at 5. The minimum wage for persons working in the State of Washington was $8.67 on January 1, 2011, and has risen incrementally over the years to the current minimum of $11.50. Washington State Department of Labor & Industries, *Minimum Wage* http://www.lni.wa.gov/WorkplaceRights/Wages/Minimum (last visited Aug. 14, 2018).

The Defendant admits these facts, but denies that Washington's minimum wage laws apply to work performed by detainees at the NWDC. *See* ECF 34. In response to Washington's allegations against it, Defendant filed a counterclaim naming "The State of Washington" as a Defendant. *Id*. In the counterclaim, GEO specifically avers that it seeks no "positive award" against the State for either damages or equitable relief. ECF 34 at 10:16–17. Defendant GEO

STATE'S MOTION TO QUASH
A SUBPOENA AND FOR
PROTECTIVE ORDER
NO. 3:17-cv-05806-RJB

3

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Drive SW
Olympia, WA 98501-6503
(360) 709-6470

asks, instead, for declaratory relief that includes an order enjoining the State or Attorney General Ferguson from claiming the Minimum Wage Act applies to GEO's operation of the voluntary work program at NWDC. ECF 34 at 13. Nothing in the Defendant's answer or counterclaim raises an issue involving Attorney General Ferguson in anything other than his official capacity. *See* ECF 34.

In defending this case, counsel for Defendant GEO, Joan K. Mell, served Plaintiff State of Washington a "Notice of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6) and Demand for Designation of Representatives Deponent" dated July 5, 2018. Declaration of Marsha Chien (Chien Decl.) ¶ 3, Ex. A. In response, Washington notified GEO that several deposition-topics relate to information and records outside the custody and control of the Attorney General and recommended that GEO pursue this discovery through subpoenas to third-parties. Chien Decl. ¶ 5, Ex. B. For the remaining topics, Washington designated the Chief of the Attorney General of Washington's Civil Rights Unit as its Rule 30(b)(6) deponent and arranged for its 30(b)(6) designee to be available on August 10, 2018. *Id.* ¶ 5.

On August 10, 2018, Ms. Mell conducted the Rule 30(b)(6) deposition at her Fircrest, Washington office. *Id.* ¶ 6. At approximately 4:00 p.m., approximately five hours into the deposition, Ms. Mell abruptly terminated the Rule 30(b)(6) deposition. *Id.* ¶ 7. Although Washington's 30(b)(6) designee remained at the deposition and was prepared to continue answering questions, Ms. Mell ended the deposition before reaching the seven hour limit set by Federal Rule of Civil Procedure 30(d) and before inquiring into several of the topics identified in the Rule 30(b)(6) notice. *Id.* ¶ 8. The deposition transcript will reflect that Ms. Mell abruptly left the deposition. *Id.* ¶ 9.

In addition, the State of Washington received a Subpoena to Testify at a Deposition in a Civil Action in the above-entitled matter issued to "Robert Watson Ferguson, Office of the

STATE'S MOTION TO QUASH
A SUBPOENA AND FOR
PROTECTIVE ORDER
NO. 3:17-cv-05806-RJB

4

Attorney General" dated July 17, 2018. Mentzer Decl. ¶ 3. After conversations between Counsel for the State of Washington and Counsel for Defendant GEO, the parties arranged for Attorney General Ferguson's deposition, if it were to occur at all, would occur on August 29, 2018. Mentzer Decl. ¶ 4. Because the parties could not resolve the issue of striking that deposition after the State of Washington provided a knowledgeable 30(b)(6) witness (Mentzer Decl. ¶ 5), the State now moves this Court to quash the Deposition of Attorney General Ferguson.

## IV.    ARGUMENT

This Court should quash the deposition notice seeking to compel testimony from Attorney General Ferguson under the Apex doctrine and in accordance with Federal Rule of Civil Procedure 26(c), which permits this Court to limit discovery when "justice requires."

## A.    The Apex Doctrine Bars Litigants From Deposing High-Ranking Government Officials absent Extraordinary Circumstances

Courts have consistently held top executives of government agencies, including attorneys general, are not subject to a deposition absent "extraordinary circumstances." *Clarke v. State Attorney General's Office*, 138 P.3d 144, 151 (Wash Ct. App. 2006) (citing federal authorities) (affirming trial court's denial of deposition of Governor Gregoire). As stated in *K.C.R.*:

> Courts have often observed that discovery seeking the deposition of high-level executives (so–called apex depositions) creates a tremendous potential for abuse or harassment that may require the court's intervention for the witness' protection under Rule 26(c).

