The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>　　　　　　　　Defendant. | NO. 3:17-cv-05806-RJB<br><br>**GEO GROUP'S RESPONSE TO STATE'S MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENA FOR DEPOSITION OF MR. FERGUSON**<br><br>NOTE ON MOTION CALENDAR: AUGUST 24, 2018 |

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO STATE'S MOTION FOR PROTECTIVE ORDER TO QUASH FERGUSON SUBPOENA

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

## INTRODUCTION

For seven months, GEO has sought discovery related to its affirmative defenses and counterclaims – information that only the State and the Attorney General himself possesses. Whereas GEO has cooperated with the State to produce documents and information, providing extensive information in response to the State's requests, including four productions of documents, with plans to produce thousands more by August 31, 2018, the State has not complied with its own discovery obligations. Instead the State has engaged in an obstructive campaign designed to stonewall GEO and avoid providing information relevant to GEO's defenses and counterclaims. The State now goes so far as to seek to quash a subpoena directed to a non-party, Mr. Ferguson, to further frustrate GEO's defense. But the State has no standing to quash this subpoena.

Even if the State had standing, GEO would be entitled to depose Mr. Ferguson because he uniquely possesses relevant, discoverable information that is vital to GEO's defenses. In its answer filed eight months ago, GEO alleged that the State has unclean hands because the State, through its agencies, the Department of Corrections and Department of Social and Health Services, and through its delegated authorities to Washington State municipal jails, operates work programs that pay rates far below the State minimum wage (as is the practice at all prisons, jails and detention facilities all across the nation). In addition, GEO asserted that the State has unduly delayed in pursuing this lawsuit, as for twelve years preceding this complaint, the State had never pursued an enforcement action against GEO despite knowing about its Voluntary Work Program. GEO bases these allegations on its theory that the Attorney General filed this lawsuit not because the State's claims have support in Washington law or because its factual contentions have evidentiary support, or the considered conclusions of any state agency, but largely due to the political motivations of Mr. Ferguson himself. As a result, the State's legal and factual bases for bringing this lawsuit (as well as when it learned these facts), are both relevant and essential to GEO's affirmative defenses of unclean hands and laches, and Mr. Ferguson should be deposed so his motivations and reasoning may be discovered.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S RESPONSE TO STATE'S
MOTION FOR PROTECTIVE ORDER TO
QUASH FERGUSON SUBPOENA

- 1 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

The State is engaged in a prolonged game of "keep away." When GEO seeks information supporting the above affirmative defenses and counterclaims through interrogatories and document requests, the State says it does not have possession, custody or control of such information because it does not control Attorney General Ferguson's campaign. When GEO seeks the information from the State's 30(b)(6) witness, again it is met with obfuscation as to Mr. Ferguson's interests in this lawsuit. When GEO subpoenas Mr. Ferguson in his personal capacity – as the one person who unquestionably controls his political campaign – the State moves to quash the subpoena arguing that there are other avenues to get the information sought. The State cannot on the one hand bring a lawsuit seeking equitable relief while at the same time refusing to provide any discovery that might provide GEO with a reasonable defense.

**FACTS**

GEO served its first set of discovery on January 11, 2018, to which the State responded on February 12, 2018. *Declaration of Joan K. Mell in Support of GEO's Response to Motion to Quash* ("Mell Decl.") at ¶ 2, Ex. 1. Several of GEO's requests pertained to Mr. Ferguson's and the AGO's motivations for initiating this lawsuit. Interrogatory No. 5 asked the State to "[e]xplain what motivated Attorney General Bob Ferguson to claim on behalf of the State that GEO should pay detainees minimum wages for their participation in the voluntary work program while ICE detains these individuals at the NWDC." The State objected on the basis of privilege and relevance. *Id.* GEO also requested information regarding Mr. Ferguson's campaign and this litigation. The State objected to these requests because they sought information from a non-party outside of Washington's possession, custody, or control. Ex. 1 (Interrogatory Nos. 12, 16; Requests for Production Nos. 12, 16, 31-32). On March 15, 2018, GEO provided the State with a draft of its proposed 30(b)(6) Notice. GEO proposed multiple topics regarding the State's legal and factual basis for bringing this lawsuit. The State largely objected to these topics as irrelevant, which GEO contests. Mell Decl. at ¶ 3, Ex. 3 (April 21, 2018 Letter to State) ("We disagree . . . that GEO's proposed Fed. R. Civ. P. 30(b)(6) deposition topics are beyond the scope of discovery.").

