1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
9                                   AT TACOMA

10

11    THE STATE OF WASHINGTON,              CASE NO. 3:17-cv-05806-RJB

                         Plaintiff,         ORDER GRANTING PLAINTIFF
12                                          THE STATE OF WASHINGTON'S
          v.                                MOTION FOR PROTECTIVE
13                                          ORDER QUASHING SUBPOENA
      THE GEO GROUP, INC.,                  FOR DEPOSITION OF ATTORNEY
14                                          GENERAL ROBERT W.
                         Defendant.         FERGUSON
15

16

17
            THIS MATTER comes on Plaintiff the State of Washington's Motion for Protective
18
     Order Quashing Subpoena for Deposition of Attorney General Robert W. Ferguson. Dkt. 100.
19
     The Court has considered the motion, Defendant The GEO Group, Inc.'s Response, the State's
20
     Reply, and the remainder of the file herein. The motion should be GRANTED.
21
            The State moves to quash GEO's subpoena to depose State of Washington Attorney
22
     General Robert Ferguson. The deposition is currently scheduled for August 29, 2018.
23

24

The proposed deponent, AG Ferguson, is not only a high-ranking government official, but also is the head lawyer for the law department representing the plaintiff, the State of Washington. Absent extraordinary circumstances, a party cannot depose the opponent's lawyer. *DiLorenzo V. Costco Wholesale Corp.*, 243 F.R.D. 413, 415 (W.D.Wash.2007)(citing cases). No such circumstances exist here.

Furthermore, district courts are vested with broad discretion to permit or deny discovery. *See Laub v. U.S. Dept. of Interior,* 342 F.3d 1080, 1093 (9th Cir.2003). As a general rule, under the so-called *Morgan* ("Apex") doctrine, high-ranking government officials are not subject to deposition absent extraordinary circumstances. *U.S. v. Morgan,* 313 U.S. 409, 421-22 (1941); *Warren v. Washington*, No. C11-5686 BHS/KLS, 2012 WL 2190788, at *1–2 (W.D.Wash.2012) (citing multiple cases). The purpose of the *Morgan* doctrine is to protect officials' decision-making process. *Id.*; *U.S. v. Sensient Colors, Inc.*, 649 F.Supp.2d 309, 316 (D.N.J. 2009). Without such protection, individuals might be discouraged from public service. *Id.*

Courts first determine whether the *Morgan* doctrine should be extended to the particular high-ranking government official, and if so, the burden shifts to the opposing party to show extraordinary circumstances. *See United States v. Sensient Colors, Inc.,* 649 F.Supp.2d 309, 320 (D.N.J.2009). In addition to the proposed deponent's status a counsel to the plaintiff, AG Ferguson is also protected by the *Morgan* doctrine as a high-ranking government official.

To show extraordinary circumstances, the party seeking the deposition must show: (1) the official's testimony is necessary to obtain relevant information that is not available from another source; (2) the official has first-hand information that cannot reasonably be obtained from other sources; (3) the testimony is essential to the case at hand; (4) the deposition would not significantly interfere with the ability of the official to perform his government duties; and (5)

the evidence sought is not available through less burdensome means or alternative sources. *Warren* at *2 (citations omitted). Stated differently, the extraordinary circumstances test may be met when high-ranking officials "have direct personal factual information pertaining to material issues in an action," and the "the information to be gained is not available through any other sources." *Boga v. City of Boston,* 489 F.3d 417, 423 (1st Cir.2007).

Applied here, the Court FINDS:

1. The State has standing to challenge the subpoena to depose AG Ferguson.

2. The Court should exercise its discretion to control discovery by granting the request for protective relief pursuant to Fed. R. Civ. P. 26(c)(1).

3. AG Ferguson is a high-ranking official whose mental impressions and deliberative processes merit protections as a lawyer heading the plaintiff's legal team and under the *Morgan* doctrine.

4. GEO has not made a sufficient showing of extraordinary circumstances under the *Morgan* doctrine. AG Ferguson's deposition is not essential to the merits of the claim or counterclaims. AG Ferguson's deposition is not necessary to obtain discovery that GEO could obtain from third parties, with one exception, discovery as to AG Ferguson's personal motives for filing the case. However, such motives amount to the work product and deliberative processes of counsel, and are not discoverable. .

The Court is also concerned with the proportionality of the discovery in this case under Fed. R. Civ. P. 26(b)(1), but makes no ruling here in regard to proportionality.

THEREFORE, it is HEREBY ORDERED that Plaintiff the State of Washington's Motion to Quash Subpoena for Deposition of Robert Watson Ferguson (Dkt. 100) is GRANTED. The subpoena is HEREBY QUASHED

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 27th day of August, 2018.

ROBERT J. BRYAN
United States District Judge