The Honorable Robert J. Bryan

1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON**

10

| | |
|---|---|
| STATE OF WASHINGTON, | NO. 3:17-cv-05806-RJB |
| Plaintiff, | **GEO GROUP'S MOTION FOR RELIEF FROM DEADLINES** |
| v. | NOTE ON MOTION CALENDAR: SEPTEMBER 7, 2018 |
| THE GEO GROUP, INC., | |
| Defendant. | |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

**INTRODUCTION**

Defendant the GEO Group, Inc. ("GEO") submits this Motion for Relief From Deadlines ("Motion") as, despite GEO's best efforts to facilitate Immigration and Customs Enforcement ("ICE") review, ICE will not be finished reviewing documents by August 31, 2018.  In its July 17 Order[1] this Court ordered GEO to "produce all discovery resubmitted for review by ICE, and thereafter approved by ICE for production, by Friday, August 31, 2018."  Dkt. 86, at 13.  That portion of the July 17 Order was predicated on the Court's assumption that "[t]hirty (30) days for ICE to review GEO's resubmitted discovery appears to be a reasonable amount of time."  *Id.* at 8. This has not been the case, as on August 28, 2018, ICE informed GEO's counsel that it is unable to conclude its review, but instead requires additional time.  ICE attributes this delay to a number of factors, including staffing constraints, planned vacations, and technical difficulties in its review of the documents.

While GEO does not control how quickly ICE conducts its review, GEO has acted in good faith to promote and expedite ICE's review at all times.  Yet, ultimately GEO cannot compel ICE to review the *significantly decreased* number of documents included in GEO's resubmission on the Court's timeline, or satisfy ICE's statutory, regulatory, and contractual obligations to review the documents itself.  GEO, therefore, has shown good cause for relief from the current August 31, 2018 deadline to review and produce all documents resubmitted to ICE pursuant to the July 17 Order.  In order to allow ICE sufficient time to complete its review, GEO asks this Court to (1) set October 5, 2018 as the new deadline by which GEO will produce all documents resubmitted and cleared by ICE; and (2) to the extent ICE prohibits GEO from producing discovery, GEO will provide a corresponding discovery log no later October 12, 2018.

[1] Order on (1) Defendant The Group, Inc's Motion for a Protective Order, (2) Plaintiff the State of Washington's Motion to Compel Production of Documents By the Defendant, and (3) the State's Motion for Relief from Deadline." *See* Dkt. 86.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR RELIEF          - 1 -
FROM DEADLINES

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

1

**CERTIFICATE OF COMPLIANCE, FED. R. CIV. P. 26(c) AND L.C.R. 26(c)**

2       In compliance with Fed. R. Civ. P. 26(c) and L.C.R. 26(c), GEO certifies that it has met and

3   conferred with the State's counsel in an effort to resolve the dispute without court action, prior to

4   the filing of this motion.  Specifically, counsel for GEO and counsel for the State met and conferred

5   on August 29, 2018 regarding ICE's inability to complete its review of resubmitted documents by

6   August 31, 2018.  *Declaration of Andrea L. D'Ambra in Support of GEO's Motion for Relief From*

7   *Deadlines* ("D'Ambra Relief Decl.") at ¶ 7.

8                                               **FACTS**

9       GEO has produced over 6,000 documents to the State through four separate productions.

10  D'Ambra Relief Decl. at ¶ 2.  GEO anticipates producing approximately 31,000 additional

11  documents on August 31, 2018.  *Id.*  In order to do so, GEO has engaged in a good faith and rigorous

12  process to collect, process, and review documents while expending substantial time and effort to

13  identify responsive documents to produce without clearance from ICE.  *See, e.g.*, D'Ambra Decl.,

14  Dkt. 65, at ¶ 5.  The parties executed a (now Amended) Stipulated Protective Order, Dkt. 70, and a

15  Stipulated Order Governing the Disclosure of Privileged Information, Dkt. 61, to facilitate this

16  process.

