1

The Honorable Robert J. Bryan

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

10

11    STATE OF WASHINGTON,                          NO. 3:17-cv-05806-RJB

12                          Plaintiff,              **GEO GROUP'S MOTION TO COMPEL**

13    v.                                            NOTE ON MOTION CALENDAR:
                                                     September 14, 2018
14    THE GEO GROUP, INC.,

15
                             Defendant.
16

17

18

19

20

21

22

23

24

25

26

27    STATE OF WASHINGTON V. GEO                    NORTON ROSE FULBRIGHT US LLP
      GROUP                                               Andrea L. D'Ambra
28    ECF CASE NO. 3:17-cv-05806-RJB               1301 Avenue of the Americas
      GEO GROUP'S MOTION TO COMPEL                     New York, NY 10019
                                                     Telephone: (212) 318-3000

**INTRODUCTION**

Discovery is a two-way street and the rules governing it apply to all parties – even the government. "When the government seeks affirmative relief, it is fundamentally unfair to allow it to evade discovery of materials that a private plaintiff would have to turn over." *E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 398 (E.D. Cal. 2009). Unfortunately here, that is exactly what the State is trying to do. Despite aggressively pressing GEO for voluminous documents and information, the State has made little-to-no effort to comply with its own obligations and has actively obstructed GEO's efforts to defend itself. Given that the State is seeking tens of millions – if not hundreds of millions – of dollars in disgorgement of profits[1] from GEO, GEO must be given the opportunity to defend itself and obtain information directly relevant to its affirmative defenses. But the State is stonewalling.

First, the State is asserting an unreasonably narrow definition of the scope of its discovery obligations. Despite representing "The State of Washington," the Attorney General's Office ("AGO") claims it does not have possession, custody or control of documents, nor knowledge of facts related to State Agencies other than the AGO's own files. This even includes the Department of Labor & Industries, which the State specifically listed under the parties' section in its complaint. As detailed below, the courts are clear that the State is required to preserve and produce relevant documents from State Agencies, not just the AGO's own files.

Further, even under the more narrow scope asserted by the AGO, the State has still failed comply with the discovery rules. The AGO admits that it has not made a reasonable inquiry into information held by its own AGO subdivisions – including its subdivisions for the Department of Labor and Industries, the Department of Corrections, or the Department of Social and Health Services – even though GEO's discovery requests specifically sought information from these AGO divisions. At the same time, the AGO certified that the State had no responsive information from

---

[1] GEO is in no way conceding that such damages would be appropriate, but as the State has not yet articulated a damage model, it is difficult to ascertain the extent of the damages sought.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION TO COMPEL          - 1 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

these divisions.  Without a reasonable inquiry of the above-mentioned departments, this response is a clear and troubling violation of Rule 26(g)(1).

Finally, the State also refuses to provide the names of custodians from whom it collected specific documents.  Instead, the AGO provided (after multiple meet-and-confer efforts) a spreadsheet that lists a series of cryptic abbreviations such as "AGO," "AGO ADM," and "AGO CRU."  This is problematic for two reasons.  First, it makes it impossible for GEO to determine when individuals at the AGO were put on notice of the work program at the NWDC, a component of GEO's defense of laches.  Second, without custodian information, it is hard to determine the sufficiency of the State's discovery efforts.  As discussed below, this is information required to be provided under FRCP 34, and is no less than the State itself requested for GEO's productions.

## CERTIFICATE OF COMPLIANCE, FED. R. CIV. P. 26(C) AND L.C.R. 26(C)

In compliance with Fed. R. Civ. P. 26(c) and L.C.R. 26(c), GEO certifies that it has met and conferred with the State's counsel in an effort to resolve the dispute without court action, prior to the filing of this motion.  Specifically, counsel for GEO and counsel for the State have met and conferred telephonically eight times – on April 30, May 25, June 12, June 15, June 25, June 27, August 8, and August 21, 2018 – regarding various discovery issues, including the State's obligation to produce records in the possession of State agencies and the entirety of the AGO's office, and metadata deficiencies in its productions.  *Declaration of Andrea L. D'Ambra in Support of Defendant's Motion to Compel* ("D'Ambra Decl.") at ¶ 3-6.

