The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | CIVIL ACTION NO. 3:17-cv-05806-RJB<br><br>STATE OF WASHINGTON'S RESPONSE TO THE GEO GROUP'S MOTION FOR RELIEF FROM DEADLINES |

## I.   INTRODUCTION

Since February 2018, The GEO Group, Inc. ("GEO") has refused to produce 3,000 core documents involving the Voluntary Work Program ("VWP") and the Northwest Detention Center ("NWDC") – pending review by Immigration and Customs Enforcement ("ICE"). After many attempts to resolve the discovery disputes without Court intervention, Washington filed a Motion to Compel on June 21, 2018. ECF 66. GEO cross-moved for a protective order to withhold responsive documents pending a review by ICE. ECF 63.

After reaffirming that Washington may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[,]" the Court granted GEO's request for additional time for ICE review of three limited categories

STATE OF WASHINGTON'S RESPONSE TO THE GEO GROUP'S MOTION FOR RELIEF FROM DEADLINES

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

of documents: (1) sensitive immigration information,[1] ECF 86 at 4; (2) GEO-ICE Contract and bids, *id.* at 6; and (3) documents that may be deemed subject to Department of Homeland Security Management Directive 11042.1 – For Official Use Only Policy, *id.* at 7. The Court ordered GEO to "produce all discovery resubmitted for review by ICE" by Friday, August 31, 2018. *Id.* at 13. In other words, the Court granted GEO approximately six weeks to take the steps necessary to review the withheld documents prior to production. *Id.*

The six weeks have come and gone, and GEO now asks this Court for an additional four weeks, until October 5, 2018, to produce the approximately 3,000 documents it submitted to ICE for review. ECF 111 at 4 n.5, 9. Even while asking for this extension, GEO notes that October 5 is an aspirational deadline because "GEO has no power to dictate when or how ICE conducts its review." *Id.* at 6. Indeed, GEO's inability to ensure that ICE performs a timely review is evidenced by the fact that ICE did not meet GEO's August 27, 2018 deadline for review due to "current workloads and pre-approved leave[.]" ECF 112-4 at 1.

Washington needs these withheld documents to effectively prosecute this case and enforce its state laws. Washington's ability to do so is compromised each day that GEO continues to delay producing responsive documents, particularly in light of the discovery deadlines that are quickly approaching, including:

- Disclosure of expert testimony – September 20, 2018;
- Discovery motions deadline – October 25, 2018;
- End of discovery – November 16, 2018.

---

[1] ICE asserted an interest in reviewing responsive documents for detainee information regarding "(1) 8 U.S.C. § 1367(a)(2) . . . the Violence Against Women Act . . . ; (2) 8 U.S.C. § 1367, which prohibits the disclosure of T Visas, which relate to trafficking victims and of U Visas, which relate to victims of crimes; (3) 8 U.S.C. § 1255(a)(c)(5), which prohibits disclosure of information relating to Legalization/Seasonal Agricultural Worker claims; and (4) 8 C.F.R. § 208.6 pertaining to asylum application . . . credible fear determination, or . . . reasonable fear determination[.]" ECF 86 at 3-4.

STATE OF WASHINGTON'S RESPONSE TO THE GEO GROUP'S MOTION FOR RELIEF FROM DEADLINES

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

This Court should reject GEO's request for relief from its discovery obligations and stand by its Order requiring production of the withheld documents. Inasmuch as the documents GEO provided to ICE for its review may contain confidential information – including sensitive immigration information or For Official Use Only ("FOUO") information – the documents should be produced pursuant the terms of the Protective Order previously entered in this matter.

## II.    ARGUMENT

### A.    Legal Standard

A district court has discretion under Federal Rule of Civil Procedure 26(c)(1) to limit discovery "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *See Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). However,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action . . . the parties' relative access to relevant information . . . [and] the importance of the discovery in resolving the issues . . . ."

Fed. R. Civ. P. 26(b)(1). Indeed, under "the liberal discovery principles of the Federal Rules [the resisting party]…carr[ies] a heavy burden[.]" *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). This is a burden that GEO cannot meet here nor can it show that there is good cause to delay production of the withheld documents.

### B.    Washington Would Be Prejudiced if this Court Extends the Deadline for the Production of Documents GEO Was Already Ordered to Produce

GEO asks this Court to force Washington to wait until *at least* October 5, 2018 before it receives documents responsive to its long-ago issued discovery requests. GEO's request should be denied because it prejudices Washington. Discovery deadlines are fast approaching and Washington needs all documents and information responsive to its discovery requests. GEO's refusal to produce all responsive documents hamstrings Washington's ability to fully litigate its claims  in at least three ways.

