The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>    Defendant. | NO. 3:17-cv-05806-RJB<br><br>**GEO GROUP'S REPLY IN SUPPORT OF ITS MOTION FOR RELIEF**<br><br>NOTE ON MOTION CALENDAR:<br>September 14, 2018 |

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S REPLY IN SUPPORT OF MOTION FOR RELIEF

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

**INTRODUCTION**

After filing this motion to extend deadlines, and following GEO's most recent production of 28,929 documents, GEO's counsel learned of additional documents of which this Court should be aware. On August 31, after its production had been completed, GEO's counsel discovered that certain documents had been withheld because they required ICE review.  This is not completely surprising, as GEO asked this Court for additional time to review documents previously submitted to ICE to ensure they did not contain information requiring ICE's direct review and approval.  Dkt. 94 at 3, 5.  What was surprising was that there were over 2,081 of these documents.  GEO worked quickly, diligently, and in good faith to investigate this issue, and once it had all the facts, GEO's counsel informed the State in a meet and confer earlier today.  GEO immediately ran a production of these documents and sent them to ICE via overnight delivery earlier today, September 7, 2018. As the documents recently identified are a small portion of GEO's overall discovery burden in this litigation, GEO reasonably requests relief from the Court's deadlines.  The State and GEO conferred on September 7, 2018, and have agreed that in lieu of GEO filing an amended motion, the State should be permitted to file a sur-reply in light of this new information.

During the course of its investigation into the ICE documents, GEO also learned that additional documents had not been produced either because they were deemed by GEO's vendor to be non-substantive documents, or because they failed to image during the production process. Neither of these issues were disclosed to GEO's counsel at the time of production, and only after significant diligence did GEO's counsel identify the issue.  As of this Reply, GEO has already begun rectifying these errors:  GEO overnighted 2,081 documents to ICE for its review, produced 793 'technical-issue' documents to the State, and will produce an additional 366 previously deemed non-substantive documents by early next week.  GEO regrets these errors, but it has put forth its best efforts to resolve this issue accurately and expeditiously, and by next week, the State will have received the additional 1,159 documents (4% of the August 31 production) to which it is entitled.

| STATE OF WASHINGTON v. GEO GROUP<br>ECF CASE NO. 3:17-CV-05806-RJB<br>GEO GROUP'S REPLY IN SUPPORT OF<br>MOTION FOR RELIEF | - 1 - | NORTON ROSE FULBRIGHT US LLP<br>Andrea L. D'Ambra<br>1301 Avenue of the Americas<br>New York, NY 10019<br>Telephone: (212) 318-3000 |
|---|---|---|

Whereas GEO is working diligently to correct past errors and comply with this Court's orders, the State seeks to bring the parties and this Court back to square one to re-litigate the issue of whether ICE review is even required. This Court recognized that ICE review is required for certain categories of documents in its July 17, 2018 Order, Dkt. 86, and held that ICE must actually review and approve documents prior to disclosure. *See* Dkt. 86, at 13.

The State opposes GEO's Motion for Relief based on the false premise that GEO may exercise control over the government (it cannot), that the delay in disclosure of documents submitted to ICE is prejudicial to the State (it is not), and that GEO may disclose documents submitted to ICE pursuant to a protective order (it may not). Although this litigation is unusual in that a small but not insignificant portion of a party's documents and information are subject to review by a government agency prior to disclosure, every litigation presents unique challenges, and the parties should work together to accommodate the unique circumstances of ICE review. *See* Dkt. 86, at 11-12 ("the added layer of consideration of any interest ICE may have in discovery has complicated and delayed discovery.").

## FACTS

GEO has produced over 35,000 documents to the State through six separate productions. *Declaration of Andrea L. D'Ambra in Support of GEO's Reply* ("D'Ambra Relief Reply Decl.") at ¶ 2. On August 13, the Court permitted GEO to produce documents containing detainee personal information absent redactions, and ordered GEO to "produce documents that were previously submitted to ICE, but are determined not to require ICE review" by August 31, 2018. Dkt. 94 at 5. In preparation for this August 31 deadline, GEO prepared over 31,000 documents for production. This involved conducting quality control checks to ensure that document redactions were correctly applied and determining whether any of the documents required ICE review and approval. As of Wednesday, August 29, 2018, GEO's discovery vendor informed counsel for GEO that over 31,000 documents would be finalized for production. D'Ambra Relief Reply Decl. at ¶ 2. GEO filed its Motion for Relief as to ICE's delayed review on August 29, 2018. Dkt. 111.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S REPLY IN SUPPORT OF
MOTION FOR RELIEF

