# BRENNEKE DECLARATION

# EXHIBIT A

The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

STATE OF WASHINGTON,

                            Plaintiff,

 v.

THE GEO GROUP, INC.,

                         Defendant.

NO. 3:17-cv-05806-RJB

STATE OF
WASHINGTON'S SECOND
INTERROGATORIES TO THE
GEO GROUP, INC.

TO:    DEFENDANT THE GEO GROUP, INC.

In accordance with Federal Rule 33 you are hereby required to answer, in writing, the following discovery requests including the below Interrogatories separately and fully under oath, within thirty (30) days of their service upon you.

## I.    TIME AND PLACE OF PRODUCTION

**1.1**    The requested written answers to all discovery requests including the below, Interrogatories are to be produced to La Rond Baker, Marsha Chien, and Andrea Brenneke, Assistant Attorneys General, at the Washington State Attorney General's office at 800 Fifth Avenue, Suite 2000, Seattle, WA 98104, within thirty (30) days of being served with these Interrogatories or at such other time and place as is agreed to by the parties.

STATE OF WASHINGTON'S SECOND
INTERROGATORIES TO THE GEO
GROUP, INC.

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 442-4492

## II.   COMMUNICATIONS

**2.1** All notices, questions, or communications concerning all discovery requests including the below Interrogatories should be directed to La Rond Baker, Assistant Attorney General, 800 Fifth Avenue, Suite 2000, Seattle, Washington 98104-1012, (206) 516-2999 or by email address: LaRondB@atg.wa.gov; Marsha Chien, Assistant Attorney General, 800 Fifth Avenue, Suite 2000, Seattle, Washington 98104-1012, (206) 389-3886 or by email address: MarshaC@atg.wa.gov; and Andrea Brenneke, Assistant Attorney General, 800 Fifth Avenue, Suite 2000, Seattle, Washington 98104-1012, (206) 233-3384 or by email address: AndreaB3@atg.wa.gov.

## III.   DEFINITIONS

**3.1** "Any" and "all" shall be construed as "any and all."

**3.2** "And, "or," and "and/or" shall be interpreted and construed as broadly as possible to make the discovery request inclusive rather than exclusive, so that information otherwise within the scope of the discovery request is not excluded.

**3.3** "Communication" means any conversations, meetings, correspondence, conference, and any other means or manner by which information or opinion is or was communicated to or received from others, whether written, electronic, or oral. The term includes every disclosure, transfer, exchange, or transmission of information, whether oral, written, or electronic, and whether face-to-face, by telecommunications, computer, mail, telecopier, facsimile (fax) machine, or otherwise.

**3.4** "Detainee" means any person detained at the Northwest Detention Center.

**3.5** "Document" means, without limitation, any "writing," includes, without limitation, any book, pamphlet, report, memorandum, note, statement, minute, diary, transcript, working paper, telegram, letter, paper, chart, drawing, graph, photograph, publication, tape recording, videotaped or graphic matter, accounting material, records of purchase or sale,

1  contracts, agreements, invoices, and any other existing source of stored information, whether

2  written, printed, typed, recorded, stored in a computer, or filmed. The term includes originals or

3  duplicates of or copies of the writings, and non-identical copies bearing or having any

4  attachments, notes or marks which distinguish them from the originals, and any electronic

5  records, including, without limitation, electronic mail, spreadsheets, word processing files, and

6  records saved as .pdf or other electronic files. Electronic mail subject to these discovery requests

7  includes messages and/or attachments now only available on backup or archive tapes or disks.

8  Also, if a print-out of an electronic record is a non-identical copy of the electronic version (for

9  example, because the print-out has a signature, handwritten notation, or other mark or attachment

10  not included in the computer document), both the electronic version in which the document was

11  created and the original print-out must be produced.  It includes "writings" and "recordings" as

12  defined in ER 1001(a).

