# BRENNEKE DECLARATION

# EXHIBIT D

The Honorable Robert J. Bryan

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

STATE OF WASHINGTON,

Plaintiff,

v.

THE GEO GROUP, INC.,

Defendant.

No.  3:17-cv-05806-RJB

**GEO GROUP, INC.'S RESPONSES TO STATE OF WASHINGTON'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**DEFENDANT'S RESPONSES TO PLAINTIFF'S
SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and the Local Rules of the U.S. District Court for the Western District of Washington (the "Local Rules"), Defendant The GEO Group, Inc. ("GEO") hereby responds and objects to Plaintiff's Requests for Production.  As a reminder, certain documents responsive to these requests will require review and clearance by the Bureau of Immigration and Customs Enforcement ("ICE").  Subject to the specific objections below, GEO will produce documents on a rolling basis subject to a reasonable schedule mutually agreed to by the parties or shall be substantially complete with its production 30 days prior to the close of discovery, barring any delays caused by ICE's review of the documents.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

- 1 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

GEO objects to Plaintiff's definition of "communication" in paragraph 3.3 to include "any conversations, meetings, correspondence, conference, and any other means or manner by which information or opinion is or was communicated to or received from others, whether written, electronic, or oral" to the extent that oral communications are unrecorded in either a written or electronic medium.  GEO will only produce documents existing in a tangible medium and will not produce any unrecorded oral communications because it is not possible to do so and is outside the scope of document discovery.

GEO objects to Plaintiff's definition of "document" in paragraph 3.5 as it is contrary to the Federal Rules of Civil Procedure.  GEO defines "document" according to its definition in Fed. R. Civ. P. 34(a)(1)(A).  GEO further objects to Plaintiff's definition of "document" to include "messages and/or attachments now only available on backup or archive tapes or disks" as not reasonably accessible, unduly burdensome, and outside of the scope of discovery.  GEO further objects to Plaintiff's definition of "document" referring to or invoking Washington State Rules of Evidence to the extent that the Washington State Rules of Evidence purport to impose obligations on GEO beyond the requirements of the Federal Rules of Evidence.  GEO therefore objects to Plaintiff's definition of "writings" and "records" to the extent it cites to the Washington State Rules of Evidence ("ER 1001(a)") and not the applicable Federal Rules of Evidence.  GEO will comply with any discovery obligations as they exist in the Federal Rules of Evidence.

GEO objects to Plaintiff's definition of "ICE" (Immigration and Customs Enforcement) in paragraph 3.6 as overly broad.  GEO defines ICE only to include the agency of the United States Department of Homeland Security, ICE employees, and any other persons or entities acting on behalf of or under the direction, authorization, or control of ICE.

GEO objects to Plaintiff's definitions of "Identify" included in paragraphs 3.7 through 3.10.  GEO is required to produce responsive documents, not create documents that identify

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE                - 2 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

1  particular natural persons, entities, documents, or conversations in response to Plaintiff's Second

2  Requests for Production.

3      GEO objects to Plaintiff's definition of "Relevant time period" included in paragraph 3.14

4  on the grounds that it is unduly burdensome, as it would require GEO to continuously supplement

5  and produce additional information without a defined end date.  GEO will produce any

6  documents, to the extent they exist and are responsive to the specific Requests stated below, from

7  2005 to January 5, 2018, the date the State served its first discovery requests on GEO.

8      GEO objects to Plaintiff's definition of "state the basis" in paragraph 3.15 as inapplicable

9  to Plaintiff's Second Requests for Production.  GEO is under no obligation to "state the basis" for

10  any of its responses or objections to Plaintiff's Second Requests for Production.  GEO will

11  respond to Plaintiff's Second Requests for Production in accordance with Fed. R. Civ. P.

12  34(b)(2).

13      GEO objects to Plaintiff's definition of "You," "Your," and "GEO Group" in paragraph

14  3.16 as outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) to the extent that the

15  request seeks information relating to persons or entities that are separate and distinct from GEO

16  and over whom GEO exercises no control.  GEO further objects to these definitions to the extent

17  that the request includes GEO attorneys and, therefore, improperly seeks information protected by

18  the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any

19  other applicable privileges or immunities.  In responding to these requests, GEO interprets the

20  terms "You," "Your," and "GEO Group" to refer only to the named party in this action and any

21  entities GEO has the legal right to control.

22      GEO objects to Instruction 4.1 to the extent that Plaintiff seeks production of documents

23  outside of the possession, custody, or control of the named party, GEO, and any entities GEO has

24  the legal right to control.

25      GEO objects to Instruction 4.3 to the extent that Plaintiff seeks information outside of the

26  possession, custody, or control of an entity within the legal right to control of the named party,

27
28

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE          - 3 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

GEO.  Furthermore, GEO objects to the procedure for claiming privilege as described in Instruction 4.3.  GEO will produce a privilege log in accordance with Fed. R. Civ. P. 26(b)(5) or in a format mutually agreed to by the parties.

GEO objects to Instruction 4.8, which instructs GEO to produce "all earlier editions or predecessor documents" and, therefore, would require GEO to produce documents outside of the scope of discovery.  GEO will only produce documents relevant to the claims and defenses of the parties from 2005 to January 5, 2018, the date the State served its first discovery requests on GEO.

GEO objects to Instruction 4.9 as it states a procedure for the production of documents, including the labelling and grouping of documents, as well as providing a key for abbreviations used in all documents, that is unduly burdensome and not required under the Federal Rules of Civil Procedure.  Pursuant to Fed. R. Civ. P. 34(b)(2)(E), GEO will produce documents as they are kept in the usual course of business, as they were ordinarily maintained or in a reasonably useable format.  Furthermore, GEO objects to Instruction 4.9 that requires "each responsive document or information shall be produced in its entirety and no portion of any document or information shall be edited, cut, masked, redacted or otherwise altered."  GEO objects as this may require the production of information subject to privilege, privacy or security restrictions.  GEO reserves the right to redact information that is not responsive as well as to redact for privilege.  GEO may also produce documents redacted, *inter alia*, to protect the privacy and safety of individuals identified in the documents, detainees, GEO staff, and others.

GEO objects to Instruction 4.12 to the extent it requires GEO to take extraordinary measures that would be disproportionately expensive and burdensome to preserve electronic information.  In accordance with Fed. R. Civ. P. 37(e) and relevant case law, GEO will take reasonable steps to preserve electronically stored information potentially relevant to this matter.

GEO objects to Instruction 4.13 as no "Exhibit A" has been attached to Plaintiff's Second Requests for Production.  Pursuant to Fed. R. Civ. P. 34(b)(2)(E), GEO will produce documents

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

- 4 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

Document Prepared
on Recycled Paper

as TIFF images with extracted text (or OCRed text for redacted documents) or in a reasonably useable format as appropriate.  GEO will also adhere to the parameters set forth in its April 27, 2018 letter to the State regarding document production format in the above-captioned matter.

GEO objects to Instruction 4.14 as contrary to the Federal Rules of Civil Procedure, and largely inapplicable to the substance of Plaintiff's Second Request for Production.  Without waiver of any rights or other objections, GEO will produce documents responsive to Plaintiff's Second Requests for Production and within its possession, custody, or control in accordance with Fed. R. Civ. P. 34(a)(1).

GEO objects to Instruction 4.15 as GEO is not required under the Federal Rules of Civil Procedure to describe documents or information that may have been destroyed prior to reasonably anticipating litigation in this matter.

