THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                     Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>                     Defendant. | Case No.: 3:17-cv-05806-RJB<br><br>DECLARATION OF JOAN K. MELL ATTACHING DEPOSITION EXCERPTS OF STATE'S 30(b)(6) DEPOSITION OF COLLEEN MELODY IN SUPPORT OF JOINT DISCOVERY MOTION |

I, Joan K. Mell, make the following statement under oath subject to the penalty of perjury pursuant to the laws of the United States and the State of Washington:

1. I am the attorney for The GEO Group, Inc. in the above-captioned matter. I am over the age of eighteen (18), and I am competent to testify in this matter.

2. Attached are true and correct copies of excerpted pages from the deposition of the State's speaking agent Colleen Melody. This deposition testimony GEO cites in the responsive portion of the joint motion on discoverability of GEO's profits.

Dated this 18th day of September, 2018 at Fircrest, WA.

III Branches Law, PLLC

*[signature]*

DECLARATION OF JOAN K. MELL ATTACHING STATE'S 30(b)(6) Deposition of Colleen Melody
In Support of Joint Discovery Motion -
3:17-cv-05806-RJB
1 of 3

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

Joan K. Mell, WSBA #21319
Attorney for The Geo Group, Inc.

DECLARATION OF JOAN K. MELL ATTACHING STATE'S 30(b)(6) Deposition of Colleen Melody In Support of Joint Discovery Motion -
3:17-cv-05806-RJB

2 of 3

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

# CERTIFICATE OF SERVICE

I, Joan K. Mell, hereby certify as follows:

I am over the age of 18, a resident of Pierce County, and not a party to the above action. On September 18, 2018, I electronically filed the above Declaration of Joan K. Mell, with the Clerk of the Court using the CM/ECF system and served via Email to the following:

| ATTORNEY NAME & ADDRESS | METHOD OF DELIVERY |
|---|---|
| Office of the Attorney General<br>La Rond Baker, WSBA No. 43610<br>Marsha Chien, WSBA No. 47020<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104<br>LaRondB@atg.wa.gov<br>MarshaC@atg.wa.gov | ■ CM/ECF E-Service<br>■ E-mail |
| Norton Rose Fulbright US LLP<br>Charles A. Deacon(Pro Hac Vice To Be File)<br>300 Convent St.<br>San Antonio, TX 78205<br>(210)-270-7133<br>charlie.deacon@nortonrosefulbright.com | |
| Norton Rose Fulbright US LLP<br>Mark Emery (Pro Hac Vice To Be Filed)<br>799 9th St. NW, Suite 1000<br>Washington, DC 20001-4501<br>(202)-662-0210<br>mark.emery@nortonrosefulbright.com | |

I certify under penalty of perjury under the laws of the State of Washington that the above information is true and correct.

DATED this 17th day of September, 2018 at Fircrest, Washington.

_____
Joan K. Mell

DECLARATION OF JOAN K. MELL ATTACHING STATE'S 30(b)(6) Deposition of Colleen Melody
In Support of Joint Discovery Motion -
3:17-cv-05806-RJB                            3 of 3

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

```
                   UNITED STATES DISTRICT COURT

                  WESTERN DISTRICT OF WASHINGTON
        _____

        STATE OF WASHINGTON,         )
                                     ) No. 17-cv-05806-RJB
                  Plaintiff,         )
                                     )
             vs.                     )
                                     )
        THE GEO GROUP, INC.,         )
                                     )
                  Defendant.         )
                                     )
                                     )
        _____

             30(b)(6) DEPOSITION UPON ORAL EXAMINATION OF
                           COLLEEN MELODY
                          August 10, 2018
                         Fircrest, Washington
        _____










        Taken Before:

        Laura A. Gjuka, CCR #2057
        Certified Shorthand Reporter
```

```
 1                       A P P E A R A N C E S

 2      For the Plaintiff:

 3          MARSHA CHIEN
            LA ROND BAKER
 4          Assistant Attorney General
            Office of the Attorney General
 5          800 Fifth Avenue, Suite 2000
            Seattle, WA 98104
 6          206-464-7744
            larondb@atg.wa.gov
 7          marshac@atg.wa.gov

 8
        For the Defendant:
 9
            JOAN K. MELL
10          III Branches Law, PLLC
            1019 Regents Boulevard
11          Suite 204
            Fircrest, WA 98466
12          253-566-2510
            joan@3brancheslaw.com
13
        Also Present:
14
            ANYA PERRET
15

16

17

18

19

20

21

22

23

24

25
```

```
 1              BE IT REMEMBERED that on the 10th of August,
 2   2018, 9:06 a.m., at 1019 Regents Boulevard, Fircrest,
 3   Washington, before LAURA A. GJUKA, CCR# 2057, Washington
 4   State Certified Court Reporter residing at University
 5   Place, authorized to administer oaths and affirmations
 6   pursuant to RCW 5.28.010.
 7              WHEREUPON the following proceedings were had,
 8   to wit:
 9                          * * * * * *
10
11   COLLEEN MELODY, having been first duly sworn by
12              the Court Reporter, was examined and
13              testified as follows:
14
15                          EXAMINATION
16   BY MS. MELL:
17   Q  State your name for the record.
18   A  Colleen Melody.
19   Q  What's your address?
20   A  My business address is 800 Fifth Avenue, suite 2000,
21   Seattle, Washington 98104.
22   Q  Okay.  What's your personal address?
23              MS. CHIEN:  Objection.  Is there a reason
24   you need her personal address?
25              MS. MELL:  Not if you're going to accept
```

```
 1        floors, working in the barbershop, doing the other
 2        things that GEO needs done in order for the facility to
 3        operate, it can decide who to staff, it can decide how
 4        to staff those positions.  But when it does, when it
 5        makes those decisions that all employers make about how
 6        to schedule work, it needs to pay workers no less than
 7        $11 an hour.  And it can pay more.
 8        BY MS. MELL:
 9   Q    Do you understand that GEO makes the staffing decisions
10        or ICE?
11   A    GEO is the employer here.  So --
12   Q    How are you deciding that?
13                  MS. CHIEN:  Objection, work product.
14                  THE WITNESS:  These are all legal
15        conclusions, but I'm happy to talk about those to the
16        extent that it helps us move things along.  But GEO is
17        the employer because that's -- it falls under the
18        employer definition under Washington law.  It's defined
19        as an employer because it permits to work employees.
20        BY MS. MELL:
21   Q    Does the task that is undertaken have any bearing on
22        your analysis?
23                  MS. CHIEN:  Objection, work product.
24                  THE WITNESS:  I don't understand that one.
25        BY MS. MELL:
```

