The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>　　　　　　　Defendant. | No. 3:17-cv-05806-RJB<br><br>**THE GEO GROUP INC'S MOTION FOR RECONSIDERATION OF ORDER COMPELLING DISCOVERY OF ITS CONFIDENTIAL FINANCIAL INFORMATION**<br><br>NOTE ON MOTION CALENDAR:<br>October 16, 2018 |

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
THE GEO GROUP INC'S MOTION FOR RECONSIDERATION OF
ORDER COMPELLING DISCOVERY OF ITS CONFIDENTIAL
FINANCIAL INFORMATION

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

The GEO Group, Inc. ("GEO") moves the Court to reconsider Section C (pages 8-11) of the Court's Order (ECF 133, "Order"), which compels discovery of GEO's confidential financial information in connection with the State of Washington's unjust enrichment claim.  In the Order, the Court properly held that the "the State's discovery requests are overbroad, complex, and ask for documents that may not be in existence and are not proportional to the needs of the case."  Order 8-9.  The Court also properly held that "[t]he burden and expense of responding to the discovery requests probably outweighs their likely benefit."  *Id*.  GEO recognizes that the Court has significantly trimmed the scope of the State's requests.

However, compelling any confidential financial information is of great concern to GEO because its disclosure can compromise GEO's trade secrets and competitive business position.  *See* Expedited Jt. Mot., ECF 126, at 5-13 ("Jt. Mot.") (document requests).  As explained below, events since the filing of the State's motion to compel have confirmed GEO's concerns that the Protective Order entered in this case (ECF 70, "Prot. Order") may be insufficient to prevent the misuse and/or mishandling of GEO's financial information in this case and others that GEO is defending.

Further, GEO respectfully believes the Court erred by compelling discovery of confidential financial information.  *See* Order, 8-10.  GEO's financial information is irrelevant to both GEO's alleged liability and any possible restitution or disgorgement award for unjust enrichment for the value of detainee labor in the Voluntary Work Program ("VWP") at the Northwest Detention Center ("NWDC").  In its Order, the Court did not explain how or why it reached the opposite conclusion.  The financial information is irrelevant to the unjust enrichment claim that the State has pled, and GEO's confidential information at issue is more likely to lead to harassment and prejudice against GEO than to materially advance any aspect of this case.  Alternatively, those actions give the Court reason to bifurcate discovery.  Consequently, reconsideration is warranted.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
THE GEO GROUP INC'S MOTION FOR RECONSIDERATION OF
ORDER COMPELLING DISCOVERY OF ITS CONFIDENTIAL
FINANCIAL INFORMATION                 - 1 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

**ARGUMENT**

The Court may grant a motion for reconsideration upon either a showing of new facts that could not, with reasonable diligence, have been brought to its attention earlier or "a showing of manifest error" in a prior ruling. L.C.R. 7(h). A manifest error is one that is "plain and indisputable" and that "disregard[s] the controlling law or the credible evidence in the record." *Gaskill v. Travelers Ins. Co.*, C11-5847, 2012 WL 13026638, at *1 (W.D. Wash. Mar. 28, 2012).

**I.   New Information Indicates That Compelled Confidential Financial Information Is Not Sufficiently Protected.**

In the Joint Motion, GEO argued that disclosure of its highly-sensitive confidential business information is likely to be prejudicial either in court or in the public eye. Jt. Mot., 21-22. In response, the State argued that "GEO's financial information can … be ***shielded by the Protective Order***" such that "there is ***no harm*** or prejudice to GEO in producing it." *Id.* at 29 (emphasis added). However, the State's mishandling of confidential information since the Joint Motion was filed shows that GEO's concerns are well-founded.

The Protective Order defines "confidential information" to include "Business financial information." *See* Prot. Order, § 2(3). The Protective Order requires any third party with access to confidential information produced in this case to sign an Acknowledgement and Agreement to Be Bound. *See id.* § 4.2, Exhibit A. The Protective Order covers even confidential information that was inadvertently disclosed. *Id.* § 11.2. The State's expert, Dr. Peter Nickerson, and seven of his associates have signed that Acknowledgement. *See* WA00007688-95.

