The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br>Plaintiff,<br>v.<br>THE GEO GROUP, INC.,<br>Defendant. | Case No: 3-17-cv-05806-RJB<br>**THE GEO GROUP INC'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**<br>NOTE ON MOTION CALENDAR:<br>November 9, 2018 |



**NORTON ROSE FULBRIGHT US LLP**
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

BACKGROUND ........ 2

STANDARD OF REVIEW ........ 5

ARGUMENT ........ 6

- I. The Orders Raise A Controlling Question Of Law ........ 6
- II. The Orders Raise Substantial Grounds For Differing Opinions ........ 8
- III. An Immediate Appeal Could Materially Advance This Case ........ 11

CONCLUSION ........ 12



NORTON ROSE FULBRIGHT US LLP
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

## TABLE OF AUTHORITIES

**Page(s)**

**CASES:**

*Alvarado Guevara v. I.N.S.*, 902 F.2d 394 (5th Cir. 1990) ........................................ 11

*Am. KUSA Corp. v. Advantus Corp.*, No. CV 08-3100, 2009 WL 10674756 (C.D. Cal. Sept. 29, 2009) ........................................ 9

*Ark. Peace Ctr. v. Ark. Dep't of Pollution Control*, 992 F.2d 145 (8th Cir. 1993) ........................................ 12

*Couch v. Telescope, Inc.*, 611 F.3d 629 (9th Cir. 2010) ........................................ 6

*Dalie v. Pulte Home Corp.*, 636 F. Supp. 2d 1025 (E.D. Cal. 2009) ........................................ 5

*E.E.O.C. v. Glob. Horizons, Inc.*, No.: CV-11-3045-EFS, 2013 WL 12170299 (E.D. Wash. Oct. 28, 2013) ........................................ 8

*Gabriel Techs. Corp. v. Qualcomm, Inc.*, No. 08CV1992, 2012 WL 3150604 (S.D. Cal. Aug. 2, 2012) ........................................ 9

*In re Cement Antitrust Litig.*, 673 F.2d 1020 (9th Cir. 1981) ........................................ 5, 6

*Kuehner v. Dickinson & Co.*, 84 F.3d 316 (9th Cir. 1996) ........................................ 11

*Lucas v. Hertz Corp.*, No. C 11-01581, 2012 WL 5199384 (N.D. Cal. Oct. 22, 2012) ........................................ 6

*Menocal v. The GEO Grp., Inc.*, 113 F. Supp. 3d 1125 (D. Colo. 2015) ........................................ 11

*Moberg v. Terraqua, Inc.*, 199 Wash. App. 1059, 2017 WL 3048645 (Wash. App. July 18, 2017) ........................................ 9, 10

*Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009) ........................................ 5, 8

*Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681 (9th Cir. 2011) ........................................ 6, 8, 10, 11

*Rivera v. NIBCO, Inc.*, 364 F.3d 1057 (9th Cir. 2004) ........................................ 5, 7

*Solis v. State of Washington*, No. C08-5479BHS, 2010 WL 1186184 (W.D. Wash Mar. 23, 2010) ........................................ 6



**NORTON ROSE FULBRIGHT US LLP**
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

*Staff Builders Home Healthcare, Inc. v. Whitlock*, 108 Wash. App. 928, 33 P.3d 424 (Wash. App. 2001) ....... 9

*State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 375 F Supp. 2d 141 (E.D.N.Y. 2005) ....... 9

*Tennenbaum v. Deloitte & Touche*, 77 F.3d 337 (9th Cir. 1996) ....... 5

*Transamerica Computer Co., Inc. v. Int'l Bus. Mach. Corp.*, 573 F.2d 646 (9th Cir. 1978) ....... 5

*Whyte v. Suffolk Cty. Sheriff's Dep't*, 91 Mass. App. Ct. 1124, 2017 WL 2274618 (Mass. App. Ct. May 24, 2017) ....... 11

*Young v. Young*, 164 Wash. 2d. 477, 191 P.3d 1258 (Wash. 2008) ....... 4, 8, 9, 10

**STATUTES:**

28 U.S.C. § 1657(a) ....... 12

28 U.S.C. § 1292(b) ....... 2, 5, 6, 7, 11, 12

**RULES:**

Fed. R. Civ. P. 26 ....... 2

**OTHER AUTHORITIES:**

Restatement (Third) of Restitution and Unjust Enrichment (2011) ....... 10



NORTON ROSE FULBRIGHT US LLP
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

