The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| STATE OF WASHINGTON, | CIVIL ACTION NO. 3:17-cv-05806-RJB |
|---|---|
| Plaintiff, | |
| v. | STATE OF WASHINGTON'S RESPONSE TO THE GEO GROUP, INC'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL |
| THE GEO GROUP, INC., | |
| Defendant. | |

## I. INTRODUCTION

Having lost a discovery dispute and a Motion for Reconsideration, The GEO Group, Inc. ("GEO") now makes a third attempt to avoid production of financial information and records related to the Northwest Detention Center ("NWDC"). GEO characterizes its disagreement with the Court's routine discovery order as an "exceptional" circumstance that requires immediate appellate review. It is not, and this effort to further delay resolution of this case should be rejected.

## II. FACTUAL BACKGROUND

Washington moved to compel production of GEO's financial records because the information is needed to prove GEO's liability for unjust enrichment and to calculate the remedy of disgorgement. *See* Joint Mot. to Compel GEO's Financials, ECF 126 at 15-17, 26-28. The Court granted Washington's Motion to Compel in part, and ordered GEO to produce financial information related to the NWDC and its Voluntary Work Program ("VWP"). *See* Disc. Order,

STATE OF WASHINGTON'S RESPONSE TO
THE GEO GROUP, INC.'S MOTION FOR
CERTIFICATION OF INTERLOCUTORY
APPEAL

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

ECF 133 at 9-10. In denying GEO's Motion for Reconsideration, the Court held that "the financial documents it has compelled . . . are discoverable." Reconsideration Order, ECF 144 at 2. The Court explicitly refrained from "making any findings on the merits of any claim prematurely" or "further comment[ing] on their relevance." *Id*. (Hereinafter ECF 144 and ECF 133 collectively, the "Discovery Orders.")

To date, GEO has not produced the full financial information and documents related to the NWDC's budget and profits from 2005 to present, as compelled by this Court's Discovery Orders; in addition, there are significant gaps in the financial accounting and records GEO did produce regarding its VWP payments and reimbursements ($1/day) over the years. Decl. of A. Brenneke ("Brenneke Decl.") ¶¶ 3-4. Instead of producing full budget and profit information related to the NWDC, in compliance with the Court's order, it seeks certification to appeal.

### III. ARGUMENT

**A. GEO Faces No "Risk" in Complying with the Court's Discovery Orders.**

As an initial matter, complying with the Court's Discovery Order poses no "risk" to GEO. *See* ECF 145 at 5, 12. Any disclosure of financial information will be made pursuant to the parties' Protective Order. ECF 70. Although GEO asserts an "unauthorized reproduction" of "sensitive information without proper confidentiality markings," ECF 145 at 5, Washington has complied with the Protective Order to the letter.

In discovery, GEO produced some financial reports, documents and spreadsheets that contain financial information. Brenneke Decl. ¶ 5. As these are GEO's documents, GEO designated the documents "confidential" pursuant to the Protective Order. *Id*. Washington, in turn, provided the financial documents it had received, under the terms of the Protective Order, to its economics expert. *Id*. ¶ 8. The expert signed an agreement to be bound by the terms of the Protective Order. *Id*. The expert issued a report on the basis of the information and documents then available. *Id*. ¶ 9. The expert report was disclosed only to GEO, *id.*, and never resulted in a

STATE OF WASHINGTON'S RESPONSE TO THE GEO GROUP, INC.'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

"public disclosure" of the kind that the Protective Order, by its own terms, is concerned with. ECF 70 at 1.

Moreover, and importantly, all documents and spreadsheets marked "confidential" were protected in this process, as was the expert report derived from those confidential documents, in compliance with the Protective Order. Brenneke Decl. ¶ 8. After Washington disclosed the expert report to GEO, GEO requested that certain pages of the expert report that contained analysis derived from confidential material be marked as "confidential." *Id*. ¶ 10. Washington complied with GEO's request. *Id*. ¶ 11 Washington's expert generated an amended report, with confidentiality markings, and Washington served the amended report on GEO. *Id*.

In short, Washington diligently followed the terms of the Protective Order. Washington simply has done nothing to suggest that GEO's production of relevant, limited, and court-ordered, financial information will pose any "risk" to GEO.

