The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STATE OF WASHINGTON,

                Plaintiff,

v.

THE GEO GROUP, INC.,

                Defendant.

Case No: 3-17-cv-05806-RJB

**THE GEO GROUP INC'S REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

NOTE ON MOTION CALENDAR:
November 9, 2018

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
THE GEO GROUP INC'S REPLY IN SUPPORT OF MOTION FOR
CERTIFICATION OF INTERLOCUTORY APPEAL

**NORTON ROSE FULBRIGHT US LLP**
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

# TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| INTRODUCTION | 1 |
| ARGUMENT | 2 |
|     I.    The Orders Raise A Controlling Question Of Law | 2 |
|     II.   The Orders Raise Substantial Grounds For Differing Opinions | 4 |
|     III.  An Immediate Appeal Could Materially Advance This Case | 6 |
| CONCLUSION | 6 |

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
THE GEO GROUP INC'S REPLY IN SUPPORT OF MOTION FOR
CERTIFICATION OF INTERLOCUTORY APPEAL

**NORTON ROSE FULBRIGHT US LLP**
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

- i -

# TABLE OF AUTHORITIES

Page(s)

**CASES:**

*Hill v. Glebe*, No. 14-5330, 2015 WL 1538771 (W.D. Wash. Apr. 7, 2015) ............................. 6

*Moberg v. Terraqua, Inc.*, 199 Wash. App. 1059, 2017 WL 3048645 (Wash. App. July 18, 2017) .................................................................................................... 4, 5, 6

*Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009) ........................................................ 1, 3

*Rivera v. NIBCO, Inc.*, 364 F.3d 1057 (9th Cir. 2004) ............................................................ 2, 3

*Staff Builders Home Healthcare, Inc. v. Whitlock*, 108 Wash. App. 928, 33 P.3d 424 (Wash. App. 2001) ................................................................................................ 5

*Tennenbaum v. Deloitte & Touche*, 77 F.3d 337 (9th Cir. 1996) ................................................ 3

*Transamerica Computer Co., Inc. v. Int'l Bus. Mach. Corp.*, 573 F.2d 646 (9th Cir. 1978) ............................................................................................................................. 3

*United States v. Woodbury*, 263 F.2d 784 (9th Cir. 1959) .......................................................... 3

*Young v. Young*, 164 Wash. 2d. 477, 191 P.3d 1258 (Wash. 2008) ....................................... 4, 5

**STATUTES:**

28 U.S.C. § 1292(b) ..................................................................................................................... 6

**OTHER AUTHORITIES:**

Restatement (Third) of Restitution and Unjust Enrichment (2011) ................................... 1, 4, 6

Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts* (4th ed. 2003) ...................................................................................................................... 5

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
THE GEO GROUP INC'S REPLY IN SUPPORT OF MOTION FOR
CERTIFICATION OF INTERLOCUTORY APPEAL
- ii -

**NORTON ROSE FULBRIGHT US LLP**
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

## INTRODUCTION

The relevance of GEO's confidential financial documents to the State's novel wage-based unjust enrichment claim is an issue that clearly merits immediate appellate review. The issue is hotly disputed, this Court's resolution of it is highly disputable, and resolution from the Ninth Circuit would dramatically advance this litigation by delineating the contours of the State's sole claim for monetary damages. GEO cannot fairly be forced to disclose sensitive financial documents absent an authoritative determination that they are relevant to a claim that the State is ***actually permitted*** to pursue under the law. The Orders should therefore be certified so the Ninth Circuit can resolve the issues raised by the Orders ***before*** GEO is compelled to open its books to government scrutiny. *See, e.g.*, *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110-11 (2009) (noting that "district courts should not hesitate to certify an interlocutory appeal" on a discovery matter that "involves a new legal question or is of special consequence").[1]

The State's arguments to the contrary are unpersuasive. The State claims that "relevance of discovery, without more," cannot be a "controlling question of law," Resp. 5,[2] but ignores that a conclusive resolution would provide ***much*** more, including, most importantly, a determination about the scope and nature of the State's claims. The State's assertion that the "controlling law" is "[]clear," *id.* at 6, ignores that both the Restatement and Washington courts reject the damages theory to which GEO's profits are supposedly relevant. *See also* Reconsideration Order 2 (finding it "imprudent" to opine on the actual relevance of the compelled discovery). And the State's assertion that certification would not advance the litigation because "GEO's financial documents

---

[1] Capitalized terms bear the meanings ascribed to them in GEO's Motion For Certification Of Interlocutory Appeal (the "Motion").

