The Honorable Robert J. Bryan

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

10

11

STATE OF WASHINGTON,

12

                                    Plaintiff,

13

                    v.

14

THE GEO GROUP, INC.,

15

                                    Defendant.

16

17

18

Case No: 3-17-cv-05806-RJB

**GEO GROUP'S RESPONSE TO THE STATE'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DAVID LEWIN, PH.D.**

NOTE ON MOTION CALENDAR:
November 30, 2018

19

20

21

22

23

24

25

26

27

28

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE'S MOTION TO EXCLUDE
EXPERT TESTIMONY OF DAVID LEWIN, PH.D.

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th St. NW, Suite 1000
Washington, DC 20001
Telephone: (202) 662-0210

1

**TABLE OF CONTENTS**

2

**Page**

3  TABLE OF AUTHORITIES...................................................................................ii

4  INTRODUCTION ............................................................................................... 1

5  BACKGROUND .................................................................................................. 2

6  ARGUMENT....................................................................................................... 3

7  I.    DR. LEWIN PROVIDES FACTUAL ANALYSIS TO HELP THE
      FACTFINDER DETERMINE WHETHER THERE IS AN
8      EMPLOYMENT RELATIONSHIP................................................................ 3

9  II.   DR. LEWIN'S TESTIMONY IS HELPFUL AND NOT WITHIN THE
      DOMAIN OF THE FACTFINDER ............................................................... 6

10  III   DR. LEWIN'S TESTIMONY IS RELIABLE ...................................................... 8

11  IV.   ANY EXCLUSION OF DR. LEWIN'S TESTIMONY IS PREMATURE ........ 11

12  CONCLUSION ................................................................................................ 12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**CASES:**

*AngioScore, Inc. v. TriReme Medical, Inc.*, 87 F. Supp. 3d 986 (N.D. Cal. 2015) ...................................................................................................................11

*Arjangrad v. JPMorgan Chase Bank, N.A.*, No. 3-10-cv-01157-PK, 2012 WL 1890372 (D. Or. May 23, 2012) ..............................................................................8

*Casey v. Home Depot*, No. EDCV 14-2069 JGB (SPx), 2016 WL 7479347 (C.D. Cal. Sept. 15, 2016) ......................................................................................11

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ......................9

*Easton v. Asplundh Tree Experts*, No. C16-1694RSM, 2017 WL 4005833 (W.D. Wash. Sept. 12, 2017) ..................................................................................8

*E.E.O.C. v. Sierra Pac. Indus.*, No. 2:08-CV-01470, 2010 WL 3941416 (E.D. Cal. Oct. 5, 2010) ....................................................................................................9

*Elia v. Roberts*, No. 1:16-CV-0557 AWI EPG, 2017 WL 4844296 (E.D. Cal. Oct. 25, 2017) .........................................................................................................4

*Finley v. McCluskey*, No. CS-00-0224-EFS, 2002 WL 34363667 (E.D. Wash. Oct. 21, 2002) .......................................................................................................12

*Floorgraphics v. News Am. Mktg. In-Store Servs., Inc.*, 546 F. Supp. 2d 155 (D.N.J. 2008) ........................................................................................................10

*Gallardo v. AIG Domestic Claims, Inc.*, No. SACV 12-01107-CJC (ANx), 2013 WL 12077819 (C.D. Cal. July 24, 2013) ........................................................5

*Greer v. Dick's Sporting Goods, Inc.*, No. 2:15-CV-01063, 2017 WL 1354568 (E.D. Cal. Apr. 13, 2017) .....................................................................................10

*Hernandez v. City of Vancouver*, No. C04-5539 FDB, 2009 WL 279038 (W.D. Wash. Feb. 5, 2009) ..............................................................................................5, 6

*Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777 (3d Cir. 1996) ...............................9

*In re Jimmy John's Overtime Litigation*, No. 14 C 5509, 2018 WL 3231273 (N.D. Ill. June 14, 2018) .......................................................................................11

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF DAVID LEWIN, PH.D.
- ii -

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th St. NW, Suite 1000
Washington, DC 20001
Telephone: (202) 662-0210

*Keller v. Tuesday Morning, Inc.*, 179 Cal. App. 4th 1389, 102 Cal. Rptr. 3d 498 (2009) ...................................................................................................10

*Kob v. Cty. of Marin*, No. C 07-2211 JL, 2009 WL 10680775 (N.D. Cal. Nov. 25, 2009), *aff'd*, 425 F. App'x 634 (9th Cir. 2011) ...........................................7

*Maharaj v. California Bank & Tr.*, 288 F.R.D. 458 (E.D. Cal. 2013)........................6

