The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Plaintiff,<br><br>    v.<br><br>THE GEO GROUP, INC.,<br><br>               Defendant. | CIVIL ACTION NO. 3:17-cv-05806-RJB<br><br>DECLARATION OF LA ROND BAKER IN SUPPORT OF WASHINGTON'S RESPONSE TO THE GEO GROUP, INC.'S MOTION FOR SUMMARY JUDGMENT<br><br>NOTE ON MOTION CALENDAR: November 30, 2018<br><br>ORAL ARGUMENT REQUESTED |

I, La Rond Baker, declare as follows:

1. I am over the age of 18 and have personal knowledge of all the facts stated herein.

2. I am an Assistant Attorney General in the Civil Rights Unit of the Washington State Attorney General's Office.

3. Attached hereto as **Exhibit A**, is a true and correct copy of Defendant The GEO Group, Inc.'s Responses to Plaintiff State of Washington's First Requests for Admissions.

DECLARATION OF LA ROND BAKER IN SUPPORT OF WASHINGTON'S RESPONSE TO THE GEO GROUP, INC.'S MOTION FOR SUMMARY JUDGMENT

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1     DATED this 26th day of November, 2018, at Seattle, Washington.

2

3                                  *s/La Rond Baker*

                                    LA ROND BAKER, WSBA No. 43610

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the United States District Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

November 26th, 2018

      s/*Caitilin Hall*
CAITILIN HALL, Legal Assistant

DECLARATION OF LA ROND BAKER IN SUPPORT OF WASHINGTON'S RESPONSE TO THE GEO GROUP, INC.'S MOTION FOR SUMMARY JUDGMENT

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

**BAKER DECLARATION**

**EXHIBIT A**

The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | No. 17-cv-05806-RJB<br><br>**DEFENDANT THE GEO GROUP, INC.'S RESPONSES TO PLAINTIFF STATE OF WASHINGTON'S FIRST REQUESTS FOR ADMISSIONS** |

**THE GEO GROUP, INC'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and the Local Rules of the U.S. District Court for the Western District of Washington (the "Local Rules"), Defendant The GEO Group, Inc. ("GEO") responds and objects to Plaintiff's First Requests for Admissions.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

GEO objects to Plaintiff's definition of "document" in paragraph 3.5 as inapplicable and irrelevant to Plaintiff's First Requests for Admissions. GEO will define any documents, to the extent that they exist, in accordance with its responses to Plaintiff's First Requests for Production. GEO defines "document" according to its definition in Fed. R. Civ. P. 34(a)(1)(A). GEO further

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUEST FOR ADMISSIONS.

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1  objects to Plaintiff's definition of "document" to include "messages and/or attachments now only
2  available on backup or archive tapes or disks" as not reasonably accessible, unduly burdensome,
3  and outside of the scope of discovery. GEO further objects to Plaintiff's definition of
4  "document" referring to or invoking Washington State Rules of Evidence to the extent that the
5  Washington State Rules of Evidence purport to impose obligations on GEO beyond the
6  requirements of the Federal Rules of Evidence. GEO therefore objects to Plaintiff's definition of
7  "writings" and "records" to the extent it cites to the Washington State Rules of Evidence ("ER
8  1001(a)") and not the applicable Federal Rules of Evidence. GEO will comply with any
9  discovery obligations as they exist in the Federal Rules of Evidence.

10  GEO objects to Plaintiff's definition of "ICE" (Immigrations and Customs Enforcement)
11  in paragraph 3.6 as overly broad. GEO defines ICE only to include the agency of the United
12  States Department of Homeland Security, ICE employees, and any other persons or entities acting
13  on behalf of or under the direction, authorization, or control of ICE.

14  GEO objects to Plaintiff's definitions of "Identify" included in paragraphs 3.7 through
15  3.10 as inapplicable and irrelevant to Plaintiff's First Requests for Admissions.

16  GEO objects to Plaintiff's definition of "state the basis" in paragraph 3.15 as inapplicable
17  and irrelevant to Plaintiff's First Requests for Admissions. GEO further objects to the definition
18  of "state the basis" as outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) to the
19  extent that it seeks information not relevant to any party's claims or defenses. GEO will respond
20  to Plaintiff's First Requests for Admissions in accordance with Fed. R. Civ. P. 36(a).

21  GEO objects to Plaintiff's definition of "You," "Your," and "GEO Group" in paragraph
22  3.16 as overly broad and unduly burdensome to the extent that the request seeks information
23  relating to persons or entities that are separate and distinct from GEO and over whom GEO
24  exercises no control. GEO further objects to these definitions to the extent that the request
25  includes GEO attorneys and, therefore, improperly seeks information protected by the attorney-
26  client privilege, the work product doctrine, the common interest privilege, and/or any other
27  applicable privileges or immunities. In responding to these requests, GEO interprets the terms

28  STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUEST FOR ADMISSIONS.

- 2 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

"You," "Your," and "GEO Group" to refer only to the named party in this action and any entities GEO has the legal right to control.

