UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                    Plaintiff,<br>     v.<br><br>THE GEO GROUP, INC.,<br><br>                    Defendant. | CASE NO. 3:17-cv-05806-RJB<br><br>ORDER DENYING DEFENDANT THE GEO GROUP, INC.'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL |

THIS MATTER comes before the Court on Defendant The GEO Group, Inc.'s Motion for Interlocutory Appeal. Dkt. 145. The Court has considered the motion, Plaintiff State of Washington's Response, Defendant's Reply, the underlying orders challenged by Defendant (Dkts. 133, 144), and the remainder of the file herein. The motion for certification of interlocutory appeal should be denied for the reasons stated herein.

**A. Background.**

Defendant seeks certification of interlocutory appeal under 28 U.S.C. § 1292(b) of "[t]he Court's unexplained holding that GEO's financial records are relevant to unjust enrichment[.]" Dkt. 145 at 6. The issue of whether Defendant should be compelled to produce financial documents has been considered twice by this Court: first, in an Order on Plaintiff's Motion to Compel (Dkt. 133 at 8-11), and second, in an Order on Defendant's Motion for Reconsideration (Dkt. 144 at 1, 2). The second order readily acknowledged the Court's relevance finding, where the Court stated:

> The Court reiterates that the financial documents it has compelled (Dkt 133 at 9, 10) are discoverable. They fall within Rule 26(b) . . . To avoid making any findings on the merits of any claim prematurely, further comment on their relevance would appear imprudent.

Dkt. 144 at 2. Defendant is a multinational corporation that operates multiple detention centers, but the Court limited production of financial documents to the Northwest Detention Center (NWDC) only, setting out parameters including date and type of document. Dkt. 13 at 9, 10.

The Court's orders (Dkts. 133, 144) determined discovery's relevance only under Fed. R. Civ. P. 26(b)(1). Whether the discoverable financial information will be admitted in evidence at trial is a very different issue that is not ripe for decision. Indeed, after receiving the subject discovery, Plaintiff may determine that it is not helpful to its damages theories, and that it should not be offered at trial; or it may be offered at trial and rejected by the Court; or it may be received in evidence. These possibilities do not undermine the relevance of the material for discovery purposes.

**B. Standard for interlocutory appeal under § 1292(b).**

Under § 1292(b), certification for interlocutory appeal is warranted:

> When a district judge . . . shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]

The statute can be distilled into three separate requirements, all of which must be satisfied for courts to certify an interlocutory appeal.

**C. Discussion.**

*1. First and second requirements: controlling question of law and substantial ground for difference of opinion.*

For an issue to be a "controlling question of law," it must be shown that "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litigation*, 673 F.3d at 1026. The issue cannot be "collateral to the basic issues of the case[.]" *Id*. at 1027.

Whether there is "substantial ground for difference of opinion" under § 1292(b) depends on the degree to which controlling law is unclear. *Couch v. Telescope Inc.*, 611 F.3d 629 (9th Cir. 2010). This criterion is satisfied "where the circuits are in dispute on the question and the court of appeals of [this] circuit has not spoken . . . or if novel and difficult questions of first impression are presented." *Id*.

First, according to Defendant:

> The Court's Orders raise a controlling question of law because they hold that GEO's financial information is relevant to the State's unjust enrichment claim, which is the sole and controlling claim for monetary relief in this case.[1]

Dkt. 145 at 10. Defendant opines that "[w]hether any financial documents are relevant . . . depends on a proper interpretation of Washington's law regarding unjust enrichment," an issue that "the parties hotly dispute." *Id*. at 11. Second, according to Defendant, the contours of the unjust enrichment claim are unsettled law. *Id*. at 12-15.

---

[1] This statement is erroneous, and mixes the question of relevance for discovery purposes, and for admissibility at trial. *See* p. 2, ln. 13-19, *supra*.

ORDER DENYING DEFENDANT THE GEO GROUP, INC.'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL - 3

This case arguably centers on a novel question of law, namely, whether detainees at the NWDC may be subject to the State Minimum Wage Act. Resolving the discovery dispute about Defendant's financials may also involve addressing an unsettled issue of state law, the measure of damages for an unjust enrichment claim. This motion, however, involves a third issue—the scope of discovery when an unjust enrichment claim is pled.

Even if there is substantial ground for difference of opinion about whether Defendant's financials are discoverable, the discovery issue is collateral, so the first requirement, that a controlling issue of law must be raised, is not satisfied. Resolving whether Defendant must produce financial information for the NWDC does not necessarily affect the outcome of the litigation. Defendant tacitly concedes as much, when arguing that its financials are irrelevant. *See* Dkt. 126 at 17-22.

While there may be substantial difference of opinion regarding the scope of discovery, the difference regards a collateral discovery matter. Defendant's showing is insufficient for the first requirement, that a controlling question of law is raised.

    *2.   Third requirement: materially advances the ultimate termination of the litigation.*

The third § 1292(b) requirement focuses on the degree to which a certified appeal, which is reserved for "exceptional circumstances," would "avoid protracted and expensive litigation." *In re Cement Antitrust Litigation*, 673 F.2d at 1026.

Defendant argues that a "successful appeal would sharply curtail the open-ended damages inquiry Plaintiff has proposed, simplify the parties' further disputes [on] liability and damages, and limit the scope and extent of further discovery." Dkt. 150 at 9. Dkt. 145 at 15, 126. An appeal of the "narrow issue" could be done without any substantial effect on the trial calendar, Defendant maintains. *Id*.

ORDER DENYING DEFENDANT THE GEO GROUP, INC.'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL - 4

This criterion is not satisfied. Discovery will draw to a close on March 15, 2019, Dkt. 137, and prior orders significantly limited the scope of the financial information discovery. *See* Dkts. 133, 144. Defendant is not on the hook for 'open-ended damages' discovery. Defendant makes no showing about the burden of producing its financial information, versus the cost of litigating an interlocutory appeal, and it would appear that an interlocutory appeal would detract from efforts to justly, speedily, and inexpensively litigate this case. Finally, Defendant's optimism notwithstanding, Defendant has presented no support to substantiate its hope that an interlocutory appeal would be resolved prior to the trial currently scheduled on July 7, 2019.

Disclosure of confidential materials can be protected by under the terms of the existing protective order, or an addition, in spite of GEO's concern.

Defendant's showing is not sufficient to support the third requirement, material advancement of the ultimate termination of the litigation.

**D. Conclusion.**

Because the 28 U.S.C. § 1292(b) requirements are not satisfied, GEO's motion for certification of interlocutory appeal should be denied.

* * *

THEREFORE, it is HEREBY ORDERED that Defendant The GEO Group, Inc.'s Motion for Certification of Interlocutory Appeal (Dkt. 145) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 27th day of November, 2018.

ROBERT J. BRYAN
United States District Judge