The Honorable Robert J. Bryan

1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

10

STATE OF WASHINGTON,

CIVIL ACTION NO. 3:17-cv-05806-RJB

11

Plaintiff,

12

v.

PLAINTIFF STATE OF
WASHINGTON'S REPLY IN
SUPPORT OF MOTION TO
EXCLUDE EXPERT TESTIMONY
OF DAVID LEWIN, PH.D.

13

THE GEO GROUP, INC.,

14

Defendant.

NOTE ON MOTION CALENDAR:
November 30, 2018

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF STATE OF WASHINGTON'S
REPLY ISO MOTION TO EXCLUDE EXPERT
TESTIMONY OF DAVID LEWIN, PH.D.

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

# I.   INTRODUCTION

Despite now claiming that Dr. David Lewin can testify to generally accepted human resources standards, the expert report that GEO itself disclosed makes only generic observations about employment relationships, is riddled with factual errors, and repeatedly reaches legal conclusions. In an attempt to salvage Dr. David Lewin's opinions, GEO argues the Court should simply trust his "scholarly profile" and "vast experience." ECF 154 at 7, 14. The Court should do no such thing. Regardless of Lewin's previous work as a litigation consultant, Federal Rule of Evidence 702 requires that Lewin's opinions be reliable and helpful *here*. Since they are neither, Washington should not be forced to expend the resources, and one of its ten depositions, to depose him—at least not before the Court curtails his opinions in total or in part.

# II.   ARGUMENT

## A.   GEO Offers Lewin for Legal Conclusions, Not "Factual Interpretation"

GEO concedes that it is impermissible for an expert to provide legal opinions, but argues Lewin's opinions constitute "factual interpretation" that "define[] a term of art as it is used within a given field." ECF 154 at 9. GEO's argument is misleading.

Lewin's purported opinions go well beyond explaining how the terms "employer" and "employee" are used in the field of human resources. Lewin's summary of his opinion is that "detainees . . . who participate in . . . the VWP are not employees of GEO" and that "the activities that ICE detainees participate in under the VWP . . . are not subject to the minimum wage." ECF 152-1, Ex. A ("Lewin Report"), ¶ 12. Neither opinion refers to how human resources experts use the terms "employer" or "employee." Instead, Lewin's analysis is rife with bare legal conclusions devoid of any reference to the field of human resources. *See id.* ¶ 21 ("GEO is not the employer of people – detainees – who filled [the VWP] jobs"); *id.* ¶ 22 ("[T]he minimum wage rate . . . to be paid to 'employees' is not applicable to detainees"); *id.* ¶ 24 ("[N]one of [the state minimum wage laws] apply to prisoners or detainees"); *id.* ¶ 26 ("[N]o employment relationship exists between detainees in the custody of ICE and GEO.")

PLAINTIFF STATE OF WASHINGTON'S
REPLY ISO MOTION TO EXCLUDE EXPERT
TESTIMONY OF DAVID LEWIN, PH.D.

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

Lewin's opinions all reach the legal question at the core of this case—whether GEO is an employer of detainee workers under the state's minimum wage laws. The question is one of law, not fact. *Cf. United States v. Just*, 74 F.3d 902, 903, 905 (8th Cir. 1996) (allowing expert testimony as to a pure "factual issue", i.e., whether a weapon was a "machinegun" because it had the "capacity to fire as a fully automatic weapon"). GEO's reliance on *Ways v. City of Lincoln*, to argue otherwise is mistaken. In *Ways*, the court excluded the expert's efforts to explain the definition of "theatrical performance" because it was a question of law and the expert's proposed testimony "would amount to an usurpation of the 'judge's job.'" 206 F. Supp. 2d 978, 991 (D. Neb. 2002). GEO's half-hearted attempts to distinguish *Hernandez v. City of Vancouver*, No. C04-5539 FDB, 2009 WL 279038 (W.D. Wash. Feb. 5, 2009), and *Gallardo v. AIG Domestic Claims, Inc.*, No. SACV 12-01107-CJC (ANx), 2013 WL 12077819 (C.D. Cal. July 24, 2013), are equally unavailing. In *Hernandez*, the court barred the expert from testifying that an employer's failure to comply with good human resources practices was indicative of discrimination. 2009 WL 279038, at *6. In *Gallardo*, the court barred an expert's opinion that the job at issue was non-exempt in a case about overtime regulations. 2013 WL 12077819, at *5 n.8. Both courts deemed the expert's opinion to be legal conclusions that invaded the judge's role to explain the law. As in *Hernandez* and *Gallardo*, expert testimony must be excluded where the subject is a legal conclusion, as here, and not particularly complex.

