UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>THE GEO GROUP, INC.,<br><br>　　　　　　　　Defendant. | CASE NO. 3:17-cv-05806-RJB<br><br>ORDER REGARDING PLAINTIFF STATE OF WASHINGTON'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DAVID LEWIN, PH.D |

　　　　This matter comes before the court on the above-referenced motion (Dkt. 151). The court is familiar with the records and files herein and all documents filed in support of and in opposition to the motion.

　　　　The court is aware of its "Gatekeeper" responsibilities under *Daubert*, 509 U.S. 592, and its progeny, and under ER 702.

　　　　We are quite a way from the trial date, and at this point the court has not seen a Pretrial Order or Trial Briefs. Accordingly, the court must do some guessing about how the plaintiff

ORDER REGARDING PLAINTIFF STATE OF WASHINGTON'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DAVID LEWIN, PH.D - 1

proposes to prove its case, or what defenses the defense may raise. Therefore, statements and assumptions in this order, in part, may be subject to corrections.

Dr. Lewin is clearly an expert on human resource matters, but there are many parts of Dr. Lewin's report that make most of his proposed testimony inadmissible.

First, Dr. Lewin uses the wrong standard for determining whether an employment relationship existed. This is a Minimum Wage Act (MWA) case, and Washington law applies, as found in the statute, RCW 49.46.010 and case law. *See, for example, Anfinson v. FedEx Ground Package Sys., Inc.*, 174 Wn.2d 851, 870 (2012); *Becerra v. Expert Janitorial, LLC*, 181 Wn.2d 186, 196-97 (2014)

Second, his opinions are based on the Immigration and Customs Enforcement (ICE) and GEO Group, Inc. (GEO) contract documents, and other documents that are part of the ICE-GEO relationships. It is doubtful that those documents need explaining or interpreting by an expert. Furthermore, I believe that this case is only partly about the ICE-GEO relationship. The case is also about what actually goes on at the Northwest Detention Center (NWDC), and whether an employer-employee relationship was created even when such an employer-employee relationship may not have been planned or intended by ICE or GEO.

Third, there may be an issue about the voluntariness of the work performed. To say the Voluntary Work Program (VWP) is voluntary does not necessarily mean that in all cases that is so. There may also be an issue of whether GEO follows the contract documents in using detainees to do work that should have been done by GEO's non-detainee workforce.

Fourth, Dr. Lewin's opinions are, "Based on my vast research, teaching and consulting experience regarding employment, employment relationships, and human resource management .

ORDER REGARDING PLAINTIFF STATE OF WASHINGTON'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DAVID LEWIN, PH.D - 2

. . ." Accordingly, his opinions have an "*ipse dixit*" quality that cannot reasonably be examined or tested.

Fifth, Dr. Lewin's opinions are, in part, based on observations and, apparently, reports of what may have happened in other settings and other institutions. That is of doubtful evidentiary value, because this case concerns what happened – and is happening – <u>here</u>, not elsewhere.

Sixth, many of Dr. Lewin's opinions are couched in terms of factual findings about the GEO workplace. Many of his opinions are on issues of fact in the case. Similarly, some of his opinions are conclusions of law, beyond his area of expertise, i.e., whether the Minimum Wage Act applies – the ultimate issue.

Seventh, some of the recited factual bases for his opinions are not accurate – i.e., "the rate is set via a Federal Statute and federal standards," and "GEO neither determines detainee work activities nor the compensation paid to detainees for such work."

It appears to the court that very little, if any, of the material in Dr. Lewin's Report is admissible in evidence. Nevertheless, the court is loath to exclude him as a witness entirely. There may be some admissible information or opinions that he may testify to, depending in part on plaintiff's case in chief.

Whether a party wishes to, or needs to, depose a proffered "expert" is up to counsel. How to use the maximum number of depositions is up to counsel, and this dispute over expert testimony does not justify increasing the maximum number of depositions allowed. Plaintiff's request for an extra deposition is DENIED.

Therefore, Plaintiff State of Washington's Motion to Exclude Expert Testimony of David Lewin, PH.D (Dkt. 151) is DENIED WITHOUT PREJUDICE, but rulings at trial, if Dr. Lewin is offered as a witness, will be consistent with this opinion.

ORDER REGARDING PLAINTIFF STATE OF WASHINGTON'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DAVID LEWIN, PH.D - 3

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 13th day of December, 2018.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER REGARDING PLAINTIFF STATE OF WASHINGTON'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DAVID LEWIN, PH.D - 4