# BAKER DECLARATION

# EXHIBIT A

1

The Honorable Robert J. Bryan

2

3

4

5

6

7

8

9
UNITED STATES DISTRICT COURT
10
WESTERN DISTRICT OF WASHINGTON

11

STATE OF WASHINGTON,                              NO. 3:17-cv-05806-RJB

12
                              Plaintiff,

13
v.                                                **DEFENDANT THE GEO GROUP,
                                                  INC.'S RESPONSES AND
                                                  OBJECTIONS TO PLAINTIFF STATE
14
THE GEO GROUP, INC.,                              OF WASHINGTON'S SECOND SET OF
                                                  REQUESTS FOR ADMISSIONS**
15
                              Defendant.

16

17          Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

18   the Local Rules of the U.S. District Court for the Western District of Washington (the "Local

19   Rules"), Defendant The GEO Group, Inc. ("GEO") hereby responds and objects to Plaintiff's

20   Second Requests for Admissions.

21                      **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

22          GEO objects to Plaintiff's definition of "document" in paragraph 3.5 as inapplicable and

23   irrelevant to Plaintiff's Second Requests for Admissions.  GEO will define any documents, to the

24   extent that they exist, in accordance with its responses to Plaintiff's Second Requests for

25   Production.  GEO defines "document" according to its definition in Fed. R. Civ. P. 34(a)(1)(A).

26   GEO further objects to Plaintiff's definition of "document" to include "messages and/or

27

28   STATE OF WASHINGTON v. GEO GROUP                    NORTON ROSE FULBRIGHT US LLP
     ECF CASE NO. 3:17-cv-05806-RJB GEO                  Andrea L. D'Ambra
     GROUP'S RESPONSE TO STATE OF                        1301 Avenue of the Americas
     WASHINGTON'S SECOND REQUEST                         New York, NY 10019
     FOR ADMISSIONS                                      Telephone: (212) 318-3000

attachments now only available on backup or archive tapes or disks" as not reasonably accessible, unduly burdensome, and outside of the scope of discovery.  GEO further objects to Plaintiff's definition of "document" referring to or invoking Washington State Rules of Evidence to the extent that the Washington State Rules of Evidence purport to impose obligations on GEO beyond the requirements of the Federal Rules of Evidence.  GEO therefore objects to Plaintiff's definition of "writings" and "records" to the extent it cites to the Washington State Rules of Evidence ("ER 1001(a)") and not the applicable Federal Rules of Evidence.  GEO will comply with any discovery obligations as they exist in the Federal Rules of Evidence.

GEO objects to Plaintiff's definition of "ICE" (Immigrations and Customs Enforcement) in paragraph 3.6 as overly broad.  GEO defines ICE only to include the agency of the United States Department of Homeland Security, ICE employees, and any other persons or entities acting on behalf of or under the direction, authorization, or control of ICE.

GEO objects to Plaintiff's definitions of "Identify" included in paragraphs 3.7 through 3.10 as inapplicable and irrelevant to Plaintiff's Second Requests for Admissions.

GEO objects to Plaintiff's definition of "state the basis" in paragraph 3.15 as inapplicable and irrelevant to Plaintiff's Second Requests for Admissions.  GEO further objects to the definition of "state the basis" as outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) to the extent that it seeks information not relevant to any party's claims or defenses.  GEO will respond to Plaintiff's Second Requests for Admissions in accordance with Fed. R. Civ. P. 36(a).

GEO objects to Plaintiff's definition of "You," "Your," and "GEO Group" in paragraph 3.16 as overly broad and unduly burdensome to the extent that the request seeks information relating to persons or entities that are separate and distinct from GEO and over whom GEO exercises no legal right to control.  GEO further objects to these definitions to the extent that the request includes GEO attorneys and, therefore, improperly seeks information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities.  In responding to these requests, GEO interprets the terms "You," "Your," and "GEO Group" to refer only to the named party in this action and any entities

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO STATE OF                    - 2 -
WASHINGTON'S SECOND REQUEST
FOR ADMISSIONS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

1  GEO has the legal right to control.

2      GEO objects to <u>Instruction 4.1</u> as inapplicable and irrelevant to Plaintiff's Second Requests

3  for Admissions to the extent that Plaintiff seeks production of documents.  GEO will produce any

4  documents, to the extent that they exist, in accordance with its responses to Plaintiff's Third

5  Requests for Production.  GEO will respond to Plaintiff's Second Requests for Admissions in

6  accordance with Fed. R. Civ. P. 36(a).

7      GEO objects to <u>Instruction 4.2</u> to the extent that it seeks to impose discovery obligations on

8  GEO, pursuant to Washington State Rules of Civil Procedure ("CR 26(e)"), beyond the requirements

9  of the Federal Rules of Civil Procedure.  GEO will supplement any responses to Plaintiff's Second

10  Requests for Admissions, should they be necessary, in accordance with Fed. R. Civ. P. 26(e).

11      GEO objects to <u>Instruction 4.6</u>, which instructs GEO to produce "all earlier editions or

12  predecessor documents," as inapplicable and irrelevant to Plaintiff's Second Requests for

13  Admissions to the extent that Plaintiff seeks production of documents.  GEO will produce any

14  documents, to the extent that they exist, in accordance with its responses to Plaintiff's Third

15  Requests for Production.

16      GEO objects to <u>Instruction 4.7(a)-(c)</u> as inapplicable and irrelevant to Plaintiff's Second

17  Requests for Admissions to the extent that Plaintiff seeks production of documents.  GEO will

18  produce any documents, to the extent that they exist, in accordance with its responses to Plaintiff's

19  Third Requests for Production.

20      GEO objects to <u>Instruction 4.8</u> as inapplicable and irrelevant to Plaintiff's Second Requests

21  for Admissions to the extent that Plaintiff seeks, and describes the procedure for production of,

22  documents.  GEO will produce any documents, to the extent that they exist, in accordance with its

23  responses to Plaintiff's Third Requests for Production.

24      GEO objects to <u>Instruction 4.9</u> as inapplicable and irrelevant to Plaintiff's Second Requests

25  for Admissions to the extent that Plaintiff seeks, and describes the procedure for production of,

26  documents.  GEO will produce any documents, to the extent that they exist, in accordance with its

27  responses to Plaintiff's Third Requests for Production.

28
STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO STATE OF                - 3 -
WASHINGTON'S SECOND REQUEST
FOR ADMISSIONS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

GEO objects to Instruction 4.10 as inapplicable and irrelevant to Plaintiff's Second Requests for Admissions to the extent that Plaintiff seeks, and describes the procedure for production of, documents.  GEO will take reasonable measures to preserve documents, to the extent that they exist, in accordance with its responses to Plaintiff's Third Requests for Production.

