**BAKER DECLARATION**

**EXHIBIT C**

The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | NO. 17-cv-05806-RJB<br><br>**DEFENDANT THE GEO GROUP, INC.'S RESPONSES TO PLAINTIFF STATE OF WASHINGTON'S INTERROGATORIES** |

**THE GEO GROUP, INC'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and the Local Rules of the U.S. District Court for the Western District of Washington (the "Local Rules"), Defendant The GEO Group, Inc. ("GEO") hereby responds and objects to Plaintiff's First Interrogatories.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

GEO objects to Plaintiff's definition of "document" in paragraph 3.5 as inapplicable and irrelevant to Plaintiff's First Interrogatories. To the extent GEO relies upon documents to support its responses to interrogatories, GEO will define any documents, to the extent that they exist, in accordance with its responses to Plaintiff's First Requests for Production. GEO defines "document" according to its definition in Fed. R. Civ. P. 34(a)(1)(A). GEO further objects to

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
PLAINTIFF STATE OF WASHINGTON'S
INTERROGATORIES

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Plaintiff's definition of "document" to include "messages and/or attachments now only available on backup or archive tapes or disks" as not reasonably accessible, unduly burdensome, and outside of the scope of discovery.  GEO further objects to Plaintiff's definition of "document" referring to or invoking Washington State Rules of Evidence to the extent that the Washington State Rules of Evidence purport to impose obligations on GEO beyond the requirements of the Federal Rules of Evidence.  GEO therefore objects to Plaintiff's definition of "writings" and "records" to the extent it cites to the Washington State Rules of Evidence ("ER 1001(a)") and not the applicable Federal Rules of Evidence.  GEO will comply with any discovery obligations as they exist in the Federal Rules of Evidence.

GEO objects to Plaintiff's definition of "<u>ICE</u>" (Immigrations and Customs Enforcement) in paragraph 3.6 as overly broad.  GEO defines ICE only to include the agency of the United States Department of Homeland Security, ICE employees, and any other persons or entities acting on behalf of or under the direction, authorization, or control of ICE.

GEO objects to Plaintiff's definitions of "<u>Identify</u>" included in paragraphs 3.7 through 3.10 as unduly burdensome because the level of detail requested may not be possible to provide where there is not documentary information upon which to rely or is not attainable following a reasonable inquiry.  Subject to and without waiving GEO's objections, GEO will make a reasonable effort to identify natural persons, entities, documents, or conversations in its responses to Plaintiff's First Interrogatories.

GEO objects to Plaintiff's definition of "<u>state the basis</u>" in paragraph 3.15 as unduly burdensome as it requires a level of detail and perfection not required under the Federal Rules of Civil Procedure.  GEO will make a reasonable inquiry and provide information reasonably available to it to answer Plaintiff's First Interrogatories in accordance with Fed. R. Civ. P. 33(b) where requested.

GEO objects to Plaintiff's definition of "<u>You</u>," "<u>Your</u>," and "<u>GEO Group</u>" in paragraph 3.16 as outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) to the extent that the request seeks information relating to persons or entities that are separate and distinct from GEO

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
PLAINTIFF STATE OF WASHINGTON'S
INTERROGATORIES

- 2 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1  and over whom GEO exercises no control. GEO further objects to these definitions to the extent
2  that the request includes GEO attorneys and, therefore, improperly seeks information protected by
3  the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any
4  other applicable privileges or immunities. In responding to these requests, GEO interprets the
5  terms "You," "Your," and "GEO Group" to refer only to the named party in this action and any
6  entities GEO has the legal right to control.

7  GEO objects to Instruction 4.1 to the extent that Plaintiff seeks information outside of the
8  possession, custody, or control of the named party in this action and any entities GEO has the
9  legal right to control.

10  GEO objects to Instruction 4.3 as inapplicable and irrelevant to Plaintiff's First
11  Interrogatories to the extent that Plaintiff seeks production of documents. GEO will produce any
12  documents, to the extent that they exist, in accordance with its responses to Plaintiff's First
13  Requests for Production. GEO will respond to Plaintiff's First Interrogatories in accordance with
14  Fed. R. Civ. P. 33(b).

