The Honorable Robert J. Bryan

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | Case No. 3:17-cv-05806-RJB<br><br>**DEFENDANT'S MOTION FOR LIMITED PROTECTIVE ORDER REGARDING DEPOSITION OF RYAN KIMBLE**<br><br>**NOTE ON MOTION CALENDAR: MAY 10, 2019** |

**INTRODUCTION AND RELIEF REQUESTED**

The GEO Group, Inc. ("GEO") respectfully asks this Court to enter an order preventing the State of Washington ("State") from seeking testimony from Ryan Kimble, GEO's Associate Warden for Finance and Administration at the Northwest Detention Center ("NWDC"), about GEO's financial information that is the subject of GEO's pending mandamus action in the Ninth Circuit Court of Appeals. GEO seeks narrow relief here: GEO agrees that Kimble can be deposed on May 22, 2019, and that the State may leave the deposition open for further testimony if the Ninth Circuit denies GEO's petition. GEO, however, objects to the State asking Kimble about the financial information that GEO is seeking to protect from disclosure in its mandamus action. Accordingly, GEO seeks a protective order under Fed. R. Civ. P. 26(c) barring the State from questioning Kimble about GEO's profits, losses, budgets, and other highly confidential financial information that is currently under review in the Ninth Circuit.

///

DEFENDANT'S MOTION FOR LIMITED
PROTECTIVE ORDER REGARDING DEPOSITION
OF RYAN KIMBLE (3:17-CV-05806-RJB)- PAGE 1

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

**COMPLIANCE WITH CONFERRAL REQUIREMENT**

Counsel for GEO conferred with the State by telephone and by letter on April 15, April 18, April 19, April 22, and April 24 in a good faith effort to resolve this dispute, but could not reach agreement. As a result, GEO files the present motion to protect the disclosure of confidential information in advance of Kimble's deposition, which is currently scheduled to occur on May 22, 2019.

**BACKGROUND**

**I.  GEO filed its mandamus petition to avoid the substantial harm that would result from the disclosure of its confidential financial information.**

As part of its unjust enrichment claim, the State moved to compel GEO to produce its financial information based on two theories of damages: "(1) the difference between 'fair wages' and what GEO actually paid detainee workers; and (2) the profit derived as a result of its unfair labor practices." (Dkt. # 126 at p. 1-2.) The State argued that it is "entitled to discover and evaluate the full value of the benefit received and retained by GEO, including company-wide profits, resulting from its practice of failing to pay adequate compensation to detainees at the NWDC." (*Id.* at p. 15.) GEO objected to discovery of its profit and other financial information on the grounds that the information is confidential, irrelevant, and prejudicial to GEO. (*See id.* at pp. 17-25.)

The Court partly denied the State's motion, finding that "[g]enerally speaking, the State's discovery requests are overbroad, complex, and ask for documents that may not be in existence and are not proportional to the needs of the case." (Order, Dkt. # 133 at p. 8.) The Court also found that "[t]he burden and expense of responding to the discovery requests probably outweighs their likely benefit." (*Id.* at pp. 8-9.) As such, the Court struck portions of the State's requests and modified others to shape an order compelling disclosure of various sensitive GEO financial documents, including:

- GEO's profits or losses for the NWDC from 2005 to the present;
- GEO's financial statements, Profit and Loss statements, and budget, if any, for the

DEFENDANT'S MOTION FOR LIMITED
PROTECTIVE ORDER REGARDING DEPOSITION
OF RYAN KIMBLE (3:17-CV-05806-RJB)- PAGE 2

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

NWDC for each of the years during the relevant time period;

- The NWDC's financial statements, Profit and Loss statements, and budget, including all documents that set forth the detailed operating costs of the facility, Voluntary Work Program costs, labor costs, and payroll expenses as well as all details of revenue, contract payments and reimbursements for the NWDC;

- The profit or loss of the NWDC's Voluntary Work Program, including budget, from 2005 to the present, and all documents that set forth the detailed operating costs of the Voluntary Work Program, as well as revenues, payments and reimbursements received;

- Financial analysis, financial models, analysis of profits earned, valuation of the work performed, or other assessments of the Voluntary Work Program at the NWDC from 2005 to present;

- Financial performance analyses, financial models, or other financial evaluations prepared for the purpose of GEO's offer(s) and bid(s), and negotiations related to amendment(s) and renewal(s), of contracts related to the NWDC from 2005 – present; and

- Any per diem rate calculations and models related to GEO's NWDC Contract(s) from 2005 to present, including, but not limited to, the following factors: "Voluntary Work Program" costs and expenses; labor costs and payroll expenses (excluding Voluntary Work Program); expected and guaranteed occupancy; all other costs of providing services (including food, medical, building operations, etc.); desired margins.

(*Id.* at pp. 9-10.)

