The Honorable Robert J. Bryan

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | Case No. 3:17-cv-05806-RJB<br><br>**DEFENDANT'S MOTION TO DISMISS, STAY, OR CONSOLIDATE RELATED LITIGATION**<br><br>**NOTE ON MOTION CALENDAR: MAY 24, 2019**<br><br>**ORAL ARGUMENT REQUESTED** |

## INTRODUCTION

The private class action case, *Ugochukwu Goodluck Nwauzor, et al. v. The GEO Group, Inc.*, Case No. 3:17-cv-05769-RJB ("Nwauzor lawsuit"), should be dismissed because the harm those plaintiffs ("plaintiffs") seek to remedy is entirely duplicative of the State of Washington's ("State") case here ("State lawsuit").[1] Although both lawsuits challenge the <u>*exact same conduct*</u>—paying immigrant detainees at the Northwest Detainee Center ("NWDC") a fee of $1 per day for participation in the Voluntary Work Program ("VWP")—they have separate conflicting schedules and trial dates. The current duplication in both cases wastes time, effort, and costs to all parties and the Court.

Even assuming the plaintiffs prevail on the merits in this litigation, that result will be meaningless if a judgment has been entered—win or lose—in the State lawsuit. The State lawsuit

---

[1] GEO is filing a nearly identical motion in the Nwauzor lawsuit.

DEFENDANT'S MOTION TO DISMISS, STAY, OR
CONSOLIDATE RELATED LITIGATION (3:17-CV-
05806-RJB) - PAGE 1

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

precludes plaintiffs from obtaining any meaningful remedy because: (a) regardless of outcome, the State's judgment will be preclusive to plaintiffs; and (b) if the State prevails, it will recover any money award arising from the injury at issue, leaving nothing for plaintiffs. The class therefore cannot recover from GEO for the same injury that the State alleges, so as long as the State lawsuit proceeds first, the Nwauzor class has no ability to obtain their own recovery against GEO.

Additionally, GEO is substantially prejudiced by defending both actions on separate tracks. GEO currently has to litigate the same issues twice, incur the same costs twice, and potentially face two judgments, resulting in a double recovery for the same underlying injury. If the State lawsuit and Nwauzor lawsuit continue as separate cases, the result will be patently unfair to GEO and legally impermissible. Accordingly, GEO respectfully asks that this Court dismiss or stay the Nwauzor lawsuit because it is entirely subsumed by the State lawsuit. Alternatively, GEO requests that the Court (1) dismiss or stay the State lawsuit because if any claims should proceed against GEO, the private plaintiffs are the appropriate party to bring those claims, or (2) at least consolidate these lawsuits to reduce the significant administrative and financial burden of duplicating all discovery, dispositive motions, and trial in substantially overlapping lawsuits with separate schedules.

**COMPLIANCE WITH LCR 42**

Counsel for GEO certifies that they conferred with plaintiffs' counsel and the State about GEO's alternative relief of consolidation, but the parties were unable to reach agreement.

**RELEVANT FACTS**

**I.  Plaintiffs and the State have nearly identical complaints against GEO.**

On September 20, 2017, the State filed its complaint against GEO in Pierce County Circuit Court seeking to "enforce Washington's minimum wage laws and to remedy the unjust enrichment that results from [GEO's] long standing failure to adequately pay immigration detainees for their work at the privately owned and operated Northwest Detention Center ('NWDC')." (State Lawsuit, Dkt. # 12 ¶ 1.1.) The State asserts two claims against GEO: (1) violation of Washington's Minimum Wage Act ("MWA"); and (2) unjust enrichment. (*Id.* ¶¶ 5.1-6.6.) The State seeks a declaration that

DEFENDANT'S MOTION TO DISMISS, STAY, OR CONSOLIDATE RELATED LITIGATION (3:17-CV-05806-RJB) - PAGE 2

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

the detainees are "employees" under the MWA, that GEO is an "employer" under the WMA, that GEO must comply with the MWA for its VWP, and that GEO has been "unjustly enriched by its practice of failing to adequately pay detainee workers for their labor at NWDC." (*Id.* ¶¶ 7.1-7.3, 7.5.) The State also seeks an injunction preventing GEO from paying less than the minimum wage for "work performed at NWDC" and disgorgement of "the amount by which it has been unjustly enriched." (*Id.* ¶¶ 7.4-7.8.)

