The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

STATE OF WASHINGTON,

    Plaintiff,

v.

THE GEO GROUP, INC.,

    Defendant.

CIVIL ACTION NO. 3:17-cv-05806-RJB

WASHINGTON'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE GEO GROUP, INC.'S AFFIRMATIVE DEFENSES

NOTE ON MOTION CALENDAR: May 3, 2019

ORAL ARGUMENT REQUESTED

WASHINGTON'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE GEO GROUP, INC.'S AFFIRMATIVE DEFENSES

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**TABLE OF CONTENTS**

I. INTRODUCTION ......................................................................................................... 1

II. ARGUMENT ............................................................................................................... 1

    A. Washington's Motion is Timely, and GEO Identifies No Specific Facts Warranting a Continuance Under Rule 56(d) ............................................... 1

    B. Summary Judgment Is Appropriate on GEO's Equitable Defense of Laches ........... 4

        1. This Action Is Not Subject to Laches Because it Is a Government Law Enforcement Action Brought in the Public Interest .......................................... 5

        2. Even If It Were an Available Defense, No Genuine Issues of Material Fact Prevents Summary Judgment as to Laches ................................................. 6

            a. There is no dispute as to the time within which Washington brought suit, and there was no unreasonable delay, as a matter of law .................. 6

            b. GEO suffered no legally cognizable prejudice from any purported delay in Washington enforcing its laws ...................................................... 7

    C. Summary Judgment Is Appropriate on GEO's Equitable Defense of Unclean Hands ................................................................................................................ 9

    D. Summary Judgment Is Appropriate Against GEO's Defenses that Washington Failed to Join Additional Government Entities ....................................................... 11

III. CONCLUSION ........................................................................................................... 12

WASHINGTON'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE GEO GROUP, INC.'S AFFIRMATIVE DEFENSES

i

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

# TABLE OF AUTHORITIES

**Cases**

*Atay v. County of Maui*, 842 F.3d 688 (9th Cir. 2016) .................................................................. 2

*Cal. Union Ins. Co. v. Am. Diversified Sav. Bank*, 914 F.2d 1271 (9th Cir. 1990) ..................... 4

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .............................................................................. 11

*Davidson v. Washington*, 802 P.2d 1374 (Wash. 1991) ............................................................... 6

*Dawavendewa v. Salt River Agric. Improvement & Power Dist.*, 276 F3d 1150 (9th Cir. 2002) .............................................................................................................. 12

*E.E.O.C. v. Peabody Western Coal Co.*, 400 F.3d 774 (9th Cir. 2005) ..................................... 12

*Eat Right Foods Ltd. v. Whole Foods Market, Inc.*, 880 F.3d 1109 (9th Cir. 2018) ................... 8

*Echlin v. Dynamic Collectors, Inc.*, 102 F. Supp. 3d 1179 (W.D. Wash. 2015) ......................... 2

*Evergreen Safety Council v. RSA Network, Inc.*, No. C09-1643-RSM, 2011 WL 2462303 (W.D. Wash. June 17, 2011) ....................................................................................................... 9

*Geurin v. Winston Indus., Inc.*, 316 F.3d 879 (9th Cir. 2002) ...................................................... 4

*Glob. Neighborhood v. Respect Wash.*, 434 P.3d 1024 (Wash. Ct. App. 2019) ........................ 7

*Guar. Tr. Co. of N.Y. v. United States*, 304 U.S. 126 (1938) ........................................................ 5

*Hunter v. Hunter*, 758 P.2d 1019 (Wash. Ct. App. 1988) ....................................................... 6, 8

*J. L. Cooper & Co. v. Anchor Sec. Co.*, 113 P.2d 845 (Wash. 1941) .................................... 3, 10

*Lopp v. Peninsula Sch. Dist. No. 401*, 585 P.2d 801 (Wash. 1978) ............................................. 5

*Madison Dev. Grp. LLC v. Singelyn*, No. C17-1585-JCC, 2018 WL 1994141 (W.D. Wash. Apr. 27, 2018) ............................................................................................................... 4

*McKelvie v. Hackney*, 360 P.2d 746 (Wash. 1961) ....................................................................... 9

