1

2

3

4

5

6

7

8

The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

9

STATE OF WASHINGTON,

10

Plaintiff,

11

v.

12

THE GEO GROUP, INC.,

13

Defendant.

14

15

CIVIL ACTION NO. 3:17-cv-05806-RJB

DECLARATION OF LA ROND
BAKER IN SUPPORT OF
WASHINGTON'S REPLY IN
SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT
ON THE GEO GROUP, INC.'S
AFFIRMATIVE DEFENSES

16    Under penalty of perjury under the laws of the United States of America I, La Rond Baker,

17    certify that the below is true and correct:

18    1.   I am over the age of 18 and competent to testify in this matter.

19    2.   I am an Assistant Attorney General in the Civil Rights Division of the Washington State

20    Attorney General's Office and I represent the State of Washington in this matter.

21    3.   As of April 18, 2019, Washington has produced all responsive and non-privileged

22    documents GEO requested from the Washington State Departments of Social and Health Services,

23    Corrections, and Labor and Industries, and the Washington State Governor's Office.

24

25

26

DECLARATION OF LA ROND BAKER IN
SUPPORT OF WASHINGTON'S REPLY IN
SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT ON THE GEO
GROUP, INC.'S AFFIRMATIVE DEFENSES

1

1      4.   Attached hereto as Baker Declaration Exhibit A is a true and correct copy of Washington's

2 Supplemental Answers and Responses to The GEO Group, Inc.'s First Set of Requests for

3 Admissions.

4

5 Executed this 3rd day of May 2019 in Seattle, Washington.

6

7                                              s/ *La Rond Baker*

8                                            LA ROND BAKER, WSBA No. 43610
                                           Assistant Attorney General

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF LA ROND BAKER IN         2        ATTORNEY GENERAL OF WASHINGTON
SUPPORT OF WASHINGTON'S REPLY IN                    Civil Rights Division
SUPPORT OF MOTION FOR PARTIAL                    800 Fifth Avenue, Suite 2000
SUMMARY JUDGMENT ON THE GEO                   Seattle, WA  98104-3188
GROUP, INC.'S AFFIRMATIVE DEFENSES                  (206) 464-7744

1

## CERTIFICATE OF SERVICE

2       I hereby certify that the foregoing document was electronically filed with the United

3  States District Court using the CM/ECF system. I certify that all participants in the case are

4  registered CM/ECF users and that service will be accomplished by the appellate CM/ECF

5  system.

6

7  Dated this 3rd day of May, 2019.

8                       _s/ Caitilin Hall_
                        CAITILIN HALL

9                        Legal Assistant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF LA ROND BAKER IN
SUPPORT OF WASHINGTON'S REPLY IN
SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT ON THE GEO
GROUP, INC.'S AFFIRMATIVE DEFENSES

3

**BAKER DECLARATION**

**EXHIBIT A**

The Honorable Robert J. Bryan

1

2

3

4

5

6

7

8

9

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | NO. 3:17-cv-05806-RJB |
| Plaintiff, | |
| v. | WASHINGTON'S SUPPLEMENTAL ANSWERS AND RESPONSES TO THE GEO GROUP, INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS |
| THE GEO GROUP, INC., | |
| Defendant. | |

## OBJECTIONS

Pursuant to Federal Rules of Civil Procedure 36, Plaintiff State of Washington ("Washington") hereby supplements to Defendant The GEO Group, Inc.'s ("GEO" or "Defendant") First Set of Requests for Admissions Propounded to the State of Washington (collectively "Requests").

## **GENERAL OBJECTIONS**

1.    Washington objects to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, deliberative process privilege, law enforcement privilege, and/or any other applicable legal privilege. If any privileged information is inadvertently provided, Washington does not waive or intend to waive the privilege pertaining to such information.

2.    Washington preserves its objections to the definition of the term "State" on the

1

basis that it includes Washington's "attorneys," as Defendant is not entitled to discover information that is attorney-client privileged or protected by the attorney work product doctrine. Washington further preserves its objections to the definition of the term "State" as overbroad to the extent it seeks to impose obligations upon the Office of the Attorney General to obtain and produce documents or information from "all employees, agents, attorneys, investigators, or other representatives and all other persons acting or purporting to act on its behalf," in other state agencies that are outside of the Office of the Attorney General's possession, custody, or control. Without waiving these objections, and pursuant to the Court's October 2, 2018 order, Washington supplements its responses with information from the Washington State Department of Labor and Industries, Washington State Department of Corrections, Washington State Department of Social and Health Services, the Washington State Governor's Office, and the Washington State Attorney General's Office.

3. Washington objects to the requests to the extent that they seek the production of documents not in its possession, custody or control.

4. Washington objects to the requests to the extent that they seek the production of documents and information that are already in the possession or control of Defendant, or purport to impose upon Washington an obligation to search publicly available materials, when such material is equally accessible to Defendant, or would require Washington to serve subpoenas on unrelated entities to obtain responsive information.

5. These responses are made solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, privilege, materiality, propriety, admissibility, and any and all other objections that would require the exclusion of any information if any requests were made of a witness present and testifying at trial. All such objections are reserved and may be interposed at any time prior to or during the trial in this matter.

6. That Washington has responded to these requests, or any part thereof, should not

WASHINGTON'S SUPPLEMENTAL
ANSWERS AND RESPONSES TO THE
GEO GROUP, INC.'S FIRST SET OF
REQUESTS FOR ADMISSIONS

2

ATTORNEY GENERAL OF WASHINGTON
CIVIL RIGHTS UNIT
800 FIFTH AVENUE, SUITE 2000
SEATTLE, WA  98104
(206) 442-4492

1  be interpreted to mean that such a response constitutes admissible evidence. That Washington

2  has responded to any request, or any part thereof, is not intended and shall not be construed as a

3  waiver of all, or any part, of any objection to any such request.

4         7.       Washington reserves the right to amend any of the responses set forth below in

5  light of information developed or learned on a subsequent date.

6         8.       Each of the foregoing General Objections is incorporated by reference into the

7  responses to each individual request below.

8                               **REQUESTS FOR ADMISSIONS**

9  **REQUEST FOR ADMISSION NO. 1:** Admit that the State has not previously sought to

10  enforce the Minimum Wage Act or bring unjust enrichment claims against GEO or ICE for

11  detainees at the Northwest Detention Center.

12  **RESPONSE:** Washington objects to this request to the extent it seeks information from non-

13  parties or state agencies outside of the Washington Attorney General's Office's possession,

14  custody, or control. Further, Washington objects to this request as it is unclear what time period

15  GEO refers to. Without waiving these objections, Washington admits that the Washington

16  Attorney General's Office has not sought to enforce the Minimum Wage Act or bring unjust

17  enrichment claims against GEO or ICE outside this litigation. Washington is unable to admit or

18  deny whether any other state agency has previously sought to enforce the Minimum Wage Act

19  or bring unjust enrichment claims against GEO or ICE.

