The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| STATE OF WASHINGTON,<br><br>            Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>            Defendant. | CIVIL ACTION NO. 3:17-cv-05806-RJB<br><br>WASHINGTON'S RESPONSE TO DEFENDANT'S MOTION FOR LIMITED PROTECTIVE ORDER REGARDING DEPOSITION OF RYAN KIMBLE<br><br>NOTED FOR CONSIDERATION: MAY 10, 2019 |
|---|---|

WASHINGTON'S RESPONSE TO DEFENDANT'S MOTION FOR LIMITED PROTECTIVE ORDER REGARDING DEPOSITION OF RYAN KIMBLE

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## I. INTRODUCTION

Defendant The GEO Group, Inc.'s (GEO) motion for a protective order preventing the State of Washington (Washington) from deposing Ryan Kimble, Associate Warden of Finance at the Northwest Detention Center (NWDC), regarding non-privileged financial documents GEO has produced in discovery should be denied. There is no legal basis to prevent such routine discovery, and GEO's pending mandamus petition seeking to avoid disclosure of financial documents and information it has *withheld* fails to establish good cause why Mr. Kimble may not be deposed regarding records it has *produced*. Filing a mandamus petition does not result in an automatic stay, nor has GEO sought a categorical stay regarding financial discovery. Washington will be prejudiced by any protective order requiring it to forego depositions on financial records GEO produced until the Ninth Circuit rules on the mandamus petition, which is not expected to occur until after the close of discovery and possibly after trial. Washington should not be forced to decide between proceeding to trial with incomplete evidence or having to seek a continuance of trial and delay justice.

## II. FACTUAL BACKGROUND

**A.  GEO Has Produced Financial Information Under the Agreed Protective Order**

For over a year, the Parties have engaged in discovery and motion practice regarding GEO's financial information and documents regarding the NWDC and GEO's practice of paying detainee-workers $1 per day. Washington's first discovery requests, served January 5, 2018, requested the GEO-ICE contracts, GEO's bids for services at the NWDC, and documents showing hours worked by detainee workers in the Voluntary Work Program (VWP). ECF No. 67-1 at 23-35. Washington's second discovery requests, served June 12, 2018, sought additional financial information and documents, including budgets, profits, and losses related to the NWDC and its VWP—information relevant to Washington's unjust enrichment claim and GEO's offset defense. ECF No. 126 at 2; ECF No. 127-1; ECF No. 127-3.

WASHINGTON'S RESPONSE TO DEFENDANT'S MOTION FOR LIMITED PROTECTIVE ORDER REGARDING DEPOSITION OF RYAN KIMBLE

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

Prior to producing financial documents responsive to Washington's discovery requests, GEO proposed and negotiated the terms of a Stipulated Protective Order that allows a party to designate as "CONFIDENTIAL" the following categories of "documents and tangible things produced or otherwise exchanged:"

> 3. Business financial information, including non-public tax information, contracts, expenditure reports, and internal records of payment or cost summaries that incorporate a) staffing information and compensation; b) security information; or c) proprietary and competitive client and vendor information;
> …
> 8. Internal GEO communications or reports regarding the administration of the Northwest Detention Center . . . including internal audits, and internal GEO communications containing proprietary and competitive staffing information or client and vendor information;
> …
> 11. Employee rosters and staffing plans.

ECF No. 70 at 2-3. The Court entered the order on June 26, 2018.

Beginning in June of 2018, after additional motion practice and assurances that it would be producing responsive documents, GEO began making "rolling productions." Brenneke Declaration in Response to GEO's Motion for Protective Order (Brenneke Decl.) ¶ 3. Those productions included limited financial documents of the following kinds:

- Summary documents regarding the number of detainee workers, average hours of work per assignment, and overall average number of hours of work/day per detainee at VWP, *see* Brenneke Decl. ¶ 5, Ex. A;

- Summary table of VWP amounts paid to detainee workers and reimbursements received by GEO by month and year (with significant gaps), *see* Brenneke Decl. ¶ 6, Ex. B;

