UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>THE GEO GROUP, INC.,<br><br>　　　　　　　　　Defendant. | CASE NO. 17-5806 RJB<br><br>ORDER ON WASHINGTON'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE GEO GROUP, INC'S AFFIRMATIVE DEFENSES |

　　　　This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment on the GEO Group Inc.'s ("GEO") Affirmative Defenses (Dkt. 183) and GEO's motion to defer or strike the State's motion for summary judgment pursuant Fed. R. Civ. P. 56 (d) (Dkt. 188). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

　　　　This case arises out of GEO's alleged failure to compensate immigration detainees at the Northwest Detention Center ("NDC"), a private detention center, in accord with the Washington Minimum Wage Act ("MWA"). Dkt. 1. The State now moves for summary judgment dismissal of GEO's affirmative defenses of laches, unclean hands, and failure to join necessary parties (the

ORDER ON WASHINGTON'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE GEO GROUP, INC'S AFFIRMATIVE DEFENSES - 1

Department of Homeland Security and U.S. Immigration and Customs Enforcement (collectively "ICE") and the Washington State Department of Labor & Industries ("L & I")). Dkt. 183. GEO moves for a delay in the motion for summary judgment's consideration to complete discovery. Dkt. 188. For the reasons provided below, GEO's motion to delay consideration of the motion (Dkt. 188) should be denied, and the State's motion (Dkt. 183) should be granted. GEO's affirmative defenses of laches, unclean hands, and failure to join necessary parties, should be dismissed.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

### A. FACTS

GEO is a private corporation that has owned and operated the NWDC, a 1,575-bed detention facility in Tacoma, Washington, since 2005. Dkt. 156, at 8-9. GEO operates the NWDC based on a contract with ICE. Dkts. 16-2, and 19. Under this contract, GEO provides "detention management services including the facility, detention officers, management personnel, supervision, manpower, training certifications, licenses . . . equipment, and supplies" for immigration detainees awaiting resolution of immigration matters. Dkt. 19, at 49. GEO is also required by the contract to manage a Voluntary Work Program ("VWP"). Dkt. 19, at 86. Detainees who participate in the VWP collect and distribute laundry, prepare and serve food, clean, paint interior walls, and use electric sheers to cut hair. Dkt. 184-1, at 8-19. GEO pays detainees who participate in the VWP at $1 per day. Dkt. 156, at 10. In accord with the contract with ICE, GEO agreed to comply with "[a]pplicable federal, state and local labor laws and codes." Dkt. 19, at 48.

### B. PROCEDURAL HISTORY

On September 20, 2017, the State filed this case in Pierce County, Washington Superior Court. Dkt. 1-1. The Complaint maintains that the GEO-ICE Contract at least allows for, if not requires, GEO to compensate detainees working in the VWP commensurate with the State MWA. *Id.,* at ¶¶3.3, 3.4, 5.1-6.6. The State alleges that GEO has been unjustly enriched by compensating detainees below that required by state law. *Id.* In its "quasi-sovereign interest," the State makes a claim against GEO for unjust enrichment, and seeks: (1) an order requiring GEO to disgorge its unjust enrichment from compensating detainees below the minimum wage, (2) declaratory relief that GEO is an "employer" subject to the MWA when managing detainee employees, and (3) injunctive relief for GEO to be enjoined from paying detainees less than the minimum wage. *Id.*

In its Answer, GEO makes a counterclaim for unjust enrichment, seeks declaratory and injunctive relief, and asserts thirteen affirmative defenses. Dkt 34.

On February 28, 2018, GEO's counterclaim for unjust enrichment was dismissed. Dkt. 44. Further, State's motion to strike the affirmative defenses of laches, unclean hands, failure to join L & I and ICE (all three of which are the subject of the present motion), and ripeness, justiciability, and a portion of the offset defense, was denied without prejudice; no finding was made as to the affirmative defense of preemption. *Id.* The remaining affirmative defenses were stricken. *Id.*

On April 26, 2018, GEO's motion to dismiss for failure to join ICE was denied. Dkt. 58. The Order found that ICE was not a necessary or indispensable party to the case. *Id.* Complete relief could be accorded to the parties in the case and ICE did not have a legally protected interest. *Id.* GEO's alternative motion, that ICE be added as a defendant was also denied. *Id.*

**C. PENDING MOTIONS**

ORDER ON WASHINGTON'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE GEO GROUP, INC'S AFFIRMATIVE DEFENSES - 3

1  The State now moves for summary judgment on the affirmative defenses of laches, unclean hands, and failure to join ICE and L & I. Dkt. 183. GEO responds and moves, pursuant to Rule 56 (d), that the motion for summary judgment should either be denied, or its consideration deferred until the close of discovery. Dkt. 188. It argues that even if the motion is considered now, it should be denied because there are issues of fact as to the affirmative defense of laches, unclean hands and the failure to join ICE. *Id.* In reply, the State argues that the motion should be considered now, and that the motion should be granted. Dkt. 193.

