The Honorable Robert J. Bryan

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br>Plaintiff,<br>v.<br>THE GEO GROUP, INC.,<br>Defendant. | Case No. 3:17-cv-05806-RJB<br>**DEFENDANT'S MOTION FOR RECONSIDERATION OF DENIAL OF RULE 56(D) REQUEST TO POSTPONE SUMMARY JUDGMENT**<br>**NOTE ON MOTION CALENDAR: MAY 22, 2019** |

**INTRODUCTION AND RELIEF REQUESTED**

The GEO Group, Inc. ("GEO") respectfully asks this Court to reconsider its decision to grant summary judgment to the State of Washington ("State") on each of GEO's affirmative defenses. (*See* Order, Dkt. # 202.) Specifically, GEO moves for reconsideration of the Court's conclusion that the State's motion was not premature—even though discovery remains open—and that GEO failed to demonstrate that it needs additional time to present facts essential to justify its opposition to the State's motion under Fed. R. Civ. P. 56(d). GEO asks this Court to reconsider the denial of GEO's Rule 56(d) request because, as set forth in its opposition briefing, GEO has not had the opportunity to obtain complete discovery from the Department of Labor & Industries, Department of Corrections, Department of Social and Health Services, and the Governor's Office (collectively, "State Agencies") relevant to its affirmative defenses, and expects to obtain evidence from those State Agencies to defeat summary judgment.

///

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

**STANDARDS**

Motions for reconsideration are governed by Local Rule 7(h), which provides:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

LCR 7(h)(1); *see also Sch. Dist. No. 1J v. AC&S, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law").

**ARGUMENT**

GEO respectfully asserts that the Court erred in denying GEO the opportunity to obtain essential discovery on its affirmative defenses before considering the State's motion for summary judgment, and that decision is manifestly unjust. Discovery remains open, and the State has resisted providing the facts that GEO needs to oppose summary judgment for nearly a year. Indeed, the State admits it continued to produce documents from the State Agencies until April 18, 2019—after it filed its motion for summary judgment. (*See* Pl.'s Reply, Dkt. # 193, at p. 3.) GEO submitted a declaration explaining that it intended to depose the State Agencies on issues relevant to its affirmative defenses after the State's production was complete. Since the Court's ruling, GEO has served 30(b)(6) deposition notices for those State Agencies. (Armstrong Decl. ¶ 2, Ex. 2.) Thus, GEO asks the Court to reconsider its order granting summary judgment, and give GEO the opportunity to complete its intended discovery so it can properly oppose summary judgment.

Rule 56(d) allows litigants to avoid summary judgment "when they have not had sufficient time to develop affirmative evidence." *Stevens v. Corelogic, Inc*., 899 F.3d 666, 678 (9th Cir. 2018). As this Court observed, the party requesting additional discovery must present a declaration identifying the specific facts it hopes to elicit from further discovery, that the facts sought exist, and

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

that the sought-after facts are essential to oppose summary judgment. *Id.* The requesting party, however, need not predict precisely what further discovery will reveal because "the whole point of discovery is to learn what a party does not know or, without further information, cannot prove." *Id.* Thus, when a party identifies the specific facts it hopes to elicit in discovery and explains how those facts are relevant to the motion for summary judgment, it is an abuse of discretion to deny a Rule 56(d) request, especially when discovery remains open. *See, e.g.*, *TMJ Hawaii Inc., v. Nippon Tr. Bank*, 16 F. App'x 795, 796 (9th Cir. 2001) (holding district court abused its discretion by refusing to allow additional time to obtain a deposition when several months remained before the cutoff of discovery); *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986) (noting denial of Rule 56(d) request is "generally disfavored where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists"); *Madison Dev. Grp. LLC v. Singelyn*, No. C17-1585-JCC, 2018 WL 1994141, at *2 (W.D. Wash. Apr. 27, 2018) (denying motion as premature when plaintiff's counsel submitted a declaration providing that discovery is still open and that plaintiff intends to depose the defendant and obtain documents on deals the defendant negotiated); *Quinstreet, Inc. v. Ferguson*, No. C08-5525RJB, 2009 WL 973185, at *3 (W.D. Wash. Apr. 10, 2009) (denying motion as premature where the plaintiff did not have an opportunity to depose the defendant, and the defendant's knowledge was key to each of the claims). In addition, denial of a request for discovery prior to summary judgment "is especially inappropriate where the material sought is also the subject of outstanding discovery requests." *VISA Int'l Serv.*, 784 F.2d at 1475.

Here, GEO complied with its obligations under Rule 56(d), so summary judgment should not have been entered. Specifically, GEO's counsel submitted a declaration providing that GEO notified the State of the intended 30(b)(6) depositions of the State Agencies, and explained that GEO had not yet completed those depositions because the State had not finished producing documents from those agencies. (Armstrong Decl., Dkt. # 189, ¶ 2.) As described in GEO's counsel's declaration, through



**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

those depositions, GEO expects to learn when the State (or the State Agencies) first learned about the Voluntary Work Program ("VWP"), the extent of that knowledge, the reasonableness of the State's delay in bringing the action (which the State admits is at least three and a half years), and the State's use of work programs that do not pay minimum wage. (*Id.*) Those facts are essential to key elements of GEO's affirmative defenses of laches (which depends of when the State knew or should have known of its claims and its unreasonable delay) and unclean hands (which evaluates whether the State's similar conduct bars its right to relief). (*See, e.g.*, Def.'s Opp'n, Dkt. # 188, at pp. 5, 9-10.) Also, there is no question that such facts exist and they are not speculative because the State admits it does not pay minimum wage for its own work programs and concedes at least one of its agencies learned of the VWP by at least March 2014. (*See* Pl.'s Reply, Dkt. # 193, at pp. 6, 10.) Thus, the extent of such knowledge lies exclusively with the State and the State Agencies, so GEO should be allowed the opportunity to obtain those facts. *See, e.g.*, *Quinstreet, Inc.*, 2009 WL 973185, at *3 (denying motion when the moving party's knowledge is key and the opposing party has not had an opportunity to take that deposition).

