UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STATE OF WASHINGTON,

                Plaintiff,

v.

THE GEO GROUP, INC.,

                Defendant.

CASE NO. 17-5806 RJB

ORDER ON MOTION FOR RECONSIDERATION

       This matter comes before the Court on Defendant GEO Group, Inc.'s ("GEO") motion for reconsideration. Dkt. 209. The Court has considered the pleadings filed regarding the motion and the file herein.

       This case arises out of GEO's alleged failure to compensate immigration detainees at the Northwest Detention Center ("NDC"), a private detention center, in accord with the Washington Minimum Wage Act ("MWA"). Dkt. 1. GEO now seeks reconsideration of an order granting the State's motion for partial summary judgment and that portion of that order denying its request to strike or defer the State's partial motion for summary judgment (Dkt. 202). Dkt. 209. For the reasons provided below, the motion (Dkt. 209) should be denied.

ORDER ON MOTION FOR RECONSIDERATION - 1

# I. RELEVANT FACTS AND PROCEDURAL HISTORY

The background facts and procedural history are in the May 13, 2019 Order on Washington's Motion for Partial Summary Judgment on the GEO Group, Inc.'s Affirmative Defenses (Dkt. 202, at 1-4) and are adopted here.

The May 13, 2019 order denied GEO's request to strike or defer the State's motion for partial summary judgment on GEO's affirmative defenses of laches, unclean hands and failure to join necessary parties (Department of Homeland Security and U.S. Immigration and Customs Enforcement (collectively "ICE") and the Washington State Department of Labor & Industries ("L & I")). Dkt. 202. The order dismissed the laches defense because laches is not a cognizable defense against the State in this enforcement action and, even if it was, GEO failed to point to genuine issues of fact as to the defense. *Id.* The defense of unclean hands was dismissed because, under Washington law, the State's treatment of its own inmates is not relevant to its ability to bring an enforcement action against GEO. *Id.* The order also dismissed the affirmative defense of failure to join necessary parties, noting that GEO made no showing on either proposed party. *Id.* The Court's rulings were based on applicable law.

## PENDING MOTION

GEO now moves for reconsideration of the portion of the order (Dkt. 202) which denied its request to strike or defer consideration of the State's partial motion for summary judgment. Dkt. 209. It argues that it provided declaration of counsel stating that depositions of state agencies had been noted, but had not occurred, and that document production was ongoing. *Id.* As it relates to its affirmative defenses, GEO asserts that it expects, through additional discovery, to learn: "when the State (or the State Agencies) first learned about the Voluntary Work Program ("VWP"), the extent of that knowledge, the reasonableness of the State's delay in bringing the

action (which the State admits is at least three and a half years), and the State's use of work programs that do not pay minimum wage." *Id.,* at 4-5.

## II. DISCUSSION

Local Rule W.D. Wash. 7 (h)(1) provides: "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Under Fed. R. Civ. P. 56 (d):

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

"A party seeking additional discovery under Rule 56 (d) must explain what further discovery would reveal that is essential to justify its opposition' to the motion for summary judgment." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018)(*cert. denied*, 139 S. Ct. 1222 (2019)(*internal quotation marks and citation omitted*). "In particular, the requesting party must show that: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Id.* (*internal quotation marks and citation omitted*).

GEO's motion for reconsideration (Dkt. 209) should be denied. GEO has failed to make a "showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." The reasoning from the May 13, 2019 order is adopted. In particular, GEO has not demonstrated that the "sought-after facts are essential to oppose summary judgment." The facts that GEO seeks are not relevant to these affirmative defenses. "A party seeking to delay summary

judgment for further discovery must state what other specific evidence it hopes to discover and the <u>relevance of that evidence to its claims</u>." *Stevens,* at 678 (*emphasis added*). GEO has failed to demonstrate that the evidence it seeks is relevant to the affirmative defenses that were at issue in the partial motion for summary judgment. Further evidentiary facts would not change the Court's rulings. GEO's motion for reconsideration should be denied.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- GEO's motion for reconsideration of the order denying its motion to defer or deny the State's motion for summary judgment pursuant Fed. R. Civ. P. 56 (d) (Dkt. 209) **IS DENIED;** and
    - The May 13, 2019 Order on Washington's Motion for Partial Summary Judgment on the GEO Group, Inc.'s Affirmative Defenses (Dkt. 202**) IS AFFIRMED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 23rd day of May, 2019.

ROBERT J. BRYAN
United States District Judge