UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                Plaintiff,<br>   v.<br><br>THE GEO GROUP, INC.,<br><br>                Defendant. | CASE NO. 17-5806 RJB<br><br>ORDER ON DEFENDANT'S MOTION TO COMPEL |

This matter comes before the Court on Defendant GEO Group Inc.'s ("GEO") Motion to Compel Production of Documents and Metadata. Dkt. 215. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

This case arises out of GEO's alleged failure to compensate immigration detainees at the Northwest Detention Center ("NDC"), a private detention center, in accord with the Washington Minimum Wage Act ("MWA"). Dkt. 1.

I.     **RELEVANT FACTS AND PROCEDURAL HISTORY**

A.  FACTS

GEO is a private corporation that has owned and operated the NWDC, a 1,575-bed detention facility in Tacoma, Washington, since 2005. Dkt. 156, at 8-9. GEO operates the NWDC based on

ORDER ON DEFENDANT'S MOTION TO COMPEL - 1

a contract with U.S. Immigration and Customs Enforcement ("ICE").  Dkts. 16-2, and 19.  Under this contract, GEO provides "detention management services including the facility, detention officers, management personnel, supervision, manpower, training certifications, licenses . . . equipment, and supplies" for immigration detainees awaiting resolution of immigration matters.  Dkt. 19, at 49.   GEO is also required by the contract to manage a Voluntary Work Program ("VWP").  Dkt. 19, at 86.  Detainees who participate in the VWP collect and distribute laundry, prepare and serve food, clean, paint interior walls, and use electric sheers to cut hair.  Dkt. 184-1, at 8-19.  GEO pays detainees who participate in the VWP at $1 per day.  Dkt. 156, at 10.  In accord with the contract with ICE, GEO agreed to comply with "[a]pplicable federal, state and local labor laws and codes."  Dkt. 19, at 48.

**B.  PROCEDURAL HISTORY**

On September 20, 2017, the State filed this case in Pierce County, Washington Superior Court.  Dkt. 1-1.  The Complaint maintains that the GEO-ICE Contract at least allows for, if not requires, GEO to compensate detainees working in the VWP commensurate with the State MWA.  *Id.,* at ¶¶3.3, 3.4, 5.1-6.6. The State alleges that GEO has been unjustly enriched by compensating detainees below that required by state law.  *Id.*  In its "quasi-sovereign interest," the State makes a claim against GEO for unjust enrichment, and seeks: (1) an order requiring GEO to disgorge its unjust enrichment from compensating detainees below the minimum wage, (2) declaratory relief that GEO is an "employer" subject to the MWA when managing detainee employees, and (3) injunctive relief for GEO to be enjoined from paying detainees less than the minimum wage.  *Id.*

In its Answer, GEO makes a counterclaim for unjust enrichment, seeks declaratory and injunctive relief, and asserts thirteen affirmative defenses.  Dkt 34.

On February 28, 2018, GEO's counterclaim for unjust enrichment was dismissed. Dkt. 44. Further, State's motion to strike the affirmative defenses of laches, unclean hands, failure to join necessary parties (Washington Department of Labor and Industries ("L & I") and ICE), and ripeness, justiciability, and a portion of the offset defense, was denied without prejudice; no finding was made as to the affirmative defense of preemption. *Id.* The remaining affirmative defenses were stricken. *Id.*

On August 30, 2018, GEO filed a motion for an order compelling the State to produce information from various State agencies related to State work programs, maintaining that the information was "extremely relevant to GEO's affirmative defenses of unclean hands and laches." Dkt. 113, at 6. The State opposed the motion, arguing that the State Agencies were not parties to the case and that the State agencies were better positioned to respond themselves. Dkt. 118.

On October 2, 2018, GEO's motion to compel was granted. Dkt. 133. The State was ordered to produce "all relevant, responsive, non-privileged information held by all divisions of the [Attorney General's Office ("AGO")] and agencies of the State." *Id.,* at 7. The order provided that it made "no findings as to the merits of specific discovery requests." *Id.* The October 2, 2018 order further ordered that as to "all discovery from AGO divisions, the State should produce metadata in native format, without summarizing or otherwise manipulating the information." *Id.,* at 7-8.

On May 13, 2019, GEO's affirmative defenses of laches, unclean hands and failure to join L & I and ICE were dismissed. Dkt. 202.

