**BAKER DECLARATION**

**EXHIBIT M**


| <br>**Northwest Detention Center** | POLICY and PROCEDURE MANUAL<br><br>CHAPTER: Detainee Rules and Discipline<br><br>TITLE: Infractions and Disciplinary Sanctions<br><br>RELATED ACA STANDARDS:<br>4-ALDF- 2A-28, 2A-29, 2A-45, 3A-01, 3A-02,<br>6A-07, and 6C-01 through 6C-19. | **NUMBER:**<br>3.3.1<br><br>**SUPERSEDES:**<br>2/02/2015<br><br>**EFFECTIVE:**<br>11/7/2017 |
|---|---|---|

### I. PURPOSE:

To ensure that the facility is operated under a system of rules and regulations that provides for a safe and efficient operation; that a system of disciplinary infractions and sanctions is in place; and, that it functions in such a manner that a detainee accused of violations is afforded due process.

### II. DEFINITIONS:

| | |
|---|---|
| Prohibited Act | Any infraction or violation of a rule or guideline established by policy. Violations may also include other behaviors that are determined to be detrimental to the good order and security of the facility. |
| Information Report | A written document reporting a special event, e.g. use of force, use of chemical agent, etc. |
| Incident Report | A written document reporting a facility rule violation. |
| Informal Resolution | The resolution of a minor rule violation between the detainee and an officer/shift supervisor that results in a verbal reprimand and warning. |
| Discipline Hearing | Non-judicial administrative procedure to determine whether substantial evidence supports finding a detainee guilty of a rule violation. |
| Unit Disciplinary Committee (UDC) | Up to three members, at least one of whom is a supervisor, who conduct and/or oversee an intermediate disciplinary hearing. A unit committee can only adjudicate High Moderate (Category III) and Low Moderate (Category IV) infractions. |
| Institution Disciplinary Panel (IDP) | Refers to either a three-person panel appointed by the facility administrator, or a one-person disciplinary hearing officer. ICE staff are to be present in |



Page 1 of 19

GEO-State 016389

|  | POLICY AND PROCEDURE MANUAL | NUMBER: 3.3.1 |
|---|---|---|

|  |  |
|---|---|
|  | addition to the security staff. The panel may not include the reporting officer(s), investigating officers(s), any member of the referring UDC, or anyone who witnessed or was directly involved in the incident. |
| Disciplinary Hearing Officer (DHO) | Staff responsible for conducting Institutional Disciplinary Panel (IDP) hearings and imposing sanctions for cases of detainee misconduct referred for disposition by the UDC or for infractions involving Greatest (Category I) or Highest (Category II) behavior. |
| Disciplinary Detention | Confinement as a sanction in a cell removed from the general population after a serious infraction of facility rules. |
| Investigating Officer | The disinterested supervisor who conducts an investigation of alleged detainee misconduct. |
| Pre-hearing Detention | The placement of a detainee in administrative detention pending a hearing for a serious rule violation, when, in the opinion of the Warden or his/her designee, the continued presence of the detainee in general population would pose a threat to the security or orderly operation of the facility. |
| Category I Offenses (Greatest) | 100     Killing<br>101     Assaulting any person (includes sexual assault)<br>102     Escape from escort; escape from secure facility<br>103     Setting a fire (charged with this act in this category only when found to pose a threat to life or a threat of serious bodily harm or in furtherance of a prohibited act of greatest severity, e.g. a riot, an escape, otherwise the charge is classified as a code 222, 223 or 322)<br>104     Possession or introduction of a gun, firearm, weapon, sharpened instrument, knife, dangerous chemical, explosive, escape tool or device or ammunition<br>105     Rioting |



