**BAKER DECLARATION**

**EXHIBIT CJ**

Office of the Principal Legal Advisor
U.S. Department of Homeland Security
425 I Street, NW, Room 6100
Washington, DC 20536



June 19, 2019

Shannon Armstrong, Esq.
Holland and Knight LLP
111 S.W. Fifth Avenue
2300 U.S. Bancorp Tower
Portland, OR 97204

Re:   Washington v. The Geo Group, Inc., 17-cv-05806, 17-cv-05769

Dear Ms. Armstrong:

      A copy of your subpoena dated June 6, 2019, to the U.S. Immigration and Customs Enforcement (ICE), which was received by ICE on June 6, 2019, has been forwarded to my attention. The subpoena requests testimony pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of the Western District of Washington for use in the above Federal proceedings, to which the United States is not a party. The deposition seeks the testimony of ICE employee Drew Bostock and was noticed for June 20, 2019 at 9:00 a.m. in Seattle, Washington. [1] For the reasons that follow, your request for this testimony is denied pursuant to the Department of Homeland Security's (DHS) *Touhy* regulations. *See* 6 C.F.R. §§ 5.41-5.49; *see also generally United States ex. rel. Touhy v. Ragen*, 340 U.S. 462 (1951). Accordingly, ICE does not intend to produce the requested witness in response to the subpoena. In addition, even were the request for testimony not denied pursuant to DHS's *Touhy* regulations, ICE nonetheless objects to the requested testimony pursuant to Federal Rule of Civil Procedure 45(d)(2)(B).

## Touhy

      As noted above, there are published procedural prerequisites for obtaining information, whether oral or written, from DHS, of which ICE is a component. DHS has promulgated regulations that govern the release of testimony by DHS employees or documents in a legal proceeding where the United States is not a party. These regulations are commonly referred to as *Touhy* regulations and can be found at 6 C.F.R. §§ 5.41-5.49. *See Touhy*, 340 U.S. 462. Compliance with the *Touhy* regulations is an absolute condition precedent to obtaining testimony or other information from a DHS employee, as well as documents. *See U.S. v. Soriano-Jarquin*, 492 F.3d 495 (4th Cir. 2007); *Ho v. U.S.*, 374 F.Supp.2d 82 (D.D.C. 2005); *Boeh v. Gates, et. al.*, 25 F.3d 761 (9th Cir. 1994).

---

[1] Please note that in the event that a proper *Touhy* request is filed, Drew Bostock may not be the proper party to provide the requested information. ICE's response to the subject subpoena is not a waiver of any arguments regarding the proper party to the subpoena.

Shannon Armstrong, Esq.
Page 2

Section 5.43 of the DHS *Touhy* regulations requires that service of subpoenas, court orders, and other demands or requests for official information be served on the DHS Office of the General Counsel (OGC). DHS OGC has delegated the ability to receive service of and respond to such requests to its components. In the event that the request for ICE information is delivered directly to an employee, the employee is to immediately forward a copy of that document to DHS OGC or its designee, ICE Office of the Principal Legal Advisor (OPLA).

Further, DHS regulations bar all DHS employees, including former employees, from *inter alia*, providing testimony regarding any material contained in the files of the Department, any information relating to material contained in the files of the Department, or any information acquired while the subject of the request for information is or was employed by DHS, unless authorized to do so by the DHS Office of General Counsel or its designees. *See* 6 C.F.R. § 5.44. Section 5.45 of the regulations also requires that the party seeking information must "set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought."

Upon receipt of a sufficiently detailed request, DHS or ICE will consider the following factors: (1) whether compliance would be unduly burdensome or otherwise inappropriate; (2) whether compliance is appropriate under the relevant substantive law concerning privilege or disclosure of information; (3) the public interest; (4) the need to conserve the time of DHS employees for the conduct of official business; (5) the need to avoid spending the time and money of the United States for private purposes; (6) the need to maintain impartiality between private litigants in cases where a substantial government interest is not implicated; (7) whether compliance would have an adverse effect on performance by the DHS of its mission and duties; and (8) the need to avoid involving the DHS in controversial issues not related to its mission. *See* 6 C.F.R. § 5.48(a).

