# BAKER DECLARATION

# EXHIBIT CK

EXHIBIT A

*Office of the Principal Legal Advisor*

**U.S. Department of Homeland Security**
425 I Street, NW, Room 6100
Washington, DC 20536



August 1, 2018

<u>VIA EMAIL</u>

Schroeter Goldmark & Bender
Adam J. Berger
Jamal N. Whitehead
Lindsay L. Halm
810 Third Avenue, Suite 500
Seattle, WA 98104

Devin Theriot-Orr
Sunbird Law, PLLC
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154

Mark Emery
Norton Rose Fullbright US LLP
799 9th St. NW, Suite 1000
Washington, DC 20001

Joan K. Mell
III Branches Law, PLLC
1019 Regents Blvd., Ste. 204
Fircrest, WA 98466

Andrew Free
The Law Office
P.O. Box 90568
Nashville, TN 37209

Charles A. Deacon
Norton Rose Fulbright US LLP
300 Convent St.
San Antonio, TX 78205

Lindsay Halm
Schroeter Goldmark & Bender
810 3rd Ave.
Ste 500
Seattle, WA 98104

Meena Pallipamu Menter
Menter Immigration Law PLLC
8201 164th Ave., N.E., Suite 200
Seattle, WA 98052

Andrea D'Ambra
Norton Rose Fulbright US, LLP
1301 Avenue of the Americas
New York, New York 10019

      Re:   *Ugochukwu Goodluck Nwauzor et. al v. The Geo Group*
             WDWA No. 17-5806-RJB

Counsel,

It has come to our attention that a declaration, executed by former Immigration and Customs Enforcement (ICE) employee Tracey Valerio, was submitted in this action in violation of 6 C.F.R. §§ 5.41-5.49, commonly referred to as *Touhy* regulations. *See generally United States ex. rel. Touhy v. Ragen*, 340 U.S. 462 (1951). The filing appears to have been made on July 20, 2018. The *Touhy* regulations are an absolute condition precedent to obtaining testimony or other information from a Department of Homeland Security (DHS) employee of which ICE is a component, and the regulations must be complied with before the DHS or ICE may respond to any such request. *See United States v. Soriano-Jarquin*, 492 F.3d 495 (4th Cir. 2007); *Ho v. United States,* 374 F.Supp.2d 82 (D.D.C. 2005); *Boeh v. Gates*, 25 F.3d 761 (9th Cir. 1994).

Section 5.43 of the DHS *Touhy* regulations requires that service of subpoenas, court orders, and other demands or requests for official information be served on the DHS Office of the General Counsel (OGC). DHS OGC has delegated this responsibility to its components. The enacted regulations govern the release of testimony or information in the custody and control of the Department, or was acquired by Department employees, or former employees, as part of their official duties or because of their official status within the Department while such individuals were employed by or served on behalf of the Department. *See* 6 C.F.R. § 5.41(e).

Further, DHS regulations bar all DHS employees, including former employees, from *inter alia* providing responses to questions by attorneys in situations involving litigation regarding any material contained in the files of the Department, any information relating to material contained in the files of the Department, or any information acquired while the subject of the request for information is or was employed by DHS, unless authorized to do so by the DHS Office of General Counsel or its designees. *See* 6 C.F.R. § 5.44.

As Ms. Valerio was not authorized to speak on behalf of the agency or provide the information contained in the declaration submitted, ICE objects to the submission of the declaration to the extent that it purports to be provided on behalf of the agency or express agency views.

Sincerely,

/s/ Anne M. Rose_____
Anne M. Rose
Associate Legal Advisor
Government Information Law Division
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement