The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | Case No.: 3:17-cv-05806-RJB<br><br>**DEFENDANT THE GEO GROUP, INC.'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER (DKT. 288)**<br><br>**NOTE ON MOTION CALENDAR:**<br>Date: August 20, 2019 |

The GEO Group, Inc. ("GEO") respectfully moves for reconsideration of the Court's August 6, 2019 Order, Dkt. 288 ("Order"), which denied GEO's motion for summary judgment ("MSJ") and granted the State of Washington's motion for summary judgment on GEO's preemption defense.

## STANDARD OF REVIEW

Local Civil Rule 7(h)(1) authorizes reconsideration upon "a showing of manifest error in the prior ruling." This Court has explained, "'manifest error' is 'an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'" *Casteel v. Charter Comm's, Inc.*, No. 3:13-cv-5520, at *1 (W.D. Wash. Dec. 1, 2014). GEO respectfully submits this standard is met here because controlling law GEO presented, which the Order either did not address or ignored in favor of non-controlling law, contravenes the fundamental basis for the Court's conclusions on derivative sovereign immunity, preemption, and the Washington Minimum Wage Act ("WMWA").

DEFENDANT THE GEO GROUP, INC.'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER (DKT. 288)
(3:17-CV-05806-RJB) – PAGE 1

49900802;1

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

**ARGUMENT**

**A. GEO is entitled to derivative sovereign immunity.**

With regard to derivative sovereign immunity ("DSI"), the Court cites to *Cabalce v. Thomas E. Blanchard & Associates, Inc.*, 797 F.3d 720, 732 (9th Cir. 2015) for the proposition that "[DSI] … is limited to cases in which a contractor had no discretion in the design process and completely followed government specifications." Order, at 9. On this basis, the Court concluded, with regard to GEO's $1/day payment under the VWP, "GEO has not shown that it had 'no discretion in the design process and completely followed government specifications.'" Order, at 9 (citing *Cabalce*, 797 F.3d at 732). *Cabalce*'s DSI standard is incorrect under the Supreme Court's decisions in *Yearsley* and *Campbell-Ewald*.

A review of *Yearsley* and *Campbell-Ewald* is necessary to comprehend *Cabalce*'s defects. *Yearsley* found "[w]here an agent . . . of the Government purporting to act on its behalf . . . [is] liable for his conduct causing injury to another, the ground of liability . . . [is] either that he ***exceeded his authority*** or that it was ***not validly conferred***." *Id*. at 20-21 (emphasis added). A contractor entered into a contract with the U.S. Government "for the purpose of improving the navigation of the Missouri River." *Id*. at 19. Pursuant to the contract, the contractor erected dikes to divert the river from the Iowa to the Nebraska shore. *Id*. at 20. To "accelerate the erosion" of the shore, the contractor "us[ed] the paddle wheels of its steamboats to increase the … current.'" Nebraska landowners sued for an unlawful taking and alleged the contractor's "artificial erosion" tactics were the primary culprit. *Id*. at 19-20.

*Yearsley* contains no facts or discussion on the contractor's "discretion in the design process" for making the Missouri river more navigable. The question was clear – was seeking to make the river more navigable validly conferred and did the contractor, by whatever means chosen, exceed his authority in executing that purpose. The Court was not concerned with whether using the steamboat's paddle wheels was explicitly directed or a product of the contractor's discretion. This is no mistake. It is confirmation "discretion" in executing the

DEFENDANT THE GEO GROUP, INC.'S MOTION
FOR RECONSIDERATION OF SUMMARY JUDGMENT
ORDER (DKT. 288)
(3:17-CV-05806-RJB) – PAGE 2

49900802;1

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

Government's will is irrelevant. The Court was singularly focused on two questions – was the authority "validly conferred" and did the contractor "exceed[] his authority." *Id.* at 21.

