The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STATE OF WASHINGTON,

        Plaintiff,

   v.

THE GEO GROUP, INC.,

        Defendant.

Civil Action No. 17-5806 RJB

**SUPPLEMENTAL STATEMENT OF INTEREST OF THE UNITED STATES IN REPLY TO STATE OF WASHINGTON'S RESPONSE**

SUPPLEMENTAL STATEMENT OF INTEREST OF THE UNITED STATES IN REPLY TO
STATE OF WASHINGTON'S RESPONSE
*State of Washington v. The Geo Group, Inc.*, No. 3:17-cv-05806-RJB

**U.S. DEPARTMENT OF JUSTICE**
1100 L Street, NW
Washington, DC 20005
Tel: (202) 353-4537

In its Response to the United States' Statement of Interest ("Response"), Washington fails to rebut any of the following points:

- The United States is entitled to present its views in the case;
- The Court is empowered at any time to correct a ruling prior to judgment;
- Authority from the United States Supreme Court, particularly *Davis v. Michigan Department of Treasury*, 489 U.S. 803 (1989), and *Dawson v. Steager*, 139 S. Ct. 698 (2019), establishes that otherwise generally applicable laws—like Washington's Minimum Wage Act ("MWA")—that advantage the State and its associates but that do not provide the same benefit to the Federal Government and its associates are invalid on grounds of intergovernmental immunity;
- The MWA treats the State better than the Federal Government and its associates; and
- GEO has not waived intergovernmental immunity by contract.

The United States respectfully requests that the Court conclude that the doctrine of intergovernmental immunity bars the State from enforcing the MWA against GEO here.

## DISCUSSION

**I. The Attorney General Possesses Statutory Authority to Present the Interests of the United States, and the Court Possesses Ample Authority to Modify its Prior Non-Final Ruling.**

In its Response, Washington makes much of the fact that the Court previously addressed intergovernmental immunity. Washington does not dispute, however, that (a) by statute the Attorney General may attend to and present the interests of the United States as a non-party in this case, *see* 28 U.S.C. § 517; and (b) the Court is empowered to reconsider its prior ruling at any time before entry of judgment, *see City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001); s*ee also* Statement of Interest of the United States ("SOI") at 1 n.1 & 2 n.2, ECF No. 290.

SUPPLEMENTAL STATEMENT OF INTEREST OF THE UNITED STATES IN REPLY TO
STATE OF WASHINGTON'S RESPONSE -1
*State of Washington v. The Geo Group, Inc.*, No. 3:17-cv-05806-RJB

U.S. DEPARTMENT OF JUSTICE
1100 L Street, NW
Washington, DC 20005
Tel: (202) 353-4537

Washington's emphasis on this case's procedural history betrays the weakness of its argument on the merits. As the United States made clear in its Statement of Interest, and as further set forth below, the Court issued its prior rulings on intergovernmental immunity without the benefit of the views of the United States and on briefing before it that did not fully account for certain Supreme Court precedent, including *Dawson*, which post-dated this Court's prior ruling on intergovernmental immunity.[1] This precedent makes clear that laws that privilege the State and its associates over the Federal Government and *its* associates are invalid, even when the law's unfavorable treatment extends to other actors as well. *See Davis*, 489 U.S. at 805-06; *Dawson*, 139 S. Ct. at 703-06.

### II. Generally Applicable Laws Like the MWA that Privilege the State and Those with Whom It Deals but Not the Federal Government and Those with Whom It Deals Are Invalid.

In its Response, the State repeats the incorrect formulation of intergovernmental immunity that it previously argued to the Court: that the MWA would violate intergovernmental immunity only if it "singled out" or "targeted" GEO because of its status as a federal contractor. Response at 16, ECF No. 297; *see also* Wash.'s Resp. to Def. GEO Group Inc.'s Mot. for Summ. J. ("Wash.'s Resp.") at 9, ECF No. 155; *Boeing Co. v. Movassaghi*, 768 F.3d 832, 843 (9th Cir. 2014) (state law that "specifically targets" federal contractor violates intergovernmental immunity). The State is correct that such a law would violate intergovernmental immunity, but wrong to suggest that this is the *only* way a law can do so.

As the United States explained, "'[a] state or local law discriminates against the federal government if it treats someone else *better* than it treats the government.'" *Boeing*, 768 F.3d at 842 (quoting *United States v. City of Arcata*, 629 F.3d 986, 991 (9th Cir. 2010)) (emphasis added) (internal quotation marks omitted). The Supreme Court has made clear on multiple occasions that

---

[1] The parties and this Court did not have the benefit of *Dawson*, which reaffirmed *Davis* and is cited in the United States' Statement of Interest, at the time of this Court's original rulings on intergovernmental immunity, as *Dawson* was decided by the Supreme Court in February 2019. Washington tellingly never mentions *Dawson* in its Response.

