`UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                    Plaintiff,<br>   v.<br><br>THE GEO GROUP, INC.,<br><br>                    Defendant. | CASE NO. C17-5806RJB<br><br>PROPOSED ORDER GRANTING SUMMARY JUDGMENT OF DISMISSAL |

     Judges don't like to reverse themselves.  Sometimes, however, it is necessary – when the law changes or becomes more clear, or when additional facts come to light, or old facts have new impact as the law becomes more clear.  So it is here.

BACKGROUND

     This matter comes before the Court on a *sua sponte* review of the defense of intergovernmental immunity and the Court's December 10, 2019, Order Denying Defendant The GEO Group, Inc.'s Motion for Summary Judgment on Plaintiff's First Cause of Action (Dkt. 162).  This review was triggered by Statements of Interest filed by the United States of America (Dkts. 290 and 298).  The parties have received notice of the

PROPOSED ORDER GRANTING SUMMARY JUDGMENT OF DISMISSAL - 1

1  interest of the United States, have had the opportunity to brief the issues (See Dkt. 292),

2  and the Court heard oral argument on September 12, 2019.

3  The Order Setting Schedule (Dkt. 292) closed briefing on September 10, 2019.

4  After briefing was closed, and after oral argument, Defendant inexplicably filed three

5  additional documents (Dkts. 303, 304 and 305). The Court will not consider these

6  documents, Plaintiff not having a due process notice and opportunity to be heard on them,

7  and they being filed outside the set briefing schedule.

8  This matter originally came before the Court on Defendant The GEO Group, Inc.'s

9  ("GEO") Motion for Summary Judgment on Plaintiff's First Cause of Action. Dkt. 149.

10  The Court has reviewed all documents timely filed in support of, and in opposition to, the

11  motion, and the remainder of the file herein.

12  Defendant has invoked the doctrine of intergovernmental immunity, arguing that

13  finding for Plaintiff on the First Cause of Action impermissibly discriminates against

14  Defendant, a Federal Government contractor, in violation of the Supremacy Clause. U.S.

15  Const. art. VI, cl. 2 ("This Constitution, and the laws of the United States which shall be

16  made in pursuance thereof . . . shall be the supreme law of the land"). The First Cause of

17  Action seeks declaratory relief that the Washington Minimum Wage Act (RCW 49.46)

18  applies to the compensation of certain immigration detainees at the Northwest Detention

19  Center, and seeks injunctive relief that Defendant be enjoined from compensating detainees

20  below the prevailing minimum wage. Dkt. 1 at 6-7.

21  The facts necessary to resolving this motion are not in dispute.

22  Defendant is a private corporation that has owned and operated the Northwest

23  Detention Center, a 1,575-bed detention facility, since 2005 under a contract with

24  Immigration and Customs Enforcement (ICE). Dkt. 19 at 47, 49. Defendant is obligated to

PROPOSED ORDER GRANTING SUMMARY JUDGMENT OF DISMISSAL - 2

provide "detention management services" for detainees awaiting resolution of immigration matters, operating the Northwest Detention Center under certain standards and policies, including the Performance-Based National Detention Standards. Dkt. 19. at 49, 86. *See* 8 U.S.C. § 1231(g). The Performance-Based National Detention Standards require Defendant to implement a Voluntary Work Program under which detainees perform a variety of tasks. Dkt. 156 at 10, 11; 2011 PBNDS, § 5.8,Voluntary Work Program, available online at http://www.ice.gov/detention-standards/2011/ (last accessed Dec. 3, 2018). Detainee Voluntary Work Program participants receive $1 per day, a disbursement the parties characterize as an allowance (Defendant) or compensation (Plaintiff) under the contract with Immigration and Customs Enforcement. Under the contract, Defendant must "perform in accordance with the most current version of [ ] constraints . . . includ[ing] . . . all applicable federal, state and local labor laws and codes[.]" *Id*. at 47-48.

