The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON, | Case No.: 3:17-cv-05806-RJB |
| Plaintiff, | **DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER (DKT. 322) AND, IN THE ALTERNATIVE, TO REOPEN DISCOVERY AND MOVE FOR SUMMARY JUDGMENT** |
| v. | |
| THE GEO GROUP, INC., | |
| Defendant. | **NOTE ON MOTION CALENDAR:** Date:  October 23, 2019 |

DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER (DKT. 322) AND, IN THE ALTERNATIVE, TO REOPEN DISCOVERY AND MOVE FOR SUMMARY JUDGMENT (3:17-CV-05806-RJB) – PAGE 1

50569863;1

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

The GEO Group, Inc. ("GEO") respectfully moves for reconsideration of the Court's October 9, 2019 Order (Dkt. 322) ("Order") regarding GEO's motion for summary judgment based on intergovernmental immunity. In its September 24, 2019 Order (Dkt. 306), the Court invited the parties to "respond to point out errors, if any," with its Proposed Order (Dkt. 306-1). GEO's responsive filing identified no errors because there were none. (Dkt. 320).

In its Order, the Court stated that it was denying summary judgment because "[m]aterial issues of fact remain regarding the proper comparators for determination of whether the State discriminates against the Defendant in the State's proposed application of the Minimum Wage Act." Dkt. 322 at 1. In response, GEO now points the Court's attention to **evidence in the record** showing "[b]oth the State and GEO operate detention facilities for civilly detained individuals" and "[b]oth operate Voluntary Work Programs" not subject to the minimum wage (Order; Proposed Order, p. 1:14-15, 8:1-5, n.3). GEO moves for reconsideration because the factual record is amply developed to support the Proposed Order's legal conclusions. Below are citations to the State's previously filed sworn testimony and evidence regarding State prison and civil detention work programs that are voluntary and do not follow the Minimum Wage Act ("MWA").

Additionally, in July 2019 and prior to the United States' filing of its Statement of Interest (Dkt. 290) ("Statement of Interest"), the Court denied GEO the opportunity for further discovery on these issues. (Dkt. 243). Thus, to the extent the Court is not willing to reconsider the Order, GEO moves to reopen discovery for the limited purpose of developing the record on its intergovernmental immunity defense and for an opportunity to move for summary judgment on intergovernmental immunity prior to trial.

A.     **Motion for Reconsideration**

1.     **Standard of Review**

Local Civil Rule 7(h)(1) authorizes reconsideration upon "a showing of manifest error in the prior ruling." This Court has explained, "'manifest error' is 'an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible

DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER (DKT. 322) AND, IN THE ALTERNATIVE, TO REOPEN DISCOVERY AND MOVE FOR SUMMARY JUDGMENT (3:17-CV-05806-RJB) – PAGE 2

50569863;1

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

evidence in the record.'" *Casteel v. Charter Comm's, Inc.*, No. 3:13-cv-5520, at *1 (W.D. Wash. Dec. 1, 2014). GEO respectfully submits this standard is met because the Court did not enter the Proposed Order despite the clear and undisputed "credible evidence in the record" supporting the Proposed Order's legal findings.

### 2.  Undisputed Facts[1]

The State operates a Special Commitment Center ("SCC") for sex offender civil detainees. RCW § 71.09, *et seq.* The State established – through a sworn declaration filed months ***before*** the filing of the Statement of Interest and the Court's Proposed Order – the SCC[2] operates a voluntary work program ("Program is Non-Compulsory," no one is "compelled to participate," and participation "is voluntary" (Dkt. 220, State Decl., para. 3; Dkt. 220-1, Policy 214, p. 5, para. 1)) and does not follow the MWA (Dkt. 220, State Decl., ¶ 3; Dkt. 220-1, p. 5, ¶ 1). For program participants, "[p]ay rates range between $1-3/hour". *Id.*

The existing factual record is also sufficiently developed with regard to the State's prison system. The State also established via sworn testimony and evidence prior to the filing of the Statement of Interest and the Court's Proposed Order that Washington's Department of Corrections' prisoner work program is voluntary ("voluntary," potential participants must express a "voluntary interest") (Dkt. 220-12, p. 3, § III; p. 5, § III(A)(6)) and does not follow the MWA because it pays less than minimum wage (pay ranges: $0.65-

