1

The Honorable Robert J. Bryan

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

10

STATE OF WASHINGTON,

CIVIL ACTION NO. 3:17-cv-05806-RJB

11

Plaintiff,

12

v.

PLAINTIFF STATE OF
WASHINGTON'S REPLY IN
SUPPORT OF MOTION TO
EXCLUDE EXPERT TESTIMONY
OF GREGORY BINGHAM

13

THE GEO GROUP, INC.,

14

Defendant.

15

NOTE ON MOTION CALENDAR:
November 22, 2019

16

17

18

19

20

21

22

23

24

25

26

WASHINGTON'S REPLY ISO MOTION TO
EXCLUDE EXPERT TESTIMONY OF
GREGORY BINGHAM

# I.   INTRODUCTION

Nothing in GEO's response cures the fact that Mr. Bingham's proposed testimony impermissibly interprets the GEO-ICE Contract and offers opinions that conflict with GEO's own admissions and the undisputed evidence. Nor does GEO carry its burden to show that Mr. Bingham's testimony is both relevant and reliable. GEO instead relies on Mr. Bingham's generalized government procurement experience and procedural objections in its attempt to gloss over these flaws, but none of its arguments save Mr. Bingham's testimony. The Court should exercise its gatekeeping power and exclude Mr. Bingham from testifying.

## II.   MR. BINGHAM'S TESTIMONY IS NOT ADMISSIBLE

### A.   Mr. Bingham Improperly Interprets the GEO-ICE Contract

Mr. Bingham's proposed testimony regarding what GEO and ICE understood to be unambiguous about CLIN0003 of the GEO-ICE Contract, ECF No. 332-1 at 3, which Mr. Bingham interprets to *limit* GEO to paying detainees only $1 per day, is nothing more than inadmissible contract interpretation. ECF No. 331 at 8-10. As Washington explained—and GEO does not dispute—the Ninth Circuit has held that experts may not offer testimony on contract interpretation issues. ECF No. 331 at 8. GEO nevertheless argues that Mr. Bingham is neither interpreting the contract nor offering legal conclusions, and asserts that experts may offer opinions that embrace an ultimate issue to be decided by the trier of fact. ECF No. 337 at 10. GEO's arguments fall short.

That experts may offer opinions embracing "ultimate issues" before the trier of fact does not undercut the Ninth Circuit's clear authority that they may *not* offer testimony on contract interpretation issues. *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996); *McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999). Moreover, GEO's argument that Mr. Bingham does not opine on the ultimate "legal issue" of liability, ECF No. 337 at 10, misses the point. Mr. Bingham offers an opinion that, in his view, there was "no ambiguity" in the GEO-ICE Contract provision regarding payments under the VWP. ECF No. 331 at 6. He

WASHINGTON'S REPLY ISO MOTION TO
EXCLUDE EXPERT TESTIMONY OF
GREGORY BINGHAM

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

made clear in deposition that this position includes his interpretation of the contract, *i.e.*, *what* is supposedly unambiguous, including his view that the GEO-ICE Contracts unequivocally limit GEO to paying only $1 per day. *Id.* at 5-7; ECF No. 332-2 (Bingham Dep. 48:21-49:9, 74:16-22).

Mr. Bingham's testimony is also inadmissible because it conflicts with GEO's admission in RFA No. 67 that GEO "has the option" the pay detainees more than $1 per day. ECF 331 at 9-10. Admissions are "conclusively established" under Federal Rule of Civil Procedure 36(b), and "[e]vidence inconsistent with a Rule 36 admission is properly excluded." *999 v. C.I.T. Corp.*, 776 F.2d 866, 869-70 (9th Cir. 1985). That is the case here, as even Mr. Bingham agreed that his position regarding the contract limiting GEO to paying $1 per day "is not consistent with" GEO's admission. ECF No. 331 at 10. GEO does not address the legal effect of its admission, but instead argues that the RFA is "vague." ECF No. 337 at 9. But the RFA is neither vague nor confusing, and GEO understood it well enough to answer with no objection. *See* ECF No. 253-15 at 22 ("Response to RFA No. 67: Admit."). Finally, GEO asserts that even if Mr. Bingham's testimony conflicts with GEO's admission (which it does), it is an issue of "weight." ECF No. 337 at 9. That is wrong. As noted, admissions result in the matter being "conclusively established." Mr. Bingham's proposed testimony to interpret the contract in a way that conflicts with GEO's admission should be excluded. *See C.I.T. Corp.*, 776 F.2d at 869-70.

