The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

STATE OF WASHINGTON,

          Plaintiff,

    v.

THE GEO GROUP, INC.,

          Defendant.

CIVIL ACTION NO. 3:17-cv-05806-RJB

STATE'S MOTION TO STRIKE
GEO'S JURY DEMAND

NOTE FOR MOTION CALENDAR:
December 20, 2019

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................... 1

II. PROCEDURAL HISTORY ...................................................................................... 1

III. ARGUMENT ........................................................................................................... 2

A. There Is No Right to a Jury Trial for Washington's Equitable State Law
   Claims in Federal Court ..................................................................................... 2

   1.  Washington's Minimum Wage Claim and Request for an Order
       Requiring GEO to Comply with State Minimum Wage Laws Sound in
       Equity ........................................................................................................ 4

   2.  Washington's Unjust Enrichment Claim and Request for Disgorgement
       Likewise Sound in Equity .......................................................................... 6

B. The Consolidated Minimum Wage Liability Trial Can Proceed as a Bench
   Trial for Washington, Even if the Private Plaintiffs' Claims Are Tried to a
   Jury ...................................................................................................................... 9

IV. CONCLUSION ...................................................................................................... 11

# TABLE OF AUTHORITIES

## <u>Constitutions</u>

U.S. Const. amend. VII ................................................................................................ 3

## <u>Cases</u>

*Albermarle Paper Co. v. Moody*, 422 U.S. 405 (1975) ............................................... 7

*Am. Calcar, Inc. v. Am. Honda Motor Co.*, 651 F.3d 1318 (Fed. Cir. 2011) ............................. 9

*Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc.*, 810 P.2d 12 (Wash. Ct. App. 1991),
   *amended by* 814 P.2d 699 (Wash. Ct. App. 1991) ............................................... 6

*Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853 (9th Cir. 2017) ................................ 4

*Brennan v. Saghatelian*, 514 F.2d 619 (9th Cir. 1975) .............................................. 7

*Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558 (1990) ............. 3, 6, 7

*Curtis v. Loether*, 415 U.S. 189 (1974) .................................................................... 7

*F.T.C. v. Commerce Planet, Inc.*, 815 F.3d 593 (9th Cir. 2016) ................................... 6, 7

*Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998) ............................. 6

*Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059 (9th Cir. 2015) ............ 7

*Golden v. Kelsey-Hayes Co.*, 73 F.3d 648 (6th Cir. 1996) ........................................... 5

*Granfinanciera, S.A. v. Norberg*, 492 U.S. 33 (1989) ............................................... 7

*Kohn v.McNulta*, 147 U.S. 238 (1893) ..................................................................... 9

*McLaughlin v. Owens Plastering Co.*, 841 F.2d 299 (9th Cir. 1988) ............................... 5

*Menocal v. GEO Grp., Inc.*, 882 F.3d 905 (10th Cir. 2018) ......................................... 6

*Ollier v. Sweetwater Union High Sch. Dist.*, 267 F.R.D. 338 (S.D. Cal. 2010) ................. 10

*Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185 (3d Cir. 1979) .................... 5

*Pac. Indem. Co. v. McDonald*, 107 F.2d 446 (9th Cir. 1939) ........................................ 5

*Paradise Valley Investigation & Patrol Servs., Inc. v. U.S. Dist. Court, Dist. of Ariz.*,
   521 F.2d 1342 (9th Cir. 1975) ......................................................................... 3, 5, 8

*Poston v. United States*, 262 F. Supp. 22 (D. Haw. 1966) ............................................ 9

