UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STATE OF WASHINGTON

                Plaintiff,

v.

THE GEO GROUP, INC.,

                Defendant.

CASE NO. C17-5806RJB

ORDER ON PLAINTIFF STATE OF WASHINGTON'S MOTION TO EXCLUDE EXPERT TESTIMONY OF GREGORY BINGHAM

THIS MATTER comes before the Court on the above-referenced motion (Dkt. 331). The Court is familiar with the records and files herein and documents filed in support of and in opposition to the motion.

The first question raised by counsel is whether the Court should consider this motion at all. The case schedule was orally reset at the time this case and the *Nwauzor* case (C17-5769RJB) were consolidated for liability issues (May 28, 2019). *See* Minutes at Docket Number 217, referencing the Court's oral ruling. Motions *in limine* are due by February 5, 2020. The motion is timely. At this point, Local Civil Rule 7(d) has not been violated.

ORDER ON PLAINTIFF STATE OF WASHINGTON'S MOTION TO EXCLUDE EXPERT TESTIMONY OF GREGORY BINGHAM - 1

It appears from the record that Mr. Bingham is an expert in government contracting, generally. He is qualified to testify about general industry customs and practices regarding government contracting. Whether testimony within that area of expertise and on those subjects will be relevant at trial remains to be seen. To that extent, the motion *in limine* should be denied without prejudice.

The specifics of Mr. Bingham's proposed testimony is another matter. In considering the motion *in limine*, the Court has focused on Mr. Bingham's expert report at Docket Number 332-1 (Polozola Declaration, Exhibit A). The Court has not carefully examined Mr. Bingham's deposition, found at Docket Number 332-2 (Polozola Declaration, Exhibit B). In any event, the expert report sets the parameters of expert testimony. *See* Federal Rules of Civil Procedure 26(a)(2)(B) and 37(c)(1).

It is very difficult to determine, at this point, just how evidence within Mr. Bingham's expertise might be relevant to the defendant's affirmative defenses or to disgorgement for unjust enrichment. Those questions have not been fully examined in the briefing thus far and can be further investigated by the Court and counsel at the pretrial conference, or at trial, when the issues before the Court hopefully will be more clear.

Mr. Bingham has indicated that he is not attempting to interpret the contract between ICE and the defendant, but in many of his proposed opinions, he does just that. The contract does not require interpretation by expert witnesses. The contract uses common terms and the jury can interpret those terms without the assistance of an expert. Terms within the contract, similarly, do not require definition or explanation by an expert witness.

It is clear to the Court that it is not appropriate for Mr. Bingham to render an opinion as to whether the contract is ambiguous. That may be a question for the jury, but should be a subject

of testimony of witnesses with first-hand knowledge, rather than the speculation of an expert witness based on his interpretation of the contract and his speculation about whether the parties to the contract themselves have found it in some way or ways ambiguous.

It is not appropriate for Mr. Bingham to testify that The GEO Group, Inc. (GEO) is limited by the contract to pay only one dollar per hour under the Voluntary Work Program. That is an inappropriate interpretation of the contract, and it is not appropriate for an expert witness to testify contrary to the request for admission referred to by counsel. *999 v C.I.T. Corp.*, 776 F.2d 866, 869-70 (9th Cir. 1985).

Mr. Bingham cannot testify about the typicality of the contract because whether the contract is a typical government contract or not is not relevant. The language of this contract controls. Similarly, Mr. Bingham cannot testify as to the understanding of the expectation of the parties to the contract. To do so would be to enter into the realm of either hearsay or speculation.

Mr. Bingham may not testify regarding information gained from interviews of unknown GEO personnel. To do so would be hearsay. While there may be evidence that GEO administered the contract in accord with its terms, and that it was not cited for failure to follow the contract, that is not a subject of expert testimony, but evidence on that subject should come from witnesses with first-hand information and from documentary evidence. Furthermore, Mr. Bingham should not be allowed to testify that he believes that because GEO was not criticized by ICE for failure to follow the contract, that in fact the contract was adequately, or properly, administered. That is an opinion that is an inference based on hearsay according to his report.

The Court will supplement the foregoing observations and rulings with specific observations and rulings based on Mr. Bingham's report:

On page 3 of the report, in the first paragraph under "Summary of Opinions," the conclusion "that there appears to have been no ambiguity between ICE and GEO Voluntary Work Program" will not be admitted. That's a conclusion about and interpretation of what may be in the minds of the contracting parties. The contracting parties may have first-hand knowledge about their views of ambiguity.

On page 4 of the report, in the first paragraph on that page, information about what "Kendrick understands" is hearsay and the conclusion in the same sentence regarding whether GEO's performance was deficient is an inference based on hearsay that should not be allowed. The same thing is true of the second paragraph on page 4.

On page 8 of the report, in the last paragraph, the reference to lack of ambiguity should not be allowed for the same reasons.

On page 10 of the report, in the final sentence of the first paragraph under "B. CLIN0003 Invoicing," Mr. Bingham should not be allowed to testify as to what the parties expected. The parties to the contract have first-hand knowledge of their expectations.

On page 12 of the report, the language of the first beginning paragraph on that page after the words "Kendrick understands" and the next two sentences ending with the word "provisions" should not be allowed. That is a reference to hearsay and an inference or conclusion based on hearsay without admissible foundation.

On page 14 of the report, the last beginning sentence on that page, beginning with "ICE's annual inspections" should not be allowed. The source of that conclusion is questionable and the footnote reference is for limited review of pertinent documentary evidence which fails to support Mr. Bingham's conclusion.

On page 15 of the report, material from the paragraph beginning "Kendrick understands" through the next paragraph that ends with the words "Voluntary Work Program" should not be allowed. That information is hearsay and an inference based on hearsay without apparent support.

On page 16 of the report, the last paragraph beginning with the words, "Kendrick understands" is also hearsay and includes an inference based on hearsay without support for an expert opinion. That information through to the end of that paragraph should not be allowed.

On page 17 of the report, the last phrase of the conclusory paragraph where the words "administered and invoiced" begin, the information to the end of that sentence should not be allowed for the same reason. It is an inference based on hearsay that is not an expert opinion.

The foregoing analysis of inadmissible material in Mr. Bingham's report is largely based on the Evidence Rules and should be apparent to counsel.

To the foregoing extent, the plaintiff's Motion *in Limine* should be granted in part and denied in part, and may be the subject of further discussion at the time of a pretrial conference, or at trial, as to the relevance of the parts of the Bingham report that have not been ruled out herein (general government contracting customs and practices, affirmative defenses, and disgorgement for unjust enrichment).

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 13th day of December, 2019.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge