The Honorable Robert J. Bryan

1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**
          **WESTERN DISTRICT OF WASHINGTON**
9                      **AT TACOMA**

10   STATE OF WASHINGTON,                    Case No.: 3:17-cv-05806-RJB

11              Plaintiff,

                                            **DEFENDANT THE GEO GROUP,**
12   v.                                     **INC.'S OPPOSITION TO PLAINTIFF**
                                            **STATE OF WASHINGTON'S MOTION**
13   THE GEO GROUP, INC.,                   **TO STRIKE JURY DEMAND**
                                            **[ECF NO. 342]**
14              Defendant.

15

16

17

18

19

20

21

22

23

24

25

26

27   DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO
     PLAINTIFF STATE OF WASHINGTON'S MOTION TO
     STRIKE JURY DEMAND
     (3:17-CV-05806-RJB) – COVER PAGE

     51017539;1
                                                      **AKERMAN LLP**

     51151376;1                                    1900 Sixteenth Street, Suite 1700
                                                       Denver, Colorado 80202
                                                     Telephone:  303-260-7712

1

2          Defendant The GEO Group, Inc. ("GEO") respectfully submits this opposition to Plaintiff

3  State of Washington's ("Washington" or the "State") motion to strike GEO's jury demand (Dkt.

4  342).

                                    **INTRODUCTION**

5          For the second time, the State moves to have the issues underlying this case resolved at a

6  bench trial, not by a jury. In so doing, the State – acting in *parens patriae*, to protect all citizens

7  – instead seeks to obtain a ruling in this case without the input of the very citizens on whose

8  behalf it purports to act. Further, the State brings its motion without first conferring with GEO,

9  or the parties to the *Nwauzor*[1] action, with which the above-captioned case is consolidated for

10  the purposes of liability. Understanding that both cases address the same legal issue, this Court

11  consolidated the *Nwauzor* case with the State's case, trial on liability issues, and the consolidated

12  ***jury trial*** was set for March 20, 2020.[2]  The State now moves to strike GEO's jury demand and

13  essentially "unconsolidate" the trial of the substantively identical Washington Minimum Wage

14  Act ("WMWA") claims prior to the pretrial conference.

15          Undoubtedly, had the parties first conferred, there would be more clarity about how the

16  State envisions presenting its case without a jury and its underlying basis for wanting to do so.

17  Indeed, this Court has set a pretrial conference for January 10, 2020, so that the parties can

18  determine "the common issues and whether there should be joinder for trial on designated

19  limited issues, or all issues."[3]  Rather than providing a detailed proposal as to what issues should

20  go to trial and in what manner, or raising its concerns during the pretrial hearing, the State

21  instead asserts that GEO does not have the right to a jury trial at all, and therefore, its jury

22  demand should be stricken in full. The State is incorrect. GEO unquestionably has the right to a

23  jury trial on all issues because the State seeks monetary relief and its claims are inherently legal.

24

25  [1] *Ugochukwu Goodluck Nwauzor, et al. v. The GEO Group, Inc.,* Case No. 3:17-cv-05769-RJB (hereinafter
    "*Nwauzor*")
26  [2] ECF 217.
    [3] ECF 193.

27  DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO
    PLAINTIFF STATE OF WASHINGTON'S MOTION TO
    STRIKE JURY DEMAND
    (3:17-CV-05806-RJB) – PAGE 1

    51017539;1                                        **AKERMAN LLP**
    ─────────────────────────────────
    51151376;1                                  1900 Sixteenth Street, Suite 1700
                                                      Denver, Colorado 80202
                                                  Telephone:  303-260-7712

1
2
3

Further, as this case has been consolidated with *Nwauzor*, and *Nwauzor* will be tried to a jury (*see Nwauzor* ECF 14), trying the case before a jury will streamline the proceedings. Accordingly, this Court should deny the State's motion.

