**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

STATE OF WASHINGTON,

               Plaintiff,

    v.

THE GEO GROUP, INC.,

               Defendant.

CIVIL ACTION NO. 3:17-cv-05806-RJB

STATE'S REPLY IN SUPPORT OF MOTION TO STRIKE GEO'S JURY DEMAND

NOTE FOR MOTION CALENDAR: December 20, 2019

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

# I.   INTRODUCTION

GEO cannot rewrite Washington's Complaint to alter the equitable nature of its claims for violation of the Minimum Wage Act (MWA) and unjust enrichment in order to fabricate a right to a jury trial. Both claims, as clearly pled, seek equitable relief, and GEO's efforts to conflate and contort them cannot convert them into legal claims triable to a jury. Nor do GEO's affirmative defenses, or the consolidation of Washington's case with the *Nwauzor* action, create a jury right over Washington's claims. Washington's motion to strike GEO's jury demand should be granted and its equitable claims decided by the Court sitting as trier of fact at the consolidated liability trial on March 2, 2020.

# II.   ARGUMENT

## A.   Washington's Minimum Wage Act Claim for Prospective Injunctive and Declaratory Relief Sounds in Equity, So There Is No Right to a Jury Trial

As GEO concedes, "the nature of the remedy" sought by a party determines whether or not there is a right to trial in federal court, and the right to a jury attaches only to claims for legal and not equitable relief. ECF No. 344 at 4. Washington's MWA claim seeks to "[e]njoin Defendant from paying detainees less than the minimum wage for work performed at NWDC." Compl. ¶ 7.4, ECF No. 1-1. GEO concedes this is "equitable . . . relief." ECF No. 344 at 7. As such, GEO has no right to trial on Washington's first cause of action.

That Washington also seeks declaratory relief under the MWA does not undercut the equitable nature of the claim or automatically trigger a right to a jury trial; it takes on the equitable characteristic of the injunctive claim to which it relates. *See* ECF. No. 242 at 8-10 (citing, e.g. *Pac. Indem. Co. v. McDonald*, 107 F.2d 446, 448 (9th Cir. 1939); *see also Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1190 (3d Cir. 1979) ("[T]he availability of the declaratory judgment remedy . . . does not make plaintiff's claim a 'legal one'"). GEO cites *Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 942 (9th Cir. 2009), for the proposition that a declaratory relief claim triggers "**an absolute right**

**to a jury trial** unless a jury has been waived." ECF No. 344 at 4 (emphasis in original). But GEO's added emphasis is misleading. In *Kam-Ko*, the Ninth Circuit specifically emphasized the *other* phrase, "**unless a jury has been waived,**" because the parties' waiver of their rights to a jury trial was at issue and dispositive in that case. 560 F.3d at 942-43. *Kam Ko* also specifically cites to *Pacific Indemnity Co.*, 107 F.2d at 448, and nowhere disturbs its bedrock principle that declaratory relief can be legal or equitable depending upon the setting in which the issues are framed. Although GEO may dislike the nature of the State's claim, and its prayer for declaratory and injunctive relief, it cannot contort the State's clear pleading to create a right to a jury trial.

GEO also argues that relief under the MWA must be legal, because equitable relief is not available under the Act. ECF No. 344 at 5-6. GEO's argument fundamentally misunderstands Washington's law of remedies, which applies to the MWA claim. 28 U.S.C. § 1652. In Washington, injunctive relief is always available at the discretion of the trial court to remedy statutory violations. Wash. Rev. Code § 7.40.010. Injunctive relief is available anytime "the defendant is doing . . . some act . . . in violation of the plaintiff's rights" which results in "actual and substantial injury." Wash. Rev. Code § 7.40.020; *Wash. Fed'n of State Emps., Council 28, AFL-CIO v. Washington*, 665 P.2d 1337, 1343 (Wash. 1983) (citing cases).

Full injunctive relief is available even where, as here, the underlying statute does not specifically name "injunction" as an available remedy. Wash. Rev. Code § 7.40.020; *see also Wash. State Bar Ass'n v. Wash. Ass'n of Realtors*, 251 P.2d 619, 699 (Wash. 1952) (regulatory agency's "prayer" that defendant "be restrained from [violating a statute] in the future . . . does not require legislative sanction"); *Roon v. King County*, 166 P.2d 165, 168 (Wash. 1946) (specified statutory remedies may result in "lessened occasion" for injunctive relief, while still "retaining to the full all of the equitable powers inherent [in courts]"). In fact, legislative attempts to restrict the courts' inherent injunctive power have been held unconstitutional under Washington law, so, it should come as no surprise that the MWA assumes the availability of an injunctive remedy. *See, e.g., Blanchard v. Golden Age Brewing Co.*, 63 P.2d 397, 412 (Wash.

STATE'S REPLY IN SUPPORT OF
MOTION TO STRIKE GEO'S JURY
DEMAND

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

1936). Washington's request that the Court enjoin GEO's continuing violation of the MWA is unquestionably cognizable in this Court under Washington law. GEO is not entitled to a jury on Washington's MWA claim.

