1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UGOCHUKWU GOODLUCK
NWAUZOR, et al.,

             Plaintiffs,

    v.

THE GEO GROUP, INC.,

             Defendant.

STATE OF WASHINGTON,

             Plaintiff,

    v.

THE GEO GROUP, INC.,

             Defendant.

CASE NO. C17-5769 RJB

CASE NO. C17-5806RJB

ORDER ON STATE'S MOTION TO
STRIKE GEO'S JURY DEMAND
AND PROCEDURAL ORDER

THIS MATTER comes before the Court on State of Washington's Motion to Strike

Defendant The GEO Group, Inc.'s ("GEO") Jury Demand.  Dkt. 342.  The Court has considered

the motion, documents in support of and in opposition to the motion, oral argument heard on 10

January 2020, and the remaining file.

This case arises around GEO's alleged failure to adequately pay immigration detainees participating in the Voluntary Work Program ("VWP") at its facility, the Northwest Detention Center.  Dkt. 1-1.

The State makes two claims against GEO for:  (1) violation of Washington's Minimum Wage Act ("MWA"), RCW 49.46, *et. seq*. and (2) unjust enrichment.  As relief for the MWA violations, the State seeks declaratory relief that GEO violated the MWA and injunctive relief that GEO be enjoined from compensating detainees below the minimum wage.  Dkt. 1-1.  For the unjust enrichment claim, the State seeks relief in the form of disgorgement of profits.  Dkt. 1-1.  In its defense, GEO asserts that it is protected by intergovernmental immunity, derivative sovereign immunity, and asserts other defenses to the MWA claim.

Washington now moves to strike GEO's jury demand, arguing that GEO has no right to a jury trial on Washington's equitable claims.  Dkt. 342.  GEO opposes the motion.  Dkt. 344.

## DISCUSSION

"The Seventh Amendment preserves the right to trial by jury of all legal claims, whereas no right to a jury exists for equitable claims. *Danjaq LLC v. Sony Corp*., 263 F.3d 942, 962 (9th Cir. 2001).  "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990).

To determine whether a case will resolve legal rights, courts (1) "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity;" and (2) "examine the remedy sought and determine whether it is legal or equitable in nature." *Chauffeurs,* at 565.  The second inquiry is the most important.  *Id.*

The Declaratory Judgment Act "preserves the right to jury trial for both parties." *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 504 (1959). "Declaratory relief claims may be equitable or legal." *Pacific Indem. Co. v. McDonald,* 107 F.2d 446, 448 (9th Cir. 1939). "A particular declaratory judgment draws its equitable or legal substance from the nature of the underlying controversy." *Bayer v. Neiman Marcus Grp., Inc*., 861 F.3d 853, 867 (9th Cir. 2017). Each inquiry will be considered by claim.

### 1.  STATE'S CLAIM FOR VIOLATION OF THE MWA

As to the first *Chauffeurs'* inquiry, the parties do not meaningfully discuss how the MWA claim compares to 18th-century actions brought in the courts of England.

Considering the second inquiry, at least some of the State's MWA claim's requested remedies are legal in nature (see below). As relief for violation of the MWA, the State seeks both declaratory relief in the nature of findings of fact, and injunctive relief.

### 2.  STATE'S CLAIM FOR UNJUST ENRICHMENT

The parties do not dispute that a claim for unjust enrichment would have been brought in a court of equity in the courts of England. The first inquiry under *Chauffeurs'* is met.

As to the second *Chauffeurs'* inquiry, the nature of the relief requested, here – disgorgement – is also equitable in nature.

The U.S. Supreme Court has "characterized damages as equitable where they are restitutionary, such as in actions for disgorgement of improper profits." *Chauffeurs*, at 570–71. Damages are equitable when they are for "money [alleged to be] wrongfully withheld," *See Id*. The State here is claiming as damages the improper profits which it asserts that GEO "wrongfully withheld." The unjust enrichment claim is an equitable claim. The State's motion to strike GEO's jury demand on the unjust enrichment claim should be granted.

