# EXHIBIT C

WASHINGTON LAWS, 1975 1st Ex. Sess.    Ch. 289

proviso in effect allows the Senate to reject an appointment to the commission by inaction. I believe this is bad policy and cannot accept such a procedure. A governor goes on record in making an appointment; if the law requires confirmation by the Senate, that body should go on record as confirming or rejecting the appointment. To allow rejection by inaction would be to deprive the governor, the appointee, and the public the right to know who opposed the appointment and the reasons for such opposition.

I am aware that the commission created by this act would be superseded by the new commission on public employment relations designated by Substitute Senate Bill No. 2408, which is also before me for approval. The same proviso appears in that bill, and for the reasons stated herein and for other reasons too, I intend to veto the pertinent portions of that act.

Recognizing that the substantive portions of this bill are unworkable without the existence of the commission created in section 4, and considering that the effective date of those elements of the bill is January 1, 1976, I would urge the Legislature to redraft this section at the next opportune moment.

With the exception of section 4 which I have vetoed, the remainder of the bill is approved."

---

## CHAPTER 289

[Substitute House Bill No. 32]
WAGES AND HOURS——
MINIMUM WAGE——OVERTIME

AN ACT Relating to minimum wages; amending section 1, chapter 294, Laws of 1959 as last amended by section 1, chapter 107, Laws of 1974 ex. sess. and RCW 49.46.010; amending section 2, chapter 294, Laws of 1959 as last amended by section 1, chapter 9, Laws of 1973 2nd ex. sess. and RCW 49.46.020; adding a new section to chapter 49.46 RCW; declaring an emergency and providing an effective date.

Be it enacted by the Legislature of the State of Washington:

Section 1. Section 1, chapter 294, Laws of 1959 as last amended by section 1, chapter 107, Laws of 1974 ex. sess. and RCW 49.46.010 are each amended to read as follows:

As used in this chapter:

(1) "Director" means the director of labor and industries;

(2) "Wage" means compensation due to an employee by reason of his employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by regulations of the director under *RCW 49.46.050;

(3) "Employ" includes to suffer or to permit to work;

(4) "Employer" includes any individual, partnership, association, corporation, business trust, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee;

(5) "Employee" includes any individual employed by an employer but shall not include:

(a) Any individual employed (i) on a farm, in the employ of any person, in connection with the cultivation of the soil, or in connection with raising or harvesting any agricultural or horticultural commodity, including raising, shearing, feeding, caring for, training, and management of livestock, bees, poultry, and fur-bearing animals and wildlife, or in the employ of the owner or tenant or other

operator of a farm in connection with the operation, management, conservation, improvement, or maintenance of such farm and its tools and equipment; or (ii) in packing, packaging, grading, storing or delivering to storage, or to market or to a carrier for transportation to market, any agricultural or horticultural commodity; and the exclusions from the term "employee" provided in this item shall not be deemed applicable with respect to commercial canning, commercial freezing, or any other commercial processing, or with respect to services performed in connection with the cultivation, raising, harvesting, and processing of oysters or in connection with any agricultural or horticultural commodity after its delivery to a terminal market for distribution for consumption;

(b) Any individual employed in domestic service in or about a private home;

(c) Any individual employed in a bona fide executive, administrative, or professional capacity or in the capacity of outside salesman (as such terms are defined and delimited by regulations of the director: PROVIDED HOWEVER, That such terms shall be defined and delimited by the state personnel board pursuant to chapter 41.06 RCW and the higher education personnel board pursuant to chapter 28B.16 RCW for employees employed under their respective jurisdictions);

(d) ((Any individual employed by the United States;

(e))) Any individual engaged in the activities of an educational, charitable, religious, governmental agency or nonprofit organization where the employer-employee relationship does not in fact exist or where the services are rendered to such organizations gratuitously;

(((f)))(e) Any newspaper vendor or carrier;

(((g)))(f) Any carrier subject to regulation by Part 1 of the Interstate Commerce Act;

(((h)))(g) Any individual engaged in forest protection and fire prevention activities;

(((i) Any individual employed by the state, any county, city, or town, municipal corporation or quasi-municipal corporation, political subdivision, or any instrumentality thereof;

(j))) (h) Any individual employed by any charitable institution charged with child care responsibilities engaged primarily in the development of character or citizenship or promoting health or physical fitness or providing or sponsoring recreational opportunities or facilities for young people or members of the armed forces of the United States;

(((k)))(i) Any individual whose duties require that he reside or sleep at the place of his employment or who otherwise spends a substantial portion of his work time subject to call, and not engaged in the performance of active duties;

(j) Any resident, inmate, or patient of a state, county, or municipal correctional, detention, treatment or rehabilitative institution.

