# EXHIBIT F

```
                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
                            AT TACOMA
_____

STATE OF WASHINGTON,          )
                              )
          Plaintiff,          )
                              )
     vs.                      )      NO. 3:17-CV-05806-RJB
                              )
THE GEO GROUP, Inc.,          )
                              )
          Defendant.          )
_____

  VIDEOTAPED DEPOSITION UPON ORAL EXAMINATION OF JOSHUA GRICE
_____

APPEARANCES:

     FOR THE PLAINTIFF:        MR. JAMES S. MILLS
                               MR. LANE POLOZOLA
                               ASSISTANT ATTORNEYS GENERAL
                               800 Fifth Avenue, Ste. 2000
                               Olympia, WA  98104-3188

     FOR THE DEFENDANT:        MS. JOAN MELL
                               III Branches Law
                               1019 Regents Blvd., Suite 204
                               Fircrest, WA  98466

                               MS. ASHLEY E. CALHOUN
                               AKERMAN, LLP
                               1900 Sixteenth Stret
                               Suite 1700
                               Denver, CO  80202

     ALSO PRESENT:             MELODY SORENSEN, VIDEOGRAPHER




Thursday, September 5, 2019
Olympia, Washington
```

```
 1                UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF WASHINGTON
 2                        AT TACOMA
   _____
 3
   STATE OF WASHINGTON,          )
 4                               )
              Plaintiff,         )
 5                               )
        vs.                      )    NO. 3:17-CV-05806-RJB
 6                               )
   THE GEO GROUP, Inc.,          )
 7                               )
              Defendant.         )
 8 _____

 9  VIDEOTAPED DEPOSITION UPON ORAL EXAMINATION OF JOSHUA GRICE
   _____
10
   APPEARANCES:
11
        FOR THE PLAINTIFF:      MR. JAMES S. MILLS
12                              MR. LANE POLOZOLA
                                ASSISTANT ATTORNEYS GENERAL
13                              800 Fifth Avenue, Ste. 2000
                                Olympia, WA  98104-3188
14
        FOR THE DEFENDANT:      MS. JOAN MELL
15                              III Branches Law
                                1019 Regents Blvd., Suite 204
16                              Fircrest, WA  98466

17                              MS. ASHLEY E. CALHOUN
                                AKERMAN, LLP
18                              1900 Sixteenth Stret
                                Suite 1700
19                              Denver, CO  80202

20      ALSO PRESENT:           MELODY SORENSEN, VIDEOGRAPHER

21

22

23 Thursday, September 5, 2019
   Olympia, Washington
24

25
```

```
 1                        I N D E X

 2    EXAMINATION                                      PAGE/LINE

 3    MS. MELL                                           4    23

 4    MR. MILLS                                        235     5

 5

 6

 7

 8

 9

10                     E X H I B I T   I N D E X

11    EXHIBIT NO.         DESCRIPTION                  PAGE/LINE

12    NO. 284        Amended Notice of 30(b)(6)          14     5
                    Deposition of Dept. of L&I;
13                  10 pgs.

14    NO. 285        Copy of Chapter 49.12; 30 pgs.      16    19

15    NO. 286        E-mail chain dated 3/25/14; 2 pgs.  48    18

16    NO. 287        Administrative Policy ES.A.1;     127    25
                    6 pgs.
17
      NO. 288        30(b)(6) Deposition of Pamela I.  132    10
18                  Cant; 14 pgs.

19    NO. 289        L&I Employment Standards         211     3
                    Operations Manual; 82 pgs.
20
      NO. 290        E-mail chain dated 3/25/14; 2 pgs. 225   19
21
      NO. 291        E-mail chain dated 3/25/14; 1 pg.  228   22
22
      NO. 292        E-mail chain dated 3/25/14; 1 pg.  230    7
23
      NO. 293        E-mail chain dated 3/11/14; 2 pgs. 230   21
24

25
```

