# EXHIBIT H

# Holland & Knight

111 S.W. Fifth Avenue, 2300 U.S. Bancorp Tower | Portland, OR 97204 | T 503.243.2300 | F 503.241.8014
Holland & Knight LLP | www.hklaw.com

Shannon Armstrong
+1 503-517-2924
Shannon.Armstrong@hklaw.com

April 15, 2019

*Via Email (Andrew@ImmigrantCivilRights.com)*

Andrew Free
Law Office of R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

   Re: *Menocal, et al. v. The GEO Group, Inc.*, Case No. 1:14-cv-02887-JLK-MEH (D. Colo.); *Nwauzor, et al. v. The GEO Group, Inc.*, Case No. 3:17-cv-05769-RJB (W.D. Wash.); *State of Washington v. The GEO Group, Inc.*, Case No. 3:17-cv-05806-RJB (W.D. Wash.); and *Novoa, et al. v. The GEO Group, Inc.*, Case No. 5:17-cv-02514-JGB-SHK (C.D. Cal.)

Dear Andrew:

As you know, we represent The GEO Group, Inc. ("GEO") in each of the four related cases challenging the Voluntary Work Program ("VWP") at GEO's facilities housing federal immigration detainees (*Menocal, et al. v. The GEO Group, Inc.*; *Nwauzor, et al. v. The GEO Group, Inc.*; *State of Washington v. The GEO Group, Inc.*; and *Novoa, et al. v. The GEO Group, Inc.*). I understand that you have a coordinating role in each of the private lawsuits and that you are also coordinating with the Washington Attorney General's office in the *State of Washington* action. I am writing in response to your April 9, 2019 email declining to coordinate depositions of GEO corporate personnel amongst the cases. I respectfully ask you to reconsider.

Under Rule 26, the permissible scope of discovery is guided by relevance and proportionality to avoid undue burden or expense. Indeed, the federal rules *require* a court to limit discovery that is unreasonably cumulative, or that can be obtained from a more convenient, less burdensome, or less expensive source. *See* Fed. R. Civ. P. 26(c). That is precisely what GEO seeks in these cases.

After taking over as counsel for GEO in these cases, we immediately contacted you to discuss ways the parties could coordinate discovery, including depositions of GEO's corporate witnesses. As you are aware, each of the cases involve many common factual and legal issues, such as GEO's relationship with the U.S. Immigration and Customs Enforcement ("ICE"), the requirements of the VWP as outlined by ICE, whether GEO can be deemed an employer of the

Anchorage | Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville
Lakeland | Los Angeles | Miami | New York | Orlando | Philadelphia | Portland | San Francisco | Stamford | Tallahassee | Tampa
Tysons | Washington, D.C. | West Palm Beach

Bogotá | London | Mexico City

April 15, 2019
Page 2

detainees, and whether the VWP violates minimum wage laws in the forum states. Plaintiff's discovery requests to date demonstrate that they share this view, as plaintiffs have requested documents and information regarding the policies and procedures for the VWP, GEO's contract and compensation with ICE, alleged disciplinary action if detainees decline to participate in the VWP, and other related issues. Indeed, Judge Bryan in the Western District of Washington has referred to the *State of Washington* and *Nwauzor* matters as companion cases, and permitted the plaintiffs in *Nwauzor* to share information with the State of Washington.

To the extent plaintiffs in the various cases may seek to depose the same witnesses, we request that those depositions be coordinated so that the witnesses only have to be deposed once. Allowing common witnesses to be questioned on the common and case-specific issues during one deposition provides the most efficient means to obtain discovery from those witnesses, serves judicial economy, and avoids the unnecessary burden and expense to all parties caused by those witnesses appearing for multiple depositions (even more so in light of the burden and expense of multiple trips to Florida for the same GEO corporate witnesses). And for the *Nwauzor* and *State of Washington* actions, coordination is appropriate for the facility-specific witnesses as well, since those cases challenge practices at the same facility. We again ask that plaintiffs reconsider our proposal to coordinate depositions of common witnesses so they only need to appear for deposition once.

To be clear, we remain flexible to discuss the length, logistics, and scheduling of depositions for common witnesses. For example, plaintiff unilaterally noticed the depositions of James Janecka, Dan Ragsdale, and David Venturella in the *Novoa* matter for May 3, May 21, and May 22. As Mr. Venturella and Mr. Ragsdale are GEO corporate, rather than facility-specific, employees, those depositions should be coordinated to the extent plaintiffs in the *Nwauzor*, *Menocal*, and *State of Washington* actions intend to depose those witnesses. We are happy to work with counsel to identify dates that are convenient for counsel and witnesses, as well as discuss a format that allows plaintiffs to obtain relevant discovery without unduly burdening the witnesses.

If plaintiffs maintain their refusal to reasonably coordinate depositions in these matters, GEO will cross-notice the depositions of any common witness and seek to enforce those cross-notices with the relevant courts. Please confirm by April 19 whether plaintiffs will agree to coordinate the depositions of common witnesses.

Sincerely,

HOLLAND & KNIGHT LLP

Shannon Armstrong

SA:kma

April 15, 2019
Page 3

cc: Lydia Wright, Korey A. Nelson, C. Jacob Gower, Robert Ahdoot, Tina Wolfson, Theodore Maya, Alex Straus, Nicole Ramos, Will Thompson, Warren Burns, Daniel Charest, Adam Berger, Jamal Whitehead, Devin Theriot-Orr, Lindsay Halm, Meena Menter, La Rond Baker, Andrea Brenneke, Marsha Chien, Adam Levin Koshkin, Alexander Hood, Andrew Turner, Ashley Boothby, Brandt Powers Milstein, Dana L. Eismeier, David Seligman, Hans Meyer, Juno E. Turner, Michael Ley, Ossai Miazad, P. David Lopez, Rachel Williams Dempsey.