UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                    Plaintiff,<br>   v.<br><br>THE GEO GROUP, INC.,<br><br>                    Defendant. | CASE NO. C17-5806RJB<br><br>GENERAL ORDER ON MOTIONS *IN LIMINE* |

     First, the Federal Rules of Evidence govern admissibility of evidence. The court will do its best to follow those rules in ruling on these motions and in conducting the trial. The parties should be aware that the court cannot accurately rule on all evidentiary issues in advance. Many rulings are based on the events of the trial, and many issues can best be resolved at trial rather than preliminarily.

     Second, the denial of a motion *in limine* does not mean that the subject evidence will be admissible. It simply means that the court cannot rule on the issue in advance.

     Third, the granting of a motion *in limine* that excludes evidence often requires a re-examination of the issue due to the events of the trial.

GENERAL ORDER ON MOTIONS IN LIMINE - 1

Fourth, many motions in limine to exclude evidence are based upon a lack of discovery. In ruling on such matters, the court needs to be made aware of whether discovery on the questioned evidence was required by Rule 26 (a)(1)(A) and (B) *et seq*, or by the exact language of the request for discovery. Parties are entitled to discovery only in accord with the Federal Rules of Civil Procedure, and they can't expect to know everything before trial. Parties can only expect to know those things that were specifically and properly required or requested in formal discovery.

Fifth, a motion *in limine* for exclusion only attacks an opponent's evidence, not that of the moving party.

IT IS SO ORDERED.

The Clerk is directed to send copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 10th day of April, 2020.

ROBERT J. BRYAN
United States District Judge