The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

STATE OF WASHINGTON,

                Plaintiff,

      v.

THE GEO GROUP, INC.,

                Defendant.

CIVIL ACTION NO. 3:17-cv-05806-RJB

STIPULATED JOINT MOTION TO
SEAL DOCUMENTS AND ORDER

## I.     INTRODUCTION

The Parties, by and through their respective counsel, and in compliance with Local Civil Rule (LCR) 5(g) and 10(g), submit this stipulated joint motion to permit Washington to file, under seal, documents that were designated by Defendant, The GEO Group, Inc. (GEO), as "confidential" under the terms of the Stipulated Protective Order, ECF No. 70. The documents at issue are deposition transcripts with highlights designating and counter-designating testimony submitted to the court pursuant to LCR 32.

The Stipulated Protective Order entered in this matter, ECF No. 70, requires Washington to file under seal material GEO or another party designates confidential if the confidentiality designation is not withdrawn. Washington advised GEO that it intended to designate parts of deposition transcripts deemed "confidential" by GEO and requested that GEO reconsider the confidential designations. GEO reviewed the material and confirmed that it should be designated "confidential" under the Stipulated Protective Order. As there are designations and

STIPULATED JOINT MOTION TO SEAL
DOCUMENTS AND ORDER

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

counter-designations of the transcript that was marked confidential, redactions to the transcript were not practicable. The Parties now file this stipulated motion to ensure compliance with the Stipulated Protective Order.

Filing these documents under seal complies with Washington's obligations under the Stipulated Protective Order, protects against disclosure of GEO's asserted confidential financial and proprietary information, and supports the Court's ability to make informed decisions about the parties' arguments.

## II.    AUTHORITY

This motion is brought in accordance with Federal Rule of Civil Procedure 26(c), LCR 26(c), LCR 5(g), LCR 10(g), and the terms of the Stipulated Protective Order, ECF No. 70.

Rule 26(c) provides for the entry of "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Pursuant to LCR 26(c), the Stipulated Protective Order protects specific categories of confidential, proprietary, or private information, but "does not presumptively entitle the parties to file confidential information under seal." LCR 26(c)(2); ECF No. 70 at 2, ¶ 1.

GEO designated the documents at issue as "Confidential" and purportedly falling within the following categories of "Confidential" documents covered by the Stipulated Protective Order:

3. Business financial information, including non-public tax information, contracts, expenditure reports, and internal records of payment or cost summaries that incorporate a) staffing information and compensation; b) security information; or c) proprietary and competitive client and vendor information;

4. Personal immigration information or status, including resident identification numbers, A files, and all immigration administrative records and non-public immigration records;
…
7. GEO safety and security-related policies and procedures and communications, including evacuation, fire safety, security system, staffing, physical plant, and emergency protocol information;

8. Internal GEO communications or reports regarding the administration of the Northwest Detention Center … including internal audits, and internal GEO

STIPULATED JOINT MOTION TO SEAL
DOCUMENTS AND ORDER

2

communications containing proprietary and competitive staffing information or client and vendor information;

9. Communications with Immigration and Customs Enforcement ("ICE") officials containing sensitive or proprietary information regarding the administration of the Northwest Detention Center or any other facility or center operated by the GEO Group, including staffing information or competitive client and vendor information;

…

11. Employee rosters and staffing plans.

12. Non-public depictions of GEO facilities, including but not limited to, facility diagrams or layouts, photos, audio, and CCTV video.

ECF No. 70 at 2.

GEO'S STATEMENT RE LCR 5(g)(3)(B)

| Deposition | Pages | Basis of confidentiality |
|---|---|---|
| Kimble 30(b)(6) | 110-192 | The deposition testimony cited contains confidential business information about GEO's operations, finances, and strategies that, if provided to its competitors, would cause harm. |
| Henderson | 5, 10, 33-38, 40, 45-46, 50, 57-58, 60-61, 63-64, 67-68, 71, 75-82, 86-87, 101-07, 110, 113-15, 121, 132, 143-44, 148-53, 156-57, 159-62, 164-65, 171, 174-75, 180-81, 183-86, 189-90, 196-98, 201-02, 207-22, 224, 227-29, Index | The deposition testimony cited contains confidential business information about GEO's operations that could cause harm if obtained by a competitor. The testimony also includes descriptions of diagrams and layouts of the facilitythat would all individuals to understand GEO's layout and schematics which could be harmful if obtained by individuals with ill will against GEO. GEO has previously had security threats and needs to guard the safety of its detianees and staff. |
| Singleton | 15, 21-22, 24-25, 32, 34, 46-48, 55-57, 106, 117, 120-24, 135-37, 144, 150-51, 162-63, 166, 172, 177-81, 191, 203-06, 209-10, 212-14, 216, 227-228, 232, 234-36, 242-43, 245-46, 248, 256-58, Index | The deposition testimony cited contains confidential business information about GEO's operations, finances, and strategies that, if provided to its competitors, would cause harm. More specifically there are numerous descriptions of internal decisionmaking processes and analyisis that are derived from emails among key staff. |

