The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>PLAINTIFF,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>DEFENDANT. | No. 3:17-cv-05806-RJB |
| UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant. | No. 3:17-cv-05769-RJB<br><br>STIPULATION RE: DEPOSITION BY REMOTE VIDEO MEANS |

**STIPULATION**

This stipulation is made and entered into between the Parties, by and through their respective counsel, with reference to the following:

    1.    In response to the COVID-19 pandemic, national, state, and local officials have

1  declared a state of emergency. Public health officials recommend that people maintain physical
2  distance between themselves and others to slow the spread of COVID-19.

3      2.    The Parties wish to proceed with depositions in this matter, which typically
4  involves close physical proximity. To observe social distancing and other health and safety
5  protocols, the Parties may conduct depositions through remote video means.

6  THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS
7  FOLLOWS:

8      1.    Plaintiffs will depose Brian Evans and Dan Ragsdale by remote video means
9  pursuant to Fed. R. Civ. P. 30(b)(4).

10      2.    <u>Physical Presence</u>. Brian Evans and Dan Ragsdale will be made available for
11  deposition by video. The witness will agree, on the record at the beginning of the deposition not
12  to converse with anyone off of the video recording while the parties are on the record. This
13  agreement will include nonverbal communication. Nothing in this section should be construed
14  to prohibit the witness from seeking IT support, should the need arise. Nor shall it prohibit the
15  corporate representative from appearing in the same room as the witness, so long as the corporate
16  representative remains on video for the duration of the deposition and maintains her own video
17  stream separate from that of the witness.

18      3.    <u>Participant List</u>. At least forty-eight (48) hours prior to the noticed deposition
19  date, each individual planning to participate in the deposition must notify the party noticing the
20  deposition of his/her intent to participate and provide the following information to the noticing
21  party: (a) name, (b) email address, and (c) phone number. The noticing party will share this
22  information with the vendor arranging the deposition for the limited purpose of facilitating each
23  participating parties' access to the video web portal for the deposition.

24      4.    <u>Technology Requirements</u>. All video depositions will be stenographically
25  recorded by a court reporter with real-time feed capabilities. Each individual participating in a
26  deposition conducted by video must have a webcam-equipped device (such as a desktop, laptop,

or tablet), and a device with audio-capabilities or access to a telephone for calling into the deposition. Other than this equipment, the witness shall not be permitted to have access to any other communication devices (such as a cellphone) while on the record, but a witness may have access to devices that may help him or her participate in the conference such as speakers, remote hotspot devices, headphones, or other similar devices that are not used for communication with a third-party. The witness will be responsible for ensuring that they have access to required equipment on the day of the deposition and that the any equipment checks or tests (as instructed by the deposition services vendor) have been completed prior to the deposition. Noticing counsel are not responsible for the quality or functionality of the video and audio stream for the witness, observers, or other participants. Attendees agree to work in good faith to facilitate remote participation.

5. <u>Identification of Individuals in Attendance</u>. Each witness, attorney, and other person attending the deposition shall be identified on the record at the commencement of the deposition. Under no circumstances may a person attend the deposition remotely in any manner without identifying themselves on the record at the commencement of the deposition.

6. <u>Conduct by Participants Appearing Remotely</u>. Each individual participating in the deposition (including counsel for the deponent) must do so remotely (subject to the limitations in Paragraph 1) and agrees to have an active video stream and audio line for the duration of the deposition. Each participant should attend from a quiet, private location. The parties understand that there are technological limits for all involved and that certain glitches may be impossible to avoid, but that all attendees will work in good faith to avoid any such glitches where possible.

7. <u>Counsel Representing the Deponent During a Video Deposition</u>. While on the record, counsel for the deponent shall not communicate with the witness at all outside of the video/audio stream. This includes, but is not limited to, instant messaging, text messaging, or any equivalent. In the event any such communications occur, the parties agree that the

STIPULATION RE DEPOSITION BY REMOTE VIDEO MEANS--3:17-cv-05806-RJB

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

communications are discoverable. Only one person may be designated to make objections. This does not prohibit counsel from making objections or statements on the record that are allowable under existing applicable rules for depositions, including, but not limited to ensuring the witness can properly see exhibits that are being shown to him or her and ensuring all parties are on the same page of the exhibit.

8. <u>Disruptions</u>. In the event a participant's video feed is interrupted or otherwise becomes hidden from view, the deposition will be suspended, and the parties will go back on the record only when the participant's video stream functionality has been restored. Disruptions due to video streaming, phone line interruptions, or other technical problems shall not be counted against record time. If a party believes that the transmission and/or recording was disrupted in bad faith, including but not limited to for purposes of delay, it may seek further appropriate relief from the Court.

9. <u>Court Reporter and Videographer</u>. The parties will stipulate, in accordance with Fed. R. Civ. P. 30(b)(5), that the court reporter or videographer may participate in the deposition by remote means, and that the deposition will be deemed to have been conducted "before" that officer, even though the officer is not physically present with the deponent, so long as that officer is able to identify the deponent.

10. <u>Exhibits</u>. Exhibits will be shared electronically through the court reporter's exhibit share platform, Exhibit Share, which requires all participants to have a web browser. The noticing party agrees to provide exhibits via email should technical issues arise.

11. <u>Official Record</u>. The court reporter's transcript, and the videographer's recording (if any), shall constitute the official record of the deposition for all purposes.

12. <u>Other Recording</u>. No participant other than the court reporter and videographer (if any) may record or photograph any of the proceedings. This shall include recording using any form of remote transmitting device, computer recording device, laptops, camera, and personal device, including smart phones, tablets, iPads, Androids, iPhones, Blackberries, or other PDAs.

