**BRENNEKE DECLARATION**

**EXHIBIT F**



Adrienne Scheffey

Akerman LLP
1900 16th Street
Suite 1700
Denver, CO  80202

T: 303 260 7712
F: 303 260 7714
adrienne.scheffey@akerman.com

January 8, 2020

Andrea Brenneke
Assistant Attorney General
Office of the Attorney General
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104

**RE:** *Washington v. The GEO Group, Inc.*, **17-cv-05806-RJB**
**Post-Mandamus Production of Financial Information**

Counsel,

This letter serves as an updated response to the State's letter of December 13, 2019.

**Requested Excel Files:**

In your letter, you requested certain documents in excel or native format. The letter specifically asks GEO to identify whether there are any underlying excel files for the following bates numbered documents:

- GEO-State 299184 to GEO-State 299193;
- GEO-State 299184;
- GEO-State 229185;
- Exhibit 252.

GEO has reviewed these documents and does not believe that any underlying information needs to be produced under the Court's Order at Docket Number 133. It appears that all categories of information the Court ordered GEO to produce are included in those documents. Should you believe a specific category of required information is missing, please let us know and we can further confer about this issue.

Additionally, a production containing native excel files for the information in GEO-State 299184 and 299185 is forthcoming. This should alleviate any concerns about those documents being difficult to read.

akerman.com
51337277;2

Andrea Brenneke
Assistant Attorney General
Page 2

**VWP Reimbursement Summary:**

In your letter, you also request that information be added to GEO-State 299194 for the dates between 2005 and September 2009. Any information not contained in that spreadsheet would be in GEO's paper files or archives—to the extent such documents exist. GEO has begun the process of retrieving potentially responsive documents from storage and is reviewing the documents individually. GEO will update the State once it has reviewed the documents if there are any others that exist.

**Keefe Files:**

In addition to the documents already produced, your letter also asks GEO to locate and produce Keefe records for all of 2005 – 2012, February 2013, April-September 2013, April and June of 2014, March and August of 2015, January of 2016, and October – December of 2019. GEO produced the records for August 2015 at GEO-State 297470. As with the VWP reimbursement summary, GEO is reviewing its hard copy records and archives to identify whether these documents exist. GEO will update the State once it has reviewed the documents if there are any others that exist.

**Redacted Letter:**

Finally, the State requests that GEO produce an unredacted version of a letter that was produced *by the State* as 2018-ICLI-000052. This letter provides an update to ICE regarding the cost of ongoing litigation around the country, including the present litigation. The State has represented, in a December 31, 2019 email, that the redacted information is discoverable under the Court's Order at Docket Number 133, specifically with respect to the following requests:

> REQUEST FOR PRODUCTION NO. 40: To the extent not previously produced<u>, and to the extent they exist</u>, please produce the NWDC's financial statements, Profit and Loss statements, and budget, ~~and budget to actual analysis on a quarterly or annual basis from 2005 to present~~, including all documents that set forth the detailed operating costs of the facility, Voluntary Work Program costs, labor costs, and payroll expenses as well as all details of revenue, contract payments and reimbursements <u>for the NWDC</u>.

> REQUEST FOR PRODUCTION NO. 43: To the extent not previously produced, <u>and to the extent they exist</u>, please produce all documents that contain financial analysis, financial models, analysis of profits earned, valuation of the work performed, or other assessments of the Voluntary Work Program at the NWDC from 2005 to present.

> REQUEST FOR PRODUCTION NO. 51: Please produce all documents, <u>to the extent they exist</u>, containing financial performance analyses, financial models, or other financial evaluations prepared ~~in connection with~~ or for the purpose of GEO Group's offer(s) and

51337277;2

Andrea Brenneke
Assistant Attorney General
Page 3

bid(s), and negotiations related to amendment(s) and renewal(s), of contracts related to the NWDC from 2005 - present.

The strikethroughs and underlines in the Requests above represent the Court's modifications to those Requests at page 9 of Docket Number 133. GEO addresses each Request in turn.

The redacted letter to ICE is not responsive to RFP 40 because it does not set forth the "detailed operating costs of the facility, Voluntary Work Program costs, labor costs, [or] payroll expenses." Nor is it limited to the Northwest ICE Processing Center ("NWIPC"). Instead, as is clear from the redacted version of the letter, it lays out the costs of litigation across the country and seeks intervention from the Department of Justice.

Likewise, the redacted letter to ICE is not responsive to RFP 43 because it is not an analysis or model of "profits earned, valuation of the work performed, or other assessment[] of the Voluntary Work Program" at the NWIPC. Again, ==the letter estimates legal costs for defending various lawsuits. The letter also provides a summary of the relief requested by Plaintiffs (in the aggregate).== This information does not amount to a "financial model" of the profits earned by GEO from the VWP at the NWIPC.

RFP 51 seeks financial analyses and models created for the purpose of amendments or renewals of contracts related to the NWIPC from 2005 to present. Again, the letter does not contain any information about an amendment or renewal of the contract. Instead, the letter contains information about the cost of legal fees related to defending this lawsuit and others around the country. GEO's NWIPC contract was not amended or renegotiated as a result of this letter. And, RFP 51 does not seek information about "potential" or "rejected" amendments to the contract. Indeed, this letter does not seek any relief exclusively related to the NWIPC contract. Thus, the redacted information is not responsive to RFP 51.

Finally, the unredacted information in the letter makes clear that that it does not address any financial information related exclusively to the NWIPC or its operation. Thus, any information contained therein goes beyond the scope of the Ninth Circuit's Mandamus Order and of this litigation.

Best,

*s/Adrienne Scheffey*

51337277;2