**BRENNEKE DECLARATION**

**EXHIBIT G**

```
                    UNITED STATES DISTRICT COURT

                WESTERN DISTRICT OF WASHINGTON AT TACOMA
_____

                                   )
UGOCHUKWO GOODLUCK NWAUZOR,         )
et al.,                            )
                                    )
                 Plaintiffs,        )  3:17-cv-05769-RJB
                                    )  3:17-cv-05806-RJB
v.                                  )
                                    )  Tacoma, Washington
THE GEO GROUP, INC.,                )
                                    )  January 10, 2020
                 Defendant.         )
_____)  Preliminary
                                    )  Pretrial
STATE OF WASHINGTON,                )  Conference
                                    )
                 Plaintiff,         )  10:30 a.m.
                                    )
v.                                  )
                                    )
THE GEO GROUP, INC.,                )
                                    )
                 Defendant.         )
                                    )
_____

                  VERBATIM REPORT OF PROCEEDINGS
              BEFORE THE HONORABLE ROBERT J. BRYAN
                   UNITED STATES DISTRICT JUDGE
_____
```

Proceedings stenographically reported and transcribed
With computer-aided technology

Angela Nicolavo - Court Reporter - 1717 Pacific Ave, Tacoma, WA - 253-882-3832

```
 1                        APPEARANCES

 2

 3    For the Plaintiff         JAMAL N. WHITEHEAD
      Nwauzor, et al.:          Schroeter Goldmark & Bender
 4                              810 Third Avenue
                                Suite 500
 5                              Seattle, Washington

 6                              DEVIN T. THERIOT-ORR
                                Open Sky Law PLLC
 7                              20415 72nd Avenue South
                                Suite 110
 8                              Kent, Washington

 9                              R. ANDREW FREE
                                Law Office of R. Andrew Free
10                              P.O. Box 90568
                                Nashville, Tennessee
11

12    For the Plaintiff         ANDREA BRENNEKE
      State of Washington:      LANE POLOZOLA
13                              MARSHA J. CHIEN
                                800 Fifth Avenue
14                              Suite 2000
                                Seattle, Washington
15

16
      For the Defendant         COLIN L. BARNACLE
17    The GEO Group:            ADRIENNE SCHEFFEY
                                Akerman LLP
18                              1900 Sixteenth Street
                                Suite 1700
19                              Denver, Colorado

20                              JOAN K. MELL
                                III Branches Law PLLC
21                              1019 Refents Boulevard
                                Suite 204
22                              Fircrest, Washington

23

24

25
```

1  MS. SCHEFFY: We'll plan on it. Thank you,
2  Your Honor.
3  THE COURT: Any other matters for discussion,
4  recognizing that it is almost noon?
5  MS. BRENNEKE: Your Honor, this may not be a
6  substantive matter to address in this moment. We did want to
7  raise some issues having to do with the post mandamus
8  financial document production. The parties are still
9  working -- GEO had a date certain by which it was to produce
10 those documents. They did produce some of those documents.
11 We are in dialogue right now about supplementing those.
12 There is one document, however, that we have met and
13 conferred about where we have a disagreement as to whether
14 they are going to produce an unredacted version of a one-page
15 letter in which GEO has estimated the cost necessary to
16 achieve compliance with minimum wage for the plaintiffs in
17 this case and others.
18 Whether or not we want to talk about that now and have a
19 ruling or make time somehow for us to do that next week, we
20 feel like that issue is ripe for the Court's involvement.
21 THE COURT: What has been cut out of the letter?
22 MS. BRENNEKE: I have a copy of the letter here. I
23 have copies for everyone. There are large sections redacted.
24 What is pertinent is that this is a letter from GEO to ICE
25 seeking a request for equitable adjustment in a certain

1  amount.  The amount has been blacked out.  The total amounts
2  for request for equitable adjustment have been blacked out.
3  The legal expenses have been blacked out.  Frankly, we don't
4  care about those.  We are looking at the underlying issues.
5  There is a large block that says that -- that follows the
6  sentence, "We have conducted an estimation of the costs
7  necessary to achieve compliance with the plaintiffs."
8      In that block, we are imagining that for each state, there
9  was probably that assessment of what it would cost them.
10     This is very clearly a measure of the value of the work of
11 the detainees in those places.  That would go both to our
12 liability and damages.  We request it be produced in an
13 unredacted form.
14         THE COURT:  What is the secret?  This is a letter
15 from the government contractor to the government?  What is
16 the secret?
17         MR. BARNACLE:  Your Honor, what is redacted, in fact,
18 is not responsive in any way to what was ordered on the Ninth
19 Circuit's mandamus.  It required the disclosure of specific
20 information to the Northwest Detention Center.
21   Counsel just represented that she thinks it is broken down
22 by state.  It is not.  It is an aggregate of a number that
23 applies to every facility across the country, which is not
24 ordered by the mandamus order.  It is being withheld on those
25 grounds.  It is not ordered by mandamus.  It is not relevant

```
 1   to this case.  It is not broken down for the Northwest
 2   Detention Center.
 3           MS. BRENNEKE:  Your Honor, if it would assist the
 4   Court, we have a copy of that letter here.
 5      I guess I have two points in response.  One is that if
 6   there is only an aggregate analysis, then we should have that
 7   aggregate analysis.  We know from other financial records,
 8   discovery, that there is probably some underlying backup that
 9   the facility -- or that the corporation has conducted that
10   would have, you know, the spreadsheets or whatever it is that
11   they use to determine that.  We would also ask that be
12   produced.
13      May I approach the Court?
14           THE COURT:  No.  I hate to say this, ==if you can't
15   agree, you should make a motion.==
16      I find it hard to believe that after all this, you can't
17   agree on these things.  I would have to go back and look at
18   my order that was affirmed and apply it to this document.
19   You know, I have other things going on around here, too.  I
20   am starting what looks like a month-long case on Monday.  If
21   you can't agree, make a motion and we will deal with it.
22      It is hard for me to -- you know, I am not a government
23   contractor.  I am a government employee, I guess, not a
24   contractor.  It is always hard for me to understand what the
25   big deal is.  Why can't we have open government?  What is the
```

1  big deal?  There may be some big deal.  It gives you a right
2  to keep things back, but I don't know.  Because I don't know
3  the answer to this, I don't want to rule on it without full
4  briefing.
5      Okay.  Anything else?  You have burned into my lunch hour.
6          MS. SCHEFFY:  This may be something for briefing.  We
7  have been contacted about ICE about the photographs taken of
8  the site inspection.  You may recall your order had advised
9  counsel for both sides to be cautious not to photograph the
10 faces of detainees.
11         THE COURT:  Photograph what?
12         MS. SCHEFFY:  Faces of detainees, their likeness.
13     About 557 photos have photographs of detainees' faces.
14 ICE has asked to make the redactions and needs additional
15 time to make those.  We have reached an agreement that it
16 could be just to those the State intends to produce at trial,
17 but we don't have an agreement that ICE can make the
18 redactions.
19     In the interest of time, it is worth getting those to ICE
20 as soon as possible and the redactions can be disputed later.
21 It doesn't seem there would be any reason the faces of
22 detainees would be relevant to this claim.
23         MS. CHIEN:  We have proposed that there are, as you
24 heard, 557 photos -- possibly 557.  I actually don't know.
25 It is just really not efficient for ICE to sit there and