**BRENNEKE DECLARATION**

**EXHIBIT J**

```
                UNITED STATES DISTRICT COURT

            WESTERN DISTRICT OF WASHINGTON AT TACOMA
_____

                                     )
UGOCHUKWO GOODLUCK NWAUZOR,          )
et al.,                              )
                                     )
            Plaintiffs,              ) 3:17-cv-05769-RJB
                                     ) 3:17-cv-05806-RJB
v.                                   )
                                     ) Tacoma, Washington
THE GEO GROUP, INC.,                 )
                                     ) April 13, 2020
            Defendant.               )
                                     ) Phone Conference
_____        ) Rulings on Motions
STATE OF WASHINGTON,                 ) In Limine
                                     )
            Plaintiff,               ) 10:00 a.m.
                                     )
v.                                   )
                                     )
THE GEO GROUP, INC.,                 )
                                     )
            Defendant.               )
                                     )
_____

              VERBATIM REPORT OF PROCEEDINGS
          BEFORE THE HONORABLE ROBERT J. BRYAN
                UNITED STATES DISTRICT JUDGE
_____
```

Proceedings stenographically reported and transcribed
With computer-aided technology

```
 1                         APPEARANCES

 2

 3     For the Plaintiff         JAMAL N. WHITEHEAD
       Nwauzor, et al.:          PAGE ULREY
 4                               Schroeter Goldmark & Bender
                                 810 Third Avenue
 5                               Suite 500
                                 Seattle, Washington
 6
                                 MEENA P. MENTER
 7                               Menter Immigration Law PLLC
                                 130 Andover Park East
 8                               Suite 300
                                 Tukwila, Washington
 9

10     For the Plaintiff         ANDREA BRENNEKE
       State of Washington:      LANE POLOZOLA
11                               MARSHA J. CHIEN
                                 800 Fifth Avenue
12                               Suite 2000
                                 Seattle, Washington
13

14
       For the Defendant         COLIN L. BARNACLE
15     The GEO Group:            ADRIENNE SCHEFFEY
                                 Akerman LLP
16                               1900 Sixteenth Street
                                 Suite 1700
17                               Denver, Colorado

18                               JOAN K. MELL
                                 III Branches Law PLLC
19                               1019 Refents Boulevard
                                 Suite 204
20                               Fircrest, Washington

21

22

23

24

25
```

1  prior history of L&I enforcement at the Northwest Detention
2  Center or other institutions.  That motion should be granted
3  for the first phase of the trial, but denied if we get to the
4  unjust enrichment argument.  And also I think it should be
5  denied regarding statements made by Labor & Industries
6  employees for both phases of the trial.  Those statements may
7  be relevant and admissible.  Generally, prior history of law
8  enforcement -- of L&I enforcement at this and other similar
9  institutions should be granted.
10     No. 6 is to exclude all evidence of work programs at state
11  and local government facilities.  I assume that the
12  governmental immunity defenses will be part of this trial
13  and, if so, that motion must be denied.
14     No. 7 is to exclude all evidence or argument suggesting
15  that the ICE-GEO contract requires that GEO pay only $1 per
16  day.  That motion is granted.  That does not necessarily
17  limit testimony as to why GEO pays a dollar a day, but I
18  think it is clear that you cannot argue that the contract
19  requires that they only pay a dollar a day.
20     No. 8 is to exclude any reference to the Northwest Center
21  as the Northwest ICE Processing Center.  That motion is
22  denied.  That is not something that could be confusing to the
23  jury, and it can be explained to the jury and we can try to
24  use the proper name of the center during the trial.
25     The next motion is No. 9, to exclude all witnesses not

previously disclosed.  There are five witnesses named as part of that motion.  The motion should be denied as to the Labor & Industries employees.  That is Buchanan and Johnson. It should be denied as to GEO employees Ragsdale and Evans, provided that if the plaintiff wants to depose them, they should be allowed to do that before trial.  As to Williams, the motion is granted.

Defense motion is to exclude argument and evidence related to the government-owned facility and residential exemptions to the Minimum Wage Act.  This basically -- these issues have been, to some extent, resolved by prior rulings, and those rulings will stand.  The motion is otherwise denied, and we will deal with those issues at trial.  I guess that's all I want to say about No. 10.

Now we will turn to GEO's motions in limine at Docket No. 355.  These are GEO's motions in limine in regard to the State's claim.

Excuse me.  I need to oil my voice with cold coffee.

Motions in limine in Docket No. 355, No. 1 is argument that voluntary work program positions should have or could have been filled by non-detainee Washington residents or citizens.  That motion is denied.

Motion in limine 2 is argument or evidence that the voluntary work program is a forced work situation that should be excluded.  That motion should be granted, but the reasons

1  that employees -- that detainees' work is not excluded by
2  this ruling.  It is directed at the program, not individuals.
3      Motion in limine No. 3 is for exclusion of evidence
4  related to GEO's legal fees, including any request for
5  compensation for legal fees sent to ICE.  That motion is
6  granted.  I don't know what kind of a side issue that might
7  be, but it is not something that we need to get into.  That
8  motion is granted.
9      Motion in limine No. 4 is to exclude evidence or argument
10 related to GEO's size, profitability, financial status or
11 overall wealth.  That motion is granted generally, but may be
12 denied or the issue reopened when we get into the economic
13 reality test evidence in the first phase of the trial.  It
14 may be relevant and admissible as to the damage and non-jury
15 phases of the trial.  Granting the motion should not exclude
16 evidence that GEO permits detainees to work alongside its
17 regular employees as a core part of its business model, and
18 that GEO enjoys substantial financial benefits and profits as
19 a result.  That type of evidence may be relevant, although
20 general evidence or testimony about the -- about GEO's size,
21 profitability, financial status or overall wealth should be
22 excluded.
23     Motion in limine No. 5, exclusion of evidence or argument
24 that GEO is involved in other lawsuits.  That motion is
25 granted.  I made a note that such evidence should be subject

1
2       C E R T I F I C A T E
3
4
5     I certify that the foregoing is a correct transcript from
6   the record of proceedings in the above-entitled matter.
7
8
9
10  */s/ Angela Nicolavo*
11  ANGELA NICOLAVO
    COURT REPORTER
12
13
14
15
16
17
18
19
20
21
22
23
24
25