The Honorable Robert J. Bryan

1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

8

9

10   STATE OF WASHINGTON,

Case No. 3:17-cv-05806-RJB

11                                    Plaintiff,

**DEFENDANT AND COUNTER PLAINTIFF**
**THE GEO GROUP, INC.'S MOTION FOR**
**IN CAMERA REVIEW AND TO ORDER**
**THE STATE TO FILE GEO'S EXHIBIT 231**
**IN NATIVE FORMAT WITHOUT FULL**
**PAGE REDACTIONS FOR USE AT TRIAL**

12   v.

13

14   THE GEO GROUP, INC.,

15

16                                    Defendant.

**NOTE ON MOTION CALENDAR:**
September 25, 2020

17

18

19

20

21

22

23

24

25

26

27

---

DEFENDANT AND COUNTER PLAINTIFF
THE GEO GROUP, INC.'S MOTION FOR IN
CAMERA REVIEW AND TO ORDER STATE TO FILE GEO'S
EXHIBIT 231 IN NATIVE FORMAT WITHOUT FULL PAGE
REDACTIONS FOR USE AT TRIAL
(3:17-CV-05806-RJB) – PAGE 1

54490140;2

**III BRANCHES LAW, PLLC**

Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

1   Should this Court find it appropriate to reopen discovery in response to the State's recently

2   filed motion, ECF 396, Defendant and Counter-Plaintiff The GEO Group, Inc. moves for in

3   camera review of GEO's Trial Exhibit A-231 - NWDC Memo (Dkt 300 at 102-113 at App. A) so

4   that the Court may order the State to substitute a clean copy of the Exhibit in native format

5   revealing the content that will otherwise be hidden from the jury behind full page redactions. The

6   State has erroneously characterized the entire "NWDC Memo" attorney-client privileged. GEO

7   asks the Court to decide the Exhibit is not privileged and order the redactions removed. This

8   motion is brought under Fed. R. Civ. P. 26 (b)(5)(B), FRE 501,and the common law.

9                                      I.       FACTS

10      Washington's Attorney General Bob Ferguson ("AG") created a separate Civil Rights

11  Division in January 2015 with public resources not specifically appropriated by the Legislature for

12  civil rights advocacy of his choosing.[1] Private sector civil right advocates lobbied his office to

13  enforce Washington's Minimum Wage Act ("MWA") at the Northwest ICE Processing Center

14  ("NWIPC") Voluntary Work Program ("VWP") so that detainee participants would receive

15  minimum wages or higher when carrying out tasks for the common good like meal preparation and

16  housekeeping chores while awaiting the outcome of their removal proceedings.[2] In response, the

17  AG's Civil Rights Division crafted this lawsuit against The GEO Group, Inc. to enforce the MWA

18  and to disgorge its profits using an unjust enrichment claim in equity.[3]

19      Up to 2011, Performance Based National Detention Standards (PBNDS) standards dictated

20  VWP pay rates of $1.00 per day.[4] After that, PBNDS required "at least" $1.00 per day.[5] The

21  advocates had previously lobbied Washington's Governor and his Director of Labor and Industries

22  ("L&I") in 2014 to enforce the MWA against GEO.[6] Washington's Governor and L&I Director

23

24  ───────────────────

[1] Mell Dec. Ex. 1 at 16 (Dep. of Colleen Melody) and Ex. 2 (Washington State Budget 2015 and 2020 E-mail Regarding Cy Pres distributions).
[2] *Id.* Ex. 2 at page 21 (last page of exhibit).
[3] Dkt. 1-1 at 2 (Complaint).
[4] Dkt. 189-9 at 2 (National Detainee Handbook).
[5] Dkt. 1-1 at 19 (Voluntary Work Program Compensation).
[6] Dkt. 300 at 139-145 (Chazaro 5/11/14 e-mail to Mullins).

DEFENDANT THE GEO GROUP, INC.'S MOTION FOR IN
CAMERA REVIEW AND TO ORDER STATE TO FILE GEO'S
EXHIBIT 231 IN NATIVE FORMAT WITHOUT FULL PAGE
REDACTIONS FOR USE AT TRIAL
(3:17-CV-05806-RJB) – PAGE 2
54490140;2

**III BRANCHES LAW, PLLC**
Joan K. Mell
1019 Regents Blvd. Ste. 204
Firecrest, WA 98466
253-566-2510 ph

declined to enforce the act citing the State's lack of jurisdiction over federal detainees.[7] The federal government, not GEO, was the legal custodian of detainees at NWIPC.[8] Historically, the State has never enforced the Minimum Wage Act at the federal level.[9] Federal employees were not covered.[10] Federal detainees were not covered.[11] Even state and local detainees were not covered.[12] ICE has consistently approved VWP operations at $1.00 per day.[13] The federal government filed a Statement of Interest in these proceedings opposing application of the MWA or other inflated and arbitrary amounts for detainee VWP participant pay rates on jurisdictional grounds.[14]

