The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                    Plaintiff,<br><br>          v.<br><br>THE GEO GROUP, INC.,<br><br>                    Defendant. | CIVIL ACTION NO. 17-cv-05806-RJB<br><br>PLAINTIFF STATE OF WASHINGTON'S REPLY IN SUPPORT OF MOTION FOR TRIAL SETTING IN PERSON OR BY ZOOM<br><br>NOTE ON MOTION CALENDAR:<br>February 26, 2021 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PLAINTIFF STATE OF WASHINGTON'S
REPLY IN SUPPORT OF MOTION FOR
TRIAL SETTING IN PERSON OR BY ZOOM

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# I.      INTRODUCTION

Washington accepts GEO's proposal to set a trial date in June or July 2021, a date the *Nwauzor* plaintiffs are also available.[1] The Court should make clear in its order that the trial will proceed on that date, and by Zoom if necessary. Nothing in GEO's Opposition justifies the continued delay of trial and denial of justice to Washington and its residents harmed by GEO's practices. Washington's case to enforce the Minimum Wage Act has been pending for nearly three and a half years, trial has been delayed for nearly two, and prejudice of delay compounds daily as GEO continues to employ vulnerable NWDC residents who labor for $1/day—causing harm to Washington's economy, those workers, and Tacoma-area residents who would otherwise perform that work. The time this case has been pending, and the impact of the ongoing, unlawful labor practices, are factors unique to this case that require a trial — remote, if necessary.

While the initial disruptions to the civil justice system caused by the pandemic were unavoidable, this Court possesses the authority and tools to fully and fairly try this case by Zoom. GEO fails to rebut that authority or the overwhelming evidence of successful remote trials in this district. Logistics concerns are always present at trial—whether live or Zoom—and the Court and the parties are well-equipped to address all of GEO's practical concerns. Thus, Washington respectfully requests that the Court accept the parties' joint proposal to set a three week trial in June or July 2021 (or as soon thereafter as possible). The Court should order that the trial proceed in person, if the circumstances permit, but otherwise should go forward by Zoom.

# II.      ARGUMENT

## A.      The Court Has the Authority to Hold Remote Trials Over a Party's Objection

While GEO correctly notes that the Western District's authorization of remote trials doesn't *require* a Court to order a remote trial over the objections of a party, ECF No. 434 at 6, it cites no authority for the proposition that Courts cannot do so. Further, in arguing that the Court should not order a remote trial, ECF No. 434 at 2-6, GEO entirely ignores, and fails to

---

[1] Plaintiffs' counsel conferred and *Nwauzor* is available for trial in-person or by Zoom in June/July 2021.

PLAINTIFF STATE OF WASHINGTON'S
REPLY IN SUPPORT OF MOTION FOR
TRIAL SETTING IN PERSON OR BY ZOOM

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  rebut, the Federal Rules of Civil Procedure and case law cited by Washington to the contrary:

2  Courts have well-established authority to conduct proceedings virtually and have been doing so

3  in the pandemic. ECF No. 432 at 5-8; *see also* Fed. R. Civ. P. 77(b) ("Every trial on the merits

4  must be conducted in open court and, *so far as convenient,* in a regular courtroom.") (emphasis

5  added); Fed. R. Civ. P. 43(a) ("For good cause in compelling circumstances and with appropriate

6  safeguards, the court may permit testimony in open court by contemporaneous transmission from

7  a different location."); *Gould Elecs. Inc. v. Livingston Cnty. Rd. Comm'n*, 470 F. Supp. 3d 735,

8  738, 740 (E.D. Mich. 2020); *Guardant Health, Inc. v. Found. Med., Inc.*, No. 17-1616-LPS-CJB,

9  2020 WL 6120186, at *3 (D. Del. Oct. 16, 2020) ("Federal Rules . . . contemplate the use of

10  remote witness testimony, even in jury trials."); *Beltran-Tirado v. I.N.S.*, 213 F.3d 1179, 1186

11  (9th Cir. 2000) (telephonic testimony for out of state witness). GEO previously conceded the

12  remote testimony decision falls within Rule 43(a) and Court discretion. *See* ECF No. 430 at 9.

