UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THE GEO GROUP, INC.,<br><br>　　　　　Defendant. | C17-5806RJB |
| UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>　　　　　Defendant | C17-5769RJB<br><br><br>ORDER GRANTING MOTION FOR TRIAL SETTING IN PERSON OR ZOOM AND SETTING SCHEDULE |

　　　This matter comes before the Court on Plaintiff State of Washington's Motion for Trial Setting In Person or Zoom (C17-5806RJB, Dkt. 432) and also on the Court's Order for Status

ORDER GRANTING MOTION FOR TRIAL SETTING IN PERSON OR ZOOM AND SETTING SCHEDULE - 1

1  Conference (C17-5806RJB, Dkt. 437). The Court conducted the referenced status conference by
2  Zoom on March 16, 2021, and made certain oral rulings that are memorialized herein. The Court
3  has considered the contents of the files in both cases, all documents filed in support of and in
4  opposition to the motion, as well as the parties' Joint Report Regarding Remote Trial
5  Proceedings (C17-5806RJB at Dkt. 430 & C17-5769RJB at Dkt. 314) and the events of the
6  status conference. The Court is fully advised.

## REMOTE TRIAL

These cases were set to begin trial on April 13, 2020, but were continued due to the COVID-19 pandemic and the Court's General Order on March 20, 2020 (C17-5806RJB Dkt. 360). The final Pretrial Conference was held on May 1, 2020 (C17-5806RJB at Dkt. 387) and a Final Pretrial Order (C17-5806RJB at Dkt. 388) was filed on May 6, 2020.  Since that time, the cases have been on the Court's calendar in standby status, to be called for trial as the first civil jury cases when the pandemic allows jury trials.

Since the events of last spring, other judges in this district have conducted civil jury trials on the Zoom platform and report that fair trials have been conducted. The Western District of Washington has produced substantial materials to aid counsel, court staff and judges in conducting trials on the Zoom platform. The Court is satisfied that it has the authority to order a remote trial even over the objection of one or all parties. [1]

The Western District of Washington Chief Judge has issued a series of orders regarding the conducting of trials during the COVID-19 pandemic, and an additional General Order is

---

[1] *See*, for example, Judge Rothstein's Order Directing Jury Trial by Videoconference in *Liu v State Farm*, C18-1862BJR.

ORDER GRANTING MOTION FOR TRIAL SETTING IN PERSON OR ZOOM AND SETTING SCHEDULE - 2

expected soon. Hopefully, a traditional courtroom jury trial will be possible by June 1, 2021, but that remains to be seen.

It appears to the Court, and the Court finds, that these cases can not be further delayed without a firm setting, without serious harm to the interests of justice. It further appears to the Court, and the Court finds, that it is likely that, due to the COVID-19 pandemic, a traditional courtroom trial may not be possible for a trial date of June 1, 2021, without seriously jeopardizing public health and safety.

Under these circumstances, the Court and counsel should prepare for a remote trial on the Zoom platform, subject to returning to a traditional format should that be possible in whole or in part by the trial date set.

**HEARINGS AND TRIAL SETTINGS**

For the foregoing reasons, the following hearing and trial dates are hereby set:

Trial First Phase to begin on Tuesday, June 1, 2021 at 9:30 a.m.

Hearing to Consider admissibility of Trial First Phase contested exhibits insofar as possible set for Wednesday, April 28 at 2021 at 9:30 a.m. Counsel should provide hard copies of those exhibits to the Court by April 21, 2021.

Supplemental Final Pretrial Conference and technology check set for Friday, May 21, 2021, at 8:30 a.m.

ORDER GRANTING MOTION FOR TRIAL SETTING IN PERSON OR ZOOM AND SETTING SCHEDULE - 3

# ORDER FOR REMOTE TRIAL

The Court ORDERS that the jury trial scheduled to commence on June 1, 2021, at 9:30 a.m., be conducted using the following procedures and protocols.

**A.     Remote / Virtual Trial Format**

   1.   The entire trial, including jury deliberations, will take place using the ZoomGov.com platform. The parties, counsel, witnesses, jurors, and court staff will not be physically present in the courtroom.

   2.   The public will have telephonic access via a number published on the Court's trial calendar.

**B.     Preparation**

   1.   Counsel shall familiarize themselves with the ZoomGov.com and Box.com platforms by reviewing the tutorials located at https://www.wawd.uscourts.gov/attorneys/remotehearings.

