The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THE GEO GROUP, INC.,<br><br>　　　　　Defendant. | CIVIL ACTION NO. 17-cv-05806-RJB<br><br>PLAINTIFF STATE OF WASHINGTON'S RESPONSE TO GEO'S MOTION TO DETERMINE LIMITATION PERIOD FOR STATE'S MINIMUM WAGE CLAIM AND/OR LIMIT SCOPE OF PHASE ONE EVIDENCE<br><br>NOTE ON MOTION CALENDAR:<br>May 21, 2021 |

PLAINTIFF STATE OF WASHINGTON'S
RESPONSE TO MOTION TO DETERMINE
LIMITATION PERIOD FOR STATE'S
MINIMUM WAGE CLAIM AND/OR LIMIT
SCOPE OF PHASE ONE EVIDENCE

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## I. INTRODUCTION

GEO's eleventh-hour attempt to resurrect its statute of limitations defense and categorically preclude Washington from presenting pre-September 2014 evidence proving GEO's MWA liability should be rejected. As this Court previously held, Washington's claims are not subject to any statute of limitation. ECF No. 44 at 9. Since the Court issued that ruling at the motion to dismiss stage, Washington sought and obtained discovery showing that GEO set up the detainee work program at the NWDC, dictated where detainees should work, set their pay rates, and did so while knowing ICE nowhere limited detainee pay to $1 per day. Based on this evidence, some of which pre-dates 2014, Washington intends to prove in Phase 1 of trial that detainee workers are employees under the MWA who must be paid the minimum wage. In light of Washington's claims and the Court's prior holdings, there is no reason to categorically exclude evidence regarding GEO's liability under the MWA that pre-dates September 2014. Since GEO's request to "streamline the issues" and exclude evidence is, at best, a vague and belated motion in limine and would eliminate evidence that relates squarely to liability in both Washington's case and the Private Class Action, the Court should deny GEO's motion.

## II. ARGUMENT

### A. GEO's Motion Is Untimely

GEO's motion is untimely in multiple respects.[1] As an initial matter, it is a belated motion for reconsideration that should be summarily rejected. GEO self-styles its motion as one to "determine the limitations period for the State's [minimum wage] claim," an issue on which GEO states "no ruling has been made." ECF No. 456 at 1. But GEO is wrong. The Court, early in this case, struck GEO's statute of limitations defense as "legally insufficient." ECF No. 44 at 9. Later, the Court granted Washington summary judgment and dismissed GEO's laches defense. ECF No. 202 at 8–9. GEO's motion to limit evidence based on a non-applicable statute

---

[1] In addition, GEO's motion should have been noted as a Third-Friday motion to be considered no earlier than May 28, 2021. *See* Local Rules W.D. Wash. (LCR) 7(d)(3). Washington nevertheless files this response as GEO has noted it.

PLAINTIFF STATE OF WASHINGTON'S
RESPONSE TO MOTION TO DETERMINE
LIMITATION PERIOD FOR STATE'S
MINIMUM WAGE CLAIM AND/OR LIMIT
SCOPE OF PHASE ONE EVIDENCE

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

of limitations is thus nothing more than a request for reconsideration of the Court's prior orders holding that Washington's claims are *not* limited by a statute of limitations or laches. *See* ECF No. 44 at 9; ECF No. 202 at 8–9.

Were there any doubt, GEO's argument that Washington's claim is "derivative" will be familiar to the Court. The Court rejected the exact same argument three years ago when it dismissed GEO's statute of limitations defense. *See* ECF No. 44 at 9 ("the State's interest in this case is not purely derivative of detainee-workers"). And on that point, GEO's motion for reconsideration is not only untimely, but fails to show the Court manifestly erred in issuing its decision. *See* LCR 7(h). Thus, what the Court held then remains true now: Washington "has asserted a quasi-sovereign interest in protecting its workers distinct from the interest of the private parties." ECF No. 44 at 9.

To the extent GEO offers an alternative request "to limit the scope of evidence admissible in Phase One of the trial," GEO's motion remains woefully late. ECF No. 456 at 1. A motion to categorically limit the scope of evidence at trial is a motion in limine. The deadline for motions in limine was over a year ago, ECF No. 354, the Court has already ruled on the parties' collective motions in limine, ECF No. 374, and Washington has been working diligently to prepare its case for trial in accordance with the Court's evidentiary rulings to date. The Court should therefore reject GEO's eve-of-trial request to categorically exclude evidence that Washington intends to introduce at trial.

