# EXHIBIT A

```
 1                UNITED STATES DISTRICT COURT

 2            WESTERN DISTRICT OF WASHINGTON AT TACOMA

 3   _____

 4                                     )
     UGOCHUKWO GOODLUCK NWAUZOR,        )
 5   et al.,                            )
                                        )
 6                   Plaintiffs,        ) 3:17-cv-05769-RJB
                                        ) 3:17-cv-05806-RJB
 7   v.                                 )
                                        ) Tacoma, Washington
 8   THE GEO GROUP, INC.,               )
                                        ) April 28, 2021
 9                   Defendant.         )
     _____    ) Hearing Re
10                                      ) Exhibits
     STATE OF WASHINGTON,               )
11                                      ) 9:30 a.m.
                     Plaintiff,         )
12                                      )
     v.                                 )
13                                      )
     THE GEO GROUP, INC.,               )
14                                      )
                     Defendant.         )
15                                      )
     _____
16
                   VERBATIM REPORT OF PROCEEDINGS
17             BEFORE THE HONORABLE ROBERT J. BRYAN
                   UNITED STATES DISTRICT JUDGE
18   _____

19

20

21

22

23

24
              Proceedings stenographically reported and transcribed
25                     With computer-aided technology
```

Angela Nicolavo - Court Reporter - 1717 Pacific Ave, Tacoma, WA - 253-882-3832

```
 1                       APPEARANCES

 2


 3    For the Plaintiff        JAMAL N. WHITEHEAD
      Nwauzor, et al.:         ADAM J. BERGER
 4                             Schroeter Goldmark & Bender
                               810 Third Avenue
 5                             Suite 500
                               Seattle, Washington
 6


 7
      For the Plaintiff        ANDREA BRENNEKE
 8    State of Washington:     LANE POLOZOLA
                               MARSHA J. CHIEN
 9                             800 Fifth Avenue
                               Suite 2000
10                             Seattle, Washington

11


12    For the Defendant        LAWRENCE D. SILVERMAN
      The GEO Group:           ADRIENNE SCHEFFEY
13                             Akerman LLP
                               1900 Sixteenth Street
14                             Suite 1700
                               Denver, Colorado
15
                               JOAN K. MELL
16                             III Branches Law PLLC
                               1019 Regents Boulevard
17                             Suite 204
                               Fircrest, Washington
18

19

20

21

22

23

24

25
```

```
 1                                        MORNING SESSION
 2                                        APRIL 28, 2021
 3         THE COURT:  All right.  This is Cause Nos. 17-5769
 4  and 17-5806 combined for this hearing.  I should first
 5  identify -- I guess we have a lot of people on the call
 6  today, but I want to be sure that we have identified the
 7  people that will be actually involved here.
 8      For the class, Mr. Whitehead, are you the spokesman?
 9         MR. WHITEHEAD:  Yes, Your Honor.
10         THE COURT:  You are who I call on?
11         MR. WHITEHEAD:  Yes, Your Honor.
12         THE COURT:  For the State --
13      I'm sorry, go ahead.
14         MR. WHITEHEAD:  I was going to point out for the
15  record, I am joined by my colleague, Adam Berger.
16         MR. BERGER:  Good morning, Your Honor.
17         THE COURT:  Good morning.
18      For the State, who speaks for the State today?
19  Mr. Polozola?
20         MS. CHIEN:  This is Marsha Chien.  I'll be speaking
21  for the State along with my colleague, Andrea Brenneke.
22         THE COURT:  Mr. Polozola, you are in the back seat
23  today?
24         MR. POLOZOLA:  That's right, Your Honor.  Thank you.
25         THE COURT:  For GEO, Ms. Mell?
```

1          MS. MELL:  Yes, Your Honor.  I am joined by my
2  colleagues Adrienne Sheffey and Larry Silverman.  We divvied
3  things up since we have a lot to get through today.  We will
4  try not to double team for certain, but you may hear from
5  each of us.  We will make it clear who is going on what.
6          THE COURT:  My staff is here.  We are on the record.
7  The court reporter is present, along with my clerk and my law
8  clerk are on the call.
9     This hearing was set today to deal with exhibits.  There
10 are other things that have been filed that I think require us
11 to identify and deal with first.  We will come back to
12 exhibits.
13    First on my list, there is a motion filed to dismiss the
14 class representative of Aguirre-Urbina.  I gathered that
15 there is some objection to that from the defendant.
16    Do you anticipate an objection to that motion, Ms. Mell?
17         MS. MELL:  Yes, Your Honor, we'll be briefing that.
18 There is a number of prejudicial facets to that motion.
19         THE COURT:  All right.  It is, I assume, noted on the
20 calendar and you will file your response and so forth in
21 accordance with the rules.
22    Now, there has been a lot of discussion here, and in
23 particular a motion for clarification about the format for
24 this trial.  I need to fill you in on some things that you
25 may not be aware of.

