The Honorable Robert J. Bryan

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

9

| | |
|---|---|
| STATE OF WASHINGTON, | Case No.: 3:17-cv-05806-RJB |
| Plaintiff, | |
| v. | |
| THE GEO GROUP, INC., | |
| Defendant. | |
| UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated, | Case No.: 3:17-cv-05769-RJB |
| | **THE GEO GROUP, INC.'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW** |
| Plaintiff, | |
| v. | |
| THE GEO GROUP, INC., a Florida corporation, | |
| Defendant. | **NOTE ON MOTION CALENDAR:** Date: June 14, 2021 |

10

11

12

13

14

15

16

17

18

19

20

21

22    The GEO Group, Inc. ("GEO"), pursuant to Fed. R. Civ. P. 50 and at the close of all

23  evidence, hereby files its Renewed Motion for Judgment as a Matter of Law and Memorandum of

24  Law in Support and against Plaintiffs State of Washington ("State") and Nwauzor et al ("Private

25  Plaintiffs") (collectively "Plaintiffs"). As grounds therefore, GEO states the follows:

26  ///

27  ///

DEFENDANT THE GEO GROUP, INC.'S RENEWED
MOTION FOR JUDGMENT AS A MATTER OF LAW
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB)
PAGE 1

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

58600950;3

## I.    INTRODUCTION

GEO reasserts each of the arguments raised in the Motion for Judgment as a Matter of Law [D.E. 366] filed at the close of Plaintiffs' case. This renewed motion supplements that previous motion by discussing the evidence and law submitted during Defendant's case supporting its affirmative defenses.

## II.    GEO'S INTERGOVERNMENTAL IMMUNITY DEFENSE

Under the evidence, no reasonable jury could find that the Washington Minimum Wage Act ("WMWA") does not impermissibly discriminate against the federal government and its contractor, GEO. The Plaintiffs have not presented any evidence to the contrary.

During the testimony of Joshua Grice, the employment standard program manager of the State of Washington Department of Labor and Industries ("L&I"), the previous official Administrative Policy of L&I (the "Administrative Policy"), regarding the enforcement of the WMWA, was introduced into evidence as Exhibit A-308. Mr. Grice testified that the previous version was substantially the same as the current version. After Mr. Grice testified, GEO obtained the *newly released* administrative guidance that was not previously disclosed by the state. This new policy reinforces GEO's claim to intergovernmental immunity. The Administrative Policy explains (at Section 5(k)) that:

> "Residents, inmates, or patients of state, county or municipal correctional, *detention*, treatment or rehabilitative institution assigned by facility officials to work on facility premises *for a private corporation* at rates established and paid for by public funds *are not employees of the private corporation* and *would not be subject to the MWA*"

See **Exhibit A,** ES.A.1 Minimum Wage Act Applicability, Last revised December 29, 2020. The administrative guidance released by the Department of Labor and Industries in December 2020 makes plain that so long as detainees perform work on the premises where they are held and are paid public funds, they are not employees for purposes of the Minimum Wage Act. But that policy goes even further. While Mr. Grice testified that under the prior version provided (at Section 5(K))

DEFENDANT THE GEO GROUP, INC.'S RENEWED
MOTION FOR JUDGMENT AS A MATTER OF LAW
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB)
PAGE 2

58600950;3

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

1  that <u>inmates</u> of state facilities are exempt from the minimum wage law when they are assigned by

2  facility officials to work for private corporations at the facility, he did not explain that the <u>current</u>

3  version of that Administrative Policy (revised 12/29/20) <u>expands</u> that exemption for private

4  corporation work to "**<u>Residents</u>**, inmates or patients of state, county or municipal correctional,

5  **<u>detention</u>**, treatment or rehabilitative institution[s]"(emphasis added). The current version is

6  attached as **Exhibit A**.

7          The present lawsuit alleges that GEO, a private corporation, uses residents of its detention

8  facility to do work on the facility premises at rates established and paid for by public funds. The

9  unrebutted testimony established that the VWP payments are a pass through from ICE (using

10  taxpayer dollars) to the detainees. Thus the **<u>exact</u>** scenario permitted by the regulation for state

11  detainees, is denied to ICE's federal detainees.

12          Under the intergovernmental immunity doctrine, "a state regulation is invalid only if it [1]

13  regulates the United States directly or [2] discriminates against the Federal Government or those

14  with whom it deals." *See North Dakota v. United States*, 495 U.S. at 435 (1986). Because "a [state]

15  regulation imposed on one who deals with the Government has as much potential to obstruct

16  governmental functions as a regulation imposed on the Government itself," intergovernmental

17  immunity may apply to state regulation that affects government contractors, *see id.* at 438; *see also*

18  *Boeing Co. v. Movassaghi*, 768 F.3d 832, 842-43 (9th Cir. 2014). ("The federal government's

19  decision to hire Boeing to perform the cleanup rather than using federal employees does not affect

20  our immunity analysis on [the grounds of discrimination]. When the state law is discriminatory, a

21  private entity with which the federal government deals can assert immunity.").

