UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                    Plaintiff,<br><br>          v.<br><br>THE GEO GROUP, INC.,<br><br>                    Defendant. | C17-5806RJB |
| UGOCHUKWU GOODLUCK NWAUZOR, individually and on behalf of all those similarly situated, FERNANDO AGUIRRE-URBINA, individually,<br><br>                    Plaintiffs,<br><br>          v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>                    Defendant. | C17-5769RJB<br><br><br>COURT'S INSTRUCTIONS TO THE JURY |

Dated this 15ᵗʰ day of June, 2021.

_Robert J. Bryan_
ROBERT J. BRYAN
United States District Judge

COURT'S INSTRUCTIONS TO THE JURY

INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to you for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy or public opinion. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

COURT'S INSTRUCTIONS TO THE JURY

INSTRUCTION NO. 2

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

COURT'S INSTRUCTIONS TO THE JURY

INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

1.    The sworn testimony of the witnesses;

2.    The exhibits that are admitted into evidence;

3.    Any facts to which the lawyers have agreed; and

4.    Any facts that I have instructed you to accept as proved.

COURT'S INSTRUCTIONS TO THE JURY

INSTRUCTION NO. _34_

The parties have agreed to certain facts in Exhibit 609.

You must therefore treat these facts as having been proved.

INSTRUCTION NO. 5

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony, or supported it;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences.

If you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

COURT'S INSTRUCTIONS TO THE JURY

INSTRUCTION NO. 6

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. _7_

You have heard testimony from witnesses about opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of the witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. _8_

The law treats all parties equally whether they are corporations, government entities, a class, or individuals.  This means that corporations, government entities, classes and individuals are to be treated in the same fair and unprejudiced manner.

1

2

INSTRUCTION NO. 9

3        Corporations and government entities can only act through their employees, agents or

4 officers.  Therefore, corporations and government entities are responsible for the acts of their

5 employees, agents and officers, performed within the scope of their authority.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

COURT'S INSTRUCTIONS TO THE JURY

INSTRUCTION NO. 10

It is important that you discharge your duties without discrimination, meaning that bias regarding the race, color, religious beliefs, national origin, sexual orientation, gender, political affiliation, political beliefs, disability, or immigration status of any party, any witnesses, and the lawyers, should play no part in the exercise of your judgment throughout the trial, whether such biases are conscious or unconscious.

1    INSTRUCTION NO. _11_

2

3        In reaching your verdict, you may consider only the testimony and exhibits received into

4    evidence and the Court's Instructions.  Certain things are not evidence, and you may not consider

5    them in deciding what the facts are.  I will list them for you:

6        1.        Arguments and statements by lawyers are not evidence. The lawyers are not

7    witnesses.  What they have said in their opening statements, closing arguments and at other times

8    is intended to help you interpret the evidence, but it is not evidence.  If the facts as you

9    remember them differ from the way the lawyers have stated them, your memory of them

10   controls.

11       2.        Questions and objections by lawyers are not evidence.  Attorneys have a duty to

12   their clients to object when they believe a question is improper under the rules of evidence.  You

13   should not be influenced by the objection or by the court's ruling on it.

14       3.        Testimony that is excluded or stricken, or that you have been instructed to

15   disregard, is not evidence and must not be considered.  In addition, some evidence may be

16   received only for a limited purpose; if I have instructed you to consider certain evidence only for

17   a limited purpose, you must do so and you may not consider that evidence for any other purpose.

18       4.        Anything you may see or hear when the court was not in session is not evidence.

19   You are to decide the case solely on the evidence received at the trial.

20

21

22

23

24

INSTRUCTION NO. 12

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves, except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it. Do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.

INSTRUCTION NO. 12 (cont.)

If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information during deliberations, please notify the court immediately.

INSTRUCTION NO. 13

The law of the State of Washington, in the Minimum Wage Act, provides:

"Employ" includes permit to work;

"Employee" includes any individual employed by an employer.

"Employer" includes any individual, partnership, association, corporation, business trust, or any person or group of persons acting directly or indirectly in the interest of any employer in relation to an employee.

"Wage" means compensation due to an employee by reasons of employment payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges or allowances as may be permitted by rules of the Director of Labor and Industries of the State of Washington.

Any employer who pays any employee less than wages to which the employee is entitled under the Minimum Wage Act is liable to such employee for the full amount of such wage rate less any amount actually paid to such employee by such employer.

