The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                 Plaintiff,<br><br>   v.<br><br>THE GEO GROUP, INC.,<br><br>                 Defendant. | CIVIL ACTION NO. 3:17-cv-05806-RJB<br><br>**PLAINTIFF STATE OF WASHINGTON'S MOTION TO SET NEW MINIMUM WAGE ACT LIABILITY TRIAL DATE AND TO SET DATE FOR PHASE III OF TRIAL**<br><br>NOTE ON MOTION CALENDAR:<br>July 9, 2021 |

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO SET NEW MINIMUM
WAGE ACT LIABILITY TRIAL DATE
AND TO SET DATE FOR PHASE III OF
TRIAL

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

## I. INTRODUCTION

Plaintiff State of Washington respectfully requests that the Court set a new trial date on Minimum Wage Act liability. A trial date as soon as practicable, and in no event later than six months from now, is requested so that Washington's claims—which challenge ongoing practices at the Northwest Detention Center (NWDC)—do not continue to linger without resolution or judgment. In addition, Washington requests the Court proceed with Washington's unjust enrichment claim against Defendant The GEO Group, Inc. (GEO) as expeditiously as possible. As this Court previously determined, a non-jury proceeding on Washington's unjust enrichment claim can move forward regardless of the jury's verdict (or, as it turned out, the jury's non-verdict) on the Minimum Wage claim.

## II. FACTUAL & PROCEDURAL BACKGROUND

Washington filed its Complaint on September 20, 2017, seeking a declaration and injunction requiring that detainee-workers be paid the minimum wage for work performed at the NWDC moving forward, and for disgorgement of unjust gains GEO received by paying them $1 a day in the past. ECF No. 1-1 at 7.

Although the Court consolidated in part Washington's liability issues with the Private Class Action, which seeks back wages under the Minimum Wage Act, *see* ECF. No. 218, the Court later recognized Washington's second claim for unjust enrichment "is essentially an equitable claim." *See* ECF No. 353 at 5–6. In responding to Washington's motion to strike GEO's jury demand, the Court clarified that its consolidation order was limited to the Minimum Wage claim and established a three-phase trial procedure:

First, a consolidated jury trial on MWA liability issues only;

Second, if the Plaintiffs prevail on the MWA claim, a trial, with the same jury, on the Class Plaintiffs' damages claim;

Third, a non-jury trial on the State's equitable claim for unjust enrichment and disgorgement.

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO SET NEW MINIMUM
WAGE ACT LIABILITY TRIAL DATE
AND TO SET DATE FOR PHASE III OF
TRIAL

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

<s>ECF No. 353 at 6. The Court further ruled that the unjust enrichment phase of trial, *i.e.*, Phase III, should proceed *regardless* of the outcome of Phase I: "If the Defendant prevails on the MWA liability issues, the jury will be excused, and the Court will conduct non-jury proceedings on the remaining equitable issues." ECF No. 353 at 6.</s>

Phase I of Washington's trial against GEO, the consolidated jury trial of Washington's and the Private Plaintiffs' Minimum Wage Act liability case, commenced on June 1, 2021. ECF No. 444 at 3. After two weeks of trial, and two days of deliberation, Phase I of trial ended on June 17, 2021, with a hung jury and the Court declaring a mistrial. ECF No. 488.

### III. ARGUMENT

**A. The Court Should Set a New Trial Date for Minimum Wage Act Liability, Phase I of Trial, Within the Next Six Months**

Washington seeks a new trial date for Minimum Wage Act liability, as well as new pretrial deadlines, as soon as possible, but no later than six months from the Court's declaration of a mistrial. Washington's case has been pending for nearly four years. Justice continues to be denied to unemployed Washingtonians seeking jobs and those who work for $1 per day while detained at the NWDC. A trial date within six months is requested so that the parties may effectively incorporate the lessons learned from the mistrial before such lessons are forgotten, *i.e.*, including whether there is a need for specific motions in limine, for additional or modified jury instructions, and for streamlined exhibit lists. Otherwise, Plaintiffs and Washington residents will suffer undue prejudice from any delay in resetting the trial, as GEO's $1 a day practice continues.

