# EXHIBIT B

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

_____

UGOCHUKWO GOODLUCK NWAUZOR, )
et al., )
 )
               Plaintiffs, ) 3:17-cv-05769-RJB
 ) 3:17-cv-05806-RJB
v. )
 ) Tacoma, Washington
THE GEO GROUP, INC., )
 ) June 17, 2021
               Defendant. )
_____) Jury Question
 )
STATE OF WASHINGTON, ) 9:00 a.m.
 )
               Plaintiff, )
 )
v. )
 )
THE GEO GROUP, INC., )
 )
               Defendant. )
_____

VERBATIM REPORT OF PROCEEDINGS
BEFORE THE HONORABLE ROBERT J. BRYAN
UNITED STATES DISTRICT JUDGE
_____

ROUGH DRAFT

Proceedings stenographically reported and transcribed
With computer-aided technology

```
 1                          APPEARANCES
 2

 3   For the Plaintiff         JAMAL N. WHITEHEAD
     Nwauzor, et al.:          ADAM J. BERGER
 4                             Schroeter Goldmark & Bender
                               810 Third Avenue
 5                             Suite 500
                               Seattle, Washington
 6

 7
     For the Plaintiff         ANDREA BRENNEKE
 8   State of Washington:      LANE POLOZOLA
                               MARSHA J. CHIEN
 9                             800 Fifth Avenue
                               Suite 2000
10                             Seattle, Washington

11

12   For the Defendant         LAWRENCE D. SILVERMAN
     The GEO Group:            ADRIENNE SCHEFFEY
13                             Akerman LLP
                               1900 Sixteenth Street
14                             Suite 1700
                               Denver, Colorado
15
                               JOAN K. MELL
16                             III Branches Law PLLC
                               1019 Regents Boulevard
17                             Suite 204
                               Fircrest, Washington
18

19

20

21

22

23

24

25
```

ROUGH DRAFT

```
 1                                           MORNING SESSION
 2                                           JUNE 17, 2021
 3       (The following occurred outside the presence of the jury.)
 4             THE COURT:  Have you all had a chance to read the
 5   latest from the jury?
 6             MS. MELL:  Yes, Your Honor.
 7             THE COURT:  The appropriate thing for me to do in the
 8   face of this note is to ask the jury back into the courtroom
 9   with the typical questions when a jury might be hung, in part
10   or wholly, and ask them if there is a reasonable possibility
11   that they reach a verdict -- that they could reach a verdict
12   within a reasonable time on either or both interrogatories
13   submitted to the jury and hear their response, and then send
14   them back to deliberate and we will discuss their response.
15      That's what I propose to do, unless someone has a comment.
16             MS. MELL:  It would be GEO's position the jury has
17   expressed, after two and a half days of deliberation, that it
18   is, in fact, in conflict and cannot reach a decision, and the
19   verdict should be -- the decision of the jury should be
20   declared hung at this point, without further deliberation.
21             THE COURT:  Well, it is premature in light of their
22   indication that they are uncertain about reaching a
23   conclusion, at least on one point.  I think your suggestion
24   is premature.
25         Any other comment?
```

THE CLERK: I will put them out into a different room.

(The following occurred outside the presence of the jury.)

THE COURT: A lot of work down the tube. I am not sure what you want to do about resetting. I would think it would make sense to not do that rashly between now and the resetting and think this through, find out from the jurors what they thought. We can leave it up to a motion to reset or whatever. I have in the past with cases much more simple than this to say, okay, we will start Monday morning. I don't think that makes sense in this case with the number of witnesses and so forth and the planning that it takes.

Shall we leave it up to a motion to reset?

MS. CHIEN: The State of Washington still has a Phase 3 claim on the unjust enrichment claim, which we believe should still proceed regardless of the verdict here. It is a bench trial. It is not before a jury. Our position is we should move forward on the unjust enrichment claim.

MS. MELL: GEO would oppose doing that or setting that at this point. GEO needs an opportunity to digest this, figure out where we are, communicate with our client, and see where that leaves us with the various parties involved. It is warranted, at least at this phase, to at least have a conversation and figure it out.

THE COURT: The problem with that, Ms. Chien, is

ROUGH DRAFT

```
 1   after much work and sweat on the part of the Court and my
 2   court staff, I determined that there was a fact question that
 3   was presentable to a jury on the issue of whether the
 4   detainees are, in fact, employees of GEO.  That still has to
 5   be answered.  I don't know how we can have an unjust
 6   enrichment case without the question being answered.  There
 7   is, I think, a right to a jury trial on that issue.
 8           MS. CHIEN:  Your Honor, I think our position has
 9   always been that the minimum wage claim is separate and
10   distinct from the unjust enrichment claim and does not depend
11   on a finding the detainees are actually employees.  I think
12   it is clear, and I think it makes sense to move forward with
13   the case as is, given the judge has just been able to hear
14   all the evidence presented and it is fresh in the Court's
15   mind that regardless of whether or not the detainees are
16   employees, that GEO has clearly been unjustly enriched by
17   relying on detainees to clean and work the kitchen on 90
18   percent of his facilities without paying them, if not the
19   minimum wage, a wage, a prevailing wage, and profited off
20   that labor.  We believe that claim can move forward separate
21   from any finding on whether or not the detainees are
22   employees.
23           THE COURT:  Ms. Chien, my reaction is negative to
24   your argument.  I'll tell you this, I think what I am going
25   to do is to allow any post-trial motions that you want to
```

*ROUGH DRAFT*