**BRENNEKE DECLARATION**

**EXHIBIT H**



**ADMINISTRATIVE POLICY**

**STATE OF WASHINGTON**
**DEPARTMENT OF LABOR AND INDUSTRIES**
**EMPLOYMENT STANDARDS**

| | |
|---|---|
| **TITLE:** **MINIMUM WAGE ACT APPLICABILITY** | **NUMBER:** **ES.A.1** |
| **CHAPTER:** RCW 49.46<br>WAC 296-128 | |

**ISSUED: 1/2/2002**
**REVISED: 6/24/2005**
**REVISED: 3/24/2006**
**REVISED: 7/15/2014**
**REVISED: 12/29/2020**

**SEE ALSO: ES.A.8.1,**
**ES.A.9.1-9, ES.A.13,**
**ES.B.1, ES.C.2, ES.D.1**

ADMINISTRATIVE POLICY DISCLAIMER

This policy is designed to provide general information in regard to the current opinions of the Department of Labor & Industries on the subject matter covered. This policy is intended as a guide in the interpretation and application of the relevant statutes, regulations, and policies, and may not be applicable to all situations. This policy does not replace applicable RCW or WAC standards. If additional clarification is required, the Program Manager for Employment Standards should be consulted.

This document is effective as of the date of print and supersedes all previous interpretations and guidelines. Changes may occur after the date of print due to subsequent legislation, administrative rule, or judicial proceedings. The user is encouraged to notify the Program Manager to provide or receive updated information. This document will remain in effect until rescinded, modified, or withdrawn by the Director or his or her designee.

This policy provides guidance on the applicability of Washington's Minimum Wage Act (MWA), RCW 49.46. The guidance includes descriptions of which employers are subject to the statute, which employees are subject to the protections of the law, and which employees are specifically exempt from the MWA's protections and requirements.

**General RCW 49.46 applicability**

**1. What is RCW 49.46, the Washington Minimum Wage Act, and when does it apply?**

The Washington Minimum Wage Act (MWA), RCW 49.46, establishes a minimum wage for employees in Washington State. *See* RCW 49.46.005 and RCW 49.46.020. The MWA also requires employers to pay overtime wages of at least 1.5 times an employee's regular rate of pay for all hours worked in excess of 40 in a workweek (*see* RCW 49.46.130), requires employers to provide employees with paid sick leave (*see* RCW 49.46.200 and RCW 49.46.210), and requires employers to pay to their employees all tips, gratuities, and service charges that are due to the employees (*see* RCW 49.46.020(3) and RCW 49.46.160). The

MWA also prohibits employers from retaliating against their employees for exercising any of their rights under the MWA (*see* RCW 49.46.810).

The MWA is in addition and supplementary to all other standards (local, state, or federal laws, ordinances, rules or regulations) relating to wages, hours and working conditions, including the Industrial Welfare Act. *See* RCW 49.46.120. When the standards are different, the law or rule that is more protective or favorable to an employee is the standard that applies. Individuals with questions about more protective standards found in federal law should contact the U.S. Department of Labor, Wage and Hour Division.

Rules promulgated under RCW 49.46 can generally be found under WAC 296-128. All of these rules have the same force of law as the provisions of RCW 49.46 itself.

**2. What employers are subject to RCW 49.46?**

Generally, an "employer" under RCW 49.46.010(4) is "any individual, partnership, association, corporation, business trust, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." Any employer who meets this definition must comply with the statute requirements.  Certain employers who meet this definition may also be subject to the Fair Labor Standards Act (FLSA), in addition to the MWA. FLSA is administered by the U.S. Department of Labor, and clarification about those standards must be obtained from that agency. Employers must follow the laws that are more protective to the worker when there is a difference between the provisions of state, local, and federal laws.

Additionally, the Washington State Supreme Court held in *Becerra v. Expert Janitorial, LLC*, 181 Wn.2d 186, 332 P.3d 415 (2014), that the "joint employer doctrine" applies to the MWA, and adopted FLSA's economic reality test to determine whether one or more entities are joint employers for purposes of MWA liability. This means that there may be more than one employer responsible for ensuring compliance with the MWA requirements under certain circumstances.

