UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant. | C17-5806RJB |
| UGOCHUKWU GOODLUCK NWAUZOR, on behalf of all those similarly situated, and FERNANDO AGUIRRE-URBINA, individually,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant | C17-5769RJB<br><br>ORDER DENYING, IN PART, AND RESERVING DECISION, IN PART, ON THE GEO GROUP, INC.'S RULE 50(b) MOTION FOR JUDGMENT AS A MATTER OF LAW |

THIS MATTER comes before the Court on Defendant The GEO Group, Inc.'s ("GEO") Rule 50(b) Motion for Judgment as a Matter of Law, (filed in *Washington v. The GEO Group, Inc.,* U.S. District Court for the Western District of Washington case number 17-5806, Dkt. 503

ORDER - 1

and in *Nwauzor v. The GEO Group,* U.S. District Court for the Western District of Washington case number 17-5769, Dkt. 394). The Court has considered the pleadings filed regarding the motion, testimony heard during the 11-day trial, and the remaining record.

These two consolidated cases arise from Plaintiffs' claims that GEO failed to pay immigration detainees in its Voluntary Work Program ("VWP") the Washington minimum wage at its Northwest Detention Center, now renamed Northwest ICE Processing Center. One case, *Nwauzor,* case number 17-5769, is a class action. The other case is brought by the State of Washington. *State,* case number 17-5806.

On August 6, 2018, the class was certified and the class defined as "[a]ll civil immigration detainees who participated in the Voluntary Work Program at the Northwest Detention Center at any time between September 26, 2014, and the date of final judgment in this matter." *Nwauzor,* case number 17-5769, Dkt. 114, at 4. On June 1, 2021, trial began. After an 11-day trial, jury deliberations over three days, and a declaration from the jury that they could not agree on a verdict, a mistrial was declared on June 17, 2021. *State,* case number 17-5806, Dkt. 487; *Nwauzor,* case number 17-5769, Dkt. 376.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 50(a)(1),

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Under Rule 50(b), "[i]f the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the

ORDER - 2

court's later deciding the legal questions raised by the motion." According to Rule 50(b)(3), the court may "direct the entry of judgment as a matter of law in ruling on the renewed motion."

In its Rule 50(b) motions, GEO argues that the Washington Minimum Wage Act ("MWA") does not apply to detainees participating in the VWP because the detainees are not employees. *State,* case number 17-5806, Dkt. 503; *Nwauzor,* case number 17-5769, Dkt. 394. GEO further maintains that the doctrine of intergovernmental immunity applies because applying the MWA to GEO here would directly regulate the federal government and would discriminate against the federal government and GEO. *Id.* GEO also asserts that it is entitled to derivative sovereign immunity and that federal law preempts the MWA. *Id*. The State and class oppose the motion. *State*, case number 17-5806, Dkt. 507; *Nwauzor,* case number 17-5769, Dkt. 398. The State has filed a renewed Rule 50 motion for a judgment as a matter of law based on the discrimination portion of GEO's intergovernmental immunity defense. *State*, case number 17-5806, Dkts. 498 and 512. GEO opposes the motion. *State*, case number 17-5806, Dkt. 509. The Court has ordered oral argument on GEO's defense of intergovernmental immunity based on the discrimination portion of the defense. This order does not apply to that defense.

GEO's Rule 50 motions (*State,* case number 17-5806, Dkt. 503; *Nwauzor,* case number 17-5769, Dkt. 394) should be denied except as to the discrimination portion of its intergovernmental immunity defense. Each of the other grounds on which GEO requests judgment as a matter of law are functionally motions for reconsideration of the Court's prior rulings. The Court is satisfied with those rulings and these additional submissions fail to meet either the Rule 50 standard or the standard under Local Rule W.D. Wash 7(h)(2), which provides that the Court will ordinarily deny motions for reconsideration in the "absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence."

ORDER - 3

GEO's extensive reliance on *Ndambi v. CoreCivic, Inc.*, 990 F.3d 369, 372-73 (4th Cir. 2021) is unpersuasive.  It is an out-of-circuit case and is not binding on this Court.  It is based on the federal Fair Labor Standards Act, not Washington's MWA and is not "on all fours" with these pending cases in many other respects.

Further, the 2009 Contract and 2015 Contract between GEO and the federal government require that GEO comply with all "applicable federal, state and local labor laws." *State*, case number 17-5806, Dkts. 246-2, at 19 and 58; 246-3, at 46 and 52.  Those contracts further provide that "[s]hould a conflict exist between any of these standards, the most stringent shall apply." *State*, case number 17-5806, Dkt. 246-2, at 58 and 246-3, at 52.  GEO fails to address these provisions in its briefing.

GEO's Rule 50(b) Motion for Judgment as a Matter of Law should be denied on all issues except as to the discrimination portion of GEO's intergovernmental immunity defense.  A decision on that issue should be reserved until after oral argument.

## ORDER

**IT IS ORDERED THAT:**

- The GEO Group, Inc.'s Rule 50(b) Motion for Judgment as a Matter of Law (filed in *Washington v. The GEO Group, Inc.,* U.S. District Court for the Western District of Washington case number 17-5806, Dkt. 503 and in *Nwauzor v. The GEO Group,* U.S. District Court for the Western District of Washington case number 17-5769, Dkt. 394) **IS DENIED** except as to the discrimination portion of GEO's intergovernmental immunity defense, which **IS RESERVED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 16th day of August, 2021.

ROBERT J. BRYAN
United States District Judge

ORDER - 5