The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated,<br><br>    Plaintiffs/Counter-Defendants,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>    Defendant/Counter-Claimant. | Case No. 3:17-cv-05769-RJB |
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | Case No. 3:17-cv-05806-RJB<br><br>**MOTION FOR AN ORDER CERTIFYING AN INTERLOCUTORY APPEAL AND MOTION TO STAY LITIGATION PENDING APPEAL**<br><br>**NOTE ON MOTION CALENDAR:**<br>Date: September 17, 2021 |

MOTION FOR AN ORDER CERTIFYING AN INTERLOCUTORY APPEAL AND MOTION TO STAY LITIGATION PENDING APPEAL
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB)

59717583;7

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

Defendant The GEO Group, Inc. ("GEO"), by and through undersigned counsel, moves the Court, pursuant to 28 U.S.C. § 1292(b), for an order certifying an interlocutory appeal from the Court's orders denying GEO's Rule 50(b) motion and granting the State of Washington's Rule 50(b) motion, *Nwauzor* Dkt. Nos. 419 & 417 and *Washington* Dkt. Nos. 529 & 531. GEO requests that this Court certify the following two questions(1) whether the District Court is required to follow federal case law decided under the federal Fair Labor Standards Act ("FLSA")  in defining "employee" under the Washington Minimum Wage Act ("WMWA"); and (2) whether a determination that federal detainees are "employees" under the provisions of the WMWA is precluded by established principles of intergovernmental immunity. GEO further moves the Court to enter a stay of litigation pending a decision by the Ninth Circuit on the certified questions.

## I.    INTRODUCTION

It is hard to imagine a case more fitting for an interlocutory appeal than this one. Simply put, this motion will conserve the resources of the Court and the parties by, at the very least, clarifying the law that will apply to the retrial and may in fact obviate the need for a second trial. This clarification will greatly assist the efficiency of all future proceedings in this litigation.

GEO, the State of Washington, the Private Plaintiffs, and this Court are all on the record as conceding there are complicated issues of law at play in this case. This Court itself was prepared to grant an order dismissing this case earlier in the proceedings based on a proper legal defense raised by GEO. After deciding instead to allow the jury to decide the issue, this Court has now come full circle and wiped this legally proper and dispositive defense entirely from this case. The complex legal issues at trial which resulted in a hung jury only bolster the conclusion that another trial may very well result in another hung jury. Before this Court, the State of Washington and its taxpayers, Private Plaintiffs, and GEO all embark on another costly trial, GEO submits that the issues of law outlined below should be heard and decided by the Ninth Circuit.

MOTION FOR AN ORDER CERTIFYING AN
INTERLOCUTORY APPEAL AND MOTION TO STAY
LITIGATION PENDING APPEAL
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 1

59717583;7

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

GEO does not want to prolong this litigation any further, but in this case an interlocutory appeal is the most efficient way to proceed with this litigation. By definition, an interlocutory appeal can only be considered when the Court has ruled in favor of one side or the other, as the Court has done in this case. This filing is not an attempt to convince this Court to revisit its prior rulings in this case. It is rather being made to appeal to the Court's discretion by asking that it grant this quintessential example of a motion for an interlocutory appeal.

GEO fully recognizes that this Court has views on both the facts and law contrary to GEO's position. If a reviewing court disagrees with the Court on several of these matters, it may be wholly dispositive of this case and serve to avoid a complete retrial, yielding the kind of efficiencies a Section 1292(b) motion is designed to further.

No one is harmed by granting this request for an interlocutory appeal. To the contrary, all parties would benefit greatly from the inevitable clarity of an appellate ruling. If GEO is right that these dispositive issues of law should be decided in its favor, the case may end and Washington State taxpayers will avoid the effort and expense of another trial. If GEO is not right and the Ninth Circuit rules against it on all of these critical and determinative issues of law, GEO, the State and Private Plaintiffs will be right back in front of this Court trying this case in short order, with greater clarity as to how the issues should be argued and presented to the jury. GEO can think of no case more appropriate for interlocutory appeal. It is precisely the sort that Section 1292(b) was designed to address through interlocutory appeal, and consistent with the Rule's objectives and the interests of all parties, GEO asks the Court to grant this motion.

## II.    PROCEDURAL HISTORY

The instant case has been through many iterations of the law related to the correct definition of "employee" under the WMWA and whether the proposed application of the WMWA to GEO violates the principles of intergovernmental immunity. Unless the Ninth Circuit is given the opportunity to resolve the key controlling issues of law in this case, both sides will be in limbo, awaiting the near certainty of a third trial or collateral appeal.

