The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, <br><br> Plaintiff, <br><br> v. <br><br> THE GEO GROUP, INC., <br><br> Defendant. | CIVIL ACTION NO. 3:17-cv-05806-RJB <br><br> STATE OF WASHINGTON'S ADDITIONAL MOTIONS IN LIMINE IN ADVANCE OF OCTOBER 12 RETRIAL <br><br> NOTE ON MOTION CALENDAR: SEPTEMBER 24, 2021 |

STATE OF WASHINGTON'S ADDITIONAL
MOTIONS IN LIMINE

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## I. INTRODUCTION

Following the mistrial on Plaintiff State of Washington's (Washington) and the *Nwauzor* Private Class Action Plaintiffs' (*Nwauzor*) Minimum Wage Act (MWA) claims, ECF No. 487, the Court re-set the trial for October 12, 2021, reaffirmed that its prior orders remain standing, set a case schedule requiring the parties to file any additional in limine motions, ECF Nos. 497 and 535, and granted Washington's Rule 50(b) Motion dismissing GEO's intergovernmental immunity defense. ECF No. 531. These motions in limine address significant issues and lessons learned from the first trial and give effect to the Court's Rule 50(b) Order.

Given the experience of the first trial and to avoid jury confusion, distraction, and time waste by evidence and arguments that have no probative value on Plaintiffs' MWA claims, Washington requests exclusion of the following at the upcoming trial: (1) all evidence and argument of work programs at state and local government facilities, including all testimony from state and local government witnesses about such work programs; (2) all evidence and argument regarding prior history of Washington Department of Labor & Industries (L&I) enforcement, including any testimony from L&I and other state witnesses; and (3) Exhibits A-308 and A-321, L&I's Minimum Wage Act guidance documents, ES.A.1. Washington also moves in limine to exclude (4) all witnesses not previously disclosed, including George Zoley. Washington also joins the motions in limine filed by Private Plaintiffs to exclude the testimony of Dan Ragsdale and Tae Johnson, for failure to follow *Touhy* regulations. Washington further affirms its ongoing reliance on the Court's previous orders granting in whole or in part Washington's Motions In Limine Nos. 1, 2, 3, 4 and 7. *See* ECF No. 374 and Chien Declaration in Support of State of Washington's Additional Motions In Limine (Chien Decl.) ¶ 7, Ex. A (April 13, 2020 pretrial hearing transcript) at 6:23–8:24, 9:14–19.[1]

---

[1] The Courts prior rulings on Washington's MILs preclude the following evidence or argument:
MIL No. 1: that Washington's action is politically motivated or calling into question the State's Prosecutorial Discretion in Phase I of the trial. *See* Chien Decl. ¶ 7, Ex. A (April 13, 2020 pretrial hearing transcript) at 6:23–7:2.

STATE OF WASHINGTON'S ADDITIONAL
MOTIONS IN LIMINE
1
ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

Pursuant to LCR 7(d)(4), GEO and Washington met and conferred telephonically about these motions on Friday, September 3, 2021. Since the parties were unable to reach agreement, Washington timely files these motions in limine.

## II.  ARGUMENT

A court may exclude evidence in limine pursuant to the Federal Rules of Evidence. *Luce v. United States*, 469 U.S. 38, 41 (1984). "A district court is accorded wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment." *United States v. Abel*, 469 U.S. 45, 54 (1984).

## III.  MOTIONS IN LIMINE

**1.  Exclude All Evidence of Work Programs at State and Local Government Facilities**

The Court recently granted Washington's Rule 50(b) Motion and dismissed GEO's intergovernmental immunity discrimination defense in its entirety, confirming that it has no place at the upcoming trial. ECF No. 531. As a result, and to give effect to the Court's Order, Washington renews its prior MIL No. 6, which sought exclusion of all evidence of work programs at state and local government facilities. *See* ECF No. 357 at 11. Although GEO has indicated in the parties' exchange of the Pretrial Order that it no longer seeks to call Byron Eagle (DSHS), Sean Murphy (DSHS), Sarah Sytsma (Department of Corrections), Debra Eisen (Department of Corrections), or Christina Wells (DSHS), GEO continues to identify Colleen Melody and Taylor Wonoff as witnesses regarding state detention facilities and documents

---

MIL No. 2: that detainee-workers are volunteers or agreed to their wages, to the extent that is not a defense to Plaintiffs' MWA Claim. *Id*. at 7:3–14.

