UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant. | C17-5806RJB |
| UGOCHUKWU GOODLUCK NWAUZOR, on behalf of all those similarly situated, and FERNANDO AGUIRRE-URBINA, individually,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant. | C17-5769 RJB<br><br>ORDER ON DEFENDANT'S MOTION FOR AN ORDER CERTIFYING INTERLOCUTORY APPEAL AND TO STAY |

THIS MATTER comes before the Court on the Defendant The GEO Group, Inc.'s ("GEO") Motion for an Order Certifying an Interlocutory Appeal and Motion to Stay Litigation Pending Appeal (filed in *Washington v. The GEO Group, Inc.,* U.S. District Court for the

ORDER - 1

Western District of Washington case number 17-5806, Dkt. 538 and in *Nwauzor v. The GEO Group,* U.S. District Court for the Western District of Washington case number 17-5769, Dkt. 426). The Court has considered the pleadings filed regarding the motion, testimony heard and other evidence presented during the 11-day trial, and the remaining record.

These two consolidated cases arise from Plaintiffs' claims that GEO failed to pay immigration detainees in its Voluntary Work Program ("VWP") the Washington minimum wage at its Northwest Detention Center, now renamed Northwest ICE Processing Center. One case, *Nwauzor,* case number 17-5769, is a class action. The other case is brought by the State of Washington. *State,* case number 17-5806.

On August 6, 2018, the class was certified and the class defined as "[a]ll civil immigration detainees who participated in the Voluntary Work Program at the Northwest Detention Center at any time between September 26, 2014, and the date of final judgment in this matter." *Nwauzor,* case number 17-5769, Dkt. 114, at 4. On June 1, 2021, trial began. After an 11-day trial, jury deliberations over three days, and a declaration from the jury that they could not agree on a verdict, a mistrial was declared on June 17, 2021. *State,* case number 17-5806, Dkt. 487 and *Nwauzor,* case number 17-5769, Dkt. 376. The next trial is set to begin on October 12, 2021.

GEO now moves for an order certifying an interlocutory appeal to Ninth Circuit Court of Appeals the following questions:

> (1) Whether the District Court is required to consider federal case law decided under the ["Fair Labor Standards Act ("FLSA")] in interpreting the definition of "employee" under the [ Washington Minimum Wage Act ("WMWA")]; and
>
> (2) Whether a determination that federal detainees are "employees" under the provisions of the WMWA violates established principles of intergovernmental immunity.

ORDER - 2

If the appeal is certified, GEO also moves to stay the case until after a decision on the appeal is issued.

Both the State and the class oppose the motion. *State,* case number 17-5806, Dkt. 551 and *Nwauzor,* case number 17-5769, Dkt. 440. GEO has replied (*State,* case number 17-5806, Dkt. 552 and *Nwauzor,* case number 17-5769, Dkt. 441) and the motion is ripe for decision.

**DISCUSSION**

Pursuant to 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

"The legislative history of § 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982)).

GEO's motion to certify an interlocutory appeal of one or both of the proposed questions to the Ninth Circuit Court of Appeals (*State,* case number 17-5806, Dkt. 538 and *Nwauzor,* case number 17-5769, Dkt. 426) should be denied. GEO fails to demonstrate that the orders on the issues it seeks to appeal immediately "involve[] a controlling question of law as to which there is a substantial ground for difference of opinion." *In re Cement Antitrust Litigation*, at 1026. On GEO's first question (whether FSLA case law in must be considered in interpreting "employee" under the WMWA), the Washington statute and courts have provided the necessary guidance and appropriate changes or additions to the Court's jury instructions will be considered as part of the

ORDER - 3

second trial. As to the second question regarding intergovernmental immunity, GEO disputes the Court's application of established legal principles. While GEO clearly does not agree with the Court's rulings on the issues presented in the proposed questions, "a party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)(*internal quotation marks and citations omitted*).

Further, GEO does not show that an immediate appeal would "materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litigation*, at 1026. Certifying an appeal at this point would delay trial, which is set to begin in less than a month. In its discussion of an interlocutory appeal's efficiency, GEO does not acknowledge the possibility that its appeal might fail entirely. The Ninth Circuit Court of Appeals might affirm the rulings of this Court, which would mean the trial must still be held, likely over a year from now. GEO fails to show that it cannot wait a month or so to file its appeal - if it deems that is appropriate. (GEO may well prevail at trial, which would moot the necessity for a GEO appeal.)

As with the denial of the motion to certify the interlocutory appeal, the motion to stay the case should also be denied.

### ORDER

IT IS ORDERED THAT:

- GEO's Motion for an Order Certifying an Interlocutory Appeal and Motion to Stay Litigation Pending Appeal (filed in *Washington v. The GEO Group, Inc.,* U.S. District Court for the Western District of Washington case number 17-5806, Dkt. 538 and in *Nwauzor v. The GEO Group,* U.S. District Court for the Western District of Washington case number 17-5769, Dkt. 426) **IS DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 20th day of September, 2021.

ROBERT J. BRYAN
United States District Judge

ORDER - 5