The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated,<br><br>Plaintiffs/Counter-Defendants,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>Defendant/Counter-Claimant. | Case No. 3:17-cv-05769-RJB |
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | Case No. 3:17-cv-05806-RJB<br><br>**DEFENDANT THE GEO GROUP, INC.'S MOTION REQUESTING MODIFIED JUROR QUESTIONNAIRE TO BE SENT WITH JUROR SUMMONS**<br><br>**NOTE ON MOTION CALENDAR:**<br>Date: October 8, 2021 |

---

DEFENDANT THE GEO GROUP, INC.'S MOTION
REQUESTING MODIFIED JUROR QUESTIONNAIRE
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB)

60104911;4

**AKERMAN LLP**
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
Telephone: 303-260-7712

The GEO Group, Inc. ("GEO"), by and through undersigned counsel, pursuant to LCR 47, moves this Court for a modified juror questionnaire. GEO provided Private Plaintiffs and the State (collectively "Plaintiffs") with a revised proposal on September 2, 2021. Following conferral about editing the questionnaire and changing the timing of the delivery of the questionnaire, Plaintiffs did not provide any substantive objections to the revisions GEO proposes, Plaintiffs take the position that they "trust the Court's expertise in issuing juror questionnaires and do not take a position regarding GEO's suggested edits to the questionnaire or when the juror questionnaire should be distributed to jurors." *Washington* Dkt. 547 at 29. Accordingly, GEO hereby provides the Court with its proposed edits to the questionnaire (attached as Exhibit A) and its support for the same.

Additionally, for the reasons set forth herein, which are serious enough to compel this Court to take additional steps to ensure that there is a fair trial in this case, GEO reiterates its request stated in the parties' joint pretrial order that the modified juror questionnaire be sent to the prospective jurors along with the juror summons.

## I.  INTRODUCTION

The instant case is scheduled to be retried beginning on October 12, 2021. GEO moves this Court to add additional questions about whether jurors have been exposed to news specifically about the Northwest ICE Processing Center and whether potential jurors follow the above-case on various social media outlets in order to identify individuals who may be colored by the extensive media coverage in this action. Both during the pendency of the initial trial in June 2021, and since that time, this case has received negative press and other commentary surrounding the allegations, circumstances, evidence, and legal arguments made during the trial. Accordingly, GEO is justifiably concerned that this negative information could bias the jury pool. Taking such news and commentary into consideration, it is apparent that additional questions are necessary to identify any such biases and facilitate the selection of fair and impartial jurors.

DEFENDANT THE GEO GROUP, INC.'S MOTION
REQUESTING MODIFIED JUROR QUESTIONNAIRE
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 1

60104911;4

AKERMAN LLP
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
Telephone: 303-260-7712

The local news, social media, and local area abound with negative opinions regarding the Northwest Detention Center (also known as the NWIPC), and specifically, the allegations made against GEO and GEO's defense of same in the instant suit. During the pendency of this case, and before the first trial, on May 28, 2019, Attorney General, Bob Ferguson, tweeted, "The GEO Group, owner and operator of the NW Detention Center in Tacoma, WA, has made millions of dollars exploiting the labor of immigrant detainees—paying workers $1 per day, sometimes less – in clear violation of Washington state's min. wage laws." A copy of the tweet is attached as Exhibit B. Mr. Ferguson also linked an article from the Seattle Times entitled, "Pay immigration detainees a fair wage. The for-profit exploitation of detained labor at the Northwest Detention Center flouts Washington minimum-wage law. . . ." Exhibit B. After trial concluded, on June 17, 2021, Mr. Ferguson was quoted by U.S. News & World Report as saying, "GEO, a multi-billion-dollar for-profit prison corporation that is publicly traded on the New York Stock Exchange, pays workers $1 a day or less to perform essential services necessary to maintain the Northwest ICE Processing Center . . . . A hung jury allows us to re-try the claim again in front of a new jury." A copy of the U.S. New & World Report article is attached as Exhibit C.

