The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>V.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant. | Case No. 17-cv-05806-RJB |
| UGOCHUKWU GOODLUCK NWAUZOR on behalf of all those similarly situated, and FERNANDO AGUIRRE-URBINA, individually,<br><br>Plaintiffs,<br><br>V.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant. | Case No. 17-cv-05769-RJB<br><br>PLAINTIFFS' MOTION FOR RECONSIDERATION OF COURT'S ORDER ON MOTIONS *IN LIMINE*<br><br>NOTE ON MOTION CALENDAR: OCTOBER 8, 2021 |

## I. INTRODUCTION & BACKGROUND

Pursuant to W.D. Wash. LCR 7(h), Plaintiffs move for reconsideration of the Court's Order on Motions In Limine regarding the exclusion of ICE Acting Director Tae Johnson. Dkt. 458 (Order) at 2. This motion is proper in so far as it follows within 14 days of the underlying

PLTFS.' MOT. FOR RECONSIDERATION
(Case Nos. 17-cv-05769-RJB/17-cv-05806-RJB) - 1

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

order and is based on new facts that could not have been brought to the Court's attention sooner. *See* LCR 7(h)(1) and (2).

When Plaintiffs filed their motion in limine to exclude Johnson, GEO's *Touhy* request seeking his trial testimony was still pending. *See* Dkt. 433 (Nwauzor Mot. in Limine). ICE declined to produce Johnson for trial. *See* Dkt. Ex. 439 (Suppl. Auth.). However, just yesterday, we learned that ICE authorized in his stead the testimony of Monica Burke, Acting Assistant Director for the Custody Management Division of Enforcement and Removal Operations of the Immigration and Customs Enforcement agency. *See* Declaration of Jamal Whitehead in Support of Plaintiffs' Motion for Reconsideration, Ex. A.

## II.  ARGUMENT

The Court should exclude Ms. Burke's testimony because GEO never identified her in its initial disclosures, discovery responses, nor as a witness for the first trial. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to … identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified"). The Court has granted motions in limine striking previously undisclosed witnesses on at least two prior occasions and should do so here as well. Dkt. 287 (Apr. 16, 2020, Hr'g Tr.) at 13:1 and Dkt. 458 (Order) at 4.

Setting aside GEO's failure to identify Ms. Burke as a witness at any point in this case, there are other grounds on which to exclude her testimony. First, her testimony is largely irrelevant and poses a significant risk of confusion and prejudice. Fed. R. Evid. 401-403. For example, one of the topics on which Ms. Burke is authorized to testify is "the $1 allowance, where it is derived, and whether detainees are paid $1 per day at ICE-owned detention facilities for participation in the VWP." Ex. A at 3. But as this Court has already recognized, any

testimony regarding the pay rate for detainee workers at ICE-owned facilities in other states is irrelevant to whether the detainee workers at the NWDC are "employees" under Washington's Minimum Wage Act. Dkt. 458 ("[T]estimony about what GEO pays detainees under a Voluntary Work Program in other jurisdictions is likely not relevant."). Similarly, the origin of the $1 reimbursement allowance is irrelevant to the determination of employee status and will only serve to confuse and potentially mislead the jury. This is particularly true here, as the Court has already ruled, and GEO has already admitted, that ICE in no way limits GEO's ability to pay detainee workers more than $1/day. See Dkt. 287 at 9:21, Trial Ex. 609 at ¶15. Likewise, Burke's testimony may cause jurors to believe—*wrongly*—that ICE and its practices somehow negate the application of the MWA to GEO or excuse its behavior. But the Court long ago rejected GEO's preemption arguments, and GEO should not be allowed to resurrect them here through the testimony of Ms. Burke.

Second, ICE placed limits Ms. Burke's testimony that would hinder Plaintiffs' ability to thoroughly and effectively cross-examine her should she testify, leading to further jury confusion and prejudice to Plaintiffs. For example, Ms. Burke is specifically precluded from testifying regarding "ICE and/or her opinions, legal conclusions, understanding, and/or views regarding the VWP, appropriations, payment of $1 per day, [or] PBNDS…." Ex. A at 4. However, ICE indicates it will allow her testimony regarding such authorized topics as: "the $1 allowance, where it is derived, and whether detainees are paid $1 per day at ICE-owned detention facilities for participation in the VWP"; "ICE's role, if any, in the monetary allowance provided to detainees for participating in the VWP at the NWDC"; and "the purpose behind the VWP as it pertains to detainees from 2014 to the present." Ex. A at 3. The

PLTFS.' MOT. FOR
RECONSIDERATION
(Case Nos. 17-cv-05769-RJB/17-cv-05806-RJB) - 3

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

"authorized" questions necessarily implicate the legal conclusions, understanding and/or views of Ms. Burke and her agency on these topics.

