1

2

3

4

5

6

7

The Honorable Robert J. Bryan

8

9

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

10

STATE OF WASHINGTON,

No. 3:17-cv-05806-RJB

11

Plaintiff,

PLAINTIFF STATE OF
WASHINGTON'S RESPONSE TO
GEO'S MOTION FOR
RECONSIDERATION

12

v.

13

THE GEO GROUP, INC.,

14

Defendant.

NOTE ON MOTION CALENDAR:
October 12, 2021

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF STATE OF WASHINGTON'S
RESPONSE TO GEO'S MOTION FOR
RECONSIDERATION

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

## I.     INTRODUCTION

The holdings in *GEO Group, Inc. v. Newsom*, --- F.4th ----, 2021 WL 4538668 (9th Cir. Oct. 5, 2021), may well impact a matter now pending before the Western District of Washington, but this case is not it. In seeking reconsideration, GEO tries to stretch *Newsom*—which analyzed a state law nothing like the Minimum Wage Act (MWA)—well beyond its reach. As GEO itself strenuously has argued elsewhere, private-prison bans like the one at issue in *Newsom* are "entirely different" from the MWA and have "no bearing on any issue in this case." GEO Grp. Resp. to State Defs.' Notice of Related Case at 1-2, Case No. 3:21-cv-5313-BHS (May 10, 2021), ECF No. 21. "Moreover, while intergovernmental immunity and preemption are implicated in both actions, the legal questions in the two cases are significantly different." *Id.* at 2. GEO now reverses position in its latest attempt to delay trial or distract the jury with irrelevant facts that go only to properly dismissed defenses. But *Newsom* is inapplicable, and the Court should not alter its rulings regarding intergovernmental immunity and preemption here. GEO's motion for reconsideration should be denied, and trial should move forward on schedule and free from the confusion and time-waste that would accompany these rejected defenses.

## II.     ARGUMENT

### A.     *Newsom*'s Intergovernmental Immunity Holding Was Based on Facially Discriminatory Provisions of a Law Which Bears No Resemblance to the Washington MWA

GEO argues that *Newsom* provides "new controlling authority" applicable to GEO's intergovernmental immunity defense. GEO's characterization does not hold water. Even a quick read of the opinion makes clear that *Newsom*'s immunity holding relied on the application of well-established immunity principles to the unique facts of AB 32 (the challenged California law). That law is not a generally applicable wage statute like Washington's MWA, but a targeted law that would have prohibited the federal government from detaining immigrants in private facilities while allowing California to continue utilizing private prisons for an extended period

PLAINTIFF STATE OF WASHINGTON'S
RESPONSE TO GEO'S MOTION FOR
RECONSIDERATION

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1   of time. *See Newsom*, 2021 WL 4538668, at *14–15. Nothing in *Newsom* broke new legal ground

2   that warrants revisiting this Court's prior immunity ruling.

3       First, and critically, the *Newsom* court looked to the same established authority that this

4   Court considered previously. *Id*. The court then correctly identified the proper comparators for

5   the discrimination analysis based on the law at issue in that case: the federal government and the

6   state of California. Indeed, the court reiterated the standard that Washington here has been

7   arguing all along: "A state must 'treat those who deal with the federal Government as well as it

8   treats those with whom it deals itself.'" *Id.* at *14 (quoting *Phillips Chem. Co. v. Dumas Indep.*

9   *Sch. Dist.*, 361 U.S. 376, 385 (1960)). The *Newsom* court then examined the operation of AB 32.

10  Because the law included an explicit grace period of ten years before California would have to

11  stop using private prisons, but offered no such grace period to private facilities the federal

12  government uses, the state law was facially discriminatory. *Newsom*, 2021 WL 4538668, at *15.

13      In this case, and despite having had the opportunity to do so at the first trial, GEO

14  presented no evidence whatsoever of a state contractor "with whom [the state] deals" and who

15  is being treated better than private contractors "who deal with the federal Government." *Id.* at

16  *14. Indeed, there is no possible argument that the MWA does anything similar to what AB 32

17  did—providing an explicit grace period to the state but not the federal government—given that

18  the MWA has been in effect for decades and applies equally to federal and state contractors.

