

# U. S. Department of Justice

United States Attorney
Western District of Washington

---

*Please reply to:*
KRISTIN B. JOHNSON
Assistant United States Attorney

700 Stewart Street, Suite 5220        Tel:  (206) 553-7970
Seattle, WA 98101-1271                Fax:  (206) 553-4073
www.usdoj.gov/usao/waw

October 15, 2021

Adrienne Scheffey, Esq.
Akerman LLP
1900 Sixteenth Street, Suite1700
Denver, CO   80202
adrienne.scheffey@akerman.com

Jamal N. Whitehead
Schroeter Goldmark & Bender
401 Union Street, Suite 3400
Seattle, WA   98101
whitehead@sgb-law.com

Adam J. Berger
Schroeter Goldmark & Bender
401 Union Street, Suite 3400
Seattle, WA   98101
berger@sgb-law.com

Devin T. Theriot-Orr
Open Sky Law PLLC
20415 72nd Ave. S., Suite 110
Kent, WA   98032
devin@opensky.law

R. Andrew Free
Law Office of R. Andrew Free
P.O. Box 90568
Nashville, TN   37209
andrew@immigrantcivilrights.com

Masha Chien
Attorney General's Office (Seattle)
800 Fifth Avenue, Suite 2000
Seattle, WA   98104
marshac@atg.wa.gov

       Re:    *State of Washington v. The Geo Group, Inc.*, 3:17-cv-05806 and *Nwauzor, et al., v. The Geo Group, Inc.*, 3:17-cv-05769

Dear Counsel:

       This letter is to present the opposition of U.S. Immigration and Customs Enforcement (ICE) to The GEO Group's (GEO) oral motion made on Thursday, October 14, 2021, to compel the testimony of Mr. Tae Johnson, Acting Director for ICE.   The Motion to Compel should be denied because Mr. Johnson is the highest-ranking ICE official, whose testimony is not necessary as the relevant information can be presented by alternative ICE witness, Ms. Monica Burke. Additionally, the ICE-authorized topics for Ms. Burke's testimony are narrow in scope and do not exceed the topics in Mr. Johnson's declaration that is the subject of GEO's trial subpoena.

**ICE Timely Objected GEO's Trial Subpoena and Offered an Alternative Witness**

       GEO's trial subpoena seeks the testimony of Mr. Tae Johnson regarding the contents of his declaration provided in this case dated August 1, 2018, when he served as the Assistant Director of the Custody Management Division of ICE's Enforcement and Removal Operations (ERO), and the personal knowledge he might have regarding how the Voluntary Work Program (VWP) was operated at the Northwest ICE Processing Center (NWDC).   ICE provided both GEO and the Plaintiffs with written objections to GEO's trial subpoena pursuant to the Department of Homeland Security's (DHS) Touhy regulations and Rule 45 of the Federal Rules of Civil Procedure on September 10, 2021 (attached, Exhibit A).   ICE raised objections regarding GEO's trial subpoena failing to comply with Touhy regulations, as well as several other objections under Rule 45, including that the subpoena sought the witness's appearance beyond the geographical limit of 100 miles; relevance and overbreadth of the information sought; the burdensome effect of the information sought, the vague nature of the requests; the fact that the information sought was publicly available or in the possession of GEO; the law enforcement privilege; attorney-client privilege; deliberative process privilege; as well as the duplicative and cumulative nature of the information sought given the prior testimony in this case.   Given that Mr. Johnson assumed the position of Acting Director for ICE on January 13, 2021, and was no longer in a position with the Custody Management Division of ERO, ICE objected.   He therefore would not be the appropriate witness to provide the requested trial testimony.

