The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON**

STATE OF WASHINGTON,

               Plaintiff,

     v.

THE GEO GROUP, INC.,

               Defendant.

CIVIL ACTION NO. 3:17-cv-05806-RJB

WASHINGTON'S RESPONSE TO GEO'S MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING APPEAL AND FOR WAIVER OF SUPERSEDEAS BOND

# I.    INTRODUCTION

Final judgment has now been entered in Washington's favor, including an award of $5,950,340.00 and an injunction prohibiting GEO from paying less than the minimum wage to detainee workers. The final monetary judgment is significant relief for Washington and its residents who have been impacted by GEO's unfair labor practices. Adequate security is needed to protect Washington's interests pending GEO's anticipated appeal before a stay of enforcement is warranted under Federal Rule of Civil Procedure 62(b). That said, Washington agrees—based on GEO's representations regarding its current ability to satisfy the judgment—that GEO should not be required to post a supersedeas bond and incur the expense associated with third-party bond premiums.

Washington instead requests that a stay under Rule 62(b) issue only if GEO deposits in the Court's registry $7,437,925—an amount totaling 125 percent of the judgment against GEO. *See* Fed. R. Civ. P. 62(b); W.D. Wash. LCR 67. GEO can easily make such a deposit based on its representations to the Court that it currently has sufficient cash to satisfy the judgment "twenty times over." ECF No. 634 at 2. Allowing GEO to make a deposit in lieu of obtaining a bond will therefore adequately address the interests of GEO and Washington at the same time. Furthermore, Washington requests that the Court's order on GEO's motion make clear that the permanent injunction requiring GEO to pay minimum wage to detainee employees at the NWDC remains in effect pending appeal. Washington's Proposed Order reflects these proposals and should be entered.

# II.    ARGUMENT

## A.    A Stay Is Appropriate If GEO Provides an Alternative Form of Security by Depositing an Appropriate Sum in the Court Registry

GEO's request for a stay of execution on the monetary judgment without any form of security should be denied because it would require that Washington bear all risk pending GEO's appeal, contrary to Federal Rule of Civil Procedure 62(b) and established practices. That rule

WASHINGTON'S RESPONSE TO GEO'S
MOTION TO STAY ENFORCEMENT OF
JUDGMENT PENDING APPEAL AND FOR
WAIVER OF SUPERSEDEAS BOND

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    provides for a stay of execution on a monetary judgment and proceedings to enforce it where a

2    party provides, and the Court approves, "a bond *or other security.*" Fed. R. Civ. P. 62(b)

3    (emphasis added). The purpose of requiring a bond or other security is to ensure that the plaintiff

4    is protected against risks in enforcing its judgment due to the delays of appeal. *See Rachel v.*

5    *Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) ("The purpose of a . . . bond is

6    to secure the appellees from a loss resulting from the stay of execution.").

7         As the rule contemplates, the Court may approve a form of judgment guarantee other

8    than a supersedeas bond to secure a stay of enforcement pending appeal. *See Int'l Telemeter*

9    *Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985) ("Although Federal Rule of

10   Civil Procedure 62 provides that a supersedeas bond may be used to stay execution of a judgment

11   pending appeal, the court has discretion to allow other forms of judgment guarantee."); 

12   *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1367 (9th Cir. 1990) (en banc) ("[W]e

13   have held that the district court may permit security other than a bond."). The moving party bears

14   the "burden to 'objectively demonstrate' the reasons for departing from the usual requirement of

15   a full supersedeas bond[,]" *Cotton ex rel. McClure v. City of Eureka*, 860 F. Supp. 2d 999,

16   1027–28 (N.D. Cal. 2012) (quoting *Poplar Grove Planting & Refining Co. v. Bache Halsey*

17   *Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)), and even where a full bond may not be

18   necessary, the Court should ensure that the non-moving party's interests are protected by

19   adequate security in some other form if warranted under the circumstances. *See id.* at 1028

20   (declining to waive bond requirement entirely and reasoning that it needed to find with "absolute

21   certainty" that an unsecured stay would not jeopardize the plaintiff's recovery) (quoting *Perez*

22   *Rodriguez v. Rey Hernandez*, 304 F. Supp. 2d 227, 231 (D.P.R. 2004)).

