The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Plaintiff,<br><br>    v.<br><br>THE GEO GROUP, INC.,<br><br>               Defendant. | CIVIL ACTION NO. 3:17-cv-05806-RJB<br><br>REPLY IN SUPPORT OF STATE OF WASHINGTON'S MOTION FOR ATTORNEYS' FEES AND COSTS<br><br>NOTE ON MOTION CALENDAR:<br>December 3, 2021 |

REPLY IN SUPPORT OF STATE OF
WASHINGTON'S MOTION FOR
ATTORNEYS' FEES AND COSTS

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## I. INTRODUCTION

GEO argues Washington should not be awarded *any* attorneys' fees because Washington did not recover "back wages" under the MWA. But, neither Section 49.46.090(1) nor Section 49.48.030 requires recovery of "back wages" to be considered a prevailing party. Section 49.46.090(1) simply requires MWA liability to permit an award of costs and fees. And under Section 49.48.030, any person is entitled to attorneys' fees when it recovers compensation due by reason of employment, regardless of the theory of liability. Here, there is no question that Washington prevailed on both its Minimum Wage Act and unjust enrichment claims and recovered "wages or salary owed" from 2005 until September 2014. Washington's request for fees and costs reflects only the reasonable work necessary to prosecute this law enforcement action—which GEO litigated to the maximum degree with an army of lawyers. The Court should award fees and costs and reject GEO's demand that Washington taxpayers foot the bill for the four years it took to ensure GEO comply with the law.

## II. ARGUMENT

### A. Washington Is Entitled to Attorneys' Fees and Costs

GEO's arguments opposing an award of fees to Washington are misplaced. Washington is entitled to fees as the prevailing party under Section 49.48.030 for at least three reasons.

First, Section 49.48.030's reference to "any person" includes the Attorney General and provides the Court clear statutory authority to award Washington fees.[1] Although GEO observes Section 43.10.030, the general statute authorizing the Attorney General to bring a lawsuit in matters of public interest, does not itself contain a fee-shifting provision, GEO cites absolutely nothing—no statute, no case—requiring that a fee-shifting provision must be contained within the same statue granting the authority to prosecute the case.

---

[1] GEO half-heartedly cites *Tracy v. Washington*, No. CIV. 09-5588-RJB, 2010 WL 5395029, at *5 (W.D. Wash. Dec. 27, 2010) to suggest government agencies cannot be "persons" for purposes of a fee-shifting statute. ECF No. 652 at 7 n.1. But, this Court in *Tracy* only stated that a government agency is not a person for purposes of an anti-SLAPP statute—not for fee-shifting provisions like the one at issue here. In fact, the *Tracy* Court actually awarded attorneys' fees and costs to the government agency defendants. *Tracy*, 2010 WL 5395029, at *5.

REPLY IN SUPPORT OF WASHINGTON'S
MOTION FOR FEES AND COSTS

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Second, Section 49.48.030 does not require Washington recover "back wages" to be the prevailing party. The plain language of Section 49.48.030 requires that Washington recover a judgment for "wages or salary owed." Under Washington caselaw, "wages or salary owed" is broadly interpreted and is not limited to back wages. *See, e.g., Dice v. City of Montesano*, 128 P.3d 1253, 1260 (Wash. Ct. App. 2006) (authorizing fees in a case about severance pay); *Flower v. T.R.A. Indus., Inc.*, 111 P.3d 1192, 1206 (Wash. Ct. App. 2005) (signing bonus); *Bates v. City of Richland*, 51 P.3d 816, 828 (Wash. Ct. App. 2002) (underpaid pensions).

More importantly, GEO's undue focus on "back wages" completely ignores caselaw showing that courts can—and *do*—award attorneys' fees where the plaintiff's monetary recovery is based on an equitable theory of unjust enrichment, as is the case here. *See Sambasivan v. Kadlec Med. Ctr.*, 171 Wash. App. 1013, 2012 WL 5208657, at *9–10 (Wash. Ct. App. Oct. 23, 2012); *Schoonover v. Carpet World, Inc.*, 588 P.2d 729, 734 (Wash. 1978). Although GEO repeatedly differentiates between back wages and disgorgement of profits, GEO's argument is misplaced. In its findings of fact and conclusions of law, the Court specifically stated, "the unjust enrichment and restitution are the same number." ECF No. 656 at 17:4-7. In other words, the Court explicitly declined to disgorge profits, and instead made clear that the $5.9 million was derived "by reason of employment," i.e., it was calculated based on the work performed by detainees since 2005. *Id.* at 15:7-13. There is no question that Washington recovered based on calculations of "wages or salary owed."

