UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON, | CASE NO. C17-5806RJB |
| Plaintiff, | ORDER ON THE GEO GROUP, INC.'S RULE 52 MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, AMENDMENT OF THE COURT'S ORDER |
| v. | |
| THE GEO GROUP, INC., | |
| Defendant. | |

This matter comes before the Court on the above-referenced motion (Dkt. 637). Plaintiff State of Washington has responded (Dkt. 655), and Defendant has replied (Dkt. 662). Neither party has requested Oral Argument pursuant to Local Civil Rule 7(b)(4). The Court is fully advised.

At the conclusion of the trial in this case, the Court made oral Findings of Fact and Conclusions of Law (*See* Verbatim Report of Proceedings of November 2, 2021). This Verbatim Report will be part of the Court Reporter's transcript for that day, when filed. For ease of reference, a copy is attached. Said Findings and Conclusions were made pursuant to Federal

Rule of Civil Procedure 52(a)(1), and included an invitation to counsel, pursuant to Federal Procedure 52(b), to advise the Court by motion of matters requiring supplement or change to the Findings and Conclusions. This motion is both an attack on some of the Court's Findings and Conclusions and a motion to amend others. Defendant's response includes recommendations for additional findings.

MOTION FOR JUDGMENT AS A MATTER OF LAW

For the reasons stated below, Defendant's Motion for Judgment as a Matter of Law should be denied, and the Court should make some clarifying amendments and additions to the Findings and Conclusions.

In Section IIA of the motion, Defendant mis-states the Court's oral finding in an important way. The Court said (at page 4 of the Verbatim Report), "One thing I found in this case is that there was no substantial change in the voluntary work program or in the way it operated from 2005, the time of the contract between GEO and ICE, until now." In attacking that finding, Defendant omitted the word "substantial." A clarifying addition to the Findings and Conclusions is appropriate, but the quoted sentence is accurate.[1]

The other arguments Defendant makes in its submissions are re-arguments of matters the Court has ruled on. Those many rulings were consistent with the evidence and the law and are not errors justifying the Judgment as a Matter of Law that Defendant seeks. The Motion for Judgment as a Matter of Law (Dkt. 637) is DENIED.

ADDITIONS AND AMENDMENTS TO FINDINGS AND CONCLUSIONS

The Court does believe that the Findings and Conclusions should be clarified by the additions and amendments below. The Court will issue a new written order containing the

---

[1] Counsel should not attempt to make a change in a quotation – such a tactic works against the credibility of counsel.

ORDER ON THE GEO GROUP, INC.'S RULE 52 MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, AMENDMENT OF THE COURT'S ORDER - 2

following additions and amendments; and to this extent only, the Motion for Amendment of the Court's Order (Dkt. 637) is GRANTED IN PART.

1. Insert at Page 3, Line 19 of the Verbatim Report: "If the federal contractor had no discretion, then derivative sovereign immunity applies. Here, ICE gave GEO discretion over the Voluntary Work Program and, specifically, the rate of pay for detainee workers, and GEO admitted that it had discretion to pay more than $1 per day. (*See* Court's Preliminary Instructions to the Jury (Dkt. 582) at Instruction #15, the agreed facts: "GEO has the option to pay more than $1/day to detainee workers for work performed in the Voluntary Work Program at the Center.") Derivative sovereign immunity does not apply."

2. Insert at Page 4, Line 19 of the Verbatim Report: "Similarly, GEO had the discretion to pay detainee workers more than $1/day throughout this entire period and did, in fact, pay more than $1/day on occasion during periods covered by former PBNDS Standards and the prior ICE-GEO contracts."

3. Change the sentence beginning at Page 7, Line 21 of the Verbatim Report as follows: "There is no credible information in the record that indicates that that particular local labor law, the Minimum Wage Act, should not apply. The contract speaks for itself , and indicates, by plain inference and plain meaning, that among the state laws that are applicable, the Minimum Wage Act should apply."

4. Insert at Page 10, Line 16 of the Verbatim Report a new paragraph as follows: "The findings and conclusions of this Order related to the PBNDS, the purposes of the VWP, and the provisions of GEO's contract are included as part of the Court's evaluation of the equities of Washington's Unjust Enrichment claim."

5.   Insert into the Verbatim Report directly after the above change in Item 4 a new paragraph as follows:  "The Court also finds, independent of the MWA, that Washington proved all three prongs of Unjust Enrichment in this case: 1) GEO benefitted from detainee labor both operationally and financially, as that work fulfilled core services that GEO agreed to perform under its contract with ICE and GEO was paid for; 2) GEO was aware of the benefit conferred on it by detainee workers, recognized it as 'meaningful and valuable,' and GEO itself created the detainee job descriptions, assigned detainees to particular jobs that needed to get done, and supervised their work to ensure they performed satisfactorily; and 3) it is unjust for GEO to have paid them only $1/day from October 2005 to present and retain the benefit of that labor while paying inadequate wages."

6.   Change sentence at Page 12, Line 24 of the Verbatim Report to read:  "Everybody in the state, with some narrow exceptions not relevant here, is obligated, if they permit people to work, that the Minimum Wage Act applies."

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 8th day of December, 2021.

ROBERT J. BRYAN
United States District Judge

ORDER ON THE GEO GROUP, INC.'S RULE 52 MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, AMENDMENT OF THE COURT'S ORDER - 4