*K.C.R.*, 2014 WL 3434257, at *2. *Accord, e.g.*, *Warren v. Washington*, No. C11-5686 BHS/KLS, 2012 WL 2190788, at *1–2 (W.D. Wash. June 14, 2012) (quashing deposition of state corrections center superintendent); *Lederman v. N.Y. City Dep't of Parks and Rec.*, 731 F.3d 199, 203 (2nd Cir. 2013) (affirming district court's issuance of protective order precluding depositions of New York City mayor and deputy mayor); *Bogan v. City of Boston*, 489 F.3d 417, 423–24 (1st Cir. 2007) (affirming district court's issuance of protective order precluding

STATE'S MOTION TO QUASH
A SUBPOENA AND FOR
PROTECTIVE ORDER
NO. 3:17-cv-05806-RJB

5

deposition of mayor of Boston); *In re United States (Reno)*, 197 F.3d 310, 313–14 (8th Cir. 1999) (precluding deposition of U.S. Attorney General and Deputy Attorney General).

Courts have further determined that the rule protecting high-ranking government officials, such as the Attorney General, from depositions is necessary because senior officials "have greater duties and time constraints than other witnesses . . . [and] should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions." *Clarke*, 138 P.3d at 151 (quoting *Reno*, 197 F.3d at 314); *accord City of Fort Lauderdale v. Scott*, No. 10-61122-CIV, 2012 WL 760743, at *2, *5 (S.D. Fla. Mar. 7, 2012). A contrary rule would expose high-ranking officials to "constant distraction of testifying in lawsuits." *In re United States (Kessler)*, 985 F.2d 510, 511–12 (11th Cir. 1993) (granting petition for writ of mandamus and ordering district court to quash subpoena for deposition of commissioner of U.S. Food and Drug Administration); *accord Lederman*, 731 F.3d at 203 ("If courts did not limit these depositions, such officials would spend an inordinate amount of time tending to pending litigation.") (citation and internal quotation marks omitted). Furthermore, "[t]he concern about high official's time constraints is particularly relevant to selective prosecution claims." *Kessler*, 985 F.2d at 512.

As one federal court explained, "two reasons underlie the reluctance of courts to allow discovery of high-ranking officials. The first is to protect officials from discovery that will burden the performance of their duties, particularly given the frequency with which such officials are likely to be named in lawsuits. The second is to protect the officials from unwarranted inquiries into their decision-making process." *Coleman v. Schwarzenegger*, No. CIV-S-90-0520 LKK JFM P, 2008 WL 4300437, at *2 (E.D. Cal. Sept. 15, 2008) ("the settled rule across the circuits is that absent extraordinary circumstances, high-ranking officials may not be subject to depositions or called to testify regarding their official actions") (citing cases from six circuits).

STATE'S MOTION TO QUASH
A SUBPOENA AND FOR
PROTECTIVE ORDER
NO. 3:17-cv-05806-RJB

6

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Drive SW
Olympia, WA 98501-6503
(360) 709-6470

For these reasons, cases that have applied the rule prohibiting compelled testimony of high-ranking government officials, including Attorney Generals, are legion.[1]

The burden falls to the Defendant to demonstrate such extraordinary circumstances that would justify requiring the deposition of the Attorney General. Defendant GEO has not and cannot meet its burden.

**B.      Defendant Cannot Demonstrate "Extraordinary Circumstances" Justifying a Deposition of the Attorney General**

Defendant cannot demonstrate any need for Attorney General Ferguson's deposition that meets the high "extraordinary circumstances" threshold uniformly mandated by courts. To demonstrate extraordinary circumstances necessary to compel testimony of a high-ranking government official, the party seeking the testimony must show:

---

[1] (1) **Attorneys General**: *United States v. Northside Realty Associates, Inc.*, 324 F. Supp. 287, 293–96 (N.D. Ga. 1971) (U.S. Attorney General); *Cal. State Bd. of Pharmacy v. Superior Court*, 144 Cal. Rptr. 320 (Ct. App. 1978) (California Attorney General); *State v. Mitchell*, 395 A.2d 1257 (N.J. Super. Ct. App. Div. 1978) (N.J. Attorney General); *Lefkowitz v. The Raymond Lee Org., Inc.*, 405 N.Y.S.2d 905 (Sup. Ct. 1978) (N.Y. Assistant Attorney General); *Schultz v. Talley*, 152 F.R.D. 181, 187 (W.D. Mo. 1993) (Missouri Attorney General).