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S RESPONSE TO STATE'S
MOTION FOR PROTECTIVE ORDER TO
QUASH FERGUSON SUBPOENA

- 2 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

GEO noticed a 30(b)(6) deposition on July 5, 2018. The State agreed to identify a designee to testify on many of GEO's proposed topics, and a 30(b)(6) deposition was scheduled for August 10, 2018. The State designated Colleen Melody, Chief of the Attorney General of Washington's Civil Rights Unit. During the deposition, Ms. Melody admitted that "Attorney General Ferguson approved the filing of the lawsuit." Mell Decl. at ¶ 4, Ex. 4 at 99:2-3 ("Melody Dep."). Ms. Chien also repeatedly objected as beyond the scope of the 30(b)(6) deposition several questions related to Washington's affirmative defenses: "Q Does Washington state contract with GEO to pay Washington individuals in the custody of the state of Washington – MS. CHIEN: Objection, beyond the scope. Q – less than minimum wage for work performed in GEO facilities?" *Id.* at 121:15-23. After approximately five hours of deposing Ms. Melody, Ms. Mell adjourned the deposition, and asked to reserve the remainder of her time for further questioning. Mell Decl. at ¶ 5.

On July 17, 2018, GEO served a Rule 45 subpoena upon Mr. Ferguson in his individual capacity. GEO requested a videotape deposition on several topics including Mr. Ferguson's knowledge of work programs operated by the State, knowledge of the State's involvement with the NWDC, knowledge of this litigation, and knowledge of his communications with his campaign, Friends of Bob Ferguson, regarding this litigation. Dkt. 101, Ex. A (Subpoena Topics 2, 9-10, 12, 14-15). GEO also sought campaign documents from Mr. Ferguson, including communications between Friends For Ferguson, Mr. Ferguson, and/or the State regarding this litigation, and documents related to State operation of corrections facilities. (Subpoena Requests 7, 10, 15-16). The State now files a motion for a protective order to prevent GEO from obtaining this information.

As described above, GEO has attempted to secure information regarding Mr. Ferguson's political motivations in bringing this suit through several means. Each time, the State has denied GEO this information, asserting that it is outside of the State's control. Now the State is attempting to argue ***the opposite***: that the same information it claims it does not control may be obtained via a 30(b)(6) deposition—yet, predictably, the 30(b)(6) deponent would not answer those questions in

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S RESPONSE TO STATE'S
MOTION FOR PROTECTIVE ORDER TO
QUASH FERGUSON SUBPOENA

- 3 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

depositions.[1] After repeated attempts to obtain information from the State as to its knowledge and motivations in bringing this lawsuit, Mr. Ferguson's personal motivations in bringing this suit, and information related to Mr. Ferguson's campaign, GEO did exactly what the State suggested and sought the information through a Rule 45 subpoena from the one person who uniquely has possession, custody, control <u>and</u> first-hand knowledge of the information sought. Even if the "apex" doctrine excuses Mr. Ferguson from testifying in a deposition (which, as explained below, it does not), it still would not excuse him from providing the documents requested as part of that deposition, an obligation both he and the State have ignored.

## LEGAL AUTHORITY

"[T]he general rule is that 'a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.'" *Terteryan v. Nissan Motor Acceptance Corp.*, No. CV 16-2029-GW (KS), 2017 WL 3576844, at *2 (C.D. Cal. July 5, 2017) (quoting *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973 (C.D. Cal. 2010)). "[T]he movant, bears the burden of establishing 'a personal right or privilege' in the information sought." *Id.* The State has failed entirely to address the issue of standing in its motion.