17      However, ICE's pending document review has featured prominently in the course of

18  discovery.  Since its first meet and confer with the State, GEO has expressly reminded the State of

19  GEO's obligation to obtain clearance from ICE prior to disclosing documents containing ICE

20  protected information.  *See* D'Ambra Decl., Dkt. 65, at ¶ 3.  On June 28, 2018 after weeks of

21  negotiating with ICE regarding the method for providing documents for ICE review, GEO sent ICE

22  attorneys credentials to a Relativity Database containing the documents requiring ICE review ("the

23  ICE Database").  D'Ambra Decl., Dkt. 80, at ¶ 8.  GEO provided this database at its own expense

24  in the hope that it would speed the review, redaction, and eventual production of ICE reviewed

25  documents because it eliminated transfer times, as well as processing and loading times on both the

26  ICE and GEO sides.  During this same time frame, Counsel for GEO and the State met and

27

28

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR RELIEF          - 2 -
FROM DEADLINES

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

conferred telephonically six times,[2] but were unable to resolve their disagreements as to the scope of ICE's review.  On June 21, 2018, GEO filed its Motion for a Protective Order, Dkt. 63, and the State submitted its Motion to Compel, Dkt. 66, and Motion for Relief from Deadlines, Dkt. 68.  In its July 17 Order, this Court instructed GEO *inter alia*: (1) to re-review and exclude certain documents from ICE's review; (2) resubmit the documents to ICE by July 27, 2018; and (3) produce all documents approved by ICE for disclosure by August 31, 2018.  *See* Dkt. 81 at 13.  In accordance with the July 17 Order, on July 23, 2018 GEO resubmitted just under 3,000 documents to the ICE Database.  D'Ambra Decl., Dkt. 95, at ¶ 3.

As GEO informed this Court on August 10, 2018, ICE advised GEO for the first time on August 1, 2018 that it could not access the ICE Database.[3]  *See* Dkt. 94, at 3;  D'Ambra Decl., Dkt. 95, at ¶ 3.  Upon learning that ICE could not access the review platform (due to ICE's own firewall), GEO immediately put together a document production set for ICE review and sent it on a USB drive on Friday, August 3, 2018 for delivery on Monday, August 6, 2018 (the next day ICE was open).  *Id.*  In the letter accompanying the USB drive, GEO requested ICE provide GEO with the approved documents, with all necessary redactions applied, by Monday, August 27, 2018.  *See id.* Delivery on August 27 would provide sufficient time for GEO to load, process, and produce the documents to the State with the requisite production numbers and confidentiality branding.  On the afternoon of August 7, having not heard from ICE, GEO's counsel emailed ICE to confirm receipt of the USB drive.  D'Ambra Relief Decl. at ¶ 4, Ex. 1.  In response to that email, ICE indicated that they needed a second password for the data.[4]  Ex. 1 at 2.  GEO provided the requisite additional password within half an hour.  *Id.*  GEO sent another email asking if ICE had everything needed for their review, which ICE confirmed on August 9, 2018.  Ex. 1 at 1.

---

[2] April 30, May 25, June 12, June 15, June 25, and June 27, 2018.  *See* Geo's Motion for a Protective Order, Dkt. 63, at 2; Mell Decl., Dkt. 64, at ¶ 3.
[3] ICE apparently had discussions with GEO's vendor regarding its access issues, but neither ICE nor GEO's vendor advised GEO's counsel of these issues.
[4] Both the USB itself and the data file on the drive were encrypted and password protected.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR RELIEF                     - 3 -
FROM DEADLINES