## FACTS

GEO served its first set of discovery, including requests for production, on January 5, 2018.  The State responded to State's requests on February 5, 2018. D'Ambra Decl. at ¶ 2, Ex. 1.  GEO received the State's First production of documents of 239 documents on April 3, 2018.  D'Ambra Decl. at ¶ 2.  Despite the size of this production, the April 3 documents were produced in an unusable form, absent any metadata.  On April 11, the State belatedly provided GEO with a list of its own production specifications, including requiring documents to be provided with custodian and

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION TO COMPEL          - 2 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

author metadata.  D'Ambra Decl. at ¶ 3.  GEO provided the State with a list of its own production specifications on April 27, 2018.  D'Ambra Decl. at ¶ 3, Ex. 2 at 3-6.  The State agreed to comply with these specifications in a May 2, 2018 letter.  *Id.* at ¶ 3.  The State provided a re-production of these documents on June 6, 2018, the majority of which were produced without custodian information or author field data.  *Id.*

On June 22, 2018, the State informed GEO for the first time that "[t]he Civil Rights Unit of the Washington State Attorney General's Office . . . does not control documents or information from any other units or any of the State Agencies those units represent . . ."  D'Ambra Decl. at ¶ 4.  During a meet and confer on June 27, 2018, counsel for the State reversed course, admitting that it did have control over documents within the AGO beyond the CRU division, but that the State's search and collection efforts thus far had been limited to the CRU division of the AGO.  D'Ambra Decl. at ¶ 4.  On June 28, 2018 the State confirmed its stance that it controlled information held by all divisions of the AGO, but did not control State Agencies.  D'Ambra Decl. at ¶ 4, Ex. 3 at 1 (July 28, 2018 Letter).

GEO served its second set of discovery, including requests for production, requests for admission and additional interrogatories, on July 2, 2018.  The State responded to this discovery on August 1, 2018.  D'Ambra Decl. at ¶ 5, Ex. 4-5.  In its responses, the State maintained its position that documents possessed by State agencies are outside the control of the State of Washington and the Attorney General's Office, but stated that "[w]ithout waiving any objection, Washington has no documents responsive to this Request."  *See* RFP Nos. 46, 51-63.  On August 20, 2018, the State informed GEO that it had "not searched the Attorney General's Office for documents responsive to GEO's Requests for Production Nos. 46 or 51-63."  D'Ambra Decl. at ¶ 6.  During an August 21 meet and confer GEO asked how the State could say it had no documents in its possession, if it had never searched for documents, but the State did not respond.  D'Ambra Decl. at ¶ 6.  Moreover, the State informed GEO that it had not searched for documents in the possession of AGO divisions that represent State agencies, and instead argued that it should not be required to search for such

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION TO COMPEL          - 3 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

documents because they would be privileged or covered by the work product doctrine. *Id.* GEO's counsel provided examples of documents that would not be covered by either privilege or the work product doctrine, such as executed contracts, documents received from or sent to outside parties, and documents produced by the State in other litigation. *Id.*

After nearly two months of negotiations and multiple discussions on why custodian information was necessary, the State finally agreed to provide GEO with custodian metadata information. D'Ambra Decl. at ¶ 7. However, it was not until August 20, 2018 that the State informed GEO that it would give GEO a spreadsheet with the custodian information, instead of a typical production with a load file, in accordance with the April 27, 2018 production specifications. The State provided GEO with an excel spreadsheet containing information on the first production on August 22, 2018. That same day, the State also produced an additional 238 documents. The "custodian" data provided in the excel spreadsheet for the first production identified documents from only three 'divisions' in the Attorney General's Office – the "AGO," the "AGO CRU" and the "AGO ADM." D'Ambra Decl. at ¶ 7, Ex. 6. The custodian data for the second production similarly listed documents only from these three divisions at the AGO. D'Ambra Decl. at ¶ 7, Ex. 7. No names of actual individual custodians were provided.

## LEGAL AUTHORITY

"A party seeking discovery may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The moving party bears the burden of demonstrating that the information it seeks is relevant and that the responding party's objections lack merit." *Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383, 390 (W.D. Wash. 2017) (citing *Bluestone Innovations LLC v. LG Elecs., Inc.*, No. C1301770SI (EDL), 2013 WL 6354419, at *2 (N.D. Ca. Dec. 5, 2013)).