STATE OF WASHINGTON'S RESPONSE TO
THE GEO GROUP'S MOTION FOR RELIEF
FROM DEADLINES

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

*First*, although GEO proposed a new deadline for producing documents it withheld pending ICE review, GEO provides this Court and Washington with no guarantee it will actually produce the documents when the proposed deadline arrives. This is because, as GEO concedes, GEO's compliance with any new production deadline will be contingent on ICE completing its review of the withheld documents.[2] *See* ECF 111 at 6 (noting that "at this juncture [GEO] can only wait for ICE to finish its review until it may produce the resubmitted documents"). In fact, GEO has acknowledged that it can only meet the deadline if "ICE completes its review and delivers documents to GEO on September 30[.]" ECF 111 at 9. *See* ECF 111 at 1 (noting that "GEO cannot compel ICE to review the … documents included in GEO's resubmission on the Court's timeline"). *See also* ECF 111 at 9 ("[a]ssuming ICE completes its review and delivers documents to GEO on September 30, the State will receive the remaining documents by October 5th"). A deadline that is contingent on actions by a non-party that GEO does not control does not provide Washington meaningful assurance that it will obtain responsive documents that are critical to proving its case.

*Second*, Washington needs the documents to meet its own discovery obligations under the Scheduling Order. Washington faces impending discovery deadlines and GEO's continued withholding of documents compromises Washington's ability to meet them. GEO's request to continue withholding documents from Washington until October 5 means that Washington would not receive key documents regarding NWDC and the VWP until approximately two weeks after its expert disclosures are due. The expert disclosure deadline, September 20, 2018, is quickly approaching and anything short of ordering GEO to produce the 3,000 withheld documents will unduly limit the scope of Washington's expert report.

---

[2] Although ICE may have asserted an interest in reviewing responsive documents to protect against the disclosure of sensitive immigration information, its interests apparently have not motivated it to perform a timely review of just 3,000 documents.

STATE OF WASHINGTON'S RESPONSE TO
THE GEO GROUP'S MOTION FOR RELIEF
FROM DEADLINES

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    *Third*, GEO's proposed deadline for production is incredibly close to other discovery
2    deadlines in this matter. October 5 is just three weeks before discovery motions are due and just
3    a month before the close of discovery. The end of discovery is quickly approaching and
4    Washington should not be denied access to necessary responsive documents due to delays of
5    non-parties or GEO.

6    If GEO is allowed to withhold responsive documents, Washington's ability to prepare its
7    case will be undermined. In light of the foregoing, it is clear that unless this Court orders GEO
8    to immediately produce the withheld documents without ICE review, Washington has no
9    guarantee of when – or if – it will receive responsive documents and the continued delay will
10   impede Washington's ability to effectively litigate its claims. This Court should order GEO to
11   produce the documents it withheld now, and save the Parties and the Court from the potential of
12   readdressing this issue again in October – after the passage of the expert disclosure deadline and
13   at the tail end of discovery.

14   **C.    The Protective Order Provides Sufficient Protection for the Documents GEO Withheld Pending ICE Review**
15

16   GEO argues that it cannot be required to produce withheld documents prior to ICE review
17   because "federal statute or regulations prohibit the disclosure of documents containing
18   information pertaining to some detainees, such as Violence Against Women Act (VAWA)
19   applicants, refugees and asylees, seasonal agricultural workers, T visa holders, and U visa
20   holders."[3] ECF 111 at 7. However, this Court may order GEO to produce the withheld documents
21   prior to ICE review, and insasmuch as they contain sensitive immigration information deem

---

[3] The Court previously rejected GEO's arguments that federal law barred production of the withheld documents. *See* ECF 86 at 5-6 (finding that 8 C.F.R. § 236.6 "contemplates public disclosure of detainee personal identifying information" and that with redaction of "personal identifying information and modifications to the Protective Order, GEO can both satisfy its discovery obligations" and 8 C.F.R. § 236.6); *id.* at 6 (finding after "assuming that GEO is subject to [6 C.F.R.] § 5.44[(b)]" that "GEO can both comply with the rule and produce discovery"; *id.* at 7 (finding that DHS Management Directive 11042 does not preclude discovery).