- 2 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

On August 31, 2018, GEO learned that only 28,929 documents had been processed for production, as additional documents had been identified for ICE review. *Id.* at ¶ 3. GEO produced this production to the State, and began conducting an investigation. This investigation was somewhat hampered by the Labor Day weekend. In the time period between GEO's Motion for Relief and its Reply, GEO confirmed that these additional documents required ICE review. The documents identified fall into two categories: 1) ICE review documents previously submitted to ICE but not resubmitted (these were primarily believed to just contain Detainee PII but in fact contained ICE protected information); and, 2) ICE review documents that had never been submitted to ICE. Of the documents previously submitted to ICE, GEO identified an additional 645 ICE review documents during these quality-control checks, including families,[1] that would need to be resubmitted to ICE. After completing its investigation into these documents, GEO promptly re-submitted these documents to ICE on September 7, 2018. *Id.* In addition, GEO identified 1,436 ICE review documents, including families,[2] that were *never* previously submitted to ICE.[3] *Id.* GEO determined that these documents had not previously been submitted to ICE for several reasons: first, many of these documents were subject to the State's Second Set of Requests for Production, and were not reviewed as responsive to these requests until July and August.[4] Second, some documents were erroneously marked as non-responsive by reviewers, but were later identified

---

[1] Although GEO has identified only 334 individual documents requiring ICE review, it produced all family members associated with these documents. Consistent with prior productions to ICE, GEO has produced responsive family members associated with an ICE review document, and slip-sheeted non-responsive family members. This reduces the number of documents ICE must review, while providing it with sufficient context. As a result, a total of 645 documents were produced to ICE – 334 ICE Review documents, 253 family members, and 58 withheld, slip-sheeted non-responsive documents, for a total of 587 documents that ICE must actually be reviewed. *Id.* at ¶ 4.

[2] A total of 1,436 documents were produced to ICE – 823 ICE Review documents, 247 family members, and 366 withheld, slip-sheeted non-responsive documents. Only 1,070 documents must actually be reviewed by ICE. *Id.*

[3] These documents are not subject to the Court's July 17 Order, as they were not part of GEO's "first" submission to ICE, Dkt. 86 at 13.

[4] These documents are also not subject to the Court's order as the State's motion to compel only addressed its first set of requests, the responses and objections to the second set of requests were not due until well after the State filed its motion to compel.

| | | |
|---|---|---|
| STATE OF WASHINGTON v. GEO GROUP<br>ECF CASE NO. 3:17-CV-05806-RJB<br>GEO GROUP'S REPLY IN SUPPORT OF<br>MOTION FOR RELIEF | - 3 - | NORTON ROSE FULBRIGHT US LLP<br>Andrea L. D'Ambra<br>1301 Avenue of the Americas<br>New York, NY 10019<br>Telephone: (212) 318-3000 |

as responsive (and subject to ICE review) during GEO's subsequent quality control processes. GEO produced these documents with the first category of ICE review documents as two productions, a production of 645 records on September 7, 2018, and a second production, also produced on September 7, 2018, of 1,436 documents. *Id.*

GEO also learned that 793 documents were not previously produced with its August 31 production due to technical issues, and 366 documents had not been produced because they had been erroneously deemed non-substantive and therefore non-responsive. *Id.* at ¶ 5. The alleged "non-substantive" documents were box indexes for the scanned paper productions. As GEO is mindful of its duty to produce documents as they are kept in the usual course, we advised the State of the error and will be producing these documents so that they are properly associated with the documents to which they relate. GEO produced the technical issue documents to the State on September 7, and will produce the box indexes early next week. *Id.*

On September 5, 2018, counsel for GEO received ICE's first production of ICE review documents. D'Ambra Relief Reply Decl. at ¶ 6. The production consisted of 518 documents, fifty of which were marked for partial or complete redactions. *Id.* GEO is currently processing these documents and redactions for production, and anticipates it will produce these documents to the State during the week of September 10, 2018. *Id.*