13  **3.6**    "ICE" means the Immigration and Customs Enforcement agency of the United

14  States Department of Homeland Security and all of its officers, principals, agents,

15  representatives, and any parent, affiliate, sister, subsidiary, predecessor, successor or assignee of

16  it, and its principals, operating divisions, present or former administrators, employees, servants,

17  officers, directors, agents, representatives, attorneys, and any other persons or entities acting on

18  behalf of or under the direction, authorization or control of ICE.

19  **3.7**    "Identify" when applied to a natural person or entity means (a) to state the person

20  or entity's full name, residence or business address and telephone number, and job title or

21  position, and (b) to give the name, address, and telephone number of the person's employer, if

22  known to you.

23  **3.8**    "Identify" when applied to a business entity means to state the structure of the

24  business (corporation, partnership, sole proprietorship, etc.), a brief description of the business,

25  the registered agent for the business, the business address, and the business telephone number.

26

STATE OF WASHINGTON'S SECOND
INTERROGATORIES TO THE GEO
GROUP, INC.

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 442-4492

1   **3.9**    "Identify" when applied to a document means (a) to state the nature of the

2   document (e.g., item of correspondence, note, contract, etc.) in detail sufficient to enable the

3   document to be produced upon motion or request, (b) to give the specific location of the

4   document (e.g., building name, street address, and room number), and (c) to give the name and

5   address of the individual who has physical possession and control of the document.

6   **3.10**    "Identify" when applied to a conversation means to separately state as to each

7   communication: a) the date; b) the place at which it occurred or the medium involved; c) the

8   persons involved and their last known addresses known to the answering party and their business

9   affiliations at the time and presently; d) the substance of the communication; and e) the name

10  and present address of any other person who, though not present or involved, possess information

11  concerning the existence or nature of said communication.

12  **3.11**    "Northwest Detention Center" means the facility located at 1623 J Street,

13  Tacoma, Washington.

14  **3.12**    "Person" means any individual, corporation, partnership, association, joint

15  venture, commercial entity, limited liability company, governmental entity, municipality, firm,

16  commission, or agency.

17  **3.13**    "Relating", "Reflect", "Refer", or "Pertaining To" as used herein shall mean any

18  information which is relevant in any way to the subject matter, including without limitation to

19  the foregoing, all information which contain, record, reflect, summarize, evaluate, comment

20  upon, transmit or discuss the subject matter of any request, as well as drafts, work papers or other

21  preparation material, exhibits shown or circulated at any meeting, and the text or notes of any

22  oral or written presentation or conversation.

23  **3.14**    "Relevant time period" means from November 1, 2005, to the present.

24  **3.15**    To "state the basis" for an allegation, denial, claim, contention, or assertion means

25  to: (a) state all facts and circumstances upon which it is based, in whole or in part, or which relate

26

STATE OF WASHINGTON'S SECOND                    4
INTERROGATORIES TO THE GEO
GROUP, INC.

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 442-4492

1  or pertain to it, including any pertinent statute or regulation and every theory of law upon which

2  it is based; (b) identify all documents supporting, refuting, describing, commenting upon,

3  pertaining to, or otherwise relating to it; (c) identify all persons having knowledge of it, including

4  the circumstances under which they came to have such knowledge; and (d) identify all persons

5  who provided the information upon which Your response is based.

6      **3.16**    "You" and "Your" and "GEO" refers to The GEO Group, Inc. and any parent,

7  affiliate, sister, subsidiary, predecessor, successor or assignee of it, and its principals, operating

8  divisions, present or former owners, employees, servants, officers, directors, agents,

9  representatives, attorneys, accountants, independent contractors, distributors, and any other

10 persons or entities acting on behalf of or under the direction, authorization or control of The

11 GEO Group, Inc., including any foreign or overseas affiliates.

12                    **IV.    INSTRUCTIONS**

13     **4.1**    These discovery requests request production of all described documents and

14 information in Your possession, custody or control without regard to the person or persons by

15 whom or for whom the documents were prepared (e.g., Your employees, distributors,

16 representatives, competitors, or others).

17     **4.2**    Each discovery request including the below Interrogatories shall be accorded a

18 separate answer. For the convenience of the parties and the Court, please quote each Request for

19 Admission, Interrogatory, and Request for Production in full immediately preceding the answer

20 thereto.