**RESPONSES AND OBJECTIONS TO**
**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 18:**   **Please produce all documents that are referenced in, support, or that form the basis of Your response to Interrogatory No. 7.**

**RESPONSE TO NO. 18:**      GEO objects to this Request on the grounds that it is unduly burdensome as it seeks "all documents . . . that form the basis" for GEO's response to Interrogatory No. 7, where documents sufficient to show the profits and losses for NWDC would be reasonable and complete.  Likewise, GEO objects to the Request as not proportionate to the needs of the case, as discovery of "all documents" used to detail the profits and losses at NWDC does nothing to resolve any issue in the case and any burden on GEO would outweigh the negligible benefit Plaintiff would receive from the information.  GEO further objects to this Request as outside of the scope of discovery, to the extent that its seeks information regarding GEO's profits or losses, beyond those related to the voluntary work program ("VWP"), as all other profits and losses are not relevant to the claims or defenses in this case.  GEO also objects

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE                    - 5 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

to this Request as overly broad and unduly burdensome as Interrogatory No. 7 has no defined end date and requires GEO to continuously supplement its responses.  GEO objects to this Request to the extent that it seeks that information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities.  Subject to and without waiving GEO's above stated objections, GEO will not be producing documents responsive to this Request at this time.  Documents concerning GEO's profits or losses are not relevant to this proceeding at this time.  Should the court determine that GEO is subject to suit and liable for payment of wages to VWP participants under the Washington Minimum Wage Act and/or a theory of unjust enrichment, GEO will then conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, to the extent they exist and subject to the protective order entered in this case, produce relevant, responsive, non-privileged documents sufficient to show the profits and losses related to the VWP at NWDC created from 2005 to January 5, 2018.  GEO is withholding documents on the basis of the above stated objections.

**REQUEST FOR PRODUCTION NO. 19:**   **Please produce all documents that are referenced in, support, or that form the basis of Your response to Interrogatory No. 8.**

**RESPONSE TO NO. 19:**     GEO objects to this Request on the grounds that it is unduly burdensome as it seeks "all documents . . . that form the basis" for GEO's response to Interrogatory No. 8, where documents sufficient to show the amount and basis of GEO's claimed offset would be reasonable and complete.  Likewise, GEO objects to the Request as not proportionate to the needs of the case, as discovery of "all documents" that form the basis of the claimed offset does nothing to resolve any issue in the case and any burden on GEO would

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE          - 6 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

outweigh the negligible benefit Plaintiff would receive from the information.  GEO objects to this

Request to the extent that it seeks that information protected by the attorney-client privilege, the

work product doctrine, the common interest privilege, and/or any other applicable privileges or

immunities.  GEO also objects to this Request as overly broad and unduly burdensome as

Interrogatory No. 8 has no defined end date and requires GEO to continuously supplement its

responses.  Subject to and without waiving GEO's above stated objections, GEO will conduct a

reasonable search of documents on active electronic systems and reasonably accessible paper

storage areas that GEO reasonably believes contain potentially relevant information within its

possession, custody, and control, to the extent they exist, have not already been produced, and

subject to the protective order entered in this case, produce relevant, responsive, non-privileged

documents sufficient to show the amount and basis of GEO's claimed offset created from 2005 to

January 5, 2018.  In addition, GEO has already produced three responsive documents:  GEO-

State 19281, GEO-State 19283, and GEO-State 19286.  GEO is withholding documents on the

basis of the above stated objections.

**REQUEST FOR PRODUCTION NO. 20:   Please produce all documents that are
referenced in, support, or that form the basis of Your response to Interrogatory No. 9.**

**RESPONSE TO NO. 20:**     GEO objects to this Request on the grounds that it is unduly

burdensome as it seeks "all documents . . . that form the basis" for GEO's response to

Interrogatory No. 9, where documents sufficient to show the total amount ICE paid detainee

workers through GEO for work performed in the NWDC's VWP would be reasonable and

complete.  Likewise, GEO objects to the Request as not proportionate to the needs of the case, as

discovery of "all documents" used to show the total amount ICE paid detainee workers through

GEO for work performed in the NWDC's VWP does nothing to resolve any issue in the case and

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

- 7 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

any burden on GEO would outweigh the negligible benefit Plaintiff would receive from the information.  GEO objects to this Request to the extent that it seeks that information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities.  GEO objects to this Request as it seeks documents subject to contractual, statutory, and regulatory authority requiring ICE review.  Subject to and without waiving GEO's above stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, to the extent they exist, have not already been produced and subject to the protective order entered in this case, produce relevant, responsive, non-privileged documents sufficient to show the total amount ICE paid detainee workers through GEO for work performed in the NWDC's VWP created from 2005 to January 5, 2018.  In addition, GEO has already produced one responsive document GEO-State 19286.[1]  GEO is withholding documents on the basis of the above stated objections.

**REQUEST FOR PRODUCTION NO. 21:   Please produce all documents that are referenced in, support, or that form the basis of Your response to Interrogatory No. 10.**

**RESPONSE TO NO. 21:**      GEO objects to this Request on the grounds that it is unduly burdensome as it seeks "all documents . . . that form the basis" for GEO's response to Interrogatory No. 10, where documents sufficient to show the total number of detainees participating in the VWP at NWDC, should it be ascertainable, would be reasonable and complete.  Likewise, GEO objects to the Request as not proportionate to the needs of the case, as

---

[1] Currently the earliest period for which GEO has information related to payments from ICE placed in the detainee trust account for VWP participation is December 2005.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE        - 8 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

Document Prepared
on Recycled Paper

discovery of "all documents" used to identify the total number of VWP participants at NWDC does nothing to resolve any issue in the case and any burden on GEO would outweigh the negligible benefit Plaintiff would receive from the information.  Finally, GEO also objects to this Request as overly broad and unduly burdensome as Interrogatory No. 10 has no defined end date and requires GEO to continuously supplement its responses.  GEO objects to this Request to the extent that it seeks that information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities. Subject to and without waiving GEO's above stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, to the extent they exist and subject to the protective order entered in this case, produce relevant, responsive, non-privileged documents sufficient to show the total ascertainable number of recorded VWP participants at NWDC from 2005 to January 5, 2018. GEO is withholding documents on the basis of the above stated objections.

**REQUEST FOR PRODUCTION NO. 22:   Please produce all documents that are referenced in, support, or that form the basis of Your response to Interrogatory No. 11.**

**RESPONSE TO NO. 22:**     GEO objects to this request as it is unduly burdensome and disproportionate because it requests documents to prove a negative answer.  GEO has been very clear with Plaintiff that it does not track the time spent by detainees each day on their assigned tasks.  Rather, it tracks whether a detainee participated in the program on a given day, and the task that detainee elected to perform.  The time taken by the detainee to complete the task necessarily varies to some extent from day to day and task to task.  As the VWP was never intended to pay detainees on an hourly basis, there are no records regarding the exact time spent

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE       - 9 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

by detainees to perform their selected tasks.  GEO objects to this Request to the extent that it

seeks that information protected by the attorney-client privilege, the work product doctrine, the

common interest privilege, and/or any other applicable privileges or immunities.  GEO also

objects to this Request as overly broad and unduly burdensome as Interrogatory No. 11 has no

defined end date and requires GEO to continuously supplement its responses.  Subject to and

without waiving GEO's above stated objections, GEO will conduct a reasonable search of

documents on active electronic systems and reasonably accessible paper storage areas that GEO

reasonably believes contain potentially relevant information within its possession, custody, and

control, to the extent they exist and subject to the protective order entered in this case, produce

relevant, responsive, non-privileged documents sufficient to show that GEO does not track

detainee work hours.  GEO is withholding documents on the basis of the above stated objections.

**REQUEST FOR PRODUCTION NO. 23:**  **Please produce all documents that are
referenced in, support, or that form the basis of Your response to Interrogatory No. 12.**

**RESPONSE TO NO. 23:**      GEO objects to the Request as not proportionate to the needs of the

case, as discovery of "all documents" used to form the basis of identifying each and every task

and assignment would do nothing to resolve any issue in the case and any burden on GEO would

outweigh the negligible benefit Plaintiff would receive from the information.  GEO objects to this

Request to the extent that it seeks that information protected by the attorney-client privilege, the

work product doctrine, the common interest privilege, and/or any other applicable privileges or

immunities.  GEO objects to this Request as overly broad and unduly burdensome, as

Interrogatory No. 12 asks GEO to identify "each and every task/assignment" over a fourteen year

(and counting) period that detainees at NWDC performed, and would require GEO to

continuously supplement and amend its response without a defined end date.  GEO further objects

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE                    - 10 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

to use of the terms "task" and "assignment" in Interrogatory No. 12 as vague, as each term could

apply to specific roles, setting, and physical actions or movements that a detainee may complete

as a participant in the VWP.  Subject to and without waiving GEO's above stated objections,

GEO will conduct a reasonable search of documents on active electronic systems and reasonably

accessible paper storage areas that GEO reasonably believes contain potentially relevant

information within its possession, custody, and control, to the extent they exist and subject to the

protective order entered in this case, produce relevant, responsive, non-privileged documents

sufficient to show the tasks available to VWP participants from 2005 to January 5, 2018 where

they may have been provided food.  GEO will be withholding documents on the basis of the

above objections.