1 THE WITNESS: GEO profits monetarily
2 because it avoids having to pay the minimum wage or any
3 fair wage to workers and yet gets the full value of
4 their work.
5 BY MS. MELL:
6 Q And how does Attorney General Ferguson calculate the
7 full value of a detainee's work?
8 MS. CHIEN: Objection, it's work product.
9 THE WITNESS: The Attorney General's
10 Office doesn't calculate that. The legislature sets it
11 or the people through their initiative lawmaking power
12 set the value of hourly work, at least at a minimal
13 level. GEO would have the authority, as I understand
14 it, to determine that a higher rate is the value of the
15 work. But there is a floor set by law.
16 BY MS. MELL:
17 Q What does the floor assume in terms of work performed?
18 MS. CHIEN: Objection, vague. Can you
19 restate the question?
20 THE WITNESS: I don't understand.
21 BY MS. MELL:
22 Q Does Attorney General Ferguson have the position that
23 the floor must be paid whether or not the work is
24 performed?
25 MS. CHIEN: Objection, work product.

```
 1              MS. MELL:  You may not give a speaking
 2   objection.  You may not instruct the witness.  She has
 3   already answered the question.
 4   BY MS. MELL:
 5  Q  So what other factors, if any, that relate to
 6   calculating how GEO has enriched itself?
 7              MS. CHIEN:  And I'm indicating to you,
 8   this is an objection to work product.  We're not --
 9   based on the scheduling order, we're not at that point
10   we need to disclose that information.
11              THE WITNESS:  I think there is a
12   calculation and an analysis that we will be producing.
13   BY MS. MELL:
14  Q  What are the factors in that calculation?
15              MS. CHIEN:  Objection, work product.
16              THE WITNESS:  I think that that would be
17   disclosed in connection with our disclosure of an expert
18   report in this case.
19   BY MS. MELL:
20  Q  Are you refusing to answer the question at this time?
21  A  No.  I'm saying that -- I'm saying that it's part of an
22   expert disclosure that hasn't happened yet.  And --
23  Q  What is Attorney General Ferguson's position?
24              MS. CHIEN:  Objection, vague.
25              THE WITNESS:  His position about the case
```

```
 1   Q   Did Attorney General Ferguson calculate based on the
 2       profitability known to the office at the time it filed
 3       suit what the unjust enrichment amount was?
 4               MS. CHIEN:  Objection, asked and answered.
 5               THE WITNESS:  The Office of the Attorney
 6       General didn't have a precise calculation, in part
 7       because we need information from GEO in order to
 8       understand certain facts that will go into, I think,
 9       expert analysis about the amount of the unjust
10       enrichment.
11       BY MS. MELL:
12   Q   When Attorney General Ferguson filed the lawsuit, did
13       Attorney General Ferguson have a method of calculating
14       unjust enrichment?
15               MS. CHIEN:  Objection, work product, asked
16       and answered.
17               THE WITNESS:  I think that is work
18       product.  Method of calculating something for pursuit of
19       investigation I think is work product.
20       BY MS. MELL:
21   Q   You are refusing to answer the question on that basis?
22   A   Yes.
23   Q   Does Attorney General Ferguson have any case factors to
24       utilize in this matter that have been established in the
25       law for economic reality in detention for detainee
```