But when the State served Dr. Nickerson's expert report on September 20—two days ***after*** it filed the Joint Motion—that report contained explicit references to, and discussions of, proprietary business information in documents produced by GEO designated confidential, without

| STATE OF WASHINGTON v. GEO GROUP | NORTON ROSE FULBRIGHT US LLP |
|---|---|
| ECF CASE NO. 3:17-CV-05806-RJB | Andrea L. D'Ambra |
| THE GEO GROUP INC'S MOTION FOR RECONSIDERATION OF | 1301 Avenue of the Americas |
| ORDER COMPELLING DISCOVERY OF ITS CONFIDENTIAL | New York, NY 10019 |
| FINANCIAL INFORMATION             - 2 - | Telephone: (212) 318-3000 |

any confidential marker on the appropriate portions of the report itself.[1]  *See* October 3, 2018 Letter from D. Ellison (attached as Exhibit A to this motion).  An expert report containing designated confidential information is fully covered by the Protective Order's protections and subject to its requirements.  *See* Prot. Order, § 3 ("The protections conferred by this agreement cover . . . (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material;…").  The State and its expert failed to comply with the terms to which they agreed.  Instead, the State forced GEO to note the violation and to request a new version of the expert report with the proper markings.  *See id.*  That this mishandling of GEO's confidential information took place ***while the State was asking the Court to order GEO to disclose a wealth of detailed confidential information***, citing ***the Protective Order itself*** as a way to avoid prejudice to GEO shows the very real risk of improper disclosure despite the Protective Order.

The risk of improper disclosure is broader yet.  The Protective Order expressly contemplates the use of confidential information in the *Nwauzor* case before this Court.  *See* Prot. Order § 4.1.  While the State's service of Dr. Nickerson's report on GEO enabled it to address the State's failure, neither GEO nor the Court has any way to know whether the improperly-marked version of that report had already been disclosed to class counsel in *Nwauzor*.  If so, did the State address its failure through the steps required by the Protective Order?  *See id.* § 11.2.  Have the underlying confidential documents or other confidential information been provided to the *Nwauzor* plaintiffs or other plaintiffs in detainee cases against GEO?  Only the State can answer these questions.  This demonstrated risk underscores the need for the Court to reconsider its decision to compel GEO to disclose a wide range of sensitive and proprietary financial information that is, as explained more

---

[1] This use of confidential information and failure by the State to comply with the requirements of the Protective Order was only clear days later after a detailed review of dozens of documents cited in the State's expert report.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
THE GEO GROUP INC'S MOTION FOR RECONSIDERATION OF
ORDER COMPELLING DISCOVERY OF ITS CONFIDENTIAL
FINANCIAL INFORMATION                                         - 3 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

fully below, irrelevant to the State's unjust enrichment claim.

## II. The Court Erred By Compelling Financial Information That Is Irrelevant To The State's Unjust Enrichment Claim.

In light of these risks, the Court should not compel discovery of GEO's confidential and proprietary financial information without a proper showing of relevance to the State's claims. *See* Fed. R. Civ. P. 26(b). "Unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it." *Young v. Young*, 164 Wn.2d 477, 484, 191 P.3d 1258 (2008). The elements are "(1) the defendant receives a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit." *Id.* at 484-85.

The State's claim, as pled, puts GEO on notice of no theory that would make GEO's profits, losses, budget, or pricing information relevant. The State alleges: (1) GEO benefits from "having necessary work done at NWDC without bearing the financial burden of ***paying the minimum wage*** to those who perform such work;" (2) GEO "benefits by retaining ***the difference between the $1 per day*** that it pays detainees ***and the fair wage that it should pay***;" and (3) "[i]t is unjust for [GEO] to retain the benefit gained from its practice of ***failing to pay adequate compensation***." Complaint, ECF 1-1, ¶¶ 4.9, 6.5, 6.6. These claims are clearly limited to allegedly unpaid compensation in the form of ***hourly*** wages. The measure of the alleged unjust enrichment, if any, is the wage-value of the detainees' work, not by any theory that makes GEO's profits or losses at NWDC, budgets, or pricing considerations relevant. Surely the State would contend that the detainees' labor had a value measurable in wage compensation ***regardless*** of whether NWDC operates at a profit or loss or how GEO sets its budgets or competitive pricing.