**INTRODUCTION**

The GEO Group, Inc. ("GEO") moves the Court for an order certifying its Order Denying GEO's Motion for Reconsideration (ECF 144, "Reconsideration Order") and its prior Order on the State's Motion to Compel (ECF 133, "Discovery Order") (together, the "Orders") for interlocutory appeal or, alternatively, to modify the Orders as necessary to certify an interlocutory appeal. The Orders require GEO to disclose highly confidential and competitively sensitive financial records relating to Northwest Detention Center ("NWDC"). The State's unauthorized reproduction of this sensitive information without proper confidentiality markings has already shown the risk GEO faces in disclosure. *See* Motion for Reconsideration (ECF 142, "Reconsideration Mot.").

The underlying and controlling legal issue—***whether GEO's financial information sought by the State is relevant to the State's unjust enrichment claim***—has been sharply disputed by the parties. GEO denies that there is any unjust enrichment, but, in any event, the "benefit" received by GEO that would support a restitution award would be limited only to the hourly wage value of detainees' VWP participation. The State, straying far from the allegations in its Complaint, appears to believe that the detainees' VWP work entitles it to some massive cut of more than a decade's worth of profits based on an ill-defined equitable consequential damages notion. When GEO moved for reconsideration of the Discovery Order on the grounds that the compelled financial information is irrelevant, the Court declined to endorse either party's reasoning about why the information is (or is not) relevant, stating that "[t]o avoid making any findings on the merits of any claim prematurely, further comment on their relevance would appear imprudent." Reconsideration Order, 2. By compelling disclosure, however, the Court ***has*** indeed taken a position on the merits by holding that the unjust enrichment claim somehow makes this information relevant, though the Court identified no reason for doing so. GEO strongly disagrees



NORTON ROSE FULBRIGHT US LLP
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

that the information is relevant. The unjust enrichment claim is the sole ground for any monetary award, and that claim determines whether GEO must put its highly sensitive confidential information at risk. The State's theory would give it boundless power to prosecute profitable employers for unjust enrichment. The Ninth Circuit should resolve this important issue now.

GEO respectfully asserts that the Orders should be certified for interlocutory appeal under 28 U.S.C. § 1292(b) ("Section 1292(b)"). Such certification is proper when a district court's order addresses a controlling question of law that offers substantial grounds for disagreement, and an immediate appeal of that order would materially advance the litigation. The Court's unexplained holding that GEO's financial records are relevant to unjust enrichment meets all three elements. First, that holding turns entirely on the proper construction of Washington's unjust enrichment law, and it is controlling because it is the only grounds for any disclosure obligations under Federal Rule 26(b). Second, the relevance holding offers substantial grounds for disagreement because the unjust enrichment claim itself is novel and the holding rests on an unprecedented application of Washington restitution principles that, if followed, would give the State carte blanche to sue profitable employers at its whim. Third, an interlocutory appeal of the Orders would materially advance this case because it could simplify the issues subject both to discovery and to a potential trial, while the appeal itself is unlikely to postpone the trial that is still roughly nine months away.

Accordingly, and as explained more fully below, GEO respectfully asks the Court either to certify the Orders for interlocutory appeal or to modify the Orders themselves to include language that makes them immediately appealable under Section 1292(b).

## BACKGROUND

This case involves two claims by the State of Washington ("State"), only one of which seeks a monetary award. In that claim, the State alleges that it is entitled to monetary restitution



**NORTON ROSE FULBRIGHT US LLP**
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

because GEO unjustly "benefits by retaining the difference between the $1 per day that it pays detainees and the fair wage that [GEO] should pay for work performed at NWDC," and it seeks an award of GEO's alleged savings for the State itself. Complaint, ECF 1-1, ¶¶ 6.1-6.6, 7.5-7.8.

The parties have sharply disputed the nature of the unjust enrichment claim, and the relevance of certain far-reaching document requests propounded by the State. *See* LCR 37 Expedited Joint Motion, ECF 126, at 1-5 ("Jt. Mot."). The State sought to discover a broad swath of highly confidential and business-sensitive financial records relating not only to NWDC but to GEO's nationwide business, *see id.* at 5-13, all on the theory that those documents are relevant to establish both liability and a proper award under its unjust enrichment claim, *id.* at 15-17. Although the Court properly limited some of these requests as overbroad, it also compelled the production of many sensitive financial records, implicitly holding that at least some of the requested documents are relevant to a viable unjust enrichment claim. Disc. Order, 8-10.