**B.    Routine Discovery Orders Are not Appropriate for Interlocutory Appeal**

   **1.    GEO Bears the Burden of Showing Exceptional Circumstances Justify an Interlocutory Appeal**

Although Congress created a mechanism by which litigants can seek appeal of a non-final order, *see* 28 U.S.C. § 1292(b), the mechanism is applied "sparingly." *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959). Even when § 1292(b)'s statutory criteria is satisfied, "district court judges have 'unfettered discretion' to deny certification." *Brizzee v. Fred Meyer Stores, Inc.*, No. CV 04-1566-ST, 2008 WL 426510, at *3 (D. Or. Feb. 13, 2008) (quoting *Ryan, Beck & Co., LLC v. Fakih*, 275 F. Supp. 2d 393, 396 (E.D.N.Y. 2003).

If the district court exercises its discretion and certifies the order for appeal, the Ninth Circuit may still reject the interlocutory appeal—and "does so quite frequently." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002); *see also, In re Cement Antitrust Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1981) (refusing to review an interlocutory appeal because the challenged order "would not materially affect the outcome of th[e] litigation, but only its

STATE OF WASHINGTON'S RESPONSE TO THE GEO GROUP, INC.'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

duration"); *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (concluding a district court's order granting interlocutory appeal was "improvidently granted").

As the party seeking certification under 28 U.S.C. § 1292(b), GEO bears the burden of showing that "exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.'" *In re Cement Antitrust Litig.*, 673 F.2d at 1026 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). *See also U.S. Rubber Co.*, 359 F.2d at 785 ("[Section 1292(b)] was not intended merely to provide review of difficult rulings in hard cases."). To successfully petition for an interlocutory appeal, GEO must show the Court's order (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *see also Kight v. Eskanos & Adler, P.C.*, No. 05CV1999 L (AJB), 2007 WL 173825, at *2 (S.D. Cal. Jan. 8, 2007) ("All three requirements must be met for certification to issue."). GEO fails to meet any of the three elements.

**2. There Is No Controlling Question of Law**

GEO broadly asserts that "[t]he relevance of compelled discovery may be a controlling question of law." ECF 145 at 10-11. That is an overstatement. The Court's determination that NWDC's financial information is relevant to Washington's unjust enrichment claim, and therefore discoverable, is not a "controlling question of law." *See, e.g., Woodbury*, 263 F.2d at 787 (refusing to review district court's order to produce documents that the government claimed to be privileged because the issues raised in the case were "in no way affected by the order to produce documents"). While the financial documents are important because they constitute evidence that likely will support Washington's proof and measure of the "benefit" gained by GEO from detainee labor at the NWDC, this entire discovery dispute involves the method of proving and quantifying these sub-parts of the unjust enrichment claim. Even GEO acknowledges that inviting Ninth Circuit review would not dispose of the unjust enrichment

STATE OF WASHINGTON'S RESPONSE TO
THE GEO GROUP, INC.'S MOTION FOR
CERTIFICATION OF INTERLOCUTORY
APPEAL

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

claim and, at most, would narrow Washington's approach to proof and damages. ECF 145 at 12-13, 16. Indeed, it will add delay and expense while doing nothing to "avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. *Cf. Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 687-90 (9th Cir. 2011) (granting interlocutory review where reversal may take one defendant entirely out of the case and eliminate personal control liability claims against three others). Ordinary discovery disputes about the scope of Rule 26 discovery do not raise questions of controlling law.

None of the cases GEO cites are to the contrary, becasue none supports the notion that relevance of discovery, without more, is a controlling question of law. *Cf., Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110–11 (2009) (opining that elements of 28 U.S.C. § 1292(b) will most likely be satisfied when a privilege ruling involves a new legal question or is of special consequence); *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 339 (9th Cir. 1996) (reversing a district court order requiring deposition testimony because it revealed attorney-client privileged communications); *Transamerica Computer Co. v. Int'l Bus. Machs. Corp.*, 573 F.2d 646, 647 (9th Cir. 1978) (analyzing whether IBM waived attorney-client privilege under unique circumstances where it inadvertently produced documents in accelerated discovery proceedings in prior, unrelated lawsuit).

The only case GEO cites regarding relevance of discovery at all is inapposite. In *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1061-62 (9th Cir. 2004), the district court upheld a magistrate's protective order that *barred* discovery into plaintiffs' immigration status because defendant's use of the discovery process to obtain such information could chill the plaintiffs' willingness and ability to bring civil rights claims. The district court certified for interlocutory review an order denying reconsideration of defendant's claim that plaintiffs' immigration status was discoverable because of its relevance to potential remedies. *Id.* at 1062. The Ninth Circuit granted the petition for interlocutory appeal, but rejected defendant's "contention that discovery regarding the plaintiffs' immigration statuts is essential to its defense." *Id.* at 1070. The Ninth