[2] "Resp." refers to State Of Washington's Response To The GEO Group, Inc's Motion For Certification Of Interlocutory Appeal, filed on November 5, 2018, as docket number 146 in this Action.

STATE OF WASHINGTON V. GEO GROUP  
ECF CASE NO. 3-17-cv-05806-RJB  
THE GEO GROUP INC'S REPLY IN SUPPORT OF MOTION FOR  
CERTIFICATION OF INTERLOCUTORY APPEAL  
- 1 -

NORTON ROSE FULBRIGHT US LLP  
Andrea L D'Ambra  
1301 Avenue of the Americas  
New York, NY 10019  
Telephone: (212) 318-3000

still would be relevant and necessary for Washington to prove GEO received a 'benefit,'" Resp. 9, is a red herring, because an order deeming those documents irrelevant is precisely what GEO wishes to obtain on interlocutory appeal. There is a direct conflict on the relevance of GEO's profits to the State's claims, and a judgment from the Ninth Circuit would materially advance this litigation by clarifying that issue and taking the dispute over GEO's financial materials off the table entirely.

Unable to argue persuasively otherwise, the State resorts to accusing GEO of filing the Motion simply to "delay resolution of this case." Resp. 1. The accusation is unwarranted. Granting the Motion would cause no material delay, and in any event, the Motion is a serious (and, contrary to the State's suggestion, a good-faith) effort by GEO to protect its most private documents from unnecessary disclosure in the absence of a conclusive determination that they are relevant to a viable legal theory. It should be granted.

## ARGUMENT

### I. The Orders Raise a Controlling Question of Law.

As the Motion made clear (at 6-8), whether GEO's financial information is relevant to the State's unjust enrichment claim is a controlling question of law because it substantially affects— and deeply intertwines with—the scope of the State's sole claim for monetary relief. *See, e.g.*, *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1061-63 (9th Cir. 2004). Indeed, as GEO has argued throughout this litigation, to the extent the State is entitled to ***any*** remedy for unjust enrichment, that remedy must be limited to the difference between the payment detainees actually received and that to which they were supposedly entitled. *See* Mot. 9. It is only by rejecting that position that this Court could conclude that information about overall profits has any bearing on the State's claims. *See, e.g.*, *id.* at 7.

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
THE GEO GROUP INC'S REPLY IN SUPPORT OF MOTION FOR
CERTIFICATION OF INTERLOCUTORY APPEAL
- 2 -

NORTON ROSE FULBRIGHT US LLP
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

The State's sole effort to rebut that conclusion is to argue, based on a vanilla concept from a 1959 case, "that relevance of discovery, *without more*," cannot be a "controlling question of law." Resp. 5 (citing *United States v. Woodbury*, 263 F.2d 784 (9th Cir.)) (emphasis added). But GEO never argued that discovery issues *alone* gave rise to a controlling question. Rather, the Orders should be certified because they raise critical *merits* issues that should be resolved before freewheeling, invasive, and irreversible discovery into GEO's financials occurs. Mot. 7 (arguing that orders "rest fundamentally on a legal construction of the scope of Washington's unjust enrichment law," which is a "controlling question because it substantially affects the possible restitution damages to be awarded in this case").[3] In such circumstances, even the case law on which the State relies supports certification. *See Woodbury*, 263 F.2d at 787 (acknowledging that certification is appropriate where a legal "determination … might … seriously affect[] the relief … available").[4]

Nor does the State provide any justification for distinguishing the Ninth Circuit's decision in *Rivera*. There, as the State concedes, the district court certified—and the Ninth Circuit accepted—an order pertaining to whether certain materials were "discoverable *because of* [*their*] *relevance to potential remedies*." Resp. 5 (emphasis added). The State spills much ink on the Ninth Circuit's subsequent and irrelevant analysis of whether the particular materials at issue in *Rivera* were in fact discoverable. But what is pertinent about *Rivera*—and what the State does not dispute—is that for purposes of certification a discovery order that might bear on potential

---

[3] The threat of disclosure of GEO's materials is far from imaginary. The State concedes, Resp. 3, that it provided the proper confidentiality markings on its expert's report only *after* GEO pointed out that its failure to do so violated the Protective Order. If a similar disclosure had been made in a public filing, the toothpaste would have been out of the tube.