*McArthur v. Rock Woodfired Pizza & Spirits*, No. C14-0770 RSM, 2017 WL 1364651 (W.D. Wash. Apr. 14, 2017) .................................................................12

*Picariello v. Safway Servs. LLC*, No. 11-5130, 2012 WL 3704782 (E.D. Pa. Aug. 28, 2012) .................................................................................................9

*Pipkin v. Burlington N. & Santa Fe R. Co.*, No. C04-5591RJB, 2005 WL 5977657 (W.D. Wash. Oct. 26, 2005)........................................................12

*Pittman v. Gen. Nutrition Corp.*, No. CIV.A. H-04-3174, 2007 WL 951638 (S.D. Tex. Mar. 28, 2007) .................................................................................9

*Primiano v. Cook*, 598 F.3d 558 (9th Cir. 2010) ........................................................9

*Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.*, No. C05-00198 JW (HRL), 2007 WL 962947 (N.D. Cal. Mar. 27, 2007) .....................................12

*Sitter v. Ascent Healthcare Sols., Inc.*, No. C-09-5682 EMC, 2011 WL 2682976 (N.D. Cal. July 8, 2011) .................................................................6

*SuperShuttle Int'l v. Henning*, 2014-80001841 (Sup. Ct. Sacramento, Aug. 8, 2017) ...............................................................................................10

*Taylor v. AutoZone*, No. CV10-08125-PCT-FJM (D. Ariz. Jan. 14, 2015)...........10

*United States v. Just*, 74 F.3d 902 (8th Cir. 1996) .................................................4, 5

*United States v. W.R. Grace*, 504 F.3d 745 (9th Cir. 2007)........................................8

*Walker v. Gordon*, 46 F. App'x 691 (3d Cir. 2002) .................................................10

*Ways v. City of Lincoln*, 206 F. Supp. 2d 978 (D. Neb. 2002)...............................4, 5

*Wood v. Mont. Dep't of Revenue*, No. CV 10-13-H-DWM, 2011 WL 4348301 (D. Mont. Sept. 16, 2011) .................................................................6

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF DAVID LEWIN, PH.D.
- iii -

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th St. NW, Suite 1000
Washington, DC 20001
Telephone: (202) 662-0210

1

**STATUTES:**

2    Wash. Rev. Code § 49.46.010(2) ...................................................... 5

3
     Wash. Rev. Code § 49.46.010(3) ................................................... 4, 5
4
5    **RULES:**

6    Fed. R. Evid. 702 ....................................................................4, 8, 9

7    Fed. R. Evid. 702, Adv. Comm. Note (2000) ..........................................9

8    Fed. R. Evid. 704 ....................................................................4
9
     Fed. R. Evid. 704, Adv. Comm. Note on Proposed Rules (1972) ............................4
10
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF DAVID LEWIN, PH.D.
- iv -

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th St. NW, Suite 1000
Washington, DC 20001
Telephone: (202) 662-0210

1

## INTRODUCTION

2       As the State has admitted, its claim that the Minimum Wage Act ("MWA") requires a

3  federal contractor, The GEO Group, Inc. ("GEO"), to pay a state minimum wage to federal

4

5  immigration detainees in the custody of U.S. Immigration and Customs Enforcement ("ICE"), is

6  a matter of "first impression."  Opposition to Motion to Dismiss, ECF 17, at 3.  No statute defines

7  federal detainees as the "employees" of a detention facility operator or defines those facility

8

9  operators as "employers."  No court has held that any labor laws create employment relationships

10 between facility operators and detainees.  Since the factfinder in this case will determine whether

11 GEO "employs" detainees whenever they participate in the Voluntary Work Program ("VWP"),

12 testimony from a renowned national expert in human resources and employment relationships will

13 be relevant and helpful.

14       Dr. David Lewin, whom GEO designated as an expert in the field of human relations and

15

16 employment relationships, is just such an expert.  In its Motion to Exclude ("Motion"), the State

17 deems his opinions as unreliable, mundane, and improper.  Yet, the State takes the implausible

18 position that the complicated provisions of the Performance Based National Detention Standards

19

20 ("PBNDS"), the ICE-GEO Contract, and other controlling documents can be readily interpreted

21 by lay jurors.  Given the novel factual scenario of federal immigration detainees working in the

22 VWP at the NWDC, Dr. Lewin's testimony will clearly be relevant and helpful to a jury attempting

23 to determine whether an employment relationship exists between GEO and detainees participating

24 in the VWP.  And while the State quibbles with pieces of potential evidence, its argument goes to

25

26 weight and not to admissibility.  Further, it is premature to exclude his testimony prior to

27 deposition.  The Motion should be denied.