GEO objects to Instruction 4.1 as inapplicable and irrelevant to Plaintiff's First Requests for Admissions to the extent that Plaintiff seeks production of documents. GEO will produce any documents, to the extent that they exist, in accordance with its responses to Plaintiff's First Requests for Production. GEO will respond to Plaintiff's First Requests for Admissions in accordance with Fed. R. Civ. P. 36(a).

GEO objects to Instruction 4.2 to the extent that it seeks to impose discovery obligations on GEO, pursuant to Washington State Rules of Civil Procedure ("CR 26(e)"), beyond the requirements of the Federal Rules of Civil Procedure. GEO will supplement any responses to Plaintiff's First Requests for Admissions, should they be necessary, in accordance with Fed. R. Civ. P. 26(e).

GEO objects to Instruction 4.6, which instructs GEO to produce "all earlier editions or predecessor documents," as inapplicable and irrelevant to Plaintiff's First Requests for Admissions to the extent that Plaintiff seeks production of documents. GEO will produce any documents, to the extent that they exist, in accordance with its responses to Plaintiff's First Requests for Production.

GEO objects to Instruction 4.7(a)-(c) as inapplicable and irrelevant to Plaintiff's First Requests for Admissions to the extent that Plaintiff seeks production of documents. GEO will produce any documents, to the extent that they exist, in accordance with its responses to Plaintiff's First Requests for Production.

GEO objects to Instruction 4.8 as inapplicable and irrelevant to Plaintiff's First Requests for Admissions to the extent that Plaintiff seeks, and describes the procedure for production of, documents. GEO will produce any documents, to the extent that they exist, in accordance with its responses to Plaintiff's First Requests for Production.

GEO objects to Instruction 4.9 as inapplicable and irrelevant to Plaintiff's First Requests for Admissions to the extent that Plaintiff seeks, and describes the procedure for production of,

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUEST FOR ADMISSIONS.

- 3 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

documents. GEO will produce any documents, to the extent that they exist, in accordance with its responses to Plaintiff's First Requests for Production.

GEO objects to Instruction 4.10 as inapplicable and irrelevant to Plaintiff's First Requests for Admissions to the extent that Plaintiff seeks, and describes the procedure for production of, documents. GEO will take reasonable measures to preserve documents, to the extent that they exist, in accordance with its responses to Plaintiff's First Requests for Production.

GEO objects to Instruction 4.11 as inapplicable and irrelevant to Plaintiff's First Requests for Admissions to the extent that Plaintiff seeks, and describes the procedure for production of, documents. GEO will produce any documents, to the extent that they exist, in accordance with its responses to Plaintiff's First Requests for Production.

GEO objects to Instruction 4.12 on the grounds that it is unduly burdensome and expands GEO's obligations beyond those required by the Federal Rules of Civil Procedure. GEO will respond to Plaintiff's First Requests for Admissions in accordance with Fed. R. Civ. P. 36(a).

GEO objects to Instruction 4.13 as inapplicable and irrelevant to Plaintiff's First Requests for Admissions to the extent that Plaintiff seeks, and describes the procedure for production of, documents. GEO will produce any documents, to the extent that they exist, in accordance with its responses to Plaintiff's First Requests for Production.

**RESPONSE TO FIRST REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:** Please admit that The GEO Group, Inc. owns the Northwest Detention Center located at 1623 J Street, Tacoma, Washington.

**RESPONSE TO NO. 1:** Admit in part, deny in part. The GEO Group, Inc. affiliates own the Northwest Detention Center ("NWDC"); however, NWDC is located at 1623 East J Street, Tacoma, Washington 98421.

**REQUEST FOR ADMISSION NO. 2:** Please admit that The GEO Group, Inc. has operated the Northwest Detention Center since November 2005.

**RESPONSE TO NO. 2:** Admit. The GEO Group, Inc. has operated the Northwest Detention Center pursuant to a federal contract, subject to federal controls, including those regulations applicable to prisons, so that the Department of Homeland Security – Immigration and Customs

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUEST FOR ADMISSIONS.

- 4 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Enforcement ("ICE") has been able to fulfill its immigration processing obligations in a safe and secure manner since at least 2005.

**REQUEST FOR ADMISSION NO. 3:** Please admit that the Northwest Detention Center is not owned or operated by a municipality of Washington State.

**RESPONSE TO NO. 3:** Admit. However, the NWDC is a federal immigration processing center that has always operated its detention work programs like those operated by local governments that do not pay local minimum wages to program participants.