Finally, GEO's argument that Lewin's testimony might be appropriate given the case's "novel context" is a red herring. ECF 154 at 10, 16. A straightforward legal test already exists for identifying employment relationships in "novel contexts." Under the state's minimum wage laws, courts apply the economic dependence test to determine whether an employment relationship exists, asking "whether, as a matter of economic reality, the worker is economically dependent upon the alleged employer or is instead in business for himself." *Anfinson v. FedEx Ground Package Sys., Inc.*, 281 P.3d 289, 299 (Wash. 2012). In applying the test, courts consider factors such as the employer's right to control the worker; the worker's investment in required

PLAINTIFF STATE OF WASHINGTON'S
REPLY ISO MOTION TO EXCLUDE EXPERT
TESTIMONY OF DAVID LEWIN, PH.D.

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1  equipment; whether a special skill is required; and the permanence of the working relationship.

2  *Id.* Nothing about the test is so complex that an expert opinion—let alone a legal one—is

3  necessary.

4  **B.    Lewin's Non-Legal Testimony Is Not Helpful**

5        In opposition to Washington's motion, GEO makes the unremarkable observation that

6  courts have permitted testimony by human resources experts. ECF 154 at 6. GEO's argument

7  misses the point. Here, Washington does not seek to exclude Lewin *because* he is a human

8  resources expert, but because, aside from his legal conclusions, his proposed testimony is

9  entirely within the common knowledge of a layperson. *See United States v. Vallejo*, 237 F.3d

10  1008, 1019 (9th Cir. 2001). Although human resources experts may testify on generally accepted

11  standards, the sum total of Lewin's non-legal opinion is that: (1) in typical employment

12  relationships, companies hire an employee, then determine the work to be performed, evaluate

13  the employee's performance, determine pay, supervise the employee, and specify any other

14  conditions of employment, *see* Lewin Report ¶ 13; and (2) employers typically determine the

15  employee's job descriptions, *see id.* ¶ 21. Since neither of these opinions offer facts beyond a

16  layperson's knowledge, the Court should exclude them as unhelpful.

17        Even when permitted, courts frequently abridge the testimony of human resources

18  experts, including in the very cases GEO cites in its opposition. *See, e.g., Wood v. Mont. Dep't*

19  *of Revenue*, No. CV 10-13-H-DWM, 2011 WL 4348301, at *3 (D. Mont. Sept. 16, 2011) (barring

20  human resources expert opinions where the factfinder "can just as easily make [those]

21  determination[s] as [the expert]"); *Pittman v. Gen. Nutrition Corp.*, No. H-04-3174, 2007 WL

22  951638, at *5 (S.D. Tex. Mar. 28, 2007) (permitting expert testimony on whether the employer's

23  conduct was consistent with prevailing human resources standards, but prohibiting opinions that

24  certain facts show discrimination).

25        GEO also suggests its status as a federal contractor renders Lewin's testimony helpful.

26  ECF 154 at 12. However, GEO does not assert Lewin has any special expertise regarding federal

PLAINTIFF STATE OF WASHINGTON'S
REPLY ISO MOTION TO EXCLUDE EXPERT
TESTIMONY OF DAVID LEWIN, PH.D.

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1  contractors and fails to mention that it has offered a *separate* government contracts expert to

2  testify regarding the GEO-ICE contract and ICE's control over the procurement process. *See*

3  Chien Decl. ¶ 3, Ex. A (excerpt of Gregory Bingham's expert report). If GEO's status as a federal

4  contractor rendered this case "novel," and the relevant provisions of the GEO-ICE contract were

5  "complicated," *see* ECF 154 at 6, Lewin would lack the qualifications to review the GEO-ICE

6  contract at all, let alone conclude from that review that "ICE retains control over decision-

7  making about who can work in the VWP."[1] Lewin Report at 9.