GEO objects to Instruction 4.11 as inapplicable and irrelevant to Plaintiff's Second Requests for Admissions to the extent that Plaintiff seeks, and describes the procedure for production of, documents.  GEO will produce any documents, to the extent that they exist, in accordance with its responses to Plaintiff's Third Requests for Production.

GEO objects to Instruction 4.12 on the grounds that it is unduly burdensome and expands GEO's obligations beyond those required by the Federal Rules of Civil Procedure.  GEO will respond to Plaintiff's Second Requests for Admissions in accordance with Fed. R. Civ. P. 36(a).

GEO objects to Instruction 4.13 as inapplicable and irrelevant to Plaintiff's Second Requests for Admissions to the extent that Plaintiff seeks, and describes the procedure for production of, documents.  GEO will produce any documents, to the extent that they exist, in accordance with its responses to Plaintiff's Third Requests for Production.

## **RESPONSE TO SECOND REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 18:** Please admit that GEO employees supervise detainee-workers when they participate in the Voluntary Work Program ("VWP").

**RESPONSE TO NO. 18:**  GEO objects to the term "supervise" as vague and undefined, and specifically to the extent to which it is meant to imply an employment or quasi-employment relationship.  GEO has no employment relationship with detainees.  Subject to and without waiving GEO's above stated objections, GEO answers as follows:  Admit.  Admitted as detention officers exercise line of sight supervision of all detainees, including VWP participants, to ensure the safety and security of all detainees and guards.  In addition, GEO provides supervision of VWP participants as required by various provisions of the Performance Based National Detention Standards ("PBNDS") and National Detention Standards ("NDS").

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO STATE OF          - 4 -
WASHINGTON'S SECOND REQUEST
FOR ADMISSIONS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

1  **REQUEST FOR ADMISSION NO. 19:** Please admit that GEO employees assign detainee-
2  workers to VWP jobs.

3  **RESPONSE TO NO. 19:** GEO objects to the term "assign" as vague and undefined, and
4  specifically to the extent to which it is meant to imply an employment or quasi-employment
5  relationship. GEO has no employment relationship with detainees. Subject to and without
6  waiving GEO's above stated objections, GEO answers as follows: Admit in part, deny in part.
7  Admitted in part as detainees request or indicate specific VWP details in which they would like to
8  volunteer, and are allowed to participate in those details based on availability. Denied in part as
9  GEO does not assign specific VWP details to detainees if they do not elect to participate in that
10 specific VWP detail.

11 **REQUEST FOR ADMISSION NO. 20:** Please admit that detainee-workers have quit their
12 assigned VWP jobs.

13 **RESPONSE TO NO. 20:** GEO objects to the term "quit" as vague and undefined, and
14 specifically to the extent which it is meant to imply an employment or quasi-employment
15 relationship. GEO has no employment relationship with detainees. Subject to and without
16 waiving GEO's above stated objections, GEO answers as follows: Admit in part, deny in part.
17 Admitted in part as VWP participants may elect not to participate in the VWP. Denied in part as
18 detainees are not required to participate in the VWP .

19 **REQUEST FOR ADMISSION NO. 21:** Please admit that GEO employees have terminated or
20 suspended detainee-workers from their VWP jobs.

21 **RESPONSE TO NO. 21:** GEO objects to the term "terminate" and "suspend" as vague and
22 undefined, and specifically to the extent to which these terms are meant to imply an employment
23 or quasi-employment relationship. For example, a common definition of "terminate" is "to
24 discontinue the employment of." GEO has no employment relationship with detainees. Subject
25 to and without waiving GEO's above stated objections, GEO answers as follows: Admit in part,
26 deny in part. Admitted in part as GEO has removed detainees from a VWP detail under Section
27 5.8(V)(L) of the 2011 PBNDS (Revised 2016), Section 33(V)(L) under the 2008 PBNDS, and

28
STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO STATE OF                - 5 -
WASHINGTON'S SECOND REQUEST
FOR ADMISSIONS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

1  Section III(L) of Voluntary Work Program Chapter under the 2000 National Detention Standards

2  ("NDS").  Denied in part as GEO does not otherwise remove detainees from a VWP detail.

3  **REQUEST FOR ADMISSION NO. 22:**  Please admit that GEO employees prohibit detainee-

4  workers from working in the kitchen when the detainee-workers are sick.

5  **RESPONSE TO NO. 22:**  Admit.  Admitted as GEO implements Section 4.1(J)(4) of the 2011

6  (revised 2016), Section 20(J)(4) under the 2008 PBNDS and Section III(L) of the Food Service

7  Chapter under the 2000 NDS.

8  **REQUEST FOR ADMISSION NO. 23:**  Please admit that detainee-workers clean, fold and sort

9  laundry at the NWDC.

10  **RESPONSE TO NO. 23:**  Admit.

11  **REQUEST FOR ADMISSION NO. 24:**  Please admit that if detainee-workers did not clean, fold

12  and sort laundry at the NWDC, GEO would have non-detainee employees do this work or would

13  hire a third-party contractor for it to be done.

14  **RESPONSE TO NO. 24:**  GEO objects to use of the term "non-detainee employees" as vague

15  and undefined, as it is unclear whether this term would include persons not currently employed

16  with GEO who would need to be hired.  Further, this term suggests that GEO has detainee

17  employees, which GEO denies.  Finally, GEO objects to the request as constituting an

18  unanswerable, incomplete hypothetical.  Subject to and without waiving GEO's above stated

19  objections, GEO answers as follows:  In order to admit or deny this request, GEO would need to

20  know more information about the reason detainees are not cleaning, folding and sorting laundry at

21  the NWDC.  For example, a failure to properly implement the VWP, which GEO is contractually

22  obligated to do, could potentially put GEO at risk of termination of the contract by ICE.  In that

23  event, GEO would not be responsible for providing any services at the NWDC.  In addition, there

24  are other factors that could impact the extent to which any work discussed in this request for

25  admission would need to be performed.  Because it is unclear under what factual bases GEO

26  might not offer a VWP and still be responsible for providing services at the NWDC, GEO is

27

28  STATE OF WASHINGTON v. GEO GROUP               NORTON ROSE FULBRIGHT US LLP
ECF CASE NO. 3:17-cv-05806-RJB                      Andrea L. D'Ambra
GEO GROUP'S RESPONSE TO STATE OF     - 6 -    1301 Avenue of the Americas
WASHINGTON'S SECOND REQUEST                  New York, NY 10019
FOR ADMISSIONS                         Telephone: (212) 318-3000

1   unable to admit or deny this request for admission as drafted, because GEO lacks sufficient

2   knowledge to answer this incomplete hypothetical.