15  GEO objects to Instruction 4.4 to the extent that it seeks to impose discovery obligations
16  on GEO, pursuant to Washington State Rules of Civil Procedure ("CR 26(e)"), beyond the
17  requirements of the Federal Rules of Civil Procedure. GEO will supplement any responses to
18  Plaintiff's First Interrogatories, should they be necessary, in accordance with Fed. R. Civ. P.
19  26(e).

20  GEO objects to Instruction 4.8, which instructs GEO to produce "all earlier editions or
21  predecessor documents," as inapplicable and irrelevant to Plaintiff's First Interrogatories to the
22  extent that Plaintiff seeks production of documents. GEO will produce documents, to the extent
23  that they exist, in accordance with its responses to Plaintiff's First Requests for Production.

24  GEO objects to Instruction 4.9(a)-(c) as inapplicable and irrelevant to Plaintiff's First
25  Interrogatories to the extent that Plaintiff seeks production of documents. GEO will produce any
26  documents, to the extent that they exist, in accordance with its responses to Plaintiff's First
27  Requests for Production. GEO also objects to Instruction 4.9(d) on the grounds that it is unduly

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
PLAINTIFF STATE OF WASHINGTON'S
INTERROGATORIES

- 3 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

burdensome as it requires defining any abbreviation used in any document upon which GEO relies to answer Plaintiff's First Interrogatories. Subject to and without waiving GEO's objections, should GEO use any abbreviations in its written responses to Plaintiff's First Interrogatories, GEO will define the abbreviations.

GEO objects to Instruction 4.10 as inapplicable and irrelevant to Plaintiff's First Interrogatories to the extent that Plaintiff seeks, and describes the procedure for production of, documents. GEO will produce any documents, to the extent that they exist, in accordance with its responses to Plaintiff's First Requests for Production.

GEO objects to Instruction 4.11 as inapplicable and irrelevant to Plaintiff's First Interrogatories to the extent that Plaintiff seeks, and describes the procedure for production of, documents. GEO will produce any documents, to the extent that they exist, in accordance with its responses to Plaintiff's First Requests for Production.

GEO objects to Instruction 4.12 as inapplicable and irrelevant to Plaintiff's First Interrogatories to the extent that Plaintiff seeks, and describes the procedure for preservation and production of, documents. GEO will take reasonable steps to preserve documents, to the extent that they exist, in accordance with its responses to Plaintiff's First Requests for Production.

GEO objects to Instruction 4.13 as inapplicable and irrelevant to Plaintiff's First Interrogatories to the extent that Plaintiff seeks, and describes the procedure for production of, documents. GEO will produce any documents, to the extent that they exist, in accordance with its responses to Plaintiff's First Requests for Production.

GEO objects to Instruction 4.14 on the grounds that it is unduly burdensome and expands GEO's obligations beyond those required by the Federal Rules of Civil Procedure. GEO will respond to Plaintiff's First Interrogatories in accordance with Fed. R. Civ. P. 33(b).

GEO objects to Instruction 4.15 as inapplicable and irrelevant to Plaintiff's First Interrogatories to the extent that Plaintiff seeks, and describes the procedure for production of, documents. GEO will produce any documents, to the extent that they exist, in accordance with its responses to Plaintiff's First Requests for Production.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
PLAINTIFF STATE OF WASHINGTON'S
INTERROGATORIES

- 4 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

# RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each task a detainee-worker can perform in the Voluntary Work Program at the Northwest Detention Center.