After the Court denied GEO's motion for reconsideration and motion for interlocutory review, GEO filed a petition for a writ of mandamus with the Ninth Circuit on January 3, 2019. (Dkt. # 166.) In that petition, GEO asked the Ninth Circuit to vacate the order compelling GEO to produce its highly confidential financial information. (*Id.*)

Under the Ninth Circuit's local rules, a petition for writ of mandamus that fails to "make[] a prima facie showing justifying issuance of the writ, it will deny the petition forthwith." Advisory Comm. Note to Circuit R. 21-1 to 21-4. On March 19, 2019, however, the Ninth Circuit ordered the State to file a response to the petition specifically addressing "why [GEO's] financial information is relevant to the [State's] claim for unjust enrichment." (*See* Dkt. # 178.) This Court filed its optional response on April 1, 2019, and the State filed its response on April 2, 2019. GEO filed its reply brief on April 8, 2019. The mandamus action is now fully briefed, and the Ninth Circuit is considering

DEFENDANT'S MOTION FOR LIMITED
PROTECTIVE ORDER REGARDING DEPOSITION
OF RYAN KIMBLE (3:17-CV-05806-RJB)- PAGE 3

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

the action for oral argument in August, October, or November 2019.  (*See* Armstrong Decl., Ex. 6.)

II. **The State continues to seek discovery about GEO financial information while GEO's mandamus action is pending.**

On March 29, 2019, the parties held a telephone conference to discuss several discovery matters including the scope of Kimble's upcoming deposition.  (Armstrong Decl. ¶ 2.)  GEO advised the State that Kimble has personal knowledge about GEO's financial information that is part of GEO's mandamus action, and that it would impact the testimony he would be able to provide at his deposition while the mandamus action is pending.  (*Id.* ¶ 2.)  On April 15, 2019, the parties again discussed Kimble's upcoming deposition, and the State confirmed that it intended to question Kimble regarding GEO's financial information.[1]  (*Id.* ¶ 3.)  GEO asked the State to limit its questioning of Kimble to matters outside the mandamus action pending Ninth Circuit review, and offered to leave the deposition open on those issues until after the Ninth Circuit issues its decision.  (*Id.*, Exs. 1, 3, 5.)  The State refused, so GEO filed this motion.  (*See id.*, Ex. 4.)

## ARGUMENT

Good cause exists to prevent the State from questioning Kimble about his personal knowledge of GEO's highly confidential financial information because that issue is currently under review in the Ninth Circuit.  GEO agrees that the State can depose Kimble about matters not subject to the mandamus action, and leave Kimble's deposition open until the Ninth Circuit issues its decision on the relevance of GEO's financial information.  Compelling Kimble to testify about GEO's confidential financial information could, in effect, eliminate GEO's mandamus rights because the financial information would be disclosed before the Ninth Circuit issues a ruling.  Accordingly, this Court should grant GEO's motion for a limited protective order preventing the

---

[1] During that conferral, the State advised GEO that it planned to question Kimble about certain financial documents that GEO had produced, but did not indicate which specific documents it planned to use at the deposition. (Armstrong Decl. ¶ 3 & Ex. 1.)  After the conferral, GEO looked at the production made by its prior counsel and found several highly confidential financial documents that had been inadvertently produced.  (*Id.* ¶ 3.)  GEO promptly sent a letter to the State seeking the return of those documents  under the protective order, and advised the State that those documents could not be used in Kimble's deposition since they were inadvertently produced.  (*Id.*, Exs. 1, 3, 5.)

DEFENDANT'S MOTION FOR LIMITED PROTECTIVE ORDER REGARDING DEPOSITION OF RYAN KIMBLE (3:17-CV-05806-RJB)- PAGE 4

**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

State from eliciting testimony from Kimble about GEO's financials unless and until the Ninth Circuit determines that information must be disclosed.

Under Rule 26(c), a party "from whom discovery is sought may move for a protective order" and if good cause is shown, a court should issue an order to protect that party "from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c). Good cause exists if the moving party shows that a specific prejudice or harm will result without the protective order. *Stormans, Inc. v. Selecky*, 251 F.R.D. 573, 576 (W.D. Wash. 2008). Thus, when a party seeks deposition testimony about extensive financial information that causes an undue burden or is not proportional to the needs of the case, a court should grant a protective order prohibiting such testimony. *McArthur v. Rock Woodfired Pizza & Spirits*, 318 F.R.D. 136, 142 (W.D. Wash. 2016). Prejudice also exists if the disclosure of certain information could moot a pending appeal. *See Doe No. 1 v. Reed*, 697 F.3d 1235, 1239 (9th Cir. 2012) (noting that because unsealing documents "cannot be reversed," an appeal would become moot once the documents were unsealed).

Here, GEO has good cause for a protective order because if Kimble is required to testify about the very financial information that is currently under review in the Ninth Circuit, it could effectively moot GEO's petition, and thus deprive GEO of its mandamus rights. Release of GEO's financial information—through deposition or otherwise—is the precise harm that GEO sought to avoid by seeking immediate appellate review of this Court's order compelling the disclosure of that information. GEO has consistently argued that its sensitive financial information is not relevant to the State's unjust enrichment claim, and that it will be substantially harmed if forced to reveal that information to the State. And by ordering the State to provide an explanation about how GEO's financial information is relevant to the State's unjust enrichment claim, the Ninth Circuit determined that GEO's petition has prima facie merit. Indeed, the Ninth Circuit is considering GEO's petition for oral argument in August, October, or November this year. (Armstrong Decl., Ex. 6.) While GEO is willing to proceed with Kimble's deposition on topics outside of the Ninth Circuit's review—and agrees to leave the deposition open pending the Ninth Circuit's decision—it is entitled

DEFENDANT'S MOTION FOR LIMITED
PROTECTIVE ORDER REGARDING DEPOSITION
OF RYAN KIMBLE (3:17-CV-05806-RJB)- PAGE 5

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

to a protective order prohibiting the State from questioning Kimble about GEO's protected financial information until the Ninth Circuit rules that such information is relevant in this matter.