On September 26, 2017, plaintiffs filed the Nwauzor lawsuit also asserting a violation of the MWA based on the VWP. (Compl., Dkt. #1.) In that complaint, plaintiffs alleged they "performed work for GEO at NWDC," they have "not been paid the state minimum wage," and "[f]or all of the labor they perform, GEO pays each detainee worker only $1 per day, regardless of the number of hours they worked." (*Id.* ¶¶ 4.6-4.10.) Like the State, plaintiffs allege that GEO violates the MWA by paying detainees within the class only $1 per day, and seek to recover their "lost wages." (*See id*. ¶¶ 4.7-4.12 & p. 5.)

## II. This Court certified a class in the Nwauzor lawsuit based on issues identical to the State lawsuit.

On August 6, 2018, this Court granted plaintiffs' motion for class certification. (Dkt. # 114.) In that Order, this Court identified the following common issues of law and fact under Fed. R. Civ. P. 23(a)(2): (1) "whether proposed class members have an employment relationship with GEO for MWA purposes, given *inter alia*, terms of the GEO-ICE Contract, the 2011 Performance Based National Detention Standards, various policies of GEO and [the U.S. Immigration & Customs Enforcement ("ICE")], and federal law"; and (2) "whether Plaintiffs' MWA claim should be preempted by federal law." (*Id.* at p. 2.) In holding that a class action is the superior method of adjudicating these issues, the Court observed that no related case exists "except insofar as this case overlaps with [the State lawsuit]." (*Id.* at p. 3.)

///

///

DEFENDANT'S MOTION TO DISMISS, STAY, OR CONSOLIDATE RELATED LITIGATION (3:17-CV-05806-RJB) - PAGE 3

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

### III. This Court granted plaintiffs' request to share documents with the State based on similarities between the Nwauzor lawsuit and the State lawsuit.

On March 7, 2019, plaintiffs filed their motion seeking entry of a protective order that allowed them to share confidential documents with the State. (Dkt. # 148.) GEO opposed that motion on the grounds that the State's status as a public entity made it vulnerable to public records requests, and that the Nwauzor lawsuit was dissimilar enough that it would "likely involve the disclosure of more information and documents than the State would otherwise be entitled to in the State Litigation." (Dkt. # 155 at p. 4.) This Court disagreed. The Court granted plaintiffs' motion on March 20, 2019, finding that both lawsuits challenge the same "policy of paying workers in the [VWP] $1-a-day," and are sufficiently similar that the parties would likely exchange the same documents in both cases. (*See* Order, Dkt. # 161, at p. 3.)

## ARGUMENT

### I. The Nwauzor and State lawsuits are duplicative and may not simultaneously proceed against GEO.

Fairness dictates that only one case proceed against GEO to remedy the same alleged harm. Both the Nwauzor lawsuit and State lawsuit arise from the same purported injury (the payment of $1 per day for the VWP) and involve many of the same parties (the detainees who participated in the VWP). Both allege that GEO's conduct violates the MWA, and seek a money award for the same injury (the difference between the payments made to the detainees and what GEO allegedly should have paid). In other words, the lawsuits are duplicative and only one should proceed against GEO.

To determine whether a suit is duplicative, courts look to the test of claim preclusion. *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). Under that test, a court analyzes: (1) whether the case involves the same parties or privities; (2) whether the causes of action are the same, i.e. whether the two suits arise out of the same nucleus of facts and involve substantially the same evidence; and (3) whether the two suits involve infringement of the same right or seek the same relief. *Id.* at 689;

DEFENDANT'S MOTION TO DISMISS, STAY, OR CONSOLIDATE RELATED LITIGATION (3:17-CV-05806-RJB) - PAGE 4

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

*see also Taylor*, 553 U.S. at 892-93 (noting a court should consider whether a party in the second action would be bound by the judgment from the first action). A court has the power to dismiss duplicative litigation to promote efficiency, consistency of judgments, and comity, and that rule "should not be disregarded lightly." *Kohn Law Grp. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015); *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("[T]he general principle is to avoid duplicative litigation."); *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th Cir. 2001) ("Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time."). To dismiss or stay duplicative litigation, the parties and issues need not be identical, but must be "substantially similar" such that "there is 'substantial overlap' between the two suits." *Kohn Law Grp.*, 787 F.3d at 1240-41.