*Morrison v. Basin Asphalt Co.*, 127 P.3d 1 (Wash. Ct. App. 2005) ........................................... 10

*MSO Wash., Inc. v. RSUI Grp., Inc.*, No. C12-6090-RJB, 2013 WL 1914482 (W.D. Wash. May 8, 2013) ................................................................................................................. 2

*Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823 (9th Cir. 2018) ................................................. 1, 2

*Smith v. Ardew Wood Prods., Ltd.*, No. C07-5641-FDB, 2008 WL 2275541 (W.D. Wash. June 3, 2008) .............................................................................................................. 4

WASHINGTON'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE GEO GROUP, INC.'S AFFIRMATIVE DEFENSES

ii

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

*Spencer v. Peters*, 907 F. Supp. 2d 1221 (W.D. Wash. 2012)......................................................3

*TMJ Haw. Inc. v. Nippon Tr. Bank*, 16 Fed. App'x. 795 (9th Cir. 2001)....................................4

*U.S. Bank Nat'l Ass'n v. Plumb*, No. 34615-3-III, 2017 WL 6388982 (Wash. Ct. App. Dec. 14, 2017)..........................................................................................................................8

*Washington v. LG Elecs., Inc.*, 375 P.3d 636 (Wash. 2016)........................................................5

### **Statutes**

Wash. Rev. Code § 49.46.005(1)...................................................................................................7

Wash. Rev. Code § 49.46.010(3)(k) ............................................................................................12

WASHINGTON'S REPLY IN SUPPORT
OF MOTION FOR PARTIAL SUMMARY
JUDGMENT ON THE GEO GROUP,
INC.'S AFFIRMATIVE DEFENSES

iii

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

## I.     INTRODUCTION

Trial is fast approaching, and it is now time to clear away claims that were proven through discovery to be meritless. The undisputed evidence, the law, and prior rulings from this court prevent GEO from establishing the affirmative defenses of laches, unclean hands, and failure to join the Department of Homeland Security (DHS), U.S. Immigration & Customs Enforcement (ICE), or the Washington Department of Labor & Industries (Labor & Industries) as required parties.

Despite a full record—including GEO's own fatal admissions—GEO requests that the Court deny Washington's motion for partial summary judgment against those defenses, or alternatively, give GEO two more months to fish for evidence that might support them. But the record is robust and dispositive, and GEO fails to identify any specific facts that it is likely to discover that would preclude summary judgment. Washington's motion should be granted.

## II.    ARGUMENT

**A.    Washington's Motion is Timely, and GEO Identifies No Specific Facts Warranting a Continuance Under Rule 56(d)**

GEO complains that it has not had "the chance to develop its evidence" since the Court allowed it to develop several of its affirmative defenses. *See* ECF No. 188 at 1-2 (citing ECF No. 44 (Feb. 28, 2018 Order) at 10) (internal quotations omitted). But it is undisputed that the parties have actively engaged in discovery for more than a year since that ruling and discovery is scheduled to close in less than two months. Washington's motion is timely and GEO fails to identify specific facts it can discover that would prevent summary judgment on the defenses at issue or justify any further delay.

The law is well-settled that a party requesting a continuance, denial, or other order "pursuant to Rule 56(d) must identify by affidavit 'the *specific facts* that further discovery would reveal, and explain why those facts would preclude summary judgment.'" *Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 833 (9th Cir. 2018) (citing *Tatum v. City & County of San Francisco*, 441

WASHINGTON'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE GEO GROUP, INC.'S AFFIRMATIVE DEFENSES

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

F.3d 1090, 1100 (9th Cir. 2006)) (emphasis added). "The facts sought must be 'essential' to the party's opposition to summary judgment, Fed. R. Civ. P. 56(d), and it must be 'likely' that those facts will be discovered during further discovery." *Stein*, 906 F.3d at 833 (citing *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998)). "The burden is on the party seeking a Rule 56(d) continuance 'to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment.'" *Atay v. County of Maui*, 842 F.3d 688, 698 (9th Cir. 2016) (citing *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001)). "Failure to comply with these requirements is a proper ground for denying discovery and proceeding to summary judgment." *Echlin v. Dynamic Collectors, Inc.*, 102 F. Supp. 3d 1179, 1183 (W.D. Wash. 2015) (citing *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)). "Denial of a Rule 56(d) application" also "is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation." *MSO Wash., Inc. v. RSUI Grp., Inc.*, No. C12-6090-RJB, 2013 WL 1914482, at *10 (W.D. Wash. May 8, 2013) (citing *California ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779-80 (9th Cir. 1998)).