20  **SUPPLEMENTAL RESPONSE:** Admit, Washington has not previously enforced the

21  Minimum Wage Act or brought unjust enrichment claims against GEO or ICE for detainees at

22  the Northwest Detention Center.

23

24

25

26

WASHINGTON'S SUPPLEMENTAL
ANSWERS AND RESPONSES TO THE
GEO GROUP, INC.'S FIRST SET OF
REQUESTS FOR ADMISSIONS                    3                    ATTORNEY GENERAL OF WASHINGTON
                                                                        CIVIL RIGHTS UNIT
                                                                   800 FIFTH AVENUE, SUITE 2000
                                                                      SEATTLE, WA  98104
                                                                         (206) 442-4492

1 **REQUEST FOR ADMISSION NO. 2:**  Admit that the State has not previously sought to

2 enforce the Minimum Wage Act or bring unjust enrichment claims against GEO for any other

3 detention facility operated under contract with any federal, state, or municipal entity.

4 **RESPONSE:** Washington objects to this request to the extent it seeks information from non-

5 parties or state agencies outside of the Washington Attorney General's Office's possession,

6 custody, or control. Further, Washington objects to this request as it is unclear what time period

7 GEO refers to. Without waiving these objections, Washington admits that the Washington

8 Attorney General's Office has not sought to enforce the Minimum Wage Act or bring unjust

9 enrichment claims against GEO outside this litigation. Washington is unable to admit or deny

10 whether any state agency has sought to enforce the Minimum Wage Act or bring unjust

11 enrichment claims against GEO for any other detention facility.

12 **SUPPLEMENTAL RESPONSE:**  Admit, Washington has not previously enforced the

13 Washington Minimum Wage Act or brought unjust enrichment claims against GEO for any other

14 detention facility operated under contract with any federal, state, or municipal entity.

15

16

17 **REQUEST FOR ADMISSION NO. 3:** Admit that the State has not previously sought to

18 enforce the Minimum Wage Act or bring unjust enrichment claims against any other private

19 company for any other detention facility operated under contract with any federal, state, or

20 municipal entity.

21 **RESPONSE:** Washington objects to this request to the extent it seeks information from non-

22 parties or state agencies outside of the Washington Attorney General's Office's possession,

23 custody, or control. Further, Washington objects to this request as it is unclear what time period

24 GEO refers to. Without waiving these objections, Washington admits that the Washington

25 Attorney General's Office has not sought to enforce the Minimum Wage Act or bring unjust

26 enrichment claims against any other private company for other detention facilities. Washington

WASHINGTON'S SUPPLEMENTAL
ANSWERS AND RESPONSES TO THE
GEO GROUP, INC.'S FIRST SET OF
REQUESTS FOR ADMISSIONS

4

ATTORNEY GENERAL OF WASHINGTON
CIVIL RIGHTS UNIT
800 FIFTH AVENUE, SUITE 2000
SEATTLE, WA  98104
(206) 442-4492

1  is unable to admit or deny whether any state agency has sought to enforce the Minimum Wage

2  Act against any other private company for other detention facilities.

3  **SUPPLEMENTAL RESPONSE:**   Admit, Washington has not previously enforced the

4  Washington Minimum Wage Act or brought unjust enrichment claims against any other private

5  company for any other detention facility operated under contract with any federal, state, or

6  municipal entity in Washington.

7

8

9  **REQUEST FOR ADMISSION NO. 4**: Admit that oral or written employment contracts or

10  agreements between GEO and current or former detainees do not exist.

11  **RESPONSE**: Washington objects to this request to the extent it seeks information from non-

12  parties outside of the Washington Attorney General's Office's possession, custody, or control.

13  Washington further objects to this request to the extent it seeks information that is within GEO's

14  possession. Without waiving these objections, Washington answers that at this point Washington

15  is unable to admit or deny this request. However, Washington admits that some written

16  agreements and documents exist that include information about the terms and conditions of the

17  employment relationship between GEO and detainee workers.

18

19

20  **REQUEST FOR ADMISSION NO. 5:** Admit that, prior to the filing of the complaint in this

21  case, a Washington state agency or entity never notified GEO that Washington's Minimum

22  Wage Act applied to GEO's VWP.

23  **RESPONSE:** Washington objects to this request to the extent it seeks information from non-

24  parties or state agencies outside of the Washington Attorney General's Office's possession,

25  custody, or control. Without waiving these objections, Washington answers that the Washington

26  Attorney General's Office admits that it notified GEO that Washington's Minimum Wage Act

WASHINGTON'S SUPPLEMENTAL
ANSWERS AND RESPONSES TO THE
GEO GROUP, INC.'S FIRST SET OF
REQUESTS FOR ADMISSIONS
                    5
ATTORNEY GENERAL OF WASHINGTON
CIVIL RIGHTS UNIT
800 FIFTH AVENUE, SUITE 2000
SEATTLE, WA  98104
(206) 442-4492

applied to GEO upon filing of the Complaint in this litigation. Washington is unable to admit or deny whether any other state agency notified GEO that the Minimum Wage Act applied to GEO's Voluntary Work Program.

**SUPPLEMENTAL RESPONSE:** Washington objects to this request to the extent that it is not time-limited and it does not define "notified," as such it is impossible for Washington to confirm whether a state agency or entity has *ever* notified GEO that Washington's Minimum Wage Act applied to GEO's VWP. Without waiving these objections, Washington admits that, neither the Washington State Attorney General's Office nor the Department of Labor and Industries notified GEO that Washington's Minimum Wage Act applied to GEO's Voluntary Work Program at NWDC prior to the filing of the complaint in this case.

**REQUEST FOR ADMISSION NO. 6:** Admit that, prior to the filing of the complaint in this case, a Washington state agency or entity never notified GEO that the agency or entity would seek to enforce Washington's Minimum Wage Act applied to GEO's VWP.

**RESPONSE:** Washington objects to this request to the extent it seeks information from non-parties or state agencies outside of the Washington Attorney General's Office's possession, custody, or control. Without waiving these objections, Washington admits that the Washington Attorney General's Office notified GEO that it would seek to enforce Washington's Minimum Wage Act upon filing of the Complaint in this litigation. Washington is unable to admit or deny whether any other state agency notified GEO that it would seek to apply the Minimum Wage Act to GEO's Voluntary Work Program.