- Monthly invoices to ICE for reimbursement of VWP payments to detainee workers, *see* Brenneke Decl. ¶ 7, Ex. C;

- Monthly batch summaries with daily tracking of VWP payments to individual detainees with daily work rosters attached, *see* Brenneke Decl. ¶ 8, Ex. D;

- Budget spreadsheets regarding GEO's contracts and proposed contracts with ICE, including financial actuals as well as forecasts, *see* Brenneke Decl. ¶ 9, Ex. E;

- Staffing budgets and summaries and requests for staff adjustment, *see* Brenneke Decl. ¶ 9, Ex. E;

WASHINGTON'S RESPONSE TO
DEFENDANT'S MOTION FOR LIMITED
PROTECTIVE ORDER REGARDING
DEPOSITION OF RYAN KIMBLE

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

- Food cost summaries and program-specific budget documents, *see* Brenneke Decl. ¶ 10, Ex. F;

- Documents supporting GEO's solicitation and bids submitted to ICE for the provision of detention services at the NWDC, *see* Brenneke Decl. ¶ 11, Ex. G; and

- Other documents and communications regarding hours and payment of detainee workers in the VWP, *see* Brenneke Decl. ¶ 12, Ex. H.

Washington used this financial information and documents in depositions. For example, on July 9, 2018, Washington took the first part of GEO's 30(b)(6) deposition. Brenneke Decl. ¶ 4. GEO's corporate representative, Ryan Kimble—the deponent at issue in this motion—testified about certain financial and operational aspects of the VWP and the NWDC, including summary documents GEO produced containing financial information. *Id.* ¶ 5, Ex. A; ¶ 6, Ex. B. GEO conceded at that deposition that its financial information was relevant and discoverable, promised to allow Washington to explore that information at a later date, and agreed to produce another corporate representative to address general financial information about the VWP, NWDC and GEO. *Id.* ¶ 13, Ex. I.

Washington also used the financial information and documents GEO produced to timely disclose—on September 20, 2018—its expert witness, Dr. Peter Nickerson, and his report. Brenneke Decl. ¶ 14, Ex. J. Dr. Nickerson's report includes a fair wage analysis of the work performed by detainees at the NWDC, as well as an analysis of unjust enrichment based on the financial information GEO had produced to date. *Id.* ¶ 14, Ex. J at 4. It includes specific references to key financial documents and spreadsheets he relied upon, as well as an appendix of all GEO financial documents he reviewed to date, with a note that he would supplement when additional documents were provided for review. *Id.*

GEO subsequently provided the Nickerson report, together with financial information related to the NWDC and its VWP, to its expert witness, William Brandt, who developed his own opinions and issued a rebuttal expert report on October 22, 2018. Brenneke Decl. ¶ 15, Ex.

WASHINGTON'S RESPONSE TO DEFENDANT'S MOTION FOR LIMITED PROTECTIVE ORDER REGARDING DEPOSITION OF RYAN KIMBLE

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

K. In that report, Dr. Brandt claimed that the "benefits" received by detainees at the NWDC should be factored into the unjust enrichment analysis. *Id.* at 3, 5.

### B. GEO Subsequently Resisted Production of Certain Additional Financial Information, While Continuing to Produce Some

In preparing for deposition and expert disclosures, Washington noticed significant gaps and missing financial information, engaged in a series of discovery conferences seeking those documents and that information, and on September 7, 2018, initiated a joint LCR 37 motion to compel missing and additional financial information. During the meet and confer process leading up to that filing, GEO changed its position and objected to the production of certain categories of financial documents that it previously had agreed to produce—and had produced in part—related to the VWP. *See* ECF No. 126 at 17; ECF No. 127-4 at 34-35, 39; ECF No. 127-6 at 2; ECF No. 127-8 at 5-6. GEO then voluntarily dismissed its offset affirmative defense prior to submitting its response section to the LCR 37 motion. ECF No. 126 at 2; ECF No. 124.