## II.   DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (d). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, T.W. *Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

### B. MOTION TO DEFER MOTION FOR SUMMARY JUDGMENT UNDER FED. R. CIV. P. 56 (d)

Under Fed. R. Civ. P. 56 (d):

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

"A party seeking additional discovery under Rule 56 (d) must explain what further discovery would reveal that is essential to justify its opposition' to the motion for summary judgment." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018)(*cert. denied*, 139 S. Ct. 1222 (2019)(*internal quotation marks and citation omitted*). "In particular, the requesting party must show that: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Id.* (*internal quotation marks and citation omitted*).

ORDER ON WASHINGTON'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE GEO GROUP, INC'S AFFIRMATIVE DEFENSES - 5

1   GEO's motion to deny as premature, or delay consideration of, the motion for summary
2   judgment until discovery is complete - six weeks from now - (Dkt. 188) should be denied.  GEO
3   has failed to set forth "the specific facts it hopes to elicit from further discovery."  The
4   information GEO states it seeks is general in nature.  It has not set stated that the "facts sought
5   exist."  Further, GEO has not demonstrated that the "sought-after facts are essential to oppose
6   summary judgment."  Moreover, this case was filed a year and a half ago; extensive discovery
7   has already taken place.  "A party seeking to delay summary judgment for further discovery must
8   state what other specific evidence it hopes to discover and the relevance of that evidence to its
9   claims." *Stevens,* at 678.  GEO has failed to do so here.  The motion for partial summary
10  judgment on the affirmative defenses should be considered.

**C. AFFIRMATIVE DEFENSE OF LACHES**

    1. <u>Applicability to the State</u>

The State asserts that the laches defense should be dismissed because state enforcement actions are not subject to laches.  Dkt. 183. GEO argues that under *Lopp v. Peninsula School District 401,* 90 Wn.2d 757 (1978), the public interest nature of the lawsuit alone does not bar application of laches.

The doctrine of laches is an equitable defense. *King Cty. v. Taxpayers of King Cty.*, 133 Wn.2d 584, 642 (1997).  "Generally, equitable defenses may not be asserted against governmental entities if their application would interfere with the proper exercise of governmental duties or if the act relied upon is ultra vires." *Hous. Auth. of Cty. of King v. Ne. Lake Washington Sewer & Water Dist.*, 56 Wn. App. 589, 593 (1990)(*as amended*, 789 P.2d 103 (Wash. Ct. App. 1990); *City of Mercer Island v. Steinmann,* 9 Wn. App. 479 (Wash. Ct. App. 1973).

The affirmative defense of laches asserted here should be dismissed because the State's case resulted from "a proper exercise of governmental duties." *Hous. Auth. of Cty. of King,* at 593. The State filed its action to enforce Washington's minimum wage laws pursuant to Washington's "quasi-sovereign interest in protecting the health, safety, and well-being of its residents." Dkt. 1-1. GEO fails to provide a basis to reject the general principal that equitable defenses, like laches, do not apply to the sovereign here. GEO's citation to *Lopp* is unhelpful; *Lopp* was an action by a private individual who asserted that he was protecting the public interest. This is an enforcement action by a state of its own state laws. *Lopp* holding, that "laches can sometimes be a bar even to a public interest lawsuit," does not provide the authority to find that laches should be available to bar the State's case here.

Even if laches were available to bar an action brought by the State to enforce state law for the benefit of its residents, the affirmative defense of laches should still be dismissed in this case.

2. <u>Laches</u>

In Washington, a defendant asserting a laches defense must prove the following elements:

> (1) knowledge or reasonable opportunity to discover on the part of a potential plaintiff that [they have] a cause of action against a defendant; (2) an unreasonable delay by the plaintiff in commencing that cause of action; and (3) damage to the defendant resulting from the unreasonable delay.

*King Cty. v. Taxpayers of King Cty.*, 133 Wn.2d 584, 642 (1997). "In determining whether the delay was inexcusable, a court may look to a variety of factors including similar statutory and rule limitation periods. But the main component of the doctrine is not so much the period of delay in bringing the action, but the resulting prejudice and damage to others." *Clark Cty. Pub. Util. Dist. No. 1 v. Wilkinson*, 139 Wn.2d 840, 848–49 (2000).

GEO has failed to point to genuine issues of material fact on its laches defense. While both parties agree that the State had knowledge that it had a cause of action, at least by March of 2014, GEO has failed to point to issues of fact that there was an unreasonable delay in the State's bringing this action. The State points to emails from local law professors and immigration lawyers to the Governor's Office, to support its assertion that it became aware of GEO's VWP payments of $1 to detainees in March 2014. Dkts. 131, at 25-26. In response to this motion, GEO maintains that one of its lawyers emailed a state representative in 2009 with a Detainee Handbook about the NWDC as an attachment. Dkt. 188. Aside from raising concerns under Washington Rule of Professional Conduct 3.7, "Lawyer As Witness," GEO makes no showing that information given to a single legislator should be imputed to members of the state's executive branch, the branch charged with enforcing state law. GEO has failed to show that there are issues of fact as to when the State first became aware of GEO's $1-a-day for detainee workers' policy. GEO has failed to show that the length of time the State waited - three and one-half years between when it had knowledge of the policy and when it filed this lawsuit - was "an unreasonable delay," particularly because the undersigned has already held that no statute of limitation applies to the State's action here. Dkt. 44, at 9 (*citing* RCW 4.16.160, "there shall be no statute of limitation to actions brought in the name of or for the benefit of the state, and no claim of right predicated upon the lassoes of time shall ever be asserted against the state").