Moreover, GEO could not obtain those facts earlier because the State resisted providing discovery from the State Agencies for nearly a year. (*See* Def.'s Opp'n, Dkt. # 188, at pp. 2-3.) Even though GEO served discovery requests on the State as early as January 2018, the State refused to produce any documents or information from any agencies other than the Washington State Attorney General's Office ("AGO"), so GEO moved to compel that information. (Def.'s Mot. to Compel, Dkt. # 113, at pp. 2-3.) This Court issued its order compelling the State to produce documents and information from the State Agencies in October 2018. (Order, Dkt. # 133.) But even by April 2019, when the State filed its motion, the State had still not completed its production from the State Agencies. (Dkt. # 189, ¶¶ 2-3.)

Indeed, the State's document production (including its production from the State Agencies) remains deficient today. For example, the State's production omits key information relevant to GEO's affirmative defenses, including the State's use of contractors to operate work programs at

**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

State facilities, and the hours worked, duties, and pay rates for persons participating in those work programs. (*See* Armstrong Decl., Ex. 1 at pp. 4–6.) GEO also cannot verify whether the State produced all responsive documents from the State Agencies because its production is still missing metadata that this Court ordered the State to provide. (*See id.* at pp. 3–6.) In addition, GEO served Rule 30(b)(6) deposition notices to obtain this key information the State has failed to provide as well as other information about GEO's affirmative defenses that is exclusively within the State's knowledge. (*See, id.*, Ex. 2.) Thus, GEO has diligently sought the State's knowledge and should not be penalized because the State refused to provide that information—if at all—only weeks before the close of discovery.

Finally, the facts that GEO seeks, such as the State's knowledge of the VWP, its delay in bringing the lawsuit, and its decision to not pay minimum wage in its own work programs, are essential to defeating summary judgment. For example, in analyzing GEO's laches defense, the Court found that "GEO has failed to show that there are issues of fact as to when the State first became aware of GEO's $1-a-day for detainee workers' policy." (Order, Dkt. # 202, at p. 8.) But that is precisely the information that GEO intends to obtain in discovery and that it identified in its declaration opposing summary judgment. (*See* Armstrong Decl., Dkt. # 189, ¶ 2.) Similarly, this Court observed that GEO had no evidence of "lost evidence or degradation of witnesses' memories" to show prejudice on its laches defense (Dkt. # 202 at p. 8), but that is because GEO has not had the opportunity to depose the relevant witnesses about those issues. If the depositions reveal that the State Agencies knew about the VWP earlier than the State claims—which GEO believes to be true because GEO has operated in Washington since 2005 and provided information about its operations to agents of the State—that evidence could defeat summary judgment. If the State Agencies cannot remember or otherwise refuse to provide that information, that evidence could show that the State's delay has caused evidentiary prejudice to GEO and also defeat summary judgment. Either way, GEO should be allowed to complete its discovery before summary judgment is entered on its affirmative defenses.

**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

**CONCLUSION**

For the reasons provided, GEO respectfully asks this Court to reconsider its order granting summary judgment to the State and either deny the motion as premature, or postpone ruling on the motion until GEO has obtained the discovery necessary to oppose summary judgment.

Dated: May 22, 2019

HOLLAND & KNIGHT LLP

By: *s/Kristin Asai*

J. Matthew Donohue, WSBA # 52455
matt.donohue@hklaw.com
Shannon Armstrong, WSBA # 45947
shannon.armstrong@hklaw.com
Kristin M. Asai, WSBA #49511
kristin.asai@hklaw.com
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300
Fax: 503.241.8014

Carolyn Short (admitted *pro hac vice*)
carolyn.short@hklaw.com
Holland & Knight LLP
Cira Center, 2929 Arch Street, Suite 800
Philadelphia, PA 19104
Telephone: 215.252.9535
Fax: 215.867.6070

*Attorneys for Defendant*

DEFENDANT'S MOTION FOR RECONSIDERATION OF DENIAL OF RULE 56(D) REQUEST TO POSTPONE SUMMARY JUDGMENT (3:17-CV-05806-RJB)- PAGE 6

**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing DEFENDANT'S MOTION FOR RECONSIDERATION OF DENIAL OF RULE 56(D) REQUEST TO POSTPONE SUMMARY JUDGMENT to be served on the following person[s]:

La Rond Baker
Marsha Chien
Andrea Brenneke
Lane Polozola
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
larondb@atg.wa.gov
marshac@atg.wa.gov
andreab3@atg.wa.gov
lane.polozola@atg.wa.gov

Attorneys for Plaintiff

by causing the document to be delivered by the following indicated method or methods:

☑ by CM/ECF electronically mailed notice from the Court on the date set forth below.

☐ by mailing full, true and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or attorneys, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

☐ by causing full, true, and correct copies thereof to be hand-delivered to the parties and/or their attorneys at their last-known office addresses listed above on the date set forth below.

☐ by sending full, true, and correct copies thereof, via overnight courier in sealed, prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or their attorneys, on the date set forth below.

☐ by faxing full, true, and correct copies thereof to the fax machines which are the last-known fax numbers for the parties' and/or attorneys' offices, on the date set forth below.

DATED: May 22, 2019.

*s/ Kristin M. Asai*
Kristin M. Asai

**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300