ORDER ON DEFENDANT'S MOTION TO COMPEL - 3

## C. PENDING MOTION

GEO now moves for an order compelling the State to produce:

> (1) relevant information from all agencies for (a) the State's use of work programs at its correctional or rehabilitation facilities, including why it pays some (but not all) work program participants market wages, whether the participants are volunteers, the hours worked, duties performed, and pay rates for participants, and the State's use of contractors to assist in the operation of work programs and (b) the State's assessment of federal and/or state law as it relates to the operation of work program;
>
> (2) accurate and complete metadata for all of its productions, including custodian and author information, dates of creation and modification, and file path without modification; and
>
> (3) logged documents on the common interest privilege log that are missing date, author, sender, recipient, or subject matter information and communications between third parties for which no basis for common interest privilege exists.

Dkt. 215. It argues that the information sought is relevant to the State's unjust enrichment claim and to GEO's preemption claim. *Id.* GEO maintains that the State has not produced metadata as ordered by the Court on October 2, 2018 and asserts that it should be ordered to do so. *Id.* As it relates to the State's common interest privilege log, GEO asserts that it includes unknown third parties and fails to provide basic information that is necessary for GEO to assess the validity of the log. *Id.* GEO argues that either the State should be ordered to produce an updated privilege log or produce each of the documents for which the State has failed to meet its burden. *Id.*

The State opposes the motion. Dkt. 219. In regard to documents related to work programs, the State maintains that it has turned over documents responsive to GEO's requests for production. *Id.* The State argues that GEO's motion fails to identify any particular request for production to which the State did not respond. *Id.* In regard to the metadata, the State asserts that it has turned over the metadata it has, when it was available. *Id.* It further maintains that it

organized the documents in a "form . . . in which it is ordinarily maintained [and is] reasonable useable." *Id.* The State argues that the motion to compel regarding the privilege log should be denied because it produced a new updated privilege log. *Id.*

GEO has filed a reply (Dkt. 225) and the motion is ripe for decision.

## II. DISCUSSION

### A. DISCOVERY GENERALLY AND MOTION TO COMPEL STANDARD

Fed. R. Civ. P. 26 (b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)). Rule 37 (a)(1) provides:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

### B. MOTION TO COMPEL DOCUMENTS REGARDING WORK PROGRAMS

GEO's motion to compel documents regarding the work programs (Dkt. 215) should be denied. The State argues that it reviewed thousands of pages of discovery from five agencies and produced hundreds of pages responsive to the requests for production. GEO fails to identify

a specific response for production to which the State did not respond.  In its reply, it identifies "discovery categories" and then collectively cites 17 requests for production that it asserts applies.  Dkt. 225, at 3.  This is not sufficient and the motion should be denied.

Moreover, while analysis under Rule 26 (b)(1) is difficult when it is not entirely clear which request for production the State allegedly has not complied with, GEO has generally failed to demonstrate that further information regarding the State's work program is relevant and proportional to the needs of the case.  This is particularly true "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  The motion to compel further documentation on the State's work programs should be denied.

### C.  MOTION TO COMPEL ACCURATE METADATA

GEO's motion for an order compelling the State to produce accurate metadata (Dkt. 215) should be denied.  The State indicates that it has complied with the October 2, 2018 Order to the extent that it was able, particularly as it relates to the custodians.  Further, GEO has not shown that the information is relevant and proportional to the needs of the case.

### D.  MOTION TO COMPEL RELATED TO COMMON PRIVILEGE LOG

"Common interest is a long-recognized extension of the traditional common law doctrine of attorney-client privilege, which was pioneered by the Ninth Circuit to protect the confidentiality of communications passing from one party to the attorney for another party where the parties have undertaken a joint defense effort."  *See Chandola v. Seattle Hous. Auth*., C13-557 RSM, 2014 WL 4685351, at *7 (W.D. Wash. Sept. 19, 2014).  "[A] shared desire to see the

same outcome in a legal matter is insufficient to bring a communication between two parties" within the common interest rule. *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012). "Instead, the parties must make the communication in pursuit of a joint strategy in accordance with some form of agreement—whether written or unwritten." *Id.*

GEO's motion to compel either an updated common privilege log or the documents for which the State has failed to meet its burden (Dkt. 215) should be denied. The State has now produced an updated log. Moreover, it appears that the parties have not met and conferred as to this recent log as required under Fed. R. Civ. P. 37(a)(1). GEO's motion should be denied.

### III.  ORDER

Therefore, it is hereby **ORDERED** that:

- GEO's Motion to Compel Production of Documents and Metadata (Dkt. 215) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 1st day of July, 2019.

ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANT'S MOTION TO COMPEL - 7