| POLICY AND PROCEDURE MANUAL | NUMBER: 3.3.1 |
|---|---|

|  |  | 106 | Inciting others to riot |
|---|---|---|---|
|  |  | 107 | Hostage-taking |
|  |  | 108 | Assaulting a staff member or any law enforcement officer |
|  |  | 109 | Threatening a staff member or any law enforcement officer with bodily harm |
|  |  | 110 | Attempt to commit any of the above offenses or assist others to commit any of the above acts |
|  | * | 198 | Interfering with a staff member in the performance of duties (conduct must be of the greatest severity). This charge is to be used only if another charge of greatest severity is not applicable. |
|  | * | 199 | Conduct that disrupts or interferes with the security and orderly operation of the facility (conduct must be of the greatest severity). This charge is to be used only if another charge of greatest severity is not applicable. |
| Sanction Options for Category I Offenses |  | 1. | Refer to ICE for Criminal Proceedings |
|  |  | 2. | Disciplinary Transfer |
|  |  | 3. | Disciplinary Detention up to 60 days |
|  |  | 4. | Monatary Restitution |
|  |  | 5. | Loss of privileges (e.g. commissary, television, radio, recreation, etc.) |
| Category II Offenses (High) |  | 200 | Escape from unescorted activities, open or secure facility, without violence |
|  |  | 201 | Fighting, boxing, wrestling or any other form of physical encounter, including horseplay, that causes or could cause injury to another person; except when part of an approved recreational or athletic activity |
|  |  | 202 | Possession or introduction of an unauthorized tool |
|  |  | 203 | Loss, misplacement or damage of any restricted tool |



| POLICY AND PROCEDURE MANUAL | NUMBER: 3.3.1 |
|---|---|

| | |
|---|---|
| 204 | Threatening another with bodily harm |
| 205 | Extortion, blackmail, protection; demanding or receiving anything of value in return for protection against others, avoiding bodily harm or avoiding a threat of being informed against |
| 206 | Engaging in sexual acts |
| 207 | Making sexual proposals or threats |
| 208 | Wearing a disguise or mask |
| 209 | Tampering with or blocking any lock device |
| 210 | Adulteration of food or drink |
| 211 | Possession, introduction or use of narcotics, narcotic paraphernalia or drugs not prescribed for the individual by the medical staff |
| 212 | Possessing a staff member's clothing |
| 213 | Engaging in or inciting a group demonstration |
| 214 | ==Encouraging others to participate in a work stoppage or to refuse to work== |
| 215 | Refusing to provide a urine sample or otherwise cooperate in a drug test |
| 216 | Introducing alcohol into the facility |
| 217 | Giving or offering an official or staff member a bribe or anything of value |
| 218 | Giving money to or receiving money from any person for an illegal or prohibited purpose, such as introducing / conveying contraband |
| 219 | Destroying, altering or damaging property (facility, government or another person's) worth more than $100.00 |
| 220 | Being found guilty of any combination of three or more high moderate or low moderate offenses within 90 days |
| 221 | Possessing or introducing an incendiary device, e.g. matches, a lighter, etc. |
| 223 | Any act that could endanger person(s) and/or property |
| 224 | Attempt to commit any of the above acts or assist others to commit any of the above acts. |
| * 298 | Interfering with a staff member in the performance of duties (conduct must be of highest severity). This charge is to be used |

GEO-State 016392

|  | POLICY AND PROCEDURE MANUAL | NUMBER: 3.3.1 |
|---|---|---|

|  |  |  |  |
|---|---|---|---|
|  | * | 299 | only when no other charge of highest severity is applicable.<br>Conduct that disrupts or interferes with the security or orderly operation of the facility (conduct must be of highest severity). This charge is to be used only when no other charge of highest severity is applicable. |
| Sanction Options for Category II Offenses |  | 1. | Refer to ICE for criminal proceedings |
|  |  | 2. | Disciplinary transfer |
|  |  | 3. | Disciplinary Detention up to 30 days |
|  |  | 4. | Monetary restitution |
|  |  | 5. | Loss of privileges (e.g. commissary, television, radio, recreation, etc.) |
|  |  | 6. | Change of housing |
|  |  | 7. | Remove from programs / group activities |
|  |  | 8. | Loss of job |
|  |  | 9. | Impound and store personal property |
|  |  | 10. | Confiscate contraband |
|  |  | 11. | Restrict to living unit |
|  |  | 12. | Warning |
| Category III Offenses (High Moderate) |  | 300<br>301<br>302<br>303<br>304 | Indecent Exposure<br>Stealing (theft)<br>Misuse of authorized medication<br>Loss, misplacement or damage of a less restricted tool<br>Lending property or other item of value for profit / increased return |