In addition, ICE will not comply with a request when such compliance would violate a statute, regulation, Executive Order, or agency policy. Likewise, ICE will not comply with a request when such compliance would reveal agency deliberations, or potentially impede or prejudice an on-going law enforcement investigation. *See* 6 C.F.R. § 5.48(b).

ICE has reviewed your subpoena and accompanying letter and has determined that this request does not currently meet the requirements of 6 C.F.R. § 5.45. The subpoena and accompanying letter do not adequately specify what information is being requested nor do they describe how the information sought is relevant to the present legal proceeding. Moreover, the information sought may be law enforcement sensitive and/or subject to an Executive Privilege. Your request as currently written is also overly broad and unduly burdensome as it does not specify a timeframe regarding the information you seek, and also seeks information regarding issues other than information that relates to the Voluntary Work Program (VWP). The information you seek may also be available through your client, GEO, especially with regards to information about the ICE-GEO contract, the VWP at the NWDC, and payments to participants of the VWP, all of which are known by GEO. Also, to the extent that your requests call for legal conclusions and/or expert or opinion testimony, this type of testimony and information is generally prohibited under 6 C.F.R. § 5.49.

If you wish to comply with the DHS *Touhy* regulations, we require a more detailed explanation of the testimony you are seeking, including what facts you intend to elicit and their relevance to the legal proceeding. Should you wish to consider a revised request or to discuss how such a request might satisfy the requirements of the *Touhy* regulations, ICE is available to do so. Upon the receipt of a request that complies with the requirements of 6 C.F.R. § 5.48, ICE will then consider the eight factors outlined in 6 C.F.R. § 5.48(a) to determine whether ICE will comply with

Shannon Armstrong, Esq.
Page 3

the request. ICE reserves the right to object to any future revised subpoenas, pursuant to the factors outlined in 6 C.F.R. § 5.48(a).[2]

## Rule 45

Additionally, this letter serves as notice pursuant to Federal Rules of Civil Procedure Rule 45(d)(2)(B) that ICE is objecting to the requirements of the subpoena for deposition testimony. As stated above, your request does not meet the requirements of 6 C.F.R. § 5.48. The subpoena does not adequately specify what information is being requested. The subpoena also fails to provide a sufficiently detailed explanation as to how the requested ICE information relates to or is relevant to this matter. Also, to the extent that your requests call for legal conclusions and/or expert or opinion testimony, this type of testimony is generally prohibited under 6 C.F.R. § 5.49. In addition, ICE asserts the following objections.[3]

### a. Relevance

With regard to the five topics outlined in your request, you have not satisfied your burden of establishing that the requested information is relevant to your client's case. *See* Fed. R. Civ. P. 26(b)(1), 6 C.F.R. § 5.45(a) (request must set forth, "with as much specificity as possible, the nature and relevance of the official information sought").[4] Your request does not contain any reference as to why the information that you seek in each topic is relevant to a claim or defense in the pending litigation. Additionally, it is unclear how even with a detailed request, Mr. Bostock's duties and responsibilities for ICE, ICE's contracts in their entirety with GEO for the operation of the Northwest Detention Center (NWDC) and ICE's relationship with GEO would be relevant to a claim or defense as they pertain to the Voluntary Work Program (VWP).[5]

### b. Requests are overly broad, unduly burdensome, and/or vague

The subpoena request, as currently written, contains requests that are overly broad and unduly burdensome in violation of Rules 26 and 45 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(c), 45(d)(1), (d)(3). Your request is also unduly burdensome under the applicable agency *Touhy* regulations. *See* 6 C.F.R. § 5.48(a)(1). Additionally, your request seeks an "overly broad" range of information for a civil dispute in which the Executive is not a party. *See Cheney v. U.S. Dist. Court for Dist. Of Columbia*, 542 U.S. 367, 386 (2004). As the Supreme Court has noted, "special considerations control" when discovery such as that involved in your subpoena is sought from the Executive. *Id.* at 385. The "paramount necessity of protecting the Executive Branch from vexatious litigation that might distract from the energetic performance of its constitutional duties," as well as the unique privileges that may be implicated in this context, require a subpoenaing party, at

---

[2] Please note that while specificity and relevance are the first step in the *Touhy* analysis prior to an evaluation of the request under the eight factors outlined in 6 C.F.R. § 5.48(a), ICE has provided additional information regarding potential issues with your request so that an appropriate request can be provided to ICE. This will assist in efficiently providing you with any information to which you may be entitled under the *Touhy* regulations.