*Campbell-Ewald* follows suit. In *Campbell-Ewald*, a company contracted with the U.S. Navy to develop a recruiting campaign of text messages to young adults. *See* 136 S. Ct. 663, 667 (2016). The contract limited texts to only individuals who had "opted in" to receive them. *Id.* The contractor inadvertently sent texts to individuals who had not "opted in." *Id.* These individuals sued under the Telephone Consumer Protection Act (TCPA). The contractor argued it was entitled to DSI as a federal contractor.

Following *Yearsley*, the contractor was not entitled to DSI because it violated a contract term – only send text messages to "opt ins." *Id.* at 672. Absent is any reference to "discretion in the design process." This too is no oversight. The test is simple – was authority validly conferred and did the contractor exceed that authority. Discretion is irrelevant.

With the exception of *Cabalce* (and its progeny), all courts addressing DSI since *Yearsley* follow *Yearsley*. This is true of the Ninth Circuit before *Cabalce*,[1] including the Ninth Circuit's *Gomez v. Campbell-Ewald Company*, 768 F.3d 871 (9th Cir. 2014) and the cases it cites,[2] and the one non-post *Cabalce*, non-Ninth Circuit case in Plaintiff's Response.[3]

*Cabalce*'s "discretion" requirement is incongruous with *Yearsley*. Discretion in the design process is irrelevant if the contractor does not exceed authority. Government contracts vary – some are detailed, and others offer broad grants of authority to achieve a stated outcome. *Yearsley* manages both scenarios. For example, in *Yearsley*, the contract gives a broad grant of authority to "make the Missouri River more navigable." The contractor used discretion to use steamship paddle wheels to accelerate shore erosion. Nonetheless, DSI was

---

[1] *See Myers v. United States*, 323 F.2d 580 (9th Cir. 1963) (holding that unless the acts of the federal contractor are "over and beyond acts required to be performed . . . or acts not in conformity with the terms of the contract," derivative sovereign immunity is appropriate); *Agredano v. U.S. Customs Service*, 223 Fed. Appx. 558 (9th Cir. 2007) (holding a federal contractor cannot be held liable for injuries third parties incur as a result of the contract's execution, where the contract is legal and there is no breach the terms of the agreement).
[2] *See Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 204–07 (5th Cir. 2009); *Butters v. Vance Int'l Inc.*, 225 F.3d 462, 466 (4th Cir. 2000); *Myers*, 323 F.2d at 583.
[3] *See In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, 928 F.3d 42 (D.C. Cir. 2019).

DEFENDANT THE GEO GROUP, INC.'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER (DKT. 288)
(3:17-CV-05806-RJB) – PAGE 3

49900802;1

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

granted because the discretionary actions were within the bounds of the authority granted. If the contract had included a clause requiring erosion only through dikes, the contractor's "discretion" would have exceeded the authority granted. *Campbell-Ewald* is the same. DSI was denied because the contractor violated the contract. The contractor "exceeded his authority" by sending text messages to individuals who had not "opted in" and that, not "discretion in the design process," is the crux of *Yearsley* and *Campbell-Ewald*.[4]

*Cabalce*'s "discretion in the design process" does not belong in DSI jurisprudence. *Cabalce* incorrectly took language from a Ninth Circuit government contractor defense ("GCD") case, *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986 (9th Cir. 2008). Its existence and now extension into Ninth Circuit DSI jurisprudence is wrong. Further, *Cabalce* falsely stated *Hanford* "held" in a DSI context "[DSI], as discussed in *Yearsley*, is limited to cases in which a contractor 'had no discretion in the design process and completely followed government specifications.'" *Cabalce*, 797 F.3d at 732 (citing *Hanford*, 534 F.3d at 1001). This is incorrect for two (2) reasons.

One, *Hanford* is not a DSI case. *Hanford* analyzes applicability of the GCD to a contractor's emission of nuclear material. GCD and DSI are manifestly different. GCD was established in *Boyle v. United Tech. Corp.*, 487 U.S. 500 (1988) and focuses on extension of the "discretionary function exemption" to the Federal Tort Claims Act to certain government contractors. *Hanford*, 534 F.3d at 1000. A government contractor's "discretionary actions" is a key element of the defense. Like *Hanford*, *Boyle* has nothing to do with DSI.