SUPPLEMENTAL STATEMENT OF INTEREST OF THE UNITED STATES IN REPLY TO
STATE OF WASHINGTON'S RESPONSE -2
*State of Washington v. The Geo Group, Inc.*, No. 3:17-cv-05806-RJB

**U.S. DEPARTMENT OF JUSTICE**
1100 L Street, NW
Washington, DC 20005
Tel: (202) 353-4537

such discrimination occurs when a state law provides special treatment for the state or its associates but treats the Federal Government and its associates the same as the less-favored general public. *See Davis*, 489 U.S. at 815-817 (holding that Michigan tax law "violate[d] principles of intergovernmental tax immunity by favoring retired state and local government employees over retired federal employees" and rejecting argument that law was constitutional because it "dr[ew] no distinction between the federal employees or retirees and the vast majority of voters in the State"); *Dawson*, 139 S. Ct. at 704 ("In *Davis*, we rejected Michigan's suggestion that a discriminatory state income tax should be allowed to stand so long as it treats federal employees or retirees the same as 'the vast majority of voters in the State.'" (quoting *Davis*, 489 U.S. at 815 n.4)); *see also Phillips Chem. Co. v. Dumas Indep. Sch. Dist.*, 361 U.S. 376, 385 (1960) ("[I]t does not seem too much to require that the State treat those who deal with the Government as well as it treats those with whom it deals itself."). Indeed, the Supreme Court unanimously reaffirmed this principle *this year*. *See Dawson*, 136 S. Ct. at 703-06.

Here, there is no question that the State exempts its own facilities from the MWA. *See* RCW 49.46.010(3)(k); Wash.'s Resp. at 8 ("Washington law exempts detainee[] workers in government detention facilities from the minimum wage."). As set forth in the Statement of Interest (and not disputed by the State), Washington policy indeed contemplates paying institutionalized persons housed by the State less than the minimum wage, even when those individuals "'work . . . for . . . private corporation[s]." SOI at 14 (quoting State of Washington Department of Labor Industries Employment Standards Administrative Policy: Minimum Wage Act Applicability (2014) at 5, ECF 160-1); SOI at 3 (citing state Offender Work Program Policies 700.100 & 710.400, which provide for payment of less than minimum wage for participants). The statute provides no exception for the Federal Government or its contractors. *Id.* The MWA thus treats the State better than the Federal Government and is invalid.

Washington attempts to evade this straightforward conclusion by "rewriting" the MWA so that it exempts only those housed in state-*owned*, county-*owned*, or municipal-*owned*

SUPPLEMENTAL STATEMENT OF INTEREST OF THE UNITED STATES IN REPLY TO
STATE OF WASHINGTON'S RESPONSE -3
*State of Washington v. The Geo Group, Inc.*, No. 3:17-cv-05806-RJB

U.S. DEPARTMENT OF JUSTICE
1100 L Street, NW
Washington, DC 20005
Tel: (202) 353-4537

correctional, detention, treatment, or rehabilitative institutions. *Compare* RCW 49.46.010(3)(k) (exempting any "[a]ny resident, inmate, or patient of a state, county, or municipal correctional, detention, treatment or rehabilitative institution"), *with* Wash.'s Resp. at 19 (arguing that the exemption applies only to "governmentally owned and operated institutions"). According to Washington, because the law exempts only state-*owned* facilities, it treats state *contractors* and federal *contractors* the same and thus does not violate intergovernmental immunity. *See id.* at 19-23. The text of the MWA, however, provides otherwise.

Washington's attempted rewrite, moreover, gets it nowhere, because as the Supreme Court reaffirmed just this year in *Dawson*, the relevant question for purposes of intergovernmental immunity "isn't whether federal [entities] are similarly situated to state [entities] who *don't* receive a . . . benefit; the relevant question is whether they are similarly situated to those who *do*." *Dawson*, 139 St. Ct. at 705-06. As the Ninth Circuit has recognized, there is no meaningful distinction between federally-owned and contractor-owned immigration facilities for purposes of intergovernmental immunity. *See United States v. California*, 921 F.3d 865, 882 & n.7 (9th Cir. 2019) (state law that applies to "facilities in which noncitizens are being housed or detained for purposes of civil immigration proceedings" "relates exclusively to federal conduct" for purposes of intergovernmental immunity even though "the INA contemplates use of both federal facilities *and* nonfederal facilities with which the federal government contracts," because "[f]or purposes of intergovernmental immunity, federal contractors are treated the same as the federal government itself"). *Dawson* thus precludes treating workers in federal contractor-owned facilities differently from those in state-owned facilities.