The legislature for the State of Washington has "endeavor[e]d . . . to establish a minimum wage for employees of this state to encourage employment opportunities within the state." RCW 49.46.005. The protections and benefits of the Minimum Wage Act are directed at employees; the statute applies indirectly to employers. *See id*. First effective in 1975, the Minimum Wage Act guarantees persons who are "employees" certain minimum wage protections. RCW 49.46.902. By statute, an "employee" is "any individual employed by an employer" in the State of Washington. Exceptions apply, including, "[a]ny resident, inmate, or patient of a state, county, or municipal correctional, detention, treatment or rehabilitative institution[.]" RCW 49.46.010(3)(k). Considerations in determining employment relationships are set out in case law. *See, e.g., Anfinson v. FedEx Ground Package Sys., Inc.*, 174 Wn.2d 851, 870 (2012); *Becerra v. Expert Janitorial, LLC*, 181 Wn.2d 186, 196-97 (2014).

PROPOSED ORDER GRANTING SUMMARY JUDGMENT OF DISMISSAL - 3

## LEGAL STANDARD – SUMMARY JUDGMENT

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."), s*ee also* Fed. R. Civ. P. 56 (d).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, T.W. *Elect. Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elect. Service Inc.*, 809

F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

## NEW CASES

Two cases were decided after the Court's December 10, 2018, Order Denying Defendant The GEO Group Inc.'s Motion for Summary Judgment on Plaintiff's First Cause of Action (Dkt. 162). Those cases are *United States v. California*, 921 F.3d 865 (9th Cir. 2019), filed April 18, 2019, and *Dawson v. Steager*, 586 U.S. ____, 139 S.Ct. 698 (2019), filed February 20, 2019. Those cases make it clear that the Court's Order Denying Defendant The GEO Group Inc.'s Motion for Summary Judgment on Plaintiff's First Cause of Action (Dkt. 162) is in error. That order should be stricken.

## THE LAW OF INTERGOVERNMENTAL IMMUNITY

*United States v California*, 921 F.3d 865 (9th Cir. 2019) provides an excellent explanation of the law of intergovernmental immunity (with internal citations omitted):

> The doctrine of intergovernmental immunity is derived from the Supremacy Clause, U.S. Const., art. VI, which mandates that "the activities of the Federal Government are free from regulation by any state." "Accordingly, state laws are invalid if they `regulate[ ] the United States directly or discriminate[ ] against the Federal Government or those with whom it deals."

*Id.* at 878.

> The mere fact that the actions of the federal government are incidentally *targeted* by AB 450[1] does not mean that they are incidentally *burdened,* and while the latter scenario might implicate intergovernmental immunity, the former does not. As the district court correctly recognized, to rule otherwise "would stretch the doctrine beyond its borders.

*Id.* at 880.

---

[1] The California state law at issue.

PROPOSED ORDER GRANTING SUMMARY JUDGMENT OF DISMISSAL - 5

> . . . [I]intergovernmental immunity attaches only to state laws that discriminate against the federal government and burden it in some way

*Id.* at 880.

> . . . The nondiscrimination rule finds its reason in the principle that the States *may not directly obstruct* the activities of the Federal Government.

*Id.* at 880-81.

> The Supreme Court has clarified that a state "does not discriminate against the Federal Government and those with whom it deals unless it treats someone else better than it treats them.

*Id.* at 881.

> . . . Only those provisions that impose an additional economic burden exclusively on the federal government are invalid under the doctrine of intergovernmental immunity.

*Id*. at 884.

> . . . In *North Dakota,* the Supreme Court endorsed "a functional approach to claims of governmental immunity, accommodating of the full range of each sovereign's legislative authority and respectful of the primary role of Congress in resolving conflicts between the National and State Governments.

*Id*. at 891.

> For purposes of intergovernmental immunity, federal contractors are treated the same as the federal government itself.

*Id.* at 882 n.7.