---

[1] The undisputed facts in Section 2 below were not only in the record before the filing of the Statement of Interest, but are also supported by the State's own declarations filed in support of its October 4, 2019 Response to the Court's Proposed Order (Dkt. 308) when intergovernmental immunity was directly at issue. *See* Decl. of Byron Eagle, Dkt. 309, ¶¶ 2, 3, and 8 (affirming SCC operates a voluntary work program that pays detainees between $1-$3 per day); Decl. of Debra Eisen, Dkt. 312, ¶¶ 4, 5, and 9 (confirming the Washington DOC contracts with private contractors, **including GEO**, for the detention of Washington prisoners outside the state and authorizes the payment of $2.00 per day for work performed under the facility's volunteer work program).

[2] In the State's June 10, 2019 response to GEO's second motion to compel discovery on details of the State's prison and detention center work programs (Dkts. 215-216 (with exhibits)), the State argued it had already provided sufficient information and filed therewith a supporting declaration providing the undisputed, sworn testimony and evidence cited herein (Dkts. 219-223 (with exhibits)).

---

DEFENDANT'S MOTION FOR RECONSIDERATION OF
ORDER (DKT. 322) AND, IN THE ALTERNATIVE, TO
REOPEN DISCOVERY AND MOVE FOR SUMMARY JUDGMENT
(3:17-CV-05806-RJB) – PAGE 3

50569863;1

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

1   $2.70/hour (Dkt. 220-12, p. 7-9, §§ IV(B)(1)-(3), D(1)-(2), E(1)-(2), (3)). The State

2   provided evidence of work programs at two specific prisons.

3       **Airway Heights Corrections Center** ("Airway"). (State Decl., Dkt. 220, ¶¶ 9-11;

4   Dkts. 220-7, 220-9.)  Airway's work program is voluntary ("voluntary") (State Decl., Dkt.

5   220, ¶ 11; Dkt. 220-9, p. 3, § III)), participants must have "expressed voluntary interest"

6   (State Decl., Dkt. 220, ¶ 11; Dkt. 220-9, p. 6, § III(A)(6)), and payment is $0.30-2.60/hour

7   (State Decl., Dkt. 220, ¶ 9; Dkt. 220-7, p. 2-5; State Decl., Dkt. 220, ¶ 11; Dkt. 220-9, p. 8-

8   10, §§ IV(C)(1)-(3), IV(E)(1)-(2), IV(F)(1)-(2), (4)).

9       **Cedar Creek Corrections Center** ("Cedar"). (State Decl., Dkt. 220, ¶ 12; Dkt. 220-

10   10.)  Cedar's work program is voluntary ("voluntary") (State Decl., Dkt. 220, ¶ 12; Dkt. 220-

11   10, p. 5, § III), participants must have "expressed voluntary interest" (State Decl., Dkt. 220,

12   ¶ 12; Dkt. 220-10, p. 5, § III(A)(6)), and payment is $0.55-$2.60/hour (State Decl., Dkt.

13   220, ¶ 12; Dkt. 220-10, p. 7-9, §§ IV(C)(1)-(3), IV(E)(1)-(2), IV(F)(1)-(2), (4)).

14       Finally, the existing factual record is also well developed regarding the State's

15   reliance on RCW § 72.68.040 to contract with "private companies in other states" for the

16   detention of prisoners convicted of a felony "in the courts of [Washington] and sentenced to

17   a term of imprisonment in a [Washington] correctional institution."  RCW § 72.68.040.

18   Again, long before the filing of the Statement of Interest and the Court's Proposed Order,

19   GEO established via sworn testimony and evidence the Washington Department of

20   Correction's fully executed 2015 contract with GEO for the housing of Washington

21   prisoners in GEO's North Lake Correctional Facility in Michigan. (Dkt. 107, Decl. of Joan

22   K. Mell, para. 8; Dkt. 107-7, Washington DOC Contract No. K10825, p. 4, §§ 3.05 and

23   4.05))  Pursuant to Washington's contract with GEO, the work program was voluntary

24   (Mell Decl., Dkt 107-7, § 4.05) and  the Washington state prisoners, called the "WDOC

25   Offenders", were eligible to participate in the facility's "Offender Work Program" for $2.00

26   per day for work assignments of six hours or more. (Mell Decl., Dkt. 107-7, § 3.05).