**B.      Mr. Bingham's Opinions Are Not Helpful**

Mr. Bingham's opinions are also irrelevant and within the common knowledge of a lay juror such that they are not likely to assist the jury (or the Court). *See* ECF No. 331 at 10-12. Indeed, the Court has previously recognized that "it is doubtful that [the GEO-ICE Contract documents] need explaining or interpreting by an expert." ECF No. 163 at 2. GEO nonetheless argues that Mr. Bingham's opinions will be "helpful" to a jury because they are relevant to GEO's intergovernmental immunity and derivative sovereign immunity defenses, as well as Washington's unjust enrichment claim. ECF No. 337 at 7-9. Each of GEO's arguments fail.

On intergovernmental immunity, GEO asserts that Mr. Bingham's opinions are "clearly

WASHINGTON'S REPLY ISO MOTION TO
EXCLUDE EXPERT TESTIMONY OF
GREGORY BINGHAM

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

relevant" but nowhere explains how Mr. Bingham "break[ing] down the contract's highly technical components" supports a claim of "discriminat[ion]" or "direct regulation" of the federal government by Washington—a non-party to the contract. ECF No. 337 at 7. As the Court knows, the intergovernmental immunity analysis is whether Washington law directly regulates the federal government or discriminates against GEO based on its status as a federal contractor—*i.e.*, whether GEO is treated differently from similarly situated private contractors not dealing with the federal government. *See* ECF No. 162 at 5-6. Nothing about that issue involves whether GEO's procurement practices are "typical," whether GEO followed the Federal Acquisition Regulation, whether GEO complies with federal detention standards, or what ICE and GEO understood about the GEO-ICE Contracts. Nor does GEO assert as much. *See* ECF 337 at 7. And indeed, despite significant briefing on intergovernmental immunity, GEO has never relied upon Mr. Bingham's opinions to support its arguments. *See* ECF Nos. 149, 299, 320.

Nor are Mr. Bingham's opinions likely to be helpful on the issue of derivative sovereign immunity. A jury is more than capable of reading the GEO-ICE Contract, listening to GEO's witnesses describe it, and making sense of the relationship between GEO and ICE to the extent GEO believes it needs to put that evidence into the record. *See United States v. Vallejo*, 237 F.3d 1008, 1019 (9th Cir. 2001), *amended by* 246 F.3d 1150 (9th Cir. 2001) (expert testimony must "address an issue beyond the common knowledge of the average layman"). Moreover, nothing about Mr. Bingham saying GEO's procurement process was "typical" or in accord with the Federal Acquisition Regulation is relevant to whether GEO exceeded its lawful authority or had discretion in the process of designing the VWP. ECF No. 337 at 8 (recognizing standards for derivative sovereign immunity). The only opinion arguably related to derivative sovereign immunity is Mr. Bingham's inadmissible interpretation of the GEO-ICE Contract and his view that it limits GEO to paying only $1 per day. It was that testimony that GEO relied upon in arguing derivative sovereign immunity at summary judgment. ECF No. 245 at 9 (citing ECF No. 248-2, Bingham Dep. 49:1-9, 74:9-12).

WASHINGTON'S REPLY ISO MOTION TO
EXCLUDE EXPERT TESTIMONY OF
GREGORY BINGHAM

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    Finally, Washington's unjust enrichment claim requires consideration of whether there

2    was a benefit conferred to GEO by detainees working for $1 per day and whether it would be

3    unjust for GEO to retain that benefit. Nowhere does that analysis involve whether GEO followed

4    the Federal Acquisition Regulation in obtaining the contract awards from ICE or followed

5    "typical practices" with regard to billing, reimbursement from ICE, or contract administration.