STATE'S MOTION TO STRIKE GEO'S
JURY DEMAND

ii

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

| | | |
|---|---|---|
| 1 | *Pradier v. Elespuru*, 641 F.2d 808 (9th Cir. 1981) | 11 |
| 2 | *Robinson v. Brown*, 320 F.2d 503 (6th Cir. 1963) | 5 |
| 3 | *S.E.C v. Commonwealth Chem. Sec., Inc.*, 574 F.2d 90 (2d Cir. 1978) | 7 |
| 4 | *S.E.C. v. Abellan*, 674 F. Supp. 2d 1213 (W.D. Wash. 2009) | 8 |
| 5 | *S.E.C. v. Rind*, 991 F.2d 1486 (9th Cir. 1993) | 3, 8 |
| 6 | *Simler v. Conner*, 372 U.S. 221 (1963) | 3 |
| 7 | *Tull v. United States*, 481 U.S. 412 (1987) | 7 |
| 8 | *Twp. of Haddon v. Royal Ins. Co. of Am.*, 929 F. Supp. 774 (D.N.J. 1996) | 5 |
| 9 | *United States v. Louisiana*, 339 U.S. 699, 705 (1950) | 4 |
| 10 | *Weinberger v. Romero-Barcelo*, 456 U.S. 305 (1982) | 4 |

11                    **Rules**

12   Fed. R. Civ. P. 39(c)(2) ............................................................. 9

13             **Other Authorities**

14   9 Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* § 2308, Westlaw (3d ed. & Suppl.
15      Aug. 2019) ............................................................................ 4

16   *Restatement (Third) of Restitution and Unjust Enrichment* § 51, Westlaw (2011) ............ 6

17

18

19

20

21

22

23

24

25

26

STATE'S MOTION TO STRIKE GEO'S
JURY DEMAND

iii

1

## I.      INTRODUCTION

Washington previously filed a Motion to Strike Jury Demand. ECF No. 43. The Court denied the motion without prejudice as "premature," noting the possibility that motion practice could narrow the issues to be tried, and that "the issue can be properly raised and considered when the case is in the trial preparation stage" and the issues remaining to be tried are known. ECF No. 49 at 2. Now is that time.

Discovery is closed, and the Court has ruled on the parties' dispositive motions. *See, e.g.,* ECF Nos. 29, 44, 162, 171, 218, 288, 322. Washington's trial was consolidated, in part, with the *Nwazour* case and set for March 2, 2020. ECF No. 217. The first pretrial conference is scheduled for January 10, 2010. ECF No. 325. Now that the claims to be tried are settled, the State of Washington (Washington) moves again to strike the jury demand filed by The GEO Group, Inc. (GEO), ECF No. 9, because there are no claims triable of right by a jury.

The only claims for trial are Washington's state law claims, which sound in equity: 1) a declaration and an injunction requiring GEO, a private for-profit employer operating the Northwest Detention Center (NWDC) in Tacoma, to comply with state minimum wage law; and 2) an order requiring GEO to disgorge the profits of its unjust enrichment resulting from GEO's long-standing practice of refusing to pay detainee-workers a fair wage. There is no right to a jury for these equitable claims and the Court should now strike GEO's jury demand. In addition, the Court should determine if it will use the *Nwazour* jury, if there is one, as an "advisory jury" for Washington's minimum wage act claim in the upcoming consolidated liability trial.

## II.      PROCEDURAL HISTORY

Washington brings two, independent, state law claims in its *parens patriae* capacity to enforce Washington law and remedy GEO's unfair detainee labor practices at the NWDC:

(1) for the prospective application of Washington's minimum wage laws to the NWDC from the date of this Court's order, *see* Compl. ¶¶ 7.1, 7.2, 7.3, ECF No. 1-1; and

STATE'S MOTION TO STRIKE GEO'S
JURY DEMAND

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

(2) for GEO to disgorge the unjust enrichment resulting from its practice of paying detainee-workers $1 per day for work performed, regardless of the number of hours worked, when it should be paying workers, whether detained or not, a *fair wage*, or adequate compensation, for work performed. *Id.* ¶¶ 6.1-6.6.

Both of Washington's claims have survived numerous dispositive motions. *See, e.g.*, ECF Nos. 29, 162, 218, 288, and 322. None of GEO's affirmative defenses to Washington's claims independently give rise to a right to a jury.