4

## SUMMARY OF RELEVANT FACTS

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

The State's complaint raises two causes of action, (i) violation of the WMWA, and (ii) unjust enrichment.[4]  Both claims address the same issue: whether detainees participating in the Voluntary Work Program ("VWP") at the Northwest Detention Center ("NWDC") are entitled to minimum wage under the WMWA.  If detainees are not entitled to minimum wage, both of the State's claims necessarily fail.[5] As a remedy, the State seeks both monetary damages and declaratory relief.[6] A review of the State's expert report makes clear that the monetary relief sought by the State is effectively back wages for detainees who participated in the VWP at the NWDC. As detailed in Peter Nickerson's expert report, the State seeks a monetary award comprised of the difference between the minimum wage and the $1 per day paid to detainees for their participation in the VWP.[7]  The damages the State seeks are nearly *identical* to those sought by the *Nwauzor* plaintiffs, with both experts basing their damages calculations on similar assumptions. The only difference between the damages sought by the *Nwauzor* plaintiffs for their minimum wage claim and the State's unjust enrichment claim is the addition of Social Security and Medicare employer tax contributions.  Other than that small change, the relief sought by the State for unjust enrichment is, in the words of Mr. Nickerson, largely unchanged from its back wages analysis. While the State argues the amounts it seeks in monetary damages should be considered a "deterrent," it has offered no support for this position.  Moreover, the State has not

23
24
25
26

[4] ECF 1-1, ¶¶ 5.1-5.6, 6.1-6.5.
[5] As do those in *Nwauzor.*
[6] ECF 1-1, ¶ 7.1-7.8.
[7] In its motion, the State disingenuously argues, "Washington does not seek relief in the form of back wages on behalf of detainee workers." ECF 342 at 6. However, the State has not withdrawn its expert report (which outlines essentially the same damages for a wage claim and an unjust enrichment claim), has not sought to limit its relief in any way, and continues to seek back wages couched as "profit disgorgement" and other monetary damages.

27

DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO
PLAINTIFF STATE OF WASHINGTON'S MOTION TO
STRIKE JURY DEMAND
(3:17-CV-05806-RJB) – PAGE 2

51017539;1
51151376;1

AKERMAN LLP

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

1  offered an explanation of how its proposed damages would deter future action any more than the

2  damages sought in *Nwauzor*. As the State in principle seeks monetary damages—not equitable

3  relief—GEO is entitled to a jury on the entirety of the State's claims.

4  **LAW**

5  "Maintenance of the jury as a fact-finding body is of such importance and occupies so

6  firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury

7  trial should be scrutinized with the utmost care."[8]  In determining whether a party is entitled to a

8  jury, the Court must examine the remedy sought and determine whether it is legal or equitable in

9  nature.[9] "[T]he nature of the remedy is more important for Seventh Amendment purposes than

10  the nature of the right."[10]  Under federal law, the right to a jury trial "does not depend on the

11  character of the overall action but instead is determined by the nature of the issue to be tried." [11]

12  In other words, it is the issues, not the form of the complaint, that will determine the method of

13  trial. The Supreme Court has long recognized a general rule that "monetary relief is legal" and

14  thus entitles a party to the right to a jury.[12]

15  **ARGUMENT**

16  **A.     GEO is Entitled to a Jury Trial on the State's Claims**

17      1.  <u>Because the State Seeks Declaratory Relief, GEO is entitled to a Jury Trial.</u>

18      "In a declaratory relief action, as in other civil actions, a party has an ***absolute right to a***

19  ***jury trial*** unless a jury has been waived."[13] Here, the State seeks declaratory relief, in the form

20

21

---

22  [8] *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935); *Newport Yacht Club v. City of Bellevue*, C09-0589-MJP, 2012 WL
23  254013, at *1 (W.D. Wash. Jan. 27, 2012) ("The Seventh Amendment right to a jury trial is a fundamental right, and
    courts are to indulge every reasonable presumption against waiver of that right.").
    [9] *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990).
24  [10] *Spinelli v. Gaughan*, 12 F.3d 853, 857 (9th Cir. 1993).
    [11] *In re U. S. Fin. Sec. Litig.*, 609 F.2d 411, 422 (9th Cir. 1979) (citing *Ross v. Bernhard,* 396 U.S. 531, 537-38
25  (1970)).
    [12] *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352 (1998).
26  [13] *Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 942 (9th Cir. 2009)
    (emphasis added); *see also Dickinson v. Gen. Acc. Fire & Life Assur. Corp.,* 147 F.2d 396, 397 (9th Cir. 1945)
27  DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO
    PLAINTIFF STATE OF WASHINGTON'S MOTION TO
    STRIKE JURY DEMAND
    (3:17-CV-05806-RJB) – PAGE 3