**B.      Washington's Unjust Enrichment Claim Seeks Disgorgement, Not Damages, and There Is No Right to a Jury Trial for That Equitable Claim Either**

Washington's second cause of action for unjust enrichment and related prayer for disgorgement are also brought in equity, and no right to trial attaches. *See* ECF No. 342 at 10-12; Compl. ¶¶ 4.9, 6.1-6.6, 7.5-7.6, ECF No. 1-1. GEO fails to address Washington's authorities that affirm this conclusion. *See* ECF No. 342 at 10. GEO attempts to avoid the dispositive effect of the equitable *nature* of the claim by improperly conflating Washington's two independent claims, as if they were one, and mischaracterizing Washington's unjust enrichment *remedy* as if it were a statutory MWA claim for "back wages" or "compensatory damages," when it is not. ECF No. 344 at 3.

First, GEO asserts that Washington's unjust enrichment claim is dependent upon the outcome of the MWA claim, such that if "detainees are not entitled to minimum wage, both of the States claims necessarily fail." *Id.* Not so. Washington's common law cause of action for unjust enrichment is a well-established, stand-alone claim, independent of any state statute or contract. The elements of unjust enrichment claim are distinct and do not overlap in any way with Washington's MWA. *See* ECF No. 308 at 23-27. Washington's equitable unjust enrichment claim could survive even if the MWA claim were dismissed. *See Menocal v. GEO Grp., Inc*., 112 F. Supp. 1125, 1133 (D. Colo. 2015). *See also Menocal v. GEO Grp., Inc.*, 882 F.3d 905, 923 (10th Cir. 2018) (approving "unjust enrichment" class action of detainee workers against GEO based on "an equitable theory of recovery that exists independent of any contract" and separate from statutory minimum wage act claims previously dismissed by District Court interpreting Colorado law) (citations omitted).

GEO also mischaracterizes the remedy sought by Washington as "back wages" and

STATE'S REPLY IN SUPPORT OF
MOTION TO STRIKE GEO'S JURY
DEMAND

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

"compensatory damages" in an effort to argue it is legal in nature. *See, e.g.,* ECF No. 344 at 5-7. What Washington actually seeks is the equitable remedy of full disgorgement of the unjust enrichment, the benefits or profits GEO retains from its $1 a day labor practice. *See* Compl. ¶¶ 7.5-7.6, ECF No. 1-1. *See also*, *Young v. Young*, 191 P.3d 1258, 1263-64 (Wash. 2008) (contrasting legal "*quantum meruit*" founded in the law of contracts, and recognizing equitable remedy of disgorgement of all of the benefits of unjust enrichment, not just the reasonable value of services). GEO's reliance on *Great-West Life & Annuity Insurance Co. v. Knudson*, does not dictate a different legal result. *Cf.* ECF No. 344 at 5. In *Great-West*, the Supreme Court reaffirmed that monetary restitution can be an equitable remedy depending on the basis for the plaintiff's claim and the nature of the relief sought, but not where the claim is based upon personal liability arising from a contractual entitlement or damages arising from violation of statutory duties. 534 U.S. 204, 212-14 (2002) (ERISA case). Here, disgorgement is based on the equitable claim of unjust enrichment.

Nor does Washington's expert report turn the relief it seeks into "back wages" for detainees, "damages . . . nearly identical to those sought by the Nwauzor plaintiffs." ECF No. 344 at 3. Rather it calculates disgorgement by measuring: 1) the "fair wage" for work performed by detainees at the NWDC (measured by two recognized labor standards, the Prevailing Wage and the Washington Minimum Wage); and, 2) "unjust enrichment" (the amount by which GEO has benefited or profited from its $1 per day labor practice from 2005 to the present). *See* ECF No. 268-5 (Expert Report and Supplemental Expert Report of Peter Nickerson).

The disgorgement remedy is an important part of Washington's public policy enforcement action important for its deterrent effect against future violations of Washington law and exploitation of Washington workers. In its opening brief, Washington referenced many cases involving other law enforcement actions, and a variety of statutory frameworks, to affirm the importance of combining claims for future-looking injunctive relief with claims for disgorgement of profits from unfair practices in the past. ECF No. 342 at 7-12. That

STATE'S REPLY IN SUPPORT OF
MOTION TO STRIKE GEO'S JURY
DEMAND

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

Washington's unjust enrichment claim is brought under the common law, and not a specific statutory provision, in no way transforms the deterrent effect or equitable nature of the remedy. *Cf.* ECF No. 344 at 7-9.