### 3.  TRIAL OF LEGAL AND EQUITABLE CLAIMS

The Supreme Court has held that "where equitable and legal claims are joined in the same action, there is a right to jury trial on the legal claims which must not be infringed either by trying the legal issues as incidental to the equitable ones or *by a court trial of a common issue existing between the claims.*"  *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 170 (9th Cir. 1989)(*quoting Ross v. Bernhard,* 396 U.S. 531, 537–38 (1970)).  "[W]here there are issues common to both the equitable and legal claims, the legal claims involved in the action must be determined prior to any final court determination of the equitable claims."  *Id.* (*citing Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 479 (1962).  The timing is important because "[o]therwise, prior non-jury trial of the equitable claims may infringe the right to jury trial on the legal claims because of the collateral estoppel or *res judicata* effect of a prior judicial determination of issues common to the two sets of claims."  *Id.*

This motion to strike GEO's jury demand must also be considered in light of what has gone on in this case, *State v The GEO Group, Inc.*, Western District of Washington Case number 17-5806RJB, and its companion case, *Nwauzor, v. The GEO Group, Inc.,* Western District of Washington Case number 17-5769RJB ("Class Action").  These cases were consolidated for "liability issues" by oral order (Dkt. 217) and by Supplement to Oral Ruling (Dkt. 218).  That order did not anticipate this motion, and is, accordingly, partly unworkable.  This order will fix that error and, hopefully, clarify procedure.

The common "liability issues" that should be tried together before a jury are limited to MWA issues:

- In the Class Action, the Plaintiffs requested: (1) "Plaintiff and the proposed class members are 'employees' under [the MWA]," (2) "[GEO] is an 'employer' within

the meaning of [the MWA]," and (3) "[GEO's] practice of paying subminimum wages to Plaintiff and the proposed class violates [the MWA]." *Nwauzor,* Dkt. 1, at 4-5.

- In the State case, the State requests the Court (1) "Declare that detainees who work at the NWDC are 'employees' as defined by [the MWA]," (2) "Declare that [GEO] is an 'employer' of detainee workers at NWDC as defined by [the MWA]," and (3) "Declare that [GEO and [sic] must comply with [the MWA] for work performed by detainees at NWDC." Dkt. 1.

Although couched in different terms, those claims are essentially the same and are legal, fact determinative claims that should be tried together, to a jury, along with any defenses and affirmative defenses that the Defendant may have to these claims.

The Plaintiffs' claims diverge in the event of a MWA verdict for Plaintiffs. The Class Action Plaintiffs seek to recover damages of wages denied under the MWA. *See Nwauzor,* Dkt. 1. The State has no such claim, but seeks injunctive relief, findings of unjust enrichment, and ordering disgorgement. Dkt. 1-1, at 7. In other words, the Class Action Plaintiffs seek recompense for lost wages, while the State's requested relief is focused on the Defendant, not the class members.

Just what interest the State may have in the Class Action's request for damages is not clear – but it may be evidence relevant to the State's request for disgorgement. Whether the State would want to participate in a Class Action damage trial, if any, remains to be determined.

The Class has no interest in the State's claim for unjust enrichment. That is essentially an equitable claim, and no jury trial right attaches to it, and although it is, in part, a "liability claim," it should not be consolidated for trial with the MWA claim, and to that extent, the rulings

consolidating liability issues should now be modified to limit the consolidation to the MWA liability claims.

In light of, and considering, the foregoing, the Court anticipates trial procedure as follows:

First, a consolidated jury trial on MWA liability issues only;

Second, if the Plaintiffs prevail on the MWA claim, a trial, with the same jury, on the Class Plaintiffs' damages claim;

Third, a non-jury trial on the State's equitable claim for unjust enrichment and disgorgement.

If the Defendant prevails on the MWA liability issues, the jury will be excused, and the Court will conduct non-jury proceedings on the remaining equitable issues.

**IT IS SO ORDERED** and the State of Washington's Motion to Strike GEO's Jury Demand (Dkt. 342 in case 17-5806, *State v The GEO Group, Inc.*) is GRANTED IN PART AND DENIED IN PART as stated herein.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 21st day of January, 2020.

ROBERT J. BRYAN
United States District Judge

- 6