(k) Any individual who holds a public elective or appointive office of the state, any county, city, town, municipal corporation or quasi municipal corporation, political subdivision, or any instrumentality thereof, or any employee of the state legislature.

(l) All vessel operating crews of the Washington state ferries operated by the state highway commission.

Case 3:17-cv-05806-RJB   Document 366-3   Filed 03/23/20   Page 4 of 6

WASHINGTON LAWS, 1975 1st Ex. Sess.                    Ch. 289

(m) Any individual employed as a seaman on a vessel other than an American vessel.

(6) "Occupation" means any occupation, service, trade, business, industry, or branch or group of industries or employment or class of employment in which employees are gainfully employed.

Sec. 2. Section 2, chapter 294, Laws of 1959 as last amended by section 1, chapter 9, Laws of 1973 2nd ex. sess. and RCW 49.46.020 are each amended to read as follows:

(1) Every employer shall pay to each of his employees who have reached the age of eighteen years wages at a rate of not less than one dollar and sixty cents per hour except as may be otherwise provided under subsections (2) through (7) of this section or as otherwise provided under this chapter: PROVIDED, That beginning the calendar year 1974, the applicable rate under this section shall be one dollar and eighty cents per hour, and beginning ((the calendar year 1975)) with the effective date of this act the applicable rate under this section shall be two dollars and ten cents an hour, and beginning the calendar year 1976 the applicable rate under this section shall be two dollars and thirty cents an hour.

(2) Any individual eighteen years of age or older, unless exempt under the provisions of section 1(5)(k)(8) of this 1975 amendatory act, employed by the state, any county, city, town, municipal corporation or quasi municipal corporation, political subdivision, or any instrumentality thereof shall be paid wages beginning with the effective date of this act, at a rate of not less than two dollars an hour, and beginning the calendar year 1976 at a rate of not less than two dollars and twenty cents an hour, and beginning the calendar year 1977 at a rate of not less than two dollars and thirty cents an hour.

(3) Any individual eighteen years of age or older engaged in performing services in a nursing home licensed pursuant to chapter 18.51 RCW, shall be paid wages beginning with the effective date of this act, at a rate of not less than two dollars and ten cents an hour, and beginning the calendar year 1976, at a rate of not less than two dollars and twenty cents an hour, and beginning the calendar year 1977, at a rate of not less than two dollars and thirty cents an hour.

(4) Any individual eighteen years of age or older engaged in performing services in a hospital licensed pursuant to chapter 70.41 RCW, or chapter 71.12 RCW, shall be paid wages beginning with the effective date of this act, at a rate of not less than two dollars and ten cents an hour, and beginning the calendar year 1976, at a rate of not less than two dollars and twenty cents an hour, and beginning the calendar year 1977 at a rate of not less than two dollars and thirty cents an hour.

(5) Any individual eighteen years of age or older employed in a retail or service establishment and who is so employed primarily in connection with the preparation or offering of food or beverages for human consumption, either on the premises, or by such services as catering, banquet, box lunch, or curb or counter service, to the public, to employees, or to members or guests of members of clubs shall be paid wages beginning with the effective date of this act, at a rate of not less than two dollars an hour, and beginning the calendar year 1976, at a rate of not less than two dollars and twenty cents an hour, and beginning the calendar year 1977, at a rate of not less than two dollars and thirty cents an hour.

NEW SECTION. Sec. 3. There is added to chapter 49.46 RCW a new section to read as follows:

(1) No employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed, except that the provisions of this subsection (1) shall not apply to any person exempted pursuant to RCW 49.46.010(5) as now or hereafter amended and the provision of this subsection shall not apply to employees who request compensating time off in lieu of overtime pay nor to any individual employed as a seaman whether or not the seaman is employed on a vessel other than an American vessel.