STATE OF WASHINGTON vs GEO GROUP
Joshua Grice, 09/05/2019

```
 1   EXHIBIT NO.         DESCRIPTION                          PAGE/LINE

 2   NO. 294        E-mail chain dated 3/11/14; 1 pg.         231    14

 3   NO. 295        Westlaw Synopsis and Analysis of          216    19
                    L&I v. Lanier Brugh case; 8 pgs.
 4
     NO. 296        Chapter 12 of L&I Employment              222    16
 5                  Standards Operations Manual;
                    10 pgs.
 6
     NO. 297        E-mail chain dated 3/11/14; 2 pgs.        212    21
 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1           BE IT REMEMBERED that on Thursday, September 5,
2      2019, at 9:39 a.m. at 7273 Linderson Way, Tumwater,
3      Washington, before DIXIE J. CATTELL, Certified Court
4      Reporter, appeared JOSHUA GRICE, the witness herein;
5               WHEREUPON, the following proceedings were had,
6      to wit:
7               THE VIDEOGRAPHER:  We are now on the record.
8      This is the video-recorded 30(b)(6) deposition of Josh
9      Grice.  Today's date is September 5, 2019, and the time is
10     now 9:39 a.m.  My name is Melody Sorensen.  I'm
11     subcontracted by Sound Vision Video Production, 4821 North
12     14th Street, Tacoma, Washington.  This deposition is being
13     held at 7273 Linderson Way Southwest, Tumwater, Washington.
14          The case is the State of Washington versus The GEO
15     Group, Inc.  Present for the plaintiff is James Mills and
16     Lane Polozola.  Present for the defendants and giving
17     notice to this deposition is Joan Mell and Ashley Calhoun.
18          The court reporter is Dixie Cattell, who will now
19     swear in the witness.
20  JOSHUA GRICE,                  having been first duly sworn,
21                             testified as follows:
22                              EXAMINATION
23  BY MS. MELL:
24  Q  State your name for the record.
25  **A  Joshua Grice.**

1  Q  Mr. Grice, what's your position?
2  A  I'm the Employment Standards Program Manager at the
3     Department of Labor and Industries.
4  Q  Employment Standards Program Manager?
5  A  Correct.
6  Q  Okay.  Tell me where that is in the hierarchy at Labor and
7     Industries.
8  A  The Employment Standards Program Manager reports to the
9     Assistant Director for Fraud Prevention and Labor
10    Standards.
11 Q  And who is that?
12 A  Christopher Bowe.
13 Q  Is that B-O-W-E?
14 A  B-O-W-E, yes.
15 Q  Okay.  And his title is what, Assistant Director of. . . ?
16 A  Assistant Director for Fraud Prevention and Labor
17    Standards.
18 Q  Fraud Prevention and Labor. . .
19        Is the Minimum Wage Act considered a labor standard?
20 A  Yes.
21 Q  Okay.  So who does the Assistant Director report to?
22 A  The Assistant Director for Fraud Prevention and Labor
23    Standards reports to the Deputy Director of Labor and
24    Industries, Elizabeth Smith.
25 Q  Who does the Deputy Director report to?