STIPULATED JOINT MOTION TO SEAL DOCUMENTS AND ORDER

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

| McHatton | 6, 30-31, 60, 62-64, 80, 87, 90-91, 94-96, 98-101, 103, 105, 117, 137, 139, 149-150, 160-64, 166-67, Index | The deposition testimony cited contains confidential business information about GEO's operations, finances, and strategies that, if provided to its competitors, would cause harm. Further, there are safety concerns related to releasing the testimony in its entirety to the public given GEO's priority is to ensure its facility is secure and widley disseminating very specific descriptions of its operations to the public could undermine this goal. |
|---|---|---|
| Kimble | 43:1-4, 43:19-21, 46:8-11, 54:2-7, 58:15-59:4, 62:6-13, 66:1-3, 66:17-24, 70:9-15, 71:2-10, 74:4-14, 74:19-76:14, 77:6-78:5, 85:21-86:1, 104:13-105:17, 106:18-107:8, 107:13-108:11, 109:5-18, 110:3-15, 111:4-18, 111:22-112:2, 113:7-16, 124:19-21, 126:4-14, 127:13-24, 128:5-8, 129:23-25, 130:1-3, 130:23-131:3, 131:10-13, 133:18-22 | The deposition testimony cited contains confidential business information about GEO's operations, finances, and strategies that, if provided to its competitors, would cause harm. Further, there are safety concerns related to releasing the testimony in its entirety to the public given GEO's priority is to ensure its facility is secure and widley disseminating very specific descriptions of its operations to the public could undermine this goal. |
| Scott | 106:20-107:13, 151:4-13, 152:6-13 | The deposition testimony cited contains confidential business information about GEO's operations, finances, and strategies that, if provided to its competitors, would cause harm. Further, there are safety concerns related to releasing the testimony in its entirety to the public given GEO's priority is to ensure its facility is secure and widley disseminating very specific descriptions of its operations to the public could undermine this goal. |
| Menza | 27:2-9; 38:4-10; 38:18-21; 82:24-25; 83:8-14; 88:21-24; 98:4-5 | The deposition testimony cited contains confidential business information about GEO's operationsand strategies that, if provided to its competitors, would cause harm. Further, there are safety concerns related to releasing the testimony in its entirety to the public given GEO's priority is to ensure its facility is secure and widley disseminating very specific descriptions of its operations to the public could undermine this goal. |

STIPULATED JOINT MOTION TO SEAL
DOCUMENTS AND ORDER

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

| Hill 30(b)(6) | 46:8-49:22; 78:2-7; 81:25-82:10; 82:22-83:5; 83:17-24; 85:4-23; 87:13-88:12; 93:14-94:13; 97:15-98:15; 106:1-6; 108:10-110:7; 110:19-25; 115:9-18; 148:4-23; 149:5-11; 150:11-19; 157:25-158:21; 163:2-8; 165:9-24; 180:23-181:1; 185:20-186:22; 189:12-14; 189:22-190:5; 192:11-193:11; 200:22-201:4; 202:21-203:1; 206:2-207:4; 212:4-213:13; 250:13-20; 252:14-23 | The deposition testimony cited contains confidential business information about GEO's operations, finances, and strategies that, if provided to its competitors, would cause harm. |

### III.   CERTIFICATION OF COUNSEL

The parties certify, pursuant to LCR 5(g)(3)(A), that counsel for Washington, Andrea Brenneke, and counsel for GEO, Adrienne Scheffey, conferred on April 24, 2020 regarding the need to file these deposition transcripts under seal. GEO reviewed the confidentiality designation of these deposition transcripts and confirmed that they should, indeed, be marked "confidential" and be filed under seal. The parties have jointly participated in the preparation and submission of this motion.

### IV.   CONCLUSION

The parties, by and through their counsel, stipulate and agree to entry of the Order, below. Dated this 24th day of April 2020.

Jointly submitted,

ROBERT W. FERGUSON                          AKERMAN LLP
Attorney General of Washington

s/ *Marsha Chien*                                 s/ *Adrienne Scheffey*
MARSHA CHIEN, WSBA No. 47020          COLIN L. BARNACLE
ANDREA BRENNEKE, WSBA No. 22027    CHRISTOPHER J. EBY
LANE POLOZOLA, WSBA No. 50138        ASHLEY E. CALHOUN
PATRICIO A. MARQUEZ, WSBA No.          ADRIENNE SCHEFFEY
47693                                               1900 Sixteenth Street, Suite 1700
Assistant Attorneys General                  Denver, CO 80202
Office of the Attorney General               Telephone: (303) 260-7712

STIPULATED JOINT MOTION TO SEAL                    5
DOCUMENTS AND ORDER

800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
marsha.chien@atg.wa.gov
andrea.brenneke@atg.wa.gov
lane.polozola@atg.wa.gov
patricio.marquez@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

Fax: (303) 260-7714
colin.barnacle@akerman.com
christopher.eby@akerman.com
ashley.calhoun@akerman.com
adrienne.scheffey@akerman.com

III BRANCHES LAW, PLLC

s/ *Joan K. Mell*
JOAN K. MELL, WSBA #21319
1019 Regents Boulevard, Suite 204
Fircrest, Washington 98466
Telephone: (253) 566-2510
Facsimile: (281) 664-4643
joan@3brancheslaw.com

*Attorneys for Defendant The GEO Group, Inc.*

# ORDER

The Court, having considered the representations and stipulations of counsel set forth above, and finding good cause, hereby GRANTS the Stipulated Joint Motion to Seal Documents and authorizes the filing of deposition transcripts designated "confidential" to be filed under seal.

**IT IS SO ORDERED**

Dated this 27th day of April, 2020.

ROBERT J. BRYAN
United States District Judge

STIPULATED JOINT MOTION TO SEAL
DOCUMENTS AND ORDER

6

PAGE INTENTIONALLY LEFT BLANK

STIPULATED JOINT MOTION TO SEAL
DOCUMENTS

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

52847453;1