STIPULATION RE DEPOSITION BY REMOTE VIDEO MEANS--3:17-cv-05806-RJB

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

1  Nothing in this provision prevents or limits the taking of notes by those identified on the record.

2       13.    <u>Use of Remote Depositions at Trial</u>. Remote depositions conducted in accordance
3  with this Stipulation may be admitted at trial with the same effect as a deposition conducted in-
4  person.

5       14.    <u>Instant Visual Display Technology</u>. In the event the noticing party utilizes instant
6  visual display technology such that the court reporter's writing of the proceeding will be
7  displayed in real-time, the witness shall not have access to the instant visual display, unless
8  agreed upon by the parties.

9       15.    <u>Applicable Authority</u>. Unless otherwise set forth herein, the Federal Rules of
10 Civil Procedure, Federal Rules of Evidence, and other applicable authority shall govern as
11 though the deposition was conducted in-person.

12     SO STIPULATED this 10th day of June 2020.

| AKERMAN LLP | SCHROETER GOLDMARK & BENDER |
|---|---|
| *s/Adrienne Scheffey* | |
| Colin L. Barnacle (Admitted *pro hac vice*) | *s/ Jamal N. Whitehead* |
| Adrienne Scheffey (Admitted *pro hac vice*) | Adam J. Berger, WSBA #20714 |
| 1900 Sixteenth Street, Suite 1700 | Lindsay L. Halm, WSBA #37141 |
| Denver, Colorado 80202 | Jamal N. Whitehead, WSBA #39818 |
| Tel: (303) 260-7712 | Rebecca J. Roe, WSBA #7560 |
| Fax: (303) 260-7714 | 810 Third Avenue, Suite 500 |
| Colin.Barnacle@akerman.com | Seattle, WA 98104 |
| Adrienne.Scheffey@akerman.com | Tel: (206) 622-8000 ~ Fax: (206) 682-2305 |
| | berger@sgb-law.com |
| | halm@sgb-law.com |
| III BRANCHES LAW, PLLC | whitehead@sgb-law.com |
| Joan K. Mell, WSBA #21319 | |
| 1019 Regents Boulevard, Suite 204 | THE LAW OFFICE OF R. ANDREW FREE |
| Fircrest, WA 98466 | Andrew Free (*Pro Hac Vice*) |
| Tel: (253) 566-2510 | P.O. Box 90568 |
| joan@3ebrancheslaw.com | Nashville, TN 37209 |
| | Tel: (844) 321-3221 ~ Fax: (615) 829-8959 |
| *Attorneys for Defendant* | andrew@immigrantcivilrights.com |

26

| | |
|---|---|
| 1<br>2 | ROBERT W. FERGUSON<br>Office of the Attorney General | SUNBIRD LAW, PLLC<br>Devin T. Theriot-Orr, WSBA # 33995<br>1001 Fourth Avenue, Suite 3200 |

ROBERT W. FERGUSON
Office of the Attorney General

*s/ Marsha Chien*
_____
MARSHA CHIEN, WSBA No. 47020
ANDREA BRENNEKE, WSBA No. 22027
LANE POLOZOLA, WSBA No. 50138
PATRICIO A. MARQUEZ, WSBA No. 47693
Assistant Attorneys General
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
marsha.chien@atg.wa.gov
andrea.brenneke@atg.wa.gov
lane.polozola@atg.wa.gov
patricio.marquez@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

SUNBIRD LAW, PLLC
Devin T. Theriot-Orr, WSBA # 33995
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154-1003
Tel: (206) 962-5052 ~ Fax: (206) 681-9663
devin@sunbird.law

MENTER IMMIGRATION LAW, PLLC
Meena Menter, WSBA # 31870
8201 164th Ave NE, Suite 200
Redmond, WA 98052
Tel: (206) 419-7332
meena@meenamenter.com

*Class Counsel*

STIPULATION RE DEPOSITION BY REMOTE VIDEO MEANS--3:17-cv-05806-RJB

6

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

# ORDER

IT IS SO ORDERED:

DATED this _____ day of _____ 2020.

_____
ROBERT J. BRYAN
United States District Judge

Jointly Presented by:

SCHROETER GOLDMARK & BENDER

*s/ Jamal Whitehead*
Adam J. Berger, WSBA #20714
Lindsay L. Halm, WSBA #37141
Jamal Whitehead, WSBA #39818

*Class Counsel*

AKERMAN LLP

*s/ Adrienne Scheffey*
Colin L. Barnacle (Admitted *pro hac vice*)
Ashley E. Callhoun (Admitted *pro hac vice*)
Adrienne Scheffey (Admitted *pro hac vice*)

*Attorneys for Defendant*

ROBERT W. FERGUSON
Attorney General of Washington

*s/ Marsha Chien*
MARSHA CHIEN, WSBA No. 47020
ANDREA BRENNEKE, WSBA No. 22027
LANE POLOZOLA, WSBA No. 50138
PATRICIO A. MARQUEZ, WSBA No. 47693

*Attorneys for Plaintiff State of Washington*

STIPULATION RE DEPOSITION BY REMOTE VIDEO MEANS--3:17-cv-05806-RJB

7

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the United States District Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated this 10th day of June 2020 in Seattle, Washington.

_____
Caitilin Hall
Legal Assistant

STIPULATION RE DEPOSITION BY REMOTE VIDEO MEANS--3:17-cv-05806-RJB

8

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492