The advocates' arguments about "at least" $1.00 per day was precisely the same in 2014 as it was in 2017 when the advocates convinced the AG to file suit.[15] Labor and Industries Secretary Joel Sacks has been the one official with statutory authority to enforce the MWA.[16] Yet he and the Governor relied upon legal advice from the Attorney General's office to refuse enforcement.[17] GEO concurs with the advice given to the Governor and Director back in 2014, and has asserted those jurisdictional defenses in this case.

Two days before filing this lawsuit, an assistant attorney general La Rond Baker from the AG's Civil Rights Division e-mailed Labor and Industries Legislative Director Tammy Fellin in the Government Affairs & Policy Division.[18] The subject line read: "ATTORNEY-CLIENT PRIVILEGED - NWDC Memo.[19] The e-mail content was as follows: "Tammy, If you have any questions or would like to discuss this further please do not hesitate to give me a call."[20] The e-

---

[7] Dkt. 300 at 122 (Fellin 3/11/14 e-mail) and Dkt. 300 at 150 (4/15/14 Fellin e-mail "For Wage an hour L & I does not have any jurisdiction").
[8] Dkt. 91 at 3( Dec. of Tae Johnson) and Dkt. 300 at 49 (Grice Dep.).
[9] Dkt. 300 at 49 (Grice Dep).
[10] Mell Dec. Ex. 3 at B6 (Grice Dep).
[11] Dkt. 300 at 63 (Grice Dep).
[12] RCW 49.46.010(k).
[13] Dkt. 91 at 4-5 (Johnson Dec.).
[14] Dkt. 298 (Statement of Interest).
[15] Dkt. 300 at 63 (Grice Dep).
[16] Mell Dec. Ex. 3 (Grice Dep).
[17] Mell Dec. Ex. 3 at 33 (Grice Dep).
[18] Dkt. 300 at 101 (Baker e-mail to Fellin).
[19] *Id.*
[20] *Id.*

DEFENDANT THE GEO GROUP, INC.'S MOTION FOR IN CAMERA REVIEW AND TO ORDER STATE TO FILE GEO'S EXHIBIT 231 IN NATIVE FORMAT WITHOUT FULL PAGE REDACTIONS FOR USE AT TRIAL
(3:17-CV-05806-RJB) – PAGE 3

**III BRANCHES LAW, PLLC**
Joan K. Mell
1019 Regents Blvd. Ste. 204
Firecrest, WA 98466
253-566-2510 ph

mail was dated September 18, 2017 at 6:08:16 p.m., which was about 10 business hours prior to AG Ferguson's press conference announcing his lawsuit against GEO on September 20, 2017.[21] AG Ferguson's lawsuit did not name the Department of Labor and Industries nor its director as the party plaintiff even though MWA enforcement matters were typically captioned in the name of the agency.[22] The State has successfully argued that L&I is not its client.[23] This Court agreed with the State, to GEO's detriment, finding that this case does not involve L&I, and is not brought under the authority of L&I, but instead is brought purely as a *parens patriae* action.[24] The Civil Rights Division does not consider L&I its client agency.[25] Different deputy attorney generals from another division of the AG's office represent L&I, and as of the time this case was filed, had not changed their advice that state wage and hour laws could not be enforced at NWIPC for detainee VWP participants.[26]

The "NWDC Memo" was later referenced in an e-mail communication between L&I's David Johnson and Victor Jabri on Tuesday August 14, 2018.[27] At that time, nearly a year after this case was filed, the Department was debating whether to investigate individual MWA claims at NWIPC.[28] Wage and Hour Technical Specialist Dave Johnson at the direction of Deputy Director Elizabeth Smith instructed Investigator Jabri to pursue individual complaints only with the understanding that if GEO raised preemption as a defense, L&I would ask its assigned attorneys for legal advice based upon the specifics of any individual claim.[29] L&I never investigated any individual claims because it never received any complaints.[30] L&I never chose to enforce the MWA at NWIPC, despite the ongoing litigation and the AG's Civil Rights Division's position.[31]