13  　　　　Based upon this authority, and contrary to GEO's assertions, ECF No. 434 at 2–4, many

14  courts have ordered all-virtual civil trials, or hybrid trials with remote witness testimony, over a

15  defendant's objection—including jury trials. For example, over the defendant's objection that

16  trial should be delayed until 2021, when it could be conducted in person, the *Guardant* Court

17  ordered a jury trial to proceed in November 2020 with *all* witness testimony conducted by video

18  from remote locations. *Guardant Health, Inc.*, 2020 WL 6120186, at *3. Likewise, the *Tanner*

19  Court denied defendant's motion to continue trial (and motion for reconsideration), and ordered

20  an all virtual jury trial over defendant's objections in light of COVID-19. ECF No. 433-5 (Order

21  re Mot. to Continue Trial, *Tanner v. State Farm*, No. 3:19-cv-00253-SLG (D. Alaska Dec. 28,

22  2020)). The WAWD has led the way by conducting six remote trials with success in the past few

23  months, including at least four civil jury trials, despite defendants' objections in three of them.

24  *See, e.g., Goldstine v. FedEx Freight, Inc.*, No. 2:18-cv-01164 (W.D. Wash) (discrimination);

25  ECF No. 433-1 at 3 (Bloom Decl.); *Dallo v. Holland Am. Line N.V., LLC*, No. 2:19-cv-00865

26  (W.D. Wash.) (personal injury); ECF No. 433-3 at 3 (Friedman Decl.); *Orn v. City of Tacoma*,

PLAINTIFF STATE OF WASHINGTON'S
REPLY IN SUPPORT OF MOTION FOR
TRIAL SETTING IN PERSON OR BY ZOOM

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    No. 3:13-cv-05974 (W.D. Wash.) (excessive force); ECF No. 433-2 at 3 (Cochran Decl.).

2           Courts have also proceeded with complex remote bench trials. For example, because of

3    COVID-19, the *Gould* Court ordered a bench trial in an environmental case by videoconference

4    over defendant's objection. *Gould Elecs. Inc. v. Livingston Cnty. Rd. Comm'n*, 470 F. Supp. 3d

5    735, 738 (E.D. Mich. 2020). GEO also misstates the procedural history of the *Centripetal* case

6    and wrongfully accuses Washington of misrepresentating that Court's order, ECF No. 434 at 3–

7    4, when Washington actually and correctly cited to the relevant *prior* decision in that case as an

8    example of courts ordering remote trials for good cause and over defendant opposition because

9    of COVID-19. *See* ECF No. 432 at 8. In the April 2020 decision, *prior* to the October 2020

10   decision discussed at length by GEO in its brief, ECF No. 434 at 3–4, the *Centripetal* court

11   denied defendant's Motion Opposing Trial Entirely by Videoconference and ordered the patent

12   infringement case to proceed virtually in light of the national emergency. *Centripetal Networks,*

13   *Inc. v. Cisco Sys., Inc*., No. 2:18cv94, 2020 WL 3411385, at *1 (E.D. Va. Apr. 23, 2020).

14   Following a virtual twenty-two-day trial with nearly forty witnesses, the *Centripetal* Court

15   celebrated success: "the parties joined in congratulating the Court's staff for their handling of the

16   trial evidence by means of the video platform." *Centripetal Networks, Inc. v. Cisco Sys., Inc.*,___

17   F. Supp. 3d. ___, No. 2:18cv94, 2020 WL 5887916, at *2–3 (E.D. Va. Oct. 5, 2020).

18          GEO also continues to raise vague allegations of unfairness that it says amount to Due

19   Process violations, ECF No. 434 at 2, 8, but still cites no authority or analysis to support the

20   challenge and fails to rebut the specific authority cited by Washington that the Due Process

21   clause does not require that sworn witness testimony and cross-examination be in person in a

22   common physical space. *See* ECF No. 432 at 9. *See also*, *Gould Elecs. Inc.*, 470 F.Supp.3d at

23   738 (COVID-19 context)*; Beltran-Tirado*, 213 F.3d at 1186 (out-of-state witness).

24          Finally, GEO cites no case establishing that there is a Seventh Amendment prohibition

25   to virtual trials, ECF No. 434 at 5–6, because there is none. While the Constitution preserves

26   "the right of trial by jury," conducted "in the presence and under the superintendence of a judge,"

PLAINTIFF STATE OF WASHINGTON'S
REPLY IN SUPPORT OF MOTION FOR
TRIAL SETTING IN PERSON OR BY ZOOM

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    ECF No. 434 at 5–6 (citing *Cap. Traction Co. v. Hof*, 174 U.S. 1, 13–14 (1899)), GEO

2    misinterprets that as a requirement that judges and juries be "face-to-face," unmediated by

3    technology. ECF No. 434 at 6. But "presence and superintendence" relates not to a judge's

4    physical proximity to the jury but to judicial function: "a judge empowered to instruct them on

5    the law and to advise them on the facts, and (except on acquittal of a criminal charge) to set aside

6    their verdict, if, in his opinion, it is against the law or the evidence." *Cap. Traction Co.*, 174 U.S.