   2.   Counsel shall ensure that they and each of their witnesses have the hardware, software, data bandwidth, and Internet access required to participate remotely. The minimum system requirements are posted at https://www.wawd.uscourts.gov/attorneys/remotehearings.

   3.   Counsel shall also ensure that they have one or more alternative means of communicating with their clients and witnesses, as well as with the Court, outside the ZoomGov.com platform (e.g., via cellular phone or email).

   4.   Counsel shall consider establishing a high-speed Internet connection (a hard-wired connection is generally preferable to a wireless Internet connection). Counsel shall also consider the feasibility of participating from their office if the impact of others

requiring Internet usage during the proceedings might impact a participant's connection speed.

**C.     Recording**

    1.     The Court will provide a court reporter for the trial. No part of the trial may be reproduced, distributed, or transmitted in any form or by any means, in whole or in part, by any participant (attorney, party, witness, or juror) or public observer. This prohibition includes any audio or video recording, photographs, and/or screenshots. The parties and counsel shall ensure that each trial participant for which they are responsible acknowledges and agrees to this prohibition.

**D.     Witnesses and Participants**

    1.     Counsel shall provide, via email to the Court's Trial Coordinator, Tyler Campbell, Courtroom Deputy at tyler_campbell@wawd.uscourts.gov the following information for each party, attorney, paralegal, legal assistant, trial or technical consultant, and witness who will participate remotely:

        Name

        Email address

        Phone number

        Participant status (e.g., party, attorney, witness, etc.)

    2.     Prior to trial, the Court's Trial Coordinator will supply to counsel the links for the ZoomGov.com sessions. Counsel shall forward the links to other participants, including witnesses, as appropriate.

    3.     After using the link to access the ZoomGov.com session, participants will enter a virtual waiting room. They will be admitted from the virtual waiting room into the

ORDER GRANTING MOTION FOR TRIAL SETTING IN PERSON OR ZOOM AND SETTING SCHEDULE - 5

virtual courtroom when appropriate. Counsel are responsible for notifying witnesses when and how they are expected to report to the virtual waiting room.

       4.      Participants who will not be examining witnesses, testifying, or otherwise presenting matters during the proceedings (e.g., attorneys, paralegals, legal assistants, and trial or technical consultants) shall use the ZoomGov.com platform controls to mute their microphones and deactivate their cameras.

       5.      During the virtual hearing, each party and all jurors will be visible on video with microphones muted.

       6.      Counsel and the witness are not to communicate through any other device or method while the witness is testifying. Counsel and the witness may be in the same room.

**E.**    **Exhibits**

       1.      Exhibits shall be numbered in advance of trial.

       2.      All exhibits shall be uploaded by counsel to the "Box.com" platform via one or more links that the Court's Trial Coordinator will provide via email prior to the trial date.

       3.      Exhibits as to which admissibility has been stipulated shall be uploaded to the Box.com folder labeled "Admitted Exhibits." Exhibits as to which admissibility is disputed shall be uploaded to the respective Box.com folders labeled "Plaintiff's Proposed Exhibits" and "Defendant's Proposed Exhibits." At the end of each trial day, the Court's Trial Coordinator and counsel will confer, and the Court's Trial Coordinator will transfer into the "Admitted Exhibits" folder any exhibits in the folders for

ORDER GRANTING MOTION FOR TRIAL SETTING IN PERSON OR ZOOM AND SETTING SCHEDULE - 6

"Plaintiff's Proposed Exhibits" and "Defendant's Proposed Exhibits" that have been offered and admitted into evidence.

4. After the close of evidence and before the jury begins deliberating, the Court's Trial Coordinator and counsel will confer to confirm that the "Admitted Exhibits" folder accurately reflects the evidence admitted during the course of trial. During their deliberations, the jurors will be provided access to the Box.com folder for "Admitted Exhibits."

5. Hard copies of all exhibits shall be delivered to the Court's courtroom deputy clerk Tyler Campbell, at 1717 Pacific Avenue Rm 3100, Tacoma, WA 98402 at least two (2) judicial days before the first day of trial. These exhibits shall be bound in one or more three-ring notebooks and appropriately tabbed by exhibit number. While testifying, each witness shall have available a copy of any exhibit that he or she will be expected to use or examine during the trial. The witness shall not access any copy of an exhibit unless and until instructed to do so by the examining counsel. With regard to exhibits as to which admissibility is disputed, the Court will conduct proceedings outside the presence of the jury during which counsel may present arguments and, if necessary, voir dire witnesses, using the screen-sharing function in ZoomGov.com to display the exhibits at issue from the respective Box.com folders. To the extent possible, the Court will rule on the admissibility of exhibits before a witness who is expected to use or examine such exhibits testifies.