B.   **The State's Claims Are Not Barred by Any Statute of Limitations**

Even if the Court reaches the merits of GEO's request, it should deny GEO's motion. GEO's request that the Court create a limitation period from wholecloth—and then exclude evidence that pre-dates that invented limitation period—lacks legal support and would unfairly prejudice Washington.

PLAINTIFF STATE OF WASHINGTON'S
RESPONSE TO MOTION TO DETERMINE
LIMITATION PERIOD FOR STATE'S
MINIMUM WAGE CLAIM AND/OR LIMIT
SCOPE OF PHASE ONE EVIDENCE

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

As the Court knows, no statute of limitations applies to claims brought by the State. ECF No. 44 at 9 (citing Wash. Rev. Code § 4.16.160) ("[T]here shall be no limitation to actions brought in the name or for the benefit of the state."). Even more, the cases GEO itself cites confirm that Washington is not subject to a limitations period. *See, e.g., Carrera v. Olmstead*, 401 P.3d 304, 309 (Wash. 2017) (no limitations period when the State acts in its "sovereign capacity" to enforce workplace safety laws and deter future negligence); *Washington v. LG Elecs., Inc.*, 401 P.3d 304, 644 (Wash. 2016) (no limitations period when State acts as *parens patriae*). There is therefore no serious argument that Washington's claims are subject to a three-year statute of limitations.

GEO nevertheless argues that, because the Department of Labor and Industries (L&I) can take assignment of workers' MWA claims, Washington is similarly limited to derivative claims and cannot recover damages beyond what individuals could recover. GEO's argument, however, is misplaced. Despite GEO's assertion, Washington is not "tak[ing] on L&I's role in this action" or relying on L&I's statutory authority to bring this action. ECF No. 456 at 3. Nor is Washington seeking "back wages" through its MWA claim. Instead, Washington is bringing this action under the Attorney General's authority to bring suits that are matters of public concern. *See* Wash. Rev. Code § 43.10.030(1). Separate from L&I, Washington has a quasi-sovereign interest in enforcing the MWA and remedying GEO's unjust enrichment. Indeed, this Court has already recognized Washington's authority to pursue this action as *parens patriae* given its "distinct interest as a sovereign." *See* ECF No. 29 at 12–15. Just as it did in *Carrera* and *LG Electronics*, Washington Revised Code § 4.16.160 eliminates any applicable limitations period with respect to Washington's claims.

GEO's citation to *Seattle Professional Engineering Employees Ass'n v. Boeing. Co.*, 991 P.2d 1126 (Wash. 2000), does not save its argument. While the *Boeing* court observed that L&I had intervened there, it nowhere considered whether a statute of limitation actually applied to L&I. Indeed, the Washington Supreme Court's ultimate holding was that "the *employees'*

PLAINTIFF STATE OF WASHINGTON'S
RESPONSE TO MOTION TO DETERMINE
LIMITATION PERIOD FOR STATE'S
MINIMUM WAGE CLAIM AND/OR LIMIT
SCOPE OF PHASE ONE EVIDENCE

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

claims are subject to the three-year statute of limitations." *Id.* at 1134 (emphasis added). Likewise, to the extent GEO relies on *Pacific Northwest Bell Telephone Co. v. Department of Revenue*, 481 P.2d 556 (Wash. 1971), to argue Washington's claims are derivative, GEO's argument still fails. As this Court already observed, *Pacific Northwest Bell* is a property law case that does not support GEO's statute of limitations argument. *See* ECF No. 44 at 9.

In sum, Washington's claims are not subject to any limitations period. The Court should therefore deny GEO's invitation to ignore state law and arbitrarily exclude pre-September 2014 evidence or in any way limit the relief Washington has requested and can obtain: Declaratory and injunctive relief on its MWA claim.

**C.   Evidence that Pre-Dates September 2014 Is Directly Relevant at the Liability Phase**

GEO alternatively argues that Washington's pre-September 2014 evidence should somehow be excluded because its MWA claim is for forward-looking relief and, according to GEO, the Private Class Action "must prove their case with evidence from 2014 forward." ECF No. 456 at 6. But, GEO fails to explain why Washington's request for declaratory and injunctive relief somehow limits evidence relevant to proving liability. Nor does GEO cite any case or other authority supporting its contention that either Washington or the Private Class is limited to presenting evidence from 2014 forward or evidence post-dating the Complaint. In any event, GEO's motion is vague as to what pre-September 2014 evidence it seeks to limit in the first place. A review of the trial briefs makes clear—there is pre-2014 evidence that is relevant to both whether GEO should be paying detainee workers the minimum wage, *i.e.*, the liability question in Washington's case, *and* whether GEO should have paid detainee workers the minimum wage from September 2014 onward, *i.e.*, the liability question in the Private Class Action.