1    trial in Phase 3 on that.  A lot of the evidence is
2    overlapping.  To the extent we have ongoing practices at GEO
3    which have continuity, and to the extent that the issues
4    related to the work program and (inaudible) and relationships
5    are significant, we should be entitled to show how GEO
6    actually developed its programs, controlled its programs
7    throughout that period, so they are not just isolating things
8    towards the end.  I do not believe that the issue of start
9    time actually makes sense for this trial.  If it does, we
10   would request we have an opportunity to brief that.
11           MS. SHEFFEY:  If I could briefly respond, I would
12   state that my understanding and GEO's understanding of Phase
13   1 is it is the minimum wage liability only trial.  My
14   objection is to using it in this phase, not necessarily the
15   State's unjust enrichment phase which comes later.  There is
16   nothing in (inaudible) claims or the State's claims that
17   extend their statute of limitations beyond three years before
18   the date of filing, so that would be September 20th, 2014 at
19   the earliest date for minimum wage claims.  The authority for
20   that is RCW 4.16.080, Section 3, which states there is a
21   three-year statute of limitations on all claims.
22     I think limiting evidence in that way will also
23   significantly reduce the exhibit list to only what is
24   relevant to the time period and the represented class.
25           MS. BRENNEKE:  Your Honor, however, GEO has raised

1   issues about practices and its purported limitations to
2   paying the minimum wage.  We are entitled to show evidence
3   prior to the statute of limitations that goes to the issue of
4   liability in the Minimum Wage Act context.  All of this
5   evidence is relevant to whether or not GEO has permitted
6   detainees to work and under what circumstances, and has it
7   followed the minimum wage during that time period.
8          MS. SHEFFEY:  Your Honor, I would add one response.
9   One, there is no -- it is not in dispute that GEO has always
10  paid a dollar a day to detainees.  They have never paid
11  minimum wage to detainees, no matter how far you go back.
12     To the extent we are talking about documents from 2005 or
13  2006 and say those apply to 2014 or 2017, that is not as
14  easily shown from the documents I reviewed.  I went through
15  every exhibit one by one and wrote individual notes in all of
16  them, and I could not see anything in the deposition or
17  otherwise that would easily show those practices carried
18  through to the relevant class period.  I think this would
19  simplify the issues before the jury.
20         MS. BRENNEKE:  Your Honor, if I may.  I also want to
21  point out that the State of Washington is bringing this as an
22  enforcement action.  There is no statute of limitations under
23  RCW 4.6.160.  Also, some of the evidence shows that GEO in
24  fact did pay more than a dollar a day to detainees.  We are
25  entitled to full evidence with regard to that practice at GEO

| | |
|---|---|
| 1 | and how it has evolved over time. |
| 2 | MS. SHEFFEY:  I think my other objections are noted. |
| 3 | I note I don't think there is any dispute that GEO has never |
| 4 | paid minimum wage to detainees going backward.  I don't know |
| 5 | the probative value of whether they paid two or three |
| 6 | dollars, what that has to do with whether they were paid |
| 7 | minimum wage. |
| 8 | THE COURT:  I would prefer that we go one lawyer and |
| 9 | then the other lawyer, and then the rebuttal lawyer and then |
| 10 | quit. |
| 11 | First, the setting up -- well, the first trial will set up |
| 12 | the second and third phases.  There is a practical angle that |
| 13 | some things might be admissible in the second or third phase |
| 14 | but are only marginally relevant in this phase, it is just |
| 15 | practical to admit them.  On the other hand, I do not want to |
| 16 | clutter the record in this first phase with a bunch of stuff |
| 17 | about damages. |
| 18 | You know, Ms. Sheffey says they never paid minimum wage. |
| 19 | That is one witness, one question, one answer, and it is in |
| 20 | the record.  You know, I don't know why we need a bunch of |
| 21 | exhibits to further prove that.  That is not a definitive |
| 22 | answer, but I think those exhibits probably should be limited |
| 23 | to what is necessary to show the issues in this first case |
| 24 | and not a bunch of other stuff. |
| 25 | MS. BRENNEKE:  Your Honor, may I address the Court? |