22          The issue before the court is whether the WMWA discriminate against the federal

23  government. If the Detainee exception in 49.46.10(3)(k) of the WMWA applies only to individuals

24  in the State's custody, and not those in federal custody, the provision is discriminatory. *See Dawson*

25  *v. Steager,* 139 S. Ct. 698 (2019) (when statute allowed individuals to reduce their taxable income

26  by the amount of state police pensions but did not also exempt federal law enforcement pensions,

27  it was impermissibly discriminatory). Here, the state argues that the WMWA applies to individuals

---

DEFENDANT THE GEO GROUP, INC.'S RENEWED
MOTION FOR JUDGMENT AS A MATTER OF LAW
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB)
PAGE 3

58600950;3

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

in federal ICE detention at the NWIPC, but not to individuals in state detention. The State's administrative policy would explicitly exempt the operation of the VWP at a private facility operated by the State from the WMWA; it must therefore except the federally operated GEO facility as well. The established facts place this case squarely in the preemption scenario described by the Supreme Court *Dawson* because an exemption applied to state facilities is not applied to federal ones.

GEO has now introduced unrebutted evidence that the state can and does take full advantage of these statutory exceptions to the detriment of the federal government and GEO. The testimony of Byron Eagle established that the Special Commitment Center houses civil detainees, who participate in a work program which mirrors the VWP, and receive sub-minimum wages.

| Special Commitment Center | Northwest ICE Processing Center |
| --- | --- |
| Administrative confinement | Administrative confinement |
| Subminimum wage stipend | Subminimum wage stipend |
| Tasks include cleaning, laundry, and meal preparation. | Tasks include cleaning, laundry, and meal preparation. |
| Paid employee officers supervise safety and security and work alongside confined individuals. | Paid employee officers supervise safety and security and work alongside confined individuals. |
| Meaningful opportunities | Meaningful opportunities. |

Similarly, Sarah Systma testified about Correctional Industries which pays subminimum wages in prison work programs which can benefit private companies.

| Correctional Industries | Northwest ICE Processing Center |
| --- | --- |
| Population held under state governmental authority. | Population held under federal Governmental authority |
| Subminimum wage "gratuity" | Subminimum wage stipend |
| Tasks include cleaning, laundry, and meal Preparation | Tasks include cleaning, laundry, and meal Preparation |
| Paid employee officers supervise safety and security and work alongside confined individuals. | Paid employee officers supervise safety and security and work alongside confined individuals. |

As noted in the Court's prior Order [D.E. 322]:

> The Court is mindful that, in the Order Denying Defendant The GEO Group, Inc.'s Motion for Summary Judgment on Plaintiff's First Cause of Action (Dkt 162) at Page 9, Line 11, it inartfully

DEFENDANT THE GEO GROUP, INC.'S RENEWED
MOTION FOR JUDGMENT AS A MATTER OF LAW
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB)
PAGE 4

AKERMAN LLP

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

58600950;3

1           stated "The doctrine of intergovernmental immunity does not
2           shield Defendant from application of the MWA." That sentence
should have read, "The doctrine of intergovernmental immunity
3           has not been shown, on the motion for summary judgment, to
shield Defendant from application of the Minimum Wage Act."
4           The Court's intent, hopefully, was made clear by the Order
Denying Defendant GEO's Motion for Reconsideration of Order
5           Denying Motion for Summary Judgment on First Cause of
Action (Dkt. 165) at Page 2, Line 18: "We should keep in mind
6           that these issues are raised here in a summary judgment motion.
There are, at least, material issues of fact that prevent summary
7           judgment. Exactly what issues and what instructions will be
presented to a jury remain to be seen." The application of the
8           defense of intergovernmental immunity remains an undecided
issue.

9 The evidence has now been presented, and is uncontroverted as to the essential facts of the State's

10 discrimination – including in the plain language of its administrative guidance. The State of

11 Washington can and does exempt itself under the WMWA from the restrictions that it seeks to

12 enforce against GEO. This court should enter a judgment as a matter of law in GEO's favor as to

13 the intergovernmental immunity defense.