INSTRUCTION NO. 14

The Minimum Wage Act requires employers to pay employees the minimum wage for each hour of work performed, regardless of the employee's immigration or citizenship status, or eligibility to be employed.

INSTRUCTION NO. 15

An agreement between an employee and an employer allowing the employee to receive less than the minimum wage is not allowed under Washington's Minimum Wage Act and volunteers who perform work for a for-profit company are not exempt from the Minimum Wage Act.  Neither such an agreement nor volunteering is a defense to a Minimum Wage Act claim.

INSTRUCTION NO. 16

Plaintiffs allege that GEO's practice of paying detainee workers $1 per day for work performed violates the Washington Minimum Wage Act. The Minimum Wage Act is the law of the State of Washington and applies in this case.

To succeed on this claim, Plaintiffs must prove by a preponderance of the evidence the following two elements:

(1) GEO employed detainee workers at the Northwest ICE Processing Center; and

(2) GEO paid them less than the minimum wage per hour of work.

The parties agree that GEO pays detainee workers less than the minimum wage per hour of work, so the second element of proof is established.

COURT'S INSTRUCTIONS TO THE JURY

INSTRUCTION NO. 17

It is an affirmative defense to Plaintiffs' claims if the Minimum Wage Act discriminates against the Federal Government or its contractors. Discrimination here means to treat GEO less favorably than similarly situated State employers are treated. Exempt from the Minimum Wage Act are any resident, inmate, or patient of a state, county, or municipal correctional, detention, treatment or rehabilitation institution.

As applied here, the question raised by this defense is whether the provision in the Minimum Wage Act exempting residents, inmates or patients of state, county, or municipal correctional, detention, treatment or rehabilitation institutions allows the State to avoid paying the Minimum Wage to its detainees, when the exemption does not allow GEO to avoid paying the Minimum Wage to its detainees, and the State, and its work programs and its detainees are similarly situated to GEO, its Voluntary Work Program, and its detainees.

In determining similarity, you may consider whether there are any significant differences between the State and GEO, between the work programs operated by each, and between the detainees of each, that justify the differential treatment.

GEO has the burden of proving this affirmative defense.

COURT'S INSTRUCTIONS TO THE JURY

INSTRUCTION NO. 18

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous on each question on the Verdict Form.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 19

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, from your presiding juror or from one or more members of the jury.  No member of the jury should ever attempt to communicate with me except through the clerk; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open virtual court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

COURT'S INSTRUCTIONS TO THE JURY

1

INSTRUCTION NO. 20

2

3      A verdict form has been prepared for you.  After you have reached unanimous agreement

4  on a verdict, your presiding juror should complete the verdict form according to your

5  deliberations, sign and date it, and advise the court that you are ready to return to the virtual

6  courtroom.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

COURT'S INSTRUCTIONS TO THE JURY

SUPPLEMENTAL INSTRUCTION NO. 1


In the instructions, "municipal" means city or town.  It does not mean federal.

1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
7                            AT TACOMA

8    STATE OF WASHINGTON,                    C17-5806RJB

9                    Plaintiff,

10              v.

11   THE GEO GROUP, INC.,

12                   Defendant.

13   UGOCHUKWU GOODLUCK                      C17-5769RJB
     NWAUZOR, individually and on
14   behalf of all those similarly situated,
     FERNANDO AGUIRRE-URBINA,
15   individually,

16                   Plaintiffs,            VERDICT FORM

17              v.

18   THE GEO GROUP, INC., a Florida
     corporation,
19
                     Defendant
20

21

22

23

24

VERDICT FORM

We, the Jury, find as follows by a preponderance of the evidence:

1.      Under the Washington State Minimum Wage Act, did GEO employ detainee workers in the Voluntary Work Program at the Northwest ICE Processing Center?

_____

Write in "Yes" or "No" according to your decision

If you answered "No" to Question 1, go no further and advise the Court that you are ready to return to the Courtroom.

If you answered "Yes" to Question 1, go on to Question 2.

2.      Does the Washington State Minimum Wage Act discriminate against GEO?

_____

Write in "Yes" or "No" according to your decision
and advise the Court that you are ready to return to the Courtroom

Dated this _____ day of _____, 2021.


_____

Jury Foreperson

VERDICT FORM