**B. The Court Should Proceed with Phase III of Trial as Soon as Possible**

Washington also requests that the Court proceed with Phase III of trial as expeditiously as possible, ideally within the next month. The same discretion that the Court utilized to consolidate the Minimum Wage Act liability trials of the parties, and to trifurcate the trial into

<s>2</s>

PLAINTIFF STATE OF WASHINGTON'S MOTION TO SET NEW MINIMUM WAGE ACT LIABILITY TRIAL DATE AND TO SET DATE FOR PHASE III OF TRIAL

<s>ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744</s>

three phases, also affords the Court the discretion to hear Phase III of the trial on Washington's unjust enrichment claim before additional time passes.

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure *the just, speedy, and inexpensive* determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). Courts have the authority to set case schedules and trial dates, Fed. R. Civ. P. 16, and the discretion to separate issues and claims into separate trials or phases of trial "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). *See Richmond v. Weiner*, 353 F.2d 41, 44 (9th Cir. 1965) (recognizing separate trials may be necessary to "save trial time or effort"); *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1517 (9th Cir. 1985) (affirming district court's order separating trials given that certain issues "would needlessly have been delayed for a substantial period"). *See also De Anda v. City of Long Beach*, 7 F.3d 1418, 1421 (9th Cir. 1993) (reviewing district court's decision to order separate trials for abuse of discretion).

Washington's case has now been pending for nearly four years—and GEO's practices have continued unabated. Although the first phase of trial, the Minimum Wage Act liability case, resulted in a mistrial, the Court need not further delay in considering Washington's second claim. ECF No. 353 at 6 (Court order anticipating Phase III of trial regardless of the jury's verdict in Phase I). As Washington has argued previously, unjust enrichment is a well-established, stand-alone claim that is legally distinct from the Minimum Wage Act claim. *See also* ECF No. 308 at 23–28. In presenting evidence in Phase I, Washington relied upon the Court's order trifurcating the trial and its assurances that Phase III would closely follow Phase I. Washington's unjust enrichment claim is based on the same foundation of evidence presented in Phase I of the trial—regarding detainee work and the benefit of that work to GEO—plus limited additional evidence regarding remedies. Indeed, the unjust enrichment claim should take no more than one or two days and is ready to be heard. *See* ECF No. 388 (Final Pretrial Order identifying the claims and defenses for Phase III of trial). Washington anticipates calling a single

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO SET NEW MINIMUM
WAGE ACT LIABILITY TRIAL DATE
AND TO SET DATE FOR PHASE III OF
TRIAL

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

witness to testify in Phase III: expert economist, Peter Nickerson, Ph.D. While Defendant GEO likely will call its rebuttal expert, William Brandt, it is unlikely that either party will present any witnesses besides these two experts.

The Court should set Phase III of trial to be consistent with its prior ruling, to promote efficiency of trial proceedings, to facilitate a final determination of Washington's equitable unjust enrichment claim, and to avoid the prejudice to Washington that would arise from additional delay in having its unjust enrichment claim adjudicated.

## IV.   CONCLUSION

Washington respectfully moves for a new trial date on Minimum Wage Act liability, as well as new pretrial deadlines, as soon as possible and in any event within six months. Washington also requests that Phase III of trial be set as expeditiously as possible to promote efficiency for the Court and the parties, and to avoid prejudice to the State of Washington.

DATED this 24th day of June 2021.

Respectfully submitted,

ROBERT W. FERGUSON
Attorney General of Washington

s/ *Andrea Brenneke*
MARSHA CHIEN, WSBA No. 47020
ANDREA BRENNEKE, WSBA No. 22027
LANE POLOZOLA, WSBA No. 50138
PATRICIO MARQUEZ, WSBA No. 47693
Assistant Attorneys General
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
marsha.chien@atg.wa.gov
andrea.brenneke@atg.wa.gov
lane.polozola@atg.wa.gov
patricio.marquez@atg.wa.gov

PLAINTIFF STATE OF WASHINGTON'S MOTION TO SET NEW MINIMUM WAGE ACT LIABILITY TRIAL DATE AND TO SET DATE FOR PHASE III OF TRIAL

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the United States District Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated this 24th day of June 2021.

CAITILIN HALL
Legal Assistant

PLAINTIFF STATE OF WASHINGTON'S MOTION TO SET NEW MINIMUM WAGE ACT LIABILITY TRIAL DATE AND TO SET DATE FOR PHASE III OF TRIAL

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744