**3. Which employees are subject to the protections of RCW 49.46?**

The protections of the MWA apply to all Washington-based "employees." An "employee" is defined as "any individual employed by an employer" *except* those employees specifically excluded by the legislature in RCW 49.46.010(3)(a) through (p). Whether or not an "employee" is Washington-based is fact-specific, and analyzed on a case-by-case basis. *See* Administrative Policy ES.A.13 for more information on the "Washington-based" standard.

If a worker is exempt from the MWA then state law does not require the employer to provide paid sick leave, minimum wage, overtime, or other protections to that worker. Local or federal law may impose different requirements.

For workers to whom the MWA applies, there are some additional, specific exceptions to the overtime requirements. As a result, some employees may be entitled to minimum wage, paid sick leave, and tips and service charges, even if overtime pay is not required. *See* RCW 49.46.130 and Administrative Policy ES.A.8.1, "Overtime" for more information on overtime requirements.

**4. Definition of Employ.**

"Employ" means to engage, suffer or permit to work. *See* RCW 49.46.010(3) and WAC 296-126-002(3).

*See* Administrative Policy ES.C.2 for a detailed discussion of hours worked during the course of employment.

**Types of workers not covered by RCW 49.46**

**5. Which employees does the statute specifically exclude from the protections of the MWA?**

The following exemptions are found in RCW 49.46.010(3). The MWA does not apply to employees covered by these exemptions. Application of these exemptions depends on the facts, which must be carefully evaluated on a case-by-case basis. Employers have the burden of proving an exemption applies.

   (a) **Certain agricultural employees.** An individual who is employed as a hand harvest pieceworker in the region of employment, *and* who commutes daily from his or her permanent residence to the farm upon which he or she is employed *and* who has been employed in agriculture less than thirteen weeks during the preceding calendar year. Each of the elements listed above must be met in order for the exemption to apply.

      **Note:** All other agricultural workers *are* covered under MWA.

   (b) **Casual laborers.** Any individual "employed in casual labor in or about a private home" *unless* the labor is performed in the course of the employer's trade, business, or profession.

      Casual refers to employment that is irregular, uncertain or incidental in nature and duration. This must be determined on a case-by-case basis by looking at the scope, duration and continuity of employment. Employment that is intended to be permanent in nature is not casual, and is not exempt, regardless of the type of work performed. Employment of housekeepers, caregivers, or gardeners on a regular basis is not considered "employed in casual labor" and such workers are subject to the protections of the MWA.

   (c) **Bona Fide Executive, Administrative, Professional, Computer Professional or Outside Sales employees.** Any individual who meets the exemption requirements in WAC 296-128-500 – 545. *See* Administrative Policies ES.A.9.1-9 for further discussion of these "white collar" exemptions.

   (d) **Volunteer work for an educational, charitable, religious, state or local governmental body or agency or non-profit organization.** Any volunteer engaged in the public service activities of the above type of organizations as long as there is no employer-employee relationship between the organization and the individual *or* the individual gives his or her services gratuitously to the organization.

      **The department uses the following interpretation in determining whether workers are volunteers exempt from the MWA.** Individuals are considered volunteers only when their services are offered freely and without pressure or coercion, direct or implied, from an employer. Individuals who volunteer or donate their services, usually on a part-

time or irregular basis, for public service or for humanitarian objectives, and are not acting as employees or expecting pay, are not generally considered employees of the entities for whom they perform their services.

Unpaid employment is unlawful. An employee-employer relationship exists where there is a contemplation or expectation of payment for goods or services provided.

However, individuals do not lose their volunteer status solely because they receive a nominal fee or stipend. An individual who volunteers to provide periodic services on a year-round basis may likewise receive a nominal monthly or annual fee without losing volunteer status. If the "volunteers" are paid for their services beyond reimbursement for expenses, reasonable benefits or a nominal fee, they are considered employees. A nominal fee may not be a substitute for wage compensation and must not be tied to productivity.