MOTION FOR AN ORDER CERTIFYING AN
INTERLOCUTORY APPEAL AND MOTION TO STAY
LITIGATION PENDING APPEAL
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 2

59717583;7

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

The complexities of this case with respect to the correct definition of an "employee" can be boiled down to a key observation this Court made before closing arguments: "We are faced here with a bad state law that defines employment. It is not a complete definition in the statute, at least not as complete as I would like, but it is what we have." Trial Trans. June 14, 2021 p. 96. In trying to make sense of the WMWA, this Court has cycled through a number of statutory constructions—none of which have become the controlling law of the case. At summary judgment, the Court applied the economic realities test. *Nwauzor* Dkt. 280. Both parties prepared their cases to address that legal framework at trial, but the Court took the extraordinary action of changing the legal framework *after* the evidence had been submitted to the jury. The Court discarded the economic realities test and instead provided the jury with the bare statutory definitions for "employer," "employee," and "employ" found in the WMWA. When the jury could not make sense of the ambiguous instructions, this Court remarked it was "afraid we didn't explain it to them in an easy way to for them to decide things." Trial Trans. June 17, 2021 p. 15.

Although the Court acknowledged the lack of definitional clarity contained in its instruction to the jury on the question of whether the detainees who participate in the federal Voluntary Work Program ("VWP") are employees under the WMWA, the Court denied GEO's Rule 50(b) motion outright, without clarifying (or applying) the correct test for whether an individual is an "employee" under the WMWA. *Nwauozr* Dkt. 417 at p. 4. Despite rejecting GEO's proposed framework, the Court still has not articulated a controlling legal framework aside from the bare statutory definitions for whether an individual is an "employee" under the WMWA. At the same time, this Court has made clear that it will not consider federal case law in construing the WMWA. If the Ninth Circuit were to rule that federal case law must be considered, it would likely impact the outcome of any analysis of whether detainees are "employees." Accordingly, the Court should allow the parties to seek guidance from the Ninth Circuit prior to a second trial.

The intergovernmental immunity issues in this case have been equally elusive. As this

MOTION FOR AN ORDER CERTIFYING AN
INTERLOCUTORY APPEAL AND MOTION TO STAY
LITIGATION PENDING APPEAL
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 3

59717583;7

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

Court noted at the recent oral argument addressing the parties' Rule 50(b) motions, "there is no statute to help[,] and when you look at the case law. . . there are no cases that are on all fours with this case[.]" Transcript August 17, 2021. In grappling with this same issue two years ago, this Court issued a proposed order dismissing the case on intergovernmental immunity grounds—the exact opposite result of the Court's most recent order. *Washington* Dkt. 306-1. In its prior proposed order, the Court concluded that there were no issues of disputed fact—except whether the State paid minimum wages to individuals confined within the Special Commitment Center ("SCC"). *Washington* Dkt. 306-1 at 8. Following the submission of additional evidence, this Court reversed course, withdrawing its proposed order without resolving the conflicting legal theories presented by the parties. *Washington* Dkt. 322.

Following the trial, this Court retreated from the legal framework that controlled in the first trial (including its prior order and Instruction No. 17 to the jurors) and ruled that the Northwest ICE Processing Center ("NWIPC") was not "sufficiently similar" to the State's "detention activities" to trigger further comparison. *Nwauzor* Dkt. 417. Through its ruling, the court rejected both GEO's and the United States' argument[1] that under *United States v. California* 921 F. 3d 865 (9th Cir. 2019), GEO steps into the shoes of the federal government for purposes of intergovernmental immunity. This ruling constitutes a novel construction of intergovernmental immunity—one that has never been endorsed by the Ninth Circuit. Because the Court's ruling is in conflict with other Ninth Circuit case law, appeal is inevitable. Accordingly, this Court should permit the Ninth Circuit to review this dispositive issue of law before the time and expense of an additional trial.

GEO firmly believes all parties will benefit from having the Ninth Circuit clarify both the proper definitional framework for determining who is an "employee" under the WMWA and the proper application of intergovernmental immunity principles to the facts of this case. Before requiring the parties to expend significant sums of money (and taxpayer dollars) retrying

---

[1] The United States has agreed with GEO's position here. *See Washington* Dkt. 290.