MIL No. 3: that detainee-workers lack legal immigration status or authorization to work, including inflammatory labels, blanket labels, or claims of status that would "imply that all of the detainees are in the same class," which are not defenses to the MWA, except that individual detainees who testify can be asked about their status. *Id.* at 7:15–8:15.

MIL No. 4: that detainee-workers are criminals, or other "unfair generalizations of detainees," which cannot be used as a defense to the MWA. *Id.* at 8:16–24.

MIL No. 7: that the ICE-GEO Contract Requires GEO to Pay Only $1/day, without limiting testimony as to why GEO pays $1/day. *Id.* at 9:14–19.

STATE OF WASHINGTON'S ADDITIONAL
MOTIONS IN LIMINE

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

produced during discovery. The Court's Rule 50(b) ruling, as well as the experience of the first trial, confirms that any evidence relating to state or local work programs is irrelevant and, if introduced, risks triggering significant prejudice, confusing the issues, misleading the jury, and wasting time by creating a "trial within a trial." *See* Fed. R. Evid. 402, 403.

GEO nonetheless suggested in the parties' meet and confer that it should have the opportunity to present evidence of the "industry standard." Chien Decl. ¶¶3–5. But that does not justify admission of this testimony or evidence in any way. For one, state and local institutions, which are correctional and mental health institutions, are not part of an "industry" at all, much less an industry in which the NWDC falls. As the Court has recognized, they are public goods that are not in any business competition with GEO. Further, GEO's suggestion indicates that it fully intends to create another "trial within a trial" by trying to point the finger back at the State. Because trial will be focused solely on GEO's labor practices at the NWDC and whether GEO employs detainee workers, any attempt to present evidence about state or local institutions or work programs should be stopped now—before GEO is allowed to waste the Court's, Plaintiffs', and jurors' time once again.

For these reasons, the Court should preclude GEO from calling all witnesses who GEO identified to testify to Washington's institutional work programs, or the interpretation and application of the MWA to State or local facilities. ECF No. 388 at 22–25. Specifically, these are: Colleen Melody (Attorney General's Office),[2] and Taylor Wonhoff (Governor's Office).[3] In addition, Washington moves to exclude the testimony of Josh Grice (L&I), Tammy Fellin

---

[2] The Court previously granted Washington's MIL re: prosecutorial discretion and, as a result, GEO is precluded from calling Colleen Melody on that subject. ECF No. 374 and Chien Decl. ¶ 7, Ex. A (April 13, 2020 pretrial hearing transcript) at 6:23–7:2. At the MIL hearing, Washington also objected to GEO's intention, as stated in its MIL briefing, to call Ms. Melody on the subject of whether or not residents sleep inside the Northwest Detention Center. *Id*. at 18:2–18. To the extent GEO still considers Ms. Melody a potential witness, Washington moves to strike her from the witness list because she lacks foundation to testify on that subject and, further, the Court rejected GEO's residential exemption defense to the MWA for lack of supporting evidence. *See* Chien Decl. ¶ 9, Ex. F (June 14 trial transcript issuing instructions) at 67:11–20.

[3] The Court previously excluded Julie Williams (Pierce County) as a witness. ECF No. 374 and Chien Decl. ¶ 7, Ex. A (April 13, 2020 pretrial hearing transcript) at 10:6–7.

STATE OF WASHINGTON'S ADDITIONAL
MOTIONS IN LIMINE

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

(L&I), Lynn Buchannan (L&I), Leslie Perrin (L&I), and David Johnson (L&I) to the extent GEO seeks to have these witnesses also testify to the interpretation of the MWA and its application to state institutions. *Id.* at 21–22, 26. Finally, the Court should exclude Exhibits A-14 through A-104, A-111, A-112, A-114, A-119 through A-217, A-223, A-224 through A-227, A-230, and A-232, A-233, A-283 through A-285, A-311, A-312, A-314 through A-317, A-320, all of which relate only to work programs in State or local facilities or the State's interpretation or enforcement of the MWA.