Starting in August 2019, and continuing to the present day, La Resistencia NW, has tweeted over 2700 times on Twitter criticizing GEO and U.S. Immigration and Customs Enforcement ("ICE") and making various allegations regarding the conditions at Northwest Detention Center. Indeed, La Resistencia NW describes itself as "Organizing against detentions and deportations in WA state alongside people detained in NW Ice Processing Center – ShutItDown!" A copy of the first page of La Resistencia NW's twitter feed is attached as Exhibit D.[1]

On January 24, 2021, The Seattle Times, published an Opinion piece, "Stop cruel immigration detention: Close the Northwest Processing Center," a copy of which is attached as Exhibit E. The article provided that the NWIPC, run by ICE and GEO, had been reported to have

---

[1] The remainder of La Resistencia NW's Twitter feed can be found at https://twitter.com/ResistenciaNW.

DEFENDANT THE GEO GROUP, INC.'S MOTION
REQUESTING MODIFIED JUROR QUESTIONNAIRE
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 2

60104911;4

AKERMAN LLP
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
Telephone: 303-260-7712

"cruel solitary confinement practices and hunger strikes," also caused detainees to "suffer a range of grave problems: inadequate medical care, poor nutrition, [and] unsanitary living conditions. Labor rights? For the privilege of cleaning the facility, among other tasks, detainees are paid $1 per day." Exhibit D. The article further criticized the COVID-19 conditions at NWIPC attributing "deliberate indifference," to ICE and "profit-seeking corporations," and opining that NWIPC detainees "continue to be exposed to senseless hazards and suffering." Exhibit E.

On June 2, 2021, <u>KUOW</u> news, published an article, "Washington state and detainees challenge $1-a-day pay policy," and reported on the arguments being made at the trial, which had begun that very day. A copy of this article is attached as Exhibit F.

On June 7, 2021, the Washington State Attorney General again tweeted about the trial stating, "Our office filed a motion to set a new trial date in our lawsuit against private prison operator GEO Group for unjustly enriching itself by violating Washington's minimum wage law at the ICE facility in Tacoma." A copy of the this Tweet with the commentary tweets are attached as Exhibit G. Mr. Ferguson also linked a copy of a motion he had filed, provided an update as to new trial date set for October 12, 2021, stated, "The judge wrote this case was the 'highest priority for resetting," and provided a link to this Court's order. *See* Exhibit G. Mr. Ferguson's extrajudicial statements, meant to materially prejudice this case, and specifically this jury pool, were successful accomplishing just that. Public commentary responding to the tweets included: (i) Redefine Tacoma who said "GEO Group . . . is infecting lots of people with COVID right now. GEO/ICE are dangerous to those inside and those outside;" (ii) Lynda@lyndastrait said, "Profit from imprisoning people is immoral. Pretty basic knowledge;" and (iii) So it goes@melaniesdavis said, "Close them up. As in ICE and anything involved with it." Exhibit F. Clearly, GEO's right to a fair trial have been severely impeded by these public comments.

On June 22, 2021, while the jury was deliberating during the first trial in this matter, the <u>South Seattle Emerald</u>, published a news article entitled, "Community Group Demands Govenor [sic] Inslee End Cooperation with ICE," a copy of which is attached as Exhibit H. According to

DEFENDANT THE GEO GROUP, INC.'S MOTION
REQUESTING MODIFIED JUROR QUESTIONNAIRE
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 3

60104911;4

AKERMAN LLP
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
Telephone: 303-260-7712

the article, the Liberation Not Deportation Coalition sent Governor Inslee a demand letter and held a press conference seeking an end to contracts between the Washington State Department of Corrections and ICE regarding the transfer of state prisoners to the NWIPC.. Notably, the article cited to recent legislation "HB 1090, which bans private, for-profit prison companies from operating in the state, setting into motion the eventual closure of the Northwest ICE Processing Center (NWIPC), formerly known as the Northwest Detention Center . . . [which] is run by the Geo [sic] Group on behalf of ICE and is the largest immigration detention facility in Washington State . . . . It can be dangerous in federal custody, which is why organizers want the transfers to end. State Attorney General Bob Ferguson took the GEO Group to federal court in 2017 demanding it pay working detainees the state's then minimum wage of $12 instead of $1 a day." Exhibit H.