This creates a real risk that Ms. Burke would provide testimony regarding these topics on direct examination by GEO, but then demur on cross-examination that she is not authorized to provide testimony because the questions call for legal conclusions, understanding, and/or views. For example, it is foreseeable, in light of Dan Ragsdale's testimony at the first trial, that GEO will try and solicit testimony from Burke that the $1 rate stems from Congressional legislation dating back to 1979. However, Ms. Burke might then refuse to answer Plaintiffs' questions on cross examination regarding the absence of Congressional authorizations since that date on the grounds that they involve her or ICE's legal conclusions, understandings, and/or views. This silence on critical issues on cross examination could leave the jury with the misleading, prejudicial, and incorrect understanding that Ms. Burke agrees with Mr. Ragsdale's testimony, that the $1 rate has been set by Congress and thus permits GEO's actions in this case. Such one-sided testimony is anathema to a fair trial and can only be prevented by excluding the witness from testifying at all.

Finally, Plaintiffs requested leave to depose Mr. Johnson, and now Ms. Burke, as alternative relief to excluding their testimony, but so far, ICE has denied Plaintiff's *Touhy* request for a deposition. It would be inequitable to allow GEO to call Ms. Burke as a trial witness without affording Plaintiffs an opportunity to depose her and learn what she might say first. This Court is vested with the sound discretion to control the proceedings, and allowing GEO to call Ms. Burke without notice, or deposition, is to cede control of the order of examination and the discovery process to ICE by administrative fiat.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order precluding the trial testimony of Monica Burke.

DATED this 8th day of October, 2021.

| | |
|---|---|
| SCHROETER GOLDMARK & BENDER | ROBERT FERGUSON<br>Attorney General of Washington |
| *s/ Jamal Whitehead* | *s/ Andrea Brenneke* |
| Adam J. Berger, WSBA #20714<br>Lindsay L. Halm, WSBA #37141<br>Jamal N. Whitehead, WSBA #39818<br>Rebecca J. Roe, WSBA #7560<br>810 Third Avenue, Suite 500<br>Seattle, WA 98104<br>Tel: (206) 622-8000<br>berger@sgb-law.com<br>halm@sgb-law.com<br>whitehead@sgb-law.com | MARSHA CHIEN, WSBA No. 47020<br>ANDREA BRENNEKE, WSBA No. 22027<br>LANE POLOZOLA, WSBA No. 50138<br>PATRICIO A. MARQUEZ, WSBA No. 47693<br>Assistant Attorneys General<br>Office of the Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104<br>(206) 464-7744<br>marsha.chien@atg.wa.gov<br>andrea.brenneke@atg.wa.gov<br>lane.polozola@atg.wa.gov<br>patricio.marquez@atg.wa.gov |
| THE LAW OFFICE OF<br>R. ANDREW FREE<br>R. Andrew Free (*Pro Hac Vice*)<br>P.O. Box 90568<br>Nashville, TN 37209<br>Tel: (844) 321-3221<br>andrew@immigrantcivilrights.com | *Attorneys for Plaintiff State of Washington* |
| OPEN SKY LAW, PLLC<br>Devin T. Theriot-Orr, WSBA # 33995<br>20415 – 72nd Avenue S, Suite 110<br>Kent, WA 98032<br>Tel: (206) 962-5052<br>devin@opensky.law | |
| MENTER IMMIGRATION LAW, PLLC<br>Meena Menter, WSBA # 31870<br>8201 – 164th Avenue NE, Suite 200<br>Redmond, WA 98052<br>Tel: (206) 419-7332<br>meena@meenamenter.com | |
| *Class Counsel* | |

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

DATED at Seattle, Washington this 8th day of October, 2021

*s/ Anna Alfonso*
ANNA ALFONSO
Legal Assistant
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
anna.alfonso@atg.wa.gov