19      At bottom, GEO is yet again asking the Court to reconsider its ruling that GEO is not the

20  federal government. *See* ECF No. 584 at 3 (calling the NWIPC a "federal facility" and a "federal

21  immigration institution"). But as this Court has held, "[GEO] is a private company and not a

22  governmental entity and is not sufficiently similar to the State or the State's detention activities

23  to trigger further comparison." ECF No. 531 at 6–7. *Newsom* in no way requires district courts

24  to lump federal contractors together with the federal government. In fact, *Newsom*'s immunity

25  analysis concluded only that "AB 32 facially discriminates against the federal government" and

26  does not discuss GEO *at all*. *Newsom*, 2021 WL 4538668, at *15. If anything, *Newsom*'s mode

PLAINTIFF STATE OF WASHINGTON'S
RESPONSE TO GEO'S MOTION FOR
RECONSIDERATION

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    of analysis further confirms that the Court was correct to conclude that private businesses are

2    not the equivalent of the federal government whenever they hold a federal contract. GEO's

3    motion should be denied and the Court should maintain and enforce its rulings prohibiting GEO

4    from adducing evidence that the MWA somehow discriminates against GEO.

5    **B.    The *Newsom* Preemption Holding Does Not Apply Because the Federal Statutes at**

6    **Issue Were Different and the Admitted Facts in This Case Squarely Foreclose Preemption**

7         GEO next renews its preemption argument, broadly arguing that the MWA is preempted

8    because paying more than $1 per day would conflict with "the implementation of a Voluntary

9    Work Program by [DHS] contractors" or "limitations on federal government contractors

10   regarding who can be employed at the federal facility." ECF No. 584 at 4–5. GEO has made

11   these arguments before, which are wrong both on the applicable law and on the facts. *Newsom*

12   did nothing to change the relevant legal landscape. Like the immunity holding, *Newsom* simply

13   applied well-established conflict preemption principles to the specific federal statutes raised in

14   that case and the unique provisions of California's AB 32. *Newsom*, 2021 WL 4538668, at *5.

15        As an initial matter, GEO is wrong to suggest that *Newsom* supports its argument that

16   contract terms or "federal guidance" like the PBNDS are enough to preempt state law. *See*

17   ECF No. 584 at 7 & n.2. GEO cites no authority for this position, which appears nowhere in

18   *Newsom* and which has been frowned upon by the Supreme Court. *See Coventry Health Care of*

19   *Mo., Inc. v. Nevils*, 137 S. Ct. 1190, 1199 (2017) (concluding "the statute, not a contract, strips

20   state law of its force"); *see also* ECF No. 29 at 10 (this Court's prior holding that "the Voluntary

21   Work Program is an ICE policy with no preemptive force at law").

22        Next, GEO urges the Court to read *Newsom* as holding that *all* regulation of immigration

23   contractors falls "exclusively within the federal government's purview." ECF No. 584 at 6. But

24   *Newsom* nowhere reaches the remarkable holding that all state regulation touching on

25   immigration detention (or detention contractors) is automatically preempted. On the contrary,

26   the opinion reaffirms the holding of *United States v. California*, 921 F.3d 865, 885

PLAINTIFF STATE OF WASHINGTON'S
RESPONSE TO GEO'S MOTION FOR
RECONSIDERATION

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1   (9th Cir. 2019), which itself upheld the application of multiple generally applicable state laws to

2   immigration contractors as long as the state laws did not regulate "whether or where an

3   immigrant detainee may be confined." *Newsom*, 2021 WL 4538668, at *7 (quoting *California*,

4   921 F.3d at 885). While *Newsom* held that California's AB 32 ran afoul of that limit, there can

5   be no credible argument that Washington's MWA does the same. The MWA is a broadly

6   applicable worker-protection law—passed decades before GEO ever set foot in Washington—

7   that has precisely nothing to say about whether or where the federal government may detain an

8   immigrant.

9         Instead, *Newsom* does what courts normally do when faced with a conflict preemption

10   claim: ask whether "'under the circumstances of a particular case, the challenged law stands as

11   an obstacle to the accomplishment and execution of the full purposes and objectives of

12   Congress.'" *Newsom*, 2021 WL 4538668, at *13 (quoting *Hughes v. Talen Energy Mktg.*, 136 S.

13   Ct. 1288, 1297 (2016)). After looking closely at four federal statutes and the wording of a series

14   of federal appropriations laws—and then comparing them against the specific provisions of AB

15   32—the court found a conflict because AB 32 "bars the [DHS] Secretary from doing what federal

16   immigration law explicitly permits him or her to do"—detain immigrants in private, contract

17   detention centers. *Newsom*, 2021 WL 4538668, at *8–14. Here, of course, the MWA does not

18   bar the federal government from doing *anything*, and none of the statutes considered in the

19   *Newsom* decision are cited by GEO as a basis for preemption here.