Without waiving any of its objections to GEO's trial subpoena, including objections under Rule 45(d)(3) as to the geographical limit, ICE conferred with GEO and offered to produce the current Acting Assistant Director of ERO's Custody Management Division, Ms. Monica Burke, for testimony, with the understanding that GEO did not oppose her to testify remotely.   In ICE's follow-up Touhy/Rule 45 response, dated October 6, 2021 (attached, Exhibit B), which was provided to both GEO and Plaintiffs, ICE authorized Ms. Burke to provide factual information regarding the following:   ICE's role, if any, in establishing eligibility for a detainee to participate in the VWP at the NWDC from 2014 to the present; ICE's role, if any, in defining the jobs available to detainees under the VWP at NWDC, and whether or through what process GEO can expand or restrict the available selection; ICE's role, if any, in the selection of work for the detainees participating in the VWP at the NWDC; ICE's role, if any, in monitoring the work performance of detainees in the VWP at the NWDC from 2014 to the present; ICE's role, if any, in changing the work performed by detainees participating in the VWP at the NWDC; whether ICE considers the detainees' participation in the VWP when transferring a detainee to a different location or removing the individual from the United States; and ICE's role, if any, in the monetary allowance provided to detainees for participating in the VWP at the NWDC. Additionally, Ms. Burke was authorized to provide factual information, should it exist, regarding the relationship between the VWP and the Performance-Based National Detention Standards (PBNDS); the purpose behind the VWP as it pertains to detainees from 2014 to the present; the general purpose of the PBNDS (though not discussing those sections not relevant to this matter); and the $1 allowance, where it is derived, and whether detainees are paid $1 per day at ICE-owned detention facilities for participation in the VWP.

ICE made clear in its October 6, 2021 response to GEO's trial subpoena, provided to both GEO and Plaintiffs, that Ms. Burke was only authorized to provide factual information, should it exist, based upon her personal understanding and position as the Acting Assistant Director of the Custody Management Division for ERO.   Ms. Burke was not authorized to discuss or provide information including, but not limited to, ICE internal discussions and/or deliberations; her opinions, legal conclusions, understanding, and/or views regarding the VWP, appropriations, and payment of $1 per day; general PBNDS sections not at issue in this matter; and the Washington State Minimum Wage Law.   With the exception of providing factual information regarding the rate of pay at ICE-owned detention facilities, Ms. Burke was also not authorized to provide information regarding any other facilities that hold ICE detainees, other than the NWDC, which is the facility at issue in the subject litigation.   Additionally, in the October 6, 2021 response, ICE maintained its objections to offering Mr. Tae Johnson as the ICE witness.

### GEO Cannot Demonstrate Extraordinary Circumstances To Compel the Testimony of Mr. Tae Johnson

Mr. Tae Johnson holds the highest-ranking position within ICE.   His responsibilities for ICE are such that were he compelled to testify in the current matter, it would directly interfere

with his ability to perform the duties as the most senior ranking official for the Agency. As previously noted by this Court in its ruling on GEO's subpoenas for depositions of certain high-ranking state officials, under the Apex doctrine, high-ranking government officials are not subject to providing testimony absent extraordinary circumstances. *See generally, U.S. v. Morgan*, 313 U.S. 409, 421-22 (1941).   Once the Court determines that the Apex doctrine should be extended to a particular high-ranking government official, the burden is on the party seeking the testimony to show extraordinary circumstances. *See United States v. Sensient Colors, Inc.*, 649 F.Supp.2d 309, 320 (D.N.J. 2009).   To show extraordinary circumstances, the party seeking the testimony must show: (1) the official's testimony is necessary to obtain relevant information that is not available from another source; (2) the official has first-hand information that cannot reasonably be obtained from other sources; (3) the testimony is essential to the case at hand; (4) the testimony would not significantly interfere with the ability of the official to perform his government duties; and (5) the evidence sought is not available through less burdensome means or alternative sources. *Nwauzor v. The GEO Group, Inc.*, No. C17-5769RJB 2019 WL 6033594, at *4, *citing Warren v. Washington*, No. C11-5686 BHS/KLS, 2012 WL 2190788, at *1-2 (W.D. Wash. 2012).

GEO fails to meet the extraordinary circumstances test here because ICE has offered Ms. Burke to provide the relevant information sought by GEO for this trial.   Ms. Burke's current position within ICE makes her the more appropriate witness on the narrowed topics outlined above, which do not go beyond those topics in Mr. Johnson's August 1, 2018 declaration. Therefore, GEO cannot establish that the evidence sought is not available through less burdensome means or alternative sources.   Accordingly, GEO's Motion to Compel the testimony of Mr. Tae Johnson should be denied.

Thank you in advance for your cooperation in this matter.   Please do not hesitate to reach out to me directly with any questions or concerns.   My cell phone is 206-465-6651.

Sincerely,

NICHOLAS W. BROWN
United States Attorney


KRISTIN B. JOHNSON
Assistant United States Attorney