23        One accepted form of security that provides a guarantee but relieves the appealing party

24   from paying a bond premium to a third party is to authorize a deposit in the Court's registry. *See*,

25   *e.g.*, *Cont'l Cas. Co. v. Indian Head Indus., Inc.*, No. 2:05-cv-73918, 2016 WL 1573259, at

26   *2–3 (E.D. Mich. Apr. 19, 2016) (authorizing party to deposit in the court registry full amount

WASHINGTON'S RESPONSE TO GEO'S
MOTION TO STAY ENFORCEMENT OF
JUDGMENT PENDING APPEAL AND FOR
WAIVER OF SUPERSEDEAS BOND

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

of judgment plus two years' interest in lieu of requiring supersedeas bond to obtain stay of execution of judgment); *Williams v. Amerus Life Ins. Co.*, No. H-03-4692, 2006 WL 6508269, at *5 (S.D. Tex. July 11, 2006) (authorizing cash deposit in lieu of bond to obtain stay under Rule 62); *see also Cont'l Ins. Co. v. Wichita Fed. Sav. & Loan Ass'n*, No. 84-1218, 1989 WL 46257, *1 (D. Kan. Apr. 18, 1989) (concluding that cash deposit "serves the same purposes of the supersedeas bond" while avoiding the need for appealing party to pay unnecessary bond premiums). The Western District's Local Civil Rule 67 and Amended General Order 04-14 authorize this option by providing a mechanism for parties to deposit money in the Court's registry, procedures governing the maintenance of those funds, and the procedure for releasing the funds to the appropriate party upon motion and Court order. *See* W.D. Wash. LCR 67; Amended General Order Regarding Deposit and Investment of Registry Funds No. 04-14.

Here, Washington agrees that GEO should not be required to incur unnecessary expenses in the form of bond premiums when it currently has sufficient funds to satisfy the judgment. But a supersedeas bond is not required and is certainly not the only way to secure the judgment. Washington is therefore agreeable to a stay of enforcement of the monetary judgment pending appeal without a bond *if* GEO is required to deposit in the Court's registry $7,437,925, which is 125 percent of the judgment amount.[1] Such a deposit, from which the appropriate amount would be released to Washington or GEO depending on the outcome of GEO's appeal and any further appeals to the Supreme Court, would adequately protect Washington's interests while relieving GEO of the need to pay third-party premiums to obtain a bond.

**B.      GEO Is Not Entitled to an Unsecured Stay of the Monetary Judgment**

As noted, it is GEO's burden to demonstrate why a bond or other security is unnecessary. *McClure*, 860 F. Supp. 2d at 1027–28. While GEO suggests that having significant resources

---

[1] As courts have recognized, security in the amount of 1.25 to 1.5 times the amount of judgment is typically required. *McClure*, 860 F. Supp. 2d at 1029. Here, GEO appears to acknowledge that security in the amount of 1.2 times the judgment is typical. ECF No. 634 at 2.

WASHINGTON'S RESPONSE TO GEO'S
MOTION TO STAY ENFORCEMENT OF
JUDGMENT PENDING APPEAL AND FOR
WAIVER OF SUPERSEDEAS BOND

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    alone entitles it to a stay without providing any security whatsoever, neither the law nor the

2    circumstances surrounding GEO's finances support GEO's request for an unsecured stay.

3         With respect to the law, a defendant's ability to pay a judgment is one factor among many

4    that Courts may consider in determining whether to allow alternative security in lieu of a bond

5    or to waive a security requirement altogether. *See, e.g.*, *McClure*, 860 F. Supp. 2d at 1027–28

6    (identifying numerous factors courts have considered). GEO offers no support for its position

7    that having significant resources alone, at the snapshot in time when a judgment is entered,

8    means an appealing defendant need not be required to provide some form of security to obtain a

9    stay. Indeed, in *Olympia Equipment Leasing Co. v. Western Union Telegraph Co.*, the primary

10   case GEO relies upon for its complete waiver request, the Seventh Circuit affirmed a district

11   court's decision to allow an alternative form of security in lieu of a bond. 786 F.2d 794, 798 (7th

12   Cir. 1986). There the alternative security to stay execution of the $36 million judgment was a

13   pledge of $10 million cash, $10 million in accounts receivables, and security interest. *Id.* The

14   court held that Rule 62 allows alternative forms of security and reasoned that "an inflexible

15   requirement of a bond would be inappropriate in two sorts of cases," one of which was "where

16   the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste

17   of money." *Id.* at 796. While the Court explained that such a case "is a candidate for alternative

18   security," nowhere did it hold that a defendant with significant resources at the time of judgment

19   should be able to skirt entirely Rule 62's security requirements. *Id.*

20        Nor has GEO carried its burden as a factual matter to justify an unsecured stay. While

21   GEO points to its most recent "News Release" about its quarterly earnings, citing "over $537

22   million" in "cash and cash equivalents," GEO ignores the remainder of its balance sheet, the

23   financial risks it faces in the future, and its other obligations that may significantly impact its