Third, Section 49.48.030 does not require a plaintiff be an employee's agent for an award of fees. *See, e.g., Dep't of Labor & Indus. v. Overnite Transp., Co.*, 834 P.2d 638, 645–46 (Wash. Ct. App. 1992). In *Overnite*, for example, the Washington Supreme Court affirmed L&I's award of attorneys' fees even while observing that L&I "presented no evidence that it had taken assignments of the employees' wages claims." *Id.* To the extent GEO suggests *International Ass'n of Firefighters, Local 46 v. City of Everett*, 42 P.3d 1265, 1273 (2002), only granted the union's request for attorneys' fees because the union was the exclusive entity that could bring

REPLY IN SUPPORT OF WASHINGTON'S
MOTION FOR FEES AND COSTS

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

an employment grievance, GEO's argument still fails. Because the *Nwauzor* class's claims are subject to a statute of limitations, Washington's *parens patriae* action *was* the only manner to recover fees for work performed from 2005 until September 2014.

In short, Section 49.48.030 requires an award of attorneys' fees to any person who recovers any type of compensation by reason of employment. In prevailing on both its claims and obtaining restitution in the amount of $5.9 million, Washington has done exactly that.

**B.     The Hours Requested Are Reasonable**

GEO does not dispute the reasonableness of Washington's rates. Instead, GEO questions the time Washington spent on this litigation. GEO's arguments are not persuasive.

***Private Class Action.*** GEO first argues Washington's fee request is unreasonable as compared to the *Nwauzor* fee request. But, Washington's fee request appropriately differs from the *Nwauzor* fee request because the two cases are different.

The Court consolidated this case with the *Nwauzor* case for trial purposes only. For the majority of this four-year litigation, Washington's case schedule proceeded separately and *before* the Private Class Action—in other words, both the discovery and dispositive motions deadlines in Washington's case occurred many months ahead of the deadlines in *Nwauzor*. *Compare* ECF No. 171 (Washington case schedule) *with Nwauzor* ECF No. 146 (*Nwauzor* case schedule). As a result, Washington necessarily prepared its case independently, issuing discovery, identifying witnesses, briefing discovery issues, dispositive motions, and immunity issues, and litigating MWA exemptions well-before the Private Class Action. Given that Washington had completed its discovery by the time the cases were consolidated for trial on May 28, 2019, the *Nwauzor* class could forgo depositions of key witnesses including Alisha Singleton, William McHatton, Iolani Menza, and Ryan Kimble, and could rely on Washington's transcripts when drafting its own dispositive motions.

Additionally, Washington brought, prepared, and prevailed on two separate claims, as compared to the *Nwauzor* class's single MWA claim. To support its additional unjust enrichment

REPLY IN SUPPORT OF WASHINGTON'S
MOTION FOR FEES AND COSTS

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1   claim, Washington required additional discovery. ECF Nos. 133, 409. Namely, Washington
2   sought basic financial discovery to show GEO received a benefit from its use of detainee labor.
3   *Id.* Although a straightforward request, GEO sought a writ of mandamus and required
4   Washington to successfully defend this Court's discovery order before the Ninth Circuit. *See In*
5   *re GEO Grp. Inc.*, 776 F. App'x 535, 536 (9th Cir. 2019). Not only did Washington expend
6   significant attorney hours in the circuit court, GEO's litigation tactic unnecessarily complicated
7   Washington's expert's analysis, which had to be amended once GEO finally produced its
8   financial information *See* Chien Decl. ¶ 2.

9   Further, Washington is a different party than the *Nwauzor* class. Washington repeatedly
10  had to contend with GEO's defenses of unclean hands and intergovernmental immunity. In its
11  fraught attempt to support its defenses, GEO sought extensive written discovery of six different
12  state agencies; noticed the depositions of thirteen state employees, including the Attorney
13  General and Director of Labor & Industries; and actually deposed eleven of them. ECF No. 641,
14  ¶ 3. Each of GEO's discovery requests and depositions required Washington to coordinate with
15  state agencies and their lawyers, review documents, move for protective orders, identify Rule
16  30(b)(6) witnesses, and defend their depositions. *Id.* Since GEO's intergovernmental immunity
17  defense directly attacked Washington's own practices, Washington also completed almost all of
18  the briefing related to that defense—including the Rule 50(b) motion that successfully dismissed
19  it. *See, e.g.,* ECF Nos. 149, 289, 299; 320; 584.