(2) **Governors**: *Shirley v. Chestnut*, 603 F.2d 805 (10th Cir. 1979); (Missouri); *Warzon v. Drew*, 155 F.R.D. 183, 185 (E.D. Wis. 1994); *Schenberg v. Bond*, 459 U.S. 878 (1982); *Deukmejian v. Superior Court of Marin Cty.*, 191 Cal. Rptr. 905 (Ct. App. 1983).

(3) **Cabinet members or agency heads**: *Morgan*, 313 U.S. at 422 (top executive department officer should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions); *Doubleday v. Ruh*, 149 F.R.D. 601, 609 (E.D. Cal. 1993); *Peoples v. U.S. Dep't of Agric.*, 427 F.2d 561, 567 (D.C. Cir. 1970) (Secretary of Agriculture); *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586–87 (D.C. Cir. 1985) (Secretary of Labor); *In re Fed. Deposit Ins. Corp.*, 58 F.3d 1055, 1060 (5th Cir. 1995) (requiring exceptional circumstances for deposition of top official); *Halderman v. Pennhurst State Sch. & Hosp.*, 96 F.R.D. 60, 64 (E.D. Pa. 1982) (Secretary of Department of Public Welfare); *Sykes v. Brown*, 90 F.R.D. 77, 78 (E.D. Pa. 1981) (Director of Defense Logistics Agency); *Cornejo v. Landon*, 524 F. Supp. 118, 122 (N.D. Ill. 1981) (Commissioner of Immigration and Naturalization Service); *Northside Realty Associates, Inc.*, 324 F. Supp. at 293 (Secretary of HUD); *Wirtz v. Local 30, Int'l Union of Operating Engineers*, 34 F.R.D. 13, 14 (S.D.N.Y. 1963) (Secretary of Labor); *In re Office of Inspector Gen. R.R. Ret. Bd.*, 933 F.2d 276, 278 (5th Cir. 1991); *In re Stone*, 986 F.2d 898, 904 (5th Cir. 1993).

STATE'S MOTION TO QUASH
A SUBPOENA AND FOR
PROTECTIVE ORDER
NO. 3:17-cv-05806-RJB

7

(1)    The official's testimony is necessary to obtain relevant information that is not available from another source;

(2)    The official has first-hand information that cannot reasonably be obtained from other sources;

(3)    The testimony is essential to the case at hand;

(4)    The testimony would not significantly interfere with the ability of the official to perform his government duties; and

(5)    The evidence sought is not available through less burdensome means or alternative sources.

*See Warren*, 2012 WL 2190788, at *1. None of those factors is present in this case.

On the first, second, and third factors, Attorney General Ferguson's testimony is not needed because he does not possess any essential, first-hand information that is non-privileged and relevant to any of the issues raised in the Complaint or by the Defendant's answer or counterclaim. The State's law-enforcement action is a straightforward exercise of the State's police power to address and remedy unfair labor practices. Assistant Attorneys General directed the investigation (Chien Decl. ¶ 3) and evidence that will determine whether GEO's actions are lawful will be discovered and litigated through the normal discovery and trial processes. No testimony from Attorney General Ferguson is necessary to determine whether GEO's admitted practices comply with state law or support any of GEO's remaining affirmative defenses.

The fourth factor likewise militates in favor of entry of a protective order. Attorney General Ferguson is the chief law enforcement officer in the State with oversight responsibilities of more than 1,100 employees in 13 cities around the State representing roughly 200 state agencies, boards, commissions, colleges, and universities, as well as the Governor and the Legislature. *See* https://www.atg.wa.gov/office-information. Permitting Attorney General Ferguson to be deposed in the thousands of civil law enforcement actions brought each year by the office would prevent him from being able to conduct the necessary and important duties of his office.

STATE'S MOTION TO QUASH
A SUBPOENA AND FOR
PROTECTIVE ORDER
NO. 3:17-cv-05806-RJB

8

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Drive SW
Olympia, WA 98501-6503
(360) 709-6470

Finally, on the fifth factor, information Attorney General Ferguson may possess about this civil enforcement case, including information pertaining to the conduct of the investigation, the underlying claims, and reasons the case was brought, were made available by the State through other means to the extent that information is not privileged or work product. More particularly, the discoverable non-privileged information could have been (and can still be) obtained from witnesses to GEO's employment practices at the NWDC. Similarly, any discoverable, non-privileged information from the State as a party could have been obtained through less burdensome and intrusive means through the State's 30(b)(6) witness than through a deposition of the State's chief law enforcement officer.