Assuming the State has standing to quash GEO's subpoena, depositions of public agency heads are generally disfavored absent "extraordinary circumstances." *Coleman v. Schwarzenegger*, No. CIV S-90-0520LKKJFMP, 2008 WL 4300437, at *2 (E.D. Cal. Sept. 15, 2008). But "[t]he extraordinary circumstances test may be met when high-ranking officials 'have direct personal factual information pertaining to material issues in an action,' and 'the information to be gained is not available through any other sources.'" *Id.* at *2 (quoting *Bogan v. City of Boston*, 489 F.3d

---

[1] *See, e.g.* Melody Dep. at 84:13-18 ("Did you, and I am very specifically talking about the Attorney General Ferguson and his office, know that this practice [of detainee work] existed before any outreach conversations were initiated? MS. CHIEN: Objection, work product. Attorney-client privilege."); *Id.* at 213:25-214:4 ("Q Is it the position of Attorney General Ferguson that any private enterprise that uses detainee labor a subminimum wages violates the Minimum Wage Act? MS. CHIEN: Objection, beyond the scope of this deposition.")

| | |
|---|---|
| STATE OF WASHINGTON v. GEO GROUP | NORTON ROSE FULBRIGHT US LLP |
| ECF CASE NO. 3:17-CV-05806-RJB | Andrea L. D'Ambra |
| GEO GROUP'S RESPONSE TO STATE'S - 4 - | 1301 Avenue of the Americas |
| MOTION FOR PROTECTIVE ORDER TO | New York, NY 10019 |
| QUASH FERGUSON SUBPOENA | Telephone: (212) 318-3000 |

417, 423 (1st Cir. 2007)).  Courts have outlined additional factors for courts to consider, including whether "(1) the official's testimony is necessary to obtain relevant information that is not available from another source; (2) the official has first-hand information that cannot reasonably be obtained from other sources; (3) the testimony is essential to the case at hand; (4) the deposition would not significantly interfere with the ability of the official to perform his government duties; and (5) the evidence sought is not available through less burdensome means or alternative sources."  *Warren v. Washington*, No. C11-5686 BHS/KLS, 2012 WL 2190788, at *1 (W.D. Wash. June 14, 2012).

Although courts consider the above factors when deciding whether to compel a so-called "apex" deponent's deposition, the burden remains on the movant to establish "good cause" for a protective order.  *City of Sterling Heights Gen. Employees' Ret. Sys. v. Prudential Fin., Inc.*, 2015 WL 9434782, at *2 (E.D. Cal. Dec. 24, 2015) (noting no binding Ninth Circuit precedent supporting a burden-shifting approach for apex depositions).  This Court may, for "good cause," issue a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1)(B).  However, "[a] strong showing is required before a party will be denied entirely the right to take a deposition."  *Mansourian v. Bd. of Regents of Univ. of Cal. at Davis*, 2007 WL 4557104, at *3 (E.D. Cal. Dec. 21, 2007) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).  A high-ranking government official may be deposed where the government official has "pertinent, admissible, discoverable information which [could] be obtained only from him," or where "there are allegations that the official acted with improper motive or acted outside the scope of his official capacity."  *Coleman* at *3 (citing federal cases).  A party will be permitted to take a deposition of a high ranking official in these two circumstances so long as "no other person possesses the information in question, particularly other members of the [high-ranking official's] office or his administration."  *Id.*

I. **The State Has No Standing To Quash Mr. Ferguson's Subpoena; And Has Not Bourne Its Burden To Establish A Right or Privilege In The Information GEO Seeks**

GEO has issued a Rule 45 subpoena to a non-party in this case, Mr. Ferguson, to obtain key

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S RESPONSE TO STATE'S
MOTION FOR PROTECTIVE ORDER TO
QUASH FERGUSON SUBPOENA