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

On August 27, 2018, having not received a return production from ICE as expected, GEO's counsel reached out to her ICE contact to inquire as to the status of the review. *Id.* at ¶ 5, Ex. 2.  In return, she received an out-of-office auto-response indicating that the ICE attorney was not in the office from August 27- September 2. *Id.* at ¶ 5, Ex. 3.  GEO followed up with an email to the point of contact indicated at the bottom of the out-of-office response. Ex. 2 at 1.  On August 28, 2018, ICE Associate Legal Advisor Anne Rose informed GEO's counsel that "ICE is in the process of reviewing records, but will be unable to process" all of the documents[5] GEO had resubmitted for review by the August 31 deadline."  D'Ambra Relief Decl. at ¶ 6, Ex. 3.  In her email to GEO counsel, Rose lists several factors causing ICE's delayed review: (1) "ICE was unable to get into the outside Relativity platform . . . and had to request that the records be sent in a different format"; (2) ICE only has "three attorneys working on the review as much as they can"; and (3) "due to the current workloads, pre-approved leave and other court ordered productions, it has been difficult to complete this review." Ex. 3 at 1-2.  Ms. Rose further stated that ICE "plans on continuing to work on the review" and would produce documents that it has reviewed to date and approved by 'close of business' on August 29, 2018. *Id.*  In accordance with its delayed review, ICE requests "an extension until the end of September to complete the production, and will make every attempt to complete the review before then." *Id.*.  Consistent with estimates it has provided to this Court,[6] GEO anticipates it will take roughly five days to process and finalize for production any documents ICE approves.  D'Ambra Relief Decl. at ¶ 8.

---

[5] In her August 28, 2018 email, Ms. Rose erroneously states that ICE must process "4,000+ documents" as part of its review.  *See* D'Ambra Relief Decl., at ¶ 6.  However, GEO has resubmitted less than 3,000 documents to ICE to review. *See id.*, at ¶ 2.  Ms. Rose may be counting the TIFF images GEO provided with each native document so that ICE would not need to take the time to TIFF documents in order to apply redactions.

[6] *See, e.g.,* D'Ambra Decl., Dkt. 95, at ¶ 3 (stating that "GEO further requested that ICE provide GEO with the approved documents, with all necessary redactions applied, by Monday, August 27, 2018 *to allow for sufficient time to prepare these documents for production* by the August 31, 2018 court-ordered deadline) (emphasis added).

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR RELIEF          - 4 -
FROM DEADLINES

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

**ARGUMENT**

## I.     Legal Standard

"A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  A good cause analysis for amending a discovery deadline "allows the court to balance the need for certainty in case management against the unexpected difficulties that often arise in complying with case scheduling."  *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2014 WL 4954634, at \*2 (N.D. Cal. Oct. 1, 2014).  The court's inquiry focuses primarily on the diligence of the moving party, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), and that party's reasons for seeking modification, *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).  Accordingly, the district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

## II.     There is Good Cause to Grant the Motion

GEO is keenly aware that this Court has already considered a number of discovery-related motions.  As this Court acknowledged in its July 17 Order, however, "the added layer of consideration of any interest ICE may have in discovery has complicated and delayed discovery." Dkt. 86, at 11-12.  Therefore, GEO seeks to proactively address ICE's inability to complete its review by August 31st and thereby uphold the "spirit of cooperation and forthrightness" required in the course of discovery.  *Washington State Physicians Insurance Exchanges & Association v Fisons*, 122 Wash. 2d 299, 342 (1993).  Accordingly, GEO can show good cause for relief from the August 31st deadline to produce all documents resubmitted for ICE review due to unique circumstances outside of GEO's control.

### A.     As ICE Has Not Completed Its Review, GEO Is Entitled to Relief Pursuant to the July 17 Order

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR RELIEF                          - 5 -
FROM DEADLINES

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

The progress of ICE's document review ultimately determines whether GEO can meet its August 31st production deadline. GEO cannot adhere to the July 17 Order's terms on its face, as it cannot produce "all discovery resubmitted for review by ICE, and thereafter approved by ICE for production," without ICE actually completing its review of the resubmitted documents. *See* Dkt. 86, at 13. Furthermore, this Court has explicitly stated that GEO "need not produce to the State any discovery that GEO resubmits for review by ICE *until production has been approved by ICE*." *See id.* at 9 (emphasis added). By the terms of the July 17 Order, those documents are within the realm of discovery which "ICE may legitimately lay claim to control over the production of," *see* Dkt. 86, at 9, and which it is entitled to review. Beyond resubmitting the documents to ICE, however, GEO has no power to dictate when or how ICE conducts its review. [7] Accordingly, in order to comply with the spirit and terms of the July 17 Order, GEO is entitled to relief from the current August 31st deadline as GEO at this juncture can only wait for ICE to finish its review until it may produce the resubmitted documents.