Federal Rule of Civil Procedure 34(a) requires parties to produce documents in their "possession, custody or control." The party seeking production of the documents bears the burden of proving that the opposing party has such control." *U.S. v. Int'l Union of Petroleum*, 870 F.2d at

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION TO COMPEL          - 4 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

1452 (citing *Norman v. Young*, 422 F.2d 470, 472-73 (10th Cir. 1970)). "Control is defined as the legal right to obtain documents upon demand." *Id.* at 1452 (9th Cir. 1989).

Washington State is the named party in this case. The State has control over information possessed by State agencies. *See Wilson v. Washington*, No. C16-5366 BHS, 2017 WL 518615 (W.D. Wash. Feb. 8, 2017) (compelling the State of Washington to produce citizen complaints and investigatory files held by State agencies). The AGO also has the legal right to obtain information from State agencies as a legal adviser for the State. *See State v. Reed*, 429 P.2d 870 (Wash. 1967). Courts in the Ninth Circuit have also found that the AGO has control on the basis of its relationship with State agencies. *Bovarie v. Schwarzenegger*, No. 08CV1661 LAB NLS, 2011 WL 767249, at *5 (S.D. Cal. Feb. 25, 2011) (finding that the AGO had control over Plaintiff's medical records in the possession of the California Department of Corrections and Rehabilitation ("CDCR")).

## ARGUMENT

### I.     GEO Seeks Relevant Information Pertaining To Its Affirmative Defenses

The State has objected to the production of documents and information, including those pertaining to the Department of Labor and Industries ("L&I"), the Department of Corrections ("DOC"), the Department of Social and Health Services ("DSHS"), and the Governor's Office, on the basis that it does not have possession, custody, or control of this information, and the information is not relevant. The State has also objected to searching or producing documents held by AGO subdivisions that represent these entities, on the basis that these documents (which the State has not searched or reviewed) are entirely privileged. GEO seeks this information because it is extremely relevant to GEO's affirmative defenses of unclean hands and laches. *See* Ex. 1, Requests for Production Nos. 13, 33-34, Interrogatory No. 13; Ex. 4, Requests for Production Nos. 46, 51-63; Ex. 5, Requests for Admission Nos. 1-3, 5-7, 9-16, 33-37.

GEO alleged that the State has unclean hands because the State, through its agencies, the DOC and DSHS, and through its delegated authorities to State municipal jails, operates work programs that pay rates far below the State minimum wage. *See, e.g.*, RFP 57 ("Documents

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION TO COMPEL                - 5 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

sufficient to show all amounts paid to prisoners/detainees incarcerated or detained by Washington State who participated in offender work programs since 2005."). Information such as compensation of persons detained at State work programs, State work program policies (RFP 51, 52, 57), and State contracts with entities providing detention services in Washington (RFP 53), would all be relevant to GEO's allegation that the State pays prisoners and detainees a subminimum wage.

GEO also asserted that the State had unduly delayed in pursuing this lawsuit, as for twelve years preceding this complaint, the State, through the AGO, L&I or the Governor's Office, had never pursued an enforcement action against GEO despite knowing about its Voluntary Work Program. *See, e.g.*, RFA 1 ("Admit that the State has not previously sought to enforce the Minimum Wage Act or bring unjust enrichment claims against GEO or ICE for detainees at the Northwest Detention Center."). Information such as the lack of State enforcement actions against GEO (RFA 1, 3), the lack of notice to GEO or ICE that the minimum wage act applies to GEO (Interrogatory 13, RFA 5), and the State's knowledge of the Voluntary Work Program (RPD 34), would all be relevant to GEO's allegation that the State has wrongfully delayed in bringing suit against GEO.

## II.    The State Has Failed To Produce Information Under Its Control Or In Its Possession

### A.    The State Has The Legal Right to Obtain Information In the Possession of State Agencies.

The State asserts that it does not have possession, custody or control of State agency information, despite admitting "the Washington Attorney General's Office's client in this lawsuit is the State of Washington." RFA 8. This case is not styled "Attorney General of the State of Washington, Civil Rights Unit v. The GEO Group." The State of Washington is the named party.