STATE OF WASHINGTON'S RESPONSE TO
THE GEO GROUP'S MOTION FOR RELIEF
FROM DEADLINES

5

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

them "confidential" and protected pursuant to the terms of the Protective Order which governs the "production of confidential, proprietary, or private information for which special protection may be warranted." ECF 70 at 1. Indeed, sensitive immigration information is one of the categories of confidential information covered by the Protective Order: "Personal immigration information or status, including resident identification numbers, A files, and all immigration administrative records and non-public immigration records[.]" *Id.* at 2. This means that the parties are already barred from disclosing sensitive immigration information – of the kind that ICE has expressed in interest in reviewing documents for – and are barred from disseminating publicly or to any non-party. *Id.* at 4-5. As the Protective Order provides a mechanism to shield sensitive immigration information from public disclosure, it effectuates the purported goals of ICE's review – protecting detainee privacy. The Protective Order is sufficient to ensure that sensitive immigration information is not unnecessasrily disclosed. As such, there is no need to wait for ICE to review the documents.

GEO also argues that "ICE review of all documents GEO has resubmitted ensures that non-party security and safety interests are not jeopardized[.]" However, withholding documents for this reason is beyond the scope of review that ICE proposed and that this Court approved.[4] *See* ECF 78 at 6 (not including non-party security and safety interests as a category of information ICE has asserted an interest in reviewing prior to production); ECF 86 at 4-10. Inasmuch as this Court has concerns regarding legitimate safety and security interests that may arise from the production of some of the withheld documents, the Court can amend the protective

---

[4] GEO cites two cases wherein the court entered orders protecting information related to employees at correctional facilities and security-related information: *Castillon v. Corrections Corp. of America*, No. 1:12-cv-00559-EJL, 2013 WL 4039478 (D. Idaho Aug. 6, 2013) and *Solis v. Washington Department of Corrections*, No. 08-5362RJB, 2009 WL 10676491 (W.D. Wash. Oct. 15, 2009). ECF 111 at 7. Neither case is helpful here as ICE did not assert an interest in reviewing documents for this type of information – nor did the Court order such a review. Presumably, documents that fall into this category were produced pursuant to this Court's July 17, 2018 order and are subject to the Protective Order where appropriate.

STATE OF WASHINGTON'S RESPONSE TO
THE GEO GROUP'S MOTION FOR RELIEF
FROM DEADLINES

6

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

order to include documents and information that would trigger the protections of DHS Management Directive 11042, which governs FOUO designation and handling procedures. *See* ECF 86 at 7 ("GEO may include FOUO information in its resubmission of discovery for review by ICE").[5] This approach is consistent with this Court's previous finding that documents deemed FOUO are not automatically or categorically undiscoverable. *See id.* ("the mere designation of discovery as FOUO should not preclude its production").

This Court's Protective Order is sufficient to protect against disclosure of any potentially sensitive information either related to individuals' immigration status or legitimate safety and security concerns. GEO should be ordered to produce withheld documents, and where appropriate, allow for protection of those documents under the Protective Order.

### III.   CONCLUSION

For the foregoing reasons Washington respectfully requests that this Court order GEO to immediately produce documents it has withheld for ICE review.

Dated this 5th of September, 2018.

Respectfully submitted,

BOB FERGUSON
Attorney General of Washington

s/ *La Rond Baker*
LA ROND BAKER, WSBA No. 43610
MARSHA CHIEN, WSBA No. 47020
ANDREA BRENNEKE, WSBA No. 22027
Assistant Attorneys General
Office of the Attorney General
800 Fifth Avenue, Suite 2000

---

[5] If the Court is inclined to ensure that FOUO information is covered by the Protective Order, Washington proposes amending the Protective Order to include:

Information and documents designated For Official Use Only under the Department of Homeland Security Management Directive 11042.

STATE OF WASHINGTON'S RESPONSE TO THE GEO GROUP'S MOTION FOR RELIEF FROM DEADLINES

7

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Seattle, WA 98104
(206) 464-7744
larondb@atg.wa.gov
marshac@atg.wa.gov
andreab3@atg.wa.gov

STATE OF WASHINGTON'S RESPONSE TO THE GEO GROUP'S MOTION FOR RELIEF FROM DEADLINES

8

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the United States District Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

5th day of September, 2018

                                                     s/ *La Rond Baker*
                                                   La Rond Baker

STATE OF WASHINGTON'S RESPONSE TO
THE GEO GROUP'S MOTION FOR RELIEF
FROM DEADLINES

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744