**I.     ICE Review Is Required Pursuant to Court Order**

The State attempts to reargue the issue of ICE review arguing that a modification to the parties' protective order will adequately protect ICE's interests. Dkt. 115, 5-7. The Stipulated Protective Order in this case acknowledged that GEO had certain obligations under *Touhy*. Dkt. 70 at § 6.2. This Court's July 17 Order further makes it clear that the documents resubmitted to ICE must be "approved by ICE for production." *See* Dkt. 86, at 13. Approval by ICE suggests and necessitates actual review of the documents by ICE. Moreover, this Court has been clear that ICE has a real interest in certain documents in GEO's possession and "ICE may legitimately lay claim to control over the production of some discovery." *See* Dkt. 86, at 9. ICE has maintained an interest

STATE OF WASHINGTON v. GEO GROUP  
ECF CASE NO. 3:17-CV-05806-RJB  
GEO GROUP'S REPLY IN SUPPORT OF                - 4 -  
MOTION FOR RELIEF  

NORTON ROSE FULBRIGHT US LLP  
Andrea L. D'Ambra  
1301 Avenue of the Americas  
New York, NY 10019  
Telephone: (212) 318-3000

in these documents, and intends to review them: "ICE would ask for an extension until the end of September to complete the production." Dkt. 112-4 at 1.

## II. Discovery Deadlines Could Not Be Met Despite GEO's Diligence

The State seeks to lay the blame on GEO for ICE's delay in reviewing documents. However GEO is not to blame for ICE's failure to perform a timely review due to ICE's "'current workloads and pre-approved leave[.]'" *See* Dkt. 115 at 2 (quoting Dkt. 112-4 at 1). GEO is baffled by this argument, as ICE did not inform GEO about issues with 'workloads' or 'pre-approved leave' until August 28, 2018. Even if GEO had been aware, it is not certain how it could have forced ICE to conduct review more quickly.

GEO has, however, done everything in its power to speed up ICE review. When ICE indicated it was unable to access GEO's review platform, GEO provided technical support and troubleshooting. Dkt. 111 at 3. When ICE indicated it would require a physical production due to its firewall, GEO promptly provided ICE with a copy of the production on a USB. *Id.* To further move the review process along, GEO spent resources identifying and segregating documents for ICE review, reviewed documents for responsiveness, slip-sheeted non-responsive documents so that ICE need not review non-responsive family members, and provided the documents to ICE in accordance with its desired specifications. *Id.* at 2; D'Ambra Relief Reply Decl. at ¶ 4. Had ICE notified GEO about its technical issues with the ICE Platform, ICE would have been able to conduct its review of GEO's resubmission beginning July 23, instead of August 6, 2018, and would have likely been able to meet discovery deadlines.

GEO acknowledges that the identification of additional 2,081 documents requiring ICE review may impact the production schedule for those documents – and it would have preferred to have addressed those documents in its original motion, but it does not change the fact that they need to be reviewed and approved by ICE. Although GEO could have sent the documents on a piecemeal basis to ICE during the past month, the unfortunate fact is that they would not be reviewed any sooner given the back-log ICE already has.

STATE OF WASHINGTON v. GEO GROUP  
ECF CASE NO. 3:17-CV-05806-RJB  
GEO GROUP'S REPLY IN SUPPORT OF  
MOTION FOR RELIEF  
- 5 -  
NORTON ROSE FULBRIGHT US LLP  
Andrea L. D'Ambra  
1301 Avenue of the Americas  
New York, NY 10019  
Telephone: (212) 318-3000

### III. GEO's Proposed Deadlines Are Reasonable And Need Not Prejudice The State

Although the State currently possesses over 35,000 documents produced by GEO – the supermajority of documents that are likely to be produced in this litigation – the State argues that it has been prejudiced by the delay of production of ICE review documents in light of upcoming expert disclosures. The State's assertions ring false – GEO has agreed to extend deadlines as necessary, or alternatively to allow the State to supplement its expert disclosures once the additional documents are provided. The State may not simultaneously argue prejudice, and refuse to pursue or even consider reasonable avenues for mitigating this prejudice. ICE's production of 518 documents to GEO, which GEO received on September 5, 2018, is at least some evidence that ICE is working to complete its review. GEO is in the process of conferring with ICE on how long it will need for review in light of these additional documents, but proposes a new deadline of November 05, 2018. GEO's believes this will provide ICE with the time necessary for its review, and allow GEO sufficient time to produce the documents to the State.

This Court has recognized that "the added layer of consideration of any interest ICE may have in discovery has complicated and delayed discovery," Dkt. 86, at 11-12, due to no fault of either party. Although the "full cooperation of the parties . . . during the discovery process" is necessary in every case, (*see Washington State Physicians Insurance Exchanges & Association v Fisons*, 122 Wash.2d 299, 342 (1993)), this is especially true in this litigation, given the unusual circumstance of ICE review.