21     **4.3**    This request includes documents in possession of Your employees, agents,

22 representatives, and attorneys, unless privileged. If any document or information is withheld

23 under claim of privilege, identify the document and state the basis for the privilege, and provide

24 a detailed privilege log that contains at least the following information for each document or

25 information that You have withheld:

26

a.    The name of each author, writer, sender, creator, or initiator of such document, and each such person's title and his or her employer or firm;

b.    The name of all recipients, addressees, or parties for whom such document was intended or to whom the document was sent;

c.    The date of such document, or an estimate thereof if no date appears on the document;

d.    The Request for Admission, Interrogatory, or Request for Production to which the allegedly privileged document corresponds.

e.    The general subject matter of the document; and

f.    The claimed grounds for withholding the document, including, but not limited to, the nature of any claimed privilege and grounds in support thereof, stated in a manner that does not reveal privileged information but that provides information sufficiently detailed so as to enable the State to assess the applicability of the privileged claimed.

**4.4**    Pursuant to Federal Rule 26(e), these discovery requests including the below Interrogatories impose a continuing duty to supplement Your responses in the event additional documents and information comes into Your knowledge, possession, custody or control after Your initial production of responses to the requests.

**4.5**    Your responses to these discovery requests including the below Interrogatories are to be inclusive rather than exclusive. If the language of any of these discovery requests including the below Interrogatories is phrased in the singular, the Interrogatory includes the plural, and if the language of a Interrogatory is phrased in the plural, the Interrogatory includes the singular.

**4.6**    If You cannot answer an Interrogatory completely, You must answer to the extent possible and identify with specificity the part(s) which You cannot answer completely.

1     **4.7**     If You object to responding to part of a Interrogatory, You are required to furnish

2 the information that is outside the scope of Your partial objection.

3     **4.8**     In each instance in which a document is produced in response to a discovery

4 request, produce the current edition, along with all earlier editions or predecessor documents

5 serving the same function, even though the title of earlier documents may differ from current

6 versions.

7     **4.9**     The following procedures shall apply to the production of documents and

8 information in response to these discovery requests including the below Interrogatories:

9          a.     The recipient of these Interrogatories shall label each responsive

10             document or answer (i.e., Response to Request No. 1, Response to

11             Request No. 2, and so forth), group all documents responsive to a

12             particular request together, and place a label on each group of documents

13             which identifies the corresponding discovery request;

14          b.     All attachments to responsive documents or information shall be

15             produced with, and attached to, the responsive documents (or digitally in

16             corresponding order);

17          c.     Each responsive document or information shall be produced in its entirety

18             and no portion of any document or information shall be edited, cut,

19             masked, redacted or otherwise altered, unless for applicable privilege

20             which shall be logged according to the procedures set forth above;

21          d.     The recipient of these Interrogatories shall provide a key to all

22             abbreviations used in the documents or information and shall attach the

23             key to the corresponding documents or information.

24     **4.10**     Documents or information that may be responsive to more than one (1) numbered

25 request in these discovery requests need not be submitted more than once. However, for each

26

STATE OF WASHINGTON'S SECOND       7       ATTORNEY GENERAL OF WASHINGTON
INTERROGATORIES TO THE GEO                    Civil Rights Unit
GROUP, INC.                                      800 Fifth Avenue, Suite 2000
                                                 Seattle, WA  98104-3188
                                                 (206) 442-4492

1   such document or information, the recipient of these, Interrogatories shall identify all of the

2   numbered requests to which the Document or information is responsive.

3       **4.11**    You shall consecutively number each page of all documents or information

4   produced with Your response and indicate the total number of pages produced with Your

5   response. This page numbering must be separate from and must not alter any original page

6   numbering on the responsive documents or information.

7       **4.12**    Your responses to these discovery requests should include all relevant

8   electronically stored information in Your possession, custody, or control. Washington considers

9   electronically stored information to be an irreplaceable source of evidence in this matter.

10  Accordingly, the State of Washington insists that you implement appropriate safeguards against

11  the destruction of evidence until the final resolution of this issue.