**REQUEST FOR PRODUCTION NO. 24:   Please produce all documents that are
referenced in, support, or that form the basis of Your response to Interrogatory No. 13.**

**RESPONSE TO NO. 24:**      GEO objects to the Request as not proportionate to the needs of the

case, as discovery of "all documents" used to form the basis of identifying detainees who

performed work for GEO at NWDC for which they were paid in food would do nothing to resolve

any issue in the case and any burden on GEO would outweigh the negligible benefit Plaintiff

would receive from the information.  GEO also objects to this Request as overly broad and

unduly burdensome as Interrogatory No. 13 has no defined end date and requires GEO to

continuously supplement its responses.  GEO objects to this Request to the extent that it seeks

that information protected by the attorney-client privilege, the work product doctrine, the

common interest privilege, and/or any other applicable privileges or immunities.  GEO objects to

use of the terms "task" and "assignment" in Interrogatory No. 13 as vague, as each term could

apply to specific roles, setting, and physical actions or movements that a detainee may complete

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE             - 11 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

as a participant in the VWP.  Subject to and without waiving GEO's above stated objections,

GEO will conduct a reasonable search of documents on active electronic systems and reasonably

accessible paper storage areas that GEO reasonably believes contain potentially relevant

information within its possession, custody, and control, to the extent they exist and subject to the

protective order entered in this case, produce relevant, responsive, non-privileged documents

relating to detainees receiving food from NWDC officers or other NWDC staff in order to build

morale from 2005 to January 5, 2018.  GEO will be withholding documents on the basis of the

above objections.

**REQUEST FOR PRODUCTION NO. 25:   Please produce all documents that are
referenced in, support, or that form the basis of Your response to Interrogatory No. 14.**

**RESPONSE TO NO. 25:**      GEO objects to this Request on the grounds that it is unduly

burdensome as it seeks all documents that "form the basis" for GEO's response to Interrogatory

No. 14, where documents sufficient to show which VWP tasks ICE can pay NWDC detainees

more than a $1 per day to complete would be reasonable and proportionate.  Likewise, GEO

objects to the Request as not proportionate to the needs of the case, as discovery of "all

documents" used to form the basis of identifying which VWP positions detainees can earn more

than a $1 per day would do nothing to resolve any issue in the case and any burden on GEO

would outweigh the negligible benefit Plaintiff would receive from the information.  GEO objects

to this Request to the extent that it seeks that information protected by the attorney-client

privilege, the work product doctrine, the common interest privilege, and/or any other applicable

privileges or immunities.  GEO objects to this Request on the grounds that it seeks information

outside of the scope of discovery, as practices at facilities other than the NWDC are not relevant

to the claims or defenses in the case.  GEO also objects to this Request as overly broad and

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE                    - 12 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

unduly burdensome as Interrogatory No. 14 has no defined end date and requires GEO to

continuously supplement and produce additional information without a defined end date.  GEO

further objects on to the use of the phrase "earn more than a $1 per day" in Interrogatory No. 14

as it is vague and ambiguous.  Subject to and without waiving GEO's above stated objections,

GEO will conduct a reasonable search of documents on active electronic systems and reasonably

accessible paper storage areas that GEO reasonably believes contain potentially relevant

information within its possession, custody, and control, to the extent they exist and subject to the

protective order entered in this case, produce relevant, responsive, non-privileged documents

sufficient to show which VWP tasks ICE can pay NWDC detainees more than a $1 per day to

complete from 2005 to January 5, 2018.  In addition, GEO has already produced two responsive

documents as GEO-State 012190 and GEO-State 006269.  GEO will be withholding documents

on the basis of the above objections, including documents pertaining to policies, procedures, and

practices at any facility other than the NWDC.

**REQUEST FOR PRODUCTION NO. 26:   Please produce all documents that are
referenced in, support, or that form the basis of Your response to Interrogatory No. 15.**

**RESPONSE TO NO. 26:**     GEO objects to this Request on the grounds that it is unduly

burdensome as it seeks all documents that "form the basis" for GEO's response to Interrogatory

No. 15, where documents sufficient to show which GEO employees supervised detainees in

NWDC's kitchen would be reasonable and complete.  Likewise, GEO objects to the Request as

not proportionate to the needs of the case, as discovery of "all documents" used to form the basis

of identifying which GEO employees supervised detainees in NWDC's kitchen would do nothing

to resolve any issue in the case and any burden on GEO would outweigh the negligible benefit

Plaintiff would receive from the information.  GEO objects to this Request to the extent that it

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE                    - 13 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

Document Prepared
on Recycled Paper

seeks that information protected by the attorney-client privilege, the work product doctrine, the

common interest privilege, and/or any other applicable privileges or immunities.  GEO objects to

this Request as it seeks documents related to detainee supervision that is not relevant to the claims

or defenses in this case, which concern work performed as part of the VWP and makes no claim

regarding supervision of detainees.  GEO also objects to this Request as overly broad and unduly

burdensome as Interrogatory No. 15 has no defined end date and requires GEO to continuously

supplement and produce additional information without a defined end date.  Subject to and

without waiving GEO's above stated objections, GEO will conduct a reasonable search of

documents on active electronic systems and reasonably accessible paper storage areas that GEO

reasonably believes contain potentially relevant information within its possession, custody, and

control, to the extent they exist, and subject to the protective order entered in this case, produce

relevant, responsive, non-privileged documents sufficient to show which GEO employees

supervised detainees in NWDC's kitchen from 2005 to January 5, 2018.  GEO will be

withholding documents on the basis of the above objections.

**REQUEST FOR PRODUCTION NO. 27:   Please produce all documents that are
referenced in, support, or that form the basis of Your response to Interrogatory No. 16.**

**RESPONSE TO NO. 27:**     GEO objects to this Request on the grounds that it is unduly

burdensome as it seeks all documents that "form the basis" for GEO's response to Interrogatory

No. 16, where documents sufficient to show which GEO employees supervised detainees in

NWDC's laundry would be reasonable and complete.  Likewise, GEO objects to the Request as

not proportionate to the needs of the case, as discovery of "all documents" used to form the basis

of identifying which GEO employees supervised detainees in NWDC's laundry would do nothing

to resolve any issue in the case and any burden on GEO would outweigh the negligible benefit

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE                    - 14 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

Plaintiff would receive from the information.  GEO objects to this Request to the extent that it

seeks that information protected by the attorney-client privilege, the work product doctrine, the

common interest privilege, and/or any other applicable privileges or immunities.  GEO objects to

this Request as it seeks documents related to detainee supervision that is not relevant to the claims

or defenses in this case, which concern work performed as part of the VWP and makes no claim

regarding supervision of detainees.  GEO also objects to this Request as overly broad and unduly

burdensome as Interrogatory No. 16 has no defined end date and requires GEO to continuously

supplement and produce additional information without a defined end date.  Subject to and

without waiving GEO's above stated objections, GEO will conduct a reasonable search of

documents on active electronic systems and reasonably accessible paper storage areas that GEO

reasonably believes contain potentially relevant information within its possession, custody, and

control, to the extent they exist and subject to the protective order entered in this case, produce

relevant, responsive, non-privileged documents sufficient to show which GEO employees

supervised detainees in NWDC's laundry from 2005 to January 5, 2018.  GEO will be

withholding documents on the basis of the above objections..