The State must be held to the theory it has pled, and the Court should not compel discovery on a theory never noticed by the pleadings. "Federal Rule of Civil Procedure 8(a)(2) requires that

| STATE OF WASHINGTON v. GEO GROUP | NORTON ROSE FULBRIGHT US LLP |
|---|---|
| ECF CASE NO. 3:17-CV-05806-RJB | Andrea L. D'Ambra |
| THE GEO GROUP INC'S MOTION FOR RECONSIDERATION OF | 1301 Avenue of the Americas |
| ORDER COMPELLING DISCOVERY OF ITS CONFIDENTIAL | New York, NY 10019 |
| FINANCIAL INFORMATION     - 4 - | Telephone: (212) 318-3000 |

the allegations in the complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006). Accordingly, "[a] complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) (plaintiff could not proceed at summary judgment on unpled theory because defendant had no notice of which actions to defend).

Without conceding that the State's unjust enrichment claim merits submission to a factfinder, GEO submits that the narrowness of the State's unjust enrichment claim is clear in light of the relevant Washington Pattern Jury Instruction. That instruction calls a jury to award "the reasonable value of the [*services performed*] [*work*, *labor*, *or property furnished*]" if those services or labor were received by a defendant that "knew or should have known" that the plaintiff "expect[ed] payment of reasonable value." 6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 301A.02 (6th ed.). The Washington Pattern Jury Instruction on restitution uses similar language. *See id.* 303.08. These instructions illustrate that liability for unjust enrichment is limited to the "reasonable value" of the services performed or work furnished. The claim turns on whether a plaintiff expected payment for labor, and whether the defendant knew or should have known that the person expected payment of reasonable value for services rendered or work furnished. As applied here, the State's claim alleges that GEO did not pay detainees the minimum or a "fair" hourly wage that they allegedly expected, but instead $1 per day. Even were this claim plausible or meritorious—and it is not—it would not relate to GEO's profits, losses, budgets, or pricing.

Citing *Young*, the State argued that GEO's financial records are needed to "evaluate the 'benefit' and value of the labor provided" from GEO's perspective. *See* Jt. Mot. 26. But as discussed, the benefit is simply the alleged hourly wage value of the labor, nothing more. The

value *Young* assigned to the benefit conferred—the increase in the value of **real property** resulting from the plaintiff's improvements—has no bearing in the State's case, where the allegedly unjustly received "benefit" from a service would be a simple math question: the delta between the hourly rate the State alleges detainees should have received, and the $1 per day that they did get.

Under no colorable theory is the State entitled to the amount VWP participants enhanced GEO's corporate value, just as an employee is not entitled to the profits of his employer simply because he performed his duties as an employee. *Moberg v. Terraqua, Inc.*, 199 Wash. App. 1059, 2017 WL 3048645, at *10 (July 18, 2017) (employee whose work increased employer's revenue provided no viable argument why retention of revenue was unjust). Were that the proper approach, every employee would seek unjust enrichment restitution in the amount his services enhanced his employer's business to the extent the employees' services increased its profitability. The State cited no cases reaching that result, and it conflicts directly with cases like *Moberg*.

Finally, GEO submits that the State's mishandling of GEO's confidential information favors bifurcation. *See* Jt. Mot. 22-25. In denying GEO's request for bifurcation, the Court noted that GEO "offer[ed] no explanation for why the existing protective order fails to alleviate its concerns." Order 11. The State's mishandling of GEO's confidential information in connection with the State's expert report demonstrates the serious risks ***even under the existing protective order***. Accordingly, to the extent the Court compels the financial discovery, GEO respectfully requests that the Court should reconsider bifurcating discovery and staying this highly sensitive disclosure obligation at least until dispositive motions have clarified its relevance.

**Modification Sought.** GEO requests the Court modify part C of the Order to deny the State's motion to compel with respect to Requests For Production Nos. 38, 40, 42, 43, 51, and 52, or to bifurcate discovery until the information sought has become relevant.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-CV-05806-RJB
THE GEO GROUP INC'S MOTION FOR RECONSIDERATION OF
ORDER COMPELLING DISCOVERY OF ITS CONFIDENTIAL
FINANCIAL INFORMATION  - 6 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