The parties dispute the substance of the unjust enrichment claim, in part because the State has expanded that claim far beyond its pleadings. The State's Complaint alleges only that GEO has been unjustly enriched by the money it allegedly saved by paying $1 per day to detainees instead of a minimum wage. Complaint, ¶¶ 6.4-6.6. In GEO's view, an award on the unjust enrichment claim—in the unlikely event the claim could succeed—would involve nothing more than the alleged hourly wage value of the labor provided by detainees (*i.e.*, the "benefit" provided) for which GEO would be equitably required to pay. The alleged "benefit" detainees provided to GEO comprises labor valued at an hourly wage, regardless of GEO's profitability or financial models or budgets.

The State now argues instead that GEO's financial records are relevant because "the amount and extent of the profit [GEO] derived" from the VWP "are factual circumstances relevant



**NORTON ROSE FULBRIGHT US LLP**
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

to the analysis of whether it is 'unjust for GEO to retain the benefit without payment.'" Jt. Mot., 15 (citing *Young v. Young*, 164 Wash. 2d 477, 191 P.3d 1258, 1265 (Wash. 2008)). The State further argued that "the *amount of profit*" that GEO allegedly "derived from the unfair detainee labor practices" is "necessary for the computation of 'disgorgement,' the remedy for unjust enrichment." *Id.* (emphasis State's). The State then argued that while the differential calculation called for by the State's own complaint is "an essential part of the disgorgement of unjust enrichment analysis," it was nonetheless entitled to scour all of GEO's financial records in order to "evaluate the full value of the benefit received and retained by GEO, including company-wide profits, resulting from [GEO's] practice of failing to pay adequate compensation to detainees" at NWDC. *Id.* That is a classically overbroad discovery request wholly untethered from any defensible relevance theory.

Although GEO argued extensively that its financial records not only have no bearing on the State's claim as pled but also have no bearing on any plausible recovery for what is essentially a wage claim, *id.* at 17-21, the Court held (without elaboration) that some financial documents are relevant to the unjust enrichment claim. *See* Disc. Order, 8-9. When GEO sought reconsideration, or at least clarification of this aspect of the Discovery Order, the Court affirmed its prior order and again declined to explain its reasoning, stating that it would be "imprudent" to address the "merits" of the issue. Reconsideration Order, 2. Yet, by compelling the production of the documents, the Court has found that this highly sensitive financial information is relevant to the State's unjust enrichment claim—without explaining the basis for this finding. To authoritatively clarify this disputed issue, which raises the specter of millions of dollars in restitution and the release of highly confidential and sensitive business information, GEO seeks certification of the Orders for interlocutory appeal.



**NORTON ROSE FULBRIGHT US LLP**
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

## STANDARD OF REVIEW

Federal law gives district courts the power to certify issues for interlocutory appeal when certain conditions are met:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Whenever a district court concludes that its underlying order meets Section 1292(b)'s criteria, it may certify that order for interlocutory appeal, which vests the appellate court with jurisdiction. *Id.* That appellate court may then exercise that jurisdiction at its discretion. *Id.*

Section 1292(b) requires a movant to show three elements: (1) a controlling question of law, (2) substantial grounds for differing opinions, and (3) material advancement through immediate appeal. First, whether a trial court's order involves a "controlling question of law" turns essentially on whether "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). While some circuits have limited this element to "pure legal questions," the Ninth Circuit has not. *E.g.*, *Dalie v. Pulte Home Corp.*, 636 F. Supp. 2d 1025, 1028 (E.D. Cal. 2009) (citing *In re Cement*, 673 F.2d at 1026-27). And while discovery issues may turn on fact questions that would not support certification under Section 1292(b), the Ninth Circuit has reviewed discovery orders that raised underlying relevance questions. *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1061-63 (9th Cir. 2004); *see also Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110-11 (2009) (privilege issues likely to support review under Section 1292(b)); *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337 (9th Cir. 1996) (reviewing discovery order under Section 1292(b)); *Transamerica Comput. Co., Inc. v. Int'l Bus. Mach. Corp.*, 573 F.2d 646 (9th Cir. 1978) (same).