STATE OF WASHINGTON'S RESPONSE TO
THE GEO GROUP, INC.'S MOTION FOR
CERTIFICATION OF INTERLOCUTORY
APPEAL

5

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Circuit futher held that a protection against discovery of immigration status was supported by good cause, where disclosure could result in "criminal prosecution and deportation." *Id.* at 1064. Here, the concerns that formed the backdrop for the Ninth Circuit's interlocutory review in *Rivera* do not exist. GEO makes no claim that discovery regarding its finances will impair its ability to defend against Washington's claims. It likewise makes no argument that discovery here would create a chilling effect that would cause GEO to "forego . . . litigation." *Id.* at 1065. *Rivera* dealt with different circumstances and is inapplicable.

### 3. There Is Not Substantial Ground for Difference of Opinion

GEO also fails to show the requisite substantial ground for difference of opinion. While GEO continues to take issue with the Court's Discovery Orders, "[a] party's strong disagreement with the Court's ruling is not sufficient" to show that here is substantial ground for difference of opinion. *Couch v. Telescope Inc.*, 611 F.3d 629, 633–34 (9th Cir. 2010) (citations omitted). Further, "[t]hat settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id.*

To determine if there is substantial ground for difference of opinion, courts examine to what extent the controlling law is unclear. *Id.* The mere presence of a disputed issue that is a question of first impression, standing alone, is not enough. *See id.* (concluding that the Ninth Circuit lacked jurisdiction to entertain an interlocutory appeal even though the state supreme court had not yet ruled on the state law issue of first impression). *See also Union County. v. Piper Jaffray & Co.,* 525 F.3d 643, 647 (8th Cir. 2008) (holding that a "dearth of cases" does not give rise to a substantial ground for difference of opinion). "Nor does the fact that no . . . court has addressed the precise questions at issue satisfy the requirement of a substantial ground for disagreement[.]" *Couch,* 611 F.3d at 634. Here, GEO attempts to manufacture substantial ground for difference of opinion by arguing Washington's unjust enrichment claim is "a novel issue [that] has not been decided by the Ninth Circuit" and that "reasonable judges may differ on what

STATE OF WASHINGTON'S RESPONSE TO
THE GEO GROUP, INC.'S MOTION FOR
CERTIFICATION OF INTERLOCUTORY
APPEAL

6

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

kinds of financial documents would be relevant." ECF 145 at 12. GEO's argument, however, fails for three reasons.

*First*, neither Washington's unjust enrichment claim, nor the remedy sought, is "novel." The state supreme court has already considered the claim, set out its elements with specificity, and clarified the importance of disgorging the "full value" of the received benefit. In Washington, unjust enrichment occurs "when one retains money or benefits which in justice and equity belong to another." *Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc.*, 810 P.2d 12, 18 (Wash. Ct. App. 1991). To sustain an unjust enrichment claim, Washington must prove three elements: (1) GEO receives a benefit, (2) the received benefit is at another's expense, and (3) the circumstances make it unjust for GEO to retain the benefit without payment. *Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008). The remedy for unjust enrichment requires disgorgement of the full value of the received benefit, with a focus on the receiver of the benefit, not the provider of the benefit. *Id.* at 1265. *See also Staff Builders Home Healthcare, Inc. v. Whitlock*, 33 P.3d 424, 426 (Wash. 2001) (noting the remedy may include disgorging "wrongfully obtained profits"). Although GEO argues *Young* was decided in the real estate context, nothing in *Young* suggests these basic tenets of the cause of action are so limited. As such, while the fair market value of the detainee labor is a central part of the analysis, the "differential calculation" GEO refers to, ECF 145 at 13, and the state supreme court has already held that disgorgement of "unjust enrichment" must be for the full value by which the labor enriched the beneficiary. *Young*, 191 P.3d at 1258, 1265 (owner "must disgorge the entire value of the benefit she received as determined by either the fair market value of the services rendered or the amount the improvements enhanced the value of the property"). Nothing about the Washington's unjust enrichment cause of action is novel.