[4] The State does not appear to dispute that *Mohawk*, 558 U.S. at 110-11, *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 339 (9th Cir. 1996), and *Transamerica Comp. Co. v. Int'l Bus. Machs. Corp.*, 573 F.2d 646, 647 (9th Cir. 1978), establish that discovery orders raising broader issues are eligible for interlocutory review. *Cf.* Resp. 5.

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
THE GEO GROUP INC'S REPLY IN SUPPORT OF MOTION FOR
CERTIFICATION OF INTERLOCUTORY APPEAL
- 3 -

NORTON ROSE FULBRIGHT US LLP
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

remedies presents a controlling question of law.

## II. The Orders Raise Substantial Grounds For Differing Opinions.

GEO also made clear in the Motion that the Orders rest on the mistaken proposition that the State could be entitled to damages beyond the alleged difference between what GEO paid and a so-called "fair" wage. Even if the State could prove unjust enrichment, that proposition is directly contrary to the Complaint, which expressly defined the "benefit[]" GEO allegedly received as "the difference between … $1 per day" and a supposedly "fair wage." Complaint ¶ 6.4. The proposition is also subject to significant disagreement among fair-minded jurists, because Washington law (as reinforced by the Restatement) holds that a provider of services is not entitled to increased profitability beyond the value of wages for services provided. *See, e.g.*, *Moberg v. Terraqua, Inc.*, 199 Wash. App. 1059, 2017 WL 3048645, at *10 (Wash. App. July 18, 2017).[5]

The State claims that it is indisputable that a plaintiff in an unjust enrichment case pertaining to wages is entitled to damages beyond a fair wage, Resp. 6-8, but that is false. It is black-letter law that without an allegation (much less an actual showing) that the profits at issue were directly traceable to the plaintiff's work, consequential gains based on a defendant's profitability are categorically inappropriate. *See* Restatement (Third) of Restitution and Unjust Enrichment ("Restatement"), §§ 51(5)(a), 53(3) (2011); *see also Moberg*, 199 Wash. App. at *10. Indeed, the Restatement makes clear that in any case in which the alleged enrichment pertains to unpaid money for services (as opposed to a tangible asset), consequential gains are calculated by reference to "***prejudgment interest***," not overall profits. Restatement § 53(4) (emphasis added).

---

[5] The State's effort to distinguish *Moberg* on the ground that "the employee failed to prove that it was his own efforts that had increased the business value," Resp. 8, fails on its face, because the State, like the plaintiff in *Moberg*, has categorically failed to allege—much less to proffer any theory of how it would prove—that the profits reflected on GEO's financial statements are directly traceable to the VWP.
STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
THE GEO GROUP INC'S REPLY IN SUPPORT OF MOTION FOR
CERTIFICATION OF INTERLOCUTORY APPEAL

- 4 -

NORTON ROSE FULBRIGHT US LLP
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

None of the authority the State invokes contradicts GEO's position. *Young v. Young*, on which the State places near-total reliance, is explicitly limited to cases involving tangible "***improvement*[*s*] *to land***." 191 P.3d 1258, 1262 (Wash. 2008) (emphasis added). Moreover, according to the very authorities cited in *Young* for the proposition in which the State relies, *see* Resp. 7, a plaintiff is categorically barred from pursuing consequential damages (*i.e.* enhancement of value) if it is also pursuing a wage-differential theory. *See Young*, 191 P.3d at 1265 (defendant "must disgorge the entire value of the benefit she received as determined by either the fair market value of the services rendered ***or*** the amount the improvements enhanced the value of the property") (emphasis added); 26 Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts* § 68:35, at 424 (4th ed. 2003) ("[I]t is fundamentally important to note that the plaintiff can in no event recover both.").[6] *Young* simply does not support the State's theory; a "benefit," in the context of services provided, can be no more than the wage value of the labor that benefits the defendant. It is not some consequential theory that entitles the State to a company's profits over a decade or more.