28

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF DAVID LEWIN, PH.D.
- 1 -

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th St. NW, Suite 1000
Washington, DC 20001
Telephone: (202) 662-0210

### BACKGROUND

On September 20, 2018, Dr. Lewin provided GEO with his expert report, which GEO served on the State.  *See* Chien Declaration, ECF 152, Ex. A ("Report").  Dr. Lewin's scholarly profile and his wealth of practical experience make him well-qualified to offer his opinions in this case.  As a professor emeritus holding a distinguished chair at UCLA, Dr. Lewin has published more than 20 books and 150 articles in the field of human resource management and employment relations.  Report ¶ 1.  He has taught for more than 40 years at top American universities; held numerous research grants; and consulted with a wide variety of business, government, and voluntary organizations.  *Id*. ¶¶ 2-4.  He has been a consulting and testifying expert in litigation for 39 years, having been retained in 375 cases—222 times by defendants and 152 by plaintiffs—and offering testimony more than 100 times.  *Id*. ¶ 6 & Exh. 1 (Dr. Lewin's CV).

Dr. Lewin will provide testimony supporting two opinions:  (1) detainees in the custody of the Federal government who participate in activities under the VWP are not employees of GEO; and (2) the activities that ICE detainees participate in under the VWP are not undertaken as part of an employment relationship and therefore are not subject to the state minimum wage requirements and the minimum wage rate specified by the State of Washington.  *Id*. ¶ 12.

To reach these opinions, Dr. Lewin has analyzed whether the VWP at NWDC creates an "employment relationship."  *See id.* ¶¶ 13-23.  With reference to a framework informed by his experience and derived from his scholarship (which has been dedicated to the study of employment relationships), Dr. Lewin noted that he has "never heard of any detainee who is in Federal or State detention being labeled an employee or alleged to be an employee."  *Id.* ¶ 13.  He analyzes relevant provisions of the PBNDS, ICE's National Detainee Handbook, the ICE-GEO contract, and facility manuals to help explore, as a factual matter, the standards that govern the VWP's construction,

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF DAVID LEWIN, PH.D.
- 2 -

NORTON ROSE FULBRIGHT US LLP
Mark Emery
799 9th St. NW, Suite 1000
Washington, DC 20001
Telephone: (202) 662-0210

and how those standards direct the roles, powers, and limitations on ICE, GEO, and detainees.

From this, he opines:

> …it is clear that GEO does not establish the human resource management standards and practices for NWDC detainees who participate in the VWP, and thus exercises little to no control over them.  Instead, GEO must accept the human resource management standards and practices mandated by ICE a[t] the NWDC.  Consequently, GEO does not employ NWDC detainees who participate in the VWP…

Report ¶ 22.  Dr. Lewin identifies six particular areas where, as a matter of fact, GEO lacks control: (a) determining detainee eligibility to participate in the VWP; (b) selecting detainees to participate in the VWP; (c) establishing normal work hours for VWP participants; (d) setting pay; (e) training VWP participants; and (f) terminating detainees' participation.  *Id.*

Drawing on his own scholarship, Dr. Lewin also discusses the history of the FLSA, noting that, while many states adopted similar wage laws, none applies "to prisoners or detainees in U.S. Federal and State institutions."  *Id.* ¶ 24.  He also notes that neither ICE nor the State pay minimum wages to detainees in institutions they directly manage.  *Id.* ¶¶ 26-27.  ICE facilities pay $1 per day per detainee, whereas the State pays about 32 cents per hour.  *Id.*

On November 15, nearly ***nine months*** before the trial date in this case, and before Dr. Lewin has been deposed, the State filed its Motion to Exclude Dr. Lewin's testimony in its entirety.  The State argued that Dr. Lewin cannot testify to an ultimate issue of law, and that his testimony (which is not yet known, since he has not been deposed) is unhelpful and unreliable.

## ARGUMENT

### I.   DR. LEWIN PROVIDES FACTUAL ANALYSIS TO HELP THE FACTFINDER DETERMINE WHETHER THERE IS AN EMPLOYMENT RELATIONSHIP.

The State first attacks Dr. Lewin's opinions as impermissible legal conclusions.  Mot. 2-3. In doing so, however, the State misses a critical distinction: factual opinions that embrace an

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF DAVID LEWIN, PH.D.
- 3 -

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th St. NW, Suite 1000
Washington, DC 20001
Telephone: (202) 662-0210

ultimate issue (like Dr. Lewin's) are ***not*** the same as prohibited opinions on legal issues.  An expert

opinion is "not objectionable just because it embraces an ultimate issue."  Fed. R. Evid. 704.