**REQUEST FOR ADMISSION NO. 4:** Please admit that the Northwest Detention Center is not owned or operated by a county of Washington State.

**RESPONSE TO NO. 4:** Admit. However, the NWDC is a federal immigration processing center that has always operated its detention work programs like those operated by Pierce County, including the Pierce County jail, that do not pay local minimum wages to program participants.

**REQUEST FOR ADMISSION NO. 5:** Please admit that the Northwest Detention Center is not owned or operated by the State of Washington.

**RESPONSE TO NO. 5:** Admit. However, the NWDC is a federal immigration processing center that has always operated its detention work programs like those operated by state governments and its private contractors that do not pay state minimum wages to program participants.

**REQUEST FOR ADMISSION NO. 6:** Please admit that the Northwest Detention Center is not owned or operated by the federal government.

**RESPONSE TO NO. 6:** Admit in part, deny in part. The federal government leases the premises, enforces statutory and regulatory compliance, and provides oversight to the immigration processing activities at the facility, including the Voluntary Work Program. The NWDC operates under contract with the Department of Homeland Security – Immigration and Customs Enforcement ("ICE"). The terms of the contract require GEO to operate a Voluntary Work Program, like those work programs excluded from the Minimum Wage Act under state law.

**REQUEST FOR ADMISSION NO. 7:** Please admit that, The GEO Group, Inc. compensates detainee workers who participate in the Voluntary Work Program by depositing the $1 pay into detainee-workers' commissary accounts.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUEST FOR ADMISSIONS.

- 5 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

**RESPONSE TO NO. 7:** Deny.  Detainees who participate in the Voluntary Work Program at NWDC receive a $1 per day allowance in the NWDC Detainee Trust Account.  Individual detainees may draw off their allowance to purchase commissary items, which are non-essentials although GEO coordinates with detainees to make available desirable items.

**REQUEST FOR ADMISSION NO. 8:** Please admit that The GEO Group, Inc. utilizes detainee-workers to maintain the interior of the Northwest Detention Center, including painting walls and buffing floors.

**RESPONSE TO NO. 8:** Deny and admit.  GEO does not employ any detainee to work for it.  Detainees who choose to participate in the Voluntary Work Program may pick from various tasks selected for the Voluntary Work Program because the activities are rewarding for various reasons.  The Voluntary Work Program operates on the secure side.  The tasks are the same kinds of activities a non-detained person would do to take care of him or herself in a clean living space, when living alone, or with family or roommates sharing bathroom or kitchen facilities.  Voluntary Work Program participants do not feed nor pick up after staff or ICE.  The NWDC is maintained pursuant to the terms of the ICE contract and according to federal standards, and has been so maintained regardless of participation.  GEO admits that participants may elect to paint a mural, or touch up the wall paint, or buff the floors, depending upon the individual's own interests and how he or she wants to spend his or her time.

**REQUEST FOR ADMISSION NO. 9:** Please admit that when detainee-workers paint walls and buff floors at the Northwest Detention Center, The GEO Group, Inc. does not provide detainee-workers with $1 per day for their work.

**RESPONSE TO NO. 9:** Deny and admit.  Detainees are not GEO's workers.  Detainees are not compensated for work because GEO does not pay them to work.  They do not have an employment relationship.  Detainees may choose to participate in the Voluntary Work Program.  If a program participant spends five minutes touching up the wall paint in a one square foot area and then plays cards the rest of the day or reads a book that person will have one dollar credited to the person's balance.  If the same participant decides to paint a mural that takes days to complete, that person will have a dollar per day added to the person's allowance.  There is no

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUEST FOR ADMISSIONS.

- 6 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

correlation between the dollar and the tasks performed.  It simply does not matter what the person chooses to do or how much the person chooses to do.

**REQUEST FOR ADMISSION NO. 10:**    **Please admit that when detainees-workers paint walls and buff floors at the Northwest Detention Center The GEO Group, Inc. provides detainee- workers food and/or snacks for their assistance.**

**RESPONSE TO NO. 10:** Deny and admit.  Detainees who participate in the Voluntary Work Program at NWDC are allowed $1 per day regardless of their participation or activities. Sometimes there are added benefits to the tasks selected like getting extra portions of the food prepared while helping out in the kitchen.  In other situations, GEO staff may exchange a snack with a detainee for his or her cooperation and support.

**REQUEST FOR ADMISSION NO. 11:**    **Please admit that The GEO Group, Inc. maintains records indicating which detainee-workers were provided $1 for their participation in the Voluntary Work Program at the Northwest Detention Center.**

**RESPONSE TO NO. 11:**  Admit in part, deny in part.  GEO can produce a document that shows the allowance per participant per day.