8  **C.     Lewin's Testimony Is Not Reliable**

9          GEO tacitly agrees that Lewin's testimony is not reliable. *See* ECF 154 at 14 (arguing

10  that expert opinion is admissible even if "shaky"). As such, GEO asks the Court to rely on

11  Lewin's "scholarly profile" to save him. *Id.* at 7. GEO's argument fails.

12         First, an expert's scholarly profile nowhere negates the requirement that his testimony be

13  reliable. Although GEO argues otherwise, two of the cases GEO cites in support involve

14  technical or scientific experts—not human resources experts. *See, e.g., Holbrook v. Lykes Bros.*

15  *S.S. Co.*, 80 F.3d 777, 785 (3d Cir. 1996) (permitting medical experts to opine about causes of

16  cancer because "their procedures for examining the facts . . . were based on . . . science");

17  *Picariello v. Safway Servs., LLC*, No. 11-5130, 2012 WL 3704782, at *3 (E.D. Pa. Aug. 28,

18  2012) (permitting structural engineer to opine regarding faulty construction). Of the cases that

19  rely on human resources experts, at least one deemed portions of the expert's testimony

20  inadmissible despite his vast professional experience. *See Pittman*, 2007 WL 951638, at *5.

21

22  ────────────────

23         [1]None of the remaining cases GEO cites suggest otherwise. *See E.E.O.C. v. Sierra Pac.*
*Indus.*, No. 2:08:-cv-01470-MCE-DAD, 2010 WL 3941416, at *1 (E.D. Cal. Oct. 5, 2010)

24  (allowing expert's non-legal opinions as to whether employer's management applied the
appropriate standard of care when acting upon discrimination complaints); *Maharaj v. Cal.*

25  *Bank & Trust*, 288 F.R.D. 458, 459 (E.D. Cal. 2013) (allowing expert opinion where limited to
a matter that was "not within the everyday knowledge and experience of a lay juror"); *Kob v.*

26  *County of Marin*, No. C 07-2211 JL, 2009 WL 10680775, at *3 (N.D. Cal. Nov. 25, 2009)
(considering a motion for summary judgment, not a motion to exclude expert testimony).

PLAINTIFF STATE OF WASHINGTON'S          4          ATTORNEY GENERAL OF WASHINGTON
REPLY ISO MOTION TO EXCLUDE EXPERT                              Civil Rights Unit
TESTIMONY OF DAVID LEWIN, PH.D.                            800 Fifth Avenue, Suite 2000
                                                            Seattle, WA  98104-3188
                                                                  (206) 464-7744

1      Second, regardless of his professional experience, Lewin's factual misrepresentations

2 and omissions here render his report unreliable. *See In re Jimmy John's Overtime Litig.*, No. 14

3 C 5509, 2018 WL 3231273, at *12 (N.D. Ill. June 14, 2018) (rejecting Lewin's testimony as

4 "riddled with factual inaccuracies"). Lewin's report is internally inconsistent, ignores material

5 information, and conflicts with itself. *See* ECF 151 at 6-7 (identifying instances where Lewin

6 comes to the opposite conclusion of the plain language of the documents he cites); Lewin Report

7 at 37 (listing the deposition transcript of Ryan Kimble, GEO's Rule 30(b)(6) designee, as a

8 document reviewed, yet nowhere addressing Kimble's testimony that GEO officers assign and

9 supervise detainee workers). Washington's issue with Lewin's report is not simply, as GEO

10 suggests, that it disagrees with Lewin's interpretation of the facts, but that Lewin's report ignores

11 GEO's own facts. Cross-examining Lewin will not address such mistakes, which go to method

12 and reliability, not weight.

13      Finally, Lewin's testimony has not been "regularly accepted" by other courts. *Cf.* ECF

14 154 at 15. Almost all of the cases GEO relies on to argue otherwise consider Lewin's expertise

15 in creating surveys—a skill not at issue here. *See, e.g., Greer v. Dick's Sporting Goods, Inc.*, No.

16 2:15-cv-01063-KJM-CKD, 2017 WL 1354568 (E.D. Cal. Apr. 13, 2017); *SuperShuttle Int'l v.*

17 *Henning*, No. 2014-800001841 (Sup. Ct. Sacramento, Aug. 8, 2017). The only non-survey cases

18 GEO cite are *Taylor v. AutoZone,* No. CV 10-08125-PCT-FJM (D. Ariz. Jan. 14, 2015), which

19 ruled on the *Daubert* motion in a minute order, and *Keller v. Tuesday Morning, Inc.*, 102 Cal.