3   **REQUEST FOR ADMISSION NO. 25:**  Please admit that detainee-workers collect and distribute

4   laundry at the NWDC.

5   **RESPONSE TO NO. 25:**  Admit.

6   **REQUEST FOR ADMISSION NO. 26:**  Please admit that if detainee-workers did not collect and

7   distribute laundry at the NWDC, GEO would have non-detainee employees do this work or would

8   hire a third-party contractor for it to be done.

9   **RESPONSE TO NO. 26:**  GEO objects to use of the term "non-detainee employees" as vague

10  and undefined, as it is unclear whether this term would include persons not currently employed

11  with GEO who would need to be hired.  Further, this term suggests that GEO has detainee

12  employees, which GEO denies.  Finally, GEO objects to the request as constituting an

13  unanswerable, incomplete hypothetical.  Subject to and without waiving GEO's above stated

14  objections, GEO answers as follows:  In order to admit or deny this request, GEO would need to

15  know more information about the reason detainees are not collecting and distributing laundry.

16  For example, a failure to properly implement the VWP, which GEO is contractually obligated to

17  do, could potentially put GEO at risk of termination of the contract by ICE.  In that event, GEO

18  would not be responsible for providing any services at the NWDC.  In addition, there are other

19  factors that could impact the extent to which any work discussed in this request for admission

20  would need to be performed.  Because it is unclear under what factual bases GEO might not offer

21  a VWP and still be responsible for providing services at the NWDC, GEO is unable to admit or

22  deny this request for admission as drafted, because GEO lacks sufficient knowledge to answer

23  this incomplete hypothetical.

24  **REQUEST FOR ADMISSION NO. 27:**  Please admit that detainee-workers prepare and plate

25  trays with the meals GEO provides to detainees at the NWDC.

26  **RESPONSE TO NO. 27:**  Admit.

27

28

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO STATE OF                - 7 -
WASHINGTON'S SECOND REQUEST
FOR ADMISSIONS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

**REQUEST FOR ADMISSION NO. 28:**  Please admit that if detainee-workers did not prepare and plate trays with the the [sic] meals GEO provides to detainees at the NWDC, GEO would have non-detainee employees do this work or would hire a third-party contractor for it to be done.

**RESPONSE TO NO. 28:**  GEO objects to use of the term "non-detainee employees" as vague and undefined, as it is unclear whether this term would include persons not currently employed with GEO who would need to be hired.  Further, this term suggests that GEO has detainee employees, which GEO denies.  Finally, GEO objects to the request as constituting an unanswerable, incomplete hypothetical.  Subject to and without waiving GEO's above stated objections, GEO answers as follows:  In order to admit or deny this request, GEO would need to know more information about the reason detainees are not preparing and plating trays for meals.  For example, a failure to properly implement the VWP, which GEO is contractually obligated to do, could potentially put GEO at risk of termination of the contract by ICE.  In that event, GEO would not be responsible for providing any services at the NWDC.  In addition, there are other factors that could impact the extent to which any work discussed in this request for admission would need to be performed.  Because it is unclear under what factual bases GEO might not offer a VWP and still be responsible for providing services at the NWDC, GEO is unable to admit or deny this request for admission as drafted, because GEO lacks sufficient knowledge to answer this incomplete hypothetical.

**REQUEST FOR ADMISSION NO. 29:**  Please admit that detainee-workers deliver food trays from the kitchen to the pods and collect used food trays from the pods and return them back to the kitchen.

**RESPONSE TO NO. 29:**  Admit.

**REQUEST FOR ADMISSION NO. 30:**  Please admit that if detainee-workers did not deliver food trays from the kitchen to the pods and collect used food trays from the pods and return them back to the kitchen, GEO would have non-detainee employees do this work or would hire a third-party contractor for it to be done.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO STATE OF           - 8 -
WASHINGTON'S SECOND REQUEST
FOR ADMISSIONS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

1   **RESPONSE TO NO. 30:**  GEO objects to use of the term "non-detainee employees" as vague

2   and undefined, as it is unclear whether this term would include persons not currently employed

3   with GEO who would need to be hired.  Further, this term suggests that GEO has detainee

4   employees, which GEO denies.  Finally, GEO objects to the request as constituting an

5   unanswerable, incomplete hypothetical.  Subject to and without waiving GEO's above stated

6   objections, GEO answers as follows:  In order to admit or deny this request, GEO would need to

7   know more information about the reason detainees are not delivering and collecting food trays.

8   For example, a failure to properly implement the VWP, which GEO is contractually obligated to

9   do, could potentially put GEO at risk of termination of the contract by ICE.  In that event, GEO

10  would not be responsible for providing any services at the NWDC.  In addition, there are other

11  factors that could impact the extent to which any work discussed in this request for admission

12  would need to be performed.  Because it is unclear under what factual bases GEO might not offer

13  a VWP and still be responsible for providing services at the NWDC, GEO is unable to admit or

14  deny this request for admission as drafted, because GEO lacks sufficient knowledge to answer

15  this incomplete hypothetical.

16  **REQUEST FOR ADMISSION NO. 31:**  Please admit that detainee-workers serve food trays with

17  meals in the pods, and collect used food trays in the pods after every meal.

18  **RESPONSE TO NO. 31:**  Admit.

19  **REQUEST FOR ADMISSION NO. 32:**  Please admit that if detainee-workers did not serve food

20  trays with meals in the pods, and collect used food trays in the pods after every meal, GEO would

21  have non-detainee employees to do this work or would hire a third-party contractor for it to be

22  done.

23  **RESPONSE TO NO. 32:**  GEO objects to use of the term "non-detainee employees" as vague

24  and undefined, as it is unclear whether this term would include persons not currently employed

25  with GEO who would need to be hired.  Further, this term suggests that GEO has detainee

26  employees, which GEO denies.  Finally, GEO objects to the request as constituting an

27  unanswerable, incomplete hypothetical.  Subject to and without waiving GEO's above stated

28

objections, GEO answers as follows:  In order to admit or deny this request, GEO would need to

know more information about the reason detainees are not serving food trays with meals in the

pods, and collecting used food trays in the pods after every meal.  For example, a failure to

properly implement the VWP, which GEO is contractually obligated to do, could potentially put

GEO at risk of termination of the contract by ICE.  In that event, GEO would not be responsible

for providing any services at the NWDC.  In addition, there are other factors that could impact the

extent to which any work discussed in this request for admission would need to be performed.