**RESPONSE TO NO. 1:** Subject to and without waiving GEO's definition and instructions objections, GEO answers as follows:

A person in detention who wants to be in the voluntary work program may identify things he or she enjoys doing. Where it would be safe for the person to do those things without violating any regulatory requirements the person may do them. For instance, there are a number of murals painted on the walls because some detainees asked and were approved to paint them. Another person wants to be out of his housing unit moving around so he is authorized to be out of his housing unit in the hallways with a dust mop that he pushes up and down the hallways whether the floor is dusty or not. More formally, ICE sets and approves voluntary work program standards, NWDC No. 5.1.2, in conformance with American Correctional Association 4-ALDF-5C-06 ("ACA") requirements and Performance Based National Detention Standards 5.8 ("PBNDS") requirements at the NWDC that include six areas where detainees may participate in tasks; however the sixth category involving outside work detail does not exist at the NWDC. All activities occur in the secure areas: 1) kitchen; 2) Recreation/Library/Barber; 3) Living area; 4) Evening facility janitorial; 5) laundry. The routine tasks include preparing and serving meals then doing the dishes and putting them away; organizing tournament games, cutting hair, shaving; picking up the trash and cleaning the showers and toilets; mopping and buffing the floors; and washing and folding clothes.

**INTERROGATORY NO. 2:** State and describe the process by which detainee-workers are assigned tasks in the Voluntary Work Program at the Northwest Detention Center.

**RESPONSE TO NO. 2:** Subject to and without waiving GEO's definition and instructions objections, GEO answers as follows:

Any person in detention who wants to participate in the Voluntary Work Program submits

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
PLAINTIFF STATE OF WASHINGTON'S
INTERROGATORIES

- 5 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

a form asking to participate.  Staff in the classification unit review the security risks presented by the request.  Then staff notify the requestor when there is space for the person to start participating in the tasks the requestor selected.

**INTERROGATORY NO. 3:** **State and describe Your policies and practices with regard to the Voluntary Work Program.**

**RESPONSE TO NO. 3:** Subject to and without waiving GEO's definition and instructions objections, GEO answers as follows:

GEO has policy No. 5.1.2 that applies to the NWDC, which ICE approves.  In practice, the staff and detainees carry out daily activities to make sure the secure side of the facility is picked up and clean, people are well fed, well groomed, and physically active.

Pursuant to Fed. R. Civ. P. 33(d), GEO will produce documents that state and describe GEO's policies and practice with regard to the Voluntary Work Program at NWDC.  Many of the documents are already in the record having been provided with initial disclosures and further referenced in early motions.  Documents that are referenced in, support, or form the basis for GEO's response to this Interrogatory are forthcoming and will be produced in response to Plaintiff's Request for Production No. 3.  Following production, GEO will provide Bates number references for the documents produced in response to this Interrogatory.

**INTERROGATORY NO. 4:** **Please identify the procedure by which GEO can request a modification to the contract that governs GEO's provision of detention services to Immigration and Customs Enforcement for increased costs, including increases to the rate ICE reimburses GEO for detainee-workers['] wages.**

**RESPONSE TO NO. 4:** Subject to and without waiving GEO's definition and instructions objections, GEO answers as follows:

If GEO wanted to increase the Voluntary Work Program allowance, GEO would have to notify ICE and ICE would have to approve the increase likely with Congressional approval.  If the increase were approved by the federal government, ICE's contracting officer would coordinate with GEO's contracting officer to modify the paperwork accordingly.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
PLAINTIFF STATE OF WASHINGTON'S
INTERROGATORIES

- 6 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

**INTERROGATORY NO. 5:** **Explain how Your policies and practices governing the Voluntary Work Program are/were developed, implemented, and disseminated, including any training provided regarding the policies and practices.**

**RESPONSE TO NO. 5:** Subject to and without waiving GEO's definition and instructions objections, GEO answers as follows: GEO employees wrote Policy Number 5.1.2 using the PBNDS and ACA standards as a template. The policy was then submitted to ICE for its final adoption and approval. This policy is available to staff at the facility in the staff lounge and online and is explained during employee orientation. Detainees can access PBNDS standard 5.8 in the library and they have their detainee handbook that describes the Voluntary Work Program. Documents that are referenced in, support, or form the basis for GEO's response to this Interrogatory are forthcoming and will be produced in response to Plaintiff's Request for Production No. 5.