In contrast, a limited protective order preventing the State from seeking specific financial information during Kimble's deposition will not prejudice the State.  Because GEO agrees to leave Kimble's deposition open, the State will obtain the testimony it seeks from Kimble if the Ninth Circuit determines that GEO's financial information is relevant to the State's claims.  To further avoid any potential prejudice to the State, GEO will not oppose an extension of the discovery deadlines to allow the State to complete Kimble's deposition once the Ninth Circuit issues its decision.  Accordingly, GEO's requested limitations to Kimble's deposition will not prejudice any party, and will prevent significant harm to GEO if GEO is forced to disclose financial information that could moot its pending mandamus action.

## CONCLUSION

For the reasons provided, GEO's motion for protective order under Rule 26(c) should be granted so that Kimble is not questioned on matters presently at issue in the mandamus action in the Ninth Circuit Court of Appeals.  Specifically, GEO seeks an order prohibiting the State from questioning Kimble about:

1. GEO's profits or losses for the NWDC from 2005 to the present;

2. GEO's financial statements, Profit and Loss statements, and budget, if any, for the NWDC for each of the years during the relevant time period;

3. The NWDC's financial statements, Profit and Loss statements, and budget, including all documents that set forth the detailed operating costs of the facility, Voluntary Work Program costs, labor costs, and payroll expenses as well as all details of revenue, contract payments and reimbursements for the NWDC;

4. The profit or loss of the NWDC's Voluntary Work Program, including budget, from 2005 to the present, and all documents that set forth the detailed operating costs of the Voluntary Work Program, as well as revenues, payments and reimbursements received;

5. Financial analysis, financial models, analysis of profits earned, valuation of the work performed, or other assessments of the Voluntary Work Program at the NWDC from 2005 to present;

DEFENDANT'S MOTION FOR LIMITED PROTECTIVE ORDER REGARDING DEPOSITION OF RYAN KIMBLE (3:17-CV-05806-RJB)- PAGE 6

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

6. Financial performance analyses, financial models, or other financial evaluations prepared for the purpose of GEO's offer(s) and bid(s), and negotiations related to amendment(s) and renewal(s), of contracts related to the NWDC from 2005 – present; and

7. Any per diem rate calculations and models related to GEO's NWDC Contract(s) from 2005 to present, including, but not limited to, the following factors: "Voluntary Work Program" costs and expenses; labor costs and payroll expenses (excluding Voluntary Work Program); expected and guaranteed occupancy; all other costs of providing services (including food, medical, building operations, etc.); desired margins.

Dated: May 2, 2019

HOLLAND & KNIGHT LLP

By: *s/Shannon Armstrong*
J. Matthew Donohue, WSBA # 52455
matt.donohue@hklaw.com
Shannon Armstrong, WSBA # 45947
shannon.armstrong@hklaw.com
Kristin M. Asai, WSBA #49511
kristin.asai@hklaw.com
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300
Fax: 503.241.8014

Carolyn Short (admitted *pro hac vice*)
carolyn.short@hklaw.com
Holland & Knight LLP
Cira Center, 2929 Arch Street, Suite 800
Philadelphia, PA 19104
Telephone: 215.252.9535

*Attorneys for Defendant*

DEFENDANT'S MOTION FOR LIMITED PROTECTIVE ORDER REGARDING DEPOSITION OF RYAN KIMBLE (3:17-CV-05806-RJB)- PAGE 7

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITION OF RYAN KIMBLE to be served on the following person[s]:

La Rond Baker
Marsha Chien
Andrea Brenneke
Lane Polozola
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
larondb@atg.wa.gov
marshac@atg.wa.gov
andreab3@atg.wa.gov
lane.polozola@atg.wa.gov

Attorneys for Plaintiff

by causing the document to be delivered by the following indicated method or methods:

☑ by CM/ECF electronically mailed notice from the Court on the date set forth below.

☐ by mailing full, true and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or attorneys, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

☐ by causing full, true, and correct copies thereof to be hand-delivered to the parties and/or their attorneys at their last-known office addresses listed above on the date set forth below.

☐ by sending full, true, and correct copies thereof, via overnight courier in sealed, prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or attorneys, on the date set forth below.

☐ by faxing full, true, and correct copies thereof to the fax machines which are the last-known fax numbers for the parties' and/or attorneys' offices, on the date set forth below.

DATED: May 2, 2019.

*s/ Kristin M. Asai*
Kristin M. Asai

CERTIFICATE OF SERVICE - PAGE 1

**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300