The same rules apply for duplicative *parens patriae* litigation. *See, e.g.*, *Alaska Sport Fishing Ass'n v. Exxon Corp.*, 34 F.3d 769, 774 (9th Cir. 1994) (dismissing class action suit seeking damages for loss of use and enjoyment of natural resources resulting from oil spill because prior *parens patriae* action already obtained recovery for those damages); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. C 10-3517 SI, 2011 WL 1399441, at *3-4 (N.D. Cal. Apr. 13, 2011) (staying *parens patriae* claims that overlap with previously pending class actions). For example, in *In re TFT-LCD (Flat Panel) Antitrust Litig.*, the court stayed duplicative *parens patriae* litigation filed by two states in favor of a previously pending class action. 2011 WL 1399441, at *4. The court noted that the class action was filed first, both actions involved similar claims, and the parties in both actions were substantially similar because the states asserted several claims "on behalf" of individual consumers that were also part of the class action. *Id.* Thus, even though the *parens patriae* actions related to conduct extending beyond the class period in the private class action, the court held that the general interest in judicial efficiency supported a stay of the *parens patriae* actions. *Id.*

Here, similar interests support a dismissal or stay of either the State lawsuit or the Nwauzor lawsuit so that only one case proceeds to remedy the same alleged harm. Both lawsuits challenge

DEFENDANT'S MOTION TO DISMISS, STAY, OR CONSOLIDATE RELATED LITIGATION (3:17-CV-05806-RJB) - PAGE 5

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

the same conduct and arise from the same purported injury. Accordingly, this Court can (and should) dismiss or stay the Nwauzor lawsuit because it was filed second and is entirely subsumed by the State lawsuit. Alternatively, the Court should dismiss or stay the State's *parens patriae* lawsuit because it is unnecessary in light of the certified class action on behalf of the detainees directly impacted by the alleged conduct. Either way, only one case should proceed against GEO.

### A. Both the Nwauzor lawsuit and State lawsuit involve the same parties because they seek to represent the rights and interests of detainees at the NWDC who participated in the VWP.

The State and the Nwauzor class both represent the detainees who allege they were entitled to receive minimum wage for their participation in the VWP. Specifically, the Nwauzor class includes detainees who participated in the VWP from 2014 to the present, whereas the State seeks to represent detainees who participated in the VWP from 2005 to the present. Thus, the Nwauzor class is entirely subsumed by the State lawsuit, and their interests are also represented by the State lawsuit. *See Alaska Sport Fishing Ass'n*, 34 F.3d at 770 (dismissing class action because prior *parens patriae* represented the same interests).

This Court certified the following class in the Nwauzor lawsuit: "All civil immigration detainees who participated in the [VWP] at the [NWDC] at any time between September 26, 2014, and the date of final judgment." (Dkt. # 114 at p. 4.) The State also seeks to represent the interests of those same detainees in its *parens patriae* lawsuit. (*See* State lawsuit, Dkt. # 15 at p. 9 ("Washington seeks to protect its economy and workers - *both inside NWDC* and in the greater Tacoma area - from unfair labor practices that unfairly game the system and depress the economy.") (emphasis added); State lawsuit, Dkt. # 17 at 17 (noting "GEO detains up to 1,575 individuals at the NWDC" and the State is representing, in part, the interests of "tens of thousands of state residents [that] have likely worked for GEO at a wage far below the minimum wage"). Indeed, the Court noted the State seeks to protect "*detainee-workers* and Washington resident-workers." (State lawsuit, Dkt. # 29 at 12-13 (emphasis added).) Because the State purports to represent the interests

DEFENDANT'S MOTION TO DISMISS, STAY, OR CONSOLIDATE RELATED LITIGATION (3:17-CV-05806-RJB) - PAGE 6

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

of the detainees who participated in the VWP since 2005, those interests necessarily include all the Nwauzor class members who participated in the VWP from September 2014 to the present. Thus, although the State seeks to represent interests broader than the class in the Nwauzor lawsuit, the Nwauzor class is entirely subsumed by the State lawsuit.