GEO fails to meet this burden. Its counsel declares that GEO "intends" to depose representatives from Labor & Industries, the Washington State Department of Corrections (DOC), the Washington State Department of Social and Health Services (DSHS), and the Governor's Office. ECF No. 189 ¶ 2. Apart from that, GEO's counsel declares only that GEO "anticipates" that those depositions "will establish the nature and extent of the State's knowledge of the Voluntary Work Program (VWP), the reasonableness of the State's delay, and the State's own use of work programs that do not pay minimum wage." *Id.* Simply identifying general topics of inquiry that GEO speculates may yield information helpful to its defenses is plainly insufficient to justify relief under Rule 56(d). *See Echlin*, 102 F. Supp. 3d at 1183 (denying a Rule 56(d) continuance where affidavit sought discovery into "the circumstances surrounding [plaintiff's] debt, [defendant's] debt collection conduct, and [defendant's] guidelines" but failed

WASHINGTON'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE GEO GROUP, INC.'S AFFIRMATIVE DEFENSES

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

to identify specific, discoverable facts "essential" to plaintiff's defense); *cf. Spencer v. Peters*, 907 F. Supp. 2d 1221, 1230-32 (W.D. Wash. 2012) (granting continuance where plaintiff listed sixteen specific discoverable facts that would create genuine issue of material fact as to defendant's claim of absolute immunity).

Even if GEO's declaration were sufficient—and it is not—additional discovery will not preclude summary judgment. As to GEO's claim that it needs to "establish the nature and extent of the State's knowledge of the Voluntary Work Program" and "the reasonableness of the State's delay" in filing suit, it has been in possession of the 2014 internal communications between and among Labor & Industries and the Governor's Office concerning the payment of $1 per day to detainee workers—and known the identities of the state employees involved in those communications—since at least October 2018 when it filed them with this Court. *See* ECF No. 131 at 22-44. Further, GEO already has all responsive and non-privileged documents from the Governor's Office, as well as Labor & Industries, DOC, and DSHS. *See* ECF No. 184 ¶ 10; Declaration of La Rond Baker in Support of Reply ("Baker Decl.") ¶ 3 (regarding agency discovery).[1] And those records confirm that Washington had no knowledge—before 2014—of GEO's detainee payment practices.

As for GEO's claim that it needs to establish "the State's own use of work programs that do not pay minimum wage," Washington's custodial work programs at correctional and detention facilities operated by DOC and DSHS are exempt from Washington's minimum wage law and have no bearing on GEO's unclean hands defense—the only defense at issue for which GEO claims a need for such evidence. *See J. L. Cooper & Co. v. Anchor Sec. Co.*, 113 P.2d 845, 858 (Wash. 1941) (rejecting defense of "unclean hands" where purported bad action arose out of an unrelated transaction). Even if they did, Washington has admitted that its work programs

---

[1] GEO incorrectly claims that Washington continues to produce documents from those agencies. ECF No. 188 at 5. Since filing the present motion, Washington produced the final installment of agency documents on April 18, 2019. *See* Baker Decl. ¶ 3.

WASHINGTON'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE GEO GROUP, INC.'S AFFIRMATIVE DEFENSES

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

do not pay minimum wage, so there are no facts left to discover. *See* Baker Decl. ¶ 4, Ex. A (Suppl. Resps. to GEO's First Requests for Admission (RFAs) 9-10).