**SUPPLEMENTAL RESPONSE:** Washington objects to this request to the extent that it is not time-limited, it does not define "notified," and it is impossible for Washington to confirm whether a state agency or entity has *ever* notified GEO that it would seek to enforce the Washington Minimum Wage Act to GEO's VWP. Without waiving these objections,

WASHINGTON'S SUPPLEMENTAL
ANSWERS AND RESPONSES TO THE
GEO GROUP, INC.'S FIRST SET OF
REQUESTS FOR ADMISSIONS

6

ATTORNEY GENERAL OF WASHINGTON
CIVIL RIGHTS UNIT
800 FIFTH AVENUE, SUITE 2000
SEATTLE, WA  98104
(206) 442-4492

1    Washington admits that neither the Washington State Attorney General's Office nor the

2    Department of Labor and Industries notified GEO that they would seek to enforce the Minimum

3    Wage Act to GEO's Voluntary Work Program prior to the filing of the complaint in this case.

4

5

6    **REQUEST FOR ADMISSION NO. 7:** Admit that a present or former NWDC detainee has

7    never filed a Minimum Wage Act complaint with the Department of Labor and Industries.

8    **RESPONSE:** Washington objects to this request as it seeks information from non-parties or

9    state agencies outside of the Washington Attorney General's Office's possession, custody, or

10   control. Without waiving these objections, Washington is unable to admit or deny this request.

11   The Washington Attorney General's Office does not operate the Department of Labor and

12   Industries and, therefore, does not track the complaints that agency receives or does not receive

13   from detainees.

14   **SUPPLEMENTAL RESPONSE:** Washington objects to this request to the extent that it is

15   vague and ambiguous as to whether it seeks information about complaints filed by present or

16   former detainees against employers other than GEO. Without waiving its objections, Washington

17   admits in part and denies in part. Washington admits that no past or present detainee has filed a

18   wage complaint against GEO for work performed in the Voluntary Work Program at the NWDC

19   with the Department of Labor & Industries. Washington denies the remainder for lack of

20   knowledge as Department of Labor & Industries does not track information such as whether a

21   worker was a past or present detainee at NWDC when it receives Minimum Wage Act

22   complaints.

23

24

25

26

WASHINGTON'S SUPPLEMENTAL
ANSWERS AND RESPONSES TO THE
GEO GROUP, INC.'S FIRST SET OF
REQUESTS FOR ADMISSIONS

7

1  **REQUEST FOR ADMISSION NO. 8:** Admit that a present or former NWDC detainee has
2  never sought relief from an immigration judge or ICE to work for GEO.
3  **RESPONSE:** Washington objects to this request as it seeks information from non-parties or
4  federal agencies outside of the Washington Attorney General's Office's possession, custody, or
5  control. Washington further objects to this request as it is unclear and/or ambiguous as to what
6  "relief" refers to. Without waiving these objections, Washington answers it is unable to admit or
7  deny whether any detainees have ever sought relief from an immigration judge or ICE to work
8  for GEO.

9

10

11  **REQUEST FOR ADMISSION NO. 9:** Admit that the State of Washington offers inmate
12  and/or detainee work programs in its corrections and detention facilities that do not pay
13  minimum wage for each hour worked by inmates or detainees.
14  **RESPONSE:** Washington objects to this request as it seeks information from non-parties or
15  state agencies outside of the Washington Attorney General's Office's possession, custody, or
16  control. Washington further objects to this request as it is irrelevant and not reasonably calculated
17  to lead to admissible evidence. Without waiving these objections, Washington is unable to admit
18  or deny this request. The Washington Attorney General's Office is aware that Washington's
19  minimum wage law includes a statutory exemption for government-operated institutions, but it
20  does not operate the state corrections and detention facilities nor does it manage inmate and/or
21  detainee work programs.
22  **SUPPLEMENTAL RESPONSE:** Admit, Wash. Rev. Code § 72.60.100 bars inmates from
23  being considered employees or to be employed by the state or the Department of Corrections.
24  Further, all of Washington's inmate and/or detainee work programs are exempt from
25  Washington's minimum wage laws. *See* Wash. Rev. Code § 49.46.010(3)(k). As such,
26

WASHINGTON'S SUPPLEMENTAL
ANSWERS AND RESPONSES TO THE
GEO GROUP, INC.'S FIRST SET OF
REQUESTS FOR ADMISSIONS

8

ATTORNEY GENERAL OF WASHINGTON
CIVIL RIGHTS UNIT
800 FIFTH AVENUE, SUITE 2000
SEATTLE, WA  98104
(206) 442-4492

1  Washington operates inmate and detainee work programs that pay participants less than the

2  Washington minimum wage.

3

4

5  **REQUEST FOR ADMISSION NO. 10:** Admit that the State of Washington has contracts with

6  private contractors such as GEO that provide for inmate and/or detainee work programs in these

7  private corrections and detention facilities that do not pay minimum wage for each hour worked

8  by inmates or detainees.

9  **RESPONSE:** Washington objects to this request as it seeks information from non-parties or

10 state agencies outside of the Washington Attorney General's Office's possession, custody, or

11 control. Washington further objects to this request as it is irrelevant and not reasonably calculated

12 to lead to admissible evidence. Without waiving these objections, Washington is unable to admit

13 or deny this request. The Washington Attorney General's Office does not operate the state

14 corrections and detention facilities nor does it manage its contracts with private contractors such

15 as GEO.

16 **SUPPLEMENTAL RESPONSE:** Admit, Wash. Rev. Code § 72.60.100 bars inmates from

17 being considered employees or to be employed by the state or the Department of Corrections.

18 Further, all of Washington's inmate and/or detainee work programs are exempt from

19 Washington's minimum wage laws. *See* Wash. Rev. Code § 49.46.010(3)(k). As such,

20 Washington contracts with private contractors that provide for inmate and/or detainee work

21 programs in private corrections and detention facilities that do not pay the Washington minimum

22 wage for each hour worked by inmates or detainees.

23

24

25

26

WASHINGTON'S SUPPLEMENTAL
ANSWERS AND RESPONSES TO THE
GEO GROUP, INC.'S FIRST SET OF
REQUESTS FOR ADMISSIONS

9

ATTORNEY GENERAL OF WASHINGTON
CIVIL RIGHTS UNIT
800 FIFTH AVENUE, SUITE 2000
SEATTLE, WA  98104
(206) 442-4492

1  **REQUEST FOR ADMISSION NO. 11**: Admit that the State of Washington's corrections and

2  detention facilities use inmate/detainee labor in its kitchen facilities.

3  **RESPONSE:** Washington objects to this request as it seeks information from non-parties or

4  state agencies outside of the Washington Attorney General's Office's possession, custody, or

5  control. Washington further objects to this request as it is irrelevant and not reasonably calculated

6  to lead to admissible evidence. Without waiving these objections, Washington is unable to admit

7  or deny this request. The Washington Attorney General's Office does not operate the state

8  corrections and detention facilities nor does it determine whether its corrections and detention

9  facilities use inmate labor in their kitchen facilities.

10  **SUPPLEMENTAL RESPONSE:**  Deny in part, Washington does not use inmate/detainee

11  labor in the kitchen facilities at each and every correctional or detention facility owned and

12  operated by Washington. Admit in part, Washington owns and operates some correctional and

13  detention facilities that do use inmate/detainee labor in kitchen facilities.