The Court granted Washington's motion to compel financial discovery, with modifications to focus on the VWP and the NWDC only. ECF No. 133. GEO sought reconsideration and certification of an interlocutory appeal, each of which the Court denied. *See* ECF Nos. 143 and 157. GEO then filed a petition for a writ of mandamus, ECF No. 166, for which oral argument may occur in August, October or November of 2019—after the discovery cut off and possibly after trial in this case. Brenneke Decl. ¶ 17, Ex. L. GEO has not filed any motion to stay discovery with the district court or the Ninth Circuit.

After filing its mandamus petition, GEO continued to produce financial documents, *see* Brenneke Decl. ¶ 8, Ex. D; ¶ 9, Ex. E; ¶ 16, while unilaterally deciding to withhold others—*i.e.* GEO has collected but not produced "approximately 12,000" additional financial documents. ECF No. 192-5 at 2; Brenneke Decl. ¶ 16. Finally, GEO recently sought to "claw back" a small subset of the non-privileged financial documents it produced in the summer of 2018, contending they were "inadvertently" produced. ECF No. 192-5 at 3.

WASHINGTON'S RESPONSE TO DEFENDANT'S MOTION FOR LIMITED PROTECTIVE ORDER REGARDING DEPOSITION OF RYAN KIMBLE

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

### III.  ARGUMENT

**A.  Legal Standard for Obtaining a Protective Order**

Under Federal Rule of Civil Procedure 26(c)(1), courts may, for good cause, issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). The moving party bears the burden of showing that "specific prejudice or harm will result if no protective order is granted." *Id.* at 1210-11. Broad assertions of harm untethered to specific facts are insufficient to meet Federal Rule 26(c)'s showing. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (establishing that broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test). Where protective order disputes involve conflicting interests, the Court balances the needs of the party seeking disclosures against the risk of injury that may result if the requested discovery is permitted. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992).

**B.  GEO's Pending Mandamus Petition Concerning Financial Documents and Information *Withheld* Does Not Establish Good Cause to Restrict Mr. Kimble's Deposition Regarding Non-Privileged Financial Information and Documents *Produced***

GEO fails to establish good cause to prevent the deposition of Mr. Kimble concerning non-privileged financial documents GEO produced before and after filing its mandamus petition. *See, e.g.*, Brenneke Decl. ¶8, Ex. D (financial documents, including batch summaries with work and payment records, produced before and after mandamus), ¶ 9, Ex. E (native format budget actuals and projections, and staffing budgets, produced before and after mandamus), and ¶ 16. Washington's effort to complete discovery, including the deposition of Ryan Kimble, is not focused on the "financial information that is currently under review in the Ninth Circuit," ECF No. 190 at 5, and that has not been produced. Instead, Washington seeks to depose Mr. Kimble about financial information and documents that (1) GEO produced in response to Washington's discovery requests; (2) Washington already has used at deposition, *see, e.g.*, Brenneke Decl. ¶¶

WASHINGTON'S RESPONSE TO
DEFENDANT'S MOTION FOR LIMITED
PROTECTIVE ORDER REGARDING
DEPOSITION OF RYAN KIMBLE

5

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

4-6, 12, Exs. A, B, H; (3) Washington's financial expert, Dr. Nickerson, relied upon in his expert report, *see id*. ¶ 14, Ex. J; and (4) are implicated in the report of GEO's rebuttal expert, Mr. Brandt, who responded to Dr. Nickerson's analysis based on those documents, *see id*; Brenneke Decl. ¶ 15, Ex. K. There is no colorable argument that deposing a witness who has "personal knowledge" about non-privileged documents produced in discovery, that the parties' experts have relied upon, and that are relevant to a party's claim, can constitute "annoyance, embarrassment, oppression, or undue burden or expense" justifying a protective order. ECF No. 190 at 4; Fed. R. Civ. P. 26(b)(1), (c)(1); *see also Radiator Express Warehouse, Inc. v. Performance Radiator Pac. LLC*, No. 09-5619RJB, 2010 WL 3222516, at *2 (W.D. Wash. Aug. 13, 2010) (concluding defendant failed to show good cause, and denying protective order, to prevent disclosure of its "financial documents" where they "appear[] relevant" to plaintiff's claims). GEO's arguments fail to establish otherwise.