Moreover, GEO fails to point to genuine issues of fact as to whether it was damaged by the length of time it took the State to bring this case. GEO asserts generally that it may suffer evidentiary prejudice because of the potential of lost evidence or degradation of witnesses' memories. Dkt. 188. This argument is mere speculation and is insufficient to show that GEO suffered prejudice. Further, GEO maintains that it was economically prejudiced due to the

1  State's delay because it continued to contract with ICE. Dkt. 188. This does not provide

2  sufficient facts of actual prejudice. The affirmative defense of laches should be dismissed.

3  **D. AFFIRMATIVE DEFENSE OF UNCLEAN HANDS**

4  The State moves for summary judgment on GEO's affirmative defense of unclean hands.

5  GEO maintains that the State is not entitled to relief in this case because it has "unclean hands."

6  "It is well settled that a party with unclean hands cannot recover in equity." *Miller v. Paul

7  M. Wolff Co.*, 178 Wn. App. 957, 965 (2014). "Those who act unjustly or in bad faith are

8  deemed to act with unclean hands." *Id.* "The authorities are in accord that the 'clean hands'

9  principle does not repel a sinner from courts of equity, nor does it disqualify any claimant from

10 obtaining relief there who has not dealt unjustly in the very transaction concerning which he

11 complains." *J.L. Cooper & Co. Anchor Securities Co.*, 9 Wash.2d 45 (1941). Accordingly,

12 "[f]raud or inequity practiced against a third person, who does not complain, does not close the

13 doors of equity to a plaintiff guilty of no inequity as against a defendant." *McKelvie v. Hackney*,

14 58 Wn.2d 23, 32 (1961).

15 GEO's affirmative defense of unclean hands should be dismissed. GEO fails to point to

16 any evidence that the State's conduct in connection with GEO was reprehensible. Instead, GEO

17 focuses on the State's treatment of and payments to inmates in State facilities. The State's

18 treatment of its inmates is not relevant to GEO's affirmative defense of unclean hands against the

19 State's case, which is brought to protect the State's and its residents' rights. Furthermore, and

20 most importantly, the State's payments to inmates is based on statutory authority, which is not

21 the case with GEO's payments to detainees. The State's motion for summary judgment on this

22 affirmative defense should be granted.

23 **E. AFFIRMATIVE DEFENSE FAILURE TO JOIN ICE AND L & I**

24

ORDER ON WASHINGTON'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE GEO GROUP, INC'S AFFIRMATIVE DEFENSES - 9

The State moves for summary judgment on GEO's affirmative defense of failure to join ICE and L & I as defendants. Dkt. 183. While GEO opposes the motion to dismiss the defense as it relates to ICE, GEO failed to respond to the motion for summary judgment on the affirmative defense of failure to join L & I. Dkt. 188. GEO argues that its affirmative defense should not be dismissed because ICE is a necessary party with protectable interests at issue. *Id.*

The State's motion for summary judgment on these affirmative defenses should be granted. GEO makes no showing that L & I is an indispensable or necessary party. Over a year ago, on April 26, 2018, GEO's motion to dismiss for failure to join ICE was denied. Dkt. 58. The Order found that ICE was not a necessary or indispensable party to the case. *Id.* It held that complete relief could be accorded to the parties in the case and ICE did not have a legally protected interest. *Id.* The reasoning of that order (Dkt. 58) is adopted here. GEO offers no basis to change that decision. To the extent that GEO intends this response to be a motion for reconsideration of that April 26, 2018 order, it is untimely under Local Rule W.D. Wash. 7 (h)(2) and should be denied. Local Rule 7 (h)(2)(providing that motions for reconsideration "shall be filed within fourteen days after the order to which it relates is filed"). GEO's affirmative defense of failure to join ICE and L & I should be dismissed.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- GEO's motion to defer or deny the State's motion for summary judgment pursuant Fed. R. Civ. P. 56 (d) (Dkt. 188) **IS DENIED;**
- Washington's Motion for Partial Summary Judgment on the GEO Affirmative Defenses (Dkt. 183) **IS GRANTED;** and

ORDER ON WASHINGTON'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE GEO GROUP, INC'S AFFIRMATIVE DEFENSES - 10

- o GEO's affirmative defenses of laches, unclean hands, and failure to join necessary parties, the Department of Homeland Security and U.S. Immigration and Customs Enforcement and the Washington State Department of Labor & Industries, **ARE DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 13th day of May, 2019.

ROBERT J. BRYAN
United States District Judge