GEO-State 016393

|  | POLICY AND PROCEDURE MANUAL | NUMBER: 3.3.1 |
|---|---|---|

| | |
|---|---|
| 305 | Possession of item(s) not authorized for receipt or retention, not issued through regular channels |
| 306 | Refusal to clean assigned living area |
| 307 | Refusing to obey a staff member/ Officer's order (may be categorized and charged as a greater or lesser offense depending on the kind of disobedience; continuing to riot is Code 105-Rioting, continuing to fight is a Code 201-Fighting). |
| 308 | Insolence towards a staff member |
| 309 | Lying or providing false statement to staff |
| 310 | Counterfeiting, forging or other unauthorized reproductions of money or other official document, identification card, etc. (may be categorized as a greater or lesser offense, depending on the nature and purpose of the reproduction, e.g., counterfeiting release papers to affect escape – Code 102 or 200). |
| 311 | Participating in an unauthorized meeting or gathering |
| 312 | Being in an unauthorized area |
| 313 | Failure to stand count |
| 314 | Interfering with count |
| 315 | Making, possessing or using intoxicants |
| 316 | Refusing a breathalyzer test or other test of alcohol consumption |
| 317 | Gambling |
| 318 | Preparing or conducting a gambling pool |
| 319 | Possession of gambling paraphernalia |
| 320 | Unauthorized contact with public |
| 321 | Giving money or another item of value to or accepting money or another item of value from anyone, including another detainee without staff authorization |
| 322 | Destroying, altering or damaging property (facility, government or another person's) worth equal to or less than $100.00 |

GEO-State 016394



| POLICY AND PROCEDURE MANUAL | NUMBER: 3.3.1 |
|---|---|

|   |   | 323 | Signing, preparing, circulating, or soliciting support for group petitions that threaten the security or orderly operations of the facility. |
|---|---|---|---|
|   |   | 324 | Attempt to commit any of the above acts or assists other to commit any of the above acts. |
|   | * | 398 | Interfering with a staff member in the performance of duties (offense must be of high moderate severity.) This charge is to be used only when no other charge in this category is applicable. |
|   | * | 399 | Conduct that disrupts or interferes with the security or orderly operation of the facility duties (offense must be of high moderate severity). This charge is to be used only when no other charge in this category is applicable. |

NOTE:   Any combination of high moderate and low moderate offenses during a 90-day period shall constitute a high offense

| Sanction Options for Category III Offenses | 1. | Refer to ICE for criminal proceedings |
|---|---|---|
|   | 2. | Disciplinary transfer (recommend) |
|   | 3. | Disciplinary Detention not to exceed 72 hours |
|   | 4. | Monetary restitution |
|   | 5. | Loss of privileges (e.g. commissary, television, radio, recreation, etc.) |
|   | 6. | Change of housing |
|   | 7. | Remove from programs / group activities |
|   | 8. | Loss of job |
|   | 9. | Impound and store personal property |
|   | 10. | Confiscate contraband |

GEO-State 016395

|  | POLICY AND PROCEDURE MANUAL | NUMBER: 3.3.1 |
|---|---|---|

      11.    Restrict to living unit

      12.    Reprimand

      13.    Warning

NOTE:    The above sanctions that are <u>underlined</u> can only be imposed by the IDP