[3] Due to the fact that the subpoena request is not sufficiently detailed, ICE reserves the right to assert additional objections or modify existing objections in the event that a sufficiently detailed *Touhy* request is received.

[4] Receiving a detailed description of the information sought in a *Touhy* request and a specific explanation as to its relevance, as required by the regulations, enables an agency, among other things, to determine whether providing the requested information would violate any statutes, regulations or privileges, as well as to determine whether the subpoenaed ICE employee is the correct individual to provide the requested information.

[5] Topic one seeks information on Mr. Bostock's "duties and responsibilities for ICE." Topic two seeks information on "ICE's contracts with GEO for the operation of the NWDC in Tacoma, Washington." Topic three seeks information on "ICE's relationship with GEO."

Shannon Armstrong, Esq.
Page 4

the very least, to meet "exacting standards" of relevancy, admissibility, and specificity." *Id.* at 382, 386-87.

      Under Rule 45(d)(1) of the Federal Rules of Civil Procedure, a party issuing a subpoena must avoid imposing undue burden or expense on the respondent. As currently written; however, the subpoena request in this matter violates that obligation. Your deposition request is also unduly burdensome for the additional reason that depositions are usually the most burdensome means of obtaining facts in litigation, and a court may require that information be sought by means that are "more convenient, less burdensome, or less expensive." *See* Fed. R. Civ. P. 26(b)(2)(C). You have not explained why a deposition is needed in this matter, rather than by less burdensome means.

      The topics on which you seek to depose Mr. Bostock on are very broad and fail to adequately specify the information you are seeking. Additionally, several of your requests are vague. For example, topic one references Mr. Bostock's duties and responsibilities. General testimony regarding Mr. Bostock's duties and responsibilities is overly broad measured against any claim or defense regarding the VWP in the subject litigation. Your request also fails to provide a timeframe for the information requested and also fails to state what specific information you are seeking regarding such duties and responsibilities. Thus, the requested information in topic one of your subpoena is overly broad, unduly burdensome and vague.

      In addition, with regard to topic two, general testimony regarding ICE's contract with GEO for operation of the NWDC in its entirety is also overly broad measured against any claims or defenses asserted in the subject litigation. Your request also fails to provide a timeframe for the information sought, such that the request could span several years and several different contracts, making the request unduly burdensome and overly broad. Your request also fails to specify what testimony with regard to the contracts you wish to elicit, making your request vague. Thus, the requested information in topic two of your subpoena is overly broad, unduly burdensome and vague.

      Additionally, with regard to topic three, information regarding "ICE's relationship with GEO" is also vague. Your request does not detail what specific information regarding this topic you are seeking, making the request both vague and overly broad as measured against any claim or defense regarding the VWP in the subject litigation. Thus, the requested information in topic three of your subpoena is overly broad, unduly burdensome and vague.

      Topic four seeks information regarding the VWP at the NWDC.[6] General testimony regarding the VWP at the NWDC in its entirety is also overly broad measured against any claims or defenses asserted in the subject litigation. Your request also fails to provide a timeframe for the information sought, such that the request could span several years making the request unduly burdensome and overly broad. Your request also fails to specify what particular information regarding the VWP at the NWDC you wish to elicit, making your request vague. Thus, the requested information in topic four of your subpoena is overly broad, unduly burdensome and vague.

      Topic five seeks information regarding payments made to participants of the VWP.[7] General testimony regarding payments to participants of the VWP in its entirety is also overly broad measured against any claims or defenses asserted in the subject litigation. Your request also fails to provide a timeframe for the information sought, such that the request could span several years and several different contracts, making the request unduly burdensome and overly broad. Your request also fails to specify the particular information you wish to elicit, making your request vague. Thus, the requested information in topic five of your request is overly broad, unduly burdensome and vague.

---

[6] Topic four requests information on "the Voluntary Work Program at the NWDC."
[7] Topic five requests information on "payments to participants of the Voluntary Work Program."