Two, in dicta, *Hanford* surmised the seeds of the GCD were sown 70 years' prior in *Yearsley*. In *Hanford*'s discussion of *Yearsley*'s postulated influence on the GCD, *Hanford* curiously noted (referring to *Boyle*), "[t]he Court limited the applicability of [DSI] to principal-agent relationships where the agent had no discretion in the design process and

---

[4] Plaintiff's description of *Campbell-Ewald* in its' Response to GEO's MSJ is misleading. According to Plaintiff, *Campbell-Ewald* stated DSI "will not attach where a contractor's *discretionary actions* created the contested issue." (emphasis added) *Campbell-Ewald* did not use the word "discretionary" at all – simply that a *violation* of the government contract will defeat DSI.

DEFENDANT THE GEO GROUP, INC.'S MOTION
FOR RECONSIDERATION OF SUMMARY JUDGMENT
ORDER (DKT. 288)
(3:17-CV-05806-RJB) – PAGE 4

49900802;1

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

completely followed government specifications. Nothing in *Yearsley* extended immunity to military contractors exercising a discretionary governmental function." *Hanford*, 534 F.3d at 1001; *see generally Boyle*, 487 U.S. 524-525 (J. Brennan, dissenting).

*Hanford*'s dicta is the root of the current dilemma. <u>First</u>, *Cabalce*'s use of dicta from *Hanford* to announce a new Ninth Circuit DSI precedential is wrong. <u>Second</u>, the dicta regarded the GCD. The remark regarding nothing in *Yearsley* extending immunity to a military contractor exercising a discretionary governmental function is only relevant in the context of the GCD analysis. <u>Third</u>, the language *Hanford* took from *Boyle* related to "discretion in the design process" is actually from Justice Brennan's dissent. It was error for *Hanford* to represent this proposition as Supreme Court precedent. It was not *Boyle*'s holding and it is antagonistic to *Yearsley* and *Campbell-Ewald*. <u>Fourth</u>, reliance on *Boyle* (or cases relying on *Boyle* – *i.e.*, *Hanford*), a preemption case, for DSI guidance was flatly rejected by the Ninth Circuit in *Campbell-Ewald*. *See* 768 F.3d at 880-81 ("[A]lthough *Boyle* may apply more broadly than to the facts of that case alone, that broader applicability is rooted in pre-emption principles and not in any widely available immunity or defense."). *Id.* at 881. The Court's reliance *Cabalce* was "manifest error" because it "amount[ed] to a complete disregard of the controlling law…" *Casteel*, No. 3:13-cv-5520, at *1 (W.D. Wash. Dec. 1, 2014).

The Order assumes – without citation to any authority – GEO's ability to ask ICE to *change* or *waive* the contractual requirement that it pay detainees $1/day precludes GEO from claiming immunity from what the contract *otherwise requires* (i.e., the payment of $1/day). That would essentially eviscerate derivative sovereign immunity, because a contractor can *always* ask for changes to – or exceptions from – a contractual obligation.

Finally, the Order overlooks GEO's alternative, independent basis for DSI – that the ICE Contracts explicitly prohibit GEO from treating detainees as employees. Because the State's claims necessarily assume that the detainees are employees of GEO, they are barred by derivative sovereign immunity—even under *Cabalce*'s incorrect no-discretion standard. Failure to address this separate basis for DSI was also manifest error.