The State now for the first time argues that it is not permitted to contract with private companies to house convicted felons in Washington, although it may contract with such companies to house convicted felons out of state. Wash.'s Resp. at 20 n.6. This argument does

SUPPLEMENTAL STATEMENT OF INTEREST OF THE UNITED STATES IN REPLY TO
STATE OF WASHINGTON'S RESPONSE -4
*State of Washington v. The Geo Group, Inc.*, No. 3:17-cv-05806-RJB

U.S. DEPARTMENT OF JUSTICE
1100 L Street, NW
Washington, DC 20005
Tel: (202) 353-4537

not advance the State's position. Assuming *arguendo* that is correct,[2] it says nothing about whether *other* institutionalized persons (e.g., those detained prior to conviction or non-felons) in facilities owned by state contractors are subject to the MWA, and Washington makes no claim that the MWA exempts those persons. *See* SOI at 10-11 n.7 (citing RCW 70.48.210(4), permitting "special detention facilities" to be operated by contract, and RCW 71.05.020(21) & 71.05.320(1)(a), addressing detention in treatment facilities and permitting treatment by private agencies). Nor does this putative exclusion shed light on the scope of the MWA with respect to state prisoners housed in Washington; it merely suggests an alternative manner for the State to exclude some of its own institutionalized persons from the MWA's requirements (by sending them out of state).[3]

---

[2] The authority Washington cites unquestionably clarifies that Washington is authorized to contract with private entities to house prisoners *out of state*. *See* RCW 72.68.012 ("The legislature has in the past allowed funding for transfer of convicted felons to a private institution in another state. It is the legislature's intent to clarify the law to reflect that the secretary of corrections has authority to contract with private corporations to house felons out-of-state and has had that authority since before February 1, 1999."). The State does not proffer any rationale for why it would be precluded from contracting with private parties to house prisoners in state.

[3] In its Statement of Interest, the United States argued that GEO did not waive intergovernmental immunity by contract in response to a point raised *sua sponte* (but not decided) by the Court. SOI at 14-16. The State did not argue the contrary in prior briefing, did not address this point in its Response, and thus has waived any contrary argument. S*ee, e.g., Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1173 (9th Cir. 2013) ("However, these claims were dismissed as 'barred by the statute of limitations and [because] Plaintiffs [did] not respond to this argument.' The Zadroznys have 'waived [their] argument [regarding the statute of limitations] both because [they] developed it for the first time in [their] reply brief, and because [they] did not present it to the district court[.]'" (alterations in original)); *see also Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148 (9th Cir. 2016) ("Having failed to make in his opening brief the . . . argument[,] . . . Brown waived it."). In any event, for the reasons set forth in the United States' Statement of Interest, GEO has not waived intergovernmental immunity by contract. SOI at 14-16.

SUPPLEMENTAL STATEMENT OF INTEREST OF THE UNITED STATES IN REPLY TO
STATE OF WASHINGTON'S RESPONSE -5
*State of Washington v. The Geo Group, Inc.*, No. 3:17-cv-05806-RJB

U.S. DEPARTMENT OF JUSTICE
1100 L Street, NW
Washington, DC 20005
Tel: (202) 353-4537

# CONCLUSION

For the foregoing reasons, the United States urges the Court to find that the doctrine of intergovernmental immunity bars the State of Washington from enforcing the MWA against GEO.

DATED: September 10, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ETHAN P. DAVIS
Principal Deputy Assistant Attorney General

CHRISTOPHER A. BATES
Senior Counsel to the Assistant Attorney General

ALEXANDER K. HAAS
Director

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

*/s/ Christopher M. Lynch*
CHRISTOPHER M. LYNCH
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 353-4537
Fax: (202) 616-8460
Email: christopher.m.lynch@usdoj.gov

*Counsel for the United States*

SUPPLEMENTAL STATEMENT OF INTEREST OF THE UNITED STATES IN REPLY TO STATE OF WASHINGTON'S RESPONSE -6
*State of Washington v. The Geo Group, Inc.*, No. 3:17-cv-05806-RJB

U.S. DEPARTMENT OF JUSTICE
1100 L Street, NW
Washington, DC 20005
Tel: (202) 353-4537

**CERTIFICATE OF SERVICE**

I certify that on September 10, 2019, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

DATED this 10th day of September, 2019.

                                      */s/ Christopher M. Lynch*
                                      CHRISTOPHER M. LYNCH

SUPPLEMENTAL STATEMENT OF INTEREST OF THE UNITED STATES IN REPLY TO STATE OF WASHINGTON'S RESPONSE -7
*State of Washington v. The Geo Group, Inc.*, No. 3:17-cv-05806-RJB

**U.S. DEPARTMENT OF JUSTICE**
**1100 L Street, NW**
**Washington, DC 20005**
**Tel: (202) 353-4537**