The lesson of *Dawson v. Steager*, 586 U.S. ____, 139 S.Ct. 698 (2019), is that to decide an intergovernmental immunity case, the Court must determine whether the State is treating a similarly situated federal entity differently than it is treating itself, and if it is doing so, whether the difference is discriminatory against the federal government and its contractors.

DISCUSSION

**a) Functional Approach**. The "functional approach" means that the Court should base any decision on what is actually happening at both Plaintiff's and Defendant's similarly situated facilities. The Court should not limit the evidence considered to documentary evidence of what might be, or could be, occurring.

**b) Economic Burden**. It is obvious that if GEO, a federal government contractor, is required to pay its Voluntary Work Program detainees at a higher rate under the Washington Minimum Wage Act than the $1.00 per day it is now paying, it is facing an economic burden not borne by the state, county or municipal detention institutions that operate a Voluntary Work Program and are exempt from the Washington Minimum Wage Act under RCW 49.46.010(3)(k).

**c) Comparison – Plaintiff and Defendant**. While the previous paragraph shows a potentially uneven economic burden, a closer comparison is appropriate to determine if that uneven economic burden is discriminatory against GEO and through GEO, against the federal government.

The State urges that Defendant GEO is not similarly situated to the State, because GEO is a private entity and the Northwest Detention Center is privately owned by GEO. That argument overlooks the law that federal government contractors are treated the same as the federal government for purposes of immunity analysis. It is this point of law that the Court did not fully appreciate at the time of the issuance of its December 10, 2018, Order Denying Defendant The GEO Group Inc.'s Motion for Summary Judgment on Plaintiff's First Cause of Action (Dkt. 162).

A more accurate comparison is as follows: Both the State and GEO operate detention facilities for civilly detained individuals.[2] Both operate Voluntary Work Programs. Neither follows the Minimum Wage Act. The State now urges that GEO be required to pay the state minimum wage to GEO detainees, but does not propose to pay the state minimum wage to its own detainees.[3]

**d) Conclusion.**  This comes before the Court on Defendant The GEO Group Inc.'s Motion for Summary Judgment on Plaintiff's First Cause of Action (Dkt. 149). There are no issues of material fact. The State of Washington's Minimum Wage Act is not enforceable against GEO at the urging of the State. The State's demand for damages for unjust enrichment is based on the failure to pay the State of Washington's Minimum Wage Act wages, and so the unjust enrichment claim fails as well. Defendant The GEO Group Inc.'s Motion for Summary Judgment on Plaintiff's First Cause of Action (Dkt. 149) must be granted. This case should be dismissed.

---

[2] For the State, the Special Commitment Center, for GEO, the Northwest Detention Center.

[3] The record may not reflect these facts, but it appears from oral argument and the pending cases of *Malone et al v. Ferguson et al,* WDWA #19-5574 and *Lough v. Ferguson,* WDWA #19-5543, that these facts are not in issue. There may be other examples of comparative similarities.

PROPOSED ORDER GRANTING SUMMARY JUDGMENT OF DISMISSAL - 8

## AFTERTHOUGHT

But what of GEO's detainees? Are they being treated fairly under the ICE/GEO contract? Is the contract being followed? Are they being used for work that should, under the contract, go to employees of ICE? Is GEO unfairly profiting by misuse of the Voluntary Work Program? These, and related questions, cannot be addressed by the Court and a jury in this litigation. Such issues are properly addressed to GEO, ICE and the Department of Justice, or to other litigation.

## ORDER

Therefore, it is now ORDERED:

1) The Order Denying Defendant The GEO Group, Inc.'s Motion for Summary Judgment on Plaintiff's First Cause of Action (Dkt. 162) is STRICKEN.

2) Defendant The GEO Group Inc.'s Motion for Summary Judgment on Plaintiff's First Cause of Action (Dkt. 149) is GRANTED.

3) This case is DISMISSED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this ___ day of _____, 2019.

ROBERT J. BRYAN
United States District Judge