27

DEFENDANT'S MOTION FOR RECONSIDERATION OF
ORDER (DKT. 322) AND, IN THE ALTERNATIVE, TO
REOPEN DISCOVERY AND MOVE FOR SUMMARY JUDGMENT
(3:17-CV-05806-RJB) – PAGE 4
50569863;1

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

### 3.     Legal Rulings

The Court's legal conclusion in the Proposed Order was that based on new case law, *U.S. v. California*, 921 F.3d 865 (9th Cir. 2019) and *Dawson v. Steager*, 586 U.S. __, 139 S.Ct. 698 (2019), when analyzing intergovernmental immunity in the immigration context, a federal contractor (GEO) is considered the same as the federal government (Immigration and Customs Enforcement ("ICE")). (Proposed Order.)  Since GEO and ICE stand in the same shoes, the proper comparator for intergovernmental immunity purposes is the State of Washington itself. (*Id.* at p. 8:1-5.)  The Court's Order does not alter this correct legal conclusion, but simply states the Court is not satisfied the existing factual record supports a ruling in GEO's favor. (Order.) And whether the proper comparator is the State's SCC (civil detainees) or prisons, there is no dispute the factual record the Court needed to rule in GEO's favor exists and is identified above.

### B.     Motion to Reopen Discovery and Move for Summary Judgment

In the alternative, if the Court determines the undisputed evidence in the record is insufficient, GEO respectfully requests the Court reopen discovery on GEO's intergovernmental-immunity defense and allow GEO to file a pretrial dispositive motion based on that further-developed record.

### 1.     Standard

Fed. R. Civ. P. 16(b) provides a case management schedule can be modified upon a showing of good cause and by leave of the district judge. The good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

### 2.     Reopening Discovery

Courts consider six factors when deciding whether to reopen discovery: (1) is trial imminent; (2) will the non-moving party be prejudiced; (3) was the moving party diligent; (4) was the need for additional discovery foreseeable in light of the time allowed for discovery; (5) is the discovery likely to lead to relevant evidence, and (6) is the request

DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER (DKT. 322) AND, IN THE ALTERNATIVE, TO REOPEN DISCOVERY AND MOVE FOR SUMMARY JUDGMENT (3:17-CV-05806-RJB) – PAGE 5

50569863;1

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

1   opposed. *U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995),

2   *cert. granted in part*, 519 U.S. 926 (1996), *vacated on other grounds*, 520 U.S. 939 (1997).

3   This analysis is in the Court's discretion. *Id.* All but one factor weigh in favor.

4       First, trial is not imminent. It is set for March 2, 2020. (Dkt. 217.)  There is sufficient

5   time for limited discovery (and summary judgment briefing, as addressed below).

6       Second, the State will not be prejudiced by being required to produce records and

7   submit to other necessary discovery related to its prison and civil detention work programs

8   necessary for the Court's analysis of the critical issue of intergovernmental immunity.

9       Third, GEO diligently pursued discovery. GEO served written discovery on the

10  State's prison and detention work programs, determined the State's responses were

11  insufficient, and moved to compel. (Dkts. 113, 114 (with exhibits), 118-120 (same), 125,

12  131). The Court granted the motion and the State served further responses. (Dkts. 133, 215.)

13  The responses were insufficient and GEO moved to compel again. (Dkts. 215-216 (with

14  exhibits), 219-223 (same), 225-226 (same)). The Court denied the second motion –

15  foreclosing further development of the record on this (now) clearly relevant issue. (Dkt.

16  243.)

17      Fourth, there was no foreseeability of the need for this discovery. Neither the Court

18  nor the parties could have anticipated that after the Court entered its orders denying GEO's

19  motion for summary judgment on intergovernmental immunity (Dkt. 162 (Dec. 10, 2018)),

20  there would be two 2019 cases making clear the defense remains at issue (Proposed Order,

21  Dkt. 306-1 (citing *United States v. California*, 921 F.3d 865 (9th Cir. 2019), *Dawson v.

22  Steager*, 586 U.S. __, 139 S. Ct. 698 (2019)). Since intergovernmental immunity appeared

23  to no longer be at issue, further discovery into the gravamen of the fate of this case – the

24  State's prison and civil detention work programs – incorrectly appeared unwarranted.

25      Fifth, the discovery will lead to relevant evidence as stated by the Court in the Order.

26  If the Court concludes – after review of the evidence in the record cited above – that the

27  factual record is not sufficiently developed, the only way to fill the gap is for the parties to