6    Indeed, GEO nowhere cited Mr. Bingham's testimony when addressing unjust enrichment issues

7    at summary judgment. *See* ECF No. 245 at 22-24. And even assuming those issues are somehow

8    relevant to the analysis, a jury is more than capable of understanding the direct evidence GEO

9    may rely upon: the GEO-ICE Contract documents and testimony about GEO's practices at the

10   NWDC. Mr. Bingham's opinions offer nothing likely to help the jury or the Court.

11        **C.       Mr. Bingham's Opinions Are Unreliable**

12        Mr. Bingham's opinions are also unreliable. As Washington explained, his opinions

13   regarding the "typicality" of GEO's procurement process and contract administration are based

14   only on his generalized "experience" and his layman's contractual interpretation, which are

15   insufficient to support his conclusions. ECF No. 331 at 9-12. Moreover, Mr. Bingham has no

16   experience and offers no analysis that would allow him to opine that "GEO adequately

17   administered the Voluntary Work Program in accordance with the standards and specifications

18   incorporated within [the contract]." ECF No. 331 at 14; ECF No. 332-1 at 4. GEO nonetheless

19   attempts to defend Mr. Bingham's opinions by invoking his experience in the field of

20   government contracting and arguing he meets the low bar for qualification under Rule 702,

21   ECF No. 337 at 5-7, but nothing in GEO's response renders his superficial opinions reliable.

22        Specifically, GEO's argument that Mr. Bingham must be reliable simply because he is

23   qualified as a non-scientific expert is wrong—even assuming he is qualified. Whether an expert

24   is qualified is a separate inquiry from whether the opinions offered are sufficiently reliable.

25   *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 860-61 (9th Cir. 2014) ("It is well

26   settled that bare qualifications alone cannot establish the admissibility of . . . expert testimony.")

WASHINGTON'S REPLY ISO MOTION TO
EXCLUDE EXPERT TESTIMONY OF
GREGORY BINGHAM                                    4                ATTORNEY GENERAL OF WASHINGTON
                                                                          Civil Rights Division
                                                                      800 Fifth Avenue, Suite 2000
                                                                       Seattle, WA  98104-3188
                                                                            (206) 464-7744

1   (citation omitted). GEO's own cases confirm this rule. *See Hangartner v. Provident Life &*

2   *Accident Ins. Co.*, 373 F.3d 998, 1015-18 (9th Cir. 2004) (addressing expert qualifications and

3   reliability of opinions in separate sections); *Greenlake Condo. Ass'n v. Allstate Ins. Co.*, No.

4   C14-1860 BJR, 2016 WL 4498251, at *2 (W.D. Wash. Feb. 5, 2016) (same). Contrary to GEO's

5   suggestion, the Court's gatekeeping obligation to ensure the reliability and relevance of expert

6   testimony extends to "all expert testimony"—not just scientific testimony. *Kumho Tire Co. v.*

7   *Carmichael*, 526 U.S. 137, 147 (1999).

8       A trial judge, of course, has broad latitude in determining the appropriate form of the

9   inquiry in order to determine reliability. Rule 702, however, "clearly contemplates some degree

10  of regulation of the subjects and theories about which an expert may testify." *Daubert v. Merrell*

11  *Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). *See, e.g., Ollier*, 768 F.3d at 860-61 (affirming

12  exclusion of non-scientific Title IX experts who, even assuming they were qualified, offered

13  testimony that was "inherently unreliable and unsupported by the facts" where it was based on

14  "superficial" inspections and experts' "experience"); *see also Easton v. Asplundh Tree Experts,*

15  *Co.*, No. C16-1695RSM, 2017 WL 4005833, at *4-5 (W.D. Wash. Sept. 12, 2017) (excluding

16  expert testimony where expert relied "solely or primarily on experience" but did not explain how

17  his experience led to his conclusions and instead "merely assert[ed] that certain actions taken by

18  Defendant [were] 'consistent with HR best practices' and were therefore reasonable");

19  *Arjangrad v. JPMorgan Chase Bank, N.A.*, No. 3:10-cv-01157-PK, 2012 WL 1890372, at *5-6

20  (D. Or. May 23, 2012) (excluding expert testimony based on decades of experience where expert

21  failed to explain how experience allowed him to understand and define the relevant standards).