The separate, private class-action case brought on behalf of detainee workers at the NWDC asserts a claim under the state's minimum wage laws for back pay, and does not assert a separate unjust enrichment claim. *See* Compl. ¶¶ 6.1-6.4, ECF No.1, *Nwauzor v. GEO Grp., Inc.*, No. 3:17-cv-5769-RJB (W.D. Wash. Sept. 26, 2017). Thus, while these lawsuits both relate to GEO's detainee labor practices at the NWDC, they pursue entirely different relief. Washington does not seek relief in the form of back wages on behalf of detainee workers, ECF No. 1-1, but has a "distinct interest as a sovereign" in its *parens patriae* action. Order on GEO's Mot. to Dismiss Compl. at 13, ECF No. 29. Washington's distinct interest renders it uniquely situated to seek equitable injunctive relief that would be unavailable to a private litigant. *Id*. at 14 ("By comparison, the plaintiff in the companion case, . . . has not—and cannot—seek injunctive relief, because he is no longer detained.").

Pursuant to GEO's motion, ECF No. 191, and over Washington's objection, ECF No. 206, the Court consolidated the Washington and *Nwazour* cases for trial on liability only and set the trial for March 2, 2020. ECF No. 217.

### III.   ARGUMENT

**A.   There Is No Right to a Jury Trial for Washington's Equitable State Law Claims in Federal Court**

Equitable state law claims do not give rise to a jury trial in federal court. As this Court has ruled, "[f]ederal law controls whether there is a right to a jury trial." ECF No. 49 at 1. *See also*

1  *Simler v. Conner*, 372 U.S. 221, 222 (1963) (per curiam) ("[T]he right to a jury trial in the federal

2  courts is to be determined as a matter of federal law in diversity as well as other actions.").

3       The Seventh Amendment preserves the right to a jury trial only for "[s]uits at common

4  law." U.S. Const. amend. VII. "[T]he phrase '[s]uits at common law' refers to 'suits in which

5  *legal* rights [are] to be ascertained and determined, in contradistinction to those where equitable

6  rights alone [are] recognized, and equitable remedies [are] administered.'" *Chauffeurs,*

7  *Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) (quoting *Parsons v.*

8  *Bedford*, 28 U.S. 433, 447 (1830)). To determine whether a claim constitutes a "[s]uit at common

9  law" affording a right to a jury trial, federal courts consider: (1) whether the eighteenth-century

10  analogue to the plaintiff's claim would have been brought at law or in equity, and (2) whether

11  the plaintiff is seeking a legal or equitable remedy. *Chauffeurs*, 494 U.S. at 565 (citing *Tull v.*

12  *United States*, 481 U.S. 412, 417-18 (1987)). "The second inquiry is the more important . . .

13  analysis." *Chauffeurs*, 494 U.S. at 565 (citing *Granfinanciera, S.A. v. Norberg*, 492 U.S. 33, 42

14  (1989)).

15       Here, as GEO has conceded in prior briefing, Washington's claims and relief requests

16  are equitable in nature. *See* Def.'s Opp. to State's Mot. to Dismiss at 17, ECF No. 40 ("The State

17  has filed a claim seeking two forms of equitable relief . . ."). Washington's claims are separate

18  from, and do not depend on, the rights at law of individual residents or detainee-workers. *See*

19  *S.E.C. v. Rind*, 991 F.2d 1486, 1489-90 (9th Cir. 1993) (affirming order striking jury demand

20  where federal agency's statutory enforcement action sought disgorgement, an equitable remedy

21  "independent of the claims of individual investors"). Instead, by requesting an order requiring

22  GEO to comply with state minimum wage laws and an order requiring GEO to disgorge unjustly

23  gained profits, Washington seeks to vindicate public rights. *See Paradise Valley Investigation &*

24  *Patrol Servs., Inc. v. U.S. Dist. Court, Dist. of Ariz.*, 521 F.2d 1342, 1342-43 (9th Cir. 1975)

25  (holding a government agency's statutory enforcement action seeking disgorgement of illegally

26  withheld overtime wages and to order defendant to refrain from violating federal fair labor laws

STATE'S MOTION TO STRIKE GEO'S
JURY DEMAND
                    3
ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

to be a suit in equity). Since Washington's claims are exclusively equitable in nature, with Washington's prayer for relief asking the Court to assert its comprehensive equitable power to deter future violations and remedy violations of the public interest, GEO has no right to a jury.