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

of a declaratory order that (1) the detainees participating in the VWP at the NWDC are "employees" under the WMWA, (2) GEO is an "employer" of the detainees participating in the VWP at NWDC under the WMWA, and (3) GEO must comply with the WMWA for work performed by detainees participating in the VWP at the NWDC.[14] GEO has not waived this right. This alone justifies denial of the State's motion.

Despite the State's argument that its request for declaratory relief is essentially equitable, the "equitable nature of a declaratory judgment action does not deprive a party of its right to a trial by jury."[15] Nor can the the constitutional right to a jury trial "be made to depend upon the choice of words used in the pleadings."[16] The Court should not be persuaded by the State's self-serving and hyper-technical interpretation of its complaint. Contrary to the assertions in its motion, the State does not seek to simply enjoin future violations of the law. Instead, it seeks an affirmative declaration regarding the scope of the WMWA, and an award of back pay for all VWP work performed by detainees from 2005 to the present.  In spite of the State's semantics and machinations, this is the true essence and character of the State's claims. Therefore, GEO is entitled to a jury on the State's claims seeking declaratory judgment.

2.   The State's Claim for Damages is Legal.

In addition to seeking declaratory relief, the State seeks relief under the WMWA.[17]  The WMWA allows two types of remedies: direct legal actions by employees and indirect legal actions assigned to Washington's Department of Labor and Industries.[18] Unlike federal labor laws, the WMWA does not provide for injunctive relief, but rather exclusively for monetary

---

("The right to a jury trial of factual issues ordinarily triable to a jury is expressly preserved by the declaratory judgment statute.").
[14] ECF 1-1 ¶ 7.1.
[15] *Esso Standard Oil Co. v. Zayas*, 352 F. Supp. 2d 165, 170 (D.P.R. 2005), *aff'd sub nom. Esso Standard Oil Co. (Puerto Rico) v. Monroig-Zayas*, 445 F.3d 13 (1st Cir. 2006).
[16] *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477–478 (1962); *see also Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959) (quoting *Scott v. Neely*, 140 U.S. 106, 110 (1891)).
[17] ECF 1-1, ¶¶ 5.1-5.6
[18] RCW 49.46.090.

DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO
PLAINTIFF STATE OF WASHINGTON'S MOTION TO
STRIKE JURY DEMAND
(3:17-CV-05806-RJB) – PAGE 4

51017539;1

51151376;1

AKERMAN LLP

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

1   damages or criminal penalties.[19]   Here, the State is bound by the remedies provided for by the

2   legislature.[20] As such, the State's claims based in the WMWA (including its unjust enrichment

3   claim) are nothing more than a wage claim seeking monetary damages for underpayment.

4          This is true even though the State is clearly attempting to fashion its claims in a manner

5   designed to avoid a jury – seeking only equitable relief under the WMWA (despite the fact that

6   the WMWA does not provide for the equitable relief the State seeks) and "restitution" or

7   "disgorgement" under its unjust enrichment claim. This is also true despite the way the State tries

8   to characterize the monetary damages it seeks.   In addition to the general rule that monetary

9   relief is legal, the Supreme Court has confirmed that simply describing monetary relief as

10  "restitution," does not render it equitable.[21] "[F]or restitution to lie in equity, the action generally

11  must seek not to impose personal liability on the defendant, but to restore to the plaintiff

12  particular funds or property in the defendant's possession."[22] In contrast, restitution is legal where

13  it seeks "the imposition of personal liability for the benefits [improperly conferred]."[23] The

14  State's claims do just this.

15      The State seeks "disgorgement" in an amount equal to the "difference between the $1 per day

16  that [GEO] pays detainees and the fair wage that it should pay for work performed at the

17  NWDC."[24]   There is no dispute this is the same amount and the same claim as a wage claim

---

[19] Id.