**C.     GEO's Affirmative Defenses Do Not Create a Jury Trial Right**

Nor do GEO's remaining defenses of derivative sovereign immunity and intergovernmental immunity trigger a jury right. Unlike the merits of the underlying MWA claim, where a jury would have been appropriate if Washington had sought damages (which it did not), no jury right attaches to the threshold issue of immunity. *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) ("[W]here a factual issue arises in connection with a jurisdictional or related type of [issue], the general view is that there is no right of jury trial as to that issue[.]") (quoting Moore's Federal Practice § 56.03 at 56-61 (2d ed. 1987)); *Cockcroft v. Kirkland*, 548 F. Supp. 2d 767, 772 (C.D. Cal. 2008) ("there is no right to a jury trial as to [jurisdictional] portion of the case, unlike the merits of the case (where there is a right to a jury trial)").

**D.     Whether the *Nwauzor* Plaintiffs' Claims Are Legal Does Not Create a Jury Trial Right Over Washington's Equitable Claims**

Nor can GEO use the consolidation of Washington's case with the *Nwauzor* case for a trial on liability to convert the nature of Washington's equitable claims into claims triable to a jury. GEO argues that where legal and equitable claims are joined in "the same action," and there are common issues of fact as to both, the common factual issues must be decided by a jury. ECF No. 344 at 11-12. Here, however, Washington's claims and GEO's affirmative defenses both fail to give rise to a jury trial right. Each of the cases upon which GEO relies only considered which issues should be decided by a jury, and which by the Court, where *the same case* involved both legal and equitable issues as between the parties to that case. *See Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165 (9th Cir. 1989) (single case); *Ross v. Bernhard*, 396 U.S. 531 (1970) (same); *McLaughlin v. Owens Plastering Co.*, 841 F.2d 299 (9th Cir. 1988) (same); *Myers*

STATE'S REPLY IN SUPPORT OF
MOTION TO STRIKE GEO'S JURY
DEMAND

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

1     *v. U.S. Dist. Court for Dist. of Mont.*, 620 F.2d 741 (9th Cir. 1980) (same); *Hunting World, Inc.*

2     *v. Reboans, Inc.*, No. C 92-1519(BAC) FSL, 1994 WL 806022 (N.D. Cal. Oct. 26, 1994) (same);

3     *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497 (C.D. Cal. 1981)

4     (same). None of these authorities stand for the proposition that consolidating two cases involving

5     non-identical parties allows or requires a jury presiding over one case alone to rule on equitable

6     claims and defenses properly triable to the Court in the other. The Court may sit as trier of fact

7     over Washington's case without violating any right GEO may have to a jury in *Nwauzor*.

8     **E.**     **The Court May Sit as Trier of Fact Over Washington's Claims, Even if the Nwauzor Case Is Simultaneously Tried to a Jury, and Washington Does Not Seek Bifurcation or an Advisory Jury**

9

10     Washington does not consent to a jury trial of either of its equitable claims and, as the

11     Court has acknowledged, the consolidated liability trial may proceed "with some issues tried to

12     a jury and other issues tried to the court." ECF No. 49. Proceeding in this fashion, with a single

13     trial on liability at which the Court sits as trier of fact over Washington's claims, even if a jury

14     presides over the *Nwauzor* claims, makes sense. It would avoid the very issues about which GEO

15     expresses concern—"multipl[e] proceedings," "inconsistent verdicts," or res judicata effects.

16     ECF No. 344 at 12. While those concerns might be presented by bifurcation, Washington does

17     not request two trials on liability, as GEO erroneously contends. *Id*.

18     Neither does the State request an advisory jury. However, to the extent the Court

19     determines it will use any jury empaneled in the *Nwauzor* case in an advisory capacity

20     concerning Washington's claims, that option is only available, if at all, regarding the MWA

21     claim alone; the Court could not seek advice from a *Nwauzor* jury on Washington's equitable

22     unjust enrichment claim, for which there is no parallel claim in *Nwauzor* over which to empanel

23     a jury. GEO does not dispute this. Nor would the Court's decision to employ an advisory jury in

24     the single liability trial Washington requests contribute in any way to GEO's concern of

25     inconsistent verdicts. Rather, in either case, the Court will be in the same position to

26     appropriately manage the proceedings.

STATE'S REPLY IN SUPPORT OF     6     ATTORNEY GENERAL OF WASHINGTON
MOTION TO STRIKE GEO'S JURY     Civil Rights Division
DEMAND     800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

Dated this 20th day of December 2019.

Respectfully submitted,

ROBERT FERGUSON
Attorney General of Washington

s/ *Andrea Brenneke*
MARSHA CHIEN, WSBA No. 47020
ANDREA BRENNEKE, WSBA No. 22027
LANE POLOZOLA, WSBA No. 50138
PATRICIO A. MARQUEZ, WSBA No. 47693
Assistant Attorneys General
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
marsha.chien@atg.wa.gov
andrea.brenneke@atg.wa.gov
lane.polozola@atg.wa.gov
patricio.marquez@atg.wa.gov

STATE'S REPLY IN SUPPORT OF
MOTION TO STRIKE GEO'S JURY
DEMAND

7

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed with the United States District Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated this 20th day of December 2019 in Seattle, Washington.

Caitilin Hall
Legal Assistant

STATE'S REPLY IN SUPPORT OF
MOTION TO STRIKE GEO'S JURY
DEMAND

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492