(2) No public agency shall be deemed to have violated subsection (1) of this section with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in correctional institutions) if: (a) In a work period of twenty-eight consecutive days the employee receives for tours of duty which in the aggregate exceed two hundred and forty hours; or (b) in the case of such an employee to whom a work period of at least seven but less than twenty-eight days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as two hundred forty hours bears to twenty-eight days; compensation at a rate not less than one and one-half times the regular rate at which he is employed: PROVIDED, That this section shall not apply to any individual employed (i) on a farm, in the employ of any person, in connection with the cultivation of the soil, or in connection with raising or harvesting any agricultural or horticultural commodity, including raising, shearing, feeding, caring for, training, and management of livestock, bees, poultry, and furbearing animals and wildlife, or in the employ of the owner or tenant or other operator of a farm in connection with the operation, management, conservation, improvement, or maintenance of such farm and its tools and equipment; or (ii) in packing, packaging, grading, storing or delivering to storage, or to market or to a carrier for transportation to market, any agricultural or horticultural commodity; or (iii) commercial canning, commercial freezing, or any other commercial processing, or with respect to services performed in connection with the cultivation, raising, harvesting, and processing of oysters or in connection with any agricultural or horticultural commodity after its delivery to a terminal market for distribution for consumption: PROVIDED FURTHER, That in any industry in which federal law provides for an overtime payment based on a work week other than forty hours then provisions of this section shall not apply; however the provisions of the federal law regarding overtime payment based on a work week other than forty hours shall nevertheless apply to employees covered by this section without regard to the existence of actual federal jurisdiction over the industrial activity of the particular employer within this state: PROVIDED FURTHER, That "industry" as that term is used in this section shall mean a trade, business, industry, or other activity, or branch, or group thereof, in which individuals are gainfully employed (Section 3(h) of the Fair Labor Standards Act of 1938, as amended (Public Law 93-259).

Case 3:17-cv-05806-RJB   Document 366-3   Filed 03/23/20   Page 6 of 6

WASHINGTON LAWS, 1975 1st Ex. Sess.                    Ch. 290

NEW SECTION. Sec. 4. The director of the department of labor and industries and the commissioner of employment security shall each notify employers of the requirements of this act through their regular quarterly notices to employers.

NEW SECTION. Sec. 5. This 1975 amendatory act is necessary for the immediate preservation of the public peace, health, and safety, the support of the state government and its existing public institutions, and shall take effect September 1, 1975.

Passed the House June 6, 1975.
Passed the Senate June 5, 1975.
Approved by the Governor July 2, 1975.
Filed in Office of Secretary of State July 2, 1975.

---

CHAPTER 290
[Substitute House Bill No. 40]
THE WASHINGTON HEALTH
MAINTENANCE ORGANIZATION ACT OF 1975

AN ACT Relating to licensing of health maintenance organizations; creating a new chapter in Title 48 RCW; adding a new section to chapter 41.04 RCW; and prescribing penalties.

Be it enacted by the Legislature of the State of Washington:

NEW SECTION. Section 1. There is added to Title 48 RCW a new chapter to read as set forth in sections 2 through 19, 21 through 25 of this 1975 amendatory act.

NEW SECTION. Sec. 2. In affirmation of the declared principle that health care is a right of every citizen of the state, the legislature expresses its concern that the present high costs of health care in Washington may be preventing or inhibiting a large segment of the people from obtaining access to quality health care services.

The legislature declares that the establishment of qualified prepaid group and individual practice health care delivery systems should be encouraged in order to provide all citizens of the state with the freedom of choice between competitive, alternative health care delivery systems necessary to realize their right to health. It is the purpose and policy of this chapter to provide for the development and registration of prepaid group and individual practice health care plans as health maintenance organizations, which the legislature declares to be in the interest of the health, safety and welfare of the people.

NEW SECTION. Sec. 3. As used in this chapter, the terms defined in this section shall have the meanings indicated unless the context indicates otherwise.

(1) "Health maintenance organization" means any organization receiving a certificate of authority by the commissioner under this chapter which provides comprehensive health care services to enrolled participants of such organization on a group practice per capita prepayment basis or on a prepaid individual practice plan, either directly or through contractual or other arrangements with other institutions, entities, or persons, and which qualifies as a health maintenance organization pursuant to sections 4 and 5 of this 1975 amendatory act.