```
 1      at issue.
 2  Q   (By Ms. Mell)  You still get to answer.
 3             MR. MILLS:  You can answer.
 4  A   Would you repeat the question.
 5  Q   (By Ms. Mell)  Yeah.
 6             MS. MELL:  Can you read that one back?
 7             THE COURT REPORTER:  Question:  "But you do know
 8      that the Department only applied those laws to the GEO
 9      staff at the time and not to detainees?"
10  A   To my knowledge, the Department's enforcement would have
11      been primarily related to staff at the Northwest Detention
12      Center.
13  Q   (By Ms. Mell)  So is it fair to say that the Department
14      considered staff employees and detainees in a different
15      category and has consistently over time?
16             MR. MILLS:  Objection as to form.
17  A   I'm not aware that the Department drew affirmative
18      conclusions about the status of detainees.
19  Q   (By Ms. Mell)  Well, has it engaged in any conduct that
20      would suggest it has authority over detainees?
21  A   I'm not aware that the Department has drawn a conclusion
22      about its authority over detainees.
23  Q   So what would you call -- I don't understand your answer
24      relative to L&I inspectors being on-site and investigating
25      a complaint that may involve the activities of detainees as
```

1  A  Yes, it appears that Dave did provide some analysis in
2     response to the original inquiry.
3  Q  And Liz Smith is involved?
4  A  Liz did receive information about the inquiry, yes.
5  Q  But she was asked to respond to the question, correct?
6              MR. MILLS:  Objection.  Mischaracterizes the
7     document.  The document speaks for itself.
8         You can answer.
9  A  Which exchange are you referring to?
10 Q  (By Ms. Mell)  "Liz and Lynne, is this an issue that we
11    have jurisdiction over?"  From Tammy.
12 A  Yes.
13 Q  Okay.  So Lynne's asked to give Tammy the information --
14 A  Yes.
15 Q  -- do we have jurisdiction?
16 A  Yes, Tammy directed that request at Liz and Lynne.
17 Q  And then presumably Liz got Dave involved, or Lynne did,
18    right?
19 A  Yes.  At the time Lynne Buchanan was the Employment
20    Standards Program Manager, David Johnson was the wage and
21    hour technical specialist, who would have been relied upon
22    to provide technical guidance related to questions such as
23    these.
24 Q  And he says no jurisdiction?
25 A  That was his conclusion at the time, yes.

1  Q  I don't know if I already asked it.  Who's Lynne Buchanan?
2  A  At this time Lynne Buchanan was the Program Manager for
3     Employment Standards.
4  Q  So she would have been in Liz Smith's -- I'm thinking
5     aloud.  I'm sorry.
6        So who has that position now?
7  A  I currently hold that position.
8  Q  So in 2014 what was Dave's job then?
9  A  I believe at this time Dave was the wage and hour technical
10    specialist.
11 Q  So then he bumped -- well, do you know when he bumped up to
12    Lynne Buchanan's position, or what is now your position?
13 A  I'm not certain of the exact date, but it would have been
14    most likely after this date in this e-mail exchange.
15 Q  Okay.  And is Lynne still here?
16 A  Lynne still works for the Department but has a different
17    role.
18 Q  What's her job now?
19 A  She works for the office of Human Resources at L&I.
20 Q  Okay.  And it says:  "Hi, Holly, here's another e-mail.
21    Tisa has a lot of information on Lanier Brugh."  Do you
22    know why that is?
23 A  I do not know what specific information Lynne was
24    transmitting to Holly Scott.
25 Q  But based upon this e-mail, it's apparent that at the time

```
 1                    C E R T I F I C A T E

 2            I, DIXIE J. CATTELL, the undersigned Registered

 3   Professional Reporter and Washington Certified Court Reporter,

 4   do hereby certify:

 5            That the foregoing deposition of JOSHUA GRICE was

 6   taken before me and completed on the 5th day of September,

 7   2019, and thereafter transcribed by me by means of

 8   computer-aided transcription; that the deposition is a full,

 9   true and complete transcript of the testimony of said witness;

10            That the witness, before examination, was, by me,

11   duly sworn to testify the truth, the whole truth, and nothing

12   but the truth, and that the witness reserved signature;

13            That I am not a relative, employee, attorney or

14   counsel of any party to this action or relative or employee of

15   such attorney or counsel, and I am not financially interested

16   in the said action or the outcome thereof;

17            That I am herewith securely sealing the deposition of

18   JOSHUA GRICE and promptly serving the same upon MS. JOAN MELL.

19            IN WITNESS HEREOF, I have hereunto set my hand this

20   9TH day of SEPTEMBER, 2019.

21                         [signature: Dixie J. Cattell]

22            _____

23            Dixie J. Cattell, RPR, CCR
              NCRA Registered Professional Reporter
              Washington Certified Court Reporter CSR#2346

24

25
```