---

[21] Dkt. 1-1 at 83 (Press Release).
[22] Dkt. 1-1 at 2 (Complaint). See, *L&I v. Common Carriers, Inc.* 111 Wn.2d 586, 762 P.2d 348(1988).
[23] Dkt. No. 118 at 5 and Dkt. 114-3 (AGO Letter).
[24] Dkt. No. 133 at 6.
[25] Mel Dec Ex. 4. (AAG Timesheets).
[26] Dkt. 300 at 101 (Johnson e-mail).
[27] *Id.*
[28] *Id.*
[29] *Id.*
[30] Mell Dec. Ex. 3 at 11 (Grice dep).
[31] *Id. at 84.*

DEFENDANT THE GEO GROUP, INC.'S MOTION FOR IN CAMERA REVIEW AND TO ORDER STATE TO FILE GEO'S EXHIBIT 231 IN NATIVE FORMAT WITHOUT FULL PAGE REDACTIONS FOR USE AT TRIAL (3:17-CV-05806-RJB) – PAGE 4

54490140;2

**III BRANCHES LAW, PLLC**
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

Obviously L&I did not consider the NWDC Memo to be legal advice to it about enforceability of the MWA at NWIPC.[32]

GEO intends to show the NWDC Memo and associated e-mails to the jury in defense of the State's MWA and unjust enrichment claims. The NWDC Memo likely shows an identity of facts and legal issues between 2014 and 2017 specific to the presenting question in this case as to the enforceability of state minimum wage laws at NWIPC, including whether the State viewed detainees as "employees" under the MWA. The jury will be asked to decide whether GEO should have increased VWP participant pay rates to conform with State minimum wage laws, whether detainees fell within an exception to the MWA, or whether it was just for GEO to have followed federal law - the same law the attorney general's office had advised controlled. If the State has been aligned with GEO as to the limitations of state law at NWIPC based on sound legal advice, then GEO too had a reasonable good faith basis for not applying the MWA to detainees.

The State has refused to produce the NWDC Memo in its native format.[33] Eleven pages in Exhibit 263 are entirely redacted with all of the content hidden behind a black boxes.[34] The State has claimed the entire NWDC Memo is privileged and work product.[35] GEO seeks in camera review of the NWDC Memo so that the Exhibit may be unredacted and shown to the jury in its entirety at trial. The NWDC Memo provide direct proof that the Attorney General's Office initiated suit in contravention to past practices and recognized legal principles that GEO and the federal detainees it protected were not amenable to state wage and hour enforcement. These facts show GEO had no state wage and hour obligations to detainees. The State's wage claims for past income have no merit and should be summarily dismissed as will be shown at the time of trial.

## II.    LEGAL ARGUMENT

### A.    State Has Not Met Its Burden

The party asserting an evidentiary privilege such as attorney-client confidentiality or work

---

[32] Dkt. 300 at 101 (Johnson e-mail).
[33] Dkt. 131 Mell Dec (10/01/2018)
[34] Dkt. 300 at 103-113 (Redacted Baker Memo).
[35] Mell Dep. Ex. 5 (Exemption Log Reference ID 3).

DEFENDANT THE GEO GROUP, INC.'S MOTION FOR IN CAMERA REVIEW AND TO ORDER STATE TO FILE GEO'S EXHIBIT 231 IN NATIVE FORMAT WITHOUT FULL PAGE REDACTIONS FOR USE AT TRIAL (3:17-CV-05806-RJB) – PAGE 5

54490140;2

**III BRANCHES LAW, PLLC**

Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

product carries the burden of proving application of the privilege and the absence of any exception.[36] The assertion of privilege impedes full and free discovery of the truth, which then necessitates strict construction of the doctrine.[37] Attorney-client privilege is "narrowly and strictly construed."[38] The party asserting the privilege must prove that it has not waived the privilege even unintentionally or implicitly.[39] The attorney-client privilege only protects communications between a client and a lawyer for the purpose of obtaining legal advice.[40]

The State cannot meet its burden because the NWDC Memo is not a confidential attorney-client communication and it is not protected work product. Indeed, the State itself has conceded that L&I is not it client. Additionally, the State waived any privilege when it filed suit in contravention to past practices and competent legal advice that the MWA did not apply to ICE detainees at NWIPC and wherein the State has claimed in error that GEO should have acted in opposition to such past practice and legitimate advice.