7    at 13–14. A judge presiding over a virtual trial controls the admission of evidence and instructs

8    the jury on the law, just the same. Even if GEO's "face-to-face" rule was supported by law,

9    which it is not, the WAWD provides detailed procedures and operational direction for judicial

10   management and superintendence of juries during remote trials that ensures jurors *can* be seen

11   and observed on screen. Further, when trials resume in person, it is likely that jurors, counsel,

12   and witnesses will be required to wear masks and socially distance during portions of the

13   proceedings, imposing even greater barriers to "face-to-face" observation—an impediment that

14   remote Zoom trials eliminate. As judges in this district have experienced, the all-Zoom trial

15   provides a platform with maximum benefit and minimal interruptions or harm from COVID-19.

16   **B.    GEO's Remaining Objections to a Remote Trial Are Not Otherwise Supported**

17        GEO's other objections to remote trial and Washington's motion similarly have no merit.

18        First, GEO contends Washington submitted the declarations of Beth Bloom and other

19   counsel who participated in remote federal trials in WAWD without providing the "context" of

20   the Superior Court case in which they were originally filed. ECF No. 434 at 2. But the import of

21   those declarations is to illustrate the success of remote trials in WAWD, ECF No. 432 at 6, which

22   GEO does not dispute. In any event, as even GEO's selective excerpts of the *Erickson v.*

23   *Monsanto* decision make plain, the Court's decision to wait for an in-person trial was motivated

24   by the distinct issues present in that case—complex product liability regarding past PCB

25   exposure requiring a three-month trial with ninety witnesses and no urgency (i.e. no ongoing

26   exposure, treatment or health effects). ECF No. 435-2 at 3. Further, the *Erickson* court's decision

PLAINTIFF STATE OF WASHINGTON'S
REPLY IN SUPPORT OF MOTION FOR
TRIAL SETTING IN PERSON OR BY ZOOM

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1   to continue the trial "until June . . . to allow vaccine distribution and the resumption of in-person

2   trials in King County Superior Court," expressly contemplates reconsideration, if needed, as well

3   as technological "alternatives, including the aforementioned jury-by-Zoom." ECF No. 435-3

4   at 3. Indeed, the King County Superior Court has proceeded with many all-Zoom civil jury trials

5   consistent with the findings of "good cause and compelling circumstances" contained in its

6   General Order issued in January. *See* Emergency Order #28 Re: Suspending In-Person Jury

7   Trials for Civil Cases to March 29, 2021, *In re Response by King Cnty. Superior Ct. to Pub.*

8   *Health Emergency in Wash. State* (King Cnty. Super. Ct. Jan. 22, 2021),

9   https://www.kingcounty.gov/~/media/courts/superior-court/docs/COVID-19/FILED-

10  Emergency-Order28-KCSC-210120503.ashx?la=en.

11       In contrast, the *Erickson* court's description of technological problems quoted at length

12  by GEO arose from an experience with a *hybrid* "trial in which everyone was present in the

13  courtroom *except* the jurors, who appeared from home by Zoom." ECF No. 434 at 3; ECF No.

14  435-3 at 3. In that context, the jurors complained that "everyone involved either appeared alone

15  on the screen (if talking) or everyone appeared at one time, within a small video square among

16  a screen of small squares," making it hard to see. *Id*. The judge specifically contrasted the

17  problems in that hybrid model with the preferable, all-virtual approach taken by the WAWD:

18  "In a total Zoom trial, not using a courtroom, the attorney and witness could share and be visible

19  on one screen." *Id*. The judge had not yet presided over an all-Zoom trial and speculated about

20  other technical issues, including the possibility that jurors could change their view and not be in

21  sync. *Id.* Judges and attorneys in federal court who *have* used the all-Zoom format report that it

22  results in an *enhanced* ability to view witness faces and judge credibility while they testify. *See,*

23  *e.g*., ECF No. 429-2 at 3, 4 (Judge Pechman); ECF No. 433-1 (Beth Bloom Decl. ¶ 11).