6. The parties shall comply with Local Civil Rule 32(e) concerning the use of depositions at trial. Video depositions that are used as substantive evidence shall be broadcast via ZoomGov.com using the screen-sharing function. Counsel may, but are not

ORDER GRANTING MOTION FOR TRIAL SETTING IN PERSON OR ZOOM AND SETTING SCHEDULE - 7

required to, upload video depositions to their respective Box.com folders, but the recordings will not be transferred to the "Admitted Exhibits" folder. Transcripts of depositions used during the trial for impeachment or as substantive evidence need not be sealed prior to their use. Counsel may either show the portion of the transcript at issue to the witness using the screen-sharing function in ZoomGov.com or transmit the entire transcript to the witness via mail, email, or otherwise in advance of his or her testimony.

7. If a program or platform other than Box.com will be used to publish exhibits to the jury, then counsel shall file, prior to the first day of trial, a certification signed under penalty of perjury indicating that the exhibits to be displayed to the jury using the other program or platform are identical to the exhibits uploaded into the folders on Box.com.  The parties may use trial presentation technology to present exhibits through the screen share function in ZoomGov.com.

F. **Professionalism During the Trial**

1. **Ambient Noise Protocols**:

a. All participants who are not actively being questioned as a witness, asking questions of a witness, defending a witness, or providing or responding to opening statements, closing arguments, or other arguments, shall use the ZoomGov.com platform controls to mute their microphone and deactivate their video camera. The Court's Trial Coordinator, who will "host" the ZoomGov.com sessions, will mute any participant who fails to follow this protocol.

b. Participants using multiple devices in a single workspace to access the trial should avoid audio feedback issues by using the microphone and speakers on only one device at a time, or by using headphones.

ORDER GRANTING MOTION FOR TRIAL SETTING IN PERSON OR ZOOM AND SETTING SCHEDULE - 8

2. **Courtesy and Decorum**: To the extent possible, remote trial participants should conduct themselves in the same way they would if they were physically present in a courtroom. They should avoid interrupting someone who is speaking, except as necessary to raise an objection. Virtual trial participants should silence electronic devices other than the devices necessary to their remote participation, close unnecessary computer programs or applications (such as email or calendar notifications), and take steps to remove or minimize anything in their remote workspace that might distract from the integrity of the proceedings. The Court understands that conducting trial virtually, from one's home, for example, presents many challenges. The Court asks all remote participants to do their best to maintain professionalism in order to conduct a fair and efficient trial.

3. **Objections**: Counsel should raise their hand to signal an objection. When an objection is made, the witness shall stop talking until the Court rules on the objection. If the objection requires a discussion outside the presence of the jury, the jurors will be placed in the virtual jury room.

4. **Disconnection:** In the event that the Court, a party, an attorney of record, a witness, a juror, or anyone else necessary to the proceedings becomes disconnected from the remote trial, the trial will stop while the connection is reestablished. If the participant has difficulty reconnecting, he or she should call Tyler Campbell at (253) 882-3822.  In advance of calling a witness to the virtual stand, counsel must establish with the witness a protocol for contacting the witness in the event of disconnection and ensure that the alternative means of communication (e.g., a cellular phone) is operational.

ORDER GRANTING MOTION FOR TRIAL SETTING IN PERSON OR ZOOM AND SETTING SCHEDULE - 9

5.      **Appropriate Dress:**  Parties, witnesses, and counsel shall dress in the same manner as they would if they physically appeared in a courtroom.

6.      **Screen Names:**  Remote participants should endeavor to use a screen name in the ZoomGov.com platform that indicates their actual first and last names. As "host," the Court's Trial Coordinator will rename any participant whose screen name is incomplete, confusing, unprofessional, or otherwise improper.

IT IS SO ORDERED.  It is further

ORDERED that Plaintiff State of Washington's Motion for Trial Setting In Person or Zoom (C17-5806RJB, Dkt. 432) is hereby GRANTED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 17th day of March, 2021.

*[signature]*

ROBERT J. BRYAN
United States District Judge