As the Court's current proposed jury instruction suggests, "the nature and degree of control of the detainees by GEO" and "whether GEO had the power to determine the pay rates and the methods of payment of the detainees" matters for determining whether detainee workers
PLAINTIFF STATE OF WASHINGTON'S
RESPONSE TO MOTION TO DETERMINE
LIMITATION PERIOD FOR STATE'S
MINIMUM WAGE CLAIM AND/OR LIMIT
SCOPE OF PHASE ONE EVIDENCE

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

are "employees." *See* ECF No. 454-4 at 17. As such, evidence that GEO set up the work program, identified the exact jobs detainee workers do, determined how many detainee workers were necessary to complete those jobs, considered paying detainee workers more than $1 per day and paid detainee worker more than $1 per day on an ad hoc basis are all relevant to the question of whether detainee workers are employees or were employees during the Private Class Action's class period. *See* Washington's Trial Brief, ECF No. 385 at 8–22; Nwazour's Trial Brief, *Nwauzor*, ECF No. 301 at 5–16. Additionally, this evidence is necessary given GEO's defense that ICE mandates GEO provide a VWP and exercises control over it. *See* GEO's Trial Brief, ECF No. 386 at 20–21. To counter GEO's defense at trial, Washington should be able to present evidence that GEO has long known it could pay more than $1 per day, that ICE confirmed it, and GEO, in fact, paid some kitchen workers $5 per day. *See* Washington's Trial Brief, ECF No. 385 at 28–31. Some portions of this evidence will necessarily pre-date 2014 since the work program was established in 2005 and has operated almost unchanged since then.

Finally, GEO's claims of prejudice from trying Washington's claims jointly with the Private Plaintiffs' claims cannot constitute a basis to limit Washington's ability to put on its case. GEO moved to consolidate the cases for trial knowing that Washington's claims are not subject to a statute of limitations—and argued to the Court that no party, including GEO, would be prejudiced from consolidation. *See* ECF No. 191 at 11. The Court consolidated Washington's case with the Private Class Action, but to address the differences in remedies on the parties' claims, the Court bifurcated the liability and post-liability phases of trial, eliminating any danger that GEO would be required to pay back wages to the Plaintiff Class for wages not paid before September 2014. ECF Nos. 217–18 (Orders consolidating MWA claims for trial). In sum, there is no reason to limit the scope of evidence and preclude directly relevant evidence at Phase 1 of the upcoming trial simply because the evidence pre-dates September 2014.

PLAINTIFF STATE OF WASHINGTON'S RESPONSE TO MOTION TO DETERMINE LIMITATION PERIOD FOR STATE'S MINIMUM WAGE CLAIM AND/OR LIMIT SCOPE OF PHASE ONE EVIDENCE

5

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

### III. CONCLUSION

GEO's motion for reconsideration or an in limine ruling is untimely and fails on the merits. Even if a statute of limitation applied to the State's claims, which it does not, pre-2014 evidence is relevant to the issue of liability in both Washington's case and the Private Class Action and should not be excluded.

DATED this 19th day of May, 2021.

Respectfully submitted,

ROBERT W. FERGUSON
Attorney General of Washington

s/ *Marsha Chien*
MARSHA CHIEN, WSBA No. 47020
ANDREA BRENNEKE, WSBA No. 22027
LANE POLOZOLA, WSBA No. 50138
PATRICIO MARQUEZ, WSBA No. 47693
Assistant Attorneys General
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
marsha.chien@atg.wa.gov
andrea.brenneke@atg.wa.gov
lane.polozola@atg.wa.gov
patricio.marquez@atg.wa.gov

PLAINTIFF STATE OF WASHINGTON'S
RESPONSE TO MOTION TO DETERMINE
LIMITATION PERIOD FOR STATE'S
MINIMUM WAGE CLAIM AND/OR LIMIT
SCOPE OF PHASE ONE EVIDENCE

6

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the United States District Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated this 19th day of May 2021.

CAITILIN HALL
Legal Assistant

PLAINTIFF STATE OF WASHINGTON'S
RESPONSE TO MOTION TO DETERMINE
LIMITATION PERIOD FOR STATE'S
MINIMUM WAGE CLAIM AND/OR LIMIT
SCOPE OF PHASE ONE EVIDENCE

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744