| | |
|---|---|
| 1 | THE COURT:  Who is talking? |
| 2 | MS. BRENNEKE:  Andrea Brenneke. |
| 3 | THE COURT:  Sorry.  I have to see where the yellow |
| 4 | framework is.  Go ahead. |
| 5 | MS. BRENNEKE:  The issue of -- the issue that they |
| 6 | have not paid minimum wage, I think is not disputed. |
| 7 | The other issues are very complex, which is one of GEO's |
| 8 | primary defenses is that it cannot pay minimum wage or should |
| 9 | not pay minimum wage.  There have been times where indeed it |
| 10 | has paid -- they have also said they can only pay $1 or that |
| 11 | there is a minimum of a dollar, but -- and there is evidence |
| 12 | that it is not a minimum -- it is a minimum.  It is a floor. |
| 13 | It is not a maximum.  We are entitled to put on the evidence |
| 14 | that they had the opportunity, the legal opportunity to pay |
| 15 | the minimum wage and, in fact, the duty to comply with state |
| 16 | law.  Where they are making the case, and we expect will make |
| 17 | the case as they have before, is that their reimbursement is |
| 18 | in fact a ceiling and not a minimum or a floor. |
| 19 | So it is very important to the themes of the case that we |
| 20 | be able to put on the evidence of the fact that while they |
| 21 | haven't paid minimum wage, they have paid more than a dollar |
| 22 | a day, and that evidence spans back in time. |
| 23 | You know, obviously, Your Honor, we have attempted to |
| 24 | reduce our witnesses significantly.  We have identified |
| 25 | issues and documents that are Phase 2 and Phase 3 only.  We |

1  are very mindful of trying to streamline this.  That is part
2  of why we have the categories and would be offering
3  opportunities perhaps for us to look at ways of
4  representative documents.  For example, as Your Honor said,
5  you know, some of these documents show how GEO worked and
6  operated, batch summaries, invoices to ICE.  It is possible
7  we could use a few of those and not all of those to make the
8  point that these practices had continuity over time.
9      Your Honor, it is important, I think, that we establish
10 the facts that they did have these practices over time and
11 what they were in order to make our full case and be able to
12 put on the case that the State is bringing here to enforce
13 the minimum wage.
14          MS. SHEFFEY:  May I briefly respond, Your Honor?
15          THE COURT:  I guess so.
16          MS. SHEFFEY:  My response would be that I think we
17 are now talking in the abstract.  Your Honor has already
18 ruled on the Motion in Limine No. 7 saying GEO essentially
19 can't argue that they were required to pay only a dollar a
20 day because there is evidence of more.  I don't think that
21 justifies opening the floodgates to evidence going back from
22 2006 to 2014 in this phase of trial.  I think we need to be
23 cognizant of what documents are coming in and what documents
24 are relevant.
25      To the extent GEO had practices outside of 2014 and

 1  plaintiffs' claims only go back to 2014, I think GEO's
 2  defenses also only go back to 2014.
 3      If GEO is being held responsible for a larger period of
 4  time in this phase of trial, that is not the unjust
 5  enrichment phase which I understand is separate, we need to
 6  know what that time period is so we can determine relevance
 7  of all documents.
 8          THE COURT:  Bear in mind, I don't have these exhibits
 9  right in front of me to go through them one by one.  I can't
10  give you definitive rulings without doing that and looking at
11  the exhibits.
12          MS. BRENNEKE:  May I remind the Court that the State
13  of Washington's claim does begin at the inception of GEO's
14  practices and its unlawful behavior.  It is an enforcement
15  action, and there is no statute of limitations.
16      The idea that now without a motion, without briefing, GEO
17  is trying to limit the evidence we have of this pattern and
18  practice is concerning, and I think improper.  Certainly, I
19  would like the opportunity to brief this if GEO persists in
20  trying to limit things by time frame.
21          THE COURT:  As I indicated, I can't give you a
22  definitive ruling on this.  You can brief it further if you
23  want.
24      What I can tell you is that I want to limit things beyond
25  going back in history as much as we can.  If there is

1  hope this has been helpful.  I'm sorry I am ruling in a
2  tentative way because everything requires necessary
3  foundation.  You should also remember that even if things are
4  ruled admissible, the jury has to know what they are so they
5  have to be identified to the jury, even if they have been
6  admitted.
7       Okay.  See you all next time.  Thank you.
8            (The proceedings adjourned.)
9
10                    C E R T I F I C A T E
11
12
13     I certify that the foregoing is a correct transcript from
14  the record of proceedings in the above-entitled matter.
15
16
17
18  */s/ Angela Nicolavo*
19  ANGELA NICOLAVO
    COURT REPORTER
20
21
22
23
24
25