14       **III.   GEO'S DERIVATIVE SOVEREIGN IMMUNITY DEFENSE**

15       In denying GEO's Motion for Judgment as a matter of law at the close of Plaintiff's

16 evidence, the Court stated that GEO's affirmative defenses had not been proven. The essential

17 facts of sovereign immunity have now been proven and the Plaintiffs have not offered evidence to

18 the contrary. GEO performs work "authorized and directed" by the federal government and

19 "simply performed as the Government directed" in operating the VWP. *Campbell-Ewald Co. v.*

20 *Gomez*, 577 U.S. 153, 167 (2016). The contract between GEO and ICE, and the PBNDS which

21 GEO is contractually bound to follow, <u>require</u> all the elements of the VWP which Plaintiffs argue

22 create an employer-employee relationship. The contract, the PBNDS, and GEO's obligations are

23 not disputed in the evidence. To the extent that GEO had some discretion, for example in deciding

24 how many positions to make available in the kitchen, those limited discretionary elements do not

25 change the nature of the relationship between GEO and the detainees participating in the VWP.

26 The evidence also establishes that GEO cannot hire detainees or treat them as employees under the

27 explicit requirements of its contract with ICE. Thus, at the close of the evidence, the Court should

DEFENDANT THE GEO GROUP, INC.'S RENEWED
MOTION FOR JUDGMENT AS A MATTER OF LAW
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB)
PAGE 5

58600950;3

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

1   find that there is no legally sufficient evidence to avoid GEO's sovereign immunity defense.

2   <u>**CONCLUSION**</u>

3   For the above stated reasons, GEO respectfully asks the Court to enter judgment as a matter

4   of law in its favor.

5   Respectfully submitted, this 14th day of June, 2021.

6   By: *s/ Adrienne Scheffey*

7   **AKERMAN LLP**
Adrienne Scheffey (Admitted *pro hac vice*)

8   1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202

9   Telephone:  (303) 260-7712
Facsimile:   (303) 260-7714

10   Email: adrienne.scheffey@akerman.com

11   By: *s/ Lawrence D. Silverman*

12   **AKERMAN LLP**
Lawrence D. Silverman (Admitted *pro hac vice*)

13   98 Southeast Seventh Street, Suite 1100
Miami, Florida 33161

14   Telephone: (305) 982-5666
Facsimile:   (305) 374-5905

15   Email: lawrence.silverman@akerman.com

16   By: *s/ Joan K. Mell*

17   **III BRANCHES LAW, PLLC**
Joan K. Mell, WSBA #21319

18   1019 Regents Boulevard, Suite 204
Fircrest, Washington 98466

19   Telephone: (253) 566-2510
Facsimile:   (281) 664-4643

20   Email: joan@3brancheslaw.com

21

22   *Attorneys for Defendant The GEO Group, Inc.*

23

24

25

26

27

DEFENDANT THE GEO GROUP, INC.'S RENEWED
MOTION FOR JUDGMENT AS A MATTER OF LAW
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB)
PAGE 6

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

58600950;3

## **PROOF OF SERVICE**

I hereby certify on the 14th day of June, 2021, pursuant to Federal Rule of Civil Procedure 5(b), I electronically filed and served the foregoing **THE GEO GROUP, INC.'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW** via the Court's CM/ECF system on the following:

**OFFICE OF THE ATTORNEY GENERAL**
Marsha J. Chien
Andrea Brenneke
Lane Polozola
Patricio A. Marquez
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104

*Attorneys for Plaintiff State of Washington*

**SCHROETER GOLDMARK & BENDER**
Adam J. Berger, WSBA #20714
Lindsay L. Halm, WSBA #37141
Jamal N. Whitehead, WSBA #39818
Rebecca J. Roe, WSBA #7560
810 Third Avenue, Suite 500
Seattle, Washington 98104
Telephone:  (206) 622-8000
Facsimile:  (206) 682-2305
Email: hberger@sgb-law.com
Email: halm@sgb-law.com
Email: whitehead@sgb-law.com
Email: roe@sgb-law.com

**THE LAW OFFICE OF R. ANDREW FREE**
Andrew Free (Admitted *Pro Hac Vice*)
P.O. Box 90568
Nashville, Tennessee 37209
Telephone: (844) 321-3221
Facsimile:  (615) 829-8959
Email: andrew@immigrantcivilrights.com

**OPEN SKY LAW PLLC**
Devin T. Theriot-Orr, WSBA #33995
20415 72nd Avenue S, Suite 100
Kent, Washington 98032
Telephone:  (206) 962-5052
Facsimile:  (206) 681-9663
Email: devin@openskylaw.com

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

1

**MENTER IMMIGRATION LAW, PLLC**
Meena Menter, WSBA #31870
8201 164th Avenue NE, Suite 200
Redmond, Washington 98052
Telephone: (206) 419-7332
Email: meena@meenamenter.com

*Attorneys for Plaintiffs*

2

3

4

5

6

7

*s/ Nick Mangels*
Nick Mangels

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT THE GEO GROUP, INC.'S RENEWED
MOTION FOR JUDGMENT AS A MATTER OF LAW
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB)
PAGE 8

58600950;3

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712