An individual is not a volunteer if he or she is otherwise employed by the same agency or organization to perform services similar to or identical to those for which the individual proposes to volunteer. If an individual provides services as a volunteer and then receives wages for services, that individual is no longer exempt and must be paid at least minimum wage and overtime pay for hours worked in excess of 40 hours per workweek.

These same requirements apply to determine whether a worker is a volunteer exempt from the protections of RCW 49.12, the Industrial Welfare Act. *See* Administrative Policy ES.C.1.

**Volunteers are not allowed in a "for-profit" business.** Any individual, partnership, association, corporation, business trust, or any person or group of persons acting directly or indirectly in the interest of a "for-profit" employer is subject to the provisions of the MWA and must pay wages to any individual who they permit to perform any work.

(e) **Individuals who are employed full time by a state or local governmental agency or nonprofit educational, charitable, or religious organization and who also do volunteer work for the agency.** Such individuals are exempt from the MWA only with respect to the voluntary services.

(f) **Newspaper vendors or carriers.** The department construes "newspaper vendors or carriers" very narrowly and does not include magazine carriers or vendors, those who distribute advertising circulars, or persons who sell or distribute literature at events, such as concerts and sporting events.

(g) **Employees of carriers subject to Part I of the Interstate Commerce Act (Railroads and Pipelines).** Part I of the Interstate Commerce Act is limited to railroads and pipelines only. Interstate motor carriers are covered under Part II of the Interstate Commerce Act and are not exempted from the MWA by this definition.

Non-railroad employees may also be subject to this exemption from the MWA if their activity is integral to the interstate commerce of the railroads. Whether non-railroad employees are exempt should be considered on a case-by-case basis.

(h) **Forest protection and fire prevention.** Any persons engaged in forest protection and fire prevention activities.

(i) **Employees of charitable institutions charged with child care responsibilities.** Employees of charitable institutions charged with child care responsibilities as long as the charitable institution is "engaged primarily in the development of character or citizenship or promoting health or physical fitness or providing or sponsoring recreational opportunities or facilities for young people or members of the armed forces of the United States."

"Charitable institutions" include churches and other organizations commonly set up under the not-for-profit corporations act if they are recognized by the United States Internal Revenue Service under the tax exemption provision, section 501(c)(3). Typical examples include the YMCA, YWCA, Girl Scouts' organizations, Boy Scouts of America organizations, etc.

"Charged with child care responsibilities" typically means these activities are referenced in the organization's charter, by-laws, or other governing documents. It may also be helpful to evaluate the percentage of the budget and resources of the organization that go towards child care responsibilities.

Charitable institutions charged with child care responsibilities that are "engaged primarily in the development of character or citizenship or promoting health or physical fitness or providing or sponsoring recreational opportunities or facilities for young people or members of the armed forces of the United States" may be engaged in activities related, but not limited to:

- Character development
- Social responsibility
- Mental or physical health
- Recreation
- Youth services
- Services for members of the armed forces of the United States

(j) **Individuals whose duties require they reside or sleep at their place of employment or who otherwise spend a substantial portion of their work time subject to call.** This exemption encompasses two categories of workers: (1) Those individuals whose duties require that they reside or sleep at their place of employment, and (2) Those individuals who otherwise spend a substantial portion of work time subject to call and not engaged in the performance of active duties.

"Reside or sleep" pertains to employees whose job duties require them to reside at the place of employment and are exempt from all MWA requirements including minimum wage, overtime, and paid sick leave requirements. Merely residing or sleeping at the place of employment does not exempt individuals from the MWA. In order for individuals to be exempt, their duties must require that they sleep or reside at the place of their employment. An agreement between the employee and employer for the employee to reside or sleep at the place of employment for convenience, or merely because housing is available at the place of their employment, would not meet the exemption.

Some positions where the employee's duties may require them to reside or sleep at the place of their employment include apartment managers, maintenance personnel, hotel/motel managers, managers of self-storage facilities, and some agricultural workers such as sheepherders.