MOTION FOR AN ORDER CERTIFYING AN
INTERLOCUTORY APPEAL AND MOTION TO STAY
LITIGATION PENDING APPEAL
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 4

59717583;7

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

this case on disputed legal theories, the Court should allow the Ninth Circuit to provide clarity about these controlling legal issues. It is to the benefit of both the parties, the taxpayers, and this Court to determine conclusively the legal framework under which an individual in the United States' custody may be classified as an employee under the WMWA, and the proper application of intergovernmental immunity principles to the facts of this case. Denying the parties clarity as to the law at this juncture would be a serious injustice.

### III.   PROPOSED CERTIFIED QUESTIONS

On August 16, 2021, and August 19, 2021, this Court entered two orders denying GEO's Rule 50(b) motions. *Nwauzor* Dkt. No. 417; *Washington* Dkt. No. 531. The Court's orders implicate controlling questions of law which must be resolved before the time and expense of a retrial are incurred. GEO respectfully requests that the Court certify the following questions of law for interlocutory appeal to the Ninth Circuit pursuant to 28 U.S.C. § 1292(b):

> (1) Whether the District Court is required to consider federal case law decided under the FLSA in interpreting the definition of "employee" under the WMWA; and

> (2) Whether a determination that federal detainees are "employees" under the provisions of the WMWA violates established principles of intergovernmental immunity.

If the Court certifies one or more of these questions for interlocutory appeal, GEO respectfully requests that the Court enter a stay of litigation pending appellate proceedings in the Ninth Circuit because doing so would ensure the most efficient use of the Court's and parties' time and resources.

### IV.   STANDARDS FOR CERTIFICATION

Under 28 U.S.C. § 1292(b), the Court is authorized to certify an order in a civil action for interlocutory appeal if the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b); *see also In re Cement Antitrust Litig.* (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir.

MOTION FOR AN ORDER CERTIFYING AN INTERLOCUTORY APPEAL AND MOTION TO STAY LITIGATION PENDING APPEAL (3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 5

59717583;7

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

1982). A legal issue is considered "controlling" if allowing an interlocutory appeal "would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.,* 673 F.2d at 1026.

To determine if there is "substantial ground for difference of opinion" as to a controlling legal issue for purposes of Section 1292(b), "courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Substantial grounds for difference of opinion exist where the court of appeals of the circuit has not addressed the issue, the issue is novel or difficult, or if there is a circuit split as to the controlling law. *Id.* "Disagreement among district courts may indicate that there is substantial ground for difference of opinion on an issue." *Hovila v. Tween Brands, Inc.*, No. C09-0491RSL, 2010 WL 11684275, at *1 (W.D. Wash. June 11, 2010). Where "reasonable jurists can and have disagreed[,]" certification of an interlocutory appeal is appropriate. *Id.* Additionally, "a substantial ground for difference of opinion exists where . . . novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). That certainly is an apt description of the issues before this Court.

To be ripe for certification, an interlocutory appeal need not have a final, dispositive effect on *all* issues raised in the litigation. Instead, certification is appropriate so long as review could "materially advance the ultimate termination of the litigation." *Reese*, 643 F.3d at 688. Where a legal issue has the potential to significantly narrow the issues before the district court or resolve all of one party's claims in a multi-party suit, certification is appropriate. *Id.*

## V.    ARGUMENT

### A.    THE COURT SHOULD CERTIFY THE QUESTIONS OF LAW PRESENTED.

The requirements for certifying an order for interlocutory appeal are fully satisfied in this case and therefore this Court should certify the issues for appeal.

#### 1.    The Court's Orders Present Controlling Questions of Law That Would Materially Advance the Termination of the Litigation.

For the reasons stated below, each of the issues GEO asks this Court to certify is independently "controlling." Each has the potential to substantially accelerate the disposition of

MOTION FOR AN ORDER CERTIFYING AN
INTERLOCUTORY APPEAL AND MOTION TO STAY
LITIGATION PENDING APPEAL
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 6

59717583;7

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

the litigation. A forthwith resolution by the Ninth Circuit of the correct definitional framework for determining who is an "employee" under the WMWA, and the correct approach for applying the principles of intergovernmental immunity to the facts of this case would materially advance the termination of this litigation by clarifying the issues the jury will be asked to decide, thereby avoiding another hung jury.

    **a. Whether immigration detainees are "employees" under the WMWA is a controlling issue of law.**

The question of what legal framework should be used to determine whether the federal immigration detainees who participate in the federally-mandated VWP are included in the definition of "employee" under the WMWA is a controlling question of law. "[A] question of law under Section 1292(b) is a 'question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine' that 'the court of appeals could decide quickly and cleanly without having to study the record'" *Association of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1089 (E.D. Cal. 2008). Here, GEO seeks review of a purely legal issue: the meaning of "employee" under the WMWA. There are no factual issues at play and if this Court were to certify an appeal, the appellate court would not need to review the record to determine the appropriate legal test for whether a detainee is "an employee."