## 2. Exclude All Witnesses and Argument Related to L&I's History of MWA Enforcement at the NWDC

The Court previously ruled on Washington's MIL No. 5, generally excluding evidence or argument of the prior history of L&I law enforcement of the MWA at the NWDC and other similar institutions, including alleged delay in enforcing the MWA against GEO, but declined to preclude, as a categorical matter, evidence of statements made by L&I employees, which the Court surmised "may be relevant and admissible." *See* ECF No. 374, and Chien Decl. ¶ 3, Ex. A at 8:25–9:9 (April 13, 2021 pretrial hearing transcript).

In accordance with this ruling, and in its pretrial evidentiary hearing, the Court excluded Defense exhibits that related to L&I's internal knowledge or deliberations about the MWA and other government agency internal discussions from 2014 as to whether or not the minimum wage should apply to the NWDC. *See* ECF No. 451 and Chien Decl. ¶ 8, Ex. B (April 28, 2021 pretrial hearing transcript) at 81:11-90:6 (excluding Defendant's Exhibits A1 through 4, A8, A12, A-106 through A-110, A-115 through A-118, and A231). As the Court explained:

> These Exhibits A1 through A4, A8, A12, A106 through A110, A115 through A118 and A231 should not be admitted. There is a lot of repetition in these documents. There is a news article, and some of it is clearly hearsay. Also, what these documents reflect is discussion and different opinions about whether the Minimum Wage Act applies to detainees at the GEO facility. I saw no definitive decision that controlled the Department of Labor & Industries of the State, nothing from the Governor himself that would indicate a position. It was a great deal of discussion about the pros and cons of trying to enforce the Minimum

STATE OF WASHINGTON'S ADDITIONAL
MOTIONS IN LIMINE

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1 | Wage Act and is not definitive. There is simply nothing there that justifies admission in a court of law.

*Id.*

As the Court knows, GEO openly—and repeatedly—flouted these rulings during the first trial. GEO raised arguments, repeatedly asked questions of witnesses, and attempted to introduce evidence that the Court had excluded about the history of L&I enforcement—all of which lacked any probative value as to the question of whether the statute requires GEO to pay detainee-workers the minimum wage for work performed at the NWDC. *See* ECF No. 357 at 9–11 (Washington's MIL arguing that prior L&I enforcement is irrelevant given dismissal of laches defense). Specifically, GEO called a string of L&I witnesses to the stand and repeatedly asked questions related to the excluded L&I evidence and exhibits, requiring Washington to register repeated objections that were sustained, one after another, by the Court.

For example, GEO called Tammy Fellin to the stand, and the Court sustained objections to more than a dozen improper questions of Ms. Fellin regarding excluded subjects. *See, e.g.*, Chien Decl. ¶ 9, Ex. C (June 10, 2021 transcript) at 42:9–25 (question re: internal agency deliberations); 44:3–11 (same); 46:5–13 (same); 52:3–24 (upholding objection to admissibility of A-307, Minimum Wage Act statute, as illustrative exhibit); 57:11–17 (question re: agency's legal opinion); 57:19–58:2 (internal agency communications); 58:9–59:4 (sustaining objection to any testimony related to internal agency document because "there's nothing relevant in it."); 59:6–60:25 (internal agency deliberations and processes ); 61:8–14 (L&I enforcement history); 66:23–67:2 (internal agency deliberations); 67:25–68:2; 69:15–19; 69:21–70:2 (same); 69:1–6 (internal agency processes and enforcement strategy). *See also* testimony of Lynne Buchanan, Chien Decl. Ex. ¶ 9, Ex. D (June 10, 2021 transcript) at 125:1–127:22 (upholding objection to inquiry about excluded defense exhibit); 128:6–11 (sustaining objection to L&I position and enforcement history); 128:13–17 (L&I determination in March of 2014); testimony of Josh Grice, Chien Decl. ¶ 9, Ex. E (June 11, 2021 transcript), at 145:12–147:15 (sustaining objections

to multiple questions re: L&I history of enforcement of MWA at NWDC); 149:9–21 (same re: 2014 enforcement history); at 148:3–10; 148:25–149:7 (upholding objections to L&I position on appropriateness of exemption (k)).