On July 13, 2021, My Northwest, published an article titled "New court date set for state's lawsuit against Tacoma ICE detention facility," a copy of which is attached as Exhibit I, reported the allegations made in this case and the hung jury result. The article went on to report about inmate hunger strikes and accusations of improper medical care and use of solitary confinement at the Northwest Detention Center. It further noted that "[e]arlier in 2021, state lawmakers passed a measure formally banning private prisons, specifically targeting the Tacoma facility for closure." Exhibit I.

On August 16 and 17, 2021, both Reuters Legal and Law 360 published articles entitled, "GEO Group can's shake claims over $1-a-day detainee pay," discussing the mistrial declared in this case. A copy of both articles is attached as Composite Exhibit J. The Reuters article noted that the Washington Attorney General had filed a separate lawsuit against GEO, "also claiming it is required to pay detainees the state minimum wage of $11 per hour. Washington's minimum wage law does not apply to state jails, but the attorney general claims in the lawsuit that GEO is not exempt because it is a private company holding people on civil, not criminal charges." Exhibit J. On August 18, 2021, Reuters Legal also tweeted about this lawsuit and the claims made herein. A copy of the tweet is attached as Exhibit K.

DEFENDANT THE GEO GROUP, INC.'S MOTION REQUESTING MODIFIED JUROR QUESTIONNAIRE (3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 4

60104911;4

AKERMAN LLP
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
Telephone: 303-260-7712

On August 20, 2021, Bloomberg Law, published an article entitled, "Private Prison Lacks Immunity in ICE Detainee $1-a-Day Wage Suit," a copy of which is attached as Exhibit L. This article specifically discussed GEO's arguments made in this case concerning governmental immunity and the Court's ruling denying same. The same was discussed in a Law 360 article, "GEO Group Not Immune From Wash. $1-A-Day Wage Suit," a copy of which is attached as Exhibit M, which detailed the allegations made in the instant suit, the Washington Attorney General's office's arguments in favor of the plaintiffs, and that a mistrial was ordered when jurors were unable to reach a conclusion at the first trial. Indeed, Washington Attorney General Bob Ferguson is noted as applauding the Court's immunity ruling in yet another extrajudicial statement: "This is an important step toward holding this multi-billion dollar company accountable for exploiting its detainee workers in Washington by not following our minimum wage laws." Exhibit M.

Most importantly, within a mile of the courthouse itself, there is a mural about the Northwest Detention Center that alleges the Center is "killing" the detainees and causing them to get "sick everyday because of the food." A picture of the mural is attached as Exhibit N.

Recent negative national news coverage of GEO and other privately-run detainee facilities, as well as the Biden Administration's handling of migrants in general, may also lead to juror bias. For example on August 16, 2021, the Washington Examiner, published, "Biden recreating worst conditions for thousands of migrant children separated at border," a copy of which is attached as Exhibit O, and reported that the Biden administration has separated more immigrant families than Trump, and is "holding children in conditions that are worse than any seen under Trump." The negative sources of information, as cited above, have influenced and caused potential jurors to have negative preconceived opinions against GEO or the Northwest Detention Center. These social media posts, articles and the mural itself are dramatic evidence of the need to modify the juror questionnaire to include questions that can elicit whether jurors hold such opinions or biases against the Northwest Detention Center or have followed the Washington Attorney Generals' Office on social media. Because of the serious and unprofessional conduct by

DEFENDANT THE GEO GROUP, INC.'S MOTION REQUESTING MODIFIED JUROR QUESTIONNAIRE (3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 5

60104911;4

AKERMAN LLP
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
Telephone: 303-260-7712

the Washington Attorney General in creating negative press and materially prejudicing GEO in this case, GEO reiterates its request that the modified jury questionnaire be sent to the potential jurors along with the juror summons.