20         In this case, under the circumstance-specific analysis directed by *Newsom* (and a legion

21   of other conflict preemption cases), there is no clash between any federal statute and state law.

22   No congressional directive or federal regulation dictates what GEO should pay to detainee

23   workers, much less *limits* GEO to paying only $1 per day. And, as the Court well knows by this

24   point, the PBNDS and ICE's direct communications with GEO confirm that $1 per day is a floor,

25   not a ceiling. Trial Exs. 127, 364. The fact that "GEO has the option to pay more than $1/day to

26   detainee-workers" will again be an Admitted Fact at trial. ECF No. 579 at 9 ¶ 15. In light of

PLAINTIFF STATE OF WASHINGTON'S
RESPONSE TO GEO'S MOTION FOR
RECONSIDERATION
    4
ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1  these exhibits and admissions, it would be nonsensical for GEO to be permitted to present a
2  preemption defense and to argue that it is legally prohibited from paying more, or that doing so
3  would pose an obstacle to the accomplishment of any congressional directive.

4       The sole statute raised in GEO's motion, 8 U.S.C. § 1555(d), does not alter the outcome.
5  The Court rejected this exact argument in December 2017, explaining "[f]rom the text of
6  § 1555(d), [GEO] has not shown that Congress intended to preempt state law." ECF No. 29 at
7  9. That decision was and remains correct, as 8 U.S.C. § 1555(d) does not discuss the use of
8  contractors to detain immigrants or place any limit on what contractors may pay detainee
9  workers. Given that *Newsom* makes no reference to 8 U.S.C. § 1555(d), and does not analyze
10 whether a state wage law is preempted by federal law, the decision is not "new. . . legal
11 authority" that would warrant reconsideration. *Cf.* Local Rule 7(h)(1). As for the "limitations"
12 on who GEO may employ, GEO does not cite any federal law or rule to which it refers. But
13 assuming GEO is referencing either its own contract with ICE or the Immigration Reform and
14 Control Act of 1986, the former is not enough for preemption and the Court has long ago rejected
15 the latter as a basis for preemption. ECF No. 29 at 6–8.

16      In sum, the admitted and undisputed facts of this case show that GEO can pay (and
17 sometimes has paid) more than $1 per day at the NWIPC—just as federal law permits it to do.
18 A preemption defense is legally unavailable, and GEO should be prohibited from introducing
19 evidence or argument on a defense that is properly out of the case.

20                         **III.   CONCLUSION**
21      Washington respectfully asks the Court to deny GEO's Motion for Reconsideration.

22

23 //

24

25 //

26

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1     DATED this 11th day of October 2021.

2                     Respectfully submitted,

3                     ROBERT W. FERGUSON

4                     Attorney General of Washington

5                     s/ *Marsha Chien*

                        MARSHA CHIEN, WSBA No. 47020

6                     ANDREA BRENNEKE, WSBA No. 22027

                        LANE POLOZOLA, WSBA No. 50138

7                     PATRICIO MARQUEZ, WSBA No. 47693

                        Assistant Attorneys General

8                     Office of the Attorney General

                        800 Fifth Avenue, Suite 2000

9                     Seattle, WA 98104

                        (206) 464-7744

10                    marsha.chien@atg.wa.gov

                        andrea.brenneke@atg.wa.gov

11                    lane.polozola@atg.wa.gov

                        patricio.marquez@atg.wa.gov

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF STATE OF WASHINGTON'S
RESPONSE TO GEO'S MOTION FOR
RECONSIDERATION        6        ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that the foregoing document was electronically filed with the United

3

States District Court using the CM/ECF system. I certify that all participants in the case are

4

registered CM/ECF users and that service will be accomplished by the CM/ECF system.

5

6

Dated this 11th day of October 2021 in Seattle, Washington.

7

8

9

CAITILIN HALL
Legal Assistant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF STATE OF WASHINGTON'S
RESPONSE TO GEO'S MOTION FOR
RECONSIDERATION

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744