24   ability to satisfy a sizable monetary judgment in the future. For example, GEO has publicly

25   acknowledged the financial headwinds it is facing, including its reduced access to financing and

26   need to pay down significant long-term debt that is due in coming years. *See, e.g.*, ECF No. 635

WASHINGTON'S RESPONSE TO GEO'S
MOTION TO STAY ENFORCEMENT OF
JUDGMENT PENDING APPEAL AND FOR
WAIVER OF SUPERSEDEAS BOND

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    at 6 ("We recognize that there have been concerns regarding our future access to financing, and

2    we believe that our debt reduction efforts, our review of potential sales of Company-owned

3    assets and businesses, and our Board's ongoing evaluation of our corporate tax structure are all

4    prudent steps as we work proactively towards addressing our future debt maturities."); *id.* at 13

5    (listing Long-Term Debt as $2,629,010,000, among other liabilities). And of course, the Court

6    is well aware that GEO is also facing other class action lawsuits challenging its unfair labor

7    practices in California and Colorado; those cases likewise pose a significant risk to GEO's

8    bottom line that GEO simply ignores in its motion. Given GEO's need to pay down significant

9    debt in coming years and reduced access to financing needed to maintain liquidity, as well as its

10   potential need to pay liabilities stemming from other litigation, the Court should require security

11   to protect Washington's interests. At a minimum, GEO's threadbare motion and reliance on a

12   single press release, with no context about its full financial picture looking forward, is

13   insufficient to carry its burden to justify an unsecured stay.

14   **C.      The Court Should Not Stay Its Injunction Pending Appeal**

15          GEO's motion also raises an important housekeeping matter. GEO appears focused on a

16   stay of execution of the monetary judgment, but in an abundance of caution, Washington

17   requests that the Court clearly state in any order on GEO's motion that the Court's injunction

18   remains in effect pending appeal. Under Federal Rule of Civil Procedure 62(c), there is no

19   automatic stay for a final judgment in an action for an injunction, even if an appeal is taken and

20   a bond or other security is provided. Fed. R. Civ. P. 62(c)(1). Such a stay may be obtained only

21   upon court order. *Id.* As the Court knows, GEO could obtain a stay of the injunction only if it

22   demonstrated that it is likely to succeed on the merits, it will be irreparably injured absent a stay,

23   the issuance of the stay will not substantially injure the other parties interested in the proceeding,

24   and that the public interest supports a stay. *See generally Nken v. Holder*, 556 U.S. 418, 426

25   (2009). Here, GEO has made no effort to satisfy this standard and there is no basis to stay the

26

Court's injunction. Any order staying enforcement of the monetary judgment against GEO should therefore be clear that the injunction remains in full effect pending appeal.

## III.    CONCLUSION

For the foregoing reasons, the Court should enter a stay only if GEO provides security adequate to protect Washington's interests. Washington agrees that GEO should not have to spend unnecessary sums in the form of bond premiums when GEO, by its own representations, has plenty of cash on hand right now to satisfy the judgment. A deposit of $7,437,925 in the Court's registry is therefore appropriate. A proposed order detailing how such a deposit should be made and maintained consistent with Local Civil Rule 67, including when the money could be withdrawn and the conditions under which the money should be released, is filed concurrently herewith. The Court should not stay its injunction under any circumstances.

Dated this 15th day of November 2021.

Respectfully submitted,

ROBERT FERGUSON
Attorney General of Washington

s/*Lane Polozola*
MARSHA CHIEN, WSBA No. 47020
ANDREA BRENNEKE, WSBA No. 22027
LANE POLOZOLA, WSBA No. 50138
PATRICIO A. MARQUEZ, WSBA No. 47693
Assistant Attorneys General
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
marsha.chien@atg.wa.gov
andrea.brenneke@atg.wa.gov
lane.polozola@atg.wa.gov
patricio.marquez@atg.wa.gov

WASHINGTON'S RESPONSE TO GEO'S
MOTION TO STAY ENFORCEMENT OF
JUDGMENT PENDING APPEAL AND FOR
WAIVER OF SUPERSEDEAS BOND

6

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that the foregoing document was electronically filed with the United

3

States District Court using the CM/ECF system. I certify that all participants in the case are

4

registered CM/ECF users and that service will be accomplished by the appellate CM/ECF

5

system.

6

Dated this 15th day of November 2021 in Montgomery Village, Maryland.

7

8

Caitilin Hall
Legal Assistant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

WASHINGTON'S RESPONSE TO GEO'S
MOTION TO STAY ENFORCEMENT OF
JUDGMENT PENDING APPEAL AND FOR
WAIVER OF SUPERSEDEAS BOND

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744