20  In short, it should not be surprising that Washington requests more fees than the *Nwauzor*
21  class. Washington brought more claims, had to litigate before the Ninth Circuit, defended its
22  agencies from GEO's invasive discovery, and completed its own discovery well-before the
23  Private Class Action. An award of fees to Washington is entirely reasonable considering its
24  claims span fifteen years and involve more than 10,000 workers.

25  ***First Trial.*** GEO next proposes the Court bluntly cut more than two months' worth of
26  work related to the first trial. But GEO is wrong to suggest that fees and costs related to the first

REPLY IN SUPPORT OF WASHINGTON'S
MOTION FOR FEES AND COSTS

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

trial should be thrown out.[2] As the Court likely observed, Washington's arguments and presentation of evidence largely remained the same from the June trial to the October trial. Much of the work done in preparation for the June 2021 trial significantly streamlined Washington's preparation for the October 2021 trial. *See Abner v. Kan. City S. Ry. Co.*, 541 F.3d 372, 383 (5th Cir. 2008) (awarding fees for time spent on a prior mistrial because the "first trial . . . drew out important evidentiary issues that were disputed prior to the second trial").

Indeed, all of the witnesses Washington called were the same in both trials and its opening statement was largely unchanged. To the extent the first trial involved evidence not presented at the second, that evidence related to testimony from L&I, the Department of Corrections, and the Department of Social and Health Services. Washington used much of that testimony in support of its successful Rule 50(b) motion—and the Court's eventual order granting the Rule 50(b) motion and dismissing GEO's intergovernmental immunity defense significantly impacted the evidence and arguments and the subsequent trial. The Court should not ignore the more than 1,500 hours spent in preparing the case for the first trial.[3]

***Travel.*** GEO next proposes $146,844.40 be eliminated from Washington's fee petition as travel time. But, not only was Washington's travel reasonable, GEO proposes to cut the witness meetings and hearings attended—not just travel time. *See, e.g.*, ECF No. 653-1 at 5 (interviews of detainees, plus travel), *id.* at 9 (MTD hearing, plus travel). If the Court were to cut travel, the Court should only reduce entries by one hour, i.e., travel time to/from Tacoma.

---

[2] GEO objects to the technology costs related to the first trial. But, specialist costs are compensable at any trial, remote or in-person, where they assist counsel to present evidence and argument effectively to the jury. *See J.S. Nichol, Inc. v. Peking Handicraft, Inc.*, No.03 Civ. 1548(GBD)(AJP), 2008 WL 4613752, at *16 (S.D.N.Y Oct. 17, 2008) ("Lawyers often use litigation support specialists and receive reimbursement for such services when awarded attorneys' fees.") (citing cases); *City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, No. C 08-4575 SI, 2012 WL 177566, at *2 (N.D. Cal. Jan. 23, 2012) (compensable specialist services "assisted the jury in understanding the evidence in this case, much of which was complicated"). That is the case here.

[3] Although GEO cites *Goldstine v. FedEx Freight, Inc.*, to suggest fees and costs associated with a mistrial should be excluded, No. C18-1164 MJP, 2021 WL 952325, at *5 (W.D. Wash. Mar. 12, 2021), the mistrial in *Goldstine* occurred because the prevailing party was not prepared for the first trial—a situation that does not apply here. *See also O'Rourke v. City of Providence*, 235 F.3d 713, 737 (1st Cir. 2001) (awarding fees where the prevailing party did not cause the mistrial); *Gierlinger v. Gleason*, 160 F.3d 858, 862 (2d Cir. 1998) (fees for a mistrial due to publicity and not the fault of the plaintiff).