In point of fact, the less burdensome method was begun but abandoned before counsel for Defendant fully utilized the less burdensome mechanism that is authorized by the Federal Rules and required before high-ranking officials may be subject to deposition. To be sure, the State of Washington made the Chief of the Attorney General of Washington's Civil Rights Unit available for a Rule 30(b)(6) deposition on August 10, 2018, at counsel for Defendant's office. The purpose of that deposition, of course, was to allow Defendant an opportunity to elicit relevant, discoverable, non-privileged information from a witness with actual knowledge of the facts. That counsel for Defendant elected to terminate the deposition before the full time allowed by the rules, and regardless if she did so for her own strategic reasons or no reason at all, does not make Attorney General Ferguson's information "unavailable" from other sources; it merely means that GEO forfeited its opportunity to obtain the information by less burdensome means.

Further, GEO has failed to issue Rule 45 subpoenas to the two agencies with knowledge of topics in GEO's Rule 30(b)(6) notice that are beyond the custody and control of the Office of the Attorney General. Without first attempting these other methods, GEO cannot demonstrate Attorney

STATE'S MOTION TO QUASH
A SUBPOENA AND FOR
PROTECTIVE ORDER
NO. 3:17-cv-05806-RJB

9

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Drive SW
Olympia, WA 98501-6503
(360) 709-6470

General Ferguson's deposition should proceed and therefore GEO's attempt to depose Attorney General Ferguson should be denied by this Court.

**C.** **Allowing a Compelled Deposition of the Attorney General Invites Invasion of Absolute Prosecutorial Immunity and Infringement into Protected Attorney Work Product**

The basis for determining whether to initiate a civil prosecution is protected by absolute immunity. *Butz v. Economou*, 438 U.S. 478, 515–17 (1978). Therefore, deposition of the Attorney General about the reasons for prosecuting a civil action is foreclosed by absolute prosecutorial immunity. *Id*. Further, the attorney work product doctrine protects from discovery an attorney's mental impressions, including thought processes, opinions, conclusions and legal theories. *See Hickman v. Taylor*, 329 U.S. 495, 393 (1947) (an attorney's thought processes are "inviolate"). Here, the Attorney General is one of the attorneys for the State in this case and, as such, any attempt to compel testimony about his thought processes, opinions, and decisions regarding this case fall squarely within the protections of the attorney work product doctrine.

Because Attorney General Ferguson is not only involved with this case but also has oversight responsibilities over the office's many cases, the particular attorney work product testimony being sought also implicates courts' concern of intruding into the State's decision-making process, including the discretion it exercises in bringing enforcement actions. "Courts cannot, and should not, undertake a probe of the mental processes utilized by an administrative officer in performing his function of decision." *Ledgering v. State*, 385 P.2d 522, 526 (Wash. 1963) (citing *Morgan*, 313 U.S. at 420); *Warren*, 2012 WL 2190788, at *2 (quashing deposition notice seeking testimony from high-ranking official on department's deliberative processes in developing policies). Defendant cannot establish a need under the cases sufficient to compel the Attorney General's appearance at a deposition and this Court should therefore quash Defendant's notice of deposition.

STATE'S MOTION TO QUASH
A SUBPOENA AND FOR
PROTECTIVE ORDER
NO. 3:17-cv-05806-RJB

10

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Drive SW
Olympia, WA 98501-6503
(360) 709-6470

# V.    CONCLUSION

The Attorney General's motion for a protective order under Rule 26(c) should be granted and the notice of deposition quashed.

DATED this 16th day of August, 2018.

ROBERT W. FERGUSON
Attorney General


*/s/ Eric A. Mentzer*
ERIC A. MENTZER, WSBA No. 21243
Senior Counsel
LA ROND BAKER, WSBA No. 43610
MARSHA CHIEN, WSBA No. 47020
ANDREA BRENNEKE, WSBA No. 22027
Assistant Attorneys General
Office of the Attorney General
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98501-6503
(360) 709-6470
ericm@atg.wa.gov
marshac@atg.wa.gov
larondb@atg.wa.gov
andreab3@atg.wa.gov
Attorneys for Plaintiff State of Washington

STATE'S MOTION TO QUASH
A SUBPOENA AND FOR
PROTECTIVE ORDER
NO. 3:17-cv-05806-RJB

11

## DECLARATION OF SERVICE

I hereby certify that on August 16, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will serve a copy of this document upon all counsel of record.

DATED this 16th day of August, 2018, at Olympia, Washington.

/s/ Eric A. Mentzer
ERIC A. MENTZER, WSBA No. 21243
Senior Counsel

STATE'S MOTION TO QUASH
A SUBPOENA AND FOR
PROTECTIVE ORDER
NO. 3:17-cv-05806-RJB

12

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Drive SW
Olympia, WA 98501-6503
(360) 709-6470