- 5 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

information regarding his interests and motivations in this lawsuit. The State, in seeking to quash GEO's subpoena, provides no support whatsoever as to how it is entitled to quash the subpoena of a non-party. A party such as the State "has no standing to seek to quash a subpoena issued to someone who is not a party" unless it can establish a "personal right or privilege with regard to the documents sought." *Id.* The State has not established a right or privilege in the information sought by GEO – in fact, the State did not even address the issue of standing in its motion. Even if it had, the State would unlikely be able to argue that it has a "personal right" to information regarding Mr. Ferguson's coordination with his campaign, or that this information implicates a "privilege" of the State. As Mr. Ferguson has not sought to quash GEO's subpoena, and the State has not established a personal right or interest in the information GEO seeks, GEO's subpoena should proceed.

**II.     Mr. Ferguson Uniquely Possesses Direct Personal Factual Information Pertaining to GEO's Affirmative Defenses**

Should the Court find that the State has standing, GEO is nevertheless entitled to depose Mr. Ferguson. GEO seeks information concerning the State's knowledge of the Voluntary Work Program prior to suit, as well as similar programs at other State prisons and municipal jails that offer the exact same voluntary work program that pays rates far below the state minimum wage. After repeated attempts to gain this information via propounded discovery requests and a 30(b)(6) deposition, it has become clear that it is Mr. Ferguson himself who has the factual information GEO seeks. Mr. Ferguson is the ultimate decision maker in deciding to file this suit, and only he can provide the requisite factual information on his political motivations, dealings with his campaign concerning this case, and his personal knowledge on the factual contentions supporting this lawsuit.

    **A.     The Testimony GEO Seeks Is Relevant**

Contrary to the State's assertion that Mr. Ferguson does not possess any relevant information, the testimony GEO seeks is both relevant and "essential to the case at hand." *Warren* at *1. GEO's affirmative defense of laches relates to the State's lack of enforcement action against GEO despite knowledge of the practice of the VWP for twelve years. GEO's affirmative defense

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S RESPONSE TO STATE'S
MOTION FOR PROTECTIVE ORDER TO
QUASH FERGUSON SUBPOENA

- 6 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

of unclean hands relates to the State's practice of implementing the same work programs, also offering subminimum wage rates, at State prisons and jails. Indeed, the State Attorney General's office approved the form of a contract executed between GEO and the State in May 2015 that required a voluntary work program paying (and reimbursing) at most $2 a day for inmates held at GEO facilities. Mell Decl. at ¶ 8, Ex. 7.[2] GEO is entitled to question Mr. Ferguson, who served as Attorney General at the time the contract was executed, on his justification for the dichotomy between his claims that he is protecting Washington State workers by demanding that such work be charged at a fair wage, and his approval of that exact practice for Washington State inmates. GEO's affirmative defenses of laches and unclean hands rely on this theory. *See* Dkt. 34 at 8.4 and 8.9. Furthermore, GEO alleges in its counterclaim for declaratory relief that "Washington's agencies and officials have known about the federal Voluntary Work Program at NWDC for many years, but have not notified GEO or ICE that the program establishes an employment relationship or requires paying a minimum wage," *Id.* at 12.7, and that "Attorney General Ferguson [has] publicly disparaged GEO . . . includ[ing] assertions that amount to . . . exploitation of undocumented immigrants." *Id.* at 12.12. GEO believes that State officials including Mr. Ferguson were aware of GEO's administration of the VWP for years, but that Mr. Ferguson only filed this lawsuit in order to take expedient advantage of the current political climate, and use immigration advocacy as a platform to further his personal political ambitions. Yet it is GEO – the party alleged by the State to owe years of restitution to detainees – that would be inequitably prejudiced by the delay in bringing suit until it was politically expedient. As Mr. Ferguson's testimony on his motivations and coordination with his campaign are key to GEO's allegations, the testimony GEO seeks is therefore relevant and "essential to the case at hand."