**B.     GEO Could Not Foresee or Anticipate Factors Leading to ICE's Delayed Review Absent Insight Into ICE's Processes**

GEO also has shown good cause for relief because GEO exercised diligence at each step in the process, but ICE provided no insight into its practices so that GEO could anticipate ICE needing longer than 30 days to complete its review. Scheduling orders may be modified because of the development of matters not reasonably foreseen or anticipated at the time of the scheduling order. *See Mammoth Recreations*, 975 F.2d at 609. ICE has explained via email sent to GEO's counsel the factors that led to its delayed review, namely, that: (1) ICE experienced technical difficulties accessing the resubmitted documents throughout July 2018; and (2) ICE has limited staffing capabilities to review the documents, which has been further constrained by competing work assignments and leave. D'Ambra Relief Decl. at ¶ 6. At the time that the State and GEO were

---

[7] *See* D'Ambra Decl., Dkt. 65, at ¶ 3 ("GEO has also made it clear [to the State] that it does not control how long it will take for ICE to complete this review"); GEO's Reply in Support of its Motion for Reconsideration ("GEO Reconsideration Reply"), Dkt. 94, at 4 n.1 ("GEO, however, has made clear both through motion practice and during meet-and-confers with the State that it does not control how long it will take for ICE to complete this review.")

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR RELIEF                  - 6 -
FROM DEADLINES

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

filing their competing discovery motions in late June and early July 2018, neither party could have reasonably foreseen either factor absent some affirmative showing from ICE.

Despite numerous exchanges, ICE only explicitly apprised GEO of its limited ability to conduct its review for the first time in Ms. Rose's August 28, 2018 email.  D'Ambra Relief Decl. at ¶ 6.  ICE had previously advised in late June that while it "is presently engaged in several, substantial, court-ordered productions of documents," ICE "intends, subject to resource constraints, to allocate resources to the reviews for the above referenced case." D'Ambra Decl., Dkt. 80, at ¶ 4-5, Ex. 1 at 2.  Similarly, ICE did not raise the issue of ICE having "technical difficulties accessing GEO's [discovery review platform] and [that] the problem seems to be [] ICE's firewall" until August 1st, a full month after GEO provided ICE representatives access to the ICE Database.  *See* D'Ambra Decl., Dkt. 95, at ¶ 3.  Without further information from ICE, GEO could not have anticipated that ICE would not be able to complete its review by August 27th so that GEO in turn could produce to the State by August 31, 2018.

> **C.      GEO's Proposed Relief Benefits the Interests of Parties and Non-Parties Alike**

Allowing ICE to complete its review of all resubmitted documents furthers similar interests of parties and non-parties that GEO sought to protect by filing its original motion for a protective order in June.  *See* Dkt. 63, at 9-11.  For example, complete and thorough ICE review of all documents GEO has resubmitted ensures that non-party security and safety interests are not jeopardized.  *See Castillon v. Corr. Corp. of Am.*, No. 1:12-CV-00559-EJL, 2013 WL 4039478, at *3 (D. Idaho Aug. 6, 2013) (granting motion limiting disclosure of security-related information from privately operated state prison to plaintiff's counsel); *see also Solis v. Washington, Dep't of Corr.*, No. 08-5362RJB, 2009 WL 10676491, at *1 (W.D. Wash. Oct. 15, 2009) (Bryan, D.J.) (entering protective order covering confidential information related to correctional officials).  Likewise, federal statute or regulations prohibit the disclosure of documents containing information pertaining to some detainees, such as Violence Against Women Act (VAWA) applicants, refugees and asylees, seasonal agricultural workers, T visa holders, and U visa holders.  D'Ambra Decl.,

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR RELIEF          - 7 -
FROM DEADLINES

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

Dkt. 80, at ¶ 3, Ex. 1 at 1-2.  An extension allowing ICE to complete its review will ensure that these and other interests are fully protected.