The State of Washington has control over information in the possession of State agencies. *Wilson v. Washington*, No. C16-5366 BHS, 2017 WL 518615 (W.D. Wash. Feb. 8, 2017). In *Wilson v. Washington*, Plaintiff sued the State of Washington, the DSHS, and Special Commitment Center ("SCC") employee Dr. Sziebert, alleging he was unconstitutionally detained at the SCC. Plaintiff sought two categories of documents from Defendants: 1) citizen complaints regarding civil

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION TO COMPEL          - 6 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

confinement by the State of Washington, and 2) State investigations of Dr. Sziebert. Defendants objected on the basis that it lacked control over agencies not named as parties. The *Wilson* court rejected this argument, finding that "[t]he State offers no substantive explanation why it cannot provide" complaints filed against the State. *Id.* at \*3. Moreover, "**the State [has] . . . authority to obtain documents regarding any State Agency** investigation of Doctor Sziebert." *Id.* The State has the authority to obtain information from State agencies, and must produce this information.

### B.   As the State's Legal Adviser, the AGO May Obtain Information From State Agencies.

To the extent the AGO argues that its control is limited to the AGO, this is contrary to Washington law. The AGO represents the State of Washington in this litigation in a *parens patriae* capacity, and may obtain information from State agencies by virtue of its role as legal adviser to the State. *See State v. Reed*, 429 P.2d 870, 872 (Wash. 1967). In *State v. Reed*, the State of Washington filed a motion to compel Defendant's medical records, which were also in the possession of a state hospital. The Supreme Court of Washington found that the State's Motion was inappropriate, because the State could have "proceed[ed] along the lines available to the state for obtaining evidence by other means" instead of "demand[ing] that the defendant supply it." *Id.* at 872. Citing RCW 43.10.030 and RCW 43.10.040, the *Reed* court argued that the State could have had the AGO request these documents from the state-run hospital because Attorney Generals are "adviser[s] on legal matters" to state agencies. *Id.* Other courts applying the legal right test have found that an AG's control over State entity documents stems from its statutory power to represent state agencies. *Bd. of Educ. of Shelby Cty., Tenn. v. Memphis City Bd. of Educ.*, No. 2:11-CV-02101-SHM, 2012 WL 6003540, at \*3 (W.D. Tenn. Nov. 30, 2012) (AGO representing State of Tennessee had control over General Assembly documents "[b]ased upon these statutory duties to handle "all legal services," "direct and supervise" all litigation, and "represent" the State of Tennessee.). Pursuant to statutory authority as outlined in *Reed*, the AGO may request documents from State agencies under its statutory power to represent them as an adviser on legal matters.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION TO COMPEL             - 7 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The AGO also has control over State agency information because it possesses the "requisite relationship" or "affiliation" with State agencies. *Ochotorena v. Adams*, No. 1:05-CV-01524-LJODLB, 2010 WL 1035774, at *3 (E.D. Cal. Mar. 19, 2010) (quoting *Allen v. Woodford*, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007)). In *Ochotorena v. Adams*, the California AGO represented officers employed with the California Department of Corrections and Rehabilitation ("CDCR"), but resisted discovery of documents possessed by the CDCR. 2010 WL 1035774 (E.D. Cal. Mar. 19, 2010). The *Ochotorena* court rejected the AGO's claimed lack of control: "[i]t is this Court's experience that either individual defendants who are employed by CDCR and/or the Attorney General can generally obtain documents, such as the ones at issue here, from CDCR by requesting them. If that is the case, then, based on their relationship with CDCR, they have constructive control over the requested documents and the documents must be produced." *Id.* at *3. Courts in the Ninth Circuit have similarly ruled that the Attorney General's Office may generally obtain documents from state entities. *Bovarie v. Schwarzenegger*, No. 08CV1661 LAB NLS, 2011 WL 767249, at *5 (S.D. Cal. Feb. 25, 2011) (finding that the AGO had control over Plaintiff's medical records in the possession of the CDCR); *Alexander v. California Dep't of Corr.*, No. 2:08-CV-2773, 2010 WL 4069953, at *3 (E.D. Cal. Oct. 18, 2010) (authorizing *subpoena duces tecum* on California AGO for non-party California Department of Justice documents).