### CONCLUSION

GEO requests that the Court grant GEO's Motion for Relief and extend the deadline for producing documents requiring ICE review until November 5, 2018, and a corresponding discovery log produced no later than Wednesday, November 12, 2018.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
GEO GROUP'S REPLY IN SUPPORT OF
MOTION FOR RELIEF

- 6 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

| | |
|---|---|
| Dated: September 7, 2018 | **NORTON ROSE FULBRIGHT US LLP**<br><br>/s/ *Andrea L. D'Ambra*<br>Andrea L. D'Ambra<br>1301 Avenue of the Americas<br>New York, NY 10019<br>Telephone: (212) 318-3000<br>Facsimile: (212) 318-3400<br>andrea.dambra@nortonrosefulbright.com<br><br>**NORTON ROSE FULBRIGHT US LLP**<br>Charles A. Deacon<br>300 Convent St.<br>San Antonio, Texas 78205<br>Telephone: (210) 270-7133<br>Facsimile: (210) 270-7205<br>charlie.deacon@nortonrosefulbright.com<br><br>**NORTON ROSE FULBRIGHT US LLP**<br>Mark Emery<br>799 9th Street NW, Suite 1000<br>Washington, DC 20001-4501<br>Telephone: (202) 662-0210<br>Facsimile: (202) 662-4643<br>mark.emery@nortonrosefulbright.com<br><br>**III BRANCHES LAW PLLC**<br>Joan K. Mell, WSBA #21319<br>1019 Regents Blvd. Ste. 204<br>Fircrest, WA 98466<br>253-566-2510 (P)<br>281-664-4643 (F)<br>joan@3brancheslaw.com<br><br>**GREENBERG TRAURIG, LLP**<br>Scott A. Schipma<br>2101 L Street, N.W.<br>Washington, DC 20037<br>(202)-331-3141<br>schipmas@gtlaw.com<br><br>**ATTORNEYS FOR DEFENDANT THE GEO GROUP, INC.** |

# CERTIFICATE OF SERVICE

I, Susana Medeiros, hereby certify as follows:

I am over the age of 18, a resident of New York County, and not a party to the above action. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. On September 7, 2018, I electronically served the above Reply in support of GEO's Motion for Relief via CM/ECF to the following:

Office of the Attorney General
La Rond Baker, WSBA No. 43610
Marsha Chien, WSBA No. 47020
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
LaRondB@atg.wa.gov
MarshaC@atg.wa.gov

Norton Rose Fulbright US LLP
Charles A. Deacon (Pro Hac Vice)
300 Convent St.
San Antonio, TX 78205
(210)-270-7133
charlie.deacon@nortonrosefulbright.com

Norton Rose Fulbright US LLP
Mark Emery (Pro Hac Vice)
799 9th St. NW, Suite 1000
Washington, DC 20001-4501
(202)-662-0210
mark.emery@nortonrosefulbright.com

III Branches Law, PLLC
Joan K. Mell, WSBA #21319
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 (P)
281-664-4643 (F)
joan@3brancheslaw.com

| STATE OF WASHINGTON v. GEO GROUP<br>ECF CASE NO. 3:17-CV-05806-RJB<br>DEFENDANT THE GEO GROUP, INC.'S<br>REPLY IN SUPPORT OF MOTION FOR<br>RELIEF | - 8 - | NORTON ROSE FULBRIGHT US LLP<br>Andrea L. D'Ambra<br>1301 Avenue of the Americas<br>New York, NY 10019<br>Telephone: (212) 318-3000 |
|---|---|---|

1  Greenberg Traurig, LLP
2  Scott A. Schipma
   2101 L Street, N.W.
3  Washington, DC 20037
   (202)-331-3141
4  schipmas@gtlaw.com

5

6      I certify under penalty of perjury under the laws of the State of Washington that the above

7  information is true and correct.

8      DATED this 7th day of September, 2018 at New York, New York.

9

10  _____

11  Susana Medeiros

12

STATE OF WASHINGTON v. GEO GROUP                    NORTON ROSE FULBRIGHT US LLP
ECF CASE NO. 3:17-CV-05806-RJB                              Andrea L. D'Ambra
GEO GROUP'S REPLY IN SUPPORT OF        - 9 -          1301 Avenue of the Americas
MOTION FOR RELIEF                                            New York, NY 10019
                                                         Telephone: (212) 318-3000