12      **4.13**    Production of electronically stored information and other documents in electronic

13  format shall conform to the standards set forth in Exhibit A, which is attached to this document.

14      **4.14**    If You are unable to fully answer any discovery request including any of the

15  below Interrogatories, supply all of whatever information is actually available. Designate such

16  incomplete information as incomplete and accompany the information with an explanation that

17  includes the reasons for the incomplete answer; a description of any and all of Your efforts to

18  obtain the information; and the source from which the Office of the Attorney General may obtain

19  information to complete Your response. If books, records, or other sources that provide accurate

20  answers are not available, provide Your best estimates and describe how You derived the

21  estimates, including the sources or bases of such estimates. Designate estimated data as such by

22  marking it with the "est." notation. If there is no reasonable way for you to make an estimate,

23  provide an explanation.

24      **4.15**    If particular documents responsive to these Interrogatories no longer exist for

25  reasons other than the ordinary course of business but you have reason to believe they have been

26

STATE OF WASHINGTON'S SECOND                    8                ATTORNEY GENERAL OF WASHINGTON
INTERROGATORIES TO THE GEO                                                   Civil Rights Unit
GROUP, INC.                                                            800 Fifth Avenue, Suite 2000
                                                                        Seattle, WA  98104-3188
                                                                            (206) 442-4492

1  in existence, describe the documents; state the circumstances under which such documents were

2  lost or destroyed, and identify persons having knowledge of the content of the documents.

3  **V.    INTERROGATORIES**

4  **INTERROGATORY NO. 7**:  For each year from 2005 to the present, please identify GEO's

5  profits or losses for NWDC and the basis for your answer.

6

7  **RESPONSE:**

8

9

10

11  **INTERROGATORY NO. 8**:  For each year from 2005 to the present, please state the amount

12  and basis for the amount of GEO's claimed offset, including GEO's calculation in its Initial

13  Disclosures: "Offset: $17.12 per hour of participation in the Voluntary Work Program."

14

15  **RESPONSE:**

16

17

18

19  **INTERROGATORY NO. 9**:  For each year from 2005 to the present, please provide the total

20  amount ICE reimbursed GEO for work performed by detainee workers in NWDC's VWP.

21

22  **RESPONSE:**

23

24

25

26

STATE OF WASHINGTON'S SECOND
INTERROGATORIES TO THE GEO
GROUP, INC.

9

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 442-4492

1   **INTERROGATORY NO. 10:**  For each year from 2005 to the present, please identify the

2   number of detainee workers who have participated in the VWP at NWDC.

3

4   **RESPONSE:**

5

6

7

8

9   **INTERROGATORY NO. 11:**  For each year from 2005 to the present, please identify the total

10  number of hours detainee workers worked in NWDC's VWP and the number of hours of that

11  work by task/assignment/location.

12

13  **RESPONSE:**

14

15

16

17

18  **INTERROGATORY NO. 12:** For each year from 2005 to the present, please identify each and

19  every task/assignment that detainee workers performed work for GEO at NWDC – i.e. buffing

20  the floors or painting the walls – for which they were paid in food including snacks, chicken,

21  and pop.

22

23  **RESPONSE:**

24

25

26

STATE OF WASHINGTON'S SECOND        10        ATTORNEY GENERAL OF WASHINGTON
INTERROGATORIES TO THE GEO                         Civil Rights Unit
GROUP, INC.                                      800 Fifth Avenue, Suite 2000
                                                 Seattle, WA  98104-3188
                                                   (206) 442-4492

1

2  **INTERROGATORY NO. 13:** For each year from 2005 to the present, please identify how

3  many detainee workers performed work for GEO at NWDC for which they were paid in food

4  including snacks, chicken, and pop, how many hours they worked, and their task/assignment (i.e.

5  buffing the floors or painting the walls).

6

7  **RESPONSE:**

8

9

10

11  **INTERROGATORY NO. 14:** For each and every GEO facility in the United States, please

12  identify each and every VWP position where immigrant detainee workers earn more than a $1

13  per day.