**REQUEST FOR PRODUCTION NO. 28:**   **Please produce all documents that are
referenced in, support, or that form the basis of Your response to Interrogatory No. 17.**

**RESPONSE TO NO. 28:**      GEO objects to this Request on the grounds that it is unduly

burdensome as it seeks all documents that "form the basis" for GEO's response to Interrogatory

No. 17, where documents sufficient to show which GEO employees' main job was to perform

janitorial tasks would be reasonable and complete.  Likewise, GEO objects to the Request as not

proportionate to the needs of the case, as discovery of "all documents" used to form the basis of

identifying which GEO employees' main job was to perform janitorial tasks would do nothing to

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE                - 15 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

resolve any issue in the case and any burden on GEO would outweigh the negligible benefit

Plaintiff would receive from the information.  GEO objects to this Request to the extent that it

seeks that information protected by the attorney-client privilege, the work product doctrine, the

common interest privilege, and/or any other applicable privileges or immunities.  GEO objects to

this Request as it seeks information about GEO employees and staffing that is not relevant to the

claims or defenses in this case, which concern work performed as part of the Voluntary Work

Program and makes no claim regarding work performed by GEO employees.  GEO also objects

to this Request as overly broad and unduly burdensome as Interrogatory No. 17 has no defined

end date and requires GEO to continuously supplement its responses.  Subject to and without

waiving GEO's above stated objections, GEO will conduct a reasonable search of documents on

active electronic systems and reasonably accessible paper storage areas that GEO reasonably

believes contain potentially relevant information within its possession, custody, and control, to

the extent they exist and subject to the protective order entered in this case, produce relevant,

responsive, non-privileged documents sufficient to show which GEO employees' main job was to

perform janitorial tasks as of January 5, 2018.  GEO will be withholding documents on the basis

of the above objections.

**REQUEST FOR PRODUCTION NO. 29:   Please produce all documents that are
referenced in, support, or that form the basis of Your response to Interrogatory No. 18.**

**RESPONSE TO NO. 29:**      GEO objects to this Request on the grounds that it is unduly

burdensome as it seeks all documents that "form the basis" for GEO's response to Interrogatory

No. 18, where documents sufficient to show VWP tasks and daily shifts for VWP tasks at NWDC

would be reasonable and complete.  Likewise, GEO objects to the Request as not proportionate to

the needs of the case, as discovery of "all documents" used to form the basis of identifying VWP

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE          - 16 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

tasks and daily shifts for VWP tasks at NWDC would do nothing to resolve any issue in the case and any burden on GEO would outweigh the negligible benefit Plaintiff would receive from the information.  GEO also objects to this Request as overly broad and unduly burdensome as Interrogatory No. 18 has no defined end date and requires GEO to continuously supplement its responses.  GEO objects to this Request to the extent that it seeks that information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities.  Subject to and without waiving GEO's above stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, to the extent they exist, have not already been produced, and subject to the protective order entered in this case, produce relevant, responsive, non-privileged documents, sufficient to show VWP tasks and daily shifts for VWP tasks at NWDC from 2005 to January 5, 2018.  GEO will be withholding documents on the basis of the above objections.

**REQUEST FOR PRODUCTION NO. 30:   For each of the years 2005 to the present, please produce all documents, reports, and databases that contain aggregated data or information about the number of hours worked by detainee workers in NWDC's VWP.**

**RESPONSE TO NO. 30:**     GEO objects to this Request on the grounds that the data does not exist.  GEO further objects on the basis that this Request is cumulative of other Requests, including, but not limited to, Request for Production No. 22.  As written, GEO believes there are no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 31:   Please produce all schedules or other documents that set forth the number of hours detainee workers' work to complete each task/assignment/ position in the VWP.**

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE          - 17 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

**RESPONSE TO NO. 31:** GEO objects to this Request on the grounds that the data sought is not reasonably accessible or available. GEO further objects to use of the terms "task," "assignment," and "position" as vague, as each term could apply to specific roles, setting, and physical actions or movements that a detainee may complete as a participant in the VWP. Finally, this Request is cumulative of other Requests, including, but not limited to, Requests for Production Nos. 22 and 30. As written, GEO believes there are no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 32:** For each of the years 2005 to the present, please produce all documents, reports, and databases that contain aggregated data or information about the hours of detainee work broken down by location of work/ tasks/ assignments/ positions performed by detainee workers in NWDC's VWP.

**RESPONSE TO NO. 32:** GEO objects to this Request on the grounds that the data sought is not reasonably accessible or available. GEO further objects to use of the terms "work/task/assignment/position" as vague, as the terms themselves are not specific, could reflect a wide variety of actions or activities, and are subjectively defined. Finally, this Request is cumulative of other Requests, including, but not limited to, Requests for Production Nos. 22 and 30. As written, GEO believes there are no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 33:** Please produce all training materials and documents for training provided to detainee workers for each and every VWP task/assignment/position.

**RESPONSE TO NO. 33:** GEO objects to this Request on the grounds that it seeks information outside of the scope of discovery, as the Request is overly broad and unbounded either by time or to the NWDC, which would require GEO to continuously supplement and produce additional information without a defined end date. Furthermore, GEO objects to the request for all training materials for "each and every task/ assignment/ position" as disproportionate to the needs of the case and vague, as the terms themselves are not specific, could reflect a wide variety of actions or

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE          - 18 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

activities, and are subjectively defined.  Subject to and without waiving GEO's above stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control and produce, to the extent they exist and subject to the protective order entered in this case, relevant, responsive, non-privileged documents of training materials related to the VWP provided to VWP detainee participants at the NWDC from 2005 to January 5, 2018.  GEO will be withholding documents on the basis of the above objections.

**REQUEST FOR PRODUCTION NO. 34:**   **Please produce all training materials for GEO employees regarding the VWP program.**

**RESPONSE TO NO. 34:**  GEO objects to this Request on the grounds that it seeks information outside of the scope of discovery, as the Request is overly broad and unbounded either by time or to the NWDC, which would require GEO to continuously supplement and produce additional information without a defined end date.  GEO also objects that the Request seeks information not relevant to the claims and defenses of the case, as training GEO employees about the VWP program relates to neither.  Subject to and without waiving GEO's above stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control and produce, to the extent they exist and subject to the protective order entered in this case, relevant, responsive, non-privileged training materials provided to GEO NWDC employees regarding the VWP program from 2005 to January 5, 2018.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

- 19 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

**REQUEST FOR PRODUCTION NO. 35:**   **For the relevant years, please produce all NWDC Housekeeping Plans.**

**RESPONSE TO NO. 35:**   GEO objects to this Request on the grounds that the Request seeks information outside of the scope of discovery, as any housekeeping plans are not relevant to the claims or defenses in this case.  Subject to and without waiving GEO's above stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control and produce, to the extent they exist and subject to the protective order entered in this case, relevant, responsive, non-privileged NWDC Housekeeping plans from 2005 to January 5, 2018.

**REQUEST FOR PRODUCTION NO. 36:**   **For each of the years 2005 to the present, please produce all documents, reports, and databases that contain aggregated data or information about detainee worker compensation for participation in NWDC's VWP.**

**RESPONSE TO NO. 36:**   GEO objects to this Request on the grounds that it is overly broad and unduly burdensome, as it seeks "*all* documents, reports, and databases *that contain information*" about detainee compensation for participation in NWDC's VWP, because that would encompass a massive amount of non-relevant information that is co-mingled with information that is actually relevant to the claims and defenses in this case.  For example, information about payments to detainees is contained in the NWDC's commissary system, which contains information about the purchasing and provisioning of a multitude of items for sale in the NWDC commissary.  This information has no bearing on the claims and defenses in this case.  GEO objects to this Request to the extent that it seeks that information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities.  GEO also objects to this Request on the grounds that it is unduly burdensome, as it

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

- 20 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED ON RECYCLED PAPER

would require GEO to continuously supplement and produce additional information without a defined end date.  Subject to and without waiving GEO's above stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control and produce, to the extent they exist, and subject to the protective order entered in this case, relevant, responsive, non-privileged documents sufficient to show detainee compensation for participation in NWDC's VWP from 2005 to January 5, 2018.