| | |
|---|---|
| Dated: October 16, 2018 | **NORTON ROSE FULBRIGHT US LLP**<br>/s/ *Andrea L. D'Ambra*_____<br>Andrea L. D'Ambra<br>1301 Avenue of the Americas<br>New York, NY 10019<br>Telephone: (212) 318-3000<br>Facsimile: (212) 318-3400<br>andrea.dambra@nortonrosefulbright.com |
| | **NORTON ROSE FULBRIGHT US LLP**<br>Charles A. Deacon<br>300 Convent St.<br>San Antonio, Texas 78205<br>Telephone: (210) 270-7133<br>Facsimile: (210) 270-7205<br>charlie.deacon@nortonrosefulbright.com |
| | **NORTON ROSE FULBRIGHT US LLP**<br>Mark Emery<br>799 9th Street NW, Suite 1000<br>Washington, DC 20001-4501<br>Telephone: (202) 662-0210<br>Facsimile: (202) 662-4643<br>mark.emery@nortonrosefulbright.com |
| | **LITTLER MENDELSON P.C.**<br>Douglas E. Smith<br>One Union Square<br>600 University Street<br>Suite 3200<br>Seattle, WA 98101<br>Telephone: (206) 623-3300<br>Facsimile:  (206) 447-6965<br>desmith@littler.com |
| | **GREENBERG TRAURIG, LLC**<br>Scott A. Schipma<br>2101 L Street NW, STE 100<br>Washington, DC 20037<br>(202)-313-3141<br>schipmas@gtlaw.com |
| | **ATTORNEYS FOR DEFENDANT THE GEO GROUP, INC.** |

# CERTIFICATE OF SERVICE

I, Susana Medeiros, hereby certify as follows:

I am over the age of 18, a resident of New York County, and not a party to the above action. On October 16, 2018, I electronically served the above Motion for Reconsideration of Order Compelling Discovery of GEO's Confidential Financial Information via ECF to the following:

| | |
|---|---|
| Office of the Attorney General<br>La Rond Baker, WSBA No. 43610<br>Marsha Chien, WSBA No. 47020<br>Andrea Brenneke, WSBA No. 22027<br>Eric Mentzer, WSBA No. 21243<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104<br>LaRondB@atg.wa.gov<br>MarshaC@atg.wa.gov<br>Andreab3@atg.wa.gov<br>EricM@atg.wa.gov<br><br>Norton Rose Fulbright US LLP<br>Charles A. Deacon (Pro Hac Vice)<br>300 Convent St.<br>San Antonio, TX 78205<br>(210)-270-7133<br>charlie.deacon@nortonrosefulbright.com<br><br>Norton Rose Fulbright US LLP<br>Mark Emery (Pro Hac Vice)<br>799 9th St. NW, Suite 1000<br>Washington, DC 20001-4501<br>(202)-662-0210<br>mark.emery@nortonrosefulbright.com | Littler Mendelson P.C.<br>Douglas E. Smith, WSBA No. 17319<br>William J. Kim, WSBA No. 46792<br>One Union Square<br>600 University Street<br>Suite 3200<br>Seattle, WA 98101<br>(206) 623-3300<br>desmith@littler.com<br>wkim@littler.com<br><br>Greenberg Traurig LLP<br>Scott A. Schipma (Pro Hac Vice)<br>Dawn A. Ellison (Pro Hac Vice)<br>Jerry Stouck (Pro Hac Vice)<br>2101 L Street NW, STE 100<br>Washington, DC 20037<br>(202)-313-3141<br>schipmas@gtlaw.com<br>ellisond@gtlaw.com<br>stouckj@gtlaw.com |

STATE OF WASHINGTON v. GEO GROUP
EOF CASE NO. 3:17-CV-05806-RJB
THE GEO GROUP INC'S MOTION FOR RECONSIDERATION OF
ORDER COMPELLING DISCOVERY OF ITS CONFIDENTIAL
FINANCIAL INFORMATION                - 8 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

1  I certify under penalty of perjury under the laws of the State of Washington that the above

2  information is true and correct.

3  DATED this 16th day of October, 2018 at New York, New York.

_____

| | |
|---|---|
| STATE OF WASHINGTON v. GEO GROUP | NORTON ROSE FULBRIGHT US LLP |
| ECF CASE NO. 3:17-CV-05806-RJB | Andrea L. D'Ambra |
| THE GEO GROUP INC'S MOTION FOR RECONSIDERATION OF | 1301 Avenue of the Americas |
| ORDER COMPELLING DISCOVERY OF ITS CONFIDENTIAL | New York, NY 10019 |
| FINANCIAL INFORMATION  - 9 - | Telephone: (212) 318-3000 |