NORTON ROSE FULBRIGHT US LLP
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

Second, whether a district court's order offers "substantial grounds for [a] difference of opinion" may be satisfied in several ways. While a party's strong disagreement with the court's ruling is not enough, *Solis v. State of Washington*, No. C08-5479BHS, 2010 WL 1186184, at *3 (W.D. Wash Mar. 23, 2010), a substantial ground for difference of opinion exists "where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, … or if novel and difficult questions of first impression are presented." *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). And while "the mere fact that there is no Ninth Circuit authority precisely on point" may not suffice, *Lucas v. Hertz Corp.*, No. C 11-01581, 2012 WL 5199384, at *4 (N.D. Cal. Oct. 22, 2012), the Ninth Circuit has found this element satisfied when a district court's order raised "questions of first impression" about which "reasonable judges might differ." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

Third, a district court's order may warrant an immediate appeal whenever that appeal could substantially narrow the disputed issues in a case. In light of the legislative policy underlying Section 1292(b), an interlocutory appeal should be certified when doing so "would avoid protracted and expensive litigation." *In re Cement*, 673 F.2d at 1026. Reversal of the underlying order need not end the case, however; it is enough that the appeal would settle one of its substantial aspects—such as by limiting the claims or parties involved—even if the appeal cannot have a "dispositive effect on the litigation" as a whole. *Reese*, 643 F.3d at 688.

## ARGUMENT

### I. The Orders Raise a Controlling Question of Law.

The Court's Orders raise a controlling question of law because they hold that GEO's financial information is relevant to the State's unjust enrichment claim, which is the sole and controlling claim for monetary relief in this case. The relevance of compelled discovery may be a



NORTON ROSE FULBRIGHT US LLP
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

controlling question of law. In *Rivera*, the Ninth Circuit accepted the Section 1292(b) certified appeal of the district court's refusal to allow discovery into the plaintiffs' immigration status in an action under federal labor law. 364 F.3d at 1061-62. There, the parties disputed the relevance of the discovery. *See id.* In deciding the appeal on its merits, the Ninth Circuit affirmed the order both because the evidence at issue was not relevant to liability and because the district court was free to bifurcate proceedings to address relevance on damages at a later time. *See id.* at 1074-75.

So too here. Although the Court has not elaborated on its underlying rationale, the Orders hold that financial information is relevant to the sharply contested unjust enrichment claim, which raises a question of Washington common law that will determine whether GEO is liable for restitution to the State. Whether any financial documents are relevant to that claim depends on a proper interpretation of Washington's law regarding unjust enrichment, which the parties hotly dispute. *See* Jt. Mot., 5-13 (discovery requests); Jt. Mot., 15-19 (relevance arguments). The Court's Discovery Order compelling GEO to produce many of those documents implicitly adopted some unknown element(s) of the State's theory: either that an employer's profitability can be used either to establish unjust enrichment in a wage action or that an employer's profitability can support a disgorgement award to an hourly employee under an unjust enrichment theory—or both. *See* Disc. Order, 8-10. On reconsideration, the Court confirmed that implicit relevance holding without any further explanation. *See* Reconsideration Order, 2. Thus, the Orders rest fundamentally on a legal construction of the scope of Washington's unjust enrichment law.

That legal construction is a controlling question because it substantially affects the possible restitution damages to be awarded in this case. The Eastern District of Washington interpreted the Ninth Circuit's prior grant of an appeal under Section 1292(b) in *Rivera* as turning on the discovery order's "impact[] on the monetary damages available to the plaintiffs" as well as "whether the trial



**NORTON ROSE FULBRIGHT US LLP**
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

would be bifurcated." *E.E.O.C. v. Glob. Horizons, Inc.*, No.: CV-11-3045-EFS, 2013 WL 12170299, at *2 (E.D. Wash. Oct. 28, 2013). That same analysis applies here: the Court's interpretation of Washington's unjust enrichment law will impact any potential award to the State by moving from the differential calculation articulated in the State's own Complaint into a nebulous standard that relates—somehow—to GEO's profitability. The Order therefore expands the possible liability from the terms alleged to some other amount with no clear boundaries.