*Second*, GEO's argument that it cannot be held accountable for its unfair labor practices through an equitable claim also fail. ECF 145 at 14-15 (suggesting Washington's "unjust enrichment claim is in effect one for wages"). Of course, an unjust enrichment claim brought in

STATE OF WASHINGTON'S RESPONSE TO
THE GEO GROUP, INC.'S MOTION FOR
CERTIFICATION OF INTERLOCUTORY
APPEAL

7

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1 | equity is different from a wage claim at law. *See Menocal v. GEO Group, Inc.*, 113 F. Supp. 3d 1125, 1133 (D. Colo. 2015) (denying GEO's motion to dismiss plaintiffs' equitable claim even though "the claim appears to be largely based on [the plaintiffs' state minimum wage claim]"). Not even the case GEO relies upon for the proposition supports its argument. *See* ECF 145 at 14 (citing *Moberg v. Terraqua, Inc.*, 199 Wash App. 1059, 2017 WL 3048645 (Wash. Ct. App. July, 18, 2017) (unpublished) (applying *Young* to an employment relationship and noting that "[a] party may bring a claim for unjust enrichment to recover the value of a benefit retained even absent any contractual relationship, if fairness and justice require it"). Notably, in *Moberg*, the court did not find "that a defendant's increased profitability [to be] *irrelevant* to an unjust enrichment claim based on wages," as GEO claims, ECF 145 at 13, but instead that the employee failed to prove that it was his own efforts that had increased the business value such that it would be unjust for the owner to keep the profits. *Moberg v. Terraqua, Inc.*, 199 Wash App. 1059, 2017 WL 3048645 at *10.

*Third*, uncertainty about the specific method the court will use to calculate disgorgement of the "full value" of benefit to GEO does not constitute substantial ground for difference of opinion warranting interlocutory review. *Cf.* ECF 145 at 12-13. The "full value" of the benefit to GEO is fact-bound; it depends on the particular circumstances of this case and the as-yet unproduced financial information that is the subject of the current Discovery Orders. There is no clarity to be gained by seeking an advisory opinion from the Ninth Circuit on the application of Washington State unjust enrichment law, especially on this undeveloped record.

**4. Certification Will Not Materially Advance the Litigation**

GEO finally argues that reversal of the Court's orders would "simplify[] the issues to be resolved through dispositive motions or by a jury" and "limit the State to the damages theory it pled." ECF 145 at 15-16. GEO is mistaken, in that Washington's prayer for relief does seek disgorgement of the full benefit received by GEO. ECF 1-1 at ¶ 7.6. Further, GEO's bald

STATE OF WASHINGTON'S RESPONSE TO
THE GEO GROUP, INC.'S MOTION FOR
CERTIFICATION OF INTERLOCUTORY
APPEAL

8

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

assertions are insufficient to show that "an immediate appeal may materially advance the ultimate termination of the litigation" as required under 28 U.S.C. § 1292(b).

The financial information and documents GEO must produce under the Discovery Orders are needed to establish GEO "benefitted" from detainee labor, a liability issue which GEO contests, as well as to calculate the disgorgement of profit. ECF 126 at 15-17, 26-28. Therefore, even if the Court of Appeals were to accept the appeal and instruct the Court on a restricted method for calculating the remedy, GEO's financial documents still would be relevant and necessary for Washington to prove GEO received a "benefit," as necessary for the underlying liability. *Young*, 191 P.3d at 1262.

Certification of discovery orders requiring GEO to produce financial documents will therefore not materially advance the litigation. The financial documents are relevant and discoverable. "[T]hough it may be a tactical disadvantage to have to [disclose documents], [n]othing in the statute or in its legislative history indicates that 1292(b) was designed to relieve [GEO] from such hazards." *See Woodbury,* 263 F.2d at 787–88.

### IV.   CONCLUSION

GEO fails to carry its burden of showing an exceptional circumstance under 28 U.S.C. § 1292(b). The Court should deny GEO's Motion for Certification of Interlocutory Appeal and order GEO to promptly produce its financial records.

Dated this 5th day of November, 2018.

Respectfully submitted,

BOB FERGUSON
Attorney General of Washington

s/ *Andrea Brenneke*
LA ROND BAKER, WSBA No. 43610
MARSHA CHIEN, WSBA No. 47020
ANDREA BRENNEKE, WSBA No. 22027
Assistant Attorneys General
Office of the Attorney General
800 Fifth Avenue, Suite 2000

STATE OF WASHINGTON'S RESPONSE TO THE GEO GROUP, INC.'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

9

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Seattle, WA 98104
(206) 464-7744
larondb@atg.wa.gov
marshac@atg.wa.gov
andreab3@atg.wa.gov

STATE OF WASHINGTON'S RESPONSE TO
THE GEO GROUP, INC.'S MOTION FOR
CERTIFICATION OF INTERLOCUTORY
APPEAL

10

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the United States District Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated this 5th day of November, 2018 in Seattle, Washington.

    s/ *Andrea Brenneke*
Andrea Brenneke

STATE OF WASHINGTON'S RESPONSE TO THE GEO GROUP, INC.'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744