Nor do the State's remaining arguments come close to placing its supposed entitlement to GEO's financials beyond dispute. The State's abstract assertion that "an unjust enrichment claim brought in equity is different from a wage claim," Resp. 7-8, neither distinguishes *Moberg* nor accounts for the State's own pleadings, which commit it to a "wage differential" theory that seeks monetary recovery for its equitable wage claim. And the State's dubious assertion that a Ninth Circuit opinion would be somehow "advisory," Resp. 8, simply ignores that the judgment GEO

---

[6] The State's reliance (at Resp. 7) on *Staff Builders Home Healthcare, Inc. v. Whitlock*, 33 P.3d 424, 426 (Wash. App. 2001), is both misplaced and misleading. *Staff Builders* involves a claim brought by a company for a former employee's breach of a noncompetition agreement—not a wage claim. *Id.* In any event, contrary to the indications in the State's brief, it is not a decision of the Washington Supreme Court and does not contain the language the State purports to quote from it.

STATE OF WASHINGTON V. GEO GROUP  
ECF CASE NO. 3-17-cv-05806-RJB  
THE GEO GROUP INC'S REPLY IN SUPPORT OF MOTION FOR  
CERTIFICATION OF INTERLOCUTORY APPEAL  
- 5 -

NORTON ROSE FULBRIGHT US LLP  
Andrea L D'Ambra  
1301 Avenue of the Americas  
New York, NY 10019  
Telephone: (212) 318-3000

seeks would determine whether any valid legal theory, applied to the facts here, makes the compelled financial information relevant.  There is, at the very minimum, a reasonable argument that no such theory exists.

**III.     An Immediate Appeal Could Materially Advance This Case.**

A successful appeal would sharply curtail the open-ended damages inquiry the State has proposed, simplify the parties' further disputes relating to liability and damages, and limit the scope and extent of further discovery. Mot. 11-12. Moreover, and particularly given the potential availability of expedited review in the court of appeals, certification could achieve those results without having any substantial impact (or perhaps any impact at all) on the timing of trial.

The State does not dispute that an interlocutory appeal need not be dispositive in order to materially advance a case.  Instead, it implausibly claims that even if the Ninth Circuit deems GEO's financial information irrelevant to *damages*, it would still somehow "be relevant … to prove GEO received a 'benefit,' as necessary for the underlying liability." Resp. 9.  But that is false.  As the State's own complaint makes clear (and as the Restatement and *Moberg* reinforce), the only "benefit" the State can hope to recover in this litigation is "the difference between the $1 per day that [GEO] pays detainees and the fair wage that it should pay for work performed at NWDC."  Complaint ¶ 6.5.  Evidence of profitability has no bearing on that alleged "benefit."

## CONCLUSION

GEO respectfully requests that the Court grant the Motion and amend the Orders to certify them for appeal.[7]

---

[7] GEO requests that the Court issue an order that amending both Orders ECF 133 and 144 to include the certification for appeal and the Court's findings that 28 U.S.C. § 1292(b)'s requirements are met. *See, e.g.*, *Hill v. Glebe*, No. 14-5330, 2015 WL 1538771, *3 (W.D. Wash. Apr. 7, 2015) (Bryan, J.).  GEO has attached a supplemental proposed order reflecting the requested language.

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
THE GEO GROUP INC'S REPLY IN SUPPORT OF MOTION FOR
CERTIFICATION OF INTERLOCUTORY APPEAL
- 6 -

NORTON ROSE FULBRIGHT US LLP
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