Indeed, Rule 704 was specifically meant to abolish the common law strictures that prevented an

expert from testifying on an ultimate issue, because those outdated rules were "unduly restrictive,

difficult of application, and generally served only to deprive the trier of fact of useful information."

*See* Fed. R. Evid. 704, Adv. Comm. Note on Proposed Rule (1972).

There is a clearly-recognized distinction between an impermissible legal opinion and a

permissible factual interpretation.  "[E]xpert testimony that purports to ***explain the legal meaning***

of a term is forbidden...but testimony ***defining a term of art as it is used within a given field*** may

be allowed.  In addition, testimony that ***a specific item or event fits within the meaning of a***

***statutory term*** may be admissible under Federal Rule of Evidence 702 even if it embraces an

'ultimate issue.'" *Ways v. City of Lincoln*, 206 F. Supp. 2d 978, 991 (D. Neb. 2002) (bold emphasis

added); *see also Elia v. Roberts*, No. 1:16-CV-0557 AWI EPG, 2017 WL 4844296, at *5 (E.D.

Cal. Oct. 25, 2017) (adopting *Ways* rule).  For example, in *United States v. Just*, 74 F.3d 902 (8th

Cir. 1996), a defendant objected to the government's expert witness opinion that a firearm sold to

the defendant was a "machinegun" as that term is used in a criminal statute.  The jury heard from

two conflicting expert opinions as to whether the weapon was a "machinegun."  *Id*. at 905.  The

Eighth Circuit held that the district court did not abuse its discretion in allowing the government's

witness to state his conclusion that the weapon was a "machinegun."  *Id.*

Here, the State's claim requires it to prove that GEO is an "employer" of detainee

"employees," but the Court has held that the MWA does not, as a matter of law, exclude federal

immigration detainees from minimum wage coverage.  Order, ECF 29, at 17-18 (holding that

Wash. Rev. Code § 49.46.010(3)(K) does not except detainees at the NWDC); *see also* Rule 19

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF DAVID LEWIN, PH.D.
- 4 -

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th St. NW, Suite 1000
Washington, DC 20001
Telephone: (202) 662-0210

Motion, ECF 51, App. A (ICE opinion that detainees are not facility employees when participating in a VWP). Consequently, whether the MWA applies to this novel context will depend upon evidence of how GEO "treats" the VWP and detainee work as a factual matter. *See* Transcript of April 24, 2018 Motion Hearing, ECF 59, at 19 (THE COURT: The question is, how does GEO treat it? Are they treating it as a competitive work scenario? MS. MELL: No. THE COURT: Well, how do I know that? We're way ahead of any facts, fact development in this case.").

In keeping with these prior holdings, Dr. Lewin opines, based on his experience in human resources management and employment relations, on whether GEO and detainees ***actually have*** an employment relationship as a matter of fact. He does not purport to instruct the jury on the legal meaning of "employer" or "employee" or "employ." Indeed, the MWA defines these terms itself. Wash. Rev. Code § 49.46.010(2), (3). He does not construe the MWA, opine on the legal meaning of its terms, or delve into legislative intent. Rather, Dr. Lewin opines on whether ***the VWP*** constitutes an employment relationship between GEO and detainees as the concepts of "employee" or "employer" and related terms are used in the human resources and employment fields. *See Ways*, 206 F. Supp. 2d at 991 (expert's "definition of [statutory term] 'theatrical performance' may be permissible if it is construed as her expert opinion as to the meaning of the term *within her field*."); *Just*, 74 F.3d at 905. Dr. Lewin, with his extensive scholarly and practical experience in the field of human resources and employment practices, will help the factfinder to understand the VWP as it compares to recognized employment relationships.

The cases the State cites do not require a different result. *See* Mot. 2-3. Dr. Lewin's testimony is unlike the testimony excluded in *Hernandez v. City of Vancouver*, No. C04-5539 FDB, 2009 WL 279038 (W.D. Wash. Feb. 5, 2009), in which the expert offered eight broad opinions, but was found not to have relied on any "specialized knowledge." *Id*. at *5. *Gallardo*

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF DAVID LEWIN, PH.D.
- 5 -

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th St. NW, Suite 1000
Washington, DC 20001
Telephone: (202) 662-0210

*v. AIG Domestic Claims, Inc*., No. SACV 12-01107-CJC (ANx), 2013 WL 12077819 (C.D. Cal. July 24, 2013), is also unhelpful.  In that case, the expert simply described the rules of certain jobs (like paralegals) and opined on the legal issue of whether such jobs were exempt from overtime. *Id*. at 5 n.8.  The court emphasized how simple the facts were, making an expert unnecessary.  *Id*.