**REQUEST FOR ADMISSION NO. 12:**    **Please admit that The GEO Group, Inc. maintains daily records detailing the type of work performed by individual detainee- workers in the Voluntary Work Program.**

**RESPONSE TO NO. 12:** Admit in part, deny in part.  Program participants do not have employment files, reviews, or performance evaluations.  Program participants do not have detailed records accounting for their time or performance in any particular tasks.  VWP program participants are not employees and GEO does not employ them.  The system that tracks allowances also shows where the person was located when credited with participation.  The report does not have details about tasks performed.

**REQUEST FOR ADMISSION NO. 13:**    **Please admit that, since 2005, The GEO Group, Inc. has provided detainee-workers no more than $1 per day per individual detainee- worker who participates in the Voluntary Work Program at the Northwest Detention Center.**

**RESPONSE TO NO. 13:** Deny.  The allowance for program participation has always been one dollar per day regardless of participation.  However, an individual participant may be rewarded

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUEST FOR ADMISSIONS.

- 7 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

with added benefits at times depending upon the conditions of confinement and other factors affecting the security of the facility.

**REQUEST FOR ADMISSION NO. 14:**    Please admit that The GEO Group, Inc. does not review the work authorization of detainee-workers at the Northwest Detention Center.

**RESPONSE TO NO. 14:**  Deny.  GEO does obtain a voluntary work program participation form from each participant.  No detainee has ever shared an employment authorization document (EAD), Form I-765 with GEO because GEO and detainees do not have an employment relationship.

**REQUEST FOR ADMISSION NO. 15:**    Please admit that The GEO Group, Inc. provides all tools and equipment used by detainees workers who participate in the Voluntary Work Program.

**RESPONSE TO NO. 15:** Admit.  The NWDC operates under correctional detention standards that limit the use of contraband on the secure side of the facility where the Voluntary Work Program is located.

**REQUEST FOR ADMISSION NO. 16:**    Please admit that The GEO Group, Inc. pays some detainees, who participate in Voluntary Work Programs at other GEO operated facilities, more than $1 per day.

**RESPONSE TO NO. 16:** Admitted and Denied.  This admission is confusing because the State's definition for "detainees" means persons at the NWDC.  As previously stated, sometimes program participants at the NWDC get added value out of their participation for cooperation or subject to various conditions affecting confinement or security on any given day; however the standard is one dollar per day for participation.  It is the same at the facility in Aurora Colorado.  However, the Voluntary Work Program at the NWDC cannot be compared to other facilities or locations that are not subject to the same standards or that do not have the same programs.  GEO has a different type of facility where the rate is a bit higher, but there are no facilities anywhere operated by GEO or any other private contractor or at any federal, state, or local detention facility that pay a detainee minimum wages for participation in a work program like that at the NWDC.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUEST FOR ADMISSIONS.

- 8 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

| | | |
|---|---|---|
| 1 | Dated: February 5, 2018 | **III BRANCHES LAW PLLC** |

By _____
Joan K. Mell, WSBA #21319
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 (P)
281-664-4643 (F)
joan@3brancheslaw.com

**NORTON ROSE FULBRIGHT US LLP**
Charles A. Deacon
300 Convent St.
San Antonio, Texas 78205
Telephone: (210) 270-7133
Facsimile: (210) 270-7205
charlie.deacon@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th Street NW, Suite 1000
Washington, DC 20001-4501
Telephone: (202) 662-0210
Facsimile: (202) 662-4643
mark.emery@nortonrosefulbright.com

**ATTORNEYS FOR DEFENDANT THE GEO GROUP, INC.**

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUEST FOR ADMISSIONS.

- 9 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

# CERTIFICATE OF SERVICE

I, Joseph Fonseca, hereby certify as follows:

I am over the age of 18, a resident of Pierce County, and not a party to the above action. On February 5, 2018, I electronically served the above GEO's Response to Plaintiff's First Request For Admissions via Email to the following:

Office of the Attorney General
La Rond Baker, WSBA No. 43610
Marsha Chien, WSBA No. 47020
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
LaRondB@atg.wa.gov
MarshaC@atg.wa.gov

Norton Rose Fulbright US LLP
Charles A. Deacon (Pro Hac Vice)
300 Convent St.
San Antonio, TX 78205
(210)-270-7133
charlie.deacon@nortonrosefulbright.com

Norton Rose Fulbright US LLP
Mark Emery (Pro Hac Vice)
799 9th St. NW, Suite 1000
Washington, DC 20001-4501
(202)-662-0210
mark.emery@nortonrosefulbright.com

I certify under penalty of perjury under the laws of the State of Washington that the above information is true and correct.

DATED this 5th day of February, 2018 at Fircrest, Washington

_____
Joseph A. Fonseca, Paralegal

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST REQUEST FOR ADMISSIONS.

- 10 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com