20 Reptr. 3d 498, 499 (Cal. Ct. App. 2009), which reviewed Lewin's report as factual background

21 to a motion to decertify the class. *Keller* did not consider a *Daubert* motion at all, let alone the

22 reliability of Lewin's testimony. Notwithstanding GEO's frequent reference to Lewin's

23 experience, nothing GEO offers in opposition suggests Lewin's testimony in this case is reliable.

24 **D.**    **Washington's Motion Is Not Premature**

25      Alternatively, GEO argues it is premature to exclude Lewin's testimony "prior to [his]

26 deposition." ECF 154 at 6. GEO's argument is misplaced.

PLAINTIFF STATE OF WASHINGTON'S      5      ATTORNEY GENERAL OF WASHINGTON
REPLY ISO MOTION TO EXCLUDE EXPERT      Civil Rights Unit
TESTIMONY OF DAVID LEWIN, PH.D.      800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    The purpose of Rule 26(a)(2)'s requirement that a written expert report convey the

2    substance of the proffered expert's opinion "is, in part, to minimize the expense of deposing

3    experts." *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de Puerto Rico*,

4    248 F.3d 29, 35 (1st Cir. 2001). "A[n] [expert] report must be complete in that opposing counsel

5    is not forced to depose an expert in order to avoid an ambush at trial." *R.C. Olmstead, Inc. v. CU*

6    *Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010). *See also Dunkin' Donuts Inc. v. Patel*, 174 F.

7    Supp. 2d 202, 211 (D.N.J. 2001) ("The test of a[n] [expert witness] report is whether it is

8    sufficiently complete . . . so that surprise is eliminated, unnecessary depositions are avoided, and

9    costs are reduced.")

10    As discussed above, Lewin's report is wholly inadequate. Lewin's report makes outsized

11    conclusions, but fails to express "the basis and reasons" for those conclusions. *See* Fed. R. Civ.

12    P. 26(a)(2). It is so sparsely written that it in no way narrows Washington's inquiry or minimizes

13    the expense in deposing him. GEO cannot skirt the requirements of the Federal Rules. The Court

14    should not require Washington to depose Lewin before excluding him. *See United States v.*

15    *Roberts*, 830 F. Supp. 2d 372, 387 (M.D. Tenn. 2011) (observing concerns about conserving

16    resources "can become moot" once an expert deposition has already been taken).

17    ### III.    CONCLUSION

18    The Court should exclude Lewin from opining as to whether or not GEO is an

19    "employer" and whether detainees are "employees" under state minimum wage laws. *See* Lewin

20    Report at ¶¶ 12, 21, 22, 24, 26 and conclusion. If the Court believes Washington's motion is

21    premature, the Court should provide Washington an additional deposition above the ten provided

22    under Federal Rules of Civil Procedure 30(a)(2)(A)(i). Washington should not be forced to

23    expend one of its depositions due to GEO's failure to meet the Federal Rules' expert report

24    requirements.

25    DATED this 30th day of November, 2018.

26

PLAINTIFF STATE OF WASHINGTON'S
REPLY ISO MOTION TO EXCLUDE EXPERT
TESTIMONY OF DAVID LEWIN, PH.D.

6

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Respectfully submitted,

BOB FERGUSON
Attorney General of Washington

s/ *Marsha Chien*
LA ROND BAKER, WSBA No. 43610
MARSHA CHIEN, WSBA No. 47020
ANDREA BRENNEKE, WSBA No. 22027
Assistant Attorneys General
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
larondb@atg.wa.gov
marshac@atg.wa.gov
andreab3@atg.wa.gov

PLAINTIFF STATE OF WASHINGTON'S
REPLY ISO MOTION TO EXCLUDE EXPERT
TESTIMONY OF DAVID LEWIN, PH.D.

7

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed with the United States District Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

November 30th, 2018

                          s/*Caitilin Hall*
                          Caitilin Hall, Legal Assistant

PLAINTIFF STATE OF WASHINGTON'S
REPLY ISO MOTION TO EXCLUDE EXPERT
TESTIMONY OF DAVID LEWIN, PH.D.

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744