Because it is unclear under what factual bases GEO might not offer a VWP and still be

responsible for providing services at the NWDC, GEO is unable to admit or deny this request for

admission as drafted, because GEO lacks sufficient knowledge to answer this incomplete

hypothetical.

**REQUEST FOR ADMISSION NO. 33:**  Please admit that detainee-workers clean the dishes and

food trays at the NWDC.

**RESPONSE TO NO. 33:**  Admit.

**REQUEST FOR ADMISSION NO. 34:**  Please admit that if detainee-workers did not clean the

dishes and food trays at the NWDC, GEO would have non-detainee employees do this work or

would hire a third-party contractor for it to be done.

**RESPONSE TO NO. 34:**  GEO objects to use of the term "non-detainee employees" as vague

and undefined, as it is unclear whether this term would include persons not currently employed

with GEO who would need to be hired.  Further, this term suggests that GEO has detainee

employees, which GEO denies.  Finally, GEO objects to the request as constituting an

unanswerable, incomplete hypothetical.  Subject to and without waiving GEO's above stated

objections, GEO answers as follows:  In order to admit or deny this request, GEO would need to

know more information about the reason detainees are not cleaning dishes and food trays.  For

example, a failure to properly implement the VWP, which GEO is contractually obligated to do,

could potentially put GEO at risk of termination of the contract by ICE.  In that event, GEO

would not be responsible for providing any services at the NWDC.  In addition, there are other

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO STATE OF                  - 10 -
WASHINGTON'S SECOND REQUEST
FOR ADMISSIONS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

1   factors that could impact the extent to which any work discussed in this request for admission

2   would need to be performed.  Because it is unclear under what factual bases GEO might not offer

3   a VWP and still be responsible for providing services at the NWDC, GEO is unable to admit or

4   deny this request for admission as drafted, because GEO lacks sufficient knowledge to answer

5   this incomplete hypothetical.

6   **REQUEST FOR ADMISSION NO. 35:**  Please admit that detainee-workers clean the kitchen,

7   and all the pots, pans and utensils used for making food, at the NWDC.

8   **RESPONSE TO NO. 35:**  Admitted in part, denied in part.  Admitted that VWP participants

9   assist with cleaning the kitchen, including the pots, pans and utensils.  Denied that detainees clean

10  "all pots, pans and utensils."  GEO employees assigned to the kitchen also clean pots, pans and

11  utensils.

12  **REQUEST FOR ADMISSION NO. 36:**  Please admit that if detainee-workers did not clean the

13  kitchen, and all the pots, pans and utensils used for making food, at the NWDC, GEO would have

14  non-detainee employees do this work or would hire a third-party contractor for it to be done.

15  **RESPONSE TO NO. 36:**  GEO objects to use of the term "non-detainee employees" as vague

16  and undefined, as it is unclear whether this term would include persons not currently employed

17  with GEO who would need to be hired.  Further, this term suggests that GEO has detainee

18  employees, which GEO denies.  Finally, GEO objects to the request as constituting an

19  unanswerable, incomplete hypothetical.  Subject to and without waiving GEO's above stated

20  objections, GEO answers as follows:  In order to admit or deny this request, GEO would need to

21  know more information about the reason detainees are not cleaning the kitchen and the pots, pans

22  and utensils.   For example, a failure to properly implement the VWP, which GEO is

23  contractually obligated to do, could potentially put GEO at risk of termination of the contract by

24  ICE.  In that event, GEO would not be responsible for providing any services at the NWDC.  In

25  addition, there are other factors that could impact the extent to which any work discussed in this

26  request for admission would need to be performed.  Because it is unclear under what factual bases

27  GEO might not offer a VWP and still be responsible for providing services at the NWDC, GEO is

28

1   unable to admit or deny this request for admission as drafted, because GEO lacks sufficient

2   knowledge to answer this incomplete hypothetical.

3   **REQUEST FOR ADMISSION NO. 37:**  Please admit that detainee-workers clean common areas

4   of the detainee living areas/pods at the NWDC – including tables, activity rooms, and floors.

5   **RESPONSE TO NO. 37:**  GEO objects to the extent this Request seeks an admission as to

6   detainees' housekeeping responsibilities, which are required by ICE under Section 5.8(V)(C) of

7   the 2011 PBNDS (Revised 2016), Section 33(V)(C) under the 2008 PBNDS, and Section III(C)

8   of Voluntary Work Program Chapter under the 2000 NDS, and are not relevant to the claims or

9   defenses in this case, which concerns the VWP.  Subject to and without waiving GEO's above

10  stated objections, GEO answers as follows:  Admit in part, deny in part.  Admitted in part as

11  VWP participants clean common areas of detainee living areas and pods.  Denied in part as VWP

12  participants do not clean detainee bunk areas.

13  **REQUEST FOR ADMISSION NO. 38:**  Please admit that if detainee-workers did not clean the

14  common areas of the detainee living areas/pods at the NWDC – including tables, activity rooms,

15  and floors, GEO would have non-detainee employees do this work or would hire a third-party

16  contractor for it to be done.

17  **RESPONSE TO NO. 38:**  GEO objects to use of the term "non-detainee employees" as vague

18  and undefined, as it is unclear whether this term would include persons not currently employed

19  with GEO who would need to be hired.  Further, this term suggests that GEO has detainee

20  employees, which GEO denies.  Finally, GEO objects to the request as constituting an

21  unanswerable, incomplete hypothetical.  Subject to and without waiving GEO's above stated

22  objections, GEO answers as follows:  In order to admit or deny this request, GEO would need to

23  know more information about the reason detainees are not cleaning the common areas of detainee

24  living areas/pods.  For example, a failure to properly implement the VWP, which GEO is

25  contractually obligated to do, could potentially put GEO at risk of termination of the contract by

26  ICE.  In that event, GEO would not be responsible for providing any services at the NWDC.  In

27  addition, there are other factors that could impact the extent to which any work discussed in this

28

1    request for admission would need to be performed.  Because it is unclear under what factual bases

2    GEO might not offer a VWP and still be responsible for providing services at the NWDC, GEO is

3    unable to admit or deny this request for admission as drafted, because GEO lacks sufficient

4    knowledge to answer this incomplete hypothetical.

5    **REQUEST FOR ADMISSION NO. 39:**  Please admit that detainee-workers clean the bathrooms,

6    showers and toilets of the detainee living areas/pods at the NWDC.

7    **RESPONSE TO NO. 39:**  Admit.

8    **REQUEST FOR ADMISSION NO. 40:**  Please admit that if detainee-workers did not clean the

9    bathrooms, showers and toilets of the detainee living areas/pods at the NWDC, GEO would have

10   non-detainee employees do this work or would hire a third-party contractor for it to be done.