**INTERROGATORY NO. 6:** **If Your policies and practices with regard to the Voluntary Work Program have changed at any point during the relevant time period, describe each such change with particularity.**

**RESPONSE TO NO. 6:** Subject to and without waiving GEO's definition and instructions objections, GEO answers as follows: Staff last amended Policy No. 5.1.2 effective April of 2015, making changes that can be seen in bold that came from the PBNDS 2011 standards. In practice the policy changes did not change the way the staff or detainees interacted in the Voluntary Work Program. Documents that are referenced in, support, or form the basis for GEO's response to this Interrogatory are forthcoming and will be produced in response to Plaintiff's Request for Production No. 6. Following production, GEO will provide Bates number references for the documents produced in response to this Interrogatory.

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
PLAINTIFF STATE OF WASHINGTON'S
INTERROGATORIES

- 7 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

| | | |
|---|---|---|
| 1 | Dated: February 5, 2018 | **III BRANCHES LAW PLLC** |
| 2 | | |
| 3 | | |
| 4 | | By _[signature]_____ |
| | | Joan K. Mell, WSBA #21319 |
| 5 | | 1019 Regents Blvd. Ste. 204 |
| | | Fircrest, WA 98466 |
| 6 | | 253-566-2510 (P) |
| | | 281-664-4643 (F) |
| 7 | | joan@3brancheslaw.com |
| 8 | | **NORTON ROSE FULBRIGHT US LLP** |
| 9 | | Charles A. Deacon |
| | | 300 Convent St. |
| 10 | | San Antonio, Texas 78205 |
| | | Telephone: (210) 270-7133 |
| 11 | | Facsimile: (210) 270-7205 |
| | | charlie.deacon@nortonrosefulbright.com |
| 12 | | |
| 13 | | **NORTON ROSE FULBRIGHT US LLP** |
| 14 | | Mark Emery |
| | | 799 9th Street NW, Suite 1000 |
| 15 | | Washington, DC 20001-4501 |
| | | Telephone: (202) 662-0210 |
| 16 | | Facsimile: (202) 662-4643 |
| | | mark.emery@nortonrosefulbright.com |
| 17 | | |
| 18 | | **ATTORNEYS FOR DEFENDANT THE GEO GROUP, INC.** |

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
PLAINTIFF STATE OF WASHINGTON'S
INTERROGATORIES

- 8 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE GEO GROUP, INC.,<br><br>　　　　Defendant. | NO. 17-cv-05806-RJB<br><br>**DEFENDANT THE GEO GROUP, INC.'S RESPONSES TO PLAINTIFF STATE OF WASHINGTON'S INTERROGATORIES** |

### **VERIFICATION**

My name is James Black. I am capable of making this verification. I have reviewed these objections and answers to Plaintiff's interrogatories, and based on my personal knowledge and information obtained from other persons, the facts stated herein are true and correct to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Affiant

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
PLAINTIFF STATE OF WASHINGTON'S
INTERROGATORIES

- 9 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

# CERTIFICATE OF SERVICE

I, Joseph Fonseca, hereby certify as follows:

I am over the age of 18, a resident of Pierce County, and not a party to the above action. On February 5, 2018, I electronically served the above GEO's Response to Plaintiff's First Interrogatories via Email to the following:

Office of the Attorney General
La Rond Baker, WSBA No. 43610
Marsha Chien, WSBA No. 47020
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
LaRondB@atg.wa.gov
MarshaC@atg.wa.gov

Norton Rose Fulbright US LLP
Charles A. Deacon (Pro Hac Vice)
300 Convent St.
San Antonio, TX 78205
(210)-270-7133
charlie.deacon@nortonrosefulbright.com

Norton Rose Fulbright US LLP
Mark Emery (Pro Hac Vice)
799 9th St. NW, Suite 1000
Washington, DC 20001-4501
(202)-662-0210
mark.emery@nortonrosefulbright.com

I certify under penalty of perjury under the laws of the State of Washington that the above information is true and correct.

DATED this 5th day of February, 2018 at Fircrest, Washington

_____
Joseph A. Fonseca, Paralegal

STATE OF WASHINGTON v. GEO GROUP
ECF CASE NO. 3:17-cv-05806-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
PLAINTIFF STATE OF WASHINGTON'S
INTERROGATORIES

- 10 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com