### B. Both the Nwauzor lawsuit and State lawsuit arise from the same nucleus of facts and will involve substantially the same evidence.

Plaintiffs cannot dispute that these lawsuits arise from the same nucleus of facts—GEO's payment of $1 per day to detainees at NWDC—and will involve the same evidence. This Court already concluded that both cases challenge the same policy and are likely to involve the same discovery. (*See* Order, Dkt. # 161, at p. 3.) Both cases challenge GEO's payment of $1 per day to participants in the VWP at the NWDC and assert that conduct constitutes a violation of the MWA. (Compl., Dkt. # 1 ¶¶ 4.7-4.12; State lawsuit, Dkt. # 12 ¶¶ 4.1-6.6.) Although the State action also includes a claim for unjust enrichment that is not present in the Nwauzor case, that does not preclude a finding that the cases are duplicative. *Kohn Law Grp.*, 787 F.3d at 1239 (noting issues must be "substantially similar," not identical).

### C. Both lawsuits allege infringement of the same right: namely, the detainees' alleged right to minimum wage.

Plaintiffs' claim for violation of the MWA seeks to remedy the same injury at issue in the State lawsuit, so it should be dismissed to avoid duplicative judgments against GEO. It is well established that a defendant may not pay damages for the same injury twice. *See, e.g.*, *Oubichon v. N. Am. Rockwell Corp.*, 482 F.2d 569, 574 (9th Cir. 1973) ("[A]n employee can seek more than one remedy but may not recover twice for the same injury."); *Russo v. Matson Nav. Co.*, 486 F.2d 1018, 1019 (9th Cir. 1973) ("Generally, a tortfeasor need not pay twice for the damage caused[.]"); *Gypsum Carrier, Inc. v. Handelsman*, 307 F.2d 525, 534 (9th Cir. 1962) ("The tortfeasor should not be required to compensate twice for the same injury[.]"). As such, "courts can and should preclude double recovery" from the same defendant for the same harm. *California v. IntelliGender, LLC*, 771

DEFENDANT'S MOTION TO DISMISS, STAY, OR CONSOLIDATE RELATED LITIGATION (3:17-CV-05806-RJB) - PAGE 7

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

F.3d 1169, 1179 (9th Cir. 2014) (reversing denial of motion to enjoin a state's restitution claims that sought damages already recovered through a class action settlement); *see also Alaska Sport Fishing Ass'n*, 34 F.3d at 773 (dismissing putative class action that sought damages for the same harm as previously settled *parens patriae* litigation). Thus, a private class action and a state-brought enforcement action cannot both exist seeking to remedy the same harm. *See California*, 771 F.3d at 1179-80 (noting "[i]t is irrelevant" that the state seeks a better recovery than the amount settled by the class action, and that the proper inquiry is "whether the government is suing for the same relief already *pursued* by the plaintiff").

Here, GEO risks the State and Nwauzor class obtaining a double recovery because each plaintiff seeks a money award arising from the exact same injury. Although the State seeks "disgorgement" and the Nwauzor class seeks "damages," the type of remedy is irrelevant. Both lawsuits represent the same interests and seek remedies for the same injury, so they both may not proceed. *See Oubichon*, 482 F.2d at 574 (noting a party "may not recover twice for the same injury"). This Court should therefore dismiss or stay one of the cases to prevent the substantial prejudice resulting from GEO being liable for duplicative money awards.

**D.  Alternatively, the Court should dismiss or stay the State lawsuit because it is an obstacle to recovery for the Nwauzor class.**

Now that this Court certified a class in Nwauzor, it has necessarily determined that the Nwauzor plaintiffs will adequately represent and prosecute the detainees' injury related to the alleged failure to pay fair wages. The State therefore need not (and should not) represent those same interests in a separate suit. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 652 (9th Cir. 2017) (noting "*parens patriae* standing is inappropriate where an aggrieved party could seek private relief").