Thus, since there is "no likelihood of material new information being disclosed at the deposition[s]" GEO plans to take, its request for denial or continuance of Washington's motion should be denied. *Cal. Union Ins. Co. v. Am. Diversified Sav. Bank*, 914 F.2d 1271, 1278-79 (9th Cir. 1990). The cases cited by GEO do not require a different result. *See Geurin v. Winston Indus., Inc.*, 316 F.3d 879, 883-84, 884 n.8 (9th Cir. 2002) (vacating partial summary judgment against affirmative defense of third-party liability statute required the "trier of fact," not the court, to attribute causation regarding claimant's damages); *TMJ Haw. Inc. v. Nippon Tr. Bank*, 16 Fed. App'x. 795, 796-97 (9th Cir. 2001) (unpublished) (reversing summary judgment where counsel's declaration "set[] forth particular facts expected to be obtained from Mr. Ishimura that would demonstrate genuine issues of material fact" and "the defendants had yet to file answers to the amended complaint and nine months remained before the cutoff of discovery); *Madison Dev. Grp. LLC v. Singelyn*, No. C17-1585-JCC, 2018 WL 1994141, at *2 (W.D. Wash. Apr. 27, 2018) (continuing summary judgment where "[c]ounsel's declaration identified specific information not yet in its possession that could preclude summary judgment" and the parties were "only one-third of the way into their allotted time for discovery"); *Smith v. Ardew Wood Prods., Ltd.*, No. C07-5641-FDB, 2008 WL 2275541, at *2-3 (W.D. Wash. June 3, 2008) (denying without prejudice plaintiff's motion for summary judgment against affirmative defense of proportionate fault where evidence of record demonstrated plaintiff and/or his employer were likely at fault, plaintiff had not been deposed or produced his medical records, and seven months remained in discovery).

**B.   Summary Judgment Is Appropriate on GEO's Equitable Defense of Laches**

The law and the undisputed facts support Washington's request for judgment on GEO's equitable defense of laches. GEO proffers no law or evidence that require otherwise.

WASHINGTON'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE GEO GROUP, INC.'S AFFIRMATIVE DEFENSES

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1. **This Action Is Not Subject to Laches Because it Is a Government Law Enforcement Action Brought in the Public Interest**

GEO does not contest long-standing U.S. Supreme Court authority holding that government suits on behalf of the public—like this one—are not subject to laches, as a matter of public policy, to preserve "the public rights, revenues, and property from injury and loss, by the negligence of public officers." *Guar. Tr. Co. of N.Y. v. United States*, 304 U.S. 126, 132 (1938). Instead, GEO contends that the Washington State Supreme Court has put state law at odds with bedrock common law principles. *See* ECF No. 188 at 5-6 (citing *Lopp v. Peninsula Sch. Dist. No. 401*, 585 P.2d 801 (Wash. 1978)). But *Lopp* was not a government enforcement action and the *Lopp* court nowhere considered whether laches applies to a government suit on behalf of the public. *See generally Lopp*, 585 P.2d at 801. To the contrary, *Lopp* was brought by a private plaintiff purportedly seeking to protect the public interest. *See id.* at 802. Thus, *Lopp* is inapposite and stands only for the unremarkable proposition that "laches can sometimes be a bar even in a public interest lawsuit" by a private party. *Id.* at 804. The same is not true of a law enforcement action by the Attorney General. *See Washington v. LG Elecs., Inc.*, 375 P.3d 636, 642 (Wash. 2016) (embracing "age-old" *nullum tempus* doctrine); *Guar. Tr. Co. of N.Y.*, 304 U.S. at 132 (*nullum tempus* doctrine dictates "that the sovereign is exempt from the consequences of its laches"). And even if this Court extended *Lopp* to apply to government suits—which it should not—*Lopp* also held that "the nature of the lawsuit," and specifically whether it is a "public interest lawsuit," is a "factor to be considered by the court in determining whether the doctrine of laches should be applied." *Lopp*, 585 P.2d at 804. Here, the public interest clearly weighs against application of laches against Washington's law enforcement action that seeks to protect Washington workers. *See* Wash. Rev. Code § 49.46.005(1) (noting that the Legislature enacted minimum wage laws to protect Washington workers as well as to safeguard the immediate and future health and welfare of the people of the state).

WASHINGTON'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE GEO GROUP, INC.'S AFFIRMATIVE DEFENSES

5

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    Summary judgment should be granted against GEO's affirmative defense of laches on
2    this basis alone.