14

15

16  **REQUEST FOR ADMISSION NO. 12**: Admit that the State of Washington's corrections and

17  detention facilities use inmate/detainee labor in its laundry facilities.

18  **RESPONSE:** Washington objects to this request as it seeks information from non-parties or

19  state agencies outside of the Washington Attorney General's Office's possession, custody, or

20  control. Washington further objects to this request as it is irrelevant and not reasonably calculated

21  to lead to admissible evidence. Without waiving these objections, Washington is unable to admit

22  or deny this request. The Washington Attorney General's Office does not operate the state

23  corrections and detention facilities nor does it determine whether its corrections and detention

24  facilities use inmate labor in their laundry facilities.

25  **SUPPLEMENTAL RESPONSE:**  Deny in part, Washington does not use inmate/detainee

26  labor in the laundry facilities at each and every correctional or detention facility owned and

WASHINGTON'S SUPPLEMENTAL
ANSWERS AND RESPONSES TO THE
GEO GROUP, INC.'S FIRST SET OF
REQUESTS FOR ADMISSIONS
10
ATTORNEY GENERAL OF WASHINGTON
CIVIL RIGHTS UNIT
800 FIFTH AVENUE, SUITE 2000
SEATTLE, WA  98104
(206) 442-4492

1   operated by Washington. Admit in part, Washington owns and operates some correctional and

2   detention facilities that use inmate/detainee labor in laundry facilities.

3

4

5   **REQUEST FOR ADMISSION NO. 13:** Admit that the State of Washington's corrections and

6   detention facilities use inmate/detainee labor to perform janitorial services.

7   **RESPONSE:** Washington objects to this request as it seeks information from non-parties or

8   state agencies outside of the Washington Attorney General's Office's possession, custody, or

9   control. Washington further objects to this request as it is irrelevant and not reasonably calculated

10  to lead to admissible evidence. Without waiving these objections, Washington is unable to admit

11  or deny this request. The Washington Attorney General's Office does not operate the state

12  corrections and detention facilities nor does it determine whether its corrections and detention

13  facilities use inmate labor to perform janitorial services.

14  **SUPPLEMENTAL RESPONSE:**   Deny in part, Washington does not use inmate/detainee

15  labor to perform janitorial services at each and every correctional or detention facility owned

16  and operated by Washington. Admit in part, Washington owns and operates some correctional

17  and detention facilities that use inmate/detainee labor to perform janitorial services.

18

19

20  **REQUEST FOR ADMISSION NO. 14:**   Admit that the State of Washington's corrections and

21  detention facilities use inmate/detainee labor in its barber facilities.

22  **RESPONSE:** Washington objects to this request as it seeks information from non-parties or

23  state agencies outside of the Washington Attorney General's Office's possession, custody, or

24  control. Washington further objects to this request as it is irrelevant and not reasonably calculated

25  to lead to admissible evidence. Without waiving these objections, Washington is unable to admit

26  or deny this request. The Washington Attorney General's Office does not operate the state

WASHINGTON'S SUPPLEMENTAL
ANSWERS AND RESPONSES TO THE
GEO GROUP, INC.'S FIRST SET OF
REQUESTS FOR ADMISSIONS

11

ATTORNEY GENERAL OF WASHINGTON
CIVIL RIGHTS UNIT
800 FIFTH AVENUE, SUITE 2000
SEATTLE, WA  98104
(206) 442-4492

1  corrections and detention facilities nor does it determine whether its corrections and detention
2  facilities use inmate labor in its barber facilities.

3  **SUPPLEMENTAL RESPONSE:**  Deny in part, Washington does not use inmate/detainee
4  labor in the barber shop at every correctional or detention facility owned and operated by
5  Washington. Admit in part, Washington owns and operates some correctional and detention
6  facilities that use inmate/detainee labor in the barber shop.

7

8

9  **REQUEST FOR ADMISSION NO. 15:** Admit that the State of Washington's corrections and
10  detention facilities use inmate/detainee labor to clean inmate/detainee living spaces.

11  **RESPONSE:** Washington objects to this request as it seeks information from non-parties or
12  state agencies outside of the Washington Attorney General's Office's possession, custody, or
13  control. Washington further objects to this request as it is irrelevant and not reasonably calculated
14  to lead to admissible evidence. Without waiving these objections, Washington is unable to admit
15  or deny this request. The Washington Attorney General's Office does not operate the state
16  corrections and detention facilities nor does it determine whether its corrections and detention
17  facilities use inmate labor to clean inmate/detainee living spaces.

18  **SUPPLEMENTAL RESPONSE:**  Object to the extent that "clean inmate/detainee living
19  spaces" is vague. Without waiving its objections, Washington denies this request in part.
20  Washington does not use inmate/detainee labor to clean inmate/detainee living spaces at every
21  correctional or detention facility owned and operated by Washington.  Admit in part, Washington
22  owns and operates some correctional and detention facilities that use inmate/detainee labor to
23  clean inmate/detainee living spaces.

24

25

26

1   **REQUEST FOR ADMISSION NO. 16:** Admit that the State of Washington executed a

2   contract with GEO Group dated May 13, 2015, that "[a]ll eligible offenders shall be afforded the

3   opportunity to participate in programs, occupational training, and work on the same basis as

4   other offenders" and that "[o]ffenders shall not be paid for participation in any program for which

5   an offender in the state of Washington would not be paid."

6   **RESPONSE:** Washington objects to this request as it seeks information from non-parties or

7   state agencies outside of the Washington Attorney General's Office's possession, custody, or

8   control. Washington further objects to this request as it is irrelevant and not reasonably calculated

9   to lead to admissible evidence. Without waiving these objections, Washington is unable to admit

10  or deny this request. The Washington Attorney General's Office does not operate the state

11  corrections and detention facilities nor does it manage contracts executed by state correction

12  agencies.

13  **SUPPLEMENTAL RESPONSE:**  Admit, Washington executed a contract with GEO dated

14  May 13, 2015; however, although the contract was executed, the Department of Corrections

15  never utilized the services of GEO and the contract is now expired.

16

17

18  **REQUEST FOR ADMISSION NO. 17:** Admit that Washington's Minimum Wage Act has no

19  express exception for ICE detainees who are participating in voluntary work programs while

20  detained in Sea Tac.

21  **RESPONSE**: Washington objects to this request as it is irrelevant and is not reasonably

22  calculated to lead to admissible evidence. Without waiving these objections, Washington is

23  unable to admit or deny this request. With this lawsuit, Washington seeks to enforce the

24  Minimum Wage Act as it applies to GEO in its operation of the Northwest Detention Center.

25  Washington has not evaluated whether the Minimum Wage Act applies to other entities for work

26  performed by other detainees held in Sea Tac or other locations. Washington admits that the

WASHINGTON'S SUPPLEMENTAL
ANSWERS AND RESPONSES TO THE
GEO GROUP, INC.'S FIRST SET OF
REQUESTS FOR ADMISSIONS

13

ATTORNEY GENERAL OF WASHINGTON
CIVIL RIGHTS UNIT
800 FIFTH AVENUE, SUITE 2000
SEATTLE, WA  98104
(206) 442-4492

1    Minimum Wage Act has no express exception for ICE detainees who are participating in

2    voluntary work programs while detained in Sea Tac.