        **1.**     **Questioning Kimble about documents previously disclosed cannot constitute a waiver of GEO's mandamus rights**

GEO broadly argues that allowing Mr. Kimble to testify about "the very financial information that is currently under review in the Ninth Circuit . . . could effectively moot GEO's petition, and thus deprive GEO of its mandamus rights." ECF No. 190 at 5. To support its argument, GEO cites *Doe No. 1 v. Reed*, 697 F.3d 1235, 1239 (9th Cir. 2012), which stands for the proposition that an appeal challenging an order unsealing FOIA documents would become moot once the documents were unsealed, because "the unsealing cannot be reversed." Here, Washington does not seek testimony about what has not been produced and is under review in the Ninth Circuit, but about financial information and documents GEO already produced in discovery. If *Doe No. 1* proves anything, it is that GEO's prior production of financial documents, and the parties' subsequent reliance upon them in discovery, have already mooted GEO's mandamus petition. There is no good cause to prevent Mr. Kimble's testimony regarding financial documents that have already been disclosed and relied upon.

WASHINGTON'S RESPONSE TO
DEFENDANT'S MOTION FOR LIMITED
PROTECTIVE ORDER REGARDING
DEPOSITION OF RYAN KIMBLE

6

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

Nor does GEO's recent improper attempt to "claw back" certain financial documents pursuant to the Court's Rule 502(d) Order undo their disclosure. ECF No. 192-1 at 2; ECF No. 190 at 4 n.1. While GEO claims a subset of twenty-six financial documents were "inadvertently produced" by its prior counsel, that claim is belied by the record. ECF No. 192-1; *see also* Brenneke Decl. ¶¶ 16-18, Exs. L-N. Namely, the documents were produced only *after* entry of the Stipulated Protective Order and were marked "*CONFIDENTIAL.*" *Id.*, ¶ 3. Further, shortly after receiving Dr. Nickerson's report, which relied on some of the "claw-back" documents, GEO requested that Washington designate certain pages in that report that referenced GEO's financial documents as "confidential." ECF No. 147 ¶ 10 and ECF No. 147-1. Despite being aware of the documents, GEO did not request their return or destruction then, nor at any point during extensive litigation over GEO's financial discovery obligations. ECF 192-1 at 2.

Additionally, the Rule 502(d) Order applies only to "privileged" material, "including, but not limited to, [documents protected by] the attorney-client privilege, the work product doctrine, or by another legal privilege[.]" ECF No. 61 at 2, ¶ 2. It requires the producing party to notify the receiving party "promptly," in writing, of the inadvertent disclosure, "and provide an updated privilege log with entries for the clawed-back documents." *Id.* ¶ 4. GEO admits the documents it seeks to claw back are not subject to a claim of privilege or work-product protection, but that it seeks to claw them back only on the basis that they are protected financial information. ECF 192-5. Though Washington notified GEO that the Rule 502(d) Order does not cover "protected financial information" and requested that GEO identify an applicable legal privilege if one applied, GEO has not produced the required privilege log to support its claw back request. *See* ECF 192-2; Brenneke Decl. ¶ 18, Ex. M; ¶19, Ex. N. Accordingly, the financial documents GEO has improperly attempted to claw back remain part of the record, and GEO has failed to establish good cause why Washington should not be permitted to question Mr. Kimble about them.