Category IV Offenses (Low Moderate)

| | |
|---|---|
| 400 | Possession of property belonging to another person |
| 401 | Possessing unauthorized clothing |
| 402 | Malingering, feigning illness |
| 403 | Smoking |
| 404 | Using abusive or obscene language |
| 405 | Tattooing, body piercing or self mutilation |
| 406 | Unauthorized use of mail or telephone (with restriction or temporary suspension of the abuse privileges, often the appropriate sanction) |
| 407 | Conduct with a visitor in violation of rules and regulations (with restriction or temporary suspension of the visiting privileges, often the appropriate sanction) |
| 408 | Conducting a business |
| 409 | Possession of money or currency |
| 410 | Failure to follow safety and sanitation regulations |
| 411 | Unauthorized use of equipment or machinery |
| 412 | Using equipment or machinery contrary to posted safety standards |
| 413 | Being unsanitary or untidy, failing to keep self and living area in accordance with standards |
| 414 | Attempting to commit any of the above acts or assisting another to commit any of the above acts |
| \* 498 | Interfering with a staff member in the performance of duties (offense must be of low moderate severity). This charge is to be used only when no other charge in this category is applicable. |
| \* 499 | Conduct that disrupts or interferes with the security or orderly operation of the facility |

GEO-State 016396



| | | |
|---|---|---|
| | **POLICY AND PROCEDURE MANUAL** | **NUMBER: 3.3.1** |

                duties (offense must be of high moderate severity}. This charge is to be used only when no other charge in this category is applicable.

Sanction Options for Category IV Offenses

1. Loss of privileges (e.g. commissary, television, radio, recreation, etc.)

2. Change of housing

3. Remove from programs / group activities

4. Loss of job

5. Impound and store personal property

6. Confiscate contraband

7. Restrict to living unit

8. Reprimand

9. Warning

\*    When the prohibited act is interfering with a staff member in the performance of duties (Code 198, 298, 398 or 498) or conduct that disrupts (Code 199, 299, 399 or 499), the Disciplinary Committee should specify in its findings the severity level of the conduct, citing a comparable offense in that category. For example, "We find the act of the highest severity, most comparable to Code 213, "engaging in a group demonstration."

GEO-State 016397

|  | POLICY AND PROCEDURE MANUAL | NUMBER: 3.3.1 |
|---|---|---|

IV.   **POLICY:**

Disciplinary actions may not be capricious or retaliatory nor based on race, religion, national origin, gender, sexual orientation, disability or political beliefs. Staff may not impose or allow the imposition of corporal punishment; deviations from normal food services; deprivation of clothing, bedding, or items of personal hygiene; deprivation of correspondence privileges; deprivation of legal access and legal materials, or deprivation of physical exercise unless such activity creates an unsafe condition.

During all steps in the disciplinary process, any sanctions imposed shall be commensurate with the severity of the committed prohibited act and intended to encourage the detainee to conform with rules and regulations in the future. Disciplinary detention shall only be ordered when alternative dispositions may inadequately regulate the detainee's behavior.

Staff and detainees are to be knowledgeable and informed of the facility's rules and regulations. Staff are to receive a minimum of one-hour training, annually, on this policy. Detainees are to be informed of these rules during intake and by receiving the Detainee Handbook, receipt of which is to be acknowledged by signature and placement in the detainee's file.

V.   **PROCEDURE:**

**DETAINEE HANDBOOKS**

A.   Staff are to inform all incoming detainees of the facility rules and regulations. Staff are to distribute Detainee Handbooks to all detainees. The handbook includes all chargeable offenses, the range of penalties, and the disciplinary procedure. Among other things, the handbook will advise detainees of the following:

   1.   The right to protection from personal abuse, corporal punishment, unnecessary or excessive use of force, personal injury, disease, property damage and harassment;

   2.   The right of freedom from discrimination based on race, religion, national origin, gender, sexual orientation, physical or mental ability, or political beliefs;

   3.   The right to pursue a grievance in accordance with written procedures;

   4.   The right to correspond with persons or organizations, consistent with safety, security, and the orderly operation of the facility; and,

GEO-State 016398



| | |
|---|---|
| POLICY AND PROCEDURE MANUAL | NUMBER: 3.3.1 |

5. The right to due process, including the prompt resolution of a disciplinary matter.

B. A copy of the Detainee Handbook is also to be available in each living unit.

    1. Copies of the rules are to be available in Spanish, English, and other languages spoken by a significant number of detainees.

    2. Interpretations are to be available from the local Language Bank, upon request. All detainees unable to comprehend the detainee rules are referred to the Language Bank for assistance.