Shannon Armstrong, Esq.
Page 5

        *c. Information likely in the possession of GEO and/or publicly available*

        Several of your requests seek information that one would reasonably expect to be in the "possession, custody, or control" of your client, *see* Fed. R. Civ. P. 45(a)(1)(A)(iii). For instance, in topic two, you seek information regarding contracts between GEO and ICE for the operation of the NWDC. As GEO is one of the two contracting parties, GEO has the information about its contract in its own possession, custody, and control. In topics four and five you seek information regarding the VWP and payments to participants of the VWP. Such information should be in the possession of GEO and should not be sought from a non-party government entity pursuant to a subpoena for deposition testimony.

        In addition, several of the topics listed in the subpoena seek information that is publicly available. For instance information regarding the VWP can be located in the ICE National Detainee Handbook, which is publicly available at https://www.ice.gov/sites/default/files/document/Documents/2017/detainee-handbook.PDF and the the Performance Based National Detention Standards (PBNDS) which is also publicly available at https://www.ice.gov/detention-standards/2011. Topic five requests testimony regarding payments made to participants of the VWP. Information about this topic is also publicly available and can be found at 8 U.S.C. § 1555(d) and Pub. L. No. 95-431. Given that the information requested in topics two, four and five should be in the possession of GEO, and/or are publicly available, this is another aspect in which your subpoena in this matter are also unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2)(C) (court must limit discovery if information sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive").

        *d. Attorney-Client Privilege and/or Deliberative Process Privilege*[8]

        Topics two, four and five seek information that may be covered by the attorney-client privilege and/or the deliberative process privilege, and thus not subject to disclosure. The attorney-client privilege protects from disclosure client communications with a lawyer regarding legal advice. The deliberative-process privilege protects from disclosure those documents and information that contain recommendations, opinion and conclusions of agency employees.

        Topics two, four and five reference ICE's contracts with GEO for the operation of the NWDC, as well as the VWP at the NWDC and payments to participants of the VWP. Some or all of this information may be protected by the attorney-client privilege as ICE contracts, including any terms or modifications as they pertain to the VWP are reviewed and entered into in consultation with the Office of Principal Legal Advisor (OPLA). Additionally, to the extent that you seek to elicit information regarding contract negotiations, contract modifications, contract terms etc., a good deal of this information is expected to include information subject to the deliberative-process privilege as contract negotiations, contract modifications, contract terms etc., would be expected to include recommendations, opinions and conclusions of agency employees. Additionally, to the extent that you intend to elicit information regarding these issues as they pertain to information that occurred following the initiation of the subject suit, such information may also be protected by the attorney-client privilege to the extent that program offices and employees discussed the matter with OPLA. The attorney-client privilege also protects communications between ICE and DOJ.

---

[8] Please note that due to the lack of specificity in the requests, ICE is asserting the subject privileges based on the potential conflicts that may exist, after a consideration of the types of information that is being requested. To the extent that any of the testimony that is the subject of this request contains information prepared by ICE attorney's pursuant to this litigation or any companion litigations, that information would be protected by the work product privilege.

Shannon Armstrong, Esq.
Page 6

      *e. Additional objections and privileges*

The foregoing objections are not exclusive, and ICE reserves the right to assert further objections in response to the subpoenas as appropriate. Additionally, ICE reserves any and all privileges and other grounds for non-disclosure that may apply to the information requested. The breadth and nature of your subpoena raises the likelihood that any responsive information, to the extent that responsive information exists, would include privileged or otherwise protected information, including, but not limited to, information protected by the law enforcement privilege.

Additionally, assuming that your requests were modified to appropriately narrow and identify the information sought, the breadth and nature of the requests raise a potential that they seek information, the disclosure of which may violate the Privacy Act of 1974, 5. U.S.C. § 552a, or otherwise cause an unwarranted invasion of personal privacy.

In the event that you wish to revise your request in response to this denial, it may be efficient and productive to confer, including about the requirements of DHS's *Touhy* regulations, before any formal submission of a revised subpoena. If you require additional information on this matter, I can be reached by email at anne.rose@ice.dhs.gov.

    Sincerely,

    /s/ Anne M. Rose
    Anne M. Rose
    Associate Legal Advisor
    Government Information Law Division
    Office of the Principal Legal Advisor
    U.S. Immigration and Customs Enforcement

cc. Kristin B. Johnson