DEFENDANT THE GEO GROUP, INC.'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER (DKT. 288) (3:17-CV-05806-RJB) – PAGE 5

49900802;1

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

**B.  The claims are preempted and the Order does not address GEO's arguments.**

**Impossibility/Conflict Preemption.** The State can only seek to have GEO pay a minimum or market wage if there is a law requiring it. The State relies on the WMWA and unjust enrichment precedent, but neither applies in this context unless the detainees are employees. MSJ, Dkt. 245, p. 16. Because federal law bars this very relationship, there is a conflict and federal law (IRCA) preempts the State's claims. *Id.*

GEO did not argue it is impossible for GEO to pay unauthorized aliens more than $1/day and comply with federal law. Order, Dkt. 288, p. 11. GEO argued it is impossible for GEO to have an employer-employee relationship with unauthorized aliens under state law (WMWA and unjust enrichment) <u>and</u> comply with federal law barring GEO from having this very relationship (IRCA). MSJ, Dkt. 245, p. 16. It was "manifest error" for the Court to ignore this argument and rule against GEO and in the State's favor on this point.

**Obstacle Preemption.** GEO cites *Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137, 149-50 (2002) to show the State's claims are an obstacle to the methods IRCA mandates to control employment of unauthorized aliens. MSJ, Dkt. 245, p. 17. The Order did not cite or discuss *Hoffman*. Ignoring this binding precedent is "manifest error."

**C.  WMWA does not apply to detainees in the VWP as a matter of law.**

GEO argues, in part, the WMWA is inapplicable as a matter of law due to the custodial nature of detention and therefore there is no need to conduct the multi-factor test otherwise-required under state law. *See, e.g.*, MSJ, Dkt. 245, p. 20-21 (*e.g.*, *Alvarado Guevara v. INS*, 902 F.2d 395-97 (5th Cir. 1990)). The Order fails to address this argument. Order, Dkt. 388, p. 12-13. Not considering the fundamentally different nature of detention in this context constitutes "manifest error."

## CONCLUSION

GEO respectfully asks this Court to reconsider its Order on the cross-summary judgment motions, grant GEO's MSJ on the issues raised herein, and deny the State's motion on GEO's preemption defense.

DEFENDANT THE GEO GROUP, INC.'S MOTION
FOR RECONSIDERATION OF SUMMARY JUDGMENT
ORDER (DKT. 288)
(3:17-CV-05806-RJB) – PAGE 6

49900802;1

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

| | |
|---|---|
| 1 | Respectfully submitted, this 20th day of August, 2019. |
| 2 | By: *s/ Colin L. Barnacle* |
| | **AKERMAN LLP** |
| 3 | Colin L. Barnacle (Admitted *pro hac vice*) |
| | Christopher J. Eby (Admitted *pro hac vice*) |
| 4 | Ashley E. Calhoun (Admitted *pro hac vice*) |
| 5 | 1900 Sixteenth Street, Suite 1700 |
| | Denver, Colorado 80202 |
| 6 | Telephone: (303) 260-7712 |
| | Facsimile: (303) 260-7714 |
| 7 | Email: colin.barnacle@akerman.com |
| | Email: christopher.eby@akerman.com |
| 8 | Email: ashley.calhoun@akerman.com |

By: *s/ Joan K. Mell*
**III BRANCHES LAW, PLLC**
Joan K. Mell, WSBA #21319
1019 Regents Boulevard, Suite 204
Fircrest, Washington 98466
Telephone: (253) 566-2510
Facsimile: (281) 664-4643
Email: joan@3brancheslaw.com

*Attorneys for Defendant The GEO Group, Inc.*

DEFENDANT THE GEO GROUP, INC.'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER (DKT. 288)
(3:17-CV-05806-RJB) – PAGE 7

49900802;1

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

**PROOF OF SERVICE**

I hereby certify on the 20th day of August, 2019, pursuant to Federal Rule of Civil Procedure 5(b), I electronically filed and served the foregoing **DEFENDANT THE GEO GROUP, INC.'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER (DKT. 288)** via the Court's CM/ECF system on the following:

Marsha J. Chien
Andrea Brenneke
Lane Polozola
Patricio A. Marquez
OFFICE OF THE ATTORNEY GENERAL
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104

*Attorneys for Plaintiff*

        *s/ Nick Mangels*
        Nick Mangels

PROOF OF SERVICE
(3:17-CV-05806-RJB) – PAGE 8

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

49900802;1