DEFENDANT'S MOTION FOR RECONSIDERATION OF
ORDER (DKT. 322) AND, IN THE ALTERNATIVE, TO
REOPEN DISCOVERY AND MOVE FOR SUMMARY JUDGMENT
(3:17-CV-05806-RJB) – PAGE 6

50569863;1

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

1  engage in discovery related to the State's work programs as detailed in the Court's Proposed

2  Order (Dkt. 306-1) and Order (Dkt. 322) that the Court previously denied GEO from

3  pursuing. (Order, Dkt. 243.)

4      The only factor weighing against granting this motion is the State's anticipated

5  opposition. This, standing alone, is insufficient.

6      **3.      Motion for Summary Judgment**

7      GEO seeks summary judgment review based on a further developed record. Trial

8  should not occur without these steps occurring first. *Smith v. Ardew Wood Prods, Ltd.*, No.

9  C07-5641, 2008 WL 2275541, *2 (W.D. Wash. June 3, 2008) ("Defendant is entitled to the

10  opportunity to conduct discovery in support of [its] affirmative defenses.")

11  **C.    Additional Evidence**

12      The Court did not consider GEO's supplemental evidence (Proposed Order, p. 2:5-7

13  (addressing GEO's filings at Dkt. 203-305)) and it is unclear if the Court considered the

14  State's supplemental evidence (Order (not addressing the State's filings at Dkts. 208-318,

15  319)). *See* footnote 1, *supra*. If the Court considered the State's evidence despite not

16  considering GEO's evidence, this would be in error. Clarification, and possible

17  reconsideration, are needed.

18                              **CONCLUSION**

19      GEO respectfully asks the Court to reconsider its Order, rule that intergovernmental

20  immunity requires dismissal, and enter dismissal and judgment on the State's MWA and

21  unjust enrichment claims. In the alternative, GEO requests the Court reopen discovery for

22  further development of the record on the defense and to set a new deadline for GEO to move

23  for summary judgment based thereon.

24      Respectfully submitted, this 23rd day of October, 2019.

25                      By: *s/ Colin L. Barnacle*
                         **AKERMAN LLP**
26                      Colin L. Barnacle (Admitted *pro hac vice*)
                         Christopher J. Eby (Admitted *pro hac vice*)
27                      Ashley E. Calhoun (Admitted *pro hac vice*)

DEFENDANT'S MOTION FOR RECONSIDERATION OF
ORDER (DKT. 322) AND, IN THE ALTERNATIVE, TO
REOPEN DISCOVERY AND MOVE FOR SUMMARY JUDGMENT
(3:17-CV-05806-RJB) – PAGE 7

50569863;1

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  (303) 260-7712
Facsimile:  (303) 260-7714
Email:  colin.barnacle@akerman.com
Email:  christopher.eby@akerman.com
Email:  ashley.calhoun@akerman.com

By: *s/ Joan K. Mell*
**III BRANCHES LAW, PLLC**
Joan K. Mell, WSBA #21319
1019 Regents Boulevard, Suite 204
Fircrest, Washington 98466
Telephone:  (253) 566-2510
Facsimile:  (281) 664-4643
Email:  joan@3brancheslaw.com

*Attorneys for Defendant The GEO Group, Inc.*

---

DEFENDANT'S MOTION FOR RECONSIDERATION OF
ORDER (DKT. 322) AND, IN THE ALTERNATIVE, TO
REOPEN DISCOVERY AND MOVE FOR SUMMARY JUDGMENT
(3:17-CV-05806-RJB) – PAGE 8
50569863;1

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**PROOF OF SERVICE**

I hereby certify on the 23rd day of October, 2019, pursuant to Federal Rule of Civil Procedure 5(b), I electronically filed and served the foregoing **DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER (DKT. 322) AND, IN THE ALTERNATIVE, TO REOPEN DISCOVERY AND MOVE FOR SUMMARY JUDGMENT** via the Court's CM/ECF system on the following:

Marsha J. Chien
Andrea Brenneke
Lane Polozola
Patricio A. Marquez
OFFICE OF THE ATTORNEY GENERAL
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104

*Attorneys for Plaintiff*

*s/ Nick Mangels*
Nick Mangels

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

50569863;1