22      Where—as here—an expert relies "solely or primarily on experience," they must explain

23  "how that experience leads to the conclusion reached, why that experience is a sufficient basis

24  for the opinion, and how that experience is reliably applied to the facts." *Easton*, 2017 WL

25  4005833, at *4 (quotation omitted)). They may not simply cite their experience and offer

26  conclusions. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Yet this is what Mr. Bingham

WASHINGTON'S REPLY ISO MOTION TO
EXCLUDE EXPERT TESTIMONY OF
GREGORY BINGHAM

5

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1  does, for example, when he declares GEO's procurements practices to have been "typical" while

2  identifying no comparators and vaguely relying on his body of knowledge. ECF No. 331 at 13.

3  Moreover, Mr. Bingham's experience offers no basis whatsoever to support his opinion that

4  GEO complied with immigration detention standards and specifications, with which he has no

5  experience, and GEO nowhere disputes that he failed to conduct a sufficient analysis on this

6  point. *See* ECF No. 331 at 14. Mr. Bingham's opinions are unreliable and should be excluded.

7  ### D.      The Court Should Consider Washington's Motion

8  Finally, the Court should decline GEO's invitation to disregard its gatekeeping obligation

9  based on the timing of Washington's motion. *See* ECF No. 337 at 1-4. GEO nowhere shows that

10  it will suffer prejudice from the Court considering Washington's now fully briefed motion. Nor

11  could it; GEO recently agreed that there was "sufficient time" for additional motion practice

12  before trial. ECF No. 324 at 6. More importantly, there is good cause for the Court to consider

13  the motion at this stage. As Washington noted, GEO previously indicated that it would

14  potentially disclose Mr. Bingham in the *Nwauzor* case with a modified report. Washington

15  sought to review any modified report before seeking to exclude Mr. Bingham. Expert and

16  rebuttal deadlines in that case only passed in September and October 2019, respectively, and

17  Washington diligently filed its motion as soon as the *Nwauzor* expert deadlines passed. Finally,

18  in its zeal to criticize Washington rather than address the merits, GEO fails to acknowledge that

19  its own opposition brief is untimely—GEO filed its brief two days late without seeking the

20  Court's leave or Washington's agreement, thereby leaving Washington only two days to reply.

21  *See* Local Rules W.D. Wash. LCR 7(d)(3). Under the circumstances, the Court can and should

22  exercise its duty to serve as a gatekeeper and consider Washington's motion.

23  ### III.      CONCLUSION

24  Mr. Bingham's testimony includes improper contract interpretation, contradicts GEO's

25  own binding admissions, and is both unreliable and unhelpful. It should be excluded because it

26  will serve no end other than to waste the Court's and the jury's time and confuse the issues.

WASHINGTON'S REPLY ISO MOTION TO
EXCLUDE EXPERT TESTIMONY OF
GREGORY BINGHAM

6

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1

Dated this 22nd day of November 2019.

2

Respectfully submitted,

3

ROBERT FERGUSON

4

Attorney General of Washington

5

s/ *Lane Polozola*
MARSHA CHIEN, WSBA No. 47020

6

ANDREA BRENNEKE, WSBA No. 22027
LANE POLOZOLA, WSBA No. 50138

7

PATRICIO A. MARQUEZ, WSBA No. 47693
Assistant Attorneys General

8

Office of the Attorney General
800 Fifth Avenue, Suite 2000

9

Seattle, WA 98104
(206) 464-7744

10

marsha.chien@atg.wa.gov
andrea.brenneke@atg.wa.gov

11

lane.polozola@atg.wa.gov
patricio.marquez@atg.wa.gov

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

WASHINGTON'S REPLY ISO MOTION TO
EXCLUDE EXPERT TESTIMONY OF
GREGORY BINGHAM

7

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that the foregoing document was electronically filed with the United

3   States District Court using the CM/ECF system. I certify that all participants in the case are

4   registered CM/ECF users and that service will be accomplished by the appellate CM/ECF

5   system.

6
7   Dated this 22nd day of November 2019 in Seattle, Washington.

8
9                                              _____
                                                Caitilin Hall
10                                               Legal Assistant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO EXCLUDE EXPERT
TESTIMONY OF GREGORY BINGHAM

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744