**1.    Washington's Minimum Wage Claim and Request for an Order Requiring GEO to Comply with State Minimum Wage Laws Sound in Equity**

Washington's minimum wage law enforcement action, brought in the public interest for declaratory and injunctive relief, is purely equitable and does not give rise to a right to a jury.

As the Supreme Court has long observed, the Seventh Amendment is not applicable to "an equity action for an injunction." *United States v. Louisiana*, 339 U.S. 699, 705 (1950); *see also* 9 Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* § 2308, Westlaw (3d ed. & Suppl. Aug. 2019) ("[T]here is no constitutional right to a jury trial on a claim for an injunction."); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982) ("It goes without saying that an injunction is an equitable remedy."); *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 864 (9th Cir. 2017) ("Injunctive relief constitutes a traditional equitable remedy.") (citing *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993)). This is because actions for injunctions are equitable in nature and, until the merger of law and equity, were unknown to courts of law in England or the United States. *Bayer*, 861 F.3d at 864.

Washington's request in this case that the Court "[e]njoin Defendant from paying detainees less than the minimum wage for work performed at NWDC," is a request for an injunction and indisputably equitable in nature. Compl. ¶ 7.4, ECF No. 1-1. Washington's requested relief is for an order requiring GEO to conform its conduct with state law. Washington does not seek damages or any legal remedy under Washington's minimum wage laws. *Id.*

Washington's minimum wage act claim remains equitable in nature notwithstanding that Washington brings a separate equitable claim for disgorgement. Government actions to enjoin future non-compliance with labor law, even when coupled with back-pay awards and disgorgement of illegally withheld wages, are suits in equity and not actions at law within the

STATE'S MOTION TO STRIKE GEO'S
JURY DEMAND                                      4                    ATTORNEY GENERAL OF WASHINGTON
                                                                                    Civil Rights Division
                                                                                 800 Fifth Avenue, Suite 2000
                                                                                    Seattle, WA  98104
                                                                                      (206) 442-4492

1    meaning of the Seventh Amendment. *See Paradise Valley,* 521 F.2d at 1343 ("The purpose of

2    [the] injunction restraining the withholding of back wages 'is not to collect a debt owed by an

3    employer to his employee but to correct a continuing offense against the public interest[.]'")

4    (quoting *Wirtz v. Jones*, 340 F.2d 901, 904 (5th Cir. 1965)). *Cf. McLaughlin v. Owens Plastering*

5    *Co.*, 841 F.2d 299, 300-01 (9th Cir. 1988) (finding an employer had a right to a jury trial because

6    the Secretary of Labor added a legal claim for liquidated damages in addition to her equitable

7    requests for injunctive relief and back pay). Here, Washington seeks an order that GEO refrain

8    from violating its labor laws. Like the Secretary of Labor's requests in *Wirtz* and *Paradise*

9    *Valley*, Washington's requests must be considered an equity action for an injunction.

10        That Washington also seeks a declaration of rights does not alter the fact that the State's

11   requested relief is equitable in nature, because it is tethered to Washington's request for an

12   injunction and takes on the equitable nature of that law enforcement claim and remedy. *See Pac.*

13   *Indem. Co. v. McDonald*, 107 F.2d 446, 448 (9th Cir. 1939) ("The nature of an action for

14   declaratory relief . . . 'is neither legal nor equitable, but *sui generis*'" and in a proceeding for

15   declaratory judgment, whether an issue must be tried to a judge or a jury "depends upon the

16   setting in which the issues are framed"); *see also Owens-Illinois, Inc. v. Lake Shore Land Co.*,

17   610 F.2d 1185, 1190 (3d Cir. 1979) ("[T]he availability of the declaratory judgment remedy . . .