[20] Great-W. Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 217–18 (2002) ("It is, however, not our job to find reasons for what Congress has plainly done; and it is our job to avoid rendering what Congress has plainly done (here, limit the available relief) devoid of reason and effect.").

[21] Id. at 214.

[22] Id.

[23] Id.

[24] ECF 1-1, ¶ 6.5.

DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO
PLAINTIFF STATE OF WASHINGTON'S MOTION TO
STRIKE JURY DEMAND
(3:17-CV-05806-RJB) – PAGE 5

51017539;1

51151376;1

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

under the WMWA (as demonstrated by the expert reports submitted in both cases).[25]   As GEO previously argued, "[t]hose damages for lost wages do not magically become equitable simply because the State has declined to name the specific parties whom it believes are entitled to those wages."[26]   Nor does the State seek the return of specific property or funds. Rather, it seeks to compel GEO "to pay a sum of money…for a loss resulting from [GEO's] breach of legal duty… the classic form of legal relief." [27]

If the State merely sought an injunction, without "disgorgement," its characterizations of this action as purely equitable would be more compelling.  Indeed, by arguing that it is "uniquely situated to seek equitable injunctive relief that would be unavailable to a private litigant," the State attempts to focus the Court towards the equitable portion of its prayer for relief and away from the back pay it is simultaneously seeking. But relief *is* available to private litigants and indeed, expressly authorized by the WMWA.  Here, the label of "disgorgement" serves only to obfuscate the fact that the remedy sought by the State, compensatory damages, is legal in nature.[28] This is true regardless of whether the back pay sought is deemed "incidental" to any equitable issues raised by the State. [29]

The cases cited by the State are inapposite for various reasons.  In both *S.E.C. v. Rind* and

---

[25] There remain issues of fact as to whether disgorgement of profits, as opposed to the reasonable value of services rendered, is an appropriate remedy here. ECF 288 at 14.

[26] ECF 45 at 5; *Angelopoulos v. Keystone Orthopedic Specialists, S.C.,* 12-CV-5836, 2017 WL 2215038, at *1 (N.D. Ill. May 19, 2017) (the fact that plaintiff used term "disgorgement" in its request for relief is not decisive).

[27] *Great-W. Life*, 534 U.S.at 210 (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 918–19 (1988) (SCALIA, J., dissenting)).

[28] *Chauffeurs*, 494 U.S. at 570.

[29] *See Dairy Queen, Inc.,* 369 U.S. at 470 ("[W]e may dispose of one of the grounds upon which the trial court acted in striking the demand for trial by jury—that based upon the view that the right to trial by jury may be lost as to legal issues where those issues are characterized as 'incidental' to equitable issues—for our previous decisions make it plain that no such rule may be applied in the federal courts."); *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 660 (6th Cir. 1996) ("Once a court determines that a case involves legal issues, the litigants have a right to a jury trial on those issues, regardless of how insignificant they may appear in relation to equitable issues.")

DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO
PLAINTIFF STATE OF WASHINGTON'S MOTION TO
STRIKE JURY DEMAND
(3:17-CV-05806-RJB) – PAGE 6

AKERMAN LLP

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

1    *Paradise Valley Investigations v. U.S. Dist. Court,* the government's disgorgement actions were

2    premised on statutes supporting equitable relief.[30]   In *S.E.C. v. Rind*, the Securities and Exchange

3    Commission brought its disgorgement claim under section 20(b) of the Securities Act of 1933

4    and section 21(d) of the Securities and Exchange Act of 1934, which authorize injunctions but do

5    not create private actions for damages like those authorized by the WMWA.[31]   Similarly, in

6    *Paradise Valley Investigations*, the Secretary of Labor sought disgorgement incidental to an

7    injunction pursuant to § 217 of the Fair Labor Standards Act, entitled "Injunction Proceedings."[32]

8    There are no parallel equitable remedies in the WMWA. The State also cites *Feltner v. Columbia*

9    *Pictures Television, Inc.* because it passingly refers to "disgorgement of improper profits" as an

10    example of equitable relief.[33]   Yet in that case, the Supreme Court reversed the Ninth Circuit's

11    finding that there was no right to jury trial in a statutory damages action because, it held, the

12    underlying claim (copyright action for damages) was traditionally a legal action for damages

13    tried to a jury.[34]   The same is true of claims authorized by and customarily brought under the

14    WMWA. The remaining cases addressing restitution are similarly misplaced because restitution

15    has both legal and equitable forms: it is legal when the relief involves money judgments for work

16    performed, and it is equitable when the relief comprises equitable liens or trusts.[35]   Of the State's

17    two unjust enrichment theories,[36] neither could result in an equitable lien or constructive trust.