B.    NWDC Memo Not Attorney Client Privileged Nor Protected Work Product

1.    Not a Confidential Communication Attorney-client privilege protects confidential communications between attorneys and clients made for the purpose of giving legal advice.[41] Cross agency communications have no expectation of privacy because communications between agencies are public records for which there are limited exemptions.[42] An eight part test applies to determining whether information is attorney-client privileged:

> 1) Where legal advice of any kind is sought 2) from a professional legal adviser in his capacity as such, 3) the communications relating to that purpose, 4) made in confidence 5) by the client, 6) are at his instance permanently protected 7) from disclosure by himself or by the legal adviser, 8) unless the protection be waived.[43]

The NWDC Memo was not prepared in response to L&I seeking legal advice from the Civil Rights

---

[36] *Weil v. Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18, 25, (9th Cir. 1981).
[37] *Id.* at 24.
[38] *Dolby Laboratories Licensing Corporation v. Adobe, Inc.*, 402 F.Supp. 3d 855 (N.D. Cal. 2019).
[39] *Id.*
[40] *See United States v. Martin*, 278 F.3d 988, 1000 (9th Cir.2002).
[41] *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S. Ct. 677 (1981).
[42] RCW 42.56.010.
[43] *United States v. Sanmina Corp.*, —F.3d—, 2020 WL 4558285 at 5 (9th Cir. 2020).

DEFENDANT THE GEO GROUP, INC.'S MOTION FOR IN CAMERA REVIEW AND TO ORDER STATE TO FILE GEO'S EXHIBIT 231 IN NATIVE FORMAT WITHOUT FULL PAGE REDACTIONS FOR USE AT TRIAL
(3:17-CV-05806-RJB) – PAGE 6

54490140;2

**III BRANCHES LAW, PLLC**
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

Unit. L&I was not questioning its enforcement authority nor otherwise seeking to litigate the MWA.[44] The Civil Rights Division initiated the litigation on its own behalf, not on behalf of L&I.[45] AAG Baker did not bill L&I for preparation of her Memo.[46] She did not consider L&I her agency client when she disseminated the NWDC Memo to Ms. Fellin.[47] Ms. Fellin disseminated the memo to others, and those others disseminated the memo to additional recipients over time, making any claim of privilege even less tenable.[48] The fact that the memo was marked attorney-client privileged does not change the outcome.[49]

In order to receive the protection of attorney-client privilege, a communication must, *inter alia*, be made for the purpose of securing primarily either (i) an opinion on law, (ii) legal services, or (iii) assistance in some legal proceeding.[50] The privilege does not extend to the provision of business or other non-legal advice simply because a lawyer happens to be involved. Communications with a lawyer that relate primarily to non-legal purposes, for example, business, technical or corporate public relations purposes, are not privileged.[51]

In house counsel are not afforded the presumptive protections that outside counsel are

---

[44] Mell Dec. Ex. 3 (Grice Dep at 84).

[45] Dkt. 118 at 5 (State of WA Response to The GEO Group Inc. MTN to Compel).

[46] Mell Dec. Ex. 4 (AAG Time Sheets).

[47] *Id.*

[48] Dkt. 300 at 101 (Johnson e-mail).

[49] *Marceau v. I.B.E. W.*, 246 F.R.D. 610, 613 (D.Ariz.2007) ("The fact that attorneys were retained to prepare the Report and that the Report is marked as an attorney-client privileged document are not dispositive of the issue. Rather what controls is the purpose of the activity."); *See also HSS Enterprises, LCC v. Amco Ins. Co.*, 2008 WL 163669 (W.D.Wash. Jan.14, 2008) (holding that attorney-client privilege did not attach where attorneys were acting as couriers of factual information rather than as legal advisors).

[50] *In re Sealed Case*, 737 F.2d 94, 98-99 (D.C. Cir. 1984).

[51] *U.S. v. Chevron Texaco Corp.*, 241 F.Supp. 2d 1065 (2002)(Privilege does not protect business advice); *See also, e.g., Am. Civil Liberties Union of N. California v. Dep't of Justice*, No. 13-CV-03127-MEJ, 2015 WL 4241005, at *4 (N.D. Cal. July 13, 2015); *Riverkeeper v. U.S. Army Corps of Engineers*, 38 F. Supp. 3d 1207, 1223 (D. Or. 2014) (communication between two government attorneys not privileged where no legal advice was provided but instead just the general policies of the agency); *Riverkeeper v. U.S. Army Corps of Engineers*, 38 F. Supp. 3d 1207, 1223 (D. Or. 2014) (government's claim that certain documents were"provided to agency attorneys [among other, non-attorney Corps personnel] in confidence seeking their legal review and advice, in their capacity as legal advisors to the agency, and w [ere] not disclosed to parties outside the agency" was insufficient to establish privilege.); 48 Fine v. Facet Aerospace Prods. Co., 133 F.R.D. 439, 444 (S.D.N.Y. 1990) (report not privileged where communications by in-house counsel were likely made for general business purposes and the report contained no legal advice); *United States Postal Service v. Phelps Dodge Ref. Corp*, 852 F.Supp. 156, 163 (E.D.N.Y. 1994) (communications relating to lobbying and legislative activities between in-house counsel and law firm retained to lobby not privileged).