24       Second, GEO criticizes Washington because another division of the Office of the

25  Attorney General representing a state agency defendant objected to a Zoom trial in that case.

26  ECF No. 434 at 4-5. But that is not an enforcement action by Washington that has been pending

PLAINTIFF STATE OF WASHINGTON'S
REPLY IN SUPPORT OF MOTION FOR
TRIAL SETTING IN PERSON OR BY ZOOM

5

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  for nearly three and a half years, with detrimental trial delays imposed upon the State, and

2  ongoing daily harm to Washingtonians. Here, the prejudice arising from yet further delay of the

3  enforcement of the Minimum Wage laws seriously and negatively impacts Washington and its

4  residents and denies Washington its day in court. And as noted in Washington's opening brief

5  and above, Washington need not speculate that a remote trial can proceed successfully here—as

6  several Zoom trials have under the watch of more than one judge in this district.

7           Finally, GEO complains that Washington did not repeatedly confer with GEO about its

8  position, objected to defense trial exhibits, and failed to address concerns related to the varying

9  time zones of its testifying witnesses. ECF No. 434 at 6–7. But none of GEO's assertions hold

10  water. The parties conferred two months ago about a remote trial and filed a Joint Status Report

11  on the issue. ECF No. 430. GEO refused to consider the prospect of a remote trial, so there was

12  no discussion about how to solve issues, like exhibit objections made by both parties, that would

13  arise if the case proceeded by Zoom. GEO's concerns about the locations of its witnesses are no

14  different than those faced in remote depositions (which occurred successfully in this case) and

15  no more disruptive than witnesses travelling to testify in person. If anything, remote testimony

16  *reduces* the danger of travel, inconvenience and expense of out of state witnesses.

17           None of GEO's logistical concerns militate against a remote trial. They instead suggest

18  the need for collaboration in streamlining exhibits and determining how to approach objections,

19  as well as the scheduling of witnesses. As the Court well knows, these issues must be discussed

20  in preparation for any trial. Washington is fully committed to working as a partner with the Court

21  and GEO's counsel in addressing logistical and practical concerns in advance to ensure a fair

22  and efficient trial for all parties and participants. Once the Court sets a trial date, and determines

23  that a Zoom platform will be used if needed, the parties can work to address these concerns.

24                              **III.    CONCLUSION**

25           Washington respectfully asks the Court to set the consolidated trial for June/July 2021,

26  and order that it be conducted remotely, unless WAWD General Orders permit them in person.

PLAINTIFF STATE OF WASHINGTON'S
REPLY IN SUPPORT OF MOTION FOR
TRIAL SETTING IN PERSON OR BY ZOOM

6

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    DATED this 26th day of February 2021.

2

3                                        Respectfully submitted,

4                                        ROBERT W. FERGUSON
                                         Attorney General of Washington
5

6                                        s/ *Andrea Brenneke*
                                         MARSHA CHIEN, WSBA No. 47020
7                                        ANDREA BRENNEKE, WSBA No. 22027
                                         LANE POLOZOLA, WSBA No. 50138
8                                        PATRICIO MARQUEZ, WSBA No. 47693
                                         Assistant Attorneys General
9                                        Office of the Attorney General
                                         800 Fifth Avenue, Suite 2000
10                                       Seattle, WA 98104
                                         (206) 464-7744
11                                       marsha.chien@atg.wa.gov
                                         andrea.brenneke@atg.wa.gov
12                                       lane.polozola@atg.wa.gov
                                         patricio.marquez@atg.wa.gov
13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF STATE OF WASHINGTON'S                7              ATTORNEY GENERAL OF WASHINGTON
REPLY IN SUPPORT OF MOTION FOR                                        Civil Rights Division
TRIAL SETTING IN PERSON OR BY ZOOM                                800 Fifth Avenue, Suite 2000
                                                                    Seattle, WA 98104-3188
                                                                        (206) 464-7744

1

## CERTIFICATE OF SERVICE

2        I hereby certify that the foregoing document was electronically filed with the United

3  States District Court using the CM/ECF system. I certify that all participants in the case are

4  registered CM/ECF users and that service will be accomplished by the CM/ECF system

5

6        Dated this 26th day of February 2021.

7

8                                                      CAITILIN HALL
                                                       Legal Assistant
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF STATE OF WASHINGTON'S
REPLY IN SUPPORT OF MOTION FOR
TRIAL SETTING IN PERSON OR BY ZOOM

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744