(k) **Inmates and others in custody.** Residents, inmates or patients of state, county or municipal correctional, detention, treatment or rehabilitative institution are exempt from all MWA protections and are not required to be paid minimum wage if they perform work directly for, and at, the institution's premises where they are incarcerated, and remain under the direct supervision and control of the institution. Residents, inmates or patients of state, county or municipal correctional, detention, treatment or rehabilitative institution assigned by facility officials to work on facility premises for a private corporation at rates established and paid for by public funds are not employees of the private corporation and would not be subject to the MWA.

(l) **Elected or appointed public officials and employees of the state legislature.** The MWA does not apply to any individual who holds a public elective or appointive office of the state, any county, city, town, municipal corporation, political subdivision, or any instrumentality thereof, or to any employee of the state legislature.

(m) **Washington State ferry crews.** The MWA does not apply to vessel operating crews of the Washington State ferries, as long as the Department of Transportation operates the ferries.

(n) **Crews of non-American vessels.** The MWA applies to persons employed as seamen on an American vessel but does not apply to seamen employed on non-American vessels.

(o) **Farm interns.** The MWA does not apply to any farm intern providing services to a small farm that has a special certificate issued by the department under RCW 49.12.470.

(p) **Junior ice hockey players.** The MWA does not apply to an individual between 16 and 21 years old, in their capacity as a player for a junior ice hockey team that is a member of a regional, national, or international league, and that contracts with an arena owned, operated, or managed by a public facilities district created under RCW 36.100.

## 6. Independent Contractors are not Employees.

A bona fide independent contractor is exempt from the MWA because that person is not "employed" by an employer. However, an employer cannot avoid complying with the MWA by merely designating someone as an "independent contractor." Whether a worker is an independent contractor must be carefully evaluated on a case-by-case basis.

To determine whether an individual is an employee or a legitimate independent contractor for purposes of the MWA, the department looks to the following factors on a case-by-case basis:

- The degree of control that the business has over the worker (the more control a business exerts over the worker, the more likely the worker is an employee);
- The worker's opportunity for profit or loss is dependent on the worker's managerial skill (when the worker's opportunity for profit is not limited by a business, and the worker

controls his or her own business expenses, the worker is more likely an independent contractor);

- The worker's investment in equipment or material (where the worker's investment in equipment or materials is substantial, the worker is more likely an independent contractor);
- The degree of skill required for the job (when a worker brings a special skill to a job and employs those skills in an independent manner, the worker is more likely an independent contractor);
- The degree of permanence of the working relationship (when a limited term working relationship exists, the worker is more likely an independent contractor);
- The degree to which the services rendered by the worker are an integral part of the business (when the services performed by a worker are integral to the business, the worker is more likely an employee).

All of these factors should be considered and weighed in combination with each other in each case.

**7. Who else may be excluded from the protections of the MWA?**

Some individuals may be exempt from the protections of the Minimum Wage Act for reasons other than the exemptions listed explicitly in the statute. For example, federal employees are also not subject to the protections of the MWA. Due to constitutional preemption, federal employees are instead subject to comparable federal laws such as the Fair Labor Standards Act.

Jurors in Washington State are not considered employees of the state or the court for which they are serving as a juror, even if they receive a stipend, and are therefore not covered under the MWA. *See Rocha v. King County,* 195 Wn.2d 412, 460 P.3d 624 (2020).

**Department of Labor and Industries authority under RCW 49.46**

**8. What is the scope of the department's authority under the Minimum Wage Act?**

The department has the authority to investigate complaints to determine whether there has been a violation of the MWA. Through the course of an investigation, the department has the authority to gather data and may enter workplaces, examine and copy records, question employees, and investigate such facts, conditions, practices, or matters deemed necessary or appropriate to make a determination. *See* RCW 49.46.040.

*See* Administrative Policy ES.D.1 for a complete discussion of MWA recordkeeping requirements, including the types of records that employers subject to the MWA must maintain and produce to the department.