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. Resolution of whether the WMWA's definition of "employee" incorporates FLSA standards is a controlling issue of law that must be resolved before all three parties incur the significant expense of a second trial. If the Ninth Circuit were to agree with GEO that the applicable test is the one applied in FLSA precedent addressing detainees, a second trial could potentially be avoided. At a minimum, any subsequent trial would be significantly narrowed because the inquiry into the VWP would be circumscribed.

In the detention context, two factors are often dispositive in FLSA cases: (1) that the detention facility provides "inmates' food, shelter, and clothing" and (2) the detention facility's

---

MOTION FOR AN ORDER CERTIFYING AN
INTERLOCUTORY APPEAL AND MOTION TO STAY
LITIGATION PENDING APPEAL
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 7

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

59717583;7

"absolute power" over detainees "is not a characteristic of—and indeed is inconsistent with—the bargained-for exchange of labor which occurs in a true employer-employee relationship." *Gilbreath*, 931 F.2d at 1325. In assessing these two factors, every court to decide the issue has found that ICE detainees who participate in the VWP are not "employees" under either state or federal law. Beginning with *Alvarado Guevara v. I.N.S.*, 902 F.2d 394 (5th Cir. 1990), the Fifth Circuit held that immigration detainees are not "employees." Following suit, just this year (30 years after *Alvarado* was decided) the Fourth Circuit in *Ndambi v. CoreCivic, Inc.*, held that ICE detainees who participate in the VWP at a privately owned and operated facility are not employees under either New Mexico's minimum wage law or the FLSA. 990 F.3d 369, 375 (4th Cir. 2021). The court reasoned that classifying immigration detainees who participate in the VWP as "employees" would be a "fundamental alteration of what it means to be an 'employee'" because immigration detainees are "not employees in the free labor market[.]" *Id.* The court explained, like in *Gilbreath*, that there was "*too much* control to classify the [detainer-detainee] relationship as one of employment." *Id.* 372. In yet another federal case, the Honorable Judge Kane in the District of Colorado concluded that detainees were not employees under Colorado's minimum wage laws for the same reasons articulated in *Alvarado*. *Menocal v. GEO Grp., Inc.*, 113 F. Supp. 3d 1125, 1129 (D. Colo. 2015). The issue is controlling because, if the Ninth Circuit adopts the test applied in *Gilbreath*, *Alvarado, Ndambi,* and *Menocal,* a second trial may not be necessary.

Review of this issue in the Ninth Circuit will advance the proceedings in this Court. At a minimum, the Ninth Circuit will be able to articulate the controlling legal test for whether a VWP detainee falls within the definition of "employee" for purposes of the WMWA. A determination of the appropriate and applicable test would eliminate unnecessary proceedings. If a jury is given instructions for defining "employee" that do not consider the realities of detention, it is likely they would reach a different result than if they were provided with a clear, multi-part test. And, because the Washington Supreme Court has plainly ruled that the statutory definition of "employee" is ambiguous (without the incorporation of FLSA principles), if a jury

MOTION FOR AN ORDER CERTIFYING AN INTERLOCUTORY APPEAL AND MOTION TO STAY LITIGATION PENDING APPEAL (3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 8

59717583;7

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

is once again left with only the bare statutory definitions, it is likely that any outcome reached by the jury would be reversed on appeal. Accordingly, review by the Ninth Circuit before another jury trial "could materially affect the outcome of litigation in the district court." *Id.*

**b. Whether intergovernmental immunity precludes the State of Washington from classifying federal detainees as "employees" under the WMWA is a controlling question of law.**

Likewise, the question of intergovernmental immunity is a controlling question of law. Both sides agree that civil detainees held within the State's facilities are not paid minimum wage. The only distinction the State draws between the NWIPC and the state facilities is that the federal government has chosen to contract with a private contractor for operation of its ICE facility. To that end, in the parties' Rule 50(b) motions, both sides agreed that the only question at issue was legal: whether the disparate treatment of federal detention facilities, including those operated by federal contractors, violates the related doctrine of intergovernmental immunity. This legal question can be resolved by the Ninth Circuit without review of the facts of this case.