While the Court declined Washington's request for an offer of proof and to strike the additional L&I witnesses following Ms. Fellin on the possibility that they possessed relevant and admissible testimony, the Court did note that the witnesses GEO called rarely knew the answers to the questions GEO asked that were permissible. *See* Chien Decl. ¶ 9, Ex. C (June 10, 2021 transcript) at 113:1–8 ("Certainly, we've got two witnesses that we spent a lot of time on that didn't know much about anything having to do with the case… I hope we don't waste more time with people that don't know the answers to the questions that are appropriate to be asked.")

Not only did this L&I questioning waste hours of trial time, GEO succeeded in creating an atmosphere of suspicion about Washington's law enforcement history and confusion over the applicability and enforceability of the MWA. GEO's sustained effort to cloud the record with irrelevant evidence regarding excluded topics wrongly suggested Washington was hiding evidence that was somehow relevant, when it was not. This misled press observers of the proceeding, as well as the jury, and created confusion over L&I's, and the AGO's, enforcement of the MWA. *See, e.g.,* Chien Decl. ¶ 10, Ex. H (Law360 article stating, "GEO Group began its trial defense…drawing numerous objections as it asked a state employee questions related to an email banned from trial in which she said detainees aren't eligible for minimum wage."). In her closing argument, counsel for GEO capitalized on this confusion, recapped L&I's history of enforcement, and called into question the prosecutorial discretion of Washington to bring this lawsuit by emphasizing that "L&I is not the one that brought this lawsuit." *See* Chien Decl. ¶ 9, Ex. G (June 15, 2021 transcript) at 70:9–71:23.

For the upcoming trial, Washington seeks an absolute bar against GEO's introduction of witnesses, argument and evidence regarding prior enforcement of the MWA—or lack of enforcement—by L&I or the State against GEO and other private companies, which is squarely

STATE OF WASHINGTON'S ADDITIONAL
MOTIONS IN LIMINE

6

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

within Washington's prosecutorial discretion and contrary to the Court's previous ruling on MIL No. 2, excluding any evidence related to that subject. *See* ECF No. 374 and Chien Decl. ¶ 7, Ex. A (April 13, 2020 pretrial hearing transcript) at 7:3–14. This should include the L&I witnesses GEO has identified regarding prior enforcement of the MWA at the NWDC and detainee complaints, or lack thereof: Josh Grice (L&I), Tammy Fellin (L&I), Lynne Buchannan (L&I), Leslie Perrin (L&I), and David Johnson (L&I). ECF No. 388 at 21–22, 25–26. It also should exclude any argument or insinuation related to the fact that L&I did not bring this lawsuit and is not a party in the case.

During the parties' meet and confer, GEO suggested that L&I's internal emails matter for explaining why GEO believed the MWA did not apply when it negotiated its contract with ICE. Chien Decl. ¶ 5. But nothing suggests L&I ever told GEO that the MWA did not apply or that GEO ever considered L&I prior enforcement (or non-enforcement) at all. Regardless, evidence related to L&I's enforcement history continues to be irrelevant to the liability issue before the jury, whether GEO employed detainee workers, and therefore violates Fed. R. Evid. 402. Even if deemed relevant, such evidence creates serious prejudice to Washington. Fed. R. Evid. 403. Introduction of such extraneous and complex material is likely to confuse the next jury, as it confused the last, and prejudice Washington by implying that L&I's enforcement decisions in the past should, somehow, allow GEO to escape accountability today and in the future. Again, the Court dismissed GEO's laches and unclean hands defenses long-ago. *See* ECF No. 202 at 7 (dismissing GEO's laches defense "because the State's case resulted from 'a proper exercise of governmental duties'") (citation omitted); *id.* at 9 (dismissing GEO's unclean hands defense) GEO should not be permitted to press them again at trial.