GEO requests the following additional questions as provided for in the modified Juror Questionnaire: (1) Do you have views about the Northwest Detention Center in Tacoma? [ ] Yes [ ] No Please explain: _____; (2) Have you read, listened to, viewed or otherwise reviewed any stories, articles, or opinion pieces about detainees at the Northwest Detention Center participating in a work program?; and (3) Do you follow the Washington Attorney Generals' office on social media (e.g. Twitter or Facebook)? *See* Exhibit A.

## II.    ARGUMENT

The Court has wide discretion in determining the jury *voir dire* examination and questionnaires to be utilized in that process. *See Darbin v. Nourse*, 664 F.2d 1109, 1114 (9th Cir. 1981). "The principal purpose of voir dire is to probe each prospective juror's state of mind to enable the trial judge to determine actual bias and to allow counsel to assess suspected bias or prejudice." *Id.* at 1113. In keeping with this purpose, the Juror Questionnaire can and should be designed to aid the parties uncover key information concerning potential juror qualifications, perceptions, assumptions, and biases.

The proposed additional questions serve to elicit information regarding the attitudes, assumptions, views, and impartiality that prospective jurors may hold against GEO or the Northwest Detention Center in line with the process for selecting jurors pursuant to Rule 47 of the Fed.R.Civ.P. With the addition of the three additional questions, the modified Juror Questionnaire will allow the parties to uncover any biases, or engage in further follow-up inquiry during *voir dire*, thereby, facilitating the parties in the appropriate exercise of cause and peremptory challenges pursuant to 28 U.S.C.§ 1866.

In this case, the modified questionnaire is appropriate because of the possible origins of bias and/or prejudice regarding the issues in this case, GEO, and the Northwest Detention Center. Many potential jurors may have read any of the numerous news and other information

DEFENDANT THE GEO GROUP, INC.'S MOTION REQUESTING MODIFIED JUROR QUESTIONNAIRE (3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 6

60104911;4

AKERMAN LLP
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
Telephone: 303-260-7712

sources cited above discussing the allegations, evidence, and arguments presented in the original trial, comments made by the Washington Attorney General about GEO and the issues in this suit, alleged conditions at and State's efforts to shut down the Northwest Detention Center, or may have seen the mural on the way to the courthouse.

In addition, it is possible that many prospective jurors may have developed biases or strong personal opinions concerning the issues to be tried in this case based upon the extensive local, regional, and national media coverage of GEO-operated facilities, the treatment of migrants by ICE and ICE-contractors, public sentiment regarding privately-operated prisons and detainee facilities, and legislation in other states banning contracts with ICE and/or private corporations for housing detainees. Accordingly, a substantial portion of the venire may be personal opinions about this litigation before jury selection even begins. *See Darbin,* 664 F.2d at 1113 ("If an inquiry requested by counsel is directed toward an important aspect of the litigation about which members of the public may be expected to have strong feelings or prejudices, the court should adequately inquire into the subject on voir dire. The court must not niggardly or grudging in accepting counsel's requests that such inquiries be made.").

Gathering information about these experiences and opinions can be accomplished more concisely and expeditiously by using the modified questionnaire than waiting until standard *voir dire* to initiate the additional proposed questions. Moreover, including the three additional questions in the written questionnaire to obtain this information will provide more easily comparable data by eliciting candid answers from many individuals in response to the exact same questions in the same setting. Finally, having detailed responses about any personal experiences or media coverage to which potential jurors may have been exposed in advance will allow the Court and the parties to conduct a more focused, more efficient, and more thorough *voir dire* concerning whether these experiences will prevent the prospective jurors from being fair and impartial.