REPLY IN SUPPORT OF WASHINGTON'S
MOTION FOR FEES AND COSTS

5

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

***Clerical Work***. GEO next argues that clerical work is not compensable. But Washington nowhere requested fees for Caiti Hall, the Legal Assistant who attended and supported both trials and completed all of the necessary clerical work throughout the litigation, including making travel reservations, preparing proofs of service, and filing all of the hundreds of briefs submitted to the Court, including this one. *See* Chien Decl. ¶ 3. Although GEO claims there are "dozens of entries" for clerical work in Washington's fee request, GEO actually cites only four. Washington disagrees that the tasks identified were wholly clerical, but in any event, is willing to forgo the 11.8 hours GEO identifies, which totals $2,320.30. *See* ECF No. 641-1 at 11, 46, 102, and 184.

***Conferences.*** GEO next proposes that the Court eliminate Mr. Marquez's time at meetings and reduce any other conference time by forty percent (purple highlights). GEO's proposal is not warranted. Again, Washington already eliminated 380 hours related to Mr. Marquez's time supervising and advising the trial team and over 220 hours of additional meetings and conferences from its fee request to address any appearance of excessiveness or redundancy. ECF No. 641, ¶ 7. What remains reflects only those conferences and work necessary to achieve the exceptional outcome. *See Elise Dragu v. Motion Picture Indus. Health Plan for Active Participants*, 159 F. Supp. 3d 1121, 1129 (N.D. Cal. 2016) ("Even the most competent and experienced attorney does not have all the answers," and as such, "attorneys should receive some compensation for consultations with colleagues."). Although GEO takes issue with Washington requesting fees for meetings with advocates, such meetings were a key part of Washington's investigation into GEO's labor practices before filing suit. Indeed, GEO—and the public—would likely be dissatisfied were Washington to initiate a lawsuit without undertaking a complete investigation and thoroughly developing a litigation strategy. In sum, GEO's criticisms that Washington overstaffed this litigation with four attorneys over the course of this litigation are not well-taken when GEO itself engaged twenty-eight attorneys, including six attorneys during trial. Since Washington has already eliminated 600 hours from its petition, there is no reason for the Court to further reduce Washington's fee award.

REPLY IN SUPPORT OF WASHINGTON'S
MOTION FOR FEES AND COSTS

6

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

***Block-Billing***. Finally, GEO proposes the Court reduce block-billed entries (yellow highlights) by "at least 30 percent." But, a close read of Washington's entries show that nearly all of tasks contained in such entries are billable, clearly detailed, and reasonable.[4] *See, e.g.,* 641-1 at 8 (all block-billed entries relate to drafting dispositive and remand briefs); *id.* at 125-126 (all entries are clearly detailed and none exceed 2.5 hours). If the Court were to reduce Washington's block billed entries nonetheless, Washington requests the Court only do so by ten percent. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (observing block billing may inflate fees between ten to thirty percent).

## CONCLUSION

Washington requests the Court grant its request for fees and costs, including any costs that are deemed not taxable under the bill of costs, *see* ECF No. 657, as well as time spent on post-trial motions. *See* Chien Decl. ¶ 5, Ex. A (additional fees incurred since November 1, 2021).

Dated this 3rd day of December 2021.

Respectfully submitted,

ROBERT FERGUSON
Attorney General of Washington

s/ *Marsha Chien*
MARSHA CHIEN, WSBA No. 47020
ANDREA BRENNEKE, WSBA No. 22027
LANE POLOZOLA, WSBA No. 50138
PATRICIO A. MARQUEZ, WSBA No. 47693
Assistant Attorneys General
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
marsha.chien@atg.wa.gov
andrea.brenneke@atg.wa.gov
lane.polozola@atg.wa.gov
patricio.marquez@atg.wa.gov

---

[4] Although GEO points out entries that appear to contain non-billable hours, ECF No. 652 at 12, the review of *Comcast* briefing actually *did* relate to this case. As in *Comcast*, GEO issued a Rule 30(b)(6) notice to the State of Washington. Since Washington challenged the Rule 30(b)(6) notice in *Comcast*, a review of that briefing informed Washington's decision regarding whether to challenge the notice here. *See* Chien Decl. ¶ 4.

REPLY IN SUPPORT OF WASHINGTON'S
MOTION FOR FEES AND COSTS

7

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the United States District Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated this 3rd day of December 2021 in Montgomery Village, Maryland.

    s/ *Caitilin Hall*
Caitilin Hall
Legal Assistant

REPLY IN SUPPORT OF WASHINGTON'S
MOTION FOR FEES AND COSTS

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744