---

[2] But when asked to admit that the State of Washington had executed this contract with GEO on May 13, 2015, the State responded it was unable to admit or deny the request. Mell Decl. ¶ 8, Ex 2, Response to Request for Admission No. 16.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S RESPONSE TO STATE'S  - 7 -
MOTION FOR PROTECTIVE ORDER TO
QUASH FERGUSON SUBPOENA

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

### B. The Deposition of Mr. Ferguson Should Be Permitted Because Mr. Ferguson Approved The Filing of This Lawsuit With Improper Motive

Courts will allow depositions of high-ranking government officials where "there are allegations that the official acted with *improper motive*." *Coleman v. Schwarzenegger*, No. CIV S-90-0520LKKJFMP, 2008 WL 4300437, at *3 (E.D. Cal. Sept. 15, 2008) (emphasis supplied). In *Bagley v. Blagojevich*, the court held that the Governor could be subjected to a deposition because he was "either the ultimate decision maker or at least personally involved" in firing plaintiffs, which plaintiffs believed was done in retaliation for organizing with a union that was a rival to a group that heavily contributed to the governor's campaign. 486 F. Supp. 2d 786, 789 (C.D. Ill. 2007).

Here, the State has admitted that "Attorney General Ferguson approved the filing of the lawsuit." Melody Dep. at 99:2-3. GEO thus has good reason to believe that Mr. Ferguson was "either the ultimate decision maker or at least personally involved" in deciding to sue GEO. And whether his hands (and the State's hands) are clean is relevant to whether the State can obtain equitable relief. Apart from information subject to a deliberate process privilege, GEO may lawfully obtain testimony from Mr. Ferguson regarding the unique factual information he possesses, including any bias, political pressure, campaign plan, or other improper motive for pursuing a claim against GEO. Mr. Ferguson has made a career and a campaign promise out of fighting for immigrant's rights, and GEO is entitled to probe whether the State's sudden about-face concerning GEO's twelve-year implementation of ICE's voluntary work program policy at the NWDC is due to improper political motivations. *See* Mell Decl. at ¶ 7, Ex. 5 (Bob Ferguson for AG Facebook Campaign Page) ("My office is taking [GEO] to court and holding them accountable for profiting from the unjust and illegal action of exploiting workers."); Ex. 6 (ElectBobFerguson.com) ("Pitch in one dollar for every day of the week that we will work to protect immigrants."). Mr. Ferguson has authorized a lawsuit that seeks equitable restitution from GEO, and therefore should have to testify on relevant equitable defenses, such as laches and unclean hands.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S RESPONSE TO STATE'S
MOTION FOR PROTECTIVE ORDER TO
QUASH FERGUSON SUBPOENA

- 8 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

## III. Information Possessed By Mr. Ferguson Is Not Available Through Other Sources

### A. GEO Has Diligently Pursued This Information From the State, to No Avail

The State has consistently hid behind one major justification for failing to provide the requested information: it is outside the State's control. Now that GEO has subpoenaed an individual with personal knowledge and control over this information, the State adds a new justification for denying GEO access to a suit that it has been forced to defend for nearly a year – Mr. Ferguson is too busy and important to speak on matters essential to GEO's defense.

GEO has made repeated attempts to ascertain the information it seeks for its affirmative defenses. *See In re Transpacific Passenger Air Transportation Antitrust Litig.*, No. C-07-05634 CRB (DMR), 2014 WL 939287, at *5 (N.D. Cal. Mar. 6, 2014) ("The history of the propounding party's efforts to obtain the information through other discovery, or lack of such efforts, can shed considerable light on whether the party is seeking the apex deposition for appropriate purposes."). GEO has served two sets of discovery requests and conducted a deposition of the State's designated deponent, Ms. Melody. At each opportunity, GEO requested relevant factual information that the State was unable to provide. When asked about Mr. Ferguson's campaign and any coordination or communication with Mr. Ferguson or the State concerning GEO, the State asserted that this was non-party information outside its control. *See*, *e.g.*, Ex. 1, State's Response to Interrogatory No. 12; State's Responses to Requests for Production Nos. 12, 31-32; *see also* Ex 2, Response to Request for Admission No. 40. GEO's numerous attempts to obtain this information from the State, including deposing Ms. Melody, support GEO's position that "no other person possesses the information in question," including other members of Ferguson's "office or his administration." *Coleman* *3. Whereas in other cases depositions of the Washington Attorney General have been rightly barred because the requisite "first-hand" and "relevant . . information" was "available from other people," *Clarke v. State Attorney Gen.'s Office*, 133 Wash. App. 767, 782, 138 P.3d 144, 151 (2006), the information GEO's seeks can only be sought from the ultimate decision maker who decided to file this suit, Mr. Ferguson.