### D.    GEO's Proposed Relief Is Narrowly Tailored

Finally, GEO has shown good cause for relief because its request is narrowly tailored to the specific concerns raised by ICE.  Unlike earlier motion practice seeking relief from all prospective deadlines, *see* Dkts. 68, 72, and 77, GEO's instant motion only seeks to change the dates when GEO must produce documents ICE has approved, or alternatively, when GEO must provide a corresponding discovery log.  ICE has requested "an extension until the end of September to complete the production."  D'Ambra Relief Decl., at ¶ 6.  Accordingly, in order to accommodate ICE's request and provide time to process and finalize the production, GEO asks this Court to set October 5, 2018 as the new production deadline and October 12, 2018 as the new deadline for GEO's corresponding discovery log.

### III.    GEO Has Acted In Good Faith To Facilitate ICE's Document Review

Rather than seeking to "profit[] from carelessness, unreasonability, or gamesmanship," GEO has been exceptionally diligent in seeking to advance ICE's document review and, as such, should "not be punished . . . for circumstances outside [its] control."  *See In re Cathode Ray Tube (CRT) Antitrust Litig.,* 2014 WL 4954634, at *2; *see also Carlson v. Am. Pac. Mortg. Corp.*, No. 2:14-CV-01141 RSM, 2015 WL 1883974, at *1 (W.D. Wash. Apr. 24, 2015) (granting schedule modification where party seeking modification acted in good faith and volume of discovery-related materials party required to produce was large)  Over the past three months, GEO has: (1) informed ICE that GEO was obligated to produce documents in this case requiring ICE review; (2) negotiated the parameters of the review with representatives of ICE and United States Attorney's Office; (3) set up a discovery review platform for ICE; (4) responded immediately to ICE's concerns over "technical difficulties" with the review platform; (5) quickly provided ICE with documents to review via a USB drive; (6) confirmed that ICE could access and review the documents; and (7) requested ICE provide documents back to GEO by August 27 so that GEO could make its August

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR RELIEF              - 8 -
FROM DEADLINES

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

31st production.  *See* D'Ambra Decl., Dkt. 65, at ¶¶ 12-13; D'Ambra Decl., Dkt. 73, at ¶ 6; D'Ambra Decl., Dkt. 80, at ¶¶ 2-10; D'Ambra Decl., Dkt. 95, at ¶¶ 2-3; D'Ambra Relief Decl. at ¶ 6.  Such actions reflect GEO's continued good faith efforts to advance discovery in this case.

## IV.      Granting GEO Relief Would Do Little to Prejudice the State's Interests

GEO acknowledges that ICE's delayed review prejudices both parties' case preparation, which courts may consider in deciding whether to modify a discovery deadline. *See Johnson*, 975 F.2d at 609.  Yet, several considerations mitigate such prejudice.  ICE has stated that it will produce documents reviewed to date by August 29, 2018, D'Ambra Relief Decl. at ¶ 6, which GEO will then process and provide to the State as soon as possible.  ICE has also stated that it "will make every attempt to complete the review" before the end of September and "will keep diligently working to ensure that the review is completed as soon as possible." *Id.* at ¶ 6.  Assuming ICE completes its review and delivers documents to GEO on September 30, the State will receive the remaining documents by October 5th, which is nearly three weeks before its discovery motions are due and more than a month before the close of discovery on November 16, 2018. *See* Dkt. 86, at 14.  As such, the State will have ample opportunity to incorporate the information it receives, which supplements the thousands of documents the State has already received over the past months.