Case law and common sense show a relationship between the Washington AGO and Washington State agencies such as L&I and DOC. First, as described above, the Washington Supreme Court and courts in the Ninth Circuit have found that the State or the AGO has control over information held by State agencies. The Washington AGO contains legal divisions that specifically represents and advises State agencies. *See, e.g.*, https://www.atg.wa.gov/corrections ("Corrections Division staff represents and advises the Department of Corrections . . ."); https://www.atg.wa.gov/labor-industries ("The Labor and Industries Division represents and advises the Department of Labor and Industries regarding . . . questions about fair wages and prevailing wage requirements . . ."). The State has provided GEO with no "factual support for the

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION TO COMPEL      - 8 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

assertion that, in spite of their relationship to [State agencies], they do not have possession, custody or control of the requested documents." *See Woodall v. California*, No. 1:08-CV-01948-OWW, 2010 WL 4316953, at *6 (E.D. Cal. Oct. 22, 2010) (ordering AGO of the State of California to produce CDCR documents, unless it can "provide factual support.").

At the very least, the State is obligated to exhaust all practical means at its disposal by making a request of these agencies, before claiming that it does not have control over State agency information. *See Maria Del Socorro Quintero Perez, CY v. United States*, No. 13CV1417-WQH-BGS, 2016 WL 705904, at *5 (S.D. Cal. Feb. 23, 2016) (Defendant, a DHS employee prohibited by *Touhy* from disclosing documents, "had a duty to make a request of [DHS] . . . before stating that he lacked possession, custody or control."). The State has done nothing to attempt to obtain documents from other State agencies, and has not even submitted a request to L&I, DOC, DSHS, or the Governor's Office in response to GEO's requests.

### C. The State Represents the State of Washington and the Department of Labor and Industries In This Litigation, And Cannot Shirk Its Discovery Obligations By Limiting Discovery To The Attorney General's Office

Although the State claims that it has no control over State agency information (which GEO disputes), at the very least the State has control over the Washington State Department of Labor and Industries. The State may not simultaneously enforce laws and regulations enforced or promulgated by L&I, and shirk its responsibility to produce information in L&I's possession.

The State has asserted that because the State of Washington is the client in this litigation, it only has an obligation to produce information within the possession, custody, or control of the AGO. Even if this Court found that a narrower standard applied, GEO would certainly be entitled to information held by L&I. In *United States v. Novartis Pharm. Corp.*, defendant sought to compel eleven state plaintiffs to produce information from all of their agencies. The court rejected going so far, instead compelling production from the agency "at issue" for each state, defined as the "agencies that run each state's Medicaid program." 2014 WL 6655703, at *10 (S.D.N.Y. Nov. 24, 2014). Although case law outside the Ninth Circuit is less than persuasive on this Court,

| | |
|---|---|
| STATE OF WASHINGTON v. GEO GROUP | NORTON ROSE FULBRIGHT US LLP |
| ECF CASE NO. 3:17-CV-05806-RJB | Andrea L. D'Ambra |
| GEO GROUP'S MOTION TO COMPEL       - 9 - | 1301 Avenue of the Americas |
| | New York, NY 10019 |
| | Telephone: (212) 318-3000 |

nevertheless, under this standard, GEO would be entitled to information held by L&I because L&I is clearly the agency "at issue" in this litigation.  L&I has an interest in and connection to the claims or defenses in this litigation, namely, the enforcement of minimum wage laws.  Similarly, in *New York ex rel. Boardman v. Nat'l R.R. Passenger Corp.*, the Northern District of New York found that although the AGO was representing the State of New York's interests, it was doing so under the authority of the Department of Transportation, which had "the authority to protect or defend its constitutional and statutory mandates" under the circumstances of the case.  233 F.R.D. 259, 265 (N.D.N.Y. 2006).  Although GEO again disagrees that it is not entitled to relevant information held by each of the State's agencies, GEO would be entitled to L&I documents under this standard.  The AGO has brought this action as the chief legal adviser to the State of Washington for "the enforcement of minimum wage laws."  Dkt. 1-1 ¶ 3.5 at p. 3.  L&I also has the statutory authority to "adopt and implement rules to carry out and enforce" minimum wage laws.  RCW 49.46.810. Moreover, in its complaint, under the Parties Section, the State describes L&I as a "state agency" that "enacts rules and operates enforcement programs to help ensure compliance with the State's wage laws."  Dkt. 1-1 ¶ 3.2 at p. 2.  The State has an obligation to produce information in the possession of L&I.  The State illogically asserts that it has the power to enforce a minimum wage claim, but has no obligation to produce information possessed by the State agency that enforces Washington's minimum wage law.