14

15  **RESPONSE:**

16

17

18

19  **INTERROGATORY NO. 15:** For each year from 2005 to present, please identify each and

20  every non-detainee GEO employee that supervised detainee workers in NWDC's kitchen

21  including name, job title, duties, work assignment, and dates the non-detainee GEO employee

22  held the supervisory position.

23

24  **RESPONSE:**

25

26

STATE OF WASHINGTON'S SECOND
INTERROGATORIES TO THE GEO
GROUP, INC.

11

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 442-4492

**INTERROGATORY NO. 16:**   For each year from 2005 to the present, please identify each and every non-detainee GEO employee that supervised detainee workers in NWDC's laundry including name, job title, duties, work assignment, and dates the non-detainee GEO employee held the supervisory position.

**RESPONSE:**

**INTERROGATORY NO. 17:**   For each year 2005 to the present, please identify each and every non-detainee GEO employee whose main job duty was to perform janitorial tasks at NWDC, including name, job title, duties, work assignment, and dates the non-detainee GEO employee held this position.

**RESPONSE:**

**INTERROGATORY NO. 18:**   For each year 2005 to the present, please identify and any all job assignments/tasks and the daily VWP shifts for each (i.e. breakfast, lunch or dinner kitchen shifts, yard clean up duty, morning and evening bathroom cleaning shifts, commissary disbursement, food distribution) including their start and end times and the number of detainee workers per shift.

**RESPONSE:**

STATE OF WASHINGTON'S SECOND
INTERROGATORIES TO THE GEO
GROUP, INC.

12

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 442-4492

1

2

3

4    DATED this 12th day of June, 2018.

                                        ROBERT W. FERGUSON
5                                       Attorney General

6

7                                       _s/ La Rond Baker_____
8                                       LA ROND BAKER, WSBA No. 43610
                                        MARSHA CHIEN, WSBA No. 47020
9                                       ANDREA BRENNEKE, WSBA No. 22027
                                        Assistant Attorneys General
10                                      Civil Rights Unit
                                        Attorney General of Washington
11                                      800 Fifth Avenue, Suite 2000
                                        Seattle, WA  98104
12                                      (206) 516-2999
13                                      larondb@atg.wa.gov
                                        marshac@atg.wa.gov
14                                      andreab3@atg.wa.gov

15

16

17

18

19

20

21

22

23

24

25

26

STATE OF WASHINGTON'S SECOND                    13                   ATTORNEY GENERAL OF WASHINGTON
INTERROGATORIES TO THE GEO                                                      Civil Rights Unit
GROUP, INC.                                                               800 Fifth Avenue, Suite 2000
                                                                          Seattle, WA  98104-3188
                                                                                (206) 442-4492

1

**DECLARATION OF SERVICE**

2

     I certify that I served a copy of this document on all parties or their counsel of record on

3

the date below as follows:

     ☒ Electronic Service (by agreement of counsel) to:

4

5

Joan Mell                            Andrea L. D'Ambra
III Branches Law, PLLC        Norton Rose Fulbright

6

1019 Regents Blvd., Ste. 204     1301 Avenue of the Americas
Fircrest, WA 98466              New York, New York 10019-6022

7

joan@3brancheslaw.com        andrea.dambra@nortonrosefulbright.com

8

9

Charles Deacon                Mark Emery
Norton Rose Fulbright          Norton Rose Fulbright

10

300 Convent Street             799 9th Street NW, Suite 1000
San Antonio, TX  78205        Washington, DC  20001-4501
charlie.deacon@nortonrosefulbright.com  mark.emery@nortonrosefulbright.com

11

12

     I certify under penalty of perjury under the laws of the state of Washington that the

13

foregoing is true and correct.

14

15

     DATED this 12th day of June, 2018, at Seattle, Washington.

16

                   */s La Rond Baker*

17

                   LA ROND BAKER

18

19

20

21

22

23

24

25

26

STATE OF WASHINGTON'S SECOND
INTERROGATORIES TO THE GEO
GROUP, INC.

14

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 442-4492