**REQUEST FOR PRODUCTION NO. 37:**  **For the relevant time period, please produce all invoices and supporting documents submitted to ICE for payments related to the VWP.**

**RESPONSE TO NO. 37:**  GEO objects to this Request on the grounds that it seeks information related to facilities other than the NWDC, which is outside of the scope of discovery and not relevant to the claims or defenses of this case.  GEO also objects to the Request as unduly burdensome, as it would require GEO to continuously supplement and produce additional information without a defined end date.  Subject to and without waiving GEO's above stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged invoices and supporting documents submitted to ICE for payments related to the NWDC's VWP subject to ICE's review and approval from 2005 to January 5, 2018.

**REQUEST FOR PRODUCTION NO. 38:**  **For each of the years 2005 to the present, please produce all GEO's financial statements, Profit and Loss statements, budget, and budget to actual analysis on a quarterly or annual basis for each of the years during the relevant time period.**

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE          - 21 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

**RESPONSE TO NO. 38:** GEO objects to this Request as outside of the scope of discovery, as it seeks documents that are not relevant to the claims or defenses in this case. GEO's Profit and Loss statements contain information related to a multitude of other facilities that are not subject to the above captioned litigation and over which the State of Washington has no authority, oversight, or contractual relationship. GEO also objects to this Request as cumulative of other requests, including, but not limited to, Request No. 18. GEO also objects to this Request on the grounds that it is unduly burdensome, as it would require GEO to continuously supplement and produce additional information without a defined end date. Finally, GEO objects to this Request to the extent that it requests information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities. GEO will not be producing documents in response to this Request and is withholding responsive documents subject to the above stated objections.

**REQUEST FOR PRODUCTION NO. 39:   To the extent not previously produced, please produce GEO's U.S. Corrections & Detention Division financial statements, Profit and Loss statements, budget, and budget to actual analysis on a quarterly or annual basis for each of the years during the relevant time period.**

**RESPONSE TO NO. 39:** GEO objects to this Request as outside of the scope of discovery, as it seeks documents that are not relevant to the claims or defenses in this case. Furthermore, GEO objects to this Request as it is not proportionate to the needs of the case, as discovery of GEO's U.S. Corrections & Detention Division's financial statements, Profit and Loss statements, budget, and budget to actual analysis on a quarterly or annual basis do nothing to resolve any issue in the case and any burden on GEO would outweigh the negligible benefit Plaintiff would receive from the information. GEO also objects to this Request on the grounds that it is unduly burdensome, as it would require GEO to continuously supplement and produce additional information without

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE          - 22 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

a defined end date.  GEO also objects to this Request as cumulative of other requests, including,

but not limited to, Request Nos. 18 and 38.  Finally, GEO objects to this Request to the extent

that it requests information protected by the attorney-client privilege, the work product doctrine,

the common interest privilege, and/or any other applicable privileges or immunities.  GEO will

not be producing documents in response to this Request and is withholding responsive documents

subject to the above stated objections.

**REQUEST FOR PRODUCTION NO. 40:  To the extent not previously produced, please produce the NWDC's financial statements, Profit and Loss statements, budget, and budget to actual analysis on a quarterly or annual basis from 2005 to present, including all documents that set forth the detailed operating costs of the facility, Voluntary Work Program costs, labor costs, and payroll expenses as well as all details of revenue, contract payments and reimbursements.**

**RESPONSE TO NO. 40:**  GEO objects to this Request to the extent that it seeks financial

statements or other documents reflecting budgeted expenditures that are not relevant to the claims

or defenses in this case.  In addition, this request is objectionable because it is overly broad and

unduly burdensome as it seeks budgets, budget to actual analyses which have no bearing on any

claim or defense in the case.  GEO also objects to this Request on the grounds that it is unduly

burdensome, as it would require GEO to continuously supplement and produce additional

information without a defined end date.  Finally, GEO also objects to this Request as cumulative

of other requests, including, but not limited to, Request Nos. 18, 38, and 39.  Subject to and

without waiving GEO's above stated objections, GEO will conduct a reasonable search of

documents on active electronic systems and reasonably accessible paper storage areas that GEO

reasonably believes contain potentially relevant information within its possession, custody, and

control, and produce relevant, responsive, non-privileged documents, to the extent they exist and

subject to the protective order entered in this case, sufficient to show actual expenditures related

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE          - 23 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

to the VWP at NWDC from 2005 to January 5, 2018.  GEO will withhold documents subject to the above stated objections.

**REQUEST FOR PRODUCTION NO. 41:**  **To the extent not previously produced, please produce all documents that contain financial performance analysis, financial models, financial evaluations, analysis of profits earned, or other assessments of the performance of the NWDC contract(s) with ICE.**

**RESPONSE TO NO. 41:**  GEO objects to this Request on the grounds that it far exceeds the scope of discovery under Fed. R. Civ. P. 26(b)(1) as it seeks documents that have no bearing on the claims or defenses in this case.  To the extent the State seeks information related to its unjust enrichment claim, analyses, models, evaluations and other assessments are not relevant.  Only the actual profits or losses related to the NWDC's VWP program would be relevant.  GEO has agreed to produce those documents, subject to its objections, in response to Request 18.  GEO objects to this Request to the extent that it requests information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities.  GEO also objects to this Request on the grounds that it is unduly burdensome, as it would require GEO to continuously supplement and produce additional information without a defined end date.  Finally, GEO objects to this Request as cumulative of other Requests seeking similar financial information.  GEO will not be producing documents in response to this Request and is withholding responsive documents subject to the above stated objections.

**REQUEST FOR PRODUCTION NO. 42:**  **To the extent not previously produced, please produce all documents related to the profit or loss of the NWDC's Voluntary Work Program, including budget, and budget to actual analysis on a quarterly or annual basis from 2005 to the present, and all documents that set forth the detailed operating costs of the Voluntary Work Program, as well as revenues, payments and reimbursements received.**

**RESPONSE TO NO. 42:**  GEO objects to this Request because it is overly broad and unduly burdensome as it seeks budgets, budget to actual analyses which have no bearing on any claim or

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE                    - 24 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

Document Prepared
on Recycled Paper

defense in the case.  GEO further objects to this request because it seeks all documents related to the profit or loss of the NWDC's Voluntary Work Program.  To the extent the State seeks information related to its unjust enrichment claim only the actual profits or losses related to the NWDC's VWP program would be relevant.  GEO has agreed to produce those documents, subject to its objections, in response to Request 18.  GEO also objects to this Request on the grounds that it is unduly burdensome, as it would require GEO to continuously supplement and produce additional information without a defined end date.  Finally, GEO objects to this Request as cumulative of other Requests seeking similar financial information, such as Request No. 40. Subject to and without waiving GEO's above stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged documents, to the extent they exist and subject to the protective order entered in this case, sufficient to show the operating costs of the VWP at NWDC from 2005 to January 5, 2018.  GEO will withhold documents subject to the above stated objections.

**REQUEST FOR PRODUCTION NO. 43:   To the extent not previously produced, please produce all documents that contain financial analysis, financial models, analysis of profits earned, valuation of the work performed, or other assessments of the Voluntary Work Program at the NWDC from 2004 to present.**

**RESPONSE TO NO. 43:**  GEO objects to this Request to the extent that it seeks financial projections or other documents reflecting budgeted expenditures that are not relevant to the claims or defenses in this case.  GEO also objects to this Request on the grounds that it is unduly burdensome, as it would require GEO produce documents dating back to 2004—before the relevant time period of this case and to continuously supplement and produce additional

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE                - 25 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

information without a defined end date.  Finally, GEO objects to this Request as cumulative of

other Requests seeking similar financial information, such as, but not limited to, Requests Nos. 40

and 42.  Subject to and without waiving GEO's above stated objections, GEO will conduct a

reasonable search of documents on active electronic systems and reasonably accessible paper

storage areas that GEO reasonably believes contain potentially relevant information within its

possession, custody, and control, and produce relevant, responsive, non-privileged documents, to

the extent they exist and subject to the protective order entered in this case, sufficient to show

GEO's financial analysis of the VWP at NWDC from 2005 to January 5, 2018.  GEO will

withhold documents subject to the above stated objections.