Further, whether the financial information is relevant to the novel unjust enrichment claim determines whether GEO must press forward bearing the risk that its information will be improperly disclosed. The State has already demonstrated this risk by serving an expert report without confidentiality markings. Reconsideration Mot., 2-4. The consequences of disclosure of this information are severe: once the information is public, it cannot easily be taken back. In similar situations, such as the discovery of privileged information, the U.S. Supreme Court has stated that when a "ruling involves a new legal question or is of special consequence," the "district courts should not hesitate to certify an interlocutory appeal." *Mohawk Indus.*, 558 U.S. at 111.

## II. The Orders Raise Substantial Grounds For Differing Opinions.

This second element is met when a district court's construction of the law conflicts with other applicable case law or when that construction addresses a novel issue on which reasonable judges might differ. *See Reese*, 643 F.3d at 687-88. The Orders raise substantial grounds for differing opinions because the State's unjust enrichment claim is a novel issue; it has not been decided by the Ninth Circuit, and reasonable judges may differ on what kinds of financial documents would be relevant to the claim in the context of this case.

First, the contours of the unjust enrichment claim are unsettled. The Court's holding implicitly accepts some aspect of the approach urged by the State—which relied on *Young*, 191



**NORTON ROSE FULBRIGHT US LLP**
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

P.3d 1258[1]—to establish the alleged relevance of GEO's profitability in its initial motion to compel. *See* Jt. Mot., 15-17. But *Young* is a clear mismatch to the State's own theory of relief. *Young* involved improvements to real property, not wages for work performed, and thus has no bearing on the State's case, in which the allegedly unjust "benefit" would be calculated (if at all) by a simple math question: the difference between the hourly wage rate the State alleges detainees should have gotten, and the $1 per day that they did get. *See* Jt. Mot., 20; Reconsideration Mot., 5-6. That is the theory the State pled, so it is the theory that should drive this case now. Jt. Mot., 18-19; Reconsideration Mot., 4-5. The Court's orders allowing discovery and denying reconsideration implicitly hold that *Young*'s real estate principles control the State's wage claim.

By contrast, the State's unjust enrichment claim calls for—at most—the theory it pled in the Complaint, which amounts to a simple differential calculation. Jt. Mot., 18-19, 25; Reconsideration Mot., 4-6. GEO explained that using profitability to establish liability, as the State urged by relying on *Young*, would upend wage laws by giving the State boundless power to prosecute profitable employers for unjust enrichment, and GEO further cited case law showing that company profitability is not normally a proper theory of recovery for wage claims. Jt. Mot., 25; Reconsideration Mot., 6. Indeed, cases like *Moberg v. Terraqua, Inc.*, 199 Wash. App. 1059, 2017 WL 3048645 (Wash. App. July 18, 2017), show that a defendant's increased profitability is ***irrelevant*** to an unjust enrichment claim based on wages. The Court's apparent reliance on *Young* does not account for any of these problems, nor did the Orders address *Young's* facial mismatch with the State's own allegations. That mismatch gives rise to substantial grounds for differing

[1] In its Reply, *see* Jt. Mot., 27-28, the State cited *Am. KUSA Corp. v. Advantus Corp.*, No. CV 08-3100, 2009 WL 10674756 (C.D. Cal. Sept. 29, 2009), *Gabriel Techs. Corp. v. Qualcomm, Inc.*, No. 08CV1992, 2012 WL 3150604 (S.D. Cal. Aug. 2, 2012) and *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 375 F Supp. 2d 141 (E.D.N.Y. 2005), but none of those cases involved wage claims or applied Washington law. And the profits awarded to the plaintiff in *Staff Builders Home Healthcare, Inc. v. Whitlock*, 108 Wash. App. 928, 33 P.3d 424 (Wash. App. 2001), arose from a former employee's breach of contract, not from any wage claim.



**NORTON ROSE FULBRIGHT US LLP**
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

opinions that the Ninth Circuit should resolve now, before GEO must incur the risk of disclosing its confidential information through discovery that proves to be improper.