| | | |
|---|---|---|
| 1 | Dated:   November 9, 2018 | **NORTON ROSE FULBRIGHT US LLP** |
| 2 | | /s/ *Andrea L. D'Ambra*_____ |
| | | Andrea L. D'Ambra |
| 3 | | 1301 Avenue of the Americas |
| 4 | | New York, NY 10019 |
| | | Telephone: (212) 318-3000 |
| 5 | | Facsimile: (212) 318-3400 |
| | | andrea.dambra@nortonrosefulbright.com |
| 6 | | |
| 7 | | **NORTON ROSE FULBRIGHT US LLP** |
| | | Charles A. Deacon |
| 8 | | 300 Convent St. |
| | | San Antonio, Texas 78205 |
| 9 | | Telephone: (210) 270-7133 |
| 10 | | Facsimile: (210) 270-7205 |
| | | charlie.deacon@nortonrosefulbright.com |
| 11 | | |
| 12 | | **NORTON ROSE FULBRIGHT US LLP** |
| | | Mark Emery |
| 13 | | 799 9th Street NW, Suite 1000 |
| | | Washington, DC 20001-4501 |
| 14 | | Telephone: (202) 662-0210 |
| 15 | | Facsimile: (202) 662-4643 |
| | | mark.emery@nortonrosefulbright.com |
| 16 | | |
| 17 | | **LITTLER MENDELSON P.C.** |
| | | Douglas E. Smith |
| 18 | | One Union Square |
| | | 600 University Street |
| 19 | | Suite 3200 |
| | | Seattle, WA 98101 |
| 20 | | Telephone: (206) 623-3300 |
| | | Facsimile:  (206) 447-6965 |
| 21 | | desmith@littler.com |
| 22 | | |
| | | **GREENBERG TAURIG, LLC** |
| 23 | | Scott A. Schipma |
| | | 2101 L Street NW, STE 100 |
| 24 | | Washington, DC 20037 |
| 25 | | (202)-313-3141 |
| | | schipmas@gtlaw.com |
| 26 | | |
| 27 | | **ATTORNEYS FOR DEFENDANT** |
| | | **THE GEO GROUP, INC.** |
| 28 | | |

# CERTIFICATE OF SERVICE

I, Susana Medeiros, hereby certify as follows:

I am over the age of 18, a resident of Queens County, and not a party to the above action.

On November 9, 2018, I electronically served the above Reply in Support of Motion for Certification of Interlocutory Appeal via ECF to the following:

| | |
|---|---|
| Office of the Attorney General<br>La Rond Baker, WSBA No. 43610<br>Marsha Chien, WSBA No. 47020<br>Andrea Brenneke, WSBA No. 22027<br>Eric Mentzer, WSBA No. 21243<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104<br>LaRondB@atg.wa.gov<br>MarshaC@atg.wa.gov<br>Andreab3@atg.wa.gov<br>EricM@atg.wa.gov | Littler Mendelson P.C.<br>Douglas E. Smith, WSBA No. 17319<br>William J. Kim, WSBA No. 46792<br>One Union Square<br>600 University Street<br>Suite 3200<br>Seattle, WA 98101<br>(206) 623-3300<br>desmith@littler.com<br>wkim@littler.com |
| Norton Rose Fulbright US LLP<br>Charles A. Deacon (Pro Hac Vice)<br>300 Convent St.<br>San Antonio, TX 78205<br>(210)-270-7133<br>charlie.deacon@nortonrosefulbright.com | Greenberg Traurig LLP<br>Scott A. Schipma (Pro Hac Vice)<br>Dawn A. Ellison (Pro Hac Vice)<br>Jerry Stouck (Pro Hac Vice)<br>2101 L Street NW, STE 100<br>Washington, DC 20037<br>(202)-313-3141<br>schipmas@gtlaw.com<br>ellisond@gtlaw.com<br>stouckj@gtlaw.com |
| Norton Rose Fulbright US LLP<br>Mark Emery (Pro Hac Vice)<br>799 9th St. NW, Suite 1000<br>Washington, DC 20001-4501<br>(202)-662-0210<br>mark.emery@nortonrosefulbright.com | |

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
THE GEO GROUP INC'S REPLY IN SUPPORT OF MOTION FOR
CERTIFICATION OF INTERLOCUTORY APPEAL
- 8 -

**NORTON ROSE FULBRIGHT US LLP**
Andrea L D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

1  I certify under penalty of perjury under the laws of the State of Washington that the above information is true and correct.

DATED this 9th day of November, 2018 at New York, New York.

*/s/ Susana Medeiros*

STATE OF WASHINGTON V. GEO GROUP  
ECF CASE NO. 3-17-cv-05806-RJB  
THE GEO GROUP INC'S REPLY IN SUPPORT OF MOTION FOR  
CERTIFICATION OF INTERLOCUTORY APPEAL  
- 9 -

NORTON ROSE FULBRIGHT US LLP  
Andrea L D'Ambra  
1301 Avenue of the Americas  
New York, NY 10019  
Telephone: (212) 318-3000