Here, by contrast, Dr. Lewin has used the tools of his scholarship and experience to analyze an issue of first impression about whether the facts associated with the VWP bear the hallmarks of an employment relationship, as typically recognized in the human resources and employment fields.  This analysis probes novel questions about ICE's overriding control over the program, and the nature of the work done by detainees who volunteer to participate.  Expert testimony is relevant and helpful to analyze, as a factual matter, this novel context and compare it to recognized employment relationships.  Dr. Lewin does not testify to a legal opinion and should not be excluded.

## II.   DR. LEWIN'S TESTIMONY IS HELPFUL AND NOT WITHIN THE DOMAIN OF THE FACTFINDER.

Contrary to the State's suggestion, "numerous courts have permitted extensive testimony by human resources experts." *Sitter v. Ascent Healthcare Sols., Inc*., No. C-09-5682 EMC, 2011 WL 2682976, at *1 (N.D. Cal. July 8, 2011).  For instance, "courts commonly permit human resources experts to testify on human resources management policies and practices and whether an employer deviated from those policies and practices." *Wood v. Mont. Dep't of Revenue*, No. CV 10-13-H-DWM, 2011 WL 4348301, at *2 (D. Mont. Sept. 16, 2011).  Such testimony is helpful "because the average juror is unlikely to be familiar with human resources management policies and practices." *Hernandez*, 2009 WL 279038, at *5; *see also Maharaj v. California Bank & Tr*., 288 F.R.D. 458, 459 (E.D. Cal. 2013).  Dr. Lewin can testify to whether GEO plays the same roles

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF DAVID LEWIN, PH.D.
- 6 -

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th St. NW, Suite 1000
Washington, DC 20001
Telephone: (202) 662-0210

as other "employers" and whether detainees at the NWDC are performing jobs like "employees" in other contexts. *See Kob v. Cty. of Marin*, No. C 07-2211 JL, 2009 WL 10680775, at *3 (N.D. Cal. Nov. 25, 2009) (noting, approvingly, that staffing and human resources expert had provided evidence as to whether plaintiff's job position was similar to that of other job positions, including evaluating whether the positions "require[] . . . credentialing," involve supervision, or concern the same duties and responsibilities), *aff'd*, 425 F. App'x 634 (9th Cir. 2011).

Indeed, expert analysis here is even more useful, in part because GEO is a federal contractor that carries out the VWP pursuant to ICE's contractual requirements and subject to ICE's specifications. For example: (1) detainees are at the NWDC because ICE chooses to keep them there; (2) detainees volunteer to participate in the VWP, and GEO does not "hire" or screen them in any traditional sense; (3) ICE's policies specifically direct and limit how the volunteer work may be done; (4) GEO may provide some job descriptions and work guidelines, but it does so because ICE directs it to do so and approves them; and (5) ICE retains sole discretion about detainee participation. *See*, *e.g.*, ICE-GEO Contract, ECF 19 at 82; PBNDS 5.8. Dr. Lewin's report analyzes these facts to conclude that GEO lacks control over many aspects of the VWP that one would expect to find in an employment relationship, and identifies six different areas in which GEO lacks control. *E.g.*, Report ¶¶ 22-23 (GEO has "little to none of the control exercised by a typical employer," and the circumstances of detainees' participation in the VWP "are not consistent with those typically associated with an employer-employee relationship.").

In response, the State argues that Dr. Lewin's opinions are "mundane" and unhelpful. Mot. 4-5. The State claims that human resources experts are frequently prohibited from giving testimony that is in the common knowledge of the factfinder. *Id.* There is nothing "common" about the application of the MWA to the VWP, and the cases cited by the State regarding this issue

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF DAVID LEWIN, PH.D.
- 7 -

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th St. NW, Suite 1000
Washington, DC 20001
Telephone: (202) 662-0210

are readily distinguishable.  In *Easton v. Asplundh Tree Experts*, No. C16-1694RSM, 2017 WL 4005833 (W.D. Wash. Sept. 12, 2017), the expert sought to testify regarding best management practices in responding to sexual harassment.  However, the expert relied solely on his experience as an employment lawyer performing discrimination investigations, and failed to link his experience to his testimony.  *Id.* at *4-5.  Similarly, in *Arjangrad v. JPMorgan Chase Bank, N.A.*, No. 3:10-cv-01157-PK, 2012 WL 1890372 (D. Or. May 23, 2012), the expert was unable, after his deposition, to explain how his experience with discrimination investigations supported his opinions.  *Id.* at *5.