11   **RESPONSE TO NO. 40:**  GEO objects to use of the term "non-detainee employees" as vague

12   and undefined, as it is unclear whether this term would include persons not currently employed

13   with GEO who would need to be hired.  Further, this term suggests that GEO has detainee

14   employees, which GEO denies.  Finally, GEO objects to the request as constituting an

15   unanswerable, incomplete hypothetical.  Subject to and without waiving GEO's above stated

16   objections, GEO answers as follows:  In order to admit or deny this request, GEO would need to

17   know more information about the reason detainees are not cleaning bathrooms, shows and toilets

18   of the detainee living areas/pods.  For example, a failure to properly implement the VWP, which

19   GEO is contractually obligated to do, could potentially put GEO at risk of termination of the

20   contract by ICE.  In that event, GEO would not be responsible for providing any services at the

21   NWDC.  In addition, there are other factors that could impact the extent to which any work

22   discussed in this request for admission would need to be performed.  Because it is unclear under

23   what factual bases GEO might not offer a VWP and still be responsible for providing services at

24   the NWDC, GEO is unable to admit or deny this request for admission as drafted, because GEO

25   lacks sufficient knowledge to answer this incomplete hypothetical.

26

27

28

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO STATE OF                    - 13 -
WASHINGTON'S SECOND REQUEST
FOR ADMISSIONS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

**REQUEST FOR ADMISSION NO. 41:**  Please admit that detainee-workers clean the secure, common areas of the NWDC – including hallways, visiting area, medical area, law library, and barbershop.

**RESPONSE TO NO. 41:**  Admit in part, deny in part.  Admitted in part as VWP participants clean the medical area, law library, barbershop, and hallways in the secure, common areas of the NWDC.  Denied to the extent the visitation area contains both secure and non-secure areas.

**REQUEST FOR ADMISSION NO. 42:**  Please admit that if detainee-workers did not clean the secure, common areas of the NWDC – including hallways, visiting area, medical area, law library, and barbershop, GEO would have non-detainee employees do this work or would hire a third-party contractor for it to be done.

**RESPONSE TO NO. 42:**  GEO objects to use of the term "non-detainee employees" as vague and undefined, as it is unclear whether this term would include persons not currently employed with GEO who would need to be hired.  Further, this term suggests that GEO has detainee employees, which GEO denies.  Finally, GEO objects to the request as constituting an unanswerable, incomplete hypothetical.  Subject to and without waiving GEO's above stated objections, GEO answers as follows:  In order to admit or deny this request, GEO would need to know more information about the reason detainees are not cleaning the secure common areas of NWDC.  For example, a failure to properly implement the VWP, which GEO is contractually obligated to do, could potentially put GEO at risk of termination of the contract by ICE.  In that event, GEO would not be responsible for providing any services at the NWDC.  In addition, there are other factors that could impact the extent to which any work discussed in this request for admission would need to be performed.  Because it is unclear under what factual bases GEO might not offer a VWP and still be responsible for providing services at the NWDC, GEO is unable to admit or deny this request for admission as drafted, because GEO lacks sufficient knowledge to answer this incomplete hypothetical.

**REQUEST FOR ADMISSION NO. 43:**  Please admit that detainee-workers clean the outside recreation area at the NWDC.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO STATE OF
WASHINGTON'S SECOND REQUEST
FOR ADMISSIONS

- 14 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

1   **RESPONSE TO NO. 43:**  Admit.

2   **REQUEST FOR ADMISSION NO. 44:**  Please admit that if detainee-workers did not clean the

3   outside recreation area at the NWDC, GEO would have non-detainee employees do this work or

4   would hire a third-party contractor for it to be done.

5   **RESPONSE TO NO. 44:**  GEO objects to use of the term "non-detainee employees" as vague

6   and undefined, as it is unclear whether this term would include persons not currently employed

7   with GEO who would need to be hired.  Further, this term suggests that GEO has detainee

8   employees, which GEO denies.  Finally, GEO objects to the request as constituting an

9   unanswerable, incomplete hypothetical.  Subject to and without waiving GEO's above stated

10  objections, GEO answers as follows:  In order to admit or deny this request, GEO would need to

11  know more information about the reason detainees are not cleaning the outside recreation area.

12  For example, a failure to properly implement the VWP, which GEO is contractually obligated to

13  do, could potentially put GEO at risk of termination of the contract by ICE.  In that event, GEO

14  would not be responsible for providing any services at the NWDC.  In addition, there are other

15  factors that could impact the extent to which any work discussed in this request for admission

16  would need to be performed.  Because it is unclear under what factual bases GEO might not offer

17  a VWP and still be responsible for providing services at the NWDC, GEO is unable to admit or

18  deny this request for admission as drafted, because GEO lacks sufficient knowledge to answer

19  this incomplete hypothetical.

20  **REQUEST FOR ADMISSION NO. 45:**  Please admit that GEO hires janitors to clean the non-

21  secure areas of the NWDC.

22  **RESPONSE TO NO. 45:**  Admit.

23  **REQUEST FOR ADMISSION NO. 46:**  Please admit that GEO pays the janitors that clean the

24  non-secure areas of the NWDC the wage rate required by its ICE-GEO contract and more than the

25  Washington Minimum Wage.

26  **RESPONSE TO NO. 46:**  Admit.

27

28  STATE OF WASHINGTON v. GEO GROUP                    NORTON ROSE FULBRIGHT US LLP
    ECF CASE NO. 3:17-cv-05806-RJB                              Andrea L. D'Ambra
    GEO GROUP'S RESPONSE TO STATE OF          - 15 -      1301 Avenue of the Americas
    WASHINGTON'S SECOND REQUEST                            New York, NY 10019
    FOR ADMISSIONS                                         Telephone: (212) 318-3000

**REQUEST FOR ADMISSION NO. 47:** Please admit that detainee-workers strip, wax, and buff the floors, including the "Grey Mile," of the NWDC.

**RESPONSE TO NO. 47:**  GEO objects to the extent this Request seeks an admission as to detainees' housekeeping responsibilities, which are required by ICE under Section 5.8(V)(C) of the 2011 PBNDS (Revised 2016), Section 33(V)(C) under the 2008 PBNDS, and Section III(C) of Voluntary Work Program Chapter under the 2000 NDS, and are not relevant to the claims or defenses in this case, which concerns the VWP.  GEO further objects to use of the term "floors" as vague, as it is unclear which floors the State is referring to at the NWDC.  Subject to and without waiving GEO's above stated objections, GEO answers as follows: Admit in part, deny in part.  Admitted in part as to the Grey Mile and secure floors located in common areas, denied in part to the extent detainees do not clean the floors of non-secure areas and to the extent detainees perform housekeeping responsibilities within their bunk area

**REQUEST FOR ADMISSION NO. 48:** Please admit that if detainee-workers did not strip, wax, and buff the floors, including the "Grey Mile," of the NWDC, GEO would have non-detainee employees do this work or would hire a third-party contractor for it to be done.