Moreover, if the State is allowed to pursue its claims first—which will happen under the current schedule—the State lawsuit will be an obstacle to the Nwauzor class receiving any remedy. Because the Nwauzor class is already represented by the State in the State lawsuit, the judgment in

DEFENDANT'S MOTION TO DISMISS, STAY, OR CONSOLIDATE RELATED LITIGATION (3:17-CV-05806-RJB) - PAGE 8

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

the State lawsuit will have preclusive effect on the Nwauzor lawsuit. *See, e.g.*, *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 340–41 (1958) (holding judgment entered in lawsuit brought by State of Washington was effective against its citizen and all persons the State represented in the prior proceedings); *Alaska Sport Fishing Ass'n*, 34 F.3d at 770 (holding class action barred based on res judicata from prior *parens patriae* action asserting same interests); *accord Kohn Law Grp.*, 787 F.3d at 1241 (staying action by lienholder standing in shoes of contractor because the contractor was already in litigation that would determine the outcome of the lienholder's claim). Thus, if GEO prevails against the State, the Nwauzor class will be precluded from relitigating the same issues. On the other hand, if the State prevails and recovers any money award from GEO, the Nwauzor class still will not recover any money award because GEO already paid for the Nwauzor class members' injury. In other words, the State lawsuit will eviscerate the Nwauzor plaintiffs' ability to recover any relief. Accordingly, if the Court declines to dismiss the Nwauzor lawsuit, it should dismiss or stay the State lawsuit to prevent the State from pocketing any available recovery for the Nwauzor class.

## II. This Court should consolidate these lawsuits to avoid unnecessary duplication.

At a minimum, this Court should consolidate these lawsuits so that the parties can complete discovery, brief dispositive issues, and go to trial on identical issues at one time. Under Rule 42, a district court has broad discretion to consolidate actions involving "a common question of law or fact" or "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). In exercising its discretion, the court should weigh "the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *see also Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (noting court should consider "the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned").

///

DEFENDANT'S MOTION TO DISMISS, STAY, OR CONSOLIDATE RELATED LITIGATION (3:17-CV-05806-RJB) - PAGE 9

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

This Court has granted such motions when "significant overlap" exists in the issues for trial. *Factory Sales & Eng'g, Inc. v. Nippon Paper Indus. USA Co.*, No. 3:14-CV-05899-RJB, 2015 WL 12159153, at *2 (W.D. Wash. June 18, 2015) (granting motion to consolidate over one party's objection due to shared questions of law and fact); *see also Stoughton v. Clallam Cty.*, No. C08-5283RJB, 2008 WL 2275505, at *2 (W.D. Wash. June 3, 2008) (granting motion to consolidate because "the two actions before this Court involve common questions of law and common questions of fact"); *Pfaff, ex rel. Pfaff v. Arnold-Williams*, No. C07-5280RJB, 2007 WL 2406908, at *4 (W.D. Wash. Aug. 17, 2007) ("Since the putative classes in both cases appear to overlap, based upon the same facts, presenting similar and overlapping, if not essentially identical, legal issues, these cases should be managed in conjunction with one another."). Moreover, such related cases should be consolidated even if they are in different stages of the litigation. *See Logan v. City of Pullman*, No. CV-03-335-FVS, 2005 WL 8158918, at *3 (E.D. Wash. May 20, 2005) (granting consolidation and noting "the possibility that cases may be positioned differently procedurally is not fatal to a motion to consolidate" where "much of the discovery in a case suitable for consolidation will be applicable to the other case").

As described above, these cases involve common, often overlapping, legal and factual issues. Both the State and plaintiffs requested the ability to share discovery in these cases, so they are already coordinating the litigation. And now that this Court has authorized the State and plaintiffs to share GEO's confidential information with each other, no benefit exists to keep the cases separate. Instead, consolidating these cases will streamline discovery, dispositive motions, and the trial process for all parties and the Court. Common witnesses should testify once and common legal issues can be briefed and decided at one time. Needless duplication will cause undue burden, unnecessary expense, and scheduling conflicts for all parties, which is inconsistent with the federal rules' focus on inexpensive and efficient resolution of litigation. *See, e.g.*, Fed. R. Civ. P. 1 (noting the rules should be construed and administered "to secure the just, speedy, and inexpensive determination of every action and proceeding"); Fed. R. Civ. P. 26(b)(1) (noting the scope of

DEFENDANT'S MOTION TO DISMISS, STAY, OR CONSOLIDATE RELATED LITIGATION (3:17-CV-05806-RJB) - PAGE 10

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

discovery depends on the relevance of the information, the parties' resources, and whether the burden or expense outweighs its likely benefit); Fed. R. Civ. P. 26(b)(2)(C) (noting a court must limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive").