3    **2. Even If It Were an Available Defense, No Genuine Issues of Material Fact Prevents Summary Judgment as to Laches**

4    **a. There is no dispute as to the time within which Washington brought suit, and there was no unreasonable delay, as a matter of law**

6    It is undisputed that Washington filed suit within four months of the Attorney General opening an investigation into GEO's labor practices regarding the VWP.[2] ECF No. 109-2 at 84:8-11 (investigation opened in May 2017). That fact alone is sufficient to rule in Washington's favor on GEO's laches defense.

10   But even if the Court measures the timeliness of Washington's suit from March 2014, when the Governor's Office and Labor & Industries were first alerted by attorneys and advocates that the NWDC detainee-workers were paid $1 per day, GEO cites no authority holding that a lapse of three-and-one-half years constitutes unreasonable delay for purposes of laches. *See Davidson v. Washington*, 802 P.2d 1374, 1381 (Wash. 1991) (applying laches to plaintiffs' attempt to reclaim shoreland from the State after a sixty-seven year delay); *Hunter v. Hunter*, 758 P.2d 1019, 1023 (Wash. Ct. App. 1988) (rejecting laches after finding seven-year delay not unreasonable).

18   Effectively conceding that a longer period of time is required to establish unreasonable delay, GEO claims that "a genuine dispute exists as to whether the State knew of the VWP much earlier," referencing a 2009 email from its counsel to "a member of the State legislature" to which was attached "a Detainee Handbook about the NWDC."[3] ECF No. 188 at 6-7 (citing ECF No. 189-2). This argument is absurd. Even setting aside that the email makes no mention of

---

[2] GEO claims that the state began "actively investigating" GEO in 2014, citing as evidence an email from a Tacoma resident to her state legislator, followed by an email from a legislative staffer to counsel for GEO asking for "some background." ECF No. 188 at 7 (citing ECF No. 189-3). Other than one email from a legislative staffer (who has no authority to enforce Washington law), GEO cites no evidence whatsoever of any 2014 investigation into its detainee labor practices.

[3] The VWP is only referenced at page 10 of the 25-page Handbook. *See* ECF No. 189-2 at 3.

WASHINGTON'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE GEO GROUP, INC.'S AFFIRMATIVE DEFENSES

6

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

GEO's practice of paying detainee workers $1 per day for work performed in the VWP, "notice" to a single legislator in a different branch of government cannot possibly constitute notice to the entire executive branch charged with enforcement of the laws. On that logic, Washington could be barred from bringing a claim each time a judge or court clerk aware of facts possibly giving rise to a cause of action fails to inform the appropriate executive agency. The implications are not only preposterous, but would run afoul of the separation of powers. Thus, GEO provides no evidence that Washington knew, or could have known, of GEO's violations of the minimum wage laws before March 2014.

GEO's statute-of-limitations argument is also unavailing. GEO argues that "a factual dispute exists about whether the length of the delay was reasonable" because "the relevant statute of limitations is three years." ECF No. 188 at 7. But GEO later concedes that "the Court held that the statute of limitations [does] not apply because the State is pursuing a 'quasi-sovereign' interest," *see id.* at 8 (citing ECF No. 44 at 9-10), and GEO cites no case contrary to the general rule that, "[a]bsent unusual circumstances, the doctrine of laches should not be invoked to bar an action short of the applicable statute of limitation." *Glob. Neighborhood v. Respect Wash.*, 434 P.3d 1024, 1040 (Wash. Ct. App. 2019). Because there is no dispute that Washington's claim was timely, any purported delay in Washington's enforcement of laws to GEO's VWP payment practices was reasonable.

        **b.**      **GEO suffered no legally cognizable prejudice from any purported delay in Washington enforcing its laws**

GEO argues that "[s]ummary judgment is . . . inappropriate because a factual dispute exists about whether GEO has been prejudiced" by Washington's alleged delay in bringing this action. ECF No. 188 at 8. GEO claims two types of prejudice—evidentiary and economic. But GEO provides the Court with nothing more than speculation regarding its claimed evidentiary prejudice, and its purported "economic prejudice" is not legally cognizable prejudice for purposes of laches.