3

4

5    **REQUEST FOR ADMISSION NO. 18:** Admit that Washington's Minimum Wage Act claim

6    applies to all ICE detainees held in Washington State whether ICE holds its detainees in Tacoma

7    or Sea Tac.

8    **RESPONSE:** Washington objects to this request as it does not seek information that is

9    reasonably calculated to lead to admissible evidence. Without waiving these objections,

10   Washington is unable to admit or deny this request. With this lawsuit, Washington seeks to

11   enforce the Minimum Wage Act as it applies to GEO in its operation of the Northwest Detention

12   Center. Washington has not evaluated whether the Minimum Wage Act applies to other entities

13   for work performed by other detainees held in Sea Tac or other locations.

14

15

16   **REQUEST FOR ADMISSION NO. 19:** Admit that ICE controls whether GEO operates a

17   VWP at NWDC.

18   **RESPONSE:** Washington objects to this request to the extent it seeks information from non-

19   parties that are outside the Washington Attorney General's Office's possession, custody or

20   control and seeks a legal conclusion. Without waiving these objections, Washington admits that

21   GEO entered into a contract with ICE to provide immigration detention services at the Northwest

22   Detention Center. Washington also admits that the GEO-ICE contract contemplates GEO

23   operating a Voluntary Work Program pursuant to its contractual obligations and the Performance

24   Based National Detention Standards.

25

26

WASHINGTON'S SUPPLEMENTAL
ANSWERS AND RESPONSES TO THE
GEO GROUP, INC.'S FIRST SET OF
REQUESTS FOR ADMISSIONS

14

ATTORNEY GENERAL OF WASHINGTON
CIVIL RIGHTS UNIT
800 FIFTH AVENUE, SUITE 2000
SEATTLE, WA  98104
(206) 442-4492

1  **REQUEST FOR ADMISSION NO. 20:** Admit that ICE sets classification standards for ICE
2  detainees held at NWDC.

3  **RESPONSE:** Washington objects to this request to the extent it seeks information from non-
4  parties that are outside the Washington Attorney General's Office's possession, custody or
5  control. Without waiving these objections, Washington denies this request. GEO may adopt
6  ICE's classification standards or adopt its own standards. Specifically, ICE's Performance-
7  Based National Detention Standards states that each facility "shall develop and implement a
8  system for classifying detainees" and that facilities have the option of "rely[ing] on the ICE
9  Custody Classification Worksheet" or a "similar locally established system." Further, it is GEO,
10 and not ICE, that employs "Classification Officers," who classify detainees upon a detainee's
11 arrival at the Northwest Detention Center and consider subsequent requests for reclassification.

12

13

14 **REQUEST FOR ADMISSION NO. 21:** Admit that ICE has a full-time on-site contract
15 monitor at NWDC who oversees implementation of the ICE contract to include the VWP.

16 **RESPONSE:** Washington objects to this request as it seeks information from non-parties that
17 are outside the Washington Attorney General's Office's possession, custody or control. Without
18 waiving these objections, Washington is unable to admit or deny whether ICE has a full-time,
19 on-site contract monitor at the Northwest Detention Center or whether the scope of such person's
20 duty includes oversight of the ICE contract, including the Voluntary Work Program.

21

22

23 **REQUEST FOR ADMISSION NO. 22:** Admit that ICE controls the activities ICE detainees
24 volunteer to participate in at NWDC.

25 **RESPONSE:** Washington objects to this request as it seeks information from non-parties that
26 are outside the Washington Attorney General's Office's possession, custody or control. Without

WASHINGTON'S SUPPLEMENTAL
ANSWERS AND RESPONSES TO THE
GEO GROUP, INC.'S FIRST SET OF
REQUESTS FOR ADMISSIONS

15

ATTORNEY GENERAL OF WASHINGTON
CIVIL RIGHTS UNIT
800 FIFTH AVENUE, SUITE 2000
SEATTLE, WA 98104
(206) 442-4492

1   waiving these objections, Washington denies this request. GEO, and not ICE, controls the

2   activities of detainees at the Northwest Detention Center because it is GEO that supervises,

3   trains, and assigns detainees to jobs within the Voluntary Work Program on any given day. In

4   addition, ICE's Performance-Based National Detention Standards confirm "the facility

5   administrator," and not ICE, "shall develop site-specific rules for selecting work detail

6   volunteers," and "shall establish procedures for informing detainee volunteers about on-the-job

7   responsibilities and reporting procedures."

8

9

10  **REQUEST FOR ADMISSION NO. 23:** Admit that ICE controls the hours of operation of the

11  VWP at the NWDC.

12  **RESPONSE:** Washington objects to this request as it seeks information from non-parties that

13  are outside the Washington Attorney General's Office's possession, custody or control. Without

14  waiving these objections, Washington denies this request. GEO, and not ICE, supervises, trains,

15  and assigns detainees to jobs within the Voluntary Work Program. GEO likewise sets the shifts

16  and hours for job assignments in the Voluntary Work Program, including any ad-hoc job

17  assignments that occur at all hours of the day and night.

18

19

20  **REQUEST FOR ADMISSION NO. 24:**  Admit that ICE controls the participation of any ICE

21  detainee in the VWP at NWDC.

22  **RESPONSE:** Washington objects to this request as it seeks information from non-parties that

23  are outside the Washington Attorney General's Office's possession, custody or control. Without

24  waiving these objections, Washington denies this request. GEO, and not ICE, controls the

25  participation of any detainee in the Voluntary Work Program on any given day. GEO supervises,

26  trains, and assigns detainees to jobs within the Voluntary Work Program. ICE's Performance-

WASHINGTON'S SUPPLEMENTAL
ANSWERS AND RESPONSES TO THE
GEO GROUP, INC.'S FIRST SET OF
REQUESTS FOR ADMISSIONS

16

ATTORNEY GENERAL OF WASHINGTON
CIVIL RIGHTS UNIT
800 FIFTH AVENUE, SUITE 2000
SEATTLE, WA  98104
(206) 442-4492

1    Based National Detention Standards further state that "the facility administrator," i.e., GEO, and

2    not ICE, "shall develop site-specific rules for selecting work detail volunteers," and "shall

3    establish procedures for informing detainee volunteers about on-the-job responsibilities and

4    reporting procedures."

5

6

7    **REQEUST FOR ADMISSION NO. 25:** Admit that ICE controls the total number of

8    participants in the VWP at NWDC.

9    **RESPONSE:** Washington objects to this request as it seeks information from non-parties that

10   are outside the Washington Attorney General's Office's possession, custody or control. Without

11   waiving these objections, Washington denies this request. GEO controls the number of detainees

12   in the Voluntary Work Program on any given day. It is GEO that supervises, trains, and assigns

13   detainees to jobs within the Voluntary Work Program.