WASHINGTON'S RESPONSE TO
DEFENDANT'S MOTION FOR LIMITED
PROTECTIVE ORDER REGARDING
DEPOSITION OF RYAN KIMBLE

7

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

### 2. GEO is not entitled to a categorical stay of financial discovery pending a decision on mandamus

GEO also argues that it has good cause for a broad protective order covering all financial discovery because "the Ninth Circuit determined that GEO's petition has prima facie merit" by ordering Washington to file a response and considering setting the matter for oral argument. ECF No. 190 at 5. There has been no such determination; even an outright denial of a petition "is not regarded as a decision on the merits of the claims." Advisory Comm. Note to Circuit Rules 21-1 to 21-4. What *has* been determined is that Ninth Circuit oral argument will not occur until after the close of discovery and, possibly, the trial. Brenneke Decl. ¶ 17, Ex. L.

While GEO seeks an extraordinary writ of mandamus, that petition does not relieve GEO of its duties to comply with its discovery obligations and the case schedule, or prevent Mr. Kimble's deposition on the non-privileged financial documents produced in discovery. In ruling on Washington's motion to compel, the Court has already determined that Washington is entitled to discovery of GEO's financial records, ECF No. 133 at 9-10, as such documents "are discoverable[]" and "fall within Rule 26(b), which limits discovery to matters that are 'nonprivileged . . . relevant . . . and proportional to the needs of the case.' Fed. R. Civ. P. 26(b)." ECF No. 144 at 2 and ECF No. 157 at 2. Financial testimony is no different.

The Federal Rules do not provide an automatic stay of district court proceedings while a mandamus petition is pending and the "district court does not lose jurisdiction over a case merely because a litigant files an interlocutory petition for an extraordinary writ." *Ellis v. U.S. Dist. Court for W. Dist. of Wash. (Tacoma)*, 360 F.3d 1022, 1023 (9th Cir. 2004). *See also, Nascimento v. Dummer*, 508 F.3d 905, 909-10 (9th Cir. 2007) (upholding district court's dismissal of case as sanction for failure to prepare for trial where party filed writ of mandamus and interlocutory appeal of order denying extension of discovery proceedings, but did not seek or obtain stay of district court proceedings).

WASHINGTON'S RESPONSE TO DEFENDANT'S MOTION FOR LIMITED PROTECTIVE ORDER REGARDING DEPOSITION OF RYAN KIMBLE

8

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1     Instead, a party seeking to avoid compliance with a court order and schedule pending mandamus must obtain a stay—which GEO has not. A stay "is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citation omitted). It is instead "an exercise of judicial discretion," and "the propriety of its issue is dependent upon the circumstances of the particular case." *Id*. (quotation omitted).

    Whether to issue a stay requires the Court's consideration of four factors: (1) the applicant's likely success on the merits; (2) irreparable injury to the applicant absent a stay; (3) substantial injury to the other parties; and (4) the public interest. *Id* at 434; *see also, Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Applying this analysis, courts routinely deny motions to stay discovery orders pending mandamus petitions under circumstances similar to those at hand. *See, e.g., Warshawer v. Tarnutzer*, No. C14-1042-RSM, 2016 WL 4496893, at *2-4 (W.D. Wash. Feb. 1, 2016) (denying motion to stay order compelling production of financial information pending resolution of mandamus petition); *Solis v. Washington*, No. C08-5479-BHS, 2010 WL 1708831, at *2-6 (W.D. Wash. Apr. 27, 2010) (denying motion to stay pending ruling on mandamus petition). GEO does not address the relevant factors for a stay. Nor could it show entitlement to a stay of all financial discovery had it tried. GEO has not moved for a stay and should not be allowed to shoehorn one into a motion for protective order.

**C.  Washington Will Be Prejudiced If the Protective Order Is Granted**

    Contrary to GEO's assertions, granting the protective order *will* prejudice Washington. *See* ECF No. 190 at 6.