    3. Signed acknowledgement of receipt of the Detainee Handbook is placed in each detainee's file.

**INCIDENT REPORTS and INFORMATION REPORTS**

A. Minor rule violations shall be settled informally and by mutual consent whenever possible. If the officer involved thinks an informal resolution is unattainable or inappropriate, they shall prepare an Incident Report (Attachment A). All Incident Reports are to be forwarded to the Shift Supervisor by the end of shift.

B. If only one Officer witnesses or becomes aware of a prohibited act, he/she is to notify the shift supervisor and complete an Incident Report. Once completed, the report will be submitted to the Shift Supervisor for review, approval and signature prior to the end of shift.

C. If more than one officer witnesses a prohibited act or has reason to suspect one has been committed; the Shift Supervisor is to be notified. He/she will assign one of the staff to complete the Incident Report. The other staff will be directed to prepare an Information Report (Attachment B). All reports are to state the facts clearly, precisely, and concisely, omitting no details that could prove significant. Reports also are to identify the officer(s), the detainee(s), and all witnesses to the incident. The Information Reports are to be attached to the Incident Report as supportive documentation. The reports will be completed and submitted to the shift supervisor as soon as possible, but no later than the end of the officer's assigned shift.

D. The shift supervisor is to review, approve, and sign the document ending the activity on that report. The Shift Supervisor is to complete an Investigation Report (Attachment C) or forward that responsibility to the on-coming Shift Supervisor. Once the Investigation is completed, the Investigation, Incident Report, Notice of Hearing (Attachment D) and

GEO-State 016399

|  | POLICY AND PROCEDURE MANUAL | NUMBER: 3.3.1 |
|---|---|---|

Notice of Detainee rights (Attachment E) are to be forwarded to the UDC or IDP. This paperwork will precede the next level hearing by a minimum of 24 hours, unless that time frame is waived at the request of the detainee.

E. If an incident involves a "Use of Force", that report is to be completed by the Shift Supervisor and attached to the Incident Report. All reports are confidential and are not to be released outside of the facility.

F. The Administrative Lieutenant and or RHU Lieutenant is to maintain the Central Log of Incident Reports and/or Information Reports using the following number system:

1. The first two numbers are to be the last two digits of the current year.

2. The final number(s) is to be assigned consecutively to each report to indicate the sequence of occurrence.

## INVESTIGATIONS

A. The Shift Supervisor (or on-coming Shift Supervisor) is to investigate all Incident Reports within 24 hours of the Incident Report being received. He/she is to have no prior involvement in the incident, either as a witness or officer at the scene. He/she is responsible for notifying the detainee of his/her rights, completing the necessary interviews, collecting evidence, and submitting written reports.

B. The investigating Shift Supervisor will provide the detainee a copy of the Incident Report, Notice of Hearing, Notice of Detainee rights and Staff Representation (as necessary) at the end of the investigation with at least 24 hours prior to the start of any disciplinary proceedings.

C. The investigating Shift Supervisor will terminate the administrative investigation, if the incident is under investigation on different grounds (i.e., the prohibited act is under criminal investigation), unless and until the agency with primary jurisdiction concludes its investigation or indicates it shall not pursue the matter. Any contraband that is evidence in connection with a violation of a criminal statute shall be preserved, inventoried, controlled and stored so as to document and maintain the chain of custody.

D. The Shift Supervisor will forward to the UDC or IDP all reports, photographs, video or other documentation relevant to the disciplinary hearing.

E. The detainee does not receive a copy of the investigative report or any confidential information that is obtained during the investigative process.

GEO-State 016400

|  | POLICY AND PROCEDURE MANUAL | NUMBER: 3.3.1 |
|---|---|---|

### MENTAL HEALTH

A. If a detainee demonstrates symptoms of mental illness or disability or has a diagnosed mental illness or disability a mental health professional shall be consulted to provide input as to the detainee's competence to participate in the disciplinary process.

B. If a detainee has a mental disability or mental illness, but is competent, the disciplinary process shall consider whether the condition contributed to the detainee's behavior when determining what type of sanction, if any, should be imposed.