18   does not make plaintiff's claim a 'legal one'"); *Robinson v. Brown*, 320 F.2d 503, 505 (6th Cir.

19   1963) ("The inclusion of a claim for declaration of rights in [a typical desegregation case] did

20   not . . . convert an equity case into an action at law"); *Twp. of Haddon v. Royal Ins. Co. of Am.*,

21   929 F. Supp. 774, 778 (D.N.J. 1996) (holding that, though declaratory relief is neither *per se*

22   legal nor equitable, "where the declaratory judgment invokes the court's coercive powers in a

23   manner analogous to a traditional equitable remedy, the declaratory judgment is treated as

24   equitable") (citing 1 Dan D. Dobbs, *Law of Remedies* § 1.2 (2d ed. 1993)). *Cf. Golden v. Kelsey-*

25   *Hayes Co.*, 73 F.3d 648, 661-62 (6th Cir. 1996) (denying writ of mandamus to compel jury trial

26

on claims for declaratory, injunctive, and monetary relief, explaining that "[s]eeking declaratory relief does not entitle one to a jury trial where the right to a jury trial does not otherwise exist").

In sum, Washington's minimum-wage action is brought to enforce a labor statute in furtherance of the public interest. *See F.T.C. v. Commerce Planet, Inc.*, 815 F.3d 593, 599 (9th Cir. 2016) (reasoning that a court's equitable powers are especially comprehensive in cases involving the public interest). A suit by a public officer, brought in the public interest, seeking declaratory and injunctive relief is one in equity, not law. No jury right attaches.

### 2. Washington's Unjust Enrichment Claim and Request for Disgorgement Likewise Sound in Equity

Washington's unjust enrichment claim and related prayer for disgorgement are also brought in equity, *see* Compl. ¶¶ 4.9, 6.1-6.6, 7.5-7.6, ECF No. 1-1, so GEO has no right to a jury on that claim, either.

Under Washington law, unjust enrichment "is founded on notions of justice and equity." *Young v. Young*, 191 P.3d 1258, 1263 (Wash. 2008) (contrasting "*quantum meruit*" founded in the law of contracts). Unjust enrichment occurs "when one retains money or benefits which in justice and equity belong to another." *Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc.*, 810 P.2d 12, 18 (Wash. Ct. App. 1991), *amended by* 814 P.2d 699 (Wash. Ct. App. 1991). *See also Menocal v. GEO Grp., Inc.*, 882 F.3d 905, 923 (10th Cir. 2018) (approving "unjust enrichment" class action against GEO as "an equitable theory of recovery that exists independent of any contract" under Colorado law) (citations omitted).

Similarly, the remedy of disgorgement is equitable: it is restitution measured by a defendant's wrongful gain. *See Restatement (Third) of Restitution and Unjust Enrichment* § 51, Westlaw (2011). For Seventh Amendment purposes, the Supreme Court has consistently stated that restitution, and specifically disgorgement, is an equitable remedy. *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352 (1998) (including "disgorgement of improper profits" as an example of monetary relief that is equitable); *Chauffeurs*, 494 U.S. at 570-71

STATE'S MOTION TO STRIKE GEO'S
JURY DEMAND

6

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

1    (recognizing requests for monetary relief are equitable "where they are restitutionary, such as in

2    'action[s] for disgorgement of improper profits[.]'") (quoting *Tull*, 481 U.S. at 424);

3    *Granfinanciera,* 492 U.S. at 86 n.9 (1989) (White, J., dissenting) ("We have previously

4    recognized that actions to disgorge improperly gained profits . . . are . . . equitable actions—even

5    though the relief they seek is monetary—because they are restitutionary in nature."); *Tull*, 481

6    U.S. at 424 (noting restitution is "traditionally considered an equitable remedy"); *Curtis v.*

7    *Loether*, 415 U.S. 189, 197 (1974) (comparing disgorgement with a Title VII damages award

8    and recognizing the former to be a form of equitable relief). *See also Fifty-Six Hope Rd. Music,*

9    *Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015) (noting that "actions for

10   disgorgement of improper profits are equitable in nature").