18    Moreover, the State's reliance on restitution law is misplaced because the State is not seeking to

19    "restore the status quo" or to order GEO to return anything.

20

21    [30] See ECF 342 at 3-4 (citing *S.E.C. v. Rind*, 991 F.2d 1486 (9th Cir. 1993) and *Paradise Valley Investigation &*
     *Patrol Servs., Inc. v. U.S. Dist. Court,* 521 F.2d 1975 (9th Cir. 1975)).

22    [31] *See,* 15 U.S.C. § 77t(b) and 15 U.S.C. § 78u(d), respectively.

     [32] 29 U.S.C. § 217; *see* Dkt. No. 45 at 5-6, discussing the distinction between legal and equitable remedies for wage

23    claims drawn by the 9th Circuit in *Brennan v. Saghatelian,* 514 F.2d 619 (9th Cir. 1975).

     [33] ECF 342 at 6 (citing *Feltner v. Columbia Pictures Television, Inc.,* 523 U.S. 340, 352 (1998)).

24    [34] *Feltner v. Columbia Pictures Television, Inc.,* 523 U.S. at 350-52.

     [35] *Great-W. Life,* 534 U.S. at 209.

25    [36] The first theory alleges that GEO has been unjustly enriched by paying detainees $1/day, instead of Washington's
     minimum wage. ECF 1-1 ¶ 6.1-6.6, 7.5-7.6.   The second theory alleges that GEO has been unjustly enriched

26    because non-detained job seekers in Washington would have been entitled to wages if GEO had been forced to
     comply with the WMWA regarding detainee workers at NWDC. ECF 37 at 3-4.

27    DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO
     PLAINTIFF STATE OF WASHINGTON'S MOTION TO
     STRIKE JURY DEMAND
     (3:17-CV-05806-RJB) – PAGE 7

     51017539;1                                                          **AKERMAN LLP**

     51151376;1                                              1900 Sixteenth Street, Suite 1700
                                                             Denver, Colorado 80202
                                                             Telephone:  303-260-7712

Unlike the statutes at issue in the cases upon which the State relies, the WMWA does not provide for equitable relief, but instead, provides only for monetary relief.  Thus because the statute itself creates *legal* rights and remedies that are properly cognizable at law, and because the remedies sought are clearly *legal*, the State cannot deprive GEO of its constitutional right to a jury trial by simply blending its wage claim with a demand for equitable relief.

**B.    GEO is Entitled to a Jury Trial on its Affirmative Defenses**

The Seventh Amendment's right to trial by jury "extends to affirmative defenses, which are legal in nature."[37] It is generally recognized that "once the right to a jury trial attaches to a claim, it extends to all factual issues necessary to resolving that claim."[38] An affirmative defense is equivalent to an element of a claim, except it is one for which the defendant bears the burden of proof.[39]  Thus in determining whether a right to jury trial attaches, a court "must consider the nature of the issues in the case regardless of what they have been called by the pleader or whether they technically are part of a claim or a defense."[40] If there are genuine factual disputes about an affirmative defense, they must be resolved though trial just like any other factually disputed element of a claim.[41]

GEO raised substantive legal defenses of derivative sovereign immunity ("DSI") and intergovernmental immunity. Since these defenses relate to issues of law and not equity, GEO's