---

DEFENDANT THE GEO GROUP, INC.'S MOTION FOR IN
CAMERA REVIEW AND TO ORDER STATE TO FILE GEO'S
EXHIBIT 231 IN NATIVE FORMAT WITHOUT FULL PAGE
REDACTIONS FOR USE AT TRIAL
(3:17-CV-05806-RJB) – PAGE 7

54490140;2

**III BRANCHES LAW, PLLC**

Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

entitled.[52] Likewise, in Washington, under Washington Rule of Professional Conduct 1.13(h) "when a lawyer who is not a public officer or employee represents a discrete governmental agency or unit that is part of a broader governmental entity, the lawyer's client is the particular governmental agency or unit represented, and not the broader governmental entity of which the agency or unit is a part." AAG Baker has no presumptive protections simply because she was an attorney. She was not working as an attorney for L&I at the time she sent the Memo to Ms. Fellin. Ms. Baker identified her client as the Civil Rights Division of the Attorney General's Office.[53] Thus, under the professional conduct rules, she represented only that division. As such, she was authorized only to act in an advisory role for the Civil Rights Division. Ms. Fellin was not acting in a legal role either, she was L&I's Legislative Director. The Memo educated a Legislative Director about "NWDC" so that she could speak competently with constituents, Legislators, and media. These reasons are business related to her communications and lobbying duties.

2.      Waiver

Because the NWDC Memo is not privileged, the Court needs to address waiver. But, if it does, the redactions remain improper. Waiver is a mixed question of law and fact, typically necessitating in camera review.[54] The privilege that protects attorney-client communications may not be used both as a sword and a shield, and any effort to use the privilege unfairly results in a waiver. Where a party raises a claim which in fairness requires disclosure of the protected communications, the privilege may be implicitly waived.[55] The State claims the NWDC Memo was protected even though the Civil Rights Division used the Memo to educate a different agency spokesperson about NWDC. The Attorney General's Office waived its claimed privilege in two ways.

First, e-mailing the Memo to Ms. Fellin for business reasons and not litigation purposes

---

[52] *Id.* at 1076.
[53] Mell Dec. Ex. 4 (AAG Time Sheets).
[54] *Sanders*, 169 W. 2d at 131.
[55] *Chevron Corp., v Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992).

DEFENDANT THE GEO GROUP, INC.'S MOTION FOR IN CAMERA REVIEW AND TO ORDER STATE TO FILE GEO'S EXHIBIT 231 IN NATIVE FORMAT WITHOUT FULL PAGE REDACTIONS FOR USE AT TRIAL (3:17-CV-05806-RJB) – PAGE 8

54490140;2

III BRANCHES LAW, PLLC

Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

where the Memo then circulated around L&I for years waived any confidentiality protection.[56]

Second, the State implicitly waived any privilege when in its lawsuit the AG claimed that GEO

should have known the law was something other than what the involved agency had interpreted it

to be for years based upon legal advice from the AG's office. The fact that an agency acted upon

legal advice is not privileged.[57] Where a party puts legal advice directly at issue work product

privilege is waived.[58] An attorney's mental impressions are not protected from discovery under the

attorney work product doctrine if what the attorney knew and when he knew it is directly at issue

in the litigation.[59] It is relevant that the AG's office has had two contradicting opinions about the

application of the MWA and had so informed L&I, L&I considered both opinions, and after

consideration of both opinions, L&I took no enforcement after receiving both opinions. L&I has

never taken any enforcement action for wage and hour laws for detainees due to the legal advice

received.

It is reasonable for a jury to find then that GEO had a reasonable good faith belief that as

has been the case for decades, detainees are not "employees" under either federal or state law. The

fact that GEO was not acting in violation of the law as L&I understood the law to be based upon

sound legal advice will be convincing proof that GEO has not intentionally nor negligently

violated the law or acted inappropriately. GEO should not have to disgorge its profits to the AG's

Civil Rights Unit for political reasons when the AG's Labor and Industries Unit has advised L&I

and the Governor that the State federal detainees at NWIPC could not be considered "employees"

under state law.

While the fact that L&I never enforced the MWA against GEO is no secret, the content of

the NWDC Memo adds affirmative or direct proof that the State's case is unfair and politically

---

[56] Dkt. 300 at 101 (Johnson e-mail) and Mell Dec. Ex. 6 (Sept. 18, 2017 Fellin e-mail forwarding Baker's Memo). See *Morgan v. City of Federal Way,* 166 Wn. 2d. 747, 213 P3d596 (2009).