**9. What is the department's administrative enforcement authority regarding violations of the Minimum Wage Act?**

The chart below illustrates the department's administrative authority to investigate and seek remedies relating to a violation, as outlined in statute or regulation:

| | Statute | Related Policies | Employee Remedies | Department Remedy | Enforcement Authority |
|---|---|---|---|---|---|
| Minimum wage | RCW 49.46.020 | ES.A.2 – ES.A.7 | Wages & interest | Civil penalty | Wage Payment Act, RCW 49.48.082 - 49.48.087 |
| Overtime | RCW 49.46.130 | ES.A.8.1 – ES.A.8.2 | Wages & interest | Civil penalty | Wage Payment Act, RCW 49.48.082 - 49.48.087 |
| Retaliation for exercise of a MWA right | RCW 49.46.210(4) | | Earnings & interest, restoration of position, employer compliance | Civil penalty | WAC 296-128-780 - WAC 296-128-800 |
| Paid sick leave | RCW 49.46.020(4) and RCW 49.46.210 | ES.B.1 – ES.B.2 | Payment for paid sick leave & interest, restoration of sick leave balances. *See* No. 10, below. | Civil penalty | Wage Payment Act, RCW 49.48.082 - 49.48.087, and WAC 296-128-810 |
| Tips, gratuities, and service charges | RCW 49.46.020(3) and RCW 49.46.160 | ES.A.12 | Tips, gratuities, service charges, & interest | Civil penalty | Wage Payment Act, RCW 49.48.082 - 49.48.087, and WAC 296-128-820 |
| Violations of other rights under RCW 49.46 | RCW 49.46.810 | | Employer compliance | Civil penalty | WAC 296-128-830 - WAC 296-128-850 |

An employer that fails or refuses to comply with the recordkeeping requirements found in the MWA, and in the department's corresponding rules, refuses to cooperate with the department's reasonable investigation, or fires or discriminates against an employee because the employee has complained to the department, could also be subject to criminal prosecution under RCW 49.46.100. The department refers criminal violations under RCW 49.46.100 to a city or county prosecutor or the Office of the Attorney General.

In addition to the department's authority to investigate and bring legal action against an employer for violations of RCW 49.46 on behalf of workers, aggrieved workers retain the right to file a civil action against the employer.

**10. What remedies are available to employees when the department investigates paid sick leave violations?**

If an employee files a complaint with the department alleging that their employer failed to provide them with paid sick leave as provided in RCW 49.46.200 and 49.46.210, the department

will investigate the complaint as an alleged violation of a wage payment requirement under the Wage Payment Act. *See* RCW 49.48.082(12). The department has the authority to order additional remedies when its investigation results in a finding that the employer failed to provide the employee with paid sick leave accrual, use, or carryover. *See* WAC 296-128-810. The remedies that may be ordered after such findings are dependent on whether an employee is still employed by the same employer.

When the department's investigation results in a finding that the employer failed to provide the employee with paid sick leave accrual, use, or carryover, and the employee is *still employed* by the same employer, the employee may elect to:

(a) Receive full access to the balance of accrued paid sick leave hours unlawfully withheld by the employer during the period of noncompliance; <u>or</u>

(b) Receive payment from the employer at their normal hourly compensation for each hour of paid sick leave that the employee would have used or been *reasonably expected to use*, whichever is greater, during the period of noncompliance. *See* Administrative Policy ES.B.2 for more information on computing an employee's normal hourly compensation. The employee will receive full access to the balance of accrued paid sick leave hours unlawfully withheld by the employer, less the number of paid sick leave hours paid out to the employee.

> **Note:** The department interprets "reasonably expected to use" by relying on recent data regarding "the frequency of work-loss days" for adults aged 18 and over as published by the U.S. Department of Health and Human Services, Centers for Disease Control and Prevention (CDC). This data found that the average worker misses 3.7 workdays (based on eight-hour workdays) due to illness per year.

When the department's investigation results in a finding that the employer failed to provide the employee with paid sick leave accrual, use, or carryover, and the employee is *no longer employed* by the same employer, the employee may elect to:

(a) Receive payment at their normal hourly compensation from their employer for all hours of paid sick leave that would have accrued during the period of noncompliance;

(b) Receive reinstatement of the balance of paid sick leave hours that would have accrued during the period of noncompliance, in anticipation of the employee's rehiring within 12 months of separation; or

(c) Receive a combination of payment and reinstatement from the employer for all hours of paid sick leave that would have accrued during the period of noncompliance.