Like the issue of the correct definitional framework for determining who is an "employee" under the WMWA, the legal questions remaining as to intergovernmental immunity are controlling. If GEO is immune from suit because the WMWA's provisions violate the Supremacy Clause-derived doctrine of intergovernmental immunity, the State and the Private Plaintiffs' cases will be dismissed in their entirety. Indeed, if the Ninth Circuit agrees with GEO that the appropriate comparators are state facilities and not private operators of state facilities, the upcoming trial would be a nullity. There is no question that at the first trial there was ample evidence that state entities pay less than minimum wage to detainees in their care. Therefore, the issue of intergovernmental immunity is a controlling question of law, the resolution of which would materially advance the litigation, satisfying the first and third elements for interlocutory appeal under Section 1292(b).

**2. There is Substantial Ground for Difference of Opinion as to the Controlling Law.**

There can be no question that Plaintiffs brought this action as part of a coordinated and

MOTION FOR AN ORDER CERTIFYING AN
INTERLOCUTORY APPEAL AND MOTION TO STAY
LITIGATION PENDING APPEAL
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 9

59717583;7

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

nationwide effort to change the parameters of immigration detention through the courts, rather than through Congress. Indeed, since 2014, there have been no fewer than eight (8) cases filed across the country in an attempt to raise the stipend that detainees receive in the VWP through litigation as opposed to legislation.[2] At trial, this Court noted that it was aware of other rulings explaining, "[s]imilar issues, not identical, but similar have been raised throughout the country and generally have resulted in rulings against the position of those somewhat similar to plaintiffs'." Trial Trans. June 11, 2021 p. 4-5. This Court then painted itself as the lone dissenter, describing the rulings in the instant case as comprising "a minority of one[.]" *Id.* Thus, there is little question that there is substantial ground for difference of opinion as to the controlling law, not to mention a difference (of one) among the federal courts.

### a. Employment

The interpretation of "employee" under the WMWA raises grounds for difference of opinion.[3] This Court has ruled that federal case law addressing the FLSA is both unpersuasive and not necessary to resolve the issue of whether detainees are "employees" under the WMWA. *See Nwauzor* Dkt. 417 & *Washington* Dkt. 529; *Washington* Dkt. 492 (Instruction 13); *Washington* Dkt.. No. 29 (declining to "extend[] the logic of" the applicable federal case law to

---

[2] Among those cases are the following: *Novoa v. GEO*, Central District of California, Case No. 17–2514 JGB (SHKx); *Menocal v. GEO*, District of Colorado, Case No. 14-CV-02887-JLK; *Ndambi v. Corecivic, Inc.*, Fourth Circuit, Case No. 19-2207; *Owino v. Corecivic, Inc.*, Southern District of California Case No. 17-cv-1112-JLS; *Gonzalez v. Corecivic, Inc.,* Western District of Texas Case No 1:18-CV-00169-LY; *Barrientos v. Corecivic, Inc.*, Middle District of Georgia Case No. 4:18-CV-00070-CDL; *Whyte v. Suffolk County Sheriff's Department*, Massachusetts Appeals Court, Case No. 16-P751.

[3] GEO has argued for a test derived from federal case law addressing civil detainees, based upon numerous decisions that have determined, as a matter of law, that detainees do not fall within the definition of "employee." *See e.g. Washington* Dkt. Nos. 460, 503. In contrast, the State and Private Plaintiffs have vacillated between the economic realities test (with an objection to any factor acknowledging Plaintiffs' detention) and simply providing the definitions in the statute. *Washington* Dkt. Nos, 251 & 378-1 . Indeed, at summary judgment, both the State and Private Plaintiffs argued that detainees were employees <u>as a matter of law</u> when applying the economic dependence test consistent with *Anfinson*. *See Washington* Dkt. 251 and *Nwauzor* Dkt. 233. In its own motion for summary judgment, GEO agreed that the issue could be decided as a matter of law and argued for a modified economic realities test that accounted for controlling state and federal law addressing the employment of detainees. *Nwauzor* Dkt. 277.

---

MOTION FOR AN ORDER CERTIFYING AN
INTERLOCUTORY APPEAL AND MOTION TO STAY
LITIGATION PENDING APPEAL
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 10

59717583;7

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

the WMWA's definition of "employee."). Under this Court's interpretation of the Act, the resolution of whether detainees are "employees" is guided only by the statutory definitions. In contrast, it is GEO's position that federal law is necessarily part of interpreting the definition of "employee" in the WMWA, including a consideration of the factors enumerated in federal case law.