STATE OF WASHINGTON'S ADDITIONAL
MOTIONS IN LIMINE

7

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Consistent with the Court's pretrial rulings excluding L&I exhibits, and the Court's rulings during trial excluding Ex. A-305[4] and A-307[5], Washington also seeks to strike all of GEO's additional late-disclosed exhibits related to L&I, including: A-304, A-306, A-309, A-310, A-313, A-318, A-319.

**3.  Exclude All Evidence and Arguments Regarding L&I's Administrative Policy Guidance ES.A.1**

As with the additional in limine motion No. 1 above, to exclude all evidence and argument regarding state and local detention programs, the fact that the Court granted Washington's Rule 50(b) Motion and dismissed GEO's intergovernmental immunity discrimination defense, ECF No. 531, requires that GEO be precluded from introducing argument and evidence of L&I's policy guidance related to the MWA and its exemption for work in government institutions in the next trial.

During the first trial, GEO introduced L&I's administrative policy guidance, ES.A.1, on the applicability of the MWA, Defense Exhibits A-308 and A-321. *See* ECF No. 498 (Washington's Rule 50(b) Motion) at 11; ECF No. 500 (Chien Decl. ¶ 10), ECF No. 500-8 (Exhibit A-321, ES.A.1). GEO pointed to ES.A.1 as "evidence" of comparators that do not exist, and also used it as an alternative method to instruct the jury on the MWA law, a province reserved for the Court and its instructions to the jury.

ES.A.1 is L&I's non-binding guidance that suggests inmates and residents assigned to work on the premises of state-owned facilities where they are incarcerated or detained, but for a private corporation, at rates established and paid for by public funds, "are not employees of the private corporation and would not be subject to the MWA." ECF No. 500-8 at 7. Importantly, even ES.A.1 itself (both versions, Trial Exs. A-308 and A-321) includes a disclaimer that it is

---

[4] Chien Decl. ¶ 9, Ex. C (June 10, 2021 transcript) at 58:9–59:4 (sustaining objection to any testimony related to A-305, previously marked as A-231, because excluded by Court and "there's nothing relevant in it").

[5] *Id.* at 52:3–24 (upholding objection to admissibility of A-307, Minimum Wage Act statute, as illustrative exhibit).

STATE OF WASHINGTON'S ADDITIONAL
MOTIONS IN LIMINE

8

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1  not the law. *Id.* ("This policy does not replace applicable RCW or WAC standards"). *See also*
2  ECF No. 498 at 11. Instead, it reflects "the current opinions of the Department of Labor &
3  Industries." *Id.*

4  GEO nevertheless used the ES.A.1 guidance at the first trial to *imply* the existence of
5  private contractors operating within state-run institutions, which do not exist and GEO never
6  introduced evidence of, and to argue that because the "comparators" are not defined as
7  "employees," that Washington's application of the MWA to GEO discriminates against GEO.
8  *See* ECF No. 480 at 2–8; ECF No. 480-1; ECF No. 498 at 11; ECF No. 500 (Chien Decl. ¶ 10)
9  and 500-8 (Exhibit A-321). *See also* Chien Decl. ¶ 9, Ex. E (June 11, 2021 transcript) at 143:6–
10 145:10 (sustaining objections to multiple questions re: application of ES.A.1 to inmate work for
11 private corporations as speculative hypotheticals not supported by record); Closing argument of
12 GEO's counsel, Joan Mell, Chien Decl. ¶ 9, Ex. G (June 15, 2021 transcript) at 106:1–107:18
13 (quoting Defense Exhibit A-321, ES.A.1 language that inmate employment by private
14 corporations in state-run facilities are not employees, and arguing that the fact that GEO, a
15 private corporation, owns the NWDC is a "red herring" and that the private status is a "distinction
16 without a difference.")