DEFENDANT THE GEO GROUP, INC.'S MOTION
REQUESTING MODIFIED JUROR QUESTIONNAIRE
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 7

60104911;4

AKERMAN LLP
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
Telephone: 303-260-7712

### III. CONCLUSION

For the foregoing reasons, GEO respectfully requests that this Court grant this Motion and utilize the modified juror questionnaire set forth as Exhibit A and that the modified juror questionnaire be sent to the potential jurors along with the juror summons.

Respectfully submitted this 23rd day of September 2021.

**AKERMAN LLP**

By: *s/ Adrienne Scheffey*
Adrienne Scheffey (Admitted *pro hac vice*)
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714
Email: adrienne.scheffey@akerman.com

By: *s/ Rubén Castillo*
Rubén Castillo (*Pro Hac Vice* Pending)
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900
Email: ruben.castillo@akerman.com

By: *s/ Jacqueline M. Arango*
Jacqueline M. Arango (*Pro Hac Vice* Pending)
98 Southeast Seventh Street, Suite 1100
Miami, Florida 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
Email: jacqueline.arango@akerman.com

**FOX ROTHSCHILD LLP**

By: *s/ Al Roundtree*
Al Roundtree, #54851
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154
Telephone: (206) 624-3600
Facsimile: (206) 389-1708
Email: aroundtree@foxrothschild.com

*Attorneys for Defendant The GEO Group, Inc.*

DEFENDANT THE GEO GROUP, INC.'S MOTION REQUESTING MODIFIED JUROR QUESTIONNAIRE (3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 8

60104911;4

AKERMAN LLP
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
Telephone: 303-260-7712

# PROOF OF SERVICE

I hereby certify on the 23rd day of September, 2021, pursuant to Federal Rule of Civil Procedure 5(b), I electronically filed and served the foregoing **DEFENDANT THE GEO GROUP, INC.'S MOTION REQUESTING MODIFIED JUROR QUESTIONNAIRE** via the Court's CM/ECF system on the following:

**OFFICE OF THE ATTORNEY GENERAL**
Marsha J. Chien
Andrea Brenneke
Lane Polozola
Patricio A. Marquez
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104

*Attorneys for Plaintiff State of Washington*

**SCHROETER GOLDMARK & BENDER**
Adam J. Berger, WSBA #20714
Lindsay L. Halm, WSBA #37141
Jamal N. Whitehead, WSBA #39818
Rebecca J. Roe, WSBA #7560
401 Union Street, Suite 3400
Seattle, Washington 98101
Telephone: (206) 622-8000
Facsimile: (206) 682-2305
Email: hberger@sgb-law.com
Email: halm@sgb-law.com
Email: whitehead@sgb-law.com
Email: roe@sgb-law.com

**THE LAW OFFICE OF R. ANDREW FREE**
Andrew Free (Admitted *Pro Hac Vice*)
P.O. Box 90568
Nashville, Tennessee 37209
Telephone: (844) 321-3221
Facsimile: (615) 829-8959
Email: andrew@immigrantcivilrights.com

**OPEN SKY LAW PLLC**
Devin T. Theriot-Orr, WSBA #33995
20415 72nd Avenue S, Suite 100
Kent, Washington 98032
Telephone: (206) 962-5052
Facsimile: (206) 681-9663
Email: devin@openskylaw.com

PROOF OF SERVICE
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 9

AKERMAN LLP
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
Telephone: 303-260-7712

60104911;4

1 **MENTER IMMIGRATION LAW, PLLC**
Meena Menter, WSBA #31870
2 8201 164th Avenue NE, Suite 200
Redmond, Washington 98052
3 Telephone: (206) 419-7332
Email: meena@meenamenter.com
4
*Attorneys for Plaintiffs Ugochukwu Nwauzor, et al.*

          *s/ Nick Mangels*
          Nick Mangels

PROOF OF SERVICE
(3:17-CV-05769-RJB) (3:17-CV-05806-RJB) – PAGE 10

**AKERMAN LLP**
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
Telephone: 303-260-7712

60104911;4