STATE OF WASHINGTON v. GEO GROUP  
ECF CASE NO. 3:17-CV-05806-RJB  
GEO GROUP'S RESPONSE TO STATE'S  
MOTION FOR PROTECTIVE ORDER TO  
QUASH FERGUSON SUBPOENA

- 9 -

NORTON ROSE FULBRIGHT US LLP  
Andrea L. D'Ambra  
1301 Avenue of the Americas  
New York, NY 10019  
Telephone: (212) 318-3000

**B. No Other Person Can Speak to Ferguson's Political Motivations In Bringing This Suit**

The State offers two potential solutions to GEO: continue deposing the State's Rule 30(b)(6) deponent, or subpoena the Department of Labor and Industries ("L&I") and the Department of Corrections ("DOC"). As an initial matter, the L&I and the DOC are under the control of the State (the party in interest of this lawsuit) and therefore no subpoena should be required for information held by those entities.[3] But regardless of that, neither of these solutions will provide GEO with the critical information that it seeks – *Mr. Ferguson's* motivations for bringing this lawsuit, the factual information Mr. Ferguson possessed at the time of the lawsuit, documents held by Mr. Ferguson's campaign, and any other facts concerning the State's knowledge of GEO and State work programs prior to the decision to file suit. As Mr. Ferguson was the ultimate decision maker in filing this action, it is his first-hand knowledge that is relevant to GEO's theory that the State knew for twelve years about the VWP's existence, as well as the existence of similar State work programs, and have only now sued GEO due to political motivations.

Although Courts prohibit deposing a high-level government official where "it is likely that other lower-ranking members of his office or administration would have relevant information about his actions," *Coleman* at *3, it is clear from the State's discovery responses and its highly obstructive 30(b)(6) deposition that Mr. Ferguson's subordinates at the AGO do not have, or are unwilling to testify about, the relevant information sought. First, the State is unable to speak to Mr. Ferguson's personal motivations in filing this suit: "I can speak for the Attorney General's Office. Again, I don't speak for Attorney General Ferguson individually." Melody Dep. at 84:19-24. GEO has issued a Rule 45 subpoena to request that information. Second, the State has repeatedly stated that it has no control over information regarding coordination between Mr. Ferguson and his campaign concerning this case. *See* State's Response to Interrogatory No. 12; State's Responses

---

[3] The State has made the surprising assertion that it does not control State agencies and that GEO must subpoena those agencies—one of which, the Department of Labor and Industries, was listed in the "Party" section of the State's complaint. GEO has met and conferred on multiple occasions with the State on that issue and given the State's intransigence, will be reluctantly filing a motion to compel information from those agencies.

STATE OF WASHINGTON v. GEO GROUP  
ECF CASE NO. 3:17-CV-05806-RJB  
GEO GROUP'S RESPONSE TO STATE'S  
MOTION FOR PROTECTIVE ORDER TO  
QUASH FERGUSON SUBPOENA

- 10 -

NORTON ROSE FULBRIGHT US LLP  
Andrea L. D'Ambra  
1301 Avenue of the Americas  
New York, NY 10019  
Telephone: (212) 318-3000

to Requests for Production Nos. 31-32. However Mr. Ferguson, unlike the State, would have possession, custody or control over information regarding his coordination with his campaign, Friends of Bob Ferguson. *See* Subpoena Deposition Topic No. 9-10.