### CONCLUSION

For the above reasons, GEO respectfully requests that the Court grant its Motion so that documents resubmitted for ICE review shall be produced to the State no later than Friday, October 5, 2018, and a corresponding discovery log produced no later than Friday, October 12, 2018.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR RELIEF                    - 9 -
FROM DEADLINES

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

Dated: August 29, 2018

**NORTON ROSE FULBRIGHT US LLP**

/s/ *Andrea L. D'Ambra*
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000
Facsimile: (212) 318-3400
andrea.dambra@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
Charles A. Deacon
300 Convent St.
San Antonio, Texas 78205
Telephone: (210) 270-7133
Facsimile: (210) 270-7205
charlie.deacon@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th Street NW, Suite 1000
Washington, DC 20001-4501
Telephone: (202) 662-0210
Facsimile: (202) 662-4643
mark.emery@nortonrosefulbright.com

**III BRANCHES LAW PLLC**
Joan K. Mell, WSBA #21319
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 (P)
281-664-4643 (F)
joan@3brancheslaw.com

**GREENBERG TRAURIG, LLC**
Scott A. Schipma
2101 L Street NW, STE 100
Washington, DC 20037
(202)-313-3141
schipmas@gtlaw.com

**ATTORNEYS FOR DEFENDANT
THE GEO GROUP, INC.**

STATE OF WASHINGTON v. GEO GROUP
EOF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR RELIEF          - 10 -
FROM DEADLINES

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

**CERTIFICATE OF SERVICE**

I, Susana Medeiros, hereby certify as follows:

I am over the age of 18, a resident of New York County, and not a party to the above

action.  On August 29, 2018, I electronically served the above Motion for Relief from Deadlines

via ECF to the following:

| | |
|---|---|
| Office of the Attorney General | III Branches Law, PLLC |
| La Rond Baker, WSBA No. 43610 | Joan K. Mell, WSBA #21319 |
| Marsha Chien, WSBA No. 47020 | 1019 Regents Blvd. Ste. 204 |
| 800 Fifth Avenue, Suite 2000 | Fircrest, WA 98466 |
| Seattle, WA 98104 | 253-566-2510 (P) |
| LaRondB@atg.wa.gov | 281-664-4643 (F) |
| MarshaC@atg.wa.gov | joan@3brancheslaw.com |
| | |
| Norton Rose Fulbright US LLP | Greenberg Traurig LLP |
| Charles A. Deacon (Pro Hac Vice) | Scott A. Schipma |
| 300 Convent St. | 2101 L Street NW, STE 100 |
| San Antonio, TX 78205 | Washington, DC 20037 |
| (210)-270-7133 | (202)-313-3141 |
| charlie.deacon@nortonrosefulbright.com | schipmas@gtlaw.com |
| | |
| Norton Rose Fulbright US LLP | |
| Mark Emery (Pro Hac Vice) | |
| 799 9th St. NW, Suite 1000 | |
| Washington, DC 20001-4501 | |
| (202)-662-0210 | |
| mark.emery@nortonrosefulbright.com | |

STATE OF WASHINGTON v. GEO GROUP
EOF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION FOR RELIEF                - 11 -
FROM DEADLINES

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

1    I certify under penalty of perjury under the laws of the State of Washington that the above

2  information is true and correct.

3    DATED this 29th day of August, 2018 at New York, New York.

4

5  _____

6  Susana Medeiros

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  STATE OF WASHINGTON v. GEO GROUP          NORTON ROSE FULBRIGHT US LLP
    ECF CASE NO. 3:17-CV-05806-RJB                         Andrea L. D'Ambra
28  GEO GROUP'S MOTION FOR RELIEF        - 12 -      1301 Avenue of the Americas
    FROM DEADLINES                                         New York, NY 10019
                                                           Telephone: (212) 318-3000