> **D.   The State Has Failed To Search For And Produce Documents In The Possession of the Attorney General's Office**

Documents located outside of the Civil Rights Unit ("CRU") of the AGO are likely to contain information relevant to GEO's affirmative defenses.  As a result, GEO has repeatedly requested documents possessed by divisions of the AGO tasked with representing State agencies such as the DOC and L&I in litigation.  Although the State previously stated that it had searched the entire AGO for relevant documents responsive to GEO's first set of requests, the State's own representations suggest this is false.  The State admitted on June 28 that it had not searched for

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION TO COMPEL                - 10 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

documents outside the CRU.  D'Ambra Decl. at ¶ 4.  When pressed on this issue, the State admitted that there was **<u>"no value" in searching for documents</u>** in the possession of AGO divisions that represent State agencies, because the documents would all be work product.  The State reaffirmed this position even after GEO specified numerous categories of nonprivileged documents likely in the possession of these divisions, including executed contracts.[2]  D'Ambra Decl. at ¶ 6.  Finally, the State's deficient custodial metadata indicates that the State has only produced documents from three locations within the AGO, the CRU and the ADM, and the "AGO."

The AGO is required to conduct a "reasonable inquiry" to determine whether it has documents responsive to GEO's requests. Fed. R. Civ. P. 26(g).  The State signed a verification to the responses to GEO's First and Second Set of Requests that it had conducted a reasonable inquiry, but did not even conduct searches of documents within the entirety of the AGO's office.  *See Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008) (Rule 26(g) "was enacted over twenty-five years ago to bring an end to the equally abusive practice of objecting to discovery requests . . . **without a factual basis**.").  Based on the State's responses and objections, the State has done no due diligence to determine whether it has responsive documents located within other divisions of the AGO.  Even if this Court finds that the AGO does not have control over other State agencies, "[c]learly, the Attorney General has control over documents within all divisions of [his] office," and must produce "documents [obtained] from other agencies by virtue of having represented those agencies in separate litigation."  *Com. v. Ortho-McNeil-Janssen Pharm., Inc.*, 2012 WL 5392617, at *4 (Mass. Super. Oct. 5, 2012).

### III.     The State Has Failed To Produce Documents Containing Metadata In The Ordinary Course of Business

Federal Rule of Civil Procedure 34(b)(2)(E)(i)-(ii) requires parties to produce documents either as they were kept "in the usual course of business" or to organize and label them to

---

[2] The AGO approved the form of a contract executed between GEO and the State that required a voluntary work program paying at most $2 a day, but this contract has not been produced by the State. Dkt. 107, Ex. 7.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION TO COMPEL          - 11 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

correspond to the categories in the request.  Courts have long held that to meet this requirement, parties should produce custodian information.  *See Hullinger v. Anand*, 2016 WL 7444620, at *9, *15 (C.D. Cal. Aug. 19, 2016) (ordering production of custodian information); *City of Colton v. Am. Promotional Events, Inc.*, 277 F.R.D. 578, 584 (C.D. Cal. 2011) (identifying "custodian information . . . among others" as "basic identifying metadata fields . . . all of which would be readily apparent if the ESI was produced as kept in the usual course of business.").  This is because documents kept in the usual course of business should "at a minimum" identify the origin or "provenance" of a document, and provide "context as to their meaning."  *City of Colton* at 585.

None of the 477 documents produced by the State were produced with adequate custodian information, as they list only the division within the AGO where documents were pulled, instead of identifying individual custodians.  Ex 6-7.  This means one of two things: either the State only collected from noncustodial data sources, or it did collect from individual custodians but is obscuring that information.  This calls into question whether the State has complied with its obligation to identify and collect from individual custodians.  Moreover, GEO requires adequate custodian metadata because it contains information about who has access to documents, uses documents, and has knowledge of documents, regardless of whether they were authored by them. With this information, GEO could determine when individuals were put on notice concerning GEO's administration of the VWP, an essential component of its claims and defenses.  Dkt 34 ¶ 12.4 ("Washington's agencies and officials have known about the federal Voluntary Work Program at NWDC for many years, but have not notified GEO or ICE that the program establishes an employment relationship or requires paying a minimum wage.").  The State's refusal to reproduce its production with custodian metadata is surprising considering its own production specifications, which requested that GEO to organize documents "by custodian" – essentially custodian metadata information.  GEO is not asking the State to do more than the State has asked of GEO.