**REQUEST FOR PRODUCTION NO. 44:**   **To the extent not previously produced, please produce all documents that contain financial analysis, financial models, analysis of profits earned, valuation of the work performed, or other assessments of the Voluntary Work Program within the GEO Group from 2005 to the present.**

**RESPONSE TO NO. 44:**  GEO objects to this Request to the extent that it seeks financial

projections or other documents reflecting budgeted expenditures that are not relevant to the

claims or defenses in this case.  GEO also objects on the grounds that this Request seeks

information related to facilities other than the NWDC, which is outside of the scope of discovery

and not relevant to the claims or defenses of this case.  Furthermore, GEO objects to this Request

on the grounds that it is unduly burdensome, as it would require GEO to continuously supplement

and produce additional information without a defined end date.  Finally, GEO objects to this

Request as cumulative of other Requests seeking similar financial information, such as, but not

limited to, Requests Nos. 40, 42, and 43.  GEO will not be producing documents in response to

this Request and is withholding responsive documents subject to the above stated objections.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE        - 26 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

**REQUEST FOR PRODUCTION NO. 45:** **For each year from 2005 to the present, please produce a representative commissary price list used by detainees during that year to order items from the commissary.**

**RESPONSE TO NO. 45:** GEO objects to this Request on the grounds that it seeks information outside of the scope of discovery, as commissary price lists are not relevant to the claims or defenses in this case. GEO also objects to the extent that this Request seeks information not within GEO's possession, custody, or control as the NWDC's commissary system is, or has been at times during the relevant period, administered by a third party. GEO also objects to this Request on the grounds that it is unduly burdensome, as it would require GEO to continuously supplement and produce additional information without a defined end date. GEO will not be producing documents in response to this Request and is withholding responsive documents subject to the above stated objections.

**REQUEST FOR PRODUCTION NO. 46:** **Please produce all documents that set forth the terms and conditions of the NWDC detainee telephone/communications system, including, without limitation, the contract(s) with vendors.**

**RESPONSE TO NO. 46:** GEO objects to this Request on the grounds that it seeks information outside of the scope of discovery, as the NWDC detainee telephone/ communications system is not relevant to the claims or defenses in this case. GEO objects to this Request as overly broad and unduly burdensome the Request has no defined end date and requires GEO to continuously supplement and produce additional information without a defined end date. GEO also objects to the extent that this Request seeks information not within GEO's possession, custody, or control as the NWDC's detainee telephone/communications system is, or has been at times within the relevant period, administered by a third party. GEO will not be producing documents in response to this Request and is withholding responsive documents subject to the above stated objections.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE          - 27 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED ON RECYCLED PAPER

**REQUEST FOR PRODUCTION NO. 47:   For each of the year from 2005 to the present, please produce a representative telephone/communications price list or other documents that set forth the cost of telephone calls and video calls made by detainees.**

**RESPONSE TO NO. 47:**  GEO objects to this Request on the grounds that it seeks information outside of the scope of discovery, as the NWDC detainee telephone/communications system is not relevant to the claims or defenses in this case.  GEO objects to this Request as overly broad and unduly burdensome the Request has no defined end date and requires GEO to continuously supplement and produce additional information without a defined end date.  GEO also objects to the extent that this Request seeks information not within GEO's possession, custody, or control as the NWDC's detainee telephone/communications system is, or has been at times within the relevant period, administered by a third party.  GEO will not be producing documents in response to this Request and is withholding responsive documents subject to the above stated objections.

**REQUEST FOR PRODUCTION NO. 48:   To the extent not previously produced, please produce the contract(s) originally entered into by the GEO Group's predecessor Correctional Services Corporation.**

**RESPONSE TO NO. 48:**  GEO objects to this Request on the grounds that is seeks information outside of the scope of discovery, as contracts entered into by a predecessor contractor are not relevant to the claims or defenses in this case.  In addition, GEO objects on the basis that the Request is overly broad as it seeks information related to facilities other than the NWDC and outside of the relevant period.  Finally, GEO objects to this Request on the grounds that it is vague and ambiguous in that it seeks contracts "originally entered into" by a predecessor contractor.  GEO will not be producing documents in response to this Request and is withholding responsive documents subject to the above stated objections.

**REQUEST FOR PRODUCTION NO. 49:   Please produce the ICE solicitation(s) for all ICE/GEO Group Contracts related to the NWDC from 2005 to present.**

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE                      - 28 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

**RESPONSE TO NO. 49:** GEO objects to the extent that the Request seeks documents not within GEO's possession, custody, or control. GEO also objects to this Request on the grounds that it is unduly burdensome, as it would require GEO to continuously supplement and produce additional information without a defined end date. Subject to and without waiving GEO's above stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged documents, to the extent they exist and subject to the protective order entered in this case, of ICE solicitations for ICE/Geo Contracts related to the NWDC from 2005 to January 5, 2018.

**REQUEST FOR PRODUCTION NO. 50:** **To the extent not previously produced, please produce the GEO Group's offer(s) and bid(s), and all supporting documents and submissions in support of those offer(s) and bid(s), submitted in response to ICE solicitation(s), or in negotiations related to amendment(s) and renewal(s), of contracts related to the NWDC at any time from 2005 to the present.**

**RESPONSE TO NO. 50:** GEO objects to this request as it seeks documents outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1). GEO's offers and bids and supporting documents have no bearing on any claim or defense in the case as GEO's proposals to ICE do not control whether detainees participating in the VWP were employees under the Washington Minimum Wage Act. GEO also objects to the Request as not proportionate to the needs of the case, as discovery of "all supporting documents and submissions in support" of offers and bids does nothing to resolve any issue in the case and any burden on GEO would outweigh the negligible benefit Plaintiff would receive from the information. GEO also objects to this Request on the grounds that it is unduly burdensome, as it would require GEO to continuously supplement

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE          - 29 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

and produce additional information without a defined end date.  Finally, GEO objects to this Request as vague and ambiguous as it concerns "contracts related to the NWDC" and is cumulative of other Requests, including but not limited, Requests No. 8 and 49.  Subject to and without waiving GEO's above stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged documents, to the extent they exist and subject to the protective order entered in this case, sufficient to show GEO Group's offer(s) and bid(s) submitted in response to ICE solicitation(s) of contracts related to the NWDC at any time from 2005 to January 5, 2018.  GEO will withhold documents subject to the above stated objections.

**REQUEST FOR PRODUCTION NO. 51:   Please produce all documents containing financial performance analyses, financial models, or other financial evaluations prepared in connection with or for the purpose of GEO Group's offer(s) and bid(s), and negotiations related to amendment(s) and renewal(s), of contracts related to the NWDC from 2005 - present.**

**RESPONSE TO NO. 51:**  GEO objects to this Request to the extent that it requests information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities.  GEO objects to this request as it is wildly overbroad because as written it would seek the analyses, models, or other valuations for *any* contract, the vast majority of which have no bearing whatsoever on the claims or defenses in this case.  For example, the request as written seeks financial analyses, models, or evaluations related to contracts with food distributors, maintenance contracts for the heating and air conditioning, and contracts for IT equipment.  None of these are relevant to the claims or

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE           - 30 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

Document Prepared
on Recycled Paper

defenses in this case.  GEO also objects to this Request overly broad and unduly burdensome as

the financial performance analyses, financial models, or other financial evaluations prepared in

connection with or for the purpose of GEO Group's offer(s) and bid(s), and negotiations related

to amendment(s) and renewal(s), of ICE contracts related to the NWDC also have no bearing on

the claims or defenses in this case.  None of that information would make it more or less likely

that detainees at the NWDC who participated in the VWP are employees under the Washington

State Minimum Wage Act.  Nor would these analyses, evaluations or assessments impact the

actual profit or losses related to the NWDC's VWP program.  GEO also objects on the basis that

the terms "financial performance analysis," "financial models," and "financial evaluations" as

vague and ambiguous.  GEO also objects to this Request on the grounds that it is unduly

burdensome, as it would require GEO to continuously supplement and produce additional

information without a defined end date.  Finally, GEO objects to this Request as cumulative of

other Requests seeking similar financial information.  GEO will not be producing documents in

response to this Request and is withholding responsive documents subject to the above stated

objections.