Indeed, the equitable principles on which *Young* relied cut against its application here. The State's attempt to dig through GEO's finances can only conceivably be justified by arguing that GEO's profits should be treated as consequential gains from its alleged unjust savings on labor costs. *See* Jt. Mot., 26 (State arguing that GEO's profitability is "necessary to prove and quantify the reduction of wage costs … and ***how those savings increased GEO's value, profitability, and expanded its business***") (emphasis added). The court in *Young* relied substantially on the Restatement of Restitution to hold that an increase in property value was a proper measure of unjust enrichment under a disgorgement theory. 191 P.3d at 1265-66; *see also* Jt. Mot., 26 (citing *Young*, 191 P.3d at 1265). But the current Restatement explains that even when disgorgement is an appropriate remedy for unjust enrichment—which GEO does not admit—any consequential gains that can be awarded must still be limited to "identifiable and measureable" gains that are not "unduly remote." Restatement (Third) of Restitution and Unjust Enrichment, § 51(5)(a), 53(3) (2011); *see also* Jt. Mot., 21 (GEO's explanation why *Young* is inapposite); Reconsideration Mot., 5-6 (comparing *Young* to *Moberg*). Crucially, consequential gains arising from unjustly retained money—as opposed to real property or other tangible assets from which benefits may be fairly traced—are computed "by an award of ***prejudgment interest***." *Id.* § 53(4) (emphasis added). The State claims no prejudgment interest, Complaint, ¶¶ 4.9, 6.5-6.6; *see also* Jt. Mot., 26, but that is the limited remedy the law identifies, not a consequential cut of profits.

Second, the Orders offer substantial grounds for disagreement by adopting a broad and unarticulated view of a potential unjust enrichment award in the context of a legal claim that is itself almost entirely unprecedented. In *Reese*, the Ninth Circuit explained that "novel and difficult



**NORTON ROSE FULBRIGHT US LLP**
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

questions of first impression" on which "reasonable judges might differ" can suffice to show substantial grounds for differing opinions. 643 F.3d at 688. Here, the State's unjust enrichment claim is in effect one for wages, measured either by state wage laws or some nebulous "fair wage." Complaint, ¶ 6.5. But courts have rejected wage claims by ICE detainees against detention centers, either under state or federal labor laws. *See Whyte v. Suffolk Cty. Sheriff's Dep't*, 91 Mass. App. Ct. 1124, 2017 WL 2274618 (Mass. App. Ct. May 24, 2017) (holding dismissal of minimum wage and unjust enrichment claims); *Alvarado Guevara v. I.N.S.*, 902 F.2d 394 (5th Cir. 1990); *Menocal v. The GEO Grp., Inc.*, 113 F. Supp. 3d 1125 (D. Colo. 2015). And the unjust enrichment claims that are currently pending have not yet been decided on the merits, let alone settled by any Circuit courts. *See, e.g.*, *Menocal*, No. 14-cv-02887 (D. Colo.); *Novoa v. The GEO Grp., Inc.*, No. 5:17-cv-02514 (C.D. Cal.). That makes the relevance question at the heart of the Court's Orders just the sort of "novel and difficult question[] of first impression," *see Reese*, 643 F.3d at 688, that warrants immediate review: in light of the Court's relevance holding, GEO will be forced to produce highly confidential documents relating to its contract with the federal government, with the risks outlined in its Motion for Reconsideration, and must do so without any explanation from the Court as to how those documents are relevant and might be used in the case going forward.

**III. An Immediate Appeal Could Materially Advance This Case.**

Finally, a reversal of the Orders would materially advance this case by simplifying the issues to be resolved through dispositive motions or by a jury. As the Ninth Circuit has explained, an interlocutory appeal may materially advance a case even when it does not "have a final, dispositive effect on the litigation," and it is enough that the appeal could settle some issues in a case, such as by limiting the number or breadth of the claims alleged. *Reese*, 643 F.3d at 688; *see also Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996) (1292(b) satisfied even when



NORTON ROSE FULBRIGHT US LLP
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

order will not "determine[] who will win on the merits").

Here, a successful appeal would limit the State to the damages theory it pled, rather than allow it to burrow through GEO's confidential financial documents to concoct an amorphous equitable theory that the State now values at hundreds of millions of dollars in restitution. Curbing the lone monetary damages theory in this case may in itself have a significant impact on whether the parties continue the litigation. At a minimum, that result would simplify the parties' further disputes relating to damages and limit the scope and extent of the discovery that remains ongoing.