Here, Dr. Lewin brings to bear his 40 years of experience in the human resources and employment relations fields, but he relies on more than that, too.  He is a widely published scholar who draws on his and others' scholarship in the field to compare the VWP to actual employment relationships.  *See*, *e.g.* Report ¶¶ 13 & n.6, 21 & n.23, 24 & n. 25-26.  Thus, when he opines that, in his experience, he has "never heard of any detainee who is in Federal or State detention being labeled an employee or alleged to be an employee," he draws on decades of experience in the field. *Id.* ¶ 13.  Or when he mentions that "none" of the state versions of the FLSA "apply to prisoners or detainees in U.S. Federal and State institutions," *id.* ¶ 24, he can on draw nationwide experience and scholarship that lay jurors plainly do not have.  His opinions are relevant and helpful.

## III.   DR. LEWIN'S TESTIMONY IS RELIABLE.

Contrary to the State's suggestion, *see* Mot. 5-6, Federal Rule of Evidence 702 does not require a court to dissect an expert opinion like a factfinder, because it is the factfinder's role to determine the weight given to expert testimony.  *See*, *e.g.*, *United States v. W.R. Grace*, 504 F.3d 745, 765 (9th Cir. 2007).  The requirement of Rule 702 "is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-CV-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF DAVID LEWIN, PH.D.
- 8 -

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th St. NW, Suite 1000
Washington, DC 20001
Telephone: (202) 662-0210

1   not the other." Fed. R. Evid. 702, Adv. Comm. Note (2000).  The inquiry into admissibility of

2   expert opinion is a "flexible one," where even "[s]haky but admissible evidence is to be attacked

3   by cross examination, contrary evidence, and attention to the burden of proof, ***not exclusion*.**"

4   *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (citing *Daubert v. Merrell Dow*

5   *Pharmaceuticals, Inc*., 509 U.S. 579, 596 (1993)) (emphasis added).

6

7           Dr. Lewin's vast experience and his knowledge (and even authorship) of the relevant

8   literature in the field support the reliability of his testimony.  Courts often note that reliability

9   outside of scientific fields turns substantially on the expert's qualifications.  *E.g.*, *Picariello v.*

10  *Safway Servs., LLC*, No. 11-5130, 2012 WL 3704782, at *4 (E.D. Pa. Aug. 28, 2012) ("[W]here

11  the testimony is nonscientific in nature, the emphasis is placed not on the methodology of the

12  expert testimony, but on the professional and personal experience of the witness.") (quotation

13  omitted); *E.E.O.C. v. Sierra Pac. Indus*., No. 2:08-CV-01470, 2010 WL 3941416, at *1 (E.D. Cal.

14  Oct. 5, 2010) (court was "unpersuaded" by claims of unreliability of human resources expert,

15  where his credentials were "extensive . . . going back more than thirty years.").  Dr. Lewin's

16  scholarship enables him to explain the effects that policy provisions found in the PBNDS, the ICE

17  handbooks, and the ICE-GEO contract have on the alleged "employment" relationship at the heart

18  of the State's claim.  Similar opinions are often admitted.  *See*, *e.g.*,  *Pittman v. Gen. Nutrition*

19  *Corp*., No. CIV.A. H-04-3174, 2007 WL 951638, at *3 (S.D. Tex. Mar. 28, 2007) (human

20  resources expert was "qualified by experience and education" to opine regarding "prevailing

21  standards in the personnel field and on [defendant's] adherence to such standards, as well as its

22  own policies as such policies would typically be interpreted in the workplace."); *Holbrook v. Lykes*

23  *Bros. S.S. Co*., 80 F.3d 777, 785 (3d Cir. 1996) (affirming inclusion of experts whose review of

24  relevant literature made them reliable).

Dr. Lewin's testimony has been regularly accepted and relied upon by courts. *See*, *e.g.*, *Greer v. Dick's Sporting Goods, Inc.*, No. 2:15-CV-01063, 2017 WL 1354568, at *10, *12 (E.D. Cal. Apr. 13, 2017) (relying on Dr. Lewin's survey work in wage and hour class action); *Keller v. Tuesday Morning, Inc.*, 179 Cal. App. 4th 1389, 1392, 1399, 102 Cal. Rptr. 3d 498, 500, 505 (2009) (relying on Dr. Lewin's testimony in overtime wage class action); Statement of Decision at 12 n.9, *SuperShuttle Int'l v. Henning*, 2014-80001841 (Sup. Ct. Sacramento, Aug. 8, 2017) (noting that Dr. Lewin's testimony discredited opposing expert, and that Dr. Lewin "persuasively criticized the design of the survey questions"); Minute Order, *Taylor v. AutoZone*, No. CV10-08125-PCT-FJM (D. Ariz. Jan. 14, 2015) (ECF 355) (order denying ECF 329 motion to exclude, rejecting plaintiffs' argument that "Dr. Lewin's testimony that Defendants have improperly classified their store managers as exempt under the FLSA will be nothing more than the closing argument Plaintiffs would otherwise make in this matter"). The State simply ignores these cases, and many others.