**RESPONSE TO NO. 48:**  GEO objects to use of the term "non-detainee employees" as vague and undefined, as it is unclear whether this term would include persons not currently employed with GEO who would need to be hired.  Further, this term suggests that GEO has detainee employees, which GEO denies.  Finally, GEO objects to the request as constituting an unanswerable, incomplete hypothetical.  Subject to and without waiving GEO's above stated objections, GEO answers as follows:  In order to admit or deny this request, GEO would need to know more information about the reason detainees are not stripping, waxing and buffing the floors.  For example, a failure to properly implement the VWP, which GEO is contractually obligated to do, could potentially put GEO at risk of termination of the contract by ICE.  In that event, GEO would not be responsible for providing any services at the NWDC.  In addition, there are other factors that could impact the extent to which any work discussed in this request for admission would need to be performed.  Because it is unclear under what factual bases GEO

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO STATE OF          - 16 -
WASHINGTON'S SECOND REQUEST
FOR ADMISSIONS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

1  might not offer a VWP and still be responsible for providing services at the NWDC, GEO is

2  unable to admit or deny this request for admission as drafted, because GEO lacks sufficient

3  knowledge to answer this incomplete hypothetical.

4  **REQUEST FOR ADMISSION NO. 49:** Please admit that detainee-workers paint the interior

5  walls of the NWDC.

6  **RESPONSE TO NO. 49:**  Admit in part, deny in part.  Admitted as VWP participants spot paint

7  interior walls located in secure areas of the NWDC, including walls located in the Grey Mile.

8  Denied as VWP participants do not paint walls located in non-secure areas of the NWDC.

9  **REQUEST FOR ADMISSION NO. 50:** Please admit that if detainee-workers did not paint the

10  interior walls of the NWDC, GEO would have non-detainee employees to do this work or would

11  hire a third-party contractor for it to be done.

12  **RESPONSE TO NO. 50:**  GEO objects to use of the term "non-detainee employees" as vague

13  and undefined, as it is unclear whether this term would include persons not currently employed

14  with GEO who would need to be hired.  Further, this term suggests that GEO has detainee

15  employees, which GEO denies.  Finally, GEO objects to the request as constituting an

16  unanswerable, incomplete hypothetical.  Subject to and without waiving GEO's above stated

17  objections, GEO answers as follows:  In order to admit or deny this request, GEO would need to

18  know more information about the reason detainees are not painting the interior walls of NWDC.

19  For example, a failure to properly implement the VWP, which GEO is contractually obligated to

20  do, could potentially put GEO at risk of termination of the contract by ICE.  In that event, GEO

21  would not be responsible for providing any services at the NWDC.  In addition, there are other

22  factors that could impact the extent to which any work discussed in this request for admission

23  would need to be performed.  Because it is unclear under what factual bases GEO might not offer

24  a VWP and still be responsible for providing services at the NWDC, GEO is unable to admit or

25  deny this request for admission as drafted, because GEO lacks sufficient knowledge to answer

26  this incomplete hypothetical.

27

28

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO STATE OF                     - 17 -
WASHINGTON'S SECOND REQUEST
FOR ADMISSIONS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

1   **REQUEST FOR ADMISSION NO. 51:**  Please admit that detainee-workers cut, style, and shave

2   detainees' hair in the barbershop at the NWDC.

3   **RESPONSE TO NO. 51:**  GEO objects to use of the term "shave" as vague and undefined.

4   Detainees in the barbershop only have access to electric sheers.  Subject to and without waiving

5   GEO's above stated objections, GEO answers as follows:  Admit in part, deny in part.  Admitted

6   in part as to cutting and styling.  Denied in part to the extent this Request defines "shave" as

7   anything other than the use of electric sheers.

8   **REQUEST FOR ADMISSION NO. 52:**  Please admit that if detainee-workers did not cut, style,

9   and shave detainees' hair in the barbershop at the NWDC, GEO would have non-detainee

10  employees do this work or would hire a third-party contractor for it to be done.

11  **RESPONSE TO NO. 52:**  GEO objects to use of the term "non-detainee employees" as vague

12  and undefined, as it is unclear whether this term would include persons not currently employed

13  with GEO who would need to be hired.  Further, this term suggests that GEO has detainee

14  employees, which GEO denies.  Finally, GEO objects to the request as constituting an

15  unanswerable, incomplete hypothetical.  Subject to and without waiving GEO's above stated

16  objections, GEO answers as follows:  In order to admit or deny this request, GEO would need to

17  know more information about the reason detainees are not cutting, styling, and shaving detainees'

18  hair.  For example, a failure to properly implement the VWP, which GEO is contractually

19  obligated to do, could potentially put GEO at risk of termination of the contract by ICE.  In that

20  event, GEO would not be responsible for providing any services at the NWDC.  In addition, there

21  are other factors that could impact the extent to which any work discussed in this request for

22  admission would need to be performed.  Because it is unclear under what factual bases GEO

23  might not offer a VWP and still be responsible for providing services at the NWDC, GEO is

24  unable to admit or deny this request for admission as drafted, because GEO lacks sufficient

25  knowledge to answer this incomplete hypothetical.

26

27

28

1  **REQUEST FOR ADMISSION NO. 53:**  Please admit that detainee-workers work an average of

2  1.72 hours per day in the VWP at the NWDC, as set forth in the testimony and Exhibit 20 (attached)

3  of GEO's 30(b)(6) deposition in the Person of Ryan Kimble.

4  **RESPONSE TO NO. 53:**  GEO objects as this Request seeks an admission on a topic that has

5  already been provided in the State's 30(6)(b) deposition of GEO's corporate deponent Ryan

6  Kimble and therefore any response to this Request would be duplicative of Mr. Kimble's

7  testimony.

8  **REQUEST FOR ADMISSION NO. 54:**  Please admit that the calculation and reporting of

9  NWDC monthly and annual worker pay/Voluntary Work Program expenditures are accurate as

10  reported in Exhibit 21 (attached) of GEO's 30(b)(6) deposition in the Person of Ryan Kimble.

11  **RESPONSE TO NO. 54:**  GEO objects to this Request as not relevant to the claims or defenses

12  in this case, as Exhibit 21 is related to GEO's claim for offset, which has since been withdrawn.