In addition, no party will be prejudiced by the consolidation. As this Court observed, the parties are likely to exchange the same discovery in both cases. (*See* Order, Dkt. # 161, at p. 3.) Plaintiffs and the State will have the ability to depose any necessary witnesses and litigate the same issues in a single consolidated case. Indeed, consolidation will likely prevent delays arising from ICE's review and approval of discovery in these cases because ICE would only need to follow its procedures once for deposition testimony and document review, rather than in two separate cases. Although discovery is set to close in June 2019 in the State lawsuit (and in November 2019 in the Nwauzor lawsuit), the minor delay to allow the Nwauzor lawsuit to catch up is an insufficient justification to prevent consolidation. *See Logan*, 2005 WL 8158918, at *3 (granting consolidation even though the discovery cut-off and trial in the first case was five months ahead of the second case, noting "[i]f these lawsuits are consolidated and the parties are joined under the [first] cause number, all parties will have additional time to complete discovery and prepare these lawsuits for a single, efficient trial"). Consolidation would instead give all parties additional time to prepare these complex cases for trial. Accordingly, if this Court does not dismiss or stay one of the related cases, it should consolidate them to reduce the litigation burden on all parties and the Court.

## CONCLUSION

The Nwauzor and State lawsuits involve overlapping parties, claims, issues, and injuries, and no compelling basis exists for both to proceed against GEO. Thus, for the reasons set forth above, GEO respectively asks that this Court: (a) dismiss or stay the Nwauzor lawsuit as the second-filed

///

///

///

DEFENDANT'S MOTION TO DISMISS, STAY, OR CONSOLIDATE RELATED LITIGATION (3:17-CV-05806-RJB) - PAGE 11

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

action that is entirely subsumed in the State lawsuit; (b) dismiss or stay the State lawsuit so the Nwauzor lawsuit may proceed without res judicata obstacles; or (c) consolidate these lawsuits to reduce the substantial administrative and financial burden for all parties and the Court.

Dated: May 2, 2019

HOLLAND & KNIGHT LLP

By: *s/Shannon Armstrong*
J. Matthew Donohue, WSB # 52455
matt.donohue@hklaw.com
Shannon Armstrong, WSB # 45947
shannon.armstrong@hklaw.com
Kristin M. Asai, WSB #49511
kristin.asai@hklaw.com
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300
Fax: 503.241.8014

Carolyn Short (admitted *pro hac vice*)
carolyn.short@hklaw.com
Holland & Knight LLP
Cira Center, 2929 Arch Street, Suite 800
Philadelphia, PA 19104
Telephone: 215.252.9535

*Attorneys for Defendant*

DEFENDANT'S MOTION TO DISMISS, STAY, OR CONSOLIDATE RELATED LITIGATION (3:17-CV-05806-RJB) - PAGE 12

**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

# CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing DEFENDANT'S MOTION TO DISMISS, STAY, OR CONSOLIDATE RELATED LITIGATION to be served on the following person[s]:

La Rond Baker
Marsha Chien
Andrea Brenneke
Lane Polozola
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
larondb@atg.wa.gov
marshac@atg.wa.gov
andreab3@atg.wa.gov
lane.polozola@atg.wa.gov

*Attorneys for Plaintiff*

by causing the document to be delivered by the following indicated method or methods:

☑ by CM/ECF electronically mailed notice from the Court on the date set forth below.

☐ by mailing full, true and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or attorneys, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

☐ by causing full, true, and correct copies thereof to be hand-delivered to the parties and/or their attorneys at their last-known office addresses listed above on the date set forth below.

☐ by sending full, true, and correct copies thereof, via overnight courier in sealed, prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or their attorneys, on the date set forth below.

☐ by faxing full, true, and correct copies thereof to the fax machines which are the last-known fax numbers for the parties' and/or attorneys' offices, on the date set forth below.

DATED May 2, 2019.

            *s/ Kristin M. Asai*
            Kristin M. Asai

CERTIFICATE OF SERVICE - PAGE 1

**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300