WASHINGTON'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE GEO GROUP, INC.'S AFFIRMATIVE DEFENSES

7

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

GEO speculates that it may suffer evidentiary prejudice because (1) Washington "is still producing documents from the relevant agencies," (2) GEO has not had time to evaluate which witnesses have enough historical information about the State's delays," and (3) GEO "has not had the opportunity to question State witnesses regarding the quality of their memories of the underlying events, specifically regarding the circumstances of the State learning of the VWP at NWDC." ECF No. 188 at 9. However, the parties have engaged in discovery for over a year and GEO has been in possession, since at least October 2018, of the 2014 internal communications between and among Labor & Industries and the Governor's Office concerning GEO's practice of paying detainee workers only $1 per day—when it filed them with the Court. *See* ECF No. 131. Further, as discussed above, Washington has produced all responsive and non-privileged documents from Labor & Industries, DOC, DSHS, and the Governor's Office. GEO's wholesale speculation concerning the loss of evidence or degradation of witnesses' memories is insufficient to show evidentiary prejudice. *Eat Right Foods Ltd. v. Whole Foods Market, Inc.*, 880 F.3d 1109, 1120 (9th Cir. 2018) ("The mere assertion that [employees] are not presently with the company is insufficient to support a finding of prejudice.").

Similarly, GEO argues that it cannot now be forced to comply with Washington's laws because—after flaunting them for over a decade—now requiring compliance would cause GEO "economic" prejudice. That argument fails. Being required to comply with one's legal obligations cannot be the basis for prejudice to support a laches defense. *See Hunter v. Hunter*, 758 P.2d 1019, 1023 (Wash. Ct. App. 1988) (rejecting laches defense predicated on claim that complying with an outstanding legal obligation would be prohibitively expensive). *See also U.S. Bank Nat'l Ass'n v. Plumb*, No. 34615-3-III, 2017 WL 6388982, at *3 (Wash. Ct. App. Dec. 14, 2017) (unpublished) (holding that avoiding paying a legal obligation is a benefit, and not prejudice, for purposes of laches). The sole case GEO relies upon to support its contention is factually distinguishable and provides the Court with no reason to deviate from the rule articulated in *Hunter*. *See Evergreen Safety Council v. RSA Network, Inc.*, No. C09-1643-RSM,

WASHINGTON'S REPLY IN SUPPORT
OF MOTION FOR PARTIAL SUMMARY
JUDGMENT ON THE GEO GROUP,
INC.'S AFFIRMATIVE DEFENSES

8

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

2011 WL 2462303, at *2-3 (W.D. Wash. June 17, 2011) (applying laches where an individual plaintiff had "frequent interactions and contact" with defendant, along with a physical copy of the copyright-infringing material, for ten years before bringing suit).

Simply put, GEO has failed to meet its burden and summary judgment should be granted against its affirmative defense of laches.

**C.     Summary Judgment Is Appropriate on GEO's Equitable Defense of Unclean Hands**

As GEO concedes, unclean hands must arise out of a previous transaction between the same two parties. *See* ECF No. 188 at 10 ("The State is correct that the act creating unclean hands must generally relate to the 'same transaction or controversy.'").[4] GEO cannot establish an unclean hands defense because there is no dispute that Washington was not party to, or transactant in, GEO's contractual dealings with ICE or GEO's decision to pay detainees $1 per day. Instead, the undisputed facts show that Washington played no part in developing the payment practices which are the transaction at the core of this litigation.[5]

In an effort to sidestep this fatal fact, GEO argues that an unclean hands defense is available to GEO because Washington "is standing in the shoes of the detainees to seek a money award[.]" ECF No. 188 at 10. GEO's argument is factually and legally flawed. The Washington State Attorney General—not the Department of Labor and Industries—brought this challenge to GEO's practices and did so in its capacity as *parens patriae*. *See* ECF No. 29 at 12 (noting that Washington has a protectable interest "in the well-being of its populace") (quoting *Alfred L.*

---

[4] Relying on an unpublished decision, *Northwest Mutual Life Insurance Co. v. Koch*, No. C08-5394BHS, 2010 WL 519727, at *3 (W.D. Wash. Feb. 10, 2010), GEO seeks to widen the scope of the unclean hands defense to encompass conduct arising out of the same "controversy." ECF No. 188 at 10. The *Koch* court cites *McKelvie v. Hackney*, 360 P.2d 746 (Wash. 1961), for this proposition. However, a review of *McKelvie* reveals no reference to a "controversy," but only to a "transaction." *McKelvie*, 360 P.2d at 752 ("The authorities are in accord that the 'clean hands' principle does not repel a sinner from courts of equity, nor does it disqualify any claimant from obtaining relief there who has not dealt unjustly *in the very transaction concerning which he complains*.") (internal citation omitted) (emphasis in original).