14

15

16   **REQUEST FOR ADMISSION NO. 26:** Admit that ICE controls all staffing ratios at the

17   NWDC.

18   **RESPONSE:** Washington objects to this request to the extent it seeks information from non-

19   parties outside of the Washington Attorney General's Office's possession, custody, or control.

20   Without waiving these objections, Washington answers that it is unable to admit or deny this

21   request as it is unclear and/or ambiguous as to what "staffing ratios" refers to.

22

23

24

25

26

WASHINGTON'S SUPPLEMENTAL
ANSWERS AND RESPONSES TO THE
GEO GROUP, INC.'S FIRST SET OF
REQUESTS FOR ADMISSIONS

17

ATTORNEY GENERAL OF WASHINGTON
CIVIL RIGHTS UNIT
800 FIFTH AVENUE, SUITE 2000
SEATTLE, WA  98104
(206) 442-4492

1   **REQUEST FOR ADMISSION NO. 27:**  Admit that ICE pays ICE detainees $1.00 per day to

2   participate in its VWP at NWDC.

3   **RESPONSE:** Washington denies this request. ICE reimburses GEO in the amount of $1.00 for

4   each detainee who works in the Voluntary Work Program. However, it is GEO who pays

5   detainees for work performed under the Voluntary Work Program. It is also GEO who chooses

6   the detainee-workers' rate of pay.

7

8

9   **REQUEST FOR ADMISSION NO. 28:** Admit that ICE pays ICE detainees $1.00 per day to

10  participate in its VWP at Sea Tac.

11  **RESPONSE:** Washington objects to this request as it seeks information from non-parties

12  outside the Washington Attorney General's Office's possession, custody or control. Washington

13  further objects as it is irrelevant and is not reasonably calculated to lead to admissible evidence.

14  Without waiving these objections, Washington is unable to admit or deny this request.

15  Washington is not aware the rate of pay detainees receive at a detention facility that is not the

16  subject of this lawsuit.

17

18

19  **REQUEST FOR ADMISSION NO. 29:** Admit that GEO may not pay ICE detainees more

20  than $1.00 per day to participate in the ICE VWP at NWDC without ICE approval.

21  **RESPONSE:** Washington denies this request. ICE reimburses GEO in the amount of $1.00 for

22  each detainee who works in the Voluntary Work Program. However, ICE nowhere requires ICE

23  approval for GEO to pay detainees more than $1.00 per day for work performed.

24

25

26

WASHINGTON'S SUPPLEMENTAL
ANSWERS AND RESPONSES TO THE
GEO GROUP, INC.'S FIRST SET OF
REQUESTS FOR ADMISSIONS

18

ATTORNEY GENERAL OF WASHINGTON
CIVIL RIGHTS UNIT
800 FIFTH AVENUE, SUITE 2000
SEATTLE, WA  98104
(206) 442-4492

1  **REQUEST FOR ADMISSION NO. 30:** Admit that the Attorney General brings this lawsuit

2  against GEO using the Attorney General's law enforcement authority.

3  **RESPONSE:** Admit, Washington brings suit against GEO using the Attorney General's law

4  enforcement authority. *See* Wash. Rev. Code § 43.10.030 and *City of Seattle v. McKenna*, 529

5  P.3d 1087 (Wash. 2011).

6

7

8  **REQUEST FOR ADMISSION NO. 31:** Admit that participation in the VWP is voluntary.

9  **RESPONSE:** Washington objects to this request to the extent it seeks information from non-

10  parties outside the Washington Attorney General's Office's possession, custody or control.

11  Without waiving these objections, Washington can neither admit nor deny this request, as it

12  depends on the circumstances of individual detainees. Some detainee-workers have no source of

13  income outside of the VWP and are unable to seek other employment. GEO requires detainees

14  to pay for their own telephone and other communication services to remain in contact with their

15  friends and families. GEO also requires detainees to pay for personal hygiene and food items in

16  the Commissary. As such, detainee-workers with no other source of income must participate in

17  the VWP to earn any money to purchase necessary personal items.

18

19

20  **REQUEST FOR ADMISSION NO. 32:** Admit that it is the sole responsibility of ICE to

21  determine whether a detainee will be allowed to perform on voluntary work details and at what

22  classification level.

23  **RESPONSE:** Washington objects to this request to the extent it seeks information from non-

24  parties outside the Washington Attorney General's Office's possession, custody or control.

25  Without waiving these objections, Washington denies this request. GEO, and not ICE,

26

WASHINGTON'S SUPPLEMENTAL
ANSWERS AND RESPONSES TO THE
GEO GROUP, INC.'S FIRST SET OF
REQUESTS FOR ADMISSIONS

19

ATTORNEY GENERAL OF WASHINGTON
CIVIL RIGHTS UNIT
800 FIFTH AVENUE, SUITE 2000
SEATTLE, WA  98104
(206) 442-4492

1    determines whether any given detainee will be allowed to perform on voluntary work details and
2    at what classification level.
3
4
5    **REQUEST FOR ADMISSION NO. 33:** Admit that ICE has never advised Washington that
6    ICE detainees participating in the VWP at NWDC may be GEO's employees.
7    **RESPONSE:** Washington objects to this request to the extent it seeks information from non-
8    parties or state agencies outside of the Washington Attorney General's Office's possession,
9    custody, or control. Without waiving these objections, Washington admits that ICE has never
10   advised the Washington Attorney General's Office as to whether detainees participating in the
11   NWDC are GEO's employees.
12   **SUPPLEMENTAL RESPONSE:**  Admit, ICE has never advised Washington as to whether
13   detainees participating in the VWP at NWDC are GEO's employees.
14
15
16   **REQUEST FOR ADMISSION NO. 33:**  Admit that Washington has no documents that show
17   the amount of time any ICE detainee participated in the VWP at NWDC.
18   **RESPONSE:** Washington objects to this request as it seeks information from non-parties or
19   state agencies outside of the Washington Attorney General's Office's possession, custody, or
20   control. Without waiving these objections, Washington admits and denies this Request.
21   Washington admits that as of now the Washington Attorney General's Office has no documents
22   that track the specific amount of time each detainee spent working in the Voluntary Work
23   Program. Washington denies to the extent that Washington has documents that detail the shifts,
24   and approximate hours of the shifts for various job duties/assignments which generally show the
25   daily amount of time – by assignment – detainee workers provide their labor to GEO through
26   their participation in the VWP.

WASHINGTON'S SUPPLEMENTAL
ANSWERS AND RESPONSES TO THE
GEO GROUP, INC.'S FIRST SET OF
REQUESTS FOR ADMISSIONS

20

ATTORNEY GENERAL OF WASHINGTON
CIVIL RIGHTS UNIT
800 FIFTH AVENUE, SUITE 2000
SEATTLE, WA  98104
(206) 442-4492

1    **SUPPLEMENTAL RESPONSE:** Deny, GEO provided documents to Washington that show

2    aggregate number of hours detainees worked in the VWP at the NWDC.