    First, it will bar Washington's ability to conduct routine discovery about financial documents and information produced by GEO—including documents underlying GEO's expert report. After GEO dismissed its offset affirmative defense, ECF No. 124 (Notice of Withdrawal of Offset Affirmative Defense filed September 17, 2018), GEO's expert witness, Dr. Brandt, still opined that Washington's expert's calculation of the value of unjust enrichment was flawed because "the value of room, board, medical care or other services should be considered when

WASHINGTON'S RESPONSE TO
DEFENDANT'S MOTION FOR LIMITED
PROTECTIVE ORDER REGARDING
DEPOSITION OF RYAN KIMBLE

9

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

assessing the total *net benefit* conferred by Detainees who participate in the VWP," Brenneke Decl. ¶ 15, Ex. K at 3 (emphasis added), and which cost GEO more than the full value of lost wages assessed by Washington's expert, Dr. Nickerson. *Id*. at 5. While Washington disputes this analysis as legally flawed and barred by GEO's withdrawal of its offset defense, GEO cannot on one hand proffer expert testimony about all aspects of GEO's financials to defend against Washington's unjust enrichment claim and on the other hand prohibit Washington from taking discovery about the financial documents underlying that opinion. Discovery of fact and expert witnesses regarding financial issues such as how many hours detainees worked, how much they were paid, and how GEO was reimbursed for those payments, and discovery of the costs, benefits, and profits of the VWP and the NWDC are essential to Washington's unjust enrichment theory, as well as to GEO's defense.

Second, while GEO claims to seek "narrow relief," and styles its motion as seeking a "limited protective order," ECF No. 190 at 1, the implications of granting its request to prevent Mr. Kimble's deposition testimony about any financial matters until after the Ninth Circuit rules are much broader. GEO is likely to object to questioning about financial matters at all remaining fact and expert depositions, as well as to refuse to produce the promised corporate designee for the 30(b)(6) deposition on finances. The prejudice to Washington is likely to be far-reaching.

Third, issuing the protective order will require Washington to choose between litigating its claims based on incomplete evidence, or seeking a continuance of the trial date and delaying justice altogether. With a June 21 discovery cut-off and a September 23 trial date, even GEO agrees that Washington would be so prejudiced. ECF No. 190 at 6 ("To further avoid any prejudice to the State, GEO will not oppose an extension of the discovery deadlines"); ECF No. 191 at 7-8 (seeking dismissal of Washington's claims (citing *California v. IntelliGender, LLC*, 771 F.3d 1169, 1179 (9th Cir. 2014)).

Finally, issuance of a protective order will increase the costs to Washington and compromise its ability to fulfill its mission to enforce Washington's wage laws. It will allow

WASHINGTON'S RESPONSE TO
DEFENDANT'S MOTION FOR LIMITED
PROTECTIVE ORDER REGARDING
DEPOSITION OF RYAN KIMBLE

10

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

GEO's unlawful wage practices to continue unabated, with ongoing harm to detainee workers who continue to labor for $1/day and to Pierce County workers whose job opportunities at the NWDC would continue to be limited. Thus, the interests balance in favor of Washington's right to discovery regarding financial documents produced, and against a protective order.

## IV.  CONCLUSION

For the foregoing reasons, the Court should deny GEO's Motion for Limited Protective Order Regarding Deposition of Ryan Kimble.

Dated this 8th day of May, 2019.

Respectfully submitted,

BOB FERGUSON
Attorney General of Washington

s/ *Andrea Brenneke*
LA ROND BAKER, WSBA No. 43610
MARSHA CHIEN, WSBA No. 47020
ANDREA BRENNEKE, WSBA No. 22027
LANE POLOZOLA, WSBA No. 50138
Assistant Attorneys General
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
larond.baker@atg.wa.gov
marsha.chien@atg.wa.gov
andrea.brenneke@atg.wa.gov
lane.polozola@atg.wa.gov

WASHINGTON'S RESPONSE TO DEFENDANT'S MOTION FOR LIMITED PROTECTIVE ORDER REGARDING DEPOSITION OF RYAN KIMBLE

11

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed with the United States District Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated this 8th day of May, 2019 in Seattle, Washington.

                    s/ *Caitilin Hall*
                    Caitilin Hall
                    Legal Assistant

WASHINGTON'S RESPONSE TO DEFENDANT'S MOTION FOR LIMITED PROTECTIVE ORDER REGARDING DEPOSITION OF RYAN KIMBLE

12

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492