C. A mental health professional should also be consulted as to whether certain types of sanctions (e.g., placement in disciplinary detention, loss of radio privilege, loss of phone call privilege, etc.) may be inappropriate because they would interfere with supports that are part of the detainee's treatment and recovery plan.

D. Detainees are not to be held accountable for his/her conduct if a medical authority finds him/her incompetent. A mentally incompetent individual unable to appreciate the difference between appropriate and inappropriate behavior – between "right" and "wrong" – is not capable of acting in accordance with those norms. Also, a person who lacks the ability to understand the nature of the disciplinary proceedings against him/her, or to assist in his/her own defense, is considered incompetent. Disciplinary proceedings against such a detainee are to be postponed until such time as the detainee is able to understand the nature of the disciplinary proceedings and to assist in his/her own defense. If the detainee's mental status does not improve within a reasonable amount of time, the Incident Report is to "find" the detainee incompetent to assist in his/her own defense. In these circumstances, disciplinary proceedings are not to move forward. The detainee's behavior is to be addressed as an administrative proceeding.

### UNIT DISCIPLINARY COMMITTEE (UDC)

A. The Unit Disciplinary Committee (UDC) is an intermediate level of adjudication to resolve "high moderate" (Category III) and "low moderate" (Category IV) infractions. The UDC shall be comprised of up to 3 members, one of which is a supervisor, who were not involved in the incident or investigation. Unresolved cases and cases involving serious charges are forwarded to the IDP. For cases that are forwarded, the UDC will serve the detainee with Notice of Hearing, Notice of Detainee rights and an opportunity to request a staff representative (Attachment F), at least 24 hours prior to the IDP hearing.

GEO-State 016401

|  | POLICY AND PROCEDURE MANUAL | NUMBER: 3.3.1 |
|---|---|---|

B. The UDC is to hear detainee pleadings; make findings that a detainee did or did not commit the rule violation(s) based on the preponderance of evidence; and impose minor sanctions. To impose a more severe sanction requires a referral and adjudication from the IDP (as noted in the Definitions section).
If security considerations prevent the detainee's attendance, the UDC is to document those security considerations on the UDC report.

C. For charges that are forwarded to the IDP, the detainee will be advised in writing, their right to:

1. remain silent at any stage of the process;

2. due process, which includes attending the entire hearing (excluding committee deliberations);

3. waiving the right to appear; or

4. having the IDP hearing a minimum of 24 hours after the end of the UDC.

5. Present statements and evidence, including witness testimony on his/her own behalf; and

6. Appeal the decision through the grievance process.

D. The UDC will be conducted in the following manner:

1. Advise the detainee of the above-listed rights before the hearing.

2. Conduct the hearing on the first business day after receiving the investigative report, unless the detainee waives the 24-hour notification, requesting an immediate hearing. In cases where a hearing is delayed, the reason(s) are to be documented (e.g., a continuing investigation of facts, the unavailability of one or more essential witnesses, etc.) and approved by the Warden. If the detainee is being held in detention, the delay is not to exceed 72 hours, barring an emergency.

3. Serve the detainee with a copy of the written UDC decision and sanctions or with written notification that the charges are being forwarded to the IDP. A copy of the UDC will be retained in the detainee's detention file.

4. If the case is being referred to the IDP, advise the detainee of the right to call witnesses and present evidence; and, the right to a staff representative.

|  | POLICY AND PROCEDURE MANUAL | NUMBER: 3.3.1 |
|---|---|---|

5. At the conclusion of the UDC hearing, the hearing packet will be forwarded to the Chief of Security who may concur; terminate the proceedings; or impose stiffer or lesser sanctions.

**STAFF REPRESENTATIVE**

The UDC, or investigating shift supervisor, as the facility administrator's designee will appoint a Staff Representative to help a detainee prepare a defense, if requested by the detainee. A staff representative is automatically assigned if the detainee is illiterate, has limited in English-language skills, is without means to collect and present essential evidence. The staff representative is to be:

1. Full-time employee,

2. An uninvolved person in the alleged violation,

3. An employee selected by the detainee. The IDP is to arrange for the presence of the staff representative selected by the detainee. If that employee declines or is unavailable, the detainee has three choices: select a different representative; wait for the unavailable staff member to become available (within a reasonable period); or, proceed without a staff representative.