11          Here, Washington alleges GEO unjustly benefits by paying detainee-workers $1 per day

12   for work performed when it should be paying workers—whether detained or not—a fair wage.

13   Even though Washington's request for disgorgement involves a claim for money, that fact in no

14   way alters its equitable nature. *See Chauffeurs,* 494 U.S. at 573 (differentiating tort-like claims

15   that are legal in nature and require a jury from claims related to unfair labor practices "which are

16   concerned primarily with the public interest in effecting federal labor policy" that are equitable

17   in nature and do not give rise to a jury); *S.E.C v. Commonwealth Chem. Sec., Inc.*, 574 F.2d 90,

18   95 (2d Cir. 1978) ("[N]ot all money claims are triable to a jury."); *Commerce Planet*, 815 F.3d

19   at 599 (noting a court's ability to "order[] a defendant to return unjust gains" to be "within the

20   highest tradition of a court of equity") (citing *Porter v. Warner Holding Co.*, 328 U.S. 395, 402

21   (1946)); *see also Brennan v. Saghatelian*, 514 F.2d 619, 621-22 (9th Cir. 1975) (Fair Labor

22   Standards Act's back-pay remedy is a "restitutionary injunction" provided "through an action in

23   equity"); *Albermarle Paper Co. v. Moody*, 422 U.S. 405, 415-19 (1975) (backpay under Title

24   VII is a remedy in lieu of employee reinstatement and constitutes equitable relief).

25          In particular, where a governmental entity brings a civil enforcement action to promote

26   public policy and prevent unjust enrichment, as Washington does here, the case is equitable in

STATE'S MOTION TO STRIKE GEO'S                    7                    ATTORNEY GENERAL OF WASHINGTON
JURY DEMAND                                                                   Civil Rights Division
                                                                           800 Fifth Avenue, Suite 2000
                                                                             Seattle, WA  98104
                                                                               (206) 442-4492

nature and not triable before a jury. In public enforcement cases, "disgorgement of illicit profits is [ ] part of the . . . power to obtain injunctive relief" and is analogous to the traditional jurisdiction of equity. *Rind*, 991 F.2d at 1493 (holding no right to jury where Security and Exchange Commissioner sues for disgorgement of profits from securities fraud).

Indeed, wholly separate from the rights detainee-workers have chosen to assert in private litigation, Washington acts independently here as *parens patriae* to protect the health and well-being of its state residents by encouraging employment opportunities in Washington and by ensuring employers do not engage in unjust employment practices. Compl. ¶¶ 6.1-6.6, ECF No. 1-1; Order on GEO's Mot. to Dismiss at 12-13, ECF No. 29. Washington "seeks disgorgement in order to deprive the wrongdoer of his or her unlawful profits and thereby eliminate the incentive for violating the . . . laws. The theory behind the remedy is deterrence and not compensation." *Rind*, 991 F.2d at 1490 (holding disgorgement to be an equitable remedy for Seventh Amendment purposes because "civil enforcement actions promote economic and social policies independent of" individual claims). *See also Paradise Valley*, 521 F.2d at 1342-43 (denying writ of mandamus seeking to compel district court to grant trial by jury where Secretary of Labor's prayer for relief compelling defendant to disgorge illegally withheld overtime wages was equitable in nature in furtherance of congressional policy behind the FLSA); *S.E.C. v. Abellan*, 674 F. Supp. 2d 1213, 1221 (W.D. Wash. 2009) ("Disgorgement is an equitable remedy that prevents unjust enrichment.").