---

[37] *Illinois Union Ins. Co. v. Intuitive Surgical, Inc.*, 179 F. Supp. 3d 958, 960 (N.D. Cal. 2016) (collecting cases).
[38] *Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147, 170 (2d Cir. 2001).
[39] See *Jazzabi v. Allstate Ins. Co.*, 278 F.3d 979, 984 (9th Cir. 2002) ("[E]lements and affirmative defenses are co-equal components of the jury's liability determination: Liability cannot be established until after the jurors unanimously agree that the elements are satisfied and they unanimously reject the affirmative defenses.").
[40] 9 C. Wright & A. Miller, Federal Practice and Procedure § 2304 (3d ed.); *see also, Bank of China v. Chan*, 88 CIV. 0232 (MBM), 1992 WL 298002, at *2 (S.D.N.Y. Oct. 14, 1992) (denying Plaintiff's motion to strike jury demand as to affirmative defenses because Defendant's "seventh amendment right to a jury trial governs [Plaintiff]'s claims against him, and perforce his defenses to that claim.")
[41] *Id.* ("Unfortunately, there is a misconception in some quarters that the right to a trial by jury attaches because of the legal nature of a 'claim,' and does not attach to 'defenses.'").

DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO
PLAINTIFF STATE OF WASHINGTON'S MOTION TO
STRIKE JURY DEMAND
(3:17-CV-05806-RJB) – PAGE 8

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

Seventh Amendment right to a jury trial must be preserved.[42]  Consequently, GEO is entitled to have a jury decide any factual disputes presented by its affirmative defenses.[43]

1.  GEO's Affirmative Defenses Are Legal in Nature and Present Questions of Fact for the Jury to Resolve

Each of GEO's affirmative defenses are legal defenses and raise disputed issues of fact. The intergovernmental immunity defense requires a jury to determine whether the State's prayer for relief, if granted, would either improperly directly regulate GEO (and through GEO, the United States) or discriminate against GEO (and the United States) by creating an economic burden on GEO, a federal government contractor in the immigration context, that is not placed on the State.[44] According to the prior ruling of this Court, the DSI defense will turn, in part, on whether GEO was "directed to pay participants in the VWP only $1" or whether it had the "discretion" to pay them more."[45] Each of these questions must be resolved by a jury.

2.  GEO is Entitled to Have Its Affirmative Defenses Tried With The State's Claims

Where a plaintiff's claim is subject to a jury trial, any legal affirmative defense to that claim must also be tried to a jury.[46] Many of the issues underlying GEO's affirmative defenses are the same as those presented by the State's WMWA and unjust enrichment claims. For example, GEO's DSI defense relies in part on the fact that United States Immigration and Customs Enforcement (ICE) contracts prohibit GEO from employing detainees at the NWDC. This fact indisputably affects the State's ability to establish that detainees who participate in the VWP qualify as employees under the WMWA.  Because the parties' competing theories depend on the

---

[42] *Chauffeurs,* 494 U.S. at 564 (1990) (citing *Parsons v. Bedford,* 3 Pet. 433, 447 (1830)).
[43] In both *Beacon Theatres* and *Dairy Queen, supra,* the Court held that the right to a jury trial attached because a determination of the equitable claims would also have finally determined issues which were common to both the equitable and legal claims and would deprive the party seeking trial by jury of the right to have those issues determined by a jury.
[44] ECF 306-1 at 8.
[45] ECF 288 at 9.
[46] *See, e.g., Byrd v. Blue Ridge Rural Elec. Coop.,* 356 U.S. 525, 538 (1958).

DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO
PLAINTIFF STATE OF WASHINGTON'S MOTION TO
STRIKE JURY DEMAND
(3:17-CV-05806-RJB) – PAGE 9

51017539;1

51151376;1

same set of facts, a jury cannot adequately consider the State's wage and unjust enrichment claims without first considering GEO's immunity defenses, and vice versa. The jury must therefore resolve the factual questions presented by GEO's affirmative defenses *as part of* its deliberations on the State's claims.