[57] *Aspex Eyewear, Inc. v. E'Lite Optik, Inc.*, 276 F.Supp.2d 1084 (D. Nev. 2003); *State Farm Mut. Auto. Ins. Co.*, 203 Fed. Appx. 827 (9th Cir. 2006).

[58] *Hearn v. Rhay*, 68 F.R.D. 574, 583 (E.D. Wash. 1975); *McCarthy v. Barrett*, No. C09-5120RBL, 2013 WL 12416487, at *1 (W.D. Wash. Jan. 2, 2013) ("Permitting the City to both rely on the advice it obtained and to shield the substance of that advice from further inquiry would be manifestly unfair.").

[59] *Soter v. Cowles Pub. Co.*, 131 Wn. App. 882, 895, 130 P.3d 840 (2006).

DEFENDANT THE GEO GROUP, INC.'S MOTION FOR IN
CAMERA REVIEW AND TO ORDER STATE TO FILE GEO'S
EXHIBIT 231 IN NATIVE FORMAT WITHOUT FULL PAGE
REDACTIONS FOR USE AT TRIAL
(3:17-CV-05806-RJB) – PAGE 9

54490140;2

**III BRANCHES LAW, PLLC**

Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

motivated. The identity of facts and legal issues between the AG Civil Rights Division's advice and the AG Labor and Industries Division's advice are relevant to show nothing changed between 2014 when the Governor and L&I first declined to enforce the MWA at NWIPC's VWP and 2017 when the AG decided to enforce the MWA at NWIPC'S VWP on his own. If L&I declined enforcement of the MWA based upon sound legal advice historically that mirrors factually and legally what the Civil Rights Unit used to reach its contrary conclusion in 2017, GEO has direct, not just circumstantial proof, that GEO like L&I had legitimate reasons for not classifying detainees as "employees" under the MWA through 2017 and up to the time L&I determined otherwise. Obviously, the NWDC Memo contains factual information and assumptions about what L&I knew that informed its historical position against enforcement and whether there were any new reasons to change course later when the Civil Rights Division elected to pursue enforcement on its own. GEO will argue the MWA was sufficiently vetted in 2014 and the only change with respect to enforcement was the political motivations of the Attorney General.

Presumably the State intends to use the common interest doctrine to argue like it did in *Sanders v. State* that it had not waived the privilege when sharing privileged communications with a non-client agency.[60] *Sanders* was a Public Records Act case that did not finally decide all the privilege issues here specific to waiver. Former Justice Sanders made the point effectively that only communications pertaining to legal advice should be privileged; otherwise, he maintained "every phone call" from an AGO to a government agency would be privileged.[61] The Court never finally resolved this question, saving the ultimate legal determination for another day. Instead the *Sanders* court focused on analyzing the specific documents presented. The Court held that privilege may be asserted under the Public Records Act ("PRA") for communications between agencies where there exists a common interest. The Court explained that the common interest doctrine should be treated as an exception to the waiver doctrine. The Court looked at whether the two agencies were multiple parties to the same litigation sharing confidential communications

---

[60] *Sanders v. State*, 169 Wn. 2d 827, 240 P.3d 120 (2010).
[61] *Sanders*, 169 Wn. 2d at 853.

DEFENDANT THE GEO GROUP, INC.'S MOTION FOR IN CAMERA REVIEW AND TO ORDER STATE TO FILE GEO'S EXHIBIT 231 IN NATIVE FORMAT WITHOUT FULL PAGE REDACTIONS FOR USE AT TRIAL (3:17-CV-05806-RJB) – PAGE 10

54490140;2

III BRANCHES LAW, PLLC

Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

1 pertaining to their common claims or defenses.[62]

2  Here we have two distinct State agencies. One agency has chosen to initiate litigation and

3 the other agency has not. The Executive and his agency with express authority to enforce the

4 MWA chose not to enforce it, while a competing elected public official opted to use his separate

5 general powers to enforce it. Both agencies were state agencies, relying upon internal legal

6 opinions that were inapposite. The AG's Civil Rights Division formulated an opinion to benefit the

7 AG while the AG's Labor and Industry Division lawyers formulated an opinion for the L&I

8 Director and Governor, which they relied upon to forgo litigation.[63]  The separate representation of

9 each agency is consistent with WRPC 1.13(h). Additionally, the AGO put at issue whether the

10 legal arguments of its Civil Rights Unit were superior to those of its L&I Unit when the AG opted

11 to sue GEO in his *parens patria* capacity and not on behalf of or in the name of the Director of

12 L&I. There is no common interest between L&I and the AGO's Civil Rights Unit. They will not be

13 sharing the proceeds of this litigation, if any, nor the costs of it. L&I has expressly taken no

14 position in the AG's lawsuit.[64] The common interest doctrine does not protect the NWDC Memo.