GEO's position is supported by both Ninth Circuit and Washington Supreme Court precedent. The Ninth Circuit instructs that, "[w]hen interpreting state law, a federal court is bound by the decision of the highest state court." *In re Kirkland*, 915 F.2d 1236, 1238 (9th Cir. 1990); *see also PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 820 (9th Cir. 2018). From there, the Washington Supreme Court has made clear that "[the Washington] legislature's nearly verbatim adoption in the MWA of the FLSA language with respect to the definition of 'employee' evidences legislative intent to adopt federal standards[.]" *Anfinson v. FedEx Ground Package Sys., Inc.*, 174 Wash. 2d 851, 868 (emphasis added).[4] To that end, the WMWA's definition of employee "carries the same construction as the federal law and the same interpretation as federal case law." *Id.* Thus, GEO's position that whether a detainee is an "employee" is controlled by consideration of factors enumerated in FLSA case law, not the bare statutory definitions contained in the Act, is supported by both Washington Supreme Court and Ninth Circuit precedent. *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1325 (9th Cir. 1991)*; Anfinson*, 174 Wash.2d at 868. Given this Court's departure from the guiding principles of *Anfinson*, it is clear that there is "substantial ground for difference of opinion".

Further demonstrating grounds for a difference of opinion, another court in this District recently articulated that the Ninth Circuit has not yet settled which test for "employee" should be applied to civil detainees. *Bettys v. Washington*, No. 3:17-CV-5501 RBL, 2017 WL

---

[4] Indeed, it is not just GEO that has argued *Anfinson* controls—both the State and Private Plaintiffs previously agreed that *Anfinson* controlled the analysis and filed motions summary judgment asserting that detainees were employees as a matter of law under the economic dependence test. *See Washington* Dkt. 251 and *Nwauzor* Dkt. 233.

MOTION FOR AN ORDER CERTIFYING AN
INTERLOCUTORY APPEAL AND MOTION TO STAY
LITIGATION PENDING APPEAL
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 11

59717583;7

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

3034518, at *2 (W.D. Wash. July 18, 2017) ("The Ninth Circuit has yet to address whether courts should analyze the work performed by civilly-detained persons under the standards applicable to civilian-employees or those applicable to prisoners."). Because the controlling legal framework for whether a detainee is an "employee" is not settled, and because other Courts have applied legal frameworks that differ from the one this Court has deployed, there are further grounds for GEO's position that this Court's interpretation of the WMWA's definition of "employee" raises substantial grounds for difference of opinion.

Finally, this Court has indicated it is without the necessary guidance to revise the jury instructions beyond the statutory definitions, explaining: "I think it would be a mistake for me to try to list those things that the jury should consider . . . [t]his is not a case where there is a decent definition of employment and employer and employee. It is what we are stuck with in the statute." Trial Trans. June 14, 2021 p. 89. Surely, it would only increase the costs of this litigation and delay the ultimate conclusion of the case to try this case to a jury again without clear guidance from the Ninth Circuit as to the correct instruction to be given to the jury with respect to the central issue of whether the VWP detainees are "employees" under the WMWA. Accordingly, the question regarding the correct definition of who is an "employee" under the WMWA meets the second criteria for certification under Section 1292(b).

**b. Immunity**

Likewise, intergovernmental immunity presents a disputed issue of law. This Court has vacillated between differing legal frameworks which it has applied to intergovernmental immunity. Specifically, there are reasonable differences of opinion as to two key legal issues: (1) whether federal immigration detainees housed at the NWIPC should be compared to state detainees housed at state facilities for purposes of intergovernmental immunity; and (2) whether GEO's status as a federal contractor should be considered in resolving issues of intergovernmental immunity.

This Court had previously ruled that "it is plain that the [WMWA] excepts residents of 'state . . . detention' facilities, not federal facilities. *See* RCW 49.46.010(3)(k). The Northwest

MOTION FOR AN ORDER CERTIFYING AN
INTERLOCUTORY APPEAL AND MOTION TO STAY
LITIGATION PENDING APPEAL
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 12

59717583;7

AKERMAN LLP

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

Detention Center is a federal detention facility and thus does not fall under the exception." *Washington* Dkt. 29 (emphasis added). Under the law of the case, this Court's ruling made plain that the WMWA was not a law of general applicability, as it excluded the NWIPC *exclusively* because it was a *federal* facility.[5] The court reaffirmed its interpretation of subsection (k) in denying GEO's motion for summary judgment—finding that the exception did not include federal detainees in its terms. *Nwauzor* Dkt. 280 at 13. Once again, this Court reaffirmed this finding when the jury asked whether subsection (k) included federal facilities. *Washington* Dkt. Nos. 484, 491, 492 (Supplemental Instruction 1). Following the jury trial, the State and GEO filed Rule 50(b) motions. Both parties agreed that the issue of the appropriate comparators for purposes of intergovernmental immunity was a purely legal issue and asked this Court to resolve whether, as a matter of law, GEO should be compared to to state-operated detention facilities.