17 The jury indicated that GEO's references to ES.A.1 caused significant confusion during
18 its deliberations about how to understand the jury instructions on the MWA. Indeed, the only
19 exhibit the jury cited in its questions to the Court was Defense Exhibit A-321, *i.e.*, ES.A.1, a
20 guidance document that is not the law and cannot substitute for the Court's jury instructions.
21 ECF No. 491 at 2. Because of the admission of this exhibit, and GEO's arguments that it was
22 authoritative, the jury improperly looked to ES.A.1 (an exhibit) instead of the Court's
23 instructions that should have been the sole touchstone and instruction on the MWA law
24 applicable at trial. *See* ECF No. 492 at 15 (Jury Instruction No. 13 re: MWA). *See also White v.*
25 *Salvation Army*, 75 P.3d 990, 992 (Wash. Ct. App. 2003) ("[I]t is and always has been for the
26 courts, not administrative agencies, to declare the law and interpret statutes") (quoting *Othello*

STATE OF WASHINGTON'S ADDITIONAL
MOTIONS IN LIMINE

9

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

*Cmty. Hosp. v. Emp. Sec. Dep't*, 762 P.2d 1149, 1151 (Wash. Ct. App. 1988)). Although the Court dismissed GEO's intergovernmental immunity defense, GEO disclosed during the parties' meet and confer that it still believes ES.A.1 should be provided if the Court offers the jury only the statutory definition of employment, without the statutory exemptions. Chien Decl. ¶ 6. In other words, GEO seeks to offer ES.A.1 to supplement the jury's instructions and introduce exemptions this Court has already deemed inapplicable. That type of open circumvention of the Court's prior rulings and jury instructions is wholly improper.

Since it is not the law and the question of comparators is no longer relevant given dismissal of GEO's intergovernmental immunity defense, both versions of ES.A.1 and arguments related to them are irrelevant and prejudicial, contrary to Fed. R. Evid. 402 and 403, and should be excluded by the Court for the retrial. All versions of ES.A.1 and all arguments based upon them should be excluded from trial, specifically defense Exhibits A-308 and A-321.

**4.      Exclude All Witnesses Not Previously Disclosed**

In its proposed Second Pretrial Statement provided to Plaintiffs on September 7, 2021, GEO identified George Zoley as a witness for the very first time. Mr. Zoley was never identified in initial disclosures nor discovery of either action, nor was he identified as a witness for the first trial. Mr. Zoley should therefore be excluded. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to … identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified").

There is no possible justification for GEO's failure to disclose Mr. Zoley until one month before the re-trial, long after discovery closed and three months after this case went to trial the first time. Washington filed this lawsuit in September 2017. According to publicly available information, Mr. Zoley is GEO's Founder, former CEO, and Chairman of GEO's Board. It is clear that if he had relevant information regarding the bidding, contract development, and pricing of the GEO-ICE Contract, GEO could have—and should have—identified him as a relevant witness during discovery, especially in this case, where the GEO-ICE Contract has been a

STATE OF WASHINGTON'S ADDITIONAL
MOTIONS IN LIMINE

10

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

contested issue for the last four years. GEO cannot now offer a late-breaking witness who will offer up an unexamined version of GEO's Contract.

### IV. CONCLUSION

Washington respectfully asks the Court to grant its additional motions in limine No.1 through No. 4.

Dated 9th day of September 2021.

Respectfully submitted,

ROBERT FERGUSON
Attorney General of Washington

s/ *Andrea Brenneke*
MARSHA CHIEN, WSBA No. 47020
ANDREA BRENNEKE, WSBA No. 22027
LANE POLOZOLA, WSBA No. 50138
PATRICIO A. MARQUEZ, WSBA No. 47693
Assistant Attorneys General
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
marsha.chien@atg.wa.gov
andrea.brenneke@atg.wa.gov
lane.polozola@atg.wa.gov
patricio.marquez@atg.wa.gov

STATE OF WASHINGTON'S ADDITIONAL MOTIONS IN LIMINE

11

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the United States District Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated this 9th day of September 2021, in Seattle, Washington.

_____
CAITILIN HALL

STATE OF WASHINGTON'S ADDITIONAL
MOTIONS IN LIMINE

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744