The State has also failed to provide adequate information on the knowledge that either the AGO or the Attorney General in his official capacity had prior to this litigation. When asked, "Has Attorney General Ferguson ever received complaints from Washington detainees about working for private enterprise at subminimum wage?," the State's designee responded: "I don't know the answer to that." When asked, "Was the practice of [detainee work] known in the Attorney General's Office prior to the Attorney General's Office opening an investigation?" The State's designee responded, "I don't know." Melody Dep. at 83:22-84:2. GEO is entitled to obtain testimony from Mr. Ferguson on his knowledge of subminimum wages at GEO and other private detention facilities in the State of Washington, prior to the filing of this litigation, which speaks directly to GEO's allegations that the State has filed this lawsuit with unclean hands.

**IV.     The State Has Not Established An Undue Burden Barring Deposition of Mr. Ferguson**

"The primary purpose of the apex doctrine is not to gain a litigation advantage or to insulate officials from providing evidence in cases, but rather to 'protect [ ] officials from discovery that will burden the performance of their duties, particularly given the frequency with which such officials are likely to be named in lawsuits.'" *United States v. Cty. of Los Angeles*, No. CV1505903DDPJEMX, 2016 WL 4059712, at *4 (C.D. Cal. July 27, 2016) (quoting *Coleman* at *2). The State has not met its burden to establish that this deposition will burden or interfere with the performance of Mr. Ferguson's duties as Attorney General.

The State offers only a parade-of-horribles suggestion that allowing GEO to depose Mr. Ferguson in this highly unique lawsuit would result in him being "deposed in the thousands of civil law enforcement actions brought each year by the office," which "would prevent him from being able to conduct the necessary and important duties of his office." These speculative concerns are alleviated because GEO seeks only relevant information from Mr. Ferguson that only he can

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S RESPONSE TO STATE'S                - 11 -
MOTION FOR PROTECTIVE ORDER TO
QUASH FERGUSON SUBPOENA

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

supply: his motivations for bringing this instant lawsuit. The State has admitted that it was Mr. Ferguson who ultimately made the decision to approve the filing, but has been unable to supply, in either discovery requests or a 30(b)(6) deposition, answers to GEO's questions regarding Mr. Ferguson's campaign communications. Mr. Ferguson should not be "insulated" from providing this evidence. Mr. Ferguson is GEO's last option to obtain the information in seeks for its defenses – no speculative burden outweighs the importance of his testimony in this case.

Where courts have found that a seven-hour deposition of an agency head is overly burdensome, they have permitted alternative relief. For instance, courts have permitted shorter depositions to reduce the risk of inconvenience. *Mansourian v. Bd. of Regents of Univ. of Cal. at Davis,* No. CIVS 03-2591 FCD EFB, 2007 WL 4557104, at *3 (E.D. Cal. Dec. 21, 2007) (permitting deposition of Chancellor of the University of California limited to three hours); *see also Haggarty v. Wells Fargo Bank, N.A.*, No. 10-2416 CRB JSC, 2012 WL 3939320, at *2 (N.D. Cal. Aug. 24, 2012) (permitting deposition of CFO limited to three hours). Even where courts find that the deposition of a high-ranking government official is not warranted, courts will order answers to interrogatories directed to the government official. *Thomas v. Cate*, No. 105CV01198LJOJMDHC, 2010 WL 1343789, at *2 (E.D. Cal. Apr. 5, 2010) (permitting Petitioner to submit interrogatories to the Governor's Legal Affairs Secretary). To the extent that this Court finds that a seven-hour deposition would unduly prevent Mr. Ferguson from conducting his official duties, GEO proposes limiting the deposition to four hours, a reasonable limit given the narrow set of topics GEO seeks to address in its deposition, and the importance of these topics to GEO's affirmative defenses. Regardless of the length of the deposition, Mr. Ferguson should be required to produce all documents requested in connection with the deposition; the State's prior 30(b)(6) deponent provided none. The State has provided no persuasive reason to withhold the requested documents, which are also integral to GEO's ability to provide its affirmative defenses.