### CONCLUSION

For the above reasons, the Court should grant GEO's Motion to Compel.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION TO COMPEL          - 12 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

1    Dated:  August 30, 2018                    **NORTON ROSE FULBRIGHT US LLP**

2

3                                              /s/ *Andrea L. D'Ambra*
                                              Andrea L. D'Ambra
4                                              1301 Avenue of the Americas
                                              New York, NY 10019
5                                              Telephone: (212) 318-3000
                                              Facsimile: (212) 318-3400
6                                              andrea.dambra@nortonrosefulbright.com

7                                              **NORTON ROSE FULBRIGHT US LLP**
8                                              Charles A. Deacon
                                              300 Convent St.
9                                              San Antonio, Texas 78205
                                              Telephone: (210) 270-7133
10                                             Facsimile: (210) 270-7205
                                              charlie.deacon@nortonrosefulbright.com
11

12                                             **NORTON ROSE FULBRIGHT US LLP**
                                              Mark Emery
13                                             799 9th Street NW, Suite 1000
                                              Washington, DC 20001-4501
14                                             Telephone: (202) 662-0210
                                              Facsimile: (202) 662-4643
15                                             mark.emery@nortonrosefulbright.com
16

17                                             **III BRANCHES LAW PLLC**
                                              Joan K. Mell, WSBA #21319
18                                             1019 Regents Blvd. Ste. 204
                                              Fircrest, WA 98466
19                                             253-566-2510 (P)
                                              281-664-4643 (F)
20                                             joan@3brancheslaw.com

21                                             **GREENBERG TRAURIG, LLC**
22                                             Scott A. Schipma
                                              2101 L Street NW, STE 100
23                                             Washington, DC 20037
                                              (202)-313-3141
24                                             schipmas@gtlaw.com

25                                             **ATTORNEYS FOR DEFENDANT**
26                                             **THE GEO GROUP, INC.**

27   STATE OF WASHINGTON v. GEO GROUP                              NORTON ROSE FULBRIGHT US LLP
     ECF CASE NO. 3:17-CV-05806-RJB                                      Andrea L. D'Ambra
28   DEFENDANT THE GEO GROUP, INC.'S          - 13 -             1301 Avenue of the Americas
     MOTION TO COMPEL                                                    New York, NY 10019
                                                                  Telephone: (212) 318-3000

1

## CERTIFICATE OF SERVICE

2

I, Susana Medeiros, hereby certify as follows:

3

I am over the age of 18, a resident of New York County, and not a party to the above

4

action.  I certify that all participants in the case are registered CM/ECF users and that service will

5

be accomplished by the CM/ECF system.  On August 30, 2018, I electronically served the above

6

7

Motion to Compel via CM/ECF to the following:

8

Office of the Attorney General
La Rond Baker, WSBA No. 43610

9

Marsha Chien, WSBA No. 47020

10

800 Fifth Avenue, Suite 2000
Seattle, WA 98104

11

LaRondB@atg.wa.gov

12

MarshaC@atg.wa.gov

13

Norton Rose Fulbright US LLP

14

Charles A. Deacon (Pro Hac Vice)
300 Convent St.

15

San Antonio, TX 78205
(210)-270-7133

16

charlie.deacon@nortonrosefulbright.com

17

18

Norton Rose Fulbright US LLP
Mark Emery (Pro Hac Vice)

19

799 9th St. NW, Suite 1000

20

Washington, DC 20001-4501
(202)-662-0210

21

mark.emery@nortonrosefulbright.com

22

III Branches Law, PLLC

23

Joan K. Mell, WSBA #21319

24

1019 Regents Blvd. Ste. 204
Fircrest, WA 98466

25

253-566-2510 (P)

26

281-664-4643 (F)
joan@3brancheslaw.com

27

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB

28

DEFENDANT THE GEO GROUP, INC.'S          - 14 -
MOTION TO COMPEL

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

Greenberg Traurig, LLP
Scott A. Schipma
2101 L Street, N.W.
Washington, DC 20037
(202)-331-3141
schipmas@gtlaw.com

    I certify under penalty of perjury under the laws of the State of Washington that the above

information is true and correct.

    DATED this 30th day of August, 2018 at New York, New York.



Susana Medeiros

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S MOTION TO COMPEL          - 15 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000