**REQUEST FOR PRODUCTION NO. 52:   To the extent not previously produced, please produce any per diem rate calculations and models related to GEO Group's NWDC Contract(s) from 2005 to present, including, but not limited to, the following factors: "Voluntary Work Program" costs and expenses; labor costs and payroll expenses (excluding Voluntary Work Program); expected and guaranteed occupancy; all other costs of providing services (including food, medical, building operations, etc.); desired margins.**

**RESPONSE TO NO. 52:**  GEO objects to this Request to the extent that it requests information

protected by the attorney-client privilege, the work product doctrine, the common interest

privilege, and/or any other applicable privileges or immunities.  GEO objects to this request as

outside the scope of discovery as defined in Fed. R. Civ. P. 26(b)(1) as it requests per diem rate

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE          - 31 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

calculations and models related to the NWDC's expected and guaranteed occupancy and desired

margins.  Neither of these categories of documents have any bearing on the claims or defenses in

this case nor would they impact any disgorgement calculation.  GEO also objects to this Request

on the grounds that it is unduly burdensome, as it would require GEO to continuously supplement

and produce additional information without a defined end date.  GEO objects to this Request as

vague and ambiguous as it relates to the undefined "NWDC Contracts," which (as described in

GEO's response to Request 51) may encompass myriad contracts having nothing to do with this

case.  Finally, GEO objects to this Request as it is cumulative of other Requests seeking similar

financial information.  Subject to and without waiving GEO's above stated objections, GEO will

conduct a reasonable search of documents on active electronic systems and reasonably accessible

paper storage areas that GEO reasonably believes contain potentially relevant information within

its possession, custody, and control, and produce relevant, responsive, non-privileged documents,

to the extent they exist and subject to the protective order entered in this case, sufficient to show

GEO's per diem rate calculations and models related to the VWP, labor costs and payroll

expenses (excluding Voluntary Work Program); all other costs of providing services (including

food, medical, building operations, etc.) at NWDC from 2005 to January 5, 2018.  GEO will

withhold documents subject to the above stated objections.

**REQUEST FOR PRODUCTION NO. 53:   To the extent not previously produced, please
produce any calculations concerning overhead and other costs allocated to the NWDC
Contracts in evaluating profitability and the per diem rates as well as the methodology used
to allocate such costs, including any changes in methodology.**

**RESPONSE TO NO. 53:**  GEO objects to this Request to the extent that it requests information

protected by the attorney-client privilege, the work product doctrine, the common interest

privilege, and/or any other applicable privileges or immunities.  Furthermore, GEO objects to the

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE             - 32 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

Request as not proportionate to the needs of the case, as discovery of any calculations concerning

overhead and "other costs allocated to the NWDC contracts" is unreasonably broad and

burdensome when documents sufficient to show such calculations and costs would be reasonable

and complete.  GEO objects to this Request as vague and ambiguous as it relates to the undefined

"NWDC Contracts," which (as described in GEO's response to Request 51) may encompass

myriad contracts having nothing to do with this case.  Finally, GEO objects to this Request as it is

cumulative of other Requests seeking similar financial information, including but not limited to

Request No. 52.  Subject to and without waiving GEO's above stated objections, GEO will

conduct a reasonable search of documents on active electronic systems and reasonably accessible

paper storage areas that GEO reasonably believes contain potentially relevant information within

its possession, custody, and control, and produce relevant, responsive, non-privileged documents,

to the extent they exist and subject to the protective order entered in this case, sufficient to show

GEO's calculations and models concerning overhead and other costs related to the VWP at

NWDC from 2005 to January 5, 2018.  GEO will withhold documents subject to the above stated

objections.

**REQUEST FOR PRODUCTION NO. 54:   To the extent not previously produced, please
produce all documents that contain any analyses of the NWDC Contract costs, and
categorization of those costs as variable or fixed, during the relevant period and any
changes to allocation of costs inbetween categories.**

**RESPONSE TO NO. 54:**  GEO objects to this Request to the extent that it requests information

protected by the attorney-client privilege, the work product doctrine, the common interest

privilege, and/or any other applicable privileges or immunities.  GEO also objects to this Request

to the extent that it seeks analyses of NWDC ICE contract costs that are not relevant to the claims

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE                    - 33 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

or defenses in this case.  Furthermore, GEO objects to the Request as not proportionate to the needs of the case, as discovery of "*all documents* that contain *any analyses* of the NWDC Contract costs" places a substantial burden on GEO that would outweigh the negligible benefit Plaintiff would receive, especially from information unrelated to the VWP at the NWDC.  GEO objects to this Request as vague and ambiguous as it relates to the undefined "NWDC Contracts," which (as described in GEO's response to Request No. 51) may encompass myriad contracts having nothing to do with this case. This request is also unduly because it seeks, among other information, documents containing "any changes to the allocation of costs inbetween categories," which would require an unreasonable and disproportionate amount of analysis to determine which, if any, documents contained such changes.  Finally, GEO objects to the extent this Request is cumulative of other Requests seeking similar financial information.  Subject to and without waiving GEO's above stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged documents, to the extent they exist and subject to the protective order entered in this case, sufficient to show GEO's analysis of costs related to the VWP in GEO-ICE contracts governing GEO's operation of the NWDC from 2005 to January 5, 2018.  GEO will withhold documents subject to the above stated objections.

**REQUEST FOR PRODUCTION NO. 55:  To the extent not previously produced, please produce any documents or information related to assumptions made in determining the contractually negotiated per diem rate(s) and calculations for the NWDC Contracts.**

**RESPONSE TO NO. 55:**  GEO objects to this Request to the extent that it requests information protected by the attorney-client privilege, the work product doctrine, the common interest

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE                    - 34 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

privilege, and/or any other applicable privileges or immunities.  GEO objects to this request as it

seeks documents outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) because

assumptions made in determining the contractually negotiated per diem rates and calculations in

the GEO ICE NWDC contract have no bearing on whether detainees participating in the VWP

program are employees under the Washington State Minimum Wage Act nor does that

information impact any possible disgorgement calculation.  GEO objects to this Request as vague

and ambiguous as it seeks "information related to assumptions made" concerning the undefined

"NWDC Contracts."  Finally, GEO objects to the extent this Request is cumulative of other

Requests seeking similar financial information, including but not limited to, Requests No. 52 to

54.  GEO will not be producing documents in response to this Request and is withholding

responsive documents subject to the above stated objections.

**REQUEST FOR PRODUCTION NO. 56:   Please produce all audit reports and findings in connection with all internal audits of the NWDC's VWP during the relevant period.**

**RESPONSE TO NO. 56:**  GEO objects to this Request to the extent that it requests information

protected by the attorney-client privilege, the work product doctrine, the common interest

privilege, and/or any other applicable privileges or immunities.  GEO objects to this Request as

overly broadly and outside of the scope of discovery as it would require production of audit

information unrelated to the NWDC's VWP, which is not relevant to the claims or defenses in

this case.  GEO also objects to this Request as vague and ambiguous to extent that it also seeks

"findings in connection" with internal audits.  Subject to and without waiving GEO's above stated

objections, GEO will conduct a reasonable search of documents on active electronic systems and

reasonably accessible paper storage areas that GEO reasonably believes contain potentially

relevant information within its possession, custody, and control, and produce relevant, responsive,

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE                - 35 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

non-privileged documents, to the extent they exist and subject to the protective order entered in this case, of audit reports and internal audits of the NWDC's VWP from 2005 to January 5, 2018. GEO is withholding documents on the basis of the above stated objections.