Finally, an interlocutory appeal could be completed without any substantial effect on the current trial schedule. Indeed, federal law allows an appellate court to expedite any appeal "if good cause therefor is shown," 28 U.S.C. § 1657(a), and courts have followed that approach for interlocutory appeals under Section 1292(b). *E.g., Ark. Peace Ctr. v. Ark. Dep't of Pollution Control*, 992 F.2d 145, 146 (8th Cir. 1993). Because an appeal of the Court's Order will involve only a narrow legal question—whether unjust enrichment for underpayment of wages makes financial information about profitability relevant—it can be quickly resolved. The appeal GEO seeks here may not disrupt the schedule leading up to the trial currently slated for June 17, 2019. *See* Order, ECF 137 (setting schedule). But it will bring substantial clarity to the proceedings by determining whether the confidential information sought from GEO—at the risk of unauthorized disclosure and significant competitive damage to GEO—is relevant to the unjust enrichment claim.

## CONCLUSION

In light of the foregoing, GEO respectfully requests that the Court either (1) issue an order containing findings under Section 1292(b) and certifying the Discovery Order and Reconsideration Order for immediate appeal under Section 1292(b) or, in the alternative, (2) modify the Orders to include the necessary findings to make the Orders immediately appealable under Section 1292(b).



**NORTON ROSE FULBRIGHT US LLP**
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

Dated: October 25, 2018

**NORTON ROSE FULBRIGHT US LLP**
/s/ *Andrea L. D'Ambra*
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000
Facsimile: (212) 318-3400
andrea.dambra@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
Charles A. Deacon
300 Convent St.
San Antonio, Texas 78205
Telephone: (210) 270-7133
Facsimile: (210) 270-7205
charlie.deacon@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th Street NW, Suite 1000
Washington, DC 20001-4501
Telephone: (202) 662-0210
Facsimile: (202) 662-4643
mark.emery@nortonrosefulbright.com

**LITTLER MENDELSON P.C.**
Douglas E. Smith
One Union Square
600 University Street
Suite 3200
Seattle, WA 98101
Telephone: (206) 623-3300
Facsimile: (206) 447-6965
desmith@littler.com

**GREENBERG TRAURIG, LLC**
Scott A. Schipma
2101 L Street NW, STE 100
Washington, DC 20037
(202)-313-3141
schipmas@gtlaw.com

**ATTORNEYS FOR DEFENDANT THE GEO GROUP, INC.**

## CERTIFICATE OF SERVICE

I, Sean Topping, hereby certify as follows:

I am over the age of 18, a resident of Queens County, and not a party to the above action.

On October 25, 2018, I electronically served the above Motion for Certification of Interlocutory Appeal via ECF to the following:

Office of the Attorney General
La Rond Baker, WSBA No. 43610
Marsha Chien, WSBA No. 47020
Andrea Brenneke, WSBA No. 22027
Eric Mentzer, WSBA No. 21243
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
LaRondB@atg.wa.gov
MarshaC@atg.wa.gov
Andreab3@atg.wa.gov
EricM@atg.wa.gov

Norton Rose Fulbright US LLP
Charles A. Deacon (Pro Hac Vice)
300 Convent St.
San Antonio, TX 78205
(210)-270-7133
charlie.deacon@nortonrosefulbright.com

Norton Rose Fulbright US LLP
Mark Emery (Pro Hac Vice)
799 9th St. NW, Suite 1000
Washington, DC 20001-4501
(202)-662-0210
mark.emery@nortonrosefulbright.com

Littler Mendelson P.C.
Douglas E. Smith, WSBA No. 17319
William J. Kim, WSBA No. 46792
One Union Square
600 University Street
Suite 3200
Seattle, WA 98101
(206) 623-3300
desmith@littler.com
wkim@littler.com

Greenberg Traurig LLP
Scott A. Schipma (Pro Hac Vice)
Dawn A. Ellison (Pro Hac Vice)
Jerry Stouck (Pro Hac Vice)
2101 L Street NW, STE 100
Washington, DC 20037
(202)-313-3141
schipmas@gtlaw.com
ellisond@gtlaw.com
stouckj@gtlaw.com



NORTON ROSE FULBRIGHT US LLP
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

I certify under penalty of perjury under the laws of the State of Washington that the above information is true and correct.

DATED this 25th day of October, 2018 at New York, New York.

*/s/ Sean M. Topping*



**NORTON ROSE FULBRIGHT US LLP**
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000