Worse, the State's recitation of alleged "factual inaccuracies" in Dr. Lewin's report underscores the factual disputes that make Dr. Lewin's testimony helpful. Mot. 6-8. For example, Tae Johnson's declaration refers to detainee work plans developed by GEO, but these detainee work plans are prepared because ICE directs GEO to do so; GEO must "adhere to the ICE PBNDS on Voluntary Work Program." ICE-GEO Contract, ECF 19, at 82; PBNDS 5.8.V. The State may disagree with Dr. Lewin's interpretation of these facts, but that disagreement is an argument about weight and not about reliability. *E.g.*, *Walker v. Gordon*, 46 F. App'x 691, 695-96 (3d Cir. 2002) ("An expert is … permitted to base his opinion on a particular version of disputed facts and the weight to be accorded to that opinion is for the jury."); *Floorgraphics v. News Am. Mktg. In-Store Servs., Inc.*, 546 F. Supp. 2d 155, 169 (D.N.J. 2008) (similar).

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-CV-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF DAVID LEWIN, PH.D.
- 10 -

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th St. NW, Suite 1000
Washington, DC 20001
Telephone: (202) 662-0210

Given the hundreds of occasions on which Dr. Lewin has served as an expert, the State's three citations to instances in which his testimony was excluded are unpersuasive. Mot. 6. In *In re Jimmy John's Overtime Litigation*, No. 14 C 5509, 2018 WL 3231273 (N.D. Ill. June 14, 2018), the court concluded that testimony was unreliable based primarily on propositions offered that were not supported by cited deposition testimony. *Id.* at \*11-12. That ruling, which drew the court into interpreting numerous pieces of evidence, has not yet been subjected to appellate review, and the State has not identified any issue with Dr. Lewin's use of deposition testimony in this case. In *AngioScore, Inc. v. TriReme Medical, Inc.*, 87 F. Supp. 3d 986 (N.D. Cal. 2015), a patent infringement case, the motion to exclude was considered less than a week before trial, *id.* at 995, and the court found that his report did not "establish that his opinions are sufficiently rooted in factual knowledge such that they are reliable and relevant." *Id.* at 1016-17. That testimony was directed to corporate governance practices that are irrelevant here. A third case, *Casey v. Home Depot*, No. EDCV 14-2069 JGB (SPx), 2016 WL 7479347 (C.D. Cal. Sept. 15, 2016), involved a complex survey. The consultant that assisted the survey upon which Dr. Lewin relied was determined to lack "any expertise in survey methodology." *Id.* at \*21. That issue is irrelevant here.

In sum, the State mounts no credible reliability challenge to Dr. Lewin. If the State thinks Dr. Lewin should have discussed other pieces of evidence, it can ask him about them at deposition or dispute the weight given to his testimony. But there is no reason to exclude his testimony.

## IV.   ANY EXCLUSION OF DR. LEWIN'S TESTIMONY IS PREMATURE.

This is a case involving matters of first impression that likely turns on a factual analysis of whether the VWP at NWDC creates an employment relationship. The State's Motion—filed more than a half a year before trial and before Dr. Lewin and other witnesses have even been deposed—

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF DAVID LEWIN, PH.D.
- 11 -

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th St. NW, Suite 1000
Washington, DC 20001
Telephone: (202) 662-0210

is premature, at best.  *See McArthur v. Rock Woodfired Pizza & Spirits*, No. C14-0770 RSM, 2017 WL 1364651, at *3 (W.D. Wash. Apr. 14, 2017) ("Until Plaintiff's expert economist is offered to testify, and the Court can evaluate the context in which any such testimony is offered, as well as other evidence presented at that point in time, the Court cannot grant such a motion [to exclude]"); *see also Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.*, No. C05-00198 JW (HRL), 2007 WL 962947, at *2 (N.D. Cal. Mar. 27, 2007); *Finley v. McCluskey*, No. CS-00-0224-EFS, 2002 WL 34363667, at *1 (E.D. Wash. Oct. 21, 2002).  This Court has denied a motion to exclude testimony filed nearly four months before a trial date.  *See Pipkin v. Burlington N. & Santa Fe R. Co.*, No. C04-5591RJB, 2005 WL 5977657, at *1 (W.D. Wash. Oct. 26, 2005) (Bryan, J.) ("The court should deny this motion as premature.  It is not yet clear exactly which issues will be ripe for decision at trial and whether all, or some parts of, [the expert's] testimony will be admissible.  The issue raised in the Plaintiffs' motion is an evidentiary one that should be resolved on a date closer to trial.").  It should do the same here.