13  **REQUEST FOR ADMISSION NO. 55:**  Please admit that the calculation and reporting of

14  NWDC monthly and annual worker pay/Voluntary Work Program expenditures are accurate for

15  those months and years that are reported on Exhibit 22 (attached) of GEO's 30(b)(6) deposition in

16  the Person of Ryan Kimble.

17  **RESPONSE TO NO. 55:**  GEO objects to this Request as not relevant to the claims or defenses

18  in this case, as Exhibit 22 is related to GEO's claim for offset, which has since been withdrawn.

19  **REQUEST FOR ADMISSION NO. 56:**  Please admit that GEO has paid more than $1/day to

20  detainee-workers for work performed in the VWP at the NWDC.

21  **RESPONSE TO NO. 56:**  Admit.

22  **REQUEST FOR ADMISSION NO. 57:**  Please admit that GEO has paid more than $1/day to

23  detainee-workers who performed more than one shift in the VWP at the NWDC.

24  **RESPONSE TO NO. 57:**  GEO objects to the term "shift" as vague and undefined, and

25  specifically to the extent it is meant to imply an employment or quasi-employment relationship.

26  Subject to and without waiving GEO's above stated objections, GEO answers as follows:

27  Admitted in part, deny in part.  Admitted as to detainees that have participated in a VWP detail

28
STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO STATE OF                   - 19 -
WASHINGTON'S SECOND REQUEST
FOR ADMISSIONS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

and another detail in one day.  Denied in part to the extent this Request more broadly defines the term "shift."

**REQUEST FOR ADMISSION NO. 58:**  Please admit that GEO has paid more than $1/day to detainee-workers who performed more than one VWP job in a day, including a barber shop shift, in the VWP at the NWDC.

**RESPONSE TO NO. 58:**  GEO objects to the term "shift" as vague and undefined, and specifically to the extent it is meant to imply an employment or quasi-employment relationship. Subject to and without waiving GEO's above stated objections, GEO answers as follows: Admitted in part, deny in part.  Admitted as to detainees that have participated in a barber detail and another detail in one day.  Denied in part to the extent this Request more broadly defines the term "shift."

**REQUEST FOR ADMISSION NO. 59:**   Please admit that GEO has paid more than $1/day to detainee-workers who performed more than one kitchen shift in the VWP at the NWDC.

**RESPONSE TO NO. 59:**  GEO objects to the term "shift" as vague and undefined, and specifically to the extent it is meant to imply  an employment or quasi-employment relationship. Subject to and without waiving GEO's above stated objections, GEO answers as follows: Admitted in part, deny in part.  Admitted as to detainees that have participated in more than one kitchen detail.  Denied in part to the extent this Request more broadly defines the term "shift."

**REQUEST FOR ADMISSION NO. 60:**  Please admit that GEO has paid $5/day to detainee-workers for work performed in the VWP at the NWDC.

**RESPONSE TO NO. 60:**  Admit.

**REQUEST FOR ADMISSION NO. 61:**  Please admit that ICE has never reimbursed GEO more than $1/day for work performed by a detainee at the NWDC.

**RESPONSE TO NO. 61:**  Deny.  Denied as ICE has approved reimbursements of more than $1/day for VWP participation in circumstances where detainees have performed multiple details in one day.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO STATE OF
WASHINGTON'S SECOND REQUEST
FOR ADMISSIONS

- 20 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

1  **REQUEST FOR ADMISSION NO. 62:** Please admit GEO has not submitted a Request for

2  Equitable Adjustment (REA) to increase the amount of reimbursement GEO receives from ICE for

3  payments GEO provides detainee-workers at NWDC in excess of $1/day.

4  **RESPONSE TO NO. 62:**  Admit.

5  **REQUEST FOR ADMISSION NO. 63:** Please admit GEO has requested permission from ICE

6  to pay detainee-workers in the VWP at NWDC more than $1/day.

7  **RESPONSE TO NO. 63:**  Admit in part, deny in part.  Admitted in part, as in select

8  circumstances GEO has made such a request so that detainees could be paid for more than one

9  detail in one day.  Denied in part, as GEO has not made such a request so that detainees could be

10  paid more than $1/day as a general standard.

11  **REQUEST FOR ADMISSION NO. 64:** Please admit GEO has received permission from ICE to

12  pay detainee-workers in the VWP at NWDC more than $1/day.

13  **RESPONSE TO NO. 64:**  Admit in part, deny in part.  Admitted as in select circumstances ICE

14  has provided such permission.  Denied in part as GEO has not received permission from ICE to

15  pay VWP participants at the NWDC more than $1/day as a general standard.

16  **REQUEST FOR ADMISSION NO. 65:** Please admit GEO has not requested ICE permission to

17  pay detainee-workers who participate in the VWP at the NWDC the Washington minimum wage.

18  **RESPONSE TO NO. 65:**  Admit.

19  **REQUEST FOR ADMISSION NO. 66:** Please admit GEO has not submitted a Request for

20  Equitable Adjustment (REA) to increase the amount of reimbursement it receives from ICE for

21  payment of the Washington minimum wage to detainee-workers who participate in the VWP at the

22  NWDC.

23  **RESPONSE TO NO. 66:**  Admit.

24  **REQUEST FOR ADMISSION NO. 67:**  Please admit that GEO has the option to pay more than

25  $1/day to detainee-workers for work performed in the VWP at the NWDC.

26  **RESPONSE TO NO. 67:**  Admit.

27

1  **REQUEST FOR ADMISSION NO. 68:**  Please admit that GEO has had the option to pay more

2  than $1/day to detainee-workers for work performed in the VWP at the NWDC since 2005.

3  **RESPONSE TO NO. 68:**  Admit in part, deny in part.  Denied as to prior to June 23, 2013, when

4  GEO was prohibited, absent ICE approval, from paying more than $1/day to detainee workers.

5  Admitted after June 23, 2013.

6  **REQUEST FOR ADMISSION NO. 69:**  Please admit that GEO has had the option to pay more

7  than $1/day to detainee-workers for work performed in the VWP at the NWDC after the effective

8  date of ICE's 2011 Performance-Based National Detention Standards ("PBNDS").

9  **RESPONSE TO NO. 69:**  Admit in part, deny in part.  Denied as to prior to June 23, 2013, when

10  GEO was prohibited, absent ICE approval, from paying more than $1/day to detainee workers.

11  Admitted after June 23, 2013.

12  **REQUEST FOR ADMISSION NO. 70:**  Please admit that GEO has known it could pay more

13  than $1 per day to detainee-workers for work performed in the VWP at the NWDC since April 12,

14  2012. (GEO-State 003477).