[5] GEO itself admits that Washington never: (1) participated in the ownership or operation of the NWDC or the VWP at the NWDC, ECF No. 156, RFAs 1-2, 5; (2) encouraged GEO's payment practices in the VWP, ECF No. 184-1, RFA 74; or (3) ratified or provided an assessment of GEO's payment practices in the VWP, *id.*, RFAs 74-77.

WASHINGTON'S REPLY IN SUPPORT
OF MOTION FOR PARTIAL SUMMARY
JUDGMENT ON THE GEO GROUP,
INC.'S AFFIRMATIVE DEFENSES

9

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1  *Snapp & Son, Inc. v. Puerto Rico*, 458 U.S. 592, 602 (1982)). Indeed, the Court held that
2  Washington has "a quasi-sovereign interest in the health and well-being—both physical and
3  economic—of its residents in general." *Id*. Predicated on this, the Court held that Washington
4  stands in its own shoes and that its interests in this matter "extend beyond the individual interest
5  of the parties"—*i.e.* the detainee workers. ECF No. 29 at 13. GEO's cited case, *Morrison v.*
6  *Basin Asphalt Co.*, merely affirms that Labor & Industries may stand in the shoes of harmed
7  workers when *it* sues, but does nothing to erode the Attorney General's authority to bring suit to
8  vindicate state residents' rights. 127 P.3d 1, 2 (Wash. Ct. App. 2005) (citing Wash. Rev. Code §
9  49.46.040(1)(b)). As Washington is protecting its own interests and residents, GEO's attempt to
10 impute any purported participation in its business decision to pay detainee workers $1 per day
11 fails.

12         GEO's remaining arguments fare no better. GEO contends that unclean hands bars
13 equitable recovery because Washington pays participants in its custodial work programs below
14 the minimum wage. ECF No. 188 at 10-11. This fact—which Washington has never denied—
15 cannot change the undisputed fact that Washington never participated in, encouraged, or ratified
16 GEO's payment practices in the VWP. Washington's practices regarding its own detained
17 workers are a separate transaction with a separate factual history and different legal basis. Those
18 practices cannot be deemed to arise from or relate to GEO's payment practices—a necessary
19 prerequisite to sustain an unclean hands defense.[6] *See J.L. Cooper & Co.*, 113 P.2d at 858
20 (affirming that the unclean hands defense does not apply where the purported "misconduct [is]
21 not connected with matter in controversy, although directly connected with [the] subject-matter
22 of suit"). GEO seemingly acknowledges this but contends that Washington's "payment decisions

---

[6] Washington does not concede that its payment practices at its detention facilities are unjust or improper. The Legislature excluded all governmental detention facilities from Washington's minimum wage laws—acknowledging the impact on the public fisc and the rehabilitative focus of government run institutions. *See* Wash. Rev. Code § 49.46.010(3)(k). However, even if the Court took exception with these practices, such practices are unrelated to the transaction at issue in this litigation.

WASHINGTON'S REPLY IN SUPPORT
OF MOTION FOR PARTIAL SUMMARY
JUDGMENT ON THE GEO GROUP,
INC.'S AFFIRMATIVE DEFENSES

10

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

are relevant to . . . the assessment of the value of inmate/detainee services[.]" ECF No. 188 at 11.

Lastly, GEO argues that Washington has unclean hands because it waited "until a claim against GEO was politically beneficial" to file suit. ECF No. 188 at 11. But it provides no evidence to support this bald assertion. *Id*. To the contrary, the undisputed evidence shows that civil prosecutors in the Washington State Attorney General's Office opened the matter in May 2017, investigated it, and filed suit four months later. *See* ECF No. 109-2 at 84:8-11. This cannot sustain GEO's unclean hands defense.

There is no genuine issue of material fact and summary judgment should be granted against GEO's affirmative defense of unclean hands.