3

4

5    **REQUEST FOR ADMISSION NO. 34:** Admit that Washington has known the VWP rate for

6    participation at NWDC has been $1.00 per day since its inception.

7    **RESPONSE:** Washington objects to this request as it seeks information from non-parties or

8    state agencies outside of the Washington Attorney General's Office's possession, custody, or

9    control. Washington further objects to this request, as it is vague as to "its inception," and,

10    therefore, is unclear what time period the request refers to. Without waiving these objections,

11    Washington denies that the Washington Attorney General's Office has known the rate GEO pays

12    for participation in the Voluntary Work Program "since its inception."

13    **SUPPLEMENTAL RESPONSE:** Deny, Washington has not known the rate GEO pays for

14    participation in the Voluntary Work Program "since its inception."

15

16

17    **REQUEST FOR ADMISSION NO. 35:** Admit that Washington's Department of Labor and

18    Industries has inspected the NWDC, including its policies and procedures specific to the VWP.

19    **RESPONSE:** Washington objects to this request as it seeks information from non-parties or

20    state agencies outside of the Washington Attorney General's Office's possession, custody, or

21    control. Without waiving these objections, Washington is unable to admit or deny this request.

22    The Washington Attorney General's Office does not operate the Department of Labor and

23    Industries and is unaware whether that agency has inspected the NWDC or its policies and

24    procedures specific to the VWP.

25    **SUPPLEMENTAL RESPONSE:** Deny, the Department of Labor and Industries has inspected

26    some employment practices at the NWDC related to non-detained workers. However, the

WASHINGTON'S SUPPLEMENTAL
ANSWERS AND RESPONSES TO THE
GEO GROUP, INC.'S FIRST SET OF
REQUESTS FOR ADMISSIONS

21

ATTORNEY GENERAL OF WASHINGTON
CIVIL RIGHTS UNIT
800 FIFTH AVENUE, SUITE 2000
SEATTLE, WA  98104
(206) 442-4492

1   Department of Labor and Industries has not inspected or ratified GEO's practices, policies or

2   procedures related to the VWP at NWDC.

3

4

5   **REQUEST FOR ADMISSION NO. 36:**  Admit that Washington's Department of Labor and

6   Industries must enforce Washington's Minimum Wage Act.

7   **RESPONSE:** Objection calls for a legal conclusion and therefore is an improper request for a

8   Request for Admission. Without waiving, Washington admits in part and denies in part.

9   Washington admits that the Department of Labor and Industries has the authority to enforce

10  Washington's Minimum Wage Act. *See* Wash. Rev. Code 49.46.040; Wash. Rev. Code §§

11  49.4649.48.082, 083. Washington admits that L&I must issue an order if L&I conducts a Wage

12  Payment Act investigation after a worker files a wage complaint alleging a Minimum Wage Act

13  violation unless it is "otherwise resolved." *See* Wash. Rev. Code § 49.48.082, 083. No wage

14  complaint has been received by any past or present detainee alleging Minimum Wage violations

15  arising out of GEO's employment practices at NWDC. The Washington Attorney General's

16  Office also has the authority to enforce Washington's Minimum Wage Act. *See* Wash. Rev.

17  Code § 43.10.030; *City of Seattle v. McKenna*, 529 P.3d 1087 (Wash. 2011); *State v. Chinook*

18  *Hotel, Inc.*, 399 P.2d (Wash. 1965). Washington denies the remainder.

19

20

21  **REQUEST FOR ADMISSION NO. 37:** Admit that Washington's Department of Labor and

22  Industries has never enforced Washington's Minimum Wage Act in the VWP at NWDC.

23  **RESPONSE:** Washington objects to this request as it seeks information from non-parties or

24  state agencies outside of the Washington Attorney General's Office's possession, custody, or

25  control. Without waiving these objections, Washington is unable to admit or deny this request.

26  The Washington Attorney General's Office does not operate the Department of Labor and

WASHINGTON'S SUPPLEMENTAL
ANSWERS AND RESPONSES TO THE
GEO GROUP, INC.'S FIRST SET OF
REQUESTS FOR ADMISSIONS

22

ATTORNEY GENERAL OF WASHINGTON
CIVIL RIGHTS UNIT
800 FIFTH AVENUE, SUITE 2000
SEATTLE, WA  98104
(206) 442-4492

1  Industries and cannot confirm whether the Department of Labor and Industries has ever enforced

2  the Minimum Wage Act in the Voluntary Work Program at NWDC.

3  **SUPPLEMENTAL RESPONSE:**  Admit, the Department of Labor and Industries has not

4  previously enforced Washington's Minimum Wage Act in the VWP at NWDC.

5

6

7  **REQUEST FOR ADMISSION NO. 38:** Admit that the Attorney General's client is the State

8  of Washington in this lawsuit.

9  **RESPONSE:** Admit, the Washington Attorney General's Office's client in this lawsuit is the

10  State of Washington, and not a specific state agency.

11

12

13  **REQUEST FOR ADMISSION NO. 39:** Admit that the Attorney General Bob Ferguson

14  decided on his own, without direction from the Governor or Legislature, to use his law

15  enforcement authority to bring this lawsuit against GEO.

16  **RESPONSE:** Washington objects to this request as irrelevant and not reasonably calculated to

17  lead to the discovery of admissible evidence. Washington further objects to the extent this calls

18  for attorney-client and work product privileged communications. Without waiving these

19  objections, Washington admits that Attorney General Bob Ferguson exercised his authority, as

20  the head of the Washington Attorney General's Office, to bring this law enforcement action to

21  challenge GEO's longstanding labor practices and ensure compliance with state minimum wage

22  and labor laws.

23

24

25

26

WASHINGTON'S SUPPLEMENTAL
ANSWERS AND RESPONSES TO THE
GEO GROUP, INC.'S FIRST SET OF
REQUESTS FOR ADMISSIONS

23

ATTORNEY GENERAL OF WASHINGTON
CIVIL RIGHTS UNIT
800 FIFTH AVENUE, SUITE 2000
SEATTLE, WA  98104
(206) 442-4492

1   **REQUEST FOR ADMISSION NO. 40:** Admit that Attorney General Bob Ferguson is using

2   this lawsuit to raise campaign contributions for himself.

3   **RESPONSE:** Washington objects to this request as irrelevant and not reasonably calculated to

4   lead to the discovery of admissible evidence. Washington objects to this request as it seeks

5   information from non-parties outside of the Washington Attorney General's Office's possession,

6   custody, or control. Without waiving these objections, Washington denies Attorney General Bob

7   Ferguson is using this lawsuit to raise campaign contributions for himself. Washington is using

8   this lawsuit to enforce its state laws against a private company doing business within the state.