4. A staff member declining to serve as a representative is to state the reason in a written memo to the IDP. If several officers decline, the IDP is to assign a staff member to serve as the staff representative.

5. The staff representative is to be free to speak to witnesses and to present evidence in the detainee's behalf, including any mitigating circumstances. The IDP is to allow the staff representative enough time to speak with the detainee and interview witnesses. The standard pre-hearing preparation time suits most cases, however, more time may be granted by the IDP if required for an adequate defense.

6. The IDP is to establish the reliability of information provided by a confidential informant before considering it in the disciplinary proceedings. The confidential informant's identity may be withheld from the staff representative. The staff representative may challenge the substance of any confidential information the IDP discloses, but he/she cannot question its reliability.

7. If it becomes apparent that a detainee cannot effectively present his/her own case, the IDP, as the facility administrator's designee, will appoint a Staff Representative even if the detainee has not requested one.

GEO-State 016403

|  | POLICY AND PROCEDURE MANUAL | NUMBER: 3.3.1 |
|---|---|---|

    8.    Detainees shall also have the option of receiving assistance from another detainee of their selection rather than a staff representative, subject to approval from the facility administrator.

### INSTITUTIONAL DISCIPLINARY PANEL (IDP)

A.    The IDP is not to include the reporting officer, the investigating officer, any member of the referring UDC, or an officer who witnessed or was directly involved in the incident. The IDP is to hear pleadings by the detainee and Staff Representative; call witnesses to testify; consider written reports, statements, physical evidence, and oral testimony; make findings that a detainee did or did not commit the rule violation(s) based on the preponderance of evidence; and impose sanctions (as noted in the Definitions, above).

The IDP may receive incident report packets following referral from the UDC or directly from the investigative shift supervisor following the conclusion of the investigation, based on the severity of the charges. The IDP hearing will be conducted 24 hours, but no longer that 48 hours barring an emergency, after the conclusion of the investigation or the conclusion of the UDC hearing.

Only the IDP has the authority to place a detainee on disciplinary detention after the finding of guilt during the disciplinary hearing.

B.    The IDP is to conduct the hearing in the following manner:

    1.    Verify that the detainee has been advised of his/her rights.

    2.    Remind the detainee of his/her right to a staff representative.

    3.    Advise the detainee of his/her right to waive the right to appear at the hearing.

    4.    Conduct the hearing on the first business day after receiving a UDC referral or incident report, unless the detainee waives the 24-hour notification, requesting an immediate hearing. In cases where a hearing is delayed, the reason(s) are to be documented (e.g., a continuing investigation of facts, the unavailability of one or more essential witnesses, etc.) and approved by the Warden. If the detainee is being held in detention, the delay is not to exceed 72 hours, barring an emergency.

    5.    Prepare a written record of the proceedings. This record shows that the detainee was advised of his/her rights; what evidence was considered; and, the decision and sanctions imposed, along with a brief explanation.

GEO-State 016404

Case 3:17-cv-05806-RJB   Document 253-13   Filed 07/02/19   Page 18 of 20

|  | POLICY AND PROCEDURE MANUAL | NUMBER: 3.3.1 |
|---|---|---|

6. Forward the entire record to the Warden, who may concur; terminate the proceedings; or impose stiffer or lesser sanctions.

7. Serve the detainee with written notification of the decision. The disciplinary packet will be retained in the detainee's detention file, either upon completion of the disciplinary hearing or at the completion of the detainee's disciplinary detention.

### POSTPONEMENT OF DISCIPLINARY PROCEEDINGS

A. It is the policy of the NWDC to permit hearing postponements or continuances under certain circumstances, such as: defense preparation, physical or mental illness, security, escape, disciplinary transfer, removal or pending criminal charges. An uncooperative detainee may also cause a delay in the proceedings, either because of inappropriate behavior during the hearing or a refusal to participate in a productive manner.