In other words, regardless of whether the disgorgement proceeds are used to compensate detainee-workers or Tacoma area workers, the theory behind Washington's request for disgorgement is deterrence, not compensation. *Rind*, 991 F.2d at 1491 (use of disgorgement proceeds to compensate victims "does not detract from the public nature of [SEC] enforcement actions"). Washington's claim for unjust enrichment and associated request for disgorgement sound squarely in equity. GEO is not entitled to a jury trial on this claim.

STATE'S MOTION TO STRIKE GEO'S
JURY DEMAND                                    8                    ATTORNEY GENERAL OF WASHINGTON
                                                                              Civil Rights Division
                                                                           800 Fifth Avenue, Suite 2000
                                                                              Seattle, WA  98104
                                                                                (206) 442-4492

1    **B.      The Consolidated Minimum Wage Liability Trial Can Proceed as a Bench Trial for**
2            **Washington, Even if the Private Plaintiffs' Claims Are Tried to a Jury**

3            Consolidation with the private class action for a trial on liability does not undermine

4    Washington's request to strike the jury. To be clear, Washington does not consent to a jury trial

5    on either of its equitable claims. *Cf.* Fed. R. Civ. P. 39(c)(2)(providing for jury trial by consent

6    of parties). As the Court itself has observed, it may be "appropriate to have a split trial, with

7    some issues tried to a jury and other issues tried to the court . . . ." ECF No. 49. The Court can

8    and should proceed in that fashion here, with the Court sitting as the trier of fact as to

9    Washington's claims, even if the private plaintiffs' claims are tried to a jury in *Nwazour*.

10           Alternatively, the Court has suggested that it may consider using an "advisory jury" for

11   parts of Washington's case. ECF No. 49. With respect to the Minimum Wage Act claim, that

12   remains a possibility. If the private plaintiffs' wage claim must be heard by a jury, this Court

13   may treat that jury as an advisory jury for purposes of the facts relevant to Washington's separate

14   case on liability. ECF No. 49. If the Court elects this course, the Court as factfinder will retain

15   the obligation to resolve the underlying facts related to Washington's case, and the advisory

16   jury's findings will not be binding. *See e.g. Am. Calcar, Inc. v. Am. Honda Motor Co*., 651 F.3d

17   1318, 1333–34 (Fed. Cir. 2011) (citations omitted) (upholding District Court's disregard of

18   advisory jury's finding of no inequitable conduct); *Kohn v.McNulta*, 147 U.S. 238, 240 (1893)

19   ("But such verdict is not binding upon the judgment of the court; it is advisory simply, and the

20   court may disregard it entirely, or adopt it either partially or in toto."); *Poston v. United States*,

21   262 F. Supp. 22, 24 (D. Haw. 1966) ("Even though the trial jury is requested to function

22   additionally in an advisory jury capacity, the responsibility for the ultimate decision as to liability

23   . . . never shifts from the shoulders of the judge, just as though the advice of the jury were not

24   sought.").

25           Turning to Washington's unjust enrichment claim, there the option of an advisory jury is

26   absent. That is because the *Nwazour* plaintiffs simply have no parallel unjust enrichment claim

1    for which to empanel a jury. In other words, even if a jury sits as trier of fact over the *Nwazour*

2    plaintiffs' minimum wage act claim, treating that jury as an advisory jury for purposes of

3    Washington's stand-alone unjust enrichment claim would be improper because the jury would

4    be "advising" on a purely equitable claim brought only by Washington. It also would

5    unnecessarily complicate the case and lengthen the trial, since the parties would need to prepare,

6    and the Court would need to give, jury instructions that otherwise would be unnecessary.