## C.   A Bench Trial Would Infringe on GEO's Seventh Amendment Rights

"When legal and equitable claims are joined in the same action, the trial judge has only limited discretion in determining the sequence of trial and 'that discretion...must, wherever possible, be exercised to preserve jury trial.'"[47] Even if the Court deems the State's claims to be equitable in nature (which they are not), GEO is entitled to have them tried before a jury because the equitable issues of the State's claim for injunctive relief overlap with the legal claims and the evidence supporting each is intertwined. Both cases stem from the same set of facts, will be proven or disproven on the same evidence, and ultimately require a factual determination as to whether the VWP participating detainees at the NWDC qualify as employees under the WMWA. The Supreme Court has stated, and subsequent case law supports, that where, as here, there is overlap between the factual issues in legal and equitable claims and the evidence is intertwined, all of the factual issues must be submitted to a jury to avoid infringing on the defendants' Seventh Amendment rights. [48]  The Ninth Circuit likewise holds that "if a legal claim is joined with an equitable claim, the right to jury on the legal claim, including all issues common to both claims,

---

[47] *Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.*, 890 F.2d 165, 170 (9th Cir. 1989) (quoting *Beacon Theatres, Inc.* 359 U.S. at 510).

[48] *Ross v. Bernhard*, 396 U.S. at 537-38  ("[w]here equitable and legal claims are joined in the same action, there is a right to jury trial on the legal claims which must not be infringed either by trying the legal issues as incidental or by court trial of a common issue existing between the claims.").

DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO
PLAINTIFF STATE OF WASHINGTON'S MOTION TO
STRIKE JURY DEMAND
(3:17-CV-05806-RJB) – PAGE 10

51017539;1

51151376;1

**AKERMAN LLP**

1   remains intact."[49]

2   **D.    The State has Not Established that Bifurcation or an Advisory Jury are Permissible**
3        **or Necessary.**

4        Bifurcation is not appropriate where, as here, there is factual overlap between the legal

5   and equitable claims, as well as with the legal defenses. "Bifurcation causes no constitutional

6   problems, *so long as the legal and equitable issues are distinct*… Difficulties may arise,

7   however, when the legal and equitable issues overlap and the evidence is intertwined. When that

8   occurs, the district court must take care not to impinge on the right to a jury."[50]

9

10       Importantly, the State has not established how bifurcation could be accomplished without

11  multiplying the proceedings or risking inconsistent verdicts. Indeed, were a jury to find in GEO's

12  favor on the minimum wage claims in *Nwauzor*, the State has not explained how that finding

13  would not be effectively *res judicata* for its claims. These same concerns are implicated by the

14  State's request for an advisory jury. The State does not indicate which issues may be decided by a

15  jury and which should be resolved by this Court. Nor does the State address the possibility of

16  conflicting verdicts.

17       And, the State's assertion that GEO will bias the jury is not only offensive, but lacks a

18  foundation and is an insufficient basis to deny GEO its constitutional right to a jury. First, there

19

20

21  [49] *McLaughlin v. Owens Plastering Co.*, 841 F.2d 299, 300 (9th Cir. 1988); *Myers v. U.S. Dist. Ct. for Dist. of Mont.*,
    620 F.2d 741, 744 (9th Cir. 1980) (relying on *Ross*; reversing district court and granting trial by jury where plaintiff
22  alleged both equitable and legal claims); *see also Hunting World, Inc. v. Reboans, Inc.*, 1994 U.S. Dist. LEXIS 19961,
    at **16-17 (N.D. Cal. Oct. 26, 1994) (denying request to try laches to a judge or bifurcate proceeding because laches
23  defense relied on the same facts and evidence as the purely legal claims);*Los Angeles Memorial Coliseum Comm'n v.
    Natl'l Football League*, 1981 U.S. Dist. LEXIS 13126, at **54-56 (C.D. Cal. Mar. 17, 1981) (denying motion to
24  bifurcate trial where there was an overlap of legal and equitable issues)
    [50] *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001) (citing *Ross*, 396 U.S. at 537-38) (emphasis added);
25  *see also Dollar Sys., Inc.*, 890 F.2d at 170 ("DSI *would be entitled* to a jury trial on the issues common to both legal
    and equitable claims. The equitable and legal claims asserted in this action, however, do not involve any common
26  questions of law or fact.") (emphasis added); *accord Granite State Ins. Co v. Smart Modular Techs., In*c., 76 F.3d
    1023, 1027 (9th Cir. 1996) (*citing* Ross, 396 U.S. at 537-38).