15  3. Not Work Product

16  The State has entirely redacted the content of the NWDC Memo as if all eleven pages and

17 all lines and words on every page contain the thought processes of an attorney in anticipation of

18 litigation. Work product rarely protects ALL content in a Memo. Work product does not protect

19 materials that are not prepared in anticipation of litigation. Whether an AAG prepared the memo in

20 anticipation of litigation is not apparent from the face of the document produced. Timing wise the

21 memo was circulated sufficiently close to the lawsuit filing date that GEO assumes the actual

22 content will reveal that the Memo has nothing to do with preparation of the State's case, but rather

23 was created to convince the Governor, Director of L&I, Legislators, media and the public why the

24 AG should take it upon himself to sue GEO using public resources.

---

26 [62] *Id.*

[63] Mell Dec. Ex. 3 (Grice Dep).

27 [64] *Id.* at 84.

DEFENDANT THE GEO GROUP, INC.'S MOTION FOR IN
CAMERA REVIEW AND TO ORDER STATE TO FILE GEO'S
EXHIBIT 231 IN NATIVE FORMAT WITHOUT FULL PAGE
REDACTIONS FOR USE AT TRIAL
(3:17-CV-05806-RJB) – PAGE 11

54490140;2

**III BRANCHES LAW, PLLC**

Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

1                    a.    Facts Typically Not Work Product

2          Fact work product may be distinguished from opinion work product.[65] To the extent the

3   Memo sets forth facts, those facts should not be redacted where there is a showing of substantial

4   need for the information and the information cannot be otherwise obtained without undue

5   hardship. For example, if the NWDC Memo has facts about whether detainees live and sleep at the

6   facility, that would be highly relevant to GEO's defense to this action. As set forth previously,

7   GEO has a substantial need for the information - to defend its good faith belief that the MWA did

8   not apply to it, and the AG's suit is politically motivated. GEO cannot otherwise obtain the same

9   information from any other source without undue hardship. GEO attempted to depose agency

10  officials who had such direct knowledge who actually read the Memo. But the Court granted the

11  State's motion to quash, and GEO was denied access to Tammy Fellin, Dave Johnson, Elizabeth

12  Smith, and Director Sacks the senders and recipients.[66] L&I's speaking agent could not answer

13  questions about the Memo because he had not read it and did not know how it had been used.[67]

14                   b.    Opinions Must Relate to Analysis for Anticipated Litigation.

15         Simply labeling a Memo protected "work product" or "attorney client privileged" does not

16  protect the document from production.[68] Work product must be prepared "by or for another party

17  or by or for that other party's representative."[69] The AAG's civil rights unit where AAG Baker

18  worked was the client. AAG Baker did NOT prepare that Memo to inform herself or her division

19  of the merits of the lawsuit she and her civil rights division colleagues had just prepared. She and

20  her colleagues were likely convinced already of their own strategies. Instead, the AG's office

21  prepared that Memo to convince others that the AG's lawsuit was righteous. A Memo that urges

22  others to support the AG's use of public resources on a controversial lawsuit to extend wage and

23  hour protections to detained non-citizens is not work product. The Memo is a public relations and

---

[65] *California Sportfishing Protection Alliance v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638 (E.D. Cal. 2014); *McKenzie Law Firm, P.S. v. Ruby Receptionists, Inc.*, 333 F.R.D. 638 (D. Or. 2019).
[66] ECF 3:17-cv-05769 Dkt. 205 (Order on States MTN for Protective Order Quashing Subpoenas for Dep.).
[67] Dkt. 300 at 51 (Grice Dep) and Mell Dec. Ex. 3 at 112 (Grice Dep.).
[68] *In re Application of Republic of Ecuador*, 280 F.R.D. 506 (N.D. Cal. 2012).
[69] *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011).

DEFENDANT THE GEO GROUP, INC.'S MOTION FOR IN
CAMERA REVIEW AND TO ORDER STATE TO FILE GEO'S
EXHIBIT 231 IN NATIVE FORMAT WITHOUT FULL PAGE
REDACTIONS FOR USE AT TRIAL
(3:17-CV-05806-RJB) – PAGE 12

III BRANCHES LAW, PLLC

Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

54490140;2

lobbying piece intended for business purposes and to facilitate government operations.