In an about-face, in its most recent Order this Court disregarded its prior conclusion that subsection (k) rendered the WMWA discriminatory, and instead found it had erred in the first trial by submitting Instruction Number 17 to the jury because the WMWA is a neutral and generally applicable law. Dkt. 531 at 8. In so doing, this Court dismissed GEO's defense on a wholly different legal standard than the one it found controlled at trial just weeks earlier. *Id.* The Court went on to explain that there is "no showing that the WMA is not being 'imposed equally on other similarly situated constituents of the state.'" *Id.* at 7. Thus, even reviewing only *this* Court's varied rulings in the instant case, it is clear that the standard for substantial grounds for difference of opinion is met, because the issues of intergovernmental immunity are complex. *See e.g.*, *Couch.*, 611 F.3d at 633.

As GEO explained in detail in its Rule 50(b) motion, there is a substantial ground for difference of opinion with respect to the Court's most recent ruling. It is GEO's position that,

---

[5] Indeed, in this Court's proposed order on intergovernmental immunity, it contemplated dismissing the case in its entirety on the basis that the State's interpretation of the WMWA discriminates against GEO, a government contractor. *See* Dkt. 306-1 at 8.

MOTION FOR AN ORDER CERTIFYING AN INTERLOCUTORY APPEAL AND MOTION TO STAY LITIGATION PENDING APPEAL (3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 13

59717583;7

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

with respect to immigration detainees, the WMWA is neither neutral nor generally applicable—as it would find civil detainees in *state* custody exempt from the WMWA while finding civil detainees in *federal* custody covered by the WMWA. GEO's position is supported principally by *Dawson v. Steager,* 139 S. Ct. 698 (2019); *United States v. California*, 921 F.3d 865 (9th Cir. 2019); and *Boeing Co. v. Movassaghi*, 768 F.3d 832 (9th Cir. 2014). *Dawson*, instructs that the language of the discriminatory statute determines the appropriate comparators. Thus, under *Dawson*, the comparators to the NWIPC are "state, county or municipal" detention institutions. This Court, however, has expressed a contrary view, finding that only private contractors of state facilities would be an appropriate comparator.

This Court's ruling is in tension with controlling intergovernmental immunity case law. The Supreme Court has made clear that in order to survive an intergovernmental immunity challenge, the law must be "imposed on some basis unrelated to the object's status as a Government contractor or supplier." *North Dakota v. United States*, 495 U.S. 423, 438 (1990). The Ninth Circuit has further distilled the issue—explaining that federal ICE contractors step into the shoes of the federal government for purposes of intergovernmental immunity. *California*, 921 F.3d at n.7. A contractor's ownership of the land also makes no legal difference. *Boeing*, 768 F.3d at 832. Even if subsection (k) could be read to exempt both state and federal government-operated detention centers, but not state or federal private contractors (as argued by the State in its post-trial Renewed Motion for Judgment as a Matter of Law), it would not survive an intergovernmental immunity challenge. GEO's status as a federal contractor could not be the determining factor, as it would be entitled to step into the federal government's shoes under the statute. *California*, 921 F.3d 865 at n.7. Thus, there are substantial grounds for difference of opinion as to whether the principles of intergovernmental immunity preclude an interpretation of the WMWA that singles out GEO for different treatment exclusively because *it is a federal government contractor*. In short, the remaining inquiry under Section 1292(b), whether the issues involve a substantial ground for a difference of opinion, is satisfied as to both the issues of employment and intergovernmental immunity.