**CONCLUSION**

For the above reasons, the State's motion should be denied.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S RESPONSE TO STATE'S
MOTION FOR PROTECTIVE ORDER TO
QUASH FERGUSON SUBPOENA

- 12 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

| | | |
|---|---|---|
| 1 | Dated: August 22, 2018 | **NORTON ROSE FULBRIGHT US LLP** |
| 2 | | |
| 3 | | /s/ *Andrea L. D'Ambra*_____ |
| | | Andrea L. D'Ambra |
| 4 | | 1301 Avenue of the Americas |
| | | New York, NY 10019 |
| 5 | | Telephone: (212) 318-3000 |
| | | Facsimile: (212) 318-3400 |
| 6 | | andrea.dambra@nortonrosefulbright.com |
| 7 | | |
| | | **NORTON ROSE FULBRIGHT US LLP** |
| 8 | | Charles A. Deacon |
| | | 300 Convent St. |
| 9 | | San Antonio, Texas 78205 |
| | | Telephone: (210) 270-7133 |
| 10 | | Facsimile: (210) 270-7205 |
| | | charlie.deacon@nortonrosefulbright.com |
| 11 | | |
| 12 | | **NORTON ROSE FULBRIGHT US LLP** |
| | | Mark Emery |
| 13 | | 799 9th Street NW, Suite 1000 |
| | | Washington, DC 20001-4501 |
| 14 | | Telephone: (202) 662-0210 |
| | | Facsimile: (202) 662-4643 |
| 15 | | mark.emery@nortonrosefulbright.com |
| 16 | | |
| | | **III BRANCHES LAW PLLC** |
| 17 | | Joan K. Mell, WSBA #21319 |
| | | 1019 Regents Blvd. Ste. 204 |
| 18 | | Fircrest, WA 98466 |
| | | 253-566-2510 (P) |
| 19 | | 281-664-4643 (F) |
| | | joan@3brancheslaw.com |
| 20 | | |
| 21 | | **ATTORNEYS FOR DEFENDANT** |
| | | **THE GEO GROUP, INC.** |
| 22 | | |

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP, INC.'S RESPONSE TO
STATE'S MOTION FOR PROTECTIVE
ORDER TO QUASH FERGUSON
SUBPOENA

- 13 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

# CERTIFICATE OF SERVICE

I, Susana Medeiros, hereby certify as follows:

I am over the age of 18, a resident of New York County, and not a party to the above action. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. On August 22, 2018, I electronically served the above Response to the State's Motion for Protective Order via CM/ECF to the following:

Office of the Attorney General
La Rond Baker, WSBA No. 43610
Marsha Chien, WSBA No. 47020
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
LaRondB@atg.wa.gov
MarshaC@atg.wa.gov

Norton Rose Fulbright US LLP
Charles A. Deacon (Pro Hac Vice)
300 Convent St.
San Antonio, TX 78205
(210)-270-7133
charlie.deacon@nortonrosefulbright.com

Norton Rose Fulbright US LLP
Mark Emery (Pro Hac Vice)
799 9th St. NW, Suite 1000
Washington, DC 20001-4501
(202)-662-0210
mark.emery@nortonrosefulbright.com

III Branches Law, PLLC
Joan K. Mell, WSBA #21319
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 (P)
281-664-4643 (F)

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP, INC.'S RESPONSE TO STATE'S MOTION FOR PROTECTIVE ORDER TO QUASH FERGUSON SUBPOENA

- 14 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

joan@3brancheslaw.com

Greenberg Traurig, LLP
Scott A. Schipma
2101 L Street, N.W.
Washington, DC 20037
(202)-331-3141
schipmas@gtlaw.com

I certify under penalty of perjury under the laws of the State of Washington that the above information is true and correct.

DATED this 22nd day of August, 2018 at New York, New York.

_____
Susana Medeiros

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S RESPONSE TO STATE'S
MOTION FOR PROTECTIVE ORDER TO
QUASH FERGUSON SUBPOENA

- 15 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000