**REQUEST FOR PRODUCTION NO. 57:   Please produce all audit reports and findings in connection with all governmental agency audits of the NWDC's VWP during the relevant period.**

**RESPONSE TO NO. 57:** GEO further objects to this Request as overly broadly and outside of the scope of discovery to the extent it would require production of audit information unrelated to the NWDC's VWP, which is not relevant to the claims or defenses in this case.  GEO also objects to this Request as vague and ambiguous to the extent that it also seeks "findings in connection" with government agency audits.  Subject to and without waiving GEO's above stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged audit reports of government agency audits of the NWDC's VWP, to the extent they exist and subject to the protective order entered in this case, from 2005 to January 5, 2018.  GEO is withholding documents on the basis of the above stated objections.

**REQUEST FOR PRODUCTION NO. 58:   Please produce all detainee worker kites or complaints and all documents, responses, and resolutions to those kites or complaints that relate, in any way, to compensation or failure to pay compensation for work done in the VWP.**

**RESPONSE TO NO. 58:** GEO objects to this Request to the extent that it requests information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities.  GEO also objects to the Request as overly broad as it seeks "kites or complaints all documents, responses, and resolutions to those

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE                    - 36 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

kites or complaints that relate, *in any way*" to detainee compensation, which would lead to the

production of documents with no relationship whatsoever to the claims or defenses in the case.

For example, a complaint from a former detainee about money in his commissary account not

being refunded upon his release or transfer may indeed "relate" to detainee compensation but

have no bearing on the claims or defenses in this case.  Subject to and without waiving GEO's

above stated objections, GEO will conduct a reasonable search of documents on active electronic

systems and reasonably accessible paper storage areas that GEO reasonably believes contain

potentially relevant information within its possession, custody, and control, and produce relevant,

responsive, non-privileged documents, to the extent they exist and subject to the protective order

entered in this case, of kites and complaints relating to compensation detainees received for their

participation in NWDC's VWP from 2005 to January 5, 2018.  GEO is withholding documents

on the basis of the above stated objections.

**REQUEST FOR PRODUCTION NO. 59:**  **Please produce all detainee worker kites or complaints regarding the VWP and all documents, responses, and resolutions to those kites or complaints that relate, in any way, to working hours, working conditions, treatment by guards at work, hiring, job assignments, supervision, or termination.**

**RESPONSE TO NO. 59:**  GEO objects to this Request to the extent that it requests information

protected by the attorney-client privilege, the work product doctrine, the common interest

privilege, and/or any other applicable privileges or immunities.  GEO also objects to the Request

as overly broad as it seeks "kites or complaints that relate, *in any way*" to a number of topics

tangentially related to the VWP, which would lead to the production of documents with no

relationship whatsoever to the claims or defenses in the case.  For example, kites that request a

change in an individual detainee's classification may indeed "relate" to the VWP but have no

bearing on the claims or defenses in this case.  Subject to and without waiving GEO's above

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE                    - 37 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED ON RECYCLED PAPER

stated objections, GEO will conduct a reasonable search of documents on active electronic

systems and reasonably accessible paper storage areas that GEO reasonably believes contain

potentially relevant information within its possession, custody, and control, and produce relevant,

responsive, non-privileged documents, to the extent they exist and subject to the protective order

entered in this case, of kites and complaints relating to detainee experience and participation in

NWDC's VWP from 2005 to January 5, 2018.  GEO is withholding documents on the basis of the

above stated objections.

**REQUEST FOR PRODUCTION NO. 60:**  **Please produce documents that relate, in any way, to staff recruitment from the local community and the NWDC contribution to the local economy through salaries and purchase of goods and services.**

**RESPONSE TO NO. 60:**  GEO objects to this Request as seeking information outside of the

scope of discovery defined in Fed. R. Civ. P. 26(b)(1) as information relating to staff recruitment

and the identity of non-detainees performing work outside of the VWP is not relevant to the

claims and defenses of the case.  In addition, the extent of NWDC's contribution to the local

economy through salaries and the purchase of goods and services also does not relate to any claim

or defense in this case.  None of this information would tend to prove or disprove whether

detainees participating in the VWP should be considered employees under the Washington

Minimum Wage Act.  Furthermore, GEO objects on the grounds that producing the requested

documents is unduly burdensome, overly broad, and not proportionate to the needs of the case as

the burdens of additional discovery outweigh the negligible benefit Plaintiff will receive from the

information.  GEO will not be producing documents in response to this Request and is

withholding responsive documents subject to the above stated objections.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE          - 38 -
OF WASHINGTON'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER

1  Dated: July 12, 2018                    **NORTON ROSE FULBRIGHT US LLP**

2
                                           By  */s/ Andrea L. D'Ambra*
3                                          Andrea L. D'Ambra
                                           1301 Avenue of the Americas
4                                          New York, NY 10019
                                           Telephone: (212) 318-3000
5                                          Facsimile: (212) 318-3019
                                           andrea.dambra@nortonrosefulbright.com
6
                                           **NORTON ROSE FULBRIGHT US LLP**
7                                          Charles A. Deacon
                                           300 Convent St.
8                                          San Antonio, Texas 78205
                                           Telephone: (210) 270-7133
9                                          Facsimile: (210) 270-7205
                                           charlie.deacon@nortonrosefulbright.com
10
                                           **NORTON ROSE FULBRIGHT US LLP**
11                                         Mark Emery
                                           799 9th Street NW, Suite 1000
12                                         Washington, DC 20001-4501
                                           Telephone: (202) 662-0210
13                                         Facsimile: (202) 662-4643
                                           mark.emery@nortonrosefulbright.com
14
                                           **III Branches Law PLLC**
15                                         Joan K. Mell, WSBA #21319
                                           1019 Regents Blvd. Ste. 204
16                                         Fircrest, WA 98466
                                           253-566-2510 (p)
17                                         281-664-4643 (f)
                                           joan@3brancheslaw.com
18
                                           **ATTORNEYS FOR DEFENDANT**
19                                         **THE GEO GROUP, INC.**

20

21

22

23

24

25

26

27
STATE OF WASHINGTON v. GEO GROUP              NORTON ROSE FULBRIGHT US LLP
28  ECF CASE NO. 3:17-cv-05806-RJB                    Andrea L. D'Ambra
    GEO GROUP'S RESPONSE TO THE STATE    - 39 -    1301 Avenue of the Americas
    OF WASHINGTON'S SECOND REQUESTS                     New York, NY 10019
    FOR PRODUCTION OF DOCUMENTS                     Telephone: (212) 318-3000

1

**CERTIFICATE OF SERVICE**

2          I, Sean M. Topping, certify that on July 12, 2018, I caused to be served a true and correct

3   copy of the above GEO Group's Response to the State of Washington's Second Set of Requests for

4   Production of Documents, via Electronic Mail as follows:

5   Office of the Attorney General
    Bob Ferguson
6   La Rond Baker, WSBA No. 43610
7   Andrea Brenneke, WSBA No. 22027
    Marsha Chien, WSBA No. 47020
8   800 Fifth Avenue, Suite 2000
    Seattle, WA 98104
9   LaRondB@atg.wa.gov
10  Andreab3@atg.wa.gov
    MarshaC@atg.wa.gov

11          I certify under penalty of perjury under the State of Washington that the above information

12  is true and correct.

13          Dated this 12th day of July 2018, at New York, NY

14

15

16                                                              */s/ Sean M. Topping*
                                                                Sean M. Topping
17

18

19

20

21

22

23

24

25

26

27  STATE OF WASHINGTON v. GEO GROUP              NORTON ROSE FULBRIGHT US LLP
    ECF CASE NO. 3:17-cv-05806-RJB                        Andrea L. D'Ambra
28  GEO GROUP'S RESPONSE TO THE STATE   - 40 -    1301 Avenue of the Americas
    OF WASHINGTON'S SECOND REQUESTS                      New York, NY 10019
    FOR PRODUCTION OF DOCUMENTS                     Telephone: (212) 318-3000

DOCUMENT PREPARED
ON RECYCLED PAPER