## CONCLUSION

For the foregoing reasons, the Court should deny the State's motion to exclude Dr. Lewin.

STATE OF WASHINGTON V. GEO GROUP
ECF CASE NO. 3-17-cv-05806-RJB
GEO GROUP'S RESPONSE TO THE STATE'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF DAVID LEWIN, PH.D.
- 12 -

NORTON ROSE FULBRIGHT US LLP
Mark Emery
799 9th St. NW, Suite 1000
Washington, DC 20001
Telephone: (202) 662-0210

1    Dated:    November 26, 2018                **NORTON ROSE FULBRIGHT US LLP**

2                                               */s/ Mark  Emery*
                                                Mark Emery
3                                               799 9th Street NW, Suite 1000
                                                Washington, DC 20001-4501
4                                               Telephone: (202) 662-0210
                                                Facsimile: (202) 662-4643
5                                               mark.emery@nortonrosefulbright.com

6
                                                **NORTON ROSE FULBRIGHT US LLP**
7                                               Charles A. Deacon
                                                300 Convent St.
8                                               San Antonio, Texas 78205
                                                Telephone: (210) 270-7133
9                                               Facsimile: (210) 270-7205
10                                              charlie.deacon@nortonrosefulbright.com

11
                                                **NORTON ROSE FULBRIGHT US LLP**
12                                              Andrea L. D'Ambra
                                                1301 Avenue of the Americas
13                                              New York, NY 10019
                                                Telephone: (212) 318-3000
14                                              Facsimile: (212) 318-3400
15                                              andrea.dambra@nortonrosefulbright.com

16
                                                **LITTLER MENDELSON P.C.**
17                                              Douglas E. Smith
                                                One Union Square
18                                              600 University Street
                                                Suite 3200
19                                              Seattle, WA 98101
                                                Telephone: (206) 623-3300
20                                              Facsimile:  (206) 447-6965
21                                              desmith@littler.com

22                                              **GREENBERG TRAURIG, LLC**
23                                              Scott A. Schipma
                                                Dawn A. Ellison
24                                              Jerry Stouck
                                                2101 L Street NW, STE 100
25                                              Washington, DC 20037
                                                (202)-313-3141
26                                              schipmas@gtlaw.com

27
                                                **ATTORNEYS FOR DEFENDANT**
28                                              **THE GEO GROUP, INC.**

1

## CERTIFICATE OF SERVICE

2

3

I, Mark Emery, hereby certify as follows:

4

I am over the age of 18, a resident of Washington, D.C., and not a party to the above

5

action.  On November 26, 2018, I electronically served the above response via ECF to the

6

following:

7

8     Office of the Attorney General            Littler Mendelson P.C.
      La Rond Baker, WSBA No. 43610             Douglas E. Smith, WSBA No. 17319
9     Marsha Chien, WSBA No. 47020              William J. Kim, WSBA No. 46792
      Andrea Brenneke, WSBA No. 22027           One Union Square
10    Eric Mentzer, WSBA No. 21243              600 University Street
      800 Fifth Avenue, Suite 2000             Suite 3200
11    Seattle, WA 98104                         Seattle, WA 98101
12    LaRondB@atg.wa.gov                        (206) 623-3300
      MarshaC@atg.wa.gov                        desmith@littler.com
13    Andreab3@atg.wa.gov                       wkim@littler.com
      EricM@atg.wa.gov
14                                              Greenberg Traurig LLP
15    Norton Rose Fulbright US LLP              Scott A. Schipma (Pro Hac Vice)
      Charles A. Deacon (Pro Hac Vice)          Dawn A. Ellison (Pro Hac Vice)
16    300 Convent St.                           Jerry Stouck (Pro Hac Vice)
      San Antonio, TX 78205                     2101 L Street NW, STE 100
17    (210)-270-7133                            Washington, DC 20037
18    charlie.deacon@nortonrosefulbright.com    (202)-313-3141
                                                schipmas@gtlaw.com
19    Norton Rose Fulbright US LLP              ellisond@gtlaw.com
20    Mark Emery (Pro Hac Vice)                 stouckj@gtlaw.com
      799 9th St. NW, Suite 1000
21    Washington, DC 20001-4501
      (202)-662-0210
22    mark.emery@nortonrosefulbright.com

23

24          I certify under penalty of perjury under the laws of the State of Washington that the

25    above information is true and correct.

26          DATED this 26th day of November, 2018 at Washingtin, District of Columbia.

27

28          */s/ Mark  Emery*