15  **RESPONSE TO NO. 70:**  Deny.  Denied as GEO did not have the option to pay more than $1

16  per day to VWP participants without ICE approval until June 23, 2013.  The document cited does

17  not constitute an admission from GEO.

18  **REQUEST FOR ADMISSION NO. 71:**  Please admit that GEO provided some detainee-workers

19  food for work performed at the NWDC.

20  **RESPONSE TO NO. 71:**  GEO objects to this request to the extent it implies that food was

21  provided in lieu of a $1/day payment.  Admit in part, deny in part.  Denied as GEO has never

22  provided food to VWP participants in lieu of monetary compensation.  Admitted as VWP

23  participants may receive food as an amenity associated with a VWP detail and in addition to a

24  $1/day payment.

25  **REQUEST FOR ADMISSION NO. 72:**  Please admit that GEO provided some detainee-workers

26  food for work performed at the NWDC, in addition to paying $1/day.

27  **RESPONSE TO NO. 72:**  Admit.

28
STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO STATE OF          - 22 -
WASHINGTON'S SECOND REQUEST
FOR ADMISSIONS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

1   **REQUEST FOR ADMISSION NO. 73:**  Please admit that GEO provided some detainee-workers

2   food for work performed at the NWDC, instead of paying $1/day.

3   **RESPONSE TO NO. 73:**  Deny.  Denied as GEO does not provide food to VWP participants in

4   lieu of monetary compensation.

5   **REQUEST FOR ADMISSION NO. 74:**  Please admit that Washington has never informed GEO

6   that Washington lacked authority to enforce Washington's minimum wage laws with regard to

7   detainee work at the NWDC.

8   **RESPONSE TO NO. 74:**  Admit.

9   **REQUEST FOR ADMISSION NO. 75:**  Please admit that Washington has never informed GEO

10  that Washington's minimum wage laws do not apply to detainee work at the NWDC.

11  **RESPONSE TO NO. 75:**  Admit.

12  **REQUEST FOR ADMISSION NO. 76:**  Please admit that prior to the filing of this lawsuit GEO

13  did not ask Washington, or any of its departments or agencies, whether Washington has jurisdiction

14  to enforce Washington's minimum wage laws with regard to detainee work at the NWDC.

15  **RESPONSE TO NO. 76:**  Admit.

16  **REQUEST FOR ADMISSION NO. 77:**  Please admit that prior to the filing of this lawsuit GEO

17  has never received a determination from Washington, or any of its departments or agencies, about

18  whether Washington has jurisdiction to enforce Washington's  minimum wage laws with regard to

19  detainee work at the NWDC.

20  **RESPONSE TO NO. 77:**  Admit.

21  **REQUEST FOR ADMISSION NO. 78:**  Please admit that prior to the filing of this lawsuit, GEO

22  did not rely on any determination, assessment or ratification from Washington, or any of its

23  departments or agencies, regarding enforcement of Washington's minimum wage laws with regard

24  to detainee work at NWDC.

25  **RESPONSE TO NO. 78:**  Deny.  Denied as GEO has relied on inspections of the NWDC

26  worksite conducted by the Washington Department of Labor and Industries.  L&I has never found

27  GEO in violation of Washington's minimum wage laws regarding detainee participation in the

28  STATE OF WASHINGTON v. GEO GROUP                    NORTON ROSE FULBRIGHT US LLP
    ECF CASE NO. 3:17-cv-05806-RJB                                Andrea L. D'Ambra
    GEO GROUP'S RESPONSE TO STATE OF          - 23 -    1301 Avenue of the Americas
    WASHINGTON'S SECOND REQUEST                              New York, NY 10019
    FOR ADMISSIONS                                      Telephone: (212) 318-3000

1    VWP despite numerous on-site visits.  GEO has further relied on Washington's lack of

2    enforcement despite long-standing knowledge of the VWP.

3    **REQUEST FOR ADMISSION NO. 79:**    Please admit that the NWDC does not detain "any

4    resident, inmate, or patient of a state, county, or municipal correctional, detention, treatment or

5    rehabilitative institution," as defined in RCW 49.46.010(3)(k).

6    **RESPONSE TO NO. 79:**  Admit.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: December 20, 2018

**NORTON ROSE FULBRIGHT US LLP**
/s/ *Andrea L. D'Ambra*_____
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000
Facsimile: (212) 318-3400
andrea.dambra@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
Charles A. Deacon
300 Convent St.
San Antonio, Texas 78205
Telephone: (210) 270-7133
Facsimile: (210) 270-7205
charlie.deacon@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th Street NW, Suite 1000
Washington, DC 20001-4501
Telephone: (202) 662-0210
Facsimile: (202) 662-4643
mark.emery@nortonrosefulbright.com

**LITTLER MENDELSON P.C.**
Douglas E. Smith
One Union Square
600 University Street
Suite 3200
Seattle, WA 98101
Telephone: (206) 623-3300
Facsimile:  (206) 447-6965
desmith@littler.com

**GREENBERG TRAURIG, LLC**
Scott A. Schipma
2101 L Street NW, STE 100
Washington, DC 20037
(202)-313-3141
schipmas@gtlaw.com

**ATTORNEYS FOR DEFENDANT
THE GEO GROUP, INC.**

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO STATE OF
WASHINGTON'S SECOND REQUEST
FOR ADMISSIONS

- 25 -

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

1

**CERTIFICATE OF SERVICE**

2    I, Susana Medeiros, certify that on December 20, 2018, I caused to be served a true and

3 correct copy of the above GEO Group's Response to the State of Washington's Second Set of

4 Requests for Admissions, via Electronic Mail as follows:

5
Office of the Attorney General
6 Bob Ferguson
La Rond Baker, WSBA No. 43610
7 Andrea Brenneke, WSBA No. 22027
Marsha Chien, WSBA No. 47020
8 800 Fifth Avenue, Suite 2000
Seattle, WA 98104
9 LaRondB@atg.wa.gov
Andreab3@atg.wa.gov
10 MarshaC@atg.wa.gov

11    I certify under penalty of perjury under the State of Washington that the above information

12 is true and correct.

13    Dated this 20th day of December 2018, at New York, NY

14

15

16                                */s/ Susana Medeiros*
Susana Medeiros
17

18

19

20

21

22

23

24

25

26

27

28
STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
GEO GROUP'S RESPONSE TO STATE OF          - 26 -
WASHINGTON'S SECOND REQUEST
FOR ADMISSIONS

NORTON ROSE FULBRIGHT US LLP
Andrea L. D'Ambra
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000