**D.     Summary Judgment Is Appropriate Against GEO's Defenses that Washington Failed to Join Additional Government Entities**

GEO cannot sustain its affirmative defenses of failure to join additional governmental entities.

First, GEO fails to respond to—and therefore concedes—Washington's motion for summary judgment against its affirmative defense of failure to join Labor & Industries as a required plaintiff. *See* ECF No. 188 at 11-16; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 332 n.3 (1986) (affirming that "[s]ummary judgment should be granted if the nonmoving party fails to respond").

Second, GEO's response to Washington's motion for summary judgment on its affirmative defense of failure to join DHS and ICE as required defendants is nothing more than an attempt to relitigate its Motion for Order of Dismissal Based on Plaintiffs' Failure to Join Required Government Parties, Or, Alternatively, to Add Required Government Parties. *See* ECF No. 188 at 11-16. The Court has already considered and rejected those arguments, and GEO failed to move for reconsideration.

WASHINGTON'S REPLY IN SUPPORT
OF MOTION FOR PARTIAL SUMMARY
JUDGMENT ON THE GEO GROUP,
INC.'S AFFIRMATIVE DEFENSES

11

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

The only new element of GEO's argument is the claim that that the Court left an "open question regarding whether ICE limits the amounts GEO can pay to detainees who participate in the VWP." *Id.* (citing ECF No. 58 at 5). As a result, GEO contends that, "[a]t the very least, a factual dispute exists about whether GEO's contracts require GEO to comply with ICE's [Performance Based National Detention Standards], which includes the $1 per day policy, so summary judgment is inappropriate." ECF No. 188 at 14.

GEO's argument ignores the evidentiary record developed during the last year of discovery: (1) GEO admits it can pay more than $1 per day to detainee workers if it so chooses, ECF No. 184-1, RFA 67; (2) the GEO-ICE contract requires—and ICE acknowledges—that GEO must comply with state and local laws when operating the VWP, ECF No. 91 ¶ 14; and (3) development and maintenance of the VWP is solely GEO's responsibility, *id*.

These undisputed facts plainly establish that GEO—not DHS/ICE— is solely responsible for its policies and practices that govern the VWP at the NWDC. In the face of these facts—many of which come from GEO's own discovery admissions—GEO's continued reliance on *Dawavendewa v. Salt River Agricultural Improvement & Power District*, 276 F3d 1150, 1157 (9th Cir. 2002), and *E.E.O.C. v. Peabody Western Coal Co.*, 400 F.3d 774, 780 (9th Cir. 2005), cannot save its affirmative defense. GEO has the ability to comply with Washington's minimum wage laws when utilizing detainee labor in the VWP. Further, GEO's contractual obligation with DHS/ICE requires it to comply with state and local law—including state and local labor law. ECF No. 19 at 48. Requiring GEO to comply with Washington's laws would not trigger any conflicting obligations. Instead, requiring GEO to comply with Washington's laws would—as the Court previously described—create "harmony between GEO's contractual obligation and. . . [Washington's] MWA." ECF No. 58 at 7. Summary judgment should issue against GEO's affirmative defense that DHS/ICE are necessary parties.

### III.   CONCLUSION

Washington's motion for partial summary judgment should be granted.

WASHINGTON'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE GEO GROUP, INC.'S AFFIRMATIVE DEFENSES

12

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

Dated this 3rd day of May, 2019.

Respectfully submitted,

BOB FERGUSON
Attorney General of Washington

s/ *La Rond Baker*
LA ROND BAKER, WSBA No. 43610
MARSHA CHIEN, WSBA No. 47020
ANDREA BRENNEKE, WSBA No. 22027
LANE POLOZOLA, WSBA No. 50138
Assistant Attorneys General
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
larond.baker@atg.wa.gov
marsha.chien@atg.wa.gov
andrea.brenneke@atg.wa.gov
lane.polozola@atg.wa.gov

WASHINGTON'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE GEO GROUP, INC.'S AFFIRMATIVE DEFENSES

13

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the United States District Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

May 3, 2019

     s/*Caitilin Hall*
CAITILIN HALL
Legal Assistant

WASHINGTON'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE GEO GROUP, INC.'S AFFIRMATIVE DEFENSES

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492