9

10   **REQUEST FOR ADMISSION NO. 41:** Admit that Attorney General Bob Ferguson expects

11   to control any monies "disgorged" from GEO in this lawsuit.

12   **RESPONSE:** Washington denies that the Attorney General Bob Ferguson expects to personally

13   control the monies "disgorged" from GEO in this lawsuit. If Washington prevails, the

14   Washington Attorney General's Office will ask the Court to allocate the funds for equitable

15   purposes, including the benefit of individuals who work or have worked in the VWP, and job

16   seekers in the surrounding community.

17

18

19   **REQUEST FOR ADMISSION NO. 42:** Admit that Attorney General Bob Ferguson will

20   decide how any monies "disgorged" from GEO in this lawsuit will be spent.

21   **RESPONSE:** Washington denies that the Attorney General Bob Ferguson will personally

22   decide how any "disgorged" monies from GEO will be spent. If Washington prevails, the

23   Washington Attorney General's Office will ask the Court to allocate the funds equitable

24   purposes, including the benefit of individuals who work or have worked in the VWP, and job

25   seekers in the surrounding community. The Washington Attorney General's Office will also ask

26

WASHINGTON'S SUPPLEMENTAL
ANSWERS AND RESPONSES TO THE
GEO GROUP, INC.'S FIRST SET OF
REQUESTS FOR ADMISSIONS

24

ATTORNEY GENERAL OF WASHINGTON
CIVIL RIGHTS UNIT
800 FIFTH AVENUE, SUITE 2000
SEATTLE, WA  98104
(206) 442-4492

1    defendants to pay its reasonable attorneys' fees and costs; these monies, and any others allocated

2    by the Court, would be reinvested in the ongoing operations of the Attorney General's Office.

3

4

5    **REQUEST FOR ADMISSION NO. 43:** Admit that Washington's Minimum Wage Act applies

6    to employment relationships regardless of the profitability of the employer.

7    **RESPONSE:** Admit, the Minimum Wage Act applies to all employment relationships that are

8    not covered by a statutory exemption regardless of the profitability of the employer.

9

10

11   **REQUEST FOR ADMISSION NO. 44:** Admit that Washington's laws against discrimination

12   prohibit the State from discriminating against or granting preferential treatment to an individual

13   or group on the basis of race, ethnicity, or national origin in the operation of public employment

14   or public contracting.

15   **RESPONSE:** Washington objects to this request as irrelevant and not reasonably calculated to

16   lead to the discovery of admissible evidence. Without waiving these objections, Washington

17   admits that the Washington Law Against Discrimination, Wash. Rev. Code § 49.60.400,

18   prohibits the state from discriminating against or granting preferential treatment to an individual

19   or group on the bases of race, ethnicity, or national origin in the operation of public employment

20   or public contracting.

21

22

23   **REQUEST FOR ADMISSION NO. 45:** Admit that Washington's enforcement of minimum

24   wages for non-citizens participating in the VWP at NWDC and not in any other federal, state, or

25

26

1    local detention center affords ICE detainees at NWDC preferential rights not available to

2    Washington citizens in detention or other non-citizens held at Sea Tac.

3    **RESPONSE:** Washington objects to this request as irrelevant and not reasonably calculated to

4    lead to the discovery of admissible evidence. Without waiving these objections, Washington

5    denies that the law enforcement action in this case is "for" any individual or class of individuals

6    or that it affords preferential rights to anyone on the basis of any protected category. Washington

7    admits that it brings this lawsuit in its parens patriae capacity, on behalf of the State of

8    Washington to enforce Washington's minimum wage laws and disgorge the profits resulting

9    from GEO's decision to operate the NWDC with detainee workers and pay them only $1.00 per

10    day for work performed.

11          DATED: November 6, 2018

12                                  s/ *La Rond Baker*
                                  LA ROND BAKER, WSBA No. 43610

13                                   MARSHA CHIEN, WSBA No. 47020
                                  ANDREA BRENNEKE, WSBA No. 22027

14                                   Assistant Attorneys General
                                  Office of the Attorney General

15                                   800 Fifth Avenue, Suite 2000
                                  Seattle, WA 98104

16                                   (206) 464-7744

17                                   larondb@atg.wa.gov
                                  marshac@atg.wa.gov

18                                   andreab3@atg.wa.gov

19

20

21

22

23

24

25

26

WASHINGTON'S SUPPLEMENTAL           26           ATTORNEY GENERAL OF WASHINGTON
ANSWERS AND RESPONSES TO THE                           CIVIL RIGHTS UNIT
GEO GROUP, INC.'S FIRST SET OF                      800 FIFTH AVENUE, SUITE 2000
REQUESTS FOR ADMISSIONS                             SEATTLE, WA 98104
                                                     (206) 442-4492

1

## CERTIFICATION

2      The undersigned, counsel for Plaintiff, has read the above responses to GEO's

3    First Set of Requests for Admissions to Plaintiff and believes them to be in compliance with Fed.

4    R. Civ. P. 26(g).

5      Dated this 6th day of October, 2018.

6             **State of Washington Attorney General's Office**

7             Counsel for Plaintiff

8

9             BY:*s/ La Rond Baker*

         LA ROND BAKER, WSBA No. 43610

10            MARSHA CHIEN, WSBA No. 47020

         ANDREA BRENNEKE, WSBA No. 22027

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

WASHINGTON'S SUPPLEMENTAL
ANSWERS AND RESPONSES TO THE
GEO GROUP, INC.'S FIRST SET OF
REQUESTS FOR ADMISSIONS

27

ATTORNEY GENERAL OF WASHINGTON
CIVIL RIGHTS UNIT
800 FIFTH AVENUE, SUITE 2000
SEATTLE, WA  98104
(206) 442-4492

1

**CERTIFICATE OF SERVICE**

2      I, La Rond Baker, certify that on November 6, 2018, I caused to be served a true and

3   correct copy of Plaintiff's Responses to Defendant's First Set of Requests For Admission via

4   electronic mail as follows:

5

6      Joan K. Mell
       THREE BRANCHES LAW, PLLC
7      joan@3brancheslaw.com

8      Andrea L. D'Ambra
       NORTON ROSE FULBRIGHT US LLP
9      andrea.dambra@nortonrosefulbright.com

10     Charles A. Deacon
       NORTON ROSE FULBRIGHT US LLP
11     charlie.deacon@nortonrosefulbright.com

12
       Mark Emery
13     NORTON ROSE FULBRIGHT US LLP
       mark.emery@nortonrosefulbright.com
14

15     Scott Schipma
       GREENBERG TRAURIG, LLP
16     schipma@gtlaw.com

17     Douglas E. Smith
       William J. Kim
18     LITTLER MENDELSON, P.C.
       desmith@littler.com
19     wkim@littler.com

20

21

22                                      *s/ La Rond Baker*
                                        LA ROND BAKER
23

24

25

26