B. It is the policy of the NWDC and ICE to conduct UDC and IDP hearings on the first business day following either the investigative report or the UDC referral. If the detainee waives their right and requests an immediate hearing, that hearing will be postponed until the next business day and the reason of the postponement will be documented by the Facility Administrator. This is to facilitate ICE hours of operation where an ICE representative can be present for the hearings. If the detainee is being held in detention the hearings will not be delayed beyond 72 hours.

### DURATION OF PUNISHMENT

A. The duration of punishment will be within established limits as listed in the definitions section, generally not beyond 30 days per incident. Any sanctions imposed shall be commensurate with the severity of the committed act and intended to encourage the detainee to abide by rules and regulations in the future. Disciplinary detention shall only be ordered when alternative dispositions may inadequately regulate the detainee's behavior.

B. Time served in Administrative Detention pending the outcome of the disciplinary proceedings will be credited to the number of days to be spent in Disciplinary Detention after the decision is rendered.

C. If in the event multiple charges are listed for a single incident, there may be multiple sanctions. All sanctions arising from a single incident shall run concurrently.

D. The detainee's good behavior subsequent to the rule violation should be given consideration when determining the appropriate penalty.

Page 17 of 19

GEO-State 016405

|  | **POLICY AND PROCEDURE MANUAL** | **NUMBER: 3.3.1** |
|---|---|---|

E.  If the detainee is found not guilty, by any means, at any time during the disciplinary process, the original disciplinary packet is to be retained by the RHU Lieutenant. The disciplinary packet will not be retained in the detainee's institution file.

F.  If the incident is of a serious criminal nature, all involved parties, in coordination with the ICE Field Office Director, shall work with prosecutors and other law enforcement officials to ensure the detainee faces criminal prosecution when appropriate.

**DOCUMENTS and SUMMARY**

All forms and reports are to be completed and retained or distributed as follows:

A.  The officer shall prepare an Incident Report and submit it to the supervisor immediately after the incident takes place. If the incident is resolved informally, it will be noted on the original report and forwarded to the Chief of Security.
B.  The shift supervisor (or on-coming Shift Supervisor) will conduct an investigation and serve the detainee with Notice of Hearing and Notice of Detainee rights 24 hours prior to forwarding to the UDC. If the incident is of a serious nature, the investigating supervisor will serve the detainee with Notice of Hearing, Notice of Detainee rights and Notice of Staff Representation 24 hours prior to forwarding to the IDP.
C.  After a finding a guilt, the disciplinary packet will be included in the detainee's detention file.
D.  The Incident Report and accompanying documents are not placed in the file of a detainee who is found not guilty. However, the material is maintained in the RHU Lieutenant's office for historical and statistical use for a minimum of 6 months.
E.  The detainee will receive copies of the Incident Report, Notice of Hearing, Notice of Detainee rights, Notice of Staff Representation, UDC report and findings and IDC report and findings.

**REFERENCES:**
**U.S. Department of Homeland Security, Contract HSCEDM-10-D-00001, Section J. Statement of Work**

**ICE Performance Based National Detention Standards, Part 3 Order, 3.1 – Disciplinary System**

**THE GEO GROUP INC. Policy 14.2.1 titled "Rules of Detainee Conduct"**

GEO-State 016406

|  | POLICY AND PROCEDURE MANUAL | NUMBER: 3.3.1 |
|---|---|---|

REVIEWED/REVISED  _____    DATE: _____
                  Warden

                  _____    DATE: _____
                  ICE Assistant Field Office Director

REVIEWED/REVISED  _____    DATE: _____
                  Warden

                  _____    DATE: _____
                  ICE Assistant Field Office Director

REVIEWED/REVISED  _____    DATE: _____
                  Warden

                  _____    DATE: _____
                  ICE Assistant Field Office Director

REVIEWED/REVISED  _____    DATE: _____
                  Warden

                  _____    DATE: _____
                  ICE Assistant Field Office Director

REVIEWED/REVISED  _____    DATE: _____
                  Warden

                  _____    DATE: _____
                  ICE Assistant Field Office Director

GEO-State 016407