7        Further, GEO has already attempted to interject negative stereotypes and bias about

8    immigrants into this law enforcement case. *See e.g.*, ECF No. 23 at 9 ("The majority of detainees

9    have criminal histories that include past periods of confinement where they did not earn

10   competitive wages either. Given the realities of confinement, it is difficult to fathom why, other

11   than politics, the State would sue to insist GEO hire outsiders to pick up detainees' trash or wash

12   down shower stalls while the detainees sit and watch, without paying a dime."); ECF No. 10 at

13   14-15 ("The plausible inference is that Washington's citizens are *not* supportive of the idea of

14   federal immigration detainees—who are already supported at taxpayer expense while detained,

15   receiving food, shelter, clothing, and medical care—are also entitled to earn a minimum wage

16   for participating in a voluntary work program.") Such discriminatory bias wrongfully implies

17   that application of Washington's minimum wage and common law depends upon a worker's

18   immigration status, lack of criminal history, or other subjective measures of worthiness, which

19   is legally incorrect and inconsistent with the broad law enforcement purpose of Washington's

20   claims. There is a real risk that GEO will seek to make these improper arguments to an advisory

21   jury in an effort to sway its findings, even though such tactics would not assist the Court in its

22   fact-finding obligation. *See Ollier v. Sweetwater Union High Sch. Dist.*, 267 F.R.D. 338, 338-39

23   (S.D. Cal. 2010) (rejecting efforts to interject "community beliefs" about gender equality in

24   school sports and rejecting defense motion for advisory jury in Title IX enforcement action). For

25   all of these reasons, the Court should not consider an advisory jury concerning Washington's

26   unjust enrichment claim.

1    To summarize, at most, the Court may consider availing itself of an advisory jury

2 concerning Washington's minimum wage act claim, though the Court would remain the trier of

3 fact over that equitable claim. An advisory jury is not available on the unjust enrichment claim.

4 Accordingly, Washington recommends that immediately after the minimum wage liability trial,

5 and either after dismissing any advisory jury or while that jury deliberates, the parties should be

6 permitted to present to the Court, as the trier of fact, any additional evidence needed to prove or

7 defend Washington's unjust enrichment claim, including evidence of the financial benefit to

8 GEO of its unfair labor practices and the amounts of unjust enrichment to be disgorged. Then,

9 Washington can rest its case, and the Court will be in a position to issue its findings of fact and

10 conclusions of law on both of Washington's claims.

## IV.    CONCLUSION

12    Washington respectfully requests that the Court grant this motion and confirm it will sit

13 as the trier of fact in Washington's case against GEO and as to both of Washington's equitable

14 claims.

15    In addition, because "[t]here are frequently significant tactical differences in presenting

16 a case to a court, as opposed to a jury. The parties are entitled to know at the outset of the trial

17 whether the decision will be made by the judge or the jury." *Pradier v. Elespuru*, 641 F.2d 808,

18 811 (9th Cir. 1981). Thus, Washington also requests that the Court clarify no later than the

19 upcoming pretrial conference whether the *Nwazour* plaintiffs' claims on liability will be tried to

20 a jury, and if so, whether the Court will treat that jury as an advisory jury concerning

21 Washington's minimum wage act claim.

23    Dated this 5th day of December 2019.

24    //

25    //

26    //

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Respectfully submitted,

ROBERT FERGUSON
Attorney General of Washington

s/ *Andrea Brenneke*
MARSHA CHIEN, WSBA No. 47020
ANDREA BRENNEKE, WSBA No. 22027
LANE POLOZOLA, WSBA No. 50138
PATRICIO A. MARQUEZ, WSBA No. 47693
Assistant Attorneys General
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
marsha.chien@atg.wa.gov
andrea.brenneke@atg.wa.gov
lane.polozola@atg.wa.gov
patricio.marquez@atg.wa.gov

STATE'S MOTION TO STRIKE GEO'S
JURY DEMAND

12

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed with the United States District Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated this 5th day of December 2019 in Seattle, Washington.

Caitilin Hall
Legal Assistant

STATE'S MOTION TO STRIKE GEO'S
JURY DEMAND