27  DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO
    PLAINTIFF STATE OF WASHINGTON'S MOTION TO
    STRIKE JURY DEMAND
    (3:17-CV-05806-RJB) – PAGE 11

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

is no evidence that GEO will attempt to influence a jury against *the State*. While the State indicates that GEO may raise credibility issues of the detainees, it does not address how these issues would impact *the State*. Second, the State's implication that this Court cannot control the evidence presented at trial in order to avoid biasing the jury lacks support. This Court has not provided the State with any basis to believe it will not harness the evidence presented to it. Surely, were inflammatory information to be introduced to the jury, this Court would utilize corrective instructions to remedy its effect or myriad of other tools available to it during trial. Further, GEO would likely be admonished were it to attempt any of the trial tactics underlying the State's unsupported accusations. Other than the State's unfounded and inflammatory conjecture, there is no evidence that the State will be prejudiced by a jury trial.

For all the reasons set forth above, GEO is entitled to a jury trial, both in *Nwauzor* and in the instant case. First, there is no absolute right to trial by judge on equitable claims. By contrast, there is a Seventh Amendment right to trial by jury on legal claims.  Second, GEO's affirmative defenses are undeniably legal in nature.  Finally, there is no question that the issues presented in this case (and the relief sought by the State) are primarily legal and the facts and evidence underlying each of the claims, equitable or legal, is intertwined. Therefore, GEO is entitled to a jury on all claims.

## CONCLUSION

For the foregoing reasons, Washington's motion to strike GEO's jury demand should be denied.

---

DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO
PLAINTIFF STATE OF WASHINGTON'S MOTION TO
STRIKE JURY DEMAND
(3:17-CV-05806-RJB) – PAGE 12

51017539;1

51151376;1

1

Respectfully submitted, this 16th day of December, 2019.

2

By: *s/ Colin L. Barnacle*

3

**AKERMAN LLP**

Colin L. Barnacle (Admitted *pro hac vice*)

4

Ashley E. Calhoun (Admitted *pro hac vice*)
Adrienne Scheffey (Admitted *pro hac vice*)

5

Allison N. Angel (Admitted *pro hac vice*)
1900 Sixteenth Street, Suite 1700

6

Denver, Colorado 80202
Telephone:  (303) 260-7712

7

Facsimile:   (303) 260-7714
Email:  colin.barnacle@akerman.com

8

Email:  ashley.calhoun@akerman.com

9

Email:  adrienne.scheffey@akerman.com
Email:  allison.angel@akerman.com

10

11

By: *s/ Joan K. Mell*
**III BRANCHES LAW, PLLC**

12

Joan K. Mell, WSBA #21319
1019 Regents Boulevard, Suite 204

13

Fircrest, Washington 98466
Telephone:  (253) 566-2510

14

Facsimile:   (281) 664-4643
Email:  joan@3brancheslaw.com

15

16

*Attorneys for Defendant The GEO Group, Inc.*

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO
PLAINTIFF STATE OF WASHINGTON'S MOTION TO
STRIKE JURY DEMAND
(3:17-CV-05806-RJB) – PAGE 13

51017539;1

51151376;1

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

1

## **PROOF OF SERVICE**

2

I hereby certify on the 16th day of December, 2019, pursuant to Federal Rule of Civil

3

Procedure 5(b), I electronically filed and served the foregoing **DEFENDANT THE GEO**

4

**GROUP, INC.'S OPPOSITION TO PLAINTIFF STATE OF WASHINGTON'S MOTION**

5

**TO STRIKE JURY DEMAND** via the Court's CM/ECF system on the following:

6

Marsha J. Chien
Andrea Brenneke
7
Lane Polozola
Patricio A. Marquez
8
OFFICE OF THE ATTORNEY GENERAL
800 Fifth Avenue, Suite 2000
9
Seattle, Washington 98104

10

*Attorneys for Plaintiff*

11

12

13

*s/ Joseph Fonseca*
Joseph Fonseca, Paralegal

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PROOF OF SERVICE
(3:17-CV-05806-RJB) – PAGE 14

51017539;1

51151376;1

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712