Even if work product, as previously argued the work product opinions of the AG's office are directly at issue in this litigation and should be disclosed. The AG's office advised L&I not to enforce the MWA at NWIPC's VWP. Opinion or core work product is discoverable when mental impressions are at issue in a case and the need for the material is compelling.[70] Whether or not GEO knew or should have known that the State believed that detainees were "employees" under the MWA is the focal point of the State's case. Without question the State's position on the application of the MWA to NWIPC's VWP is direct objective proof that GEO's good faith belief that state law did not apply was reasonable. The same entity prosecuting the case has agreed historically with GEO that detainees at the NWIPC were not covered by the MWA. If others within the same entity thought otherwise those facts and why are discoverable.

4.      In Camera Review is Proper.

In order to correctly apply attorney-client privilege and work product doctrine the court may examine in camera the documents at issue.[71] In camera review to determine whether the documents are in fact privileged is appropriate.[72] In camera review is particularly appropriate where the volume of records to be reviewed are limited. Here, GEO asks the Court to review in camera an eleven page memorandum. In camera review is the only way to properly apply any applicable privilege and corresponding exception because there is little to no apparent privileged purpose for the Memo on the face of the document other than the title AAG Baker gave to it, which was "attorney-client privileged". In contravention to that title, she e-mailed the purportedly confidential communication to a non-client agency where it circulated among staff over time. In camera review is appropriate.

III.      CONCLUSION

---

[70] *McKenzie Law Firm, P.S. v. Ruby Receptionists, Inc.*, 333 F.R.D. 638 (D. Or. 2019).

[71] *In re Grand Jury Investigation*, 810 F.3d 1110 (9th Cir. 2016); *Federal Sav. and Loan Ins. Corp. v. Ferm*, 909 F.2d 372, (9th Cir. 1990).

[72] *See, e.g., In re Fish and Neave*, 519 F.2d 116, 118 (8th Cir. 1975); *Continental Coatings*, 50 F.R.D. at 384; 5 Moore ¶45.05(2), at 1723-24. (A documents which are claimed to be privileged should normally be produced for inspection by the judge in camera.").

DEFENDANT THE GEO GROUP, INC.'S MOTION FOR IN CAMERA REVIEW AND TO ORDER STATE TO FILE GEO'S EXHIBIT 231 IN NATIVE FORMAT WITHOUT FULL PAGE REDACTIONS FOR USE AT TRIAL (3:17-CV-05806-RJB) – PAGE 13

54490140;2

**III BRANCHES LAW, PLLC**

Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

1     For the reasons previously stated, GEO's motion for in camera review should be granted,

2  and the State should ultimately be ordered to file the Exhibit without full page redactions so that

3  the trier of fact may examine the Exhibit in full in its native format.

4     Dated this 4th day of September, 2020 at Hamilton, MT.

5  III Branches Law, PLLC

6

7  _____

8  Joan K. Mell, WSBA # 21319

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT THE GEO GROUP, INC.'S MOTION FOR IN
CAMERA REVIEW AND TO ORDER STATE TO FILE GEO'S
EXHIBIT 231 IN NATIVE FORMAT WITHOUT FULL PAGE
REDACTIONS FOR USE AT TRIAL
(3:17-CV-05806-RJB) – PAGE 14
54490140;2

**III BRANCHES LAW, PLLC**

Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

1

**PROOF OF SERVICE**

2       I Kristi Rigsby, hereby certify that the foregoing document was electronically filed with

3    the United States District Court using the CM/ECF system. I certify that all participants in this

4    case are registered CM/ECF users and that service will be accomplished by the appellate CM/

5    ECF system.

6

7       DATED this 4th day of August, 2020 at Fircrest, Washington.

8

9    _____

     Kristi Rigsby, Legal Assistant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PROOF OF SERVICE
(3:17-CV-05806-RJB) – PAGE 15

**III BRANCHES LAW, PLLC**
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

54490140;2

# Appendix

**From:** "Baker, La Rond (ATG)" <LaRondB@ATG.WA.GOV>
**Date:** September 18, 2017 at 6:08:16 PM PDT
**To:** "Fellin, Tammy (LNI)" <felu235@LNI.WA.GOV>
**Subject: ATTORNEY-CLIENT PRIVILEGED - NWDC Memo**

Tammy,
If you have any questions or would like to discuss this further please do not hesitate to
give me a call.
Thank you,
La Rond Baker
Assistant Attorney General
Wing Luke Civil Rights Unit
Office of the Washington Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206.516.2999
206.464.6451 (fax)

ATTORNEY CLIENT PRIVILEGED COMMUNICATIONS





