MOTION FOR AN ORDER CERTIFYING AN
INTERLOCUTORY APPEAL AND MOTION TO STAY
LITIGATION PENDING APPEAL
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 14

59717583;7

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

**B.    THIS COURT SHOULD ENTER A STAY OF LITIGATION PENDING THE APPEAL.**

A stay is warranted where it "would be inefficient and a waste of judicial resources and the parties' resources to continue proceedings while the matter is on appeal." *Deming v. First Franklin*, No. 09-5418RJB, 2010 WL 2326170, at *1 (W.D. Wash. June 7, 2010); *see also Hill v. Glebe,* No. 14-5330 RJB-JCC, 2015 WL 1538771, at *2 (W.D. Wash. Apr. 7, 2015). As explained above, if this Court certifies an interlocutory appeal, it will likely result in a resolution of all of the parties' claims. Even if it fell short of resolving all of the claims at issue, it would significantly narrow the issues for a subsequent trial. Allowing the proceedings to continue and impaneling a second jury where the case could be resolved as a matter of law—or the matters to be considered by the jury could be greatly narrowed and focused—would be a waste of judicial resources. Accordingly, a stay is appropriate while the Ninth Circuit resolves the disputed issues of law.

## VI.    CONCLUSION

GEO respectfully moves the Court to grant an order certifying the above-stated questions for interlocutory appeal, and further moves the Court to enter a stay of litigation pending the outcome of the certified interlocutory appeal.

Respectfully submitted this 30th day of August, 2021.

**AKERMAN LLP**

By: *s/ Adrienne Scheffey*
Adrienne Scheffey (Admitted *pro hac vice*)
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
Telephone:  (303) 260-7712
Facsimile:   (303) 260-7714
Email: adrienne.scheffey@akerman.com

MOTION FOR AN ORDER CERTIFYING AN
INTERLOCUTORY APPEAL AND MOTION TO STAY
LITIGATION PENDING APPEAL
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 15

59717583;7

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

By: *s/ Rubén Castillo*
Rubén Castillo (*Pro Hac Vice* Pending)
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900
Email: ruben.castillo@akerman.com

By: *s/ Jacqueline M. Arango*
Jacqueline M. Arango (*Pro Hac Vice* Pending)
98 Southeast Seventh Street, Suite 1100
Miami, Florida 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
Email: jacqueline.arango@akerman.com

**FOX ROTHSCHILD LLP**

By: *s/ Al Roundtree*
Al Roundtree, #54851
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154
Telephone: (206) 624-3600
Facsimile: (206) 389-1708
Email: aroundtree@foxrothschild.com

*Attorneys for Defendant The GEO Group, Inc.*

MOTION FOR AN ORDER CERTIFYING AN
INTERLOCUTORY APPEAL AND MOTION TO STAY
LITIGATION PENDING APPEAL
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 16

59717583;7

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

## PROOF OF SERVICE

I hereby certify on the 30th day of August, 2021, pursuant to Federal Rule of Civil Procedure 5(b), I electronically filed and served the foregoing **MOTION FOR AN ORDER CERTIFYING AN INTERLOCUTORY APPEAL AND MOTION TO STAY LITIGATION PENDING APPEAL** via the Court's CM/ECF system on the following:

**OFFICE OF THE ATTORNEY GENERAL**
Marsha J. Chien
Andrea Brenneke
Lane Polozola
Patricio A. Marquez
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104

*Attorneys for Plaintiff State of Washington*

**SCHROETER GOLDMARK & BENDER**
Adam J. Berger, WSBA #20714
Lindsay L. Halm, WSBA #37141
Jamal N. Whitehead, WSBA #39818
Rebecca J. Roe, WSBA #7560
810 Third Avenue, Suite 500
Seattle, Washington 98104
Telephone:  (206) 622-8000
Facsimile:   (206) 682-2305
Email: hberger@sgb-law.com
Email: halm@sgb-law.com
Email: whitehead@sgb-law.com
Email: roe@sgb-law.com

**THE LAW OFFICE OF R. ANDREW FREE**
Andrew Free (Admitted *Pro Hac Vice*)
P.O. Box 90568
Nashville, Tennessee 37209
Telephone:  (844) 321-3221
Facsimile:   (615) 829-8959
Email: andrew@immigrantcivilrights.com

**OPEN SKY LAW PLLC**
Devin T. Theriot-Orr, WSBA #33995
20415 72nd Avenue S, Suite 100
Kent, Washington 98032
Telephone:  (206) 962-5052
Facsimile:   (206) 681-9663
Email: devin@openskylaw.com

PROOF OF SERVICE
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 17

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

59717583;7

**MENTER IMMIGRATION LAW, PLLC**
Meena Menter, WSBA #31870
8201 164th Avenue NE, Suite 200
Redmond, Washington 98052
Telephone: (206) 419-7332
Email: meena@meenamenter.com

*Attorneys for Plaintiffs Ugochukwu Nwauzor, et al.*


s/ Nick Mangels
Nick Mangels

PROOF OF SERVICE
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 18

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

59717583;7